**ORIGINAL**

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  **WHITE, OLIVER & AMUNDSON**
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California 92101
4  Telephone: (619) 239-0300
   Facsimile: (619) 239-0344
5
   Attorneys for Defendant
6  S. Michael Love

7

FILED

2008 FEB 19  PM 2: 38

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___K/VVlr_____DEPUTY

8                      UNITED STATES DISTRICT COURT

9                     SOUTHERN DISTRICT OF CALIFORNIA

10  FRANK E. ROGOZIENSKI,                ) Case No.
                                         )         '08 CV 0316 J AJB
11            Plaintiff,                  ) NOTICE OF REMOVAL OF
                                         ) ACTION UNDER 28 U.S.C.
12       v.                              ) §1441(b) (FEDERAL QUESTION-
                                         ) 42 U.S.C. § 1983) *AFTER*
13  JAMES D. ALLEN, S. MICHAEL LOVE, and ) **CALIFORNIA SUPREME COURT**
    DOES 1 through 10, inclusive,        ) **DENIES PLAINTIFF'S PETITION**
14                                       ) **FOR REVIEW AND ISSUES**
              Defendants.                ) **REMITTITUR; APPENDIX OF**
15                                       ) **EXHIBITS (FILED SEPARATELY**
                                         ) **AND CONCURRENTLY)**
16                                       )
                                         ) **DEMAND FOR JURY TRIAL**
17  _____)

18  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19                        **PRELIMINARY STATEMENT**

20       1.     Defendant S. Michael Love (Love) initially removed San Diego Superior Court

21  (SDSC) Case Number GIC 843843, entitled *Frank E. Rogozienski v. James D. Allen, S. Michael*

22  *Love, et al.* (State Court Action) on April 23, 2007 (April 2007 Notice).  The clerk of the U.S.

23  District Court for the Southern District of California (USDC-SDCA) assigned the case number

24  referenced above, 07cv0742, and assigned the matter to the Honorable John A. Houston.  For

25  convenience, a copy of the USDC-SDCA's entire file for case number 07cv0742 is tabbed as

26  Exhibit 1 in the Appendix of Exhibits (AE) filed concurrently with this notice.  The April 2007

27  Notice is separately tabbed within Exhibit 1 as 1-A.

28

2.    When Love filed the April 2007 Notice, the State Court Action was pending in the Fourth District of the California Court of Appeal (4th DCA). The ground for removal had not become ascertainable until the 4th DCA proceedings. Love advised the court in the April 2007 Notice that despite exhaustive research to determine whether removal was appropriate when the ground for removal first appeared during a pending state court appellate proceeding, he had not found a definitive answer. The April 2007 Notice further stated that given the uncertainty of the law on removal when a case was within the state appellate court's jurisdiction, Love was filing the removal notice at that time to ensure he would not be barred from doing so by the 30-day removal deadline of 28 U.S.C. § 1446(b).

3.    Plaintiff Frank E. Rogozienski (Rogozienski) moved for remand, which Love opposed. The moving, opposition and reply papers are separately tabbed within Exhibit 1 as 1-B, 1-C and 1-D, respectively.

4.    After taking the matter under submission, Judge Houston issued an order on November 20, 2007 (Order), granting the motion to remand. The order stated, among other things:

> Because there is a question whether removal from a state appellate court is permissible, the Court, construing the removal statute strictly against removal, finds Defendant's failure to file a notice of removal within thirty days of receiving the Reply Brief [in the appeal] does not render the removal untimely. However, the Court finds *the notice of removal filed after the court of appeal issued its opinion but before the action was remitted to the trial court was premature* and the action must be remanded.

Order, 6:12-17 (emphasis added). The Order is separately tabbed within Exhibit 1 as 1-E.

5.    On January 16, 2008, the California Supreme Court denied Rogozienski's petition for review of the 4th DCA opinion in the State Court Action. A copy of the Supreme Court docket, printed from the court's official website, is tabbed as Exhibit 2 to the AE.[1] The order of denial is tabbed as Exhibit 3 to the AE.

---

[1]    Because the 4th DCA and California Supreme Court files significantly add to the already substantial volume of the state trial court portion of the State Court Action documents, *at this time*, Love is limiting the documents attached to the AE to copies of the entire state trial court file and the entire existing USDC-SDCA file.

6.    On January 22, 2008, the 4th DCA issued remittitur.  A copy of the 4th DCA's docket, printed from the court's official website, is tabbed as Exhibit 4 to the AE.

7.    Because the State Court Action has now been remitted to the state trial court, removal is no longer premature.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Love hereby removes the State Court Action to the USDC-SDCA.

### A.    State Trial Court Proceedings

8.    Rogozienski filed the State Court Action on March 7, 2005.  On March 28, 2005, Rogozienski filed a first amended complaint (FAC).  A copy of the entire state court file is tabbed as Exhibit 5 to the AE.  The FAC is separately tabbed within Exhibit 5 as 5-A.

9.    Rogozienski served Love with the summons and first amended complaint on April 25, 2005.

10.    The FAC included a cause of action alleging violation of civil rights, but Rogozienski did not state a federal statutory basis for the claim and there were no other grounds for removal determinable from the FAC.  Ex. 5-A at 27:4-25.

11.    On May 25, 2005, Love demurred to the FAC.  Former defendant James Allen (Allen) also demurred to the FAC.  Love's demurrer is separately tabbed within Exhibit 5 as 5-B.

12.    In his opposition to the demurrer, Rogozienski specifically denied that 42 U.S.C. § 1983 was the basis of his civil rights cause of action, and stated that his claim was based on California Civil Code § 52.1.  Rogozienski's opposition is separately tabbed within Exhibit 5 as 5-C.  See Ex. 5-C at 9:4-15.

13.    On September 2, 2005, the Honorable Joan M. Lewis sustained the demurrers as to all causes of action, without leave to amend.  The order sustaining the demurrers is separately tabbed within Exhibit 5 as 5-D.

14.    On October 19, 2005, the Superior Court entered its judgment of dismissal of the action.  On November 14, 2005, notice of entry of judgment was entered in favor of Allen and Love, and against Rogozienski.  The judgment of dismissal and notice of entry of judgment are

separately tabbed within Exhibit 5 as 5-E and 5-F, respectively.

15.    Rogozienski filed a notice of appeal on January 4, 2006. The notice is separately tabbed within Exhibit 5 as 5-G.

**B.    4th DCA Proceedings**

16.    On March 23, 2007, the DCA issued its opinion, affirming in part and reversing in part (4th DCA Opinion). The 4th DCA Opinion is tabbed as Exhibit 6.

**C.    USDC-SDCA District Court Proceedings**

17.    As stated in the Preliminary Statement above, Love initially removed the State Court Action via the April 2007 Notice, stating that the ground for removal appeared for the first time in the 4th DCA Opinion. Ex. 1-A at 2:12-18.

18.    In the Order, Judge Houston found that (i) "[Rogozienski] admits the grounds for removal are not ascertainable from the complaint;" and (ii) "[Love] was required to file the notice of removal within thirty days after receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .' 42 U.S.C. § 1446)b)." Ex. 1-E at 5:1-2, 5-8.

19.    Judge Houston then found that Rogozienski's appellate reply brief was the "'other paper' from which [Love] could ascertain removability." Ex. 1-E at 6:2-4.

20.    Finally, Judge Houston held that Love's removal was not untimely, but was in fact premature until the state appellate court remitted the case to the state trial court. Ex. 1-E at 6:12-17.

**D.    California Supreme Court Proceedings**

21.    On May 2, 2007, Rogozienski filed a petition for review with the California Supreme Court. See Exhibit 2.

22.    On July 11, 2007, in response to its receipt of the April 2007 Notice, the Supreme Court struck Rogozienski's petition for review, answers to the petition, and the reply, and lodged them as "received," stating that if and when the matter was remanded by the U.S. District Court, the documents would be deemed filed as of the date of notice of remand. See Exhibit 2.

23.     On November 27, 2007, the Supreme Court received notice of remand by the federal court, and proceeded to deem the petition for review, answers and reply filed.  See Exhibit 2.

24.     On January 16, 2008, the Supreme Court denied Rogozienski's petition for review. The order of denial is tabbed as Exhibit 3 to AE.

25.     On January 22, 2008, the 4th DCA issued remittitur.  See Exhibit 4.

### E.     Removal No Longer Premature

26.     Given the January 22, 2008 remittitur of the State Court Action back to the state trial court, removal is no longer premature.  Further, Judge Houston has already held that removal within 30 days of Love receiving Rogozienski's appellate reply brief did not render removal untimely.  Ex. 1-E at 6:12-15.  Rather, where the grounds for removal did not become ascertainable until the matter was within the 4th DCA's jurisdiction, the matter could not be removed until after the case was remitted back to the state trial court.  See Ex. 1-E at 6:2-3, 6:15-17.

### F.     No Joinder in Removal Required

27.     Former defendant James D. Allen (Allen) is neither joining the removal nor is he required to do so because:  (i) the appellate court affirmed the trial court's order sustaining the demurrer as to Allen and judgment in favor of Allen *in its entirety*; and (ii) the California Supreme Court denied Rogozienski's petition for review.  Exs. 6, 3, respectively.  Thus, Allen is no longer a party to this matter and is neither required to nor does he have standing to join in the removal.

### G.     Service of Notice, AE and Exhibits

28.     Copies of this notice and the accompanying AE and exhibits are being filed with the Clerk of the San Diego County Superior Court.

29.     Copies of this notice and the accompanying AE and exhibits are also being personally served on Rogozienski, who is representing himself.

Dated: February 14, 2008                    WHITE, OLIVER & AMUNDSON, APC


By:
                                                    Daniel M. White
                                                    Attorneys for Defendant
                                                    S. Michael Love

## JURY DEMAND

Love respectfully demands a jury trial.

Dated: February 14, 2008                    WHITE, OLIVER, AMUNDSON, APC


By:
                                                    Daniel M. White
                                                    Attorneys for Defendant
                                                    S. Michael Love

81035.1

*Rogozienski v. Love*          Case No. 07cv0742 JAH (LSP)          NOTICE OF REMOVAL OF ACTION

*Rogozienski v. Love*
USDC Case No.: 07CV0742 JAH LSP
SDSC Case No.: GIC 843843

## APPENDIX OF EXHIBITS

Exhibit 1      A copy of the USDC-SDCA's entire file for case number 07cv0742

Exhibit 1-A    April 2007 Notice of Removal

Exhibit 1-B    Motion to Remand

Exhibit 1-C    Opposition to Motion to Remand

Exhibit 1-D    Reply to Opposition to Motion to Remand

Exhibit 1-E    November 20, 2007 Order granting the motion to remand

Exhibit 2      A copy of the docket of the California Supreme Court Case No. S151974

Exhibit 3      California Supreme Court Order of Denial

Exhibit 4      A copy of the docket of the 4th District Court of Appeal Case No. D047858

Exhibit 5      A copy of the entire State Court action Case No. GIC 843843

Exhibit 5-A    First Amended Complaint

Exhibit 5-B    Love's Demurrer to First Amended Complaint

Exhibit 5-C    Rogozienski's Opposition to the Demurrer

Exhibit 5-D    Order sustaining the Demurrer

Exhibit 5-E    San Diego Superior Court's judgment of dismissal

Exhibit 5-F    Notice of entry of judgment

Exhibit 5-G    Notice of Appeal

Exhibit 6      March 23, 2007 Opinion of the 4th District Court of Appeal

81360.1

CM/ECF - casd - Display Receipt                                      Page 1 of 1

MIME-Version:1.0
From:efile_information@casd.uscourts.gov
To:casd.uscourts.gov
Bcc:efile_Houston@casd.uscourts.gov,efile_McCurine@casd.uscourts.gov
Message-Id:<1917755@casd.uscourts.gov>
Subject:Activity in Case 3:07-cv-00742-JAH-WMC Rogozienski v. Allen et al "Add and
Terminate Judges"
Content-Type: text/html

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without
charge. To avoid later charges, download a copy of each document during this first viewing.**

## U.S. District Court

### Southern District of California

Notice of Electronic Filing

The following transaction was received from jsp, entered on 4/27/2007 at 1:52 PM PDT and filed on
4/27/2007
**Case Name:**         Rogozienski v. Allen et al
**Case Number:**       3:07-cv-742
**Filer:**
**Document Number:** 6

**Docket Text:**
Minute Entry: Magistrate Judge Leo S. Papas recuses from this case and orders another Magistrate
Judge assigned. Magistrate Judge William McCurine, Jr randomly assigned. New case number
07cv0742-JAH(WMc). (jsp)

The following document(s) are associated with this transaction:


**3:07-cv-742 Notice will be electronically mailed to:**

**3:07-cv-742 Notice will be delivered by other means to:**

Frank E Rogozienski
Frank E. Rogozienski, Inc.
A Professional Corporation
Attorneys at Law
Coronado Professional Square
1203 Second Street
Coronado, CA 92118

Daniel M White
White and Oliver
550 West C Street
Suite 950
San Diego, CA 92101                                          LOVE00001

CLOSED, REMAND

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:07-cv-00742-JAH-WMC

Rogozienski v. Allen et al
Assigned to: Judge John A. Houston
Referred to: Magistrate Judge William McCurine, Jr
Demand: $25,000
Case in other court: Superior Court San Diego, GIC 843843
Cause: 28:1441 Petition for Removal- Civil Rights Act

Date Filed: 04/23/2007
Date Terminated: 11/20/2007
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Frank E Rogozienski**                    represented by  **Frank E Rogozienski**
Law Offices of Frank E Rogozienski
1660 Union Street
Third Floor
San Diego, CA 92101
(619)237-1878
Fax: (619)237-1870
Email: rogolaw@pacbell.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**James D Allen**

**Defendant**

**S Michael Love**                         represented by  **Daniel M White**
White and Oliver
550 West C Street
Suite 950
San Diego, CA 92101
(619)239-0300
Fax: (619)239-0344
Email: dwhite@whiteoliver.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**
**DOES**
*1 through 10, inclusive*

LOVE00002

| Date Filed | # | Docket Text |
|---|---|---|

CM/ECF - casd - Docket Report                                    Page 2 of 3

| 04/23/2007 | 1 | NOTICE OF REMOVAL as to Frank E Rogozienski from Superior Court San Diego, case number GIC 843843. ( Filing fee $ 350; receipt #137491), filed by S Michael Love. (Attachments: # 1 Part 2# 2 Part 3# 3 Part 4)(drk)(mam). Additional attachment(s) added on 4/25/2007 (drk, ). Additional attachment(s) added on 4/25/2007 (drk, ). Additional attachment(s) added on 4/25/2007 (drk, ). (Entered: 04/24/2007) |
| 04/23/2007 | 2 | NOTICE to Adverse Party of Removal to Federal Court, by S Michael Love (jpp, ) (Entered: 04/25/2007) |
| 04/23/2007 | 3 | NOTICE of Interested Parties, by S Michael Love (jpp, ) (Entered: 04/25/2007) |
| 04/24/2007 | 4 | Discrepancy Order by Judge John A. Houston accepting document: Supplemental Proof of Service from Defendant S Michael Love, non-compliance with local rule Supplemental documents require court order. Signed by Judge John A. Houston on 04/24/07. (jpp, ) (Entered: 04/25/2007) |
| 04/24/2007 | 5 | Supplemental PROOF OF SERVICE by S Michael Love. NUNC PRO TUNC 03/24/07. (jpp, ) (Entered: 04/25/2007) |
| 04/27/2007 | 6 | Minute Entry: Magistrate Judge Leo S. Papas recuses from this case and orders another Magistrate Judge assigned. Magistrate Judge William McCurine, Jr randomly assigned. New case number 07cv0742-JAH (WMc). (jsp) (Entered: 04/27/2007) |
| 05/02/2007 | 7 | NOTICE of Change of Address by Frank E Rogozienski (Rogozienski, Frank) (Entered: 05/02/2007) |
| 05/02/2007 | 8 | CERTIFICATE OF SERVICE by Frank E Rogozienski re 7 Notice of Change of Address (Rogozienski, Frank) (Entered: 05/02/2007) |
| 05/22/2007 | 9 | MOTION to Remand to State Court by Frank E Rogozienski. (Attachments: # 1 Memo of Points and Authorities in Support of Motion to Remand# 2 Exhibit Certification and Exhibits in Support of Motion to Remand# 3 Proof of Service re Motion to Remand)(Rogozienski, Frank) Modified on 5/30/2007 to terminate, amended motion filed, see 10 (jpp, ). (Entered: 05/22/2007) |
| 05/29/2007 | 10 | NOTICE by Frank E Rogozienski re 9 MOTION to Remand to State Court (Amended) (Attachments: # 1 Memo of Points and Authorities Amended Memorandum of Points and Authorities In Suport of Motion to Remand# 2 Proof of Service)(Rogozienski, Frank) (Entered: 05/29/2007) |
| 06/29/2007 | 11 | NOTICE by S Michael Love of Errata Re Notice of Removal (Attachments: # 1 Proof of Service)(Sinclair, Linda) (Entered: 06/29/2007) |
| 07/09/2007 | 12 | SUPPLEMENTAL DOCUMENT by S Michael Love. (Attachments: # 1 Proof of Service)(Amundson, Steven) (Entered: 07/09/2007) |
| 07/12/2007 | 13 | RESPONSE in Opposition re 9 MOTION to Remand to State Court filed by S Michael Love. (Sinclair, Linda) (Entered: 07/12/2007) |

LOVE00003

CM/ECF - casd - Docket Report                                    Page 3 of 3

| 07/19/2007 | 14 | REPLY re 13 Response in Opposition to Motion *To Remand* filed by Frank E Rogozienski. (Attachments: # 1 Exhibit # 2 Proof of Service) (Rogozienski, Frank) (Entered: 07/19/2007) |
|---|---|---|
| 07/23/2007 | 15 | Minute Entry for proceedings held before Judge John A. Houston : Hearing on Plaintiffs' Motion to Remand, [Doc. No. 10] set for July 26, 2007 is vacated. The motion is taken under submission without oral argument. Parties notified by telephone.(Court Reporter N/A). (lwm) (Entered: 07/24/2007) |
| 11/20/2007 | 16 | ORDER granting Plaintiff's Motion to Remand and denying request for sanctions. Case is remanded to the Court of Appeal, Fourth Appellate District, State of California. Signed by Judge John A. Houston on 11/20/07. (jpp) (Entered: 11/20/2007) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 02/12/2008 09:18:27 | | |
| PACER Login: | fl0078 | Client Code: |
| Description: | Docket Report | Search Criteria: | 3:07-cv-00742-JAH-WMC |
| Billable Pages: | 2 | Cost: | 0.16 |

LOVE00004

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  **WHITE & OLIVER**
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California 92101
4  Telephone: (619) 239-0300
   Facsimile: (619) 239-0344
5
6  Attorneys for Defendant
   S. MICHAEL LOVE

7

```
┌─────────────────────────────┐
│         FILED               │
│    ┌──────────────┐         │
│    │  APR 2 3 2007 │         │
│    └──────────────┘         │
│  CLERK, ... COURT           │
│ SOUTHERN DISTRICT ... CALIFORNIA │
│ BY              DEPUTY      │
└─────────────────────────────┘
```

8            UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10  FRANK E. ROGOZIENSKI,              ) Case No.
                                       ) **07 CV 0742    JAH LSP**
11          Plaintiff,                 ) **NOTICE TO ADVERSE PARTY**
                                       ) **OF REMOVAL TO FEDERAL**
12      v.                             ) **COURT**
                                       )
13  JAMES D. ALLEN, S. MICHAEL LOVE, and )
    DOES 1 through 10, inclusive,      )
14                                      )
            Defendants.                )
15  ──────────────────────────────────)

16  TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

17      PLEASE TAKE NOTICE THAT a notice of removal of this action was filed in the

18  United States District Court for the Southern District of California on April 23, 2007. A copy of

19  the notice of removal is attached to this notice.

20  Dated: April 23, 2007              WHITE & OLIVER

21

22                          By:
                               Daniel M. White
23                             Steven G. Amundson
                               Attorneys for Defendant
24                             S. MICHAEL LOVE

25

26

27                                                   LOVE00005

28

                                                              76861.1
    *Rogozienski v. Love*          Case No:      NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

WHITE & OLIVER
A Professional Corporation

1 | Daniel M. White (SBN# 068011)
Steven G. Amundson (SBN# 073501 )
2 | Linda J. Sinclair (SBN #144748)
**WHITE & OLIVER**
3 | A Professional Corporation
550 West C Street, Suite 950
4 | San Diego, California 92101
Telephone: (619) 239-0300
5 | Facsimile: (619) 239-0344

6 | Attorneys for Defendant
S. MICHAEL LOVE

7

8 | **ORIGINAL**    UNITED STATES DISTRICT COURT

9 | SOUTHERN DISTRICT OF CALIFORNIA

10 | FRANK E. ROGOZIENSKI,                      Case No. **07 CV 0742**    JAH LSP

11 |     Plaintiff,         **CERTIFICATE OF SERVICE OF
NOTICE TO ADVERSE PARTY**
12 |     v.               **OF REMOVAL TO FEDERAL
COURT**
13 | JAMES D. ALLEN, S. MICHAEL LOVE, and
DOES 1 through 10, inclusive,

14

15 |     Defendants.

16 |     Monica Hodge, certifies and declares as follows:

17 |     I am over the age of 18 years and not a party to this action.

18 |     My business address is 550 West "C" Street, Suite 950, which is located in the City of

19 | San Diego and State of California, where the mailing described below took place.

20 |     On April 23, 2007, I deposited in the United States Mail at San Diego, California, a copy

21 | of the Notice to Adverse Party of Removal to Federal Court dated April 23, 2007, a copy of

22 | which is attached to this Certificate.

23 |     I declare under penalty of perjury that the foregoing is true and correct.

24 |     Executed this 23rd day of April, 2007, at San Diego, California.

25 |     _Monica Zoe Hodge_

26

27 |                           LOVE00006

28

LOVE00006

76856.1

*Rogozienski v. Love*    Case No:    CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF REMOVAL

WHITE & OLIVER
A Professional Corporation

*Rogozienski v. Love*
USDC Case No.: _____
Court of Appeal Case No.:  D047858
SDSC Case No.:  GIC 843843

### PROOF OF SERVICE

I, Monica Zoe Hodge, declare as follows:

1.  I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101.  I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2.  On April 23, 2007, I served the following document(s):

### NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT

on the interested parties in this action:

☒ **(BY MAIL) C.C.P. § 1013(a)(1) & (3)**
I deposited such envelope in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(BY PERSONAL SERVICE) C.C.P. § 1011**; I delivered such envelope by and to the offices of the addressee.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 23 day of April, 2007 at San Diego, California.

Monica Zoe Hodge

1   *Rogozienski v. Love*
    USDC Case No.: _____
2   Court of Appeal Case No.: D047858
    SDSC Case No.: GIC 843843
3
                                    **SERVICE LIST**
4

5   Frank E. Rogozienski, Esq.              Attorneys for Plaintiff/Adverse Party
6   FRANK E. ROGOZIENSKI, INC.
    1660 Union Street, Suite 300
7   San Diego, CA 92101
    T: (619) 237-1878
8   F: (619) 237-1870
    Via Personal Service
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHITE & OLIVER
A Professional Corporation

- 2 -

76863.1

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  **WHITE & OLIVER**
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California 92101
4  Telephone: (619) 239-0300
   Facsimile: (619) 239-0344
5
   Attorneys for Defendant
6  S. MICHAEL LOVE
7

```
┌──────────────────────┐
│       FILED          │
│                      │
│     APR 23 2007      │
│                      │
│ CLERK, U.S. DISTRICT COURT │
│ SOUTHERN DISTRICT OF CALIFORNIA │
│ BY              DEPUTY │
└──────────────────────┘
```

8  **ORIGINAL**   UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10 FRANK E. ROGOZIENSKI,             ) Case No.
                                     ) **07CV 0742   JAH LSP**
11      Plaintiff,                   ) **NOTICE OF INTERESTED
                                     ) PARTIES**
12   v.                              )
                                     )
13 JAMES D. ALLEN, S. MICHAEL LOVE, and )
   DOES 1 through 10, inclusive,     )
14                                   )
        Defendants.                  )
15 _____ )

16      Pursuant to Local Rule 40.2, the undersigned, counsel of record for Defendant S. Micheal

17 Love, certifies that the following listed parties have a direct pecuniary interest in the outcome of

18 this case. These representations are made to enable the court to evaluate possible disqualification

19 or recusal.

20      1.    James D. Allen.

21      2.    McDougal, Love, Eckis, Smith, Boehmer & Foley.

22 Dated: April 23, 2007           WHITE & OLIVER

23

24                          By: _____
                                Daniel M. White
25                              Steven G. Amundson
                                Attorneys for Defendant
26                              S. MICHAEL LOVE

27

28                                                LOVE00009

                                                        76853.1
_Rogozienski v. Love_      Case No:      NOTICE OF INTERESTED PARTIES

*Rogozienski v. Love*
USDC Case No.: _____
Court of Appeal Case No.: D047858
SDSC Case No.: GIC 843843

### PROOF OF SERVICE

I, Monica Zoe Hodge, declare as follows:

1. I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2. On April 23, 2007, I served the following document(s):

### NOTICE OF INTERESTED PARTIES

on the interested parties in this action:

☒ (BY MAIL) C.C.P. § 1013(a)(1) & (3)
I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY PERSONAL SERVICE) C.C.P. § 1011; I delivered such envelope by and to the offices of the addressee.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 23 day of April, 2007 at San Diego, California.

Monica Zoe Hodge

WHITE & OLIVER
A Professional Corporation

*Rogozienski v. Love*
USDC Case No.: _____
Court of Appeal Case No.: D047858
SDSC Case No.: GIC 843843

## SERVICE LIST

Frank E. Rogozienski, Esq.                    Attorneys for Plaintiff
FRANK E. ROGOZIENSKI, INC.
1660 Union Street, Suite 300
San Diego, CA 92101
T: (619) 237-1878
F: (619) 237-1870
Via Personal Service

Donald A. English, Esq.                       Attorneys for Defendant James D. Allen
ENGLISH & GLOVEN
550 West C Street, Suite 1800
San Diego, CA 92101
T: (619) 338-6610
F: (619) 338-6657
Via Personal Service

Supreme Court of the United States
U.S. Supreme Court Building
1 First Northeast
Washington DC  20543
Via U.S. Mail

California Court of Appeal                     Case No.: D047858
Fourth Appellate District
750 B Street, Room 300
San Diego, California  92101-8189
Via U.S. Mail

Superior Court of the State of California      Case No.: GIC 843843
County of San Diego
330 West Broadway
San Diego, California  92101
Via U.S. Mail

WHITE & OLIVER
A Professional Corporation

- 2 -

76863.1

LOVE00011

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

FILED

07 APR 24    ᴾᴹ 4:12 A/V    Clerk's Office File Stamp
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

TO: ☑ U. S. DISTRICT JUDGE / ☐ U. S. MAGISTRATE JUDGE    Houston    BY: _____ DEPUTY

FROM: L Odierno,    Deputy Clerk    RECEIVED DATE: _4/24/07_

CASE NO.: _07cv0742-JAH-LSP_    DOCUMENT FILED BY: _S. Michael Love_

CASE TITLE: _Rogozienski v. Allen_

DOCUMENT ENTITLED: _Supplemental Proof of Service_

Upon the submission of the attached document(s), the following discrepancies are noted:

| ✓ | Local Rule | Discrepancy |
|---|---|---|
| ☐ | 5.1 | Missing time and date on motion and/or supporting documentation |
| ☐ | 5.3 | Document illegible or submitted on thermal facsimile paper |
| ☐ | 5.4 | **Document not filed electronically. Notice of Noncompliance already issued.** |
| ☐ | 7.1 or 47.1 | Date noticed for hearing not in compliance with rules/Document(s) are not timely |
| ☐ | 7.1 or 47.1 | Lacking memorandum of points and authorities in support as a separate document |
| ☐ | 7.1 or 47.1 | Briefs or memoranda exceed length restrictions |
| ☐ | 7.1 | Missing table of contents |
| ☐ | 15.1 | Amended pleading not complete in itself |
| ☐ | 30.1 | Depositions not accepted absent a court order |
| ☑ |  | Supplemental documents require court order |
| ☐ |  | Default Judgment in sum certain includes calculated interest |
| ☐ |  | **OTHER:** |

Date forwarded: _4/24/07_

### ORDER OF THE JUDGE / MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☑ The document is to be filed nunc pro tunc to date received.

☐ The document is NOT to be filed, but instead REJECTED. and it IS ORDERED that the Clerk serve a copy of this order on all parties.

Rejected document to be returned to pro se or inmate? ☐ Yes.    Court Copy retained by chambers ☐

Counsel is advised that any further failure to comply with the Local Rules may lead to penalties pursuant to Local Rule 83.1

CHAMBERS OF: _Houston_

Dated: _4/24/07_    By: _LW_

cc: All Parties

K:\COMMON\FORMS\CIVCRM35.WPD
Form # Civ/Crim 35 (4/98) -- [Docuument Discrepancy / Court Order]

LOVE00012

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  WHITE & OLIVER
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California 92101
4  Telephone: (619) 239-0300
   Facsimile: (619) 239-0344
5
   Attorneys for Defendant
6  S. MICHAEL LOVE

7

8  **ORIGINAL**

FILED

07 APR 24 PM 4:14

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

**NUNC PRO TUNC**

MAR 2 4 2007

UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10 FRANK E. ROGOZIENSKI,                    )  Case No.
                                            )  07 CV 0742    JAH LSP
11           Plaintiff,                      )  SUPPLEMENTAL PROOF OF
                                            )  SERVICE RE: NOTICE OF
12      v.                                   )  REMOVAL OF ACTION UNDER
                                            )  28 U.S.C. §1441(b) (FEDERAL
13 JAMES D. ALLEN, S. MICHAEL LOVE, and     )  QUESTION-42 U.S.C. § 1983);
   DOES 1 through 10, inclusive,            )  DEMAND FOR JURY TRIAL;
14                                           )  AND NOTICE OF INTERESTED
             Defendants.                     )  PARTIES
15                                           )

16      I, Monica Zoe Hodge, declare as follows:

17 1.      I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950,

18 San Diego, California 92101. I am readily familiar with the business practices of this office for

19 collection and processing of correspondence for mailing with the United States Postal Service; I

20 am over the age of eighteen and I am not a party to this action.

21 2.      On April 24, 2007, I served the following document(s): (i) Civil Cover Sheet;

22 (ii) Notice of Removal of Action under 28 U.S.C. §1441(b) (Federal Question-42 U.S.C. §

23 1983); Demand for Jury Trial; and (iii) Notice of Interested Parties on interested parties in this

24 action on the interested listed below.

25 Supreme Court of California
   350 McAllister Street
26 San Francisco, CA 94102
   Via U.S. Mail

27

28

                                                                    76878.1

_Rogozienski v. Love_          Case No:          PROOF OF SERVICE RE: REMOVAL OF ACTOIN

1  California Court of Appeal
   Fourth Appellate District
2  750 B Street, Room 300
   San Diego, California 92101-8189
3  Via Personal Service
   Case No.: D047858
4
   The Honorable Joan M. Lewis
5  Clerk of the Superior Court
   Superior Court of California
6  330 West Broadway
   San Diego, California 92101
7  Via Personal Service
   Case No.: GIC 843843
8
9  ☒    (BY MAIL) C.C.P. § 1013(a)(1) & (3)

10       I deposited such envelope in the mail at San Diego, California. The envelope was mailed

11  with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of

12  collection and processing correspondence for mailing. Under the practice it would be

13  deposited with U.S. postal service on that same day with postage thereon fully prepaid at

14  San Diego, California in the ordinary course of business. I am aware that on motion of

15  the party served, service is presumed invalid if postal cancellation date or postage meter

    date is more than one day after date of deposit for mailing in affidavit.
16
    ☒    (BY PERSONAL SERVICE) C.C.P. § 1011; I delivered such envelope by and to the
17
    offices of the addressee.
18
    ☐    (STATE) I declare under penalty of perjury under the laws of the State of California that
19
    the above is true and correct.
20
    ☒    (FEDERAL) I declare that I am employed in the office of a member of the bar of this
21
    court at whose direction the service was made.
22
         I declare under penalty of perjury under the laws of the State of California that the
23
    foregoing is true and correct, and that this declaration was executed this 24 day of April, 2007 at
24
    San Diego, California.
25
26   Monica Zoe Hodge
27
28

- 2 -

76878.1

WHITE & OLIVER
A Professional Corporation

Rogoslenski v. Love          Case No:          PROOF OF SERVICE RE: REMOVAL OF ACTOIN

LOVE00014

FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK E. ROGOZIENSKI, | ) | CASE NO. 07 CV 0742 JAH(WMC) |
| Plaintiff, | ) | NOTICE OF CHANGE OF ADDRESS |
| v. | ) | |
| JAMES D. ALLEN, S. MICHAEL LOVE, and DOES 1 through 10, inclusive, | ) | |
| Defendants. | ) | |

NOTICE OF CHANGE OF ADDRESS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT FRANK E. ROGOZIENSKI, INC. has changed address, phone numbers and facsimile numbers as follows:

FRANK E. ROGOZIENSKI, INC.
FRANK E. ROGOZIENSKI (SBN 51445)
A Professional Corporation
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870

Dated: May 2, 2007          FRANK E. ROGOZIENSKI, INC.

By: /s/ Frank E. Rogozienski
    Attorney for Plaintiff,
    Frank E. Rogozienski

Notice of Change of Address          1          07-CV-0742 JAH(WMC)

LOVE00015

1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
2   FRANK E. ROGOZIENSKI, INC.
    A Professional Corporation
3   Attorneys at Law
    1660 Union Street, Third Floor
4   San Diego, CA 92101
    Telephone: (619)237-1878
5   Facsimile: (619)237-1870

6   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8               UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
    FRANK E. ROGOZIENSKI,          )    CASE NO. 07 CV 0742 JAH(WMC)
11                                 )
            Plaintiff,             )    PROOF OF SERVICE
12  v.                             )
                                   )
13  JAMES D. ALLEN, S. MICHAEL     )
    LOVE, and DOES 1 through 10,   )
14  inclusive,                     )
                                   )
15          Defendants.            )
                                   )
16

17      I, the undersigned, certify and declare that I am a citizen of the
    United States, over the age of 18 years, employed in the County of San
18  Diego, State of California, at the above address and not a party to the
    above entitled cause.  On May 2, 2007, I caused to be served by United
19  States First Class Mail postage prepaid, a copy of the attached NOTICE
    OF CHANGE OF ADDRESS as follows:

20
    DONALD A. ENGLISH, ESQ.             DANIEL M. WHITE, ESQ.
21  ENGLISH & GLOVEN                     WHITE & OLIVER
    550 West "C" St., No. 1800           550 West "C" Street, No. 950
22  San Diego, CA 92101                  San Diego, CA 92101

23  Executed on: May 2, 2007

24      I declare under penalty of perjury under the laws of the State of
    California that the above is true and correct.

25                              /s/ Carre A. Schnitzer
26                              Carre A. Schnitzer

27

28

---
Proof of Service              1          07-CV-0742 JAH(WMC)

LOVE00016

## MINUTES OF THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Case: *Rogozienski v. Allen*                                      Case No: 07cv0742 JAH (WMc)

HON. John A. Houston              CT. DEPUTY Larry McDowell                      Rptr. _____

Present

Plaintiff(s): n/a

Defendant(s): n/a

Hearing on Plaintiff's Motion to Remand [Doc. No. 10] set for July 26, 2007 is VACATED. The motion is taken under submission without oral argument. Parties notified by telephone.

DATE: 7/23/07                                          INITIALS: _LM_ Deputy

LOVE00017

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  Linda J. Sinclair (SBN #144748)
   WHITE & OLIVER
3  A Professional Corporation
   550 West C Street, Suite 950
4  San Diego, California 92101
   Telephone: (619) 239-0300
5  Facsimile: (619) 239-0344

6  Attorneys for Defendant
   S. Michael Love
7

8              UNITED STATES DISTRICT COURT

9           SOUTHERN DISTRICT OF CALIFORNIA

10 FRANK E. ROGOZIENSKI,              )  Case No. 07-CV-0742-JAH-LSP
                                      )
11        Plaintiff,                  )  NOTICE OF ERRATA RE
                                      )  DEFENDANT'S NOTICE OF
12     v.                             )  REMOVAL UNDER 28 U.S.C.
                                      )  §1441 (b) (FEDERAL QUESTION-
13 JAMES D. ALLEN, S. MICHAEL LOVE, and )  42 U.S.C. § 1983)
   DOES 1 through 10, inclusive,      )
14                                    )  (Hearing on Plaintiff's Motion to
          Defendants.                 )  Remand and for Sanctions set for
15                                    )  July 27, 2007 at 3:00 p.m.)
   _____ )
16                                       Hon. John A. Houston
                                         Courtroom: 11
17

18 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

19     Defendant S. Michael Love ("Love") submits the following errata regarding his Notice of

20 Removal of Action under 28 U.S.C. §1441 (b), filed on April 23, 2007, and respectfully requests

21 the Notice of Removal be corrected accordingly:  The abbreviation "FTC" should be "RTC" on

22 page 3, at lines 14, 15 and 18.

23 Dated: June 29, 2007                    WHITE & OLIVER

24

25                              By: s/ Linda J. Sinclair
                                   Linda J. Sinclair
26                                 Attorneys for Defendant
                                   S. Michael Love
27

28

WHITE & OLIVER
A Professional Corporation

*Rogozienski v. Love*
USDC Case No.: 07CV0742 JAH LSP
Court of Appeal Case No.: D047858
SDSC Case No.: GIC 843843

## PROOF OF SERVICE

I, Monica Zoe Hodge, declare as follows:

1. I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2. On June 29, 2007, I served the following document(s):

**NOTICE OF ERRATA RE DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §1441 (b) (FEDERAL QUESTION-42 U.S.C. § 1983)**

on the interested parties in this action:

☒ (BY MAIL) C.C.P. § 1013(a)(1) & (3)
I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY PERSONAL SERVICE) C.C.P. § 1011; I delivered such envelope by and to the offices of the addressee.

☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 29 day of June, 2007 at San Diego, California.

s/ Monica Zoe Hodge
Monica Zoe Hodge

WHITE & OLIVER
A Professional Corporation

76863.1

1     *Rogozienski v. Love*
      California Supreme Court Case No.: S151974
2     USDC Case No.: 07CV0742 JAH LSP
      Court of Appeal Case No.: D047858
3     SDSC Case No.: GIC 843843

4                     **SERVICE LIST**

5

6     Frank E. Rogozienski, Esq.          Attorneys for Plaintiff
      FRANK E. ROGOZIENSKI, INC.
7     1660 Union Street, Suite 300
      San Diego, CA 92101
8     T: (619) 237-1878
      F: (619) 237-1870

9

10    Donald A. English, Esq.           Attorneys for Defendant James D. Allen
      ENGLISH & GLOVEN
11    550 West C Street, Suite 1800
      San Diego, CA 92101
12    T: (619) 338-6610
      F: (619) 338-6657

13

14    Supreme Court of California       Case No.: S151974
      350 McAllister Street
15    San Francisco, CA 94102
      **Attn: J. Perez, Deputy Clerk**

16

17    United State District Court        Case No.: 07CV0742 JAH LSP
      Southern District of California
18    880 Front Street
      San Diego, CA 92101

19

20    California Court of Appeal        Case No.: D047858
      Fourth Appellate District
21    750 B Street, Room 300
      San Diego, California 92101-8189

22    The Honorable Joan M. Lewis     Case No.: GIC 843843
      Superior Court of the State of California
23    County of San Diego
      330 West Broadway
24    San Diego, California 92101

25

26

27

28

WHITE & OLIVER
A Professional Corporation

- 2 -

76863.1

LOVE00020

1  Daniel M. White (SBN# 068011)
2  Steven G. Amundson (SBN# 073501 )
   Linda J. Sinclair (SBN #144748)
3  WHITE & OLIVER
   A Professional Corporation
4  550 West C Street, Suite 950
   San Diego, California 92101
5  Telephone: (619) 239-0300
   Facsimile: (619) 239-0344
6
   Attorneys for Defendant
7  S. Michael Love

8                    UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10  FRANK E. ROGOZIENSKI,               )  Case No. 07-CV-0742-JAH-LSP
                                        )
11              Plaintiff,              )  ADDENDUM TO EXHIBIT "2" TO
                                        )  DEFENDANT S. MICHAEL
12         v.                           )  LOVE'S NOTICE OF REMOVAL
                                        )  OF ACTION UNDER 28 U.S.C.
13  JAMES D. ALLEN, S. MICHAEL LOVE, and)  §1441(b) (FEDERAL QUESTION-
    DOES 1 through 10, inclusive,       )  42 U.S.C. § 1983)
14                                      )
                                        )
15              Defendants.             )
    _____)  (Hearing on Plaintiff's Motion to
16                                         Remand and for Sanctions set for
                                           July 26, 2007 at 3:00 p.m.)
17
                                           Hon. John A. Houston
18                                         Courtroom: 11

19       Attached as an Addendum to Exhibit "2" to the Notice of Removal filed on behalf of

20  Defendant S. Michael Love on April 23, 2007, and marked as Exhibit 2, pages 800-824 is the full

21  Opinion of California Court of Appeal, Fourth Appellate District, Division 1 in the case of

22  *Rogozienski v. Allen*, Case No. D047858, filed March 23, 2007. The Opinion attached to the

23  original Exhibit "2" at pages 775-787 of Defendant Love's Notice of Removal is incomplete.

24  Dated: July 6, 2007                    WHITE & OLIVER

25

26                              By: s/ Steven G. Amundson
                                    Steven G. Amundson
27                                  samundson@whiteoliver.com
                                    Attorneys for Defendant
28                                  S. Michael Love

                                                              77856.1

*Rogozienski v. Love*      Case No:  07-cv-0742    ADDENDUM TO NOTICE OF REMOVAL

LOVE00021

C                              C                      3/23/07

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

### STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk

MAR 2 3 2007

Court of Appeal Fourth District

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | D047858 |
| Defendant and Appellant, | |
| v. | (Super. Ct. No. GIC843843) |
| JAMES D. ALLEN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M.

Lewis, Judge. Reversed in part; affirmed in part.

In their marriage dissolution proceeding, Shirley Rogozienski (Shirley),

represented by defendant and respondent S. Michael Love, and plaintiff and appellant

Frank E. Rogzienski (Frank) stipulated to the appointment of defendant and respondent

James D. Allen as temporary judge. After judgment was rendered, Frank sought Allen's

disqualification, alleging that during the proceeding Allen accepted but did not disclose

the gift of a time-share interest in property from Love. Allen was found disqualified

LOVE00022

Exhibit 2
Page 800

during that part of the proceeding following his acceptance of the gift and Frank was granted a new dissolution proceeding before a different judge.

In the present case, Frank sued Allen and Love, alleging various tort causes of action as to both and a breach of contract cause of action as to Allen, all arising from the gift and based on claimed damages resulting from the disqualification and need for new proceedings. The trial court sustained without leave to amend Allen's demurrer on the basis of judicial immunity and Love's demurrer on the basis the complaint failed to state facts sufficient to constitute any alleged cause of action. Frank appeals.

## BACKGROUND

A. *First Amended Complaint*

1. *The Dissolution Proceeding and Allen's Disqualification*

The first amended complaint related the background of the dissolution action that provided the basis for the present case. In that case, Shirley, represented by Love, petitioned for dissolution of her marriage to Frank. Shirley and Frank entered into a written agreement for the appointment of Allen as temporary judge. The parties agreed to divide the cost of Allen's services.

The complaint alleged that during the dissolution proceeding, after Allen had made various rulings, Love, a friend of Allen, made a gift to Allen of a time-share in a resort. Frank alleged he was unaware of the gift and that Allen did not disclose it. After Allen made additional rulings, some adversely affecting Frank's financial interest, and entered judgment, Frank discovered the gift and moved for Allen's disqualification. Allen voluntarily withdrew from the dissolution proceeding.

LOVE00023

2

Exhibit 2
Page 801

The superior court later determined the gift resulted in Allen's disqualification as of the date of the gift. It noted that a judge shall be disqualified if a person aware of the facts might reasonably entertain a doubt that the judge would not be impartial (Code Civ. Proc., § 170.1, subd. (a)(6)(iii)) and that a disqualified judge has no power to act in a proceeding after his or her disqualification. (Code Civ. Proc., § 170.4.) The court further noted a temporary judge is under an ethical obligation not to accept a gift if the donor is a party or person whose interests are reasonably likely to come before the judge. (Cal. Code Jud. Ethics, canon 6D(2)(d).) The court concluded that aware of the facts, a person would likely entertain doubts about Allen's impartiality. The court concluded Allen was disqualified in the case as of the date of the gift.

This court concluded that while Allen might not have been disqualified until after he made some but not all rulings in the case, Frank, as a matter of due process, was entitled to a new proceeding before a different judge addressing all issues decided by Allen.[1]

### 2. *Causes of Action*

In his complaint Frank states he has some doubt concerning whether he is entitled to redress from all the defendants or from one or more of them. He states his intention that the action will resolve whether all the defendants or one or more of them is liable to him.

---

[1]    We take judicial notice of this court's unpublished opinions in *In re the Marriage of Rogozienski* (D045626) and *Rogozienski v. Rogozienski* (D042201).

LOVE00024

Exhibit 2
Page 802

It appears, at least in major part, that appellant's causes of action were not based on any claim that Allen favored Love in the dissolution proceeding as a result of the gift. Rather, Frank alleged that as a result of the gift, its concealment and Allen's eventual disqualification, Frank incurred fees, costs and expenses in the now set aside first trial and would incur additional such expenses in the second trial. Frank also alleged he had suffered depreciation and loss in value and use of assets taken from him under the now set aside judgment and had suffered emotional distress.

a. *Intentional Interference with Contractual Relations*

In the first cause of action as to all defendants and in the second cause of action as to Love, Frank alleged intentional interference with his contractual relations. In the first cause of action, Frank noted the existence of contracts between himself and Shirley, e.g., a prenuptial agreement, between himself and others, e.g., a contract for the acquisition of Qualcom stock, and between himself and his attorney in the dissolution action. Frank alleged the defendants were aware of these contracts and by their action with regard to the gift either intended to prevent or make Frank's performance under the contracts more burdensome or knew their conduct would have those results.

In his second cause of action, Frank noted his agreement to pay for one-half of Allen's fee as temporary judge. He alleged Love, in making the gift to Allen, either intended to cause Frank's performance under that contract to be more burdensome or knew that would be the result.

LOVE00025

4

Exhibit 2
Page 803

### b. *Intentional Interference with Prospective Economic Advantage*

As to the third cause of action, Frank noted the same relationships described in his intentional interference with contractual relations claim and alleged defendants engaged in the conduct related to the gift either intending to interfere with those economic relationships or knowing their conduct would cause such interference.

As to his fourth cause of action, Frank stated an economic relationship existed between Allen and himself for the resolution of the dissolution proceeding in an expeditious and cost effective manner. Frank alleged Love engaged in his wrongful conduct either with the intent to interfere with that relationship or knowing such interference would occur.

### c. *Negligent Interference with Prospective Economic Advantage*

As to his fifth and sixth cause of action for negligent interference with prospective economic advantage, Frank made essentially the same allegation as made in his first through fourth causes of action.

### d. *Civil Rights Violation*

In his seventh cause of action, as to all defendants Frank alleged that Allen's acceptance of a gift from Love and their concealment of the gift violated his civil rights by denying him a fair trial. Frank alleges this right includes a proceeding before a judge qualified to hear the matter and without the creation of doubts concerning the trial judge's impartiality.

LOVE00026

Exhibit 2
Page 804

e. *Deceit and Fraudulent Concealment*

In the eighth cause of action, Frank alleged Allen and Love, given their roles in the dissolution proceeding, should have disclosed Love's gift to Allen. Frank alleged defendants concealed or failed to disclose the fact of the gift so that Allen could continue as judge and receive his fee.

f. *Breach of Contract*

As to Allen, the ninth cause of action alleged breach of contract. Frank alleges Allen breached the covenant of good faith and fair dealing in his contract to act as judge in the dissolution proceeding by continuing to accept his fee after he had taken a gift from Love, knew he was disqualified to hear the matter and knew he was no longer entitled to his fee.

g. *Unfair Competition*

As to Love, the tenth cause of action alleged he engaged in fraudulent business acts and practices in violation of Business and Professions Code section 17200 et seq. Frank alleged the gift to Allen was an unfair and fraudulent business practice designed to provide and which did provide Love an unfair advantage in the dissolution proceeding.

h. *Willful Misconduct and Intentional Infliction of Injury*

The eleventh cause of action as to Allen and Love alleged that as members of the state bar they owed Frank a duty to refrain from conduct they knew or should have known would cause injury to Frank. The gift from Love to Allen and the failure to reveal it to Frank was such conduct.

LOVE00027

6

Exhibit 2
Page 805

I. *Negligence*

In his twelfth cause of action, Frank alleged that as members of the state bar Allen and Love had a duty to refrain from extrajudicial actions and conduct that would cause or was reasonably foreseeable to cause him harm. Frank alleged the defendants negligently breached this duty when Love gave Allen a gift and failed to disclose the gift during the dissolution proceeding.

j. *Unjust Enrichment*

As a thirteenth cause of action, Frank as to all defendants alleged unjust enrichment arising from their improper conduct.

3. *Demurrers*

a. *Love*

Love asserted all causes of action alleged against him failed to state facts sufficient to constitute a cause of action against him. As to the first through the sixth causes of action, i.e., intentional interference with contractual relations, intentional interference with prospective economic advantage and negligent interference with prospective economic advantage, Love argued they were uncertain in that the conduct cited could not support the tort alleged.

b. *Allen*

With regard to each cause of action alleged as to him, Allen argued the complaint failed to state facts sufficient to constitute a cause of action because they were barred by the doctrine of judicial immunity, the litigation privilege and the torts claim act. As to the civil rights violation cause of action, he specially demurred on the basis its allegations

7

LOVE00028

Exhibit 2
Page 806

were vague, unintelligible and uncertain. As to the eleventh and twelfth causes of action

based on claims of violation of professional rules of conduct applicable to attorneys,

Allen argues such rules did not create causes of action.

4. *Ruling*

The trial court sustained Allen's demurrer without leave to amend as to each cause

of action as barred by the doctrine of judicial immunity.

The trial court sustained Love's demurrer without leave to amend as to all causes

of action. As to the first through the seventh causes of action, the demurrer was sustained

based on the failure of the complaint to state facts constituting a cause of action. As to

the eighth cause of action for deceit and fraudulent concealment, the court sustained the

demurrer finding that Love owed Frank no duty. The ninth cause of action for unfair

competition was sustained without leave to amend because there was no allegation of

monies that should be restored to Frank. As to the eleventh and twelfth causes of action

for willful misconduct and intentional infliction of injury and for negligence, the

demurrer was sustained because Love owed Frank no duty and because no suit may be

brought for alleged violations of the rule of professional conduct applicable to attorneys.

The demurrer as to the thirteenth cause of action for unjust enrichment was sustained

because there was no allegation Love held any property in trust for Frank.

DISCUSSION

Frank argues the trial court erred in sustaining Allen and Loves' demurrers.

"A demurrer admits all material facts properly pleaded, and because review of a

ruling on a demurrer is a pure legal question, the trial court's determination is entitled to

8

LOVE00029

Exhibit 2
Page 807

no deference from us. We must afford a reasonable interpretation of the complaint read as a whole with its parts in context. [Citation.] If the factual allegations of the complaint are adequate to state a cause of action under any legal theory, the demurrer must be overruled. [Citation.] We can only uphold a general demurrer sustained without leave to amend if it appears there is no cause of action stated under applicable substantive law. [Citation.]" (*Charpentier v. Los Angeles Rams Football Co.* (1999) 75 Cal.App.4th 301, 306-307, fns. omitted.)

When a complaint is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. If it can, the trial court has abused its discretion and we reverse. If not, there has been no abuse of discretion and we affirm. The burden of proving such reasonable possibility is on the plaintiff. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

A. *Allen's Demurrer*

The trial court sustained Allen's demurrer without leave to amend as to all causes of action because they are barred by the doctrine of judicial immunity. Frank argues the trial court erred because the operative act resulting in damage to him, i.e., accepting a gift from Love during the dissolution proceeding, was not an act performed in his judicial capacity. Additionally, he argues Allen had no judicial immunity as to his ruling after accepting the gift because that act rendered him without jurisdiction to decide the matter.

1. *Judicial Immunity*

Judges have immunity from civil suits in the exercise of their judicial function. Such immunity exists to promote the fair administration of justice by allowing judges to

LOVE00030

Exhibit 2
Page 808

act freely upon their own convictions without fear of adverse personal consequences. The immunity is absolute and applies even when the judicial acts were allegedly done maliciously and corruptly. (*Regan v. Price* (2005) 131 Cal.App.4th 1491, 1495.)

No judicial immunity exists, however, when the alleged act was nonjudicial, i.e., an action not taken in the judge's judicial capacity, or when, while the act was of a judicial nature, it was taken by the judge with a complete absence of jurisdiction. (*Regan v. Price, supra*, 131 Cal.App.4th at p. 1496.) Absence of jurisdiction in this context means a clear absence of jurisdiction over the subject matter. (*Lewis v. Linn* (1962) 209 Cal.App.2d 394, 397.)

Whether an act is a "judicial" one is determined by "'whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.' [Citation.]" (*Regan v. Price, supra*, 131 Cal.App.4th at p. 1499.) Judicial immunity is defined by the functions it protects and serves and not by the person to whom it attaches. (*Soliz v. Williams* (1999) 74 Cal.App.4th 577, 591.) It can be difficult to determine which acts are and are not judicial acts. For the most part, however, actions taken by a judge in connection with a judicial proceeding are considered judicial in nature. (Shaman, *Judicial Conduct and Ethics* (3d ed.) § 14.04, pp. 503-505.)

2. *Discussion*

Frank attempted to plead around and now attempts to argue around the application of the doctrine of judicial immunity to Allen by narrowly focusing on Allen's acceptance of the gift. Thus, he argues that at the time Allen took the gift, he was not performing

LOVE00031

Exhibit 2
Page 809

any judicial function and was not "on judicial duty." Frank makes clear his action against Allen is not based on his rulings but rather on the fact of disqualification and the expense it caused him.

Allen's act of accepting a gift from Love was merely one part of a more complex process that resulted in his disqualification and alleged harm to Frank. Allen was acting as a judge in the dissolution proceeding and in that role had a duty as a judicial officer not to accept a gift from Love and to disclose to the parties any fact that might affect his qualification to proceed with the matter. It was his failure to comply with these tenets of judicial ethics that resulted in his disqualification. Clearly, the policy basis for the doctrine of judicial immunity applies not just to judicial acts but also to judicial omissions. By accepting the gift and by failing to reveal it, Allen failed to act in manner that maintained his qualification to proceed with the matter or to mitigate any damage to the parties. Those were judicial acts and omissions and Allen is immune from liability in a suit arising from them.

Neither was there in this case a complete absence of subject matter jurisdiction. Allen was appointed as temporary judge. In the most fundamental sense, he had jurisdiction in the matter.

B. *Love's Demurrer*

We address the causes of action in the order they are addressed by the parties.

1. *Twelfth Cause of Action*

In his twelfth cause of action, Frank alleged that as a member of the California State Bar Love owed a duty of care to him to refrain from extrajudicial actions that would

LOVE00032

Exhibit 2
Page 810

cause or that he could reasonably foresee would cause him harm.  Frank alleged Love negligently breached that duty when during the dissolution proceeding he made and failed to disclose a gift to Allen resulting in Allen's disqualification from hearing the matter and ultimately causing Frank financial harm.

The trial court sustained Love's demurrer as to the negligence cause of action, finding that Love owed Frank no duty of care and that a cause of action could not be based on an alleged violation of the California Rules of Professional Conduct making it unethical for an attorney in a case to give a gift to the judge.

We conclude that while a violation of the California Rules of Professional Conduct does not alone create a cause of action against an attorney, Love, whether acting as an attorney or not, under the circumstances alleged here, owed a duty to Frank not to act in a manner that caused the disqualification of the trial judge and harm to Frank.

California Rules of Professional Conduct, rule 5-300(A), states in pertinent part: "A member shall not directly or indirectly give or lend anything of value to a judge." Rule 1-100(A) states in part:  "These rules are not intended to create new civil causes of action."

Of course, the fact rule 1-100(A) states that the rules do not create new causes of action is not a shield against conduct that violates the duty of due care by a lawyer acting either in a professional or personal capacity.

While the circumstances here are unique, whether Love owed a duty of care to Frank not to give a gift to the judge in the dissolution proceeding can be analyzed like any other act.

LOVE00033

12

Exhibit 2
Page 811

The existence and scope of duty are legal questions for the court. (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674.) The starting point in determining whether a duty of care exists in the negligence context is Civil Code section 1714, subdivision (a): "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

The conclusion that a duty exists is the statement of a conclusion. It is the expression of the "'sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 477.)

We consider the following in deciding whether a duty exists: "'the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.'" (*Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 473; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 572-573, fn. 6.)

After reviewing these considerations and the alleged facts, we conclude Love owed a duty of care under the circumstances not to give a gift to Allen when Love was acting as counsel for a party in the dissolution action. Code of Civil Procedure section 170.1, subdivision (a)(6)(iii), states a judge shall be disqualified if "a person aware of the

13

Exhibit 2
Page 812

LOVE00034

facts might reasonably entertain a doubt that the judge would be able to be impartial." A disqualified judge has no power to act in any proceeding after his or her disqualification (Code Civ. Proc., § 170.4), and the acts of the judge subject to disqualification are voidable. (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 939-940.) It is foreseeable that an attorney for a party giving a nondisclosed gift to a judge during a proceeding would ultimately result in the disqualification of the judge and resulting harm to the parties to the proceeding.

Assuming the truth of the facts asserted, the harm to Frank was certain. The connection between Love's act and Frank's harm is close. The giving of a gift to a judge in a proceeding in which the benefactor is a party or the counsel for a party is morally blameworthy because it brings the judicial system into disrepute. Imposing a duty not to engage in such conduct serves to prevent future such harmful acts. The community will suffer no burden by imposing the duty.

The trial court erred in sustaining Love's demurrer to Frank's negligence cause of action without leave to amend. The judgment is reversed as to the twelfth cause of action and Frank is granted leave to amend to allege liability based not on Love's status as an attorney but on general concepts of the duty of care.

2. *Eleventh Cause of Action*

In his eleventh cause of action, Frank alleged Love engaged in willful misconduct. The cause of action cited Love's membership in the state bar. It noted rule 5-300(A) of the Rules of Professional Conduct prohibiting the giving of gifts to judges and various Penal Code sections proscribing bribery and corruption. Frank alleged Love breached the

14

Exhibit 2
Page 813

LOVE00035

duty of care created by these provisions when during the dissolution proceeding he made and failed to disclose a gift to Allen resulting in Allen's disqualification from hearing the matter and ultimately causing Frank financial harm. The complaint alleged Love knew or should have known his conduct was certain or substantially certain to injure Frank.

The trial court sustained Love's demurrer to the eleventh cause of action, finding he had no duty to Frank for conduct allegedly violating the Rules of Professional Conduct.

Willful misconduct is a tort separate and distinct from negligence. It occurs when an intentional act is done with knowledge, either express or implied, that serious injury is not merely possible but probable or with the intentional doing of an act with a wanton and reckless disregard for the consequences. (*Williams v. Carr* (1968) 68 Cal.2d 579, 584; *Palazzi v. AirCargo Terminals, Inc.* (1966) 244 Cal.App.2d 190, 195; *Donnelly v. Southern Pacific Co.* (1941) 18 Cal.2d 863, 869.)

The trial court erred in sustaining Love's demurrer to the eleventh cause of action without leave to amend. As noted above, any liability for Love's conduct arose not from his membership in the state bar but from his actions under the circumstances alleged in the complaint. Frank is granted leave to amend to allege liability based not on Love's status as an attorney but on Love's actions.

3. *Seventh Cause of Action*

The seventh cause of action alleged a violation by Love of Frank's civil rights. The cause of action alleged the United States and California Constitutions guaranteed him the right to a fair trial. The complaint asserted that right included a trial free from

15

Exhibit 2
Page 814

LOVE00036

actions that disqualified the trial judge and raised doubts concerning his impartiality. Frank alleged Love "interfered or attempted to interfere by coercion with the exercise" of that right.

The trial court sustained Love's demurrer to the seventh cause of action without leave to amend. It found no facts were alleged that Love engaged in any threats or coercive acts by way of state action.

Apparently, Frank meant his civil rights cause of action to be based both on 42 United States Code section 1983 and Civil Code section 52.1.

a. *42 U.S.C. Section 1983*

The trial court sustained Love's demurrer as to Frank's 42 United States Code section 1983 action on the basis there was no state action. A necessary element of a federal civil rights action is that the conduct in question was taken under "under color or state law." This means a misuse of power possessed by virtue of state law and made possible only because the alleged wrongdoer possesses authority under state law. (*Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 333, fn. 1.) To constitute state action, a private party must be deemed to have engaged in a conspiracy with state actors, or been a willful participant in a joint activity with them. (*Dennis v. Sparks* (1980) 449 U.S. 24, 27-28 [101 S.Ct. 183]; *Adickes v. S. H. Kress & Co.* (1970) 398 U.S. 144, 152 [90 S.Ct. 1598].)

Frank alleged Allen, who was acting as a judge, and thus for the state, and Love conspired and willfully participated in a joint activity that resulted in the loss of Frank's constitutional right to a fair trial before an impartial judge. The trial court erred in

Exhibit 2
Page 815

LOVE00037

finding no allegation of state action and erred in sustaining Love's demurrer to the

seventh cause of action insofar as it was based on 42 United States Code section 1983.

    b. *Civil Code section 52.1*

    Civil Code section 52.1, subdivision (b), authorizes an action at law by an

individual against anyone who interferes by "threat, intimidation or coercion," with any

rights secured by the federal or state Constitution. There is no requirement that the

interference be made under color of law. (*Jones v. Kmart Corp., supra,* 17 Cal.4th at p.

333.)

    Frank argues Love interfered with his right to a trial free by actions that

disqualified the trial judge and raised doubts concerning the impartiality of the trial judge.

The difficulty with Frank's civil rights cause of action based on section 52.1, subdivision

(b), is that there is no allegation Love's actions, whatever their effect, involved threats,

intimidation or coercion. In an attempt to come within the section, Frank argues: "Here,

for purposes of a civil rights action under Civil Code §52.1, coercion is found (a) in Mr.

Love's continuing to pursue and obtain rulings and orders from Mr. Allen after the [g]ift

had been accepted and Mr. Allen was thus disqualified from further acting as temporary

judge in the [u]nderlying [p]roceeding, and (b) in the involuntary taking of property from

[p]laintiff . . . ."

    Neither of these cited acts is, by any reasonable definition, coercive. The trial

court properly sustained without leave to amend Love's demurrer to the seventh cause of

action insofar as it was based on Civil Code section 52.1.

LOVE00038

17

Exhibit 2
Page 816

4. *Eighth Cause of Action*

Frank argues the trial court erred in sustaining without leave to amend Love's demurrer to his eighth cause of action, "Deceit-Fraudulent Concealment." The factual basis for the cause of action was Love's failure to disclose to Frank the gift made by Love to Allen during the dissolution proceeding. The trial court sustained the demurrer without leave to amend, finding that Love owed Frank no duty to disclose.

There are four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. In this case no fiduciary relationship is alleged. As to the other three circumstances in which nondisclosure may be actionable, including a defendant's exclusive knowledge of a material fact, there must exist some other relationship between the plaintiff and defendant in which a duty to disclose can arise. Such relationship can only come into being as a result of some sort of transaction between the parties. Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement. All of these relationships are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances. (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 336-337.)

LOVE00039

18

Exhibit 2
Page 817

There was no transaction between Frank and Love that established a relationship such that Love had a duty to disclose the fact of the gift to Allen.  There is no indication that any amendment to the cause of action is possible to plead a viable claim of fraudulent concealment and the trial court properly sustained Love's demurrer as to the eighth cause of action without leave to amend.

5. *First and Second Causes of Action*

Frank argues the trial court erred in sustaining Love's demurrer to the first and second causes of action for intentional interference with contractual relations.

In the first cause of action, Frank noted the existence of various contractual relationships between himself and his wife, various third parties, e.g., Qualcomm and with his attorney in the dissolution proceeding.  Frank alleged Love was aware of these contracts and that by his gift to Allen and the actions related to that gift, he either intended to prevent Frank's performance or to cause his performance of these contracts to be more expensive or that Love knew that his actions were substantial certain to have that result.

In his second cause of action for intentional interference with contractual relations, Frank noted his agreement to pay one-half Allen's fee in the dissolution proceeding.  He alleged that aware of this contract Love intended by his gift to Allen to make Frank's performance of that agreement more expensive or burdensome or knew that such act would have that effect.

LOVE00040

19

Exhibit 2
Page 818

The trial court sustained Love's demurrer to the first and second causes of action, finding Frank failed to state facts supporting the allegation that Love intended to disrupt the contractual relationships cited in the complaint.

"'"[A] stranger to a contract may be liable in tort for intentionally interfering with the performance of the contract.' [Citation.] To prevail on a cause of action for intentional interference with a contractual relationship, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. [Citation.] To establish the claim, the plaintiff need not prove that a defendant acted with the primary purpose of disrupting the contract, but must show the defendant's knowledge that the interference was certain or substantially certain to occur as a result of his or her action. [Citation.]" (*Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148.)

The tort of intentional interference with contractual relations arises not just from an actual breach, but when there is an interference with or disruption of the contractual relationship. (*LiMandri v. Judkins, supra*, 52 Cal.App.4th at p. 344.)

Plaintiff need not allege an actual or inevitable breach of contract in order to state a claim for disruption of contractual relations. Court's have recognized that interference with the plaintiff's performance may give rise to a claim for interference with contractual relations if the plaintiff's performance is made more costly or more burdensome. (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1129.)

LOVE00041

Exhibit 2
Page 819

The tort of intentional interference with a contractual relationship is directed at the disruption of and interference with the *relationship* and the tort does not arise simply because in some way the plaintiff has suffered damages related to a contractual relationship. For example, here Frank cites his contract with counsel for legal services in the dissolution action as one of the contracts disrupted or interfered with by Love's actions. Presumably, Frank means that Love's actions made his contract with counsel more expensive because Frank will as a result of those actions have to pay additional attorney fees. The tort is concerned with interference with the contractual relationship itself. The tort does not arise simply because the actions of the defendant incidentally affect a contractual relationship.

We conclude the trial court properly sustained Love's demurrer without leave to amend to the first cause of action for the intentional interference with a contractual relationship.

We conclude, however, the court erred in sustaining Love's demurrer with regard to the second cause of action, i.e., interference with Frank's contractual relationship with Allen. Frank alleged a contract existed with Allen to serve as a temporary judge. The alleged actions by Love led to if not a breach then a serious disruption in that contractual relationship. Love's demurrer with regard to that action should not have been sustained.

6. *Third through Sixth Cause of Action*

Frank argues the trial court erred in sustaining without leave to amend Love's demurrer to the third and fourth causes of action for intentional interference with

LOVE00042

21

Exhibit 2
Page 820

prospective economic advantage and to the fifth and sixth causes of action for negligent interference with prospective economic advantage.

Frank's causes of action for interference with prospective economic advantage mirror his causes of action for interference with contractual relations. In the third cause of action for intentional interference with prospective economic advantage, Frank cites Love's gift to Allen and alleges it was made with the intention or with the knowledge that the gift would disrupt Frank's economic relationship with the parties cited in the causes of action for interference with contractual relations. In the fourth cause of action, Frank makes the same claims with regard to his relationship with Allen. In the fifth and sixth causes of action, Frank repeats the allegation but alleges negligent rather than intentional interference.

The trial court sustained without leave to amend Love's demurrer to the third through the sixth causes of action. The court found as to each that Frank failed to allege Love interfered with economic relationships that could have prospectively brought economic advantage to Frank.

"To prevail on a cause of action for intentional interference with prospective economic advantage in California, a plaintiff must plead and prove (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) the defendant's intentional acts *designed to disrupt the relationship*, (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts. [Citation.]" (*Reeves v. Hanlon, supra,* 33 Cal.4th at p. 1152, fn. 6.)

22

Exhibit 2
Page 821

LOVE00043

A cause of action also exists for negligent interference with prospective economic advantage. (See *Aas v. Superior Court* (2000) 24 Cal.4th 627, 643-645.)

The elements of both torts require the plaintiff allege some claim of interference with a prospective economic benefit such that it is reasonably probable that the claimed loss of economic advantage would have been realized but for the defendant's interference. (*Youst v. Longo* (1987) 43 Cal.3d 64, 71; *Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 522-523.)

Frank's claims of interference with prospective economic advantage are totally conclusory with regard to the economic benefit involved and how it is reasonably probable that but for Love's interference any economic advantage would have been realized. Even on appeal Frank provides only the vaguest of claims in this regard. The trial court properly sustained Love's demurrer without leave to amend.

7. *Tenth Cause of Action*

In his tenth cause of action, Frank alleged Love's gift to Allen was an unfair and fraudulent business practice within the meaning of Business and Professions Code section 17200. The cause of action alleged Love made the gift to provide him with an unfair advantage in the dissolution proceeding.

The trial court sustained Love's demurrer without leave to amend, finding there was no remedy based upon the facts pled and that Frank failed to allege Love had monies that could be restored to Frank.

LOVE00044

23

Exhibit 2
Page 822

The trial court was correct. Putting aside the question of the application of Business and Professions Code section 17200 to this case, it is clear Frank was not entitled under the section to the remedy he sought.

Business and Professions Code section 17203 defines the remedies available against those who engage in unfair business practices as defined in Business and Professions Code section 17200. The trial court may enjoin the unfair practice or it may "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." (§ 17203.) Section 17203 is "not an all-purpose substitute for a tort or contract action." (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173.) The section does not provide for compensatory damages. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1266; *Inline, Inc. v. Apace Moving Systems, Inc.* (2005) 125 Cal.App.4th 895, 904.)

What Frank sought in his tenth cause of action, e.g., monies paid to Allen and his expenses in the dissolution action, was not restitution; indeed, there appears nothing Love could return to Frank. What Frank sought was damages. Love's demurrer to the tenth cause of action was properly sustained without leave to amend.

8. *Thirteenth Cause of Action*

Frank argues the trial court erred in sustaining Love's demurrer to the thirteenth cause of action for unjust enrichment. As a factual basis for the claim, Frank realleged Love's gift to Allen, etc., and stated the result was that Love had been unjustly enriched to Frank's detriment.

LOVE00045

24

Exhibit 2
Page 823

There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust. (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1490; 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 1015, 1016, pp. 1104–1105.) Although Frank's complaint states he is seeking restitution or imposition of a constructive trust, he is in fact simply seeking damages.

The trial court properly sustained Love's demurrer to the thirteenth cause of action without leave to amend.

## DISPOSITION

The judgment is reversed insofar as it sustained Love's demurrer to the second cause of action. It is reversed as to the seventh cause insofar as it sustained Love's demurrer with regard to the civil rights action alleged pursuant to 42 United States Code section 1983. It is sustained as to eleventh and twelfth causes of action but reversed as to the order foreclosing Frank from amending those causes of action. In all other respects the judgment is affirmed. Each party to bear its own costs on appeal.

_____
BENKE, Acting P. J.

WE CONCUR:

_____
McDONALD, J.

_____
McINTYRE, J.

LOVE00046

**Exhibit 2**
**Page 824**

25

1  *Rogozienski v. Love*
   USDC Case No.: 07CV0742 JAH LSP
2  Court of Appeal Case No.: D047858
   SDSC Case No.: GIC 843843
3

4                           **PROOF OF SERVICE**

5     I, Monica Zoe Hodge, declare as follows:

6       1. I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950,

7  San Diego, California 92101. I am readily familiar with the business practices of this office for

8  collection and processing of correspondence for mailing with the United States Postal Service; I

9  am over the age of eighteen and I am not a party to this action.

10      2. On July 9, 2007, I served the following document(s):

11         **ADDENDUM TO EXHIBIT "2" TO DEFENDANT S. MICHAEL LOVE'S
                 NOTICE OF REMOVAL OF ACTION**
12      **UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION-42 U.S.C. § 1983)**

13  on the interested parties in this action:

14  ☒ (BY MAIL) C.C.P. § 1013(a)(1) & (3)
       I deposited such envelope in the mail at San Diego, California. The envelope was mailed
15     with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of
       collection and processing correspondence for mailing. Under the practice it would be
16     deposited with U.S. postal service on that same day with postage thereon fully prepaid at San
       Diego, California in the ordinary course of business. I am aware that on motion of the party
17     served, service is presumed invalid if postal cancellation date or postage meter date is more
       than one day after date of deposit for mailing in affidavit.
18
    ☐ (BY PERSONAL SERVICE) C.C.P. § 1011; I delivered such envelope by and to the offices
19     of the addressee.

20  ☒ (STATE) I declare under penalty of perjury under the laws of the State of California that the
       above is true and correct.
21
    ☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at
22     whose direction the service was made.

23     I declare under penalty of perjury under the laws of the State of California that the foregoing

24  is true and correct, and that this declaration was executed this 9 day of July, 2007 at San Diego,

25  California.

26                                    s/ Monica Zoe Hodge
                                      Monica Zoe Hodge
27

28                                                    LOVE00047

WHITE & OLIVER
A Professional Corporation

76863.1

*Rogozienski v. Love*
California Supreme Court Case No.: S151974
USDC Case No.: 07CV0742 JAH LSP
Court of Appeal Case No.: D047858
SDSC Case No.: GIC 843843

<u>**SERVICE LIST**</u>

Frank E. Rogozienski, Esq.                    Attorneys for Plaintiff
FRANK E. ROGOZIENSKI, INC.
1660 Union Street, Suite 300
San Diego, CA 92101
T: (619) 237-1878
F: (619) 237-1870

Donald A. English, Esq.                       Attorneys for Defendant James D. Allen
ENGLISH & GLOVEN
550 West C Street, Suite 1800
San Diego, CA 92101
T: (619) 338-6610
F: (619) 338-6657

Supreme Court of California                   Case No.: S151974
350 McAllister Street
San Francisco, CA 94102
**Attn: J. Perez, Deputy Clerk**

United State District Court                   Case No.: 07CV0742 JAH LSP
Southern District of California
880 Front Street
San Diego, CA 92101

California Court of Appeal                     Case No.: D047858
Fourth Appellate District
750 B Street, Room 300
San Diego, California  92101-8189

The Honorable Joan M. Lewis                    Case No.: GIC 843843
Superior Court of the State of California
County of San Diego
330 West Broadway
San Diego, California  92101

LOVE00048

WHITE & OLIVER
A Professional Corporation

- 2 -                    76863.1

1  FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
2  FRANK E. ROGOZIENSKI, INC.
   A Professional Corporation
3  Attorneys at Law
   Coronado Professional Square
4  1203 Second Street
   Coronado, CA 92118
5  Telephone: (619)437-1878
   Facsimile: (619)437-4894
6

7  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

8

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                  FOR THE COUNTY OF SAN DIEGO

12

13  FRANK E. ROGOZIENSKI,              )   Case No. GIC843843
                                       )
14              Plaintiff,             )   MEMORANDUM OF POINTS AND
                                       )   AUTHORITIES IN OPPOSITION TO
15         v.                          )   DEMURRER OF DEFENDANT, JAMES D.
                                       )   ALLEN, TO FIRST AMENDED
16                                     )   COMPLAINT, AND MOTION TO STRIKE
   JAMES D. ALLEN, S. MICHAEL LOVE     )
17  and DOES 1 through 10, inclusive,  )
                                       )   Date: 07/15/05
18              Defendants.            )   Time: 11:00 a.m.
                                       )   Dept: 61
19                                     )
                                       )
20  _____)

21                                         DEPT. 61
                                           HON. John S. Meyer
22

23

24

25

26

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28  AMENDED COMPLAINT, AND MOTION TO STRIKE

F I L E D
Clerk of the Superior Court
JUL 1 - 2005
By: BARBARA JARRATT, Deputy

**Attorneys (left margin):**
LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181100
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-4417
(619) 437-1878

**EXHIBIT 1 PAGE 106**

LOVE00049

**TABLE OF CONTENTS**

I. RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. MOTION TO STRIKE AND DISREGARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.    Allen's failure to lodge copies of non-California cases cited . . . . . . . . . . 4
    2.    Allen's Memorandum is in excess of the maximum permitted
        page length . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. OPPOSITION TO ALLEN'S DEMURRERS . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    1.    Judicial Immunity Is Not Applicable To Allen's Misconduct . . . . . . . . . . 5
    2.    The Litigation Privilege Is Not Applicable To Allen's Misconduct . . . . . 7
    3.    The Tort Claims Act Is Not Applicable To Allen's Misconduct . . . . . . . . 8
    4.    Plaintiff's Claims Are Not Based Upon A Violation Of The
        Rules Of Professional Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    5.    Plaintiff's Seventh Cause Of Action Is Not Uncertain . . . . . . . . . . . . . . . 9

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

LAW OFFICES

**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1256
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1817
(619) 437-1876

i

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
AMENDED COMPLAINT, AND MOTION TO STRIKE

**EXHIBIT 1 PAGE 107**

LOVE00050

1

## TABLE OF AUTHORITIES

2

**Page**

3

### California Cases

4

Greene v. Zank (1984) 158 Cal.App.3d 497 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5

Navellier v. Sletton (2003) 106 Cal.App.4th 763 . . . . . . . . . . . . . . . . . . . . . . . . . . 7

6

7

Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App.3d 104 . . . . . . . . . . 9

8

Silberg v. Anderson (1990) 50 Cal.3d 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

9

Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40 . . . . . . . . . . . . . . . . . . . . . . . 6

10

Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892 . . . . . . . . . . . . . . . . . . . . . 9

11

12

13

### Federal Cases

14

Butz v. Economou (1978) 438 U.S. 478 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15

16

Reynolds v. County of San Diego (9th Cir.) (1996) 84 F.3d 1162 . . . . . . . . . . . . . . . . 9

17

Stump v. Sparkman (1978) 435 U.S. 349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

18

19

### Statute and Rules of Court

20

Business & Professions Code §6128 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

21

Civil Code §52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

22

California Rule of Court 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
23
California Rule of Court 311 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
24
California Rule of Court 313 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

25

ii

26

27    MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28    AMENDED COMPLAINT, AND MOTION TO STRIKE

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181350
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-4417
(619) 437-1979

**EXHIBIT 1 PAGE 108**

LOVE00051

1    Plaintiff offers the following in opposition to the demurrer of Defendant, James D.

2    Allen:

3    ## I. RELEVANT FACTUAL BACKGROUND

4    Allen is an attorney engaged in the practice of law as a sole proprietor [Compl. ¶ 4].

5    Plaintiff was married in 1982, and in October, 1997, Plaintiff's then spouse ["Petitioner"]

6    brought a Petition for Dissolution of their marriage [herein the "Underlying Proceeding"].

7    In the Underlying Proceeding, Love represented Petitioner [Compl. ¶ 9], and Allen from

8    time-to-time devoted some small fration of his working time to periodically acting as a

9    temporary judge. The substantially greater balance of Allen's working time was as a lawyer

10    in the practice of law.

11    In or about June 1998, Plaintiff and Petitioner entered into a written agreement in

12    which they agreed (a) to the entry of an order that Allen could act as temporary judge in the

13    Underlying Proceeding and (b) that all costs of Allen shall be borne by them, with each

14    paying one-half the cost of the services of Allen. Although, no hourly rate or fee amount was

15    set expressly forth in the written agreement, the agreement was that Plaintiff would pay one-

16    half of Allen's services in the Underlying Proceeding at Allen's normal and customary

17    billing rate as an attorney on a fee-for-service basis. Between June 1998 and August 4, 1998,

18    and prior to his appointment as temporary judge, Allen performed services and charged fees

19    which were paid under Plaintiff's and Petitioner's agreement one-half by Plaintiff and one-

20    half by Petitioner. Allen served as temporary judge in the Underlying Proceeding from the

21    time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until

22    his withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause.

23    Allen submitted billings to Plaintiff as a lawyer on the letterhead of Allen-Magidson [Compl.

24    ¶ 10].

25    In or about the Summer of 2001, but no later than November or early December of

26

27    MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28    AMENDED COMPLAINT, ETC.

1

**EXHIBIT 1 PAGE 109**

LOVE00052

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 589320
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-4417
(619) 435-1878

1   2001, Allen and Love entered into a conspiracy [herein the "Conspiracy"] to benefit

2   themselves and others with whom they were associated designed to injure, harm and cause

3   damage to Plaintiff by, among other things, interfering with Plaintiff's contractual relations,

4   interfering with Plaintiff's prospective economic advantage, by violating Plaintiff's civil

5   rights, defrauding and deceiving Plaintiff, by engaging in unfair competition in violation of

6   applicable California law, and engaging in willful and negligent misconduct. A purpose of

7   the Conspiracy was for Love to make a gift to Allen of the Loves' interest in Warner Springs

8   Ranch in violation of Allen's and Love's ethical and other obligations, and to conceal the

9   fact of such gift [Compl. ¶ 16]. Allen and Love arranged a gift to Allen of the Loves' Unit

10   850A interest in Warner Springs Ranch. By Quitclaim Deed signed February 8, 2002, the

11   Loves transferred to Bottomley the Loves' Unit 850A interest in Warner Springs Ranch.

12   Both Love and Allen knew that Bottomley was acting as a strawman for the transfer of the

13   Loves' Unit 850A through to Allen, the intended recipient [Compl. ¶ 25]. By Quitclaim

14   Deed signed March 15, 2002, Bottomley transferred to Allen the Loves' Unit 850A interest

15   in Warner Springs Ranch. This Quit Claim Deed was recorded March 18, 2002 [Compl. ¶

16   26].

17       Bottomley did not prepare any of the deeds which transferred the Loves' interests in

18   Warner Springs Ranch. Love (or someone on his behalf) prepared the Quitclaim Deed from

19   the Loves, and Allen (or someone on his behalf) prepared the Quitclaim Deed to himself.

20   Bottomley explained to Love his intention of transferring the Loves' Unit 850A to Allen so

21   Allen could use that half-interest to upgrade to a full membership. Bottomley further

22   explained to Love that because he [Bottomley] was simply passing Unit 850A on to Allen,

23   it did not make sense for Love to prepare the Quitclaim Deed for that interest in Bottomley's

24   and Bottomley's wife's names, as Love was doing for the Loves' Unit 1546B interest which

25   Bottomley and his wife were keeping. Bottomley explained that it would be simpler if only

26

27   MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
     TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28   AMENDED COMPLAINT, ETC.

2

**EXHIBIT 1 PAGE 110**

LOVE00053

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 188180
1220 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1678

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1976

1    he (and not Bottomley and his wife) had to sign the transfer through to Allen. The Quitclaim

2    Deeds transferring the Loves' interests in Warner Springs Ranch recite they are "gifts"

3    [Compl. ¶ 27].

4    In mid-March, 2002, Allen prepared and had Bottomley sign a Quitclaim Deed

5    transferring the Loves' Unit 850A interest to himself. This deed recites it is a "gift". Allen

6    caused this deed to be recorded on March 18, 2002 [Compl. ¶ 30]. Allen then transferred the

7    Loves' Unit 850A interest in the Ranch to the Warner Springs Owners Association, and

8    received back a Grant Deed from the Association giving him Unit 4257 [Compl. ¶ 32]. The

9    circuitous movements Defendants orchestrated of the Loves' Unit 850A interest in Warner

10   Springs Ranch effectively laundered this transaction so as to obscure this gift to Allen

11   [Compl. ¶ 33].

12   Defendants knew or should have known that making the gift to Allen of the Loves'

13   Unit 850A interest in Warner Springs Ranch would result in Allen being disqualified from

14   acting as temporary judge in the Underlying Proceeding. Defendants further knew or should

15   have known that once made, the gift to Allen of the Loves' Unit 850A interest in Warner

16   Springs Ranch disqualified Allen from acting as temporary judge in the Underlying

17   Proceeding [Compl. ¶ 34]. Allen's acceptance of the gift of the Loves' Unit 850A interest

18   in Warner Springs Ranch in March 2002 immediately disqualified him from acting as

19   temporary judge in the Underlying Proceeding. The making, and Allen's acceptance, of the

20   gift of the Loves' Unit 850A interest in Warner Springs Ranch was not a judicial act, was not

21   done in the course of the conduct of the Underlying Proceeding and was not done to achieve

22   the legitimate objectives of the Underlying Proceeding [Compl. ¶ 35].

23   After accepting the gift of the Loves' interest in Unit 850A, Allen, resuming again his

24   role as a temporary judge, made rulings in the Underlying Proceeding [Compl. ¶¶ 36-40].

25   Plaintiff's claims herein against Allen do not contest the propriety of those post-gift rulings,

26

27   MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
     TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28   AMENDED COMPLAINT, ETC.

                              3

EXHIBIT 1 PAGE 111

LOVE00054

1  which have been set aside by the Judge of the Superior Court who replaced Allen [Compl.

2  ¶ 43].

3      In or about September and October 2003, and after Allen filed his Statement of

4  Withdrawal in the Underlying Proceeding, Allen and Allen's counsel spoke with one or more

5  reporters and made threatening, misleading and disparaging remarks about the truth of

6  Allen's involvement in the gift to him of the Loves' Unit 850B interest in Warner Springs

7  Ranch. On information and belief, Allen and Allen's counsel made these statements as a part

8  of and in furtherance of the Conspriacy, to discredit Plaintiff and coerce Plaintiff into

9  accepting Allen's rulings, and to bolster and support actions Allen had previously taken in

10  his judicial capacity. In speaking with the press, Allen was not acting in his judicial capacity

11  or in the course of the conduct of the Underlying Proceeding, or to achieve the legitimate

12  objectives of the Underlying Proceeding [Compl. 44].

13      **II. <u>MOTION TO STRIKE AND DISREGARD</u>**

14      Allen's Memorandum Of Points And Authorities [herein "Memorandum"] should be

15  stricken and/or disregarded by the Court for the following reasons:

16      1.    <u>Allen's failure to lodge copies of non-California cases cited</u>.

17      Allen's Memorandum cites to and relies upon non-California cases, none of

18  which have been lodged with the Court. California Rule of Court 313(h) provides:

19      "If any authority other than California cases ... is cited, a copy
20      of the authority <u>must be lodged</u> (emphasis added) with the
    papers that cite the authority and tabbed as exhibits as required
21      by rule 311(e). ..."

22  Allen's Memorandum should be stricken or the portion referring to non-California cases

23  should be disregarded for failure to comply with the foregoing Rule of Court.

24      2.    <u>Allen's Memorandum is in excess of the maximum permitted page length</u>.

25      Allen's Memorandum has been printed on 28 line paper. For evan a cursory

26

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28  AMENDED COMPLAINT, ETC.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1630
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-9876

4

EXHIBIT 1 PAGE 112

LOVE00055

1   review of this pleading, it is clear that Allen's fifteen page Memorandum contains an

2   undersized font size that is quite small and there are in excess of 28 lines of type on each

3   page. None of the lines of print match the numbers in the left margin. Allen's "artful"

4   formatting of the Memorandum provides him with abundant "extra" verbiage.[1] California

5   Rule of Court 313(d) provides "... no opening or responding memorandum may exceed 15

6   pages," and California Rule of Court 201(d)(4) provides that "[e]ach line number must be

7   aligned with a line of type ..." Allen's Memorandum should be stricken or disregarded for

8   failure to comply with the foregoing Rules of Court.

9   ### III.  OPPOSITION TO ALLEN'S DEMURRERS

10      Plaintiff opposes each of the specific demurrers raised by Allen on each of the

11  following grounds:

12      ### 1.  Judicial Immunity Is Not Applicable To Allen's Misconduct.

13      Allen is not shielded from liability for damages caused by his misconduct because the

14  wrongful acts giving rise to Allen's liability were not done while he was acting in a judicial

15  capacity. For the doctrine of judicial immunity to apply, Allen's acts must have been

16  performed in his judicial capacity. Immunity depends not on the status of the defendant, but

17  rather, on the specific work or function being performed [see Greene v. Zank (1984) 158

18  Cal.App.3d 497, 508, citing Butz v. Economou (1978) 438 U.S. 478, 511-512]. The factors

19  applied in determining whether an act (by a judge) is a "judicial one" for purposes of

20  conferring judicial immunity relate to the nature of the act itself, i.e., whether it is a function

21  normally performed by a judge, and (b) the expectations of the parties, i.e., whether they

22

23      [1] Had Allen required more than 15 pages to present his Memorandum, an application stating
24  the reasons why his argument could not be made within the state limit must have been made to the
    Court at least 24 hours before the Memorandum was due [California Rule of Court 313(e)]. No such
25  application was made.

26

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28  AMENDED COMPLAINT, ETC.

5

EXHIBIT 1 PAGE 113

LOVE00056

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180200
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-4799

dealt with the judge in his judicial capacity [Stump v. Sparkman (1978) 435 U.S. 349, 350].

Here, both of these factors indicate that Allen's acceptance of the gift was not a judicial act.

Here, Allen accepted a gift of the Love's Unit 850A interest in Warner Springs Ranch knowing that Love was an attorney who had appeared before him in the Underlying Proceeding (during which earlier time in that proceeding Allen had been acting in his capacity as a temporary judge) and knowing that he (Allen) would be obligated in the future (with Allen again assuming the capacity as a temporary judge) to make rulings in the Underlying Proceeding unencumbered by any appearance of or actual bias, including any award of fees and costs of attorney Love. Allen's acceptance of the gift and active participation in the conveyance of the gift to himself were not acts done in Allen's capacity as a judicial officer. He was not performing any judicial function, and he was not on judicial duty when he accepted the gift and made the transfer to himself.[2]

In addition, a judge's actions are not immune where he has acted in the clear absence of all jurisdiction [Stump v. Sparkman, supra 43 U.S. at 356-357]. Allen's acceptance of the gift was a voluntary and intentional act which immediately disqualified him from thereafter acting again as the temporary judge in the Underlying Proceeding [Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40, 43]. In spite of this undisclosed disqualification, Allen thereafter

---

[2]In footnote 4 and elsewhere in his Memorandum of Points and Authorities, Allen repeatedly misstates the allegations of Plaintiff's Complaint that the core of Plaintiff's action is "that Mr. Allen's improper rulings made in his capacity as a temporary judge" are the acts which resulted in Plaintiff's damages. To reach this distortion, Allen ignores the actual allegations of Plaintiff's Complaint (which do not set forth any claim against Allen for "improper rulings", or even mention that term) and further ignores the allegations that "[e]xcept where otherwise expressly stated to the contrary, the actions and conduct of Allen alleged herein were not done by Allen in his role or capacity as a judicial officer. The actions and conduct on which Allen is sued herein are not judicial acts" [Compl. ¶ 47]. The allegations and claims Allen creates and argues in his demurrer are not the allegations and claims of Plaintiff's Complaint.

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST AMENDED COMPLAINT, ETC.

6

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180660
1200 SECOND STREET, 2ND AVENUE
CORONADO, CALIFORNIA 92118-0417
(619) 437-5878

EXHIBIT 1 PAGE 114

LOVE00057

1   rendered rulings. It is only **If** Allen had jurisdiction to make those subsequent rulings, that

2   the making of those rulings would be a judicial act. In addition, and even if Allen were

3   protected by judicial immunity in those subsequent rulings, here Plaintiff's claims are **not**

4   because Allen's rulings were erroneous (i.e., Plaintiff's claims against Allen are **not** a

5   challenge to Allen's judicial acts), but rather because Allen's **non**-judicial act in accepting the

6   gift disqualified him and will require that Plaintiff re-litigate the Underlying Proceeding.

7   This is because Allen's non-judicial acceptance of the gift both: (a) disqualified him (Allen)

8   from thereafter rendering a decision on the matters he (Allen) had not as yet decided under

9   submission from the in excess of fourteen days of trial in the Underlying Proceeding; **and**

10  (b) disqualified him (Allen) from conducting further proceedings and making further rulings

11  in the Underlying Proceeding. As a result of Allen's non-judicial acceptance of the gift, the

12  Superior Court Judge who replaced him has set aside Allen's post-gift rulings [Compl. ¶ 43],

13  and Plaintiff has been damaged (among other things) in the loss of any value from the fees,

14  costs and expenses spent in litigating the matters which remained undecided by Allen when

15  he accepted the gift and which now must be re-litigated before the Superior Court Judge who

16  replaced Allen. These amounts include (but are not limited to) fees and costs Plaintiff paid

17  to Allen and others which Allen's voluntary acceptance of the gift rendered of no value.

18      Accordingly, judicial immunity is not applicable to the misconduct of Allen which is

19  alleged herein.

20      2. **The Litigation Privilege Is Not Applicable To Allen's Misconduct**.

21      "The litigation privilege immunizes litigants from liability for torts, other than

22  malicious prosecution, which arise from communications in judicial proceedings (Silberg v.

23  Anderson (1990) 50 Cal.3d 205, 212). The privilege generally applies to any communication

24  by a litigant in a judicial proceeding that is made 'to achieve the objects of the litigation' and

25  has 'some connection or logical relation to the action' (Id at p. 212)" [Navellier v. Sletton

26

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION

28  TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
    AMENDED COMPLAINT, ETC.

7

**EXHIBIT 1 PAGE 115**

LOVE00058

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1688
1202 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
TELEPHONE (619) 437-1878

1   (2003) 106 Cal.App.4th 763, 770]. Here, the statements to the press attributable to Allen

2   (the only "communications" Allen is sued on in the Complaint) were made **after** he (Allen)

3   had withdrawn and was no longer a temporary judge in the Underlying Proceeding [Compl.

4   ¶¶ 44 and 48]. These statements were further not made to achieve the objects of the

5   Underlying Proceeding [Compl. ¶¶ 44 and 48]. Accordingly, the litigation privilege has no

6   application herein.

7        3. **The Tort Claims Act Is Not Applicable To Allen's Misconduct**.

8        The Tort Claims Act is not applicable to Allen's misconduct because (a) he was not

9   a public employee; and (b) the acts sued on herein were not within the scope of any

10   employment as a public employee. Although a judge of the Superior Court is a public

11   employee (his salary being paid from public funds), an attorney in private practice serving

12   as a temporary judge is not, especially where, as here, he is paid by the parties and not from

13   public funds. Moreover, and even assuming *arguendo* that Allen was somehow a public

14   employee, none of the acts Allen is sued on herein (e.g., accepting the gift and statements to

15   the press) were done by him in the scope of any employment as a public employee.

16   Moreover, Plaintiff does not contend that any public employer of Allen is liable for the

17   actions of Allen, and thus the Tort Claims Act has no application.

18        4. **Plaintiff's Claims Are Not Based Upon A Violation Of The Rules Of**

19   **Professional Conduct**

20        Plaintiff's claims alleged in the Eleventh and Twelfth causes of action are not

21   dependent upon Allen's misconduct being a violation of the Rules of Professional Conduct.

22   Rather, these causes of action arise from the intentional/negligent breach of the duty of care

23   owed by Allen to Plaintiff. That these duties are reflected in part in certain Rules of

24   Professional Conduct does not insulate Allen from his breach of those duties. Reference is

25   made to the Rules of Professional Conduct because the cited rules embody and restate what

26

27   MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28   AMENDED COMPLAINT, ETC.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180150
1205 SECOND STREET, SAN DIEGO AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-8878

8

**EXHIBIT 1 PAGE 116**

LOVE00059

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 POST OFFICE BOX 180450
CORONADO, CALIFORNIA 92118-4417
(619) 437-1979

1   is otherwise the public policy of this State. Plaintiff's Eleventh and Twelfth causes of action

2   are based upon Allen's willful/negligent breach of his duty of care[3] as a professional engaged

3   in the practice of law in this State (see, e.g., Roberts v. Ball, Hunt, Hart, Brown & Baerwitz

4   (1976) 57 Cal.App.3d 104, 109-111, and Business & Professions Code §6128 (that "[e]very

5   attorney is guilty of a misdemeanor who ... [i]s guilty of any deceit or collusion, or consents

6   to any deceit or collusion, with intent to deceive the court or any party")]. Irrespective of the

7   Rules of Professional Conduct, Allen breached his duty of care owed to Plaintiff and is liable

8   for his misconduct in accepting the gift of the Loves' Unit 850A interest in Warner Springs

9   Ranch knowing his acceptance of that gift would cause immediate injury and damage to

10  Plaintiff, including the loss of fees, costs and expenses Plaintiff had paid in the prior trial

11  (which must now be retried because Allen disqualified himself), and the fees, costs and

12  expenses Plaintiff will be required to continue to incur in having the retrial. These lost

13  amounts include monies paid to Allen, who clearly should not be permitted to profit from his

14  own wrongs.[4]

15  ### 5. Plaintiff's Seventh Cause Of Action Is Not Uncertain

16  "Any individual whose exercise or enjoyment of rights secured by the Constitution or

17  laws of the United States, or of rights secured by the Constitution or laws of this state, has

18  been interfered with, or attempted to be interfered with, as described in subdivision (a), may

19  institute and prosecute in his or her own name and on his or her own behalf a civil action for

20  damages, including but not limited to, damages ..." [Civil Code §52.1(b); see also Reynolds

21  v. County of San Diego (9th Cir.) (1996) 84 F.3d 1162]. Civil Code §52.1 applies "whether

23  [3]It is axiomatic that a duty exists to refrain from intentionally committing tortious conduct.

24  [4]See e.g., Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892, 920 (citing the Restatement
25  of Torts that "conduct which is illegal or unfair or immoral according to the common understanding
    of society' may subject one to tort liability").

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28  AMENDED COMPLAINT, ETC.

9

EXHIBIT 1 PAGE 117

LOVE00060

1    or not acting under color of law." It is axiomatic that individuals have the right to a fair trial,

2    free from actions and conduct which disqualify the trial judge and a trial where doubts are

3    not raised concerning the trial judge's impartiality. Here, Allen's taking of the gift of the

4    Loves' Unit 850A interest in Warner Springs Ranch was an act of coercion which

5    immediately disqualified him from further or thereafter acting as a temporary judge in the

6    Underlying Proceeding and raised serious and obvious concerns regarding his impartiality.

7    As such, Plaintiff has alleged the requisite elements for damages under Civil Code §52.1.

8                                **IV.  CONCLUSION**

9            For each of the reasons hereinabove set forth, the demurrers of Defendant, James D.

10    Allen, should each be denied, and in the alternative, Plaintiff respectfully requests leave to

11    amend.

Respectfully submitted,
FRANK E. ROGOZIENSKI, INC.

By: _____
        Frank E. Rogozienski
        Attorney for Plaintiff

27    MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
      TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28    AMENDED COMPLAINT, ETC.

                                        10

                            **EXHIBIT 1 PAGE 118**

LOVE00061

LOVE00062

```
 1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
 2   FRANK E. ROGOZIENSKI, INC.
     A Professional Corporation
 3   Attorneys at Law
     Coronado Professional Square                      F I L E D
 4   1203 Second Street                             Clerk of the Superior Court
     Coronado, CA 92118
 5   Telephone: (619)437-1878                          JUL 0 6 2005
     Facsimile: (619)437-4894
 6                                                   By: A. Gerba, Deputy
 7   Attorneys for Plaintiff
 8            SUPERIOR COURT OF THE STATE OF CALIFORNIA
                   FOR THE COUNTY OF SAN DIEGO
 9
10   FRANK E. ROGOZIENSKI,        )    CASE NO. GIC843843
                                  )
11           Plaintiff,           )    PROOF OF SERVICE
                                  )
12   v.                           )
                                  )
13   JAMES D. ALLEN, et al.,      )
                                  )
14           Defendants.          )
                                  )
15
16        I, the undersigned, certify and declare that I am a citizen of the
     United States, over the age of 18 years, employed in the County of San
17   Diego, State of California, and not a party to the above entitled cause.
     On July 1, 2005, I caused to be served by Federal Express, next business
18   day delivery, charges paid by sender, a copy of the attached MEMORANDUM
     OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S.
19   MICHAEL LOVE, TO FIRST AMENDED COMPLAINT, NOTICE OF LODGEMENT OF NON-
     CALIFORNIA CASES as follows:
20
     DONALD A. ENGLISH, ESQ.          DANIEL M. WHITE, ESQ.
21   ENGLISH & GLOVEN                 WHITE & OLIVER
     550 West "C" St., No. 1800       550 West "C" Street, No. 950
22   San Diego, CA 92101              San Diego, CA 92101
23   Executed on: July 1, 2005
24        I declare under penalty of perjury under the laws of the State
     of California that the above is true and correct.
25
26                                        Sherryl M. Bolinger
27
28
     ───────────────────────────
     PROOF OF SERVICE                        1
```

EXHIBIT 1 PAGE 119

LOVE00063

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
2  FRANK E. ROGOZIENSKI, INC.
   A Professional Corporation
3  Attorneys at Law
   Coronado Professional Square
4  1203 Second Street
   Coronado, CA 92118
5  Telephone: (619)437-1878
   Facsimile: (619)437-4894
6
7  Attorneys for Plaintiff
8
9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA
                        FOR THE COUNTY OF SAN DIEGO
10 FRANK E. ROGOZIENSKI,         )    CASE NO. GIC843843
                                 )
11         Plaintiff,            )    PROOF OF SERVICE
                                 )
12 v.                           )
                                 )
13 JAMES D. ALLEN, et al.,       )
                                 )
14         Defendants.          )
                                 )
15

16     I, the undersigned, certify and declare that I am a citizen of the
17 United States, over the age of 18 years, employed in the County of San
   Diego, State of California, and not a party to the above entitled cause.
18 On July 1, 2005, I caused to be served by Federal Express, next business
   day delivery, charges paid by sender, a copy of the attached MEMORANDUM
19 OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, JAMES
   D. ALLEN, TO FIRST AMENDED COMPLAINT, NOTICE OF LODGEMENT OF NON-
20 CALIFORNIA CASES as follows:

21 DONALD A. ENGLISH, ESQ.            DANIEL M. WHITE, ESQ.
   ENGLISH & GLOVEN                   WHITE & OLIVER
22 550 West "C" St., No. 1800         550 West "C" Street, No. 950
   San Diego, CA 92101               San Diego, CA 92101
23 Executed on: July 1, 2005

24     I declare under penalty of perjury under the laws of the State
   of California that the above is true and correct.
25
26                                   _____
                                     Sherryl M. Bolinger
27
28
   _____
   PROOF OF SERVICE                        1

F I L E D
Clerk of the Superior Court

JUL 0 6 2005

By: A. Gerba, Deputy

**EXHIBIT 1 PAGE 120**

LOVE00064

LOVE00065

1  Donald A. English, Esq.    (State Bar No. 115569)
   Christy I. Yee, Esq.       (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone: (619) 338-6610
   Facsimile:  (619) 338-6657
5
6  Attorneys for Defendant
   James D. Allen
7

F I L E D
Clerk of the Superior Court

JUL 2 1 2005

By: SCOTT SEYLER, Deputy

RECD JUL21'05PM 2:15

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,            )   Case No. GIC 843843
                                     )
11            Plaintiff              )   AMENDED NOTICE OF HEARING ON
                                     )   DEFENDANT JAMES D. ALLEN'S
12       v.                          )   DEMURRER TO PLAINTIFF'S FIRST
                                     )   AMENDED COMPLAINT
13  JAMES D. ALLEN, S. MICHAEL LOVE  )
    and DOES 1 through 10, inclusive,)   Date:      September 2, 2005
14                                   )   Time:      8:30 a.m.
              Defendants.            )   Dept:      65
15                                   )   Judge:     Joan M. Lewis
                                     )
16                                   )
                                     )   Complaint Filed:    March 7, 2005
17                                   )   Trial Date:         None set
                                     )
18  _____ )

19       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20       PLEASE TAKE NOTICE THAT on September 2, 2005, at 8:30 a.m., or as soon thereafter as this

21  matter may be heard in Department 65 of the San Diego Superior Court located at 330 West Broadway,

22  San Diego, California, defendant James D. Allen ("Mr. Allen") will demur to plaintiff Frank E.

23  Rogozienski's First Amended Complaint in the above-entitled matter. This hearing is continued from

24  the original hearing date, July 15, 2005, in Department 61, due to the case being reassigned. The

25  demurrer will be based upon this amended notice and original notice, the demurrer, the memorandum of

26  points and authorities, the request for judicial notice, the notice of lodgment of documents and attached

27  ///

28  ///

**EXHIBIT 1 PAGE 121**

_____
Allen's Amended Notice of Hearing - Demurrer

LOVE00066

1   exhibits, the notice of lodgment of Federal authorities, the pleadings, records and files in this action, and

2   on such further argument as may be presented at the hearing, if any.

3

4   Dated: _July 30, 2005_                    ENGLISH & GLOVEN
                                              A Professional Corporation
5

6

7                                            By: _Donald A. English_
                                                 Donald A. English
8                                                Christy I. Yee
                                             Attorneys for Defendant
9                                            James D. Allen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                             **EXHIBIT 1 PAGE 122**

                    2                        Allen's Amended Notice of Hearing - Demurrer

LOVE00068



1    Donald A. English, Esq.      (State Bar No. 115569)
     Christy I. Yee, Esq.         (State Bar No. 166238)
2    ENGLISH & GLOVEN
     A Professional Corporation
3    550 West "C" Street, Suite 1800
     San Diego, California 92101
4    Telephone: (619) 338-6610
     Facsimile: (619) 338-6657
5

6    Attorneys for Defendant
     James D. Allen
7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF SAN DIEGO

10   FRANK E. ROGOZIENSKI,            )    Case No. GIC 843843
                                      )
11            Plaintiff               )    PROOF OF SERVICE BY MAIL
                                      )
12        v.                          )    Date:       September 2, 2005
                                      )    Time:       8:30 a.m.
13   JAMES D. ALLEN, S. MICHAEL LOVE  )    Dept:       65
     and DOES 1 through 10, inclusive,)    Judge:      Joan M. Lewis
14                                    )
              Defendants.             )    Complaint Filed:    March 7, 2005
15   _____)    Trial Date:         None set

16        I, Jan Sones, declare that: I am over the age of 18 years and not a party to the case; I am employed

17   in the County of San Diego, California, where the mailing occurs; and my business address is 550 West

18   "C" Street, Suite 1800, San Diego, California 92101.

19        On July 20, 2005, I served the following document(s):

20   AMENDED NOTICE OF HEARING ON DEFENDANT JAMES D. ALLEN'S
     DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
21

22   by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

23   as follows:

24   Frank E. Rogozienski, Esq.                Attorneys for Plaintiff
     Frank E. Rogozienski, Inc.                FRANK E. ROGOZIENSKI
     1203 Second Street
25   Coronado, CA 92118
     Tel: (619) 437-1878
26   Fax: (619) 437-4894

27   ///

28   ///                                        **EXHIBIT 1 PAGE 123**

                                        _____
                                        PROOF OF SERVICE BY MAIL

F I L E D
Clerk of the Superior Court

JUL 2 1 2005

By: SCOTT SEYLER, Deputy

RECD JUL 21 '05 PM 2:15

1
Daniel M. White, Esq.                    Attorneys for Defendant
White & Oliver, APC                      S. MICHAEL LOVE
2
550 West C Street, Suite 950
San Diego, CA 92101
3
Tel: (619) 239-0300
Fax: (619) 239-0344

4

5          I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the

6    United States Postal Service, this same day, at my business address shown above, following ordinary

7    business practices.  I am readily familiar with the business practices for collecting and processing of

8    correspondence and pleadings for mailing with the United States Postal Service; and that the

9    correspondence and pleadings shall be deposited with the United States Postal Service this same day in

10   the ordinary course of business.

11         I declare under penalty of perjury under the laws of the State of California that the foregoing is

12   true and correct.

13

14   Dated: _July 29, 2005_                    Jan Sones

15                                      Jan Sones

16

17

18

19

20

21

22

23

24

25

26

27                                              **EXHIBIT 1 PAGE 124**

28

                              2            PROOF OF SERVICE BY MAIL

LOVE00070

LOVE00071

1  Donald A. English, Esq.    (State Bar No. 115569)
   Christy I. Yee, Esq.    (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone: (619) 338-6610
   Facsimile: (619) 338-6657
5
6  Attorneys for Defendant
   James D. Allen
7

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2005 JUN 13  P 4: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,            )   Case No. GIC 843843
                                     )
11            Plaintiff              )   DEFENDANT JAMES D. ALLEN'S
                                     )   DEMURRER TO PLAINTIFF'S FIRST
12      v.                           )   AMENDED COMPLAINT
                                     )
13  JAMES D. ALLEN, S. MICHAEL LOVE  )   Date:    July 15, 2005
    and DOES 1 through 10, inclusive,)   Time:    11:00 a.m.
14                                   )   Dept:    61
            Defendants.             )   Judge:   John S. Meyer
15                                   )
                                     )
16                                   )   Complaint Filed:   March 7, 2005
                                     )   Trial Date:        None set
17                                   )
                                     )
18  ─────────────────────────────────)

19      Defendant James D. Allen ("Mr. Allen") hereby generally and specially demurs to the First

20  Amended Complaint, filed by Frank E. Rogozienski ("Mr. Rogozienski") and to the following causes of

21  action on the following grounds:

22                                   I.

23           <u>DEMURRER TO THE FIRST CAUSE OF ACTION</u>

24           (Intentional Interference with Contractual Relations)

25      1.    Mr. Allen generally demurs to the First Cause of Action for Intentional Interference with

26  Contractual Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the

27

28                                   **EXHIBIT 1 PAGE 125**

                                     <u>JAMES D. ALLEN'S DEMURRER TO
                                     FIRST AMENDED COMPLAINT</u>

1  allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine of

2  judicial immunity. (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 852.)

3      2.      Mr. Allen generally demurs to the First Cause of Action for Intentional Interference with

4  Contractual Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the

5  allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation

6  privilege. (Silberg v. Anderson (1990) 50 Cal.3d 205, 212.)

7      3.      Mr. Allen generally demurs to the First Cause of Action for Intentional Interference with

8  Contractual Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the

9  allegations fail to state facts sufficient to constitute a cause of action and are barred by the Tort Claims

10  Act. (Gov. Code, §§ 905.2, 911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

11                                II.

12                **DEMURRER TO THE THIRD CAUSE OF ACTION**

13          **(Intentional Interference with Prospective Economic Relations)**

14      1.      Mr. Allen generally demurs to the Third Cause of Action for Intentional Interference with

15  Prospective Economic Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

16  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine of

17  of judicial immunity. (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 852.)

18      2.      Mr. Allen generally demurs to the Third Cause of Action for Intentional Interference with

19  Prospective Economic Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

20  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation

21  privilege. (Silberg v. Anderson (1990) 50 Cal.3d 205, 212.)

22      3.      Mr. Allen generally demurs to the Third Cause of Action for Intentional Interference with

23  Prospective Economic Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

24  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the Tort

25  Claims Act. (Gov. Code, §§ 905.2, 911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

26  ///

27  ///

28

**EXHIBIT 1 PAGE 126**

2

**JAMES D. ALLEN'S DEMURRER TO
FIRST AMENDED COMPLAINT**

LOVE00073

**III.**

**<u>DEMURRER TO THE FIFTH CAUSE OF ACTION</u>**

**(Negligent Interference with Prospective Economic Advantage)**

1.    Mr. Allen generally demurs to the Fifth Cause of Action for Negligent Interference with Prospective Economic Advantage under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity. (<u>Howard v. Drapkin</u> (1990) 222 Cal.App.3d 843, 852.)

2.    Mr. Allen generally demurs to the Fifth Cause of Action for Negligent Interference with Prospective Economic Advantage under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation privilege. (<u>Silberg v. Anderson</u> (1990) 50 Cal.3d 205, 212.)

3.    Mr. Allen generally demurs to the Fifth Cause of Action for Negligent Interference with Prospective Economic Advantage under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to constitute a cause of action and are barred by the Tort Claims Act. (Gov. Code, §§ 905.2, 911.2, 945.4; <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.)

**IV.**

**<u>DEMURRER TO THE SEVENTH CAUSE OF ACTION</u>**

**(Civil Rights Violations)**

1.    Mr. Allen generally demurs to the Seventh Cause of Action for Civil Rights Violations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity. (<u>Howard v. Drapkin</u> (1990) 222 Cal.App.3d 843, 852.)

2.    Mr. Allen generally demurs to the Seventh Cause of Action for Civil Rights Violations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation privilege. (<u>Silberg v. Anderson</u> (1990) 50 Cal.3d 205, 212.)

///

**EXHIBIT 1 PAGE 127**

3

LOVE00074

1       3.    Mr. Allen generally demurs to the Seventh Cause of Action for Civil Rights Violations

2  under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

3  sufficient to constitute a cause of action and are barred by the Tort Claims Act.  (Gov. Code, §§ 905.2,

4  911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

5       4.    Mr. Allen specially demurs to the Seventh Cause of Action for Civil Rights Violations

6  under Code of Civil Procedure, § 430.10, subd. (f), as the allegations set forth at paragraph 99 (page 27,

7  lines 10-17) are vague, unintelligible, and uncertain.

8                                         V.

9            **DEMURRER TO THE EIGHTH CAUSE OF ACTION**

10                    **(Deceit and Fraudulent Concealment)**

11      1.    Mr. Allen generally demurs to the Eighth Cause of Action for Deceit and Fraudulent

12  Concealment under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail

13  to state facts sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity.

14  (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 852.)

15      2.    Mr. Allen generally demurs to the Eighth Cause of Action for Deceit and Fraudulent

16  Concealment under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail

17  to state facts sufficient to constitute a cause of action and are barred by the litigation privilege.  (Silberg v.

18  Anderson (1990) 50 Cal.3d 205, 212.)

19      3.    Mr. Allen generally demurs to the Eighth Cause of Action for Deceit and Fraudulent

20  Concealment under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail

21  to state facts sufficient to constitute a cause of action and are barred by the Tort Claims Act.  (Gov. Code,

22  §§ 905.2, 911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

23                                        VI.

24            **DEMURRER TO THE NINTH CAUSE OF ACTION**     **EXHIBIT 1 PAGE 128**

25                        **(Breach of Contract)**

26      1.    Mr. Allen generally demurs to the Ninth Cause of Action for Breach of Contract under

27  Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

28

                                                    JAMES D. ALLEN'S DEMURRER TO
                             4                      FIRST AMENDED COMPLAINT

LOVE00075

1  sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity. (Howard v.

2  Drapkin (1990) 222 Cal.App.3d 843, 852.)

3          2.      Mr. Allen generally demurs to the Ninth Cause of Action for Breach of Contract under

4  Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

5  sufficient to constitute a cause of action and are barred by the litigation privilege. (Silberg v. Anderson

6  (1990) 50 Cal.3d 205, 212.)

7          3.      Mr. Allen generally demurs to the Ninth Cause of Action for Breach of Contract under

8  Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

9  sufficient to constitute a cause of action and are barred by the Tort Claims Act. (Gov. Code, §§ 905.2,

10  911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

11                                        VII.

12                  DEMURRER TO THE ELEVENTH CAUSE OF ACTION

13              ("Willful Misconduct and Intentional Infliction of Injury")

14          1.      Mr. Allen generally demurs to the Eleventh Cause of Action for "Willful Misconduct and

15  Intentional Infliction of Injury" under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

16  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine

17  of judicial immunity. (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 852.)

18          2.      Mr. Allen generally demurs to the Eleventh Cause of Action for "Willful Misconduct and

19  Intentional Infliction of Injury" under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

20  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation

21  privilege. (Silberg v. Anderson (1990) 50 Cal.3d 205, 212.)

22          3.      Mr. Allen generally demurs to the Eleventh Cause of Action for "Willful Misconduct and

23  Intentional Infliction of Injury" under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

24  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the Tort

25  Claims Act. (Gov. Code, §§ 905.2, 911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

26          4.      Mr. Allen generally demurs to the Eleventh Cause of Action for "Willful Misconduct and

27  Intentional Infliction of Injury" under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

28                          **EXHIBIT 1 PAGE 129**

                                    5                           JAMES D. ALLEN'S DEMURRER TO
                                                                FIRST AMENDED COMPLAINT

LOVE00076

1    the allegations fail to state facts sufficient to constitute a cause of action, as they, among other things,

2    cannot constitute an actionable claim.  (Rules of Prof. Conduct, Rule 1-100; <u>Noble v. Sears Roebuck &</u>

3    <u>Co.</u> (1973) 33 Cal.App.3d 654, 658-659.)

4                             **VIII.**

5          **<u>DEMURRER TO THE TWELFTH CAUSE OF ACTION</u>**

6                        **(Negligence)**

7       1.      Mr. Allen generally demurs to the Twelfth Cause of Action for Negligence under Code

8    of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to

9    constitute a cause of action and are barred by the doctrine of judicial immunity.  (<u>Howard v. Drapkin</u>

10   (1990) 222 Cal.App.3d 843, 852.)

11      2.      Mr. Allen generally demurs to the Twelfth Cause of Action for Negligence under Code

12   of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to

13   constitute a cause of action and are barred by the litigation privilege.  (<u>Silberg v. Anderson</u> (1990) 50

14   Cal.3d 205, 212.)

15      3.      Mr. Allen generally demurs to the Twelfth Cause of Action for Negligence under Code

16   of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to

17   constitute a cause of action and are barred by the Tort Claims Act.  (Gov. Code, §§ 905.2, 911.2, 945.4;

18   <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.)

19      4.      Mr. Allen generally demurs to the Twelfth Cause of Action for Negligence under Code

20   of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to

21   constitute a cause of action, as they, among other things, cannot constitute an actionable claim.  (Rules

22   of Prof. Conduct, Rule 1-100; <u>Noble v. Sears Roebuck & Co.</u> (1973) 33 Cal.App.3d 654, 658-659.)

23                           **IX.**

24        **<u>DEMURRER TO THE THIRTEENTH CAUSE OF ACTION</u>**

25           **(Unjust Enrichment)**       **EXHIBIT 1 PAGE 130**

26      1.      Mr. Allen generally demurs to the Thirteenth Cause of Action for Unjust Enrichment

27   under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

28

6

JAMES D. ALLEN'S DEMURRER TO<br>FIRST AMENDED COMPLAINT

L0VE00077

1 | sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity. (Howard v.

2 | Drapkin (1990) 222 Cal.App.3d 843, 852.)

3 |     2.      Mr. Allen generally demurs to the Thirteenth Cause of Action for Unjust Enrichment

4 | under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

5 | sufficient to constitute a cause of action and are barred by the litigation privilege. (Silberg v. Anderson

6 | (1990) 50 Cal.3d 205, 212.)

7 |     3.      Mr. Allen generally demurs to the Thirteenth Cause of Action for Unjust Enrichment

8 | under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

9 | sufficient to constitute a cause of action and are barred by the Tort Claims Act. (Gov. Code, §§ 905.2,

10 | 911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

11 |

12 | Dated: *June 13, 2005*           ENGLISH & GLOVEN

13 |                                      A Professional Corporation

14 |

15 |                                 By: *Donald English*

16 |                                    Donald A. English

17 |                                    Christy I. Yee

18 |                                    Attorneys for Defendant

                                     James D. Allen

**EXHIBIT 1 PAGE 131**

7

JAMES D. ALLEN'S DEMURRER TO
FIRST AMENDED COMPLAINT

LOVE00079

MF/36. 30/(A)

1   Donald A. English, Esq.      (State Bar No. 115569)
    Christy I. Yee, Esq.         (State Bar No. 166238)
2   ENGLISH & GLOVEN
    A Professional Corporation
3   550 West "C" Street, Suite 1800
    San Diego, California 92101
4   Telephone: (619) 338-6610
    Facsimile:  (619) 338-6657
5
6   Attorneys for Defendant
    James D. Allen
7

FILED
CIVIL BUSINESS OFFICE S'
CENTRAL DIVISION

2005 JUN 13  P 4: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,            )   Case No. GIC 843843
                                     )
11            Plaintiff              )   NOTICE OF HEARING ON DEFENDANT
                                     )   JAMES D. ALLEN'S DEMURRER TO
12        v.                         )   PLAINTIFF'S FIRST AMENDED
                                     )   COMPLAINT
13  JAMES D. ALLEN, S. MICHAEL LOVE  )
    and DOES 1 through 10, inclusive, )   Date:      July 15, 2005
14                                   )   Time:      11:00 a.m.
            Defendants.              )   Dept:      61
15                                   )   Judge:     John S. Meyer
                                     )
16                                   )
                                     )
17                                   )   Complaint Filed:   March 7, 2005
                                     )   Trial Date:        None set
18  _____ )

19        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20        PLEASE TAKE NOTICE THAT on July 15, 2005, at 11:00 a.m., or as soon thereafter as this

21  matter may be heard in Department 61 of the San Diego Superior Court located at 330 West Broadway,

22  San Diego, California, defendant James D. Allen ("Mr. Allen") will demur to plaintiff Frank E.

23  Rogozienski's First Amended Complaint in the above-entitled matter.  The demurrer will be based upon

24  this notice, the demurrer, the memorandum of points and authorities, the request for judicial notice, the

25  ///

26  ///

27  ///

28

EXHIBIT 1 PAGE 132

JAMES D. ALLEN'S NOTICE OF HEARING ON
DEMURRER TO FIRST AMENDED COMPLAINT

LOVE00080

1    notice of lodgment of documents and attached exhibits, the pleadings, records and files in this action, and

2    on such further argument as may be presented at the hearing, if any.

3

4    Dated: _June 13, 2005_            ENGLISH & GLOVEN
                                        A Professional Corporation
5

6

7    By: _Donald A English_
                                        Donald A. English
8                                       Christy I. Yee
                                        Attorneys for Defendant
9                                       James D. Allen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      **EXHIBIT 1 PAGE 133**

28

                        2            JAMES D. ALLEN'S NOTICE OF HEARING ON
                                     DEMURRER TO FIRST AMENDED COMPLAINT

LOVE00081

_Rogozienski v. Love_
**San Diego County Superior Court Case No. GIC843843**

CI... ...G OFFICE 18
CENTRAL DIVISION

2005 MAY 25  P 4: 19

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

### PROOF OF SERVICE

I, Patty Cortez, declare as follows:

1.    I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2.    On May 25, 2005, I served the following document(s):

**NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT BY DEFENDANT S. MICHAEL LOVE;**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT; and**

**REQUEST FOR JUDICIAL NOTICE**

on the interested parties in this action:

| | |
|---|---|
| Frank E. Rogozienski, Esq.<br>Frank E. Rogozienski, Inc.<br>1203 Second Street<br>Coronado, CA 92118<br>Tel. (619) 437-1878<br>Fax (619) 437-4894 | _Plaintiff, In Pro Per_ |
| Donald A. English, Esq.<br>English & Gloven, APC<br>550 West C Street, Suite 1800<br>San Diego, CA 92101<br>Tel. (619) 338-6610<br>Fax (619) 338-6657 | _Attorneys for Defendant James D. Allen_ |

**EXHIBIT 1 PAGE 134**

☒    (BY MAIL) C.C.P. § 1013(a)(1) & (3)
I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

WHITE, NOON & OLIVER
A Professional Corporation

63708.1

1    ☐    (BY PERSONAL SERVICE) C.C.P. § 1011; I caused to be delivered such envelope by
          and to the offices of the addressee.

2

3    ☐    (BY FEDERAL EXPRESS) C.C.P. § 1013(c); I am readily familiar with the practice of
          this firm for collection and processing of correspondence for delivery by Federal Express.
          Pursuant to this practice, correspondence would be deposited in the Federal Express drop

4         box located at 550 West "C" Street, San Diego, CA 92101 in the ordinary course of
          business on the date of this declaration.

5

6    ☐    (BY FACSIMILE) At the time of transmission, I was at least 18 years of age and not a
          party to this legal proceeding. I transmitted the above-referenced documents by facsimile
          machine, pursuant to California Rules of Court, Rule 2006.

7

8    ☒    (STATE) I declare under penalty of perjury under the laws of the State of California that
          the above is true and correct.

9    ☐    (FEDERAL) I declare that I am employed in the office of a member of the bar of this
          court at whose direction the service was made.

10        I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct, and that this declaration was executed on May 25, 2005, at San

12   Diego, California.

13

14

15   _____
     Patty Cortez

16

17

18

19

20

21

22

23

24

25

26

27                                                          **EXHIBIT 1 PAGE 135**

28

                                    - 2 -                              63708.1

WHITE, NOON & OLIVER
A Professional Corporation

LOVE00084

1    Donald A. English, Esq.    (State Bar No. 115569)
     Christy I. Yee, Esq.    (State Bar No. 166238)
2    ENGLISH & GLOVEN
     A Professional Corporation
3    550 West "C" Street, Suite 1800
     San Diego, California 92101
4    Telephone:  (619) 338-6610
     Facsimile:   (619) 338-6657
5

6    Attorneys for Defendant
     James D. Allen
7

JUL  8 '05 PM 2:38

F I L E D
Clerk of the Superior Court

JUL - 8 2005

By: P. WOODS, Deputy

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     FOR THE COUNTY OF SAN DIEGO

10   FRANK E. ROGOZIENSKI,                )    Case No. GIC 843843
                                          )
11            Plaintiff                   )    DEFENDANT JAMES D. ALLEN'S REPLY
                                          )    MEMORANDUM OF POINTS AND
12        v.                              )    AUTHORITIES IN SUPPORT OF
                                          )    DEMURRER TO PLAINTIFF'S FIRST
13   JAMES D. ALLEN, S. MICHAEL LOVE      )    AMENDED COMPLAINT
     and DOES 1 through 10, inclusive,    )
14                                        )    Date:         July 15, 2005
              Defendants.                 )    Time:         11:00 a.m.
15                                        )    Dept:         61
                                          )    Judge:        Hon. John S. Meyer
16                                        )
                                          )
17                                        )    Complaint Filed:    March 7, 2005
                                          )    Trial Date:         None set
18   _____)

19        Defendant James D. Allen ("Mr. Allen") respectfully submits the following reply memorandum

20   of points and authorities in support of his demurrer to the first amended complaint filed by plaintiff Frank

21   E. Rogozienski ("Mr. Rogozienski").

22

23

24

25

26

27                                        **EXHIBIT 1 PAGE 136**

28
                              JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
                              AND AUTHORITIES IN SUPPORT OF DEMURRER
                              TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00085

# TABLE OF CONTENTS

Page

I.   SUMMARY OF REPLY ................................................................ 1

II.  THE DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND ....... 1

   A.   The Judicial Immunity Doctrine is an Absolute Defense to Each and
      Every Cause of Action Against Mr. Allen .................................. 1

      1.   Mr. Allen's Alleged Acts in the First Amended Complaint are
         Judicial Acts ................................................ 1

      2.   Mr. Allen's Voluntary Withdrawal as Temporary Judge in the
         Rogozienski Dissolution Does Not Deprive Him of the Protection
         Under the Judicial Immunity Doctrine ............................. 3

   B.   The Litigation Privilege Precludes Mr. Rogozienski's Claims against Mr. Allen .... 5

   C.   Mr. Rogozienski's Claims are Barred by the Tort Claims Act .................. 5

   D.   The Demurrer Should be Sustained as to the Eleventh Cause of Action
      for "Willful Misconduct and Intentional Infliction of Injury" and the Twelfth
      Cause of Action for "Negligence." .................................... 6

   E.   Mr. Rogozienski Has Failed to State a Cause of Action for Civil Rights Violations . 6

III. CONCLUSION ................................................................ 7

**EXHIBIT 1 PAGE 137**

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

i

LOVE00086

1

### TABLE OF AUTHORITIES

2

Page(s)

3
**State Cases**

4   Cedars-Sinai Medical Center v. Superior Court (1998)
5   18 Cal.4th 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6   Frost v. Geernaert (1988)
    200 Cal.App.3d 1104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

7   Greene v. Zank (1984)
8   158 Cal.App.3d 497 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

9   Howard v. Drapkin (1990)
    222 Cal.App.3d 843 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5

10  Moore v. Regents of the University of California (1990)
11  51 Cal.3d 120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    People v. Barrera (1999)
12  70 Cal.App.4th 541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

13  Stasz v. Schwab (2004)
14  121 Cal.App.4th 420 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    Taliaferro v. County of Contra Costa (1960)
15  182 Cal.App.2d 587 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3

16  Tatum v. Southern Pacific (1967)
17  250 Cal.App.2d 40 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    Urias v. Harris Farms, Inc. (1991)
18  234 Cal.App.3d 415 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

19  Williard v. Caterpillar, Inc. (1995)
20  40 Cal.App.4th 892 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

21  **Federal Cases**

    Dennis v. Sparks (1980)
22  449 U.S. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

23  Ricotta v. State of California (S.D. Cal. 1998)
24  4 F.Supp.2d 961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    Stump v. Sparkman (1978)
25  435 U.S. 349 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

26

27   **EXHIBIT 1 PAGE 138**

28

ii

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

L0VE00087

1
# TABLE OF AUTHORITIES

2
## State Statutes

3    Business and Professions Code section 6128  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4    California Rule of Court 201(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    California Rule of Court 201(d)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6    California Rule of Court 313(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7    California Rule of Court 313(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

8    Code of Civil Procedure section 170.4  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9    Code of Civil Procedure section 340(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10   Government Code section 810.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
**EXHIBIT 1 PAGE 139**

28

iii

**JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

L0VE00088

1

## I.

## SUMMARY OF REPLY

Mr. Rogozienski's opposition to Mr. Allen's demurrer is contrary to established law protecting judicial and quasi-judicial officers from civil liability under the judicial immunity doctrine. While Mr. Rogozienski asserts that Mr. Allen's acceptance of a "gift" is an "extra-judicial act," Mr. Rogozienski ignores controlling case law that holds that even the alleged acceptance of a "gift" or bribe is an absolutely protected judicial act under the judicial immunity doctrine. This Court should disregard Mr. Rogozienski's conclusory allegation that the judicial immunity doctrine is inapplicable. Mr. Rogozienski is bound by his factual allegations of Mr. Allen's purported misconduct in the capacity as temporary judge and cannot avoid the application of the judicial immunity doctrine.

In addition, Mr. Rogozienski concedes that all of Mr. Allen's alleged acts and communications done in his capacity as temporary judge cannot be the basis for any cause of action against Mr. Allen under the litigation privilege. Moreover, Mr. Rogozienski (1) fails to provide any legal authority for his unsupportable contention that the Tort Claims Act is not applicable to the claims against Mr. Allen, and (2) concedes his failure to comply with the pre-filing requirements under the Tort Claims Act.

The absolute defenses of judicial immunity, the litigation privilege, and the Tort Claims Act shield Mr. Allen from liability for each of the claims asserted against him in the first amended complaint. Mr. Rogozienski can allege no facts to support any viable claim against Mr. Allen, and no amendment should be allowed. The demurrer should be sustained, without leave to amend.[1]

## II.

## THE DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND

A.    The Judicial Immunity Doctrine Is an Absolute Defense to Each and Every Cause of Action Against Mr. Allen.

1.    Mr. Allen's Alleged Acts in the First Amended Complaint are Judicial Acts.

Mr. Rogozienski's contention that Mr. Allen's alleged act of "accepting a gift" from Mr. Love while Mr. Allen was acting as temporary judge in the Rogozienski dissolution was not a "judicial act" ignores established case law protecting judicial and quasi-judicial officers from the very acts Mr. Rogozienski claims Mr. Allen engaged in -- the alleged acceptance of a "bribe," "corruption," failure

---

[1]    Mr. Rogozienski also raises two technical grounds in opposition to Mr. Allen's demurrer, both of which are without merit. First, Mr. Allen has complied with California Rule of Court 313(h) by lodging copies of federal authorities cited in his moving and reply papers before the hearing in this matter. Second, Mr. Allen's opening memorandum of points and authorities is in compliance with California Rule of Court 201(c) in that the typeface used is Times Roman and 12 point type. Moreover, Mr. Allen's memorandum of points and authorities is also in compliance with California Rule of Court 201(d)(4) in that the lines on each pages is one and a half spaced and numbered consecutively. In addition, the points and authorities does not exceed 15 pages and is in compliance with California Rule of Court 313(d).

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1

**EXHIBIT 1 PAGE 140**

L0VE00089

1    to disclose alleged conflicts of interest, and improper rulings as a result of an alleged acceptance of a
2    bribe. (See e.g., Howard v. Drapkin (1990) 222 Cal.App.3d 843, 848; Frost v. Geernaert (1988) 200
3    Cal.App.3d 1104, 1107; Ricotta v. State of California (S.D. Cal. 1998) 4 F.Supp.2d 961, 970.)

4        Mr. Rogozienski purposefully avoids, and cannot cite any contrary authority contradicting the
controlling case law which shields Mr. Allen from liability under the judicial immunity doctrine which
5    Mr. Allen cites in his moving papers.[2] Mr. Rogozienski's reliance upon Greene v. Zank (1984) 158
6    Cal.App.3d 497 (citing Butz v. Economou (1978) 438 U.S. 478, 411-412) is misplaced. The Greene
court upheld the trial court's order sustaining the defendant's demurrer without leave to amend and
7    dismissing the entire action based upon the judicial immunity doctrine. As set forth in Mr. Allen's
8    opening papers, it is appropriate for courts to dismiss claims against judicial or quasi-judicial officers at
the pleading stage on demurrer based upon the absolute judicial immunity doctrine. This is true even
9    when there are serious allegations of judicial misconduct, including intentional, malicious torts, alleged
10   violations of civil rights, and alleged bribery and corruption.

11       Simply stated, Mr. Rogozienski cannot avoid the application of the judicial immunity doctrine
based upon his unsupportable contention that Mr. Allen's alleged acceptance of a "gift" was not a
12   judicial act within the scope of the judicial immunity doctrine. Mr. Rogozienski's conclusory allegation
13   that the judicial immunity doctrine is inapplicable should be disregarded as it is contrary to both
14   established law and the alleged facts and judicial admissions in the first amended complaint that Mr.
Rogozienski's claims are based solely upon alleged damages caused by the purported acceptance of a
15   bribe while Mr. Allen was acting as temporary judge.[3]

16

17

18

19

─────────────────────────

20       [2]    In his opposition to Mr. Love's demurrer, which will be heard concurrently with Mr.
21   Allen's demurrer, Mr. Rogozienski essentially concedes that Mr. Allen is immune from liability for any
of Mr. Rogozienski's claims under the judicial immunity doctrine and that applicable case law, including
22   United States Supreme Court case Dennis v. Sparks (1980) 449 U.S. 24, remains "good law" and that
"many cases have cited Dennis over the past 25 years, and none have overruled it." (Mr. Rogozienski's
23   opposition to S. Michael Love's demurrer, p. 7, fn. 3; p. 9, l. 1-3 ["Moreover, Love has no judicial
immunity and is obligated for the damages caused by Allen by virtue of his own role in the conspiracy,
24   regardless of whether Allen is deemed immune [footnote omitted]."]) Dennis upheld a dismissal of claims
25   against a judge alleging a "corrupt conspiracy involving bribery" under the judicial immunity doctrine.

26       [3]    In ruling on demurrers, courts may properly disregard allegations that are contrary to law
and which constitute contentions or conclusions of law. (Moore v. Regents of the University of
27   California (1990) 51 Cal.3d 120, 125; Taliaferro v. County of Contra Costa (1960) 182 Cal.App.2d 587,
592.)
28

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
2        TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**EXHIBIT 1 PAGE 141**

LOVE00090

2.    <u>Mr. Allen's Voluntary Withdrawal as Temporary Judge in the Rogozienski Dissolution Does Not Deprive Him of the Protection Under the Judicial Immunity Doctrine.</u>

Under the Supreme Court case <u>Stump v. Sparkman</u> (1978) 435 U.S. 349, 356-357, cited by Mr. Rogozienski, the Supreme Court stated, "a judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was done in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction' [citation omitted]." In <u>Stump</u>, the Supreme Court reversed the Court of Appeal's holding that the trial judge had acted in "clear absence of all jurisdiction" in considering a petition to sterilize a minor child. The Supreme Court stated that the judge was absolutely immune from liability for his judicial acts even if his exercise of authority was flawed by "grave procedural errors." (<u>Id.</u> at p. 359.)

Mr. Rogozienski argues, citing <u>Tatum v. Southern Pacific</u> (1967) 250 Cal.App.2d 40, 43, that Mr. Allen's alleged acceptance of a "gift" from Mr. Love disqualified him from acting as temporary judge in the Rogozienski dissolution and, therefore, Mr. Allen had no jurisdiction to make subsequent rulings after Mr. Allen's disqualification. <u>Tatum</u> does not support Mr. Rogozienski's contention. Rather, <u>Tatum</u> merely recites the general rule that the events giving rise to disqualification, not the finding of disqualification, controls for purposes of determining when a judge could be disqualified. (<u>Id.</u> at p. 43.)

There is no legal authority to support the proposition that a judge who is disqualified from a case is without jurisdiction after the disqualification occurs. More importantly, there is no authority to support Mr. Rogozienski's assertion that Mr. Allen's alleged acts after his disqualification from the Rogozienski dissolution deprives him of protection under the judicial immunity doctrine.

California courts have held that a disqualified judge is not void of jurisdiction after disqualification and that rulings made by the disqualified judge are merely voidable if raised by an interested party, but are not void. In <u>Urias v. Harris Farms, Inc.</u> (1991) 234 Cal.App.3d 415, the Court of Appeal held that despite the language in Code of Civil Procedure section 170.4 which provides that "a disqualified judge shall have no power to act in any proceeding after his or her disqualification . . .", "the actions of a disqualified judge are not void in any fundamental sense but at most voidable if properly raised by an interested party" [citation omitted]. (<u>Id.</u> at p. 424.) The Court of Appeal noted that the actions of a disqualified judge are not without jurisdiction but, rather, is "more accurately one [in which the judge is acting in] excess of jurisdiction." (<u>Id.</u>; see also <u>People v. Barrera</u> (1999) 70 Cal.App.4th 541, 549 ["under section 170 et seq., judgments or orders by disqualified judges have been considered merely voidable, not void."]; see also <u>Taliaferro</u>, <u>supra</u>, 182 Cal.App.2d 587, 592-594 [claims for damages against justice of peace dismissed on demurrer under judicial immunity doctrine even though justice of the peace had no jurisdiction to issue warrant against the plaintiff].) Acts which are done "in excess of jurisdiction" are absolutely protected under the judicial immunity doctrine. (<u>Stump</u>, <u>supra</u>, 435 U.S. at p. 356-357.)

**EXHIBIT 1 PAGE 142**

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00091

1    Moreover, California courts have held that a litigant's sole remedy for complaints of bias,
2    corruption, or misconduct by judicial or quasi-judicial officers lies in challenging the order or act, not in
3    a civil lawsuit against the judicial or quasi-judicial officer. (See e.g., Stasz v. Schwab (2004) 121
4    Cal.App.4th 420, 440.) In Stasz, the Court of Appeal upheld the trial court's order sustaining a demurrer
5    without leave to amend as to an action brought against the American Arbitration Association ("AAA")
6    based upon the plaintiff's allegation that the arbitration was conducted in "clear absence of jurisdiction"
7    and that judicial immunity did not apply to the claims. In affirming the trial court's order dismissing the
8    entire action against AAA, the Court of Appeal stated:

We hold that bias in the arbitration process should be remedied by
challenging the arbitration award, not by seeking to impose liability on the
arbitrator or the sponsoring organization . . .

'Upon application of a party, the court shall vacate an award where . . .
there was evident partiality by an arbitrator appointed as a neutral for
corruption in any of the arbitrators or misconduct prejudicing the rights of
any party . . . we believe that the proper remedy lies therein rather than in
a civil suit against the arbitrator. [Citation omitted.]

12    (Id. at p. 441-442, emphasis added.)

13    The Court of Appeal expressly rejected the plaintiff's contention that the arbitration proceedings
14    should have been automatically stayed pending the outcome of her appeal and was thus conducted in
15    clear absence of jurisdiction stripping AAA of immunity. (Id.) In so doing, the Court of Appeal stated
16    that the plaintiff's remedy for an alleged violation of the automatic stay statute was to "seek a stay of the
17    arbitration proceedings and, possibly, to petition the trial court to vacate the award on that ground, not
     to seek to impose liability on the AAA." (Id. at p. 443, emphasis added.)

18    Here, Mr. Rogozienski cannot claim that by virtue of Mr. Allen's disqualification as temporary
19    judge in the Rogozienski dissolution that Mr. Allen had no jurisdiction to make rulings that would be
20    protected by the judicial immunity doctrine. Under Urias, Stasz, and other applicable authorities cited
21    herein and in Mr. Allen's moving papers, Mr. Allen had jurisdiction to act after his disqualification and
22    he is, thus, insulated from liability for his judicial acts under the judicial immunity doctrine. Moreover,
23    as Mr. Rogozienski has already requested and obtained an order setting aside certain of Mr. Allen's
24    rulings (First Amended Complaint, ¶ 43), Mr. Rogozienski has already obtained his sole remedy for his
     alleged claims of Mr. Allen's misconduct and is precluded from seeking damages from Mr. Allen in the
     instant lawsuit.[4]

**EXHIBIT 1 PAGE 143**

25

26    [4]    Each of Mr. Rogozienski's motions and applications in the Rogozienski dissolution action,
27    including Mr. Rogozienski's motion to set aside Mr. Allen's rulings and petition for error coram vobis,
     were based upon the identical allegations that Mr. Rogozienski is making in this action -- that Mr. Allen
28    improperly accepted a "gift" from Mr. Love and made biased rulings as temporary judge.

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
4    TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00092

**B.    The Litigation Privilege Precludes Mr. Rogozienski's Claims against Mr. Allen.**

Mr. Rogozienski concedes that none of the acts or communications allegedly committed by Mr. Allen in his capacity as temporary judge can be the basis of any cause of action. The only alleged communications Mr. Rogozienski contends subject Mr. Allen to liability are alleged statements to the press (First Amended Complaint, ¶ 44; Exhibit "1" to the Notice of Lodgment.) In support of his contention, Mr. Rogozienski asserts that Mr. Allen and his counsel purportedly spoke with "one or more reporters and made threatening, misleading and disparaging remarks about the truth of Allen's involvement in the gift to him of the Love's Unit 850B interest in Warner Springs Ranch." (Mr. Rogozienski's opposition, p. 4, l. 4-5.) Mr. Rogozienski further alleges, on information and belief, that "Allen and Allen's counsel made these statements as a part of and in furtherance of a conspiracy, to discredit plaintiff and coerce plaintiff into accepting Allen's rulings, and to bolster and support actions Allen had previously taken in his judicial capacity." (Ibid. at p. 4, l. 7-10.)

Mr. Rogozienski's contentions and allegations in the first amended complaint regarding the alleged statements to the press fail to support any viable claim against Mr. Allen.[5] Moreover, by Mr. Rogozienski's own admission, the alleged statements were done to "bolster and support actions Allen had previously taken in his judicial capacity" and are thereby within the purview of the judicial immunity doctrine. As such, Mr. Rogozienski's claims against Mr. Allen are barred and the demurrer should be sustained, without leave to amend.

**C.    Mr. Rogozienski's Claims are Barred by the Tort Claims Act.**

Mr. Rogozienski admits his failure to comply with the pre-filing requirements under the Tort Claims Act. Without citation to any legal authority or fact for which this Court may take judicial notice, Mr. Rogozienski asserts that Mr. Allen is not a public employee as his salary was not being paid from public funds.[6] Mr. Rogozienski's contention is contrary to Government Code section 810.2, which defines a public employee to include an "officer" or "judicial officer" "whether or not compensated for such office."[7] Moreover, Mr. Allen has asked this Court to take judicial notice of the Order, Stipulation and Oath for Temporary Judge which demonstrates that Mr. Allen was a temporary judge duly appointed

**EXHIBIT 1 PAGE 144**

---

[5]    The first amended complaint is devoid of any claims, such as libel or slander, which could be based upon the alleged statements to the press. Even if Mr. Rogozienski were permitted to amend to allege such causes of action (which he should not), such claims would be time-barred under the one year statute of limitations under Code of Civil Procedure section 340(c).

[6]    The first amended complaint is devoid of any allegations that Mr. Allen is not a public employee and not paid from public funds. (See Exhibit "1" to Notice of Lodgment.)

[7]    Judicial immunity also applies regardless of whether the judicial or quasi-judicial officer is paid by the court or private parties. (See e.g., Howard, supra, 222 Cal.App.3d at p. 848.)

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
5          TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00093

1    by the Superior Court and vested with "full judicial powers" and, therefore, is an employee within the

2    meaning of the Tort Claims Act. (See Exhibit "2" to Notice of Lodgment; Request for Judicial Notice.)

3          Simply stated, Mr. Rogozienski's claims against Mr. Allen cannot stand based upon his admitted
     failure to comply with the Tort Claims Act.

4    D.    <u>The Demurrer Should be Sustained as to the Eleventh Cause of Action for "Willful</u>

5          <u>Misconduct and Intentional Infliction of Injury" and the Twelfth Cause of Action for</u>
           <u>"Negligence."</u>
6
           Mr. Rogozienski's reliance upon the Rules of Professional Conduct, Business and Professions
7    Code 6128, and certain Penal Code sections cited in the first amended complaint (¶¶ 122, 123) as a basis

8    for his eleventh and twelfth causes of action is improper. As set forth in Mr. Allen's opening papers, the
     Rules of Professional Conduct cannot create liability for damages in a civil action. Rather, the rules are
9
     intended to allow the State Bar to discipline lawyers, and are not intended to create civil causes of action.
10   Moreover, Business and Professions Code section 6128 which provides that an attorney is "guilty of a

11   misdemeanor" for certain misconduct as well as the Penal Code section cited by Mr. Rogozienski

12   likewise cannot be the basis for civil liability.[8]  The statutes are intended to be used by the State Bar in
     connection with disciplinary action or in criminal proceedings, not civil proceedings such as the instant
13
     lawsuit. As such, Mr. Rogozienski's eleventh and twelfth causes of action cannot stand as a matter of
14   law.

15   E.    <u>Mr. Rogozienski Has Failed to State a Cause of Action for Civil Rights Violations.</u>

16         Although not apparent on the face of the first amended complaint, in his opposition, Mr.
     Rogozienski asserts that he has stated a claim against Mr. Allen under Civil Code section 52.1. However,
17
     there is no authority (and, hence, none cited by Mr. Rogozienski) which authorizes Mr. Rogozienski to
18   bring a claim under this statute (or any other authorities) based upon his alleged denial of a right to fair

19   trial by virtue of Mr. Allen's alleged conduct. Mr. Rogozienski claims that his civil rights were violated

20   when Mr. Allen purportedly accepted a "gift" which constituted "an act of coercion which immediately
     disqualified him from further or thereafter acting as a temporary judge in the underlying proceeding and
21
     raised serious and obvious concerns regarding his impartiality." Based upon Mr. Rogozienski's own
22   admission and his failure to cite any applicable supporting legal authority, Mr. Rogozienski has failed

23   to state a claim for civil rights violations. Moreover, Mr. Rogozienski's admission concedes that Mr.
     Allen's alleged acts as temporary judge are protected under the judicial immunity doctrine and the
24
     litigation privilege, as discussed herein. Simply stated, the demurrer should be sustained, without leave
25   to amend.

                                                      **EXHIBIT 1 PAGE 145**
26   _____

27         [8]    Mr. Rogozienski's reliance upon <u>Williard v. Caterpillar, Inc.</u> (1995) 40 Cal.App.4th 892,
     920 is unavailing as <u>Williard</u> was expressly overruled by the California Supreme Court in <u>Cedars-Sinai</u>
28   <u>Medical Center v. Superior Court</u> (1998) 18 Cal.4th 1.

                                        JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
                                        AND AUTHORITIES IN SUPPORT OF DEMURRER
                                 6.     TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00094

## III.

### CONCLUSION

Mr. Allen should not be required to defend Mr. Rogozienski's baseless claims which are precluded as a matter of law under the judicial immunity doctrine, the litigation privilege, and the Tort Claims Act. This Court should not allow Mr. Rogozienski to amend as Mr. Rogozienski cannot possibly plead any facts which would avoid the absolute defenses raised by this demurrer. Moreover, as Mr. Rogozienski has already voluntarily amended once by filing a first amended complaint before effecting service on Mr. Allen, Mr. Rogozienski has already had ample opportunity to allege additional facts to support his claims, which are insufficient to cure the fatal defects in his pleading. The demurrer should be sustained, without leave to amend.

Dated: _July 8, 2005._

ENGLISH & GLOVEN
A Professional Corporation


By: _Donald English_
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

**EXHIBIT 1 PAGE 146**

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

7

LOVE00095

LOVE00096

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  **WHITE & OLIVER**
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California 92101
4  Telephone: (619) 239-0300
   Facsimile: (619) 239-0344
5
   Attorneys for Defendant
6  S. MICHAEL LOVE

7

8                SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SAN DIEGO

10 FRANK E. ROGOZIENSKI,                    )  Case No. GIC843843
                                            )
11        Plaintiff,                        )  **REQUEST FOR JUDICIAL**
                                            )  **NOTICE**
12        v.                                )
                                            )  Date: July 15 ,2005
13 JAMES D. ALLEN, S. MICHAEL LOVE, and     )  Time: 11:00 a.m.
   DOES 1 through 10, inclusive,            )  Dept: 61
14                                          )  The Honorable John S. Meyer
          Defendants.                       )
15 _____  )

16        Defendant S. Michael Love requests that this Court take judicial notice pursuant to

17 Evidence Code sections 452 and 453 of the following document, which is subject to judicial

18 notice and relevant to the instant demurrer:

19        **Exhibit A:**    Certified copy of Statement of Decision in *Re The Marriage of Shirley L.*

20                          *Rogozienski v. Frank E. Rogozienski,* San Diego County Superior Court

21                          Case No. D440154, dated October 20, 2004.

22
                                WHITE & OLIVER
23

24                          By: _____
25                              Steven G. Amundson
                                Attorneys for Defendant
26                              S. MICHAEL LOVE

27

28                                          **EXHIBIT 1 PAGE 147**

                                                        63705.1
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER AND DEMURRER TO PAC

CIVIL BUSINESS OFFICE 18
CENTRAL DIVISION

2005 MAY 25  P 4: 19

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

LOVE00097

LOVE00098

F I L E D
Clerk of the Superior Court

OCT 2 0 2004

By: I. GARIBAY-SANCHEZ, Deputy

1
2
3
4
5
6
7
8          SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
9
10   In re the Marriage of:                    )  Case No. D440154
11                                             )
12   Petitioner:  SHIRLEY L. ROGOZIENSKI        )
13   and                                       )  STATEMENT OF DECISION
14   Respondent:  FRANK E. ROGOZIENSKI         )
                                               )
15
16          This matter came before the Court on Respondent's properly Noticed Motion to Set

17   Aside Judgment and Non-Stipulated Interlocutory Rulings, following the Court of Appeal's

18   granting of Respondent's Petition for Writ of Error *Coram Vobis*. Petitioner was present and

19   represented by Douglas Butz and Michael S. Love; Respondent was present and

20   represented by Gerald L. McMahon. The Court read and considered the written pleadings of

21   the parties, all admitted evidence and declarations, and arguments of counsel in reaching its

22   determination in this matter.

23                                    **BACKGROUND**

24
25   Frank and Shirley Rogozienski[1] were married January 30, 1982, and separated on October

26   27, 1997.  Shirley filed a petition for dissolution of marriage on October 30, 1997.

27
     _____
28   1 The parties are referred to by their first names, not out of familiarity or disrespect, but for ease of reference and because it
     is the preferred practice in family law cases.  *Dupont v. Dupont* (4th Dist. 2001) 88 Cal. App. 4th 1992,1994.

                                            1

                                                          **EXHIBIT 1 PAGE 148**

LOVE00099

1   On August 4, 1998, the parties stipulated to having attorney James D. Allen (Allen) serve as

2   a temporary judge for all purposes. Over the next four years, Allen issued decisions affecting

3   the characterization and distribution of the parties' assets and obligations. Initially, Allen

4   conducted a two-day trial on September 16-17, 1998, on the bifurcated issue of the parties'

5   Antenuptial Agreement. A Statement of Decision on the validity of the Antenuptial Agreement

6   was filed on May 10, 1999. Trial on the remaining issues took place from October 24, 2001

7   through November 19, 2001, but with some issues being reserved. Evidence on the reserved

8   issues was received on October 11, 2002. Allen issued an Amended Statement of Decision

9   on October 23, 2002, and a Second Amended Statement of Decision on November 12, 2002.

10  Judgment was entered on November 25, 2002. Both parties have appealed the final

11  judgment.

12

13          While researching issues related to the scope of Allen's jurisdictional authority on post-

14  judgment matters, Frank became aware of California Rules of Court, Rule 244(b) requiring a

15  temporary judge to make disclosures in compliance with Canon 6 of the Code of Judicial

16  Ethics and the Rules of Court. On March 7, 2003, Frank requested Allen to make any

17  disclosures as required by law. Allen did not respond. Frank's own research then revealed

18  conduct and relationships involving Allen that he believed should have been disclosed and

19  that he now alleges disqualified Allen from acting as a temporary judge. On March 17, 2003,

20  Frank filed a Statement of Disqualification pursuant to Code of Civil Procedure §170.3(c).

21  On March 27, 2003, Allen filed a responsive statement voluntarily withdrawing as temporary

22  judge but not conceding that any of Frank's allegations were grounds for disqualification.

23

24          On May 23, 2003, Frank filed a Petition for Writ of Error *Coram Vobis* asking the Court

25  of Appeal to direct the current trial court judge to hear and rule on Frank's motion to set aside

26  certain of Allen's rulings made by him at the time he was allegedly disqualified. The Court of

27

28

2

**EXHIBIT 1 PAGE 149**

LOVE00101

1  Appeal granted Frank's petition.   The writ directs the trial court to hear and rule on Frank's

2  motion which seeks to set aside (1) the November 25, 2002, Judgment, (2) the November 12,

3  2002, Second Amended Statement of Decision, (3) the May 10, 1999, Statement of Decision

4  on the validity of the prenuptial agreement, and (4) the July 27, 1999, order appointing Bruno,

5

6  Mack & Barclay to perform tracing and accounting services.

7                        CRITERIA FOR DISQUALIFICATION OF A JUDGE

8  The test for disqualification:

9      In its opinion on the writ petition, the Court of Appeal clearly set forth the standard or

10 test for disqualification.  "A judge shall be disqualified if a person aware of the facts might

11 reasonably entertain a doubt that the judge would be able to be impartial." ([Code of Civil

12 Procedure] §170.1, subd. (a)(6)(C).) The standard for disqualification is fundamentally an

13

14 objective one and not limited to actual bias. (*United Farm Workers of America v. Superior*

15 *Court* (1985) 170 California Appellate 3d 97,104.) Disqualification is mandated if a

16 reasonable person would entertain doubts concerning the judge's impartiality. (Ibid.) Except

17 in very limited circumstances not applicable here, a disqualified judge has no power to act in

18 any proceedings after his or her disqualification. (Code of Civil Procedure §170.4.)."

19

20 *Rogozienski v. Superior Court* (California Unpublished Opinion, 2003) pp. 5-6.

21 When disqualification occurs:

22      The Court of Appeal also delineated the timing of disqualification. "Disqualification

23 occurs when the facts creating disqualification arise, not when disqualification is established.

24 (*Tatum v. Southern Pacific Co.* (1967) 250 California Appellate 2d 40, 43, 58 California

25 Reporter 238.  See also *Urias v. Harris Farms, Inc.* (1991) 234 California Appellate 3d 415,

26 422-427, 285 California Reporter 659.)"  *Rogozienski v. Superior Court, supra* at p. 6.

27 ///

28

                                            3

                                                                **EXHIBIT 1 PAGE 150**

Rulings subject to set aside:

"In the event that grounds for disqualification are first learned of or arise after the judge has made one or more rulings in a proceeding but before the judge has completed judicial action in a proceeding, the judge shall, unless the disqualification be waived, disqualify himself or herself, but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge." Code of Civil Procedure §170.3(b)(4).   In this case, the alleged grounds for disqualification were first learned of after Allen had made all of the rulings at issue, but they arose at various points in time over the four years Allen acted as a judge.

Frank's burden to have rulings set aside:

To prevail on his motion to set aside, Frank must prove that (1) the factual allegations are true; (2) these true facts give rise to disqualification as being contrary to the Code of Judicial Ethics -- that is, a reasonable person aware of the facts would entertain doubts concerning the judge's impartiality; (3) the disqualification occurred at a point in time prior to the ruling(s) at issue; and (4) for those rulings that occurred prior to the disqualification, there is good cause to set aside the ruling(s).

## THE ALLEGED DISQUALIFYING CONDUCT OR EVENTS

Allen's professional relationship with Christopher Barclay:

The first alleged disqualifying conduct is Allen's professional relationship with Christopher Barclay of the accounting firm of Bruno, Mack & Barclay and his failure to disclose this relationship.  More specifically, Frank alleges that Allen had used Barclay to provide forensic accounting services for Allen's own clients both before and during the time Barclay was providing expert services on this case.  Moreover, Allen was in a position to order payment of $400,000 to Barclay for his services on this case.

4

**EXHIBIT 1 PAGE 151**

LOVE00103

1    The alleged disqualifying conduct took place on July 27, 1999, when Allen appointed

2    Barclay to perform tracing services for the court.   Is it undisputed that Allen had a previous

3    and on-going professional relationship with Barclay, that he appointed Barclay to perform

4    expert accounting services for the court in this case, and that he was in a position to award

5    Barclay $400,000 in fees. Would a reasonable person aware of these facts entertain doubts

6    concerning the judge's impartiality?  The fact that Allen, the judge, had used Barclay's expert

7    services on behalf of his own clients in the past produces no meaningful benefit or drawback

8    to either Frank or Shirley, or their counsel.   Neither party would be advantaged or

9    disadvantaged by the judge's reliance upon a familiar expert's capabilities. While Allen might

10   arguably be on the receiving end of Barclay's gratitude for the award of hundreds of

11   thousands of dollars in expert fees in this case, this prospective personal benefit to Allen

12   
13   would not create a bias one way or the other as to the Rogozienskis. A reasonable person

14   would not doubt Allen's impartiality based on this information. Therefore, Allen's professional

15   relationship with Barclay does not constitute disqualifying conduct and cannot serve as a

16   
17   basis for setting aside any of Allen's orders.

18   Allen's personal relationship with Edward Silverman and his financial relationship with the

19   Procopio Cory law firm:

20   
21   The second alleged disqualifying conduct is Allen's personal relationship with Edward

22   Silverman, one of Shirley's attorneys, and Allen's financial relationship with the Procopio Cory

23   law firm, and his failure to disclose either relationship.  Frank specifically contends that Allen

24   was in a position to award Silverman significant attorney's fees; that Allen had a financial

25   interest in the Procopio Cory law firm through his ex-wife; that Allen and Silverman had

26   worked on an appeal together; and, that Allen's associate accepted a referral from Silverman

27   
28   during the time Allen was acting as temporary judge.

5

**EXHIBIT 1 PAGE 152**

LOVE00104

1    The alleged disqualifying conduct took place on September 9, 2002, when Silverman

2  associated in as co-counsel for Shirley.  It is undisputed that Silverman has been a lawyer

3  with the Procopio Cory law firm for 25 years.  It is undisputed that Allen was married to Linda

4  Cory and that Linda is the daughter of Alec Cory, a named partner in Silverman's law firm.  It

5  is undisputed that Alec retired in 1993 and receives only a set monthly pension from the law

6  firm.  Further, Allen and Linda separated in 1999 and subsequently divorced.  Finally, Allen

7  was in a position to award significant attorney's fees to Silverman.  Would a reasonable

8  person aware of these facts entertain doubts concerning the judge's impartiality?   The only

9  arguable impartiality would come from concluding that Allen might benefit by either awarding

10  or not awarding fees to Silverman.  The fee award arguably would affect Alec's pension,

11  which in turn would affect Linda's financial or emotional well being, leading to some financial

12  or emotional satisfaction for Allen.   However, Frank has failed to establish any financial or

13  emotional benefit or, indeed, even a meaningful correlation between Silverman and Allen.  In

14  addition, that they have worked together on one appeal or have referred a case one to the

15  other would not cause a reasonable person to entertain doubts about the impartiality of the

16  attorney acting as the temporary judge. This is particularly so when one takes into account

17  the necessarily close professional and social interaction among San Diego family law

18  practitioners.  Therefore, Allen's personal relationship with Silverman does not constitute

19  disqualifying conduct and is not grounds for setting aside any of Allen's orders.

20  Transfer of Love's interest in the Warner Springs Ranch:

21    The third and final alleged disqualifying conduct is Allen's acceptance of the timeshare

22  interest in Warner Springs Ranch as a gift from S. Michael Love, another of Shirley's

23  attorneys, and his failure to disclose this gift.   Frank contends that Allen awarded Love

24  $250,000 attorney's fees after Love gifted a one-half timeshare interest in the Warner Springs

6

**EXHIBIT 1 PAGE 153**

LOVE00105

1   Ranch facilities to Allen through another attorney, Harold S. Bottomley, III.

2       Contrary to Frank's position, the Appellate Court did not conclusively determine that

3   the transfer of the Warner Springs Ranch timeshare was disqualifying conduct. Rather, the

4   Appellate Court found, for purposes of the writ, that the alleged facts concerning the Warner

5   Springs Ranch timeshare would support disqualification. The Appellate Court also noted that

6   it would be for the trial court to consider in the context of the motion to set aside Allen's ruling,

7   the contentions raised by Shirley that (1) the Warner Springs interest has no real value; (2)

8   Allen's decisions were impartial and largely involved questions of law; and (3) facts are to be

9   viewed in the context of the everyday realities affecting the bench.

10      The alleged disqualifying conduct took place over February and March 2002. It is

11  undisputed that Love transferred two one-half timeshare interests in the Warner Springs

12  Ranch to Bottomley, that the transfers were designated as "gifts," and that no payment of

13  money or other consideration was involved. A month later Bottomley transferred one of those

14  half interests (Unit 850A) to Allen, again reciting that the transfer was a "gift." Love admits

15  that prior to the initial transfer from himself to Bottomley he was aware Bottomley had been

16  discussing with Allen his taking one of the half interests. Love admits he wrote a letter to the

17  president of the Warner Springs Board of Directors on behalf of two attorneys (Bottomley and

18  Allen) asking about interest conversions. Love admits that he learned in or about March

19  2002 that Allen had, in fact, received one of Love's half interests from Bottomley.  It is

20  undisputed that Allen knew his half interest had very recently been owned by Love. And,

21  lastly, it is undisputed that after the transfer of the property, Allen awarded Love $250,000 in

22  attorney's fees.  A temporary judge shall under no circumstance accept a gift if the donor is a

23  party or person whose interests are reasonably likely to come before the temporary judge.

24  California Code of Judicial Ethics, Canon 6D(2)(d). Knowing these facts, a reasonable

7

**EXHIBIT 1 PAGE 154**

LOVE00106

1  person would likely entertain doubts about Allen's impartiality. The court need not find

2  insincere Love's assertion that the transfer of the timeshare was an innocent transaction to

3  rid himself of vacation property that was no longer of any use to him.  Rather, it is the

4
   reasonable person's view of the facts that governs disqualification.
5

6       The monetary value, or alleged lack thereof, of the Warner Springs timeshare to Love

7  does not erase the doubts regarding Allen's ability to remain impartial. The property obviously

8  was of some value to Allen or he would not have accepted it, along with its attendant

9
   maintenance fee obligations, from Bottomley.
10

11      Assuming Allen's decisions were "largely" questions of law, they were not exclusively

12  questions of law.  Moreover, the questions of law necessarily required Allen's impartial

13  hearing of legal arguments, a determination of the truthfulness of facts, and the impartial

14  application of those facts to the law.  The Court is not convinced that a reasonable person,

15  aware of Allen's receipt of the "gift," would believe that Allen's legal application of the facts to

16  the law would be wholly unaffected by his acquisition of Love's Warner Springs property.

17      As noted above, the Court recognizes and appreciates the close professional and

18  social interaction among San Diego family law practitioners. This collegiality is in general a

19
   positive force in the esoteric, and at times heart-rending, field of family law. However,
20

21  collegiality must be accompanied by diligent self-policing, lest the family law practitioner risk

22  eroding the public trust, not only in the practitioner, but in the justice system itself. The flames

23  of enmity that envelop many family law litigants are fanned by conduct that encourages

24  distrust of the family law bar and, in this case, judicial officers. The deleterious effect that this

25  distrust has on our justice system cannot be overstated, and cannot go unaddressed.

26
       Love knew Bottomley was planning on transferring Love's Warner Springs property
27

28  immediately to Allen at a time when Allen was acting as a judge in one of Love's cases, and

8

**EXHIBIT 1 PAGE 155**

LOVE00107

1  was in a position to award Love significant attorney's fees, and Allen knew the property was

2  coming, albeit indirectly, from Love.  A reasonable person aware of these facts would likely

3  entertain doubts about Allen's impartiality. Therefore, the court finds that the receipt by Allen,

4  via Bottomley, of Love's interest in the Warner Springs Ranch, where both transfers were

5  characterized as "gifts", constitutes conduct that disqualified Allen from continuing to act as a

6

7  judge.

8                    **THE ORDERS SUBJECT TO SET ASIDE**

9       In accordance with the statute, the rulings Allen made up to the time the grounds for

10  disqualification arose cannot be set aside absent good cause.  Code of Civil Procedure

11  §170.3(b)(4).   In this case, as noted by the Appellate Court, "the parties [have] agree[d] that

12  only those actions taken by a disqualified judge after the grounds for disqualification [arose]

13  are voidable."  *Rogozienski v. Superior Court* (California Unpublished Opinion, 2003) p. 10.

14

15  However, this court does read the Appellate Court's comment as limiting the trial court's

16  jurisdictional authority, in ruling on the set aside motion, to Allen's decisions that followed the

17  disqualifying conduct.   The only disqualifying conduct that occurred (i.e., the transfer of the

18  interest in Warner Springs Ranch) took place, at the earliest, in February 2002.

19
    The May 10, 1999, Ruling on the Antenuptial Agreement:
20

21       The ruling on the premarital agreement predated the disqualifying conduct.  This ruling

22  is not voidable and, therefore, should not be set aside.   Additionally, Frank has failed to

23  establish good cause for setting aside the May 10, 1999, ruling on the premarital agreement.

24  Given the facts of this case, neither the 1998 trial nor the 1999 ruling logically could have

25  been prejudiced by events that took place nearly three years later.   The Court is not

26  persuaded that the incorporation of the 1999 decision into the 2002 judgment renders it an

27  interlocutory judgment, thereby contaminated by the 2002 Warner Springs disqualifying

28

**EXHIBIT 1 PAGE 156**

LOVE00108

1   conduct. The 1999 decision was on a bifurcated issue – it was final when made, and was not

2   altered by its incorporation into the 2002 judgment.  Even assuming the 1999 decision was

3   interlocutory and could be set aside, the court nevertheless finds that a reasonable person

4   aware of the facts of the 2002 Warner Springs transfers, without more, would not entertain

5   doubts as to Allen's impartiality in 1999.

6

7   The July 27, 1999, order appointing Bruno, Marck & Barclay:

8       For the reasons stated above, the appointment of Bruno, Mack & Barclay predated the

9   disqualifying conduct by nearly two and one-half years, and in any event there is no good

10  cause to set this order aside.

11  The November 12, 2002, Second Amended Statement of Decision and the November 25,

12  2002, Judgment:

13

14      The February 2002 transfer of the interest in Warner Springs Ranch, and Allen's

15  failure to disclose his receipt of this interest, compels this Court to set aside the November

16  12, 2002, Second Amended Statement of Decision and the final judgment.  The court further

17  finds that there is good cause for setting aside the Second Amended Statement of Decision

18  and the judgment, because the Second Amended Statement of Decision was the culmination

19  of a fourteen-day trial, which included the characterization and distribution of hundreds of

20  millions of dollars in assets.  Allen's decisions also included an award of $250,000 in

21  attorney's fees to Shirley, and obligated Frank to pay the $400,000 in fees due Barclay.  The

22  disqualifying conduct caused the objective evaluation of the facts and law to become

23  reasonably questionable and tainted the fairness of the trial.   Setting aside the decision is

24  necessary to protect from further erosion the public's perception of the system of justice, and

25  to maintain public confidence in the judicial officers who serve that system.

26

27  ///

28

10

**EXHIBIT 1 PAGE 157**

L0VE00109

**CONCLUSION**

The November 12, 2002, Second Amended Statement of Decision and the judgment entered November 25, 2002, are hereby set aside, with the exception of both the uncontested part of the judgment dissolving the marriage, and the May 10, 1999, bifurcated decision on the Antenuptial Agreement that was incorporated into the judgment. A new trial on all issues affected by the set aside shall be scheduled.

DATED: October 20, 2004

MICHAEL T. SMYTH
Judge of the Superior Court

11

**EXHIBIT 1 PAGE 158**

LOVE00110

LOVE00111