Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 1 of 59

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

Attorneys for Defendant
James D. Allen

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2005 JUN 13 P 4:28
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

**DEFENDANT JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: July 15, 2005
Time: 11:00 a.m.
Dept: 61
Judge: John S. Meyer

Complaint Filed: March 7, 2005
Trial Date: None set

Defendant James D. Allen ("Mr. Allen"") respectfully submits the following Request for Judicial Notice pursuant to Evidence Code sections 452(d) and 453. Mr. Allen respectfully requests the Court take judicial notice of the following facts and documents:

1. The allegations contained in the First Amended Complaint in this action filed on March 28, 2005, attached as Exhibit "1" to the Notice of Lodgment.

2. The appointment of Mr. Allen as temporary judge in In re Marriage of Rogozienski, San Diego Superior Court, Case No. D440154 ("Rogozienski dissolution") conferring the powers and "duties of the Judge of the Superior Court" pursuant to Article VI, Section 21 of the California Constitution, as contained in the Order, Stipulation and Oath for

EXHIBIT 1 PAGE 61

JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00112

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 2 of 59

Temporary Judge dated August 4, 1998, attached as Exhibit "2" to the Notice of Lodgment.

3. The findings, decisions and orders of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, contained in the May 10, 1999 Statement of Decision, attached as Exhibit "3" to the Notice of Lodgment.

4. The findings, decisions and orders of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, contained in the Second Amended Statement of Decision, issued November 12, 2002, attached as Exhibit "4" to the Notice of Lodgment.

5. The judgment of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, entered on November 25, 2002, attached as Exhibit "5" to the Notice of Lodgment.

6. Frank E. Rogozienski's Notice of Appeal of the November 25, 2002 judgment (including the incorporated orders) of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed December 10, 2002, attached as Exhibit "6" to the Notice of Lodgment.

7. Shirley L. Rogozienski's Notice of Appeal of the November 25, 2002 judgment (including the incorporated orders) of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed January 27, 2003, attached as Exhibit "7" to the Notice of Lodgment.

8. The allegations contained in the original complaint in this action, filed on March 7, 2005, attached as Exhibit "8" to the Notice of Lodgment.

///

///

///

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 3 of 59

9. The findings of Anthony C. Joseph, Superior Court Judge in the Declaration of Anthony C. Joseph, Superior Court Judge, Retired, in Support of Petitioner's Opposition to Respondent's Motion to Set Aside Judgment and Non-Stipulated Interlocutory Rulings of then Temporary Judge James D. Allen, filed April 26, 2004 in the Rogozienski dissolution, attached as Exhibit "9" to the Notice of Lodgment.

Dated: June 13, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: [signature]
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

EXHIBIT 1 PAGE 63

3

JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00114

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 4 of 59

LOVE00115

Case 3:07-cv-00742-[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 5 of 59

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2005 JUN 13 P 4: 28
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorneys for Defendant
James D. Allen

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

**DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: July 15, 2005
Time: 11:00 a.m.
Dept: 61
Judge: John S. Meyer

Complaint Filed: March 7, 2005
Trial Date: None set

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant James D. Allen ("Mr. Allen") hereby lodges the following documents in support of his demurrer to plaintiff Frank E. Rogozienski's First Amended Complaint:

Exhibit 1: First Amended Complaint for Damages in this action, filed March 28, 2005.

Exhibit 2: Order, Stipulation and Oath for Temporary Judge, appointing Mr. Allen as temporary judge in In re Marriage of Rogozienski, San Diego Superior Court, Case No. D440154 ("Rogozienski dissolution"), filed August 4, 1998.

**EXHIBIT 1 PAGE 64**

Case 3:07-cv-00742-J██-WMC Document 1-2 Filed 04/██/2007 Page 6 of 59

Exhibit 3: Statement of Decision issued by Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, dated May 10, 1999.

Exhibit 4: Second Amended Statement of Decision issued by Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, dated November 12, 2002.

Exhibit 5: Judgment in the Rogozienski dissolution, filed November 25, 2002.

Exhibit 6: Frank E. Rogozienski's Notice of Appeal of the November 25, 2002 Judgment of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed December 10, 2002.

Exhibit 7: Shirley L. Rogozienski's Notice of Appeal of the November 25, 2002 Judgment of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed January 23, 2003.

Exhibit 8: Original Complaint for Damages in this action, filed March 7, 2005.

Exhibit 9: Declaration of Anthony C. Joseph, Superior Court Judge, Retired, in Support of Petitioner's Opposition to Respondent's Motion to Set Aside Judgment and Non-Stipulated Interlocutory Rulings of then Temporary Judge James D. Allen in the Rogozienski dissolution, filed April 26, 2004.

Dated: June 13, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: Donald A. English
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

EXHIBIT 1 PAGE 65

2

JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00117

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 7 of 59

LOVE00118

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 8 of 59

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Donald A. English, Esq. (State Bar No. 115569)<br>Christy I Yee, Esq. (State Bar No. 166238)<br>English & Gloven, A Professional Corporation<br>550 West "C" Street, Suite 1800<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 338-6610 FAX NO. *(Optional)*: (619) 338-6657<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: James D. Allen | FILED<br>CIVIL BUSINESS OFFICE 9<br>CENTRAL DIVISION<br>2005 JUN 13 P 4: 28<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: | |
| PETITIONER/PLAINTIFF: Frank E. Rogozienski<br>RESPONDENT/DEFENDANT: James D. Allen; et al. | |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** | CASE NUMBER:<br>GIC843843 |

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 550 West "C" Street, Suite 1800, San Diego, California 92101

3. On *(date)*: June 13, 2005 I mailed from *(city and state)*: San Diego, California the following documents *(specify)*:

[X] The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. [ ] depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [X] placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served: Frank E. Rogozienski, Esq.
   b. Address of person served: Frank E. Rogozienski, Inc., 1203 Second Street, Coronado, California 92118

[ ] The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 13, 2005

**EXHIBIT 1 PAGE 66**

Daphne Acebedo
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

[signature]
(SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**
**(Proof of Service)**

Legal Solutions Plus

Code of Civil Procedure, §§ 1013, 1013a

LOVE00119

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 9 of 59

POS-030(D)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**

*(This Attachment is for use with form POS-030)*

**The documents that were personally served by first-class mail are as follows** ***(describe each document specifically):***

| |
|---|
| NOTICE OF HEARING ON DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| |
| |
| |
| |
| |
| |
| |
| |

**EXHIBIT 1 PAGE 67**

Form Approved for Optional Use
Judicial Council of California
POS-030(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**
**(Proof of Service)**

Legal
Solutions
Plus

Page 2 of 2

LOVE00120

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 10 of 59

LOVE00121

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/23/2007 Page 11 of 59

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

Attorneys for Defendant
James D. Allen

FILED
Clerk of the Superior Court
JUL - 8 2005
By: P. WOODS, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

**DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF FEDERAL AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: July 15, 2005
Time: 11:00 a.m.
Dept: 61
Judge: John S. Meyer

Complaint Filed: March 7, 2005
Trial Date: None set

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant James D. Allen hereby lodges the following federal authority in support of his demurrer to plaintiff Frank E. Rogozienski's First Amended Complaint:

///

///

///

///

///

**EXHIBIT 1 PAGE 68**

Exhibit A: Bradley v. Fisher (1871) 80 U.S. 335.

Exhibit B: Dennis v. Sparks (1980) 449 U.S. 24.

Exhibit C: Moore v. Brewster (9th Cir. 1996) 96 F.3d 1240.

Exhibit D: Ricotta v. State of California (S.D. Cal. 1998) 4 F.Supp.2d 961.

Exhibit E: Stump v. Sparkman (1978) 435 U.S. 349.

Dated: July 8, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: [signature]
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

EXHIBIT 1 PAGE 69

2

ALLEN'S NOTICE OF LODGMENT OF FEDERAL AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00123

LOVE00124

POS-040

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Donald A. English, Esq.
Christy I. Yee, Esq.
English & Gloven, APC
550 West "C" Street, Suite 1800
San Diego, CA 92101
TELEPHONE NO.: (619) 338-6610 FAX NO. (Optional): (619) 338-6657
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): James D. Allen

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
JUL - 8 2005
By: P. WOODS, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PETITIONER/PLAINTIFF: Frank E. Rogozienski

RESPONDENT/DEFENDANT: James D. Allen

CASE NUMBER: GIC843843

**PROOF OF SERVICE—CIVIL**

**Check method of service (*only one*):**

☐ By Personal Service ☐ By Mail ☒ By Overnight Delivery
☐ By Messenger Service ☐ By Facsimile ☐ By E-Mail/Electronic Transmission

JUDGE: Hon. John S. Meyer
DEPT.: 61

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. At the time of service I was over 18 years of age and not a party to this action.

2. My address is (*specify one*):

a. ☒ Business:
550 West C Street, Suite 1800
San Diego, CA 92101

b. ☐ Residence:

3. On (*date*): July 8, 2005 I served the following documents (*specify*):

1. Defendant James D. Allen's Reply Memorandum of Points and Authorities in Support of Demurrer to Plaintiff's First Amended Complaint; and

2. Defendant James D. Allen's Notice of Lodgment of Federal Authorities in Support of Demurrer to Plaintiff's First Amended Complaint.

☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the persons below, as follows:

a. Name of person served:

b. Address of person served:

c. Fax number or e-mail address of person served, if service was by fax or e-mail:

d. Time of service, if personal service was used:

☒ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

5. The documents were served by the following means (*specify*):

a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [New January 1, 2005]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

Legal
Solutions
Plus

Code of Civ. Proc., §§ 1011, 1013, 1013a, 2015.5

**EXHIBIT 1 PAGE 70**

LOVE00125

| CASE NAME Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

5 b. [ ] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

(1) [ ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. [X] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. [ ] **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 8, 2005

Antoniette Jennings
(TYPE OR PRINT NAME OF DECLARANT)

▶ [signature]
(SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(NAME OF DECLARANT)

▶
(SIGNATURE OF DECLARANT)

POS-040(P)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**

*(This Attachment is for use with form POS-040)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Time of Service (for personal service) |
|---|---|---|
| Frank E. Rogozienski, Esq. | Frank E. Rogozienski, Inc.<br>1203 Second Street<br>Coronado, CA 92118 | Time: |
| Daniel M. White, Esq. | White & Oliver, APC<br>550 West C Street, Suite 950<br>San Diego, CA 92101 | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |

**EXHIBIT 1 PAGE 72**

Form Approved for Optional Use Judicial Council of California POS-040(P) [New January 1, 2005]

ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED) (Proof of Service)

Page __ of __

LOVE00127

POS-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Donald A. English, Esq. (State Bar No. 125569) Christy I. Yee, Esq. (State Bar No. 166238) English & Gloven, A Professional Corporation 550 West "C" Street, Suite 1800 San Diego, CA 92101 TELEPHONE NO.: (619) 338-6610 FAX NO. (Optional): (619) 338-6657 E-MAIL ADDRESS (Optional): ATTORNEY FOR (Name): James D. Allen | FOR COURT USE ONLY CIVIL BUSINESS OFFICE CENTRAL DIVISION 2005 JUN 14 P 3:04 CLERK-SUPERIOR COURT SAN DIEGO COUNTY, CA |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO STREET ADDRESS: 330 West Broadway MAILING ADDRESS: CITY AND ZIP CODE: San Diego, CA 92101 BRANCH NAME: | |
| PETITIONER/PLAINTIFF: Frank E. Rogozienski RESPONDENT/DEFENDANT: James D. Allen, et al. | |
| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER: GIC843843 |

***(Do not use this Proof of Service to show service of a Summons and Complaint.)***

1. I am over 18 years of age and not a party to this action.
2. I served the following documents *(specify)*:

   [X] The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).
3. I personally served the following persons at the address, date, and time stated:
   a. Name: Daniel M. White, Esq., Attorneys for Defendant S. Michael Love
   b. Address: White & Oliver, APC, 550 West "C" St., Ste. 950, San Diego, CA 92101
   c. Date: June 13, 2005
   d. Time: 4:13 p.m.

   [ ] The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).
4. I am
   a. [ ] not a registered California process server.
   b. [ ] a registered California process server.
   c. [ ] an employee or independent contractor of a registered California process server.
   d. [X] exempt from registration under Business & Professions Code section 22350(b).
5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify)*:
   Daphne Acebedo
   550 West "C" Street, Suite 1800
   San Diego, California 92101
   (619) 338-6610

**EXHIBIT 1 PAGE 73**

6. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. [ ] I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: June 13, 2005

Daphne Acebedo
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

[signature]
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Form Approved for Optional Use
Judicial Council of California
POS-020 [New January 1, 2005]

PROOF OF PERSONAL SERVICE—CIVIL

Legal Solutions Plus

Code of Civil Procedure, § 1011

LOVE00128

POS-020(D)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

**ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL (DOCUMENTS SERVED)**

*(This Attachment is for use with form POS-020)*

**The documents that were personally served are as follows *(describe each document specifically)*:**

NOTICE OF HEARING ON DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**EXHIBIT 1 PAGE 74**

Form Approved for Optional Use
Judicial Council of California
POS-020(D) [New January 1, 2005]

ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL
(Documents Served)

Legal Solutions Plus

Page 2 of 2

LOVE00129

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/[illegible]/2007 Page 19 of 59

LOVE00130

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

FILED
CIVIL BUSINESS OFFICE 5
2005 MAY 25 P 2:42
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorneys for Defendant
James D. Allen

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

FRANK E. ROGOZIENSKI, Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive, Defendants.

Case No. GIC 843843

**PROOF OF SERVICE BY MAIL**

Dept:
Judge:

Complaint Filed: March 7, 2005
Trial Date: None set

I, Susan Bird, declare that: I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 550 West "C" Street, Suite 1800, San Diego, California 92101.

On May 24, 2005, I served the following document(s):

**PEREMPTORY CHALLENGE (conformed copy)**

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Frank E. Rogozienski, Esq.
Frank E. Rogozienski, Inc.
1203 Second Street
Coronado, CA 92118
(619) 437-1878
(619) 437-4894 - fax

Attorneys for Plaintiff
FRANK E. ROGOZIENSKI

**EXHIBIT 1 PAGE 75**

Daniel M. White, Esq.
White & Oliver, APC
550 West C Street, Suite 950
San Diego, CA 92101
(619) 239-0300
(619) 239-0344 - fax

Attorneys for Defendant
S. MICHAEL LOVE

I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices. I am readily familiar with the business practices for collecting and processing of correspondence and pleadings for mailing with the United States Postal Service; and that the correspondence and pleadings shall be deposited with the United States Postal Service this same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 24, 2005

Susan Bird
Susan Bird

EXHIBIT 1 PAGE 76

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 22 of 59

LOVE00133

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 61
San Diego, CA 92101
619-685-6138

TO:

**FILE COPY:** PAGE 1 OF 1
3 NOTICES PREPARED

| | |
|---|---|
| FRANK E ROGOZIENSKI Plaintiff(s) vs. JAMES D ALLEN, et al. Defendant(s) | Case No.: GIC843843 **NOTICE OF CASE REASSIGNMENT** DUE TO CHALLENGE, RECUSAL OR SPECIAL ASSIGNMENT |

COMPLAINT FILED 03/07/05

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE JOHN S. MEYER, DEPARTMENT 61, 619-685-6138.

ALL SUBSEQUENT DOCUMENTS FILED IN THIS CASE MUST INCLUDE THE NAME OF THE NEW JUDGE AND THE DEPARTMENT NUMBER ON THE FIRST PAGE IMMEDIATELY BELOW THE NUMBER OF THE CASE. ALL COUNSEL AND PARTIES IN PRO PER ARE ADVISED THAT DIVISION II OF THE SUPERIOR COURT RULES IS STRICTLY ENFORCED. IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

UNLESS NOTIFIED OTHERWISE, ALL PENDING DATES ARE VACATED. PLEASE RESCHEDULE ANY CURRENTLY PENDING MOTIONS OR EX PARTE HEARINGS IN THE NEW DEPARTMENT.

CERTIFICATE OF SERVICE

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego, California.

DATED: 05/26/05

BY: CLERK OF THE SUPERIOR COURT

STEVEN G. AMUNDSON
WHITE & OLIVER
550 WEST C ST STE 950
SAN DIEGO, CA 92101

DONALD A. ENGLISH
ENGLISH & GLOVEN
550 W "C" ST STE 1800
SAN DIEGO, CA 92101

FRANK E. ROGOZIENSKI
1203 SECOND STREET
CORONADO, CA 92118

EXHIBIT 1 PAGE 77

SUPCT CIV-723(Rev 2-00) REA-NOTICE OF CASE REASSIGNMENT

LOVE00134

LOVE00135

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 25 of 59

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

[illegible]

REMITTANCE OF STATUTORY FEES

[illegible]

☐ NO FEE [illegible] Government Agency [illegible]

FMS AMOUNT DESCRIPTION

[illegible]

☐ RR Varies Court Reporter (Courtroom Clerk Use) ☐ $689.00 Full Day ☐ $378.00 Half Day

☐ RF Varies Second Reporter on a civil Daily ☐ $272.80 Full Day ☐ $136.50 Half Day

☐ Other

Clerk's Name: D. Hernandez Department: 25

SDSC ADM-73(Rev. 5-05) REMITTANCE OF STATUTORY FEES

EXHIBIT 1 PAGE 78

LOVE00136

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/--/2007 Page 26 of 59

LOVE00137

CY / 0380-2

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Donald A. English, Esq. (State Bar No. 115569)
English & Gloven, A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, CA 92101

TELEPHONE NO.: (619) 338-6610 FAX NO.: (619) 338-6657

ATTORNEY FOR (Name): James D. Allen

FOR COURT USE ONLY

MAY 2005 FILED SUPERIOR COURT SAN DIEGO JUDICIAL DISTRICT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- [ ] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S) Frank E. Rogozienski

DEFENDANT(S) James D. Allen, et al.

JUDGE: Richard E.L. Strauss

IN THE MATTER OF

A MINOR

DEPT: 75

**PEREMPTORY CHALLENGE**
**(CCP 170.6; Superior Court Rules, Division II, Rule 5.5)**

CASE NUMBER: GIC843843

Donald A. English, is [ ] a party [X] an attorney for a party in the above-entitled case and declares that Richard E.L. Strauss, the Judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

English & Gloven, A Professional Corporation

Dated: May 23, 2005

(Signature)
Donald A. English, Esq.

**ORDER OF THE COURT**

[X] GRANTED [ ] DENIED

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: 5/24/05

RICHARD E. L. STRAUSS Judge of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge John S. Einhorn per John S. Meyer Presiding/Supervising Judge on May 25, 2005

SDSC CIV-249 (Rev. 6-00) **PEREMPTORY CHALLENGE** SD-249

**EXHIBIT 1 PAGE 79**

LOVE00138

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 28 of 59

LOVE00139

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): FRANK E. ROGOZIENSKI, ESQ. S.B. 51445<br>FRANK E. ROGOZIENSKI, INC.<br>1203 Second Street<br>Coronado, CA 92118<br>TELEPHONE NO. (Optional): FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): FRANK E. ROGOZIENSKI | FOR COURT USE ONLY<br>FILED<br>Clerk of the Superior Court<br>MAY 16 2005<br>By: D. GRUENEISEN Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | |
| PLAINTIFF(S) FRANK E. ROGOZIENSKI | JUDGE Richard E.L. Strauss |
| DEFENDANT(S) JAMES D. ALLEN; S. MICHAEL LOVE, et al. | DEPT 75 |
| **CERTIFICATE OF SERVICE**<br>(San Diego Superior Court Rules, Division II, Rule 2.5) | CASE NUMBER<br>GIC 843843 |

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with San Diego Superior Court Rules, Division II, Rule 2.5.

Date: May 16, 2005

Signature

Frank E. Rogozienski
Typed or printed name

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE, but file the form CERTIFICATE OF PROGRESS (SDSC CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

**EXHIBIT 1 PAGE 80**

ORIGINAL

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 30 of 59

LOVE00141

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
FRANK E. ROGOZIENSKI, INC. (SBN 51445)
1203 Second Street Ph. (619) 437-1878
Coronado, CA 92118 Fax. (619) 437-4894
TELEPHONE NO.:
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY

MAY 2005 FILED CLERK SUPERIOR COURT SAN DIEGO JUDICIAL DISTRICT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S)
FRANK E. ROGOZIENSKI

DEFENDANT(S)/RESPONDENT(S)
JAMES D. ALLEN, et al.

☒ I/C JUDGE STRAUSS
☐ MASTER CALENDAR
DEPT 75

BY FAX

CERTIFICATE OF:
PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT
(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34; Division IV rules 4.169 & 4.170)

CASE NUMBER
GIC 843843

MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.

The ☒ plaintiff(s) ☐ defendant(s) in the above-entitled case, by and through their attorney(s) FRANK E. ROGOZIENSKI, INC. certify that: *(CHECK ONE BOX)*

3C1 ☒ Plaintiff has been unable to serve the complaint on defendant(s) JAMES D. ALLEN
(May list more than one defendant)

3C1 ☐ Plaintiff requests stay under claim for uninsured/underinsured as to: ____________
(ALL or list individual(s))

3C8 ☐ Defendant was served on ____________, and is unable to answer or otherwise respond.

3C8 ☐ Plaintiff served defendant on ____________, but was unable to request entry of default.

Therefore, it is requested that the time be extended until June 3, 2005 for filing of a(n):

☒ CERTIFICATE OF SERVICE (SDSC CIV-345)
☐ ANSWER OR OTHER DEFENDANT APPEARANCE
☐ REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s): Plaintiff is informed Defendant Allen will be represented by English & Gloven and a Notice And Acknowledgment Of Receipt-Civil has been forwarded to that firm. The Acknowledgment has not as yet been returned to counsel for Plaintiff, and therefore a minimal additional amount of time is respectfully requested.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 6, 2005

SIGNATURE OF ATTORNEY(S) FRANK E. ROGOZIENSKI, INC.

FOR COURT USE ONLY

☒ EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: 6-3-05

☐ EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: ____________ AT: ______ M. DEPT ______
☐ INSUFFICIENT REASON FOR DELAY OF CASE.
☐ OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: MAY - 9 2005

JUDGE OF THE SUPERIOR COURT
RONALD L. STRAUSS

EXHIBIT 1 PAGE 81

☐ NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all parties concerned.

ORIGINAL

L0VE00143

FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
Coronado Professional Square
1203 Second Street
Coronado, CA 92118
Telephone: (619)437-1878
Facsimile: (619)437-4894

FILED
Clerk of the Superior Court
MAR 30 2005
05 MAR 30 PM 3:11
By: S. ALVEA, Deputy

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

BY FAX

| | |
|---|---|
| FRANK E. ROGOZIENSKI, Plaintiff, v. JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive, Defendants. | Case No. GIC843843<br>NOTICE OF CORRECTION OF TYPOGRAPHICAL ERROR IN FIRST AMENDED COMPLAINT<br>DEPT. 75<br>HON. Richard E. L. Strauss |

Plaintiff hereby provides notice of correction of a typographical error in the First Amended Complaint For Damages (Interference with Contract, Interference with Economic Relations, Civil Rights Violations, Deceit-Fraudulent Concealment, Breach of Contract, Unfair Competition, Intentional Misconduct, Negligence and Unjust Enrichment) filed in the above entitled Court on March

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181680
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

ORIGINAL

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/23/2007 Page 34 of 59

MAR. 30. 2005 10:54AM ROGOZIENSKI NO. 005 P. 3

28, 2005, at page 19, line 20, which is corrected to read as follows:

"and prior to March 27, 2003 when ALLEN filed his Statement of"

Dated: March 30, 2005

FRANK E. ROGOZIENSKI, INC.

By: ____________________
Frank E. Rogozienski
Attorney for Plaintiff

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181880
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-4878

NOTICE OF CORRECTION OF TYPOGRAPHICAL ERROR IN FIRST AMENDED COMPLAINT

2

EXHIBIT 1 PAGE 83

LOVE00145

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 35 of 59

LOVE00146

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:
FRANK E. ROGOZIENSKI (P)

**FILE COPY**

| | |
|---|---|
| FRANK E ROGOZIENSKI<br>Plaintiff(s)<br>vs.<br>JAMES D ALLEN<br>Defendant(s) | Case No.: GIC843843<br>**NOTICE OF CASE ASSIGNMENT**<br>Judge: RICHARD E. L. STRAUSS<br>Department: 75<br>Phone: 619-685-6120 |

COMPLAINT FILED 03/07/05

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

CERTIFICATE OF SERVICE

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

DATED: 03/07/05

BY: CLERK OF THE SUPERIOR COURT

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2005 JUN 13 P 4: 28
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorneys for Defendant
James D. Allen

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

DEFENDANT JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Date: July 15, 2005
Time: 11:00 a.m.
Dept: 61
Judge: John S. Meyer

Complaint Filed: March 7, 2005
Trial Date: None set

///
///
///

EXHIBIT 1 PAGE 85

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00149

TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 1

A. The Underlying Marital Dissolution Action. ........ 1

B. Mr. Rogozienski's Claims against Mr. Allen in this Action. ........ 2

III. STANDARD FOR DEMURRER ........ 3

IV. MR. ALLEN'S DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND ........ 4

A. The Absolute Judicial Immunity Doctrine Precludes Each and Every Claim Alleged Against Mr. Allen. ........ 4

1. The Absolute Judicial Immunity Doctrine. ........ 4

2. Claims Precluded by the Judicial Immunity Doctrine Must be Dismissed on Demurrer as a Matter of Law. ........ 5

3. The Judicial Immunity Doctrine Applies to All Claims Alleging Judicial Misconduct in the Performance of Judicial Acts, including Bribery and Corruption. ........ 6

4. Mr. Allen is a Judicial or Quasi-Judicial Officer Entitled to Protection from Civil Liability Under the Absolute Judicial Immunity Doctrine. ........ 7

5. Mr. Allen's Alleged Acts Giving Rise to Each of Mr. Rogozienski's Nine Claims are Judicial Acts Protected by the Absolute Judicial Immunity Doctrine. ........ 8

B. The Litigation Privilege Precludes Each and Every Claim Alleged Against Mr. Allen. ........ 11

1. The Litigation Privilege. ........ 11

2. Mr. Rogozienski's Claims Must be Dismissed as a Matter of Law Because They are Based Upon Privileged Communications. ........ 12

C. Mr. Rogozienski's Claims against Mr. Allen are Barred by the Tort Claims Act. ........ 12

1. The Tort Claims Act Requires Timely Presentation of Claims. ........ 12

2. Mr. Rogozienski's Claims are Barred as a Result of the Failure to Comply with the Tort Claims Act. ........ 13

D. Other Independent Grounds Exist to Sustain the Demurrer. ........ 13

EXHIBIT 1 PAGE 86

LOVE00150

1. The Eleventh Cause of Action for "Willful Misconduct and Intentional Infliction of Injury" and the Twelfth Cause of Action for Negligence Fail to State a Cause of Action. . . . . 14

a. There is No Cause of Action Based Upon an Alleged Violation of the Rules of Professional Conduct. . . . . 14

b. Mr. Rogozienski's Claims are Improperly Based upon an Alleged Violation of the Rules of Professional Conduct and Judicial Canons. . . . . 14

2. The Seventh Cause of Action for Civil Rights Violations is Uncertain. . . . . 15

V. CONCLUSION . . . . . 15

EXHIBIT 1 PAGE 87

LOVE00151

# TABLE OF AUTHORITIES

Page(s)

## State Cases

Baar v. Tigerman (1983)
140 Cal.App.3d 979 .......... 4

Bistawros v. Greenberg (1987)
189 Cal.App.3d 189 .......... 4

Blank v. Kirwin (1985)
39 Cal.3d 311 .......... 3

Fisher v. Pickens (1990)
225 Cal.App.3d 708 .......... 13

Frost v. Geernaert (1988)
200 Cal.App.3d 1104 .......... 5, 9

Howard v. Drapkin (1990)
222 Cal.App.3d 843 .......... 1, 4-6, 9

In re Brittany K. (2002)
96 Cal.App.4th 805 .......... 8, 13

Khoury v. Maly's of California, Inc. (1993)
14 Cal.App. 4th 612 .......... 15

Mazzola v. Feinstein (1984)
154 Cal.App.3d 305 .......... 12

Meester v. Davies (1970)
11 Cal.App.3d 342 .......... 13

Moore v. Regents of University of California (1990)
51 Cal.3d 120 .......... 3, 9

Munoz v. State of California (1995)
33 Cal.App.4th 1767 .......... 12

Neal v. Gatlin (1973)
35 Cal.App.3d 871 .......... 13

Noble v. Sears, Roebuck & Co. (1973)
33 Cal.App.3d 654 .......... 14

Olney v. Sacramento County Bar Assn. (1989)
212 Cal.App.3d 807 .......... 4

Pearson v. Reed (1935)
6 Cal.App.2d 277 .......... 4

Superior Court, Case No. D440154 ("Rogozienski dissolution"). Defendant S. Michael Love ("Mr. Love") was Mrs. Rogozienski's counsel in the Rogozienski dissolution. (First Amended Complaint, ¶ 9; see Request for Judicial Notice ("RJN") "1"; Exhibit "1" to Notice of Lodgment ("NOL").) Both Mr. Rogozienski and Mrs. Rogozienski and their respective family law counsel entered into a written agreement to retain Mr. Allen as temporary judge. (First Amended Complaint, ¶ 10.) On August 4, 1998, the Presiding Judge of the San Diego Superior Court approved the parties' agreement and signed an order appointing Mr. Allen as temporary judge in the Rogozienski dissolution. (First Amended Complaint, ¶ 10; RJN "2"; Exhibit "2" to NOL.)

The Rogozienski dissolution spanned four and a half years of contentious litigation involving complex issues relating to the interpretation of a pre-marital agreement, division of substantial assets and liabilities, spousal support, and numerous other issues. The dissolution proceeding was decided in three separate phases. The first phase involved the parties' dispute as to the enforceability of a pre-marital agreement. On May 10, 1999, Mr. Allen issued a statement of decision upholding the validity and enforceability of the pre-marital agreement which was drafted by Mr. Rogozienski. (RJN "3"; Exhibit "3" to NOL.) Both parties have appealed this decision. (RJN "6" and "7"; Exhibits "6" and "7" to NOL.)

The second phase related to Mrs. Rogozienski's contentions regarding Mr. Rogozienski's duties owed to her during the marriage regarding the management of separate and community funds used in the investment of Qualcomm stock and options. After Mr. Allen issued his intended statement of decision, the second phase was resolved pursuant to a stipulation between the parties filed with the Superior Court on December 7, 2000. Because of the parties' stipulation, there have been no appeals of this phase.

The third phase resolved all remaining reserved issues. The matter was tried over a period 14 days from October 24, 2001 to November 19, 2001. (First Amended Complaint, ¶ 14.) Additional evidence was received in October 2002. (First Amended Complaint, ¶ 37.) Mr. Allen issued a Second Amended Statement of Decision on November 12, 2002, and a Judgment of Dissolution was entered on November 25, 2002. (First Amended Complaint, ¶ 38; see RJN "4" and "5" and Exhibits "4" and "5" to NOL.) Both parties have appealed Mr. Allen's rulings in the third phase and the Judgment. (RJN "6" and "7"; Exhibits "6" and "7" to NOL.)

In addition to appealing Mr. Allen's rulings, Mr. Rogozienski sought to challenge Mr. Allen's authority to further serve as temporary judge. (First Amended Complaint, ¶ 40.) On March 27, 2003, Mr. Allen responded to Mr. Rogozienski's challenge and voluntarily withdrew as temporary judge in the Rogozienski dissolution. (First Amended Complaint, ¶ 10.)

B. <u>Mr. Rogozienski's Claims against Mr. Allen in this Action</u>.

On March 7, 2005, Mr. Rogozienski filed (but did not serve) a complaint against Mr. Allen and Mr. Love alleging a total of nine causes of action (six causes of action against Mr. Allen). (RJN "8"; Exhibit "8" to NOL.)

EXHIBIT 1 PAGE 89

Rubin v. Green (1993)
4 Cal.4th 1187 .......... 11

Silberg v. Anderson (1990)
50 Cal.3d 205 .......... 11, 12

Soliz v. Williams (1999)
74 Cal.App.4th 577 .......... 4, 6, 12

State v. Superior Court (Bodde) (2004)
32 Cal.4th 1234 .......... 13

Tagliavia v. County of Los Angeles (1980)
112 Cal.App.3d 759 .......... 4

Taliaferro v. County of Contra Costa (1960)
182 Cal.App.2d 587 .......... 3, 5, 9

Taylor v. Mitzel (1978)
82 Cal.App.3d 665 .......... 4

Turpen v. Booth (1880)
56 Cal. 65 .......... 4

Wilhelm v. Pray, Price, Williams & Russell (1986)
186 Cal.App.3d 1324 .......... 14

Federal Cases

Bradley v. Fisher (1871)
80 U.S. 335 .......... 1

Moore v. Brewster (9th Cir. 1996)
96 F.3d 1240 .......... 4

Ricotta v. State of California (S.D. Cal. 1998)
4 F.Supp.2d 961 .......... 4, 6, 7, 9

State Statutes

Civil Code section 47, subdivision (b) .......... 11

Civil Code section 47, subdivision (c) .......... 12

Civil Code section 47, subdivision (d) .......... 12

Code of Civil Procedure section 430.10, subdivision (f) .......... 4, 15

Code of Civil Procedure section 430.10, subdivision (e) .......... 4

Code of Civil Procedure section 430.30 .......... 4

Code of Civil Procedure section 430.30, subdivision (e) .......... 3

Elections Code section 327 .......... 12

Evidence Code section 452 . . . . . . . . . . 4

Government Code section 810.2 . . . . . . . . . . 12

Government Code section 905.2 . . . . . . . . . . 12

Government Code section 911.2 . . . . . . . . . . 12, 13

Government Code section 945.4 . . . . . . . . . . 12

Government Code section 950.2 . . . . . . . . . . 12

<u>Rules</u>

Rules of Professional Conduct, Rule 1-100 . . . . . . . . . . 14

Rules of Professional Conduct, Rule 1-710 . . . . . . . . . . 14

<u>Other Authorities</u>

California Constitution, article VI, section 21 . . . . . . . . . . 13

Judicial Canon 6D(2)(f) . . . . . . . . . . 14

EXHIBIT 1 PAGE 91

LOVE00155

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 45 of 59

Defendant James D. Allen ("Mr. Allen") respectfully submits the following memorandum of points and authorities in support of his demurrer to plaintiff Frank E. Rogozienski's ("Mr. Rogozienski") first amended complaint.

I.

INTRODUCTION

Protecting the judiciary from "vexatious actions prosecuted by disgruntled litigants" serves important public purposes of "the highest importance to the proper administration of justice . . .." (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 852 [citation omitted from quote]; Bradley v. Fisher (1871) 80 U.S. 335, 347.)

Mr. Rogozienski's first amended complaint contains serious allegations against Mr. Allen for acts allegedly done in his capacity as temporary judge in Mr. Rogozienski's underlying divorce action. Mr. Rogozienski's claims against Mr. Allen seek to undermine established law and public policies protecting the judiciary and those who perform vital judicial functions associated with the administration of justice. Each of Mr. Rogozienki's nine claims against Mr. Allen must be dismissed as a matter of law under the absolute judicial immunity doctrine which bars any claim for damages against a judicial or quasi-judicial officer.

In addition, each of the claims are also precluded as a matter of law under the litigation privilege which prohibits claims based upon communications made in the conduct of judicial proceedings. Moreover, Mr. Rogozienski's claims are similarly barred as a result of Mr. Rogozienski's failure to properly and timely satisfy the pre-filing claim requirements under the Tort Claims Act.

Separate and independent grounds also exist to sustain the demurrer as a matter of law as to specific causes of action, including the eleventh cause of action labeled, "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence, which are contrary to established California law prohibiting civil causes of action based upon alleged violations of ethical rules. In addition, the allegations in the seventh cause of action for civil rights violations are also subject to a special demurrer, and should be sustained based upon uncertainty.

Simply stated, Mr. Rogozienski's claims against Mr. Allen should be disposed of on demurrer.

II.

FACTUAL BACKGROUND

A. The Underlying Marital Dissolution Action.

Mr. Allen is an experienced and highly respected attorney specializing in the area of family law for over 35 years in San Diego. Mr. Allen served as pro tem judge of the San Diego Superior Court on a pro bono basis from 1982 to 1997. From time to time, Mr. Allen has also served as temporary judge in dissolution actions by court appointment and the parties' agreement.

In 1998, Mr. Rogozienski's then family law counsel requested that Mr. Allen serve as the parties' temporary judge in Mr. Rogozienski's dissolution action, In re Marriage of Rogozienski, San Diego

EXHIBIT 1 PAGE 92 1

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00156

On March 28, 2005, Mr. Rogozienski filed a first amended complaint against Mr. Allen and Mr. Love alleging a total of 13 causes of action. Nine causes of action are alleged against Mr. Allen:

1. The First Cause of Action for Intentional Interference with Contractual Relations;
2. The Third Cause of Action for Intentional Interference with Prospective Economic Relations;
3. The Fifth Cause of Action for Negligent Interference with Prospective Economic Advantage;
4. The Seventh Cause of Action for Civil Rights Violations;
5. The Eighth Cause of Action for Deceit and Fraudulent Concealment;
6. The Ninth Cause of Action for Breach of Contract;
7. The Eleventh Cause of Action for "Willful Misconduct and Intentional Infliction of Injury;"
8. The Twelfth Cause of Action for Negligence; and
9. The Thirteenth Cause of Action for Unjust Enrichment.

As discussed below, each and every claim in the First Amended Complaint against Mr. Allen alleges damages arising from acts allegedly committed by Mr. Allen in his capacity as temporary judge in the Rogozienski dissolution. Mr. Rogozienski, acknowledging the infirmities in his pleadings, admits that he is "in some doubt as to whether he is entitled to redress from all the defendants or from one or more of them . . ." and requests that this Court determine whether the defendants have any liability to him. (First Amended Complaint, ¶ 8; Exhibit "1" to NOL.) As discussed below, based upon established law and compelling public policies, Mr. Allen has no liability to Mr. Rogozienski for any of the alleged claims as a matter of law.

## III.

## STANDARD FOR DEMURRER

A demurrer challenges the legal sufficiency of a complaint, and must be sustained if it appears from the allegations in the complaint and matters judicially noticed that the complaining party fails to allege the facts necessary to constitute each element of a cause of action. (Code Civ. Proc., § 430.30, subd. (a); Blank v. Kirwin (1985) 39 Cal.3d 311, 318.) Although the court accepts a plaintiff's allegations as true, the court cannot assume the truth of contentions, deductions or conclusions of law. (Moore v. Regents of University of California (1990) 51 Cal.3d 120, 125.) In addition, "[w]hile the allegations of a complaint are deemed true in ruling on demurrers, where an allegation is contrary to law or to a fact of which a court may take judicial notice, it is to be treated as a nullity. [Citation omitted.]" (Taliaferro v. County of Contra Costa (1960) 182 Cal.App.2d 587, 592.)

EXHIBIT 1 PAGE 93

3

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00157

A court may take judicial notice of its own files, files in other courts and public records in deciding a demurrer. (Evid. Code, § 452; Code Civ. Proc., § 430.30; Bistawros v. Greenberg (1987) 189 Cal.App.3d 189, 191-192.) While a general demurrer lies for failure to state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)), a special demurrer is proper when the complaint is uncertain in that it cannot be reasonably be determined what issues must be admitted or denied, or what claims are being directed against the defendants. (Code Civ. Proc., § 430.10, subd. (f).)

## IV.

## MR. ALLEN'S DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND

### A. The Absolute Judicial Immunity Doctrine Precludes Each and Every Claim Alleged Against Mr. Allen.

#### 1. The Absolute Judicial Immunity Doctrine.

The doctrine of judicial immunity is "longstanding and absolute . . .. It bars civil actions against judges for acts performed in the exercise of their judicial functions and it applies to all judicial determinations, including those rendered in excess of the judge's jurisdiction, no matter how erroneous or even malicious or corrupt they may be. [Citations omitted.]" (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 851.) Judicial immunity is absolute and precludes all civil actions against judicial officer or persons other than judges acting in a judicial or quasi-judicial capacity. (Id. at pp. 852-853.)

As summarized in Howard v. Drapkin, California courts have extended absolute judicial immunity to protect quasi-judicial officers from civil suits for their acts performed in their official capacity, including court commissioners acting as temporary judges (Tagliavia v. County of Los Angeles (1980) 112 Cal.App.3d 759, 763); grand jurors (Turpen v. Booth (1880) 56 Cal. 65, 69); administrative law hearing officers (Taylor v. Mitzel (1978) 82 Cal.App.3d 665, 670-671); arbitrators (Baar v. Tigerman (1983) 140 Cal.App.3d 979, 985); organizations sponsoring an arbitrator (Olney v. Sacramento County Bar Assn. (1989) 212 Cal.App.3d 807, 814-815); and prosecutors (Pearson v. Reed (1935) 6 Cal.App.2d 277, 286-288). (Howard, supra, 222 Cal.App.3d at pp. 852-853.)

Federal courts have similarly extended absolute judicial immunity to judicial and quasi-judicial officers.[1] (See e.g., Ricotta v. State of California (S.D. Cal. 1998) 4 F.Supp.2d 961, 973 [judicial immunity applies to sitting Superior Court judges and pro tem judges]; Moore v. Brewster (9th Cir. 1996) 96 F.3d 1240, 1244-1245 [claims against federal District Court Judge Brewster, the law clerk, and court clerk dismissed under judicial immunity doctrine].)

The absolute judicial immunity doctrine effectuates important public policies deeply rooted in our system of justice:

EXHIBIT 1 PAGE 94

[1]California courts rely on federal court decisions in determining the application of the absolute judicial immunity doctrine in civil suits. (Soliz v. Williams (1999) 74 Cal.App.4th 577, 591.)

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

4

LOVE00158

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 48 of 59

> The rationale behind the doctrine is twofold. First, it 'protect[s] the finality of judgments [and] discourag[es] inappropriate collateral attacks. [Citation omitted.] Second, it protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. [Citation omitted.] With respect to the latter reason, the immunity is necessary in order to have an independent and impartial judiciary. The public is best served when its judicial officers are free from fear of consequences for acts performed in their judicial capacity. [Citation omitted.]

(Howard, supra, 222 Cal.App.3d at p. 852.)

"[T]he protection must be absolute, even to the malicious or corrupt judge. The effect of judicial immunity is that the action against the judicial officer must be dismissed. [Citation omitted]" (Emphasis added.) (Id. at p. 852.)

2. **Claims Precluded by the Judicial Immunity Doctrine Must be Dismissed on Demurrer as a Matter of Law.**

Claims against judicial or quasi-judicial officers are properly dismissed at the pleading stage on demurrer based upon the absolute judicial immunity doctrine. (See e.g., Howard, supra, 222 Cal.App.3d at p. 848 [demurrer sustained without leave to amend under judicial immunity doctrine for claims against court approved psychologist for negligence, fraud, intentional and negligent infliction of emotional distress]; Frost v. Geernaert (1988) 200 Cal.App.3d 1104, 1107 [demurrer sustained without leave to amend under judicial immunity doctrine for claims against Superior Court judges for fraud, corruption, conspiracy, and infliction of emotional distress]; Taliaferro v. County of Contra Costa (1960) 182 Cal.App.2d 587, 592-594 [claims for damages against justice of the peace dismissed on demurrer under absolute judicial immunity even though justice of peace had no jurisdiction to issue warrant against plaintiff].)

To effectuate the important public policies underlying the judicial immunity doctrine, claims against judicial or quasi-judicial officers must be dismissed at the earliest stage in the proceedings:

> Such doctrines are not mere defenses to liability. [Citations omitted.] If such protection is to be meaningful it must be effective to prevent suits such as this one from going beyond demurrer. Avoiding the expense and burden of having to defend an action such as this one is precisely the goal which the principles of absolute immunity and privilege were intended to achieve. In order to best protect the ability of neutral third parties to aggressively mediate or resolve disputes, a dismissal at the very earliest stage of the proceedings is critical to the proper functioning and continued availability of these services. (Emphasis added.)

(Howard, supra, 222 Cal.App.3d at p. 864.)

In Howard v. Drapkin, the Court of Appeal affirmed the trial court's order sustaining the defendant court-approved psychologist's demurrer without leave to amend on the grounds of judicial

EXHIBIT 1 PAGE 95

5

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00159

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/__/2007 Page 49 of 59

immunity.[2] The plaintiff, a litigant in an underlying family law action, entered into a stipulation with her former husband for the defendant to perform a psychological evaluation and issue non-binding findings and recommendations to the Superior Court. The stipulation was approved by the Superior Court. (Id. at p. 848.) The plaintiff later brought a civil suit against the defendant psychologist alleging claims for negligence, emotional distress, and fraud based upon, among other things, the defendant's alleged failure to disclose certain conflicts of interest involving the defendant's prior professional relationship with the plaintiff's former husband and her personal relationship with the spouse of one of the partners in the law firm representing the former husband. (Id. at pp. 848-850.)

Despite the plaintiff's allegations of misconduct and wrongdoing, the Court of Appeal agreed with the trial court that the plaintiff's claim should be dismissed on demurrer as the defendant was entitled to protection from liability under the absolute judicial immunity doctrine. (Id. at p. 860.)

### 3. The Judicial Immunity Doctrine Applies to All Claims Alleging Judicial Misconduct in the Performance of Judicial Acts, Including Bribery and Corruption.

California and federal courts have consistently applied the judicial immunity doctrine to protect judicial and quasi-judicial officers from liability for myriad claims alleging serious judicial misconduct in the performance of judicial acts, including intentional, malicious torts such as intentional infliction of emotional distress, violation of civil rights, and bribery and corruption.

In Soliz v. Williams (1999) 74 Cal.App.4th 577, 589, the Court of Appeal summarized several California decisions applying the absolute judicial immunity doctrine despite the severity of the alleged judicial misconduct:

> [T]he immunity from a suit for damages at issue is not dependent on the severity of the misconduct. In this case, judicial immunity from a lawsuit for monetary relief depends on whether the defendant engaged in the misconduct while involved in the exercise of a judicial function, even if he acted in excess of jurisdiction. [Citations omitted.] Moreover, we have previously cited a number of cases that involve allegations, which because they were challenged at the demurrer stage were presumed to be true, of extremely serious judicial misconduct . . .. Those cases also involved allegations of extremely serious judicial misconduct that violated the litigants' statutory and constitutional rights, and in all of those scenarios, the absolute immunity from a suit for damages was found to apply as a matter of law. (Emphasis added.)

Even when the alleged judicial misconduct is bribery and corruption, courts have uniformly dismissed civil suits under the absolute judicial immunity doctrine. For example, in Riccotta v. State of

---

[2]The Court of Appeal also sustained the demurrer based upon the litigation privilege, which is discussed herein and an alternative ground for Mr. Allen's demurrer. The Court ruled that the litigation privilege barred liability for any of defendants' statements and "alleged nondisclosures." (Howard, supra, 222 Cal.App.3d at pp. 849-850.)

6

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 96

LOVE00160

California (S.D. Cal. 1998) 4 F.Supp.2d 961, the plaintiff sued numerous state court judges (San Diego Superior Court Judge William Howatt Jr., Judge Thomas R. Murphy, Judge Marguerite L. Wagner, Judge Gerald L. Barry, Jr., Judge Ruston Maino), judge pro tems (Judge Pro Tem Paul E. Gavin and Judge Pro Tem Gordon Meyer) and others for violations of civil rights, RICO, conspiracy, and claims for equitable, injunctive, declaratory relief and restitution.

Each of the claims were based upon, among other things, allegations that the judges and judge pro tems had accepted bribes, made rulings against the plaintiff in his underlying marital dissolution proceedings as a result of undue influence, deprived the plaintiff of a fair trial, and had violated their duties under the Judicial Canons and other laws. (Id. at pp. 970-971.) The plaintiff sought damages for the amount of the judgments entered against him in the underlying dissolution proceedings, damages for alleged loss of business reputation and ability to earn a livelihood, attorneys' fees incurred in the "corrupt trials," punitive damages, and other damages and relief. (Id. at p. 971.)

In granting the defendant judges' motion to dismiss each of the claims alleged against them, with prejudice, the District Court stated:

> [A]llegations that a conspiracy produced a certain decision should no more pierce the actors' immunity than allegations of bad faith, personal interest or outright malevolence. [Citations omitted.] The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. [Citation omitted.] To effectuate this policy the Ninth Circuit broadly construes the scope of judicial immunity which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. [Citation omitted.] (Emphasis added.)

(Id. at p. 972.)

4. **Mr. Allen is a Judicial or Quasi-Judicial Officer Entitled to Protection from Civil Liability Under the Absolute Judicial Immunity Doctrine.**

Under the controlling legal authorities discussed herein, the application of the judicial immunity doctrine is dependent on two fundamental threshold determinations: (1) whether the defendant is a judicial or quasi-judicial officer, and (2) whether the alleged acts giving rise to the claims are "judicial acts."

As to the first threshold determination, Mr. Rogozienski admits Mr. Allen was acting as a temporary judge in the Rogozienski dissolution and, thus, was a judicial or quasi-judicial officer within the scope of the judicial immunity doctrine:

- "In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to an entry of the order that ALLEN could act as temporary judge in the Underlying Proceeding . . .." (First Amended Complaint, ¶ 10; Exhibit "1" to NOL.);

- "ALLEN served as temporary judge from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/__/2007 Page 51 of 59

withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause." (First Amended Complaint, ¶ 10; Exhibit "1" to NOL.);

- "Between October 24, 2001 and November 19, 2001, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, presided over elements of the trial in that proceeding." (First Amended Complaint, ¶ 14; Exhibit "1" to NOL.);

- "On October 11, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the Underlying Proceeding to receive evidence on certain issues he had reserved from the trial in October - November 2000." (First Amended Complaint, ¶ 37; Exhibit "1" to NOL.);

- "On October 23, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, issued his Amended Statement of Decision. On November 12, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, signed and issued his Second Amended Statement of Decision and the final Judgment." (First Amended Complaint, ¶ 38; Exhibit "1" to NOL).

In addition to the factual admissions on the face of the First Amended Complaint that Mr. Allen was a temporary judge acting within the scope of his authority conferred upon him by the Superior Court, this Court may also take judicial notice of the order signed by the Presiding Judge of the Superior Court on August 4, 1998 approving and ordering that Mr. Allen act as temporary judge in the Rogozienski dissolution. (See Order, Stipulation and Oath for Temporary Judge attached as Exhibit "2" to the NOL; RJN "2".) In the order appointing Mr. Allen as temporary judge, the Superior Court conferred upon Mr. Allen the authority to perform "duties of the Judge of the Superior Court . . ." (See Ibid.) A duly appointed temporary judge "has full judicial powers, and his orders are as final and nonreviewable as those of a permanent judge." (In re Brittany K. (2002) 96 Cal.App.4th 805, 812.) Thus, the first requirement of the defendant's status as a judicial or quasi-judicial officer for the applicability of the judicial immunity doctrine is established.

5. **Mr. Allen's Alleged Acts Giving Rise to Each of Mr. Rogozienski's Nine Claims are Judicial Acts Protected by the Absolute Judicial Immunity Doctrine.**

The second threshold determination for the application of the judicial immunity doctrine -- whether the alleged acts giving rise to Mr. Rogozienski's claims are "judicial acts" -- are likewise admitted on the face of the First Amended Complaint. Mr. Rogozienski alleges that while acting in his capacity as temporary judge, Mr. Allen allegedly accepted a "gift" from Mr. Love, failed to disclose such "gift," and made unfair and incorrect rulings as a result of the alleged acceptance of the "gift." (See First Amended Complaint, paras. 14-41; Exhibit "1" to NOL.)

Mr. Rogozienski alleges that while Mr. Allen was acting in his capacity as temporary judge in the Rogozienski dissolution, he engaged in an alleged conspiracy with Mr. Love to cause damage to

8

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 98

LOVE00162

Mr. Rogozienski. (First Amended Complaint, ¶ 16; Exhibit "1" to NOL.) In paragraphs 17 through 33 of the First Amended Complaint, Mr. Rogozienski claims that part of this alleged conspiracy involved an alleged improper transfer of Mr. Love's interest in the Warner Springs Ranch to non-party Harold S. Bottomley, who subsequently transferred the interest he received from Mr. Love to Mr. Allen at a time when Mr. Allen was acting as temporary judge in the Rogozienski dissolution.

Although Mr. Rogozienski makes a conclusory allegation that Mr. Allen's acts are not "judicial acts" protected by the judicial immunity doctrine (First Amended Complaint, ¶ 47), the factual allegations in the First Amended Complaint demonstrate otherwise.[3] The factual allegations (paragraphs 1 through 50) which are incorporated into each of the nine causes of action against Mr. Allen are premised upon precisely the type of alleged misconduct which are judicial acts absolutely protected by the judicial immunity -- the alleged acceptance of a "bribe," "corruption," failure to disclose alleged conflicts of interest, and improper rulings as a result of alleged undue influence which have purportedly caused Mr. Rogozienski damages.[4] (See e.g., Ricotta, supra, 4 F.Supp.2d at p. 970 [claims based upon alleged bribery and corruption dismissed under judicial immunity doctrine]; Frost, supra, 200 Cal.App.3d at p. 1107 [claims for corruption and conspiracy dismissed under judicial immunity doctrine]; Howard, supra, 222 Cal.App.3d at p. 848 [various claims based upon alleged failure to disclosed conflicts of interest dismissed under judicial immunity doctrine].) For example, Mr. Rogozienski alleges that after Mr. Allen

---

[3]Such conclusory allegations may be properly disregarded on demurrer. (See Taliaferro, supra, 182 Cal.App.2d at p. 592; Moore, supra, 51 Cal.3d at p. 125.)

[4]The first cause of action for intentional interference with contractual relations, the third cause of action for intentional interference with prospective economic relations, and the fifth cause of action for negligent interference with economic advantage all allege that Mr. Allen's improper rulings made in his capacity as temporary judge wrongfully interfered with Mr. Rogozienski's purported contractual or economic relationships with his former wife, his employer, and his family law counsel.

The seventh cause of action for civil rights violations alleges that Mr. Allen's improper acts while acting in his capacity as temporary judge deprived Mr. Rogozienski of his right to a fair trial.

The eighth cause of action for deceit/fraudulent concealment alleges that in his capacity as temporary judge, Mr. Allen failed to disclose the alleged "gift" to Mr. Rogozienski.

The ninth cause of action for breach of contract alleges that in his capacity as temporary judge, Mr. Allen breached his contract with Mr. Rogozienski to serve as temporary judge by accepting the alleged "gift" and continuing to accept payment for services from Mr. Rogozienski..

The eleventh cause of action entitled, "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence allege that in his capacity as temporary judge, Mr. Allen's alleged acceptance of the "gift" and his failure to disclose the "gift" constitute violations of ethical rules.

The thirteenth cause of action for unjust enrichment alleges that all of Mr. Allen's allegedly improper acts done in his capacity as temporary judgment -- accepting the "gift," failing to disclose the "gift," and making improper rulings -- constitute unjust enrichment.

EXHIBIT 1 PAGE 99

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/__/2007 Page 53 of 59

allegedly accepted the improper "gift" from Mr. Love, Mr. Allen engaged in the following allegedly improper acts while acting in his capacity as temporary judge:[5]

- "On October 11, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the Underlying Proceeding to receive evidence on certain issues he had reserved from the trial in October - November 2000. The trial on these issues was completed on that date. At this hearing, ALLEN stated he would order Plaintiff herein to pay $250,000 of Petitioner's attorneys' fees and costs, including fees for LOVE." (Emphasis added.) (First Amended Complaint, ¶ 37; Exhibit "1" to NOL.);

- "Although both knew, neither LOVE nor ALLEN made any disclosure of the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made to ALLEN in March of 2002 . . . ." (First Amended Complaint, ¶ 37; Exhibit "1" to NOL.);

- "On December 17, 2002, LOVE met privately with ALLEN, without notice, and obtained ALLEN's signature on certain orders which permitted the immediate issuance, over the counter, of a writ of execution on Plaintiff's separate and share of the community property within which permitted the levy on assets held in Plaintiff's Family Trust." (Emphasis added.) (First Amended Complaint, ¶ 39; Exhibit "1" to NOL.)[6]

Although Mr. Rogozienski attempts to avert the application of the judicial immunity doctrine by carefully avoiding use of the terms "bribery" or "corruption" on the labels he attaches to his causes of action and in his factual allegations -- the same allegations which courts have held are absolutely protected by the judicial immunity doctrine -- Mr. Rogozienski alleges in the eleventh cause of action entitled, "Willful Misconduct and Intentional Infliction of Injury" that Mr. Allen's alleged breach of his duties in his capacity as temporary judge constitute "bribery and corruption." (First Amended Complaint, ¶ 122; Exhibit "1" to NOL.) In addition, Mr. Rogozienski alleges:

> "On information and belief, the gift of the LOVES' unit 850 one-half interest in Warner Springs Ranch constituted bribery and corruption . . . ." (First Amended Complaint, ¶ 124; Exhibit "1" to NOL.)

In short, the factual allegations in the First Amended Complaint, which are incorporated in each of the nine claims asserted against Mr. Allen, demonstrate on their face that the alleged wrongful acts causing Mr. Rogozienski's alleged damages are judicial acts absolutely protected by the judicial

**EXHIBIT 1 PAGE 100**

---

[5]Although the truth of allegations are assumed on demurrer, Mr. Allen does not concede the truth of Mr. Rogozienski's allegations of wrongdoing or misconduct.

[6]Mr. Allen disputes Mr. Rogozienski's allegations of undue influence and improper rulings. This is consistent with Retired Superior Court Judge Anthony Joseph's findings submitted to the court in the Rogozienski dissolution. (See RJN "9"; Exhibit "9" to NOL.)

10

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00164

immunity doctrine.[7] Mr. Rogozienski's claims against Mr. Allen -- regardless of the severity of the alleged misconduct -- are precluded as a matter of law under established law protecting judicial and quasi-judicial officers from civil liability for acts performed within the scope of judicial duties. For this reason alone, the demurrer as to each of the claims against Mr. Allen should be sustained, without leave to amend.

B. <u>The Litigation Privilege Precludes Each and Every Claim Alleged Against Mr. Allen</u>.

1. <u>The Litigation Privilege</u>.

Under established California law, even fraudulent and malicious communications are absolutely immune from civil liability if they are made in a judicial or quasi-judicial proceeding to further the objects of the litigation. (Civ. Code, § 47, subd. (b); <u>Silberg v. Anderson</u> (1990) 50 Cal.3d 205, 212; see also <u>Rubin v. Green</u> (1993) 4 Cal.4th 1187, 1193-1194 ["[F]or well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)."]) In <u>Silberg</u>, the parties in the marital dissolution proceeding selected a psychologist (recommended by the wife's attorney) to make recommendations to the court regarding child custody. (<u>Id</u>. at p. 210.) Dissatisfied with the custody ruling, the husband sued the wife's attorney for breach of contract, negligence and "intentional tort." (<u>Id</u>. at p. 211.). The husband alleged that the attorney had an undisclosed relationship with the court appointed psychologist which influenced the recommendation and, ultimately, the court's ruling. (<u>Id</u>. at p. 210.)

The California Supreme Court upheld the trial court's order sustaining the defendant's demurrer without leave to amend because the defendant's failure to disclose a preexisting relationship that allegedly influenced the psychologist's neutrality and independence was absolutely privileged under Civil Code section 47, subd. (b). (<u>Id</u>. at p. 220.) The <u>Silberg</u> court broadly construed the privilege, stating that the litigation privilege "was never intended as a test of a participant's motives, morals, ethics or intent." (<u>Id</u>. at p. 220.) The strict immunization to liability for torts arising from communications in judicial proceedings enhances "the finality of judgments" and avoids "an unending roundelay of litigation, an evil far worse than an occasional unfair result." (<u>Id</u>. at p. 214.) Even though an unfair result may occasionally occur, "the salutary policy reasons for an absolute privilege supersede individual litigants' interests in recovering damages for injurious publications made during the course of judicial proceedings." (<u>Id</u>. at pp. 213-214, 218.)

EXHIBIT 1 PAGE 101

[7] Mr. Rogozienski's single paragraph allegation in the first amended complaint regarding Mr. Allen's alleged statements to the press does not appear to be the basis of any of the nine claim alleged against Mr. Allen. (See First Amended Complaint, ¶ 44; Exhibit "1" to NOL.) The allegation is uncertain and at a minimum, is subject to a special demurrer. To the extent that the allegation is a basis for any claim against Mr. Allen, such claims are barred by the defenses raised by this demurrer.

11

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00165

2. Mr. Rogozienski's Claims Must be Dismissed as a Matter of Law Because They are Based Upon Privileged Communications.

Each of the nine claims against Mr. Allen are based upon alleged damages caused by Mr. Allen's judgments, rulings, and decisions made during the Rogozienski dissolution, which are absolutely protected under the litigation privilege. Moreover, based upon the Silberg court's ruling that an alleged failure to disclose an advantageous relationship influencing the proceedings is also absolutely privileged, Mr. Rogozienski's claims based upon Mr. Allen's alleged failure to disclose his relationship with Mr. Love and the alleged "gift" are likewise protected and cannot give rise to civil liability.

Despite Mr. Rogozienski's conclusory allegation that the litigation privilege is inapplicable (First Amended Complaint, ¶ 48), the factual allegations demonstrate that all of the claimed damages are caused by Mr. Allen's judgments, rulings, and decisions in the judicial proceeding[8] or the alleged failure to make certain disclosures in the judicial proceeding -- communications which are absolutely protected by the litigation privilege. (First Amended Complaint, ¶¶ 36-40, Exhibit "1" to NOL.) The demurrer as to each of the claims based upon these privileged communications should be sustained, without leave to amend.

C. Mr. Rogozienski's Claims against Mr. Allen are Barred by the Tort Claims Act.

1. The Tort Claims Act Requires Timely Presentation of Claims.

Under the Tort Claims Act, the filing of a timely claim against the employing public entity is a condition precedent to filing an action against a public employee.[9] (See Gov. Code § 905.2; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.) Under Government Code section 950.2, "a cause of action against a public employee or former employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred . . . ." Tort claims against a public entity must be brought within six months after the accrual of the cause of action, and contract or other claims are barred one year after the accrual of the cause of action. (Gov. Code § 911.2.) Absent a timely claim under Government Code section 911.2, no action for money or damages may be brought against a public entity. (See Gov. Code § 945.4; Munoz v. State of California (1995) 33 Cal.App.4th 1767, 1777.)

An "employee" includes an "officer" and a "judicial officer" as defined in Elections Code section 327, "whether or not compensated for such office." (See Gov. Code § 810.2, emphasis added.) Elections Code section 327 defines a "judicial officer" to include Superior Court judges. The Tort Claims Act

---

[8]See First Amended Complaint, paragraphs 37-39, 45-46, 58, 73, 90, 100, 108, 115, 128, 135, 137, Exhibit "1" to NOL. To the extent that Mr. Rogozienski alleges that certain statements to the press caused him harm, the litigation privilege protects those statements as well. (Civ. Code, §§ 47, subd. (c); 47, subd. (d); see also, Soliz, supra, 74 Cal.App.4th at p. 595, fn. 6.)

[9]Under Government Code section 905.2, claims for "money or damages on express contract, or for an injury for which the state is liable" may be presented against a public entity.

applies to court-appointed quasi-judicial officers. (See e.g., Fisher v. Pickens (1990) 225 Cal.App.3d 708, 711, 718 [claims against court appointed investigator dismissed based upon failure to comply with claim presentation requirement under Tort Claims Act and judicial immunity doctrine.]).

Failure to allege facts demonstrating or excusing compliance with the timely claim presentation requirement under the Tort Claims Act subjects a claim to a demurrer. (State v. Superior Court (Bodde) (2004) 32 Cal.4th 1234, 1237.)

2. **Mr. Rogozienski's Claims are Barred as a Result of the Failure to Comply with the Tort Claims Act.**

Mr. Allen, a temporary judge duly appointed by the Superior Court and vested with "full judicial powers," is an "employee" within the meaning of the Tort Claim Act. (See Exhibit "2" to the NOL; RJN "2"; In re Brittany K., supra, 96 Cal.App.4th at p. 812; Cal. Const., art. VI, § 21 [court may order temporary judge to be empowered to act in a cause until its final determination].) Each of Mr. Rogozienski's nine claims against Mr. Allen is based upon "injury resulting from an act or omission in the scope of [Mr. Allen's] employment" -- rulings and acts done in his capacity as temporary judge. As such, Mr. Rogozienski is required to comply with the filing requirements under the Tort Claims Act, and allegations of Mr. Allen's misconduct within the scope of the duties of his appointment does not obviate the filing requirements. (See e.g., Neal v. Gatlin (1973) 35 Cal.App.3d 871, 873 [claims for malicious and libelous statements dismissed on demurrer based upon failure to comply with Tort Claims Act]; Meester v. Davies (1970) 11 Cal.App.3d 342, 348 [claims for tortious interference with contract and conspiracy dismissed on demurrer based upon failure to comply with Tort Claims Act].)

Mr. Rogozienski alleges that the purported wrongful acts occurred "no later than November or early December of 2001" and continued until March 27, 2002 when he discovered the alleged wrongful acts. (First Amended Complaint, ¶¶ 16, 49; Exhibit "1" to NOL.) Thus, under Government Code section 911.2, Mr. Rogozienski was required to file his tort claims against Mr. Allen with Mr. Allen's employing public entity (e.g., the San Diego Superior Court) within six months after such claims accrued -- no later than September 2002 -- and his contract claims within one year after such claims accrued -- no later than March 27, 2003. As Mr. Rogozienski's first amended complaint is completely void of any allegation that he timely complied with the filing requirement under the Tort Claims Act, the demurrer should be sustained, without leave to amend, as to each of the claims against Mr. Allen.

D. **Other Independent Grounds Exist to Sustain the Demurrer.**

Based upon the absolute judicial immunity doctrine, the litigation privilege, and the Tort Claims Act, the demurrer should be sustained, without leave to amend as to every cause of action against Mr. Allen. However, as discussed below, other separate and independent grounds for demurrer also exist as to specific causes of action.

EXHIBIT 1 PAGE 103

13

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00167

1. **The Eleventh Cause of Action for "Willful Misconduct and Intentional Infliction of Injury" and the Twelfth Cause of Action for Negligence Fail to State a Cause of Action.**

a. **There is No Cause of Action Based Upon an Alleged Violation of the Rules of Professional Conduct.**

A violation of a Rule of Professional Conduct cannot create liability for damages in a civil action. (See Rules of Professional Conduct, Rule 1-100 ["These rules are not intended to create new civil causes of action . . .."]; Noble v. Sears, Roebuck & Co. (1973) 33 Cal.App.3d 654, 658-659 ["[There] is no authority for the proposition that a violation of [a Rule of Professional Conduct] subjects an attorney to liability in damages."].)

In Noble, the Court of Appeal affirmed the trial court's order sustaining a demurrer to a complaint without leave to amend as to a claim which was based upon an alleged violation of the Rules of Professional Conduct.[10] The Court of Appeal rejected the plaintiff's contention she had stated an actionable claim based upon an alleged violation of a Rule of Professional Conduct:

> [There] is no authority for the proposition that a lawyer who is subject to disciplinary action by the State Bar is thereby made subject to a civil action for damages, whether or not an established tort has been committed by the lawyer. (Emphasis added.)

(Noble, supra, 33 Cal.App.3d at p. 659; see also Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal.App.3d 1324, 1332-1333 [affirmed sustaining of demurrer, without leave to amend, as to claims for fraud, deceit, and negligent misrepresentation based upon a violation of the Rules of Professional Conduct.])

b. **Mr. Rogozienski's Claims are Improperly Based upon an Alleged Violation of the Rules of Professional Conduct and Judicial Canons.**

Both the eleventh cause of action for "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence are improperly based upon alleged violations of Rule 1-710 of the Rules of Professional Conduct and Judicial Canon 6D(2)(f). (First Amended Complaint, ¶¶ 120-121, 124, 126, 130-132; Exhibit "1" to NOL.) These allegations cannot support an actionable claim against Mr. Allen. As California law precludes a civil action for damages based upon an alleged violation of the Rules of Professional Conduct, the eleventh cause of action for "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence are barred as a matter of law. As such, the demurrer should be sustained, without leave to amend.

///

EXHIBIT 1 PAGE 104

---

[10]The demurrer was sustained, without leave to amend as to a cause of action entitled, "invasion of attorney-client relationship." (Noble, supra, 33 Cal.App.3d at pp. 658-659.)

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/23/2007 Page 58 of 59

2. **The Seventh Cause of Action for Civil Rights Violations is Uncertain.**

In the seventh cause of action for civil rights violations, Mr. Rogozienski alleges:

> ". . . Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of Plaintiff's rights to a fair trial secured by the Constitution and laws of the United States and the State of California. This right to a fair trial includes a trial free from actions and conduct which disqualify the trial judge and a trial where doubts are not raised concerning the trial judge's impartiality." (First Amended Complaint, ¶ 99; Exhibit "1" to NOL.)

Mr. Rogozienski's allegations are uncertain, ambiguous, and unintelligible and are subject to a special demurrer under Code of Civil Procedure section 430.10, subdivision (f). (See also Khoury v. Maly's of California, Inc. (1993) 14 Cal.App. 4th 612, 617-619 [demurrer for uncertainty will be sustained where defendant cannot reasonably determine issues to be admitted or denied or the claims being directed against him.]) Mr. Allen cannot reasonably determine what alleged acts of "interfer[ence] by coercion" are, how Mr. Rogozienski was allegedly deprived of a right to a fair trial, or whether Mr. Rogozienski is asserting a claim under federal or state law. The demurrer should be sustained for uncertainty.

V.

**CONCLUSION**

Mr. Allen cannot be liable to Mr. Rogozienski for any claim as a matter of law based upon the absolute judicial immunity doctrine, the litigation privilege, and Mr. Rogozienski's failure to comply with the Tort Claims Act. Each of these well-established defenses defeat each of the nine claims in the first amended complaint alleged against Mr. Allen. Mr. Allen respectfully requests that the demurrer be sustained, without leave to amend.

Dated: June 13, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: Donald A. English
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

EXHIBIT 1 PAGE 105

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 59 of 59

LOVE00170

Case 3:07-cv-00742-J -WMC Document 1-2 Filed 04/ /2007 Page 1 of 59

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

Attorneys for Defendant
James D. Allen

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2005 JUN 13 P 4: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

**DEFENDANT JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: July 15, 2005
Time: 11:00 a.m.
Dept: 61
Judge: John S. Meyer

Complaint Filed: March 7, 2005
Trial Date: None set

Defendant James D. Allen ("Mr. Allen"") respectfully submits the following Request for Judicial Notice pursuant to Evidence Code sections 452(d) and 453. Mr. Allen respectfully requests the Court take judicial notice of the following facts and documents:

1. The allegations contained in the First Amended Complaint in this action filed on March 28, 2005, attached as Exhibit "1" to the Notice of Lodgment.

2. The appointment of Mr. Allen as temporary judge in In re Marriage of Rogozienski, San Diego Superior Court, Case No. D440154 ("Rogozienski dissolution") conferring the powers and "duties of the Judge of the Superior Court" pursuant to Article VI, Section 21 of the California Constitution, as contained in the Order, Stipulation and Oath for

EXHIBIT 1 PAGE 61

JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00112

Temporary Judge dated August 4, 1998, attached as Exhibit "2" to the Notice of Lodgment.

3. The findings, decisions and orders of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, contained in the May 10, 1999 Statement of Decision, attached as Exhibit "3" to the Notice of Lodgment.

4. The findings, decisions and orders of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, contained in the Second Amended Statement of Decision, issued November 12, 2002, attached as Exhibit "4" to the Notice of Lodgment.

5. The judgment of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, entered on November 25, 2002, attached as Exhibit "5" to the Notice of Lodgment.

6. Frank E. Rogozienski's Notice of Appeal of the November 25, 2002 judgment (including the incorporated orders) of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed December 10, 2002, attached as Exhibit "6" to the Notice of Lodgment.

7. Shirley L. Rogozienski's Notice of Appeal of the November 25, 2002 judgment (including the incorporated orders) of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed January 27, 2003, attached as Exhibit "7" to the Notice of Lodgment.

8. The allegations contained in the original complaint in this action, filed on March 7, 2005, attached as Exhibit "8" to the Notice of Lodgment.

///

///

///

**EXHIBIT 1 PAGE 62**

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 3 of 59

9. The findings of Anthony C. Joseph, Superior Court Judge in the Declaration of Anthony C. Joseph, Superior Court Judge, Retired, in Support of Petitioner's Opposition to Respondent's Motion to Set Aside Judgment and Non-Stipulated Interlocutory Rulings of then Temporary Judge James D. Allen, filed April 26, 2004 in the Rogozienski dissolution, attached as Exhibit "9" to the Notice of Lodgment.

Dated: June 13, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: [signature]
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

EXHIBIT 1 PAGE 63

3

JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00114

L0VE00115

Case 3:07-cv-00742-J■■-WMC Document 1-2 Filed 04/■■/2007 Page 5 of 59

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

Attorneys for Defendant
James D. Allen

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2005 JUN 13 P 4:28
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

**DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: July 15, 2005
Time: 11:00 a.m.
Dept: 61
Judge: John S. Meyer

Complaint Filed: March 7, 2005
Trial Date: None set

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant James D. Allen ("Mr. Allen") hereby lodges the following documents in support of his demurrer to plaintiff Frank E. Rogozienski's First Amended Complaint:

Exhibit 1: First Amended Complaint for Damages in this action, filed March 28, 2005.

Exhibit 2: Order, Stipulation and Oath for Temporary Judge, appointing Mr. Allen as temporary judge in <u>In re Marriage of Rogozienski</u>, San Diego Superior Court, Case No. D440154 ("Rogozienski dissolution"), filed August 4, 1998.

**EXHIBIT 1 PAGE 64**

JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00116

Exhibit 3: Statement of Decision issued by Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, dated May 10, 1999.

Exhibit 4: Second Amended Statement of Decision issued by Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, dated November 12, 2002.

Exhibit 5: Judgment in the Rogozienski dissolution, filed November 25, 2002.

Exhibit 6: Frank E. Rogozienski's Notice of Appeal of the November 25, 2002 Judgment of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed December 10, 2002.

Exhibit 7: Shirley L. Rogozienski's Notice of Appeal of the November 25, 2002 Judgment of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed January 23, 2003.

Exhibit 8: Original Complaint for Damages in this action, filed March 7, 2005.

Exhibit 9: Declaration of Anthony C. Joseph, Superior Court Judge, Retired, in Support of Petitioner's Opposition to Respondent's Motion to Set Aside Judgment and Non-Stipulated Interlocutory Rulings of then Temporary Judge James D. Allen in the Rogozienski dissolution, filed April 26, 2004.

Dated: June 13, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: Donald English
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

EXHIBIT 1 PAGE 65

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 7 of 59

LOVE00118

Case 3:07-cv-00742-J[illegible]-WMC Document 1-2 Filed 04/[illegible]/2007 Page 8 of 59

POS-030

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Donald A. English, Esq. (State Bar No. 115569)
Christy I Yee, Esq. (State Bar No. 166238)
English & Gloven, A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, CA 92101
TELEPHONE NO.: (619) 338-6610 FAX NO. (Optional): (619) 338-6657
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): James D. Allen

FOR COURT USE ONLY

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2005 JUN 13 P 4:28
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

PETITIONER/PLAINTIFF: Frank E. Rogozienski

RESPONDENT/DEFENDANT: James D. Allen, et al.

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL**

CASE NUMBER: GIC843843

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 550 West "C" Street, Suite 1800, San Diego, California 92101

3. On *(date)*: June 13, 2005 I mailed from *(city and state)*: San Diego, California the following documents *(specify)*:

[X] The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. [ ] depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [X] placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served: Frank E. Rogozienski, Esq.
   b. Address of person served: Frank E. Rogozienski, Inc., 1203 Second Street, Coronado, California 92118

[ ] The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 13, 2005

Daphne Acebedo
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)

(SIGNATURE OF PERSON COMPLETING THIS FORM)

**EXHIBIT 1 PAGE 66**

Form Approved for Optional Use Judicial Council of California POS-030 (New January 1, 2005)

**PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (Proof of Service)**

Legal Solutions Plus

Code of Civil Procedure, §§ 1013, 1013a

LOVE00119

POS-030(D)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**

*(This Attachment is for use with form POS-030)*

**The documents that were personally served by first-class mail are as follows** ***(describe each document specifically):***

| |
|---|
| NOTICE OF HEARING ON DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| |
| |
| |
| |
| |
| |
| |
| |

**EXHIBIT 1 PAGE 67**

Form Approved for Optional Use
Judicial Council of California
POS-030(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**
**(Proof of Service)**

Legal
Solutions
Plus

Page 2 of 2

LOVE00120

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 10 of 59

LOVE00121

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

Attorneys for Defendant
James D. Allen

FILED
Clerk of the Superior Court
JUL - 8 2005
By: P. WOODS, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

**DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF FEDERAL AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: July 15, 2005
Time: 11:00 a.m.
Dept: 61
Judge: John S. Meyer

Complaint Filed: March 7, 2005
Trial Date: None set

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant James D. Allen hereby lodges the following federal authority in support of his demurrer to plaintiff Frank E. Rogozienski's First Amended Complaint:

///

///

///

///

///

EXHIBIT 1 PAGE 68

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 12 of 59

Exhibit A: Bradley v. Fisher (1871) 80 U.S. 335.

Exhibit B: Dennis v. Sparks (1980) 449 U.S. 24.

Exhibit C: Moore v. Brewster (9th Cir. 1996) 96 F.3d 1240.

Exhibit D: Ricotta v. State of California (S.D. Cal. 1998) 4 F.Supp.2d 961.

Exhibit E: Stump v. Sparkman (1978) 435 U.S. 349.

Dated: July 8, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: [signature]
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

EXHIBIT 1 PAGE 69

ALLEN'S NOTICE OF LODGMENT OF FEDERAL AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

2

LOVE00123

LOVE00124

POS-040

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Donald A. English, Esq.
Christy I. Yee, Esq.
English & Gloven, APC
550 West "C" Street, Suite 1800
San Diego, CA 92101
TELEPHONE NO.: (619) 338-6610 FAX NO. (Optional): (619) 338-6657
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): James D. Allen

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
JUL - 8 2005
By: P. WOODS, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PETITIONER/PLAINTIFF: Frank E. Rogozienski

RESPONDENT/DEFENDANT: James D. Allen

CASE NUMBER: GIC843843

## PROOF OF SERVICE—CIVIL

**Check method of service *(only one)*:**

- [ ] By Personal Service
- [ ] By Mail
- [x] By Overnight Delivery
- [ ] By Messenger Service
- [ ] By Facsimile
- [ ] By E-Mail/Electronic Transmission

JUDGE: Hon. John S. Meyer
DEPT.: 61

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and not a party to this action.

2. My address is *(specify one)*:

a. [x] Business:
550 West C Street, Suite 1800
San Diego, CA 92101

b. [ ] Residence:

3. On *(date)*: July 8, 2005 I served the following documents *(specify)*:

1. Defendant James D. Allen's Reply Memorandum of Points and Authorities in Support of Demurrer to Plaintiff's First Amended Complaint; and

2. Defendant James D. Allen's Notice of Lodgment of Federal Authorities in Support of Demurrer to Plaintiff's First Amended Complaint.

[ ] The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the persons below, as follows:

a. Name of person served:

b. Address of person served:

c. Fax number or e-mail address of person served, if service was by fax or e-mail:

d. Time of service, if personal service was used:

[x] The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

5. The documents were served by the following means *(specify)*:

a. [ ] **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [New January 1, 2005]

PROOF OF SERVICE—CIVIL
(Proof of Service)

Legal Solutions Plus

Code of Civ. Proc., §§ 1011, 1013, 1013a, 2015.5

EXHIBIT 1 PAGE 70

LOVE00125

| CASE NAME Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

5 b. [ ] **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

(1) [ ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) [ ] placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. [X] **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. [ ] **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. [ ] **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. [ ] **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 8, 2005

Antoniette Jennings
(TYPE OR PRINT NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

**DECLARATION OF MESSENGER**

[ ] **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

(NAME OF DECLARANT)

(SIGNATURE OF DECLARANT)

POS-040(P)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-040)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Time of Service (for personal service) |
|---|---|---|
| Frank E. Rogozienski, Esq. | Frank E. Rogozienski, Inc.<br>1203 Second Street<br>Coronado, CA 92118 | Time: |
| Daniel M. White, Esq. | White & Oliver, APC<br>550 West C Street, Suite 950<br>San Diego, CA 92101 | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |
| | | Time: |

EXHIBIT 1 PAGE 72

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [New January 1, 2005]

ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
(Proof of Service)

Legal
Solutions
Plus

Page __ of __

LOVE00127

POS-020

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Donald A. English, Esq. (State Bar No. 125569)
Christy I. Yee, Esq. (State Bar No. 166238)
English & Gloven, A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, CA 92101
TELEPHONE NO.: (619) 338-6610 FAX NO. (Optional): (619) 338-6657
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): James D. Allen

FOR COURT USE ONLY
CIVIL BUSINESS OFFICE
2005 JUN 14 P 3: 04
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

PETITIONER/PLAINTIFF: Frank E. Rogozienski

RESPONDENT/DEFENDANT: James D. Allen, et al.

**PROOF OF PERSONAL SERVICE—CIVIL**

CASE NUMBER: GIC843843

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action.
2. I served the following documents *(specify)*:

[X] The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following persons at the address, date, and time stated:
   a. Name: Daniel M. White, Esq., Attorneys for Defendant S. Michael Love
   b. Address: White & Oliver, APC, 550 West "C" St., Ste. 950, San Diego, CA 92101
   c. Date: June 13, 2005
   d. Time: 4:13 p.m.

[ ] The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
   a. [ ] not a registered California process server.
   b. [ ] a registered California process server.
   c. [ ] an employee or independent contractor of a registered California process server.
   d. [X] exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify)*:
Daphne Acebedo
550 West "C" Street, Suite 1800
San Diego, California 92101
(619) 338-6610

**EXHIBIT 1 PAGE 73**

6. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
7. [ ] I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: June 13, 2005

Daphne Acebedo
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

[signature]
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

Form Approved for Optional Use
Judicial Council of California
POS-020 [New January 1, 2005]

PROOF OF PERSONAL SERVICE—CIVIL

Legal Solutions Plus

Code of Civil Procedure, § 1011

LOVE00128

POS-020(D)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

## ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL (DOCUMENTS SERVED)

*(This Attachment is for use with form POS-020)*

**The documents that were personally served are as follows *(describe each document specifically)*:**

| |
|---|
| NOTICE OF HEARING ON DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| |
| |
| |
| |
| |
| |
| |
| |

EXHIBIT 1 PAGE 74

Form Approved for Optional Use
Judicial Council of California
POS-020(D) [New January 1, 2005]

ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL
(Documents Served)

Legal Solutions Plus

Page 2 of 2

LOVE00129

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 19 of 59

LOVE00130

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

FILED
CIVIL BUSINESS OFFICE 5
2005 MAY 25 P 2:42
SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorneys for Defendant
James D. Allen

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

**PROOF OF SERVICE BY MAIL**

Dept:
Judge:

Complaint Filed: March 7, 2005
Trial Date: None set

I, Susan Bird, declare that: I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 550 West "C" Street, Suite 1800, San Diego, California 92101.

On May 24, 2005, I served the following document(s):

**PEREMPTORY CHALLENGE (conformed copy)**

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Frank E. Rogozienski, Esq.
Frank E. Rogozienski, Inc.
1203 Second Street
Coronado, CA 92118
(619) 437-1878
(619) 437-4894 - fax

Attorneys for Plaintiff
FRANK E. ROGOZIENSKI

**EXHIBIT 1 PAGE 75**

Daniel M. White, Esq.
White & Oliver, APC
550 West C Street, Suite 950
San Diego, CA 92101
(619) 239-0300
(619) 239-0344 - fax

Attorneys for Defendant
S. MICHAEL LOVE

I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices. I am readily familiar with the business practices for collecting and processing of correspondence and pleadings for mailing with the United States Postal Service; and that the correspondence and pleadings shall be deposited with the United States Postal Service this same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 24, 2005

Susan Bird

EXHIBIT 1 PAGE 76

LOVE00132

LOVE00133

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 61
San Diego, CA 92101
619-685-6138

TO:

**FILE COPY:** PAGE 1 OF 1
3 NOTICES PREPARED

| | |
|---|---|
| FRANK E ROGOZIENSKI<br>Plaintiff(s)<br>vs.<br>JAMES D ALLEN, et al.<br>Defendant(s) | Case No.: GIC843843<br>**NOTICE OF CASE REASSIGNMENT**<br>**DUE TO CHALLENGE, RECUSAL OR SPECIAL ASSIGNMENT** |

COMPLAINT FILED 03/07/05

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE JOHN S. MEYER, DEPARTMENT 61, 619-685-6138.

ALL SUBSEQUENT DOCUMENTS FILED IN THIS CASE MUST INCLUDE THE NAME OF THE NEW JUDGE AND THE DEPARTMENT NUMBER ON THE FIRST PAGE IMMEDIATELY BELOW THE NUMBER OF THE CASE. ALL COUNSEL AND PARTIES IN PRO PER ARE ADVISED THAT DIVISION II OF THE SUPERIOR COURT RULES IS STRICTLY ENFORCED. IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

UNLESS NOTIFIED OTHERWISE, ALL PENDING DATES ARE VACATED. PLEASE RESCHEDULE ANY CURRENTLY PENDING MOTIONS OR EX PARTE HEARINGS IN THE NEW DEPARTMENT.

**CERTIFICATE OF SERVICE**

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego, California.

DATED: 05/26/05

BY: CLERK OF THE SUPERIOR COURT

STEVEN G. AMUNDSON
WHITE & OLIVER
550 WEST C ST STE 950
SAN DIEGO, CA 92101

DONALD A. ENGLISH
ENGLISH & GLOVEN
550 W "C" ST STE 1800
SAN DIEGO, CA 92101

FRANK E. ROGOZIENSKI
1203 SECOND STREET
CORONADO, CA 92118

EXHIBIT 1 PAGE 77

LOVE00135



REMITTANCE OF STATUTORY FEES

Other

Clerk's Name: D. Hernandez

Department: 25

SDSC ADM-73 (Rev. 6-05)

REMITTANCE OF STATUTORY FEES

EXHIBIT 1 PAGE 78

LOVE00136

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/--/2007 Page 26 of 59

LOVE00137

CY / 0300-2

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Donald A. English, Esq. (State Bar No. 115569)
English & Gloven, A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, CA 92101

TELEPHONE NO.: (619) 338-6610 FAX NO.: (619) 338-6657

ATTORNEY FOR (Name): James D. Allen

FOR COURT USE ONLY

MAY 2005 FILED SUPERIOR COURT SAN DIEGO JUDICIAL DISTRICT

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- [ ] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S) Frank E. Rogozienski

DEFENDANT(S) James D. Allen, et al.

JUDGE: Richard E.L. Strauss

IN THE MATTER OF

A MINOR

DEPT: 75

**PEREMPTORY CHALLENGE**
**(CCP 170.6; Superior Court Rules, Division II, Rule 5.5)**

CASE NUMBER
GIC843843

Donald A. English, is [ ] a party [X] an attorney for a party in the above-entitled case and declares that Richard E.L. Strauss, the Judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

English & Gloven, A Professional Corporation

Dated: May 23, 2005

Donald A English
(Signature)
Donald A. English, Esq.

**ORDER OF THE COURT**

[X] GRANTED [ ] DENIED

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: 5/24/05

RICHARD E. L. STRAUSS Judge of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge John S. Meyer per Presiding/Supervising Judge John S. Einhorn on May 25, 2005

SDSC CIV-240 (Rev. 5-00) **PEREMPTORY CHALLENGE** SD-240

**EXHIBIT 1 PAGE 79**

LOVE00138

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 28 of 59

LOVE00139

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): FRANK E. ROGOZIENSKI, ESQ. S.B. 51445<br>FRANK E. ROGOZIENSKI, INC.<br>1203 Second Street<br>Coronado, CA 92118<br>TELEPHONE NO. (Optional): FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): FRANK E. ROGOZIENSKI | FOR COURT USE ONLY<br>FILED<br>Clerk of the Superior Court<br>MAY 1 6 2005<br>By: D. GRUNEISEN Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | |
| PLAINTIFF(S) FRANK E. ROGOZIENSKI | JUDGE: Richard E.L. Strauss |
| DEFENDANT(S) JAMES D. ALLEN; S. MICHAEL LOVE, et al. | DEPT: 75 |
| CERTIFICATE OF SERVICE<br>(San Diego Superior Court Rules, Division II, Rule 2.5) | CASE NUMBER<br>GIC 843843 |

I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with San Diego Superior Court Rules, Division II, Rule 2.5.

Date: May 16, 2005

Signature

Frank E. Rogozienski

Typed or printed name

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE, but file the form CERTIFICATE OF PROGRESS (SDSC CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

**EXHIBIT 1 PAGE 80**

ORIGINAL

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 30 of 59

LOVE00141

MAY. 6. 2005 8:55AM ROGOZIENSKI NO. 293 P. 2

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
FRANK E. ROGOZIENSKI, INC. (SBN 51445)
1203 Second Street
Coronado, CA 92118
TELEPHONE NO.: Ph. (619) 437-1878
FAX NO.: (619) 437-4894
ATTORNEY FOR (Name): Plaintiff

FOR COURT USE ONLY
MAY 2005
FILED
CLERK
SUPERIOR COURT
SAN DIEGO
JUDICIAL
DISTRICT

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S)
FRANK E. ROGOZIENSKI

DEFENDANT(S)/RESPONDENT(S)
JAMES D. ALLEN, et al.

☒ I/C JUDGE STRAUSS
☐ MASTER CALENDAR
DEPT 75

BY FAX

CERTIFICATE OF:
PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT
(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34; Division IV rules 4.169 & 4.170)

CASE NUMBER
GIC 843843

MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.

The ☒ plaintiff(s) ☐ defendant(s) in the above-entitled case, by and through their attorney(s) FRANK E. ROGOZIENSKI, INC. certify that: (CHECK ONE BOX)

3C1 ☒ Plaintiff has been unable to serve the complaint on defendant(s) JAMES D. ALLEN (May list more than one defendant)

3C1 ☐ Plaintiff requests stay under claim for uninsured/underinsured as to: ______ (ALL or list individual(s))

3C5 ☐ Defendant was served on ______, and is unable to answer or otherwise respond.

3C8 ☐ Plaintiff served defendant on ______, but was unable to request entry of default.

Therefore, it is requested that the time be extended until June 3, 2005 for filing of a(n):

☒ CERTIFICATE OF SERVICE (SDSC CIV-345)
☐ ANSWER OR OTHER DEFENDANT APPEARANCE
☐ REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s): Plaintiff is informed Defendant Allen will be represented by English & Gloven and a Notice And Acknowledgment Of Receipt-Civil has been forwarded to that firm. The Acknowledgment has not as yet been returned to counsel for Plaintiff, and therefore a minimal additional amount of time is respectfully requested.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: May 6, 2005

SIGNATURE OF ATTORNEY(S) FRANK E. ROGOZIENSKI, INC.

FOR COURT USE ONLY

☒ EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN: 6-3-05

☐ EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: ______ AT: ______ M. DEPT ______
☐ INSUFFICIENT REASON FOR DELAY OF CASE.
☐ OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED: MAY - 9 2005

EXHIBIT 1 PAGE 81

JUDGE OF THE SUPERIOR COURT
RICHARD E. L. STRAUSS

☐ NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a copy of this certificate on all counsel concerned.

SDSC CIV-144(Rev. 4-04)

CERTIFICATE OF:
PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT

ORIGINAL

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 32 of 59

LOVE00143

FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
Coronado Professional Square
1203 Second Street
Coronado, CA 92118
Telephone: (619)437-1878
Facsimile: (619)437-4894

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

FILED
Clerk of the Superior Court
MAR 30 2005
MAR 30 05 PM 3:11
By: S. ALVEA, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

BY FAX

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181680
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

| | |
|---|---|
| FRANK E. ROGOZIENSKI, Plaintiff, v. JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive, Defendants. | Case No. GIC843843<br>NOTICE OF CORRECTION OF TYPOGRAPHICAL ERROR IN FIRST AMENDED COMPLAINT<br>DEPT. 75<br>HON. Richard E. L. Strauss |

Plaintiff hereby provides notice of correction of a typographical error in the First Amended Complaint For Damages (Interference with Contract, Interference with Economic Relations, Civil Rights Violations, Deceit-Fraudulent Concealment, Breach of Contract, Unfair Competition, Intentional Misconduct, Negligence and Unjust Enrichment) filed in the above entitled Court on March

ORIGINAL

MAR. 30. 2005 10:54AM ROGOZIENSKI NO. 005 P. 3

28, 2005, at page 19, line 20, which is corrected to read as follows:

"and prior to March 27, 2003 when ALLEN filed his Statement of"

Dated: March 30, 2005

FRANK E. ROGOZIENSKI, INC.

By: ______________________
Frank E. Rogozienski
Attorney for Plaintiff

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181880
1206 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

NOTICE OF CORRECTION OF TYPOGRAPHICAL ERROR IN FIRST AMENDED COMPLAINT

2

EXHIBIT 1 PAGE 83

LOVE00145

LOVE00146

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:
FRANK E. ROGOZIENSKI (P)

**FILE COPY**

| | |
|---|---|
| FRANK E ROGOZIENSKI Plaintiff(s) vs. JAMES D ALLEN Defendant(s) | Case No.: GIC843843 **NOTICE OF CASE ASSIGNMENT** Judge: RICHARD E. L. STRAUSS Department: 75 Phone: 619-685-6120 |

COMPLAINT FILED 03/07/05

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

COMPLAINTS: Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

DEFAULT: If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

CERTIFICATE OF SERVICE

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

DATED: 03/07/05

BY: CLERK OF THE SUPERIOR COURT

SDSC CIV-721(Rev 7-03) ASG-NOTICE OF CASE ASSIGNMENT

EXHIBIT 1 PAGE 84

LOVE00147

Case 3:07-cv-00742-JA[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 37 of 59

LOVE00148

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION
2005 JUN 13 P 4: 28
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Attorneys for Defendant
James D. Allen

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN DIEGO**

| | |
|---|---|
| FRANK E. ROGOZIENSKI,<br><br>Plaintiff<br><br>v.<br><br>JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. GIC 843843<br><br>**DEFENDANT JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date: July 15, 2005<br>Time: 11:00 a.m.<br>Dept: 61<br>Judge: John S. Meyer<br><br>Complaint Filed: March 7, 2005<br>Trial Date: None set |

///
///
///

EXHIBIT 1 PAGE 85

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00149

TABLE OF CONTENTS

Page

I. INTRODUCTION . . . . 1

II. FACTUAL BACKGROUND . . . . 1

A. The Underlying Marital Dissolution Action. . . . . 1

B. Mr. Rogozienski's Claims against Mr. Allen in this Action. . . . . 2

III. STANDARD FOR DEMURRER . . . . 3

IV. MR. ALLEN'S DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND . . . . 4

A. The Absolute Judicial Immunity Doctrine Precludes Each and Every Claim Alleged Against Mr. Allen. . . . . 4

1. The Absolute Judicial Immunity Doctrine. . . . . 4

2. Claims Precluded by the Judicial Immunity Doctrine Must be Dismissed on Demurrer as a Matter of Law. . . . . 5

3. The Judicial Immunity Doctrine Applies to All Claims Alleging Judicial Misconduct in the Performance of Judicial Acts, including Bribery and Corruption. . . . . 6

4. Mr. Allen is a Judicial or Quasi-Judicial Officer Entitled to Protection from Civil Liability Under the Absolute Judicial Immunity Doctrine. . . . . 7

5. Mr. Allen's Alleged Acts Giving Rise to Each of Mr. Rogozienski's Nine Claims are Judicial Acts Protected by the Absolute Judicial Immunity Doctrine. . . . . 8

B. The Litigation Privilege Precludes Each and Every Claim Alleged Against Mr. Allen. . . . . 11

1. The Litigation Privilege. . . . . 11

2. Mr. Rogozienski's Claims Must be Dismissed as a Matter of Law Because They are Based Upon Privileged Communications. . . . . 12

C. Mr. Rogozienski's Claims against Mr. Allen are Barred by the Tort Claims Act. . . . 12

1. The Tort Claims Act Requires Timely Presentation of Claims. . . . . 12

2. Mr. Rogozienski's Claims are Barred as a Result of the Failure to Comply with the Tort Claims Act. . . . . 13

D. Other Independent Grounds Exist to Sustain the Demurrer. . . . . 13

1. The Eleventh Cause of Action for "Willful Misconduct and Intentional Infliction of Injury" and the Twelfth Cause of Action for Negligence Fail to State a Cause of Action. . . . . 14

a. There is No Cause of Action Based Upon an Alleged Violation of the Rules of Professional Conduct. . . . . 14

b. Mr. Rogozienski's Claims are Improperly Based upon an Alleged Violation of the Rules of Professional Conduct and Judicial Canons. . . . . 14

2. The Seventh Cause of Action for Civil Rights Violations is Uncertain. . . . . 15

V. CONCLUSION . . . . . 15

EXHIBIT 1 PAGE 87

LOVE00151

TABLE OF AUTHORITIES

Page(s)

State Cases

Baar v. Tigerman (1983) 140 Cal.App.3d 979 .................... 4

Bistawros v. Greenberg (1987) 189 Cal.App.3d 189 .................... 4

Blank v. Kirwin (1985) 39 Cal.3d 311 .................... 3

Fisher v. Pickens (1990) 225 Cal.App.3d 708 .................... 13

Frost v. Geernaert (1988) 200 Cal.App.3d 1104 .................... 5, 9

Howard v. Drapkin (1990) 222 Cal.App.3d 843 .................... 1, 4-6, 9

In re Brittany K. (2002) 96 Cal.App.4th 805 .................... 8, 13

Khoury v. Maly's of California, Inc. (1993) 14 Cal.App. 4th 612 .................... 15

Mazzola v. Feinstein (1984) 154 Cal.App.3d 305 .................... 12

Meester v. Davies (1970) 11 Cal.App.3d 342 .................... 13

Moore v. Regents of University of California (1990) 51 Cal.3d 120 .................... 3, 9

Munoz v. State of California (1995) 33 Cal.App.4th 1767 .................... 12

Neal v. Gatlin (1973) 35 Cal.App.3d 871 .................... 13

Noble v. Sears, Roebuck & Co. (1973) 33 Cal.App.3d 654 .................... 14

Olney v. Sacramento County Bar Assn. (1989) 212 Cal.App.3d 807 .................... 4

Pearson v. Reed (1935) 6 Cal.App.2d 277 .................... 4

Superior Court, Case No. D440154 ("Rogozienski dissolution"). Defendant S. Michael Love ("Mr. Love") was Mrs. Rogozienski's counsel in the Rogozienski dissolution. (First Amended Complaint, ¶ 9; see Request for Judicial Notice ("RJN") "1"; Exhibit "1" to Notice of Lodgment ("NOL").) Both Mr. Rogozienski and Mrs. Rogozienski and their respective family law counsel entered into a written agreement to retain Mr. Allen as temporary judge. (First Amended Complaint, ¶ 10.) On August 4, 1998, the Presiding Judge of the San Diego Superior Court approved the parties' agreement and signed an order appointing Mr. Allen as temporary judge in the Rogozienski dissolution. (First Amended Complaint, ¶ 10; RJN "2"; Exhibit "2" to NOL.)

The Rogozienski dissolution spanned four and a half years of contentious litigation involving complex issues relating to the interpretation of a pre-marital agreement, division of substantial assets and liabilities, spousal support, and numerous other issues. The dissolution proceeding was decided in three separate phases. The first phase involved the parties' dispute as to the enforceability of a pre-marital agreement. On May 10, 1999, Mr. Allen issued a statement of decision upholding the validity and enforceability of the pre-marital agreement which was drafted by Mr. Rogozienski. (RJN "3"; Exhibit "3" to NOL.) Both parties have appealed this decision. (RJN "6" and "7"; Exhibits "6" and "7" to NOL.)

The second phase related to Mrs. Rogozienski's contentions regarding Mr. Rogozienski's duties owed to her during the marriage regarding the management of separate and community funds used in the investment of Qualcomm stock and options. After Mr. Allen issued his intended statement of decision, the second phase was resolved pursuant to a stipulation between the parties filed with the Superior Court on December 7, 2000. Because of the parties' stipulation, there have been no appeals of this phase.

The third phase resolved all remaining reserved issues. The matter was tried over a period 14 days from October 24, 2001 to November 19, 2001. (First Amended Complaint, ¶ 14.) Additional evidence was received in October 2002. (First Amended Complaint, ¶ 37.) Mr. Allen issued a Second Amended Statement of Decision on November 12, 2002, and a Judgment of Dissolution was entered on November 25, 2002. (First Amended Complaint, ¶ 38; see RJN "4" and "5" and Exhibits "4" and "5" to NOL.) Both parties have appealed Mr. Allen's rulings in the third phase and the Judgment. (RJN "6" and "7"; Exhibits "6" and "7" to NOL.)

In addition to appealing Mr. Allen's rulings, Mr. Rogozienski sought to challenge Mr. Allen's authority to further serve as temporary judge. (First Amended Complaint, ¶ 40.) On March 27, 2003, Mr. Allen responded to Mr. Rogozienski's challenge and voluntarily withdrew as temporary judge in the Rogozienski dissolution. (First Amended Complaint, ¶ 10.)

**B. <u>Mr. Rogozienski's Claims against Mr. Allen in this Action</u>.**

On March 7, 2005, Mr. Rogozienski filed (but did not serve) a complaint against Mr. Allen and Mr. Love alleging a total of nine causes of action (six causes of action against Mr. Allen). (RJN "8"; Exhibit "8" to NOL.)

**EXHIBIT 1 PAGE 89**

2

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00153

Rubin v. Green (1993)
4 Cal.4th 1187 . . . . . . . . . . 11

Silberg v. Anderson (1990)
50 Cal.3d 205 . . . . . . . . . . 11, 12

Soliz v. Williams (1999)
74 Cal.App.4th 577 . . . . . . . . . . 4, 6, 12

State v. Superior Court (Bodde) (2004)
32 Cal.4th 1234 . . . . . . . . . . 13

Tagliavia v. County of Los Angeles (1980)
112 Cal.App.3d 759 . . . . . . . . . . 4

Taliaferro v. County of Contra Costa (1960)
182 Cal.App.2d 587 . . . . . . . . . . 3, 5, 9

Taylor v. Mitzel (1978)
82 Cal.App.3d 665 . . . . . . . . . . 4

Turpen v. Booth (1880)
56 Cal. 65 . . . . . . . . . . 4

Wilhelm v. Pray, Price, Williams & Russell (1986)
186 Cal.App.3d 1324 . . . . . . . . . . 14

Federal Cases

Bradley v. Fisher (1871)
80 U.S. 335 . . . . . . . . . . 1

Moore v. Brewster (9th Cir. 1996)
96 F.3d 1240 . . . . . . . . . . 4

Ricotta v. State of California (S.D. Cal. 1998)
4 F.Supp.2d 961 . . . . . . . . . . 4, 6, 7, 9

State Statutes

Civil Code section 47, subdivision (b) . . . . . . . . . . 11

Civil Code section 47, subdivision (c) . . . . . . . . . . 12

Civil Code section 47, subdivision (d) . . . . . . . . . . 12

Code of Civil Procedure section 430.10, subdivision (f) . . . . . . . . . . 4, 15

Code of Civil Procedure section 430.10, subdivision (e) . . . . . . . . . . 4

Code of Civil Procedure section 430.30 . . . . . . . . . . 4

Code of Civil Procedure section 430.30, subdivision (e) . . . . . . . . . . 3

Elections Code section 327 . . . . . . . . . . 12

Evidence Code section 452 . . . . . . . . . . 4

Government Code section 810.2 . . . . . . . . . . 12

Government Code section 905.2 . . . . . . . . . . 12

Government Code section 911.2 . . . . . . . . . . 12, 13

Government Code section 945.4 . . . . . . . . . . 12

Government Code section 950.2 . . . . . . . . . . 12

Rules

Rules of Professional Conduct, Rule 1-100 . . . . . . . . . . 14

Rules of Professional Conduct, Rule 1-710 . . . . . . . . . . 14

Other Authorities

California Constitution, article VI, section 21 . . . . . . . . . . 13

Judicial Canon 6D(2)(f) . . . . . . . . . . 14

Defendant James D. Allen ("Mr. Allen") respectfully submits the following memorandum of points and authorities in support of his demurrer to plaintiff Frank E. Rogozienski's ("Mr. Rogozienski") first amended complaint.

I.

INTRODUCTION

Protecting the judiciary from "vexatious actions prosecuted by disgruntled litigants" serves important public purposes of "the highest importance to the proper administration of justice . . .." (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 852 [citation omitted from quote]; Bradley v. Fisher (1871) 80 U.S. 335, 347.)

Mr. Rogozienski's first amended complaint contains serious allegations against Mr. Allen for acts allegedly done in his capacity as temporary judge in Mr. Rogozienski's underlying divorce action. Mr. Rogozienski's claims against Mr. Allen seek to undermine established law and public policies protecting the judiciary and those who perform vital judicial functions associated with the administration of justice. Each of Mr. Rogozienki's nine claims against Mr. Allen must be dismissed as a matter of law under the absolute judicial immunity doctrine which bars any claim for damages against a judicial or quasi-judicial officer.

In addition, each of the claims are also precluded as a matter of law under the litigation privilege which prohibits claims based upon communications made in the conduct of judicial proceedings. Moreover, Mr. Rogozienski's claims are similarly barred as a result of Mr. Rogozienski's failure to properly and timely satisfy the pre-filing claim requirements under the Tort Claims Act.

Separate and independent grounds also exist to sustain the demurrer as a matter of law as to specific causes of action, including the eleventh cause of action labeled, "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence, which are contrary to established California law prohibiting civil causes of action based upon alleged violations of ethical rules. In addition, the allegations in the seventh cause of action for civil rights violations are also subject to a special demurrer, and should be sustained based upon uncertainty.

Simply stated, Mr. Rogozienski's claims against Mr. Allen should be disposed of on demurrer.

II.

FACTUAL BACKGROUND

A. The Underlying Marital Dissolution Action.

Mr. Allen is an experienced and highly respected attorney specializing in the area of family law for over 35 years in San Diego. Mr. Allen served as pro tem judge of the San Diego Superior Court on a pro bono basis from 1982 to 1997. From time to time, Mr. Allen has also served as temporary judge in dissolution actions by court appointment and the parties' agreement.

In 1998, Mr. Rogozienski's then family law counsel requested that Mr. Allen serve as the parties' temporary judge in Mr. Rogozienski's dissolution action, In re Marriage of Rogozienski, San Diego

EXHIBIT 1 PAGE 92 1

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00156

On March 28, 2005, Mr. Rogozienski filed a first amended complaint against Mr. Allen and Mr. Love alleging a total of 13 causes of action. Nine causes of action are alleged against Mr. Allen:

1. The First Cause of Action for Intentional Interference with Contractual Relations;
2. The Third Cause of Action for Intentional Interference with Prospective Economic Relations;
3. The Fifth Cause of Action for Negligent Interference with Prospective Economic Advantage;
4. The Seventh Cause of Action for Civil Rights Violations;
5. The Eighth Cause of Action for Deceit and Fraudulent Concealment;
6. The Ninth Cause of Action for Breach of Contract;
7. The Eleventh Cause of Action for "Willful Misconduct and Intentional Infliction of Injury;"
8. The Twelfth Cause of Action for Negligence; and
9. The Thirteenth Cause of Action for Unjust Enrichment.

As discussed below, each and every claim in the First Amended Complaint against Mr. Allen alleges damages arising from acts allegedly committed by Mr. Allen in his capacity as temporary judge in the Rogozienski dissolution. Mr. Rogozienski, acknowledging the infirmities in his pleadings, admits that he is "in some doubt as to whether he is entitled to redress from all the defendants or from one or more of them . . ." and requests that this Court determine whether the defendants have any liability to him. (First Amended Complaint, ¶ 8; Exhibit "1" to NOL.) As discussed below, based upon established law and compelling public policies, Mr. Allen has no liability to Mr. Rogozienski for any of the alleged claims as a matter of law.

## III.

## STANDARD FOR DEMURRER

A demurrer challenges the legal sufficiency of a complaint, and must be sustained if it appears from the allegations in the complaint and matters judicially noticed that the complaining party fails to allege the facts necessary to constitute each element of a cause of action. (Code Civ. Proc., § 430.30, subd. (a); Blank v. Kirwin (1985) 39 Cal.3d 311, 318.) Although the court accepts a plaintiff's allegations as true, the court cannot assume the truth of contentions, deductions or conclusions of law. (Moore v. Regents of University of California (1990) 51 Cal.3d 120, 125.) In addition, "[w]hile the allegations of a complaint are deemed true in ruling on demurrers, where an allegation is contrary to law or to a fact of which a court may take judicial notice, it is to be treated as a nullity. [Citation omitted.]" (Taliaferro v. County of Contra Costa (1960) 182 Cal.App.2d 587, 592.)

EXHIBIT 1 PAGE 93

A court may take judicial notice of its own files, files in other courts and public records in deciding a demurrer. (Evid. Code, § 452; Code Civ. Proc., § 430.30; Bistawros v. Greenberg (1987) 189 Cal.App.3d 189, 191-192.) While a general demurrer lies for failure to state facts sufficient to constitute a cause of action (Code Civ. Proc., § 430.10, subd. (e)), a special demurrer is proper when the complaint is uncertain in that it cannot be reasonably be determined what issues must be admitted or denied, or what claims are being directed against the defendants. (Code Civ. Proc., § 430.10, subd. (f).)

IV.

MR. ALLEN'S DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND

A. The Absolute Judicial Immunity Doctrine Precludes Each and Every Claim Alleged Against Mr. Allen.

1. The Absolute Judicial Immunity Doctrine.

The doctrine of judicial immunity is "longstanding and absolute . . . . It bars civil actions against judges for acts performed in the exercise of their judicial functions and it applies to all judicial determinations, including those rendered in excess of the judge's jurisdiction, no matter how erroneous or even malicious or corrupt they may be. [Citations omitted.]" (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 851.) Judicial immunity is absolute and precludes all civil actions against judicial officer or persons other than judges acting in a judicial or quasi-judicial capacity. (Id. at pp. 852-853.)

As summarized in Howard v. Drapkin, California courts have extended absolute judicial immunity to protect quasi-judicial officers from civil suits for their acts performed in their official capacity, including court commissioners acting as temporary judges (Tagliavia v. County of Los Angeles (1980) 112 Cal.App.3d 759, 763); grand jurors (Turpen v. Booth (1880) 56 Cal. 65, 69); administrative law hearing officers (Taylor v. Mitzel (1978) 82 Cal.App.3d 665, 670-671); arbitrators (Baar v. Tigerman (1983) 140 Cal.App.3d 979, 985); organizations sponsoring an arbitrator (Olney v. Sacramento County Bar Assn. (1989) 212 Cal.App.3d 807, 814-815); and prosecutors (Pearson v. Reed (1935) 6 Cal.App.2d 277, 286-288). (Howard, supra, 222 Cal.App.3d at pp. 852-853.)

Federal courts have similarly extended absolute judicial immunity to judicial and quasi-judicial officers.[1] (See e.g., Ricotta v. State of California (S.D. Cal. 1998) 4 F.Supp.2d 961, 973 [judicial immunity applies to sitting Superior Court judges and pro tem judges]; Moore v. Brewster (9th Cir. 1996) 96 F.3d 1240, 1244-1245 [claims against federal District Court Judge Brewster, the law clerk, and court clerk dismissed under judicial immunity doctrine].)

The absolute judicial immunity doctrine effectuates important public policies deeply rooted in our system of justice:

EXHIBIT 1 PAGE 94

---

[1]California courts rely on federal court decisions in determining the application of the absolute judicial immunity doctrine in civil suits. (Soliz v. Williams (1999) 74 Cal.App.4th 577, 591.)

4

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00158

> The rationale behind the doctrine is twofold. First, it 'protect[s] the finality of judgments [and] discourag[es] inappropriate collateral attacks. [Citation omitted.] Second, it protect[s] judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. [Citation omitted.] With respect to the latter reason, the immunity is necessary in order to have an independent and impartial judiciary. The public is best served when its judicial officers are free from fear of consequences for acts performed in their judicial capacity. [Citation omitted.]

(Howard, supra, 222 Cal.App.3d at p. 852.)

"[T]he protection must be absolute, even to the malicious or corrupt judge. The effect of judicial immunity is that the action against the judicial officer must be dismissed. [Citation omitted]" (Emphasis added.) (Id. at p. 852.)

2. **Claims Precluded by the Judicial Immunity Doctrine Must be Dismissed on Demurrer as a Matter of Law.**

Claims against judicial or quasi-judicial officers are properly dismissed at the pleading stage on demurrer based upon the absolute judicial immunity doctrine. (See e.g., Howard, supra, 222 Cal.App.3d at p. 848 [demurrer sustained without leave to amend under judicial immunity doctrine for claims against court approved psychologist for negligence, fraud, intentional and negligent infliction of emotional distress]; Frost v. Geernaert (1988) 200 Cal.App.3d 1104, 1107 [demurrer sustained without leave to amend under judicial immunity doctrine for claims against Superior Court judges for fraud, corruption, conspiracy, and infliction of emotional distress]; Taliaferro v. County of Contra Costa (1960) 182 Cal.App.2d 587, 592-594 [claims for damages against justice of the peace dismissed on demurrer under absolute judicial immunity even though justice of peace had no jurisdiction to issue warrant against plaintiff].)

To effectuate the important public policies underlying the judicial immunity doctrine, claims against judicial or quasi-judicial officers must be dismissed at the earliest stage in the proceedings:

> Such doctrines are not mere defenses to liability. [Citations omitted.] If such protection is to be meaningful it must be effective to prevent suits such as this one from going beyond demurrer. Avoiding the expense and burden of having to defend an action such as this one is precisely the goal which the principles of absolute immunity and privilege were intended to achieve. In order to best protect the ability of neutral third parties to aggressively mediate or resolve disputes, a dismissal at the very earliest stage of the proceedings is critical to the proper functioning and continued availability of these services. (Emphasis added.)

(Howard, supra, 222 Cal.App.3d at p. 864.)

In Howard v. Drapkin, the Court of Appeal affirmed the trial court's order sustaining the defendant court-approved psychologist's demurrer without leave to amend on the grounds of judicial

EXHIBIT 1 PAGE 95

5

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00159

immunity.[2] The plaintiff, a litigant in an underlying family law action, entered into a stipulation with her former husband for the defendant to perform a psychological evaluation and issue non-binding findings and recommendations to the Superior Court. The stipulation was approved by the Superior Court. (Id. at p. 848.) The plaintiff later brought a civil suit against the defendant psychologist alleging claims for negligence, emotional distress, and fraud based upon, among other things, the defendant's alleged failure to disclose certain conflicts of interest involving the defendant's prior professional relationship with the plaintiff's former husband and her personal relationship with the spouse of one of the partners in the law firm representing the former husband. (Id. at pp. 848-850.)

Despite the plaintiff's allegations of misconduct and wrongdoing, the Court of Appeal agreed with the trial court that the plaintiff's claim should be dismissed on demurrer as the defendant was entitled to protection from liability under the absolute judicial immunity doctrine. (Id. at p. 860.)

3. **The Judicial Immunity Doctrine Applies to All Claims Alleging Judicial Misconduct in the Performance of Judicial Acts, Including Bribery and Corruption.**

California and federal courts have consistently applied the judicial immunity doctrine to protect judicial and quasi-judicial officers from liability for myriad claims alleging serious judicial misconduct in the performance of judicial acts, including intentional, malicious torts such as intentional infliction of emotional distress, violation of civil rights, and bribery and corruption.

In Soliz v. Williams (1999) 74 Cal.App.4th 577, 589, the Court of Appeal summarized several California decisions applying the absolute judicial immunity doctrine despite the severity of the alleged judicial misconduct:

> [T]he immunity from a suit for damages at issue is not dependent on the severity of the misconduct. In this case, judicial immunity from a lawsuit for monetary relief depends on whether the defendant engaged in the misconduct while involved in the exercise of a judicial function, even if he acted in excess of jurisdiction. [Citations omitted.] Moreover, we have previously cited a number of cases that involve allegations, which because they were challenged at the demurrer stage were presumed to be true, of extremely serious judicial misconduct . . .. Those cases also involved allegations of extremely serious judicial misconduct that violated the litigants' statutory and constitutional rights, and in all of those scenarios, the absolute immunity from a suit for damages was found to apply as a matter of law. (Emphasis added.)

Even when the alleged judicial misconduct is bribery and corruption, courts have uniformly dismissed civil suits under the absolute judicial immunity doctrine. For example, in Riccotta v. State of

---

[2]The Court of Appeal also sustained the demurrer based upon the litigation privilege, which is discussed herein and an alternative ground for Mr. Allen's demurrer. The Court ruled that the litigation privilege barred liability for any of defendants' statements and "alleged nondisclosures." (Howard, supra, 222 Cal.App.3d at pp. 849-850.)

California (S.D. Cal. 1998) 4 F.Supp.2d 961, the plaintiff sued numerous state court judges (San Diego Superior Court Judge William Howatt Jr., Judge Thomas R. Murphy, Judge Marguerite L. Wagner, Judge Gerald L. Barry, Jr., Judge Ruston Maino), judge pro tems (Judge Pro Tem Paul E. Gavin and Judge Pro Tem Gordon Meyer) and others for violations of civil rights, RICO, conspiracy, and claims for equitable, injunctive, declaratory relief and restitution.

Each of the claims were based upon, among other things, allegations that the judges and judge pro tems had accepted bribes, made rulings against the plaintiff in his underlying marital dissolution proceedings as a result of undue influence, deprived the plaintiff of a fair trial, and had violated their duties under the Judicial Canons and other laws. (Id. at pp. 970-971.) The plaintiff sought damages for the amount of the judgments entered against him in the underlying dissolution proceedings, damages for alleged loss of business reputation and ability to earn a livelihood, attorneys' fees incurred in the "corrupt trials," punitive damages, and other damages and relief. (Id. at p. 971.)

In granting the defendant judges' motion to dismiss each of the claims alleged against them, with prejudice, the District Court stated:

> [A]llegations that a conspiracy produced a certain decision should no more pierce the actors' immunity than allegations of bad faith, personal interest or outright malevolence. [Citations omitted.] The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. [Citation omitted.] To effectuate this policy the Ninth Circuit broadly construes the scope of judicial immunity which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. [Citation omitted.] (Emphasis added.)

(Id. at p. 972.)

4. **Mr. Allen is a Judicial or Quasi-Judicial Officer Entitled to Protection from Civil Liability Under the Absolute Judicial Immunity Doctrine.**

Under the controlling legal authorities discussed herein, the application of the judicial immunity doctrine is dependent on two fundamental threshold determinations: (1) whether the defendant is a judicial or quasi-judicial officer, and (2) whether the alleged acts giving rise to the claims are "judicial acts."

As to the first threshold determination, Mr. Rogozienski admits Mr. Allen was acting as a temporary judge in the Rogozienski dissolution and, thus, was a judicial or quasi-judicial officer within the scope of the judicial immunity doctrine:

- "In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to an entry of the order that ALLEN could act as temporary judge in the Underlying Proceeding . . . ." (First Amended Complaint, ¶ 10; Exhibit "1" to NOL.);

- "ALLEN served as temporary judge from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his

7

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 97

LOVE00161

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 51 of 59

withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause." (First Amended Complaint, ¶ 10; Exhibit "1" to NOL.);

- "Between October 24, 2001 and November 19, 2001, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, presided over elements of the trial in that proceeding." (First Amended Complaint, ¶ 14; Exhibit "1" to NOL.);
- "On October 11, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the Underlying Proceeding to receive evidence on certain issues he had reserved from the trial in October - November 2000." (First Amended Complaint, ¶ 37; Exhibit "1" to NOL.);
- "On October 23, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, issued his Amended Statement of Decision. On November 12, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, signed and issued his Second Amended Statement of Decision and the final Judgment." (First Amended Complaint, ¶ 38; Exhibit "1" to NOL).

In addition to the factual admissions on the face of the First Amended Complaint that Mr. Allen was a temporary judge acting within the scope of his authority conferred upon him by the Superior Court, this Court may also take judicial notice of the order signed by the Presiding Judge of the Superior Court on August 4, 1998 approving and ordering that Mr. Allen act as temporary judge in the Rogozienski dissolution. (See Order, Stipulation and Oath for Temporary Judge attached as Exhibit "2" to the NOL; RJN "2".) In the order appointing Mr. Allen as temporary judge, the Superior Court conferred upon Mr. Allen the authority to perform "duties of the Judge of the Superior Court . . ." (See Ibid.) A duly appointed temporary judge "has full judicial powers, and his orders are as final and nonreviewable as those of a permanent judge." (In re Brittany K. (2002) 96 Cal.App.4th 805, 812.) Thus, the first requirement of the defendant's status as a judicial or quasi-judicial officer for the applicability of the judicial immunity doctrine is established.

5. **Mr. Allen's Alleged Acts Giving Rise to Each of Mr. Rogozienski's Nine Claims are Judicial Acts Protected by the Absolute Judicial Immunity Doctrine.**

The second threshold determination for the application of the judicial immunity doctrine -- whether the alleged acts giving rise to Mr. Rogozienski's claims are "judicial acts" -- are likewise admitted on the face of the First Amended Complaint. Mr. Rogozienski alleges that while acting in his capacity as temporary judge, Mr. Allen allegedly accepted a "gift" from Mr. Love, failed to disclose such "gift," and made unfair and incorrect rulings as a result of the alleged acceptance of the "gift." (See First Amended Complaint, paras. 14-41; Exhibit "1" to NOL .)

Mr. Rogozienski alleges that while Mr. Allen was acting in his capacity as temporary judge in the Rogozienski dissolution, he engaged in an alleged conspiracy with Mr. Love to cause damage to

8

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 98

LOVE00162

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/2?/2007 Page 52 of 59

Mr. Rogozienski. (First Amended Complaint, ¶ 16; Exhibit "1" to NOL.) In paragraphs 17 through 33 of the First Amended Complaint, Mr. Rogozienski claims that part of this alleged conspiracy involved an alleged improper transfer of Mr. Love's interest in the Warner Springs Ranch to non-party Harold S. Bottomley, who subsequently transferred the interest he received from Mr. Love to Mr. Allen at a time when Mr. Allen was acting as temporary judge in the Rogozienski dissolution.

Although Mr. Rogozienski makes a conclusory allegation that Mr. Allen's acts are not "judicial acts" protected by the judicial immunity doctrine (First Amended Complaint, ¶ 47), the factual allegations in the First Amended Complaint demonstrate otherwise.[3] The factual allegations (paragraphs 1 through 50) which are incorporated into each of the nine causes of action against Mr. Allen are premised upon precisely the type of alleged misconduct which are judicial acts absolutely protected by the judicial immunity -- the alleged acceptance of a "bribe," "corruption," failure to disclose alleged conflicts of interest, and improper rulings as a result of alleged undue influence which have purportedly caused Mr. Rogozienski damages.[4] (See e.g., Ricotta, supra, 4 F.Supp.2d at p. 970 [claims based upon alleged bribery and corruption dismissed under judicial immunity doctrine]; Frost, supra, 200 Cal.App.3d at p. 1107 [claims for corruption and conspiracy dismissed under judicial immunity doctrine]; Howard, supra, 222 Cal.App.3d at p. 848 [various claims based upon alleged failure to disclosed conflicts of interest dismissed under judicial immunity doctrine].) For example, Mr. Rogozienski alleges that after Mr. Allen

---

[3]Such conclusory allegations may be properly disregarded on demurrer. (See Taliaferro, supra, 182 Cal.App.2d at p. 592; Moore, supra, 51 Cal.3d at p. 125.)

[4]The first cause of action for intentional interference with contractual relations, the third cause of action for intentional interference with prospective economic relations, and the fifth cause of action for negligent interference with economic advantage all allege that Mr. Allen's improper rulings made in his capacity as temporary judge wrongfully interfered with Mr. Rogozienski's purported contractual or economic relationships with his former wife, his employer, and his family law counsel.

The seventh cause of action for civil rights violations alleges that Mr. Allen's improper acts while acting in his capacity as temporary judge deprived Mr. Rogozienski of his right to a fair trial.

The eighth cause of action for deceit/fraudulent concealment alleges that in his capacity as temporary judge, Mr. Allen failed to disclose the alleged "gift" to Mr. Rogozienski.

The ninth cause of action for breach of contract alleges that in his capacity as temporary judge, Mr. Allen breached his contract with Mr. Rogozienski to serve as temporary judge by accepting the alleged "gift" and continuing to accept payment for services from Mr. Rogozienski.

The eleventh cause of action entitled, "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence allege that in his capacity as temporary judge, Mr. Allen's alleged acceptance of the "gift" and his failure to disclose the "gift" constitute violations of ethical rules.

The thirteenth cause of action for unjust enrichment alleges that all of Mr. Allen's allegedly improper acts done in his capacity as temporary judgment -- accepting the "gift," failing to disclose the "gift," and making improper rulings -- constitute unjust enrichment.

EXHIBIT 1 PAGE 99

9

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00163

Case 3:07-cv-00742-J[illegible]WMC Document 1-2 Filed 04/[illegible]/2007 Page 53 of 59

allegedly accepted the improper "gift" from Mr. Love, Mr. Allen engaged in the following allegedly improper acts while acting in his capacity as temporary judge:[5]

- "On October 11, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the Underlying Proceeding to receive evidence on certain issues he had reserved from the trial in October - November 2000. The trial on these issues was completed on that date. At this hearing, ALLEN stated he would order Plaintiff herein to pay $250,000 of Petitioner's attorneys' fees and costs, including fees for LOVE." (Emphasis added.) (First Amended Complaint, ¶ 37; Exhibit "1" to NOL.);

- "Although both knew, neither LOVE nor ALLEN made any disclosure of the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made to ALLEN in March of 2002 . . . ." (First Amended Complaint, ¶ 37; Exhibit "1" to NOL.);

- "On December 17, 2002, LOVE met privately with ALLEN, without notice, and obtained ALLEN's signature on certain orders which permitted the immediate issuance, over the counter, of a writ of execution on Plaintiff's separate and share of the community property within which permitted the levy on assets held in Plaintiff's Family Trust." (Emphasis added.) (First Amended Complaint, ¶ 39; Exhibit "1" to NOL.)[6]

Although Mr. Rogozienski attempts to avert the application of the judicial immunity doctrine by carefully avoiding use of the terms "bribery" or "corruption" on the labels he attaches to his causes of action and in his factual allegations -- the same allegations which courts have held are absolutely protected by the judicial immunity doctrine -- Mr. Rogozienski alleges in the eleventh cause of action entitled, "Willful Misconduct and Intentional Infliction of Injury" that Mr. Allen's alleged breach of his duties in his capacity as temporary judge constitute "bribery and corruption." (First Amended Complaint, ¶ 122; Exhibit "1" to NOL.) In addition, Mr. Rogozienski alleges:

> "On information and belief, the gift of the LOVES' unit 850 one-half interest in Warner Springs Ranch constituted bribery and corruption . . . ." (First Amended Complaint, ¶ 124; Exhibit "1" to NOL.)

In short, the factual allegations in the First Amended Complaint, which are incorporated in each of the nine claims asserted against Mr. Allen, demonstrate on their face that the alleged wrongful acts causing Mr. Rogozienski's alleged damages are judicial acts absolutely protected by the judicial

EXHIBIT 1 PAGE 100

---

[5]Although the truth of allegations are assumed on demurrer, Mr. Allen does not concede the truth of Mr. Rogozienski's allegations of wrongdoing or misconduct.

[6]Mr. Allen disputes Mr. Rogozienski's allegations of undue influence and improper rulings. This is consistent with Retired Superior Court Judge Anthony Joseph's findings submitted to the court in the Rogozienski dissolution. (See RJN "9"; Exhibit "9" to NOL.)

10

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00164

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/2?/2007 Page 54 of 59

immunity doctrine.[7] Mr. Rogozienski's claims against Mr. Allen -- regardless of the severity of the alleged misconduct -- are precluded as a matter of law under established law protecting judicial and quasi-judicial officers from civil liability for acts performed within the scope of judicial duties. For this reason alone, the demurrer as to each of the claims against Mr. Allen should be sustained, without leave to amend.

B. The Litigation Privilege Precludes Each and Every Claim Alleged Against Mr. Allen.

1. The Litigation Privilege.

Under established California law, even fraudulent and malicious communications are absolutely immune from civil liability if they are made in a judicial or quasi-judicial proceeding to further the objects of the litigation. (Civ. Code, § 47, subd. (b); Silberg v. Anderson (1990) 50 Cal.3d 205, 212; see also Rubin v. Green (1993) 4 Cal.4th 1187, 1193-1194 ["[F]or well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47(b)."]) In Silberg, the parties in the marital dissolution proceeding selected a psychologist (recommended by the wife's attorney) to make recommendations to the court regarding child custody. (Id. at p. 210.) Dissatisfied with the custody ruling, the husband sued the wife's attorney for breach of contract, negligence and "intentional tort." (Id. at p. 211.). The husband alleged that the attorney had an undisclosed relationship with the court appointed psychologist which influenced the recommendation and, ultimately, the court's ruling. (Id. at p. 210.)

The California Supreme Court upheld the trial court's order sustaining the defendant's demurrer without leave to amend because the defendant's failure to disclose a preexisting relationship that allegedly influenced the psychologist's neutrality and independence was absolutely privileged under Civil Code section 47, subd. (b). (Id. at p. 220.) The Silberg court broadly construed the privilege, stating that the litigation privilege "was never intended as a test of a participant's motives, morals, ethics or intent." (Id. at p. 220.) The strict immunization to liability for torts arising from communications in judicial proceedings enhances "the finality of judgments" and avoids "an unending roundelay of litigation, an evil far worse than an occasional unfair result." (Id. at p. 214.) Even though an unfair result may occasionally occur, "the salutary policy reasons for an absolute privilege supersede individual litigants' interests in recovering damages for injurious publications made during the course of judicial proceedings." (Id. at pp. 213-214, 218.)

EXHIBIT 1 PAGE 101

[7]Mr. Rogozienski's single paragraph allegation in the first amended complaint regarding Mr. Allen's alleged statements to the press does not appear to be the basis of any of the nine claim alleged against Mr. Allen. (See First Amended Complaint, ¶ 44; Exhibit "1" to NOL.) The allegation is uncertain and at a minimum, is subject to a special demurrer. To the extent that the allegation is a basis for any claim against Mr. Allen, such claims are barred by the defenses raised by this demurrer.

11

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00165

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/2?/2007 Page 55 of 59

2. Mr. Rogozienski's Claims Must be Dismissed as a Matter of Law Because They are Based Upon Privileged Communications.

Each of the nine claims against Mr. Allen are based upon alleged damages caused by Mr. Allen's judgments, rulings, and decisions made during the Rogozienski dissolution, which are absolutely protected under the litigation privilege. Moreover, based upon the Silberg court's ruling that an alleged failure to disclose an advantageous relationship influencing the proceedings is also absolutely privileged, Mr. Rogozienski's claims based upon Mr. Allen's alleged failure to disclose his relationship with Mr. Love and the alleged "gift" are likewise protected and cannot give rise to civil liability.

Despite Mr. Rogozienski's conclusory allegation that the litigation privilege is inapplicable (First Amended Complaint, ¶ 48), the factual allegations demonstrate that all of the claimed damages are caused by Mr. Allen's judgments, rulings, and decisions in the judicial proceeding[8] or the alleged failure to make certain disclosures in the judicial proceeding -- communications which are absolutely protected by the litigation privilege. (First Amended Complaint, ¶¶ 36-40, Exhibit "1" to NOL.) The demurrer as to each of the claims based upon these privileged communications should be sustained, without leave to amend.

C. Mr. Rogozienski's Claims against Mr. Allen are Barred by the Tort Claims Act.

1. The Tort Claims Act Requires Timely Presentation of Claims.

Under the Tort Claims Act, the filing of a timely claim against the employing public entity is a condition precedent to filing an action against a public employee.[9] (See Gov. Code § 905.2; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.) Under Government Code section 950.2, "a cause of action against a public employee or former employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred . . . ." Tort claims against a public entity must be brought within six months after the accrual of the cause of action, and contract or other claims are barred one year after the accrual of the cause of action. (Gov. Code § 911.2.) Absent a timely claim under Government Code section 911.2, no action for money or damages may be brought against a public entity. (See Gov. Code § 945.4; Munoz v. State of California (1995) 33 Cal.App.4th 1767, 1777.)

An "employee" includes an "officer" and a "judicial officer" as defined in Elections Code section 327, "whether or not compensated for such office." (See Gov. Code § 810.2, emphasis added.) Elections Code section 327 defines a "judicial officer" to include Superior Court judges. The Tort Claims Act

---

[8]See First Amended Complaint, paragraphs 37-39, 45-46, 58, 73, 90, 100, 108, 115, 128, 135, 137, Exhibit "1" to NOL. To the extent that Mr. Rogozienski alleges that certain statements to the press caused him harm, the litigation privilege protects those statements as well. (Civ. Code, §§ 47, subd. (c); 47, subd. (d); see also, Soliz, supra, 74 Cal.App.4th at p. 595, fn. 6.)

[9]Under Government Code section 905.2, claims for "money or damages on express contract, or for an injury for which the state is liable" may be presented against a public entity.

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 102

12

LOVE00166

applies to court-appointed quasi-judicial officers. (See e.g., Fisher v. Pickens (1990) 225 Cal.App.3d 708, 711, 718 [claims against court appointed investigator dismissed based upon failure to comply with claim presentation requirement under Tort Claims Act and judicial immunity doctrine.]).

Failure to allege facts demonstrating or excusing compliance with the timely claim presentation requirement under the Tort Claims Act subjects a claim to a demurrer. (State v. Superior Court (Bodde) (2004) 32 Cal.4th 1234, 1237.)

2. **Mr. Rogozienski's Claims are Barred as a Result of the Failure to Comply with the Tort Claims Act.**

Mr. Allen, a temporary judge duly appointed by the Superior Court and vested with "full judicial powers," is an "employee" within the meaning of the Tort Claim Act. (See Exhibit "2" to the NOL; RJN "2"; In re Brittany K., supra, 96 Cal.App.4th at p. 812; Cal. Const., art. VI, § 21 [court may order temporary judge to be empowered to act in a cause until its final determination].) Each of Mr. Rogozienski's nine claims against Mr. Allen is based upon "injury resulting from an act or omission in the scope of [Mr. Allen's] employment" -- rulings and acts done in his capacity as temporary judge. As such, Mr. Rogozienski is required to comply with the filing requirements under the Tort Claims Act, and allegations of Mr. Allen's misconduct within the scope of the duties of his appointment does not obviate the filing requirements. (See e.g., Neal v. Gatlin (1973) 35 Cal.App.3d 871, 873 [claims for malicious and libelous statements dismissed on demurrer based upon failure to comply with Tort Claims Act]; Meester v. Davies (1970) 11 Cal.App.3d 342, 348 [claims for tortious interference with contract and conspiracy dismissed on demurrer based upon failure to comply with Tort Claims Act].)

Mr. Rogozienski alleges that the purported wrongful acts occurred "no later than November or early December of 2001" and continued until March 27, 2002 when he discovered the alleged wrongful acts. (First Amended Complaint, ¶¶ 16, 49; Exhibit "1" to NOL.) Thus, under Government Code section 911.2, Mr. Rogozienski was required to file his tort claims against Mr. Allen with Mr. Allen's employing public entity (e.g., the San Diego Superior Court) within six months after such claims accrued -- no later than September 2002 -- and his contract claims within one year after such claims accrued -- no later than March 27, 2003. As Mr. Rogozienski's first amended complaint is completely void of any allegation that he timely complied with the filing requirement under the Tort Claims Act, the demurrer should be sustained, without leave to amend, as to each of the claims against Mr. Allen.

D. **Other Independent Grounds Exist to Sustain the Demurrer.**

Based upon the absolute judicial immunity doctrine, the litigation privilege, and the Tort Claims Act, the demurrer should be sustained, without leave to amend as to every cause of action against Mr. Allen. However, as discussed below, other separate and independent grounds for demurrer also exist as to specific causes of action.

EXHIBIT 1 PAGE 103

1. **The Eleventh Cause of Action for "Willful Misconduct and Intentional Infliction of Injury" and the Twelfth Cause of Action for Negligence Fail to State a Cause of Action.**

a. **There is No Cause of Action Based Upon an Alleged Violation of the Rules of Professional Conduct.**

A violation of a Rule of Professional Conduct cannot create liability for damages in a civil action. (See Rules of Professional Conduct, Rule 1-100 ["These rules are not intended to create new civil causes of action . . .."]; Noble v. Sears, Roebuck & Co. (1973) 33 Cal.App.3d 654, 658-659 ["[There] is no authority for the proposition that a violation of [a Rule of Professional Conduct] subjects an attorney to liability in damages."].)

In Noble, the Court of Appeal affirmed the trial court's order sustaining a demurrer to a complaint without leave to amend as to a claim which was based upon an alleged violation of the Rules of Professional Conduct.[10] The Court of Appeal rejected the plaintiff's contention she had stated an actionable claim based upon an alleged violation of a Rule of Professional Conduct:

> [There] is no authority for the proposition that a lawyer who is subject to disciplinary action by the State Bar is thereby made subject to a civil action for damages, whether or not an established tort has been committed by the lawyer. (Emphasis added.)

(Noble, supra, 33 Cal.App.3d at p. 659; see also Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal.App.3d 1324, 1332-1333 [affirmed sustaining of demurrer, without leave to amend, as to claims for fraud, deceit, and negligent misrepresentation based upon a violation of the Rules of Professional Conduct.])

b. **Mr. Rogozienski's Claims are Improperly Based upon an Alleged Violation of the Rules of Professional Conduct and Judicial Canons.**

Both the eleventh cause of action for "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence are improperly based upon alleged violations of Rule 1-710 of the Rules of Professional Conduct and Judicial Canon 6D(2)(f). (First Amended Complaint, ¶¶ 120-121, 124, 126, 130-132; Exhibit "1" to NOL.) These allegations cannot support an actionable claim against Mr. Allen. As California law precludes a civil action for damages based upon an alleged violation of the Rules of Professional Conduct, the eleventh cause of action for "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence are barred as a matter of law. As such, the demurrer should be sustained, without leave to amend.

///

EXHIBIT 1 PAGE 104

[10] The demurrer was sustained, without leave to amend as to a cause of action entitled, "invasion of attorney-client relationship." (Noble, supra, 33 Cal.App.3d at pp. 658-659.)

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

14

LOVE00168

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/2?/2007 Page 58 of 59

2. **The Seventh Cause of Action for Civil Rights Violations is Uncertain.**

In the seventh cause of action for civil rights violations, Mr. Rogozienski alleges:

> ". . . Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of Plaintiff's rights to a fair trial secured by the Constitution and laws of the United States and the State of California. This right to a fair trial includes a trial free from actions and conduct which disqualify the trial judge and a trial where doubts are not raised concerning the trial judge's impartiality." (First Amended Complaint, ¶ 99; Exhibit "1" to NOL.)

Mr. Rogozienski's allegations are uncertain, ambiguous, and unintelligible and are subject to a special demurrer under Code of Civil Procedure section 430.10, subdivision (f). (See also Khoury v. Maly's of California, Inc. (1993) 14 Cal.App. 4th 612, 617-619 [demurrer for uncertainty will be sustained where defendant cannot reasonably determine issues to be admitted or denied or the claims being directed against him.]) Mr. Allen cannot reasonably determine what alleged acts of "interfer[ence] by coercion" are, how Mr. Rogozienski was allegedly deprived of a right to a fair trial, or whether Mr. Rogozienski is asserting a claim under federal or state law. The demurrer should be sustained for uncertainty.

V.

**CONCLUSION**

Mr. Allen cannot be liable to Mr. Rogozienski for any claim as a matter of law based upon the absolute judicial immunity doctrine, the litigation privilege, and Mr. Rogozienski's failure to comply with the Tort Claims Act. Each of these well-established defenses defeat each of the nine claims in the first amended complaint alleged against Mr. Allen. Mr. Allen respectfully requests that the demurrer be sustained, without leave to amend.

Dated: June 13, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: [signature]
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

EXHIBIT 1 PAGE 105

15

JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE00169

Case 3:07-cv-00742-JAH-WMC Document 1-2 Filed 04/  /2007 Page 59 of 59

LOVE00170

Case 3:07-cv-00742-J[illegible]WMC Document 1-4 Filed 0[illegible]/2007 Page 1 of 86

Daniel M. White (SBN# 068011)
Steven G. Amundson (SBN# 073501 )
WHITE & OLIVER
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant
S. MICHAEL LOVE

[illegible] OFFICE 18
CENTRAL DIVISION
2005 MAY 25 P 4: 19
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

FRANK E. ROGOZIENSKI,

Plaintiff,

v.

JAMES D. ALLEN, S. MICHAEL LOVE, and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC843843

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT**

**Date: July 15, 2005**
**Time: 11:00 a.m.**
**Dept: 61**
**The Honorable John S. Meyer**

**EXHIBIT 1 PAGE 159**

WHITE & OLIVER
A Professional Corporation

63642.1
MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

LOVE00171

TABLE OF CONTENTS

Pages

I. INTRODUCTION . . . . . 1

II. THE ALLEGATIONS OF THE UNDERLYING "GIFT" WHICH CONSTITUTE THE FACTUAL BASIS FOR ALL FRANK R.'S CAUSES OF ACTION . . . . . 3

III. THE RULES OF PROFESSIONAL CONDUCT AND LOVE'S DUTY . . . . . 3

IV. THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE CAUSES OF ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AND ARE UNCERTAIN . . . . . 4

V. THE THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE CAUSES OF ACTION AGAINST LOVE FOR INTENTIONAL OR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND ARE UNCERTAIN . . . . . 5

VI. THE SEVENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATIONS AGAINST THIS DEFENDANT . . . . . 7

VII. THE EIGHTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT . . . . . 7

VIII. THE TENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT . . . . . 8

IX. THE ELEVENTH AND TWELFTH CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT . . . . . 9

X. THE THIRTEENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT . . . . . 10

XI. CONCLUSION . . . . . 11

WHITE & OLIVER
A Professional Corporation

EXHIBIT 1 PAGE 160

LOVE00172

TABLE OF AUTHORITIES

Pages

CASES

*Calistoga Civic Club v. Calistoga* (1983) 143 Cal.App.3d 111 .......... 10

*Burger v. Pond* (1990) 224 Cal.App.3d 597 .......... 4

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.App.4th 376 .......... 4

*Dupont v. Dupont* (2001) 88 Cal.App.4th 192 .......... 1

*Fox v. Pollack* (1986) 181 Cal.App.3d 954 .......... 4

*Jenkins v. MCI Telecommunications Corp.* (C.D. Cal. 1997) 973 F.Supp. 1133 .......... 7

*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326 .......... 8

*Rose v. Royal Ins. Co.* (1991) 2 Cal.App.4th 709 .......... 3

*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736 .......... 9

*Settimo Assoc. v. Environ Systems, Inc.* (1993) 14 Cal.App.4th 842 .......... 6

*Youst v. Longo* (1987) 43 Cal.3d 64 .......... 6

EXHIBIT 1 PAGE 161

STATUTES

Code of Civil Procedure section 430.3(a) .......... 1

Business and Professions Code section 17200 .......... 8

California Rule of Professional Conduct 1-100 .......... 9

California Rule of Professional Conduct 5-300 (A) .......... 1, 3, 4, 9, 11

Code of Civil Procedure section 430.20(a) .......... 7

Code of Civil Procedure section 431.20(b) .......... 7

Evidence Code section 452(d) .......... 1

WHITE & OLIVER
A Professional Corporation

Evidence Code section 453 .......... 1

OTHER

11 Witkin, Summary of California Law (9th Ed.) *Trusts*, §305 .......... 10

WHITE & OLIVER
A Professional Corporation

EXHIBIT 1 PAGE 162

- iii -

63642.1

MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

LOVE00174

I.

INTRODUCTION

Plaintiff Frank Rogozienski ("Frank R.")[1] now attempts to state a variety of causes of action against two defendants. They are James D. Allen ("Allen"), who served as a stipulated acting judge in the dissolution proceeding between Frank R. and his ex-wife Shirley Rogozienski ("Shirley R."), and demurring defendant S. Michael Love ("Love"), who represented Shirley R. during a part of that dissolution action, which has not concluded. As against Love, Frank R. attempts but fails to plead twelve separate civil causes of action, all based solely on a claim that Love violated California Rule of Professional Conduct ("RPC") 5-300(A).

The alleged violation was a gift by Love ultimately to Allen of a half-interest share in Winter Springs Ranch in March 2002. First Amended Complaint ("FAC") ¶ 42. Allen was then serving a judge in the dissolution proceeding between Frank R. and Shirley R. (FAC ¶ 10), in which Love was then representing Shirley R. FAC ¶ 9. Allen withdrew as judge in the dissolution action on March 23, 2003. FAC ¶ 41. Frank R. then challenged rulings which had been made by Allen. FAC ¶ 43.

On October 20, 2004, the rulings made by Allen after, *but not those before the February 2002 transfer of Love's interest in the Warner Spring Ranch*, were set aside. October 20, 2004 Statement of Decision ("SOD") in *Shirley R. v. Frank R.*, San Diego Superior Court Case No. D440154. The court is requested to take judicial notice of a certified copy of that statement of decision. (Evidence Code sections 452(d) and 453.) The court is authorized to consider as grounds for demurrer matters of which the court may or must take judicial notice. Code of Civil Procedure section 430.3 (a). A new trial in the dissolution action between Frank R. and Shirley R. was then ordered as to those post-"gift" rulings which had been set aside. SOD, p. 11. In other words, any rulings by Allen which may have been tainted, or perceived to be possibly tainted,

EXHIBIT 1 PAGE 163

[1] The underlying action was a marital dissolution proceeding between the Rogozienskis, in which defendant S. Michael Love represented the wife. For clarity and ease of reference, and because it is the preferable practice in family law, the parties to that underlying action will be referred to by their first names. *Dupont v. Dupont* (2001) 88 Cal.App.4th 192, 194.

WHITE & OLIVER A Professional Corporation

were set aside with Frank R. now entitled to a "do over" of them.

Frank R. here acknowledges that he "is in some doubt as to whether he is entitled to redress from all the Defendants or from one or more of them... ." FAC ¶ 8. Ignoring these doubts, Frank R. nevertheless attempts to plead some twelve causes of action against Defendant Love. All are based on Love's claimed violation of RPC 5-300(A) which, as will be explained, does not give rise to any civil cause of action. These include:

- The first and second causes of action for intentional interference with contractual relations;
- The third and fourth causes of action for intentional interference with prospective economic advantage;
- The fifth and sixth causes of action for negligent interference with prospective economic advantage;
- The seventh cause of action for civil rights violations absent any allegation Love was a state actor;
- The eighth cause of action for fraudulent concealment;
- The tenth cause of action for unfair competition in violation of Business and Professions Code ("B&P") section 17200;
- The eleventh cause of action for "willful misconduct and intentional infliction of injury" (with no attempt to even set forth a legally cognizable tort);
- The twelfth cause of action for negligence; and
- The thirteenth cause of action for unjust enrichment.

Frank R. should have listened to his doubts, because in every instance he fails to state facts sufficient to constitute a cause of action against Love. He has no right to redress against Love.

///

///

///

///

WHITE & OLIVER
A Professional Corporation

EXHIBIT 1 PAGE 164

II.

**THE ALLEGATIONS OF THE UNDERLYING "GIFT" WHICH CONSTITUTE THE FACTUAL BASIS FOR ALL FRANK R.'S CAUSES OF ACTION**

Frank R. alleges a chronological history of events, which for purposes of this demurrer are assumed to be true. *Rose v. Royal Ins. Co.* (1991) 2 Cal.App.4th 709, 716. Frank R. and Shirley R. were married from 1992. In October 1997 Shirley R. brought a dissolution action, in which Love represented her until February 2005. FAC ¶ 9. In June 1998 Frank R. and Shirley R. entered into a written agreement for Allen to act as temporary judge in the dissolution action, the costs to be split. FAC ¶ 10. Allen was appointed and served in that capacity until he withdrew on March 27, 2003. FAC ¶ 10.

Allen was friends with attorney Harold Bottomley, who was a former associate in Allen's firm. FAC ¶ 11. Bottomley was interested in acquiring a membership in Warner Springs Ranch, and Allen became interested. FAC ¶ 15. Love had two separate half-interest memberships in Warner Springs, which he was not using and no longer wanted. FAC ¶ 17. In February 2002, Love quit-claimed the two interests to Bottomley, who in turn quit-claimed one to Allen. FAC ¶ 24-25. Neither Allen nor Love disclosed this to Frank R. FAC ¶ 36. Allen subsequently made decisions in the dissolution action, including an order that Frank R. pay $250,000 for Shirley R.'s attorneys fees. FAC ¶ 37-38. The rulings and orders of Allen subsequent to the gift were set aside and are subject to new trial. October 20, 2004 SOD. FAC ¶ 43.

III.

**THE RULES OF PROFESSIONAL CONDUCT AND LOVE'S DUTY**

EXHIBIT 1 PAGE 165

Frank R. asserts that Love's gift to Allen violated Rule of Professional Conduct 5-300(A). FAC ¶ 120-121. From nothing more than this alleged violation, Frank R. attempts to state twelve separate causes of action against Love. Frank R. was the party adverse to Love's client Shirley in the dissolution proceeding. No matter how it is couched under the various tort claims Frank R. attempts to plead, Love owed no duty to Frank R. not to violate RPC 5-300(A). "[T]he

WHITE & OLIVER A Professional Corporation

LOVE00177

attorney is not burdened with any duty toward nonclients merely because of his or her status as an attorney." *Fox v. Pollack* (1986) 181 Cal.App.3d 954, 960, cited in *Burger v. Pond* (1990) 224 Cal.App.3d 597. Love simply had no duty to Frank which would give rise to any tort cause of action arising out of a violation of RPC 5-300(A).

Frank R. also asserts that Allen, but not Love, had a duty as a temporary judge to make disclosures about the gift. FAC ¶ 123. Frank R. got the relief the law provides for any claimed violation by the disqualification of Allen and partial set aside, that of post-"gift" rulings. October 20, 2004 SOD.

IV.

**THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE CAUSES OF ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AND ARE UNCERTAIN**

The First Cause of Action is against both Allen and Love for intentional interference with contractual relationships. Those relationships alleged in the First Cause of Action are: (a) contractual relationships between Frank R. and Shirley R. - FAC ¶ 52; (b) Frank R's contractual relationships with Qualcomm for his stock and with unidentified third parties - FAC ¶ 53; (c) and the contractual relationship between Frank R. and his lawyer in the dissolution proceeding - FAC ¶ 54. Defendants allegedly prevented performance of those contracts or caused them to be more expensive and burdensome. FAC ¶ 57. The Second Cause of Action is only against Love. Frank R. alleges Love's gift to Allen somehow interfered with Frank R.'s agreement for payment of services to Allen, in Allen's capacity as temporary judge in the dissolution proceeding. FAC ¶ 61-63.

EXHIBIT 1 PAGE 166

Both causes of action fail to state facts sufficient to constitute causes of action against Love, because they fail to allege facts and are uncertain. In its decision in *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, this court explained the requisites of a claim for intentional interference with contractual relations, as had been addressed by the California Supreme Court in *Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.App.4th 376. Among the elements are that the defendant must have engaged in intentional acts designed to induce a

WHITE & OLIVER
A Professional Corporation

breach or disruption of the contractual relationship, and actual breach or disruption of the relationship with resulting damages. *Id.* at 343-344. This court found that LiMandri in his complaint had stated facts sufficient to constitute a cause of action, reciting LiMandri's allegations as to the specifics and the methods and conduct by which there had been interference causing him damage. *Id.* at 344.

Love fails completely to allege any such facts in either of the first two causes of action. There is no allegation, nor can there conceivably be one, as to how Love's "gift" to Allen interfered with the pre-nuptial agreement or property agreements between Frank R. and Shirley R., or with Frank R.'s contracts for Qualcomm stock, or with Frank R.'s fee agreement with his own dissolution attorney. FAC ¶ 52-54. Similarly there is no allegation as to how Love's gift to Allen caused damage to Frank R. with respect to Frank R.'s obligation to pay half of Allen's fees for services of temporary judge. FAC ¶ 61. To the contrary Frank R. acknowledges that he challenged Allen, who withdrew. FAC ¶ 41.

WHITE & OLIVER
A Professional Corporation

V.

**THE THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE CAUSES OF ACTION AGAINST LOVE FOR INTENTIONAL OR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND ARE UNCERTAIN**

The Third Cause of Action alleges that Love (and Allen) intentionally interfered with the prospective economic advantage Frank R. claims he would derive from: (a) the economic relationship between Frank R. and Shirley R., who was suing him for divorce; (b) the economic relationship between Frank R. and the attorney he was paying to represent him in the divorce; and (c) between Frank R. and Qualcomm or other unidentified third persons with whom he proposed to do business. FAC ¶ 68. The Fourth Cause of Action, against only Love, alleges that Love interfered with the "probable future economic" advantage Frank R. hoped to derive from his economic relationship with Allen (FAC ¶ 76), which economic relationship is identified as nothing more than Frank R. paying one-half of Allen's fees as a temporary judge. FAC ¶ 10.

///

EXHIBIT 1 PAGE 167

The Fifth Cause of Action against Love (and Allen) is for negligent interference with prospective economic advantage. The economic relationships from which anticipated future economic benefit with which there was alleged interference causing Frank R. damages, again were: (a) the economic relationship between Frank R. and Shirley R., who was suing him for divorce; (b) the economic relationship between Frank R. and the lawyer he was paying to represent him in the dissolution; and (c) the economic relationship between plaintiff and Qualcomm and other unspecified third persons, which relationships are identified nor is provided how Love possibly interfered with them, either intentionally or negligently. FAC ¶ 84.

The Sixth Cause of Action again alleges that Frank Rogozienski's relationship with Allen – that for which Frank was paying half of Allen's fee for services as a temporary judge (FAC ¶ 10) contained probable future economic benefit or advantage to Frank Rogozienski (FAC ¶ 92). Frank Rogozienski has not alleged facts, nor can it be conceived, how this was to have occurred.

All four causes of action fail to state facts sufficient to constitute a cause of action against Love for any interference with prospective economic relations, whether intentional or negligent. "The tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." *Settimo Assoc. v. Environ Systems, Inc.* (1993) 14 Cal.App.4th 842, 845. A threshold with respect to the issue of a prospective economic benefit is that "it must be reasonably probable that the prospective economic advantage would have been realized but for defendant's interference." *Youst v. Longo* (1987) 43 Cal.3d 64, 71.

There is nothing alleged in the Third through the Sixth Causes of Action to state facts or even suggest how Love interfered with economic relationships which could prospectively have brought economic advantage to Frank, whether it be the economic relationship alleged between Frank and Shirley, who was suing him for divorce, between Frank and Frank's divorce lawyer whose fees were being paid by Frank, or between Frank and Allen, half of whose fees were being paid by Frank. The only other prospective economic relationship(s) is between Frank and Qualcomm or unnamed third parties. However, the FAC is silent as to what those relationships

WHITE & OLIVER
A Professional Corporation

- 6 -

63642.1
MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

EXHIBIT 1 PAGE 168

LOVE00180

prospectively were, or how any conduct by Love interfered, particularly with those of unnamed third persons. The Third through the Sixth Causes of Action collectively fail to state facts sufficient to constitute any cause of action against Love. Code of Civil Procedure section 430.20(a). They are uncertain and completely unintelligible as to what those relationships were or how Love might have interfered with them. Code of Civil Procedure section 431.20(b).

VI.

**THE SEVENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATIONS AGAINST THIS DEFENDANT**

Defendant Love is alleged to have been a private attorney representing Shirley Rogozienski in the dissolution proceeding she brought against Frank. (FAC ¶ 9.) Love as a private party is alleged to have made a gift of a membership interest in Warner Springs Ranch to Attorney Allen. (FAC ¶¶ 29-30.) Frank Rogozienski asserts he was denied the right to a fair trial. (FAC ¶ 99.)

The Seventh Cause of Action fails to state and cannot be amended to state a cause of action for violation of civil rights. "State action is a prerequisite for maintaining a cause of action for a violation of civil rights." *Jenkins v. MCI Telecommunications Corp.* (C.D. Cal. 1997) 973 F.Supp. 1133, 1136. Frank has not alleged and cannot allege that Love was a state actor, and as such his claim for civil rights violations against Love must fail as a matter of law. (*Id.* at 1136.) The Seventh Cause of Action fails to state any cognizable cause of action.

VII.

**THE EIGHTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT**

The Eighth Cause of Action fails to state any claim against Love for fraudulent concealment. Frank alleges that Allen and Love did not disclose the fact of a gift to Allen of the one-half interest in a Warner Springs membership, which gift he alleges defendants "should have disclosed." (FAC ¶ 103.) Love represented Shirley, and Frank was the adverse party in the dissolution proceeding. One essential element of a claim for fraudulent concealment which must

WHITE & OLIVER
A Professional Corporation

be alleged is that there is some basis by which Love may have had a duty to disclose the gift to Frank. This court again addressed those circumstances in the *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326 action. As stated:

> There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. . . Each of the [three nonfiduciary] circumstances in which nondisclosure may be actionable presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise.
>
> [S]uch a relationship can only come into being as a result of some sort of transaction between the parties. . . Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement.' All of these relationships are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances.

*Id.* at 326, 336-337.

The court found that LiMandri had not sufficiently alleged circumstances, nor could he allege circumstances, by which he could allege that a duty of disclosure had been imposed on defendant Judkins. Similarly here, Frank has not met and cannot meet that burden. None of the circumstances has been alleged, and none existed.

VIII.

EXHIBIT 1 PAGE 170

THE TENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT

Frank claims that Love engaged in unfair and fraudulent business practices in violation of Business and Professions Code section 17200, *et seq.*, because the Warner Springs gift provided an unfair advantage. (FAC ¶ 117.) First, it must be remembered that all the rulings by Allen subsequent to the "gift" have been set aside, with a new trial pending.

In particular as against Love, the cause of action is therefore nonsensical. There is no allegation, nor has California law recognized, that a violation of RPC 5-300(A) constitutes an unfair business practice under Business and Professions Code section 17200. Love represented

WHITE & OLIVER
A Professional Corporation

Shirley in her divorce action against Frank. There would be no relief available under the act. There is and could be no injunction as against Love under Business and Professions Code section 17203 based on the conduct alleged. Similarly, there is not any allegation that Love is in possession of anything of Frank's which Love could be ordered to restore under section 17203. Love did not receive anything by way of Love's gift to Allen which would be legally restorable to Frank. The demurrer should be sustained without leave to amend.

IX.

**THE ELEVENTH AND TWELFTH CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT**

The Eleventh Cause of Action is not labeled, nor does it include in its contents any allegations of the elements of any cognizable tort for which Frank R. could pursue relief as against Love. Rather, the Eleventh Cause of Action alleges that Love and Allen breached their respective duties to him in their capacities as members of the State Bar of California. (FAC ¶ 132.)

In the Eleventh and Twelfth Causes of Action, it is alleged that Love violated RPC Rule 5-300(A). The alleged violation is alternatively claimed to be willful (FAC ¶ 124), or negligent (FAC ¶ 134). As discussed, a violation of that Rule of Professional Conduct does not give rise to a civil cause of action, either for alleged willful and intentional conduct or negligent conduct. RPC 1-100. "There is no independent cause of action for the breach of a disciplinary rule. While the rules may provide a standard of conduct for attorneys, they do not alone support a claim for damages." (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 746 (citations omitted).)

As set forth in RPC 1-100(A):

EXHIBIT 1 PAGE 171

> These rules are not intended to create new civil causes of action. Nothing in these rules shall be deemed to create, augment, diminish, or eliminate any substantive legal duty of lawyers or the non-disciplinary consequences of violating such a duty. RPC 1-100(A).

The Eleventh and Twelfth Causes of Action do not state causes of action, and the allegations therein do not and cannot constitute causes of action, in California. The demurrer to

WHITE & OLIVER
A Professional Corporation

these causes of action should be sustained without leave to amend.

X.

**THE THIRTEENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT**

The Thirteenth Cause of Action as against all defendants is entitled "unjust enrichment." Frank R. alleges that the defendants unjustly enriched themselves to his detriment and hold monies paid by Frank R. as "constructive trustees." FAC ¶ 137. Frank R. seeks imposition of a constructive trust for monies paid by him and "wrongfully acquired or detained by Defendants." Prayer ¶ 3.

The purported cause of action makes no sense and fails to state any cause of action against Love. Nowhere has it been alleged or could it be alleged that Love wrongfully acquired Frank R.'s property. Love represented Shirley R. in the divorce action. In order to state a claim for unjust enrichment, it "must be shown . . . that the acquisition of the property was wrongful and that the keeping of the property by the defendant would constitute unjust enrichment." *Calistoga Civic Club v. Calistoga* (1983) 143 Cal.App.3d 111, 116. In such instances the appropriate equitable remedy may be a constructive trust. See generally, 11 Witkin, Summary of California Law (9th Ed.) *Trusts*, §305 *et seq.*

There is no allegation of any conduct or identification of any property of Love on which a constructive trust could or should be imposed, for a supposedly wrongful gift by Love to Allen of the one half interest in the Warner Springs Ranch share. The cause of action simply fails to state any facts sufficient to constitute a cause of action for unjust enrichment or entitlement to a constructive trust as against Love. The demurrer should be sustained without leave to amend.

///

///

///

///

///

///

WHITE & OLIVER
A Professional Corporation

**EXHIBIT 1 PAGE 172**

XI.

CONCLUSION

The demurrer to each cause of action as against Love should be sustained without leave to amend. It is clear from the face of the first amended complaint, Frank R.'s second effort, that he has no claim against Love other than a claim which gives no independent rise to civil liability, i.e. a claim that Love is in violation of California RPC-300(A).

WHITE & OLIVER

By: [signature]
Steven G. Amundson
Attorneys for Defendant
S. MICHAEL LOVE

WHITE & OLIVER
A Professional Corporation

EXHIBIT 1 PAGE 173

Case 3:07-cv-00742-JA[illegible]WMC Document 1-4 Filed 04/[illegible]/2007 Page 16 of 86

LOVE00186

FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Coronado Professional Square
1203 Second Street
Coronado, CA 92118
Telephone: (619)437-1878
Facsimile: (619)437-4894

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

FILED
Clerk of the Superior Court
JUL 1 - 2005
By: BARBARA JARRATT, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| FRANK E. ROGOZIENSKI, Plaintiff, v. JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive, Defendants. | Case No. GIC843843<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT<br><br>Date: 07/15/05<br>Time: 11:00 a.m.<br>Dept: 61<br><br>DEPT. 61<br>HON. John S. Meyer |

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180820
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 174

LOVE00187

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180500
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-1878

## TABLE OF CONTENTS

I. RELEVANT FACTUAL BACKGROUND ..... 1

II. OPPOSITION TO LOVE'S DEMURRERS ..... 4
1. Love Owed A Duty To Plaintiff In The Underlying Proceeding ..... 4
2. Plaintiff's Claims Are Not Based Solely On Love's Violation Of Rule Of Professional Conduct 5-300(A) ..... 5
3. The First And Second Causes Of Action Sufficiently State Claims For Intentional Interference With Contractual Relations ..... 6
4. The Third, Fourth, Fifth And Sixth Causes Of Action Sufficiently State Claims For Interference With Prospective Economic Advantage ..... 7
5. State Action Is Not Required For A Claim Under Civil Code §52.1(b) ..... 9
6. The Eighth Cause Of Action Sufficiently States A Claim For Deceit Fraudulent Concealment ..... 9
7. The Tenth Cause Of Action Sufficiently States A Claim Against Love ..... 11
8. The Eleventh And Twelfth Causes Of Action Sufficiently State Claims For Willful/Negligent Infliction Of Injury ..... 13
9. The Thirteenth Cause Of Action Sufficiently States A Claim For Unjust Enrichment ..... 13

III. CONCLUSION ..... 14

i

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 178

LOVE00188

Case 3:07-cv-00742-JA-WMC Document 1-4 Filed 04/ /2007 Page 19 of 86

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-0417
(619) 437-1878

# TABLE OF AUTHORITIES

Page

## California Cases

Calistoga Civic Club v. City of Calistoga (1983) 143 Cal.App.3d 111 .............. 14

Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163 .............. 12

Elliot v. Elliot (1964) 231 Cal.App.2d 205 .................................. 13

Fletcher v. Security Pacifici Nat'l. Bank (1979) 23 Cal.3d 442 .................... 12

GHK Associates v. Mayer Group, Inc. (1990) 24 Cal.App.3d 856 ................ 14

Heliotis v. Schuman (1986) 181 Cal.App.3d 646 .............................. 9

LiMandri v. Judkins (1997) 52 Cal.App.4th 326 ...................... 7,8,9,10,11

Noct v. Holmes (1944) 25 Cal.2d 447 ...................................... 14

People v. Beaumont Investments (2003) 111 Cal.App.4th 102 .................. 12

Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App.3d 104 ....... 4,6,13

Stop Youth Addiction v. Lucky Stores (1998) 17 Cal.4th 553 .................. 11

Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40 ......................... 5

Weiss v. Marcus (1975) 51 Cal.App.3d 590 .................................. 14

Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892 ........................ 6

## Federal Cases

Dennis v. Sparks (1980) 449 U.S. 24 ........................................ 7

Reynolds v. County of San Diego (9th Cir.) (1996) 84 F.3d 1162 .................. 9

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 176

LOVE00189

**California Statute, Rules of Court, Rules of Professional Conduct and Code of Judicial Ethics**

Business & Professions Code §6128 .................................... 6,8,10
Business & Professions Code §17200 .................................... 11,12
Business & Professions Code §17203 .................................... 11
Civil Code §52.1(b) .................................... 9
Civil Code §1709 .................................... 10,11
Civil Code §2223 .................................... 13,14
Civil Code §2224 .................................... 13,14
Penal Code §§92-95 .................................... 8

Cal. Rule of Court 244 .................................... 10

Rule of Prof. Conduct 5-220 .................................... 10
Rule of Prof. Conduct 5-300(4) .................................... 10
Rule of Prof. Conduct 5-300(A) .................................... 5,6,8,13

Cal. Code of Judicial Ethics, Canon 6D(2)(f) .................................... 10

**Federal Statute**

42 U.S.C. §1983 .................................... 9

**Treatise**

Witkin, Cal. Summary 11, Equity, §93 .................................... 11

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180250
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

EXHIBIT 1 PAGE 177

LOVE00190

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180880
1203 SECOND STREET AT "F" AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-1878

Plaintiff offers the following in opposition to the demurrer of Defendant, James D. Allen:

## I. RELEVANT FACTUAL BACKGROUND

Plaintiff was married in 1982, and in October, 1997, Plaintiff's then spouse ["Petitioner"] brought a Petition for Dissolution of their marriage [herein the "Underlying Proceeding"]. In the Underlying Proceeding, Love represented Petitioner [Compl. ¶ 9].

In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to the entry of an order that Allen could act as temporary judge in the Underlying Proceeding and (b) that all costs of Allen shall be borne by them, with each paying one-half the cost of the services of Allen. Although, no hourly rate or fee amount was set expressly forth in the written agreement, the agreement was that Plaintiff would pay one-half of Allen's services in the Underlying Proceeding at Allen's normal and customary billing rate as an attorney on a fee-for-service basis. Allen served as temporary judge in the Underlying Proceeding from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause.

In or about the Summer of 2001, but no later than November or early December of 2001, Allen and Love entered into a conspiracy [herein the "Conspiracy"] to benefit themselves and others with whom they were associated designed to injure, harm and cause damage to Plaintiff by, among other things, interfering with Plaintiff's contractual relations, interfering with Plaintiff's prospective economic advantage, by violating Plaintiff's civil rights, defrauding and deceiving Plaintiff, by engaging in unfair competition in violation of applicable California law, and engaging in willful and negligent misconduct. A purpose of the Conspiracy was for Love to make a gift to Allen of the Loves' interest in Warner Springs Ranch in violation of Allen's and Love's ethical and other obligations, and to conceal the fact of such gift [Compl. ¶ 16]. Allen and Love arranged a gift to Allen of the Loves' Unit

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

1

EXHIBIT 1 PAGE 178

LOVE00191

Case 3:07-cv-00742-JA-WMC Document 1-4 Filed 04/ /2007 Page 22 of 86

850A interest in Warner Springs Ranch [see, e.g., Compl. ¶¶ 21, 22 and 23]. By Quitclaim Deed signed February 8, 2002, the Loves transferred to Bottomley the Loves' Unit 850A interest in Warner Springs Ranch. Both Love and Allen knew that Bottomley was acting as a strawman for the transfer of the Loves' Unit 850A through to Allen, the intended recipient [Compl. ¶ 25]. By Quitclaim Deed signed March 15, 2002, Bottomley transferred to Allen the Loves' Unit 850A interest in Warner Springs Ranch. This Quit Claim Deed was recorded March 18, 2002 [Compl. ¶ 26].

Bottomley did not prepare any of the deeds which transferred the Loves' interests in Warner Springs Ranch. Love (or someone on his behalf) prepared the Quitclaim Deed from the Loves, and Allen (or someone on his behalf) prepared the Quitclaim Deed to himself. Bottomley explained to Love his intention of transferring the Loves' Unit 850A to Allen so Allen could use that half-interest to upgrade to a full membership. Bottomley further explained to Love that because he [Bottomley] was simply passing Unit 850A on to Allen, it did not make sense for Love to prepare the Quitclaim Deed for that interest in Bottomley's and Bottomley's wife's names, as Love was doing for the Loves' Unit 1546B interest which Bottomley and his wife were keeping. Bottomley explained that it would be simpler if only he (and not Bottomley and his wife) had to sign the transfer through to Allen. The Quitclaim Deeds transferring the Loves' interests in Warner Springs Ranch recite they are "gifts" [Compl. ¶ 27].

In mid-March, 2002, Allen prepared and had Bottomley sign a Quitclaim Deed transferring the Loves' Unit 850A interest to himself. This deed recites it is a "gift". Allen caused this deed to be recorded on March 18, 2002 [Compl. ¶ 30]. Love spoke to Allen to assist him in clearing up title problems that had arisen in the transfer from the Loves [Compl. ¶ 31]. After the title problems were resolved, Allen transferred the Loves' Unit 850A interest in the Ranch to the Warner Springs Owners Association, and received back a Grant Deed from the Association giving him Unit 4257 [Compl. ¶ 32]. The circuitous movements

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180020
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

2

EXHIBIT 1 PAGE 179

LOVE00192

Case 3:07-cv-00742-JAH-WMC Document 1-4 Filed 04/__/2007 Page 23 of 86

Defendants orchestrated of the Loves' Unit 850A interest in Warner Springs Ranch effectively laundered this transaction so as to obscure this gift to Allen [Compl. ¶ 33].

Defendants knew or should have known that making the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch would result in Allen being disqualified from acting as temporary judge in the Underlying Proceeding. Defendants further knew or should have known that once made, the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch disqualified Allen from acting as temporary judge in the Underlying Proceeding [Compl. ¶ 34]. Allen's acceptance of the gift of the Loves' Unit 850A interest in Warner Springs Ranch in March 2002 immediately disqualified him from acting as temporary judge in the Underlying Proceeding. The making, and Allen's acceptance, of the gift of the Loves' Unit 850A interest in Warner Springs Ranch was not done to achieve the legitimate objectives of the Underlying Proceeding [Compl. ¶ 35].

Love concealed and did not disclose the fact of the gift to Allen, and continued to seek rulings from Allen knowing Allen was disqualified from acting as the temporary judge in the Underlying Proceeding [Compl. ¶¶ 36, 37, 38, 39 and 40].

After accepting the gift of the Loves' interest in Unit 850A, Allen, resuming again his role as a temporary judge, made rulings in the Underlying Proceeding [Compl. ¶¶ 36-40]. Because Allen was disqualified by reason of the gift when he made those rulings they have been set aside by the Judge of the Superior Court who replaced Allen [Compl. ¶ 43].

In or about September and October 2003, and after Allen filed his Statement of Withdrawal in the Underlying Proceeding, Allen and Allen's counsel spoke with one or more reporters and made threatening, misleading and disparaging remarks about the truth of Allen's involvement in the gift to him of the Loves' Unit 850B interest in Warner Springs Ranch. On information and belief, Allen and Allen's counsel made these statements as a part of and in furtherance of the Conspiracy, to discredit Plaintiff and coerce Plaintiff into accepting Allen's rulings, and to bolster and support actions Allen had previously taken in

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180890
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-8878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

3

EXHIBIT 1 PAGE 180

LOVE00193

his judicial capacity. In speaking with the press, Allen was not acting in his judicial capacity or in the course of the conduct of the Underlying Proceeding, or to achieve the legitimate objectives of the Underlying Proceeding [Compl. 44].

## II. OPPOSITION TO LOVE'S DEMURRERS

Plaintiff opposes each of the specific demurrers raised by Love on each of the following grounds:

1. Love Owed A Duty To Plaintiff In The Underlying Proceeding.

Love contends that because he was the attorney for petitioner in the Underlying Proceeding, he owed no duty to third persons, including Plaintiff (respondent in the Underlying Proceeding). Love is mistaken in his assertions.

"California has long adopted the view that an attorney may not, with impunity, either conspire with a client to defraud or injure a third person or engage in intentional tortious conduct toward a third person (citations)" [Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App.3d 104, 109].

> "'[A]n attorney is not liable to third persons for acts committed in good faith in performance of professional activities as an attorney for his client. If, however, an attorney is actuated by malicious motives, or shares the illegal motives of his client, he may be personally liable with the client for damage suffered by a third person as the result of the attorney's actions' (Fns. Omitted.) (Citation)" [*Id* at 109].

> "Under present California law, an attorney may owe a duty to a third person, and may be liable if the third person who was intended to be benefited (sic) by his performance is injured by his negligent execution of that duty. 'An attorney may be liable for damage caused by his negligence to a person intended to be benefited (sic) by his performance irrespective of any lack of privity of contract between the attorney and the party to be benefited (sic). [Citation.] The liability sounds in tort [Citation.] The determination of whether the duty undertaken by an attorney extends to a third party not in privity 'involves the

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180820
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

4

EXHIBIT 1 PAGE 181

LOVE00194

> balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.' [Citations.]' (Citations)." [*Id* at 110-111].

Here, the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch was a voluntary and intended act by Love which immediately disqualified Allen from thereafter acting as the temporary judge in the Underlying Proceeding [Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40, 43]. As further discussed *infra*, this disqualification resulted in immediate injury and damage to Plaintiff in that Allen, at the time of the gift, had not reached a decision on matters which had been tried before him, and was disqualified by reason of the gift from ever deciding those matters. Thus, the fees, costs and expenses incurred in more than fourteen days of trial were lost and rendered valueless, as a replacement judge must now retry these same matters. In addition, Love's silence and keeping secret the fact of the gift allowed further injury and damage to Plaintiff in that Allen, although disqualified from doing so, continued to make rulings, with Love's encouragement and at Love's request. Love's actions in continuing to pursue rulings from Allen when he knew Allen was disqualified from making such rulings (and particularly since Love was an active participant in Allen's disqualification) caused additional injury and damage to Plaintiff in that these subsequent rulings, made while Allen was disqualified, have been set aside by the Superior Court Judge who replaced Allen, and the fees, costs and expenses incurred by Plaintiff in those proceedings have been lost and rendered valueless. In addition, Plaintiff has lost the value and use of property taken from Plaintiff in those rulings, now set aside.

2. Plaintiff's Claims Are Not Based Solely On Love's Violation Of Rule Of Professional Conduct 5-300(A).

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180220
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

5

EXHIBIT 1 PAGE 182

LOVE00195

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1457
(619) 437-4878

Love further contends Plaintiff's claims are based solely on Love's violation of Rule 5-300(A) of the Rules of Professional Conduct. Love is again mistaken in his assertions. Plaintiff's claims are not dependent upon Allen's misconduct being a violation of the Rules of Professional Conduct. Rather, these claims and Love's liability arise from the intentional/negligent actions and conduct of Love which caused injury and damage to Plaintiff. That certain Rules of Professional Conduct also prohibit this conduct does not insulate Love from liability. Reference is made to the Rules of Professional Conduct because the cited rules embody and restate what is otherwise the public policy of this State. Plaintiff's causes of action are based upon Love's willful/negligent breach of his duty of care[1] as a professional engaged in the practice of law in this State (see, e.g., Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, *supra* at 109-111, and Business & Professions Code §6128 (that "[e]very attorney is guilty of a misdemeanor who ... [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party")]. Irrespective of the Rules of Professional Conduct, Love is liable for his intentional/negligent actions, and for his misconduct in the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch knowing Allen's acceptance of that gift would cause immediate injury and damage to Plaintiff, including the loss of fees, costs and expenses Plaintiff had paid in the prior trial (which must now be retried because Allen was disqualified), and the fees, costs and expenses Plaintiff will be required to continue to incur in having the retrial. Love clearly should not be permitted to profit from his own wrongs.[2]

3. The First And Second Causes Of Action Sufficiently State Claims For Intentional Interference With Contractual Relations.

[1]It is axiomatic that a duty exists to refrain from intentionally committing tortious conduct.

[2]See e.g., Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892, 920 (citing the Restatement of Torts that "conduct which is 'illegal or unfair or immoral according to the common understanding of society' may subject one to tort liability").

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

6

EXHIBIT 1 PAGE 183

LOVE00196

Case 3:07-cv-00742-JAH-WMC Document 1-4 Filed 04/__/2007 Page 27 of 86

Plaintiff has alleged the elements Love contends are missing to state a cause of action for intentional interference with contractual relations. Plaintiff's Complaint alleges the existence of contractual relationships [Compl. ¶¶ 52, 53, 54 and 61], that Love knew of the existence of these contractual relationships [Compl. ¶¶ 55 and 62], that Love engaged in intentional acts designed to induce a breach or disruption of the these contractual relationships [Compl. ¶¶ 56 and 63], the actual breach or disruption of these relationships [Compl. ¶¶ 57 and 64], and damages [Compl. ¶¶ 58 and 65] [see, e.g., LiMandri v. Judkins (1997) 52 Cal.App.4th 326, 343-344 (overruling the attorney defendant's demurrer to plaintiff's cause of action for intentional interference with an existing contractual relationship, and further holding this cause of action was not barred by the litigation privilege)]. Plaintiff's Complaint further alleges, among other things, that Plaintiff has been damaged in the loss of any value of the fees, costs and expenses paid in the trial before Allen which must now be retried because the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch caused Allen's disqualification, and the loss in value and use of assets which were taken from Plaintiff under rulings made by Allen which have been set aside because of the Loves' gift and resultant disqualification of Allen. Love knew or should have known that all rulings Allen thereafter made would be set aside because Allen was disqualified to thereafter make rulings after his acceptance of the gift. Moreover, Love has no judicial immunity and is obligated for the damages caused by Allen by virtue of his own role in the conspiracy regardless of whether Allen is deemed immune.[3]

4. The Third, Fourth, Fifth And Sixth Causes Of Action Sufficiently State

[3]While a judge may have judicial immunity for wrongful actions and improperly making rulings in a judicial capacity, a co-conspirator with the judge has no such judicial immunity [Dennis v. Sparks (1980) 449 U.S. 24, affirming the Fifth Circuit's *en-banc* decision that "there is no good reason in law, logic or policy for conferring immunity on private persons who persuaded the immune judge to exercise his jurisdiction corruptly"). Many cases have cited Dennis over the past 25 years, and none have overruled it. Dennis remains good law.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

7

EXHIBIT 1 PAGE 184

LOVE00197

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180850
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-1878

Claims For Interference With Prospective Economic Advantage.

Plaintiff has alleged the elements Love contends are missing to state a cause of action for intentional/negligent interference with prospective economic advantage. Plaintiff's Complaint alleges the existence of economic relationships between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel in the Underlying Proceeding, between Plaintiff and Qualcomm and other third persons engaging or proposing to engage in business transactions with Plaintiff [Compl. ¶¶ 68 and 84], between Plaintiff and Allen [Compl. ¶¶ 76 and 92], that Love knew of the existence of these economic relationships [Compl. ¶¶ 69, 77, 85 and 93], that Love engaged in wrongful conduct (the gift to Allen) designed to interfere with or disrupt these relationships [Compl. ¶¶ 70, 78, 86 and 94], that Love's conduct was either intentional [Compl. ¶¶ 71 and 79] or negligent [Compl. ¶¶ 88 and 95], that the economic relationships were actually interfered with and disrupted [Compl. ¶¶ 72, 80, 89 and 96] and that Plaintiff was damaged [Compl. ¶¶ 73, 81, 90 and 97] [see, e.g., LiMandri v. Judkins, 52 Cal.App.4th, *supra* at 339].[4] Plaintiff's Complaint further alleges, among other things, that Plaintiff has been damaged in the loss of any value of the fees, costs and expenses paid in the trial before Allen which must now be retried because the gift to Allen of the Loves' unit 850A interest in Warner Springs Ranch and the loss in value and use of assets which were taken from Plaintiff under rulings made by Allen which have been set aside because of the Loves' gift and resultant disqualification of Allen. Love knew or should have known that all rulings Allen thereafter made would be set aside because Allen was disqualified to thereafter

[4]Plaintiff has further satisfied the additional requirement for negligent (as distinguished from intentional) interference with prospective economic advantage that defendant "engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." Here, Love's conduct was a violation of the Rule of Professional Conduct 5-300(A), Penal Code §§ 92, 93, 94 and/or 95, and Business & Professions Code § 6128 (that "[e]very attorney is guilty of a misdemeanor who ... [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party"). Love's conduct is also deceit under Civil Code §1709 (see *infra*).

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

8

EXHIBIT 1 PAGE 185

LOVE00198

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

make rulings after his acceptance of the gift. Moreover, Love has no judicial immunity and is obligated of the damages caused by Allen by virtue of his own role in the conspiracy, regardless of whether Allen is deemed immune.[5]

5. <u>State Action Is Not Required For A Claim Under Civil Code §52.1(b)</u>.

Plaintiff's Seventh Cause of Action is for violation of Plaintiff's civil rights under Civil Code §52.1(b). Under that statute:

> "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including but not limited to, damages ..." [Civil Code §52.1(b); see also <u>Reynolds v. County of San Diego</u> (9th Cir.) (1996) 84 F.3d 1162].

Civil Code §51.2(b) applies "whether or not acting under color of law," and does not require state action. The authorities cited by Love are not applicable as they relate to actions under 42 U.S.C. §1983, which is not the basis of Plaintiff's claims herein.

6. <u>The Eighth Cause Of Action Sufficiently States A Claim For Deceit Fraudulent Concealment</u>.

There are "four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts [Citation]" [<u>Heliotis v. Schuman</u> (1986) 181 Cal.App.3d 646, 651; and <u>LiMandri v. Judkins</u> (1997) 52 Cal.App.4th, *supra* at 336]. Each of the (nonfiduciary) circumstances in which nondisclosure

---

[5]See footnote 3 *supra*.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

9

EXHIBIT 1 PAGE 186

LOVE00199

may be actionable presupposes the existence of some other (nonfiduciary) relationship between the plaintiff and defendant in which a duty to disclose can rise. As set forth in BAJI No. 12.36 (8th ed. 1994), "where material facts are known to one party and not to the other, failure to disclose them is not actionable fraud unless there is *some relationship* between the parties which gives rise to a duty to disclose such known facts" (Italics added in original) [*Id* at 336-337]. In LiMandri, the Court looked to "some sort of transaction between the parties" in order for a "relationship" to come into being. The Court in LiMandri found "[t]he fundamental problem with LiMandri's nondisclosure causes of action is that he alleges no such transaction **or relationship** (emphasis added) with Judkins" [*Id* at 337]. In LiMandri, there was only a single telephone conversation between LiMandri and Judkins [*Id* at 337] and LiMandri could not state a claim for deceit under Civil Code §1709 based on this single conversation [*Id* at 337-338 f/n 5].

Here, however, although not fiduciary in nature, (a) Love has obligations because he is an attorney, and (b) there is a "relationship" between counsel for one party and the opposing party. As an attorney, Love has a duty of disclosure reflected in part in certain Rules of Professional Conduct and Business & Professions Code §6128. These Rules of Professional Conduct and Business & Professions Code §6128 embody and restate what is otherwise the public policy of this State. It is the height of arrogance for Love to claim that he had no duty to disclose the gift to Allen knowing (a) the gift was prohibited by Rules of Professional Conduct 5-300(4) and 5-220, (b) was a violation by Allen of Rule of Professional Conduct 5-220, the California Code of Judicial Ethics, Canon 6D(2)(f) and California Rule of Court 244, (c) had resulted in Allen's disqualification and (d) was a material fact affecting the judicial integrity of the Underlying Proceeding not known to Plaintiff. Moreover, when Love then encouraged and sought rulings from Allen (entered into "transactions") and acted (entered into further "transactions") on rulings made by Allen at times when Love knew or should have known that whatever rulings made by Allen after he

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180880
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1447
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

10

EXHIBIT 1 PAGE 187

LOVE00200

accepted the gift would be set aside because Allen had been disqualified to make such rulings, Love clearly had a duty of disclosure. To hold there is no duty to disclose in these circumstances would condone the untenable result that it is acceptable for an attorney to keep secret misconduct which has resulted in the undisclosed disqualification of the judge all parties are continuing to appear before and to continue to seek rulings from that undisclosed disqualified judge. Love, an attorney, essentially argues for a rule that would encourage corruption of the judicial process.

Also, unlike in LiMandri, Plaintiff's Complaint sufficiently alleges a cause of action for deceit. Under Civil Code §1709, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." In LiMandri, plaintiff did "not allege he was induced to alter his position as a result of Judkins' failure to disclose" [*Id* at 337, f/n 5]; whereas here, Plaintiff's Complaint alleges such inducement [Compl. ¶¶ 105, 106 and 107]. In LiMandri, the failure to disclose merely delayed challenging Security's lien (it did not change Security's actions), whereas here, Love's nondisclosure permitted the judicial process to continue. Unlike here, the delay in challenging (as opposed to stopping or changing) Security's lien did not qualify as a change in position to LiMandri's injury or risk within the meaning of Civil Code ¶1709.

7. The Tenth Cause Of Action Sufficiently States A Claim Against Love.

Business & Professions Code §17200, et seq. is known as the Unfair Competition Law [see Witkin, Cal. Summary 11, Equity, §93], and prohibits "any unlawful, unfair, fraudulent Business at or practice ...." [Business & Professions Code §17200]. A single unfair or fraudulent act is enough to support liability [see Witkin, Cal. Summary 11, Equity, §93; Stop Youth Addiction v. Lucky Stores (1998) 17 Cal.4th 553, 570].

Business & Professions Code §17203 authorizes courts to make:

> "... such orders or judgments as may be necessary ... to prevent the use or employment by any person of any practice which

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-0830
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

11

EXHIBIT 1 PAGE 188

LOVE00201

constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person ... any money or property, which has been acquired by means of such unfair competition."

Courts have given a "liberal reading" to the remedial provision of Business & Professions Code §17200, consistent with the "cleansing power" purposes of the statute [see Rutter Guide, ¶8:6, citing Fletcher v. Security Pacific National Bank (1979) 23 Cal.3d 442, 449].

Here, the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch was an unfair and fraudulent business act and practice designed to provide, and which provided, Love an unfair advantage over Plaintiff and Plaintiff's counsel in the Underlying Proceeding [Compl. ¶ 117]. As a result of these fraudulent acts and business practices of Love, Plaintiff seeks restitution of amounts Plaintiff was required to pay to Allen, to Plaintiff's counsel, for the benefit of and indirectly to Love, to Bruno, Mack & Barclay and to Plaintiff's experts in the Underlying Proceeding [Compl. ¶ 118]. All of these fees and costs, paid by Plaintiff directly or taken from community property in which Plaintiff has an interest, would not have been paid but for the unfair Business practice of Love in the gift to Allen of Loves' Unit 850A interest in Warner Springs Ranch. That this restitution may be more than the monies Love actually received is not a defense to Plaintiff's claims. When a court orders restitution to redress a statutory violation, "it is not concerned with restoring the violator to the status quo ante. The focus is instead on the victim. 'The status quo ante to be achieved by the restitution order was to again place the victim in possession of that money" [People v. Beaumont Investments (2003) 111 Cal.App.4th 102, 134, quoting Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163, 177]. "In contrast to contract restitution, statutory restitution is not solely intended to benefit the victims by the return of money, but instead is designed to penalize a defendant for past unlawful conduct and thereby defer future violations" [Beaumont Investments, *supra*, 111 Cal.App.4th at 135].

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180850
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-8878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

12

EXHIBIT 1 PAGE 189

LOVE00202

8. The Eleventh And Twelfth Causes Of Action Sufficiently State Claims For Willful/Negligent Infliction Of Injury.

Love mistakenly contends the Eleventh and Twelfth Causes of Action are for Love's breach of the Rules of Professional Conduct. See discussion under paragraph 2 above "Plaintiff's Claims Are Not Based Solely On Love's Violation Of Rule Of Professional Conduct 5-300(A)".

The Eleventh Cause of Action is for intentional misconduct (the gift and subsequent concealment of that gift) which Love knew would cause or was certain to cause injury to Plaintiff. There is a general duty from committing intentionally tortious conduct [LiMandri v. Judkins, *supra* at 348], and this duty exists irrespective of the Rules of Professional Conduct. Love further owed a duty of care to Plaintiff in the circumstances alleged in the Complaint, where Love knew his actions would or were certain or substantially certain to cause injury to Plaintiff [see, e.g., Roberts v. Ball, etc., *supra* at 110-111] and he is not immune from liability because this duty of care is also reflected in the Rules of Professional Conduct. The Complaint alleges that "Defendants willfully breached their respective duties of care" [Compl. ¶ 124] and "Defendants breached their respective duties of care [Compl. ¶ 132], and does not allege as a basis for liability a breach of the Rules of Professional Conduct. Accordingly, the Eleventh and Twelfth Causes of Action sufficiently state claims for willful/negligent infliction of injury.

9. The Thirteenth Cause Of Action Sufficiently States A Claim For Unjust Enrichment.

The Thirteenth Cause of Action sufficiently states a claim for unjust enrichment and imposition of a constructive trust. Under a constructive trust theory, Love holds property he wrongfully obtained from Plaintiff as constructive trustee [see Civil Code §§2223, 2224]. In Elliot v. Elliot (1964) 231 Cal.App.2d 205, the court held that a constructive trustee may be charged with the value of the "unconscionable loss he has caused the beneficiary" even

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180850
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

13

EXHIBIT 1 PAGE 190

LOVE00203

though the constructive trustee received no monetary benefit at all [*Id* at 211]. Other courts have similarly found that the pecuniary benefit to the defendant personally should not be the test in a case for restitution based on a constructive trust [see GHK Associates v. Mayer Group, Inc. (1990) 24 Cal.App.3d 856 ("Statutes providing for imposition of involuntary trust do not require that involuntary trustee acquire trust res directly from its rightful owner as prerequisite for imposition of constructive trust. West's Ann. Cal. Civil Code §§2223, 2224")]. As in Elliot, the court in GHK discussed the civil code sections regarding constructive trusts and stated "[f]raud or intentional misrepresentation is not required for a constructive trust to be imposed" (*Id* at 890, citing Calistoga Civic Club v. City of Calistoga (1983) 143 Cal.App.3d 111, 116). "A breach of contract or intentional interference with contract can make the offending party a constructive trustee" [*Ibid* citing Neet v. Holmes (1944) 25 Cal.2d 447, 464, 466; Weiss v. Marcus (1975) 51 Cal.App.3d 590, 600].

## III. CONCLUSION

For each of the reasons hereinabove set forth, the demurrers of Defendant, S. Michael Love, should each be denied, and in the alternative, Plaintiff respectfully requests leave to amend.

Respectfully submitted,
FRANK E. ROGOZIENSKI, INC.

By:______________________
Frank E. Rogozienski
Attorney for Plaintiff

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-0830
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

14

EXHIBIT 1 PAGE 191

LOVE00204

L0VE00205

CY/300.20/AS
MF/36.30/AS

CIVIL [illegible] OFFICE 18
CENTRAL DIVISION

2005 MAY 25 P 4: 16

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

Daniel M. White (SBN# 068011)
Steven G. Amundson (SBN# 073501)
WHITE & OLIVER
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant
S. MICHAEL LOVE

WHITE & OLIVER
A Professional Corporation

**SUPERIOR COURT FOR THE STATE OF CALIFORNIA**

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| FRANK E. ROGOZIENSKI, Plaintiff, v. JAMES D. ALLEN, S. MICHAEL LOVE, and DOES 1 through 10, inclusive, Defendants. | Case No. GIC843843 **NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT BY DEFENDANT S. MICHAEL LOVE** **Date: July 15, 2005 Time: 11:00 a.m. Dept: 61 The Honorable John S. Meyer** |

TO THE PARTIES HERETO AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 15, 2005, at 11:00 a.m. in Department 61 of the above-entitled Court, located at 330 W. Broadway, San Diego, California, Defendant S. Michael Love will and hereby does demur to the First Amended Complaint filed by Plaintiff Frank E. Rogozienski, on each of the following grounds:

**DEMURRER TO FIRST CAUSE OF ACTION**

1. The First Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2. The First Cause of Action for intentional interference with contractual relations is uncertain because it cannot be ascertained from the allegations how Love's conduct allegedly did or even could have tortiously interfered with (1) Frank Rogozienski's contractual relationships with Shirley Rogozienski (First Amended Complaint ("FAC") ¶ 52), who Love was then

representing in Shirley's marital dissolution action against Frank (FAC ¶ 9); (2) with the contractual relations between Plaintiff and third persons, including Qualcomm, regarding Plaintiff's stock and loan relationships with Qualcomm (FAC ¶ 53); or (3) with the contractual relationship between Plaintiff and the attorney representing him in the dissolution action (FAC ¶ 54).

**DEMURRER TO SECOND CAUSE OF ACTION**

1. The Second Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2. The Second Cause of Action for intentional interference with contractual relations against Love is uncertain, because it cannot be ascertained how Love's alleged conduct did or could have interfered with Frank Rogozienski's relationship with Love's co-defendant James Allen (FAC ¶ 63), when Rogozienski acknowledges that Allen withdrew as acting judge in the dissolution proceeding between Shirley and Frank after Frank challenged Allen and insisted he withdraw (FAC ¶¶ 40, 41).

**DEMURRER TO THIRD CAUSE OF ACTION**

1. The Third Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2. The Third Cause of Action for intentional interference with prospective economic advantage is uncertain, because it cannot be ascertained from the allegations how the alleged conduct of Defendant Love did or could have tortiously interfered with any prospective economic gain to Frank from: (1) an economic relationship between Frank and Shirley (FAC ¶ 68), when Love was then representing Shirley in the dissolution proceedings against Frank (FAC ¶ 9); (2) the relationship between Frank and Frank's own attorney in the dissolution proceeding, who Frank was presumably paying (FAC ¶ 68); or (3) with Qualcomm or other unnamed third persons with whom Frank might have been engaged or intended to engage in business transactions (FAC ¶ 68).

///

///

EXHIBIT 1 PAGE 193

WHITE & OLIVER
A Professional Corporation

**DEMURRER TO FOURTH CAUSE OF ACTION**

1. The Fourth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2. The Fourth Cause of Action for intentional interference with prospective economic advantage is uncertain as against Love because it cannot be ascertained from the pleadings how Love's alleged conduct did or could have interfered with a relationship between Plaintiff and Love's co-defendant James Allen (FAC ¶ 76), with whom Frank alleges the existence of no economic relationship from which Frank could conceivably receive any economic benefit.

**DEMURRER TO FIFTH CAUSE OF ACTION**

1. The Fifth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2. The Fifth Cause of Action for negligent interference with prospective economic advantage is uncertain, because it cannot be ascertained from the allegations how the alleged conduct of Defendant Love did or could have tortiously interfered with any prospective economic gain to Frank from: (1) an economic relationship between Frank Rogozienski and Shirley Rogozienski (FAC ¶ 84), when Love was then representing Shirley in the dissolution proceedings against Frank (FAC ¶ 9); (2) the economic relationship between Frank and his own attorney in the dissolution proceeding, who Frank was presumably paying (FAC ¶ 84); or (3) with Qualcomm or other unnamed third persons with whom Frank might have been engaged or intended to engage in business transactions (FAC ¶ 84).

EXHIBIT 1 PAGE 194

**DEMURRER TO SIXTH CAUSE OF ACTION**

1. The Sixth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2. The Sixth Cause of Action for intentional interference with prospective economic advantage is uncertain as against Love, because it cannot be ascertained from the pleadings how Love's alleged conduct did or could have interfered with an economic relationship between Frank and Love's co-defendant James Allen, with whom Frank alleges the existence of no

WHITE & OLIVER
A Professional Corporation

economic relationship from which Frank could conceivably receive an economic benefit (FAC ¶ 92).

DEMURRER TO SEVENTH CAUSE OF ACTION

1. The Seventh Cause of Action fails to state facts sufficient to constitute a cause of action for civil rights violations against this Defendant.

DEMURRER TO EIGHTH CAUSE OF ACTION

1. The Eighth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

DEMURRER TO TENTH CAUSE OF ACTION

1. The Tenth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

DEMURRER TO ELEVENTH CAUSE OF ACTION

1. The Eleventh Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

DEMURRER TO TWELFTH CAUSE OF ACTION

1. The Twelfth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

DEMURRER TO THIRTEENTH CAUSE OF ACTION

1. The Thirteenth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

WHITE & OLIVER

By: [signature]
Steven G. Amundson
Attorneys for Defendant
S. MICHAEL LOVE

WHITE & OLIVER
A Professional Corporation

EXHIBIT 1 PAGE 195

Case 3:07-cv-00742-JA[illegible]WMC Document 1-4 Filed 04/[illegible]/2007 Page 40 of 86

LOVE00210

Daniel M. White (SBN# 068011)
Steven G. Amundson (SBN# 073501)
Beth J. Manover (SBN# 215704)
WHITE & OLIVER
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

FILED
Clerk of the Superior Court
JUL 08 2005
By: A. Gerba, Deputy

Attorneys for Defendant
S. MICHAEL LOVE

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

FRANK E. ROGOZIENSKI,

Plaintiff,

v.

JAMES D. ALLEN, S. MICHAEL LOVE, and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC843843

**REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT**

Date: July 15, 2005
Time: 11:00 a.m.
Dept: 61
The Honorable John S. Meyer

WHITE & OLIVER
A Professional Corporation

EXHIBIT 1 PAGE 196

## I. INTRODUCTION

In his Opposition to the Demurrer of Defendant S. Michael Love ("Love"), Plaintiff Frank E. Rogozienski ("Frank R.") attempts to argue, among other things, that Love owed him a duty of care, a necessary element for a number of causes of action contained his First Amended Complaint ("FAC"). This is not the case. Moreover, Frank R. is simply not able to state facts sufficient to constitute a cause of action as against Love for the claimed violation of Rule of Professional Conduct 5-300(A). As such, Love's demurrer as to each of Frank R.'s causes of action contained in his FAC should be sustained without leave to amend, as there is no possibility that he can cure these deficiencies by amendment.

## II. LOVE DOES NOT OWE A DUTY OF CARE TO FRANK R.

Frank R. asserts that Love's alleged "gift" to Allen violated Rule of Professional Conduct 5-300(A). FAC ¶ 120-121. Frank R. was the party adverse to Love's client Shirley in the dissolution proceeding. No matter how it is couched under the various tort claims Frank R. attempts to plead, Love owed no duty to Frank R. not to violate RPC 5-300(A), nor did he owe any other legally cognizable duty of care to Frank R. "[T]he attorney is not burdened with any duty toward nonclients merely because of his or her status as an attorney." *Fox v. Pollack* (1986) 181 Cal.App.3d 954, 960, cited in *Burger v. Pond* (1990) 224 Cal.App.3d 597.

Nevertheless, in his Opposition, Plaintiff broadly and erroneously concludes that the holding in *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104 imposes a broad duty running from counsel to third parties. This is not the case. Indeed, the holding in *Roberts, supra,* is applicable in limited circumstances and is distinguishable from this case.

California decisional law is clear that an attorney's duty of care extends to third persons, not clients, *only* when that third person is an 'intended beneficiary' of the attorney's actions. [citations omitted.] *Mattco Forge, Inc. v. Arthur Young & Co.* (1995) 38 Cal.App.4th 1337, 1356. In *Roberts, supra,* the attorneys gave a written opinion for the express purpose of it being shown to and relied upon by plaintiff. *Roberts, supra,* 57 Cal.App.3d at 111. "In that situation, the attorneys owed the plaintiff a duty of care in providing the advice because the plaintiff's anticipated reliance upon it was 'the end and aim of the transaction.'" (*Mattco, supra,* 38

WHITE & OLIVER
A Professional Corporation

Cal.App.4th at 1357.)

Here, in contrast, there is a lack of intent to influence Frank R. Love is the attorney for Shirley, a party adverse to Frank R. Frank R. is not an entity "upon [which Love's client] had any wish or obligation to confer a benefit in the transaction [litigation]." *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 344. At no time did Love intend to nor did he confer any conceivable benefit on Frank R. that could potentially give rise to a duty of care owed by Love to Frank R. Even assuming the truth of Frank R.'s allegation that Love gave Allen a "gift", such a "gift" was not bestowed upon Frank R and cannot be construed as an intention to confer a benefit upon him. Thus, at no time did Love owe Frank R. a duty of care.

III. **THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE CAUSES OF ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS AND ARE UNCERTAIN**

In his Opposition, Frank R. does nothing to address the deficiencies contained in the first and second causes of action. Specifically, the First and Second Cause of Action as against Love is for intentional interference with contractual relationships. Those relationships alleged in the First Cause of Action are: (a) contractual relationships between Frank R. and Shirley R. - FAC ¶ 52; (b) Frank R's contractual relationships with Qualcomm for his stock and with unidentified third parties - FAC ¶ 53; (c) and the contractual relationship between Frank R. and his lawyer in the dissolution proceeding - FAC ¶ 54. The Second Cause of Action alleges Love's gift to Allen somehow interfered with Frank R.'s agreement for payment of services to Allen, in Allen's capacity as temporary judge in the dissolution proceeding. FAC ¶ 61-63.

Both causes of action fail to state facts sufficient to constitute causes of action against Love, and are uncertain. In its decision in *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, this court explained the requisites of a claim for intentional interference with contractual relations, as had been addressed by the California Supreme Court in *Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.App.4th 376. Among the elements are that the defendant must have engaged in intentional acts designed to induce a breach or disruption of the contractual relationship, and actual breach or disruption of the relationship with resulting damages. *Id.* at 343-344. This court found that LiMandri in his complaint had stated facts sufficient to constitute

WHITE & OLIVER
A Professional Corporation

a cause of action, reciting LiMandri's allegations as to the specifics and the methods and conduct by which there had been interference causing him damage. *Id.* at 344.

Frank R. fails completely to allege any such facts in either of the first two causes of action. This failure is also not remedied in his Opposition There is no allegation of intentional acts by Love designed to disrupt Frank R.'s contractual relations. Similarly, there is no allegation, nor can there conceivably be one, as to how Love's "gift" to Allen actually interfered with the pre-nuptial agreement or property agreements between Frank R. and Shirley R., or with Frank R.'s contracts for Qualcomm stock, or with Frank R.'s fee agreement with his own dissolution attorney. FAC ¶ 52-54. Finally, there is no allegation as to how Love's gift to Allen caused damage to Frank R. with respect to Frank R.'s obligation to pay half of Allen's fees for services of temporary judge. FAC ¶ 61. To the contrary Frank R. acknowledges that he challenged Allen, who withdrew. FAC ¶ 41.

## IV. THE THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE CAUSES OF ACTION AGAINST LOVE FOR INTENTIONAL OR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND ARE UNCERTAIN

Again, Frank R. fails to address the deficiencies respecting his causes of action for intentional and negligent interference with prospective economic advantage. Frank R.'s Third and Fourth Causes of Action allege that Love (and Allen) intentionally interfered with the prospective economic advantage Frank R. claims he would derive from: (a) the economic relationship between Frank R. and Shirley R., who was suing him for divorce; (b) the economic relationship between Frank R. and the attorney he was paying to represent him in the divorce; ©) between Frank R. and Qualcomm or other unidentified third persons with whom he proposed to do business; (FAC ¶ 68) and (d) with the "probable future economic" advantage Frank R. hoped to derive from his economic relationship with Allen (FAC ¶ 76), which economic relationship is identified as nothing more than Frank R. paying one-half of Allen's fees as a temporary judge. FAC ¶ 10.

The Fifth Cause of Action against Love (and Allen) is for negligent interference with prospective economic advantage. The economic relationships from which anticipated future

WHITE & OLIVER
A Professional Corporation

3

REPLY IN SUPPORT OF DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE 64580.1

EXHIBIT 1 PAGE 199

LOVE00214

economic benefit with which there was alleged interference causing Frank R. damages, again were: (a) the economic relationship between Frank R. and Shirley R., who was suing him for divorce; (b) the economic relationship between Frank R. and the lawyer he was paying to represent him in the dissolution; and (c) the economic relationship between plaintiff and Qualcomm and other unspecified third persons. FAC ¶ 84. These relationships are not only unidentified, there are no facts alleged that provide for how Love possibly interfered with them, either intentionally or negligently. The Sixth Cause of Action again alleges that Frank R.'s relationship with Allen – that for which Frank was paying half of Allen's fee for services as a temporary judge (FAC ¶ 10) contained probable future economic benefit or advantage to Frank R. FAC ¶ 92. Frank R. has not alleged facts, nor can it be conceived, how this was to have occurred.

All four causes of action fail to state facts sufficient to constitute a cause of action against Love for any interference with prospective economic relations, whether intentional or negligent. "The tort of intentional or negligent interference with prospective economic advantage imposes liability for improper methods of disrupting or diverting the business relationship of another which fall outside the boundaries of fair competition." *Settimo Assoc. v. Environ Systems, Inc.* (1993) 14 Cal.App.4th 842, 845. A threshold with respect to the issue of a prospective economic benefit is that "it must be reasonably probable that the prospective economic advantage would have been realized but for defendant's interference." *Youst v. Longo* (1987) 43 Cal.3d 64, 71.

There is nothing alleged in the Third through the Sixth Causes of Action to state facts or even suggest how Love interfered with economic relationships which could prospectively have brought economic advantage to Frank, whether it be the economic relationship alleged between Frank R. and Shirley, who was suing him for divorce, between Frank R. and his divorce lawyer whose fees were being paid by Frank R., or between Frank R. and Allen, half of whose fees were being paid by Frank. The only other prospective economic relationship(s) is between Frank R. and Qualcomm or unnamed third parties. However, the FAC is silent as to what those relationships prospectively were, or how any conduct by Love interfered, particularly with those of unnamed third persons. Thus, they are uncertain and completely unintelligible as to what

WHITE & OLIVER
A Professional Corporation

those relationships were or how Love might have interfered with them. Code of Civil Procedure section 431.20(b).

Moreover, a plaintiff seeking to recover for alleged intentional interference with prospective economic relations has the burden of pleading that the defendant not only knowingly interfered with a plaintiff's expectancy, but that the defendant's interference was wrongful by some other measure beyond the fact that it amounted to interference. *See LiMandri, supra*, 52 Cal.App.4th at 340, citing *Della penna, supra*, 11 Cal.4th at 392-393. "It is insufficient to allege the defendant engaged in tortious conduct distinct from or only tangentially related to the conduct constituting the actual interference." *Id.* at 342. Notably, in *LiMandri, supra*, the Court found that plaintiff failed to sufficiently plead a cause of action for intentional and negligent interference with prospective economic relations. In *LiMandri*, the plaintiff (an attorney) alleged that the defendant, with knowledge of plaintiff's superior lien rights to his client's settlement proceeds in the underlying litigation, created a security interest in the proceeds on behalf of his client lender, and asserted it as superior to plaintiff's contractual lien. *See Id.* at 341. The Court found that while the act and method of filing the lien may have been independently tortious, it was not the act that constituted the actual interference with plaintiff's prospective economic advantage. *See Id.* at 341-342.

In his Opposition, it appears that Frank R. attempts to argue that Love's alleged "gift" to Allen interfered with Frank R.'s prospective economic relations. However, the alleged "gift" clearly does not by itself constitute the requisite essential/actual interference with any conceivable prospective economic relations. Thus, even assuming the "gift" was wrongful, it does not satisfy *Della Penna*'s requirement that the interference must be wrongful by some legal measure other than the fact of interference itself.[1] *See Id.*

Lastly, as noted herein, Love does not owe any cognizable duty of care to Frank R. Thus, plaintiff has not and cannot state facts sufficient to constitute a cause of action for negligent interference with prospective economic advantage. *See Id.* at 348. ("The tort of negligent

[1] Plaintiff has also has not cannot adequately plead a cause of action for fraudulent concealment, *see infra*.

WHITE & OLIVER
A Professional Corporation

interference with economic relationship arises only when the defendant owes the plaintiff a duty of care.")

V. THE SEVENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATIONS AGAINST THIS DEFENDANT

Defendant Love is alleged to have been a private attorney representing Shirley Rogozienski in the dissolution proceeding she brought against Frank R. FAC ¶ 9. Love as a private party is alleged to have made a simple gift of a membership interest in Warner Springs Ranch to a third person, Attorney Allen. FAC ¶¶ 29-30. Frank R. now asserts he was denied the right to a fair trial. FAC ¶ 99.

Assuming plaintiff's Seventh Cause of Action is premised upon a violation of his civil rights under Civil Code section 52.1(b), plaintiff fails to plead any acts of interference by "threats, intimidation or coercion" by Love, as required by this section. *Civil Code* §52.1(b); *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 843, citing *Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 332. Specifically, a plaintiff must plead "interference with a legal right accompanied by a form of coercion." *Jones, supra,* 17 Cal.4th at 334. Plaintiff has failed to allege facts to support an interference with a legal right that was accompanied by a form of coercion by Love.

Further, Civil Code section 52.1 does not apply to private actors' putative violations of legal guaranties that only limit state's powers. *See, e.g., Id.* at 333. Thus, state action is required for maintaining an action under this section. *See, e.g., Id.* Frank R. has not alleged and cannot allege that Love was a state actor, and as such his claim for civil rights violations against Love must fail as a matter of law.

VI. THE EIGHTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT

The Eighth Cause of Action fails to state any claim against Love for fraudulent concealment. Frank alleges that Allen and Love did not disclose the fact of a gift to Frank R. of the one-half interest in a Warner Springs membership, which gift he alleges defendants "should have disclosed." FAC ¶ 103. In his Opposition, Frank R. cites to no authority that establishes

WHITE & OLIVER
A Professional Corporation

that the counsel for a party in a litigation is in a "relationship" with the adverse party for purposes of imposing a duty of disclosure under California Civil Code sections 1572 or 1709. *See, e.g., LiMandri, supra,* 52 Cal.App.4th at 336-337.

Love clearly has no fiduciary relationship with the adverse party, Frank R., nor is he in a "relationship" contemplated by case law. *See Id.* at 336-337. Frank R. has not met and cannot meet this burden, as none of the circumstances have been alleged, and none existed.

Also of relevance to this action, in *LiMandri,* the court found that there is no duty to disclose an intention to commit an intentional tort. *See Id.* at 338. In fact, the court emphasized that it was not aware of any authority supporting the imposition of additional liability on an intentional tortfeasor for failing to disclose his or her tortious intent before committing the tort. *See Id.* Thus, it follows that if it were found that Love's alleged "gift" to Allen was considered tortious, which is clearly not the case, the law imposes no duty upon Love to disclose to Frank R. the fact of the alleged "gift". As such, Frank R. has not and cannot allege the necessary elements of an action for fraudulent concealment.

## VII. THE TENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT

Frank R. fails to allege facts sufficient to state cause of action for unfair and fraudulent business practices in violation of Business and Professions Code section 17200, *et seq.* In his Opposition, Frank R. does not and cannot point to any monies of his own that are in the possession of Love. Moreover, he fails to acknowledge that all the rulings by Allen subsequent to the "gift" have been set aside, with a new trial pending. Thus, there is no relief available under the act. There is and could be no injunction as against Love under Business and Professions Code section 17203 based on the conduct alleged. Similarly, there is not any allegation that Love is in possession of anything of Frank R.'s which Love could be ordered to restore under section 17203. Love did not receive anything by way of Love's gift to Allen which would be legally restorable to Frank.

Finally, there is no allegation, nor has California law recognized, that a violation of RPC 5-300(A) constitutes an unfair business practice under Business and Professions Code section

WHITE & OLIVER
A Professional Corporation

17200. Love simply represented Shirley in her divorce action against Frank R. Thus, any communication or publications made by Love in the course of the divorce proceedings are subject to the litigation privilege i.e, the filing of pleadings following the alleged "gift" and/or communications with the opposing party or counsel. California *Civil Code* §47(b); *see, e.g., Silberg v. Anderson* (1990) 50 Cal.3d 205, 212; *see also Brown v. Kennard* (2001) 94 Cal.App.4th 40, 45. The demurrer should be sustained without leave to amend.

VIII. **THE ELEVENTH AND TWELFTH CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT**

The Eleventh Cause of Action is not labeled, nor does it include in its contents any allegations of the elements of any cognizable tort for which Frank R. could pursue relief as against Love. Rather, the Eleventh Cause of Action alleges that Love and Allen breached their respective duties to him in their capacities as members of the State Bar of California. FAC ¶ 132.

A tort, whether intentional or negligent, involves a violation of a legal duty owed by the defendant *to the injured person*. *Cedars-Sinai Medical Center v. The Superior Court of Los Angeles County* (1998) 18 Cal.4th 1, 8. As discussed above, Love does not owe a duty of care to Frank R.

Moreover, in *Cedars-Sinai, supra*, the California Supreme Court recognized that "[i]n the past, we have favored remedying litigation-related misconduct by sanctions imposed within the underlying lawsuit rather than by creating new derivative torts." *See Id.* at 8-9 (holding that there is no tort remedy for intentional spoliation of evidence by a party to the cause of action to which the spoliated evidence is relevant.) Frank R. has been provided a remedy for the alleged litigation related conduct. All the rulings by Allen subsequent to the "gift" have been set aside, with a new trial pending.

Finally, as discussed, a violation of that Rule of Professional Conduct does not give rise to a civil cause of action, either for alleged willful and intentional conduct or negligent conduct. RPC 1-100. "There is no independent cause of action for the breach of a disciplinary rule. While the rules may provide a standard of conduct for attorneys, they do not alone support a

WHITE & OLIVER
A Professional Corporation

claim for damages." *Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 746 (citations omitted).

The Eleventh and Twelfth Causes of Action do not state causes of action, and the allegations therein do not and cannot constitute causes of action, in California.

## IX. THE THIRTEENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT

The Thirteenth Cause of Action as against all defendants is entitled "unjust enrichment." Frank R. alleges that the defendants unjustly enriched themselves to his detriment and hold monies paid by Frank R. as "constructive trustees." FAC ¶ 137. Frank R. seeks imposition of a constructive trust for monies paid by him and "wrongfully acquired or detained by Defendants." Prayer ¶ 3.

Plaintiff attempts to circumvent the requirements for maintaining a cause of action by broadly concluding that "a constructive trustee may be charged with the value of the "unconscionable loss he has caused the beneficiary" even though the constructive trustee received no monetary benefit"" or that imposition of an involuntary trust does not require that the involuntary trustee acquire the trust res directly from its rightful owner. (*See* Frank R.'s Opposition to Demurrer of Defendant S. Michael Love's Demurrer to First Amended Complaint at p.13, ll. 25-26; p.14, ll.2-7, citing *Elliot v. Elliot* (1964) 231 Cal.App.2d 205, 211; *GHK Associates v. Mayer Group, Inc.* (1990) 24 Cal.App.3d 856.) These statements are taken out of context and are, thus, misleading. Both *Elliot* and *GHK* require that a defendant wrongfully detain property of a plaintiff, for purposes of imposing a constructive trust. (*Elliot, supra,* 231 Cal.App.2d at 209; *GMK, supra,* 24 Cal.App.3d at 879.)

For example, *Elliot, supra,* involved a divorce proceeding, wherein a wife was awarded one-half the principal of a promissory note, which was held by the husband as co-owner. (*Elliot, supra,* 231 Cal.App.2d at 209.) The husband did not collect on the note and the applicable statute of limitation ran on the note. (*Id.*) The court subsequently held that the husband held the note as a constructive trustee for the wife, thus awarding her judgment her one-half of the note. (*Id.*) The court found that the wife's interest in the note was legally established by the divorce decree, thus constituting a wrongful detention of the wife's property. (*Id.*)

WHITE & OLIVER
A Professional Corporation

The cases plaintiff cites to in his Opposition do not eliminate the requirement that to state a claim for unjust enrichment, it "must be shown . . . that the acquisition of the property was wrongful and that the keeping of the property by the defendant would constitute unjust enrichment." *Calistoga Civic Club v. Calistoga* (1983) 143 Cal.App.3d 111, 116) Nowhere has it been alleged or could it be alleged that Love wrongfully acquired Frank R.'s property. Love represented Shirley R. in the divorce action. There is no allegation of any conduct or identification of any property of Love on which a constructive trust could or should be imposed, for a supposedly wrongful gift by Love to Allen of the one half interest in the Warner Springs Ranch share. The cause of action simply fails to state any facts sufficient to constitute a cause of action for unjust enrichment or entitlement to a constructive trust as against Love. The demurrer should be sustained without leave to amend.

## X. CONCLUSION

The demurrer to each cause of action as against Love should be sustained without leave to amend. It is clear from the face of the first amended complaint, Frank R.'s second effort, that he has no claim against Love other than a claim which gives no independent rise to civil liability, i.e., a claim that Love is in violation of California RPC-300(A).

Respectfully submitted,

WHITE & OLIVER

By: [signature]
Daniel M. White
Steven G. Amundson
Beth J. Manover
Attorneys for Defendant
S. MICHAEL LOVE

WHITE & OLIVER
A Professional Corporation

EXHIBIT 1 PAGE 206

LOVE00222

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Daniel M. White (068011
Beth J. Manover (215704)
WHITE & OLIVER
550 West C Street, Suite 950
San Diego, California 92101
TELEPHONE NO.: (619) 239-0300 FAX NO.: (619) 239-0344
ATTORNEY FOR (Name): Defendant S. MICHAEL LOVE

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
JUL 0 8 2005
By: A. Garba, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- [ ] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S)/IN THE MATTER OF ROGOZIENSKI

DEFENDANT(S)/RESPONDENT(S) LOVE, et al.

JUDGE: Hon. John S. Meyer
DEPT: 61
DATE: 7/15/05 TIME: 11:00 am

**PROOF OF PERSONAL SERVICE**
**(CCP 1011 & Local Rules, Division II, Rule 2.2C)**

CASE NUMBER: GIC 843843

**FOR PROOF OF SERVICE OF SUMMONS, USE SDSC CIV-9B(CIVIL) OR FL-115(FAMILY LAW). FOR PROOF OF SERVICE OF SUBPOENA, USE SDSC CIV-216, 216A, 216B, 216C, 216D, 982(a)(16)(CRIMINAL OR JUVENILE).**

1. At the time of service I was at least 18 years of age and not a party to this case, and I served copies of the following documents: REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT

2. a. Upon *(Name of party)* DEFENDANT JAMES D. ALLEN ; (For civil cases, specify the nature and status of the party's involvement in the case, i.e. plaintiff, defendant, cross-complainant, etc.; and the name, address and phone number of the party's counsel of record, if any) Donald A. English, ENGLISH & GLOVEN, 550 West C Street, Suite 1800, San Diego, CA 92101, (619) 338-6610

b. Person served: [ ] individual in item 2a [ ] attorney for party named in item 2a [ ] other *(specify name and title or relationship to the party named in item 2a)*:

c. Address: 550 West C Street, Suite 1800, San Diego, CA 92101

d. Date and time of delivery: July 8, 2005 at ______ p.m.

3. I served the individual named in item 2
   a. [ ] by personally delivering the copies.
   b. [ ] by leaving the copies at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served,
      [ ] with a receptionist or, with a person having charge thereof.
      [ ] in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.
   c. [ ] by leaving the copies at the individual's residence with some person of not less than 18 years of age. (If service was to a party and not an attorney, delivery was made between the hours of 8:00 a.m. and 6:00 p.m.).

4. Person serving *(name, address, and telephone no.)*:

WHITE & OLIVER
550 West C Street, Suite 950
San Diego, CA 92101
(619) 685-1122

a. Fee for service: $
b. [ ] Not a registered California process server.
c. [ ] Exempt from registration under B&P 22350(b).
d. [ ] Registered California process server.
   (1) [ ] Employee or independent contractor.
   (2) Registration No.:
   (3) County:

[X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
[ ] I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: ______________________ ______________________
(Signature)

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): Daniel M. White (068011) Beth J. Manover (215704) WHITE & OLIVER 550 West C Street, Suite 950 San Diego, California 92101 TELEPHONE NO.: (619) 239-0300 FAX NO.: (619) 239-0344 ATTORNEY FOR (Name): Defendant S. MICHAEL LOVE | FOR COURT USE ONLY |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | |
| PLAINTIFF(S)/PETITIONER(S)/IN THE MATTER OF ROGOZIENSKI | JUDGE Hon. John S. Meyer |
| DEFENDANT(S)/RESPONDENT(S) LOVE, et al. | DEPT: 61<br>DATE: 7/15/05 TIME: 11:00 am |
| PROOF OF PERSONAL SERVICE (CCP 1011 & Local Rules, Division II, Rule 2.2C) | CASE NUMBER GIC 843843 |

FOR PROOF OF SERVICE OF SUMMONS, USE SDSC CIV-9B(CIVIL) OR FL-115(FAMILY LAW). FOR PROOF OF SERVICE OF SUBPOENA, USE SDSC CIV-216, 216A, 216B, 216C, 216D, 982(a)(15)(CRIMINAL OR JUVENILE).

1. At the time of service I was at least 18 years of age and not a party to this case, and I served copies of the following documents: REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT

2. a. Upon *(Name of party)* PLAINTIFF FRANK E. ROGOZIENSKI ; (For civil cases, specify the nature and status of the party's involvement in the case, i.e. plaintiff, defendant, cross-complainant, etc.; and the name, address and phone number of the party's counsel of record, if any) Frank E. Rogozienski, Esq., FRANK E. ROGOZIENSKI, INC., 1203 Second Street, Coronado, CA 92118, (619) 437-1878

b. Person served: ☐ individual in item 2a ☐ attorney for party named in item 2a ☐ other *(specify name and title or relationship to the party named in item 2a)*:

c. Address: 1203 Second Street, Coronado, CA 92118

d. Date and time of delivery: July 8, 2005 at _____ p.m.

3. I served the individual named in item 2
   a. ☐ by personally delivering the copies.
   b. ☐ by leaving the copies at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served,
      ☐ with a receptionist or, with a person having charge thereof.
      ☐ in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.
   c. ☐ by leaving the copies at the individual's residence with some person of not less than 18 years of age. (If service was to a party and not an attorney, delivery was made between the hours of 8:00 a.m. and 6:00 p.m.).

4. Person serving *(name, address, and telephone no.)*:

CalExpress
1302 Kettner Boulevard
San Diego, CA 92101
(619) 685-1122

a. Fee for service: $
b. ☐ Not a registered California process server.
c. ☐ Exempt from registration under B&P 22350(b).
d. ☐ Registered California process server.
   (1) ☐ Employee or independent contractor.
   (2) Registration No.:
   (3) County:

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: ____________________ ____________________________ (Signature)

LOVE00225

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
330 W. Broadway, Dept. 65
San Diego, CA 92101
619-685-6018

TO:

**FILE COPY:** PAGE 1 OF 1
3 NOTICES PREPARED

FRANK E ROGOZIENSKI
Plaintiff(s)

vs.

JAMES D ALLEN, et al.
Defendant(s)

Case No.: GIC843843

**NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE**

Sanctions pursuant to CCP 575.2, 177.5 and CRC 227(b) may be imposed for failure to serve this notice. Superior Court Rules Division II Rule 2.3.

THE ABOVE-ENTITLED CASE HAS BEEN ASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE JOAN M. LEWIS.

COUNSEL: CHECK SERVICE LIST. IF YOU HAVE BROUGHT A PARTY INTO THIS CASE WHO IS NOT INCLUDED IN THE SERVICE LIST, Superior Court Rules, Division II, Rule 2.9 REQUIRES YOU TO SERVE THEM WITH A COPY OF THIS NOTICE.

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court and phone number listed above.

| TYPE OF HEARING | DATE | TIME | REPORT TO JUDGE |
|---|---|---|---|
| Case Management Conference | 09/02/05 | 08:30AM | JOAN M. LEWIS |

A Case Management Statement must be completed by counsel for all parties and timely filed with the court prior to the initial Case Management Conference (Rule 2.9, CRC 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing.

CERTIFICATE OF SERVICE

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego, California.

DATED: 07/25/05

BY: CLERK OF THE SUPERIOR COURT

STEVEN G. AMUNDSON
WHITE & OLIVER
550 WEST C ST STE 950
SAN DIEGO, CA 92101

DONALD A. ENGLISH
ENGLISH & GLOVEN
550 W "C" ST STE 1800
SAN DIEGO, CA 92101

FRANK E. ROGOZIENSKI
1203 SECOND STREET
CORONADO, CA 92118

EXHIBIT 1 PAGE 209

LOVE00227

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 65
San Diego, CA 92101
619-685-6018

TO:

**FILE COPY:** PAGE 1 OF 1
3 NOTICES PREPARED

| | |
|---|---|
| FRANK E ROGOZIENSKI Plaintiff(s) vs. JAMES D ALLEN, et al. Defendant(s) | Case No.: GIC843843 **NOTICE OF CASE REASSIGNMENT** DUE TO CHALLENGE, RECUSAL OR SPECIAL ASSIGNMENT |

COMPLAINT FILED 03/07/05

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE JOAN M. LEWIS, DEPARTMENT 65, 619-685-6018.

ALL SUBSEQUENT DOCUMENTS FILED IN THIS CASE MUST INCLUDE THE NAME OF THE NEW JUDGE AND THE DEPARTMENT NUMBER ON THE FIRST PAGE IMMEDIATELY BELOW THE NUMBER OF THE CASE. ALL COUNSEL AND PARTIES IN PRO PER ARE ADVISED THAT DIVISION II OF THE SUPERIOR COURT RULES IS STRICTLY ENFORCED. IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

UNLESS NOTIFIED OTHERWISE, ALL PENDING DATES ARE VACATED. PLEASE RESCHEDULE ANY CURRENTLY PENDING MOTIONS OR EX PARTE HEARINGS IN THE NEW DEPARTMENT.

CERTIFICATE OF SERVICE

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego California.

DATED: 07/15/05 BY: CLERK OF THE SUPERIOR COURT

STEVEN G. AMUNDSON
WHITE & OLIVER
550 WEST C ST STE 950
SAN DIEGO, CA 92101

DONALD A. ENGLISH
ENGLISH & GLOVEN
550 W "C" ST STE 1800
SAN DIEGO, CA 92101

FRANK E. ROGOZIENSKI
1203 SECOND STREET
CORONADO, CA 92118

EXHIBIT 1 PAGE 210

LOVE00229

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Daniel M. White (068011)
Beth J. Manover (215704)
WHITE & OLIVER
550 West C Street, Suite 950
San Diego, California 92101
TELEPHONE NO.: (619) 239-0300 FAX NO.: (619) 239-0344
ATTORNEY FOR (Name): Defendant S. MICHAEL LOVE

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
JUL 1 2 2005
By: A. Gerba, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

- [ ] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [x] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S)/IN THE MATTER OF ROGOZIENSKI

DEFENDANT(S)/RESPONDENT(S) LOVE, et al.

JUDGE Hon. John S. Meyer
DEPT: 61
DATE: 7/15/05 TIME: 11:00 am

PROOF OF PERSONAL SERVICE
(CCP 1011 & Local Rules, Division II, Rule 2.2C)

CASE NUMBER GIC 843843

FOR PROOF OF SERVICE OF SUMMONS, USE SDSC CIV-9B(CIVIL) OR FL-115(FAMILY LAW). FOR PROOF OF SERVICE OF SUBPOENA, USE SDSC CIV-216, 216A, 216B, 216C, 216D, 982(a)(16)(CRIMINAL OR JUVENILE).

1. At the time of service I was at least 18 years of age and not a party to this case, and I served copies of the following documents: REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT

2. a. Upon *(Name of party)* DEFENDANT JAMES D. ALLEN ; (For civil cases, specify the nature and status of the party's involvement in the case, i.e. plaintiff, defendant, cross-complainant, etc.; and the name, address and phone number of the party's counsel of record, if any) Donald A. English, ENGLISH & GLOVEN, 550 West C Street, Suite 1800, San Diego, CA 92101, (619) 338-6610

b. Person served: [x] individual in item 2a [x] attorney for party named in item 2a [x] other *(specify name and title or relationship to the party named in item 2a)*: SERENA GUYADEENE, RECEPTIONIST

c. Address: 550 West C Street, Suite 1800, San Diego, CA 92101

d. Date and time of delivery: July 8, 2005 at 4:15 p.m.

3. I served the individual named in item 2
   a. [ ] by personally delivering the copies.
   b. [x] by leaving the copies at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served,
      [x] with a receptionist or, with a person having charge thereof.
      [ ] in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.
   c. [ ] by leaving the copies at the individual's residence with some person of not less than 18 years of age. (If service was to a party and not an attorney, delivery was made between the hours of 8:00 a.m. and 6:00 p.m.).

4. Person serving *(name, address, and telephone no.)*:
LEE A. GARCIA
WHITE & OLIVER
550 West C Street, Suite 950
San Diego, CA 92101
(619) 685-1122

a. Fee for service: $ -0-
b. [ ] Not a registered California process server.
c. [ ] Exempt from registration under B&P 22350(b).
d. [ ] Registered California process server.
   (1) [ ] Employee or independent contractor.
   (2) Registration No.:
   (3) County:

[x] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
[ ] I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: 7/8/05 [signature]
(Signature)

EXHIBIT 1 PAGE 211

LOVE00230

Case 3:07-cv-00742-J[illegible]WMC Document 1-4 Filed 04/[illegible]/2007 Page 61 of 86

LOVE00231

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):
Daniel M. White (068011)
Beth J. Manover (215704)
WHITE & OLIVER
550 West C Street, Suite 950
San Diego, California 92101
TELEPHONE NO.: (619) 239-0300 FAX NO.: (619) 239-0344
ATTORNEY FOR (Name): Defendant S. MICHAEL LOVE

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
JUL 12 2005
By: A. Garba, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

- [ ] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S)/IN THE MATTER OF ROGOZIENSKI

DEFENDANT(S)/RESPONDENT(S) LOVE, et al.

JUDGE: Hon. John S. Meyer
DEPT: 61
DATE: 7/15/05 TIME: 11:00 am

PROOF OF PERSONAL SERVICE
(CCP 1011 & Local Rules, Division II, Rule 2.2C)

CASE NUMBER: GIC 843843

FOR PROOF OF SERVICE OF SUMMONS, USE SDSC CIV-9B(CIVIL) OR FL-115(FAMILY LAW). FOR PROOF OF SERVICE OF SUBPOENA, USE SDSC CIV-216, 216A, 216B, 216C, 216D, 982(a)(16)(CRIMINAL OR JUVENILE).

1. At the time of service I was at least 18 years of age and not a party to this case, and I served copies of the following documents: REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT

2. a. Upon *(Name of party)* PLAINTIFF FRANK E. ROGOZIENSKI ; (For civil cases, specify the nature and status of the party's involvement in the case, i.e. plaintiff, defendant, cross-complainant, etc.; and the name, address and phone number of the party's counsel of record, if any) Frank E. Rogozienski, Esq., FRANK E. ROGOZIENSKI, INC., 1203 Second Street, Coronado, CA 92118, (619) 437-1878

b. Person served: [ ] individual in item 2a [X] attorney for party named in item 2a [ ] other *(specify name and title or relationship to the party named in item 2a)*:

c. Address: 1203 Second Street, Coronado, CA 92118

d. Date and time of delivery: July 8, 2005 at 4:30 p.m.

3. I served the individual named in item 2
   a. [ ] by personally delivering the copies.
   b. [X] by leaving the copies at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served,
      [X] with a receptionist or, with a person having charge thereof.
      [ ] in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.
   c. [ ] by leaving the copies at the individual's residence with some person of not less than 18 years of age. (If service was to a party and not an attorney, delivery was made between the hours of 8:00 a.m. and 6:00 p.m.).

4. Person serving *(name, address, and telephone no.)*:

EVAN BAUSCH
CalExpress
1302 Kettner Boulevard
San Diego, CA 92101
(619) 685-1122

a. Fee for service: $ 33.80
b. [ ] Not a registered California process server.
c. [XX] Exempt from registration under B&P 22350(b).
d. [ ] Registered California process server.
   (1) [ ] Employee or independent contractor.
   (2) Registration No.:
   (3) County:

[X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
[ ] I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: July 11, 2005

Evan Bausch
(Signature)

LOVE00233

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO

DATE: July 13, 2005

PRESENT HON.: JOHN S. MEYER
JUDGE

CLERK: A. GERBA
BAILIFF:

REPORTER A: CSR#

REPORTER B: CSR#

REPORTERS' ADDRESS: P.O. BOX 128
SAN DIEGO, CA 92112-4104

GIC843843

FRANK E. ROGOZIENSKI
Plaintiff,

vs.

JAMES D. ALLEN, S. MICHAEL LOVE
Defendants,

**MINUTE ORDER**

**RE: COURT'S RECUSAL**

The Court hereby recuses itself from this case on the grounds of its relationship with defendant S. Michael Love.

IT IS SO ORDERED.

Dated: 7-13-05

HON. JOHN S. MEYER
JUDGE OF THE SUPERIOR COURT

Reassigned to Judge Kenneth [illegible] Judge Enhoma (?) July 14, 2005

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1555 6TH AVE, SAN DIEGO, CA 92101-3294<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92083-6634 | FOR COURT USE ONLY |
|---|---|
| PLAINTIFF(S)/PETITIONER(S)<br>FRANK E. ROGOZIENSKI | |
| DEFENDANT(S)/RESPONDENT(S)<br>JAMES D. ALLEN, et al | JUDGE: John S. Meyer<br>DEPT: 61 |
| CLERK'S CERTIFICATE OF SERVICE BY MAIL<br>(CCP 1013a(4)) | CASE NUMBER<br>GIC843843 |

I, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
MINUTE ORDER DATED JULY 13, 2005

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at: ☒ San Diego ☐ Vista ☐ El Cajon ☐ Chula Vista ☐ Ramona, California.

NAME & ADDRESS

NAME & ADDRESS

FRANK E. ROGOZIENSKI, ESQ.
1203 SECOND ST.
CORONADO, CA. 92118

DONALD A. ENGLISH, ESQ.
550 W. "C" ST., STE. 1800
SAN DIEGO, CA. 92101

EXHIBIT 1 PAGE 214

CLERK OF THE SUPERIOR COURT

Date: July 13, 2005 by [signature] A. GERBA, Deputy

SDSC CIV-265(Rev. 12-02) CLERK'S CERTIFICATE OF SERVICE BY MAIL

LOVE00235

Case 3:07-cv-00742-JAH-WMC Document 1-4 Filed 04/[illegible]/2007 Page 66 of 86

LOVE00236

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Daniel M. White (068011)
Steven G. Amundson (073501)
WHITE & OLIVER
550 West C Street, Suite 950
San Diego, CA 92101
TELEPHONE NO.: (619) 239-0300 FAX NO. (Optional): (619) 239-0344
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Defendant

FOR COURT USE ONLY

AUG 18 '05 AM 10:56

FILED
Clerk of the Superior Court
AUG 1 8 2005
By: S. ALYEA, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: ROGOZIENSKI

DEFENDANT/RESPONDENT: LOVE, et al.

# CASE MANAGEMENT STATEMENT

(Check one): [X] UNLIMITED CASE (Amount demanded exceeds $25,000) [ ] LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER: GIC 843843

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: September 2, 2005 Time: 8:30 a.m. Dept.: 65 Div.: Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. Party or parties *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: S. Michael Love
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. Complaint and cross-complaint *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. Service *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

**EXHIBIT 1 PAGE 215**

4. Description of case
   a. Type of case in [X] complaint [ ] cross-complaint *(describe, including causes of action)*:
   Plaintiff Frank Rogozienski alleges various causes of action against James D. Allen, who acted as a temporary judge for a period time in an underlying marital dissolution proceeding between Frank and his ex-wife Shirley Rogozienski, and against attorney S. Michael Love, who represented Shirley for a period in that dissolution proceeding.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2003]
CASE MANAGEMENT STATEMENT
Legal Solutions Plus
Page 1 of 4
Cal. Rules of Court, rule 212

LOVE00237

| PLAINTIFF/PETITIONER: ROGOZIENSKI | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: LOVE, et al. | GIC 843843 |

4\. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Frank Rogozienski claims causes of action including interference with contract, interference with economic relations, civil rights violations, deceit-fraudulent conceilment, breach of contract, unfair competition, intentional misconduct and negligent and unjust enrichment.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5\. **Jury or nonjury trial**
The party or parties request [X] a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6\. **Trial date**
a. ☐ The trial has been set for *(date):*
b. [X] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7\. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. [X] days *(specify number):* 6 days
b. ☐ hours (short causes) *(specify):*

8\. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [X] by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9\. **Preference**
☐ This case is entitled to preference *(specify code section):*

10\. **Alternative Dispute Resolution (ADR)**
a. Counsel [X] has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

**EXHIBIT 1 PAGE 216**

| PLAINTIFF/PETITIONER: ROGOZIENSKI<br>DEFENDANT/RESPONDENT: LOVE, et al. | CASE NUMBER:<br>GIC 843843 |
|---|---|

10. d. The party or parties are willing to participate in *(check all that apply)*:
 (1) [ ] Mediation
 (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1812)
 (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1812)
 (4) [ ] Binding judicial arbitration
 (5) [ ] Binding private arbitration
 (6) [ ] Neutral case evaluation
 (7) [ ] Other *(specify)*:

e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. [ ] This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
[ ] The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
a. [X] Insurance carrier, if any, for party filing this statement *(name)*: Continental Casualty Company
b. Reservation of rights: [ ] Yes [ ] No
c. [X] Coverage issues will significantly affect resolution of this case *(explain)*: Continental Casualty has declined coverage.

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
[ ] Bankruptcy [ ] Other *(specify)*:
Status:

14. **Related cases, consolidation, and coordination**
a. [ ] There are companion, underlying, or related cases.
 (1) Name of case:
 (2) Name of court:
 (3) Case number:
 (4) Status:
[ ] Additional cases are described in Attachment 14a.
b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party)*:

15. **Bifurcation**
[X] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*: Defendant Love will seek bifurcation on the issue of punitive damages.

16. **Other motions**
[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*: Defendant Love will seek summary judgment or summary adjudication on various causes of action based interalia on the absence of legal duty to Frank Rogozienski.

| PLAINTIFF/PETITIONER: ROGOZIENSKI | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: LOVE, et al. | GIC 843843 |

17. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
| --- | --- | --- |
| S. Michael Love | No interrogatories or discovery have yet been propounded, based on transfers of judicial assignments, and the pending demurrer. | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
    Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: ______

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 18, 2005

Steven G. Amundson
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

______________________
(TYPE OR PRINT NAME)

▶ ______________________
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

EXHIBIT 1 PAGE 218

LOVE00240

FILED
Clerk of the Superior Court
AUG 1 8 2005
By: S. ALYEA, Deputy

***Rogozienski v. Love***
***San Diego County Superior Court Case No. GIC843843***

**PROOF OF SERVICE**

I, Patty Cortez, declare as follows:

1. I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2. On August 18, 2005, I served the following document(s):
**CASE MANAGEMENT STATEMENT,**
on the interested parties in this action:

Frank E. Rogozienski, Esq.
FRANK E. ROGOZIENSKI, INC.
1203 Second Street
Coronado, CA 92118
T: (619) 437-1878
F: (619) 437-4894

Donald A. English, Esq.
ENGLISH & GLOVEN
550 West C Street, Suite 1800
San Diego, CA 92101
T: (619) 338-6610
F: (619) 338-6657

☒ (BY MAIL) C.C.P. § 1013(a)(1) & (3) I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ (BY FACSIMILE) At the time of transmission, I was at least 18 years of age and not a party to this legal proceeding. I transmitted the above-referenced documents by facsimile machine, pursuant to California Rules of Court, Rule 2006.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 18, 2005, at San Diego, California.

Patty Cortez

WHITE, NOOS & OLIVER
A Professional Corporation

LOVE00242

VIA KNOX CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Donald A. English, Esq.
Christy I. Yee, Esq.
English & Gloven, APC
550 West "C" Street, Suite 1800
San Diego, CA 92101
TELEPHONE NO.: (619) 338-6610 FAX NO. (Optional): (619) 338-6657
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): James D. Allen

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
AUG 18 2005
By: SCOTT SEYLER, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Frank E. Rogozienski

DEFENDANT/RESPONDENT: James D. Allen

CASE MANAGEMENT STATEMENT

(Check one): [X] UNLIMITED CASE (Amount demanded exceeds $25,000) [ ] LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER: GIC843843

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: 09-02-05 Time: 8:30 a.m. Dept.: 65 Div.: Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Defendant James D. Allen
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 03-07-05
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint *(describe, including causes of action)*:
   Interference with contract, interference with economic relations, civil rights violations, deceit-fraud/concealment, breach of contract, unfair competition, intentional misconduct, negligence, and unjust enrichment.

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]
CASE MANAGEMENT STATEMENT
Legal Solutions Plus
Cal. Rules of Court, rule 212

EXHIBIT 1 PAGE 220

LOVE00243

| PLAINTIFF/PETITIONER: Frank E. Rogozienski | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: James D. Allen | GIC843843 |

4\. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff seeks compensatory and punitive damages against defendant Mr. Allen for alleged acts done in his capacity as temporary judge in plaintiff's marital dissolution action. Mr. Allen seeks a dismissal of all claims against him on the grounds of judicial immunity, litigation privilege and other absolute defenses.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5\. **Jury or nonjury trial**

The party or parties request ☒ a jury trial ☐ a nonjury trial *(If more than one party, provide the name of each party requesting a jury trial):*

6\. **Trial date**

a. ☐ The trial has been set for *(date):*

b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* The pleadings are not yet at issue. Once the pleadings are at issue, assuming Mr. Allen is still a party, he will be in a position to address the timing of the trial date.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7\. **Estimated length of trial**

The party or parties estimate that the trial will take *(check one):*

a. ☒ days *(specify number):* eight (8)

b. ☐ hours (short causes) *(specify):*

8\. **Trial representation** *(to be answered for each party)*

The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:

a. Attorney:

b. Firm:

c. Address:

d. Telephone number:

e. Fax number:

f. E-mail address:

g. Party represented:

☐ Additional representation is described in Attachment 8.

9\. **Preference**

☐ This case is entitled to preference *(specify code section):*

10\. **Alternative Dispute Resolution (ADR)**

a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.

b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*

c. ☐ The case has gone to an ADR process *(indicate status):*

**EXHIBIT 1 PAGE 221**

LOVE00244

| PLAINTIFF/PETITIONER: Frank E. Rogozienski | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: James D. Allen | GIC843843 |

10. d. The party or parties are willing to participate in *(check all that apply)*:
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name)*:

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

14. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

15. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**

[X] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:
Mr. Allen has filed a demurrer to the first amended complaint, which is scheduled to be heard on September 2, 2005. By his demurrer, Mr. Allen seeks a dismissal of all causes of action against him on the grounds of judicial immunity and other absolute defenses.

| PLAINTIFF/PETITIONER: Frank E. Rogozienski | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: James D. Allen | GIC843843 |

17. Discovery
   a. [ ] The party or parties have completed all discovery.
   b. [ ] The following discovery will be completed by the date specified (*describe all anticipated discovery*):

| Party | Description | Date |
|---|---|---|

   c. [X] The following discovery issues are anticipated (*specify*): Issues relating to discovery are premature at this time given the status of the pleadings.

18. Economic Litigation
   a. [ ] This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. [ ] This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

19. Other issues
   [ ] The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

20. Meet and confer
   a. [ ] The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court (*if not, explain*):

   b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following (*specify*):

21. Case management orders
   Previous case management orders in this case are (*check one*): [X] none [ ] attached as Attachment 21.

22. Total number of pages attached (*if any*): - 0 -

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 18, 2005

Donald A. English, Esq.
(TYPE OR PRINT NAME)

▶ Donald A English [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

(TYPE OR PRINT NAME)

▶
(SIGNATURE OF PARTY OR ATTORNEY)

[ ] Additional signatures are attached

L0VE00247

Donald A. English, Esq. (State Bar No. 115569)
Christy I. Yee, Esq. (State Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, California 92101
Telephone: (619) 338-6610
Facsimile: (619) 338-6657

FILED
Clerk of the Superior Court
AUG 18 2005
By: SCOTT SEYLER, Deputy

Attorneys for Defendant
James D. Allen

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

FRANK E. ROGOZIENSKI,

Plaintiff

v.

JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,

Defendants.

Case No. GIC 843843

PROOF OF SERVICE BY MAIL

Date: September 2, 2005
Time: 8:30 a.m.
Dept: 65
Judge: Joan M. Lewis

Complaint Filed: March 7, 2005
Trial Date: None set

I, Jan Sones, declare that: I am over the age of 18 years and not a party to the case; I am employed in the County of San Diego, California, where the mailing occurs; and my business address is 550 West "C" Street, Suite 1800, San Diego, California 92101.

On August 18, 2005, I served the following document(s):

Case Management Statement

by placing a true copy of each document in a separate envelope addressed to each addressee, respectively, as follows:

Frank E. Rogozienski, Esq.
Frank E. Rogozienski, Inc.
1203 Second Street
Coronado, CA 92118
Tel: (619) 437-1878
Fax: (619) 437-4894

Attorneys for Plaintiff
FRANK E. ROGOZIENSKI

///

///

EXHIBIT 1 PAGE 224

Daniel M. White, Esq.
White & Oliver, APC
550 West C Street, Suite 950
San Diego, CA 92101
Tel: (619) 239-0300
Fax: (619) 239-0344

Attorneys for Defendant
S. MICHAEL LOVE

I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the United States Postal Service, this same day, at my business address shown above, following ordinary business practices. I am readily familiar with the business practices for collecting and processing of correspondence and pleadings for mailing with the United States Postal Service; and that the correspondence and pleadings shall be deposited with the United States Postal Service this same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 18, 2005

Jan Sones

EXHIBIT 1 PAGE 225

LOVE00250

AUG. 22. 2005 3:02PM ROGOZIENSKI NO. 004 P. 2

CM-110

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
FRANK E. ROGOZIENSKI (SBN 51445)
FRANK E. ROGOZIENSKI, INC.
1203 Second Street
Coronado, CA 92118
TELEPHONE NO.: (619) 437-1878 FAX NO. (Optional): (619) 437-4894
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): Plaintiff, Frank E. Rogozienski

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
AUG 2 2 2005
By: SCOTT SEYLER, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway, Dept. 65
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI
DEFENDANT/RESPONDENT: JAMES D. ALLEN, et al.

**CASE MANAGEMENT STATEMENT**

(Check one): [X] UNLIMITED CASE (Amount demanded exceeds $25,000) [ ] LIMITED CASE (Amount demanded is $25,000 or less)

CASE NUMBER: GIC843843 BY FAX

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date: 09/02/05 Time: 8:30 a.m. Dept.: 65 Div.: Room:
Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. [X] This statement is submitted by party *(name)*: Frank E. Rogozienski
   b. [ ] This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*: 03/07/05
   b. [ ] The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [X] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not)*:
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) [ ] have had a default entered against them *(specify names)*:
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in [X] complaint [ ] cross-complaint *(describe, including causes of action)*:
   Complaint for Damages (Interference with Contract, Interference with Economic Relations, Civil Rights Violations, Deceit-Fraudulent Concealment, Breach of Contract and Unfair Competition)

Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2005]
CASE MANAGEMENT STATEMENT
ORIGINAL
Page 1 of 4
Cal. Rules of Court, rule 212
American LegalNet, Inc. www.USCourtForms.com
EXHIBIT 1 PAGE 226
LOVE00251

| PLAINTIFF/PETITIONER: FRANK B. ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JAMES D. ALLEN, et al. | GIC843843 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Damages resulting from gift of the Loves' interest in Warner Springs Ranch to Allen which resulted in the disqualification of Allen from acting as the judge and will require retrial of underlying action.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. Jury or nonjury trial
The party or parties request ☑ a jury trial ☐ a nonjury trial *(If more than one party, provide the name of each party requesting a jury trial):*

6. Trial date
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
November 18, 2005 through December 16, 2005 - out of country
January 20, 2006 through February 20, 2006 - trial

7. Estimated length of trial
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 5
b. ☐ hours (short causes) *(specify):*

8. Trial representation *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. Preference
☐ This case is entitled to preference *(specify code section):*

10. Alternative Dispute Resolution (ADR)
a. Counsel ☑ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐ The case has gone to an ADR process *(indicate status):*

EXHIBIT 1 PAGE 227

American LegalNet, Inc. www.USCourtForms.com

| PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI | CASE NUMBER: |
| --- | --- |
| DEFENDANT/RESPONDENT: JAMES D. ALLEN, et al. | GIC843843 |

10. d. The party or parties are willing to participate in *(check all that apply):*
   (1) [x] Mediation
   (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4) [ ] Binding judicial arbitration
   (5) [ ] Binding private arbitration
   (6) [ ] Neutral case evaluation
   (7) [ ] Other *(specify):*

e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. [x] This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*
Amount at issue exceeds $50,000

11. Settlement conference
[x] The party or parties are willing to participate in an early settlement conference *(specify when):*
at the Court's convenience

12. Insurance
a. [ ] Insurance carrier, if any, for party filing this statement *(name):*
b. Reservation of rights: [ ] Yes [ ] No
c. [ ] Coverage issues will significantly affect resolution of this case *(explain):*

13. Jurisdiction
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
[ ] Bankruptcy [ ] Other *(specify):*
Status:

14. Related cases, consolidation, and coordination
a. [ ] There are companion, underlying, or related cases.
   (1) Name of case:
   (2) Name of court:
   (3) Case number:
   (4) Status:
[ ] Additional cases are described in Attachment 14a.
b. [ ] A motion to [ ] consolidate [ ] coordinate will be filed by *(name party):*

15. Bifurcation
[ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. Other motions
[x] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
Plaintiff is considering adding cause of action for malicious prosecution/abuse of process against Love based upon Love's continued prosecution of the underlying action with knowledge that Allen had been disqualified.

American LegalNet, Inc. www.USCourtForms.com

| PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI | CASE NUMBER: GIC843843 |
|---|---|
| DEFENDANT/RESPONDENT: JAMES D. ALLEN, et al. | |

17. **Discovery**
 a. ☐ The party or parties have completed all discovery.
 b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Request for Prod. of Documents | TBD |
| Plaintiff | Form Interrogatories | TBD |
| Plaintiff | Requests for Admission | TBD |
| Plaintiff | Special Interrogatories | TBD |
| Plaintiff | Depositions | TBD |

 c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
 a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
 b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
 ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
 a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:
 The parties will meet and conference prior to the Case Management Conference

 b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
 Previous case management orders in this case are *(check one)*: ☑ none ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: ________

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 22, 2005

EXHIBIT 1 PAGE 229

Frank E. Rogozienski
(TYPE OR PRINT NAME) ▶ [signature]
(SIGNATURE OF PARTY OR ATTORNEY)

________________________
(TYPE OR PRINT NAME) ▶ ________________________
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

American LegalNet, Inc. www.USCourtForms.com

FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
Coronado Professional Square
1203 Second Street
Coronado, CA 92118
Telephone: (619)437-1878
Facsimile: (619)437-4894

Attorneys for Plaintiff

FILED
Clerk of the Superior Court
AUG 22 2005
By: SCOTT SEYLER, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

FRANK E. ROGOZIENSKI, Plaintiff,

v.

JAMES D. ALLEN, et al., Defendants.

CASE NO. GIC843843

PROOF OF SERVICE

I, the undersigned, certify and declare that I am a citizen of the United States, over the age of 18 years, employed in the County of San Diego, State of California, and not a party to the above entitled cause. On August 22, 2005, I caused to be served by facsimile transmission a copy of the attached CASE MANAGEMENT STATEMENT as follows:

DONALD A. ENGLISH, ESQ.
ENGLISH & GLOVEN
550 West "C" St., No. 1800
San Diego, CA 92101
(619)338-6657

DANIEL M. WHITE, ESQ.
WHITE & OLIVER
550 West "C" Street, No. 950
San Diego, CA 92101
(619)239-0344

Executed on: August 22, 2005

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Sherryl M. Bolinger

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180369
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-0369
(619) 437-1878

LOVE00256