MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Frank E. Rogozienski, Esq. (State Bar No. 51445)<br>Frank E. Rogozienski, Inc.<br>1203 Second Street<br>San Diego, CA 92118<br><br>TELEPHONE NO. *(Optional)*: (619) 437-1878    FAX NO. *(Optional)*: (619) 437-4894<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff, Frank E. Rogozienski | FILED<br>CIVIL BUSINESS OFFICE 7<br>CENTRAL DIVISION<br><br>2005 AUG 22 A 11: 42<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 |
| BRANCH NAME: Central |

| PETITIONER/PLAINTIFF: FRANK E. ROGOZIENSKI |
|---|
| RESPONDENT/DEFENDANT: JAMES D. ALLEN, et al. |
| OTHER PARENT: |

| NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER | CASE NUMBER:<br>GIC843843 |
|---|---|

PLEASE TAKE NOTICE that as of the date of this document, the ☑ Attorney for ☑ Petitioner ☐ Respondent ☐ Other Parent has changed his or her address for service of notices and documents.

The new address of *(name)*: ___Frank E. Rogozienski, Esq.___

is now: ___1660 Union Street, Suite 300, San Diego, California 92101___

_____

The telephone number is: ( 619 ) 237 – 1878

ANY AND ALL NOTICES AND DOCUMENTS regarding this action should now be sent to the above address.

Date:   August 19, 2005

___FRANK E. ROGOZIENSKI, INC.___
(TYPE OR PRINT NAME)

▶ ___[signature]___
(SIGNATURE)

**EXHIBIT 1 PAGE 231**

Form Approved for Optional Use<br>Judicial Council of California<br>MC-040 [New January 1, 2002]    **NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER**    Page 1 of 2

American LegalNet, Inc.<br>www.USCourtForms.com

# SUPERIOR COURT, OF CALIFORNIA, COUNTY OF SAN DIEGO

CALENDAR NO. 7

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | COURT USE ONLY |
|---|---|---|---|---|---|
| GIC843843 | 03-07-05 | 09/02/05 | 08:30AM | 65 | |

FILED  Clerk of the Superior Court
SEP 02 2005
By: SCOTT SEYLER, Deputy

JUDGE/COMMISSIONER: HON. JOAN M. LEWIS
CLERK: REGINA LINDSEY-COOPER
REPORTER: JACQUELINE PLUMMER, CSR 5638   P. WHITELAW, CSR 5638
P.O.BOX 120128, SAN DIEGO, CA 92112-0128

PLAINTIFF/PETITIONER: FRANK E ROGOZIENSKI
DEFENDANT/RESPONDENT: JAMES D ALLEN, et al.

ATTORNEY FOR PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI   ☐P ☐NP
ATTORNEY FOR DEFENDANT/RESPONDENT: DONALD A. ENGLISH (2)   STEVEN G. AMUNDSON   ☐P ☐NP

1. DEFENDANT DEMURRER
2. DEFENDANT DEMURRER   Christy I. Yee

THIS MATTER HAVING COME BEFORE THE COURT THIS DATE, THE COURT ORDERS:

☐ PRIOR TO CALENDAR CALL  ☐ OFF-CALENDAR  ☐ GRANTED  ☐ BONDS _____
                                          ☐ DENIED  ☐ WITH/WITHOUT PREJUDICE
☐ PRIOR TO CALENDAR CALL  ☐ CONT. TO _____ IN DEPT _____ AT _____
☐ TRO  ☐ CONTINUED  ☐ VACATED
☐ ALL PREVIOUS ORDERS REMAIN IN FULL FORCE AND EFFECT.
☒ ORAL ARGUMENT   TENTATIVE DATED 9-2-05   ☒ CONFIRMED ☒ MODIFIED
☐ DISPOSES OF ENTIRE ACTION   ☐ DOES NOT DISPOSE OF ENTIRE ACTION
☐ PREVAILING PARTY TO PREPARE AND FILE FORMAL ORDER PURSUANT TO CRC 391.
☐ OTHER Plaintiff's motion to strike and disregard Defendant Allen's points and authorities is denied.

Defendant Allen's request for judicial notice is granted.

Defendant James D. Allen's demurrer to the first, third, fifth, seventh, eighth, eleventh and twelfth causes of action is sustained without leave to amend as these claims are barred by the doctrine of judicial immunity. The Court is inclined to sustain the demurrer to the ninth cause of action for breach of contract for the same reason but would like to hear argument on this.

The Court would also like to hear argument on the thirteenth cause of action for unjust enrichment.

Defendant S. Michael Love's request for judicial notice is granted.

Defendant Love's demurrer to the first and second causes of action is sustained as the Court concludes that Plaintiff has failed to adequately state facts that would support an allegation that this Defendant intended to disrupt the contractual relations pled in the First Amended Complaint.

The demurrer to the third through sixth causes of action is sustained as the Court finds Plaintiff has not adequately pled that this Defendant interfered with economic relationships that could have prospectively brought economic advantage to the Plaintiff.

The demurrer to the seventh cause of action is sustained because Plaintiff has failed to allege any facts to support the allegation that the Defendant engaged any acts of threats,

Dated: 09/02/05

JUDGE/COMMISSIONER OF THE SUPERIOR COURT

SUPCT CIV-718A(Rev. 5-04)
Page 1 of 2
NOT-MINUTES/ORDER OF THE COURT

EXHIBIT 1 PAGE 233

LOVE00258

LOVE00259

gic843843                                                          9/2/2005

intimidation or coercion by way of state action.

The demurrer to the eighth cause of action for fraudulent concealment is sustained as the Court concludes no duty was owed to Plaintiff.

The demurrer to the tenth cause of action is sustained because no remedy exists based on the facts pled. Specifically, Plaintiff has failed to plead that Defendant Love has any monies that should be restored to the Plaintiff nor is there any conduct to be enjoined.

The demurrer to the eleventh and twelfth causes of action is sustained as Plaintiff has failed to cite persuasive authority that would support a finding that this Defendant owed him a duty of care under these facts and/or that Plaintiff can proceed to sue for damages for conduct that allegedly violated the rules of Professional Conduct.

The demurrer to the thirteenth cause of action is sustained because there are no allegations that this Defendant holds any identified property in trust for the Plaintiff.

*Demurrer is sustained without leave to amend.*

The Court is inclined to sustain the demurrer without leave to amend as it is not persuaded that Plaintiff will be able to plead facts to state a cause of action against this Defendant. However, at the time of oral argument the Court would entertain argument as to whether leave to amend should be given.

**IT IS SO ORDERED**

Dated: 9/2/2005

_____
Hon. JOAN M. LEWIS
Judge of the Superior Court

Page 2 of 2

**EXHIBIT 1 PAGE 234**

LOVE00260

LOVE00261

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

PAGE 1 OF 2

CALENDAR NO.

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT |
|---|---|---|---|---|
| GIC843843 | 03/07/05 | 09/02/05 | 08:30AM | 65 |

COURT USE ONLY

F Y L E D
Clerk of the Superior Court

SEP 0 2 2005

By: SCOTT SEYLER, Deputy

JUDGE/COMMISSIONER
HON.  JOAN M. LEWIS

CLERK
REGINA LINDSEY COOPER

REPORTER
JACQUELINE PLUMMER, CSR 5835
P.O. BOX 120128, SAN DIEGO, CA 92112-0128

P. WHITELAW, CSR # 7680

PLAINTIFF/PETITIONER
FRANK E ROGOZIENSKI

DEFENDANT/RESPONDENT
JAMES D ALLEN ,et al.

The above matter came on for hearing with the below appearances for:

### CASE MANAGEMENT CONFERENCE

| ATTORNEY OF RECORD | PHONE | APPEARANCE BY |
|---|---|---|
| FRANK E. ROGOZIENSKI  (P) | 619-237-1878 | |
| STEVEN G. AMUNDSON  (D) | 619-239-0300 | |
| DONALD A. ENGLISH  (D) | 619-338-6610 | |

(add'l signatures - use attached sheet)

PURSUANT TO THE STIPULATION SET FORTH BELOW, no procedure or deadline set forth herein may be modified, extended or avoided by stipulation or agreement of the parties unless approved by the court in advance of the date sought to be altered. Counsel acknowledge and memorialize the stipulation set forth below by affixing their signatures hereto.

IT IS STIPULATED BY THE PARTIES AND ORDERED AS FOLLOWS:

☐ CASE DEEMED AT ISSUE AND PLACED ON THE CIVIL ACTIVE LIST.  Pursuant to stipulation of the parties, no new parties may be added without leave of court, and all unserved, non-appearing and fictitiously named parties are dismissed.

☐ JUDICIAL ARBITRATION:

☐ NON-BINDING NO LIMIT ARBITRATION.

☐ ALL PENDING LAW AND MOTION MATTERS, NOT INVOLVING DISCOVERY, ARB VACATED.  You MUST seek the permission of the judge who ordered the case into judicial arbitration to file any motion while the case is in arbitration.

PURSUANT TO THE STIPULATION OF THE PARTIES:

☐ APPOINTMENT of _____ or _____ (alternate) ARBITRATOR.

☐ Case is ordered to arbitration for _____ days.

☐ BINDING ARBITRATION.  The parties stipulate to binding arbitration.  A stipulation with client's signature is to be filed with the Arbitration Department and the arbitrator prior to the arbitration hearing.

☐ EXCHANGE OF EXPERTS.  The parties stipulate to dispense with the demand requirements of CCP 2034, and agree to exchange experts in accordance with Local Rules, Div. II, Rule 2.26.  (All other provisions of CCP 2034 apply).

☐ MEDIATION:

☐ Parties stipulate to participate in the court's new Mediation Program per local rule 2.31.

☐ Mediator will be paid by the PARTIES.

☐ THE PARTIES STIPULATE TO _____ or _____ (alternate) MEDIATOR.

☐ Case is ordered to mediation for _____ days.

☐ Other orders:

_____

_____

_____

_____

_____

SDSC CIV-716(Rev. 5-04)                    CMC- MINUTES/ORDER OF THE COURT

**EXHIBIT 1 PAGE 235**

NUMBER: GIC843843    DATE OF HEARING: 09/02/05    DEPT. 65    PAGE 2 OF 2

- ☐ **TRIAL SETTING:**
  - ☐ TRIAL DATE _____ at _____ in Dept. _____
    - ESTIMATED TRIAL LENGTH: _____ day(s)    JURY DEMAND: Plaintiff_____ Defendant _____ Waived _____
  - ☐ TRIAL READINESS CONFERENCE : _____ at _____ in Dept. _____
  - ☐ SPECIAL SETTLEMENT CONFERENCE: _____ at _____ in Dept. _____
  - PURSUANT TO THE STIPULATION OF THE PARTIES:
  - ☐ EXCHANGE OF EXPERTS:
    The parties stipulate to dispense with the demand requirements of CCP 2034, and agree to exchange experts as follows:
    1st exchange: _____    2nd exchange: _____
    (All other provisions of CCP 2034 apply).
  - ☐ ALL MOTIONS AND DISCOVERY, including but not limited to experts, judgment on the pleadings, leave to amend and bifurcate
    must be completed and jury fees posted by: _____
- ☐ **TRANSFER TO ANOTHER COURT OR DISTRICT**
  - ☐ Transfer to _____ Court.    ☐ Appeal period waived.
  - ☐ Plaintiff/Defendant is ordered to pay the fees and costs of transfer by _____
  - ☐ Case is reclassified as limited / general jurisdiction.
  - ☐ OSC why case should not be deemed limited / general jurisdiction set on _____
- IN ADDITION TO THE ABOVE STIPULATION, IT IS FURTHER ORDERED:
- ☐ **CONSOLIDATION/SEVERANCE/BIFURCATION**
  - ☐ The case is consolidated with Case Nos. _____ . Lead case: _____
  - ☐ This case is ordered severed/bifurcated as to _____
- ☐ **FAILURE TO APPEAR**
  - ☐ The Court sets an Order to Show Cause for failing to appear as noticed by the Court for today's proceeding.
    The Order to Show Cause is set for _____ at _____ in Dept. _____
- ☐ **OSC WHY CASE SHOULD NOT BE DISMISSED**
  - ☐ The Order to Show Cause is set for _____ at _____ in Dept. _____
- ☐ CMC CONTINUED TO: _____ at _____ in Dept. _____

OTHER: _____
_____
_____
_____
_____

**EXHIBIT 1 PAGE 236**

IT IS SO ORDERED:

Dated: 09/02/05    _____
JUDGE/COMMISSIONER OF THE SUPERIOR COURT

SDSC CIV-716(Rev. 5-04)    CMC-MINUTES/ORDER OF THE COURT

LOVE00263

LOVE00264

DONALD A. ENGLISH
MARK M. GLOVEN
CHRISTY I. YEE
JEFFREY E. FLYNN
MELISSA S. PROVENCHER
JOSHUA R. DOURNE

# ENGLISH & GLOVEN
### A PROFESSIONAL CORPORATION
### ATTORNEYS AT LAW
550 WEST "C" STREET, SUITE 1800
SAN DIEGO, CALIFORNIA 92101
TELEPHONE: (619) 338-6610
FACSIMILE: (619) 338-6657
E-MAIL: firm@englishpc.com

F I L E D
Clerk of the Superior Court

OCT 1 4 2005

By: R. LINDSEY-COOPER, Deputy

October 14, 2005

**VIA HAND DELIVERY**

Honorable Joan M. Lewis
Superior Court of California
County of San Diego, Department 65
330 West Broadway
San Diego, CA 92101

Re:  James D. Allen, et al. adv. Frank E. Rogozienski
     San Diego Superior Court Case No. GIC 843843
     Our File No. 0368.05612

Dear Judge Lewis:

On September 2, 2005, you heard the demurrers brought by defendants James D. Allen and S. Michael Love to the First Amended Complaint of plaintiff Frank E. Rogozienski in the above-referenced action. In accordance with your instructions, our office prepared the proposed order reflecting your rulings. We also prepared a proposed judgment consistent with your rulings on the demurrers.

After circulating the proposed order and judgment, and receiving all counsels' input, we prepared what we understand to be the final order and judgment. Each of the parties' counsel have approved both the proposed order and judgment as to form and content indicating they are consistent with your orders.

Enclosed is the proposed order and judgment for your signature. Provided the order and judgment meet with your approval, we would appreciate you signing them and providing our office with signed and conformed copies. We will then serve each of the parties and their counsel.

**EXHIBIT 1 PAGE 237**

L0VE00265

Honorable Joan M. Lewis
October 14, 2005
Page 2

The parties and their counsel appreciate the Court's assistance in this matter.

Very truly yours,

*[signature: Donald A. English]*

Donald A. English
ENGLISH & GLOVEN
A Professional Corporation
DAE:mlq
Enclosures
cc:     James D. Allen, Esq. (via U.S. Mail)
        Daniel White, Esq. (via U.S. Mail)
        Frank E. Rogozienski, Esq. (via U.S. Mail)

RECD OCT 14 2005 DES

**EXHIBIT 1 PAGE 238**

LOVE00267

```
F I L E D
Clerk of the Superior Court

OCT 1 9, 2005

By: R. LINDSEY-COOPER, Deputy
```

RECD OCT 14'85 PM 3:50

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| FRANK E. ROGOZIENSKI,<br><br>                    Plaintiff<br><br>        v.<br><br>JAMES D. ALLEN, S. MICHAEL LOVE<br>and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. GIC 843843<br><br>[PROPOSED] ORDER SUSTAINING<br>DEFENDANTS JAMES D. ALLEN'S AND S.<br>MICHAEL LOVE'S DEMURRERS TO<br>FIRST AMENDED COMPLAINT, AND EACH<br>CAUSE OF ACTION, WITHOUT LEAVE TO<br>AMEND<br><br>Date:           September 2, 2005<br>Dept:          65<br>Judge:        Hon. Joan M. Lewis<br>Complaint Filed:    March 7, 2005 |

The demurrers to the first amended complaint by defendants James D. Allen ("Mr. Allen") and

S. Michael Love ("Mr. Love") came on for hearing in Department 65 of the above-entitled Court before

the Honorable Joan M. Lewis on September 2, 2005 at 8:30 a.m. Donald A. English, Esq. and Christy

I. Yee, Esq. of English & Gloven, A Professional Corporation, appeared on behalf of defendant Mr.

Allen. Daniel M. White, Esq. of White & Oliver, A Professional Corporation, appeared on behalf of

defendant Mr. Love. Plaintiff Frank E. Rogozienski appeared in pro per on his own behalf.

The Court, after having considered defendants' moving and reply papers, plaintiff's opposition

papers, and oral argument of counsel presented at the hearing, makes the following rulings:

    1.        Plaintiff's motion to strike and disregard defendant Mr. Allen's memorandum of points

and authorities is denied.

    2.        Defendant Mr. Allen's request for judicial notice is granted.          **EXHIBIT 1 PAGE 239**

[PROPOSED] ORDER SUSTAINING DEFENDANTS'
DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00268

3.    Defendant Mr. Allen's demurrer to the first amended complaint and each cause of action against Mr. Allen is sustained as follows:

    (a)    As to the first cause of action for intentional interference with contractual relations as the cause of action is barred by the doctrine of judicial immunity;

    (b)    As to the third cause of action for intentional interference with prospective economic relations as the cause of action is barred by the doctrine of judicial immunity;

    (c)    As to the fifth cause of action for negligent interference with prospective economic advantage as the cause of action is barred by the doctrine of judicial immunity;

    (d)    As to the seventh cause of action for civil rights violations as the cause of action is barred by the doctrine of judicial immunity;

    (e)    As to the eighth cause of action for deceit and fraudulent concealment as the cause of action is barred by the doctrine of judicial immunity;

    (f)    As to the ninth cause of action for breach of contract as the cause of action is barred by the doctrine of judicial immunity;

    (g)    As to the eleventh cause of action for wilful misconduct and intentional infliction of injury as the cause of action is barred by the doctrine of judicial immunity;

    (h)    As to the twelfth cause of action for negligence as the cause of action is barred by the doctrine of judicial immunity; and

    (i)    As to the thirteenth cause of action for unjust enrichment as the cause of action is barred by the doctrine of judicial immunity.

4.    The Court sustains Mr. Allen's demurrer, without leave to amend, as to each cause of action against Mr. Allen in the first amended complaint as the Court finds that based upon the doctrine of judicial immunity, plaintiff has not pled, and would not be able to plead by amendment, any facts to state a cause of action against Mr. Allen.

5.    Defendant Mr. Love's request for judicial notice is granted.    **EXHIBIT 1 PAGE 240**

2    [PROPOSED] ORDER SUSTAINING DEFENDANTS'
DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00269

1    6.    Defendant Mr. Love's demurrer to the first amended complaint and each cause of action

2    against Mr. Love is sustained, without leave to amend, as follows:

3        (a)    As to the first cause of action for intentional interference with contractual relations

4            as the Court concludes that plaintiff has failed to adequately state facts that would

5            support the allegation that Mr. Love intended to disrupt the contractual relations

6            pled in the first amended complaint;

7        (b)    As to the second cause of action for intentional interference with contractual

8            relations as the Court concludes that plaintiff has failed to adequately state facts

9            that would support the allegation that Mr. Love intended to disrupt the contractual

10           relations pled in the first amended complaint;

11       (c)    As to the third cause of action for intentional interference with prospective

12           economic advantage as the Court finds plaintiff has not adequately pled that Mr.

13           Love interfered with economic relationships that could have prospectively brought

14           economic advantage to plaintiff;

15       (d)    As to the fourth cause of action for intentional interference with prospective

16           economic advantage as the Court finds that plaintiff has not adequately pled that

17           Mr. Love interfered with economic relationships that could have prospectively

18           brought economic advantage to plaintiff;

19       (e)    As to the fifth cause of action for negligent interference with prospective

20           economic advantage as the Court finds that plaintiff has not adequately pled that

21           Mr. Love interfered with economic relationships that could have prospectively

22           brought economic advantage to plaintiff;

23       (f)    As to the sixth cause of action for negligent interference with prospective

24           economic advantage as the Court finds that plaintiff has not adequately pled that

25           Mr. Love interfered with economic relationships that could have prospectively

26           brought economic advantage to plaintiff;

27

28

**EXHIBIT 1 PAGE 241**

[PROPOSED] ORDER SUSTAINING DEFENDANTS'
DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00270

1      (g)    As to the seventh cause of action for civil rights violations as the Court finds

2      plaintiff has failed to allege any facts to support the allegation that Mr. Love

3      engaged in any acts of threats, intimidation or coercion by way of state action;

4      (h)    As to the eighth cause of action for deceit and fraudulent concealment as the Court

5      concludes Mr. Love owed no duty to plaintiff;

6      (i)    As to the tenth cause of action for unfair competition as no remedy exists based

7      upon the facts pled and plaintiff has failed to plead that Mr. Love has any monies

8      that should be restored to plaintiff, nor is there any conduct to be enjoined;

9      (j)    As to the eleventh cause of action for wilful misconduct and intentional infliction

10     of injury as the Court concludes Mr. Love owed no duty to plaintiff and plaintiff

11     cannot sue for damages for conduct that allegedly violated the Rules of

12     Professional Conduct;

13     (k)    As to the twelfth cause of action for negligence as the Court concludes Mr. Love

14     owed no duty to plaintiff and plaintiff cannot sue for damages for conduct that

15     allegedly violated the Rules of Professional Conduct; and

16     (l)    As to the thirteenth cause of action for unjust enrichment as there are no

17     allegations that Mr. Love holds any identified property in trust for plaintiff.

18     7.    The Court sustains Mr. Love's demurrer, without leave to amend, as to each cause of

19 action against Mr. Love in the first amended complaint as the Court finds plaintiff has not pled, and

20 would not be able to plead by amendment, any facts to state a cause of action against Mr. Love.

21     8.    Given the following ruling, the first amended complaint shall be dismissed in its entirety.

22 Defendants are directed to prepare an order for the Court's rulings.

23 IT IS SO ORDERED.

24

25 Dated: _10/19/05_              _Joan M. Lewis_

26                           Hon. Joan M. Lewis
                            Judge of the Superior Court

27

28

**EXHIBIT 1 PAGE 242**

[PROPOSED] ORDER SUSTAINING DEFENDANTS'
DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00271

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_

4

5                                    ENGLISH & GLOVEN
                                     A Professional Corporation

6    By: _Donald English_

7        Donald A. English
         Christy I. Yee
8        Attorneys for Defendant James D. Allen

9    Dated: _____

10                                   WHITE & OLIVER
                                     A Professional Corporation

11

12   By: _____

13       Daniel M. White, Esq.
         Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____

17                                   FRANK E. ROGOZIENSKI, INC.

18

19   By: _____

20       Frank E. Rogozienski, Esq.
         Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                   **EXHIBIT 1 PAGE 243**

28

                    [PROPOSED] ORDER SUSTAINING DEFENDANTS'
         5          DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00272

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_            ENGLISH & GLOVEN
                                            A Professional Corporation
4

5

6    By: _Donald English_
                _Donald A. English_
7                _Christy I. Yee_
            Attorneys for Defendant James D. Allen
8

9

10   Dated: _12 October 2005_              WHITE & OLIVER
                                            A Professional Corporation
11

12   By: _Steven G. Amundson_
                _Daniel M. White, Esq._
13          Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____                FRANK E. ROGOZIENSKI, INC.

17

18

19   By: _____
                _Frank E. Rogozienski, Esq._
20          Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                         **EXHIBIT 1 PAGE 244**

28
                                    [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                            5       DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00273

1   APPROVED AS TO FORM AND CONTENT:

2

3   Dated: _September 28, 2005_           ENGLISH & GLOVEN
                                          A Professional Corporation
4

5                                         By: _Donald English,_
6                                             Donald A. English
                                              Christy I. Yee
7                                         Attorneys for Defendant James D. Allen

8

9   Dated: _____              WHITE & OLIVER
10                                        A Professional Corporation

11

12                                        By: _____
                                              Daniel M. White, Esq.
13                                        Attorneys for Defendant S. Michael Love

14

15  _APPROVED AS TO FORM AND CONFORMING TO COURT'S ORDER_

16  Dated: _9/30/05_                      FRANK E. ROGOZIENSKI, INC.

17

18

19                                        By: _____
                                              Frank E. Rogozienski, Esq.
20                                        Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                                 **EXHIBIT 1 PAGE 245**

28

                                          _____
                                          [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                              5           DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00274

LOVE00275

```
                                              F I L E D
                                         Clerk of the Superior Court

                                            OCT 1 9 2005

                                     By: R. LINDSEY-COOPER, Deputy


                                     REC'D OCT 14 '05 PM 1:59
```

8       **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9       **FOR THE COUNTY OF SAN DIEGO**

10  FRANK E. ROGOZIENSKI,              )   Case No. GIC 843843
                                       )
11              Plaintiff              )   **JUDGMENT OF DISMISSAL**
                                       )
12          v.                         )
                                       )
13  JAMES D. ALLEN, S. MICHAEL LOVE    )   Date:          September 2, 2005
    and DOES 1 through 10, inclusive,  )   Dept:          65
14                                     )   Judge:         Hon. Joan M. Lewis
                Defendants.            )   Complaint Filed:    March 7, 2005
15  _____)

16          Based upon this Court's September 2, 2005 order sustaining, without leave to amend, James D.

17  Allen's and S. Michael Love's demurrers to the first amended complaint, and each cause of action

18  therein,

19          IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment dismissing this action

20  be, and hereby is, entered in favor of defendants James D. Allen and S. Michael Love.

21          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant James D. Allen is

22  entitled to costs of suit in the amount of $ _431.70 costs added 12-5-05 (TC)_; and defendant S. Michael Love is

23  entitled to costs of suit in the amount of $_____

24

25  Dated: _10/16/05_              _Joan M. Lewis_
                                    Hon. Joan M. Lewis
26                                  Judge of the Superior Court

27

28                                              **EXHIBIT 1 PAGE 246**

                                            _____
                                                    JUDGMENT

L0VE00276

1 | APPROVED AS TO FORM AND CONTENT:

2

3 | Dated: _September 28, 2005_            ENGLISH & GLOVEN
                                           A Professional Corporation
4

5                                          By: _Donald A. English_
6                                              Donald A. English
                                               Christy I. Yee
7                                          Attorneys for Defendant James D. Allen

8

9
   Dated: _____                WHITE & OLIVER
10                                          A Professional Corporation

11

12                                         By:_____
                                               Daniel M. White, Esq.
13                                         Attorneys for Defendant S. Michael Love

14

15

16 | Dated: _____               FRANK E. ROGOZIENSKI, INC.

17

18

19                                         By:_____
                                               Frank E. Rogozienski, Esq.
20                                         Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                                    **EXHIBIT 1 PAGE 247**

28

                              2                                    JUDGMENT

LOVE00277

1   APPROVED AS TO FORM AND CONTENT:

2

3   Dated: _September 28, 2005_        ENGLISH & GLOVEN
                                       A Professional Corporation
4

5                                      By: _Donald A. English_
6                                          Donald A. English
                                           Christy I. Yee
7                                      Attorneys for Defendant James D. Allen

8

9   Dated: _12 October 2005_          WHITE & OLIVER
                                       A Professional Corporation
10

11

12                                     By: _Steven G. Amidon_
                                           Daniel M. White, Esq.
13                                     Attorneys for Defendant S. Michael Love

14

15

16  Dated: _____             FRANK E. ROGOZIENSKI, INC.

17

18

19                                     By: _____
                                           Frank E. Rogozienski, Esq.
20                                     Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                                    EXHIBIT 1 PAGE 248
28

2                                                      JUDGMENT

1  APPROVED AS TO FORM AND CONTENT:

2

3  Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                        A Professional Corporation
4

5
                                   By: _Donald A. English._
6                                      Donald A. English
                                       Christy I. Yee
7                                  Attorneys for Defendant James D. Allen

8

9  Dated: _____             WHITE & OLIVER
                                        A Professional Corporation
10

11

12                                 By: _____
                                       Daniel M. White, Esq.
13                                 Attorneys for Defendant S. Michael Love

14  APPROVED AS TO FORM

15

16  Dated: _9/30/05_                   FRANK E. ROGOZIENSKI, INC.

17

18

19                                 By: _____
                                       Frank E. Rogozienski, Esq.
20                                 Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26                                             **EXHIBIT 1 PAGE 249**

27

28

                          2                                    JUDGMENT

LOVE00280

1   Donald A. English, Esq.        (State Bar No. 115569)
    Christy I. Yee, Esq.           (State Bar No. 166238)
2   ENGLISH & GLOVEN
    A Professional Corporation
3   550 West "C" Street, Suite 1800
    San Diego, California 92101
4   Telephone: (619) 338-6610
    Facsimile:  (619) 338-6657
5

6   Attorneys for Defendant
    James D. Allen
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN DIEGO

10

11  FRANK E. ROGOZIENSKI,              )   Case No. GIC 843843
                                       )
12          Plaintiff                  )   PROOF OF SERVICE BY MAIL
                                       )
13      v.                             )
                                       )
14  JAMES D. ALLEN, S. MICHAEL LOVE    )
    and DOES 1 through 10, inclusive,  )
15                                     )   Complaint Filed:   March 7, 2005
                                       )   Trial Date:        None set
16          Defendants.                )
    _____)

17          I, Nona Sabo, declare that:  I am over the age of 18 years and not a party to the case; I am

18  employed in the County of San Diego, California, where the mailing occurs; and my business address is

19  550 West "C" Street, Suite 1800, San Diego, California 92101.

20          On November 14, 2005 I served the following document(s):

21      1.      NOTICE OF RULING AND NOTICE OF ORDER; and

22      2.      NOTICE OF ENTRY OF JUDGMENT

23  by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

24  as follows:

25  Frank E. Rogozienski, Esq.              Attorney for Plaintiff
    Frank E. Rogozienski, Inc.              FRANK E. ROGOZIENSKI
26  1660 Union Street, Suite 300
    San Diego, CA 92101
27  Tel: (619) 237-1878
    Fax: (619) 237-1870
28                                              **EXHIBIT 1 PAGE 250**

                                          PROOF OF SERVICE BY MAIL

FILED
Clerk of the Superior Court
NOV 14 2005
By: R. LINDSEY-COOPER, Deputy

L0VE00281

1

2 | Daniel M. White, Esq.              Attorneys for Defendant
   White & Oliver, APC             S. MICHAEL LOVE

3 | 550 West C Street, Suite 950
   San Diego, CA 92101

4 | Tel: (619) 239-0300
   Fax: (619) 239-0344

5

6        I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in

7 the United States Postal Service, this same day, at my business address shown above, following

8 ordinary business practices. I am readily familiar with the business practices for collecting and

9 processing of correspondence and pleadings for mailing with the United States Postal Service; and

10 that the correspondence and pleadings shall be deposited with the United States Postal Service this

11 same day in the ordinary course of business.

12        I declare under penalty of perjury under the laws of the State of California that the foregoing is

13 true and correct.

14

15 Dated: November 14, 2005

                                           Nona Sabo

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1 PAGE 251**

2

PROOF OF SERVICE BY MAIL

LOVE00282

LOVE00283

1   Donald A. English, Esq.        (State Bar No. 115569)
    Christy I. Yee, Esq.           (State Bar No. 166238)
2   ENGLISH & GLOVEN
    A Professional Corporation
3   550 West "C" Street, Suite 1800
    San Diego, California 92101
4   Telephone: (619) 338-6610
    Facsimile:  (619) 338-6657
5

6   Attorneys for Defendant
    James D. Allen
7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,                )    Case No. GIC 843843
                                         )
11            Plaintiff                   )    PROOF OF SERVICE BY MAIL
                                         )
12      v.                               )
                                         )
13  JAMES D. ALLEN, S. MICHAEL LOVE      )
    and DOES 1 through 10, inclusive,    )
14                                        )    Complaint Filed:    March 7, 2005
              Defendants.                 )    Trial Date:         None set
15  _____)

16          I, Nona Sabo, declare that:  I am over the age of 18 years and not a party to the case; I am

17  employed in the County of San Diego, California, where the mailing occurs; and my business address is

18  550 West "C" Street, Suite 1800, San Diego, California 92101.

19          On November 9, 2005, I served the following document(s):

20      1.   ORDER SUSTAINING DEFENDANTS' JAMES D. ALLEN AND S. MICHAEL
            LOVE'S DEMURRERS TO FIRST AMENDED COMPLAINT, AND EACH CAUSE
21           OF ACTION, WITHOUT LEAVE TO AMEND

22      2.   JUDGMENT OF DISMISSAL

23  by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

24  as follows:

25  Frank E. Rogozienski, Esq.              Attorneys for Plaintiff
    Frank E. Rogozienski, Inc.             FRANK E. ROGOZIENSKI
26  1660 Union Street, Suite 300
    San Diego, CA 92101
27  Tel: (619) 237-1878                     EXHIBIT 1 PAGE 252

28  _____
                                            PROOF OF SERVICE BY MAIL

LOVE00284

1

2    Daniel M. White, Esq.                    Attorneys for Defendant
     White & Oliver, APC                      S. MICHAEL LOVE
3    550 West C Street, Suite 950
     San Diego, CA 92101
4    Tel: (619) 239-0300
     Fax: (619) 239-0344
5

6         I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the

7    United States Postal Service, this same day, at my business address shown above, following ordinary

8    business practices. I am readily familiar with the business practices for collecting and processing of

9    correspondence and pleadings for mailing with the United States Postal Service; and that the

10   correspondence and pleadings shall be deposited with the United States Postal Service this same day in

11   the ordinary course of business.

12        I declare under penalty of perjury under the laws of the State of California that the foregoing is

13   true and correct.

14

15   Dated:  November 9, 2005                  _Nona Sabo_

16                                             Nona Sabo

17

18

19

20

21

22

23

24

25

26

27                                             **EXHIBIT 1 PAGE 253**

28

2

PROOF OF SERVICE BY MAIL

LOVE00285

LOVE00286

1    Donald A. English, Esq.    (State Bar No. 115569)
     Christy I. Yee, Esq.      (State Bar No. 166238)
2    ENGLISH & GLOVEN
     A Professional Corporation
3    550 West "C" Street, Suite 1800
     San Diego, California 92101
4    Telephone: (619) 338-6610
     Facsimile: (619) 338-6657

5

6    Attorneys for Defendant
     James D. Allen
7

F I L E D
Clerk of the Superior Court

NOV 1 4 2005

By: R. LINDSEY-COOPER, Deputy

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN DIEGO**

10

| | |
|---|---|
| 11   FRANK E. ROGOZIENSKI, | Case No. GIC 843843 |
| 12       Plaintiff | **NOTICE OF RULING AND NOTICE OF ORDER** |
| 13       v. | |
| 14   JAMES D. ALLEN, S. MICHAEL LOVE | Date:      September 2, 2005 |
|     and DOES 1 through 10, inclusive, | Dept:      65 |
| 15 | Judge:    Honorable Joan M. Lewis |
| 16       Defendants. | Complaint Filed:    March 7, 2005 |
| 17 | |

18      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19         NOTICE IS HEREBY GIVEN THAT on September 2, 2005 in Department 65 of the above-

20 entitled court, the Honorable Joan M. Lewis sustained, without leave to amend, the demurrers filed by

21 defendants James D. Allen and S. Michael Love to the first amended complaint of plaintiff Frank E.

22 Rogozienski. A copy of the Court's October 19, 2005 order is attached hereto as Exhibit "1".

23 Dated: November _14_, 2005           ENGLISH & GLOVEN
                            A Professional Corporation
24

25

26               By: _Donald A. English_
                       Donald A. English
27                    Christy I. Yee
                   Attorneys for Defendant
28                    James D. Allen       **EXHIBIT 1 PAGE 254**

NOTICE OF RULING AND NOTICE OF ORDER

L0VE00287

LOVE00288

1

2                                                                    F I L E D
                                                                Clerk of the Superior Court
3
                                                                   OCT 1 9 2005
4
                                                            By: R. LINDSEY-COOPER, Deputy
5

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        FOR THE COUNTY OF SAN DIEGO

10   FRANK E. ROGOZIENSKI,              )    Case No. GIC 843843
                                         )
11              Plaintiff                )    [PROPOSED] ORDER SUSTAINING
                                         )    DEFENDANTS JAMES D. ALLEN'S AND S.
12        v.                             )    MICHAEL LOVE'S DEMURRERS TO
                                         )    FIRST AMENDED COMPLAINT, AND EACH
13   JAMES D. ALLEN, S. MICHAEL LOVE     )    CAUSE OF ACTION, WITHOUT LEAVE TO
     and DOES 1 through 10, inclusive,   )    AMEND
14                                       )
                Defendants.              )    Date:        September 2, 2005
15   _____)    Dept:        65
                                              Judge:       Hon. Joan M. Lewis
16                                            Complaint Filed:   March 7, 2005

17        The demurrers to the first amended complaint by defendants James D. Allen ("Mr. Allen") and

18   S. Michael Love ("Mr. Love") came on for hearing in Department 65 of the above-entitled Court before

19   the Honorable Joan M. Lewis on September 2, 2005 at 8:30 a.m.  Donald A. English, Esq. and Christy

20   I. Yee, Esq. of English & Gloven, A Professional Corporation, appeared on behalf of defendant Mr.

21   Allen.  Daniel M. White, Esq. of White & Oliver, A Professional Corporation, appeared on behalf of

22   defendant Mr. Love.  Plaintiff Frank E. Rogozienski appeared in pro per on his own behalf.

23        The Court, after having considered defendants' moving and reply papers, plaintiff's opposition

24   papers, and oral argument of counsel presented at the hearing, makes the following rulings:

25        1.       Plaintiff's motion to strike and disregard defendant Mr. Allen's memorandum of points

26   and authorities is denied.

27        2.       Defendant Mr. Allen's request for judicial notice is granted.

28                                                          **EXHIBIT 1 PAGE 255**

                                    [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                                    DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00289

3.     Defendant Mr. Allen's demurrer to the first amended complaint and each cause of action against Mr. Allen is sustained as follows:

    (a)     As to the first cause of action for intentional interference with contractual relations as the cause of action is barred by the doctrine of judicial immunity;

    (b)     As to the third cause of action for intentional interference with prospective economic relations as the cause of action is barred by the doctrine of judicial immunity;

    (c)     As to the fifth cause of action for negligent interference with prospective economic advantage as the cause of action is barred by the doctrine of judicial immunity;

    (d)     As to the seventh cause of action for civil rights violations as the cause of action is barred by the doctrine of judicial immunity;

    (e)     As to the eighth cause of action for deceit and fraudulent concealment as the cause of action is barred by the doctrine of judicial immunity;

    (f)     As to the ninth cause of action for breach of contract as the cause of action is barred by the doctrine of judicial immunity;

    (g)     As to the eleventh cause of action for wilful misconduct and intentional infliction of injury as the cause of action is barred by the doctrine of judicial immunity;

    (h)     As to the twelfth cause of action for negligence as the cause of action is barred by the doctrine of judicial immunity; and

    (i)     As to the thirteenth cause of action for unjust enrichment as the cause of action is barred by the doctrine of judicial immunity.

4.     The Court sustains Mr. Allen's demurrer, without leave to amend, as to each cause of action against Mr. Allen in the first amended complaint as the Court finds that based upon the doctrine of judicial immunity, plaintiff has not pled, and would not be able to plead by amendment, any facts to state a cause of action against Mr. Allen.

5.     Defendant Mr. Love's request for judicial notice is granted.

**EXHIBIT 1 PAGE 256**

[PROPOSED] ORDER SUSTAINING DEFENDANTS'
2    DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00290

1    6.    Defendant Mr. Love's demurrer to the first amended complaint and each cause of action

2   against Mr. Love is sustained, without leave to amend, as follows:

3        (a)    As to the first cause of action for intentional interference with contractual relations

4             as the Court concludes that plaintiff has failed to adequately state facts that would

5             support the allegation that Mr. Love intended to disrupt the contractual relations

6             pled in the first amended complaint;

7        (b)    As to the second cause of action for intentional interference with contractual

8             relations as the Court concludes that plaintiff has failed to adequately state facts

9             that would support the allegation that Mr. Love intended to disrupt the contractual

10             relations pled in the first amended complaint;

11        (c)    As to the third cause of action for intentional interference with prospective

12             economic advantage as the Court finds plaintiff has not adequately pled that Mr.

13             Love interfered with economic relationships that could have prospectively brought

14             economic advantage to plaintiff;

15        (d)    As to the fourth cause of action for intentional interference with prospective

16             economic advantage as the Court finds that plaintiff has not adequately pled that

17             Mr. Love interfered with economic relationships that could have prospectively

18             brought economic advantage to plaintiff;

19        (e)    As to the fifth cause of action for negligent interference with prospective

20             economic advantage as the Court finds that plaintiff has not adequately pled that

21             Mr. Love interfered with economic relationships that could have prospectively

22             brought economic advantage to plaintiff;

23        (f)    As to the sixth cause of action for negligent interference with prospective

24             economic advantage as the Court finds that plaintiff has not adequately pled that

25             Mr. Love interfered with economic relationships that could have prospectively

26             brought economic advantage to plaintiff;

27

28

**EXHIBIT 1 PAGE 257**

3        [PROPOSED] ORDER SUSTAINING DEFENDANTS'
         DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00291

1     (g)   As to the seventh cause of action for civil rights violations as the Court finds

2         plaintiff has failed to allege any facts to support the allegation that Mr. Love

3         engaged in any acts of threats, intimidation or coercion by way of state action;

4     (h)   As to the eighth cause of action for deceit and fraudulent concealment as the Court

5         concludes Mr. Love owed no duty to plaintiff;

6     (i)   As to the tenth cause of action for unfair competition as no remedy exists based

7         upon the facts pled and plaintiff has failed to plead that Mr. Love has any monies

8         that should be restored to plaintiff, nor is there any conduct to be enjoined;

9     (j)   As to the eleventh cause of action for wilful misconduct and intentional infliction

10        of injury as the Court concludes Mr. Love owed no duty to plaintiff and plaintiff

11        cannot sue for damages for conduct that allegedly violated the Rules of

12        Professional Conduct;

13     (k)   As to the twelfth cause of action for negligence as the Court concludes Mr. Love

14        owed no duty to plaintiff and plaintiff cannot sue for damages for conduct that

15        allegedly violated the Rules of Professional Conduct; and

16     (l)   As to the thirteenth cause of action for unjust enrichment as there are no

17        allegations that Mr. Love holds any identified property in trust for plaintiff.

18     7.     The Court sustains Mr. Love's demurrer, without leave to amend, as to each cause of

19 action against Mr. Love in the first amended complaint as the Court finds plaintiff has not pled, and

20 would not be able to plead by amendment, any facts to state a cause of action against Mr. Love.

21     8.     Given the following ruling, the first amended complaint shall be dismissed in its entirety.

22 Defendants are directed to prepare an order for the Court's rulings.

23 IT IS SO ORDERED.

24

25 Dated:   **OCT 1 9 2005**                   **JOAN M. LEWIS**

26                                      Hon. Joan M. Lewis

27                                      Judge of the Superior Court

28                                     **EXHIBIT 1 PAGE 258**

                                     [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                4    DEMURRERS TO FIRST AMENDED COMPLAINT

1   APPROVED AS TO FORM AND CONTENT:

2

3   Dated: _September 28, 2005_     ENGLISH & GLOVEN

4                          A Professional Corporation

5

6                          By: _Donald Eng llen,_

7                          Donald A. English
                            Christy I. Yee

8                          Attorneys for Defendant James D. Allen

9

10  Dated: _____     WHITE & OLIVER
                           A Professional Corporation

11

12                         By: _____

13                          Daniel M. White, Esq.
                          Attorneys for Defendant S. Michael Love

14

15

16  Dated: _____     FRANK E. ROGOZIENSKI, INC.

17

18

19                         By: _____

20                          Frank E. Rogozienski, Esq.
                          Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                         **EXHIBIT 1 PAGE 259**

28

                     [PROPOSED] ORDER SUSTAINING DEFENDANTS'
             5   DEMURRERS TO FIRST AMENDED COMPLAINT

L0VE00293

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_     ENGLISH & GLOVEN

4                                 A Professional Corporation

5

6                                 By: _Donald Eng um,_

7                                   Donald A. English
                                 Christy I. Yee
                                 Attorneys for Defendant James D. Allen

8

9    Dated: _12 October 2005_     WHITE & OLIVER

10                                A Professional Corporation

11

12                                   By: _Steven C Avila_

13                                   Daniel M. White, Esq.
                                 Attorneys for Defendant S. Michael Love

14

15

16    Dated: _____     FRANK E. ROGOZIENSKI, INC.

17

18

19                                   By: _____
                                 Frank E. Rogozienski, Esq.
                                 Attorneys for Plaintiff Frank E. Rogozienski

20

21

22

23

24

25

26

27                                   **EXHIBIT 1 PAGE 260**

28

                                 [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                   5    DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE00294

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_      ENGLISH & GLOVEN
                                      A Professional Corporation

4

5                                    By: _Donald Eng Un,_

6                                        Donald A. English
                                       Christy L. Yee

7                                        Attorneys for Defendant James D. Allen

8

9

10    Dated: _____      WHITE & OLIVER
                                       A Professional Corporation

11

12                                        By:_____

13                                        Daniel M. White, Esq.
                                       Attorneys for Defendant S. Michael Love

14

15    APPROVED AS TO FORM AND CONFORMING TO COURT'S ORDER

16    Dated: _9/30/05_      FRANK E. ROGOZIENSKI, INC.

17

18

19                                        By:_____
                                       Frank E. Rogozienski, Esq.

20                                        Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                          **EXHIBIT 1 PAGE 261**

28                                        [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                                      DEMURRERS TO FIRST AMENDED COMPLAINT

L0VE00295

LOVE00296

| | |
|---|---|
| 1 | Donald A. English, Esq.     (State Bar No. 115569)<br>Christy I. Yee, Esq.     (State Bar No. 166238) |
| 2 | ENGLISH & GLOVEN |
| 3 | A Professional Corporation<br>550 West "C" Street, Suite 1800<br>San Diego, California 92101 |
| 4 | Telephone: (619) 338-6610<br>Facsimile: (619) 338-6657 |

**F I L E D**
Clerk of the Superior Court

**NOV 1 4 2005**

By: R. LINDSEY-COOPER, Deputy

5

6  Attorneys for Defendant
7  James D. Allen

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN DIEGO**

10

11  FRANK E. ROGOZIENSKI,                    Case No. GIC 843843

12              Plaintiff                    **NOTICE OF ENTRY OF JUDGMENT**

13       v.

14  JAMES D. ALLEN, S. MICHAEL LOVE          Date:       September 2, 2005
    and DOES 1 through 10, inclusive,        Dept:       65
15                                           Judge:      Honorable Joan M. Lewis
            Defendants.                      Complaint Filed:   March 7, 2005
16

17

18       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19       NOTICE IS HEREBY GIVEN THAT on October 19, 2005 in Dept. 65 of the above-entitled

20  court, the Honorable Joan M. Lewis entered judgment in this action in favor of defendants James D.

21  Allen and S. Michael Love ("defendants") and against plaintiff Frank E. Rogozienski ("plaintiff"). The

22  Court ordered that plaintiff's first amended complaint be dismissed with prejudice, and that defendants

23  ///

24  ///

25  ///

26

27                                                   **EXHIBIT 1 PAGE 262**

28

                                              _____
                                                 NOTICE OF ENTRY OF JUDGMENT

LOVE00297

1  recover costs of suit against plaintiff in a sum to be determined.  Attached as Exhibit "1" is a true and

2  correct copy of the judgment entered on October 19, 2005.

3  Dated: November 14, 2005

ENGLISH & GLOVEN
A Professional Corporation

By: _Donald A. English_

Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

**EXHIBIT 1 PAGE 263**

2

NOTICE OF ENTRY OF JUDGMENT

LOVE00298

LOVE00299

1

2

3

4

5

6

7

FILED

Clerk of the Superior Court

OCT 1 9 2005

By: R. LINDSEY-COOPER, Deputy

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **FOR THE COUNTY OF SAN DIEGO**

10   FRANK E. ROGOZIENSKI,              )     Case No. GIC 843843
                                        )
11              Plaintiff               )     **JUDGMENT OF DISMISSAL**
                                        )
12        v.                            )
                                        )
13   JAMES D. ALLEN, S. MICHAEL LOVE    )     Date:        September 2, 2005
     and DOES 1 through 10, inclusive,  )     Dept:        65
14                                      )     Judge:       Hon. Joan M. Lewis
              Defendants.               )     Complaint Filed:    March 7, 2005
15   _____)

16        Based upon this Court's September 2, 2005 order sustaining, without leave to amend, James D.

17   Allen's and S. Michael Love's demurrers to the first amended complaint, and each cause of action

18   therein,

19        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment dismissing this action

20   be, and hereby is, entered in favor of defendants James D. Allen and S. Michael Love.

21        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant James D. Allen is

22   entitled to costs of suit in the amount of $_____; and defendant S. Michael Love is

23   entitled to costs of suit in the amount of $_____.

24

25   Dated: ___OCT 1 9 2005___          **JOAN M. LEWIS**
                                        _____
26                                      Hon. Joan M. Lewis
                                        Judge of the Superior Court      LOVE00300
27

28                                                          **EXHIBIT 1 PAGE 264**

                                                            JUDGMENT

1   APPROVED AS TO FORM AND CONTENT:

2

3   Dated: _September 28, 2005_

4                 ENGLISH & GLOVEN
                    A Professional Corporation

5

6                 By: _Donald A. English_

7                     Donald A. English
                     Christy I. Yee
                 Attorneys for Defendant James D. Allen

8

9

10   Dated: _____       WHITE & OLIVER
                    A Professional Corporation

11

12                By:_____

13                     Daniel M. White, Esq.
                 Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____       FRANK E. ROGOZIENSKI, INC.

17

18

19                By:_____
                     Frank E. Rogozienski, Esq.

20                Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26                             LOVE00301

27

28                        EXHIBIT 1 PAGE 265

JUDGMENT

1  APPROVED AS TO FORM AND CONTENT:

2

3  Dated: _September 28, 2005_        ENGLISH & GLOVEN
                                       A Professional Corporation
4

5

6                                  By: _Donald A. English_
                                       Donald A. English
7                                      Christy I. Yee
                                       Attorneys for Defendant James D. Allen
8

9  Dated: _12 October 2005_         WHITE & OLIVER
                                       A Professional Corporation
10

11

12                                 By: _Edward G. Oliver_
                                       Daniel M. White, Esq.
13                                   Attorneys for Defendant S. Michael Love

14

15

16  Dated: _____           FRANK E. ROGOZIENSKI, INC.

17

18

19                                 By: _____
                                       Frank E. Rogozienski, Esq.
20                                   Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26                                                  LOVE00302

27

28                                          **EXHIBIT 1 PAGE 266**

                                2

1   APPROVED AS TO FORM AND CONTENT:

2

3   Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                          A Professional Corporation
4

5

6   By: _Donald English._
                                          Donald A. English
7                                         Christy I. Yee
                                          Attorneys for Defendant James D. Allen
8

9
    Dated: _____             WHITE & OLIVER
10                                        A Professional Corporation

11

12                                        By:_____
                                          Daniel M. White, Esq.
13                                        Attorneys for Defendant S. Michael Love

14
    _APPROVED AS TO FORM_
15

16  Dated: _9/30/05_                      FRANK E. ROGOZIENSKI, INC.

17

18

19                                        By:_____
                                          Frank E. Rogozienski, Esq.
20                                        Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25
                                                            LOVE00303
26

27                                                   **EXHIBIT 1 PAGE 267**

28

                                2

LOVE00304

12-5-05

MC-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|

Donald A. English, Esq., State Bar No. 115569
English & Gloven, A Professional Corporation
550 West "C" Street, Suite 1800

San Diego, California 92101
TELEPHONE NO.: (619) 338-6610    FAX NO.: (619) 338-6657
ATTORNEY FOR (Name): James D. Allen
INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:
SAN DIEGO SUPERIOR COURT

Central Branch

PLAINTIFF: Frank E. Rogozienski

DEFENDANT: James D. Allen; S. Michael Love, et al.

F I L E D
Clerk of the Superior Court
NOV 1 4 2005
By: R. LINDSEY-COOPER, Deputy
AC

| MEMORANDUM OF COSTS (SUMMARY) | CASE NUMBER: GIC843843 |
|---|---|

The following costs are requested:

First Filing Fee and Motion Fee

TOTALS

1. Filing and motion fees .................................................. 1. $ 336.50

2. Jury fees .................................................. 2. $

3. Jury food and lodging .................................................. 3. $

4. Deposition costs .................................................. 4. $

5. Service of process .................................................. 5. $

6. Attachment expenses .................................................. 6. $

7. Surety bond premiums .................................................. 7. $

8. Witness fees .................................................. 8. $

9. Court-ordered transcripts .................................................. 9. $

10. Attorney fees (enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required) .................................................. 10. $

11. Models, blowups, and photocopies of exhibits .................................................. 11. $

12. Court reporter fees as established by statute .................................................. 12. $

13. Other .. Transcript of Hearing to Prepare Order .................................................. 13. $ 95.20

| TOTAL COSTS .................................................. $ 431.70 |
|---|

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date: November 14, 2005

Donald A. English
(TYPE OR PRINT NAME)

English & Gloven, A Professional
Corporation

▶ Donald English
(SIGNATURE)

(Proof of service on reverse)

Form Approved for Optional Use
Judicial Council of California
MC-010 (Rev. July 1, 1990)

MEMORANDUM OF COSTS (SUMMARY)

Legal
Solutions
& Plus

Code of Civil Procedure,
§§ 1032, 1033.5

EXHIBIT 1 PAGE 268

LOVE00305

LOVE00306

```
1    FRANK E. ROGOZIENSKI, ESQ (SBN 51445)
     FRANK E. ROGOZIENSKI, INC.
2    A Professional Corporation
     Attorneys at Law
3    1660 Union Street, Third Floor
     San Diego, CA 92101
4    Telephone: (619)237-1878
     Facsimile: (619)237-1870
5
6    Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
7
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                 FOR THE COUNTY OF SAN DIEGO
11
12   FRANK E. ROGOZIENSKI,        )    Case No. GIC843843
                                  )
13              Plaintiff,        )    NOTICE OF APPEAL
                                  )
14        v.                      )
                                  )
15   JAMES D. ALLEN, S. MICHAEL   )
     LOVE and DOES 1 through 10,  )
16   inclusive,                   )
                                  )
17              Defendants.       )
                                  )
18   _____)
19
20        Plaintiff, FRANK E. ROGOZIENSKI, appeals to the Court of
21   Appeal of the State of California, Fourth Appellate District,
22   Division One, from:
23        1.   Order Sustaining Defendants James D. Allen's And S.
24   Michael Love's Demurrers To First Amended Complaint, And Each Cause
25   Of Action, Without Leave To Amend filed on October 19, 2005.   A
26   Notice Of Ruling And Notice Of Order was served by mail on November
27
28
```

F I L E D
Clerk of the Superior Court
JAN - 4 2006
By: ROSE MARIE LEY,
Deputy

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
1660 UNION STREET
3rd FLOOR
SAN DIEGO, CALIFORNIA 92101
(619) 237-1878

NOTICE OF APPEAL

1

**EXHIBIT 1 PAGE 270**

LOVE00307

14, 2005; and

    2.   Judgment Of Dismissal filed on October 19, 2005.  A Notice Of Entry Of Judgment was served by mail on November 14, 2005.

Dated: January 3, 2005

FRANK E. ROGOZIENSKI, INC.

By: _____
    Frank E. Rogozienski
    Attorney for Plaintiff

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
1660 UNION STREET
3RD FLOOR
SAN DIEGO, CALIFORNIA 92101
(619) 237-1670

NOTICE OF APPEAL

2

**EXHIBIT 1 PAGE 271**

L0VE00308

LOVE00309

1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
2   FRANK E. ROGOZIENSKI, INC.
    A Professional Corporation
3   Attorneys at Law
    1660 Union St., 3rd Fl.
4   San Diego, CA 92101
    Telephone: (619)237-1878
5   Facsimile: (619)237-1870

6   Attorneys for Plaintiff

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                    FOR THE COUNTY OF SAN DIEGO

9   FRANK E. ROGOZIENSKI,          )    CASE NO. GIC843843
                                    )
10              Plaintiff,          )    PROOF OF SERVICE
                                    )
11  v.                             )
                                    )
12  JAMES D. ALLEN, et al.,         )
                                    )
13              Defendants.         )
                                    )
14  _____)

15      I, the undersigned, certify and declare that I am a citizen of the
16  United States, over the age of 18 years, employed in the County of San
    Diego, State of California, and not a party to the above entitled cause.
17  On January 3, 2006, I caused to be served by United States mail, first-
    class postage prepaid a copy of the attached NOTICE OF APPEAL as follows:
18
    DONALD A. ENGLISH, ESQ.              DANIEL M. WHITE, ESQ.
19  ENGLISH & GLOVEN                     WHITE & OLIVER
    550 West "C" St., No. 1800           550 West "C" Street, No. 950
20  San Diego, CA 92101                  San Diego, CA 92101
    (619)338-6657                        (619)239-0344
21
    Executed on: January 3, 2006
22
        I declare under penalty of perjury under the laws of the State
23  of California that the above is true and correct.

24                                    _____
                                      Sherryl M. Bolinger
25

26

27

28
                                                    EXHIBIT 1 PAGE 272
    _____
    PROOF OF SERVICE               1

FILED
Clerk of the Superior Court
JAN - 4 2006
By: ROSE MARIE LEY,
Deputy

LOVE00311

APP-003

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| — FRANK E. ROGOZIENSKI (SBN 51445)<br>FRANK E. ROGOZIENSKI, INC.<br>1660 Union St., 3rd Fl., San Diego, CA 92101<br>TELEPHONE NO.: 619-237-1878<br>E-MAIL ADDRESS *(Optional)*:               FAX NO. *(Optional)*: 619-237-1870<br>ATTORNEY FOR *(Name)*: FRANK E. ROGOZIENSKI, Plaintiff and Appellant | F I L E D<br>Clerk of the Superior Court<br><br>JAN - 9 2006<br><br>By: ROSE MARIE LEY,<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI

DEFENDANT/RESPONDENT: JAMES D. ALLEN, S. MICHAEL LOVE, et al.

| NOTICE DESIGNATING RECORD ON APPEAL<br>(UNLIMITED CIVIL CASE) | Superior Court Case Number:<br>GIC 843843 |
|---|---|
| RE: Appeal filed on *(date)*: January 5, 2006 | Court of Appeal Case Number: *(if known)*: |

**Notice:  Please read *Information on Appeal Procedures for Unlimited Civil Cases* (Judicial Council form APP-001) before completing this form. This form must be filed in the superior court, not in the Court of Appeal.**

TO: Clerk of the Superior Court of California, County of *(name of county)*: SAN DIEGO

NOTICE IS HEREBY GIVEN that *(name)*: FRANK E. ROGOZIENSKI

The [✓] Appellant [ ] Respondent in the above case elects to proceed with the following record on appeal:

*(check only one)*

1. [ ]  (Appendix Only; no Reporter's Transcript)
   a. elects under rule 5.1 of the California Rules of Court to prepare own transcript in lieu of a court-prepared clerk's transcript.
      AND
   b. elects to have no reporter's transcript. *(Date and sign only.)*

2. [✓]  (Appendix and Reporter's Transcript)
   a. elects under rule 5.1 of the California Rules of Court to prepare own transcript in lieu of a court-prepared clerk's transcript.
      AND
   b. elects a reporter's transcript as designated on page 3. *(Fill out the reporter's transcript section on page 3.)*

3. [ ]  (Clerk's Transcript Only; no Reporter's Transcript)
   a. elects under rule 5 of the California Rules of Court to proceed with a clerk's transcript as designated on page 2. *(Fill out the clerk's transcript section on page 2.)*
      AND
   b. elects to have no reporter's transcript.

4. [ ]  (Clerk's and Reporter's Transcripts)
   a. elects under rule 5 of the California Rules of Court to proceed with a clerk's transcript as designated on page 2. *(Fill out the clerk's transcript section on page 2*
      AND
   b. elects a reporter's transcript as designated on page 3. *(Fill out the reporter's transcript section on page 3.)*

Date: January 6, 2006

FRANK E. ROGOZIENSKI, INC.
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

**EXHIBIT 1 PAGE 273**

Page 1 of 4

| Form Approved for Optional Use<br>Judicial Council of California<br>APP-003 [Rev. July 1, 2004] | NOTICE DESIGNATING RECORD ON APPEAL<br>(UNLIMITED CIVIL CASE) | Cal. Rules of Court, rules 4-6.3<br>www.courtinfo.ca.gov<br><br>American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

| CASE NAME: | CASE NUMBER: |
|---|---|
| ROGOZIENSKI v. ÁLLEN, et al. | GIC 843843 |

**NOTICE DESIGNATING CLERK'S TRANSCRIPT**
(Cal. Rules of Court, rule 6)

A. It is requested that the following documents in the superior court file be included in the clerk's transcript *(give the specific title of each document, an accurate description, and the date of filing):*

Document Title and Description                                                                                    Date of Filing

(NOTE: Items 1–7 are required to be a part of the clerk's transcript and will automatically be included.)

1. Notice of appeal

2. Notice designating record on appeal *(this document)*

3. Judgment or order appealed from

4. Notice of entry of judgment *(if any)*

5. Notice of intention to move for new trial or motion to vacate the judgment, for judgment notwithstanding the verdict, or for reconsideration of an appealed order *(if any)*

6. Ruling on item 5

7. Register of actions *(if any)*

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

B. It is requested that the following EXHIBITS admitted into evidence or marked for identification be copied into clerk's transcript on appeal *(check only one box):*

☐ 1. All Exhibits

☐ 2. Specific Exhibits *(give the exhibit number (for example, Plaintiff's #1, Defendant's B, Respondent's A), a brief description, and admission status.):*

☐ See additional pages.

APP-003 (Rev. July 1, 2004)

**NOTICE DESIGNATING RECORD ON APPEAL**
**(UNLIMITED CIVIL CASE)**

Page 2 of 4

**EXHIBIT 1 PAGE 274**

LOVE00313

| CASE NAME: | CASE NUMBER: |
|---|---|
| ROGOZIENSKI v. ALLEN, et al. | GIC 843843 |

**NOTICE DESIGNATING REPORTER'S TRANSCRIPT**
(Cal. Rules of Court, rule 4)

| Reporter's Name | Dept. | Date | Nature of Proceedings |
|---|---|---|---|
| 1. PATRICIA WHITELAW | 65 | 09/02/05 | Hearing on Demurrers |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |
| 16. | | | |

☐ See additional pages.

APP-003 [Rev. July 1, 2004]          **NOTICE DESIGNATING RECORD ON APPEAL**          Page 3 of 4
                                     **(UNLIMITED CIVIL CASE)**

**EXHIBIT 1 PAGE 275**

LOVE00314

LOVE00315

LAW OFFICES
# FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION

1000 UNION STREET
3RD FLOOR
SAN DIEGO, CALIFORNIA 92101
(619) 837-1670
FAX (619) 837-1670

F I L E D
Clerk of the Superior Court

JAN  9 2006

By: ROSE MARIE LEY,
Deputy

January 6, 2006

San Diego Superior Court
Appeals Desk
Att: Rose
330 W. Broadway
San Diego, CA 92101

Re:  Rogozienski v. Allen, et al.
     San Diego Superior Court No. GIC843843

Dear Rose:

Pursuant to our discussion today, we have prepared and enclose
herein the original and one copy of Notice Designating Record On
Appeal (Unlimited Civil Case).

We have also enclosed the certified transcript of the only hearing
in the matter (09/02/05) transcribed by Patricia Whitelaw. We have
contacted Ms. Whitelaw and notified her we have submitted the
original transcript to you.

Please provide a conformed copy of the notice in the envelope
provided, and should you have any questions regarding this matter,
please do not hesitate to contact our office.

Very truly yours,

Sherryl M. Bolinger
Legal Assistant to
FRANK E. ROGOZIENSKI

/smb
enc.

**EXHIBIT 1 PAGE 276**

LOVE00316

LOVE00317

| CASE NAME: | CASE NUMBER: |
|---|---|
| ROGOZIENSKI v. ALLEN, et al. | GIC 843843 |

NOTICE TO PARTIES: A copy of this document must be mailed or personally delivered to the other party or parties to this appeal. A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF. A person who is at least 18 years old and is not a party to this appeal must complete the information below and mail (by first-class mail, postage prepaid) or personally deliver the front and back of this document. When the front and back of this document have been completed and a copy mailed or personally delivered, the original may then be filed with the court.

## PROOF OF SERVICE

[✓] Mail          [ ] Personal Service

F I L E D
Clerk of the Superior Court

JAN - 9 2006

By: ROSE MARIE LEY,
Deputy

1. At the time of service I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify):*
   Business: 1660 Union St., 3rd Floor
   San Diego, CA 92101

3. I mailed or personally delivered a copy of the *Notice Designating Record on Appeal (Unlimited Civil Case)* as follows *(complete either a or b):*

   a. [✓] Mail. I am a resident of or employed in the county where the mailing occurred.

   (1) I enclosed a copy in an envelope and

   (a) [ ] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (b) [✓] placed the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   (2) The envelope was addressed and mailed as follows:

   (a) Name of person served: Donald A. English, Esq.           Daniel M. White, Esq.

   (b) Address on envelope:
   English & Gloven                                             White & Oliver
   550 West "C" St., No. 1800                                   550 West "C" St., No. 950
   San Diego, CA 92101                                         San Diego, CA 92101

   (c) Date of mailing: 1/6/06
   (d) Place of mailing *(city and state):* San Diego, CA

   b. [ ] Personal delivery. I personally delivered a copy as follows:

   (1) Name of person served:

   (2) Address where delivered:

   (3) Date delivered:

   (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 6, 2006

_____                    ▶ _____
Sherryl M. Bolinger                                   (SIGNATURE OF DECLARANT)
(TYPE OR PRINT NAME)

**NOTICE DESIGNATING RECORD ON APPEAL**
**(UNLIMITED CIVIL CASE)**

**EXHIBIT 1 PAGE 277**

L0VE00318

LOVE00319

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792 | |

| | |
|---|---|
| FRANK E. ROGOZIENSKI,<br><br>   Plaintiff and APPELLANT,<br><br>VS.<br><br>JAMES D. ALLEN, et al.,<br><br>   Defendants and Respondents | F I L E D<br>Clerk of the Superior Court<br><br>JAN 2 7 2006<br>By: ROSE MARIE LEY,<br>Deputy |
| NOTICE OF COMPLETION OF THE RECORD ON APPEAL<br>(CRC Rules 11(a) & 11(b)) | CASE NUMBER<br>GIC 843843<br>COURT OF APPEAL NUMBER<br>D047858 |

COMPLETE AND SUBMIT AN ORIGINAL AND ONE COPY OF THE ENCLOSED REQUEST FOR PAYMENT OF TRUST FUNDS TO THE ACCOUNTING DEPARTMENT IF REFUND IS APPLICABLE:  PLEASE ALLOW 3-4 WEEKS FOR RECEIPT OF YOUR REFUND.

REFUND IN THE AMOUNT OF $ 97.62  DUE TO:  Frank E. Rogozienski, Esq. for Appellant

       REFUND IN THE AMOUNT OF $          DUE TO:

The record on appeal has been completed and the additional copy of the record required by CRC rules 4(f) and 5(d) will be distributed to the appellant(s) pursuant to CRC rule 11(b).

☒ Prepaid copies of the record may be obtained in the Appeals Section of the courthouse indicated above.

Request the appropriate log number:

App. 1:       App. 2:       App. 3:       Cross-App:       Respondent:

☐ A copy of the index to the case file is enclosed.

☐ The Record on Appeal is being mailed under separate cover.

☒ Original(s) ~~edged transcript(s) were~~ sent to the Court of Appeal. Attorney has copies.

Date:  January 27, 2006

CLERK OF THE SUPERIOR COURT

by _____ , Deputy
         ROSE M. LEY

---

**CERTIFICATE OF MAILING**

I certify that:  I am not a party to the above-entitled case; that on the date shown below, I mailed the above-entitled form to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, was deposited in the United States Postal Service at    ☒ San Diego ☐ Vista, California.

CLERK OF THE SUPERIOR COURT

Date:  January 27, 2006

by _____ , Deputy
         ROSE M. LEY

| TO: | TO: |
|---|---|
| FRANK E. ROGOZIENSKI, ESQ.<br>1660 Union Street, Third Floor<br>San Diego, Calif.  92101 | DONALD A. ENGLISH, ESQ.<br>ENGLISH & GLOVEN<br>550 West "C" Street, Ste. 1800<br>San Diego, Calif.  92101    **EXHIBIT 1 PAGE 278** |

SDSC APL-24(Rev. 11-02)          NOTICE OF COMPLETION OF THE RECORD ON APPEAL

LOVE00320

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
| --- |

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

JAN 2 7 2006

By: ROSE MARIE LEY,
Deputy

FRANK E. ROGOZIENSKI,

Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

Defendants and Respondents

| NOTICE OF COMPLETION OF THE RECORD ON APPEAL (CRC Rules 11(a) & 11(b)) | CASE NUMBER GIC 843843 |
| --- | --- |
| | COURT OF APPEAL NUMBER D047858 |

COMPLETE AND SUBMIT AN ORIGINAL AND ONE COPY OF THE ENCLOSED REQUEST FOR PAYMENT OF TRUST FUNDS TO THE ACCOUNTING DEPARTMENT IF REFUND IS APPLICABLE: PLEASE ALLOW 3-4 WEEKS FOR RECEIPT OF YOUR REFUND.

REFUND IN THE AMOUNT OF $ 97.62 DUE TO: Frank E. Rogozienski, Esq. for Appellant

REFUND IN THE AMOUNT OF $          DUE TO:

The record on appeal has been completed and the additional copy of the record required by CRC rules 4(f) and 5(d) will be distributed to the appellant(s) pursuant to CRC rule 11(b).

☒ Prepaid copies of the record may be obtained in the Appeals Section of the courthouse indicated above.

Request the appropriate log number:

App. 1:          App. 2:          App. 3:          Cross-App:          Respondent:

☐ A copy of the index to the case file is enclosed.

☐ The Record on Appeal is being mailed under separate cover.

☒ Original/Lodged transcript(s) were sent to the
Court of Appeal. Attorney has copies.          was

Date: January 27, 2006          CLERK OF THE SUPERIOR COURT.

by _____ , Deputy
ROSE M. LEY

CERTIFICATE OF MAILING

I certify that: I am not a party to the above-entitled case; that on the date shown below, I mailed the above-entitled form to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, was deposited in the United States Postal Service at ☒ San Diego ☐ Vista, California.

CLERK OF THE SUPERIOR COURT

Date: January 27, 2006          by _____ , Deputy
ROSE M. LEY

DANIEL M. WHITE, ESQ.
WHITE & OLIVER
550 West "C" Street, Ste. 950
San Diego, Calif. 92101

**EXHIBIT 1 PAGE 279**

LOVE00321

LOVE00322

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court
JAN 2 7 2006
By: ROSE MARIE LEY,
Deputy

FRANK E. ROGOZIENSKI,

Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

Defendants and Respondents

| | |
|---|---|
| **DISBURSEMENT OF CLERK'S TRUST FUND** (Government Code 68926.1 & CRC Rule 4) | CASE NUMBER GIC 843843 |
| | COURT OF APPEAL NUMBER D047858 |

TO:  ACCOUNTING DIVISION                                    ☒ Rule 5.1 Election in Lieu of Clerk's Transcript

FUNDS DEPOSITED IN CLERK'S TRUST FUND

| $100.00 | Date: January 17, 2006 | FEE for Clerk's Transcript | | |
|---|---|---|---|---|
| | Date: | Appellant | $0.00 | |
| | | Respondent | $0.00 | |
| | Date: | Total amt. | $0.00 | (To General Fund) |
| | Date: | Minimum | ($10.00) | |
| | | Mailing Fee | | (To General Fund) |
| | Date: | Minimum Additional Fee ($10.00) | | (To General Fund) |
| $100.00 | TOTAL | | | |

Please disburse as follows:
$2.38         To: PATTI WHITELAW, CT. RPTR.
$97.62        To: REFUND TO FRANK E. ROGOZIENSKI, ESQ. for Plaintiff/APPELLANT
              To:
              To:
              To:
              To:
              To:
              To:
              To:
              To:

$100.00       TOTAL AMOUNT DISBURSED                    **EXHIBIT 1 PAGE 280**

CLERK OF THE SUPERIOR COURT

Date  January 27, 2006          by _Rose M Ley_ , Deputy
                                        ROSE M. LEY

SDSC APL-30(Rev. 11-05)       **DISBURSEMENT OF CLERK'S TRUST FUND**

L0VE00323

LOVE00324

1  FRANK E. ROGOZIENSKI, ESQ (SBN 51445)
2  FRANK E. ROGOZIENSKI, INC.
   A Professional Corporation
3  Attorneys at Law
   1660 Union Street, Third Floor
4  San Diego, CA 92101
   Telephone: (619)237-1878
5  Facsimile: (619)237-1870

6  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF SAN DIEGO

11

12  FRANK E. ROGOZIENSKI,        )    Case No. GIC843843
                                 )
13              Plaintiff,       )    NOTICE OF APPEAL
                                 )
14        v.                     )
                                 )
15  JAMES D. ALLEN, S. MICHAEL   )
16  LOVE and DOES 1 through 10,  )
    inclusive,                   )
17                               )
                                 )
18              Defendants.      )
    ─────────────────────────────)

19

20       Plaintiff, FRANK E. ROGOZIENSKI, appeals to the Court of

21  Appeal of the State of California, Fourth Appellate District,

22  Division One, from:

23       1.   Order Sustaining Defendants James D. Allen's And S.

24  Michael Love's Demurrers To First Amended Complaint, And Each Cause

25  Of Action, Without Leave To Amend filed on October 19, 2005.  A

26  Notice Of Ruling And Notice Of Order was served by mail on November

27

28  ────────────────────────────
    NOTICE OF APPEAL
                                      1

LOVE00326

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

APPEALS SECTION

☒ San Diego    ☐ Juvenile Court    ☐ Vista
(619)531-3144    (858)694-4638    (760)806-6170
M.S. C-44    P-299    N-161

FRANK E. ROGOZIENSKI,

    Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

    Defendants and Respondents

SUPERIOR COURT NO. GIC 843843

COURT OF APPEAL NO. D047858

DATE MAILED January 25, 2006

FROM ROSE M. LEY

PATRICIA WHITELAW

*or Cover Page only needed for DCA*

**REQUEST FOR TRANSCRIPTS - APPEAL RECORD** – (Original only)

Notice of Appeal has been filed on   JANUARY 4, 2006

APPELLANT'S      Designation filed   JANUARY 9, 2006   (Copy attached)

                  Designation filed

                  Designation filed

        If the deposit is insufficient to cover your cost, please NOTICE the appeals clerk and MAIL AN ESTIMATE to the party allowing 10 days for payment. If the party fails to remit, please notify the appeals clerk and we will default pursuant to Rule 4(b)(2).

APPELLANT'S      Deposit Received   JANUARY 9, 2006      Amount(s) $100.00

                 Deposit Received                       Amount(s)

                 Deposit Received                       Amount(s)

<u>Reporters/Depts - Date Requested/Reporter's Estimate/Amt.</u>

PATRICIA WHITELAW, #5835   Floater   SEPTEMBER 2, 2005   COPY OF MINUTES ATTACHED, and also this
                Certified copy of Transcript with your original signature on it has been provided
                by Atty., so Cover Page only for Court of Appeal is needed if this transcript is used
                for Court of Appeal; Please call me on this if question; Thank You, Rose in Appeals
                                     531-3746 or x3631

A receipt MUST ACCOMPANY your transcripts AND your certificates of your inability to prepare a transcript. Also include a REQUEST FOR PAYMENT OF TRUST FUNDS, if applicable.

**DUE DATE IS 30 DAYS FROM THIS NOTIFICATION**

**RECORD DUE BY FEBRUARY 24, 2006**

(If more time is needed for preparation, process requests for extensions of time through S.C. Admin. to DCA, as usual)

SDSC APL-41(Rev. 7-05)

I certify that I am the reporter of record on this case.
My acknowledgment must be returned within five working days.

Signed: _____

            (Your signature please)
**PLEASE PHONE APPEALS SECTION WITHIN FIVE WORKING DAYS IF YOU ARE UNABLE TO RETURN YOUR ACKNOWLEDGMENT WITHIN THIS TIME FRAME**

**EXHIBIT 1 PAGE 283**

L0VE00327

LOVE00328

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ JUVENILE COURT, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 250 E. MAIN ST., EL CAJON, CA 92020-3941 | |

<table>
<tr>
<td>

FRANK E. ROGOZIENSKI,

   Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

   Defendants and Respondents

</td>
<td>

F I L E D
Clerk of the Superior Court

JAN 2 7 2006

By: ROSE MARIE LEY,
Deputy

</td>
</tr>
</table>

| RECEIPT FOR RECORD ON APPEAL<br>(CRC Rules 5(a)(4), 11(a), 36(c)(e)) | CASE NUMBER<br>GIC 843843 |
|---|---|
| | COURT OF APPEAL/SUPREME COURT NUMBER<br>D047858 |

RECEIVED FROM THE CLERK OF THE SUPERIOR COURT:

No. Volumes

| | |
|---|---|
| Clerk's Transcripts/File | RULE 5.1 |
| Reporter's Transcripts | ONE |
| Reporter's Transcripts on Disk | |
| Administrative Record | |
| Deposition Transcripts | |
| Preliminary Hearing Transcript | |
| Marsden | |
| Other | |
| Other | |

NOTE:  PLEASE SIGN THIS RECEIPT AND RETURN AS INDICATED BELOW:

CLERK OF THE SUPERIOR COURT
ATTN:  APPEALS SECTION

☒ San Diego, PO BOX 120128 SAN DIEGO CA 92112-0128 OR County Mail Stop C-44 Appeals Section
☐ North County, 325 S. Melrose Dr., Vista, CA 92081-6643 OR County Mail Stop N-161 Appeals Section
☐ Juvenile Court, 2851 Meadow Lark Dr., San Diego, CA 92123-2792 OR County Mail Stop P-299 Appeals Section
☐ Juvenile Court, 325 S. Melrose Dr., Vista, CA 92081-6643 OR County Mail Stop N-161 Appeals Section
☐ Juvenile Court, 500 3rd Ave., Chula Vista, CA 91910-5649 OR County Mail Stop S-111 Juvenile Division
☐ Juvenile Court, 250 E. Main St., El Cajon, CA 92020-3941 OR County Mail Stop S-157 Juvenile Division

DATE:

(1) Ct of Appeal/Supreme Ct (2) Appellant/Trial Counsel (3) Atty General/District Atty (4) Governor/County Counsel (6) California Appellate Project

SDSC APL-200M(Rev. 11-05)     RECEIPT FOR RECORD ON APPEAL

**EXHIBIT 1 PAGE 284**

LOVE00330

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941

FRANK E. ROGOZIENSKI,

   Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

   Defendants and Respondents

**F I L E D**
Clerk of the Superior Court
JAN 17 2006
By: ROSE MARIE LEY,
Deputy

**NOTICE OF FILING**
(CRC Rules 1(d), 3, 20)

CASE NUMBER
GIC 843843

DA/JDA/CC NUMBER

---

PLEASE TAKE NOTICE that the ☐ ABANDONMENT OF APPEAL ☒ NOTICE OF APPEAL ☐ NOTICE OF CROSS-APPEAL ☐ AMENDED NOTICE OF APPEAL from the
Order Sustaining Defendants James D. Allen's and S. Michael Love's Demurrers to First Amended Complaint, and Each Cause of Action, Without Leave to Amend; and from the Judgment of Dismissal, both filed OCTOBER 19, 2005;

RE: the above-entitled case was filed in this office on January 4, 2006 by:
plaintiff's and Appellant's attorney, FRANK E. ROGOZIENSKI, ESQ.

CLERK OF THE SUPERIOR COURT

Date: January 17, 2006          by _____, Deputy
                                        ROSE M. LEY

---

**CERTIFICATE OF MAILING**

I certify that: I am not a party to the above-entitled case; that on the date shown below, I mailed the **NOTICE OF FILING** to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at ☒ San Diego ☐ Vista ☐ Chula Vista ☐ El Cajon, California.

CLERK OF THE SUPERIOR COURT

Date: January 17, 2006          by: _____, Deputy
                                        ROSE M. LEY

TO:                                          TO:
  FRANK E. ROGOZIENSKI, ESQ.
  1660 Union Street, Third Floor
  San Diego, Calif. 92101

  DONALD A. ENGLISH, ESQ.                    DANIEL M. WHITE, ESQ.
  ENGLISH & GLOVEN                           WHITE & OLIVER
  550 West "C" Street, Ste. 1800             550 West "C" Street, Ste. 950
  San Diego, Calif. 92101                    San Diego, Calif. 92101

SDSC APL-22CIV(Rev. 12-05)          **NOTICE OF FILING**

**EXHIBIT 1 PAGE 285**

LOVE00332

09649

FRANK E. ROGOZIE...SKI, INC.
ATTORNEY AT LAW
OFFICE ACCOUNT  PH. (619) 237-1878
1660 UNION STREET 3RD FLOOR
SAN DIEGO, CA 92101

WELLS FARGO BANK
CALIFORNIA
www.wellsfargo.com
16-24/1220

1/4/06

PAY TO THE
ORDER OF

*San Diego Superior Court Clerk*

$ 100.00

ONE HUNDRED AND 00/100 ——————————————

DOLLARS

GIC 849 843 (Rozo + Allen)

MEMO  *Notice of Appeal filing fee*

AUTHORIZED SIGNATURE

⑈009649⑈ ⑆122000247⑆ 0730200144⑈

**EXHIBIT 1 PAGE 286**

LOVE00333

LOVE00334

| ATTORNEY OR PARTY WITHOUT ATTORNEY(Name, state bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| TELEPHONE NO.:     FAX NO.: | | **RECEIVED ACCOUNTING** |
| ATTORNEY FOR (Name): | | **JAN 3 0 2006** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

CLERK OF THE SUPERIOR COURT

PLAINTIFF(S)/PETITIONER(S)
*Kogorienski*

DEFENDANT(S)/RESPONDENT(S)
*Allen, et al*

| **REQUEST FOR PAYMENT OF TRUST FUNDS**<br>(CRC 4; GC 69953; CCP 631.3) | CASE NUMBER<br>*GIC 843843* |
|---|---|

*1122567*

## DECLARATION

I, *P Whitelaw*
*Sup Ct*
☑ A Court Reporter ☐ A party ☐ An Attorney for:
do declare that the sum of $ *2038* is

presently due and owing to:

(Name) *Whitelaw, Patricia*

(Street) *220 W Broadway c/o OCRS Sup Ct Rm 3005*

(City, State, Zip) *SD CA 92101*     by reason of: *Transcript prep*

*(If court order provided for interest, provide payee's tax I.D. # and mailing address for tax reporting):* _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date *1/26/06* _____

_____ Signature     **EXHIBIT 1 PAGE 287**

## VERIFICATION

I certify that the sum requested above is on deposit in the _____ *Clerks* _____ Trust Fund.

**CLERK OF THE SUPERIOR COURT**

Date: *1-27-06* _____ by _____ *Rose M Ley* _____ Deputy

$~~~~~~~~~~~~

Bail Disbursed as Ordered     FEB 2 1 2006     (SEG)

**REQUEST FOR PAYMENT OF TRUST FUNDS**

SDSC CIV-180(Rev. 10-02)

LOVE00335

LOVE00336

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| FRANK E. ROGOZIENSKI, INC. (SBN 51445)<br>1660 Union Street, Third Floor<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 237-1878    FAX NO.: (619) 237-1870<br>ATTORNEY FOR *(Name)*: FRANK E. ROGOZIENSKI | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE, SAN DIEGO, CA 92101-3105
☐ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE, CHULA VISTA, CA 91910-5649

| | |
|---|---|
| PLAINTIFF(S)/PETITIONER(S)    FRANK E. ROGOZIENSKI | **RECEIVED<br>ACCOUNTING**<br><br>FEB 06 2006<br><br>CLERK OF THE SUPERIOR COURT |
| DEFENDANT(S)/RESPONDENT(S)    JAMES D. ALLEN, et al. | |
| **REQUEST FOR PAYMENT OF TRUST FUNDS**<br>(CRC 4; GC 69953; CCP 631.3) | CASE NUMBER<br>GIC 843843 |

## DECLARATION

I, _____ FRANK E. ROGOZIENSKI _____  ☐ A Court Reporter ☐ A party ☒ An Attorney for:

_____ FRANK E. ROGOZIENSKI _____ do declare that the sum of $ 97.62 is

presently due and owing to:

(Name) _____ FRANK E. ROGOZIENSKI _____

(Street) _____ 1660 Union Street, Third Floor _____

(City, State, Zip) _____ San Diego, CA 92101 _____ by reason of: refund for deposit

*(If court order provided for interest, provide payee's tax I.D. # and mailing address for tax reporting):* _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date _____ January 31, 2006 _____

_____ FRANK E. ROGOZIENSKI, INC. _____
Signature

**EXHIBIT 1 PAGE 288**

## VERIFICATION

I certify that the sum requested above is on deposit in the _____ Court _____ Trust Fund.

**CLERK OF THE SUPERIOR COURT**

Date: 2/16/06 _____ by _____ , Deputy

R15797.62

Disbursed as ordered/requested    FEB 22 2006    SEC

SDSC CIV-180(Rev. 4-04)    **REQUEST FOR PAYMENT OF TRUST FUNDS**

LOVE00337

LOVE00338

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ JUVENILE COURT, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 250 E. MAIN ST., EL CAJON, CA 92020-3941 | F I L E D<br>Clerk of the Superior Court<br>JAN 3 0 2006<br>By: ROSE MARIE LEY,<br>Deputy |

FRANK E. ROGOZIENSKI,

    Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

    Defendants and Respondents

| | |
|---|---|
| **RECEIPT FOR RECORD ON APPEAL**<br>(CRC Rules 6(a)(4), 11(a), 35(c)(e)) | CASE NUMBER<br>GIC 843843<br>COURT OF APPEAL/SUPREME COURT NUMBER<br>D047858 |

RECEIVED FROM THE CLERK OF THE SUPERIOR COURT:

No. Volumes

| | |
|---|---|
| Clerk's Transcripts/File | RULE 5.1 |
| Reporter's Transcripts | ONE |
| Reporter's Transcripts on Disk | |
| Administrative Record | |
| Deposition Transcripts | |
| Preliminary Hearing Transcript | |
| Marsden | |
| Other | |
| Other | |

NOTE: PLEASE SIGN THIS RECEIPT AND RETURN AS INDICATED BELOW:

CLERK OF THE SUPERIOR COURT
ATTN: APPEALS SECTION

☒ San Diego, PO BOX 120128 SAN DIEGO CA 92112-0128 OR County Mail Stop C-44 Appeals Section
☐ North County, 325 S. Melrose Dr., Vista, CA 92081-6643 OR County Mail Stop N-161 Appeals Section
☐ Juvenile Court, 2851 Meadow Lark Dr., San Diego, CA 92123-2792 OR County Mail Stop P-299 Appeals Section
☐ Juvenile Court, 325 S. Melrose Dr., Vista, CA 92081-6643 OR County Mail Stop N-161 Appeals Section
☐ Juvenile Court, 500 3rd Ave., Chula Vista, CA 91910-5649 OR County Mail Stop S-111 Juvenile Division
☐ Juvenile Court, 250 E. Main St., El Cajon, CA 92020-3941 OR County Mail Stop S-157 Juvenile Division

**EXHIBIT 1 PAGE 289**

DATE:

(1) Ct of Appeal/Supreme Ct (2) Appellant/Trial Counsel (3) Atty General/District Atty (4) Governor/County Counsel (5) California Appellate Project

**RECEIPT FOR RECORD ON APPEAL**

SDSC APL-29CIV(Rev. 11-05)

LOVE00339

LOVE00340

F I L E D

Clerk of the Superior Court

JAN 2 7 2006

By: ROSE MARIE LEY
Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☒ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6634

**RECEIPT FOR REPORTER'S TRANSCRIPT**

Receipt No. AR 061335

Court of Appeal/Supreme Court Case Number

D 047858

DEPT #

GIC843843

*Type Codes*
CH - CERTIFICATION HRG.
CO - COURT ORDER
CP - CHANGE OF PLEA
GJ - GRAND JURY
JD - JUV. DELINQUENCY
JN - JUV. DEPENDENCY
MO - MOTION
OT - OTHER
RU - RULE 34.5

SN - SENTENCING
PE - PRELIM
AP - APPEAL
AU - AUGMENT (12a)
GR - ADDITIONAL NORMAL
        RECORD (350)
RH - REHEARING
RT - WRIT

**Paying Departments/Agencies
SC - SUPERIOR COURT
DA - DISTRICT ATTORNEY
PD - PUBLIC DEFENDER
AP - ALT. PUB. DEFENDER
PC - PRIVATE CONFLICTS COUNSEL
CC - COUNTY COUNSEL
OT - OTHER

| CASE NUMBER | CASE NAME | VOL. | DATE(S) OF PROCEEDINGS/BINDOVER DATE | TYPE OF TRANSCRIPT | PYG. DPT/AGNCY | ORIG/ASCII | TITLE/INDEX/CERT. PAGES | BEGIN/END NUMBERS | TOTAL PAGES |
|---|---|---|---|---|---|---|---|---|---|
| GIC 843843 | Regorienski v Allen et al | 1 | 9/02/06 | AP | 4 | orig only | 3 | 1-34 | 35 / 37 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

*no charge for appeal copies*

☐ I certify there are no sealed proceedings transcribed in the above record(s)

TOTAL  37

☐ Sealed proceedings appear in the above and a completed affidavit is attached for each appeal record.
Return the Court Reporter's copy to: ☐ Department/Mail Stop _____ ☒ Supervising Court Reporter
☐ Mail - Addressed envelope enclosed ☐ Other: _____

| Reporter Filing Transcript | Appeals/Clerk/Lead Reporter: Received and Verified by: | District Attorney Received By: **EXHIBIT 1 PAGE 290** |
|---|---|---|
| Sign Name | Sign Name | Sign Name |
| P. Whitlaw (Print Name) | R. M. Ley (Print Name) | Print Name |
| officer (Title) | Ct. Oper. Clk (Title) | Title |
| 1/26/06 (Date) | 1-27-06 (Date) | Date |

DISTRIBUTION: Original - Case File, Blue - Appeals, Green - Supervising Court Reporter, Canary - Court Reporter, Pink - Claims Processor, Goldenrod - Accounts Payable

SDSC ADM-97(Rev. 7-04)

**RECEIPT FOR REPORTER'S TRANSCRIPT
(APPEALS, OTHER THAN APPEAL, PRELIM)**

LOVE00341

LOVE00342

```
 1          IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

 2                              CENTRAL DIVISION

 3

 4    DEPARTMENT NO. 65                   HON. JOAN M. LEWIS, JUDGE

 5    _____
                                     )
 6    FRANK E. ROGOZIENSKI,           )
                                      )
 7                     PLAINTIFF,     )   GIC 843843
                                      )
 8            VS.                     )
                                      )
      JAMES D. ALLEN, S. MICHAEL      )
 9    LOVE, AND DOES 1 THROUGH 10,    )
      INCLUSIVE,                      )
10                                    )
                       DEFENDANTS.    )   MOTION
11    _____ )

12

13                         REPORTER'S TRANSCRIPT

14                          SEPTEMBER 2, 2005

15                          PAGES 1 THROUGH 32

16

17    A P P E A R A N C E S:

18    FOR THE PLAINTIFF:           FRANK E. ROGOZIENSKI
                                   ATTORNEY AT LAW
19                                 1660 UNION STREET
                                   SAN DIEGO, CALIFORNIA  92101
20
      FOR DEFENDANT ALLEN:         DONALD A. ENGLISH
21                                 ATTORNEY AT LAW
                                   550 WEST C STREET, SUITE 1800
22                                 SAN DIEGO, CALIFORNIA  92101

23    FOR DEFENDANT LOVE:          DANIEL M. WHITE
                                   ATTORNEY AT LAW
24                                 550 WEST C. STREET, SUITE 950
                                   SAN DIEGO, CALIFORNIA  92101

25

26

27              PATRICIA WHITELAW, RMR, CRR, CSR 5835
                OFFICIAL REPORTER, SUPERIOR COURT
28                SAN DIEGO, CALIFORNIA  92101
```

LOVE00343

EXHIBIT 1 PAGE 291

1

1    SAN DIEGO - CALIFORNIA - FRIDAY - 09-02-05 - 8:37 A.M.

2    --oOo--

3    THE COURT:  GOOD MORNING, EVERYONE.

4    THE AUDIENCE:  GOOD MORNING.

5    THE COURT:  AS I CALL YOUR NAME, PLEASE INDICATE YOUR

6    APPEARANCE AND TIME ESTIMATE FOR ARGUMENT, IF ARGUMENT'S

7    NECESSARY.

8    (OTHER MATTERS ARE ADDRESSED.)

9    THE COURT:  NUMBER SEVEN AND EIGHT, ROGOZIENSKI VS.

10    ALLEN.

11    MR. WHITE:  GOOD MORNING, YOUR HONOR.  DANIEL M. WHITE

12    OF WHITE & OLIVER, ON BEHALF OF MR. LOVE.  TIME TO RESPOND.

13    MR. ROGOZIENSKI:  FRANK ROGOZIENSKI APPEARING ON BEHALF

14    OF THE PLAINTIFF.  PROBABLY DEPENDING ON HOW MUCH ARGUMENT

15    YOU DESIRE.

16    THE COURT:  WELL, I DON'T DESIRE ANY, FRANKLY, BUT

17    ARGUMENTS -- ANYTHING OUTSIDE OF YOUR PAPERS, WITHIN REASON,

18    I'LL LISTEN TO; BUT I DON'T WANT YOU TO REHASH THE PAPERS

19    BECAUSE ALL PARTIES HAD A LOT TO SAY AND I'VE READ THEM.

20    MR. ROGOZIENSKI:  I UNDERSTAND, YOUR HONOR.  I WOULD

21    GUESS 15 TO 20 MINUTES.

22    THE COURT:  OKAY.

23    MR. ENGLISH:  GOOD MORNING, YOUR HONOR.  DONALD ENGLISH

24    AND CHRISTY YEE ON BEHALF OF MR. ALLEN.  TIME TO RESPOND TO

25    MR. ROGOZIENSKI.

26    THE COURT:  OKAY.

27    (OTHER MATTERS ARE ADDRESSED.)

28    THE COURT:  ROGOZIENSKI VS. ALLEN.

LOVE00344

**EXHIBIT 1 PAGE 292**

2

1      MR. ENGLISH:  GOOD MORNING, YOUR HONOR.  DONALD ENGLISH

2   AND CHRISTY YEE ON BEHALF OF DEFENDANT AND MOVING PARTY JAMES

3   ALLEN.

4      MR. WHITE:  GOOD MORNING AGAIN, YOUR HONOR, DANIEL M.

5   WHITE OF WHITE & OLIVER ON BEHALF OF MR. LOVE.

6      MR. ROGOZIENSKI:  FRANK ROGOZIENSKI APPEARING ON BEHALF

7   OF THE PLAINTIFF.

8      THE COURT:  ALL RIGHT.  MR. ROGOZIENSKI, THERE WERE TWO

9   SEPARATE MOTIONS, AS YOU WERE AWARE, SIR, FROM MR. ALLEN AND

10   MR. LOVE, THE DEMURRERS AND, OBVIOUSLY, THERE ARE DIFFERENT

11   ISSUES THEY PRESENT.  SO WHO WOULD YOU LIKE TO START WITH,

12   MR. ALLEN OR MR. LOVE?

13      MR. ROGOZIENSKI:  MR. ALLAN PROBABLY HAS THE FEWEST

14   ISSUES.

15      THE COURT:  ALL RIGHT.  GO AHEAD, SIR.

16      MR. ROGOZIENSKI:  YOUR HONOR, THE ISSUE OF JUDICIAL

17   IMMUNITY AND THE EXTENT OF JUDICIAL IMMUNITY IN THIS CASE, A

18   COUPLE THINGS MAKE THE CASE DIFFERENT THAN THE TYPICAL

19   JUDICIAL IMMUNITY TYPE OF DEFENSE.  ONE IS WE'RE INVOLVED

20   WITH A TEMPORARY JUDGE.  THE PROCEDURE IS THE TYPE OF, THE

21   PARTICULAR GIFT THAT WAS MADE TO MR. ALLEN IN THIS CASE.

22      CLEARLY, THE MAKING OF THE GIFT IS NOT A JUDICIAL

23   ACT AND IT IS NOT PERFORMING A JUDICIAL FUNCTION.  AT THE

24   TIME THE GIFT IS MADE, MR. ALLEN HAD PRESIDED OVER 14 DAYS OF

25   TRIAL.  HE HAD MATTERS UNDER SUBMISSION; AND, BY ACCEPTING

26   THE GIFT, A NONJUDICIAL ACT, HE RENDERED HIMSELF UNAVAILABLE

27   AND IMPOSSIBLE TO RENDER A DECISION ON ALL OF THOSE THINGS

28   THAT WERE PENDING IN FRONT OF HIM.  IN OTHER WORDS, ALL OF

EXHIBIT 1 PAGE 293

LOVE00345

3.

1   THE ATTORNEYS' FEES, ALL OF THE EXPERT FEES, EVERYTHING THAT

2   HAD BEEN EXPENDED IN THAT EFFORT WAS LOST BECAUSE OF A

3   NONJUDICIAL ACT OF HIM ACCEPTING THE GIFT.

4          THE TYPICAL JUDICIAL IMMUNITY IS WHERE A JUDGE

5   RENDERS A DECISION AND IN MY -- AND WHAT HAPPENED HERE IS,

6   AFTER MR. ALLEN TOOK THE GIFT, HE CONTINUED TO RENDER

7   DECISIONS. THE CLAIM AGAINST MR. ALLEN IS NOT DIRECTED AT

8   THE DECISIONS THAT HE RENDERED. HE WOULD HAVE, I AGREE, IF

9   HE HAS JURISDICTION, JUDICIAL IMMUNITY AS TO THOSE DECISIONS.

10         WHAT HE DOES NOT HAVE JUDICIAL IMMUNITY I BELIEVE

11  IS TO ACCEPT A GIFT IN A NONJUDICIAL FUNCTION AND THEN

12  THEREBY CAUSING DAMAGE TO THE PARTIES IN THIS CASE. AND

13  THAT'S THE ISSUE AS TO MR. ALLEN PRIMARILY.

14         AND SECONDARILY, AFTER MR. ALLEN HAD BEEN

15  CHALLENGED AND WITHDREW FROM THE CASE, HE THEN SPOKE TO

16  REPORTERS. IN SPEAKING TO REPORTERS, HE, HE HAS NO JUDICIAL

17  IMMUNITY BECAUSE HE IS NO LONGER A JUDGE IN THE CASE. IT

18  WASN'T DONE FROM THE COURTROOM. IT WASN'T DONE FROM THE

19  BENCH OR ANYTHING OF THAT NATURE.

20         AS TO THE CAUSE OF ACTION -- SO AS TO THE MAIN

21  CAUSES OF ACTION, BREACH OF CONTRACT AND UNJUST ENRICHMENT,

22  THAT'S WHY WE BELIEVE THERE'S NO JUDICIAL IMMUNITY IN THIS

23  CASE. IT IS UNIQUE IN THE FACTS FOR THE REASONS THAT I'VE

24  STATED.

25     THE COURT: I'M SORRY. I, I DIDN'T CATCH YOUR COMMENT

26  ABOUT BREECH OF CONTRACT.

27     MR. ROGOZIENSKI: I HAVEN'T SPOKEN ABOUT BREECH OF

28  CONTRACT. THE BREECH OF CONTRACT RELATES TO SENDING BILLS AS

**EXHIBIT 1 PAGE 294**

4

1    AN ATTORNEY ON ATTORNEY LETTERHEAD AND HAVING THOSE BILLS

2    PAID WHEN YOU KNOW YOU'RE DISQUALIFIED IN THE CASE.  THE

3    TATUM CASE INDICATES THAT ONCE YOU ACCEPT THE GIFT, YOU ARE

4    DISQUALIFIED.  THAT'S THE ACT.  AND CONTINUING TO BILL AND

5    CONTINUING TO COLLECT MONEY WITH BILLS THAT, THAT WOULD IMPLY

6    EXPRESSLY OR IMPLICITLY THAT THE SERVICES ARE DUE, THEY'RE

7    PAYABLE, THEY'VE BEEN PROPER AND SO FORTH, IS A BREACH OF

8    THAT CONTRACT, AT LEAST A BREECH OF THE COVENANT OF GOOD

9    FAITH AND FAIR DEALING IMPLIED IN THAT CONTRACT.

10           AND I ASSUME, YOUR HONOR, WHEN YOU WANTED TO HEAR

11    ARGUMENT ON UNJUST ENRICHMENT YOU WERE FOCUSING ON THE SAME

12    ISSUE; BUT IF NOT, TELL ME.  I'LL TRY TO ADDRESS THAT.

13           THE COURT:  NO.  GO AHEAD.

14           MR. ROGOZIENSKI:  UNJUST ENRICHMENT HAS TO DO WITH

15    MR. ALLEN ENRICHING HIMSELF BY REASON OF HAVING ACCEPTED THE

16    GIFT.  AND THE GIFT, AGAIN, ACCEPTANCE OF THE GIFT IS A

17    NONJUDICIAL ACT.  THE RULINGS ARE NOT BEING ATTACKED.

18    NOBODY -- I AGREE; YOU CAN, IF HE HAS JURISDICTION, ATTACK

19    THE RULINGS.

20           THE COURT OF APPEALS HAS ALREADY AND THE TRIAL, THE

21    NEW TRIAL JUDGE, HAS ALREADY SET THOSE RULINGS ASIDE; BUT

22    THAT DOESN'T CORRECT WHAT HAPPENED WITH THE NONJUDICIAL ACT.

23    YOU CAUSE DAMAGE BY RENDERING ALL OF THE FEES AND EXPENSES

24    THAT HAVE BEEN INCURRED UP TO THE POINT OF THE GIFT WHICH

25    WERE IN FRONT OF MR. ALLEN THAT HE NOW CANNOT DECIDE BECAUSE

26    HE RENDERED HIMSELF, HE TOOK HIMSELF OUT OF THE CASE AT THAT

27    POINT.  SO I DON'T BELIEVE, YOUR HONOR, IT'S THE TYPICAL CASE

28    OF JUDICIAL IMMUNITY.

**EXHIBIT 1 PAGE 295**

LOVE00347

5

1          THE COURT: I DIDN'T HEAR YOU.

2          MR. ROGOZIENSKI: I DON'T BELIEVE THIS IS THE TYPICAL

3   CASE OF JUDICIAL IMMUNITY WHERE ONE IS SIMPLY SAYING, YOU

4   KNOW, THE JUDGE RULED A CERTAIN WAY IN THE CASE; I DON'T LIKE

5   THE WAY THE JUDGE RULED; I'M GOING TO SEE THE JUDGE.  THAT'S

6   NOT THE CIRCUMSTANCE HERE.  NOBODY IS, FOR PURPOSES OF THE

7   CLAIMS AGAINST MR. ALLEN, NOBODY IS ATTACKING THE RULINGS.

8          AS AGAINST MR. LOVE, IT'S DIFFERENT BECAUSE A

9   CONSPIRATOR WITH A DISQUALIFIED JUDGE OR A JUDGE THAT ACTS AS

10  MR. ALLEN DID HERE IS NONETHELESS LIABLE.  HE HAS NO

11  IMMUNITY.  AN ATTORNEY -- THE CO-CONSPIRATOR HAS NO IMMUNITY

12  AND THAT CASE IS THE U.S. SUPREME COURT CASE --

13         THE COURT: OKAY.  I JUST WANT TO STAY WITH MR. ALLEN

14  FOR RIGHT NOW.  LET ME HEAR FROM MR. ENGLISH ON THE DEMURRER

15  ON MR. ALLEN'S BEHALF.

16         MR. ENGLISH: IS THERE A PARTICULAR AREA MR. ROGOZIENSKI

17  RAISED YOU'D LIKE ME TO ADDRESS OR WOULD YOU LIKE ME TO RAISE

18  ALL OF THEM?

19         THE COURT: RAISE ALL OF THEM AND FOCUS, PLEASE, ON THE

20  BREECH OF CONTRACT AND UNJUST ENRICHMENT.

21         (THE REPORTER REQUESTS THE SENTENCE BE REPEATED.)

22         MR. ENGLISH: I HAVE BEEN KNOWN TO SPEAK UP; I'LL DO MY

23  BEST THIS MORNING.  YOUR HONOR, WE BROUGHT THE DEMURRER BASED

24  ON THREE SPECIFIC AFFIRMATIVE DEFENSES, THE FIRST BEING

25  JUDICIAL IMMUNITY BECAUSE OF THE LONG-STANDING DOCTRINE BY

26  THE U.S. SUPREME COURT.

27         THE U.S. SUPREME COURT SAID IT IS BROAD, COMPLETELY

28  BROAD AS TO A CAUSE OF ACTION OF WHATEVER NATURE, THAT ANY

**EXHIBIT 1 PAGE 296**

LOVE00348

6

1    CIVIL ACTION WHATEVER AGAINST A SITTING JUDGE CANNOT BE

2    BROUGHT.  IF YOU HAVE A REASON FOR GRIEVANCE FOR ANY

3    PROCEDURE, YOU ADDRESS IT IN THE COURT IN WHICH IT, THE

4    PROCEEDING WAS HAD.  IF YOU HAVE A PROBLEM AND HAVE TO RETRY

5    THE CASE, THAT'S PART OF THE PROGRESS.  WE MUST PROTECT THE

6    JUDICIARY.

7         THE QUESTION IS ONLY, THAT MAKES IT INTERESTING IN

8    THIS CASE, IS WHETHER OR NOT A TEMPORARY JUDGE IS SUBJECT TO

9    THE SAME PROTECTIONS ENUNCIATED BY THE U.S. SUPREME COURT

10    INITIALLY BACK IN 1871.  HERE WE HAVE SEVERAL LOCAL CASES

11    THAT HAVE DIRECTLY APPLIED THE DOCTRINE OF JUDICIAL IMMUNITY.

12         A LOCAL CASE IN PARTICULAR WHICH IS COGENT IS THE

13    RICOTTA VS. CALIFORNIA CASE.  IT WAS TRIED IN THE FEDERAL

14    COURT ON A MOTION TO DISMISS, THE EARLIEST OPPORTUNITY TO GET

15    RID OF THE CASE, AND IT INVOLVED ALMOST THE ENTIRE FAMILY LAW

16    BAR AND TWO TEMPORARY JUDGES, PAUL GAVIN AND GORDON MEYER.

17         ALL OF THE JUDGES WERE ALLEGED TO HAVE CONSPIRED TO

18    ISSUE RULINGS AGAINST A PARTICIPANT IN A FAMILY LAW ACTION.

19    REQUESTED RELIEF IN THAT CASE INCLUDED RESTITUTION OF FEES

20    PAID DUE TO THE PROBABILITY OF RETRIAL OF CERTAIN ACTIONS IN

21    THE FAMILY LAW ACTION.

22         THE COURT, NAPOLEON JONES SITTING IN THE DECISION,

23    RULED EVERY CAUSE OF ACTION AS TO ALL DEFENDANTS INCLUDING

24    JUDGE MURPHY, JUDGE WAGNER, JUDGE HOWITT, ALL THE SITTING

25    JUDGES APPOINTED FOR APPOINTMENT AS WELL AS THE TWO TEMPORARY

26    JUDGES, MR. GAVIN AND MR. MEYER, ALL CAUSES OF ACTION WERE

27    BARRED BY THE JUDICIAL IMMUNITY DOCTRINE.

28         IT IS NOT DIFFERENT HERE AS TO A TEMPORARY JUDGE,

**EXHIBIT 1 PAGE 297**

LOVE00349

7

1    MR. ALLEN, WHO, IN OUR JUDICIAL NOTICE NUMBER TWO, TOOK A

2    SWORN OATH TO SIT AS A JUDICIAL OFFICER FOR ALL PURPOSES OF

3    MR. ROGOZIENSKI'S DIVORCE CASE.  IN DOING SO, HE IS ENTITLED

4    TO THE SAME PROTECTIONS OF JUDICIAL IMMUNITY AS TO ALL.

5            SO AS TO THE ANOMALY THAT MR. ROGOZIENSKI STATES

6    THAT THIS CASE IS DIFFERENT THAN OTHER CASES BECAUSE THIS IS

7    A JUDICIAL IMMUNITY CASE APPLYING TO A TEMPORARY JUDGE MUST

8    BE REJECTED NOT ONLY BY THE SUPREME COURT PRECEDENT BUT ALSO

9    BY THE CASES THAT HAVE FOLLOWED THE SUPREME COURT PRECEDENT

10    INCLUDING THE <u>RICOTTA</u> CASE WHICH IS DIRECTLY ON POINT WITH

11    FACTS THAT ARE ALMOST IDENTICAL TO THE ONES HERE.

12            NOW, WHAT'S DIFFERENT HERE, IF YOU WANT TO SAY, IS

13    THE ALLEGATION THAT THERE WAS A BRIBE, FLATLY REJECTED, BUT

14    FOR PURPOSES OF DEMURRER WE'LL ASSUME IS TRUE, BUT IT'S

15    FLATLY REJECTED.

16            IT MAKES NO MOMENT BECAUSE WE CAN LOOK AGAIN TO THE

17    U.S. SUPREME COURT.  <u>DENNIS VS. SPARKS</u> SAYS NO MATTER HOW BAD

18    THE JUDGE WAS IN ACCEPTING A BRIBE, IN MATTER HOW CORRUPT,

19    THE LONG-STANDING PRINCIPLE OF JUDICIAL IMMUNITY MUST PROTECT

20    THE INDEPENDENCE OF THE JUDICIARY NOT TO BE SUBJECT TO CIVIL

21    ACTIONS, NO MATTER HOW BAD.

22            IF THERE IS SOMETHING FOR THE JUDGE TO BE REVIEWED,

23    SOMETHING ABOUT THE JUDGE TO BE REVIEWED, THERE ARE

24    MECHANISMS OF JUDICIAL COUNCIL, REMOVAL FROM OFFICE OR

25    WHATEVER IT MIGHT HAPPEN TO BE, BUT THE PRIVATE LITIGANT

26    CANNOT ATTACK THE JUDICIARY BY DOING THAT.

27            SO THE BASIS HERE OF HAVING MR. ROGOZIENSKI AVER

28    THAT THE GIFT IS NOT JUDICIAL DOES NOT GET AROUND THE

**EXHIBIT 1 PAGE 298**

L0VE00350

8

1    JUDICIAL IMMUNITY OFFENSE BECAUSE IT IS NO MORE THAN

2    TANTAMOUNT TO A BRIBE, DENIED VEHEMENTLY, BY THE WAY, IN THIS

3    PARTICULAR SITUATION.  AND THE U.S. SUPREME COURT SAYS YOU

4    CANNOT GET AROUND JUDICIAL IMMUNITY SIMPLY BY SAYING THE

5    JUDGE WAS DOING A NONJUDICIAL ACT BY HAVING SOME GIFT IN THE

6    SOURCE OF A BRIBE.

7            MORE IMPORTANTLY, YOUR HONOR, IN THIS CASE EVERY

8    SINGLE ACTION THAT MR. ROGOZIENSKI CONTENDS WAS SOMEHOW

9    CORRUPTED WERE THE DECISIONS THAT MR. ALLEN MADE BY THE

10    SERIES OF STATEMENTS OF DECISIONS OF JUDGMENTS ENTERED IN THE

11    CASE; AND THE ONLY ALLEGATION THAT MR. ROGOZIENSKI HAD

12    AGAINST MR. ALLEN IS THAT HE FAILED TO DISCLOSE UNDER RULE OF

13    COURT 244(B) THAT CERTAIN TRANSACTIONS HAD OCCURRED, NOT THE

14    ONES THAT HE DESCRIBED--HE'S USING THEM AS AN ADVOCATE THIS

15    MORNING--BUT WHEN LOOKING AT THAT PARTICULAR STATUTE, THE

16    ONLY REMEDY HE HAS IS FOR THE JUDGE TO MAKE A DECISION AS TO

17    DISCLOSE OR NOT DISCLOSE, AND IF NOT DISCLOSE, HE CAN BRING A

18    MOTION AND ASK FOR IT TO BE DISCLOSED, BUT TO BE REMOVED.

19            BUT THE ACTIONS BY THE JUDGE AFTER A DECISION OR

20    NONDECISION MADE REGARDING THE DISCLOSURE ARE NOT VOID, ARE

21    NOT IN EXCESS OF JURISDICTION, BUT ARE MERELY VOIDABLE AND

22    THEY CONTINUE TO HAVE THE PROTECTIONS OF THE JUDICIAL

23    FUNCTION AND THEREFORE HAVE THE PROTECTIONS OF THE JUDICIAL

24    IMMUNITY.

25            I'M GOING TO CONTINUE, IF I COULD.  AS TO THE ISSUE

26    OF MR. ALLEN RENDERING A BILL FOR HIS TEMPORARY JUDGESHIP ON

27    A FIRM LETTERHEAD, IT IS OF NO MOMENT WHATSOEVER.  WE HAVE

28    CITED SIX, SEVEN, EIGHT CASES OF PRIVATE, PRIVATELY BILLED

EXHIBIT 1 PAGE 299

9

1    JUDICIAL IMMUNITY CASES. THE LEAD CASE THAT I THINK IS

2    COGENT FOR THE COURT IS HOWARD VS. DRAPKIN. HOWARD VS.

3    DRAPKIN INVOLVED A PSYCHOLOGIST WHO WAS RETAINED BY THE

4    PARTIES, BILLED DIRECTLY BY THE PARTIES TO THE PARTIES, PAID

5    BY THE PARTIES, BUT ORDERED BY THE COURT.

6         AND IN THAT PARTICULAR CASE, FAMILY LAW CASE, ONE

7    OF THE LITIGANTS DID NOT LIKE THE RESULTS OF THE PRIVATE

8    PSYCHOLOGIST AND THE RECOMMENDATIONS MADE AND MADE AN

9    ALLEGATION THAT THERE WAS NEGLIGENCE, FRAUD, NONDISCLOSURE OF

10   PRIOR PROFESSIONAL RELATIONSHIPS AND THE LIKE.

11        WHEN THE COURT LOOKED AT IT, THE COURT SAID IT IS

12   APPROPRIATE IN THAT SETTING TO HAVE THE PSYCHOLOGIST SUBJECT

13   TO QUASI-JUDICIAL IMMUNITY AND IT MAKES NO MOMENT THAT THE

14   PAYMENTS ARE COMING PRIVATELY AS OPPOSED TO SOME PUBLIC

15   PAYMENT FOR THE, FOR THE COURT.

16        IN ADDITION, THAT COURT HAS THE PUBLIC POLICY IN

17   IT, WHICH IS APPROPRIATE FOR THE COURT'S TENTATIVE RULING,

18   WHICH IS THE DEMURRER IS THE TIME AND PLACE TO DISMISS THE

19   CASE.

20        AND IN HOWARD VS. DRAPKIN, THERE IS THE CALIFORNIA

21   PUBLIC POLICY AS TO APPLYING JUDICIAL IMMUNITY, EXCUSE ME,

22   JUDICIAL IMMUNITY TO A PARTY IN MR. ALLEN'S POSITION WHERE A

23   PRIVATE ATTORNEY AGREES TO SERVE IN THE ROLE AS A JUDGE AND

24   THEN IS LATER CRITICIZED.

25        THE TRIAL COURT, THE TRIAL COURT FOUND THE DEMURRER

26   BASED ON JUDICIAL IMMUNITY, AND THE APPELLATE COURT SAID IT

27   IS APPROPRIATE AT THE DEMURRER STAGE TO GET RID OF ALL CAUSES

28   OF ACTION DUE TO THE PUBLIC POLICY TO ALLOW FOR GENTLEMEN

**EXHIBIT 1 PAGE 300**

LOVE00352

10

1    LIKE MR. ALLEN TO SERVE IN THIS ROLE, TO ENCOURAGE THE

2    ASSISTANCE OF THE BENCH TO ADJUDICATE, TO ADJUDICATE THE

3    DISPUTES IN FRONT OF IT.  AND IN THAT CASE IT WAS A

4    PSYCHOLOGIST WHO WAS GIVEN THE BROAD PROTECTION OF JUDICIAL

5    IMMUNITY UNDER THE DOCTRINE OF QUASI-JUDICIAL IMMUNITY.

6         THE TWO CAUSES OF ACTION IN WHICH THE COURT SAID

7    YOU'D LIKE TO HEAR ARGUMENT ON, BREECH OF CONTRACT AND UNJUST

8    ENRICHMENT ARE NOTHING MORE THAN AN EXTENSION OF

9    MR. ROGOZIENSKI'S COMPLAINTS THAT HE PAID MONEY TO MR. ALLEN

10    TO SERVE IN THIS ROLE.  THERE IS NO CIVIL ACTION ALLOWED TO

11    RECOVER MONIES AT ALL.

12         IF YOU LOOK AT DENNIS VS. SPARKS, WHICH IS THE U.S.

13    SUPREME COURT CASE, IT SAID, NO MATTER HOW CORRUPT, THERE IS

14    NO CIVIL ACTION.  IF YOU LOOK AT THE RICOTTA VS. CALIFORNIA

15    CASE, THE FEDERAL CASE THAT WAS DECIDED BY JUDGE JONES, THE

16    REQUESTS FOR RESTITUTION AND THE REQUEST FOR CONSEQUENTIAL

17    DAMAGES RELATED TO RETRIAL WAS THROWN OUT ON A MOTION TO

18    DISMISS A 12(B)(6) ANALOGOUS TO THE DEMURRER WE HAVE HERE

19    TODAY.

20         IN ADDITION, THE ONLY REASON MR. ROGOZIENSKI HAS A

21    COMPLAINT HERE IS BECAUSE OF JUDICIAL ACTS, AN ALLEGED

22    FAILURE TO DISCLOSE UNDER RULE 244(B); AND THAT'S AN ASIDE,

23    YOUR HONOR.

24         MR. ALLEN WAS APPOINTED IN 1998.  THE STATUTE

25    MR. ROGOZIENSKI IS COMPLAINING ABOUT, THE RULE-OF-COURT

26    CHANGE OCCURRED IN 2001.  IT WAS ADMITTEDLY UNKNOWN AT THE

27    TIME TO MR. ALLEN IN THE MANNER IN WHICH MR. ROGOZIENSKI IS

28    NOW STATING WAS REQUIRED FOR DISCLOSURES; BUT NONETHELESS,

**EXHIBIT 1 PAGE 301**

L0VE00353

11

1    WHEN BROUGHT TO HIS ATTENTION, MR. ALLEN SAID, "IF YOU'VE

2    LOST FAITH IN ME, I WILL STEP ASIDE." AND THAT'S WHAT HE

3    DID.

4          SO TO SUM UP THE ISSUE, BOTH BREECH OF CONTRACT AND

5    UNJUST ENRICHMENT ARE NO MORE THAN AN ATTEMPT TO OBTAIN A

6    CIVIL REMEDY FOR A JUDICIAL ACT, NONDISCLOSURE OF WHATEVER

7    MR. ROGOZIENSKI SAYS SHOULD HAVE BEEN DISCLOSED, PERIOD, AND

8    IT'S NOT ALLOWED.

9          AND THE SEMINAL CASE IS, LOCALLY, HOWARD VS.

10   DRAPKIN, CALIFORNIA PUBLIC POLICY SAYING IT APPLIES IN

11   SITUATION QUASI-JUDICIAL IMMUNITY, THE LOCAL CASE OF RICOTTA,

12   WITH TEMPORARY JUDGES, TWO OF THEM, AND, OF COURSE, WHAT I

13   SAID BEFORE, WHICH IS ALL CIVIL COMPLAINTS, REGARDLESS OF THE

14   FORM, REGARDLESS OF THE TITLE ARE BARRED.

15         WOULD YOU LIKE ME TO ADDRESS ANYTHING ELSE, YOUR

16   HONOR?

17         THE COURT:  NO.  THANK YOU.

18         MR. ROGOZIENSKI, DO YOU HAVE ANYTHING IN RESPONSE

19   TO MR. ENGLISH'S ARGUMENT?

20         MR. ROGOZIENSKI:  MOST OF HIS FOCUS, IF NOT ALL OF HIS

21   FOCUS, IS ON THE RULINGS THAT MR. ALLEN MADE.  AND AGAIN,

22   WHAT'S HAPPENING HERE IS WE'RE NOT CHALLENGING THOSE RULINGS.

23   WE'RE -- THE LIABILITY DOESN'T ARISE FROM WHAT HE SAID IN

24   RULINGS BECAUSE THAT IS A USUAL ACT; AND AT THAT POINT HE PUT

25   ON THE ROBE, HE BECAME A TEMPORARY JUDGE.  BUT AS A TEMPORARY

26   JUDGE, MOST OF HIS TIME HE WASN'T WEARING A ROBE.

27         IT'S EASY WITH A, A FULL-TIME JUDGE, MUCH EASIER TO

28   DISTINGUISH WHAT IS A JUDICIAL ACT FROM A NONJUDICIAL ACT.

EXHIBIT 1 PAGE 302

LOVE00354

12

1    BUT HERE MR. ALLEN, FOR EXAMPLE, SPENT MOST OF HIS TIME --

2    NOT FOR EXAMPLE, SPENT MOST OF HIS TIME AS AN ATTORNEY. AND

3    HE ENGAGED IN AN ACT THAT RESULTED IN MORE THAN 14 DAYS OF

4    TRIAL BEING RENDERED WORTHLESS, ALL OF THAT TIME.

5        THE COURT:  WELL, HOW DO YOU DISTINGUISH, SIR, THE CASES

6    THAT HAVE BEEN CITED BY MR. ENGLISH THAT TALK ABOUT EVEN ACTS

7    OF CORRUPTION COME, COME WITHIN THE JUDICIAL IMMUNITY?

8        MR. ROGOZIENSKI:  THOSE ACTS TALK ABOUT GIVING A JUDGE A

9    BRIBE FOR RULINGS AND THEN ARGUE ABOUT THE RULINGS, THE

10   RESULT.  IN OTHER WORDS, ONE OF THEM, I THINK, IS A BRIBE TO,

11   THE SPARKS CASE, I BELIEVE, IS A BRIBE TO GET AN INJUNCTION.

12       AND THEN -- I DON'T KNOW IF THEY GOT THE INJUNCTION

13   OR NOT, BUT THE RULING AND THE JUDGE'S ACTIVITIES AFTER THE

14   BRIBE ARE WHAT'S BEING FOCUSED ON BECAUSE THOSE, CLEARLY, IF

15   THERE IS JURISDICTION, WOULD BE JUDICIAL ACTS.  AND LIKE IT

16   OR NOT, THERE IS IMMUNITY FOR THAT; BUT THERE IS NOT IMMUNITY

17   FOR TAKING A GIFT THAT RENDERS YOU DISQUALIFIED FROM FURTHER

18   ACTING IN A CASE.  AND THE FACT THAT YOU RENDER YOURSELF

19   DISQUALIFIED MEANS THAT ALL OF THE EXPENDITURE THAT THE

20   PARTIES MADE UP TO THAT POINT IN TIME IS RENDERED VALUELESS.

21       THE COURT:  WELL --

22       MR. ROGOZIENSKI:  AND IF YOU TAKE THAT GIFT EVEN AS AN

23   ATTORNEY, YOU'VE RENDERED YOURSELF DISQUALIFIED.

24       THE COURT:  SIR, YOUR COMPLAINT, THOUGH, IN THIS CASE IS

25   THAT MR. ALLEN SUPPOSEDLY COMMITTED SOME IMPROPRIETY WHILE HE

26   WAS ACTING AS A TEMPORARY JUDGE IN YOUR DIVORCE CASE; ISN'T

27   THAT CORRECT?

28       MR. ROGOZIENSKI:  THERE ARE ALLEGATIONS, BUT THE

**EXHIBIT 1 PAGE 303**

LOVE00355

13

1    DAMAGES -- BECAUSE THE CASE IS AGAINST MR. LOVE AND

2    MR. ALLEN --

3        THE COURT:  WELL, JUST TALK ABOUT MR. ALLEN.

4        MR. ROGOZIENSKI:  THERE ARE BROADER ALLEGATIONS.  AND

5    WHERE MR. ALLEN WAS ACTING IN HIS JUDICIAL CAPACITY, WE SPELL

6    THAT OUT; BUT WE ALSO SPELLED OUT WHERE HE WAS NOT ACTING IN

7    HIS JUDICIAL CAPACITY.  AND THE LIABILITY VIS-A-VIS MR. ALLEN

8    IS THE FORMER, NOT THE LATTER, WHERE HE WAS ACTING IN HIS

9    JUDICIAL CAPACITY.

10        AND I, AND I DIDN'T HERE ADDRESS THE COMMENTS TO

11    SUPPRESS AFTER MR. ALLEN HAS STEPPED DOWN.

12        THE COURT:  MR. ENGLISH, WOULD YOU LIKE TO ADDRESS THAT?

13        MR. ENGLISH:  IF THE COURT NEEDS ME TO, I WOULD BE HAPPY

14    TO.

15        THE COURT:  WHY DON'T YOU GO AHEAD.

16        MR. ENGLISH:  IN PARAGRAPH 44, MR. ROGOZIENSKI AVERS ONE

17    SENTENCE THAT THERE WERE STATEMENTS MADE, DOESN'T SAY WHAT

18    THE STATEMENTS WERE.  HE GENERALIZES, AND THAT'S IT.  HE

19    DOESN'T EVEN IDENTIFY WHO MADE THEM.  HE SIMILARLY SAYS

20    MR. ALLEN OR HIS COUNSEL MADE STATEMENTS.  THAT'S THE EXTENT

21    OF IT.

22        ONE SENTENCE DOES NOT CREATE A CAUSE OF ACTION.

23    THERE IS NO CAUSE OF ACTION PLEAD FOR DEFAMATION.  THERE IS

24    NO CAUSE OF ACTION PLEAD FOR LIBEL.  THERE IS NO CAUSE OF

25    ACTION PLEAD FOR SLANDER.  THERE IS ABSOLUTELY ZERO PLEAD.

26    THERE'S NO SPECIFICITY THERE.  THERE'S NO CAUSE OF ACTION.

27        HAVING THAT, TO ME, IN THIS PARTICULAR COMPLAINT IS

28    COMPLETELY SUPERFLUOUS.

EXHIBIT 1 PAGE 304

LOVE00356

14

1          HOWEVER, TO THE EXTENT THAT I CAN ANTICIPATE

2    MR. ROGOZIENSKI'S NEXT MOVE, HE'LL STAND UP AND SAY:  I'M

3    ALLOWED TO PLEAD THAT INDEPENDENTLY OF EVERYTHING ELSE.

4    HE'S WRONG, AND LET ME EXPLAIN WHY.

5          NUMBER ONE, IF HE HAD A CLAIM FOR DEFAMATION,

6    THERE'S A ONE-YEAR STATUTE OF LIMITATIONS.  HE WILL NEVER

7    GET AROUND THAT.  THIS CLAIM WAS FILED A YEAR AND A HALF

8    TO TWO YEARS AFTER HE ALLEGES IN PARAGRAPH 44 THE SUPPOSED

9    COMMENT WAS MADE TO THE PRESS, WHATEVER THAT COMMENT WAS.

10         AS HE WILL BE BARRED UNDER JUDICIAL ADMISSION

11   DOCTRINES TO NEVER BEING ABLE TO PLEAD AROUND THE DATE THAT

12   HE PUT IN PARAGRAPH 44, HE WILL NEVER BE ABLE TO MEET

13   EVEN A ONE-YEAR STATUTE OF LIMITATION THAT'S REQUIRED FOR

14   DEFAMATION OR SLANDER OR LIBEL, NEVER.  IT IS A RED

15   HERRING.

16         IT WASN'T PLEAD WITH TO BEGIN TO BE A CAUSE OF

17   ACTION THAT WAS ACTIONABLE IN THIS COMPLAINT.  THE COMPLAINT,

18   THE FIRST AMENDED COMPLAINT -- HE DID PREVIOUSLY AMEND HIS

19   COMPLAINT.  THIS IS THE SECOND OPPORTUNITY TO DRAFT.  AND AS

20   TO EVERY SINGLE CAUSE OF ACTION THAT HAS BEEN A COMPLAINT ARE

21   THREE DEFENSES, NOT JUST JUDICIALLY; ALL THREE OF THEM APPLY

22   TO EVERY SINGLE CAUSE OF ACTION.

23         AS PLEAD THERE IS NO CAUSE OF ACTION IN THE

24   COMPLAINT FOR WHAT HE JUST SAID.  THERE'S A SINGLE SENTENCE

25   IN PARAGRAPH 44, IN WHICH HINDSIGHT SAYS SOMETHING; DOESN'T

26   SAY THE STATEMENT, DOESN'T SAY THE PERSON, DOESN'T SAY THE

27   RECIPIENT, DOESN'T SAY.  AND THAT ALONE DOES NOT HAVE A CAUSE

28   OF ACTION AND CANNOT SURVIVE THE ATTACK ON THE LEGITIMATE

**EXHIBIT 1 PAGE 305**

LOVE00357

15

1    CAUSES OF ACTION WHICH WE FEEL LEGITIMATELY DEFEAT THE CAUSES

2    OF ACTION.

3        THE COURT:  THANK YOU.

4            AS TO MR. LOVE, MR. ROGOZIENSKI.

5        MR. ROGOZIENSKI:  WELL, AS TO MR. LOVE, THERE IS NO,

6    OBVIOUSLY, JUDICIAL IMMUNITY.  EVEN THOUGH IF THE COURT

7    SHOULD FIND MR. ALLEN IS JUDICIALLY IMMUNE AS TO CERTAIN

8    ACTS WHERE YOU CONSPIRE WITH THE JUDGE, THE SUPREME COURT

9    CASES HELD THERE IS NO IMMUNITY TO THE -- IN THIS CASE,

10   MR. LOVE.

11           YOUR HONOR, AS TO THE FIRST AND SECOND CAUSE OF

12   ACTION, YOUR FOCUS ON THE INTENT TO DISRUPT AS BEING LACKING

13   IN THE CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH

14   CONTRACTUAL RELATIONS, THE CASE THAT IS NOT DISCUSSED IN THE

15   POINTS AND AUTHORITIES IS THE MOST RECENT SUPREME COURT CASE.

16   IT IS KOREA SUPPLY COMPANY VS. LOCKHEED MARTIN CORPORATION,

17   AND IT FOCUSES AT GREAT LENGTH ON THE ELEMENT OF INTENT AND

18   RULES THAT SPECIFIC INTENT IN THIS TORT IS NOT REQUIRED.

19           WHAT IS REQUIRED IS THAT THE ACTOR KNEW THAT THE

20   OTHER PARTIES' PERFORMANCE OF A CONTRACT WOULD BE MORE

21   EXPENSIVE OR BURDENSOME.  LET ME GET THE WORDS OF THE SUPREME

22   COURT.  AND I'M READING FROM THE KOREA SUPPLY COMPANY SUPREME

23   COURT CASE, 2003:  "WE CONCLUDE THAT SPECIFIC INTENT IS NOT A

24   REQUIRED ELEMENT OF THE TORT OF INTERFERENCE WITH PROSPECTIVE

25   ECONOMIC ADVANTAGE."

26           LET ME STEP BACK FOR A SECOND.  PROSPECTIVE ECONOMIC

27   ADVANTAGE IS THE BROADER TORT.  INTERFERENCE WITH CONTRACT IS

28   THEN A SUBSET WITH -- INTERFERENCE WITH PROSPECTIVE ECONOMIC

**EXHIBIT 1 PAGE 306**

16

```
 1    ADVANTAGE IS ONE TYPE OF INTERFERENCE, AND THE KOREA SUPPLY
 2    CASE ALSO DISCUSSES THAT.  I WAS READING FROM PAGE 1154:
 3         "A PLAINTIFF MAY ALTERNATIVELY PLEAD THAT THE
 4          DEFENDANT KNEW THAT THE INTERFERENCE WAS CERTAIN OR
 5          SUBSTANTIALLY CERTAIN TO OCCUR AS A RESULT OF THE
 6          ACTION."
 7              SO ALL YOU NEED TO KNOW IS THE CONSEQUENCES OF YOUR
 8    ACT.  AND ON PAGE 1155, THE COURT AGAIN, THREE OR FOUR MORE
 9    TIMES, SAYS THAT IT IS NOT REQUIRED THAT SPECIFIC INTENT BE
10    PLEAD NOR IS THAT AN ELEMENT, A NECESSARY ELEMENT OF THIS
11    TORT.
12              ALSO, THE SUPREME COURT ALSO HELD THAT THE, THE
13    NONSPECIFIC INTENT REQUIREMENT ALSO APPLIES TO INTENTIONAL
14    INTERFERENCE IN WHICH THE ACTOR DOES NOT KNOW FOR THE PURPOSE
15    OF INTERFERING WITH THE CONTRACT OR DESIRE IT, BUT KNOWS THAT
16    THE INTERFERENCE IS CERTAIN, SUBSTANTIALLY CERTAIN TO OCCUR
17    AS A RESULT OF HIS ACTION.
18              THE RULE APPLIES, IN OTHER WORDS, TO AN
19    INTERFERENCE THAT IS INCIDENTAL TO THE ACTOR'S INDEPENDENT
20    PURPOSE AND DESIRE, BUT KNOWN TO HIM TO BE A NECESSARY
21    CONSEQUENCE OF HIS ACTION.
22              IN OTHER WORDS, YOU DON'T HAVE TO INTEND TO
23    INTERFERE WITH THE CONTRACT; YOU JUST HAVE TO KNOW THAT THERE
24    MAY BE SOME INTERFERENCE WITH THE CONTRACT OR INTERFERENCE
25    FROM THE CONTRACT THAT FOLLOW FROM YOUR ACTIONS.
26              INTENT IS NOT, HOWEVER, LIMITED TO CONSEQUENCES
27    WHICH ARE DESIRED.  IF THE ACTOR KNOWS THAT THE CONSEQUENCES
28    ARE CERTAIN OR SUBSTANTIALLY CERTAIN TO RESULT FROM HIS ACT
```

**EXHIBIT 1 PAGE 307**

1    AND STILL GOES AHEAD, HE IS TREATED BY THE LAW AS IF HE HAD

2    IN FACT DESIRED TO PRODUCE THE RESULT. AND, YOUR HONOR, I

3    BELIEVE THAT WE HAVE ALLEGED IN THE ALTERNATIVE SPECIFIC

4    INTENT OR MR. LOVE KNEW THAT PLAINTIFF'S PERFORMANCE OF THE

5    CONTRACT WOULD BE MORE EXPENSIVE OR BURDENSOME.

6            AND TWO CONTRACTS ARE BEING DISCUSSED IN PARTICULAR

7    HERE IN THE, IN THE VARIOUS CAUSES OF ACTION. ONE IS THE

8    CONTRACT BETWEEN PLAINTIFF AND PLAINTIFF'S COUNSEL. AND BY

9    REQUIRING OR BY CAUSING ALL OF THE WORK THAT HAD BEEN DONE UP

10   TO A CERTAIN POINT TO BE RENDERED VALUELESS AND THEN

11   PROCEEDING WHEN YOU KNOW THAT THE JUDGE IS DISQUALIFIED AND

12   THAT THOSE RULINGS WILL BE SET ASIDE, HE'S ENDURING

13   UNNECESSARY FEES. AND THAT IS A DISRUPTION AND MAKING THAT

14   CONTRACT MORE EXPENSIVE.

15           THE OTHER IS THE CONTRACT WITH MR. ALLEN WHERE

16   MR. ALLEN IS CONTINUING TO BILL FEES, AND THOSE FEES WILL BE

17   OF NO VALUE BECAUSE HIS RULINGS WILL BE SET ASIDE BECAUSE HE

18   HAS BEEN DISQUALIFIED AT THE POINT OF THE GIFT.

19           THE COURT: YOU KNOW WHAT I'D LIKE YOU TO FOCUS ON,

20   BRIEFLY, I THINK THE BIGGER PROBLEM FOR ME WAS THE DUTY ISSUE

21   WITH MR. LOVE. WHAT DUTY DID MR. LOVE HOLD?

22           MR. ROGOZIENSKI: WELL, THERE IS NO DUTY ELEMENT IN THE

23   FIRST AND SECOND CAUSE OF ACTION. ONE DOESN'T --

24           THE COURT: THIS IS AN OVERALL QUESTION FOR ALL CAUSES

25   OF ACTION.

26           MR. ROGOZIENSKI: WELL, ALL CAUSES OF ACTION DON'T

27   REQUIRE A DUTY. THE NEGLIGENCE CAUSE OF ACTION DOES REQUIRE

28   A DUTY. THE LI MANDRI CASE, WHICH WAS DECIDED PRIOR TO THE

**EXHIBIT 1 PAGE 308**

LOVE00360

18

1   <u>KOREA SUPPLY COMPANY</u> CASE, INDICATES THE GENERAL RULE THAT

2   THERE IS A GENERAL DUTY TO REFRAIN FROM COMMITTING

3   INTENTIONALLY TORTIOUS CONDUCT.  SO IF ONE ENGAGES IN

4   TORTIOUS CONDUCT INTENTIONALLY, THAT IS THE DUTY, TO REFRAIN

5   FROM DOING THAT.

6        IF IT'S NEGLIGENCE, THEN THE DUTY IS TO FIND, I

7   BELIEVE, YOUR HONOR, BY PRIOR COURT OR, IF THE COURTS HAVE

8   NOT ADDRESSED THAT PARTICULAR DUTY, IT IS ADDRESSED IN THE

9   CASE THAT IS PRESENTED TO THE COURT.  I DON'T KNOW THAT THIS

10   PARTICULAR DUTY HAS BEEN PRESENTED TO A COURT.

11        HERE THERE CLEARLY WAS A DUTY ON MR. ALLEN'S PART

12   TO MAKE A DISCLOSURE.  IT WAS A PARTICULAR CODE SECTION THAT

13   REQUIRED IT.  THE REQUEST WAS MADE AND NO DISCLOSURE WAS

14   MADE.  THE ALLEGATION IS THAT MR. LOVE WAS CONSPIRING WITH

15   MR. ALLEN.  SO THE CO-CONSPIRATOR, I BELIEVE, HAS THE SAME

16   DUTY THAT THE JUDGE; EVEN THOUGH THE JUDGE IS IMMUNE IN THIS

17   CASE, THE CO-CONSPIRATOR IS NOT.

18        AND THEN THE OTHER IS JUST A GENERAL DUTY, YOUR

19   HONOR.  THIS IS NOT SOMEONE WHO HAD LESS THAN FIRST-HAND

20   KNOWLEDGE.  WE'RE TALKING ABOUT THE ACTOR WHO MADE THE GIFT,

21   WHO CAUSED THE GIFT, WHO PUT THINGS IN MOTION AND WHETHER OR

22   NOT THERE IS A DUTY TO MAKE A DISCLOSURE AT SOME POINT, THAT

23   YOU MADE THAT GIFT.  ESPECIALLY GIVEN THE RULES OF

24   PROFESSIONAL CONDUCT, WHICH I BELIEVE EMBODY WHAT IS THE

25   PUBLIC POLICY IN THIS STATE, ONE OF THE RULES OF PROFESSIONAL

26   CONDUCT AS TO ATTORNEYS, AND SHOULD BE THE PUBLIC POLICY IN

27   THIS STATE, IS YOU DON'T MAKE GIFTS TO SITTING JUDGES.

28        THE COURT:  HOW DID THAT -- I GUESS I'M LOST WITH YOUR

**EXHIBIT 1 PAGE 309**

LOVE00361

19

1    ARGUMENT.  AND THE FIRST AND SECOND CAUSES OF ACTION FOR

2    INTERFERENCE WITH CONTRACTUAL RELATIONS, THE RELATIONSHIPS

3    ALLEGED IN THE FIRST CAUSE OF ACTION ARE CONTRACTUAL

4    RELATIONS BETWEEN THE PLAINTIFF AND YOUR WIFE -- YOUR

5    EX-WIFE.

6        MR. ROGOZIENSKI:  YOUR HONOR, I'M NOT FOCUSING ON THOSE;

7    I'M FOCUSING ON PARAGRAPH 54.

8        THE COURT:  WELL, I NEED --.

9        MR. ROGOZIENSKI:  I AGREE THAT THOSE -- I WOULD CONCUR

10    THAT IF SOMEONE WERE ATTACKING THAT FOR UNCERTAINTY, THAT

11    THAT WOULD PROBABLY BE A LEGITIMATE ATTACK.  PARAGRAPH 54,

12    HOWEVER, IS VERY SPECIFIC.

13        THE COURT:  HOW DOES THE RELATIONSHIP IN THE FIRST CAUSE

14    OF ACTION -- LET ME GO BACK TO WHAT I SAW AS A SECOND PRONG,

15    YOUR -- AND YOU'RE SAYING THESE ARE UNCERTAIN, THAT -- THE

16    PLAINTIFF'S CONTRACTUAL RELATIONSHIP WITH QUALCOMM FOR THE

17    STOCK AND WITH UNIDENTIFIED THIRD PARTIES AND THE

18    THIRD CONTRACTUAL RELATIONSHIP BETWEEN THE PLAINTIFF AND

19    LAWYER AND THE DISSOLUTION PROCEEDINGS.

20        MR. ROGOZIENSKI:  THAT'S NOT UNCERTAIN.

21        THE COURT:  AND THEN THE SECOND CAUSE OF ACTION ALLEGES

22    THAT MR. LOVE'S GIFT SOMEHOW INTERFERED WITH THE AGREEMENT

23    FOR PAYMENT OF SERVICES TO MR. ALLEN.  THAT'S THE WAY I READ

24    WHAT'S GOING ON IN THE COMPLAINT.

25        MR. ROGOZIENSKI:  CAUSED THOSE PAYMENTS TO BE MORE

26    EXPENSIVE, AND THAT'S IN PARAGRAPH 61.  IT'S ALSO ALLEGED

27    THAT THE REASON FOR GETTING MR. ALLEN WAS THAT THE MATTER BE

28    HANDLED IN A MORE EXPEDITIOUS AND COST-EFFECTIVE MANNER, NOT

**EXHIBIT 1 PAGE 310**

20

1    THE REVERSE.  AND THE GIFT CERTAINLY CAUSES IT TO BE THE

2    REVERSE.

3        THE COURT:  OKAY.

4        MR. ROGOZIENSKI:  AND THOSE ARE NOT DUTIES; THOSE ARE

5    INTENTIONAL INTERFERENCE --

6        THE COURT:  UH-HUH.

7        MR. ROGOZIENSKI:  -- WHERE SPECIFIC INTENT IS NOT

8    REQUIRED, JUST KNOWLEDGE THAT YOUR ACTIONS WILL LEAD TO THAT

9    RESULT.

10            INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC

11    ADVANTAGE, WHICH IS THE THIRD CAUSE OF ACTION, IS WHETHER IF

12    FOR SOME REASON THE CONTRACT, WHERE THERE IS NOT A REQUEST --

13    THE CONTRACT IS NOT UPHELD AS A CONTRACT OR THE CONTRACT WITH

14    MR. ALLEN IS NOT DEEMED TO BE A CONTRACT; YOU STILL HAVE

15    INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.

16            AND IN THE KOREA SUPPLY CASE, THE COURT TALKS ABOUT

17    ALLEGING BOTH CAUSES OF ACTION FOR THAT AS WELL AS OTHER

18    REASONS.  AND THEY TALK ABOUT THE SAME CONTRACTS, TWO CAUSES

19    OF ACTION, THE THIRD AND THE FOURTH; AND THE ONLY DIFFERENCE

20    IS THAT, IN THE INTENTIONAL INTERFERENCE FOR PROSPECTIVE

21    ECONOMIC ADVANTAGE, YOU HAVE TO SHOW THAT THE ACT WAS

22    INDEPENDENTLY WRONGFUL.

23        THE COURT:  HOW DID MR. LOVE INTERFERE WITH YOUR

24    ECONOMIC RELATIONSHIP?  HOW DID MR. LOVE --

25        MR. ROGOZIENSKI:  HE CAUSED THE PAYMENTS TO MR. ALLEN TO

26    BE GREATER, CAUSED THE PAYMENTS TO MR. MC MAHON TO BE

27    GREATER.  HE CAUSED THE PAYMENTS THAT HAD BEEN MADE TO

28    MR. ALLEN BEFORE TO BE LOST; THAT WORK WAS RENDERED WORTHLESS

**EXHIBIT 1 PAGE 311**

LOVE00363

21

1    BEFORE THE GIFT. HE CAUSED THE WORK THAT HAD BEEN DONE

2    BEFORE THE GIFT WAS MADE, THE ATTORNEY'S FEES AND COST TO BE

3    RENDERED WORTHLESS.

4        THE COURT: LET'S GO TO THE SEVENTH CAUSE OF ACTION FOR

5    CIVIL RIGHTS.

6        MR. ROGOZIENSKI: IN THAT CAUSE OF ACTION, YOUR HONOR, I

7    NEGLECTED TO, TO SPEAK ABOUT THE DENNIS VS. SPARKS CASE.

8    DENNIS VS. SPARKS IS A SUPREME COURT CASE, THE ONE THAT HOLDS

9    THAT CO-CONSPIRING WITH A DISQUALIFIED JUDGE DOES NOT -- THE

10   CO-CONSPIRATOR IS NOT IMMUNE. THAT IS A CIVIL RIGHTS CASE.

11           IT IS A CIVIL RIGHTS CASE UNDER 42 U.S.C. 1983.

12   AND WHAT THAT CASE ADDITIONALLY HOLDS--AND THIS DEALS WITH

13   THE ACTING UNDER COLOR OF STATE LAW ISSUE, WHETHER OR NOT IT

14   EXISTS IN THESE CIRCUMSTANCES; AND I'M READING FROM PAGE 27,

15   28 OF THAT CASE--"TO ACT UNDER COLOR OF STATE LAW FOR

16        SECTION 1983 PURPOSES DOES NOT REQUIRE THAT THE

17        DEFENDANT BE AN OFFICER OF THE STATE. IT IS ENOUGH

18        THAT HE IS" WILLFULLY -- "THAT HE IS A WILLFUL

19        PARTICIPANT IN JOINT ACTION WITH THE STATE OR ITS

20        AGENTS. PRIVATE PERSONS JOINTLY ENGAGED WITH STATE

21        FIRMS IN THE CHALLENGED ACTION ARE ACTING UNDER

22        COLOR OF LAW FOR PURPOSES OF SECTION 1983."

23           SO AS TO MR. LOVE, YOU HAVE THAT ELEMENT SATISFIED

24   IN AN ACTION UNDER SECTION 1983, THE FEDERAL CIVIL RIGHTS

25   STATUTE. THAT STATUTE DOES NOT REQUIRE, AS THE UNRUH STATUTE

26   DOES, THE MALICIOUS INTENT AND SO FORTH.

27        THE COURT: WHAT ABOUT THE EIGHTH CAUSE OF ACTION FOR

28   FRAUDULENT CONCEALMENT?

**EXHIBIT 1 PAGE 312**

22

1      MR. ROGOZIENSKI:  WELL, THAT GETS BACK TO THE DUTY.

2      THE COURT:  DUTY ISSUE, ABSOLUTELY.

3      MR. ROGOZIENSKI:  AND I AGREE, YOUR HONOR, THAT'S A

4  MATTER OF LAW FOR THIS COURT TO DECIDE WHETHER IN THESE

5  CIRCUMSTANCES THERE IS A DUTY.  THERE -- OBVIOUSLY SUBMIT

6  THAT THERE IS A DUTY TO HOLD OTHERWISE, ALLOWS AN ATTORNEY TO

7  MAKE A GIFT TO A JUDGE, INVALIDATE THE ENTIRE PROCEEDINGS,

8  CAUSE ENORMOUS EXPENSE TO EVERYONE AS WELL AS THE JUDICIAL

9  SYSTEM AND NOT BE RESPONSIBLE.

10      THE COURT:  ISN'T MR. LOVE'S DUTY TO HIS CLIENT, NOT

11  YOU, SIR?

12      MR. ROGOZIENSKI:  HE CLEARLY HAS A DUTY TO HIS CLIENT,

13  YOUR HONOR.  I THINK HE HAS A BAR DUTY, YOUR HONOR.  HE HAS A

14  DUTY TO BOTH THE PROCESS ITSELF TO MAKE A DISCLOSURE -- BY

15  THE WAY, MAKING A DISCLOSURE THAT HE MADE A GIFT NOT CONTRARY

16  TO THE INTERESTS OF HIS CLIENT --

17      THE COURT:  LET'S --

18      MR. ROGOZIENSKI:  -- THAT WOULDN'T BE BREACHING ANY DUTY

19  TO HIS CLIENT TO MAKE THAT DISCLOSURE.  SO IT'S NOT WHERE HE

20  HAS CONFLICTING DUTIES; IT'S WHETHER OR NOT HE HAS AN

21  OBLIGATION TO COME FORWARD IN A PROCEEDING WHERE HE'S

22  INITIATING THINGS IN A PROCEEDING WHERE HE KNOWS HE MADE A

23  GIFT TO A JUDGE AND THE JUDGE HAS BEEN DISQUALIFIED BY THE

24  REASON OF THAT GIFT AND THEN CONTINUES TO PURSUE THE MATTER

25  WITHOUT MAKING A DISCLOSURE AND HE KNOWS THE JUDGE IS

26  REQUIRED TO MAKE A DISCLOSURE AND PARTICIPATES WITH HIM IN

27  NOT MAKING THE DISCLOSURE.

28      THE COURT:  AS TO THE TENTH CAUSE OF ACTION FOR UNFAIR

**EXHIBIT 1 PAGE 313**

23

1      AND FRAUDULENT BUSINESS PRACTICES, THE 17200 THING --

2           MR. ROGOZIENSKI:  YES, YOUR HONOR.

3           THE COURT:  -- WHAT'S TO BE RESTORED TO YOU?

4           MR. ROGOZIENSKI:  WELL, YOUR HONOR, I THINK IT'S BROADER

5      THAT -- WELL, THE MOST DIRECT IS THE FEES THAT WERE PAID TO

6      MR. LOVE.  ACTUALLY, THEY WERE PAID TO THE PETITIONER IN THE

7      DIVORCE PROCEEDING, TO REIMBURSE FOR MR. LOVE'S FEES.

8           THE SOURCE OF THOSE MONIES IS MONIES PAID BY THE

9      PETITIONER IN THE DIVORCE EITHER FROM COMMUNITY PROPERTY OR

10     PAYMENTS.  AND THERE WAS A $250,000 PAYMENT MADE AND IT ENDED

11     UP REIMBURSING FOR MR. LOVE'S FEES.

12          AND THE CASE OF PEOPLE VS. BEAUMONT INVESTMENT,

13     WHICH FOLLOWS THE KOREA SUPPLY CASE -- KOREA SUPPLY ALSO

14     TALKED ABOUT RESTITUTION AND THE ELEMENTS OF RESTITUTION.

15     AND IN THAT, IN THE PEOPLE VS. KENNEDY CASE, WHICH WE

16     CITED--THAT IS 111 CAL.APP. 4TH, 102--THE RESTORATION IS TO

17     ANY PERSON WHO HAS AN INTEREST IN THE MONEY.  YOU DON'T HAVE

18     TO OWN THE PROPERTY.  YOU DON'T HAVE TO OWN THE PROPERTY.

19     AND IT FOCUSES ON THE VICTIM, NOT ON THE OTHER PERSON CAUSING

20     THE LOSS.

21          THE COURT:  ALL RIGHT.  LET'S WRAP UP WITH THE REMAINING

22     CAUSES OF ACTION IN THE NEXT COUPLE OF MINUTES SO I CAN HEAR

23     FROM MR. WHITE.

24          MR. ROGOZIENSKI:  WILLFUL MISCONDUCT, WHICH IS THE 11TH,

25     YOUR HONOR, IS NOT A DUTY QUESTION.  LI MANDRI HOLDS THERE IS

26     A DUTY TO REFRAIN FROM INTENTIONAL MISCONDUCT.

27          THE 12TH CAUSE OF ACTION, THE KEY THERE AGAIN IS

28     THE DUTY OF CARE AND WHETHER OR NOT THIS COURT FINDS THERE

**EXHIBIT 1 PAGE 314**

24

1    ARE UNIQUE CIRCUMSTANCES; THERE IS A DUTY TO DISCLOSE.  A

2    SIMPLE DISCLOSURE WOULD HAVE AVOIDED SUBSTANTIAL INJURY IN

3    THIS CASE.

4          AND UNJUST ENRICHMENT IS THE CONTINUING TO BECOME

5    RICH YOURSELF BY REASON OF NOT HAVING MADE A DISCLOSURE,

6    KNOWING WHAT'S GOING ON UNDERLYING THE PROCEEDING AND

7    CONTINUING TO ACTIVELY PARTICIPATE IN THE PROSECUTION OF THAT

8    PROCEEDING.

9       THE COURT:  THANK YOU, MR. ROGOZIENSKI.

10      MR. WHITE:  MAY IT PLEASE THE COURT, GOOD MORNING.

11      THE COURT:  GOOD MORNING.

12      MR. WHITE:  YOUR HONOR, I THINK IT'S IMPORTANT TO SET

13   THE STAGE TO CREATE FOR US ALL AN ENVIRONMENT IN WHICH WE'RE

14   FUNCTIONING.  I THINK THE RECORD NEEDS TO REFLECT THIS.  THIS

15   IS A CASE BROUGHT BY MR. ROGOZIENSKI, SERVING IN PRO PER.  HE

16   WAS A RESPONDENT IN A HOTLY CONTESTED, BITTERLY CONTESTED

17   DIVORCE WHICH SPANNED A TIME FRAME OF 1998 TO 2002.

18          MR. ROGOZIENSKI PERCEIVES THAT HE LOST AND LOST

19   DRAMATICALLY.  HE HAS, AS I UNDERSTAND IT --

20      MR. ROGOZIENSKI:  YOUR HONOR, I'M GOING TO OBJECT

21   BECAUSE NONE OF THIS IS ALLEGED IN THE COMPLAINT.  AND THIS

22   IS -- I DON'T KNOW THE PURPOSE OF IT.  I DON'T THINK IT'S A

23   PART OF ANY PLEADINGS BEFORE THE COURT.

24      THE COURT:  WELL, IT IS PART OF THE DEMURRER.  I'VE READ

25   THE ALLEGATIONS AND THE UNDERLYING BASES FOR THIS COMPLAINT;

26   BUT, OVERRULED.  GO AHEAD, MR. WHITE.

27      MR. WHITE:  THANK YOU VERY MUCH, YOUR HONOR.  THIS IS

28   LITIGATION THAT TOOK PLACE BETWEEN 1998 AND 2002.

**EXHIBIT 1 PAGE 315**

25

1    MR. ROGOZIENSKI, THE RECORD REFLECTS, IN HIS OWN COMPLAINT AND

2    IN THE PAPERS THAT HAVE BEEN SUBMITTED TO YOU, HAS APPEALED

3    VIRTUALLY EACH AND EVERY POTENTIALLY OR ACTUALLY NEGATIVE

4    RULING MADE AGAINST HIM BY TEMPORARY JUDGE JIM ALLEN.

5         DURING THE COURSE OF THESE PROCEEDINGS, MR. LOVE

6    CONVEYED AN UN-, OTHERWISE UNSELLABLE INTEREST IN THE WARNER

7    SPRINGS RANCH, A SHARE, A TIME-SHARE, WHICH NOBODY COULD

8    SELL--YOU COULD BARELY GIVE AWAY--CONVEYED IT TO A

9    THIRD PARTY, CHIP BOTTOMLEY, A LAWYER THAT MR. LOVE KNEW.  IN

10   TURN, MR. BOTTOMLEY CONVEYED THAT TO MR. LOVE.

11        MR. ROGOZIENSKI HAS ATTEMPTED TO CAPITALIZE ON THAT

12   BY BRINGING THE ACTION THAT HE HAS.  THAT IS MY VIEW, YOUR

13   HONOR, OF THE FACTUAL ENVIRONMENT IN WHICH WE ARE

14   FUNCTIONING.  I WAS FRANKLY TAKEN ABACK BY MR. ROGOZIENSKI'S

15   STATEMENT TO YOU, MADE AT, APPROXIMATELY, MADE AT 10:01, JUST

16   A FEW MINUTES AGO, WHERE HE SAID, FUNCTIONALLY, THERE'S NO

17   DUTY.

18        HE CITED THE LI MANDRI CASE, WHICH I WOULD LIKE TO

19   SHARE WITH YOU AT THIS TIME, YOUR HONOR.  AND THERE'S A

20   STATEMENT IN LI MANDRI AT PAGE 337.  AND REMEMBER THE FACT

21   UPON WHICH LI MANDRI IS FOUNDED.  THERE WAS ANOTHER LAWYER,

22   GREG JUDKINS WHO CHUCK LI MANDRI WAS SUING BECAUSE

23   MR. JUDKINS SECURED A LOAN IN ADVANCE OF HIS LIEN; MR.

24   LI MANDRI'S CONTINGENT FEE CONTRACT, SO THAT THE CONTRACTUAL

25   OBLIGATION THEN BECAME SUBORDINATE TO THE SENIOR SECURITY

26   INTEREST THAT MR. JUDKINS HAD.

27        MR. JUDKINS WENT SO FAR AS TO TAKE CHUCK

28   LI MANDRI'S NAME ON THE, THE UCC FILING; AND IT APPEARED,

**EXHIBIT 1 PAGE 316**

LOVE00368

26

1    UNTIL YOU GOT INTO THE FACTS OF THE CASE, THAT MR. LI MANDRI
2    WAS THE ONE THAT FILED THE UCC NOTICE.   INDEED, IT WAS
3    MR. JUDKINS, SO THAT THE FACTS ON THEIR FACE ARE NOT
4    PARTICULARLY FAVORABLE TO MR. JUDKINS.   BUT OUR COURT, THE
5    FOURTH DISTRICT, DIVISION ONE, RULED AS FOLLOWS WITH RESPECT
6    TO DUTY; AND THAT IS IN DIRECT RESPONSE TO YOUR QUESTION TO
7    MR. ROGOZIENSKI WHICH TO THIS MOMENT STANDS UNANSWERED, AND
8    THAT IS WHAT IS THE DUTY.
9         LI MANDRI INSTRUCTS "MOREOVER, THE DUTY OF
10   DISCLOSURE LI MANDRI SEEKS TO IMPOSE ON JUDKINS IS NEGATED BY
11   JUDKINS' ATTORNEY-CLIENT RELATIONSHIP WITH SECURITY," THE
12   PARTY ON WHOSE BEHALF HE CREATED THE SENIOR SECURITY
13   INTEREST.
14        SO, INFUSING THIS ENTIRE CASE, YOUR HONOR, IS THIS
15   NOTION THAT MR. ROGOZIENSKI IS SUGGESTING THAT MIKE LOVE HAD
16   AN INDEPENDENT DUTY TO HIM, THAT IS, ANTITHETICAL TO EVERY
17   SINGLE CASE THAT EVER ADDRESSES AN ATTORNEY'S OBLIGATION,
18   YOUR HONOR.   AN ATTORNEY'S OBLIGATION UNDER 6068, SUBSECTION
19   (E) OF THE BUSINESS/PROFESSIONS CODE IS TO ADHERE TO THE
20   INTERESTS AND BENEFITS OF HIS CLIENT, QUOTE, AT ALL PERIL TO
21   HIM OR HERSELF, CLOSE QUOTE.   THAT IS THE DUTY.   THAT WE HAVE
22   TO TAKE A LOOK AT.
23        THAT IS THE DUTY, I SUGGEST TO YOU, YOUR HONOR,
24   THAT IS SUPERVENING IN ALL CIRCUMSTANCES IN THIS CASE AND, I
25   SUSPECT, IS REALLY THE UNDERPINNING, THE FUNDAMENTAL
26   UNDERPINNING OF YOUR RULING.   IT WASN'T, YOU KNOW, EXPRESSLY
27   STATED, BUT WHEN YOU STATE IN YOUR RULING, TENTATIVE RULING,
28   FAILS TO STATE FACTS CONSTITUTING A CAUSE OF ACTION, IT HAS

**EXHIBIT 1 PAGE 317**

LOVE00369

27

1  TO FLOW, I WOULD SUGGEST, FROM THE NOTION THAT THERE IS NO

2  DUTY.

3       WHAT MR. ROGOZIENSKI'S ATTEMPTING TO SAY, STRIPPED

4  OF ALL ITS FLUFF, IS MIKE LOVE, HIS EX-WIFE'S COUNSEL, OWED

5  HIM A DUTY OF DISCLOSURE.  THERE IS NOT ONE STATUTORY PIECE

6  OF AUTHORITY NOR ANY CALIFORNIA DECISIONAL AUTHORITY

7  WHATSOEVER THAT STANDS FOR THE PROPOSITION THAT MR. LOVE HAD

8  ANY DUTY OF DISCLOSURE.

9       MOREOVER, YOUR HONOR, THE MOTION, THE CONCEPT OF

10  DUTY PRESUMES IN THIS, IN THIS CONTEXT THAT THERE IS SOME

11  TRANSACTION, SOME RELATIONSHIP.  OLD BAJI 12.36, WHICH IS

12  REFERENCED IN THE LI MANDRI CASE THAT WE ALL DEALT WITH TIME

13  AND TIME AGAIN, SIMPLY STATES THERE HAS TO BE SOME FORM OF

14  RELATIONSHIP BEFORE THERE CAN BE A DUTY.

15       NOW, ALL SHOT THROUGH MR. ROGOZIENSKI'S COMPLAINT

16  IS THE NOTION THAT THESE WERE ALL FAILURES TO DISCLOSE.

17  AGAIN, BEFORE FAILURE TO DISCLOSE CAN BE ACTIONABLE, THERE

18  HAS TO BE A TRANSACTION THAT GIVES RISE TO A RELATIONSHIP

19  THAT IN TURN GIVES RISE TO A DUTY.

20       NO DUTY CAN EXIST IN THE CONTEXT OF THIS CASE FROM

21  LOVE TO ROGOZIENSKI.  WHY?  BECAUSE 6068(E) OF THE BUSINESS/

22  PROFESSIONS CODE MANDATES UNEQUIVOCALLY THAT MR. LOVE OWES

23  ALL OF HIS OBLIGATION, ALL TO HIS CLIENT AND CLEARLY,

24  EXPRESSLY BY IMPLICATION, NONE TO MR. ROGOZIENSKI.

25       THERE ARE A COUPLE OF OTHER ISSUES, YOUR HONOR,

26  THAT I THINK WE REALLY NEED TO TAKE A LOOK AT.  AND THAT'S

27  THE FOLLOWING, AND THESE REALLY WEREN'T CITED IN THE PAPERS.

28  AND WHEN I WENT BACK AND REREAD EVERYTHING -- AS THE COURT

**EXHIBIT 1 PAGE 318**

L0VE00370

28

1    PROBABLY SURMISED, MINDS SMARTER THAN MINE PREPARED THE

2    PAPERS FROM OUR OFFICE.  BUT I WENT BACK AND LOOKED AT THEM,

3    AND THERE'S A COUPLE OF ISSUES THAT REALLY HAVEN'T BEEN

4    TOUCHED ON THAT ARE ALSO FATAL TO MR. ROGOZIENSKI'S CASE:

5    ONE, THERE HAS TO BE A DUTY THAT'S BREACHED THAT CAUSES

6    DAMAGE.

7            NOW, MR. ROGOZIENSKI'S ARGUMENT THIS MORNING IS, IS

8    VERY INTERESTING BECAUSE WHAT HE SAYS, BOTH IN ARGUMENT AND

9    IN THE PAPERS IS THIS:  I LOST THE BENEFIT OF ALL THE

10   PAYMENTS I MADE TO ALLEN, TO JERRY MC MAHON AND ANYBODY ELSE

11   THAT HAPPENED TO BE INVOLVED, INCLUDING, I BELIEVE, CARY MACK

12   FROM MACK, BARCLAY.  I LOST THE BENEFIT OF ALL THESE.

13           THE PROBLEM THAT MR. ROGOZIENSKI HAS IS THAT HE

14   APPEALED EVERY ONE OF THOSE RULINGS, REQUESTED A RETRIAL.

15   HOW IN HEAVEN'S NAME ON A CAUSATION ANALYSIS CAN HE SUGGEST

16   ON THE ONE HAND, LOVE, ALLEN, YOU ROBBED ME OF THE BENEFIT OF

17   THESE FEES, WHEN HE HAS HERETOFORE PRIOR TO THIS INCIDENT

18   REQUESTED INTERVENTION OF THE APPELLATE COURT IN A COMPLETE

19   OVERTURN AND REVERSAL OF THOSE VERY ARGUMENTS SO THAT HE

20   WOULD BE COMPELLED BY HIS OWN HAND TO REINCUR THOSE FEES?

21   THAT'S CAUSATION.

22           HE HAS ALREADY RECEIVED HIS REMEDY.  AT THE CORE,

23   YOUR HONOR, THIS IS A QUESTION OF INTRINSIC AND EXTRINSIC

24   FRAUD.  AND I THINK THE RECORD NEEDS TO BE VERY CLEAR I JOIN

25   IN SUPPORT MR. ENGLISH IN HIS STATEMENT THAT WE CATEGORICALLY

26   REJECT THESE ALLEGATIONS.  I'VE SET THE FACTUAL STAGE SO THAT

27   EVERYBODY LISTENING WILL HAVE SOME UNDERSTANDING OF WHAT IT

28   IS THAT THIS GENTLEMAN IS REALLY SAYING, OKAY, REALLY SAYING.

**EXHIBIT 1 PAGE 319**

29

1    NOT OUT OF HIS MOUTH, BUT WHAT THE FACTS ARE.  HE'S ACHIEVED

2    HIS REMEDY.

3          IF YOU TAKE A LOOK, YOUR HONOR, AT THE CASE OF

4    SHAFER VS. BERGER, KAHN, SHAFER VS. BERGER, KAHN STANDS FOR

5    THE PROPOSITION THAT THERE IS ONLY ONE NOTED CIRCUMSTANCE

6    WHERE AN ATTORNEY CAN BE LIABLE TO A THIRD PARTY FOR ANY FORM

7    OF AFFIRMATIVE MISREPRESENTATION, AFFIRMATIVE, AND THAT IS

8    THE DENIAL OF THE EXISTENCE OF AN INSURANCE POLICY.

9          BUT HOME VS. ZURICH, WHICH PRECEDES THAT CASE,

10    TELLS US THAT EVEN IF THERE'S A MISREPRESENTATION AGAIN,

11    AFFIRMATIVE, NOT A FAILURE TO DISCLOSE, BUT AFFIRMATIVE, EVEN

12    IF THERE'S A MISREPRESENTATION OF THE TERMS OF THE POLICY,

13    THAT IS NOT ACTIONABLE.  THAT IS NOT ACTIONABLE.

14          SO THERE IS ONE CIRCUMSTANCE WHICH WE CAN DIVINE

15    FROM THE CALIFORNIA DECISIONAL AUTHORITY WHERE ANY LAWYER

16    OWES THE OPPOSING PARTY OR THE OPPOSING LAWYER ANY

17    OBLIGATION, OF ANY OBLIGATION OF -- IN THE CONTEXT OF--AND I

18    APOLOGIZE FOR STUMBLING OVER MY WORDS HERE, JUDGE--IN THE

19    CONTEXT OF AFFIRMATIVE MISREPRESENTATION.  SO HE'S ACHIEVED

20    HIS REMEDY HERE.  OKAY.  HE HAS SUCCESSFULLY COLLATERALLY

21    ATTACKED THE JUDGMENT, AND IT'S GOING TO BE RETRIED.  BUT

22    VERY INTERESTINGLY, YOUR HONOR, AS HE NOTED IN HIS PAPERS,

23    THERE WERE THREE PHASES TO THIS CASE.

24          HE FIRST ADDRESSED THE PRENUPTIAL AGREEMENT.  THAT

25    DECISION BY JUDGE ALLEN STAYED.  THE OTHER TWO PHASES, OVER

26    THIS FOUR-YEAR PERIOD OF BITTER LITIGATION, THEY'RE GOING TO

27    BE RETRIED.  OKAY.  AND SAFFER TELLS US THE ACTION TO BE

28    TAKEN IN THE CIRCUMSTANCES IS TO ATTACK, COLLATERALLY ATTACK

**EXHIBIT 1 PAGE 320**

30

1    FOR EXTRINSIC FRAUD THE JUDGMENT, NOT TO SUE IN TORT.  AND

2    THAT'S EXACTLY WHAT MR. ROGOZIENSKI'S ATTEMPTING TO DO HERE,

3    IN VIOLATION, IN CONTRAVENTION OF ANY CONCEIVABLE NOTION OF

4    AN ATTORNEY'S OBLIGATIONS TO HIS CLIENT.

5            AGAIN, YOUR HONOR, AT THE RISK OF BEING

6    REPETITIOUS, HIS POSITION IS ANTITHETICAL TO EVERY RULE OF

7    PROFESSIONAL CONDUCT REGARDING AN ATTORNEY'S RELATIONSHIP

8    WITH HIS OR HER CLIENT AND EXPRESS STATUTORY PROVISIONS

9    TELLING A LAWYER WHAT THEY GOT TO DO, AT ALL PERIL, ALL PERIL

10   TO HIM- OR HERSELF; HE CLEAVES TO HIS CLIENT.

11           SO FOR THAT REASON, YOUR HONOR, I WOULD SUGGEST

12   THAT CERTAINLY THE TENTATIVE BE SUSTAINED, BUT I WOULD

13   SUGGEST IN ADDITION--YOU ASKED US TO ADDRESS THIS, I BELIEVE,

14   IN YOUR TENTATIVE--IT SHOULD BE WITHOUT LEAVE TO AMEND.

15           THERE ARE NO CIRCUMSTANCES I CAN ENVISION, THAT I

16   CAN DIVINE, YOUR HONOR, WHERE A DUTY COULD CONCEIVABLY BE

17   OWED BY THIS -- BY MR. LOVE TO MR. ROGOZIENSKI; AND YOU

18   SHOULD, AND I WOULD SUGGEST AT THE RISK OF BEING OVERBEARING,

19   YOUR HONOR, YOU MUST SUSTAIN THIS WITHOUT LEAVE TO AMEND

20   BASED ON THOSE FACTS.  THANK YOU.

21        THE COURT:  ANYTHING FURTHER, MR. ROGOZIENSKI?  BRIEFLY.

22        MR. ROGOZIENSKI:  BRIEFLY, YOUR HONOR.  THE DUTY TO

23   DISCLOSE THAT WE'RE TALKING ABOUT HERE IS NOT, WOULD NOT

24   INTERFERE WITH ANY DUTY THAT MR. LOVE OWED TO HIS CLIENT.  NO

25   ONE IS ASKING MR. LOVE TO DISCLOSE WHAT HE DID WITH HIS

26   CLIENT.  NOBODY IS INTERFERING WITH HIS RELATIONSHIP WITH HIS

27   CLIENT.

28        THE COURT:  BUT WHAT DUTY IS OWED TO YOU, SIR, BY MR.

**EXHIBIT 1 PAGE 321**

LOVE00373

31

1    LOVE?  THAT'S THE QUESTION.

2        MR. ROGOZIENSKI:  MR. LOVE'S ACTION IN MAKING THE GIFT,

3    TO DISCLOSE THAT FACT AND NOT TO CONSPIRE WITH JUDGE ALLEN,

4    TEMPORARY JUDGE ALLEN, IN NOT DISCLOSING THE GIFT.  I WOULD

5    AGREE THAT --

6        THE COURT:  HOW DOES THAT RISE TO A LEVEL OF HAVING AN

7    OBLIGATION OF RELATIONSHIP ON MR. LOVE'S PART THAT THEN GOES

8    TO GIVING A RISE TO A DUTY TO DISCLOSE?

9        MR. ROGOZIENSKI:  WELL, THERE'S CLEARLY A

10    RELATIONSHIP--AND IT'S TRANSACTION OR RELATIONSHIP, NOT

11    TRANSACTION LEADING TO A RELATIONSHIP--THERE IS A

12    RELATIONSHIP BECAUSE OF THE ON-GOING LITIGATION, REQUEST FOR

13    ATTORNEY FEES, THE CONTINUING CHARGING OF ATTORNEY'S FEES AND

14    COSTS AND THINGS OF THAT NATURE.

15        THE COURT:  ANYTHING FURTHER?

16        MR. ROGOZIENSKI:  I GUESS NOT, YOUR HONOR.

17        THE COURT:  OKAY.  AS TO MR. ALLEN AND EACH AND EVERY

18    CAUSE OF ACTION AGAINST MR. ALLEN, THIS COURT DOES CONCLUDE

19    AFTER LISTENING TO ARGUMENT ON THE TWO ISSUES THAT BROUGHT ME

20    SOME CONCERN, THE BREECH OF CONTRACT ISSUE AND UNJUST

21    ENRICHMENT, THAT THOSE CAUSES OF ACTION ALSO FALL IN THE

22    JUDICIAL IMMUNITY; AND THE DEMURRER AS TO MR. ALLEN AS TO

23    EACH CAUSE OF ACTION IS SUSTAINED WITHOUT LEAVE TO AMEND.

24        AS TO MR. LOVE AND THE CAUSE OF ACTION BROUGHT

25    AGAINST MR. LOVE, AFTER HEARING FURTHER ARGUMENT AGAIN AND

26    LISTENING TO BOTH COUNSEL, OR MR. ROGOZIENSKI AND

27    MR. WHITE--AND THE CONCERN THAT I HAD INITIALLY IN LOOKING AT

28    THIS HAD TO DO WITH THE, THE DUTY ASPECT--I DON'T BELIEVE,

**EXHIBIT 1 PAGE 322**

LOVE00374

32

1    MR. ROGOZIENSKI, THAT YOU HAVE PROVIDED THE COURT ANY

2    ADDITIONAL INFORMATION THAT HELPS IN MAKING A DECISION THAT

3    THIS MATTER AS TO MR. LOVE SHOULD BE SUSTAINED WITH LEAVE TO

4    AMEND.

5              I DON'T BELIEVE THAT THERE ARE ANY CIRCUMSTANCES

6    THAT COULD BE ADDED IN THIS COMPLAINT THAT WOULD CONCLUDE

7    THAT A DUTY WAS OWED TO YOU BY MR. LOVE.  AND AGAIN, AS TO

8    EACH AND EVERY CAUSE OF ACTION, THE DEMURRER BY MR. LOVE IS

9    SUSTAINED WITHOUT LEAVE TO AMEND.

10             MR. WHITE:  THANK YOU, YOUR HONOR.

11             THE COURT:  THAT'S THE ORDER OF THE COURT.  AND WOULD

12   SOMEBODY PREPARE THE ORDER FOR ME?

13             MR. ENGLISH:  YES, YOUR HONOR, WE'LL TAKE THE PLAIN,

14   BORING ORDER AND CIRCULATE TO MR. WHITE AND MR. ROGOZIENSKI.

15             THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.  GOOD LUCK.

16                        (ADJOURNMENT.)

17                           --oOo--

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1 PAGE 323**

LOVE00375

1

2

3  STATE OF CALIFORNIA)
4  COUNTY OF SAN DIEGO)         : SS.

5

6     FRANK E. ROGOZIENSKI VS. JAMES D. ALLEN, S. MICHAEL LOVE,

7          AND DOES 1 THROUGH 10, INCLUSIVE

8               CASE GIC 843843

9

10     I, PATRICIA WHITELAW, AN OFFICIAL COURT REPORTER OF THE

11  SUPERIOR COURT, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, DO

12  HEREBY CERTIFY:

13

14     THAT AS SUCH REPORTER I REPORTED IN SHORTHAND THE

15  PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE; AND THAT THE

16  FOREGOING TRANSCRIPT, CONSISTING OF PAGES NUMBERED 1 THROUGH

17  32, INCLUSIVE, IS A TRUE AND CORRECT TRANSCRIPTION OF MY

18  SHORTHAND NOTES TAKEN DURING THE PROCEEDINGS HAD ON SEPTEMBER

19  2, 2005.

20

21     DATED THIS _8th_ DAY OF _September_,

22  2005, AT SAN DIEGO, CALIFORNIA.

23

24

25  PATRICIA WHITELAW, CSR NO. 5835
    OFFICIAL COURT REPORTER

26

27

28

**EXHIBIT 1 PAGE 324**

LOVE00376

LOVE00377

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**<br>☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 | *FOR COURT USE ONLY* |
| FRANK E. ROGOZIENSKI,<br><br>  Plaintiff and APPELLANT,<br><br>VS.<br><br>JAMES D. ALLEN, et al.,<br><br>  Defendants and Respondents | F  I  L  E  D<br>Clerk of the Superior Court<br><br>JAN 1 7 2006<br><br>By: ROSE MARIE LEY,<br>Deputy |
| **NOTICE OF FILING**<br>(CRC Rules 1(d), 3, 20) | CASE NUMBER<br>GIC 843843<br>DA/JDA/CC  NUMBER |

PLEASE TAKE NOTICE that the  ☐ ABANDONMENT OF APPEAL  ☒ NOTICE OF APPEAL  ☐ NOTICE OF CROSS-APPEAL  ☐ AMENDED NOTICE OF APPEAL from the
Order Sustaining Defendants James D. Allen's and S. Michael Love's Demurrers to First Amended Complaint, and Each Cause of Action, Without Leave to Amend; and from the Judgment of Dismissal, both filed OCTOBER 19, 2005;

RE: the above-entitled case was filed in this office on January 4, 2006 by:
plaintiff's and Appellant's attorney, FRANK E. ROGOZIENSKI, ESQ.

CLERK OF THE SUPERIOR COURT

Date:  January 17, 2006                    by _____, Deputy
                                                          ROSE M. LEY

---

**CERTIFICATE OF MAILING**
I certify that: I am not a party to the above-entitled case; that on the date shown below, I mailed the **NOTICE OF FILING** to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at ☒ San Diego   ☐ Vista   ☐ Chula Vista   ☐ El Cajon, California.

CLERK OF THE SUPERIOR COURT

Date: January 17, 2006                    by: _____, Deputy
                                                          ROSE M. LEY

TO:                                              TO:
  FRANK E. ROGOZIENSKI, ESQ.
  1660 Union Street, Third Floor
  San Diego, Calif. 92101


  DONALD A. ENGLISH, ESQ.              DANIEL M. WHITE, ESQ.
  ENGLISH & GLOVEN                     WHITE & OLIVER
  550 West "C" Street, Ste. 1800       550 West "C" Street, Ste. 950
  San Diego, Calif. 92101              San Diego, Calif. 92101      **EXHIBIT 1 PAGE 325**

SDSC APL-22CIV(Rev. 12-05)                    NOTICE OF FILING

L0VE00378

LOVE00379

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court
JAN 2 7 2006
By: ROSE MARIE LEY,
Deputy

FRANK E. ROGOZIENSKI,

    Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

    Defendants and Respondents

**NOTICE OF COMPLETION OF THE RECORD ON APPEAL**
(CRC Rules 11(a) & 11(b))

| | |
|---|---|
| CASE NUMBER | GIC 843843 |
| COURT OF APPEAL NUMBER | D047858 |

COMPLETE AND SUBMIT AN ORIGINAL AND ONE COPY OF THE ENCLOSED REQUEST FOR PAYMENT OF TRUST FUNDS TO THE ACCOUNTING DEPARTMENT IF REFUND IS APPLICABLE; PLEASE ALLOW 3-4 WEEKS FOR RECEIPT OF YOUR REFUND.

REFUND IN THE AMOUNT OF $ 97.62 DUE TO: Frank E. Rogozienski, Esq. for Appellant

    REFUND IN THE AMOUNT OF $        DUE TO:

The record on appeal has been completed and the additional copy of the record required by CRC rules 4(f) and 5(d) will be distributed to the appellant(s) pursuant to CRC rule 11(b).

☒ Prepaid copies of the record may be obtained in the Appeals Section of the courthouse indicated above.

Request the appropriate log number:

App. 1:        App. 2:        App. 3:        Cross-App:        Respondent:

☐ A copy of the Index to the case file is enclosed.

☐ The Record on Appeal is being mailed under separate cover.

☒ Original/lodged transcript(s) were sent to the Court of Appeal.  Attorney has copies.

Date: January 27, 2006                    by _____, Deputy
                                              CLERK OF THE SUPERIOR COURT
                                              ROSE M. LEY

**CERTIFICATE OF MAILING**

I certify that:  I am not a party to the above-entitled case; that on the date shown below, I mailed the above-entitled form to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, was deposited in the United States Postal Service at   ☒ San Diego
☐ Vista, California.

Date: January 27, 2006                    by _____, Deputy
                                              CLERK OF THE SUPERIOR COURT
                                              ROSE M. LEY

DANIEL M. WHITE, ESQ.
WHITE & OLIVER
550 West "C" Street, Ste. 950
San Diego, Calif. 92101

**EXHIBIT 1 PAGE 326**

SDSC APL-24(Rev. 11-02)        NOTICE OF COMPLETION OF THE RECORD ON APPEAL

LOVE00380

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

FRANK E. ROGOZIENSKI,

  Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

  Defendants and Respondents

F I L E D
Clerk of the Superior Court

JAN 2 7 2006

By: ROSE MARIE LEY,
Deputy

| NOTICE OF COMPLETION OF THE RECORD ON APPEAL (CRC Rules 11(a) & 11(b)) | CASE NUMBER GIC 843843 |
|---|---|
| | COURT OF APPEAL NUMBER D047858 |

COMPLETE AND SUBMIT AN ORIGINAL AND ONE COPY OF THE ENCLOSED REQUEST FOR PAYMENT OF TRUST FUNDS TO THE ACCOUNTING DEPARTMENT IF REFUND IS APPLICABLE: PLEASE ALLOW 3-4 WEEKS FOR RECEIPT OF YOUR REFUND.

REFUND IN THE AMOUNT OF $ 97.62 .DUE TO: Frank E. Rogozienski, Esq. for Appellant

    REFUND IN THE AMOUNT OF $        DUE TO:

The record on appeal has been completed and the additional copy of the record required by CRC rules 4(f) and 5(d) will be distributed to the appellant(s) pursuant to CRC rule 11(b).

☒ Prepaid copies of the record may be obtained in the Appeals Section of the courthouse indicated above.

Request the appropriate log number:

App. 1:      App. 2:      App. 3:      Cross-App:      Respondent:

☐ A copy of the index to the case file is enclosed.

☐ The Record on Appeal is being mailed under separate cover.

☒ Original lodged transcript(s) were sent to the Court of Appeal. Attorney has copies.

CLERK OF THE SUPERIOR COURT

Date: January 27, 2006            by _____, Deputy
                                          ROSE M. LEY

CERTIFICATE OF MAILING

I certify that: I am not a party to the above-entitled case; that on the date shown below, I mailed the above-entitled form to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, was deposited in the United States Postal Service at ☒ San Diego ☐ Vista, California.

CLERK OF THE SUPERIOR COURT

Date: January 27, 2006            by _____, Deputy
                                          ROSE M. LEY

| TO: | TO: |
|---|---|
| FRANK E. ROGOZIENSKI, ESQ. 1660 Union Street, Third Floor San Diego, Calif. 92101 | DONALD A. ENGLISH, ESQ. ENGLISH & GLOVEN 550 West "C" Street, Ste. 1800 San Diego, Calif. 92101 |

**EXHIBIT 1 PAGE 327**

SDSC APL-24(Rev. 11-02)            NOTICE OF COMPLETION OF THE RECORD ON APPEAL

LOVE00381

## TABLE OF CONTENTS

### EXHIBIT 2
(Court of Appeal File)

**Title**                                                                                      **Page No(s).**

1.   Civil Case Information Statement ........................................ 1-24

2.   Appellant's Opening Brief ............................................. 25-103

3.   Appellant's Exhibits Vol. I of II in Support of Opening Brief .............. 104-403

4.   Appellant's Exhibits Vol. II of II in Support of Opening Brief .............. 404-641

5.   Respondent Allen's Responding Brief .................................. 642-693

6.   Respondent Love's Responding Brief .................................. 694-745

7.   Appellant's Reply Brief .............................................. 746-774

8.   Curt of Appeal Opinion ............................................. 775-787

9.   Appellant's Petition for Rehearing .................................... 778-797

10.  Letter from Court of Appeal addressed to The
     Supreme Court Requesting Publication of Opinion
     Dated April 16, 2007 ............................................... 798

11.  Appellate Court Denial of Request for Publication and
     Petition for Rehearng ............................................... 799

WHITE & OLIVER
A Professional Corporation

LOVE00382

76876.1

*Rogoszienski v. Love*          Case No:          EXHIBIT TABLE OF CONTENTS TO NOTICE OF REMOVAL OF ACTION

LOVE00383

TO BE FILED IN THE COURT OF APPEAL

**APP-004**

| CIVIL CASE INFORMATION STATEMENT | Court of Appeal Case Number (if known): |
|---|---|
| COURT OF APPEAL, **FOURTH** APPELLATE DISTRICT, DIVISION **ONE** | D047858 |

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
FRANK E. ROGOZIENSKI (SBN 51445)
FRANK E. ROGOZIENSKI, INC.
1660 Union Street, Third Floor
San Diego, CA 92101
TELEPHONE NO: 619-237-1878
E-MAIL ADDRESS (Optional):          FAX NO. (Optional): 619-237-1870
ATTORNEY FOR (Name): Frank E. Rogozienski

FOR COURT USE ONLY

APPELLANT: FRANK E. ROGOZIENSKI

RESPONDENT: JAMES D. ALLEN, S. MICHAEL LOVE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

| JUDGES (all who participated in case): HON. JOAN M. LEWIS | Superior Court Case Number: GIC843843 |
|---|---|

NOTE TO APPELLANT: You must file this form with the clerk of the Court of Appeal within 10 days after the clerk mails you a notice that this form must be filed. You must attach to this form (1) a copy of the judgment or order being appealed that shows the date it was entered (see Cal. Rules of Court, rule 2(c) for definition of "entered") and (2) proof of service of this form on all parties to the appeal. (CAUTION: An appeal in a limited civil case (Code Civ. Proc., § 85) may be taken ONLY to the appellate division of the superior court (Code Civ. Proc., § 904.2), or to the superior court (Code. Civ. Proc., § 116.710 [small claims cases]).

## PART I – APPEAL INFORMATION

**A. APPEALABILITY**

1. Appeal is from:
   - [ ] Judgment after jury trial
   - [ ] Judgment after court trial
   - [ ] Default judgment
   - [ ] Judgment after an order granting a summary judgment motion
   - [ ] Judgment of dismissal under Code Civ. Proc., §§ 581d, 583.250, 583.360, or 583.430
   - [x] Judgment of dismissal after an order sustaining a demurrer
   - [ ] An order under Code Civ. Proc., § 904.1(a)(2)
   - [ ] An order or judgment under Code Civ. Proc., § 904.1(a)(3)–(13)
   - [ ] Other (describe and specify code section that authorizes this appeal):

2. Does the judgment appealed from dispose of all causes of action, including all cross-actions between the parties?
   [x] Yes  [ ] No  If no, please explain why the judgment is appealable:

**B. TIMELINESS OF APPEAL** (Provide all applicable dates.)

1. Date of entry of judgment or order appealed from: 10 / 19 /2005
2. Date that notice of entry of judgment or a copy of the judgment was mailed by the clerk or served by a party under California Rules of Court, rule 2: 11 / 14 /2005
3. Was a motion for new trial, judgment notwithstanding the verdict, reconsideration, or to vacate the judgment made and denied?
   [ ] Yes  [x] No  If yes, please specify the type of motion:

   Date motion filed: __/__/__  Date denied: __/__/__  Date denial served: __/__/__
4. Date notice of [x] appeal or [ ] cross-appeal filed: 01 / 04 /2006

**C. BANKRUPTCY OR OTHER STAY**

Is there a related bankruptcy case or a court-ordered stay that affects this appeal?  [ ] Yes  [x] No  If yes, please attach a copy of the bankruptcy petition (without attachments) and any stay order.

**EXHIBIT 2 PAGE 1**

Form Adopted for Mandatory Use
Judicial Council of California
APP-004 (Rev. July 1, 2004)

CIVIL CASE INFORMATION STATEMENT

Page 1 of 2

American LegalNet, Inc.
www.USCourtForms.com

LOVE00384

| APPELLATE CASE TITLE: | |
|---|---|
| ROGOZIENSKI v. ALLEN, LOVE | SUPERIOR COURT CASE NUMBER: GIC843843 |

**D.   APPELLATE CASE HISTORY** *(Provide additional information, if necessary, on attachment 1.D.)*

Is there now, or has there previously been, any appeal, writ, or other proceeding related to this case pending in any California appellate court? ☐ Yes ☑ No   If yes, insert name of appellate court:

Appellate court case no.: _____   Title of case: _____

Name of trial court: _____   Trial court case no.: _____

**E.   SERVICE REQUIREMENTS**

Is service of documents in this matter, including a brief or a petition, required on the Attorney General or other nonparty public officer or agency under California Rules of Court, rule 44.5 or a statute? ☐ Yes ☑ No   If yes, please indicate the rule or statute that applies.

☐ Rule 44.5(a)

☐ Bus. & Prof. Code, § 17209 (Unfair Competition Act)

☐ Bus. & Prof. Code, § 17536.5 (False advertising)

☐ Civ. Code, § 51.1 (Unruh, Ralph, or Bane Civil Rights Acts; antiboycott cause of action; sexual harassment in business or professional relations; civil rights action by district attorney)

☐ Civ. Code, § 55.2 (Disabled access to public conveyances, accommodations, and housing)

☐ Gov. Code, § 4461 (Disabled access to public buildings)

☐ Gov. Code, § 12656(a) (False Claims Act)

☐ Health & Saf. Code, § 19954.5 (Accessible seating and accommodations)

☐ Health & Saf. Code, § 19959.5 (Disabled access to privately funded public accommodations)

☐ Other *(please specify statute):*

> **NOTE:** The rule and statutory provisions listed above require service of a copy of a party's brief or petition and brief on the Attorney General or other public officer or agency. Other statutes requiring service on the Attorney General or other public officers or agencies may also apply. (See, e.g., Code Civ. Proc., § 1355; Gov. Code, § 946.6(d); Pub. Resources Code, § 21167.7.)

**PART II – NATURE OF ACTION**

**A.   Nature of action** *(check all that apply):*

1. ☐ Conservatorship
2. ☑ Contract
3. ☐ Eminent domain
4. ☐ Equitable action   a. ☐ Declaratory relief   b. ☑ Other *(describe):* Interference with economic relation, civil rights violations, deceit-fraudulent conceal-ment, breach of contract and unfair competition
5. ☐ Family law
6. ☐ Guardianship
7. ☐ Probate
8. ☐ Real property rights   a. ☐ Title of real property   b. ☐ Other *(describe):*
9. ☐ Tort
   a. ☐ Medical malpractice   b. ☐ Product liability
   c. ☐ Other personal injury   d. ☐ Personal property
   e. ☐ Other tort *(describe):*
10. ☐ Trust proceedings
11. ☐ Writ proceedings in superior court
   a. ☐ Mandate (Code Civ. Proc., § 1085)   b. ☐ Administrative mandate (Code Civ. Proc., § 1094.5)
   c. ☐ Prohibition (Code Civ. Proc., § 1102)   d. ☐ Other *(describe):*
12. ☐ Other action *(describe):*

**B.** ☐ This appeal is entitled to calendar preference/priority on appeal *(cite authority):*

**EXHIBIT 2 PAGE 2**

**PART III – PARTY AND ATTORNEY INFORMATION**

Please attach to this form a list of all the parties and all their attorneys of record who will participate in the appeal. For the parties, include the following information: the party's name and his or her designation in the trial court proceeding (plaintiff, defendant, etc.). For the attorneys, include the following information: name, State Bar number, mailing address, telephone number, fax number, and e-mail address.

This statement is prepared and submitted by:   Date: January 27, 2006

FRANK E. ROGOZIENSKI, INC.

▶ _____
(SIGNATURE OF ATTORNEY OR UNREPRESENTED PARTY)

APP-004 (Rev. July 1, 2004)

**CIVIL CASE INFORMATION STATEMENT**   Page 2 of 2

LOVE00385

CIVIL CASE INFORMATION STATEMENT

COURT OF APPEAL, FOURTH APPELLATE DISTRICT, DIVISION ONE
CASE NO. D047858
(San Diego Superior Court No. GIC843843)

PART III - PARTY AND ATTORNEY INFORMATION

PLAINTIFF:

FRANK E. ROGOZIENSKI

ATTORNEY FOR PLAINTIFF:

FRANK E. ROGOZIENSKI (SBN 51445)
FRANK E. ROGOZIENSKI, INC.
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870
Email: rogolaw@pacbell.net

DEFENDANT:

JAMES D. ALLEN

ATTORNEY FOR DEFENDANT:

DANIEL M. WHITE (SBN 068011)
WHITE & OLIVER
550 West "C" Street, Ste. 950
San Diego, CA 92101
Telephone: (619)239-0300
Facsimile: (619)239-0344
Email: unknown

DEFENDANT:

S. MICHAEL LOVE

ATTORNEY FOR DEFENDANT:

DONALD A. ENGLISH (115569)
ENGLISH & GLOVEN
550 West "C" Street, Ste. 1800
San Diego, CA 92101
Telephone: (619)338-6610
Facsimile: (619)338-6657
Email: Unknown

**EXHIBIT 2 PAGE 3**

LOVE00386

RECEIVED
NOV _ _ 2005
BY .........................

| 1 | Donald A. English, Esq.     (State Bar No. 115569) |
| | Christy I. Yee, Esq.     (State Bar No. 166238) |
| 2 | ENGLISH & GLOVEN |
| | A Professional Corporation |
| 3 | 550 West "C" Street, Suite 1800 |
| | San Diego, California 92101 |
| 4 | Telephone: (619) 338-6610 |
| | Facsimile: (619) 338-6657 |

5

6   Attorneys for Defendant
    James D. Allen
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SAN DIEGO

10

11   FRANK E. ROGOZIENSKI,              )    Case No. GIC 843843
                                        )
12              Plaintiff               )    NOTICE OF RULING AND NOTICE OF
                                        )    ORDER
13        v.                            )
                                        )    Date:          September 2, 2005
14   JAMES D. ALLEN, S. MICHAEL LOVE    )    Dept:          65
     and DOES 1 through 10, inclusive,  )    Judge:         Honorable Joan M. Lewis
15                                      )    Complaint Filed: March 7, 2005
                                        )
16              Defendants.             )
                                        )
17   _____)

18        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        NOTICE IS HEREBY GIVEN THAT on September 2, 2005 in Department 65 of the above-

20   entitled court, the Honorable Joan M. Lewis sustained, without leave to amend, the demurrers filed by

21   defendants James D. Allen and S. Michael Love to the first amended complaint of plaintiff Frank E.

22   Rogozienski. A copy of the Court's October 19, 2005 order is attached hereto as Exhibit "1".

23   Dated: November 14, 2005            ENGLISH & GLOVEN

24                                       A Professional Corporation

25

26                                       By: _Donald A English_

27                                           Donald A. English
                                             Christy I. Yee
                                             Attorneys for Defendant
28                                           James D. Allen

LOVE00387

**EXHIBIT 2 PAGE 4**

NOTICE OF RULING AND NOTICE OF ORDER

# Exhibit "1"

EXHIBIT 2 PAGE 5

LOVE00388

1

2                                              F I L E D
                                        Clerk of the Superior Court

3                                           OCT 1 9 2005

4                                      By: R. LINDSEY-COOPER, Deputy

5

6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10   FRANK E. ROGOZIENSKI;            )    Case No. GIC 843843
                                      )
11              Plaintiff             )    [PROPOSED] ORDER SUSTAINING
                                      )    DEFENDANTS JAMES D. ALLEN'S AND S.
12        v.                          )    MICHAEL LOVE'S DEMURRERS TO
                                      )    FIRST AMENDED COMPLAINT, AND EACH
13   JAMES D. ALLEN, S. MICHAEL LOVE  )    CAUSE OF ACTION, WITHOUT LEAVE TO
     and DOES 1 through 10, inclusive,)    AMEND
14                                    )
                Defendants.           )    Date:          September 2, 2005
15   _____)    Dept:          65
                                           Judge:         Hon. Joan M. Lewis
16                                         Complaint Filed:    March 7, 2005

17         The demurrers to the first amended complaint by defendants James D. Allen ("Mr. Allen") and

18   S. Michael Love ("Mr. Love") came on for hearing in Department 65 of the above-entitled Court before

19   the Honorable Joan M. Lewis on September 2, 2005 at 8:30 a.m. Donald A. English, Esq. and Christy

20   I. Yee, Esq. of English & Gloven, A Professional Corporation, appeared on behalf of defendant Mr.

21   Allen. Daniel M. White, Esq. of White & Oliver, A Professional Corporation, appeared on behalf of

22   defendant Mr. Love. Plaintiff Frank E. Rogozienski appeared in pro per on his own behalf.

23         The Court, after having considered defendants' moving and reply papers, plaintiff's opposition

24   papers, and oral argument of counsel presented at the hearing, makes the following rulings:

25         1.     Plaintiff's motion to strike and disregard defendant Mr. Allen's memorandum of points

26   and authorities is denied.                                                    LOVE00389

27         2.     Defendant Mr. Allen's request for judicial notice is granted.    **EXHIBIT 2 PAGE 6**

28

                                        [PROPOSED] ORDER SUSTAINING DEFENDANTS'

1     3.    Defendant Mr. Allen's demurrer to the first amended complaint and each cause of action

2    against Mr. Allen is sustained as follows:

3         (a)   As to the first cause of action for intentional interference with contractual relations

4              as the cause of action is barred by the doctrine of judicial immunity;

5         (b)   As to the third cause of action for intentional interference with prospective

6              economic relations as the cause of action is barred by the doctrine of judicial

7              immunity;

8         (c)   As to the fifth cause of action for negligent interference with prospective

9              economic advantage as the cause of action is barred by the doctrine of judicial

10             immunity;

11        (d)   As to the seventh cause of action for civil rights violations as the cause of action

12            is barred by the doctrine of judicial immunity;

13        (e)   As to the eighth cause of action for deceit and fraudulent concealment as the cause

14            of action is barred by the doctrine of judicial immunity;

15        (f)   As to the ninth cause of action for breach of contract as the cause of action is

16            barred by the doctrine of judicial immunity;

17        (g)   As to the eleventh cause of action for wilful misconduct and intentional infliction

18            of injury as the cause of action is barred by the doctrine of judicial immunity;

19        (h)   As to the twelfth cause of action for negligence as the cause of action is barred by

20            the doctrine of judicial immunity; and

21        (i)   As to the thirteenth cause of action for unjust enrichment as the cause of action is

22            barred by the doctrine of judicial immunity.

23     4.    The Court sustains Mr. Allen's demurrer, without leave to amend, as to each cause of

24  action against Mr. Allen in the first amended complaint as the Court finds that based upon the doctrine

25  of judicial immunity, plaintiff has not pled, and would not be able to plead by amendment, any facts to

26  state a cause of action against Mr. Allen.

27     5.    Defendant Mr. Love's request for judicial notice is granted.     **EXHIBIT 2 PAGE 7**

28

LOVE00390

6.    Defendant Mr. Love's demurrer to the first amended complaint and each cause of action against Mr. Love is sustained, without leave to amend, as follows:

      (a)    As to the first cause of action for intentional interference with contractual relations as the Court concludes that plaintiff has failed to adequately state facts that would support the allegation that Mr. Love intended to disrupt the contractual relations pled in the first amended complaint;

      (b)    As to the second cause of action for intentional interference with contractual relations as the Court concludes that plaintiff has failed to adequately state facts that would support the allegation that Mr. Love intended to disrupt the contractual relations pled in the first amended complaint;

      (c)    As to the third cause of action for intentional interference with prospective economic advantage as the Court finds plaintiff has not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to plaintiff;

      (d)    As to the fourth cause of action for intentional interference with prospective economic advantage as the Court finds that plaintiff has not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to plaintiff;

      (e)    As to the fifth cause of action for negligent interference with prospective economic advantage as the Court finds that plaintiff has not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to plaintiff;

      (f)    As to the sixth cause of action for negligent interference with prospective economic advantage as the Court finds that plaintiff has not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to plaintiff;

**EXHIBIT 2 PAGE 8**

LOVE00391

    (g)    As to the seventh cause of action for civil rights violations as the Court finds plaintiff has failed to allege any facts to support the allegation that Mr. Love engaged in any acts of threats, intimidation or coercion by way of state action;

    (h)    As to the eighth cause of action for deceit and fraudulent concealment as the Court concludes Mr. Love owed no duty to plaintiff;

    (i)    As to the tenth cause of action for unfair competition as no remedy exists based upon the facts pled and plaintiff has failed to plead that Mr. Love has any monies that should be restored to plaintiff, nor is there any conduct to be enjoined;

    (j)    As to the eleventh cause of action for wilful misconduct and intentional infliction of injury as the Court concludes Mr. Love owed no duty to plaintiff and plaintiff cannot sue for damages for conduct that allegedly violated the Rules of Professional Conduct;

    (k)    As to the twelfth cause of action for negligence as the Court concludes Mr. Love owed no duty to plaintiff and plaintiff cannot sue for damages for conduct that allegedly violated the Rules of Professional Conduct; and

    (l)    As to the thirteenth cause of action for unjust enrichment as there are no allegations that Mr. Love holds any identified property in trust for plaintiff.

7.    The Court sustains Mr. Love's demurrer, without leave to amend, as to each cause of action against Mr. Love in the first amended complaint as the Court finds plaintiff has not pled, and would not be able to plead by amendment, any facts to state a cause of action against Mr. Love.

8.    Given the following ruling, the first amended complaint shall be dismissed in its entirety. Defendants are directed to prepare an order for the Court's rulings.

IT IS SO ORDERED.

Dated: __OCT 1 9 2005__

                        JOAN M. LEWIS
                        Hon. Joan M. Lewis
                        Judge of the Superior Court

**EXHIBIT 2 PAGE 9**

LOVE00392

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated:  _September 28, 2005_        ENGLISH & GLOVEN
                                         A Professional Corporation
4

5                                        By: _Donald Eng Un,_
6                                            Donald A. English
                                             Christy I. Yee
7                                        Attorneys for Defendant James D. Allen

8

9    Dated: _____            WHITE & OLIVER
10                                       A Professional Corporation

11

12                                       By: _____
                                             Daniel M.  White, Esq.
13                                       Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____            FRANK E. ROGOZIENSKI, INC.

17

18

19                                       By: _____
                                             Frank E. Rogozienski, Esq.
20                                       Attorneys for Plaintiff Frank E.  Rogozienski

21

22

23

24

25                                                          LOVE00393

26

27                                                    **EXHIBIT 2 PAGE 10**

28

                            [PROPOSED] ORDER SUSTAINING DEFENDANTS'

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                          A Professional Corporation
4

5
                                          By: _Donald A. English_
6                                              Donald A. English
                                               Christy I. Yee
7                                         Attorneys for Defendant James D. Allen

8

9    Dated: _12 October 2005_             WHITE & OLIVER
10                                        A Professional Corporation

11

12                                        By: _Steven K. Oliver_
13                                             Daniel M. White, Esq.
                                          Attorneys for Defendant S. Michael Love
14

15

16   Dated: _____              FRANK E. ROGOZIENSKI, INC.

17

18

19                                        By: _____
                                               Frank E. Rogozienski, Esq.
20                                        Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                        **EXHIBIT 2 PAGE 11**

28
                                          LOVE00394

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_            ENGLISH & GLOVEN
                                          A Professional Corporation
4

5                                         By: _Donald A. English_
6                                             Donald A. English
                                              Christy L. Yee
7                                         Attorneys for Defendant James D. Allen

8

9    Dated: _____              WHITE & OLIVER
10                                         A Professional Corporation

11

12                                        By: _____
                                              Daniel M. White, Esq.
13                                        Attorneys for Defendant S. Michael Love

14

15   _APPROVED AS TO FORM AND CONFORMING TO COURT'S ORDER_

16   Dated: _9/30/05_                      FRANK E. ROGOZIENSKI, INC.

17

18

19                                        By: _____
                                              Frank E. Rogozienski, Esq.
20                                        Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25                                                              L0VE00395

26

27                                                    **EXHIBIT 2 PAGE 12**

28

RECEIVED
NOV _ 5 2005
BY:_____

1  Donald A. English, Esq.     (State Bar No. 115569)
   Christy L. Yee, Esq.        (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone: (619) 338-6610
   Facsimile:  (619) 338-6657
5

6  Attorneys for Defendant
   James D. Allen
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN DIEGO

10

11  FRANK E. ROGOZIENSKI,              Case No. GIC 843843
                              )
12           Plaintiff        )      PROOF OF SERVICE BY MAIL
                              )
13      v.                    )
                              )
14  JAMES D. ALLEN, S. MICHAEL LOVE  )
    and DOES 1 through 10, inclusive, )
15                            )      Complaint Filed:   March 7, 2005
         Defendants.          )      Trial Date:        None set
16  _____)

17      I, Nona Sabo, declare that:  I am over the age of 18 years and not a party to the case; I am

18  employed in the County of San Diego, California, where the mailing occurs; and my business address is

19  550 West "C" Street, Suite 1800, San Diego, California 92101.

20      On November 14, 2005 I served the following document(s):

21      1.    NOTICE OF RULING AND NOTICE OF ORDER; and

22      2.    NOTICE OF ENTRY OF JUDGMENT

23  by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

24  as follows:

25  Frank E. Rogozienski, Esq.          Attorney for Plaintiff
    Frank E. Rogozienski, Inc.          FRANK E. ROGOZIENSKI
26  1660 Union Street, Suite 300
    San Diego, CA 92101
27  Tel: (619) 237-1878                                    LOVE00396
    Fax: (619) 237-1870
28                                         **EXHIBIT 2 PAGE 13**

PROOF OF SERVICE BY MAIL

1

2  Daniel M. White, Esq.          Attorneys for Defendant
   White & Oliver, APC          S. MICHAEL LOVE
3  550 West C Street, Suite 950
   San Diego, CA 92101
4  Tel: (619) 239-0300
   Fax: (619) 239-0344

5

6      I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in

7  the United States Postal Service, this same day, at my business address shown above, following

8  ordinary business practices. I am readily familiar with the business practices for collecting and

9  processing of correspondence and pleadings for mailing with the United States Postal Service; and

10 that the correspondence and pleadings shall be deposited with the United States Postal Service this

11 same day in the ordinary course of business.

12      I declare under penalty of perjury under the laws of the State of California that the foregoing is

13 true and correct.

14

15 Dated: November 14, 2005               _Nona Sabo_

16                                 Nona Sabo

17

18

19

20

21

22

23

24

25                                     LOVE00397

26

27                            **EXHIBIT 2 PAGE 14**

28

                       PROOF OF SERVICE BY MAIL

RECEIVED
NOV · · 2005

BY:.....................

1    Donald A. English, Esq.    (State Bar No. 115569)
    Christy I. Yee, Esq.    (State Bar No. 166238)
2    ENGLISH & GLOVEN
    A Professional Corporation
3    550 West "C" Street, Suite 1800
    San Diego, California 92101
4    Telephone:  (619) 338-6610
    Facsimile:  (619) 338-6657

5

6    Attorneys for Defendant
    James D. Allen

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9            FOR THE COUNTY OF SAN DIEGO

10

11    FRANK E. ROGOZIENSKI,    )    Case No. GIC 843843
                            )
12          Plaintiff        )    NOTICE OF ENTRY OF JUDGMENT
                            )
13        v.               )
                            )    Date:        September 2, 2005
14    JAMES D. ALLEN, S. MICHAEL LOVE  )    Dept:       65
    and DOES 1 through 10, inclusive,    )    Judge:      Honorable Joan M. Lewis
15                            )    Complaint Filed:    March 7, 2005
        Defendants.        )
16                              )
                            )
17    _____ )

18        TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19          NOTICE IS HEREBY GIVEN THAT on October 19, 2005 in Dept. 65 of the above-entitled

20    court, the Honorable Joan M. Lewis entered judgment in this action in favor of defendants James D.

21    Allen and S. Michael Love ("defendants") and against plaintiff Frank E. Rogozienski ("plaintiff"). The

22    Court ordered that plaintiff's first amended complaint be dismissed with prejudice, and that defendants

23    ///

24    ///

25    ///                                       LOVE00398

26

27                                      **EXHIBIT 2 PAGE 15**

28

                                NOTICE OF ENTRY OF JUDGMENT

1   recover costs of suit against plaintiff in a sum to be determined. Attached as Exhibit "1" is a true and

2   correct copy of the judgment entered on October 19, 2005.

3   Dated: November 14, 2005                   ENGLISH & GLOVEN
                                               A Professional Corporation
4

5
                                        By: _Donald A English_
6                                          Donald A. English
                                           Christy I. Yee
7                                        Attorneys for Defendant
                                         James D. Allen
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                                              LOVE00399

27                                                     **EXHIBIT 2 PAGE 16**

28

                                    2
                                        NOTICE OF ENTRY OF JUDGMENT

# Exhibit "1"

LOVE00400

**EXHIBIT 2 PAGE 17**

1

2

3

4

5

6

7

F I L E D
Clerk of the Superior Court

OCT 1 9 2005

By: R. LINDSEY-COOPER, Deputy

8    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9    FOR THE COUNTY OF SAN DIEGO

10   FRANK E. ROGOZIENSKI,                  )    Case No. GIC 843843
                                            )
11              Plaintiff                   )    JUDGMENT OF DISMISSAL
                                            )
12         v.                               )
                                            )
13   JAMES D. ALLEN, S. MICHAEL LOVE        )    Date:        September 2, 2005
     and DOES 1 through 10, inclusive,      )    Dept:        65
14                                          )    Judge:       Hon. Joan M. Lewis
                Defendants.                 )    Complaint Filed:   March 7, 2005
15                                          )

16         Based upon this Court's September 2, 2005 order sustaining, without leave to amend, James D.

17   Allen's and S. Michael Love's demurrers to the first amended complaint, and each cause of action

18   therein,

19         IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment dismissing this action

20   be, and hereby is, entered in favor of defendants James D. Allen and S. Michael Love.

21         IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant James D. Allen is

22   entitled to costs of suit in the amount of $_____; and defendant S. Michael Love is

23   entitled to costs of suit in the amount of $_____

24

25   Dated: _____OCT 1 9 2005_____                JOAN M. LEWIS
                                               _____
26                                             Hon. Joan M. Lewis
                                               Judge of the Superior Court
27
                                               **EXHIBIT 2 PAGE 18**
28
LOVE00401

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                          A Professional Corporation
4

5
                                     By: _Donald A. English_
6                                        Donald A. English
                                         Christy I. Yee
7                                    Attorneys for Defendant James D. Allen

8

9    Dated: _____            WHITE & OLIVER
10                                       A Professional Corporation

11

12                                   By: _____
                                         Daniel M. White, Esq.
13                                   Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____            FRANK E. ROGOZIENSKI, INC.

17

18

19                                   By: _____
                                         Frank E. Rogozienski, Esq.
20                                   Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                          **EXHIBIT 2 PAGE 19**

28
                                            LOVE00402

1  APPROVED AS TO FORM AND CONTENT:

2

3  Dated: _September 28, 2005_

4                                    ENGLISH & GLOVEN
                                     A Professional Corporation

5

6  By: _Donald English_
                                     Donald A. English
7                                    Christy I. Yee
                                     Attorneys for Defendant James D. Allen

8

9  Dated: _12 October 2005_

10                                   WHITE & OLIVER
                                     A Professional Corporation

11

12  By: _Edward G. Fink_
                                     Daniel M. White, Esq.
13                                   Attorneys for Defendant S. Michael Love

14

15

16  Dated: _____

17                                   FRANK E. ROGOZIENSKI, INC.

18

19  By: _____
                                     Frank E. Rogozienski, Esq.
20                                   Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                   **EXHIBIT 2 PAGE 20**

28

L0VE00403

1  APPROVED AS TO FORM AND CONTENT:

2

3  Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                         A Professional Corporation
4

5                                      By: _Donald A. English_
6                                          Donald A. English
                                           Christy I. Yee
7                                      Attorneys for Defendant James D. Allen

8

9  Dated: _____             WHITE & OLIVER
10                                      A Professional Corporation

11

12                                     By: _____
                                           Daniel M. White, Esq.
13                                     Attorneys for Defendant S. Michael Love

14  APPROVED AS TO FORM
15
16  Dated: _9/30/05_                    FRANK E. ROGOZIENSKI, INC.

17

18
                                       By: _____
19                                         Frank E. Rogozienski, Esq.
                                       Attorneys for Plaintiff Frank E. Rogozienski
20

21

22

23

24

25

26

27                                             **EXHIBIT 2 PAGE 21**

28
                                                        LOVE00404

RECEIVED
NOV 1 5 2005
BY:_____

1   Donald A. English, Esq.     (State Bar No. 115569)
    Christy I. Yee, Esq.        (State Bar No. 166238)
2   ENGLISH & GLOVEN
    A Professional Corporation
3   550 West "C" Street, Suite 1800
    San Diego, California 92101
4   Telephone: (619) 338-6610
    Facsimile:  (619) 338-6657
5

6   Attorneys for Defendant
    James D. Allen
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11  FRANK E. ROGOZIENSKI,              Case No. GIC 843843

12        Plaintiff                    PROOF OF SERVICE BY MAIL

13        v.

14  JAMES D. ALLEN, S. MICHAEL LOVE
    and DOES 1 through 10, inclusive,
15                                     Complaint Filed:    March 7, 2005
          Defendants.                  Trial Date:         None set
16

17        I, Nona Sabo, declare that:  I am over the age of 18 years and not a party to the case; I am

18  employed in the County of San Diego, California, where the mailing occurs; and my business address is

19  550 West "C" Street, Suite 1800, San Diego, California 92101.

20        On November  14, 2005 I served the following document(s):

21        1.    NOTICE OF RULING AND NOTICE OF ORDER; and

22        2.    NOTICE OF ENTRY OF JUDGMENT

23  by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

24  as follows:

25  Frank E. Rogozienski, Esq.              Attorney for Plaintiff
    Frank E. Rogozienski, Inc.             FRANK E. ROGOZIENSKI
26  1660 Union Street, Suite 300
    San Diego, CA 92101                                          LOVE00405
27  Tel: (619) 237-1878
    Fax: (619) 237-1870                           EXHIBIT 2 PAGE 22
28

                                              PROOF OF SERVICE BY MAIL

1

2  Daniel M. White, Esq.                  Attorneys for Defendant
   White & Oliver, APC                 S. MICHAEL LOVE

3  550 West C Street, Suite 950
   San Diego, CA 92101

4  Tel: (619) 239-0300
   Fax: (619) 239-0344

5

6       I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in

7  the United States Postal Service, this same day, at my business address shown above, following

8  ordinary business practices. I am readily familiar with the business practices for collecting and

9  processing of correspondence and pleadings for mailing with the United States Postal Service; and

10  that the correspondence and pleadings shall be deposited with the United States Postal Service this

11  same day in the ordinary course of business.

12       I declare under penalty of perjury under the laws of the State of California that the foregoing is

13  true and correct.

14

15  Dated: November 14, 2005

                           Nona Sabo

16

17

18

19

20

21

22

23

24

25

26                                  LOVE00406

27                         **EXHIBIT 2 PAGE 23**

28

                  PROOF OF SERVICE BY MAIL

```
 1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
     FRANK E. ROGOZIENSKI, INC.
 2   A Professional Corporation
     Attorneys at Law
 3   1660 Union St., 3rd Fl.
     San Diego, CA 92101
 4   Telephone: (619)237-1878
     Facsimile: (619)237-1870
 5
 6   Attorneys for Plaintiff
 7
                  COURT OF APPEAL, FOURTH APPELLATE DISTRICT
 8                            DIVISION ONE
 9   FRANK E. ROGOZIENSKI,           )    D047858
10                                   )
                  Plaintiff,         )    SUP. COURT CASE NO. GIC843843
11   v.                             )
                                     )    PROOF OF SERVICE
12   JAMES D. ALLEN, et al.,         )
                                     )
13                Defendants.        )
                                     )
14
15
16       I, the undersigned, certify and declare that I am a citizen of the
     United States, over the age of 18 years, employed in the County of San
17   Diego, State of California, and not a party to the above entitled cause.
     On January 27, 2006, I caused to be served by United States mail, first-
18   class postage prepaid a copy of the attached CIVIL CASE INFORMATION
     STATEMENT as follows:
19   DONALD A. ENGLISH, ESQ.              DANIEL M. WHITE, ESQ.
     ENGLISH & GLOVEN                     WHITE & OLIVER
20   550 West "C" St., No. 1800           550 West "C" Street, No. 950
     San Diego, CA 92101                  San Diego, CA 92101
21   (619)338-6657                        (619)239-0344
22   Executed on: January 27, 2006
23       I declare under penalty of perjury under the laws of the State
     of California that the above is true and correct.
24
25                                          Sherryl M. Bolinger
26
27                                                       LOVE00407
28
```

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
1660 UNION STREET
SAN DIEGO, CALIFORNIA 92101
(619) 237-1878

PROOF OF SERVICE

1

EXHIBIT 2 PAGE 24

LOVE00408

COURT OF APPEAL FOR THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

| | | |
|---|---|---|
| FRANK E. ROGOZIENSKI, | ) | CASE NO. D047858 |
| Plaintiff and Appellant, | ) ) | San Diego County |
| v. | ) ) | Superior Court Case No. GIC843843 |
| JAMES D. ALLEN and S. MICHAEL LOVE, | ) ) ) | |
| Defendants and Respondents. | ) ) | |

---

### APPELLANT'S OPENING BRIEF

---

On Appeal From The Superior Court
County of San Diego
The Honorable Joan M. Lewis

FRANK E. ROGOZIENSKI, INC.
FRANK E. ROGOZIENSKI, ESQ., BAR NO. 51445
A Professional Corporation
Attorneys At Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone:   (619) 237-1878
Facsimile:   (619) 237-1870
Attorneys for Plaintiff and Appellant,
Frank E. Rogozienski

**EXHIBIT 2 PAGE 25**

LOVE00409

COURT OF APPEAL FOR THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

| | | |
|---|---|---|
| FRANK E. ROGOZIENSKI, | ) | CASE NO. D047858 |
| | ) | |
| Plaintiff and Appellant, | ) | San Diego County |
| | ) | Superior Court |
| v. | ) | Case No. GIC843843 |
| | ) | |
| JAMES D. ALLEN and S. MICHAEL | ) | |
| LOVE, | ) | |
| | ) | |
| Defendants and Respondents. | ) | |
| | ) | |

---

### APPELLANT'S OPENING BRIEF

---

On Appeal From The Superior Court
County of San Diego
The Honorable Joan M. Lewis

FRANK E. ROGOZIENSKI, INC.
FRANK E. ROGOZIENSKI, ESQ., BAR NO. 51445
A Professional Corporation
Attorneys At Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone:  (619) 237-1878
Facsimile:  (619) 237-1870
Attorneys for Plaintiff and Appellant,
Frank E. Rogozienski

**EXHIBIT 2 PAGE 26**

LOVE00410

<u>TABLE OF CONTENTS</u>

I.    INTRODUCTION . . . . . . . . . . . . . . . . . 1

II.   FACTUAL AND PROCEDURAL BACKGROUND  . . . . . . . 3

      A.    THE UNDERLYING PROCEEDING . . . . . . . . . 3
      B.    AGREEMENT TO EMPLOY AND TO PAY MR. ALLEN  . . 4
      C.    HAROLD S. BOTTOMLEY . . . . . . . . . . . 5
      D.    RELATIONSHIP BETWEEN MR. LOVE AND
            MR. ALLEN . . . . . . . . . . . . . . . . 5
      E.    MR. ALLEN'S INTEREST IN WARNER SPRINGS
            RANCH . . . . . . . . . . . . . . . . . . 5
      F.    THE CONSPIRACY BETWEEN MR. LOVE AND
            MR. ALLEN . . . . . . . . . . . . . . . . 7
      G.    THE GIFT TO MR. ALLEN OF THE LOVES' ONE-
            HALF INTEREST IN WARNER SPRINGS RANCH . . . 12
      H.    DISQUALIFICATION OF MR. ALLEN . . . . . . . 16
      I.    CONCEALMENT AND FAILURE TO DISCLOSE
            THE GIFT  . . . . . . . . . . . . . . . . 17
      J.    SETTING ASIDE OF MR. ALLEN'S RULINGS  . . . 20
      K.    MR. ALLEN'S STATEMENTS TO THE PRESS . . . . 21
      L.    PLAINTIFF'S ECONOMIC DAMAGES  . . . . . . . 22
      M.    PLAINTIFF'S NON-ECONOMIC INJURIES . . . . . 22
      N.    NO JUDICIAL IMMUNITY  . . . . . . . . . . . 22
      O.    NO LITIGATION PRIVILEGE . . . . . . . . . . 23

III.  STATEMENT OF APPEALABILITY . . . . . . . . . . . 23

IV.   STANDARD OF REVIEW . . . . . . . . . . . . . . . 23

V.    DISCUSSION . . . . . . . . . . . . . . . . . . . 23
      A.    LIABILITY FOR NEGLIGENCE (PLAINTIFF'S
            TWELFTH CAUSE OF ACTION)  . . . . . . . . . 24
            1.    CAUSE OF ACTION FOR NEGLIGENT BREACH
                  OF DUTY OF CARE TO REFRAIN FROM
                  ENGAGING IN CONDUCT WHICH DISQUALIFY
                  THEN TEMPORARY JUDGE ALLEN . . . . . . 25
                  (a)   ELEMENTS OF CAUSE OF ACTION FOR
                        NEGLIGENCE  . . . . . . . . . . 26
                  (b)   INTERPLAY BETWEEN DUTY AND
                        IMMUNITY  . . . . . . . . . . . 27

i

**EXHIBIT 2 PAGE 27**

LOVE00411

      (c)  DOCTRINAL BASIS FOR DETERMINING
TORT LIABILITY - EXISTENCE OF
DUTY . . . . . . . . . . . . . . . 27

      (d)  TRADITIONAL DUTY ANALYSIS . . . . 30

         (1)  FORESEEABILITY OF HARM TO
PLAINTIFF . . . . . . . . . 31

         (2)  THE DEGREE OF CERTAINTY THAT
PLAINTIFF SUFFERED INJURY . 34

         (3)  CLOSENESS OF THE CONNECTION
BETWEEN DEFENDANTS' CONDUCT
AND THE INJURY SUFFERED . . 35

         (4)  THE MORAL BLAME ATTACHED TO
DEFENDANTS' CONDUCT . . . . 36

         (5)  THE POLICY OF PREVENTING
FUTURE HARM . . . . . . . . 35

         (6)  THE EXTENT OF THE BURDEN TO
DEFENDANTS . . . . . . . . . 36

         (7)  THE CONSEQUENCES TO THE
COMMUNITY OF IMPOSING A DUTY
TO EXERCISE CARE, WITH
RESULTING POTENTIAL
LIABILITY . . . . . . . . . 36

         (8)  EXTENT TO WHICH THE TRANS-
ACTION WAS INTENDED TO AFFECT
THE PLAINTIFF . . . . . . . 37

         (9)  BALANCING OF ROWLAND FACTORS 38

      (e)  RESPONSE TO MR. LOVE'S MISTAKEN
CONTENTION THAT AN ATTORNEY'S DUTY
WHILE ACTING ON BEHALF OF HIS
CLIENT, IS SOLELY TO HIS CLIENT,
AND THAT AN ATTORNEY HAS NO DUTY
TO THIRD PERSONS . . . . . . . . 38

    2.  CAUSE OF ACTION FOR NEGLIGENT BREACH
OF DUTY TO DISCLOSE THE FACT OF THE
GIFT WHICH HAD DISQUALIFIED THEN
TEMPORARY JUDGE ALLEN . . . . . . . . 41

B.  LIABILITY FOR WILLFUL MISCONDUCT AND
INTENTIONAL INFLICTION OF INJURY
(PLAINTIFF'S ELEVENTH CAUSE OF ACTION) . . 44

    1.  GENERAL DUTY TO REFRAIN FROM COMMITTING
INTENTIONALLY TORTIOUS CONDUCT . . . . 44

ii

**EXHIBIT 2 PAGE 28**

LOVE00412

        2.    PLAINTIFF'S CLAIM IS NOT PREDICATED
              ON LOVE'S CONDUCT BEING A VIOLATION
              OF RULE 5-300(A) OF THE RULES OF PROFES-
              SIONAL CONDUCT . . . . . . . . . . . . .  45
C.    LIABILITY FOR CIVIL RIGHTS VIOLATION
      (PLAINTIFF'S SEVENTH CAUSE OF ACTION) . . .  46
D.    LIABILITY FOR DECEIT FRAUDULENT CON-
      CEALMENT (PLAINTIFF'S EIGHTH CAUSE OF
      ACTION) . . . . . . . . . . . . . . . . .  49
E.    LIABILITY FOR INTENTIONAL INTERFERENCE
      WITH CONTRACTUAL RELATIONS (PLAINTIFF'S
      FIRST AND SECOND CAUSES OF ACTION) . . . .  51
F.    LIABILITY FOR INTENTIONAL INTERFERENCE
      WITH PROSPECTIVE ECONOMIC ADVANTAGE
      (PLAINTIFF'S THIRD AND FOURTH CAUSES
      OF ACTION) . . . . . . . . . . . . . . . .  53
G.    LIABILITY FOR NEGLIGENT INTERFERENCE
      WITH PROSPECTIVE ECONOMIC ADVANTAGE
      (PLAINTIFF'S FIFTH AND SIXTH CAUSES
      OF ACTION) . . . . . . . . . . . . . . . .  56
H.    LIABILITY FOR UNFAIR COMPETITION
      AGAINST MR. LOVE (PLAINTIFF'S TENTH
      CAUSE OF ACTION) . . . . . . . . . . . . .  58
I.    LIABILITY FOR UNJUST ENRICHMENT
      (PLAINTIFF'S THIRTEENTH CAUSE OF ACTION) .  61
J.    JUDICIAL IMMUNITY IS NOT APPLICABLE TO
      ALLEN'S MISCONDUCT (PLAINTIFF'S CAUSES
      OF ACTION AGAINST MR. ALLEN) . . . . . . .  63
        1.    ALLEN'S ACCEPTANCE OF THE GIFT WAS
              NOT AN ACT IN HIS JUDICIAL CAPACITY .  63
        2.    JUDICIAL IMMUNITY NOT APPLICABLE TO
              PLAINTIFF'S BREACH OF CONTRACT
              CLAIMS (PLAINTIFF'S NINTH CAUSE
              OF ACTION) . . . . . . . . . . . . . .  65
        3.    JUDICIAL IMMUNITY NOT APPLICABLE
              TO PLAINTIFF'S UNJUST ENRICHMENT
              CLAIMS . . . . . . . . . . . . . . . .  66
        4.    ALLEN'S RULINGS AFTER HE ACCEPTED
              THE GIFT WERE WITHOUT JURISDICTION . . .  67

VI.    CONCLUSION . . . . . . . . . . . . . . . .  68

iii

**EXHIBIT 2 PAGE 29**

LOVE00413



## TABLE OF AUTHORITIES

### California Cases

Academy of California Optometrists, Inc. v.
Superior Court (1975) 51 Cal.App.3d 999 . . . . . . . 26

Adams v. City of Fremont (1998) 68 Cal.App.4th 243 . 27

Ann M. v. Pacific Plaza Shopping Center (1993)
6 Cal.4th 666 . . . . . . . . . . . . . . . . . . 31

Blakanja v. Irving (1958) 49 Cal.2d 647 . . . . 37,40,43

Blank v. Kirwan (1985) 39 Cal.3d 311 . . . . . . . . 23

Burtscher v. Burtscher (1994) 26 Cal.App.4th 720 . . 41

Calistoga Civic Club v. City of Calistoga (1983)
143 Cal.App.3d 111 . . . . . . . . . . . . . . . 62

Chronometrics, Inc. v. Sysgen, Inc. (1980) 110
Cal.App.3d 597 . . . . . . . . . . . . . . . . . 26

Cicone v. URS Corp. (1986) 183 Cal.App.3d 194 . . . 2,45

Cortez v. Purolator Air Filtration Products Co.
(2000) 23 Cal.4th 163 . . . . . . . . . . . . . . 60

Crowley v. Katleman (1994) 8 Cal.4th 666 . . . . . . 24

Della Penna v. Toyota Motor Sales, USA, Inc.
(1995) 11 Cal.4th 376 . . . . . . . . . . . . . . 54

Dillon v. Legg (1968) 68 Cal.2d 728 . . . . . . . . 30

Donald v. Garry (1971) 19 Cal.App.3d 769 . . . . . . 40

Elliot v. Elliot (1964) 231 Cal.App.2d 205 . . . . . 62

Fletcher v. Security Pacific National Bank (1979)
23 Cal.3d 442 . . . . . . . . . . . . . . . . . . 59

Friedman v. Merck & Co. (2003) 107 Cal.App.4th 454 28,31

GHK Associates v. Mayer Group, Inc. (1990) 24

iv

**EXHIBIT 2 PAGE 30**

LOVE00414

Cal.App.3d 856 . . . . . . . . . . . . . . . . . . 62

Giometti v. Etienne (1934) 219 Cal. 687 . . . . . . . 16

Greene v. Zank (1984) 158 Cal.App.3d 497 . . . . . . 63

Heyer v. Flaig (1969) 70 Cal.2d 223 . . . . . . . . 40

Juarez v. Boy Scouts of America, Inc. (2000)
81 Cal.App.4th 377 . . . . . . . . . . . . . . . . 32

Klemm v. Superior Court (19797) 75 Cal.App.3d 893 . . 26

Korea Supply Co. v. Lockheed Martin Corp. (2003)
29 Cal.4th 1134 . . . . . . . . . . . . . . . . 52,54,55

LiMandri v. Judkins (1997) 52 Cal.App.4th 326 . 2,41,42,
                                                45,50,51,
                                                52,53,54,57

Lucas v. Hamm (1961) 56 Cal.2d 583 . . . . . . . . 40,43

Lysick v. Walcom (1968) 258 Cal.App.2d 136 . . . . . 40

Ma v. City and County of San Francisco (2002) 95
Cal.App.4th 488 . . . . . . . . . . . . . . . . 27,28,30

Neet v. Holmes (1944) 25 Cal.2d 447 . . . . . . . . 62

Nicole M. v. Sears Roebuck & Co. (1999) 76 Cal.
App.4th 1238 . . . . . . . . . . . . . . . . . . 32

Noble v. Sears Roebuck & Co. (1973) 33 Cal.App.3d
654 . . . . . . . . . . . . . . . . . . . . . . . 25

Pacific Gas & Electric Co. v. Bear Stearns & Co.
(1990) 50 Cal.3d 1118 . . . . . . . . . . . . . . 51

People v. Beaumont Investments (2003) 111 Cal.
App.4th 102 . . . . . . . . . . . . . . . . . . 60,61

Pool v. City of Oakland (1986) 42 Cal.3d 1051 . . . . 31

Quelimane Co. v. Stewart Title Guaranty Co. (1998)
19 Cal.4th 26 . . . . . . . . . . . . . . . . . . 53

v

**EXHIBIT 2 PAGE 31**

L0VE00415



Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976)
54 Cal.App.3d 104 . . . . . . . . . . . . . . 37,39,40,43

Rowland v. Christian (1968) 69 Cal.2d 108 . . .    2,29,30,
                                                   32,33,34,
                                                   35,36,37,
                                                   38,43,58

Saunders v. Cariss (1990) 224 Cal.App.3d 905  . . . . 24

Shoemaker v. Meyers (1990) 52 Cal.3d 1 . . . . . . . 3

Stop Youth Addiction v. Lucky Stores (1998) 17
Cal.4th 553 . . . . . . . . . . . . . . . . . . 59

Tatum v. Southern Pacific (1967) 25 Cal.App.2d 40 . 16,68

Vasquez v. Residential Investments, Inc. (2004) 118
Cal.App.4th 269 . . . . . . . . . . . . . . . . 27

Weirum v. RKO General, Inc. (1975) 15 Cal.3d 40 . . 29,30

Weiss v. Marcus (1975) 51 Cal.App.3d 590 . . . . . . 62

Westside Center Associates v. Safeway Stores 23, Inc.
(1996) 42 Cal.App.4th 507 . . . . . . . . . . . 54

Wilhelm v. Pray, Price, Williams & Russell (1986)
186 Cal.App.3d 1324 . . . . . . . . . . . . . 25

Willard v. Caterpillar, Inc. (1995) 40
Cal.App.4th 892 . . . . . . . . . . . . . . . 45

Williams v. State of California (1983) 34 Cal.3d
18  . . . . . . . . . . . . . . . . . . . . . 27

### Federal Cases

Adickes v. S.H. Kress & Co. (1970) 398 U.S. 144 . . . 48

Butz v. Economou (1978) 438 U.S. 478 . . . . . . . 63

Dennis v. Sparks (1980) 449 U.S. 24 . . . . . .    2,41,45,
                                                   46,47

Stump v. Sparkman (1978) 435 U.S. 349 . . . . . . . 63,67

**EXHIBIT 2 PAGE 32**

LOVE00416

## California Statute

Business & Professions Code §6128 . . . . . . . . . 44,55
Business & Professions Code §17200 . . . . . . . . . 59
Business & Professions Code §17203 . . . . . . . . . 59
Civil Code §52.1 . . . . . . . . . . . . 47,48,49
Civil Code §1709 . . . . . . . . . . . . . 50,51
Civil Code §1714 . . . . . . . . . 2,28,29,38,43,45
Civil Code §2223 . . . . . . . . . . . . . 61,62
Civil Code §2224 . . . . . . . . . . . . . 61,62

## Federal Statute

42 U.S.C. §1983 . . . . . . . . . . . . . . 41,46,47,48

## California Rules of Court

Rule 244 . . . . . . . . . . . . . . . 19,43,55

## California Rules of Professional Conduct

Rule 5-300(A) . . . . . . . . . . . . 25,26,45,55
Rule 1-710 . . . . . . . . . . . . . . . . 55

## Treatise

Witkin, Cal.Summary 11, Equity, §93 . . . . . . . . 59

## Other

Webster's New Twentieth Century Dictionary, 2nd Ed. . 49

**EXHIBIT 2 PAGE 33**

L0VE00417

## I. INTRODUCTION

The within appeal is by Plaintiff, Frank E. Rogozienski, from an Order Sustaining Defendants James D. Allen's And S. Michael Love's Demurrers To First Amended Complaint, And Each Cause Of Action Without Leave To Amend [Appellant's Appendix, Vol. II, Tab 27, p. 448-454][1] [herein the "Order"] and a Judgment Of Dismissal [AA II, 28, 455-458] [herein the "Judgment"] entered after the trial court sustained the general demurrers of Defendants, S. Michael Love [herein "Mr. Love"] and James D. Allen, [herein "Mr. Allen"] without leave to amend as to all causes of action.

As an overall matter, the trial court erred in holding that no intentional or negligence tort claim could be maintained against Mr. Love finding that, as an attorney, he owed no duty of care to Plaintiff, and that there were no circumstances included or which could be added to Plaintiff's complaint from which the court would conclude that a duty was owed to Plaintiff by Mr. Love [RT 32:5-9].[2]  In so ruling, the trial court made no

---

[1]All references to Appellant's Appendix herein "AA" followed by Volume No., Tab and page references.

[2]All references to Reporter's Transcript herein "RT" followed by page and line references.

1

**EXHIBIT 2 PAGE 34**

LOVE00418

distinction between:

(A) intentional misconduct where there exists at law "a general duty to refrain from committing intentionally tortious conduct" [LiMandri v. Judkins (1997) 52 Cal.App.4th 326, 348 (reversing trial court's sustaining of general demurrer to cause of action for intentional interference with an existing contractual relationship); Cicone v. URS Corp. (1986) 183 Cal.App.3d 194, 201 (holding that "everyone has a duty to refrain from committing intentionally tortious conduct against another"); Dennis v. Sparks (1980) 449 U.S. 24 (holding that private parties conspiring with judge could be held liable in a civil rights action for conspiracy to bribe the judge); and Civil Code §1714 ("Everyone is responsible ... for the result of his willful acts ...")]; and

(B) negligent conduct where Civil Code §1714 provides that "[e]veryone is responsible ... for an injury occasioned to another by his want of ordinary care or skill in management of his ... person ..."), and further conducted no balancing of the factors enumerated in Rowland v. Christian (1968) 69 Cal.2d 108, 112.

The trial court also erred in holding that no claims could be maintained against Mr. Allen finding that, as a

2

EXHIBIT 2 PAGE 35

LOVE00419

temporary judge part of his time, he was entitled to judicial immunity as to all of Plaintiff's claims.[3]

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Because this is an appeal of a judgment of dismissal [AA II, 28, 455-458] entered after the sustaining of a general demurrer, this Court "... accept[s] as true all the material allegations of the complaint" [Shoemaker v. Meyers (1990) 52 Cal.3d 1, 7].   Here, Plaintiff's complaint alleges as follows:

### A.  The Underlying Proceeding

Plaintiff was married in 1982, and in October, 1997, Plaintiff's then spouse [herein the "Petitioner"] brought a Petition for Dissolution of their marriage [herein the "Underlying Proceeding"]. In the Underlying Proceeding, Mr. Love acted as attorney for Petitioner until February, 2005, when he withdrew as Petitioner's attorney of record [AA I, 2, 14].

---

[3]It would follow from the fact the trial court sustained the general demurrer of Mr. Allen solely on the grounds that Plaintiff's claims were barred by the doctrine of judicial immunity, that the court also first found that Mr. Allen had breached a duty owing to plaintiff to which judicial immunity was, in the belief of the trial court, a bar to recovery by Plaintiff.  See Section VA1(b) "Interplay Between Duty And Immunity", *infra*.

3

**EXHIBIT 2 PAGE 36**

L0VE00420

## B. Agreement To Employ And To Pay Mr. Allen

In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to the entry of an order that Mr. Allen could act as temporary judge in the Underlying Proceeding and (b) that all costs of Mr. Allen shall be borne by them, with each paying one-half the cost of the services of Mr. Allen. Although, no hourly rate or fee amount was expressly set forth in the written agreement, the agreement was that Plaintiff would pay one-half of Mr. Allen's services in the Underlying Proceeding at Mr. Allen's normal and customary billing rate as an attorney on a fee-for-service basis. Between June 1998 and August 4, 1998, and prior to his appointment as temporary judge, Mr. Allen performed services and charged fees which were paid under Plaintiff's and Petitioner's agreement one-half by Plaintiff and one-half by Petitioner. Mr. Allen served as temporary judge from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause. Mr. Allen submitted billings to Plaintiff as a lawyer on the letterhead of Allen-Magidson [AA I, 2, 15].

4

**EXHIBIT 2 PAGE 37**

LOVE00421

C. Harold S. Bottomley

Harold S. Bottomley [herein "Mr. Bottomley"], an attorney, had been an associate of Mr. Allen's former law firm on two occasions for a number of years during the 1980's and then again for several years in the 1990's. Mr. Allen and Mr. Bottomley were good friends, and with their respective families, regularly socialized together. Mr. Allen and Mr. Bottomley shared Charger tickets. Mr. Allen and Mr. Bottomley had referred cases to each other. Plaintiff's complaint alleges that Mr. Bottomley acted as the strawman in the transfer to Mr. Allen of the Loves' Unit 850A one-half interest in Warner Springs Ranch [AA I, 2, 15-16].

D. Relationships Between Mr. Love and Mr. Allen

Mr. Allen and Mr. Love were well acquainted, had a social relationship, and at times were officers and members of the same associations. They were on a first name basis. Mr. Love had been to Mr. Allen's home. Neither made any disclosure of these relationships, and Plaintiff did not learn of these relationships prior to Mr. Allen's withdrawal in March 2003 as temporary judge in the Underlying Proceeding [AA I, 2, 16].

E. Mr. Allen's Interest in Warner Springs Ranch

Sometime prior to November 2001, Mr. Bottomley and

his family visited the Alisol Ranch near Santa Barbara, and thereafter Mr. Bottomley discussed with Mr. Allen how much they had enjoyed it. Mr. Allen and Mr. Bottomley agreed they would share a trip there together [AA I, 2, 16].

Between October 24, 2001 and November 19, 2001, Mr. Allen, acting in his role as then temporary judge in the Underlying Proceeding, presided over elements of the trial in the Underlying Proceeding. Mr. Love was Petitioner's lead trial attorney in that trial [AA I, 2, 16-17].

In about November 2001, Mr. Bottomley took his family to Warner Springs Ranch, and as a result of that experience and because it was much closer and considerably less expensive than the Alisol Ranch, became interested in becoming a member. Mr. Allen and Mr. Bottomley then had discussions about inquiries Mr. Bottomley was making concerning acquiring a membership in Warner Springs Ranch, and how it would be very nice if both of them were members so they could go there together with their respective families. Mr. Bottomley was made aware that Warner Springs Ranch Realty was offering half-interests in Warner Springs Ranch for $2,500 [AA I, 2, 17].

6

**EXHIBIT 2 PAGE 39**

LOVE00423



F. <u>The Conspiracy Between Mr. Love and Mr. Allen</u>

In or about the Summer of 2001, but no later than November or early December of 2001, Mr. Allen and Mr. Love entered into a conspiracy [herein the "Conspiracy"] to benefit themselves and others with whom they were associated. A purpose of the Conspiracy was for Mr. Love to make a gift to Mr. Allen of the Loves' interest in Warner Springs Ranch in violation of Mr. Allen's and Mr. Love's ethical and other obligations, and to conceal the fact of such gift [AA 1, 2, 17-18].

In about November or early December 2001, Mr. Allen had a conversation with Mr. Love about Warner Springs Ranch. Mr. Love told Mr. Allen he was interested in divesting himself of his membership in Warner Springs Ranch since his children were grown and Mr. Love and his wife had recently joined the San Diego Country Club and were not using Warner Springs Ranch any longer. Mr. Allen told Mr. Love of Mr. Bottomley's interest, called Mr. Bottomley, advised him of Mr. Love's comments, and suggested Mr. Bottomley call Mr. Love. At the time, the Loves owned two independent and separate half-interests or memberships in the Ranch, namely Unit 850A and Unit 1546B. The "A" Unit permitted use of the Ranch and its facilities during odd months of the year and the "B" Unit

7

**EXHIBIT 2 PAGE 40**

LOVE00424

permitted use during even months of the year. [AA I, 2, 18].

At a Christmas party at Mr. Allen's residence in December 2001 attended by the Loves; Mr. Bottomley spoke with the Loves about Warner Springs Ranch, the Bottomleys' recent visit there, and the things the Ranch had to offer. The Loves discussed their membership, that they weren't using it anymore and would Mr. Bottomley and his wife be interested in assuming the Loves' interest and the monthly membership fees. It is believed that Mr. Allen knew at the time of this discussion that Mr. Love was talking to Mr. Bottomley about the Loves' interest in Warner Springs Ranch [AA I, 2, 18].

At the end of the Christmas party, and after the other guests had left, Mr. Bottomley stayed behind and spoke with Mr. Allen about his discussion with Mr. Love earlier that evening, and that he was going to acquire the Loves' interests in Warner Springs Ranch. Following the Christmas party, Mr. Bottomley and Mr. Allen discussed that if Mr. Bottomley acquired the Loves' interests at no cost, Mr. Bottomley would split the cost of whatever it would have cost Mr. Allen to acquire a full interest in the Ranch, so that each of them would have the same financial investment in their memberships

8

**EXHIBIT 2 PAGE 41**

LOVE00425

and split it that way. Their idea was that Mr. Bottomley and Mr. Allen would each have full memberships so they could use Warner Springs Ranch together during the same months. In these conversations, Mr. Bottomley also learned from Mr. Allen that Mr. Allen was acting as a temporary judge in the Underlying Proceeding where Mr. Love was representing a party [AA I, 2, 18-19].

Within a week or ten days after the Christmas party, Mr. Bottomley decided the $260 monthly cost of a full membership or interest in Warner Springs Ranch did not make good financial sense for him and his wife, and decided it would be better for them not to have a full [A and B] membership, but rather to have a B half-membership, and to see whether or not the A half-membership a part of what the Loves were going to convey, could be converted into a B half-membership to be given to Mr. Allen so that Mr. Allen could use the Ranch at the same time (during the same months) as the Bottomleys. Mr. Bottomley then spoke to Mr. Love about Mr. Bottomley and Mr. Allen each taking one of the Loves' two half memberships. And although Mr. Love allegedly told Mr. Bottomley at the time that "I really don't want to know any more about [your] business, [and] I can't do anything directly with Mr. Allen", he nevertheless wrote the below

9

**EXHIBIT 2 PAGE 42**

LOVE00426

letter of January 11, 2002 to Warner Springs Ranch and continued to work towards the transaction that placed the Loves' Unit 1546B one-half interest in the Bottomleys' names and the Loves' Unit 850A one-half interest in Mr. Allen's name. Mr. Allen was aware that both the half-interests were coming from the Loves [AA I, 2, 19-20].

In a letter dated January 11, 2002, Mr. Love solicited Warner Springs Ranch to be able to convert his A and B half-interests into two A or two B half-interests. Mr. Love sent a copy of his letter to Mr. Bottomley. In his letter Mr. Love states he "personally know[s] each of the families to whom [he is proposing to sell his half-interests] and each of the male members of the families are attorneys," a reference to Mr. Allen and Mr. Bottomley. At the time of Mr. Love's letter, Mr. Allen was separated or divorced, and it is believed that Mr. Love intentionally misled and deceived Warner Springs Ranch by characterizing his intended gift to Mr. Allen of an interest in Warner Springs Ranch as a "sale" to unnamed "families" [AA I, 2, 20].

Following Mr. Love's letter, Mr. Bottomley's contemporaneous handwritten notes reflect a telephone discussion with Mr. Love on January 18, 2002. In this conversation, Mr. Love told Mr. Bottomley that the Ranch

10

**EXHIBIT 2 PAGE 43**

LOVE00427

would not allow conversion of the Loves' two half-interests into either two A's or two B's. Mr. Bottomley then asked Mr. Love if he could find out what it would cost to upgrade the half-interest going to Mr. Allen to a full interest. Mr. Bottomley discussed what Mr. Love had told him with Mr. Allen [AA I, 2, 20].

Mr. Bottomley's contemporaneous handwritten notes also reflect a telephone discussion with Mr. Love on January 23, 2002. In this conversation Mr. Love told Mr. Bottomley of a "trade-up" option which Warner Springs Ranch was offering, whereby an owner of an A or a B half-interest could trade that one half-interest up to a full (A and B) membership for $850. Mr. Bottomley then discussed this with Mr. Allen [AA I, 2, 20-21].

Before transfer of the Loves' two half-interests in Warner Springs Ranch, Mr. Allen agreed with Mr. Bottomley that he (Mr. Allen) would take one of the Loves' one-half-interests, and use it to "trade-up" (with $850) for a full membership. This would permit Mr. Allen to use the Ranch during the same months when Mr. Bottomley would also be using the facilities. At the time Mr. Allen agreed with Mr. Bottomley to take one of the Loves' half-interests, Mr. Allen knew Mr. Bottomley was getting both half interests from Mr. Love, that Mr. Bottomley did not

11

**EXHIBIT 2 PAGE 44**

LOVE00428

intend to keep both half-interests himself, and that Mr. Bottomley intended to immediately transfer one of the Loves' half interests to Mr. Allen. Both Mr. Allen and Mr. Love knew that Mr. Bottomley was acting as a strawman in the gift to Mr. Allen of the Loves' Unit 850A one-half interest in Warner Springs Ranch [AA I, 2, 21].

### G. The Gift to Mr. Allen of the Loves' One-Half Interest in Warner Springs Ranch

By Quitclaim Deeds signed February 8, 2002, (a) the Loves transferred to Mr. Bottomley and his wife the Loves' Unit 1546B one-half interest in Warner Springs Ranch, and (b) the Loves transferred to Mr. Bottomley (and not Mrs. Bottomley) the Loves' Unit 850A one-half interest in Warner Springs Ranch. Both Quitclaim Deeds were recorded by Mr. Bottomley on February 22, 2002. Both Mr. Love and Mr. Allen knew the reason for the transfer of the Loves' Unit 850A one-half interest in Warner Springs Ranch to only Mr. Bottomley, and not to Mr. Bottomley and his wife, was that Mr. Bottomley was acting as a strawman for the transfer of that interest through to Mr. Allen, its intended recipient [AA I, 2, 21-22].

By Quitclaim Deed signed March 15, 2002, Mr. Bottomley transferred to Mr. Allen the Loves' Unit 850A one-half interest in Warner Springs Ranch. This

12

**EXHIBIT 2 PAGE 45**

LOVE00429

Quitclaim Deed was recorded March 18, 2002 [AA I, 2, 22].

Mr. Bottomley did not prepare any of the deeds which transferred the Loves' half-interests in Warner Springs Ranch. Mr. Love (or someone on his behalf) prepared the Quitclaim Deed from the Loves, and Mr. Allen (or someone on his behalf) prepared the Quitclaim Deed to himself. Mr. Bottomley explained to Mr. Love his intention of transferring the Loves' Unit 850A one-half interest to Mr. Allen so Mr. Allen could use that half-interest to upgrade to a full membership. Mr. Bottomley further explained to Mr. Love that because he [Mr. Bottomley] was simply passing Unit 850A on to Mr. Allen, it did not make sense for Mr. Love to prepare the Quitclaim Deed for that half-interest in Mr. Bottomley's and his wife's names, as Mr. Love was doing for the Loves' Unit 1546B one-half interest which Mr. Bottomley and his wife were keeping. Mr. Bottomley explained that it would be simpler if only he (and not Mr. Bottomley and his wife) had to sign the transfer through to Mr. Allen. The Quitclaim Deeds transferring the Loves' interests in Warner Springs Ranch recite they are "gifts" [AA I, 2, 22-23].

In February, 2002, Mr. Allen contacted Warner Springs Ranch to ask if it would be possible for him to "upgrade" the half-interest he was going to receive

13

**EXHIBIT 2 PAGE 46**

LOVE00430

through Mr. Bottomley to a full interest (so that he and Mr. Bottomley could utilize the Ranch facilities at the same time) [AA I, 2, 23].

On February 27, 2002, after receiving the recorded Quitclaim Deeds from the Loves back from the San Diego County Recorder's office, Mr. Bottomley faxed to Mr. Allen a copy of the Quitclaim Deed from the Loves for Unit 850A for Mr. Allen to prepare the deed conveying this Unit to himself.  It is believed that neither Mr. Love, Mr. Allen nor Mr. Bottomley took any steps to cause the records of Warner Springs Ranch to be changed to reflect this transaction because Defendants knew that Mr. Bottomley would immediately transfer the Loves' Unit 850A half-interest to Mr. Allen, its intended recipient [AA I, 2, 23].

In mid-March, 2002, Mr. Allen prepared and had Mr. Bottomley sign a Quitclaim Deed transferring the Loves' Unit 850A one-half interest to himself.  This deed recites it is a "gift".  Mr. Allen caused this deed to be recorded on March 18, 2002, however, it is believed, did not take any steps to cause the records of Warner Springs Ranch to be changed to reflect Mr. Allen's ownership of the Loves' Unit 850A [AA I, 2, 23].

After receiving back the recorded deed to Unit 850A

14

**EXHIBIT 2 PAGE 47**

LOVE00431

he had prepared from the San Diego County Recorder, in late March, 2002, and prior to May 20, 2002, Mr. Allen had communications with the Warner Springs Ranch Owners Association [the "Association"] to trade-up the Loves' Unit 850A into a new, full membership. Mr. Allen was informed that the title company had some questions regarding the transfer by the Loves. To resolve these questions, Mr. Allen called Mr. Love to discuss "some recordation problem," and asked that Mr. Love assist him in resolving a matter involving Unit 850A that had occurred when the Loves owned that Unit [AA I, 2, 23-24].

After the title problems were resolved, Mr. Allen signed a Grant Deed transferring the Loves' Unit 850A one-half interest in the Ranch to the Association. This deed recites it is a "1/2 interest Owner Trading Up." Sequentially with the recording of this deed on May 20, 2002, a Corporation Grant Deed from the Association was recorded transferring a full interest [new Unit 4257] in the Ranch to Mr. Allen. It is believed at this time the records of the Association were first changed to show Mr. Allen as a new member, owning Unit 4257 [AA I, 2, 24].

The circuitous movements Defendants orchestrated of the Loves' Unit 850A one-half interest in Warner Springs Ranch effectively laundered this transaction so as to

15

**EXHIBIT 2 PAGE 48**

LOVE00432

obscure this gift to Mr. Allen [AA I, 2, 24].

### H.    Disqualification of Mr. Allen

Defendants knew, or should have known, that making the gift to Mr. Allen of the Loves' Unit 850A one-half interest in Warner Springs Ranch [herein the "Gift"] would result in Mr. Allen being disqualified from acting as temporary judge in the Underlying Proceeding. Defendants further knew, or should have known, that once made, the Gift to Mr. Allen disqualified him from further acting as temporary judge in the Underlying Proceeding [AA I, 2, 24-25].

Mr. Allen's acceptance of the Gift in March 2002 immediately disqualified him from acting as temporary judge in the Underlying Proceeding.[4] Plaintiff alleges that the making, and Mr. Allen's acceptance, of the Gift was not a judicial act, was not done in the course of the conduct of the Underlying Proceeding and was not done to achieve the legitimate objectives of the Underlying Proceeding [AA I, 2, 25].

_____

[4] Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40, 42 (holding it is the fact of disqualification which controls, not subsequent action on that disqualification); and Giometti v. Etienne (1934) 219 Cal. 687, 688-689.

16

**EXHIBIT 2 PAGE 49**

LOVE00433

## I. Concealment and Failure to Disclose the Gift.

In a telephone status conference in the Underlying Proceeding on April 30, 2002, Mr. Allen, acting in his role as then temporary judge in the Underlying Proceeding, stated "... insofar as fees [including for Mr. Love] are concerned, that's one of the other issues that I'm still struggling with and I'm still looking at some of the pleadings and kind of going through my notes". Although both knew, neither Mr. Allen nor Mr. Love made any disclosure of the Gift which had been made to Mr. Allen in March of 2002. Both Mr. Love and Mr. Allen further concealed that Mr. Allen was at the time disqualified from acting as temporary judge [AA I, 2, 25].

On October 11, 2002, Mr. Allen, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the Underlying Proceeding to receive evidence on certain issues he had reserved from the trial in October - November 2000. The trial on these issues was completed on that date. At this hearing, Mr. Allen stated he would order Plaintiff to pay $250,000 of Petitioner's attorneys' fees and costs, including fees for Mr. Love. Although both knew, neither Mr. Love nor Mr. Allen made any disclosure of the Gift which had been

17

EXHIBIT 2 PAGE 50

LOVE00434

made to Mr. Allen in March of 2002. Both Mr. Love and Mr. Allen further continued to conceal that Mr. Allen was at the time disqualified from acting as temporary judge [AA I, 2, 25-26].

Mr. Allen, acting in his role as then temporary judge in the Underlying Proceeding, on October 23, 2002, issued his Amended Statement Of Decision and on November 12, 2002, signed and issued his Second Amended Statement Of Decision and the final Judgment. Although both knew, neither Mr. Love nor Mr. Allen made any disclosure at these times of the Gift which had been made to Mr. Allen in March of 2002. Both Mr. Love and Mr. Allen further continued to conceal that Mr. Allen was at these times disqualified from acting as temporary judge [AA I, 2, 26].

On December 17, 2002, Mr. Love met privately with Mr. Allen, without notice, and obtained Mr. Allen's signature on certain orders which permitted the immediate issuance, over the counter, of a writ of execution on Plaintiff's separate and share of the community property, and which permitted the levy on assets held in Plaintiff's Family Trust. There is no transcript of what Mr. Allen and Mr. Love discussed. Mr. Love thereafter aggressively pursued immediate enforcement and collection

18

**EXHIBIT 2 PAGE 51**

LOVE00435

of the final Judgment Mr. Allen had entered in the Underlying Proceeding, which Judgement Mr. Love knew, and continued to conceal and did not disclose, had been made and was being enforced with orders made after Mr. Allen was disqualified from acting as temporary judge in the Underlying Proceeding. Mr. Love and Mr. Allen benefitted from this involuntary taking of property from Plaintiff in that, among other things, Plaintiff's separate property and share of community property was used for payment and reimbursement of their fees and expenses. Other payments and transfers of assets were further compelled of Plaintiff through the action of Mr. Love and those assisting Mr. Love[5] [AA I, 2, 26-27].

On March 7, 2003, during a post-judgment hearing in the Underlying Proceeding attended by Mr. Love, Plaintiff's counsel objected to Mr. Allen presiding at the hearing inasmuch as Mr. Allen had not made a certification (under California Rules of Court Rule 244(b)).[6] Although both knew, neither Mr. Allen nor Mr.

---

[5]Although not expressly alleged in Plaintiff's complaint, Mr. Love and those assisting him wrote threatening letters to Plaintiff intended to coerce, and which did coerce, Plaintiff into immediately giving up property in Plaintiff's possession.

[6]Although not specifically alleged in Plaintiff's complaint, at this hearing Mr. Love discouraged Mr. Allen from making a Rule 244(b) certification, intending to

19

EXHIBIT 2 PAGE 52

LOVE00436

Love made any disclosure of the Gift of the Loves' Unit 850A half-interest in Warner Springs Ranch which had been made to Mr. Allen in March of 2002, and continued to conceal that Mr. Allen was at these times disqualified from acting as temporary judge [AA I, 2, 27].

Prior to Mr. Allen filing his Statement Of Withdrawal in the Underlying Proceeding on March 23, 2003, neither Mr. Allen nor Mr. Love had disclosed the Warner Springs Ranch transactions. Mr. Allen has refused to answer why he did not disclose these transactions [AA I, 2, 27].[7]

Since Mr. Allen was given the Loves' Unit 850A half-interest in Warner Springs Ranch in March 2002, Mr. Allen has used the Ranch facilities on multiple occasions [AA I, 2, 28].

### J. Setting Aside of Mr. Allen's Rulings

As a result of the Gift, Mr. Allen was disqualified, and rulings he made while acting in his role as then

---

further cover up and conceal the fact of the Gift and that Mr. Allen was then disqualified from acting as temporary judge in the Underlying Proceeding. On March 7 and 10, 2003, Plaintiff also served a formal Request For Disclosure [AA I, 1, 1-7], to which neither Mr. Allen nor Mr. Love responded [see paragraphs 6 and 21 of Appellant's Petition For Writ Of Coram Vobis filed March 23, 2003 in related case number D042201].

[7]Plaintiff was unable to depose Mr. Love [AA I, 1, 9-11].

20

**EXHIBIT 2 PAGE 53**

LOVE00437

temporary judge have been set aside by the Judge of the Superior Court who replaced Mr. Allen in the Underlying Proceeding, and a new trial has been ordered on these set aside rulings [AA I, 2, 28].[8]

K. **Mr. Allen's Statements to the Press**

It is believed that in or about September and October 2003, and after Mr. Allen filed his Statement of Withdrawal in the Underlying Proceeding, Mr. Allen and Mr. Allen's counsel spoke with one or more reporters and made threatening, misleading and disparaging remarks about the truth of Mr. Allen's involvement in the Gift. It is believed that Mr. Allen and Mr. Allen's counsel made these statements as a part of and in furtherance of the Conspiracy, to discredit Plaintiff and coerce Plaintiff into accepting Mr. Allen's rulings, and to bolster and support actions Mr. Allen had previously taken in his judicial capacity. In speaking with the press, Mr. Allen was not acting in his judicial capacity or in the course of the conduct of the Underlying Proceeding, or to achieve the legitimate objectives of the Underlying Proceeding [AA I, 2, 28].

---

[8]Since the time Plaintiff's complaint was prepared, this Court has also set aside earlier rulings by then temporary judge Allen.  See Appeal Nos. D041355 and D045626.

21

**EXHIBIT 2 PAGE 54**

LOVE00438

### L. Plaintiff's Economic Damages

As a result of the Gift and Defendants' concealment and nondisclosure of this transaction and the fact of the disqualification of Mr. Allen, Plaintiff has lost fees, costs and expenses paid in the prior trial on the now set-aside rulings, and the depreciation and loss in the value and use of assets which were involuntarily taken from Plaintiff under the now set-aside rulings. In addition, Plaintiff has incurred and will be required to continue to incur the fees, costs and expenses of having a new trial on Mr. Allen's set-aside rulings [AA I, 2, 29].

### M. Plaintiff's Non-Economic Injuries

Plaintiff's complaint alleges that as a result of the actions and conduct of Defendants, Plaintiff has suffered and continues to suffer serious and severe emotional distress [AA I, 2, 29].

### N. No Judicial Immunity

Plaintiff alleges that except where otherwise expressly stated to the contrary, the actions and conduct of Mr. Allen alleged in Plaintiff's complaint were not done by Mr. Allen in his role or capacity as a judicial officer. Plaintiff alleges that the actions and conduct on which Mr. Allen is sued are not judicial acts [AA I,

22

**EXHIBIT 2 PAGE 55**

LOVE00439

, 2, 29].

### O. No Litigation Privilege

Plaintiff alleges that the actions and conduct on which Defendants are sued were not done in the course of the conduct of the Underlying Proceeding and were not done to achieve the legitimate objectives of the Underlying Proceeding [AA I, 2, 29].

### III. STATEMENT OF APPEALABILITY

On October 19, 2005, Judge Joan M. Lewis entered the Order [AA II, 27, 448-454] and Judgment Of Dismissal [AA II, 28, 455-458], which terminated the Superior Court action. On January 4, 2006, Plaintiff timely filed a Notice Of Appeal as to the Order and Judgment Of Dismissal.

### IV. STANDARD OF REVIEW

This Court conducts a *de novo* review to the extent the Trial Court's rulings are questions of law; and further, assumes the truth of all facts properly pleaded by Plaintiff [Blank v. Kirwan (1985) 39 Cal.3d 311, 318].

### V. DISCUSSION

In reviewing a judgment of dismissal following the sustaining of a demurrer without leave to amend, this Court's task "is to determine whether the complaint states, or can be amended to state, a cause of action.

23

EXHIBIT 2 PAGE 56

L0VE00440

For that purpose [the Court] accept[s] as true the properly pleaded material factual allegations of the complaint, together with facts that may properly be judicially noticed [citations] [Crowley v. Katleman (1994) 8 Cal.4th 666, 672], "including the allegations of negligence and cause in fact" [J'Aire Corp. v. Gregory (1979) 24 Cal.3d 799, 803]. In addition "[i]t has long been established that in ruling on a demurrer, the trial court is obligated to look past the form of a pleading to its substance. Erroneous or confusing labels attached by the inept pleader are to be ignored if the complaint pleads facts which would entitle the plaintiff to relief (citation). 'It is not what a paper is named, but what it is that fixes its character' (citation)" [Saunders v. Cariss (1990) 224 Cal.App.3d 905, 908].

### A. Liability For Negligence
#### (Plaintiff's Twelfth Cause of Action)

The trial court sustained Mr. Love's demurrer to the twelfth cause of action for negligence "as the court conclude[d] Mr. Love owed no duty to plaintiff and plaintiff cannot sue for damages for conduct that allegedly violated the Rules of Professional Conduct" [AA II, 27, 451]. The trial court's ruling was in error for the following reasons:

24

**EXHIBIT 2 PAGE 57**

LOVE00441

1.  Cause of Action for Negligent Breach of Duty of
Care to Refrain from Engaging in Conduct which would
Disqualify Then Temporary Judge Allen.[9]   Although no
published decision has directly addressed this point,
Appellant submits that it is axiomatic that an attorney
for a party in a lawsuit owes a duty of care to parties
in that lawsuit to refrain from engaging in conduct which
would disqualify the judge presiding over the matter in
which they are appearing.  This is consistent with Rule
5-300(A) of the Rules of Professional Conduct which
provides that:

> "A member [of the State Bar] shall not
> directly or indirectly give ... anything of
> value to a judge [or] official ... of a
> tribunal ..."

And although the fact that a member of the State Bar has
engaged in conduct that may be contrary to the Rules of
Professional Conduct does not *automatically* give rise to
a civil cause of action [see Noble v. Sears Roebuck & Co.
(1973) 33 Cal.App.3d 654; and Wilhelm v. Pray, Price,
Williams & Russell (1986) 186 Cal.App.3d 1324], these

---

[9]There are two duties alleged in Plaintiff's
Complaint: the duty to refrain from committing wrongful
conduct (discussed in this section of Appellant's Opening
Brief); and the duty to disclose the fact of that
wrongful conduct (discussed in Section VA2 *infra*).  The
trial court did not address the duty to refrain, and
focused instead on the duty to disclose.

25

**EXHIBIT 2 PAGE 58**

LOVE00442

rules, and in particular Rule 5-300(A), set forth what Appellant submits is the public policy and standard of care in this State. Moreover, the rules are not intended to supersede existing law relating to members in non-disciplinary contexts [see, e.g., <u>Klemm v. Superior Court</u> (1977) 75 Cal.App.3d 893 (motion for disqualification of counsel due to a conflict of interest); <u>Academy of California Optometrists, Inc. v. Superior Court</u> (1975) 51 Cal.App.3d 999 (duty to return client files); and <u>Chronometrics, Inc. v. Sysgen, Inc.</u> (1980) 110 Cal.App.3d 597 (disqualification of member of State Bar appropriate remedy for improper communication with adverse party)].

Here, it is Mr. Love's conduct which gives rise to liability, independent of the fact his actions were also a violation of the Rules of Professional Conduct.

        (a)    <u>Elements of Cause of Action for Negligence</u>.

"The elements of a cause of action for negligence are: the 'defendant had a duty to use due care, that he [or she] breached that duty, and that the breach was the proximate or legal cause of the resulting injury [Citation]'. [Citation]. '[E]very [negligence] case is governed by the rule of general application that all persons are required to use ordinary care to prevent

26

**EXHIBIT 2 PAGE 59**

LOVE00443

others from being injured as the result of their conduct'
[Citation].    The existence of a legal duty to use
reasonable care in a particular factual situation is a
question of law for the court to decide. [Citation]"
[Vasquez v. Residential Investments. Inc. (2004) 118
Cal.App.4th 269, 278].

    (b)    Interplay Between Duty And Immunity.

    "Although related, the concepts of duty and immunity
... invoke separate analyses. ... Consequently, '[i]n
sorting out the issues presented, [the Court] must follow
a logical sequence of inquiry, keeping in mind that
conceptually, questions of statutory immunity do not
become relevant until it has been determined that the
government entity owes a duty of care to the plaintiff
and would be liable in the absence of such immunity. ...
(citations)" [Ma v. City and County of San Francisco
(2002) 95 Cal.App.4th 488, 502; Williams v. State of
California (1983) 34 Cal.3d 18, 22; Adams v. City of
Fremont (1998) 68 Cal.App.4th 243, 263].

    (c)    Doctrinal Basis for Determining Tort
Liability - Existence of Duty.

    "A court determines whether a duty is imposed by law
as a matter of policy.  The Supreme Court has explained:
''To say that someone owes another a duty of care ''' is

27

EXHIBIT 2 PAGE 60

LOVE00444

a shorthand statement of a conclusion, rather than an aid to analysis in itself. ... '[D]uty' is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'. (citation)' (citation) '[L]egal duties are not discoverable facts of nature, but merely conclusory expressions that, in cases of a particular. type, liability should be imposed for damage done.' (citation)'" [Friedman v. Merck & Co. (2003) 107 Cal.App.4th 454, 464].

"Since 1872, the fundamental principle underlying common law tort doctrine has been codified in Civil Code section 1714: 'Every one is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in management of his property or person, except so far as the latter has, willful or by want of ordinary care, brought the injury upon himself'" [Ma v. City and County of San Francisco, supra at 503]. And, "based on its primacy as a statute, it has been repeated countless times over decades by our high court that, since Civil Code section 1714 allows for no exception from its language establishing a general duty of care applicable

28

**EXHIBIT 2 PAGE 61**

LOVE00445

to all, no exceptions should be created by the courts unless clearly supported by public policy (citations)" [*Id*]. "[I]t is clear that in the absence of statutory provision declaring an exception to the fundamental principle enunciated by section 1714 of the Civil Code, no such exception should be made unless clearly supported by public policy (citation)" [Rowland v. Christian, *supra* at 112].

"A duty of care may arise through statute or by contract. Alternatively, a duty may be premised upon the general character of the activity in which the defendant engages, the relationship between the parties or even the interdependent nature of human society (citation)" [J'Aire Corp. v. Gregory, *supra* at 803].

"Any number of considerations may justify the imposition of duty in particular circumstances, including the guidance of history, our continually refined concepts of morals and justice, the convenience of the rule, and social judgment as to where the loss should fall (citation)" [Weirum v. RKO General, Inc. (1975) 15 Cal.3d 40, 46]. "Generally speaking, standards relevant to the determination of duty in one particular situation may not be applied mechanically in other cases" [*Id* f/n 4]. And "[w]hile the question whether one owes a duty to another

29

EXHIBIT 2 PAGE 62

LOVE00446

must be decided on a case by case basis (f/n), every case is governed by the rule of general application that all persons are required to use ordinary care to prevent others from being injured as a result of their conduct (citation) [*Id*].    In the absence of overriding policy considerations foreseeability of risk of harm is of primary importance in establishing the element of duty [*Dillon v. Legg* (1968) 68 Cal.2d 728, 739; *Weirum v. RKO General, Inc.*, *supra* at 46].

        (d)   <u>Traditional Duty Analysis</u>

"Since <u>Rowland</u> was decided, its innumerable judicial descendants have adopted the <u>Rowland</u> court's multi-element duty assessment in determining whether a particular defendant owed a tort duty to a given plaintiff (f/n).    These factors include: (1) the foreseeability of harm to the injured party; (2) the degree of certainty that the injured party suffered harm; (3) the closeness of the connection between the defendant's conduct and the injury suffered; (4) the moral blame attached to the defendant's conduct; (5) the policy of preventing future harm; (6) the extent of the burden to the defendant; and (7) the consequences to the community of imposing a duty to exercise care, with resulting potential liability (citation)" [<u>Ma v. City and</u>

30

EXHIBIT 2 PAGE 63

L0VE00447

County of San Francisco, *supra* at 113].

Considering separately each of these factors:

    (1)  <u>Foreseeability of Harm to Plaintiff</u>.

"Foreseeability, when analyzed to determine the existence of scope of duty, is a question of law to be decided by the court" [<u>Ann M. v. Pacific Plaza Shopping Center</u> (1993) 6 Cal.4th 666, 678]. "''Foreseeability is not measured by what is more probable than not, but includes whatever is likely enough in the setting of modern life that a reasonably thoughtful [person] would take account of its in guiding practical conduct (citation).'' Moreover, 'what is required to be foreseeable is the general character of the event or harm ... not its precise nature or manner of occurrence' (citation)" [<u>Pool v. City of Oakland</u> (1986) 42 Cal.3d 1051, 1063].

"'[A] court's task - in determining 'duty' - is not to decide whether a *particular* plaintiff's injury was reasonably foreseeable in light of a *particular* defendant's conduct, but rather to evaluate more generally whether the category of negligent conduct at issue is sufficiently likely to result in the kind of harm experienced that liability may appropriately be imposed on the negligent party' (citations)" [<u>Friedman v.</u>

31

EXHIBIT 2 PAGE 64

LOVE00448

Merck & Co., *supra* at 465].

"The duty calculus involves balancing foreseeability against several factors, including the extent of the burden to be imposed on the defendant. '''[I]n cases where the burden of preventing future harm is great, a high degree of foreseeability may be required' (citations)" [Nicole M. v. Sears Roebuck & Co. (1999) 76 Cal.App.4th 1238, 1245].

"If injury to another '''is likely enough in the setting of modern life that a reasonably thoughtful [person] would take account of it in guiding practical conduct'' (citations), [the Court] must label the injury 'reasonably foreseeable' and go on to balance the other Rowland [policy] considerations' (citation)" [Juarez v. Boy Scouts of America, Inc. (2000) 81 Cal.App.4th 377, 402].

Foreseeability cannot be seriously contested here. Both Mr. Love and Mr. Allen had personally participated in fourteen days of trial, and were aware that Mr. Allen had taken the matters tried under submission. In these circumstances, it was reasonably foreseeable: (i) that Plaintiff had incurred substantial expense in attorneys' fees and costs to Plaintiff's counsel, in fees and costs to Mr. Allen, in fees and costs to experts who had

32

**EXHIBIT 2 PAGE 65**

LOVE00449

testified, and in other trial related costs and expenses;
(ii) that acceptance by Mr. Allen of the Gift was an act
which would result in the immediate disqualification of
Mr. Allen from further acting as temporary judge in the
Underlying Proceeding; (iii) that Mr. Allen was required
to disqualify himself as soon as he accepted the Gift;
(iv) that once disqualified, Mr. Allen could no longer
act as a temporary judge in the Underlying Proceeding and
could not thereafter rule on the matters he had under
submission; and (5) that a replacement judge would be
required to retry the matter, resulting in the loss to
Plaintiff of fees, costs and expenses incurred in the
fourteen days of trial conducted before Mr. Allen and the
incurring of fees, costs and expenses of retrial.  There
was no burden on either Mr. Love nor Mr. Allen which
would limit foreseeability of harm to Plaintiff by their
refraining from making and accepting the Gift, and there
would be no burden imposed on an attorney for a party or
an attorney acting as a temporary judge to refrain from
making or accepting a gift in these circumstances in the
future.  Foreseeability of harm to a party litigant is
clear in the circumstances presented here, and this most
important element of the Rowland duty assessment clearly
weighs in favor of imposing a duty of care on Defendants

33

**EXHIBIT 2 PAGE 66**

in these circumstances.

       (2)   <u>The  Degree  of  Certainty  that</u>
<u>Plaintiff Suffered Injury</u>.

     The certainty that Plaintiff suffered injury cannot be seriously contested here.  Plaintiff sustained economic injury in, among other things, the monies paid to Mr. Allen, the monies Plaintiff was ordered to pay to Respondent in the Underlying Proceeding on account of attorney's fees paid to Mr. Love, the monies Plaintiff paid to his own counsel for work that must be redone, and the cost to retry the Underlying Proceeding before an independent judge.  Plaintiff also suffered the depreciation and loss in value and use of assets which were involuntarily taken from Plaintiff under rulings made when Mr. Allen was disqualified from acting as temporary judge.  Plaintiff has also sustained non-economic injury in the form of serious and severe emotional distress.  It is certain in the circumstances presented here that Plaintiff suffered injury by reason of the actions of Mr. Love and Mr. Allen, and this element of the <u>Rowland</u> duty assessment clearly weighs in favor of imposing a duty of care on Defendants in these circumstances.

34

**EXHIBIT 2 PAGE 67**

LOVE00451

(3)    <u>Closeness of the Connection Between Defendants' Conduct and the Injury Suffered</u>.

As noted in the foregoing paragraph, Plaintiff sustained substantial economic and non-economic injuries, all of which are as a direct and proximate result of Defendant's actions (a) in making and accepting the Gift which disqualified Mr. Allen, and (b) in thereafter pursuing rulings and orders from Mr. Allen after he was disqualified. Thus, this element of the <u>Rowland</u> duty assessment clearly weighs in favor of imposing a duty of care on Defendants in these circumstances.

(4)    <u>The Moral Blame Attached to Defendants' Conduct</u>.

Here, Mr. Love's conduct in the making of the Gift and Mr. Allen's conduct in the acceptance of that Gift is on its face and without doubt morally reprehensible, and a direct ethics violation. Corruption of the judicial process is *per se* morally reprehensible, and this element of the <u>Rowland</u> duty assessment clearly weighs in favor of imposing a duty of care on Defendants in these circumstances.

(5)    <u>The Policy of Preventing Future Harm</u>.

Here, there is a strong and compelling policy in favor of preventing future corruption of the judicial

35

**EXHIBIT 2 PAGE 68**

LOVE00452

process, and its attendant harm to the parties litigant
and the public's confidence in a fair and impartial
judiciary. Thus, this element of the <u>Rowland</u> duty
assessment clearly weighs in favor of imposing a duty of
care on Defendants in these circumstances.

> (6) <u>The Extent of the Burden to
> Defendants</u>.

As discussed in Section VA1(d)(1) under
"Foreseeability of harm to Plaintiff," *supra* there was no
burden on either Mr. Love nor Mr. Allen to refrain from
making and accepting the Gift, and there would be no
burden imposed on an attorney for a party or an attorney
acting as a temporary judge to refrain from a making or
accepting a gift in these circumstances in the future.
This element of the <u>Rowland</u> duty assessment clearly
weighs in favor of imposing a duty of care on Defendants
in these circumstances.

> (7) <u>The Consequences to the Community of
> Imposing a Duty to Exercise Care, with Resulting
> Potential Liability</u>.

The consequence to the community can only be
positive where attorneys representing a party in
litigation before an attorney acting as a temporary judge
have a duty to refrain from making and accepting a gift

36

**EXHIBIT 2 PAGE 69**

LOVE00453

in these circumstances, and the community can only benefit from the deterrent value of having liability imposed for a breach of this duty.  This element of the <u>Rowland</u> duty assessment clearly weighs in favor of imposing a duty of care on Defendants in these circumstances.

(8)  <u>Extent to Which the Transaction was Intended to Affect the Plaintiff</u>.

An additional factor considered in circumstances arising out of a "transaction" in which the defendant is not in privity with the injured party involves the extent to which the transaction was intended to affect the plaintiff. [See, e.g., <u>Biakanja v. Irving</u> (1958) 49 Cal.2d 647; and <u>Roberts v. Ball, Hunt, Hart, Brown & Baerwitz</u> (1976) 54 Cal.App.3d 104, 110-111 (holding that "[u]nder present California law, an attorney may owe a duty to a third person, and may be liable if the third person who was intended to be benefited by his performance is injured by his negligent execution of that duty.  'An attorney may be liable for damage caused by his negligence to a person intended to be benefited by his performance irrespective of any lack of privity of contract between the attorney and the party to be benefited. (Citation). The liability sounds in tort'")].

37

EXHIBIT 2 PAGE 70

LOVE00454

This element, if considered here, also weighs in favor of imposing a duty of care on Defendants inasmuch as the Underlying Proceeding may be considered the "transaction," which clearly was intended to affect Plaintiff.[10]

### (9) Balancing of Rowland Factors.

Here, all of the Rowland factors overwhelmingly weigh in favor of holding Defendants responsible for the injuries to Plaintiff occasioned by their want of ordinary care or skill in the management of their persons, and no exception should be created in these circumstances to this Civil Code §1714 statutorily imposed liability.

### (e) Response to Mr. Love's Mistaken Contention that an Attorney's Duty while Acting on Behalf of his Client, is Solely to his Client, and that an Attorney has no Duty to Third Persons.

"The extent of liability an attorney may incur toward third persons, while the attorney is acting on behalf of a client, has been the subject of divergent opinion in various American jurisdictions, the

---

[10]Note this factor does not require the "transaction" be intended to exclusively affect the plaintiff, or even that it be intended to benefit the plaintiff.

38

**EXHIBIT 2 PAGE 71**

LOVE00455

attorney's liability to third persons seem to fall into three factual situations:

First, where the attorney is involved in a transaction intended to benefit a third person not his client or in privity with the attorney [see, e.g. Lucas v. Hamm (1961) 56 Cal.2d 583 (holding attorney owes duty of care to intended beneficiary in drafting a will for his client); Heyer v. Flaig (1969) 70 Cal.2d 223 (same); and Biakanja v. Irving, supra (holding a notary public liable to the beneficiary of a will which was ineffective because of the notary's negligent supervision of its attestation)];

Second, where the potential harm to a third person from the attorney's professional negligence is reasonably foreseeable [see, e.g., Donald v. Garry (1971) 19 Cal.App.3d 769 (where an attorney for a collection agency who allowed a complaint to be dismissed for lack of prosecution was held liable to the creditor who assigned the claim to the agency for collection); Lysick v. Walcom (1968) 258 Cal.App.2d 136 (attorney hired by insurance carrier to defend the insured under the insurance policy owed duty to insured); Roberts v. Ball. Hunt. Hart. Brown & Baerwitz, supra (holding a law firm could be liable to a third party lender for negligent

40

**EXHIBIT 2 PAGE 73**

LOVE00456

misrepresentation in furnishing a letter containing incorrect and misleading data to its client, knowing the letter would be shown to prospective lenders in order to obtain a loan);and LiMandri v. Judkins, *supra* (holding attorney could be held liable for intentional interference with an existing contractual relationship)]; and

Third, where the attorney goes outside of ordinary court proceedings and beyond the role of an attorney representing a client and acts or conspires to injure a third person [see, e.g., Dennis v. Sparks, *supra* (holding that private parties conspiring with judge could be held liable in Section 1983 civil rights action for conspiracy to bribe the judge); and Burtscher v. Burtscher (1994) 26 Cal.App.4th 720, 727 (holding attorney liable for participation in scheme to dispossess the other spouse of her claimed property or possessory rights)].

Here, Plaintiff's complaint states causes of action falling within the second and third categories of attorney misconduct.

2. Cause of Action for Negligent Breach of Duty to Disclose the Fact of the Gift which had Disqualified then Temporary Judge Allen.

41

**EXHIBIT 2 PAGE 74**

LOVE00457

Although no published decision has directly addressed this point, the decision in LiMandri v. Judkins, supra, provides some guidance. In LiMandri, the court considered whether an attorney (Judkins) could be held liable for nondisclosure to an opposing party's attorney (LiMandri) of certain facts known to the attorney (Judkins) but not to the opposing party's attorney (LiMandri). In LiMandri, the Court found there was no duty of care because there was no fiduciary relationship, and there was no transaction or relationship between the parties which gave rise to a duty to disclose ("the fundamental problem with LiMandri's nondisclousre causes of action is that he alleges no such transaction or relationship with Judkins" [Id at 337). Here, however, the facts are quite different than in LiMandri. Here, the parties were involved in an ongoing judicial proceeding which Defendants continued to actively pursue after the Gift was made and accepted, and after Mr. Allen was disqualified from further acting as temporary judge in the Underlying Proceeding. Appellant submits that in these circumstances, where Defendants continue to actively seek rulings and orders knowing that Mr. Allen is disqualified from making such rulings and orders by

42

**EXHIBIT 2 PAGE 75**

his acceptance of the Gift, there is a duty to disclose the fact of the Gift to parties in the Underlying Proceeding. See Civil Code §1714 and each of the <u>Rowland</u> factors previously discussed in Section VA1(d) "Traditional Duty Analysis" establish this duty. Moreover, the additional factor considered in circumstances in which a "transaction" is involved and the attorney is not in privity with the injured party [see, e.g., <u>Biakanja v. Irving</u>, *supra*; <u>J'Aire Corp. v. Gregory</u>, *supra* at 804; <u>Roberts v. Ball, Hunt, Hart, Brown & Baerwitz</u>, *supra* at 110; and <u>Lucas v. Hamm</u>, *supra* at 588], namely, "the extent to which the transaction was intended to affect the plaintiff," also supports this duty to disclose. Here, the Underlying Proceeding was clearly intended to affect Plaintiff. See more detailed discussion under Section VA1(d)(8) "Extent to Which the Transaction was Intended to Affect the Plaintiff," *supra*. California Rule of Court Rule 244(c) is further consistent with this duty to disclose, which Appellant submits reflects the public policy of this State. Moreover, the duty to disclose in these circumstances does not conflict with an attorney's duty of loyalty to his client, since it is the attorney who participated in the misconduct and it is his actions to which the duty to

43

**EXHIBIT 2 PAGE 76**

LOVE00459

disclose applies. Moreover, no attorney-client communications are implicated in the attorney's duty to disclose the gift he made. Such duty to disclose is further consistent with an attorney's obligation under Business & Professions Code §6128(a) ["Every attorney is guilty of a misdemeanor who ... [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party"]. Appellant submits that this statutory enactment reflects what is the public policy of this State.

### B. Liability For Willful Misconduct And Intentional Infliction Of Injury
(Plaintiff's Eleventh Cause of Action)

The trial court sustained Mr. Love's demurrer to Plaintiff's Eleventh Cause of Action for willful misconduct and intentional infliction of injury "as the court conclude[d] Mr. Love owed no duty to plaintiff and plaintiff cannot sue for damages for conduct that allegedly violated the Rules of Professional Conduct" [AA II, 27, 451]. The trial court's ruling was in error for the following reasons:

1. General Duty to Refrain from Committing Intentionally Tortious Conduct.

As discussed in Section I "Introduction", supra, there exists at law "a general duty to refrain from

44

**EXHIBIT 2 PAGE 77**

LOVE00460

traditional view being that an attorney may not generally be held liable to third persons because he is not in privity with them, and owes them no duty to act with care (citation). A typical statement of this approach is that 'an attorney is not liable to third persons for acts committed in good faith in performance of professional activities as an attorney for his client.[11] If, however, an attorney is actuated by malicious motives, or shares the illegal motives of his client, he may be personally liable with the client for damage suffered by a third person as the result of the attorney's actions' (Fns. omitted) (citation)" [Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, supra at 109].

"California has long adopted the view that an attorney may not, with impunity, either conspire with a client to defraud or injure a third person or engage in intentional tortious conduct toward a third person (citations)" [Id].

The reported cases which have considered an

---

[11]Note that in order to make and maintain this contention, Mr. Love must establish that his actions in the making of the Gift to Mr. Allen were done while he was acting on behalf of his client, the Petitioner in the Underlying Proceeding. Not having filed his answer to Plaintiff's Complaint, Mr. Love's contention is premature in addition to being mistaken.

EXHIBIT 2 PAGE 72

LOVE00461

committing intentionally tortious conduct" [Civil Code §1714 ("Everyone is responsible ... for the results of his willful acts..."); LiMandri v. Judkins, supra at 348; Cicone v. URS Corp., supra at 201; and Dennis v. Sparks, supra]. Here, the trial court erred in holding Mr. Love owed no duty to Plaintiff.

   2.   **Plaintiff's Claim Is Not Predicated on Love's Conduct being a Violation of Rule 5-300(A) of the Rules of Professional Conduct.**

   Although the Gift to Mr. Allen was a Violation of Rule 5-300(A), it is the misconduct itself which is the basis of this cause of action, and not that such conduct was also a violation of the Rules of Professional Conduct. It is Appellant's position that Rule 5-300(A) is a statement of public policy and standard of care, and Rule 5-300(A) does not supersede this existing law. "[C]onduct which is 'illegal or unfair or immoral according to common understanding of society' may subject one to tort liability" [Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892, 920 (citing the Restatement of Torts)]. The trial court erred in holding that because Mr. Love's conduct fell within matters prohibited by the Rules of Professional Conduct, such conduct could not give rise to a civil cause of action.

45

**EXHIBIT 2 PAGE 78**

LOVE00462

## C. Liability For Civil Rights Violation
### (Plaintiff's Seventh Cause of Action)

In *Dennis v. Sparks*, *supra*, the United States
Supreme Court considered a civil rights action brought
against a state court judge and others who were alleged
to have conspired to bribe the judge to obtain an
injunction. The Supreme Court ruled that although the
action was properly dismissed as against the immune state
court judge, the action against the private parties
accused of conspiring with the judge were not subject to
dismissal. "[J]udicial immunity does not insulate from
damages liability those private persons who corruptly
conspire with a judge" [*Id* at 24]. "The potential harm
to the public from denying immunity to co-conspirators if
the factfinder mistakenly upholds a charge of a corrupt
conspiracy is outweighed by the benefits of providing a
remedy against those private persons who participate in
subverting the judicial process and in so doing inflict
injury on other persons" [*Id* at 24-25].

Title 42 U.S.C. §1983 provides:

"Every person who, under color of any statute,
ordinance, regulations, custom, or usage, of
any State or Territory, subjects, or causes to
be subjected, any citizen of the Untied States
or other person within the jurisdiction
thereof to the deprivation of any rights,
privileges, or immunities secured by the
Constitution and laws, shall be liable to the

46

**EXHIBIT 2 PAGE 79**

LOVE00463

> party injured in an action at law, suit in
> equity, or other proper proceeding for
> redress."

and California Civil Code §52.1(b) provides:

> "Any individual whose exercise or enjoyment of
> rights secured by the Constitution or laws of
> the United States, or of rights secured by the
> Constitution or laws of this state, has been
> interfered with, or attempted to be interfered
> with, as described in subdivision (a), may
> institute and prosecute in his or her own name
> and on his or her own behalf a civil action
> for damages."[12]

As to this cause of action, the trial court
sustained the demurrer as against Mr. Love because
"plaintiff has failed to allege any facts to support the
allegation that Mr. Love engaged in any acts of threats,
intimidation or coercion by way of state action" [AA II,
27, 451].  The trial court erred in so ruling.

In a civil rights action under 28 U.S.C. §1983,
threats, intimidation or coercion are not required, and
"under color of" state action is provided because private
persons conspiring with a judge are acting under color of
state law [Dennis v. Sparks, supra at 28-29 ("Private
parties who corruptly conspire with a judge in connection
with such conduct are thus acting under color of state

---

[12]Plaintiff addressed Civil Code §52.1(b) in his
opposition to Defendants' demurrers [AA I, 14, 257] and
addressed 42 U.S.C. §1983 in oral argument [RT 21:4-26].

47

**EXHIBIT 2 PAGE 80**

LOVE00464

law within the meaning of §1983...)]. "[A] private party involved in such a conspiracy [with a state official], even though not an official of the State, can be liable under §1983. 'Private persons, jointly engaged with state officials in the prohibited action, are acting under color' of law for purposes of the statute. To act 'under color' of law does not require the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents' (citations)" [Adickes v. S.H. Kress & Co. (1970) 398 U.S. 144, 152]. Here, it is alleged that Mr. Love conspired with Mr. Allen both in making the Gift to Mr. Allen and in continuing to pursue and obtain rulings and orders from Mr. Allen after the Gift had been accepted and Mr. Allen was thus disqualified from further acting as temporary judge in the Underlying Proceeding [see Section IIF "The Conspiracy Between Mr. Love and Mr. Allen" *supra*].

In a civil rights action under Civil Code §52.1(b), there is no color of state law requirement [Civil Code §52.1(a) expressly imposes liability "whether or not acting under color of law"], and "interfere[nce] by threats, intimidation or coercion" is sufficient. An action under Civil Code §52.1 is independent of any other

· 48

**EXHIBIT 2 PAGE 81**

LOVE00465

remedies or procedures available to an aggrieved person [Civil Code §52.1(g)].  "Coercion" is not defined in Civil Code §52.1, and may be commonly defined as the practice of compelling a person to involuntarily behave in a certain way (whether through action or inaction) by use of threats, intimidation or some other form of pressure or force.  "[H]indrance, especially by legal authority" has been defined as a form of coercion [Webster's New Twentieth Century Dictionary, 2nd ed.]. Here, for purposes of a civil rights action under Civil Code §52.1, coercion is found (a) in Mr. Love's continuing to pursue and obtain rulings and orders from Mr. Allen after the Gift had been accepted and Mr. Allen was thus disqualified from further acting as temporary judge in the Underlying Proceeding, and (b) in the involuntary taking of property from Plaintiff (see allegations of Plaintiff's Complaint discussed under Section II I "Concealment And Failure to Disclose the Gift" and footnote 5, *supra*).

Plaintiff's complaint sufficiently alleges a civil rights violation against Mr. Love.

D.   Liability For Deceit Fraudulent Concealment
     (Plaintiff's Eighth Cause of Action)

The trial court sustained Mr. Love's demurrer to

49

EXHIBIT 2 PAGE 82

LOVE00466

Plaintiff's Eighth Cause of Action for fraudulent concealment "as the court conclude[d] Mr. Love owed no duty to plaintiff" [AA II, 27, 451]. The trial court's ruling was in error for the following reasons:

As more fully discussed under Section VA2 "Cause of Action for Negligent Breach Of Duty To Disclose the fact of the Gift which had disqualified then temporary judge Allen," *supra*, Defendants owed a duty of disclosure in the particular circumstances alleged in Plaintiff's Complaint sufficient to put Plaintiff on notice of the fact of the Gift. To support their position that they owed no duty to Plaintiff, Defendants rely upon the Court's holding in LiMandri v. Judkins, *supra*. Defendants' position is misplaced as LiMandri is distinguishable in its facts and in the type of deceit involved. In the facts in LiMandri, the Court noted that Civil Code §1709 was not applicable. That section provides that "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." "LiMandri d[id] not allege he was induced to alter his position as a result of Judkin's failure to disclose his intent to assert superior lien rights on behalf of Security". [*Id* at 337-338 f/n 5]. Here,

50

**EXHIBIT 2 PAGE 83**

LOVE00467

however, Plaintiff's complaint alleges that Defendants knew that their concealment of or failure to disclose the fact of the Gift would cause Plaintiff to proceed in the Underlying Proceeding without challenging Mr. Allen's acting as temporary judge, to continue to pay Allen's invoices for his services, and to continue to pay other expenses [AA I, 2, 39]. Plaintiff's complaint further alleges that Plaintiff relied, and was justified in relying, on the fact that Defendants had not disclosed the Gift [AA I, 2, 39-40]. Unlike the facts in LiMandri, Plaintiff's Complaint sufficiently states a claim for fraud-deceit under Civil Code §1709.

### E.  Liability For Intentional Interference With Contractual Relations
(Plaintiff's First and Second Causes of Action)

"The elements which a plaintiff must plead to state the cause of action for intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage (citations)" [Pacific Gas & Electric Co. v. Bear Stearns & Co. (1990) 50 Cal.3d 1118, 1126]. "The plaintiff need

51

**EXHIBIT 2 PAGE 84**

LOVE00468

not allege an actual breach, but only interference with or disruption of his or her contractual relations (Id at 1129). The California Supreme Court [has] specifically held that an action for intentional interference with contractual relations lies for intentional interference with an attorney's contingency fee contract (citations)" [LiMandri v. Judkins, supra at 344]. Here, the trial court mistakenly found that Plaintiff's Complaint "failed to adequately state facts that would support the allegation that Mr. Love intended to disrupt the contractual relations pled," ignoring that "the tort of intentional interference with contract applies not only when a defendant acts with the purpose or desire to interfere but that '[i]t applies also to intentional interference ... in which the actor does not act for the purpose of interfering with the contract or desire it but knows that the interference is certain or substantially certain to occur as a result of his action' (citation)" [Korea Supply Co. v. Lockheed Martin Corp. (2003) 29 Cal.4th 1134, 1155-1156]. "'Intent is not ... limited to consequences which are desired. If the actor knows that the consequences are certain, or substantially certain, to result from his act, and still goes ahead, he is treated by the law as if he had in fact desired to

52

**EXHIBIT 2 PAGE 85**

LOVE00469

produce the result' (citation)" [*Id* at 1156]. "The rule applies, in other words, to an interference that is incidental to the actor's independent purpose and desire but known to him to be a necessary consequence of his action" [Quelimane Co. v. Stewart Title Guaranty Co. (1998) 19 Cal.4th 26, 56].

Here, as in LiMandri, Plaintiff's Complaint states facts sufficient to constitute a cause of action for intentional interference with an existing contractual relationship. Plaintiff's Complaint sufficiently alleges that Mr. Love's actions and conduct in making the Gift were either intended or substantially certain to make Plaintiff's performance under Plaintiff's contracts with his counsel and to pay Mr. Allen more expensive and burdensome, and did cause Plaintiff's performance of those contracts to be more expensive and burdensome.

### F. Liability For Intentional Interference With Prospective Economic Advantage
(Plaintiff's Third and Fourth Causes of Action)

The elements of the tort of intentional interference with prospective economic advantage are usually stated as follows: "'(a) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3)

53

**EXHIBIT 2 PAGE 86**

LOVE00470

intentional acts on the part of the defendant designed to
disrupt the relationship; (4) actual disruption of the
relationship; and (5) economic harm to the plaintiff
proximately caused by the acts of the defendant'
(citations)" [Westside Center Associates v. Safeway
Stores 23, Inc. (1996) 42 Cal.App.4th 507, 521-522;
LiMandri v. Judkins, *supra* at 339; and Korea Supply Co.
v. Lockheed Martin Corp., *supra* at 1153]. A plaintiff
seeking to recover damages for interference with
prospective economic advantage must also plead and prove
... that the defendant's conduct was "wrongful by some
legal measure other than the fact of interference itself"
[Della Penna v. Toyota Motor Sales, USA, Inc. (1995) 11
Cal.4th 376, 393; Korea Supply Co. v. Lockheed Martin
Corp., *supra* at 1153]. "[T]he existence of a contract
does not mean that a plaintiff's claim must be brought
exclusively as one for interference with contract" [*Id* at
1157]. "The elements of the tort of interference with
prospective economic advantage do not require a plaintiff
to allege that the defendant acted with the specific
intent, or purpose, of disrupting the plaintiff's
prospective economic advantage" [Korea Supply Co. v.
Lockheed Martin Corp., *supra* at 1154].

Here, the trial court sustained Mr. Love's demurrers

54

**EXHIBIT 2 PAGE 87**

LOVE00471

to the third and fourth causes of action "as the court [found] plaintiff ha[d] not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to Plaintiff" [AA II, 27, 450]. The trial court's ruling was in error because Plaintiff's Complaint sufficiently alleges that Mr. Love's actions and conduct in making the Gift were either intended or substantially certain to disrupt Plaintiff's economic relationships with his counsel and Mr. Allen by making them more expensive and burdensome, and did make these relationships more expensive and burdensome. Plaintiff's Complaint further alleges that Mr. Love's actions and conduct in making the Gift were wrongful independent of the interference itself. "[A]n act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard (citations)" [Korea Supply Co. v. Lockheed Martin Corp., supra at 1159]. Here, Plaintiff alleges Defendant's conduct violated Rules 5-300(A) and 1-710 of the Rules of Professional Conduct, Rule 244 of the Rules of Court and Business & Professions Code §6128.

55

**EXHIBIT 2 PAGE 88**

LOVE00472

## G. Liability For Negligent Interference With Prospective Economic Advantage
### (Plaintiff's Fifth And Sixth Causes of Action)

The tort of negligent interference with prospective economic advantage has been recognized in <u>J'Aire v. Gregory</u>, *supra*. "[A] plaintiff's interest in prospective economic advantage may be protected against injury occasioned by negligent as well as intentional conduct" [*Id* at 803]. The elements of a cause of action for negligent interference with prospective economic advantage are set forth in BAJI No. 7.82.1 as follows:

"1. An economic relationship existed between the plaintiff and (third party), containing a probable future economic benefit or advantage to plaintiff;

2. The defendant knew of the existence of the economic relationship;

3. The defendant engaged in wrongful conduct;

4. It was reasonably foreseeable that this wrongful conduct would interfere with or disrupt this economic relationship if defendant failed to exercise due care;

5. The defendant was negligent in his or her conduct, that is, the defendant failed to exercise due care;

6. The economic relationship was actually interfered with or disrupted; and

7. The above described conduct caused plaintiff damage, namely, plaintiff lost in whole or in part the economic benefit or advantage from the economic relationship."

56

**EXHIBIT 2 PAGE 89**

LOVE00473

In J'Aire, the Supreme Court held that a plaintiff who is not a party to a contract between a defendant and a third party could recover for loss of expected economic advantage from the defendant's negligent performance of a contract where there was a "special relationship" between the parties [Id at 804]. "The key component in determining whether the relationship between plaintiff and defendant in such cases gives rise to a duty of care is the foreseeability of the harm suffered by plaintiff (Id at 806)" [LiMandri v. Judkins, supra at 349]. "Foreseeability is generally measured by the closeness of the connection or nexus between the defendant's conduct and risk of injury to the plaintiff - that is, whether the defendant had 'entered into any relationship or undertaken any activity where negligence on his part was reasonably likely to affect plaintiff adversely' (Id at 807)" [LiMandri v. Judkins, supra at 349].

Here, Mr. Love's conduct involved his acting as an attorney in the Underlying Proceeding. As more fully discussed herein under Section VA1(d) "Traditional Duty Analysis," supra, it is reasonably foreseeable that Mr. Love's actions in the Gift to Mr. Allen will adversely affect Plaintiff. Thus, there is a close nexus between Mr. Love's conduct and the risk of injury to Plaintiff

57

**EXHIBIT 2 PAGE 90**

LOVE00474