Initially, the trial court did not abuse its discretion in finding that Frank did not state and could not amend to state a twelfth cause of action for negligence, based on Love's alleged violation of RPC 5-300(A).

Frank alleged that Love owed a duty of care to him in Love's capacity as a member of the State Bar of California. FAC ¶ 131, I AA 45. More specifically, Frank attempted to state a negligence cause of action against Love, for allegedly breaching Love's duty of care as a member of the State Bar of California to Frank. Love allegedly did so by making and allegedly failing to disclose the Warner Springs "gift" to Allen, while Love represented Shirley in her action against Frank. FAC ¶ 132, I AA 45. Love incorporated by reference his allegation that Love breached a duty to Frank supposedly imposed by RPC 5-300(A). FAC ¶ 120, I AA 42-43.

RPC 5-300(A) provides in relevant part:

> A member shall not directly or indirectly give or lend anything of value to a judge . . . unless the personal or family relationship between the member and the judge . . . is such that gifts are customarily given and exchanged. FAC ¶ 121, I AA 42-43.

Love demurred on the grounds that he owed no duty to Frank on the facts alleged, with Frank as the opposing party represented by separate counsel in the underlying dissolution action. The law is clear that "[t]here is no independent cause of action for a breach of a disciplinary rule. While the rules may provide standards of conduct for attorneys, they do not alone

71840.1                                   13                          **EXHIBIT 2 PAGE 713**

LOVE01089

support a claim for damages." *Ross v. Creel Printing & Publishing Co.*

(2002) 100 Cal.App.4th 736, 746 (citations omitted). As expressly stated in

Rule of Professional Conduct 1-100(A):

> These rules are not intended to create new civil
> causes of action. Nothing in these rules shall be
> deemed to create, augment, diminish or
> eliminate any substantive legal duty of lawyers
> or the non-disciplinary consequences of
> violating such a duty.

The trial court properly determined that there was no persuasive

authority which would support a finding that Love owed Frank a legal duty

under California tort law on the facts alleged, or that Frank could ever

amend to state a negligence cause of action based wholly on the claimed

violation of the Rule of Professional Conduct 5-300(A). II AA 447.

Frank argued to the trial court (I AA 254), and argues now, that RPC

5-300(A)is not simply a breach of a disciplinary rule which provides a

standard of conduct for attorneys, but is also an actionable tort because RPC

5-300(A) sets the public policy and standard of care with respect to

negligence in the State of California. AOB 25-26. Frank cites no statutory

or case law to support this argument, and there is none. In fact the Rules of

Professional Conduct and case law, including those cases cited by Frank,

are directly contrary to Frank's position.

As set forth in the "Discussion" to RPC 1-100: "The Rules of

Professional Conduct are intended to establish the standards for members

71840.1                          14                     **EXHIBIT 2 PAGE 714**

for purposes of discipline. The fact that a member has engaged in conduct that may be contrary to these rules does not automatically give rise to a civil cause of action. These rules are not intended to supersede existing law relating to members and non-disciplinary contexts." (citations omitted). The case law cited in that "Discussion," and repeated by Frank in the AOB, does not support his argument that an allegation of a violation of RPC 5-300(A), or an allegation that the conduct described in it occurred, are sufficient to state a cause of action for negligence (or any other tort.)

Frank was required to plead that an established tort had been committed, and there is no law to suggest that the "gift" as alleged or a violation of RPC 5-300(A) constitute an "established tort." See *Noble v. Sears, Roebuck & Co.* (1973) 33 Cal.App.3d 654, 659, cited by Frank (AOB, p. 25). In *Noble, supra*, plaintiff attempted to state a cause of action against Sears house counsel for allegedly communicating with her, while she was represented by counsel, in violation of former RPC 12 (now 2-100). The defendant demurred, the demurrer was sustained without leave to amend, and the judgment of dismissal was affirmed on appeal. Plaintiff there argued on appeal that a violation of Rule 12 by the attorneys was a tort and rendered the attorneys civilly liable on damages. The appellate court readily dismissed plaintiff's claim. The appellate court noted that "[t]here is no authority for plaintiff's contention. A violation of Rule 12 subjects an

15

EXHIBIT 2 PAGE 715

LOVE01091

attorney to disciplinary proceedings." Id. at 658.

Similarly, in *Whilhelm v. Pray, Price, Williams & Russell* (1986) 186 Cal.App.3d 1324, as cited by Frank (AOB, p. 25), the trial court sustained a demurrer without leave to amend to a fraud claim based on an alleged violation of then RPC 7-103 (now 2-100). The court of appeal affirmed. The court held that although a violation of the Rule may subject an attorney to State Bar disciplinary proceedings, it did not subject the attorney to civil liability in damages. Id. at 1333, fn. 5. The appellate court also found that the trial court had properly denied leave to amend in the action, where the plaintiff (like Frank here) was attempting to state causes of action against attorneys who had not represented him for claimed fraud and negligence.

In *Klemm v. Superior Court* (1977) 75 Cal.App.3d 893, cited by Frank (AOB p. 26), there was not even an issue as to whether or not a violation of then RPC 5-102 gave rise to civil liability. The issue was whether an attorney, a friend of both the husband and wife in a dissolution proceeding, could appear for both with a knowing waiver of the potential conflict of interest. The trial court had held that the attorney could not. The appellate court issued a peremptory writ of mandate, directing the trial court to reconsider, and for the trial court to determine if the consent given by both the husband and wife was knowing and informed.

The decision in *Academy of California Optometrists* (1975) 51

---

16                  **EXHIBIT 2 PAGE 716**

LOVE01092

Cal.App.3d 999, cited by Frank (AOB, p. 26), had nothing to do with

possible civil liability for violation of an RPC. An attorney's refusal to

return client files to the client, based on a possessory lien in the fee

agreement, was determined to be unenforceable because it was in violation

of RPC 2-111(A)(2). The court of appeal held that enforcement of the

attorney's possessory lien would be contrary to public policy.

Finally, in *Chronometrics, Inc. v. Sysgen* (1980) 101 Cal.App.3d

597, cited by Frank (AOB p. 26), the court of appeal upheld the

disqualification of an attorney who had communicated with a party

represented by counsel, in violation of RPC 7-103. There was no issue as to

whether the violation separately constituted commission of an established

tort, nor did the appellate court elect to expand the law to hold that violation

of the Rules separately constituted actionable tortious conduct.

Here the trial court was correct in determining that the alleged

violation by Love of RPC 5-300(A) was not sufficient as a basis to find that

Frank had legally and sufficiently plead a cause of action for negligence.

The trial court was correct in holding that conduct by Love, allegedly in

violation of RPC 5-300(A), should not be recognized separately as breach

of a duty of Love to Frank under tort law.

Frank now argues that this court should expand the law of duty and

negligence, to hold that a lawyer who has allegedly violated RPC 5-300(A)

LOVE01093

is therefore subject to a civil action by a party the lawyer did not represent,

and that such liability can be imposed in tort even though no previously

established or otherwise recognized tort was committed by the attorney.

Despite Frank's argument, a claimed violation of RPC 5-300(A) is not the

standard of care for negligence and does not impose a duty on attorneys

such as Love, to an opposing party such as Frank represented by

independent counsel, under the circumstances as alleged here. The trial

court did not abuse its discretion.

B.    The Eleventh Cause of Action for "Willful Misconduct."

The eleventh cause of action is entitled as one for "willful

misconduct and intentional infliction of injury." I AA 42-44. As with

Frank's failed effort to state a cause of action for negligence, this cause of

action against Love is also based on Love's status as a member of the State

Bar of California, and on Love's claimed violation of RPC 5-300(A) by the

"gift" to Allen. FAC ¶¶ 120-121, I AA 42-43. The difference is that the

violation of RPC 5-300(A) here is alleged to have been willful (FAC ¶¶

124, I AA 43-44), while in the twelfth cause of action it was alleged to have

been negligent. FAC ¶ 133, II AA 134.

Frank argues, again without authority, that RPC 5-300(A) sets the

standard of care in tort law and that a willful violation of it should expose

the attorney to potential civil liability. Actually, Frank confusingly asserts

---

71840.1                          18                    **EXHIBIT 2 PAGE 718**

LOVE01094

that this cause of action is not predicated on a claim that Love's conduct violated RPC 5-300(A), but that RPC 5-300(A) nevertheless establishes the standard of care for civil liability. AOB 44-45. Frank essentially requests that this court do what the trial court properly declined to do, which would be to hold that an alleged willful violation of RPC 5-300(A) is now also breach of a duty under tort law, giving rise to potential liability under this cause of action (whatever it might be called).

On the facts as alleged in the FAC, the trial court properly held that these allegations that the claimed violation of RPC 5-300(A) was willful, were not sufficient to state a cause of action nor could the FAC be amended to do so. This court should properly determine that the trial court did not abuse its discretion by that holding and affirm the judgment of dismissal.

### C.     The Seventh Cause of Action for Civil Rights Violations.

Frank alleged that Love and Allen "interfered or attempted to interfere by coercion" with his right to a fair trial in the dissolution proceeding under the Constitution and the laws of the United States and California. FAC ¶ 99, I AA 38. Frank did not allege, identify or describe any threats, acts of intimidation or coercion by Love. FAC ¶¶ 99-100, I AA 38. Frank simply included his allegations of the Warner Springs Ranch "gift," by incorporation of prior allegations in the FAC.

Love demurred on the grounds that Frank failed to state facts

71840.1                    19              **EXHIBIT 2 PAGE 719**

LOVE01095

sufficient to constitute a cause of action for any civil rights violation by

him. I AA 154. Initially Love argued that the cause of action failed

because no "state action" was alleged on the part of Love. I AA 65.

Assuming Frank's claim was made under 42 U.S.C. section 1983, and

Frank did not specify in the FAC, an allegation of state action would be a

prerequisite to maintain such a cause of action. See *Jenkins v. MCI*

*Telecommunications Corp.* (C.D. Cal. 1997) 974 F.Supp. 1133, 1136.

    In opposition to the demurrer, however, Frank stated clearly that his

action was brought only under California Civil Code section 52.1(b). Frank

was also specific that 42 U.S.C. section 1983 was "not the basis" for this

claim. I AA 257.[3] California Civil Code section 52.1 permits an action for

damages, by an individual whose enjoyment of rights secured by the

Constitution, federal or state laws has been interfered with or attempted to

be interfered by "threats, intimidation, or coercion," whether or not the

defendant was acting under color of law.

    There remained additional valid grounds to demur to the claim of

civil rights violation, after Frank's clarification that it was made only under

California Civil Code section 52.1. Love raised them. II AA 344.

---

[3]

  Frank apparently wishes to retract from this position on appeal. See AOB, pp. 46-48. The case of *Dennis v. Sparks* (1980) 449 U.S. 24, cited by Frank in support of his altered position that he believes has a claim under 42 U.S.C. section 1983, is inapposite. Here the interim rulings of Allen in the dissolution proceeding have all been set aside, no conspiracy is claimed or demonstrated, the dissolution proceeding remains to be adjudicated, and so Frank can allege no injury in that proceeding.

---

LOVE01096

Significantly, Frank failed to plead or allege any acts of interference by

"threats, intimidation or coercion" by Love, as required. Frank also failed

to allege any interference with his legal right as "accompanied by a form of

coercion." *Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 334. All Frank

asserted to the trial court, or argues now, is that Love's alleged violation of

RPC 5-300(A) by the Warner Springs Ranch "gift" to Allen somehow

constituted "coercion" as against Frank, and entitles Frank to pursue a cause

of action under California Civil Code section 52.1. AOB 48-49. The

argument was not accepted by the trial court, and it makes no sense.

    The trial court found that Frank had failed to allege any type of act

by Love required to state such a cause of action, and also that the conduct of

the "gift" was not under color of state law. Whether or not the conduct was

under "color of state law," the trial court was correct that actionable

conduct by some threat, intimidation or coercion still had to have been

alleged. Frank's allegation of nothing more than a "gift" by Love to Allen,

even if violative of RPC 5-300(A), was a prior basis on which the trial court

determined that no civil rights claim had been or could be adequately

alleged.

    Frank failed then and fails now to demonstrate in what manner he

could amend the complaint to allege that this "gift" to Allen constituted a

threat, or act of intimidation or coercion, depriving him of his right to a fair

---

71840.1                              21                    **EXHIBIT 2 PAGE 721**

L0VE01097

trial in the dissolution proceeding. Frank was obligated to have done so to demonstrate how he could successfully amend. *Goodman v. Kennedy* (1976) 18 Cal.3d 335, 349. Abuse of discretion by the trial could be established "only if a potentially effective amendment [to this cause of action] were both apparent and consistent with [Frank's] theory of the case." *Camsi IV v. Hunter Technology Corp.* (1991) 230 Cal.App.3d 1525, 1542. That is not the situation here. Even under Frank's definition of "coercion" (AOB p. 49), his "civil rights" cause of action could not be amended to plead in any logical or legal sufficient way that Love's gift somehow compelled Frank to involuntarily behave in some manner, or to suffer deprivation of any civil rights.

    D.    **The Eighth Cause of Action for "Deceit Fraudulent Concealment."**

In the eighth cause of action, Frank alleged in part that Love should have but did not disclose to him the Warner Springs "gift" allegedly made by Love to Allen. I AA 39-40. Love's failure to do so was allegedly fraudulent concealment. (Elsewhere in the FAC, Frank had identified California Rule of Court 444(c) as the source of a disclosure requirement for Allen. AOB p. 43.) Neither in the FAC, opposition to Love's demurrer or on appeal has Frank identified any legal grounds for the imposition of this "duty" of disclosure on Love. There are none.

Love demurred on the grounds that none of the legally recognized

LOVE01098

circumstances which might give rise to such a duty of disclosure had been or could be alleged. I AA 65-66. The response of Frank was simply that a duty of disclosure was imposed on Love because the "gift" was allegedly given in violation of RPC 5-300 and RPC 5-220 (suppression of evidence). I AA 257-259. The trial court sustained the demurrer without leave to amend, based on its correct conclusion that Love owed no duty of disclosure to Frank. II AA 451. The trial court did not abuse its discretion in doing so.

An essential element of a claim for fraudulent concealment, one which must be alleged, was that there is some relationship from which a duty of disclosure from Love to Frank arose. This court addressed the requirement in *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326.

> There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts . . ..
>
> *Each of the [three nonfiduciary] circumstances in which nondisclosure may be actionable presupposes the existence of some other relationship between the plaintiff and defendant in which a duty to disclose can arise.* Id. at 336-337 (citation omitted) (emphasis added).

LOVE01099

Love's alleged violation of RPC 5-300(A) does not give rise to a civil

action, whether the conduct was claimed to be negligent or whether willful.

    This court held in *LiMandri* that attorney LiMandri had not

sufficiently alleged circumstances, nor could he, by which a duty of

disclosure had been imposed on defendant Judkins.  There Judkins obtained

a lien in favor of Judkins's client from LiMandri's clients, on their potential

recovery in a civil action LiMandri was pursuing for his clients, even

though the lien Judkins obtained allegedly interfered with separate lien

rights LiMandri's clients had earlier given LiMandri under their

contingency fee agreement.  As this court explained:

> As a matter of common sense, such a
> relationship [giving rise to a duty of disclosure]
> can only come into being as a result of some
> sort of *transaction* between the parties. . . .
> Thus, a duty to disclose may arise from the
> relationship between seller and buyer, employer
> and prospective employee, doctor and patient,
> or parties entering into any kind of a contractual
> agreement.  All of these relationships are
> created by transactions between parties from
> which a duty to disclose facts material to the
> transaction arises under certain circumstances.
> The fundamental problem with LiMandri's
> nondisclosure causes of action is that he alleges
> no such transaction or relationship with Judkins.
> Id. at 337.

    Frank went into great detail in the FAC to allege the facts and

circumstances surrounding the "gift."  However Frank did not allege, nor

could he, the existence of any requisite category of a transaction or

LOVE01100

relationship between Frank and Love, who was representing Shirley in the

dissolution proceeding, from which a duty of disclosure of the "gift" had

come into being.

As discussed, the trial court properly found that Frank had not

alleged facts sufficient to state a cause of action, for either willful or

negligent violation of RPC 5-300(A), which would give rise to civil

liability. As this court explained in *LiMandri*:

> Although 'inferentially, everyone has a duty to
> refrain from committing intentionally tortious
> conduct against another,' it does not follow that
> one who intends to commit a tort owes a duty to
> disclose that intention to his or her intended
> victim. The general duty is not to warn of the
> intent to commit wrongful acts, but to refrain
> from committing them. We are aware of no
> authorities supporting the imposition of
> additional liability on an intentional tortfeasor
> for failing to disclose his or her tortious intent
> before committing any tort. *LiMandri, supra,*
> 52 Cal.App.4th at 338.

There could be no additional liability of Love for failure, to disclose his

intent to make the "gift" to Allen, to Frank.

Frank argues alternatively that he sufficiently plead a cause of action

for deceit under Civil Code section 1709. AOB p. 50-51. Civil Code

section 1709 provides:

> One who willful deceives another with intent to
> induce him to alter his position to his injury or
> risk, is liable for any damage which he thereby
> suffers.

**EXHIBIT 2 PAGE 725**

Frank, like attorney LiMandri, did not allege that he was induced to alter his position as a result of Love's failure to disclose his intent to make the "gift." *LiMandri, supra,* 52 Cal.App.4th at 337, fn. 5. It is not conceivable how Frank could allege he was induced to alter his position as a result of Love's failure to disclose the "gift" earlier. Frank could not have prevented the "gift," had Frank received earlier notice of it. Frank, like LiMandri, could do nothing more than allege that he would have challenged Allen's rulings earlier if had he known of the "gift" earlier. As this court held in *LiMandri,* however, even if Frank alleges he would have made challenges to Allen's rulings earlier if he had known of the "gift," this "does not qualify as a change of position to his injury or risk within the meaning section of 1709." Id. at 337, fn. 5.

Frank's theory of the case is based on Love's purported liability for a claimed violation of RPC 5-300(A). Under that theory, there is no conceivable manner by which Frank could amend to state a cause of action for fraudulent concealment. Frank has offered no proposal as to what such an amendment might be. The trial court did not abuse its discretion in sustaining the demurrer without leave to amend.

/ / /

/ / /

/ / /

71840.1                          26                   **EXHIBIT 2 PAGE 726**

LOVE01102

E.    **The First and Second Causes of Action for Intentional Interference with Contractual Relations.**

1.    **The First Cause of Action Did Not Include Allegations and Could Not Have Included Allegations of Existing Contractual Relations With Which the "Gift" Could Have Interfered.**

In his first cause of action, Frank attempted to claim that Love's alleged "gift" of the half-interest in Warner Springs Ranch interfered with certain of Frank's existing contractual relations. I AA 30-32. Those existing contractual relationships Frank identified were: (1) Frank's contractual relationships with Frank's ex-wife Shirley, including a prenuptial agreement and agreements for ownership and control of property (FAC ¶ 52, I AA 31); (2) existing stock options that Frank had with Qualcomm (FAC ¶ 53, I AA 31); and (3) Frank's contract to pay the fees of the attorney representing Frank in the dissolution proceeding. FAC ¶ 54, I AA 31.

Love represented Shirley in the dissolution proceeding against Frank, in which the prenuptial agreement and division of their property were (and still are) in dispute, and in which division of stock and stock options in Qualcomm stock were (and still are) in dispute. In addition, Frank was paying fees to his own attorney for his representation in that dissolution proceeding. Love demurred on the grounds that there were no allegations, nor could there conceivably be any, as to how Love's "gift" interfered with

**EXHIBIT 2 PAGE 727**

LOVE01103

those particular contractual relationships of Frank. I AA 51-52, I AA 62-63, II AA 340-341.

Frank opposed the demurrer. Frank asserted that his allegations were sufficient to state this cause of action, because his claim was that his litigation expenses in the dissolution proceeding will be increased because he would relitigate any rulings of Allen which would be set aside. I AA 254-255. Frank is now doing so.

The type of damages arising out of the contractual relationships which Frank asserts are simply not recoverable through a cause of action for intentional interference with contractual relations. The decision by the California Supreme Court in *Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, cited by Frank as establishing the elements necessary to plead a cause of action for intentional interference with existing contractual relations (AOB 51), is also instructive *as to circumstances and the type of damage for which such a cause of action may or may not be pursued.* There the California Supreme Court decided that it would be unwarranted to allow a party to state a cause of action for intentional interference with contractual relations to recover litigation fees and costs. The only interference by the defendant there, not a party to the contract at issue, had been to induce the commencement of potentially meritorious litigation on a contract between a non-party and the plaintiff,

71840.1                                    28                    **EXHIBIT 2 PAGE 728**

LOVE01104

with attendant litigation costs then incurred by the plaintiff in that prior litigation on the contract. Id. at 1123.

The factual scenario *Pacific Gas & Electric Co.* was admittedly dissimilar to the facts alleged here. Plaintiff Pacific Gas & Electric alleged that Bear Stearns had engaged in conduct to induce breach of a contract that a water agency had to sell hydroelectric power to Pacific Gas & Electric. The water agency hired Bear Stearns to come up with some mechanism to enable the agency to get out of its long term contract with PG&E, such that it could sell the power at more profitable rates. PG&E alleged that as a result of Bear Stearns' actions, expensive litigation with the water agency ensued.

PG&E then filed an action against Bear Stearns, alleging Bear Stearns' conduct had disrupted its contractual relationship, resulting in expensive litigation. The trial court sustained Bear Stearns' demurrer without leave to amend. The court of appeal had reversed, a ruling in turn reversed by the California Supreme Court. The Supreme Court held that it would be unwarranted, under those circumstances, to expand the scope of the tort of intentional interference with contractual relations to permit recovery by PG&E from Bear Stearns for PG&E's fees and costs associated with that earlier litigation.

Here Frank alleges that Love's "gift" to Allen has protracted the

**EXHIBIT 2 PAGE 729**

LOVE01105

dissolution proceeding and therefore Frank's expenses for that proceeding. It was who Frank successfully challenged all of Allen's decisions, which have now all been set aside. Frank continues to litigate his dispute with Shirley, including their disputes on their prenuptial agreement and division of their property including Qualcomm stock. Frank presumably continues to pay his attorney.

The trial court appropriately held that the facts as alleged were not sufficient, and could not be amended, to state a cause of action for intentional interference with those identified contractual relations. This court should find that the trial court did not abuse its discretion by that holding. This court should not expand the tort of intentional interference with contractual relations in the manner urged by Frank.

2.      **The Second Cause of Action Did Not Include Allegations and Could Not Have Included Allegations of an Existing Contractual Relation With Which the "Gift" Could Have Tortiously Interfered.**

The second cause of action is also for intentional interference with an existing contractual relation. It is against Love only. Frank alleges that Allen withdrew from his position as stipulated temporary judge as a result of Love's alleged "gift" of the one-half interest in Warner Springs Ranch. FAC ¶¶ 40-41, I AA 27. Frank alleges that Love thereby interfered with Frank's agreement to continue to pay Allen to one-half of the fees for

71840.1                                30

**EXHIBIT 2 PAGE 730**

LOVE01106

Allen's services as a temporary judge. FAC ¶ 61, I AA 32-33.

The trial court found that Frank had failed to state a cause of action for intentional interference with Frank's contractual relation with Allen. This was not an abuse of discretion nor should this court expand the tort in the manner urged by Frank.

In *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, this court recognized and applied the distinction between the torts of intentional interference with existing contractual relations and interference with prospective economic advantage, consistent with the clarification by the California Supreme Court in *Della Penna v. Toyota Motors Sales* (1995) 11 Cal.4th 376. In particular this court held that the plaintiff need not allege an actual breach in a situation with existing contractual relations, but only an interference or disruption of those relations. *LiMandri, supra,* 52 Cal.App.4th at 344.

This court held that LiMandri's complaint did state facts sufficient to constitute a cause of action for intentional interference with an existing contractual relationship.

> LiMandri alleges a valid contract between him and the Deddehs and Judkins's knowledge of the contract. The complaint alleges intentional acts by Judkins designed to disrupt the contractual relations between LiMandri and the Deddehs as well as actual disruption, as Judkins allegedly pursued Security's claim of superior lien rights to the Deddehs' portion of the Signal

**EXHIBIT 2 PAGE 731**

L0VE01107

Landmark settlement with full knowledge of
LiMandri's prior lien rights [under LiMandri's
contingency fee agreement with the Deddehs].
Judkins's conduct disrupted the Deddehs'
performance of their contract with LiMandri by
causing payment of their share of LiMandri's
attorney fees to be withheld until LiMandri
successfully litigated the interpleader action
necessitated by Judkins's conduct. Id. at 344.

This court in *LiMandri* in part relied upon an earlier California

Supreme Court decision, which specifically held that an action for

intentional interference with contractual relations lies for intentional

interference with an attorney contingency fee contract [such as that between

LiMandri and the Deddehs]. Id. at 344, citing *Herron v. State Farm Mutual*

*Ins. Co.* (1961) 56 Cal.3d 202, 205.

Here Frank only alleged, and could only ever amend to allege, that

the claimed "gift" interfered with his obligation to continue to pay one-half

of Allen's fees because Allen subsequently withdrew from service. Allen

voluntarily withdrew. Frank then sought successfully to have all of Allen's

decisions set aside, such that Frank gets a "do-over" of all the issues.

*Rogozienski v. Superior Court* (2003) Court of Appeal, Fourth District,

Division One, Case No. D042201, October 20, 2004 Statement of Decision

setting aside certain of Allen's rulings in *Rogozienski v. Rogozienski* (I AA

72-82), *Rogozienski v. Superior Court* (2006) Court of Appeal, Fourth

District, Division One, Case Nos. D041335 and D045626.

---

71840.1

32

**EXHIBIT 2 PAGE 732**

LOVE01108

The trial court did not abuse its discretion when it held that an action in tort, for monetary damage to Frank for interference with this "obligation" of Frank to Allen, could not be stated. This court should not expand the tort of intentional interference with contractual relations to apply to the facts alleged here. It would be an unwarranted expansion of the tort. There are no cases to support, nor would logic suggest, that this cause of action can lie when a party to litigation stops paying for services when a private attorney acting as stipulated judge withdraws, for whatever reason.

> F.    The Third, Fourth Fifth and Sixth Causes of Action for Intentional and Negligent Interference with Prospective Economic Advantage.

The third through sixth causes of action are each for alleged interference with prospective economic advantage. The third and fourth causes of action are for *intentional* interference, and the fifth and sixth are alternatively for alleged *negligent* interference. The third and fifth causes of action are against both Love and Allen. The fourth and sixth causes of action are against Love only. I AA 33-38. Love's "gift" to Allen is the source of claimed interference in all four of the causes of action.

The economic relationships identified in the third and fifth causes of action were supposedly existing economic relationships between Frank and Shirley, between Frank and his attorney in the dissolution proceeding, and for Frank, Qualcomm and unnamed third persons proposing to engage in

71840.1                                    33                    **EXHIBIT 2 PAGE 733**

LOVE01109

unspecified business with Frank. FAC ¶¶ 68 and 84, I AA 33, 36. The only

economic relationship which Frank alleges was to bring him prospective

economic benefit, identified in the alternative fourth and sixth causes of

action against Love, was Frank's responsibility to pay a portion of Allen's

fees as stipulated judge in the dissolution proceeding. FAC ¶¶ 76 and 92, I

AA 35, 37.

There are no allegations in any of the four causes of action as to how

there was any prospective economic advantage Frank might have gained

from any of these particular relationships, nor how does he allege the "gift"

interfered with any such prospective advantage as Frank would obtain.

Frank also does not state how the FAC could have been amended to do so.

Love demurred on multiple grounds, which were valid. I AA 63-65, II AA

341-344.

1. **All Four Causes of Action Fail for Lack of a Relationship from which It was Probable Frank Would Realize Any Economic Benefit.**

A threshold examination whether one can state and maintain any

claim of interference with a prospective economic benefit, intended or

negligent, is that "it must be reasonably *probable* that the lost economic

advantage would have been realized but for defendant's interference."

*Youst v. Longo* (1987) 43 Cal.3d 64, 71 (emphasis in original).

There was nothing alleged in these four causes of action to suggest

---

71840.1                        34              **EXHIBIT 2 PAGE 734**

LOVE01110

how any of these economic relationships would probably have brought

economic advantage to Frank; this includes the dissolution proceedings and

property division dispute between Frank and Shirley, Frank's obligation to

pay his attorney's fees, or Frank's prior payments to Allen. The only other

prospective economic relationship identified was potential unspecified

between Frank, Qualcomm and unnamed third parties, but the FAC silent as

to what those relationships were. Neither before the trial court nor on this

appeal has Frank proffered any clue as to how the FAC might have been

amended to meet that threshold requirement. There was no probable

economic advantage to Frank to be realized from any of these claimed

relationships.

>2.    **The Third and Fourth Causes of Action also Failed Because the Claimed Violation of RPC 5-300(A) Does Not Constitute the Essential Independent Wrongful Conduct.**

An additional element, necessary to pursue the two claims for

intentional interference with prospective economic advantage, is that it must

be alleged that the defendant "engaged in conduct that was wrongful *by*

*some legal measure other than the fact of interference itself.*" *LiMandri v.*

*Judkins* (1997) 52 Cal.App.4th 326, 340 (emphasis in original), citing *Della*

*Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.4th 376, 393.

Frank failed to do so because an action in tort does not lie for

claimed violation of RPC 5-300(A). Frank did nothing more than

**EXHIBIT 2 PAGE 735**

LOVE01111

incorporate his previous allegations of Love's claimed conduct in each of the third through sixth causes of action. FAC ¶ 70, I AA 34; FAC ¶ 78, I AA 35; FAC ¶ 86, I AA 36; FAC ¶ 94, I AA 37. The only supposedly separate wrongful conduct was Love's alleged violation of RPC 5-300(A) by the Warner Springs Ranch "gift." As previously discussed, the "rules are not intended to create new civil causes of action. Nothing [in the rules] shall be deemed to create, augment, diminish, or eliminate any substantive legal duty of lawyers were the nondisciplinary consequences of violating such a duty." RPC 1-100(a).

The interference necessary to successfully state either of these causes of action for intentional interference must "amount to independently actionable conduct." *Korea Supply Co. v. Lackey Martin Co.* (2003) 29 Cal.4th 1134, 1159. As previously discussed, the conduct Frank claimed to be a claimed violation of RPC 5-300(A) by Love does not amount to "independently actionable conduct." This court should not change the law to make it otherwise.

       3.      **The Fifth and Sixth Causes of Action Fail Because the Alleged Violation of RPC 5-300(A) Cannot Constitute the Breach of a "Duty" Necessary for Such Claims.**

As to the fifth and sixth causes of action as against Love, the "tort of *negligent* interference with economic relationship arises only when the defendant owes the plaintiff a duty of care." *LiMandri, supra,* 52

---

71840.1                        36                **EXHIBIT 2 PAGE 736**

LOVE01112

Cal.App.4th at 348. As in *LiMandri*, the allegations of Frank's FAC do not establish that Love owed Frank any "duty" of care which would support or allow these negligent interference causes of action against Love to proceed.

As discussed, no legal "duty" to Frank exists under RPC 5-300(A), the breach of which could give rise to either negligent interference cause of action. A plaintiff who was not a party to a contract between a defendant and a third party generally may not recover for loss of expected economic advantage, resulting from the defendant's negligent performance of the contract, unless there is a special relationship between the parties. *LiMandri, supra,* 52 Cal.App.4th at 348-349, citing *J'aire Corp. v. Gregory* (1979) 24 Cal.3d 799, 804. There clearly was no such special relationship as between Love and Frank, whose former wife Love was representing in the dissolution proceeding.

The trial court did not abuse its discretion in sustaining the demurrers to the third through sixth causes of action without leave to amend. This court on appeal should not expand the type of separate and wrongful conduct necessary to state any cause of action for interference with prospective economic advantage, to include this claimed violation of a California Rule of Professional Conduct, because such violation does not separately and independently constitutes a tortious wrong.

---

71840.1

37

**EXHIBIT 2 PAGE 737**

LOVE01113

G.    **The Tenth Cause of Action for Unfair Competition Against Love.**

The bewildering tenth cause of action against Love is for purported violation of California Business & Professions Code sections 17200 *et seq.*, for allegedly engaging in "unfair competition" against Frank in the dissolution proceeding. FAC ¶ 117, I AA 41-42. Love demurred and the trial court properly sustained the demurrer without leave to amend. II AA 451. The trial court determined that on the facts alleged, no remedy existed, because Frank had failed to plead and could not amend to plead that Love had any monies that could be restored to Frank, nor was there any future conduct to be enjoined.

Love represented Shirley in her divorce against Frank. Love no longer represents her. There could be no injunction against Love under Business & Professions Code section 17203 based on the conduct alleged. Similarly there was and could be no allegation that Love obtained possession of anything of Frank's, which Love could be ordered to restore under section 17203. This court should not alter the law to permit a claim for violation of California's Unfair Competition law to arise from a factual scenario such as this. The trial court found that Frank had not properly stated such a claim, and this court should determine the trial court did not abuse its discretion by that holding.

71840.1                                38                    **EXHIBIT 2 PAGE 738**

LOVE01114

**H.**     **The Thirteenth Cause of Action for "Unjust Enrichment"**
**as Against Love.**

The thirteenth cause of action as against all defendants was entitled

"unjust enrichment." Frank alleged that the defendants unjustly enriched

themselves to his detriment, and that they hold monies paid by him and

property of his, as "constructive trustees." Frank sought imposition of a

constructive trust for monies and property "wrongfully acquired or detained

by defendants." FAC ¶ 137, I AA 68. That is it as the allegations for this

cause of action.

Love demurred on various grounds. In particular, in order for Frank

to state a claim for unjust enrichment, it "must be shown . . . that the

acquisition of the property was wrongful and that the keeping of the

property by the defendant would constitute unjust enrichment." *Calistoga*

*Civic Club v. Calistoga* (1983) 143 Cal.App.3d 111, 116.

There was no allegation of any conduct in the FAC, or identification

of any money or property taken or held by Love, on which a constructive

trust could or should be imposed, arising out of the supposedly wrongful

"gift" by Love to Allen of the Warner Springs Ranch interest. Again Frank

makes no effort whatsoever to try to clarify how he could amend the FAC

to overcome its clear insufficiency with respect to this cause of action. The

action fails to state facts sufficient to constitute a cause of action for unjust

enrichment. The trial court properly sustained the demurrer to it without

71840.1                          39                    **EXHIBIT 2 PAGE 739**

L0VE01115

leave to amend and did not abuse its discretion in doing so.

## V.    CONCLUSION

The demurrers on behalf of Love as to each cause of action against

him were sound, and the trial court was correct in sustaining those

demurrers.  Moreover the trial court was correct in sustaining those

demurrers without leave to amend and entering a judgment of dismissal.

Frank has made no effort, and could make none, to demonstrate that he

could successfully amend any of those causes of action against Love.  The

judgment should be affirmed.


WHITE & OLIVER


By:    *Steven G. Amundson*

       Daniel M. White
       Steven G. Amundson, Attorneys
       for Defendant/Respondent S.
       Michael Love

**EXHIBIT 2 PAGE 740**

71840.1                                40

LOVE01116

## CERTIFICATE OF LENGTH

[California Rules of Court 14(c)]

The text of Respondent's Brief consists of 9,268 words as counted

by the WordPerfect version 10 word-processing program used to generate

this brief.

WHITE & OLIVER

By: _____
       Daniel M. White
       Steven G. Amundson, Attorneys
       for Defendant/Respondent S.
       Michael Love

71840.1                                41                **EXHIBIT 2 PAGE 741**

LOVE01117

leave to amend and did not abuse its discretion in doing so.

### V.    CONCLUSION

The demurrers on behalf of Love as to each cause of action against

him were sound, and the trial court was correct in sustaining those

demurrers.  Moreover the trial court was correct in sustaining those

demurrers without leave to amend and entering a judgment of dismissal.

Frank has made no effort, and could make none, to demonstrate that he

could successfully amend any of those causes of action against Love.  The

judgment should be affirmed.

)

WHITE & OLIVER


By:    _____
Daniel M. White
Steven G. Amundson, Attorneys
for Defendant/Respondent S.
Michael Love

**EXHIBIT 2 PAGE 742**

LOVE01118

<u>CERTIFICATE OF LENGTH</u>

[California Rules of Court 14(c)]

The text of Respondent's Brief consists of 9,268 words as counted

by the WordPerfect version 10 word-processing program used to generate

this brief.

WHITE & OLIVER

By: _____
Daniel M. White
Steven G. Amundson, Attorneys
for Defendant/Respondent S.
Michael Love

**EXHIBIT 2 PAGE 743**

71840.1                    41

L0VE01119

COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT—DIVISION ONE

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | 4th Civil № D047858 |
| Plaintiff and Appellant, | SDSC Case № GIC843843 |
| v. | |
| JAMES D. ALLEN and S. MICHAEL LOVE, | |
| Defendants and Respondents. | |

ON APPEAL FROM THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
THE HONORABLE JOAN M. LEWIS, JUDGE PRESIDING

PROOF OF SERVICE

I, Patty Cortez, declare as follows:

1.     I am employed with the law firm of WHITE & OLIVER, 550 West C Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2.     On August 25, 2006, I served or caused to be served the following documents:

RESPONDENT'S BRIEF

on the interested parties in this action as indicated below:

**EXHIBIT 2 PAGE 744**

LOVE01120

The Honorable Joan M. Lewis. . . . . . . . . . . . . . . *Via United States Mail*
Clerk of the Superior Court
330 West Broadway
San Diego, California 92101

California Supreme Court (4 copies). . . . . . . . . *Via United States Mail*
Supreme Court of California
350 McAllister Street
San Francisco, CA 94102

*Counsel for Appellant Frank E. Rogozienski*
Frank E. Rogozienski, Esq. . . . . . . . . . . . . . . . . *Via United States Mail*
Frank E. Rogozienski, Inc.
A Professional Corporation
Attorneys at Law
1660 Union Street, Third Floor
San Diego, CA 92101

*Counsel for Defendant James D. Allen*
Donald A. English, Esq. . . . . . . . . . . . . . . . . . . *Via United States Mail*
English & Gloven
550 West "C" Street, Suite 1800
San Diego, CA 92101

■    (BY MAIL) C.C.P. § 1013(a)(1) & (3): I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY PERSONAL SERVICE) C.C.P. § 1011: I caused to be delivered such envelope by and to the offices of the addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 25 day of August, 2006 at San Diego, California.

Patty Gomez, Legal Secretary

**EXHIBIT 2 PAGE 745**

LOVE01121

LOVE01122

COURT OF APPEAL FOR THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

| | | |
|---|---|---|
| FRANK E. ROGOZIENSKI, | ) | CASE NO. D047858 |
| | ) | |
| Plaintiff and Appellant, | ) | San Diego County |
| | ) | Superior Court |
| v. | ) | Case No. GIC843843 |
| | ) | |
| JAMES D. ALLEN and S. MICHAEL | ) | |
| LOVE, | ) | |
| | ) | |
| Defendants and Respondents. | ) | |

---

**APPELLANT'S REPLY BRIEF**

---

On Appeal From The Superior Court
County of San Diego
The Honorable Joan M. Lewis

FRANK E. ROGOZIENSKI, INC.
FRANK E. ROGOZIENSKI, ESQ., BAR NO. 51445
A Professional Corporation
Attorneys At Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone:  (619) 237-1878
Facsimile:  (619) 237-1870
Attorneys for Plaintiff and Appellant,
Frank E. Rogozienski

**EXHIBIT 2 PAGE 746**

LOVE01123

COURT OF APPEAL FOR THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| FRANK E. ROGOZIENSKI, ) | CASE NO. D047858 |
| ) | |
| Plaintiff and Appellant, ) | San Diego County |
| ) | Superior Court |
| v. ) | Case No. GIC843843 |
| ) | |
| JAMES D. ALLEN and S. MICHAEL ) | |
| LOVE, ) | |
| ) | |
| Defendants and Respondents. ) | |

---

### APPELLANT'S REPLY BRIEF

---

On Appeal From The Superior Court
County of San Diego
The Honorable Joan M. Lewis

FRANK E. ROGOZIENSKI, INC.
FRANK E. ROGOZIENSKI, ESQ., BAR NO. 51445
A Professional Corporation
Attorneys At Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone:  (619) 237-1878
Facsimile:  (619) 237-1870
Attorneys for Plaintiff and Appellant,
Frank E. Rogozienski

**EXHIBIT 2 PAGE 747**

LOVE01124

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . 1

II.  REPLY TO OPPOSITION OF MR. LOVE . . . . . . . 1

    1.   LIABILITY FOR NEGLIGENCE
       (Plaintiff's Twelfth Cause of Action) . . 1

    2.   LIABILITY FOR WILLFUL MISCONDUCT AND
       INTENTIONAL INFLICTION OF INJURY
       (Plaintiff's Eleventh Cause of Action) . . 4

    3.   LIABILITY FOR CIVIL RIGHTS VIOLATION
       (Plaintiff's Seventh Cause of Action) . . 5

    4.   LIABILITY FOR DECEIT FRAUDULENT CONCEAL-
       MENT
       (Plaintiff's Eighth Cause of Action) . . . 8

    5.   LIABILITY FOR INTENTIONAL INTERFERENCE
       WITH CONTRACTUAL RELATIONS
       (Plaintiff's First and Second Causes
       of Action) . . . . . . . . . . . . . 11

    6.   LIABILITY FOR INTERFERENCE WITH PROSPECTIVE
       ECONOMIC ADVANTAGE
       (Plaintiff's Third and Fourth Causes
       of Action) . . . . . . . . . . . . . 12

    7.   LIABILITY FOR NEGLIGENT INTERFERENCE WITH
       PROSPECTIVE ECONOMIC ADVANTAGE
       (Plaintiff's Fifth and Sixth Causes
       of Action) . . . . . . . . . . . . . 13

    8.   LIABILITY FOR UNFAIR COMPETITION AGAINST
       MR. LOVE
       (Plaintiff's Tenth Cause of Action) . . 15

    9.   LIABILITY FOR UNJUST ENRICHMENT
       (Plaintiff's Thirteenth Cause of Action) . 16

III. REPLY TO OPPOSITION OF MR. ALLEN . . . . . . . 16

    1.   ALLEN'S CITATIONS TO "FACTS" NO CONTAINED
       IN THE RECORD . . . . . . . . . . . . 16

-i-

**EXHIBIT 2 PAGE 748**

LOVE01125

2.    ALLEN'S ACCEPTANCE OF THE GIFT WAS NOT
      AN ACT IN HIS JUDICIAL CAPACITY  . . . . 17

3.    JUDICIAL IMMUNITY NOT APPLICABLE TO
      PLAINTIFF'S BREACH OF CONTRACT CLAIMS
      (Plaintiff's Ninth Cause of Action)  . . 19

4.    JUDICIAL IMMUNITY IS NOT APPLICABLE TO
      PLAINTIFF'S UNJUST ENRICHMENT CLAIMS . . 21

5.    ALLEN'S RULINGS AFTER HE ACCEPTED THE
      GIFT WERE WITHOUT JURISDICTION . . . . . 21

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . 21

-ii-

**EXHIBIT 2 PAGE 749**

LOVE01126

## TABLE OF AUTHORITIES

### California Cases

Della Penna v. Toyota Motor Sales, USA, Inc.
(1995) 11 Cal.4th 376 . . . . . . . . . . . . . . .  12

Greene v. Zank (1984) 158 Cal.App.3d 497 . . . . .  18

Howard v. Drapkin (1990) 222 Cal.App.3d 843 . . . .  20

J'Aire v. Gregory (1979) 24 Cal.3d 799 . . . . . .  14

Korea Supply Co. v. Lockheed Martin Corp.
(2003) 29 Cal.4th 1134 . . . . . . . . . . . . .  12,13

LiMandri v. Judkins (1997) 52 Cal.App.4th 326 .  4,9,10
                                              11,12,14

Ma v. City and County of San Francisco (2002)
95 Cal.App.4th 488 . . . . . . . . . . . . . . .  1,2

Nwosu v. Uba (2004) 122 Cal.App.4th 1229 . . . . .  16

Pacific Gas & Electric Co. v. Bear Stearns
& Co. (1990) 50 Cal.3d 1118 . . . . . . . . . . .  11

Regents of Univ. of Calif. v. Sheily (2004)
122 Cal.App.4th 824 . . . . . . . . . . . . . . .  16

Rowland v. Christian (1968) 69 Cal.2d 108 . . .  1,3,13

### Federal Cases

Adickes v. S.H. Kress & Co. (1970) 398 U.S. 144 . . .  7

Butz v. Economou (1978) 438 U.S. 478 . . . . . . .  18

Dennis v. Sparks (1980) 449 U.S. 24 . . . . .  4,6,8,19

Jenkins v. MCI Telecommunications Corp. (C.D. Cal.
1977) 973 F.Supp. 1133 . . . . . . . . . . . . . .  6

Ricotta v. State of California (S.D. Cal. 1998)
4 F.Supp.2d 961 . . . . . . . . . . . . . . . . .  20

EXHIBIT 2 PAGE 750

LOVE01127

Stump v. Sparkman (1978) 43 U.S. 349 . . . . . . . 21

### California Code

Business & Professions Code §6128 . . . . . . . . . 13
Business & Professions Code §17200 . . . . . . . . . 15
Civil Code §52.1 . . . . . . . . . . . . . . . . 6,7
Civil Code §1709 . . . . . . . . . . . . . . 9,10,11
Civil Code §1714 . . . . . . . . . . . . . . 2,3,4
Civil Code §1717 . . . . . . . . . . . . . . . . 4

### Other

Webster's New Twentieth Century Dictionary,
2nd ed. . . . . . . . . . . . . . . . . . . . 7

-iv-

**EXHIBIT 2 PAGE 751**

LOVE01128

## I.  INTRODUCTION

As an overarching matter, Mr. Love and Mr. Allen, each for separate reasons, contend they cannot be held liable in a civil action for their misconduct in the Gift to Mr. Allen which corrupted the judicial process and resulted in the immediate disqualification of then-temporary judge Allen.  Defendants contend Appellant is without a remedy for recovery of the damages he sustained as a result of Defendants' actions.  Appellant respectfully disagrees, and offers the following in reply to Defendants' oppositions.

## II.  REPLY TO OPPOSITION OF MR. LOVE

### 1.  LIABILITY FOR NEGLIGENCE
(Plaintiff's Twelfth Cause of Action)

It is significant that Mr. Love's opposition ignores and fails to even address the Rowland multi-part duty assessment adopted by the Supreme Court in Rowland v. Christian (1968) 69 Cal.2d 108 and its innumerable judicial descendants, which assessment is used in determining whether a particular defendant owed a tort duty to a given plaintiff [see, e.g., Ma v. City and County of San Francisco (2002) 95 Cal.App.4th 488, 513].  Mr. Love does not dispute any portion of Appellant's duty

1

**EXHIBIT 2 PAGE 752**

LOVE01129

analysis [Appellant's Opening Brief (herein "AOB") 30-38
and 41-44]. Mr. Love further does not separately address
(a) the duty of care to refrain from engaging in conduct
which would disqualify Mr. Allen from acting as temporary
judge in the Underlying Proceeding and (b) the duty to
disclose the fact of the Gift which had disqualified Mr.
Allen from acting as temporary judge. Mr. Love further
does not address and cannot refute the fundamental
principal underlying common law tort doctrine codified in
Civil Code §1714 that "[e]veryone is responsible, not
only for the result of his or her willful acts, but also
for an injury occasioned to another by his or her want of
ordinary care or skill in the management of his or her
property or person, except so far as the latter has,
willfully or by want of ordinary care, brought the injury
upon himself or herself." And "based on its primacy as
a statute, it has been repeated countless times over
decades by our high court that, since Civil Code section
1714 allows for no exception from its language
establishing a general duty of care applicable to all, no
exceptions should be created by the courts unless clearly
supported by public policy (citations)" [Ma v. City and
County of San Francisco, supra at 503]. "It is clear
that in the absence of statutory provision declaring an

2

**EXHIBIT 2 PAGE 753**

exception to the fundamental principle enunciated by section 1714 of the Civil Code, no such exception should be made unless clearly supported by public policy (citation)" [Rowland v. Christian, *supra* at 112].

Instead of addressing the applicable law, Mr. Love contends that no action for negligence can be maintained against him because, according to Mr. Love, conduct which is a violation of Rule 5-300(A)[1] "should not be recognized separately as a breach of a duty of Mr. Love to [Appellant] under tort law"[2] [Love Respondent Brief (herein "LRB") 17]. There is no support for Mr. Love's contention, and Rule 1-100(A) and the case authorities which bar a civil action based <u>solely</u> upon a violation of the Rules of Professional Conduct do not supersede or bar

---

[1] As used herein, "Rule" shall refer to the Rules of Professional Conduct.

[2] Mr. Love repeatedly misstates that Appellant's tort causes of action against Mr. Love "all aris[e] out of a claim that Mr. Love violated California Rule of Professional Conduct ('RPC') 5-300(A)" and all "were dependent upon the claimed violation of RPC 5-300(A)" [LRB 2]. In fact, Appellant has clearly stated "it is Mr. Love's conduct which gives rise to liability, independent of the fact his actions were also a violation of the Rules of Professional Conduct" [AOB 26], and "[a]lthough the gift to Mr. Allen was a violation of Rule 5-300(A), it is the misconduct itself which is the basis of this cause of action, and not that such conduct was also a violation of the Rules of Professional Conduct [AOB 45].

3

**EXHIBIT 2 PAGE 754**

LOVE01131

liability under existing law based upon the underlying conduct itself [AOB 25-26].   Here, it is Mr. Love's conduct which gives rise to liability, independent of the fact that his actions were also a violation of the Rules of Professional Conduct.   Rule 5-300(A) is not, as Mr. Love contends, a shield from tort liability for having engaged in the conduct prohibited by that rule.

As Mr. Love by his silence concedes, a proper duty analysis applying the <u>Rowland</u> court's multi-part duty assessment overwhelmingly weighs in favor of holding Mr. Love responsible for injuries to Plaintiff occasioned by his want of ordinary care or skill in the management of his person, and no exception should be created in these circumstances to the liability statutorily imposed by Civil Code §1717.

2.   <u>LIABILITY FOR WILLFUL MISCONDUCT</u>
<u>AND INTENTIONAL INFLICTION OF INJURY</u>
(Plaintiff's Eleventh Cause of Action)

Mr. Love's opposition ignores and fails to even address the applicable law that there exists "a general duty to refrain from committing intentionally tortious conduct" [Civil Code §1714 ("Everyone is responsible ... for the results of his willful acts ...)"; <u>LiMandri v. Judkins</u> (1997) 52 Cal.App.4th 326, 348; and <u>Dennis v. Sparks</u> (1980) 449 U.S. 24].   Instead, Mr. Love argues

4

**EXHIBIT 2 PAGE 755**

LOVE01132

Rule 5-300(A) is somehow a shield from civil liability because the conduct sued upon is also a violation of that Rule. There is no authority for Mr. Love's position, and no authority that conduct which is a violation of Rule 5-300(A) is not actionable without regard to that Rule. Stated differently, although the Gift to Mr. Allen was a violation of Rule 5-300(A), it is the misconduct itself which is the basis for Plaintiff's cause of action for willful misconduct, and not that such conduct was a violation of the Rules of Professional Conduct. Rule 5-300(A) does supersede tort law (see Rule 1-100(A) ("Nothing in these rules shall be deemed to ... diminish or eliminate any substantive legal duty of lawyers or the non-disciplinary consequences of violating such duty")]. Mr. Love does not contest his "general duty to refrain from committing intentionally tortious conduct," and that duty is not abrogated by Rule 5-300(A).

3. **LIABILITY FOR CIVIL RIGHTS VIOLATION**
(Plaintiff's Seventh Cause of Action)

The Seventh Cause of Action of Plaintiff's First Amended Complaint alleges what are violations of civil rights, not tied to any specific statutory provision [AA Vol. I 38]. Mr. Love demurred on the ground that "state action is a prerequisite for maintaining a cause of

5

**EXHIBIT 2 PAGE 756**

LOVE01133

action for a violation of civil rights," citing Jenkins v. MCI Telecommunications Corp. (C.D. Cal. 1977) 973 F.Supp. 1133, 1136 [AA Vol. I 65].[3] In opposing this point before the trial court, Appellant cited to Civil Code §52.1(b) which applies "whether or not acting under color of law," and unnecessarily (and inartfully) added that 42 U.S.C. §1983 was not the basis of Plaintiff's claims.[4] Subsequently, and prior to oral argument, Appellant realized the "under color of" state action requirement was satisfied in the facts alleged because private persons conspiring with a judge are deemed acting under color of state law [Dennis v. Sparks, supra at 28-29 ("Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of §1983...)] and that "[A] private party involved in such a conspiracy [with a state official], even though not an official of the State, can be liable under §1983" [Adickes v. S.H.

---

[3]Mr. Love states that although he did not expressly say so in his Demurrer, he "[a]ssumed Frank's claim was made under 42 U.S.C. Section 1983" [LRB 20], which is why he cited to the Jenkins case.

[4]This latter statement was not intended as a waiver of claims under 42 U.S.C. §1983, but rather to distinguish the "under color of" state law requirement under 42 U.S.C. 1983 from the lack of such a requirement under Civil Code §52.1(b).

6

**EXHIBIT 2 PAGE 757**

LOVE01134

Kress & Co. (1970) 398 U.S. 144, 152]. Appellant then brought this to the attention of the trial judge during oral argument [RT 21:4-26].[5]

Whether Appellant can state a cause of action under Civil Code §52.1(b) turns on the definition of "coercion" as used in that section. "Coercion" is not defined in Civil Code §52.1, but may be commonly defined as the practice of compelling a person to involuntarily behave in a certain way (whether through action or inaction) by use of threats, intimidation or some other form of pressure or force. "[H]indrance, especially by legal authority," has been defined as a form of coercion [Webster's New Twentieth Century Dictionary, 2nd ed.]. Appellant submits that for purposes of a civil rights action under Civil Code §52.1, "coercion" is found (a) in Mr. Love's continuing to pursue and obtain rulings and orders from Mr. Allen after the Gift had been accepted and Mr. Allen was thus disqualified from further acting as temporary judge in the Underlying Proceeding, and (b) in the involuntary taking of property from Plaintiff [AOB 49].

---

[5]There was no prejudice to Mr. Love, who had addressed 42 U.S.C. §1983 in his demurrer, and he stated no objection to the trial court.

7

**EXHIBIT 2 PAGE 758**

LOVE01135

In addition, Appellant has clearly stated a civil rights action against Mr. Love under 42 U.S.C. §1983 where "coercion" is not a requirement and "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" is all that need be shown [Dennis v. Sparks, supra; and AOB 46-48]. Without analysis and in a footnote, Mr. Love's only attempt to distinguish the Supreme Court's holding in Dennis is his conclusion that Dennis is "inapposite" [LRB 20] because, according to Mr. Love, "Frank can allege no injury." Mr. Love's contentions do not distinguish Dennis, and Plaintiff's Complaint clearly alleges injury in the form of economic and non-economic damages [AA Vol. I 29].

### 4.  LIABILITY FOR DECEIT FRAUDULENT CONCEALMENT
(Plaintiff's Eighth Cause of Action)

Mr. Love's opposition confuses the duty to disclose the fact of the Gift (past tense) which had disqualified then-temporary judge Allen with a duty (not alleged by Plaintiff) to disclose an intent to make (future tense) such a Gift. Plaintiff's cause of action for deceit-fraudulent concealment is based on the duty of disclosure in the particular circumstances alleged in Plaintiff's Complaint sufficient to put Plaintiff on notice of the fact the Gift had been made. Plaintiff's cause of action

8

**EXHIBIT 2 PAGE 759**

LOVE01136

is recognized under Civil Code §1709, which provides that
"[o]ne who willfully deceives another with intent to
induce him to alter his position to his injury or risk,
is liable for any damage which he thereby suffers." Mr.
Love's reliance upon the Court's holding in LiMandri v.
Judkins, supra, is misplaced because, in that case, Civil
Code §1709 was not applicable for several reasons. The
Court in LiMandri found "[t]he fundamental problem with
LiMandri's nondisclosure causes of action is that he
alleges no ... transaction or relationship with Judkins"
[Id at 337]. In LiMandri, there was only a single
telephone conversation between LiMandri and Judkins [Id
at 337] and LiMandri could not state a claim for deceit
under Civil Code §1709 based on this single conversation
[Id at 337-338 f/n 5]. Here, while not fiduciary in
nature, there is, nevertheless, a "relationship" between
counsel for one party and the opposing party. They are
brought together in the Underlying Litigation, and are
not total strangers who never met or interacted together.
Moreover, when Mr. Love then encouraged and sought
rulings from then-temporary judge Allen (entered into
"transactions") and acted (entered into further
"transactions") on rulings made by then-temporary judge
Allen at times when Mr. Love knew or should have known

9

**EXHIBIT 2 PAGE 760**

LOVE01137

that whatever rulings made by then-temporary judge Allen after he accepted the Gift would be set aside because then-temporary judge Allen had been disqualified to make such rulings, Mr. Love clearly had a duty of disclosure. Also, in LiMandri, plaintiff did "not allege he was induced to alter his position as a result of Judkins' failure to disclose" [Id at 337, f/n 5]; whereas here, Plaintiff's Complaint alleges such inducement. Here, Plaintiff's Complaint alleges that Defendants knew that their concealment of or failure to disclose the fact the Gift had been made would cause (and did cause) Plaintiff to proceed in the Underlying Proceeding without challenging Mr. Allen's acting as temporary judge, to continue to pay Allen's invoices for his services, and to continue to pay other expenses [AA I, 2, 39]. Plaintiff's complaint further alleges that Plaintiff relied, and was justified in relying, on the fact that Defendants had not disclosed the Gift [AA I, 2, 39-40]. Moreover, in LiMandri, the failure to disclose merely delayed challenging Security's lien (it did not change Security's actions), and thus, did not qualify as a change in position to LiMandri's injury or risk within the meaning of Civil Code §1709; whereas here, Mr. Love's nondisclosure permitted the judicial process to continue.

10

**EXHIBIT 2 PAGE 761**

LOVE01138

Unlike the facts in <u>LiMandri</u>, Plaintiff's Complaint
sufficiently states a claim for fraudulent deceit under
Civil Code §1709.

**5.    <u>LIABILITY FOR INTENTIONAL INTERFERENCE WITH</u>**
<u>CONTRACTUAL RELATIONS</u>
(Plaintiff's First and Second Causes of Action)

Mr. Love's opposition contends there are no
contractual relations alleged with which the Gift could
have interfered.   Mr. Love is mistaken, inasmuch as
Plaintiff alleges, among other things, that Plaintiff's
performance under his contracts with his counsel and to
pay Mr. Allen were rendered more expensive and burdensome
[see AA Vol. I 29 and AOB 53].   In making the Gift, Mr.
Love knew that then-temporary judge Allen became
disqualified, that further proceedings by a disqualified
judge were subject to being set aside, and in so
proceeding, that Plaintiff would be incurring fees to his
counsel and to Mr. Allen which would be of no value.   Mr.
Love's reliance upon the holding in <u>Pacific Gas &</u>
<u>Electric Co. v. Bear Stearns & Co.</u> (1990) 50 Cal.3d 1118
is also misplaced.   As acknowledged by Mr. Love, "[t]he
factual scenario [in] <u>Pacific Gas & Electric Co.</u> was
admittedly dissimilar to the facts alleged here."   In
<u>Pacific Gas & Electric Co.</u>, the fees and expenses
incurred were not under the contracts with which the

11

**EXHIBIT 2 PAGE 762**

L0VE01139

defendant interfered, which is the circumstance here.
Support for Plaintiff's claims are further found in the
Court's holding in LiMandri v. Judkins which upheld that
LiMandri sufficiently pled a cause of action for
intentional interference with a contract between Mr.
LiMandri (an attorney) and his client. The only
difference here is that Plaintiff is the client.

6. **LIABILITY FOR INTERFERENCE WITH
PROSPECTIVE ECONOMIC ADVANTAGE**
(Plaintiff's Third and Fourth Causes of Action)

The elements of the tort of intentional interference
with prospective economic advantage overlap those of the
tort of intentional interference with contractual
relations with the added element that the defendant's
conduct was "wrongful by some legal measure other than
the fact of interference itself" [Della Penna v. Toyota
Motor Sales, USA, Inc. (1995) 11 Cal.4th 376, 393; Korea
Supply Co. v. Lockheed Martin Corp. (2003) 29 Cal.4th
1134, 1153], and "the existence of a contract does not
mean that a plaintiff's claim must be brought exclusively
as one for interference with contract" [Id at 1157].
Here, the additional element that the intentional
interference be "wrongful by some legal measure other
than the fact of interference itself" is satisfied by
Defendant's violations of Rules 5-300(A) and 1-710 of the

12

**EXHIBIT 2 PAGE 763**

LOVE01140

Rules of Professional Conduct, Rule 244 of the Rules of Court and Business & Professions Code §6128. Mr. Love's contention in his opposition that the conduct must amount to independently actionable conduct, as opposed to "an act which is independently wrongful," is a misreading of the Supreme Court's opinion in <u>Korea Supply Co. v. Lockheed Martin Corp.</u>, *supra* at 1159, where the court held "[w]e conclude, therefore, that an act is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."

7.  <u>LIABILITY FOR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE</u>
(Plaintiff's Fifth And Sixth Causes of Action)

Mr. Love is correct when he states in his opposition that the tort of negligent interference with economic relationships arises only when the defendant owes the plaintiff a duty of care. However, again, without any duty assessment of the factors enumerated by the Supreme Court in <u>Rowland v. Christian</u>, *supra*, and its innumerable judicial descendants, Mr. Love simply concludes the allegations of Plaintiff's Complaint do not establish that he owed Plaintiff any "duty of care which would support or allow these negligent interference causes of

13

**EXHIBIT 2 PAGE 764**

LOVE01141

action against him to proceed" [LRB 37]. Mr. Love's
conclusions, without any duty assessment under applicable
law, are erroneous for the reasons previously discussed
[AOB 26-38, 41-44]. Mr. Love's argument there is no
"special relationship" overlooks that "[t]he key
component in determining whether the relationship between
plaintiff and defendant in such cases gives rise to a
duty of care is the foreseeability of the harm suffered
by plaintiff [J'Aire v. Gregory (1979) 24 Cal.3d 799 at
803; LiMandri v. Judkins, supra at 349]. And
"[f]oreseeability is generally measured by the closeness
of the connection or nexus between the defendant's
conduct and risk of injury to the plaintiff - that is,
whether the defendant had 'entered into any relationship
or undertaken any activity where negligence on his part
was reasonably likely to affect plaintiff adversely"
[J'Aire v. Gregory, supra at 807; LiMandri v. Judkins,
supra at 349]. Here, a proper analysis of
"foreseeability" in a duty analysis makes clear the
requisite "special relationship" exists in that Mr. Love
entered into a relationship (acting as an attorney in the
Underlying Proceeding) and also undertook activity (the
Gift) where negligence on his part was reasonably likely
to affect Appellant adversely [see AOB 56-58].

14

**EXHIBIT 2 PAGE 765**

LOVE01142

8.  <u>LIABILITY FOR UNFAIR COMPETITION AGAINST MR. LOVE</u>
        (Plaintiff's Tenth Cause of Action)

Mr. Love's characterization of Business & Professions Code §§17200, et seq., as simply "unfair competition" overlooks the broad scope of these statutory protections which prohibit "any unlawful, unfair, fraudulent Business act or practice ... [Business & Professions Code §17200]. Here, the Gift to Mr. Allen was an unfair and fraudulent business act and practice designed to provide, and which provided, Mr. Love an unfair advantage over Plaintiff and Plaintiff's counsel in the Underlying Proceeding. As a result of these unfair and fraudulent acts of Mr. Love, Plaintiff seeks restitution of amounts plaintiff was required to pay to Mr. Allen, to Plaintiff's counsel, for the benefit of and indirectly to Mr. Love, to Bruno Mack & Barclay and to Plaintiff's experts in the Underlying Proceeding. All of these amounts would not have been paid but for the unfair and fraudulent Business practice of Mr. Love in the Gift to Mr. Allen. And as explained in Appellant's Opening Brief, that this restitution may be more than the monies Mr. Love actually received is not a defense to Plaintiff's claims [AOB 59-61]. At a minimum, Plaintiff is entitled to restitution of the fees Plaintiff was

15

**EXHIBIT 2 PAGE 766**

LOVE01143

required to pay as a result of Mr. Love's misconduct.

### 9.   LIABILITY FOR UNJUST ENRICHMENT
(Plaintiff's Thirteenth Cause of Action)

Mr. Love's opposition ignores that Plaintiff was compelled in the Underlying Proceeding to pay $250,000 from Plaintiff's property in reimbursement to Petitioner of professional fees, including attorney's fees of Mr. Love. That Plaintiff's monies passed through Petitioner's hands does not change the fact that Mr. Love was the ultimate recipient of these fees. Under a constructive trust theory, Mr. Love holds property he wrongfully obtained from Plaintiff as constructive trustee [AOB 61-62].

### III.   REPLY TO OPPOSITION OF MR. ALLEN

### 1.   ALLEN'S CITATIONS TO "FACTS" NOT CONTAINED IN THE RECORD

Citations to "facts" must be supported in the record [CRC 14(a)(1)(C); Nwosu v. Uba (2004) 122 Cal.App.4th 1229, 1246; Regents of Univ. of Calif. v. Sheily (2004) 122 Cal.App.4th 824, 827]. Here, Mr. Allen asserts as a part of his Statement Of The Case And Facts the following matters which are not supported by citations to the record:

"Mr. Allen is an experienced and highly respected attorney specializing in the area of

16

**EXHIBIT 2 PAGE 767**

LOVE01144

family law and has practiced law in San Diego for over 40 years. From time to time, Mr. Allen volunteered his services and served as pro tem judge of the San Diego Superior Court on a pro bono basis from 1982 to 1997. From time to time, Mr. Allen also served as a pro tem settlement judge in the San Diego Family Court from approximately 1994 to the present" [Allen Respondent Brief (herein "ARB") 3].

"Mr. Rogozienski is a former executive ... for Qualcomm. In addition to his position at Qualcomm, Mr. Rogozienski ..." [ARB 4].

"Despite numerous rulings which were in his favor, including an award of approximately 78 percent of the Qualcomm stock valued in excess of $80,000,000 (which was acquired during the marriage), Mr. Rogozienski sought to challenge Mr. Allen's authority to further serve as temporary judge" [ARB 6].

Appellant requests the Court strike and/or disregard these matters.

2. **ALLEN'S ACCEPTANCE OF THE GIFT WAS NOT AN ACT IN HIS JUDICIAL CAPACITY**

Mr. Allen's opposition rests on his contention that all of Plaintiff's causes of action against him are barred by the doctrine of judicial immunity.[6] Whether Mr. Allen is or is not shielded by the judicial immunity doctrine from liability for damages resulting from his misconduct turns on whether or not the wrongful acts

_____

[6]Mr. Allen makes footnote mention [ARB 12] of the litigation privilege and the Tort Claim Act as additional grounds for his demurrer in the trial court. Since neither of these grounds are further addressed in Mr. Allen's Brief, they are not discussed herein.

17

**EXHIBIT 2 PAGE 768**

LOVE01145

giving rise to his liability were done while he was
acting in a judicial capacity. This is because judicial
immunity depends not on the status of the defendant, but
rather, on the specific work or function being performed
[see Greene v. Zank (1984) 158 Cal.App.3d 497, 508,
citing Butz v. Economou (1978) 438 U.S. 478, 511-512].
Appellant has set forth in his Opening Brief the reasons
why Mr. Allen's non-judicial acceptance of the Gift (from
one attorney to another) and non-judicial active
participation in the conveyance of the Gift to himself
were not acts done in his capacity as a judicial officer
[AOB 63-65]. In his opposition, Mr. Allen misstates that
Appellant "admitted that Mr. Allen was acting in his
capacity as a temporary judge in the dissolution action
at the time of the events giving rise to Mr.
Rogozienski's claims" [ARB 26]; whereas, Plaintiff in his
Complaint has delineated judicial from non-judicial acts.
Plaintiff's Complaint specifies "acting in his role as
then-temporary judge" when the act was alleged to have
been done in then-temporary judge Allen's judicial
capacity, and contains no such reference when the act was
not alleged to have been done while acting in a judicial
capacity [see AA Vol. I 29, ¶47 which alleges "[e]xcept
where otherwise expressly stated to the contrary, the

18

**EXHIBIT 2 PAGE 769**

L0VE01146

actions and conduct of ALLEN alleged herein were not done by ALLEN in his role or capacity as a judicial officer. The actions and conduct on which ALLEN is sued herein are not judicial acts"]. Mr. Allen's contention that all of the conduct of Mr. Allen alleged in Plaintiff's Complaint was as a judicial officer is simply a misreading of Plaintiff's Complaint. The Complaint contains allegations, not asserted against Mr. Allen, of actions done in Mr. Allen's capacity as a judicial officer because Mr. Love is also a defendant, and Mr. Love is not shielded by the doctrine of judicial immunity [Dennis v. Sparks, supra]. The particular claims against Mr. Allen are not barred by the doctrine of judicial immunity.

3. **JUDICIAL IMMUNITY NOT APPLICABLE TO PLAINTIFF'S BREACH OF CONTRACT CLAIMS**
(Plaintiff's Ninth Cause of Action)

Unique to the role of an attorney appointed to act as a temporary judge in a matter is that sometimes, as was the circumstance here, the attorney bills a party or the parties for his services. Here, Mr. Allen submitted billings to Plaintiff as a lawyer on the letterhead of his law firm, which bills, including prior to this appointment as a temporary judge, were paid by Plaintiff. It is alleged that Mr. Allen breached his agreement with Plaintiff when he accepted the Gift which rendered his

19

**EXHIBIT 2 PAGE 770**

LOVE01147

previous services and monies previously paid to him by Plaintiff of no value and further when he thereafter invoiced and accepted payment from Plaintiff for services allegedly rendered after he had taken the Gift and was disqualified, which services were also of no value. It is further alleged that Mr. Allen breached the implied covenant of good faith and fair dealing for the same reasons. Appellant is not aware of any reported decision which has held a temporary judge is entitled to retain monies he has wrongfully caused to be paid to himself, and Mr. Allen has not cited to any on-point cases. Neither <u>Ricotta v. State of California</u> (S.D. Cal. 1998) 4 F.Supp.2d 961 nor <u>Howard v. Drapkin</u> (1990) 222 Cal.App.3d 843, the two cases cited by Mr. Allen, deal with the retention of monies the person claiming judicial immunity caused to be paid to himself. To apply judicial immunity in these circumstances would allow a temporary judge to directly profit from his own misconduct, and to cause himself to be paid for services for which he was not entitled to payment. Appellant submits that public policy should not extend judicial immunity to bar liability for a temporary judge in this circumstance and acting in this manner.

4.    <u>JUDICIAL IMMUNITY IS NOT APPLICABLE TO</u>

20

**EXHIBIT 2 PAGE 771**

LOVE01148

<u>PLAINTIFF'S UNJUST ENRICHMENT CLAIMS</u>

The Thirteenth Cause of Action of Plaintiff's Complaint for unjust enrichment against Mr. Allen should not be barred by the doctrine of judicial immunity for the reasons stated above with respect to Plaintiff's Breach of Contract Claims and in Appellant's Opening Brief [AOB 66-67].

5. <u>ALLEN'S RULINGS AFTER HE ACCEPTED THE GIFT WERE WITHOUT JURISDICTION</u>

Appellant stands on his Opening Brief [AOB 67-68] that a judge's actions are not immune where he has acted in the clear absence of all jurisdiction [<u>Stump v. Sparkman</u> (1978) 43 U.S. 349, 356-367].

IV. <u>CONCLUSION</u>

For each of the reasons hereinabove set forth and as set forth in Appellant's Opening Brief, Defendants' demurrers to each of the causes of action of Plaintiff's Complaint should not have been sustained, or alternatively, Plaintiff should have been given leave to amend.

Respectfully submitted,
FRANK E. ROGOZIENSKI, INC.

By: _____
Frank E. Rogozienski
Attorney for Appellant
Frank E. Rogozienski

21

**EXHIBIT 2 PAGE 772**

L0VE01149

<u>**CERTIFICATION OF LENGTH**</u>

[California Rules of Court 14(c)]

The text of Appellant's Reply Brief consists of
4,408 words as counted by the Corel WordPerfect version
9 word-processing program used to generate the brief.

Dated: October 16, 2006     FRANK E. ROGOZIENSKI, INC.

By: _____
        Frank E. Rogozienski
        Attorney for Plaintiff
        and Appellant

**EXHIBIT 2 PAGE 773**

LOVE01150

<u>PROOF OF SERVICE</u>

I, the undersigned, certify and declare I am a citizen of the United States; I am over the age of eighteen (18) years and employed in the County of San Diego, State of California, and not a party to the within action. On October 16, 2006, I caused the attached APPELLANT'S REPLY BRIEF to be served by United States first-class mail, postage prepaid, addressed as follows:

Donald A. English, Esq.
English & Gloven
550 West "C" St., No. 1800
San Diego, CA 92101

Daniel M. White, Esq.
White & Oliver
550 West "C" St., No. 950
San Diego, CA 92101

San Diego Superior Court
Appeals Desk
330 W. Broadway
San Diego, CA 92101

California Supreme Court
350 McAllister Street
San Francisco, CA 94102
(4 copies)

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on October 16, 2006.

Shefryl M. Bolinger

**EXHIBIT 2 PAGE 774**

L0VE01151

LOVE01152

3/23/07

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk

MAR 23 2007

Court of Appeal Fourth District

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | D047858 |
| Defendant and Appellant, | |
| v. | |
| JAMES D. ALLEN et al., | (Super. Ct. No. GIC843843) |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge. Reversed in part; affirmed in part.

In their marriage dissolution proceeding, Shirley Rogozienski (Shirley), represented by defendant and respondent S. Michael Love, and plaintiff and appellant Frank E. Rogzienski (Frank) stipulated to the appointment of defendant and respondent James D. Allen as temporary judge. After judgment was rendered, Frank sought Allen's disqualification, alleging that during the proceeding Allen accepted but did not disclose the gift of a time-share interest in property from Love. Allen was found disqualified

**EXHIBIT 2 PAGE 775**

LOVE01153

The superior court later determined the gift resulted in Allen's disqualification as of the date of the gift. It noted that a judge shall be disqualified if a person aware of the facts might reasonably entertain a doubt that the judge would not be impartial (Code Civ. Proc., § 170.1, subd. (a)(6)(iii)) and that a disqualified judge has no power to act in a proceeding after his or her disqualification. (Code Civ. Proc., § 170.4.) The court further noted a temporary judge is under an ethical obligation not to accept a gift if the donor is a party or person whose interests are reasonably likely to come before the judge. (Cal. Code Jud. Ethics, canon 6D(2)(d).) The court concluded that aware of the facts, a person would likely entertain doubts about Allen's impartiality. The court concluded Allen was disqualified in the case as of the date of the gift.

This court concluded that while Allen might not have been disqualified until after he made some but not all rulings in the case, Frank, as a matter of due process, was entitled to a new proceeding before a different judge addressing all issues decided by Allen.[1]

2. *Causes of Action*

In his complaint Frank states he has some doubt concerning whether he is entitled to redress from all the defendants or from one or more of them. He states his intention that the action will resolve whether all the defendants or one or more of them is liable to him.

---

[1]    We take judicial notice of this court's unpublished opinions in *In re the Marriage of Rogozienski* (D045626) and *Rogozienski v. Rogozienski* (D042201).

3

**EXHIBIT 2 PAGE 776**

LOVE01154

b. *Intentional Interference with Prospective Economic Advantage*

As to the third cause of action, Frank noted the same relationships described in his intentional interference with contractual relations claim and alleged defendants engaged in the conduct related to the gift either intending to interfere with those economic relationships or knowing their conduct would cause such interference.

As to his fourth cause of action, Frank stated an economic relationship existed between Allen and himself for the resolution of the dissolution proceeding in an expeditious and cost effective manner. Frank alleged Love engaged in his wrongful conduct either with the intent to interfere with that relationship or knowing such interference would occur.

c. *Negligent Interference with Prospective Economic Advantage*

As to his fifth and sixth cause of action for negligent interference with prospective economic advantage, Frank made essentially the same allegation as made in his first through fourth causes of action.

d. *Civil Rights Violation*

In his seventh cause of action, as to all defendants Frank alleged that Allen's acceptance of a gift from Love and their concealment of the gift violated his civil rights by denying him a fair trial. Frank alleges this right includes a proceeding before a judge qualified to hear the matter and without the creation of doubts concerning the trial judge's impartiality.

**EXHIBIT 2 PAGE 777**

LOVE01155

I. *Negligence*

In his twelfth cause of action, Frank alleged that as members of the state bar Allen and Love had a duty to refrain from extrajudicial actions and conduct that would cause or was reasonably foreseeable to cause him harm. Frank alleged the defendants negligently breached this duty when Love gave Allen a gift and failed to disclose the gift during the dissolution proceeding.

j. *Unjust Enrichment*

As a thirteenth cause of action, Frank as to all defendants alleged unjust enrichment arising from their improper conduct.

3. *Demurrers*

a. *Love*

Love asserted all causes of action alleged against him failed to state facts sufficient to constitute a cause of action against him. As to the first through the sixth causes of action, i.e., intentional interference with contractual relations, intentional interference with prospective economic advantage and negligent interference with prospective economic advantage, Love argued they were uncertain in that the conduct cited could not support the tort alleged.

b. *Allen*

With regard to each cause of action alleged as to him, Allen argued the complaint failed to state facts sufficient to constitute a cause of action because they were barred by the doctrine of judicial immunity, the litigation privilege and the torts claim act. As to the civil rights violation cause of action, he specially demurred on the basis its allegations

7

**EXHIBIT 2 PAGE 778**

no deference from us. We must afford a reasonable interpretation of the complaint read as a whole with its parts in context. [Citation.] If the factual allegations of the complaint are adequate to state a cause of action under any legal theory, the demurrer must be overruled. [Citation.] We can only uphold a general demurrer sustained without leave to amend if it appears there is no cause of action stated under applicable substantive law. [Citation.]" (*Charpentier v. Los Angeles Rams Football Co.* (1999) 75 Cal.App.4th 301, 306-307, fns. omitted.)

When a complaint is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. If it can, the trial court has abused its discretion and we reverse. If not, there has been no abuse of discretion and we affirm. The burden of proving such reasonable possibility is on the plaintiff. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

A. *Allen's Demurrer*

The trial court sustained Allen's demurrer without leave to amend as to all causes of action because they are barred by the doctrine of judicial immunity. Frank argues the trial court erred because the operative act resulting in damage to him, i.e., accepting a gift from Love during the dissolution proceeding, was not an act performed in his judicial capacity. Additionally, he argues Allen had no judicial immunity as to his ruling after accepting the gift because that act rendered him without jurisdiction to decide the matter.

1. *Judicial Immunity*

Judges have immunity from civil suits in the exercise of their judicial function. Such immunity exists to promote the fair administration of justice by allowing judges to

9

**EXHIBIT 2 PAGE 779**

LOVE01157

any judicial function and was not "on judicial duty." Frank makes clear his action against Allen is not based on his rulings but rather on the fact of disqualification and the expense it caused him.

Allen's act of accepting a gift from Love was merely one part of a more complex process that resulted in his disqualification and alleged harm to Frank. Allen was acting as a judge in the dissolution proceeding and in that role had a duty as a judicial officer not to accept a gift from Love and to disclose to the parties any fact that might affect his qualification to proceed with the matter. It was his failure to comply with these tenets of judicial ethics that resulted in his disqualification. Clearly, the policy basis for the doctrine of judicial immunity applies not just to judicial acts but also to judicial omissions. By accepting the gift and by failing to reveal it, Allen failed to act in manner that maintained his qualification to proceed with the matter or to mitigate any damage to the parties. Those were judicial acts and omissions and Allen is immune from liability in a suit arising from them.

Neither was there in this case a complete absence of subject matter jurisdiction. Allen was appointed as temporary judge. In the most fundamental sense, he had jurisdiction in the matter.

B. *Love's Demurrer*

We address the causes of action in the order they are addressed by the parties.

1. *Twelfth Cause of Action*

In his twelfth cause of action, Frank alleged that as a member of the California State Bar Love owed a duty of care to him to refrain from extrajudicial actions that would

11

**EXHIBIT 2 PAGE 780**

LOVE01158

The existence and scope of duty are legal questions for the court.  (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674.)  The starting point in determining whether a duty of care exists in the negligence context is Civil Code section 1714, subdivision (a):  "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

The conclusion that a duty exists is the statement of a conclusion.  It is the expression of the "sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'"  (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 477.)

We consider the following in deciding whether a duty exists:  "'the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.'"  (*Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 473; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 572-573, fn. 6.)

After reviewing these considerations and the alleged facts, we conclude Love owed a duty of care under the circumstances not to give a gift to Allen when Love was acting as counsel for a party in the dissolution action. Code of Civil Procedure section 170.1, subdivision (a)(6)(iii), states a judge shall be disqualified if "a person aware of the

13                                      **EXHIBIT 2 PAGE 781**

LOVE01159

duty of care created by these provisions when during the dissolution proceeding he made and failed to disclose a gift to Allen resulting in Allen's disqualification from hearing the matter and ultimately causing Frank financial harm. The complaint alleged Love knew or should have known his conduct was certain or substantially certain to injure Frank.

The trial court sustained Love's demurrer to the eleventh cause of action, finding he had no duty to Frank for conduct allegedly violating the Rules of Professional Conduct.

Willful misconduct is a tort separate and distinct from negligence. It occurs when an intentional act is done with knowledge, either express or implied, that serious injury is not merely possible but probable or with the intentional doing of an act with a wanton and reckless disregard for the consequences. (*Williams v. Carr* (1968) 68 Cal.2d 579, 584; *Palazzi v. AirCargo Terminals, Inc.* (1966) 244 Cal.App.2d 190, 195; *Donnelly v. Southern Pacific Co.* (1941) 18 Cal.2d 863, 869.)

The trial court erred in sustaining Love's demurrer to the eleventh cause of action without leave to amend. As noted above, any liability for Love's conduct arose not from his membership in the state bar but from his actions under the circumstances alleged in the complaint. Frank is granted leave to amend to allege liability based not on Love's status as an attorney but on Love's actions.

3. *Seventh Cause of Action*

The seventh cause of action alleged a violation by Love of Frank's civil rights. The cause of action alleged the United States and California Constitutions guaranteed him the right to a fair trial. The complaint asserted that right included a trial free from

15

**EXHIBIT 2 PAGE 782**

finding no allegation of state action and erred in sustaining Love's demurrer to the seventh cause of action insofar as it was based on 42 United States Code section 1983.

      b.  *Civil Code section 52.1*

      Civil Code section 52.1, subdivision (b), authorizes an action at law by an individual against anyone who interferes by "threat, intimidation or coercion," with any rights secured by the federal or state Constitution.  There is no requirement that the interference be made under color of law.  (*Jones v. Kmart Corp., supra,* 17 Cal.4th at p. 333.)

      Frank argues Love interfered with his right to a trial free by actions that disqualified the trial judge and raised doubts concerning the impartiality of the trial judge. The difficulty with Frank's civil rights cause of action based on section 52.1, subdivision (b), is that there is no allegation Love's actions, whatever their effect, involved threats, intimidation or coercion.  In an attempt to come within the section, Frank argues:  "Here, for purposes of a civil rights action under Civil Code §52.1, coercion is found (a) in Mr. Love's continuing to pursue and obtain rulings and orders from Mr. Allen after the [g]ift had been accepted and Mr. Allen was thus disqualified from further acting as temporary judge in the [u]nderlying [p]roceeding, and (b) in the involuntary taking of property from [p]laintiff . . . ."

      Neither of these cited acts is, by any reasonable definition, coercive.  The trial court properly sustained without leave to amend Love's demurrer to the seventh cause of action insofar as it was based on Civil Code section 52.1.

17

**EXHIBIT 2 PAGE 783**

LOVE01161

There was no transaction between Frank and Love that established a relationship such that Love had a duty to disclose the fact of the gift to Allen.  There is no indication that any amendment to the cause of action is possible to plead a viable claim of fraudulent concealment and the trial court properly sustained Love's demurrer as to the eighth cause of action without leave to amend.

5. *First and Second Causes of Action*

Frank argues the trial court erred in sustaining Love's demurrer to the first and second causes of action for intentional interference with contractual relations.

In the first cause of action, Frank noted the existence of various contractual relationships between himself and his wife, various third parties, e.g., Qualcomm and with his attorney in the dissolution proceeding.  Frank alleged Love was aware of these contracts and that by his gift to Allen and the actions related to that gift, he either intended to prevent Frank's performance or to cause his performance of these contracts to be more expensive or that Love knew that his actions were substantial certain to have that result.

In his second cause of action for intentional interference with contractual relations, Frank noted his agreement to pay one-half Allen's fee in the dissolution proceeding.  He alleged that aware of this contract Love intended by his gift to Allen to make Frank's performance of that agreement more expensive or burdensome or knew that such act would have that effect.

**EXHIBIT 2 PAGE 784**

L0VE01162

The tort of intentional interference with a contractual relationship is directed at the disruption of and interference with the *relationship* and the tort does not arise simply because in some way the plaintiff has suffered damages related to a contractual relationship. For example, here Frank cites his contract with counsel for legal services in the dissolution action as one of the contracts disrupted or interfered with by Love's actions. Presumably, Frank means that Love's actions made his contract with counsel more expensive because Frank will as a result of those actions have to pay additional attorney fees. The tort is concerned with interference with the contractual relationship itself. The tort does not arise simply because the actions of the defendant incidentally affect a contractual relationship.

We conclude the trial court properly sustained Love's demurrer without leave to amend to the first cause of action for the intentional interference with a contractual relationship.

We conclude, however, the court erred in sustaining Love's demurrer with regard to the second cause of action, i.e., interference with Frank's contractual relationship with Allen. Frank alleged a contract existed with Allen to serve as a temporary judge. The alleged actions by Love led to if not a breach then a serious disruption in that contractual relationship. Love's demurrer with regard to that action should not have been sustained.

6. *Third through Sixth Cause of Action*

Frank argues the trial court erred in sustaining without leave to amend Love's demurrer to the third and fourth causes of action for intentional interference with

21

**EXHIBIT 2 PAGE 785**

LOVE01163

A cause of action also exists for negligent interference with prospective economic advantage. (See *Aas v. Superior Court* (2000) 24 Cal.4th 627, 643-645.)

The elements of both torts require the plaintiff allege some claim of interference with a prospective economic benefit such that it is reasonably probable that the claimed loss of economic advantage would have been realized but for the defendant's interference. (*Youst v. Longo* (1987) 43 Cal.3d 64, 71; *Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 522-523.)

Frank's claims of interference with prospective economic advantage are totally conclusory with regard to the economic benefit involved and how it is reasonably probable that but for Love's interference any economic advantage would have been realized. Even on appeal Frank provides only the vaguest of claims in this regard. The trial court properly sustained Love's demurrer without leave to amend.

7. *Tenth Cause of Action*

In his tenth cause of action, Frank alleged Love's gift to Allen was an unfair and fraudulent business practice within the meaning of Business and Professions Code section 17200. The cause of action alleged Love made the gift to provide him with an unfair advantage in the dissolution proceeding.

The trial court sustained Love's demurrer without leave to amend, finding there was no remedy based upon the facts pled and that Frank failed to allege Love had monies that could be restored to Frank.

23

**EXHIBIT 2 PAGE 786**

LOVE01164

There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust. (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1490; 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 1015, 1016, pp. 1104-1105.) Although Frank's complaint states he is seeking restitution or imposition of a constructive trust, he is in fact simply seeking damages.

The trial court properly sustained Love's demurrer to the thirteenth cause of action without leave to amend.

### DISPOSITION

The judgment is reversed insofar as it sustained Love's demurrer to the second cause of action. It is reversed as to the seventh cause insofar as it sustained Love's demurrer with regard to the civil rights action alleged pursuant to 42 United States Code section 1983. It is sustained as to eleventh and twelfth causes of action but reversed as to the order foreclosing Frank from amending those causes of action. In all other respects the judgment is affirmed. Each party to bear its own costs on appeal.

_____
BENKE, Acting P. J.

WE CONCUR:

_____
McDONALD, J.

_____
McINTYRE, J.

25                                    **EXHIBIT 2 PAGE 787**

L0VE01165

LOVE01166

COURT OF APPEAL FOR THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

| | | |
|---|---|---|
| FRANK E. ROGOZIENSKI, | ) | CASE NO. D047858 |
| | ) | |
| Plaintiff and Appellant, | ) | San Diego County |
| | ) | Superior Court |
| v. | ) | Case No. GIC843843 |
| | ) | |
| JAMES D. ALLEN and S. MICHAEL | ) | |
| LOVE, | ) | |
| | ) | |
| Defendants and Respondents. | ) | |
| | ) | |

---

**APPELLANT'S PETITION FOR REHEARING**

---

On Appeal From The Superior Court
County of San Diego
The Honorable Joan M. Lewis

FRANK E. ROGOZIENSKI, INC.
FRANK E. ROGOZIENSKI, ESQ., BAR NO. 51445
A Professional Corporation
Attorneys At Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone:   (619) 237-1878
Facsimile:   (619) 237-1870
Attorneys for Plaintiff and Appellant,
Frank E. Rogozienski

**EXHIBIT 2 PAGE 788**

LOVE01167

COURT OF APPEAL FOR THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION ONE

FRANK E. ROGOZIENSKI,                )   CASE NO. D047858
                                     )
        Plaintiff and Appellant,     )
                                     )   San Diego County
              v.                     )   Superior Court
                                     )   Case No. GIC843843
                                     )
JAMES D. ALLEN and S. MICHAEL        )
LOVE,                                )
                                     )
        Defendants and Respondents.  )
                                     )

---

### APPELLANT'S PETITION FOR REHEARING

---

On Appeal From The Superior Court
County of San Diego
The Honorable Joan M. Lewis

FRANK E. ROGOZIENSKI, INC.
FRANK E. ROGOZIENSKI, ESQ., BAR NO. 51445
A Professional Corporation
Attorneys At Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone:  (619) 237-1878
Facsimile:  (619) 237-1870
Attorneys for Plaintiff and Appellant,
Frank E. Rogozienski

**EXHIBIT 2 PAGE 789**

LOVE01168

## TABLE OF CONTENTS

INTRODUCTION . . . . . . . . . . . . . . . . . . 1

GROUNDS FOR REHEARING . . . . . . . . . . . . . . . 1

DISCUSSION . . . . . . . . . . . . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . 3

i

**EXHIBIT 2 PAGE 790**

LOVE01169

**TABLE OF AUTHORITIES**

<u>California Rules Of Court</u>

Rule 8.268  . . . . . . . . . . . . . . . . . . . . . 1

<u>California Cases</u>

In Re Jessup's Estate (1889) 81 Cal. 408  . . . . . . . . 1

San Francisco v. Pacific Bank (1891) 89 Cal. 23 . . . . . 2

**EXHIBIT 2 PAGE 791**

LOVE01170

## INTRODUCTION

The Court's opinion filed March 23, 2007 [herein the "Opinion"] states at page 24 with respect to Frank's tenth cause of action for unfair and fraudulent business practice within the meaning of Business & Professions Code §17200 that:

> "What Frank sought in his tenth cause of action, e.g., monies paid to Allen and his expenses in the dissolution action, was not restitution; indeed, there appears nothing Love could return to Frank.  What Frank sought was damages. Love's demurrer to the tenth cause of action was properly sustained without leave to amend."

It is respectfully submitted that the Opinion appears to have misstated or omitted a material fact, namely that Frank's tenth cause of action in addition to the "monies paid to Allen and [Frank's] expenses in the dissolution action" seeks restitution from Love of the $250,000 Frank paid of Shirley's attorney's fees and costs, including fees for Love.

## GROUNDS FOR REHEARING

"On petition of a party ..., a reviewing court may order rehearing of any decision that is not final in that court on filing" [Cal. Rule of Court 8.268(a)(1).

A rehearing may be granted on the ground that the court's opinion misstated or omitted a material fact in the case, or misstated or failed to address any material issue

1

**EXHIBIT 2 PAGE 792**

L0VE01171

[In re Jessup's Estate (1889) 81 Cal. 408, 471; and San
Francisco v. Pacific Bank (1891) 89 Cal.23, 25 (holding that
"Petitions for rehearing are permitted by the rules of the
court, for the purpose of correcting any error which the
court may have made in its opinion, or of enabling counsel to
direct the attention of the court to matters presented at the
argument, which may have been overlooked in the decision")].

## DISCUSSION

Frank's First Amended Complaint [herein the "FAC"]
alleges that at a hearing before Allen on October 11, 2002,
"Allen stated he would order [Frank] to pay $250,000 of
[Shirley's] attorneys' fees and costs, including for Love"
[AA I 26:3-6]. Thereafter, "Allen's decisions ... included
an award of $250,000 in attorney's fees to Shirley" [AA I
81:20-22], which Frank was obligated to and did pay. More
specifically, Allen's Second Amended Statement of Decision
dated November 12, 2002 provided that "it is appropriate for
Frank to pay to Shirley's attorneys the sum of $250,000 as a
contribution towards Shirley's attorney's fees and costs" [AA
I 17:12-14], and this was carried forward into Allen's
Judgment wherein it was ordered that "Frank shall pay to
Shirley $250,000 as and for attorneys' fees and costs" [AA I
189:24- 19:1]. Paragraph 9 of Frank's FAC alleges that "[i]n
the Underlying Proceeding, Love represented [Shirley] ..."

2

**EXHIBIT 2 PAGE 793**

LOVE01172

[AA I 14:24-25].

Paragraph 118 of the tenth cause of action of Frank's
FAC alleges that:

> "118.   As a result of the fraudulent
> acts and business practices of Love as
> aforesaid, Plaintiff is entitled to
> restitution of the amounts Plaintiff
> paid to Allen, to Plaintiff's counsel,
> <u>for the benefit of and indirectly to
> Love</u>, to Bruno, Mack and Barclay and to
> Plaintiff's experts in the Underlying
> Proceeding, all in an amount according
> to proof in excess of $25,000" (emphasis
> added) [AA I 41-42].

At the hearing before the trial judge on Love's
demurrers, Frank was asked and explained, with respect to
Love, what was sought to be restored:

> "THE COURT: - - What's to be restored to
> you?
>
> MR. ROGOZIENSKI: Well, your Honor, I
> think it's broader that - - well, the
> most direct is the fees that were paid
> to Mr. Love.  Actually, they were paid
> to the petitioner in the divorce
> proceeding, to reimburse for Mr. Love's
> fees" [RT 23:3-11].

In Frank's Opening Brief and also in his Reply Brief,
Frank included within the discussion of his restitution claim
the foregoing amount he was required to pay "for the benefit
of and indirectly to Mr. Love" [AOB 60 and ARB 15].

### CONCLUSION

The Opinion appears to have misstated or omitted

3

**EXHIBIT 2 PAGE 794**

LOVE01173

consideration of restitution of the $250,000 amount Frank paid to Shirley for attorney's fees, including for Love. That Love's fees were initially received from Shirley should not bar restitution to Frank inasmuch as these fees were ultimately paid by Frank. Accordingly, the trial court's judgment sustaining Love's demurrer to the tenth cause of action of Frank's FAC without leave to amend should be reversed.

Respectfully submitted,

FRANK E. ROGOZIENSKI, INC.

By: _____
Frank E. Rogozienski
Attorney for Plaintiff
and Appellant, Frank E.
Rogozienski

4

**EXHIBIT 2 PAGE 795**

LOVE01174

## CERTIFICATION OF LENGTH

[California Rules of Court 14(c)]

The text of Appellant's Petition For Rehearing consists of 723 words as counted by the Corel WordPerfect version 9 word-processing program used to generate the brief.

Dated: April 9, 2007        FRANK E. ROGOZIENSKI, INC.

                By:_____
                  Frank E. Rogozienski
                  Attorney for Plaintiff
                  and Appellant, Frank E.
                  Rogozienski

5

**EXHIBIT 2 PAGE 796**

LOVE01175

## PROOF OF SERVICE

I, the undersigned, certify and declare I am a citizen of the United States; I am over the age of eighteen (18) years and employed in the County of San Diego, State of California, and not a party to the within action. On April 9, 2007, I caused the attached PETITION FOR REHEARING to be served by Federal Express overnight delivery, charges paid by sender, addressed as follows:

Donald A. English, Esq.
English & Gloven
550 West "C" St., No. 1800
San Diego, CA 92101

Daniel M. White, Esq.
White & Oliver
550 West "C" St., No. 950
San Diego, CA 92101

San Diego Superior Court
Appeals Desk
330 W. Broadway
San Diego, CA 92101

California Supreme Court
350 McAllister Street
San Francisco, CA 94102

Office of the District Atty.
Appellate Division
330 W. Broadway, No. 1300
San Diego, CA 92101
(Unfair Competition)

Office of the Attorney General
Consumer Law Section
455 Golden Gate Ave., No. 11000
San Francisco, CA 94102
(Unfair Competition)

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on April 9, 2007.

Sherry M. Bolinger

**EXHIBIT 2 PAGE 797**

LOVE01176

LOVE01177



**Court of Appeal**

FOURTH DISTRICT, DIVISION ONE
SYMPHONY TOWERS
750 B STREET, SUITE 590
SAN DIEGO, CALIFORNIA 92101

CHAMBERS OF
PATRICIA D. BENKE
ASSOCIATE JUSTICE



April 16, 2007

Frederick Ohlrich, Clerk/Administrator
Supreme Court of California
350 McAllister Street
San Francisco, CA 94102-3600

    Re: *Frank E. Rogozienski v. James D. Allen et al.*, D047858,
       filed March 23, 2007

Dear Mr. Ohlrich:

    Enclosed is a request to publish the opinion in the above matter, together with copies of the opinion and this court's order denying the request for publication.

    This court recommends the opinion not be published on the ground it does not meet the standards for publication.

                Very truly yours,

                *Patricia D. Benke*
                PATRICIA D. BENKE
                Associate Justice

PDB:lsl

Enclosures

cc: All Parties

**EXHIBIT 2 PAGE 798**

LOVE01179

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

F I L E D
Stephen M. Kelly, Clerk

APR 1 7 2007

FRANK E. ROGOZIENSKI,                    D047858

    Plaintiff and Appellant,

    v.                                   (Super. Ct. No. GIC843843)

JAMES D. ALLEN et al.,

    Defendants and Respondents.

THE COURT:

    The request for publication of the opinion is denied and the petition for rehearing is denied.

_____
BENKE, Acting P. J.

Copies to:  All parties

**EXHIBIT 2 PAGE 799**

LOVE01180

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____

## I. (a) PLAINTIFFS
Frank E. Rogozienski

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Frank Rogozienski, Esq., 1660 Union Street,
Suite 300, San Diego, CA 92101; 619-237-1878

## DEFENDANTS
James D. Allen; Michael Love; and UTV
Does 1 through 10, inclusive

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)  '07 CV 0742    JAH LSP
Daniel M. White, Esq., White & Oliver, APC
550 W. C St., #950, San Diego, CA; 619-239-0300

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **PERSONAL INJURY** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 362 Personal Injury - Med. Malpractice | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 365 Personal Injury - Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | **PERSONAL PROPERTY** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 370 Other Fraud | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 371 Truth in Lending | | | ☐ 950 Constitutionality of State Statutes |
| **CIVIL RIGHTS** | ☐ 380 Other Personal Property Damage | | | |
| ☐ 441 Voting | ☐ 385 Property Damage Product Liability | | | |
| ☐ 442 Employment | **PRISONER PETITIONS** | | | |
| ☐ 443 Housing/Accommodations | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 444 Welfare | Habeas Corpus: | | | |
| ☐ 445 Amer. w/Disabilities - Employment | ☐ 530 General | | | |
| ☐ 446 Amer. w/Disabilities - Other | ☐ 535 Death Penalty | | | |
| ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441 (b); civil rights violation under 42 U.S.C. § 1983
Brief description of cause:
Civil Rights Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
NONE    (See instructions):
JUDGE _____    DOCKET NUMBER _____

DATE    April 23, 2007
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 137491    AMOUNT #350    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

Sea 4/24/07

LOVE01181



UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 137491 - A2
April 24, 2007

Code        Case #        Qty        Amount
CV086900 3-07-CV-0742              60.00 CH
Judge    - HOUSTON
CV086400                          100.00 CH 2
CV510000                          190.00 CH

Total ->             350.00

FROM: CIVIL FILING
RUEDZIENSKI V. ALLEN ET AL
BCH 59946
CH

LOVE01182