1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  **WHITE & OLIVER**
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California 92101
4  Telephone: (619) 239-0300
   Facsimile: (619) 239-0344

5

6  Attorneys for Defendant
   S. MICHAEL LOVE

7



8  **ORIGINAL**    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10 FRANK E. ROGOZIENSKI,                )  Case No. **07 CV 0742    JAH LSP**
                                         )
11         Plaintiff,                    )  **NOTICE OF REMOVAL OF**
                                         )  **ACTION UNDER 28 U.S.C.**
12     v.                               )  **§1441(b) (FEDERAL QUESTION-**
                                         )  **42 U.S.C. § 1983)**
13 JAMES D. ALLEN, S. MICHAEL LOVE, and )
   DOES 1 through 10, inclusive,        )  **DEMAND FOR JURY TRIAL**
14                                       )
           Defendants.                   )
15 _____ )

16 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

17         PLEASE TAKE NOTICE that defendant S. Michael Love ("Love") hereby removes to

18 this court the state court action described below.

19         1.    On March 7, 2005, plaintiff Frank E. Rogozienski ("Rogozienski") filed an action

20 in the Superior Court of the State of California, in and for the County of San Diego, entitled

21 *Frank E. Rogozienski v. James D. Allen, S. Michael Love, et al.*, Case Number GIC 843843. On

22 March 28, 2005, Rogozienski filed a first amended complaint ("FAC"). A copy of the entire

23 state court file is attached to this notice as Exhibit 1.

24         2.    Rogozienski served Love with the summons and first amended complaint on April

25 25, 2005.

26         3.    The FAC included a cause of action alleging violation of civil rights, but

27 Rogozienski did not state a federal statutory basis for the claim and there were no other grounds

28 for removal determinable from the FAC.

*WHITE & OLIVER*
*A Professional Corporation*

76851.1

1        4.    On May 25, 2005, Love filed and served a demurrer to the FAC.  Defendant

2    James Allen ("Allen") also demurred to the FAC.  In his opposition, Rogozienski specifically

3    denied that 42 U.S.C. § 1983 was the basis of his civil rights cause of action, and stated that his

4    claim was based on California Civil Code § 52.1.

5        5.    On September 2, 2005, the Honorable Joan M. Lewis sustained the demurrers as

6    to all causes of action, without leave to amend.

7        6.    On October 19, 2005, the Superior Court entered its judgment of dismissal of the

8    action.  On November 14, 2005, notice of entry of judgment was entered in favor of Allen and

9    Love, and against Rogozienski.

10       7.    Rogozienski filed a notice of appeal on January 4, 2006.

11       8.    On March 23, 2007, the Fourth District Court Appeal, Division 1, issued its

12   opinion, affirming in part and reversing in part.  *The ground for removal of this action appeared*

13   *for the first time in the appellate court's opinion.*  Specifically, the appellate court stated,

14   "[a]pparently, Frank [Rogozienski] meant his civil rights cause of action to be based both on 42

15   United States Code section 1983 and Civil Code section 52.1."  The appellate court then affirmed

16   the state court's order sustaining the demurrer as to the California Civil Code section 52.1 claim,

17   but reversed as to Rogozienski's civil rights cause of action against Love to the extent that

18   Rogozienski "meant" it to be based on 42 U.S.C. § 1983.  Copies of the appellate court briefs,

19   opinion and related documents are attached to this notice as Exhibit 2.

20       9.    Where removability is uncertain from the pleadings, the 30 day period to remove

21   begins at the point where defendant has notice that the action is removable.  *Harris v. Bankers*

22   *Life and Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (where removability not evident in

23   pleadings, notice of removal may be filed within 30 days after defendant receives an amended

24   pleading, motion, order or other paper from which it can be ascertained from the face of the

25   document that removal is proper).  The appellate court's March 23, 2007 opinion gave Love his

26   first notice that this is now a civil action for which this court has original jurisdiction under 28

27   U.S.C. § 1331, and is one that Love may remove to this court pursuant to 28 U.S.C. § 1446(b).

28

WHITE & OLIVER
A Professional Corporation

LOVE01184

1      10.    The action remains within the Fourth District Court of Appeal's jurisdiction.  The

2  court's docket reveals the matter is scheduled for remittitur on May 23, 2007.

3      11.    Mindful of the 30-day deadline for filing a notice of removal and unsure of the

4  procedural propriety of filing a notice of removal when the ground for removal first appears in an

5  appellate opinion and the matter remains within the state appellate court's jurisdiction, Love's

6  counsel conducted exhaustive research in an effort to determine when removal is appropriate, but

7  did not find a definitive answer.  The Ninth Circuit has held that the Resolution Trust

8  Corporation can remove a case from state court, even after judgment has been entered there and

9  an appeal in state court is pending, provided that removal is otherwise proper. *Resolution Trust*

10  *Corp. v. BVS Development*, 42 F.3d 1206, 1211 (9th Cir. 1994); *Resolution Trust Corp. v.*

11  *Bayside Developers*, 43 F.3d 1230, 1236 (9th Cir. 1995) (RTC is authorized to remove cases

12  from state appellate courts as long as state court appellate proceedings have not been exhausted).

13  It is, however, unclear whether authority to remove while a case is pending in the state appellate

14  court is available to non-FTC defendants.

15      12.    Given the uncertainty of the law on removal of a non-FTC case when the case is

16  within the state appellate court's jurisdiction, but desirous of avoiding any risk of waiving his

17  right to removal should this or any other court later find that such removal is available to non-

18  FTC defendants, Love is filing and serving this notice of removal now, within 30 days of the date

19  on which he determined the action is removable.

20      13.    Allen is not joining the removal because the 42 U.S.C. § 1983 claim is only

21  against Love.  The appellate court affirmed the trial court's order sustaining the demurrer as to

22  Allen in its entirety and Allen is no longer a party to the action.

23      14.    A copy of this notice of removal is being filed with the Clerk of the San Diego

24  County Superior Court, the Clerk of the Fourth District Court of Appeal, and the Clerk of the

25  California Supreme Court.

26  *///*

27  *///*

28  *///*

LOVE01185

WHITE & OLIVER
A Professional Corporation

15.    A copy of this notice of removal with exhibits is also being personally served on Rogozienski (who is acting as his own counsel) and counsel for Allen.

Dated:  April 23, 2007                           WHITE & OLIVER

                                    By: _____
                                         Daniel M. White
                                         Steven G. Amundson
                                         Attorneys for Defendant
                                         S. MICHAEL LOVE


                              JURY DEMAND

    Love respectfully demands a jury trial.

Dated:  April 23, 2007                           WHITE & OLIVER

                                    By: _____
                                         Daniel M. White
                                         Steven G. Amundson
                                         Attorneys for Defendant
                                         S. MICHAEL LOVE

LOVE01186

*Rogozienski v. Love*
USDC Case No.: _____
Court of Appeal Case No.: D047858
SDSC Case No.: GIC 843843

## PROOF OF SERVICE

I, Monica Zoe Hodge, declare as follows:

1. I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2. On April 23, 2007, I served the following document(s):

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION-42 U.S.C. § 1983); DEMAND FOR JURY TRIAL**

on the interested parties in this action:

☒ **(BY MAIL) C.C.P. § 1013(a)(1) & (3)**
I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **(BY PERSONAL SERVICE) C.C.P. § 1011;** I delivered such envelope by and to the offices of the addressee.

☐ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 23 day of April, 2007 at San Diego, California.

Monica Zoe Hodge

WHITE & OLIVER
A Professional Corporation

76863.1

*Rogozienski v. Love*
USDC Case No.: _____
Court of Appeal Case No.: D047858
SDSC Case No.: GIC 843843

### SERVICE LIST

Frank E. Rogozienski, Esq.                    Attorneys for Plaintiff
FRANK E. ROGOZIENSKI, INC.
1660 Union Street, Suite 300
San Diego, CA 92101
T: (619) 237-1878
F: (619) 237-1870
Via Personal Service

Donald A. English, Esq.                       Attorneys for Defendant James D. Allen
ENGLISH & GLOVEN
550 West C Street, Suite 1800
San Diego, CA 92101
T: (619) 338-6610
F: (619) 338-6657
Via Personal Service

Supreme Court of the United States
U.S. Supreme Court Building
1 First Northeast
Washington DC 20543
Via U.S. Mail

California Court of Appeal                     Case No.: D047858
Fourth Appellate District
750 B Street, Room 300
San Diego, California 92101-8189
Via U.S. Mail

Superior Court of the State of California      Case No.: GIC 843843
County of San Diego
330 West Broadway
San Diego, California 92101
Via U.S. Mail

WHITE & OLIVER
A Professional Corporation

- 2 -

76863.1

TABLE OF CONTENTS

EXHIBIT 1
(Superior Court File)

| **Title** | **Page No(s).** |
|---|---|
| 1. Complaint for Damages | 1-23 |
| 2. Civil Cover Sheet | 24 |
| 3. First Amended Complaint | 25-60 |
| 4. Defendant Allen's Request for Judicial Notice In Support of Demurrer to First Amended Complaint | 61-63 |
| 5. Defendant Allen's Notice of Lodgement In Support of Demurrer to First Amended Complaint | 64-65 |
| 6. Defendant Allen's Proof of Service Re: Demurrer to First Amended Complaint | 66-67 |
| 7. Defendant Allen's Notice of Lodgment of Federal Authorities In Support of Demurrer to First Amended Complaint | 68-69 |
| 8. Defendant Allen's Proof of Service of Re: Reply Memorandum of Points and Authorities in Support of Demurrer to Plaintiff's First Amended Complaint | 70-74 |
| 9. Defendant Allen's Proof of Service Re: Peremptory Challenge | 75-76 |
| 10. Notice of Case Reassignment | 77 |
| 11. Defendant James Allen's Remittance of Statutory Fees | 78 |
| 12. Defendant James Allen's Peremptory Challenge | 79 |
| 13. Plaintiff's Certificate of Service/Progress | 80 |
| 14. Plaintiff's Certificate of Progress; Inability to Respond; Inability to Default | 81 |
| 15. Notice of Correction of Typographical Error In First Amended Complaint | 82-83 |
| 16. Notice of Case Assignment | 84 |
| 17. Defendant Allen's Memorandum of Points and Authorities In Support of Demurrer to Plaintiff's First Amended Complaint | 85-105 |
| 18. Plaintiff's Memorandum of Points and Authorities In Opposition to Demurrer of Defendant Allen, to First Amended Complaint and Motion to Strike | 106-118 |

WHITE & OLIVER
A Professional Corporation

76873.1

*Rogozienski v. Love*     Case No:     EXHIBIT TABLE OF CONTENTS TO NOTICE OF REMOVAL OF ACTION

WHITE & OLIVER
A Professional Corporation

| Title | Page No(s). |
|---|---|
| 19. Plaintiff's Proof of Service Re: Opposition to Defendant Love's Demurrer to First Amended Complaint | 119-120 |
| 20. Amended Notice of Hearing on Defendant Allen's Demurrer to First Amended Complaint | 121-122 |
| 21. Defendant Allen's Proof of Service Re: Amended Notice of Hearing on Demurrer to First Amended Complaint | 123-124 |
| 22. Defendant Allen's Demurrer to Plaintiff's First Amended Complaint | 125-131 |
| 23. Notice of Hearing on Defendant Allen's Demurrer to Plaintiff's First Amended Complaint | 132-135 |
| 24. Allen's Reply in Support of Demurrer to First Amended Complaint | 136-146 |
| 25. Defendant Love's Request for Judicial Notice | 147 |
| 26. Statement of Decision | 148-158 |
| 27. Defendant Love's Demurrer to First Amended Complaint | 159-173 |
| 28. Plaintiff's Opposition to Defendant Love's Demurrer to First Amended Complaint | 174-191 |
| 29. Defendant Love's Notice of Demurrer to First Amended Complaint | 192-195 |
| 30. Defendant Love's Reply in Support of Demurrer to First Amended Complaint | 196-206 |
| 31. Defendant Love's Proof of Personal Service on Defendant James D. Allen of Reply in Support of Demurrer to First Amended Complaint | 207-208 |
| 32. Notice of Case Assignment and Case Management Conference | 209 |
| 33. Notice of Case Reassignment | 210 |
| 34. Signed Version of Defendant Love's Proof of Personal Service on Defendant James D. Allen of Reply in Support of Demurrer to First Amended Complaint | 211 |
| 35. Signed Version of Defendant Love's Proof of Personal Service on Plaintiff of Reply in Support of Demurrer to First Amended Complaint | 212 |

76873.1

*Rogozienski v. Love*    Case No:    EXHIBIT TABLE OF CONTENTS TO NOTICE OF REMOVAL OF ACTION

LOVE0119Ø

**Title**                                                                                          **Page No(s).**

36.   Minute Order Re:  Court's Recusal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 213-214

37.   Defendant Love's Case Management Statement . . . . . . . . . . . . . . . . . . . . . . . . 215-219

38.   Defendant Allen's Case Management Statement . . . . . . . . . . . . . . . . . . . . . . . . 220-223

39.   Plaintiff's Proof of Service Re:  Case Management Statement . . . . . . . . . . . . . . 224-225

40.   Plaintiff's Case Management Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 226

41.   Plaintiff's Notice of Change of Address . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 231-233

42.   Court's Order on Hearing on Demurrer . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 234

43.   Case Management Conference Minutes/Order . . . . . . . . . . . . . . . . . . . . . . . 235-236

44.   Defendant Allen's Letter to Judge Lewis dated
      October 14, 2005 Re:  Order on Demurrers . . . . . . . . . . . . . . . . . . . . . . . . . . . 237-238

45.   Order Sustaining Defendants' Demurrers to
      First Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 239-245

46.   Judgment of Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 246-249

47.   Defendant Allen's Proof of Service Re:  Notice of
      Ruling and Notice of Order; and Notice of Entry of Judgment . . . . . . . . . . . . . 250-251

48.   Defendant Allen's Proof of Service Re:  Order Sustaining
      Defendants' Demurrers to First Amended Complaint;
      Judgment of Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 252-253

50.   Defendant Allen's Notice of Ruling of Order . . . . . . . . . . . . . . . . . . . . . . . . . 254

51.   Order Sustaining Defendants' Demurrers to
      First Amended Complaint . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 255-261

52.   Defendant Allen's Notice of Entry of Judgment . . . . . . . . . . . . . . . . . . . . . . . 262-263

53.   Judgment of Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 264-267

54.   Defendant Allen's Memorandum of Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . 268-269

55.   Plaintiff's Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 270-271

56.   Plaintiff Allen's Proof of Service Re:  Notice of Appeal . . . . . . . . . . . . . . . . . . 272

57.   Plaintiff's Notice Designating Record on Appeal . . . . . . . . . . . . . . . . . . . . . . 273-275

58.   Plaintiff's Letter to Superior Court, Appeals Desk
      dated January 9, 2006 Enclosing Certified Transcript
      of the September 2, 2005  Hearing  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 276

WHITE & OLIVER
A Professional Corporation

- 3 -

**Title**                                                                                    **Page No(s)**

59.   Plaintiff's Proof of Service Re:
      Notice Designating Record on Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 277

60.   Notice of Completion of the Record On Appeal . . . . . . . . . . . . . . . . . . . . . . . . . 278-279

61.   Disbursement of Clerk's Trust Fund  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 280

62.   Plaintiff's Notice of Appeal with Court's Receipt
      of Payment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 281-282

63.   Request for Transcripts, Appeal Record  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 283

64.   Receipt for Record on Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 284

65.   Notice of Filing of Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 285

66.   Plaintiff's Check for Payment of Filing of Notice of Appeal . . . . . . . . . . . . . . . . . . 286

67.   Clerk's Request for Payment of Trust Funds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 287

68.   Plaintiff's Request for Payment of Trust Funds . . . . . . . . . . . . . . . . . . . . . . . . . . . 288

69.   Receipt for Record on Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 289

70.   Receipt for Reporter's Transcript . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 290

71.   Reporter's Transcript dated September 2, 2005 . . . . . . . . . . . . . . . . . . . . . . . . . 291-324

72.   Notice of Filing of Notice of Appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 325

WHITE & OLIVER
A Professional Corporation

L0VE01192

76873.1

*Rogozienski v. Love*          Case No:          EXHIBIT TABLE OF CONTENTS TO  NOTICE OF REMOVAL OF ACTION

1  FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
2  FRANK E. ROGOZIENSKI, INC.
   A Professional Corporation
3  Attorneys at Law
   Coronado Professional Square
4  1203 Second Street
   Coronado, CA 92118
5  Telephone: (619)437-1878
   Facsimile: (619)437-4894
6
7  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

8

9

10            SUPERIOR COURT OF THE STATE OF CALIFORNIA

11               FOR THE COUNTY OF SAN DIEGO

12

13  FRANK E. ROGOZIENSKI,          )   Case No. GIC 843843
                                   )
14            Plaintiff,           )   COMPLAINT   FOR    DAMAGES
                                   )   (Interference  with  Contract,
15       v.                        )   Interference   with   Economic
                                   )   Relations,     Civil    Rights
16  JAMES D. ALLEN, S. MICHAEL     )   Violations,    Deceit-Fraudulent
    LOVE and DOES 1 through 10,    )   Concealment, Breach of Contract
17  inclusive,                     )   and Unfair Competition)
                                   )
18            Defendants.          )
                                   )
19  _____)

20

21       Plaintiff alleges:

22               **JURISDICTION AND VENUE**

23       1.    The within action is an unlimited civil case for damages

24  in excess of $25,000.00.

25       2.    The within action arose in San Diego, California.

26

27               **PARTIES**

28                                           **EXHIBIT 1 PAGE 1**

                              1
                   **COMPLAINT FOR DAMAGES**

LOVE01194

3.    At all times herein mentioned, Plaintiff was, and now is, a resident of San Diego County, California.

4.    At all times herein relevant, Defendant, JAMES D. ALLEN [herein "ALLEN"], was, and now is, a resident of San Diego County, California. At all times herein relevant, ALLEN was, and now is, an attorney duly licensed to practice law in the State of California.

5.    At all times herein relevant, Defendant, S. MICHAEL LOVE [herein "LOVE"] was, and now is, a resident of San Diego County, California. At all times herein relevant, ALLEN was, and now is, an attorney duly license to practice law in the State of California.

6.    Plaintiff is ignorant of the true names or capacities of Defendants sued herein under the fictitious names DOES 1 through 10, and therefore sues such Defendants pursuant to California Code of Civil Procedure section 474.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are residents and citizens of one of the States of the United States, and participated in the acts herein alleged and are responsible in some manner for the injuries and damages to Plaintiff as herein alleged.

7.    Plaintiff is informed and believe, and thereon alleges, that at times herein relevant, each of the Defendants was the agent and employee of each of the remaining Defendants, and was at times herein mentioned acting within the purpose and scope of said agency and employment, and further that each of the Defendants at times herein mentioned conspired and agreed together and acted in concert in proximately causing the injuries and damages to Plaintiff as

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
A PROFESSIONAL CORPORATION
POST OFFICE BOX 181829
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1976

2

**EXHIBIT 1 PAGE 2**

**COMPLAINT FOR DAMAGES**

LOVE01195

1  herein alleged.  Plaintiff is further informed and believes, and
2  thereon alleges, that at other times herein mentioned, each of the
3  Defendants was acting solely in their individual capacities, and
4  that with respect to those acts, each of the other Defendants
5  ratified, affirmed and adopted these actions.
6
7      8.    Plaintiff is in some doubt as to whether he is entitled
8  to redress from all of the Defendants or from one or more of them,
9  and all Defendants have therefore been joined herein with the
10 intent that the question as to whether all the Defendants are, or
11 one or more of them are, liable to Plaintiff, and to what extent;
12 and that the liability may be determined in this action; and that
13 the Court may award judgment to Plaintiff as against the Defendants
14 either jointly, severally or in the alternative.
15
16                        **FACTUAL BACKGROUND**
17                  **A. The Underlying Proceeding**
18     9.   In 1982,, Plaintiff was married and in October, 1997,
19 Plaintiff's then spouse [herein the "Petitioner"], brought a
20 Petition for Dissolution of their marriage [herein the "Underlying
21 Proceeding"].    In the Underlying Proceeding, LOVE represented
22 Petitioner until February, 2005 when he withdrew as Petitioner's
23 attorney of record.
24   **B. Allen is selected and agrees to act as temporary judge.**
25     10.   By agreement of Plaintiff and Petitioners, ALLEN was
26 selected and agreed to act as a temporary judge in the Underlying
27 Proceeding.  ALLEN served as temporary judge from the time of his
28

LAW OFFICES
**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181030
1202 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-0417
(619) 437-1078

                        3
              **COMPLAINT FOR DAMAGES**          **EXHIBIT 1 PAGE 3**

LOVE01196

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1817
(619) 437-1878

1  appointment on August 4, 1998 until his withdrawal on March 27,

2  2003 in response to Plaintiff's challenge of him for cause.

3  Plaintiff agreed to pay one-half of ALLEN's services in the

4  Underlying Proceeding on a fee-for-service basis.

5

6                    C. **Harold S. Bottomley**

7      11.  At all times herein relevant, Harold S. Bottomley [herein

8  "Bottomley"] was, and now is, an attorney duly licensed to practice

9  law in the State of California.   ALLEN and Bottomley have been

10  attorneys in the same law firm.   At all times herein relevant,

11  ALLEN and Bottomley were good friends, and together with their

12  respective families, regularly socialized together.   At times

13  herein relevant, ALLEN and Bottomley shared Charger tickets.

14            D. **Relationships between LOVE and ALLEN**

15      12.  At all times herein relevant, ALLEN and LOVE were well

16  acquainted, had a social relationship, and at times were officers

17  and members of the same professional associations.   At all times

18  herein relevant, they were on a first name basis.   At times herein

19  relevant, LOVE had been to ALLEN's home.   Neither LOVE nor ALLEN

20  made any disclosure of these relationships prior to ALLEN's

21  withdrawal as temporary judge in March 2003.

22

23      E.   **The gift to ALLEN of the LOVE's half interest in**
            **Warner Springs Ranch**

24

25      13.  In the Spring or Summer of 2001, ALLEN learned from LOVE

26  that LOVE was interested in divesting himself of his interest in

27  Warner Springs Ranch, and in this same time period, Bottomley

28

                              4

1    expressed to ALLEN how much he had enjoyed a visit to play golf at

2    the Ranch

3        14.    Between October 24, 2001 and November 19, 2001, ALLEN

4    presided as temporary judge over element of the trial in the

5    Underlying Proceeding.   LOVE was Petitioner's lead trial attorney

6    in that trial.

7        15.    In about November 2001, Mr. Bottomley took his family to

8    Warner Springs Ranch, and as a result of that experience, became

9    interested in becoming a member.   ALLEN and Bottomley then had

10   discussions about inquiries Bottomley was making concerning

11   acquiring membership in Warner Springs Ranch, and how it would be

12   very nice if both of them were members so they could go there

13   together with their respective families.   Bottomley was made aware

14   that Warner Springs Ranch Realty was offering half interests for

15   $2,500.

16       16.    In about November or early December 2001, ALLEN had a

17   conversation with LOVE about Warner Springs Ranch.   LOVE told ALLEN

18   he was interested in divesting himself of his membership in Warner

19   Springs Ranch since his children were grown and LOVE and his wife

20   had recently joined San Diego Country Club and were not using

21   Warner Springs Ranch any longer.   ALLEN told LOVE of Bottomley's

22   interest, called Bottomley, advised him of LOVE's comments, and

23   suggested Bottomley call LOVE.

24       17.    At a Christmas party at ALLEN's residence in December

25   2001, Bottomley spoke with the LOVEs about Warner Springs Ranch,

LAW OFFICES
FRANK E. ROGOZIENSKI
PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181630
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

5

**COMPLAINT FOR DAMAGES**        **EXHIBIT 1 PAGE 5**

LOVE01198

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180880
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1   the Bottomleys recent visit there, and the things the Ranch had to

2   offer.  The LOVEs discussed their membership, that they weren't

3   using it anymore and would Bottomley and his wife be interested in

4   assuming the LOVE's membership and the monthly fees.  On

5   information and belief ALLEN knew at the time that LOVE was talking

6   to Bottomley about the LOVEs' membership

7        18.  At the end of the Christmas party and after the other

8   guests had left, Bottomley stayed behind and told ALLEN of his

9   discussion with LOVE earlier that evening, and that he was going to

10  acquire the LOVEs' membership. Following the Christmas party,

11  Bottomley and ALLEN discussed that if Bottomley acquired the LOVEs'

12  interest at no cost, Bottomley would split the cost of whatever it

13  would have cost ALLEN to acquire a full membership in the Ranch, so

14  that each of them would have the same financial investment into the

15  memberships and split it that way.  The idea was that Bottomley and

16  ALLEN would each have full memberships so they could use Warner

17  Springs Ranch together.  In these conversations, Bottomley also

18  learned from ALLEN that ALLEN was acting as a temporary judge in

19  the Underlying Proceeding where LOVE was representing a party

20       19.  Within a week or ten days after the Christmas party,

21  Bottomley decided the $260 monthly cost of a full membership in

22  Warner Springs Ranch did not make good financial sense for he and

23  his wife, and decided it would be better for them not to have a

24  full A and B membership, but rather to have a B half-membership,

25  and to see whether or not the A half-membership a part of what the

26

27

28

6

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 6**

LOVE01199

LOVEs were going to convey, could be converted to a B half-membership to be given to ALLEN so that ALLEN could use the Ranch at the same time as the Bottomleys. Bottomley then spoke to LOVE about Bottomley and ALLEN each taking one of the two LOVE half memberships. And although LOVE told Bottomley at the time that "I really don't want to know any more about [your] business, but I can't do anything directly with Mr. ALLEN", he nevertheless wrote the below letter of January 11, 2002 to Warner Springs Ranch and continued to work towards the transaction that placed one-half of the LOVE's Warner Springs Ranch interest in Bottomley's name and the other one-half in ALLEN's name. ALLEN was aware that both the half interests were coming from LOVE.

20. By letter dated January 11, 2002, LOVE solicited Warner Springs Ranch to be able to convert his A and B half interests into two A or two B half interests. LOVE sent a copy of his letter to Bottomley. LOVE's letter states he "personally know[s] each of the families to whom [he is proposing to sell his half interests] and each of the male members of the families are attorneys," namely Bottomley and ALLEN.

21. Bottomley's handwritten notes reflect a telephone conversation with LOVE on January 18, 2002. LOVE told Bottomley that the Ranch would not allow conversion of the LOVEs' half interests into either two A's or to B's. Bottomley then asked LOVE if he could find out what it would cost to upgrade the half-membership going to ALLEN to a full membership. Bottomley

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180240
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878
LAW OFFICES

7
COMPLAINT FOR DAMAGES

**EXHIBIT 1 PAGE 7**

LOVE01200

discussed what LOVE had told him with ALLEN.

22.    Bottomley's handwritten notes also reflect a telephone conversation with LOVE on January 23, 2002. LOVE told Bottomley of the "trade-up" option, whereby an owner of an A or a B half membership could trade up to a full membership for $850. Bottomley then discussed this with ALLEN

23.    Before transfer of the LOVEs' interests in Warner Springs Ranch, ALLEN agreed with Bottomley that he would take one of the one-half interests from the LOVEs, and use it to "trade-up" (with $850) for a full membership. This would permit ALLEN to use the Ranch at the times when Bottomley would also be using the facilities. At the time ALLEN agreed with Bottomley to take one of the LOVEs' half interests, ALLEN knew Bottomley was getting these interests from LOVE, that Bottomley intended to then transfer one of these interests to ALLEN, and that Bottomley did not intend to keep both interests himself.

24.    Bottomley did not prepare any of the deeds which transferred the LOVEs' two half interests in Warner Springs Ranch. LOVE (or someone on his behalf) prepared the Quitclaim Deed from the LOVES, and ALLEN (or someone on his behalf) prepared the Quitclaim Deed on to himself. Bottomley explained to LOVE his intention of transferring the 850A half-interest to ALLEN so ALLEN could upgrade to a full membership. Bottomley further explained that because he was passing Unit 850A on to ALLEN, it did not make sense for LOVE to prepare the Quitclaim Deed in Bottomley's and his

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 11840
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 457-1878

8

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 8**

LOVE01201

1    wife's names, as LOVE did with the 850B half-interest, which

2    Bottomley and his wife were keeping. Bottomley explained that all

3    he intended to do with the LOVES' 850A interest was to record the

4    Quitclaim Deed and then turn around and reconvey it to ALLEN so

5    they could begin to use the Ranch together as soon as possible.

6    The Quitclaim Deeds transferring the LOVE's interests in Warner

7    Springs Ranch recite they are "gifts".

8        25.  In February, 2002, ALLEN contacted Warner Springs Ranch

9    to ask if it would be possible for him to "upgrade" the half

10   interest he was going to receive through Bottomley to a full

11   interest (so that he and Bottomley could utilize the Ranch

12   facilities at the same time).

13       26.  On February 27, 2002, after receiving the recorded deeds

14   back from the San Diego County Recorder's office, Bottomley faxed

15   a copy of the Quitclaim Deed from the LOVEs for Unit 850A to ALLEN

16   for ALLEN to prepare the deed conveying this Unit on to himself.

17       27.  In mid-March, 2002, ALLEN prepared and had Bottomley sign

18   the deed gifting Unit 850A on to himself. This deeds recites it is

19   a "gift". ALLEN caused this deed to be recorded on March 18, 2002.

20       28.  After receiving the recorded deed to Unit 850A back from

21   the San Diego County Recorder, in late March, 2002, and prior to

22   May 20, 2002, ALLEN had communications with Warner Springs Ranch to

23   trade-up Unit 850A into a new, full membership. ALLEN was informed

24   that the title company had some questions regarding the transfer by

25   the LOVEs.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1480
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1479

9

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 9**

LOVE01202

29. To resolve these questions, ALLEN called LOVE to discuss "some recordation problem," and asked Mr. LOVE's assistance in resolving a matter involving Unit 850A that had occurred when the LOVES owned the Unit.

**F. Concealment and Failure to disclose the gift.**

30. In a telephone status conference in the Underlying Proceeding, on April 30, 2002, ALLEN acting in his role as then temporary judge in the Underlying Proceeding, stated "... insofar as fees are concerned, that's one of the other issues that I'm still struggling with and I'm still looking at some of the pleadings and kind of going through my notes". Neither LOVE nor ALLEN made any disclosure of the gift of the LOVE's unit 850A to ALLEN in March of 2002.

31. On October 11, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the Underlying Proceeding to receive evidence on certain reserved issues, and trial was completed on that date. At this hearing, ALLEN stated he would order Plaintiff herein to pay $250,000 of Petitioner's attorneys' fees and costs, including fees for LOVE

32. On October 23, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, issued his Amended Statement Of Decision in the Underlying Proceeding. On November 12, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, signed and issued his Second Amended Statement Of Decision and the final Judgment.

10<br>
<strong>COMPLAINT FOR DAMAGES</strong>

EXHIBIT 1 PAGE 10

LOVE01203

---

*Sidebar (left margin):*

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 101830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1076

33. On March 7, 2003, during a post-judgment hearing in the Underlying Proceeding attended by LOVE, Plaintiff's counsel objected to ALLEN presiding at the hearing inasmuch as ALLEN had not made a certification (under California Rule 244(b)). Although both knew, neither ALLEN nor LOVE disclosed the gift of the LOVE's Unit 850A which had been made to ALLEN in March of 2002.

34. Prior to filing his Statement Of Withdrawal in the Underlying Proceeding, ALLEN did not disclose the Warner Springs Ranch transactions. ALLEN has refused to answer why he did not disclose these transactions.

35. Since he acquired his interest in Warner Springs Ranch, ALLEN has used the Ranch facilities on multiple occasions.

### G. Setting aside of ALLEN's rulings

36. Defendants knew that the gift to ALLEN of the LOVES interest in Warner Springs Ranch would result in ALLEN being disqualified from acting as the temporary judge in the Underlying Proceeding.

37. As a result of the gift to ALLEN of the LOVES' half interest in Warner Springs Ranch, ALLEN was disqualified, and rulings of ALLEN while acting as his role as then temporary judge, have been set aside, and a new trial ordered on these set aside rulings. As a result, Plaintiff has lost the fees costs and expenses spent in the prior trial on the now set aside rulings, and will be required to incur the fees, costs and expenses in a new trial on these set aside rulings.

---

11

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 11**

LOVE01204

LAW OFFICES
**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181500
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180100
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

## H. **No judicial immunity**

38.   Except where otherwise expressly stated to the contrary, the actions and conduct of ALLEN alleged herein were not done by him in his role or capacity as a judicial officer. The actions and conduct on which ALLEN is sued herein are not judicial acts.

## I.   **No litigation privilege**

39.   the actions and conduct on which Defendants are sued herein were done in the conduct of the Underlying Proceeding.

## J. **Estoppel to rely on statute of limitations**

40.   Defendants are estopped to rely on all applicable statute of limitations because, prior to the time such applicable statute of limitations would have run (a) Defendants fraudulently concealed and failed to disclose the fact of the gift to ALLEN of the LOVES' half interest in Warner Springs Ranch, (b) Defendants fraudulently concealed that Plaintiff had the causes of action alleged herein, (c) Plaintiff reasonably relied upon Defendants fraudulent concealments, and that Defendants would act in accordance with the disclosure requirements provided by law, (d) Defendants intended their concealments to be acted upon by Plaintiff, and Plaintiff had the right to believe that the fact Defendants made no disclosure was intended to be relied upon that no gifts had been made, and (e) Plaintiff exercised due diligence to ascertain the truth, and did not disclose the gift to ALLEN of the LOVES' half interest in Warner Springs Ranch prior to March 7, 2003.

/ / /

12

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 12**

LOVE01205

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181840
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### FIRST CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### CONTRACTUAL RELATIONS AGAINST
### ALL DEFENDANTS

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40 hereinabove set forth.

42. At times herein relevant, there existed contracts between Plaintiff and Petitioner, including a prenuptial agreement, agreements for the ownership and control of real and personal property, and deposit accounts.

43. At times herein relevant, there existed contracts between Plaintiff and third persons, including with Qualcomm relating to the acquisition of Qualcomm stock and stock options, and loans to Qualcomm.

44. At times herein relevant, there existed a contract between Plaintiff and Plaintiff's counsel in the Underlying Proceeding for providing legal services to Plaintiff in that proceeding on a fee-for service basis.

45. Defendants knew of the existence of each of these contracts.

46. In engaged in the actions and conduct herein above alleged in the Factual Background, Defendants either (a) intended to prevent Plaintiff's performance or to cause Plaintiff's performance under the aforementioned contracts to be more expensive and burdensome, or (b) knew that prevention of Plaintiff's

13
**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 13**

LOVE01206

1  performance was certain or substantially certain to occur or that
2
3  Plaintiff's performance would be more expensive or burdensome as a
   result of Defendants' actions and conduct.
4
5      47. Defendants engaged in the actions and conduct hereinabove
6  alleged in the Factual Background which either (a) prevented
7  Plaintiff's performance of those contracts or (b) caused
8  Plaintiff's performance to be more expensive and burdensome.
9      48. The actions and conduct of Defendants and hereinabove
10 alleged in the Factual Background interfered with Plaintiff's
11 contractual relations and were a cause of damage to Plaintiff in an
12 amount according to proof in excess of $25,000.
13     49.   The actions and conduct of Defendants as hereinabove
14 alleged were willful and oppressive, fraudulent and malicious,
15 entitling Plaintiff to an award of punitive and exemplary damages
16 in an amount according to proof.
17
18            **SECOND CAUSE OF ACTION**
          **FOR INTENTIONAL INTERFERENCE WITH**
19        **CONTRACTUAL RELATIONS AGAINST LOVE**

20     50. Plaintiff reallege and incorporate herein by reference
21 each and every allegation contained in paragraphs 1 through 40
22 hereinabove set forth.
23     51. At times herein relevant, there existed an agreement for
24 payment by Plaintiff of ALLEN's services in the Underlying
25 Proceeding on a fee-for-service basis.
26     52. LOVE knew of the existence of the contract.
27     53.   In engaging in the actions and conduct hereinabove
28

LAW OFFICES
**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181500
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

LOVE01207

alleged in the Factual Background, LOVE either (a) intended to cause Plaintiff's performance under the contract to be more expensive or burdensome, or (b) knew that Plaintiff's performance would be more expensive or burdensome as a result of LOVE's actions and conduct.

54.   LOVE engaged in the actions and conduct hereinabove alleged in the Factual Background which caused Plaintiff's performance of the contract to be more expensive and burdensome.

55. The actions and conduct of LOVE as hereinabove alleged in the Factual Background interfered with Plaintiff's contractual relations and were a cause of damages to Plaintiff in an amount according to proof in excess of $25,000.

56.   The actions and conduct of LOVE as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### THIRD CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE
### AGAINST ALL DEFENDANTS

57.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40 hereinabove set forth.

58.   At times herein relevant and as more fully alleged in the Factual Background, there existed economic relationships between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO FINANCIAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 82118-1417
(619) 437-1678

15

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 15**

LOVE01208

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181850
1199 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

in the Underlying Proceeding, and between Plaintiff and Qualcomm and other third persons engaging or proposing to engage in business transactions with Plaintiff, containing a probably future economic benefit or advantage to Plaintiff.

59. Defendants knew of the existence of these relationships.

60. Defendants engaged in wrongful conduct as hereinabove alleged in the Factual Background designed to interfere with or disrupt these relationships.

61. Defendants engaged in said wrongful conduct either (a) with the intent to interfere with or disrupt these relationships, or (b) with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of Defendants actions.

62. The economic relationships were actually interfered with or disrupted.

63. The wrongful conduct of Defendants which was designed to interfere with or disrupt these relationships caused damage to Plaintiff in an amount according to proof in excess of $25,000.

64. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof

### FOURTH CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE
### AGAINST LOVE

16

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 16**

LOVE01209

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180340
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

65.  Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 40 hereinabove set forth.

66.  An economic relationship existed between Plaintiff and Allen, containing a probable future economic benefit or advantage to Plaintiff.

67.  LOVE knew of the existence of this relationship.

68.  LOVE engaged in wrongful conduct as hereinabove alleged in the Factual Background designed to interfere with or disrupt this relationship.

69.  LOVE engaged in this wrongful conduct either (a) with the intent to interfere with or disrupt this relationship or (b) with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of LOVE's actions.

70.  The economic relationship was actually interfered with or disrupted.

71.  The within conduct of LOVE which was designed to interfere with or disrupt this relationship caused damage to Plaintiff in an amount according to proof in excess of $25,000.

72.  The actions and conduct of LOVE as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

**FIFTH CAUSE OF ACTION
FOR NEGLIGENT INTERFERENCE WITH
PROSPECTIVE ECONOMIC ADVANTAGE**

17

COMPLAINT FOR DAMAGES

**EXHIBIT 1 PAGE 17**

LOVE01210

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-4878

**AGAINST ALL DEFENDANTS**

73.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 40 as hereinabove set forth.

74.  At times herein relevant and as more fully alleged in the Factual Background, an economic relationship existed between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel in the Underlying Proceeding, and between Plaintiff and Qualcomm and other third persons engaging and proposing to engage in business transactions with Plaintiff, containing a probably future economic benefit of advantage to Plaintiff.

75.  Defendants knew of the existence of these relationships.

76.  Defendant engaged in the within conduct as hereinabove alleged in the Factual Background.

77.  It was reasonably foreseeable that Defendants wrongful conduct would interfere with or disrupt these economic relationships if Defendants failed to exercise due care.

78.  These economic relationships were actually interfered with and disrupted as a proximate result of Defendants' conduct.

79.  Defendants' conduct caused Plaintiff damage in that Plaintiff lost in whole or in part the economic benefit or advantage from these economic relationships in an amount according to proof in excess of $25,000.

**SIXTH CAUSE OF ACTION
FOR CIVIL RIGHTS VIOLATIONS
AGAINST ALL DEFENDANTS**

COMPLAINT FOR DAMAGES

**EXHIBIT 1 PAGE 18**

LOVE01211

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181150
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1870

80.  Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraph 1 through 40 hereinabove set forth.

81.  As more fully alleged in the FACTUAL BACKGROUND, Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of rights to a fair trial secured by the Constitution and laws of the United States and of the State of California.

82.  As more fully alleged in the Factual Background, the interference or attempted interference in Plaintiff's right to a fair trial caused Plaintiff to suffer injury, damage, loss and harm in an amount according to proof in excess of $25,000.

83.  The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### SEVENTH CAUSE OF ACTION
### FOR DECEIT
### FRAUDULENT CONCEALMENT
### AGAINST ALL DEFENDANTS

84.  Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraph 1 through 40 hereinabove set forth.

85.  As more fully alleged in the Factual Background, Defendants did not disclose the fact of the gift to ALLEN of the

LOVE's interest in Warner Springs Ranch, which gift Defendants should have disclosed because, at the time of the gift LOVE was attorney for Petitioner in the Underlying Proceeding and ALLEN was the temporary judge in that proceeding, and the gift resulted in the immediate disqualification of ALLEN from acting as temporary judge in the Underlying Proceeding.

86.    Defendants knew that they concealed or failed to disclose the fact of the gift to ALLEN of the LOVE's interest in Warner Springs Ranch.

87.    Defendants intended that their concealment of or failure to disclose said facts would cause Plaintiff to proceed in the Underlying Proceeding without challenging ALLEN's acting as the temporary judge, to continue to pay ALLEN's invoices for his services, and to continue to pay the invoices of Bruno, Mack and Barclay and other experts retained by ALLEN and by Plaintiff.

88.    Plaintiff relied on the fact that Defendants had not disclosed the gift to ALLEN of the LOVE's interest in Warner Springs Ranch.

89.    Plaintiffs was justified in relying on the fact that Defendants had not disclosed the gift to ALLEN of the LOVE's interest in Warner Springs Ranch.

90.    As a result of Defendants' deceit and fraudulent concealment, Plaintiff has and will continue to sustain damages in an amount according to proof in excess of $25,000.

91.    The actions and conduct of Defendants as hereinabove

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 18150
1202 SECOND STREET, AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 20**

LOVE01213

alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

**EIGHTH CAUSE OF ACTION**
**FOR BREACH OF CONTRACT AGAINST ALLEN**

92.  Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraph 1 through 40 hereinabove set forth.

93.  As more fully alleged in the Factual Background, ALLEN breached his agreement with Plaintiff in, among other things, ALLEN continued to invoice and to accept payment from Plaintiff for services allegedly rendered by ALLEN after he had accepted the gift of the LOVES' half interest in Warner Springs Ranch and knew he was disqualified and thus barred as an attorney from making further charges to Plaintiff.  In submitting each invoice to Plaintiff, ALLEN represented he was entitled to payment of the amounts billed.

94.  There is implied in every contract a covenant of good faith and fair dealing to refrain from doing anything which would interfere with the rights of the other party to receive the benefits of the contract.

95.  Plaintiff has performed all terms of his agreement to pay ALLEN required on Plaintiff's part to be performed.

96.  As a result of ALLEN's breach of the implied covenant of good faith and fair dealing and breach of his agreements with Plaintiff as aforesaid, Plaintiff has and will continue to sustain

21

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 21**

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
FIRST OFFICE BOX 181650
1202 SECOND STREET, SECOND AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1675

damages according to proof in excess of $25,000.

## NINTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION
## AGAINST LOVE

97.  Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraph 1 through 40 hereinabove set forth.

98.  As more fully alleged in the Factual Background, LOVE engaged in unfair and fraudulent business acts and practices in violation of Business and Profession Code §17200, et seq.  LOVE's gift to ALLEN of his half interest in the Warner Springs Ranch was an unfair and fraudulent business act and practice designed to provide, and which provided LOVE, an unfair advantage over Plaintiff in the Underlying Proceeding.

99.  As a result of the fraudulent acts and business practices of LOVE as aforesaid, Plaintiff is entitled to restitution in an amount according to proof in excess of $25,000.

## PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.  For general and special damages in an amount in excess of $25,000.00 according to proof;

2.  For punitive damages in an  amount appropriate to punish or set an example of Defendants;

3.  For interest at the maximum legal rate permitted by law;

4.  For attorney fees in an amount according to proof;

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1220 SECOND STREET AT ORANGE AVENUE
POST OFFICE BOX 181660
CORONADO, CALIFORNIA 92178-1417
(619) 437-7878

22

**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 22**

LOVE01215

5.    For costs of suit in an amount according to proof; and

7.    For such other and further relief as the Court deems just and proper.

Dated: March 7, 2005                    FRANK E. ROGOZIENSKI, INC.


By: _____
        Frank E. Rogozienski
        Attorney for Plaintiffs

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

23
**COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 23**

L0VE01216

L0VE01217

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Frank E. Rogozienski, Inc.    S.B. No. 51445<br>1203 Second Street<br>Coronado, CA 92118<br>TELEPHONE NO: 619-437-1878    FAX NO: 619-437-4894<br>ATTORNEY FOR (Name): Frank E. Rogozienski | F I L E D<br>CIVIL BUSINESS OF SAN DIEGO<br>CENTRAL DIVISION<br>2005 MAR -7 PM 4:11<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

CASE NAME:
ROGOZIENSKI v. ALLEN

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | | 843843<br>GIC<br>DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 1800–1812) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | Real Property | ☐ Environmental /Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse<br>condemnation (14) | ☐ Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| Non-PI/PD/WD (Other) Tort | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Business tort/unfair business practice (07) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Civil rights (08) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Defamation (13) | ☐ Residential (32) | ☑ Other complaint (not specified above) (42) |
| ☐ Fraud (16) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Intellectual property (19) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Professional negligence (25) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Petition re: arbitration award (11) | |
| Employment | ☐ Writ of mandate (02) | |
| ☐ Wrongful termination (36) | ☐ Other judicial review (39) | |
| ☐ Other employment (15) | | |

2. This case ☑ is ☐ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve         in other counties, states or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial post-judgment judicial supervision
3. Type of remedies sought (check all that apply):
   a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive
4. Number of causes of action (specify):
5. This case ☐ is ☑ is not a class action suit.
Date:

Frank E. Rogozienski
(TYPE OR PRINT NAME)                                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2000] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 201.8, 1800–1812;<br>Standards of Judicial Administration, § 19 |
|---|---|---|
| | American LegalNet, Inc.<br>www.USCourtForms.com | www.courtinfo.ca.gov |

**EXHIBIT 1 PAGE 24**

LOVE01218

LOVE01219

1
2   FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
3   FRANK E. ROGOZIENSKI, INC.
    A Professional Corporation
    Attorneys at Law
4   Coronado Professional Square
    1203 Second Street
5   Coronado, CA 92118
    Telephone: (619)437-1878
6   Facsimile: (619)437-4894
7   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
8
9
10          SUPERIOR COURT OF THE STATE OF CALIFORNIA
11               FOR THE COUNTY OF SAN DIEGO
12
13   FRANK E. ROGOZIENSKI,        )   Case No. GIC843843
                                  )
14              Plaintiff,        )   FIRST AMENDED COMPLAINT FOR
                                  )   DAMAGES (Interference with
15        v.                      )   Contract, Interference with
                                  )   Economic Relations, Civil Rights
16   JAMES D. ALLEN, S. MICHAEL   )   Violations, Deceit-Fraudulent
     LOVE and DOES 1 through 10,  )   Concealment, Breach of Contract,
17   inclusive,                   )   Unfair Competition, Intentional
                                  )   Misconduct, Negligence and
18              Defendants.       )   Unjust Enrichment)
                                  )
19   _____)
20
21        Plaintiff alleges:
22                  1. JURISDICTION AND VENUE
23        1.   The within action is an unlimited civil case for damages
24   in excess of $25,000.00.
25        2.   The within action arose in San Diego, California.
26   / / /
27   / / /
28

LOVE01220

                              1
              FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT 1 PAGE 25

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181500
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

CIVIL BUSINESS OFFICE 18
CENTRAL DIVISION

2005 MAR 28  P 4: 19

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

## 2. **PARTIES**

3.    At all times herein mentioned, Plaintiff was, and now is, a resident of San Diego County, California.

4.    At all times herein relevant, Defendant, JAMES D. ALLEN [herein "ALLEN"], was, and now is, a resident of San Diego County, California. At all times herein relevant, ALLEN was, and now is, an attorney duly licensed to practice law in the State of California. At all times herein relevant, ALLEN engaged in the practice of law as a sole proprietor under the fictitious name "Allen-Magidson".

5.    At all times herein relevant, Defendant, S. MICHAEL LOVE [herein "LOVE"] was, and now is, a resident of San Diego County, California. At all times herein relevant, LOVE was, and now is, an attorney duly license to practice law in the State of California.

6.    Plaintiff is ignorant of the true names or capacities of Defendants sued herein under the fictitious names DOES 1 through 10, and therefore sues such Defendants pursuant to California Code of Civil Procedure section 474.    Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are residents and citizens of one of the States of the United States, and participated in the acts herein alleged and are responsible in some manner for the injuries and damages to Plaintiff as herein alleged.

7.    Plaintiff is informed and believe, and thereon alleges, that at times herein relevant, each of the Defendants was the agent and employee of each of the remaining Defendants, and was at times herein mentioned acting within the purpose and scope of said agency

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181690
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1976

2

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 26**

LOVE01221

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181530
1201 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

and employment, and further that each of the Defendants at times herein mentioned conspired and agreed together and acted in concert in proximately causing the injuries and damages to Plaintiff as herein alleged. Plaintiff is further informed and believes, and thereon alleges, that at other times herein mentioned, each of the Defendants was acting solely in their individual capacities, and that with respect to those acts, each of the other Defendants ratified, affirmed and adopted these actions.

8.    Plaintiff is in some doubt as to whether he is entitled to redress from all of the Defendants or from one or more of them, and all Defendants have therefore been joined herein with the intent that the question as to whether all the Defendants are, or one or more of them are, liable to Plaintiff, and to what extent; and that the liability may be determined in this action; and that the Court may award judgment to Plaintiff as against the Defendants either jointly, severally or in the alternative.

### 3. FACTUAL BACKGROUND

### A. The Underlying Proceeding

9.    Plaintiff was married in 1982, and in October, 1997, Plaintiff's then spouse [herein the "Petitioner"] brought a Petition for Dissolution of their marriage [herein the "Underlying Proceeding"].    In the Underlying Proceeding, LOVE represented Petitioner until February, 2005 when he withdrew as Petitioner's attorney of record.

/ / /

3

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 27**

LOVE01222

during the 1980ies and then again for several years in the 1990ies. At all times herein relevant, ALLEN and Bottomley were good friends, and with their respective families, regularly socialized together. At times herein relevant, ALLEN and Bottomley shared Charger tickets. ALLEN and Bottomley have referred cases to each other. As more fully alleged herein, Bottomley acted as the strawman in the transfer to ALLEN of the LOVES' Unit 850A one-half interest in Warner Springs Ranch.

### D. Relationships between LOVE and ALLEN

12. At all times herein relevant, ALLEN and LOVE were well acquainted, had a social relationship, and at times were officers and members of the same associations. At all times herein relevant, they were on a first name basis. At times herein relevant, LOVE had been to ALLEN's home. Neither LOVE nor ALLEN made any disclosure of these relationships, and Plaintiff did not learn of these relationships prior to ALLEN's withdrawal in March 2003 as temporary judge in the Underlying Proceeding.

### E. ALLEN's Interest in Warner Springs Ranch

13. Sometime prior to November 2001, Bottomley and his family visited the Alisol Ranch near Santa Barbara, and thereafter Bottomley discussed with ALLEN how much they had enjoyed it. ALLEN and Bottomley agreed they would share a trip there together.

14. Between October 24, 2001 and November 19, 2001, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, presided over elements of the trial in that proceeding.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1979

EXHIBIT 1 PAGE 28

LOVE01223

## B. Agreement to Employ And to Pay ALLEN

10. In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to the entry of an order that ALLEN could act as temporary judge in the Underlying Proceeding and (b) that all costs of ALLEN shall be borne by them, with each paying one-half the cost of the services of ALLEN. Although, no hourly rate or fee amount was set expressly forth in the written agreement, the agreement was that Plaintiff would pay one-half of ALLEN's services in the Underlying Proceeding at ALLEN's normal and customary billing rate as an attorney on a fee-for-service basis. Between June 1998 and August 4, 1998, and prior to his appointment as temporary judge, ALLEN performed services and charged fees which were paid under Plaintiff's and Petitioner's agreement one-half by Plaintiff and one-half by Petitioner. ALLEN served as temporary judge from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause. At all times herein relevant, ALLEN submitted billings to Plaintiff as a lawyer on the letterhead of Allen-Magidson.

## C. Harold S. Bottomley

11. At all times herein relevant, Harold S. Bottomley [herein "Bottomley"] was, and now is, an attorney duly licensed to practice law in the State of California. Bottomley had been an associate of ALLEN's former law firm on two occasions for a number of years

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181160
1209 SECOND STREET AT "B" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1    LOVE was Petitioner's lead trial attorney in that trial.

2

3    15.    In about November 2001, Bottomley took his family to

4    Warner Springs Ranch, and as a result of that experience and

5    because it was much closer and considerably less expensive than the

6    Alisol Ranch, became interested in becoming a member.  ALLEN and

7    Bottomley then had discussions about inquiries Bottomley was making

8    concerning acquiring a membership in Warner Springs Ranch, and how

9    it would be very nice if the two of them were members so they could

10   go there together with their respective families.  Bottomley was

11   made aware that Warner Springs Ranch Realty was offering half-

12   interests in Warner Springs Ranch for $2,500.

13              F.  **The Conspiracy Between LOVE and ALLEN**

14

15   16.    In or about the Summer of 2001, but no later than

16   November or early December of 2001, ALLEN and LOVE entered into a

17   conspiracy [herein the "CONSPIRACY"] to benefit themselves and

18   others with whom they were associated designed to injure, harm and

19   cause damage to Plaintiff by, among other things, interfering with

20   Plaintiff's contractual relations; interfering with Plaintiff's

21   prospective economic advantage, violating Plaintiff's civil

22   rights, defrauding and deceiving Plaintiff, engaging in unfair

23   competition in violation of applicable California law, and engaging

24   in willful and negligent misconduct.  As more fully alleged herein,

25   a purpose of the CONSPIRACY was for LOVE to make a gift to ALLEN of

26   the LOVE's interest in Warner Springs Ranch in violation of ALLEN's

27   and  LOVE's ethical and other obligations, and to conceal the fact

28

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 16160
1203 SECOND STREET, SUITE AVENUE
CORONADO, CALIFORNIA 92118-1417
CORONADO, (619) 437-1678

6

**FIRST AMENDED COMPLAINT FOR DAMAGES**    **EXHIBIT 1 PAGE 30**

LOVE01225

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 191630
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

of such gift.

17.   In about November or early December 2001, ALLEN had a conversation with LOVE about Warner Springs Ranch.  LOVE told ALLEN he was interested in divesting himself of his membership in Warner Springs Ranch since his children were grown and LOVE and his wife had recently joined the San Diego Country Club and were not using Warner Springs Ranch any longer.   ALLEN told LOVE of Bottomley's interest, called Bottomley, advised him of LOVE's comments, and suggested Bottomley call LOVE.   At the time, the LOVES owned two independent and separate half-interests or memberships in the Ranch, namely Unit 850A and Unit 1546B.  The "A" Unit permitted use of the Ranch and its facilities during odd months of the year and the "B" Unit permitted use during even months of the year.

18.   At a Christmas party at ALLEN's residence in December 2001, Bottomley spoke with the LOVES about Warner Springs Ranch, the Bottomleys' recent visit there, and the things the Ranch had to offer.   The LOVES discussed their membership, that they weren't using it anymore and would Bottomley and his wife be interested in assuming the LOVES' interest and the monthly membership fees.   On information and belief, ALLEN knew at the time of this discussion that LOVE was talking to Bottomley about the LOVES' interest in Warner Springs Ranch.

19.   At the end of the Christmas party, and after the other guests had left, Bottomley stayed behind and spoke with ALLEN about his discussion with LOVE earlier that evening, and that he was

7

**FIRST AMENDED COMPLAINT FOR DAMAGES**   EXHIBIT 1 PAGE 31

LOVE01226

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181930
1200 SECOND STREET & C STREET AVENUE
CORONADO, CALIFORNIA 92118-4417
(619) 437-1976

going to acquire the LOVES' interest in Warner Springs Ranch. Following the Christmas party, Bottomley and ALLEN discussed that if Bottomley acquired the LOVES' interest at no cost, Bottomley would split the cost of whatever it would have cost ALLEN to acquire a full interest in the Ranch, so that each of them would have the same financial investment in their memberships and split it that way. Their idea was that Bottomley and ALLEN would each have full memberships so they could use Warner Springs Ranch together during the same months. In these conversations, Bottomley also learned from ALLEN that ALLEN was acting as a temporary judge in the Underlying Proceeding where LOVE was representing a party

20. Within a week or ten days after the Christmas party, Bottomley decided the $260 monthly cost of a full membership or interest in Warner Springs Ranch did not make good financial sense for him and his wife, and decided it would be better for them not to have a full [A and B] membership, but rather to have a B half-membership, and to see whether or not the A half-membership a part of what the LOVES were going to convey, could be converted into a B half-membership to be given to ALLEN so that ALLEN could use the Ranch at the same time (during the same months) as the Bottomleys. Bottomley then spoke to LOVE about Bottomley and ALLEN each taking one of the LOVES' two half memberships. And although LOVE allegedly told Bottomley at the time that "I really don't want to know any more about [your] business, [and] I can't do anything directly with Mr. ALLEN", he nevertheless wrote the below letter of

8

**FIRST AMENDED COMPLAINT FOR DAMAGES**     **EXHIBIT 1 PAGE 32**

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
1220 SECOND STREET AT "C" AVENUE
POST OFFICE BOX 181030
CORONADO, CALIFORNIA 92118-1417
(619) 437-1076

January 11, 2002 to Warner Springs Ranch and continued to work towards the transaction that placed the LOVES' Unit 1546B one-half interest in Bottomleys' names and LOVES' Unit 850A one-half interest in ALLEN's name. ALLEN was aware that both the half-interests were coming from the LOVES.

21. In a letter dated January 11, 2002, LOVE solicited Warner Springs Ranch to be able to convert his A and B half-interests into two A or two B half-interests. LOVE sent a copy of his letter to Bottomley. In his letter LOVE states he "personally know[s] each of the families to whom [he is proposing to sell his half-interests] and each of the male members of the families are attorneys," a reference to ALLEN and Bottomley. At the time of LOVE's letter, ALLEN was separated or divorced, and on information and belief, LOVE intentionally misled and deceived Warner Springs Ranch by characterizing his intended gift to ALLEN of an interest in Warner Springs Ranch as a "sale" to unnamed "families."

22. Following LOVE's letter, Bottomley's contemporaneous handwritten notes reflect a telephone discussion with LOVE on January 18, 2002. In this conversation, LOVE told Bottomley that the Ranch would not allow conversion of the LOVES' two half-interests into either two A's or two B's. Bottomley then asked LOVE if he could find out what it would cost to upgrade the half-interest going to ALLEN to a full interest. Bottomley discussed what LOVE had told him with ALLEN.

23. Bottomley's contemporaneous handwritten notes also

FIRST AMENDED COMPLAINT FOR DAMAGES    **EXHIBIT 1 PAGE 33**

LOVE01228

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1550
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1674

1    reflect a telephone discussion with LOVE on January 23, 2002. In

2    this conversation LOVE told Bottomley of a "trade-up" option which

3    Warner Springs Ranch was offering, whereby an owner of an A or a B

4    half-interest could trade that one half-interest up to a full (A

5    and B) membership for $850. Bottomley then discussed this with

6    ALLEN.

7

8       24. Before transfer of the LOVES' two half-interests in

9    Warner Springs Ranch, ALLEN agreed with Bottomley that he (ALLEN)

10   would take one of the LOVES' one-half-interests, and use it to

11   "trade-up" (with $850) for a full membership. This would permit

12   ALLEN to use the Ranch during the same months when Bottomley would

13   also be using the facilities. At the time ALLEN agreed with

14   Bottomley to take one of the LOVES' half-interests, ALLEN knew

15   Bottomley was getting both half interests from LOVE, that Bottomley

16   did not intend to keep both half-interests himself, and that

17   Bottomley intended to immediately transfer one of the LOVES' half

18   interests to ALLEN. Both ALLEN and LOVE knew that Bottomley was

19  

20   acting as a strawman in the gift to ALLEN of the LOVES' Unit 850A

21   one-half interest in Warner Springs Ranch.

22      G. **The gift to ALLEN of the LOVES' half-interest in**

23            **Warner Springs Ranch**

24      25. By Quit Claim Deeds signed February 8, 2002, (a) the

25   LOVES transferred to Bottomley and his wife the LOVES' Unit 1546B

26   one-half interest in Warner Springs Ranch, and (b) the LOVES

27   transferred to Bottomley (and not Mr. Bottomley) the LOVES' Unit

28   850A one-half interest in Warner Springs Ranch. Both Quit Claim

FIRST AMENDED COMPLAINT FOR DAMAGES **EXHIBIT 1 PAGE 34**

LOVE01229

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL SQUARE
A PROFESSIONAL CORPORATION
POST OFFICE BOX 180150
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1   Deeds were recorded by Bottomley on February 22, 2002. As more

2   fully hereinafter alleged, both LOVE and ALLEN knew the reason for

3   the transfer of the LOVES' Unit 850A interest in Warner Springs

4   Ranch to Bottomley, and to only Bottomley, and not to Bottomley and

5   his wife, was that Bottomley was acting as a strawman for the

6   transfer of that interest through to ALLEN, its intended recipient.

7   26.   By Quit Claim Deed signed March 15, 2002, Bottomley

8   transferred to ALLEN the LOVES' Unit 850A one-half interest in

9   Warner Springs Ranch. This Quit Claim Deed was recorded March 18,

10  2002.

11  27.   Bottomley did not prepare any of the deeds which

12  transferred the LOVES' half-interests in Warner Springs Ranch.

13  LOVE (or someone on his behalf) prepared the Quitclaim Deed from

14  the LOVES, and ALLEN (or someone on his behalf) prepared the

15  Quitclaim Deed to himself. Bottomley explained to LOVE his

16  intention of transferring the LOVES' Unit 850A half-interest to

17  ALLEN so ALLEN could use that half-interest to upgrade to a full

18  membership. Bottomley further explained to LOVE that because he

19  [Bottomley] was simply passing Unit 850A on to ALLEN, it did not

20  make sense for LOVE to prepare the Quitclaim Deed for that half-

21  interest in Bottomley's and his wife's names, as LOVE was doing for

22  the LOVES' Unit 1546B half-interest which Bottomley and his wife

23  were keeping. Bottomley explained that it would be simpler if only

24  he (and not Bottomley and his wife) had to sign the transfer

25  through to ALLEN. The Quitclaim Deeds transferring the LOVES'

LOVE01230

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1810
1202 SECOND STREET, FIRST AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1375

1    interests in Warner Springs Ranch recite they are "gifts".

2    28.   In February, 2002, ALLEN contacted Warner Springs Ranch

3    to ask if it would be possible for him to "upgrade" the half-

4    interest he was going to receive through Bottomley to a full

5    interest (so that he and Bottomley could utilize the Ranch

6    facilities at the same time).

7    29.   On February 27, 2002, after receiving the recorded

8    Quitclaim Deeds from the LOVES back from the San Diego County

9    Recorder's office, Bottomley faxed to ALLEN a copy of the Quitclaim

10   Deed from the LOVES for Unit 850A for ALLEN to prepare the deed

11   conveying this Unit to himself.  On information and belief, neither

12   LOVE, ALLEN nor Bottomley took any steps to cause the records of

13   Warner Springs Ranch to be changed to reflect this transaction

14   because Defendants knew that Bottomley would immediately transfer

15   the LOVES' Unit 850A half-interest to ALLEN, its intended

16   recipient.

17   30.   In mid-March, 2002, ALLEN prepared and had Bottomley sign

18   a Quitclaim Deed transferring the LOVES' Unit 850A half-interest

19   to himself.  This deed recites it is a "gift".  ALLEN caused this

20   deed to be recorded on March 18, 2002, however, on information and

21   belief, did not take any steps to cause the records of Warner

22   Springs Ranch to be changed to reflect ALLEN's ownership of the

23   LOVES' Unit 850A.

24   31.   After receiving the recorded deed to Unit 850A from the

25   San Diego County Recorder, in late March, 2002, and prior to May

12

20, 2002, ALLEN had communications with the Warner Springs Ranch Owners Association [the "Association"] to trade-up the LOVES' Unit 850A into a new, full membership. ALLEN was informed that the title company had some questions regarding the transfer by the LOVES. To resolve these questions, ALLEN called LOVE to discuss "some recordation problem," and asked that LOVE assist him in resolving a matter involving Unit 850A that had occurred when the LOVES owned that Unit.

32. After the title problems were resolved, ALLEN signed a Grant Deed transferring the LOVES' Unit 850A half interest in the Ranch to the Association. This deed recites it is a "½ interest Owner Trading Up." Sequentially with the recording of this deed on May 20, 2002, a Corporation Grant Deed from the Association was recorded transferring a full interest [new Unit 4257] in the Ranch to ALLEN. On information and belief, at this time the records of the Association were first changed to show ALLEN as a member, owning Unit 4257.

33. The circuitous movements Defendants orchestrated of the LOVES' Unit 850A half interest in Warner Springs Ranch effectively laundered this transaction so as to obscure this gift to ALLEN.

**H.    Disqualification of ALLEN**

34. Defendants knew or should have known that making the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch would result in ALLEN being disqualified from acting as temporary judge in the Underlying Proceeding. Defendants further

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180840
1203 SECOND STREET, REAR AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT 1 PAGE 37**

LOVE01232

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181540
1200 SECOND STREET, "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

knew or should have known that once made, the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch disqualified ALLEN from acting as temporary judge in the Underlying Proceeding.

35.    ALLEN's acceptance of the gift of the LOVES' Unit 850A half interest in Warner Springs Ranch in March 2002 immediately disqualified him from acting as temporary judge in the Underlying Proceeding. The making, and ALLEN's acceptance, of the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch was not a judicial act, was not done in the course of the conduct of the Underlying Proceeding and was not done to achieve the legitimate objectives of the Underlying Proceeding.

I. **Concealment and Failure to disclose the gift.**

36.    In a telephone status conference in the Underlying Proceeding on April 30, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, stated "... insofar as fees [including for LOVE] are concerned, that's one of the other issues that I'm still struggling with and I'm still looking at some of the pleadings and kind of going through my notes". Although both knew, neither ALLEN nor LOVE made any disclosure of the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made to ALLEN in March of 2002. Both LOVE and ALLEN further concealed that ALLEN was at the time disqualified from acting as temporary judge.

37.    On October 11, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the

14

LOVE01233

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181050
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1076

1
2  Underlying Proceeding to receive evidence on certain issues he had
3  reserved from the trial in October - November 2000. The trial on
4  these issues was completed on that date.  At this hearing, ALLEN
5  stated  he  would  order  Plaintiff  herein  to  pay  $250,000  of
6  Petitioner's attorneys' fees and costs, including fees for LOVE.
7  Although both knew, neither LOVE nor ALLEN made any disclosure of
8  the gift of the LOVES' Unit 850A half-interest in Warner Springs
9  Ranch which had been made to ALLEN in March of 2002. Both LOVE and
10 ALLEN further continued to conceal that ALLEN was at the time
11 disqualified from acting as temporary judge.
12      38.   On October 23, 2002, ALLEN, acting in his role as then
13 temporary judge in the Underlying Proceeding, issued his Amended
14 Statement Of Decision.  On November 12, 2002, ALLEN, acting in his
15 role as then temporary judge in the Underlying Proceeding, signed
16 and issued his Second Amended Statement Of Decision and the final
17 Judgment.  Although both knew, neither LOVE nor ALLEN made any
18 disclosure of the gift of the LOVES' Unit 850A half-interest in
19 Warner Springs Ranch which had been made to ALLEN in March of 2002.
20 Both LOVE and ALLEN further continued to conceal that ALLEN was at
21 these times disqualified from acting as temporary judge.
22
23      39.   On December 17, 2002, LOVE met privately with ALLEN,
24 without notice, and obtained ALLEN's signature on certain orders
25 which permitted the immediate issuance, over the counter, of a writ
26 of execution on Plaintiff's separate and share of the community
27 property,  and  which    permitted  the  levy  on  assets  held  in
28

15

FIRST AMENDED COMPLAINT FOR DAMAGES    EXHIBIT 1 PAGE 39

LOVE01234

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181350
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1  Plaintiff's Family Trust.    LOVE thereafter aggressively pursued

2  enforcement and collection of the final Judgment ALLEN had entered

3  in the Underlying Proceeding, which Judgement LOVE knew, and

4  continued to conceal and did not disclose had been made and was

5  being enforced with orders made after ALLEN was disqualified from

6  acting as temporary judge in the Underlying Proceeding.  LOVE and

7  ALLEN benefitted from those actions in that, among other things,

8  Plaintiff's separate property and share of community property was

9  used for payment and reimbursement of their fees and expenses.

10 Payments and transfers of assets by Plaintiff were further made

11 through LOVE and those assisting LOVE.  There is no transcript of

12 what ALLEN and LOVE discussed.

13    40.  On March 7, 2003, during a post-judgment hearing in the

14 Underlying Proceeding attended by LOVE, Plaintiff's counsel

15 objected to ALLEN presiding at the hearing inasmuch as ALLEN had

16 not made a certification (under California Rule 244(b)).  Although

17 both knew, neither ALLEN nor LOVE made any disclosure of the gift

18 of the LOVES' Unit 850A half-interest in Warner Springs Ranch which

19 had been made to ALLEN in March of 2002. Both LOVE and ALLEN

20 further continued to conceal that ALLEN was at these times

21 disqualified from acting as temporary judge.

22    41.  Prior to ALLEN filing his Statement Of Withdrawal in the

23 Underlying Proceeding on March 23, 2003, neither ALLEN nor LOVE had

24 disclosed the Warner Springs Ranch transactions.  ALLEN has refused

25 to answer why he did not disclose these transactions.

16

**FIRST AMENDED COMPLAINT FOR DAMAGES**    **EXHIBIT 1 PAGE 40**

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

42.  Since ALLEN was given the LOVES' Unit 850A half-interest in Warner Springs Ranch in March 2002, ALLEN has used the Ranch facilities on multiple occasions.

### J. <u>Setting aside of ALLEN's rulings</u>

43.  As a result of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch, ALLEN was disqualified, and rulings of ALLEN while acting in his role as then temporary judge have been set aside by the Judge of the Superior Court who replaced ALLEN in the Underlying Proceeding, and a new trial has been ordered on these set aside rulings.

### K. <u>ALLEN's Statements to the Press</u>

44.  On information and belief, in or about September and October 2003, and after ALLEN filed his Statement of Withdrawal in the Underlying Proceeding, ALLEN and ALLEN's counsel spoke with one or more reporters and made threatening, misleading and disparaging remarks about the truth of ALLEN's involvement in the gift to him of the LOVES' Unit 850B one-half interest in Warner Springs Ranch. On information and belief, ALLEN and ALLEN's counsel made these statements as a part of and in furtherance of the CONSPIRACY, to discredit Plaintiff and coerce Plaintiff into accepting ALLEN's rulings, and to bolster and support actions ALLEN had previously taken in his judicial capacity.  In speaking with the press, ALLEN was not acting in his judicial capacity or in the course of the conduct of the Underlying Proceeding, or to achieve the legitimate objectives of the Underlying Proceeding.

FIRST AMENDED COMPLAINT FOR DAMAGES    **EXHIBIT 1 PAGE 41**

LOVE01236

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181850
1220 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

## L. **Plaintiff's economic damages**

45.   As a result of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch and of Defendants' concealment and nondisclosure of this transaction and the fact of the disqualification of ALLEN, Plaintiff has lost the fees, costs and expenses paid in the prior trial on the now set-aside rulings, and the depreciation and loss in the value and use of assets which were taken from Plaintiff under the now set-aside rulings. In addition, Plaintiff has incurred and will be required to continue to incur the fees, costs and expenses of having a new trial on these set- aside rulings.

## M. **Plaintiff's non-economic injuries**

46.   As a further result of the actions and conduct of Defendants as aforesaid, Plaintiff has suffered and continues to suffer serious and severe emotional distress.

## N. **No judicial immunity**

47.   Except where otherwise expressly stated to the contrary, the actions and conduct of ALLEN alleged herein were not done by ALLEN in his role or capacity as a judicial officer. The actions and conduct on which ALLEN is sued herein are not judicial acts.

## O.  **No litigation privilege**

48.   The actions and conduct on which Defendants are sued herein were not done in the course of the conduct of the Underlying Proceeding and were not done to achieve the legitimate objectives of the Underlying Proceeding.

18

FIRST AMENDED COMPLAINT FOR DAMAGES    EXHIBIT 1 PAGE 42

LOVE01237

**P. Estoppel to rely on statute of limitations**

49.    Defendants are estopped to rely on all applicable statutes of limitations because, prior to the time such applicable statutes of limitations would have run (a) Defendants fraudulently concealed and failed to disclose the fact of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch, (b) Defendants fraudulently concealed that Plaintiff had the causes of action alleged herein, (c) Plaintiff reasonably relied upon Defendants' fraudulent concealments, and that Defendants would act in accordance with the disclosure requirements provided by law, (d) Defendants intended their concealments to be acted upon by Plaintiff, and Plaintiff had the right to believe that the fact Defendants made no disclosure was intended to be relied upon that no gifts had been made, and (e) Plaintiff exercised due diligence to ascertain the truth. Plaintiff did not discover prior to March 7, 2003 evidence of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made in March 2002; and prior to March 27, 2002 when ALLEN filed his Statement of Withdrawal in the Underlying Proceeding, did not discover the fact of the gift and fact of ALLEN's disqualification.

50.    [Reserved]

### 4. CAUSES OF ACTION

**FIRST CAUSE OF ACTION
FOR INTENTIONAL INTERFERENCE WITH
CONTRACTUAL RELATIONS AGAINST
ALL DEFENDANTS**

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181650
1220 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-4417
(619) 437-1878

**EXHIBIT 1 PAGE 43**

19

51. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

52. At times herein relevant, there existed contractual relationships between Plaintiff and Petitioner, including a prenuptial agreement, agreements for the ownership and control of real and personal property, and deposit accounts.

53. At times herein relevant, there existed contractual relationships between Plaintiff and third persons, including with Qualcomm relating to the acquisition of Qualcomm stock and stock options, and loans to Qualcomm.

54. At times herein relevant, there existed a contractual relationship between Plaintiff and Plaintiff's counsel in the Underlying Proceeding for providing legal services to Plaintiff in that proceeding on a fee-for-service basis.

55. Defendants knew of the existence of each of these contracts.

56. In engaging in the actions and conduct hereinabove alleged, Defendants either (a) intended to prevent Plaintiff's performance or to cause Plaintiff's performance under the aforementioned contracts to be more expensive and burdensome, or (b) knew that prevention of Plaintiff's performance was certain or substantially certain to occur or that Plaintiff's performance would be more expensive or burdensome as a result of Defendants' actions and conduct.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1976

**EXHIBIT 1 PAGE 44**

57. Defendants engaged in the actions and conduct hereinabove alleged which either (a) prevented Plaintiff's performance of those contracts or (b) caused Plaintiff's performance to be more expensive and burdensome.

58. The actions and conduct of Defendants as hereinabove alleged interfered with Plaintiff's contractual relations and were a cause of injury, damage, loss and harm to Plaintiff in an amount according to proof in excess of $25,000.

59. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### SECOND CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### CONTRACTUAL RELATIONS AGAINST LOVE

60. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

61. At times herein relevant, there existed an agreement for payment by Plaintiff of one-half of ALLEN's services in the Underlying Proceeding at his normal and customary rate as an attorney on a fee-for-service basis.

62. LOVE knew of the existence of this contract.

63. In engaging in the actions and conduct hereinabove alleged, LOVE either (a) intended to cause Plaintiff's performance under the contract to be more expensive or burdensome, or (b) knew

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
POST OFFICE BOX 180530
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1976

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
POST OFFICE BOX 181630
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1076

that Plaintiff's performance would be more expensive or burdensome as a result of LOVE's actions and conduct.

64.    LOVE engaged in the actions and conduct hereinabove alleged which caused Plaintiff's performance of the contract to be more expensive and burdensome.

65. The actions and conduct of LOVE as hereinabove alleged interfered with Plaintiff's contractual relations and were a cause of injury, damage, loss and harm to Plaintiff in an amount according to proof in excess of $25,000.

66. The actions and conduct of LOVE as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### THIRD CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE
### AGAINST ALL DEFENDANTS

67.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50  and paragraphs 52 through 54 hereinabove set forth.

68.    At times herein relevant, there existed economic relationships between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel in the Underlying Proceeding, and between Plaintiff and Qualcomm and other third persons engaging or proposing to engage in business transactions with Plaintiff, containing a probable future economic benefit or advantage to

22

**EXHIBIT 1 PAGE 46**

FIRST AMENDED COMPLAINT FOR DAMAGES

LOVE01241

Plaintiff.

69. Defendants knew of the existence of these relationships.

70. Defendants engaged in wrongful conduct as hereinabove alleged designed to interfere with or disrupt these relationships.

71. Defendants engaged in said wrongful conduct either (a) with the intent to interfere with or disrupt these relationships, or (b) with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of Defendants actions.

72. The economic relationships were actually interfered with or disrupted.

73. The wrongful conduct of Defendants which was designed to interfere with or disrupt these relationships caused injury, damage, loss and harm to Plaintiff in an amount according to proof in excess of $25,000.

74. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof

### FOURTH CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE
### AGAINST LOVE

75. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraph 61 hereinabove set forth.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180680
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1678

23

**FIRST AMENDED COMPLAINT FOR DAMAGES**    **EXHIBIT 1 PAGE 47**

LOVE01242

76.   An economic relationship existed between Plaintiff and ALLEN, containing a probable future economic benefit or advantage to Plaintiff. This economic relationship included the arrangement that ALLEN would serve as a temporary judge in the Underlying Proceeding.   The economic benefit or advantage to Plaintiff included resolution of the Underlying Proceeding in an expeditious and cost-effective manner.

77.   LOVE knew of the existence of this relationship.

78.   LOVE engaged in wrongful conduct as hereinabove alleged designed to interfere with or disrupt this relationship.

79.   LOVE engaged in this wrongful conduct either (a) with the intent to interfere with or disrupt this relationship or (b) with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of LOVE's actions.

80.   The economic relationship was actually interfered with and disrupted.

81.   The within conduct of LOVE which was designed to interfere with or disrupt this relationship caused injury, damage, loss and harm to Plaintiff in an amount according to proof in excess of $25,000.

82.   The actions and conduct of LOVE as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

**FIFTH CAUSE OF ACTION**
**FOR NEGLIGENT INTERFERENCE WITH**

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181633
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-1878

24
FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT 1 PAGE 48

LOVE01243

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1840
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

## PROSPECTIVE ECONOMIC ADVANTAGE
## AGAINST ALL DEFENDANTS

83.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraphs 52 through 54 as hereinabove set forth.

84.  At times herein relevant, an economic relationship existed between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel in the Underlying Proceeding, and between Plaintiff and Qualcomm and other third persons engaging and proposing to engage in business transactions with Plaintiff, containing a probable future economic benefit or advantage to Plaintiff.

85.  Defendants knew of the existence of these economic relationships.

86.  Defendants engaged in wrongful conduct as hereinabove alleged.

87.  It was reasonably foreseeable that Defendants' wrongful conduct would interfere with or disrupt these economic relationships if Defendants failed to exercise due care.

88.  Defendants were negligent in their conduct as hereinabove alleged, in that Defendants failed to exercise due care.

89.  These economic relationships were actually interfered with and disrupted.

90.  Defendants' conduct caused Plaintiff to suffer injury, damage, loss and harm in that, among other things, Plaintiff has been injured and has lost the economic benefit and advantage from

25

FIRST AMENDED COMPLAINT FOR DAMAGES **EXHIBIT 1 PAGE 49**

LOVE01244

these economic relationships in an amount according to proof in excess of $25,000.

### SIXTH CAUSE OF ACTION
### FOR NEGLIGENT INTERFERENCE WITH
### PROSPECT ECONOMIC ADVANTAGE
### AGAINST LOVE

91. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraph 61 as hereinabove set forth.

92. As more fully alleged in the Factual Background, an economic relationship existed between Plaintiff and ALLEN containing a probable future economic benefit or advantage to Plaintiff. This economic relationship included the arrangement that ALLEN would serve as temporary judge in the Underlying Proceeding. The economic benefit or advantage to Plaintiff included resolution of the Underlying Proceeding in an expeditious and cost-effective manner.

93. LOVE knew of the existence of this economic relationship.

94. LOVE engaged in wrongful conduct as herein alleged.

95. LOVE was negligent in his conduct, in that LOVE failed to exercise due care.

96. This economic relationship was actually interfered with and disrupted.

97. LOVE's conduct caused Plaintiff to suffer injury, damage, loss and harm in that, among other things, Plaintiff has been injured and has lost the economic benefit or advantage from this

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
A PROFESSIONAL CORPORATION
POST OFFICE BOX 181630
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1617
(619) 437-1876

26

LOVE01245

economic relationship in an amount according to proof in excess of $25,000.

### SEVENTH CAUSE OF ACTION
### FOR CIVIL RIGHTS VIOLATIONS
### AGAINST ALL DEFENDANTS

98.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

99.   As more fully alleged in the FACTUAL BACKGROUND, Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of Plaintiff's rights to a fair trial secured by the Constitution and laws of the United States and of the State of California.   This right to a fair trial includes a trial free from actions and conduct which disqualify the trial judge and a trial where doubts are not raised concerning the trial judge's impartiality.

100.   As more fully alleged in the Factual Background, the interference or attempted interference in Plaintiff's right to a fair trial caused Plaintiff to suffer injury, damage, loss and harm in an amount according to proof in excess of $25,000.

101.   The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### EIGHTH CAUSE OF ACTION
### FOR DECEIT

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET AT "C" AVENUE
POST OFFICE BOX 180830
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

27

LOVE01246

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180150
1200 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1978

**FRAUDULENT CONCEALMENT**
**AGAINST ALL DEFENDANTS**

102.  Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

103. As more fully alleged in the Factual Background, Defendants did not disclose the fact of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch, which gift Defendants should have disclosed because, at the time of the gift, LOVE was attorney for Petitioner in the Underlying Proceeding and ALLEN was the temporary judge in that proceeding, and the gift caused the immediate disqualification of ALLEN from acting as temporary judge in the Underlying Proceeding.

104. Defendants knew that they concealed or failed to disclose the fact of the gift to ALLEN of the LOVE's Unit 850A half-interest in Warner Springs Ranch.

105. Defendants intended that their concealment of or failure to disclose said facts would cause Plaintiff to proceed in the Underlying Proceeding without challenging ALLEN's acting as the temporary judge, to continue to pay ALLEN's invoices for his services, and to continue to pay the invoices of Bruno, Mack and Barclay and other experts retained by ALLEN and by Plaintiff.

106. Plaintiff relied on the fact that Defendants had not disclosed that the gift had been made to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch.

107. Plaintiff was justified in relying on the fact that

28

LOVE01247

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1080
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1476

1   Defendants had not disclosed that the gift had been made to ALLEN

2   of the LOVES' Unit 850A half-interest in Warner Springs Ranch.

3

4   108. As a result of Defendants' deceit and fraudulent

5   concealment, Plaintiff has and will continue to sustain injury,

6   damage, loss and harm in an amount according to proof in excess of

7   $25,000.

8   109. The actions and conduct of Defendants as hereinabove

9   alleged were willful and oppressive, fraudulent and malicious,

10  entitling Plaintiff to an award of punitive and exemplary damages

11  in an amount according to proof.

12                    **NINTH CAUSE OF ACTION**
13           **FOR BREACH OF CONTRACT AGAINST ALLEN**

14  110. Plaintiff realleges and incorporate herein by reference

15  each and every allegation contained in paragraphs 1 through 50

16  hereinabove set forth.

17  111. In submitting each of his invoices to Plaintiff, ALLEN

18  expressly and impliedly represented that he had satisfied all

19  conditions required on his part to be entitled to payment, and was

20  entitled to be paid the amounts billed.

21  112. As more fully alleged in the Factual Background, ALLEN

22  breached his agreement with Plaintiff in that, among other things,

23  ALLEN continued to invoice and to accept payment from Plaintiff for

24  services allegedly rendered by ALLEN after he had accepted the gift

25  of the LOVES' Unit 850A half-interest in Warner Springs Ranch and

26  knew he was disqualified and thus barred as an attorney from making

27  further charges to Plaintiff.

28

29

**FIRST AMENDED COMPLAINT FOR DAMAGES**   **EXHIBIT 1 PAGE 53**

LOVE01248

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181340
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-6417
(619) 437-1978

113.   There is implied in every contract a covenant of good faith and fair dealing to refrain from doing anything which would interfere with the rights of the other party to receive the benefits of the contract.

114.   Plaintiff has performed all terms of his agreement to pay ALLEN required on Plaintiff's part to be performed.

115.   As a result of ALLEN's breach of the implied covenant of good faith and fair dealing and the breach of his agreements with Plaintiff as aforesaid, Plaintiff has and will continue to sustain injury, damage, loss and harm in an amount according to proof in excess of $25,000.

### TENTH CAUSE OF ACTION
### FOR UNFAIR COMPETITION
### AGAINST LOVE

116.   Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

117.   As more fully alleged in the Factual Background, LOVE engaged in unfair and fraudulent business acts and practices in violation of Business and Profession Code §§17200, et seq.   The gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch was an unfair and fraudulent business act and practice designed to provide, and which provided LOVE an unfair advantage over Plaintiff and Plaintiff's counsel in the Underlying Proceeding.

118.   As a result of the fraudulent acts and business

30

**FIRST AMENDED COMPLAINT FOR DAMAGES**

**EXHIBIT 1 PAGE 54**

LOVE01249

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1205 SECOND STREET AT B AVENUE
POST OFFICE BOX 1876
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

practices of LOVE as aforesaid, Plaintiff is entitled to restitution of the amounts Plaintiff paid to ALLEN, to Plaintiff's counsel, for the benefit of and indirectly to LOVE, to Bruno, Mack and Barclay and to Plaintiff's experts in the Underlying Proceeding, all in an amount according to proof in excess of $25,000.

### ELEVENTH CAUSE OF ACTION
### FOR WILLFUL MISCONDUCT AND INTENTIONAL
### INFLICTION OF INJURY
### AGAINST ALL DEFENDANTS

119.  Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

120.  As members of the State Bar of California, Defendants each owed a duty to Plaintiff to refrain from conduct Defendants knew or should have known would cause or was certain or substantially certain to cause injury to Plaintiff, including the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch and the concealment and failure to disclose this gift and the fact of the disqualification of ALLEN to act as temporary judge in the Underlying Proceeding.

121.  These duties are reflected in part in Rule 5-300(A) of the Rules of Professional Conduct which provides that:

> "A member [of the State Bar] shall not directly or indirectly give...anything of value to a judge [or] official...of a tribunal unless the personal or family relationship between the member and the judge, official or employee is such that gifts are customarily

31

FIRST AMENDED COMPLAINT FOR DAMAGES

**EXHIBIT 1 PAGE 55**

LOVE01250

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181301
1220 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

given and exchanged..."

and in Rule 1-710 of the Rules of Professional Conduct which

provides that:

> "A member [of the State Bar] who is serving as
> a temporary judge ...and is subject under the
> Code of Judicial Ethics to Canon 6D, shall
> comply with the terms of that canon."

In turn, Canon 6D(2)(f) provides that :

> "A temporary judge...shall...disclose in
> writing or on the record information as
> required by law, or information the temporary
> judge...believes the parties or their lawyers
> might consider relevant to the question of
> disqualification, even where it is believed
> that there is no actual basis for
> disqualification..."

122.    These duties are further reflected in Penal Code

sections 92, 93, 94 and/or 95 which prohibit bribery and

corruption.

123.    The aforementioned Rules of Professional Conduct embody

the public policy of this State applicable to persons who are

licensed to practice law, and the aforementioned Penal Code

sections embody the public policy of this state applicable to all

persions.    These Rules and Penal Code sections are intended to

benefit and protect persons in the circumstances of Plaintiff as

hereinabove alleged.

124.    As more fully set forth in the Factual Background,

Defendants willfully breached their respective duties of care and

as members of the State Bar of California by making, and then

failing to disclose and concealing, the gift to ALLEN of the LOVES'

**FIRST AMENDED COMPLAINT FOR DAMAGES**     **EXHIBIT 1 PAGE 56**

LOVE01251

LAW OFFICES

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181650
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1976

Unit 850A half-interest in Warner Springs Ranch and the fact of the disqualification of ALLEN to act as temporary judge in the Underlying Proceeding. On information and belief, the gift of the LOVES' Unit 850 one-half interest in Warner Springs Ranch constituted bribery and corruption under the aforementioned Penal Code Sections.

125. At all times herein relevant, Defendants knew or should have known their actions and conduct were certain or substantially certain to cause injury to Plaintiff.

126. At all times herein relevant, Defendants consciously and intentionally failed to take steps to avoid breaching their aforesaid duties as members of the State Bar of California.

127. As more fully set forth in the Factual Background, Defendants acted intentionally either (a) with knowledge that serious injury to Plaintiff would be the probable result of their actions and conduct, or (b) with wanton and reckless disregard of the consequences of their actions and conduct.

128. As a proximate cause of Defendants' breach of their respective duties, Plaintiff has and will continue to sustain injury, damage, loss and harm in an amount according to proof in excess of $25,000.

129. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

33

**FIRST AMENDED COMPLAINT FOR DAMAGES**    EXHIBIT 1 PAGE 57

LOVE01252

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1860
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1976

**TWELFTH CAUSE OF ACTION**
**FOR NEGLIGENCE AGAINST**
**ALL DEFENDANTS**

130.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraphs 121 and 124 hereinabove set forth.

131.  As members of the State Bar of California, Defendants each owed a duty to care to Plaintiff, to refrain from extrajudicial actions and conduct that would cause or was reasonably foreseeable to cause injury or damage to Plaintiff.

132.  As more fully set forth in the Factual Background, Defendants breached their respective duties of care and as members of the State Bar of California and otherwise by making, and then failing to disclose and concealing, the gift to ALLEN of the LOVES' Unit 850A half interest in Warner Springs Ranch and the fact of the disqualification of ALLEN to act as temporary judge in the Underlying Proceeding.

133.  It was reasonably foreseeable that Defendants' actions and conduct as hereinabove alleged would cause injury or damage to Plaintiff.

134.  Defendants were negligent in their actions and conduct as hereinabove alleged, in that Defendants failed to exercise due care.

135.  As a direct and proximate result of Defendants negligence as aforesaid, Plaintiff sustained and will continue to sustain injury, damage, loss and harm in an amount according to

34

FIRST AMENDED COMPLAINT FOR DAMAGES

EXHIBIT 1 PAGE 58

LOVE01253

proof in excess of $25,000.

### THIRTEENTH CAUSE OF ACTION
### AGAINST ALL DEFENDANTS
### FOR UNJUST ENRICHMENT

136.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 135.

137.   As more fully hereinabove alleged, Defendants and others have profited, gained and been unjustly enriched to Plaintiff's detriment by Defendants fraud and deceit, interference with Plaintiff's contractual relations, and economic advantage, and undue influences and other negligent and wrongful acts, by reason of which Plaintiff is entitled to recoupment of, and Defendants hold as constructive trustees for the benefit of Plaintiff, all monies paid by Plaintiff and all of Plaintiff's separate property and share of community property wrongfully acquired or detained by Defendants, including the full value and loss of use of all monies paid and provided by Plaintiff because of Defendants' actions, and the full value and loss of use of all of Plaintiff's separate property and share of community property improperly detained and taken from Plaintiff.

### PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.   For general and special injury and damages in an amount according to proof in excess of $25,000.00;

2.   For restitution in an amount according to proof in excess

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181324
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92178-1417
(619) 437-1878

---

35

FIRST AMENDED COMPLAINT FOR DAMAGES  **EXHIBIT 1 PAGE 59**

LOVE01254

of $25,000;

3.    For imposition of a constructive trust for the full value and loss of all monies paid by Plaintiff and each Plaintiff's separate property and share of community property wrongfully acquired or detained by Defendants;

4.    For punitive damages in an amount appropriate to punish or set an example of Defendants;

5.    For interest at the maximum legal rate permitted by law;

6.    For attorney fees in an amount according to proof;

7.    For costs of suit in an amount according to proof; and

8.    For such other and further relief as the Court deems just and proper.

Dated: March 28, 2005              FRANK E. ROGOZIENSKI, INC.


By: _____
     Frank E. Rogozienski
     Attorney for Plaintiff

**FIRST AMENDED COMPLAINT FOR DAMAGES**    EXHIBIT 1 PAGE 60

LOVE01255

LOVE01256

EXHIBIT 1-B

1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
    FRANK E. ROGOZIENSKI, INC.
2   A Professional Corporation
    Attorneys at Law
3   1660 Union Street, Third Floor
    San Diego, CA 92101
4   Telephone: (619)237-1878
    Facsimile: (619)237-1870

5

6   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8                   UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11   FRANK E. ROGOZIENSKI,       )  Case No.  07-CV-0742 JAH(WMC)
                         )
12           Plaintiff,      )  NOTICE OF MOTION AND MOTION TO
                         )  REMAND AND FOR SANCTIONS
13           v.          )
                         )  DATE: 07/26/2007
14   JAMES D. ALLEN, S. MICHAEL LOVE   )  TIME: 3:00 p.m.
    and DOES 1 through 10, inclusive,     )  COURTROOM: 11
15                          )  HON. JOHN A. HOUSTON
          Defendants.     )
16                          )
    _____)
17

18        TO DEFENDANTS, S. MICHAEL LOVE and JAMES D. ALLEN and their attorneys of

19   record:

20        PLEASE TAKE NOTICE that on July 26, 2007, at 3:00 p.m., or as soon thereafter as the

21   matter may be considered by the Court, located at 940 Front Street, San Diego, CA 92101, in

22   Courtroom 11, Plaintiff will, and hereby does, move the Court for a Motion To Remand this matter

23   to the California state courts.  This motion is made on the grounds, each and all, that:

24        1.     Defendant's Notice of removal was not filed within 30 days after receipt by

25   Defendant of a copy of the order or other paper from which it could first be ascertained the case was

26   then one which is or had become removable under 28 USC 1446(b);

27

28

LOVE01257

1       2.    Not all Defendants have joined in or consented to the removal; and

2       3.    Removal from the California appellate courts is unclear.

3   Plaintiff further requests an award of sanctions on the grounds Mr. Love's Notice Of Removal is

4   frivolous and interposed in bad faith and for purposes of delay.

5       This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

6   Authorities and the Certification Of Exhibits and Exhibits filed concurrently herewith, the pleadings

7   on file herein, and such other and further matters as may be presented to the Court.

8   Dated: May 22, 2007               FRANK E. ROGOZIENSKI, INC.

9

10                  By:_____

11                       Frank E. Rogozienski
                    Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO REMAND        Case No. 07-CV-0742 JAH(WMC)

2

LOVE01258

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870
5
6  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10

11  FRANK E. ROGOZIENSKI,              )    Case No.  07-CV-0742 JAH(WMC)
                                       )
12             Plaintiff,              )    MEMORANDUM OF POINTS AND
                                       )    AUTHORITIES IN SUPPORT OF MOTION TO
13             v.                      )    REMAND AND FOR SANCTIONS
                                       )
14  JAMES D. ALLEN, S. MICHAEL LOVE    )    DATE: 07/26/2007
    and DOES 1 through 10, inclusive,  )    TIME: 3:00 p.m.
15                                     )    COURTROOM: 11
               Defendants.             )    HON. JOHN A. HOUSTON
16                                     )
    _____)
17

18                   **MOTION TO REMAND**

19  I.    **Legal Standards**.

20         (a)    **Federal court has limited jurisdiction**.  The federal court is one of limited

21  jurisdiction [see Gould v. Mutual Life Ins. Co. v. New York (9th Cir. 1986) 790 F.2d 769, 774].  As

22  such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction

23  [Steel Co. v. Citizens for a Better Environment (1998) 523 U.S. 83, 94, 118 S. Ct. 1003, 1012].

24  Removal jurisdiction is governed by 28 U.S.C. §1441, et seq.  A state court action can only be

25  removed if it could have originally been brought in federal court [Caterpillar, Inc. v. Williams

26  (1987) 482 U.S. 386, 392, 107 S.Ct. 2425].

27

28
   _____
   MEMORANDUM OF POINTS AND AUTHORITIES IN
   SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS        Case No. 07-CV-0742 JAH(WMC)
                                1

1      (b)    **Defendant has the burden to establish removal is proper; removal statute**

2  **is strictly construed against removal**. The defendant has the burden of establishing that removal

3  is proper, supporting his jurisdictional allegations with competent proof [California ex rel. Lockyer

4  v. Dynegy, Inc. (9th Cir. 2004) 375 F.2d 831, 838; Miller v. Diamond Shamrock Co. (5th Cir. 2001)

5  275 F.3d 414, 417; Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566; and Nishimoto v.

6  Federaman-Bachrah & Assocs. (9th Cir. 1990) 903 F.2d 709, 712 fn 3]. District courts must construe

7  the removal statutes strictly against removal and resolve any uncertainty as to removability in favor

8  of remanding the case to state court [Boggs v. Lewis (9th Cir. 1988) 863 F.2d 662, 663; Gaus v.

9  Miles, Inc., *supra*, 980 F.2d at 566; and Shamrock Oil & Gas Corp. v. Sheets (1994) 313 U.S. 100,

10  108-109].

11      (c)    **Defendant must timely file notice of removal**. The defendant must file a

12  timely notice of removal [28 U.S.C. §1446(b)]. The notice of removal must be filed "within 30 days

13  after receipt by defendants, through service or otherwise, of a copy of an amended pleading, motion,

14  order or other paper from which it may be first ascertained that the case is one which is or has

15  become removable..." [*Id*]. The Ninth Circuit has determined that removability was first

16  "ascertained," for purposes of Section 1446(b), when "it became apparent" to the defendant that the

17  case had become removable [Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 689,

18  696].

19      (d)    **All defendants must consent to removal**. Where there are multiple

20  defendants in the action, the right to remove belongs to them jointly. Therefore, all defendants who

21  may properly join in the removal notice must join. If any of them refuses, the action cannot be

22  removed [Hewitt v. City of Stranton (9th Cir. 1986) 798 F.2d 1230, 1232 (upholding imposition of

23  sanctions for improper removal where not all defendants joined in the notice of removal) ; Doe v.

24  Kenwood (5th Cir. 1992) 969 F.2d 165, 168 (holding that in order for defendant to remove a case

25  under the general removal statute, defendant must obtain the consent of all co-defendants even if

26  those co-defendants would not themselves be entitled to remove the case); and Panino v. FHP, Inc.

27

28

1  (9th Cir. 1998) 146 F.3d 699, 703 (holding that "[a]ll defendants must join a notice of removal

2  (citation), and a proper notice must be filed within 30 days... (citation)").  All defendants on

3  removable claims, even supplemental parties, must join in the notice of removal since they are

4  parties to "one constitutional case" [Chicago, Rock Island & Pacific Ry. v. Martin (1900) 178 U.S.

5  245, 248, 20 S.Ct. 854, 855; and City of Chicago v. International College of Surgeons (1997) 522

6  U.S. 156, 165, 118 S.Ct. 523, 529-530 (holding that if state law claims are transactionally related

7  (i.e., supplemental) to the federal claim, there would have been original federal jurisdiction over the

8  entire action)].

9          (e)      **Removal from state appellate court is unclear**. While the Ninth Circuit has

10  recognized the authority of the Resolution Trust Corporation (the "RTC") to remove a case from a

11  state appellate court before judgment is final because the removal statute applicable to the RTC (12

12  USC §1441(a)(l)) is broad enough to confer this power [RTC v. Bayside Developers (9th Cir. 1995)

13  43 F.3d 1230, 1236; and RTC v. BVS Development, Inc. (9th Cir. 1994) 42 F.2d 1206, 1211],

14  whether the Ninth Circuit permits other defendants to remove while a case is on appeal is unclear

15  [see FDIC v. Letterman Bros. (9th Cir. 1992) 980 F.2d 1298, 1300 (holding that the removal statutes

16  "may imply that the case must still be pending in the state trial court, and not the appellate court, at

17  the time of removal")].

18      2.      **Mr. Love's Notice of Removal of Action was not timely filed**. As discussed above

19  and as Mr. Love recognizes, removal is possible only if the time for removal has not expired. Here,

20  Mr. Love represents "[t]he [state] appellate court's March 23, 2007 opinion gave [him] his first

21  notice that this is now a civil action for which this court has original jurisdiction under 28 U.S.C.

22  §1331" [Notice Of Removal[1] 2:25-27], that "*[t]he ground for removal of this action appeared for*

23  *the first time in the appellate court's opinion*" (emphasis in original) [NOR 2:12-13].  Mr. Love is

24  mistaken. The First Amended Complaint [the "FAC"] was served on Mr. Allen on April 25, 2005,

25  and included a Seventh Cause of Action for alleged Liability for Civil Rights Violation without

26

27      [1]Notice Of Removal herein "NOR."

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS          Case No. 07-CV-0742 JAH(WMC)
3

LOVE01261

1   reference to any federal or state statute [FAC p. 27, attached as Exhibit "1" to Defendant's NOR at

2   p. 51]. On May 25, 2005, Mr. Love filed a demurrer to the FAC, including to the Seventh Cause

3   of Action for Liability for Civil Rights Violation. In his demurrer, Mr. Love stated "[t]he Seventh

4   Cause of Action fails to state and cannot be amended to state a cause of action for alleged violation

5   of civil rights," citing to Jenkins v. MCI Telecommunications Corp. (C.D. CA 1997) 973 F.Supp.

6   1133, 1136, because plaintiff "has not alleged and cannot allege that Love was a state actor" [Mr.

7   Love's Memoranduom of Points and Authorities in Support of Demurrer p. 7, attached as Exhibit

8   "1" to Defendant's NOR at p. 169]. Jenkins is a case wherein the "[p]laintiff assert[ed] causes of

9   action for violations of his civil rights under 42 U.S.C. §1983..." [Id at 1136] [herein "Section

10   1983"]. Thus, it had become apparent to Mr. Love no later than May 25, 2005 that the Seventh

11   Cause of Action of the FAC included a federal claim under Section 1983. In his Opposition to Mr.

12   Love's demurrer, plaintiff focused on California Civil Code §52.1(b) as a basis for the violation of

13   civil rights claims [see Plaintiff's Memorandum of Points and Authorities in Opposition to Demurrer,

14   p. 9, attached as Exhibit "1" to Defendant's NOR at p. 186]. Then, during oral argument before the

15   state trial court on September 2, 2005, plaintiff addressed the Section 1983 basis (included along

16   with the California Civil Code §52.1(b) basis) for the claims alleged in the Seventh Cause of Action.

17   "THE COURT:  Let's go to the Seventh Cause of Action for civil
18   rights.

19   MR. ROGOZIENSKI:  In that cause of action, your Honor, I
     neglected to, to speak about the Dennis v. Sparks case. Dennis v.
20   Sparks is a Supreme Court case, the one that holds that co-conspirator
     is not immune. That is a civil rights case.

21   It is a civil rights case under 42 U.S.C. 1983. And what that
22   case additionally holds - - and this deals with the acting under color
     of state law issue, whether or not it exists in these circumstances; and
23   I'm reading from page 27, 28 of that case - - 'to act under color of
     state law for section 1983 purposes does not require that the
24   defendant be an officer of the state. It is enough that he is' willfully -
     - 'that he is a willful participant in joint action with the state or its
25   agents. Private persons jointly engaged with state firms in the
     challenged action are acting under color of law for purposes of
26   section 1983.'

27   So as to Mr. Love, you have that element satisfied in an action

28

---

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS                    Case No. 07-CV-0742 JAH(WMC)
4

LOVE01262

1    under Section 1983, the Federal Civil Rights Statute. That statute does not require, as the Unruh Statute does, the malicious intent and so forth" [RT: 21:4-26; attached as Exhibit "I" to Defendant's NOR at p. 312]."

Presumably, Mr. Love obtained a copy of the Reporter's Transcript no later than when he filed his Respondent's Brief in the California Court of Appeal on August 25, 2006. Mr. Love was further aware from Appellant's Opening Brief in the California Court of Appeal served on May 4, 2006, wherein it states under the heading "Liability For Civil Rights Violation (Plaintiff's Seventh Cause of Action)" that:

"Title 42 U.S.C. §1983 provides that:

'Every person who, under color of any statute, ordinance, regulations, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the Untied States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'

...

As to this cause of action, the trial court sustained the demurrer as against Mr. Love because "plaintiff has failed to allege any facts to support the allegation that Mr. Love engaged in any acts of threats, intimidation or coercion by way of state action" [AA II, 27, 451]. The trial court erred in so ruling.

In a civil rights action under 28 U.S.C. §1983, threats, intimidation or coercion are not required, and "under color of" state action is provided because private persons conspiring with a judge are acting under color of state law [Dennis v. Sparks, *supra* at 28-29 ("Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning of §1983...)]. "[A] private party involved in such a conspiracy [with a state official], even though not an official of the State, can be liable under §1983. 'Private persons, jointly engaged with state officials in the prohibited action, are acting under color' of law for purposes of the statute. To act 'under color' of law does not require the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents' (citations)" [Adickes v. S.H. Kress & Co. (1970) 398 U.S. 144, 152]. Here, it is alleged that Mr. Love conspired with Mr. Allen both in making the Gift to Mr. Allen and in continuing to pursue and obtain rulings and orders from Mr. Allen after the Gift had been accepted and Mr. Allen was thus disqualified from further acting as temporary judge in the Underlying Proceeding [see Section IIF "The Conspiracy Between Mr. Love and

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS
5

Case No. 07-CV-0742 JAH(WMC)

LOVE01263

1    Mr. Allen" *supra*].

2    ...

3    Plaintiff's complaint sufficiently alleges a civil rights violation
against Mr. Love" [Appellant's Opening Brief 46-49, attached as
4    Exhibit "2" at pp. 79-82].

5

6    Footnote 12 also states that "Plaintiff ... addressed 42 U.S.C. §1983 in oral argument [RT 21:4-26]"

7    [Appellant's Opening Brief p. 47, attached as Exhibit "2" to Defendant's NOR at p. 80].  In footnote

8    3 of his Respondent's Brief filed on August 25, 2006, Mr. Love acknowledged that plaintiff

9    "believes he has a claim under 42 U.S.C §1983" and sought to distinguish the Supreme Court's

10   holding in <u>Dennis v. Sparks</u> (1980) 449 U.S. 24, 28, 101 S.Ct. 183, that "'under color of 'state law

11   for §1983 does require the defendant be an officer of the State [and] it is enough that he is a willful

12   participant in joint action with the State or its agents" [Respondent's Brief, p. 20, attached as Exhibit

13   "2" to Defendant's NOR at p. 720].  And Mr. Love was also aware from Appellant's Reply Brief in

14   the California Court of Appeal served on October 16, 2006, wherein it states under the heading

15   "Liability For Civil Rights Violation (Plaintiff's Seventh Cause of Action)" that:

16   "... Appellant has clearly stated a civil rights action against Mr. Love
under 42 U.S.C. §1983..." [Appellant's Reply Brief, p. 8, attached as
17   Exhibit "2" to Defendant's NOR at p. 759].

18   Mr. Love did not file his Notice Of Removal Of Action until April 23, 2007, which is nearly 24

19   months after Mr. Love filed his demurrer to the FAC, more than 19 months after the oral argument,

20   nearly 12 months after he was served with Appellant's Opening Brief, and more than 6 months after

21   he was served with Appellant's Reply Brief.  In short, Mr. Love's Notice Of Removal was not timely

22   served.

23        **3.    <u>Not all defendants have joined in or consented to Mr. Love's removal</u>.**  As

24   discussed above and as Mr. Love seems to recognize, all defendants must join in or consent to the

25   notice of removal.   Here, Mr. Allen is a co-defendant in the state court action presently pending in

26   the Supreme Court of California (see discussion in paragraph 4, *infra*).  Mr. Allen has not joined in

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS          Case No. 07-CV-0742 JAH(WMC)
6

LOVE01264

1   or consented to Mr. Love's Notice Of Removal Of Action.  Mr. Love states that Mr. "Allen is not

2   joining the removal because the 42 U.S.C. §1983 claim is only against Love [and] [t]he appellate

3   court affirmed the trial court's order sustaining the demurrer as to Allen in its entirety and Allen is

4   no longer a party to the action" [NOR 3:20-22].  Mr. Love is mistaken.  The Seventh Cause of

5   Action of the FAC for alleged Violation of Civil Rights is against both him and Mr. Allen (see FAC

6   p.   , attached as Exhibit "I" to Defendant's NOR at p.     ), and Mr. Allen remains a party to the

7   action which is pending in the appellate court.

8       4.   **Removal from Supreme Court of California is uncertain**.  As discussed above,

9   even assuming, *arguendo*, that Mr. Love's Notice Of Removal Of Action was timely served (which

10  it was not) and properly joined in by all defendants (which it was not), it is unclear whether a state

11  court case can be removed while on appeal in the state courts.  Here, the state court case is pending

12  before the California Supreme Court, and that court has stated (after its receipt of a copy of Mr.

13  Love's Notice Of Removal Of Action) that it will process Plaintiff's petition for review in accordance

14  with its normal procedures and jurisdiction will revert to the state court of appeal after the Supreme

15  Court's decision on the petition for review is final [see copy of letter to counsel for Mr. Love from

16  the Court Administrator and Clerk of the Supreme Court of California dated May 11, 2007, lodged

17  herewith as Exhibit "1"[2]].

18      5.   **Sanctions**.  Federal Courts have authority under Rule 11 of the Federal Rules of Civil

19  Procedure and their inherent equitable power to assess attorney's fees as sanctions against a party

20  whose litigation conduct is found to be "vexatious" or in "bad faith" [Hewitt v. City of Stranton,

21  *supra*; Roadway Express, Inc. v. Piper (1980) 447 U.S. 752, 766-767, 100 S.Ct. 2455, 2464; and

22  Grinnel Brothers, Inc. v. Touche Ross & Co. (6th Cir. 1981) 655 F.2d 725, 727 (upholding award of

23  fees "in the interest of justice")].

24      Here, while it may be unclear whether the action can be removed from the Supreme Court

25  _____

26      [2]For completeness, a copy of a letter from Mr. Love's counsel to the Supreme Court of

27  California dated May 15, 2007 is lodged herewith as Exhibit "2".

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS                Case No. 07-CV-0742 JAH(WMC)
                                    7

1  of California (see Section 4, *supra*), there is no uncertainty that the notice of removal must have

2  been filed "within 30 days after the receipt by defendants, through service or otherwise, of a copy

3  of [a] ... motion ... or other paper from which it may first be ascertained that the case is one which

4  ... has become removable..." [42 U.S.C. §1446(b); <u>Harris v. Banker's Life & Casualty Co.</u>, *supra*,

5  425 F.3d at 696]. Here, Mr. Love misstates Mr. Allen's status as a co-defendant (see Section 3,

6  *supra*), and contrary to Mr. Love's representations in his Notice Of Removal Of Action that "[t]he

7  [state] appellate court's March 23, 2007 opinion gave [him] his first notice that this is now a civil

8  action for which this court has original jurisdiction under 28 U.S.C. §1331" [NOR 2:25-27] and that

9  "*[t]he ground for removal of this action appeared for the first time in the appellate court's opinion*"

10 (emphasis in original) [NOR 2:12-13], Mr. Love, in fact, was aware at the time he filed his demurrer,

11 and had been told in oral argument on his demurrer and in the transcript of that proceeding, had been

12 told in Appellant's Opening Brief and again in Appellant's Reply Brief (see Section 2, *supra*) that

13 the Seventh Cause of Action of the FAC included a federal claim based on 42 U.S.C. 1983.

14 Significantly, Mr. Love has not called to the Court's attention or discussed in his Notice Of Removal

15 Of Action any of these earlier pleadings and papers. Mr. Love's failure to discuss these material

16 facts of his earlier awareness, and his misstatement of Mr. Allen's status, which demonstrate the

17 impropriety of his removal, are evidence of bad faith, and justify an award of sanctions.

18     6.     **Conclusion**. For each of the reasons hereinabove set forth, the within case should

19 be remanded to the California state court and Mr. Love should be ordered to pay to Plaintiff

20 sanctions.

21                                Respectfully submitted,

22                                FRANK E. ROGOZIENSKI, INC.

23

24                                By:  /s/Frank E. Rogozienski
                                     Frank E. Rogozienski
25                                   Attorney for Plaintiff

26

27

28

LOVE01266

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870
5
6  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  FRANK E. ROGOZIENSKI,              )    Case No.  07-CV-0742 JAH(WMC)
                                       )
12                 Plaintiff,          )    CERTIFICATION OF EXHIBITS AND
                                       )    EXHIBITS LODGED IN SUPPORT OF
13         v.                          )    PLAINTIFF'S MOTION TO REMAND AND
                                       )    FOR SANCTIONS
14  JAMES D. ALLEN, S. MICHAEL LOVE    )
    and DOES 1 through 10, inclusive,  )    DATE: 07/26/2007
15                                     )    TIME: 3:00 p.m.
                   Defendants.         )    COURTROOM: 11
16                                     )    HON. JOHN A. HOUSTON
                                       )
17  _____)

18         I, FRANK E. ROGOZIENSKI, declare and state:

19         1.    I am an attorney at law duly admitted to practice before this court and am attorney for

20  Plaintiff herein.

21         2.    Exhibit "1" attached hereto is a true copy of a letter to Mr. Love's counsel from the

22  Court Administrator and Clerk of the Supreme Court of California dated May 11, 2007.

23         3.    Exhibit "2" attached hereto is a copy of a letter from Mr. Love's counsel to the

24  Supreme Court of California dated May 15, 2007.

25         4.    Plaintiff lodges in support of his Motion To Remand And For Sanctions referenced

26  ////

27

28  _____
    CERTIFICATION OF EXHIBITS AND EXHIBITS LODGED IN SUPPORT
    OF PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS         Case No. 07-CV-0742 JAH(WMC)

                                          1

in the accompanying Memorandum of Points and Authorities the following:

| **Exhibit** | **Description** |
|---|---|
| 1 | Letter dated May 11, 2007, from the Court Administrator and Clerk of the Supreme Court of California addressed to Mr. Love's counsel |
| 2 | Letter dated May 15, 2007, from Mr. Love's counsel to the Supreme Court of California |

Dated: May 22, 2007                           FRANK E. ROGOZIENSKI, INC.


By:   /s/ Frank E. Rogozienski
          Frank E. Rogozienski
          Attorney for Plaintiff

CERTIFICATION OF EXHIBITS AND EXHIBITS LODGED IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS        Case No. 07-CV-0742 JAH(WMC)

2

LOVE01268

# EXHIBIT "1"

LOVE01269

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

☒ SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000
—

☐ LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

May 11, 2007

Daniel M. White
White & Oliver
550 West C. Street, Stuite 950
San Diego, CA  92101

Re:  **S151974 Rogozienski v. Allen**

Dear White:

We acknowledge receipt of a copy of your Notice of Removal of Action, filed by defendant S. Michael Love apparently on April 23, 2007 in the U.S. District Court, Southern District of California.

That Notice states erroneously in paragraph 10 that the action remains within the jurisdiction of the California Fourth District Court of Appeal and is scheduled for remittitur on May 23, 2007.  Our records show that a petition for review was filed on May 2, 2007 by Frank E. Rogozienski, S151974, plaintiff and appellant and is currently pending with this court.  This court will process the petition for review in accordance with our normal procedures and jurisdiction will revert to the Fourth District Court of Appeal, Division 1, after our decision on the review petition is final.  The court is expected to decide this petition on or before July 31, 2007.  A copy of our decision will be mailed to you the same day it is filed.

Very truly yours,

FREDERICK K. OHLRICH
Court Administrator and
Clerk of the Supreme Court

By:  J. Pérez, Deputy Clerk

Cc:    Counsels
       CA4 Div.1,
       U.S. District Court

LOVE01270

# EXHIBIT "2"

LOVE01271

MAY 1 7 2007

BY:_____

LAW OFFICES OF

# WHITE & OLIVER

A PROFESSIONAL CORPORATION
550 WEST C STREET, SUITE 950
SAN DIEGO, CALIFORNIA 92101-3551
Telephone (619) 239-0300
Facsimile (619) 239-0344

STEVEN G. AMUNDSON
samundson@whiteoliver.com

MELODIE A. MCATEE
Administrator

May 15, 2007

Supreme Court of California
350 McAllister Street
San Francisco, CA 94102
**Attn: J. Perez, Deputy Clerk**

> Re:  *Rogozienski v. Allen, et al.*
> California Supreme Court Case No.: S151974
> United States District Court, Southern District of California,
> Case No.: 07CV0742 JAH LSP
> California Court of Appeal, Fourth District, Division One,
> Case No.: D047858
> Our File No.: 2146-004

Dear Deputy Clerk Perez:

Thank you for your letter of May 11, 2007. Thank you for discussing it with me on the phone. The Notice of Removal of Action which we filed on behalf of defendant S. Michael Love was filed on April 23, 2007 in the United States District Court, Southern District of California, Case No.: 07CV0742 JAH LSP. As will be discussed removal was automatic. The removal was effective immediately upon the filing of the notice of removal and accompanying documents, and federal jurisdiction to my understanding then became exclusive. Copies of the Notice of Removal, and the requisite accompanying documents, were simultaneously served on the California state court at all levels, including the California Supreme Court. This was done to place the state courts on actual notice that they no longer had jurisdiction to proceed.

At the time the notice of removal was filed and as stated in the Notice, the action was still pending before the California Court of Appeal, Fourth District, Division One. Appellant Frank Rogozienski had not yet filed any petition for review to the California Supreme Court. Therefore I believe it was accurate for us to represent at the time that the action was pending before the California Court of Appeal, Fourth District, Division One.

We are in a procedural and jurisdictional posture which I have never previously encountered. We believed, however, that it was necessary in order to protect our client's interest in and right to file a notice of removal that we proceed as we did. It is my understanding that the removal was effected immediately, and automatically by the filing of the Notice and requisite documents. 28 U.S.C. 1446(e). In other words, the U.S. District Court need not act on or take any affirmative action to rule on the Notice of Removal, for jurisdiction to be removed to the

LOVE01272

# WHITE & OLIVER

Supreme Court of California
**Attn: J. Perez, Deputy Clerk**
**Re:**    *Rogozienski v. Allen, et al.*
May 15, 2007
Page 2

federal court. My understanding on that point is contrary to what you explained to me was told to you. It is also my understanding that the state court at any level is without power to proceed further unless and until there is a remand. 28 U.S.C. section 1447(d). There has been no activity of that nature taken in the United States District Court, and there has been no remand.

Therefore I respectfully submit that the state courts are without jurisdiction to proceed further at this time. Any action taken by the state court may be void.

Respectfully,

WHITE & OLIVER

Steven G. Amundson

SGA:pc

cc:    Frank E. Rogozienski, Esq. ✓
       Donald A. English, Esq.
       S. Michael Love, Esq.
       Daniel M. White, Esq.
       U.S. District Court
       California Court of Appeal

FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

FRANK E. ROGOZIENSKI,          )    CASE NO. 07 CV 0742 JAH(WMC)
                               )
            Plaintiff,         )    PROOF OF SERVICE
                               )
v.                             )
                               )
JAMES D. ALLEN, S. MICHAEL     )
LOVE, and DOES 1 through 10,   )
inclusive,                     )
                               )
            Defendants.        )
_____)

     I, the undersigned, certify and declare that I am a citizen of the
United States, over the age of 18 years, employed in the County of San
Diego, State of California, at the above address and not a party to the
above entitled cause.  On May 22, 2007, I caused to be served by United
States First Class Mail postage prepaid, a copy of the attached:

     1.   NOTICE OF MOTION AND MOTION TO REMAND AND FOR SANCTIONS;
     2.   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
          TO REMAND AND FOR SANCTIONS; AND
     3.   CERTIFICATION OF EXHIBITS AND EXHIBITS LODGED IN SUPPORT OF
          PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

as follows:

DONALD A. ENGLISH, ESQ.              DANIEL M. WHITE, ESQ.
ENGLISH & GLOVEN                     WHITE & OLIVER
550 West "C" St., No. 1800           550 West "C" Street, No. 950
San Diego, CA 92101                  San Diego, CA 92101

/ / / /

/ / / /

_____
Proof of Service                  1          07-CV-0742 JAH(WMC)

LOVE01274

1

SAN DIEGO SUPERIOR COURT                CALIFORNIA COURT OF APPEAL

2 COUNTY OF SAN DIEGO                    FOURTH APPELL. DIST., DIV ONE

330 W. Broadway                         750 "B" Street, Room 300

3 San Diego, CA 92101                    San Diego, CA 92101

4 SUPREME COURT OF CALIFORNIA

350 McAllister Street

5 San Francisco, CA 94102

6 Executed on: May 22, 2007

7      I declare under penalty of perjury under the laws of the State of

California that the above is true and correct.

8

9                              Sherryl M. Bolinger

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Proof of Service                        2                 07-CV-0742 JAH(WMC)

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870
5
6  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
7
8                    UNITED STATES DISTRICT COURT
9                  SOUTHERN DISTRICT OF CALIFORNIA
10
11 FRANK E. ROGOZIENSKI,              )    Case No. 07-CV-0742 JAH(WMC)
                                      )
12              Plaintiff,            )    AMENDED NOTICE OF MOTION AND
                                      )    MOTION TO REMAND AND FOR
13       v.                           )    SANCTIONS
                                      )
14 JAMES D. ALLEN, S. MICHAEL LOVE    )    DATE: 07/26/2007
   and DOES 1 through 10, inclusive,  )    TIME: 3:00 p.m.
15                                    )    COURTROOM: 11
                Defendants.           )    HON. JOHN A. HOUSTON
16                                    )
                                      )
17 _____   )

18       TO DEFENDANTS, S. MICHAEL LOVE and JAMES D. ALLEN and their attorneys of

19 record:

20       PLEASE TAKE NOTICE that on July 26, 2007, at 3:00 p.m., or as soon thereafter as the

21 matter may be considered by the Court, located at 940 Front Street, San Diego, CA 92101, in

22 Courtroom 11, Plaintiff will, and hereby does, move the Court for a Motion To Remand this matter

23 to the California state courts. This motion is made on the grounds, each and all, that:

24       1.      Defendant's Notice of removal was not filed within 30 days after receipt by

25 Defendant of a copy of the order or other paper from which it could first be ascertained the case was

26 then one which is or had become removable under 28 USC 1446(b);

27

28

AMENDED NOTICE OF MOTION AND MOTION TO REMAND        Case No. 07-CV-0742 JAH(WMC)

                                    1

LOVE01276

1      2.      Not all Defendants have joined in or consented to the removal; and

2      3.      Removal from the California appellate courts is unclear.

3      Plaintiff further requests an award of sanctions on the grounds Mr. Love's Notice Of Removal is

4      frivolous and interposed in bad faith and for purposes of delay.

5      This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

6      Authorities and the Certification Of Exhibits and Exhibits filed concurrently herewith, the pleadings

7      on file herein, and such other and further matters as may be presented to the Court.

8      Dated: May 29, 2007                    FRANK E. ROGOZIENSKI, INC.

9

10                              By:_____/s/Frank E. Rogozienski_____

11                                  Frank E. Rogozienski
                                      Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF MOTION AND MOTION TO REMAND      Case No. 07-CV-0742 JAH(WMC)

2

LOVE01277

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870

5

6  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8  UNITED STATES DISTRICT COURT

9  SOUTHERN DISTRICT OF CALIFORNIA

10

11  FRANK E. ROGOZIENSKI,      )    Case No. 07-CV-0742 JAH(WMC)
                           )
12           Plaintiff,      )    AMENDED MEMORANDUM OF POINTS
                           )    AND AUTHORITIES IN SUPPORT OF
13          v.           )    MOTION TO REMAND AND FOR
                           )    SANCTIONS
14  JAMES D. ALLEN, S. MICHAEL LOVE )
   and DOES 1 through 10, inclusive,    )    DATE: 07/26/2007
15                             )    TIME: 3:00 p.m.
         Defendants.    )    COURTROOM: 11
16                             )    HON. JOHN A. HOUSTON
   _____)

17

18  **MOTION TO REMAND**

19  I.    **Legal Standards**.

20        (a)    **Federal court has limited jurisdiction**. The federal court is one of limited

21  jurisdiction [see Gould v. Mutual Life Ins. Co. v. New York (9th Cir. 1986) 790 F.2d 769, 774]. As

22  such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction

23  [Steel Co. v. Citizens for a Better Environment (1998) 523 U.S. 83, 94, 118 S. Ct. 1003, 1012].

24  Removal jurisdiction is governed by 28 U.S.C. §1441, et seq.  A state court action can only be

25  removed if it could have originally been brought in federal court [Caterpillar, Inc. v. Williams

26  (1987) 482 U.S. 386, 392, 107 S.Ct. 2425].

27

28

LOVE01278

1       (b)    **Defendant has the burden to establish removal is proper; removal statute**

2 **is strictly construed against removal**.  The defendant has the burden of establishing that removal

3 is proper, supporting his jurisdictional allegations with competent proof [California ex rel. Lockyer

4 v. Dynegy, Inc. (9th Cir. 2004) 375 F.2d 831, 838; Miller v. Diamond Shamrock Co. (5th Cir. 2001)

5 275 F.3d 414, 417; Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566; and Nishimoto v.

6 Federaman-Bachrah & Assocs. (9th Cir. 1990) 903 F.2d 709, 712 fn 3].  District courts must construe

7 the removal statutes strictly against removal and resolve any uncertainty as to removability in favor

8 of remanding the case to state court [Boggs v. Lewis (9th Cir. 1988) 863 F.2d 662, 663; Gaus v.

9 Miles, Inc., *supra*, 980 F.2d at 566; and Shamrock Oil & Gas Corp. v. Sheets (1994) 313 U.S. 100,

10 108-109].

11       (c)    **Defendant must timely file notice of removal**.  The defendant must file a

12 timely notice of removal [28 U.S.C. §1446(b)].  The notice of removal must be filed "within 30 days

13 after receipt by defendants, through service or otherwise, of a copy of an amended pleading, motion,

14 order or other paper from which it may be first ascertained that the case is one which is or has

15 become removable..." [*Id*].   The Ninth Circuit has determined that removability was first

16 "ascertained," for purposes of Section 1446(b), when "it became apparent" to the defendant that the

17 case had become removable [Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 689,

18 696].

19       (d)    **All defendants must consent to removal**.   Where there are multiple

20 defendants in the action, the right to remove belongs to them jointly.  Therefore, all defendants who

21 may properly join in the removal notice must join.  If any of them refuses, the action cannot be

22 removed [Hewitt v. City of Stranton (9th Cir. 1986) 798 F.2d 1230, 1232 (upholding imposition of

23 sanctions for improper removal where not all defendants joined in the notice of removal) ; Doe v.

24 Kenwood (5th Cir. 1992) 969 F.2d 165, 168 (holding that in order for defendant to remove a case

25 under the general removal statute, defendant must obtain the consent of all co-defendants even if

26 those co-defendants would not themselves be entitled to remove the case); and Panino v. FHP, Inc.

27

28

LOVE01279

1   (9th Cir. 1998) 146 F.3d 699, 703 (holding that "[a]ll defendants must join a notice of removal

2   (citation), and a proper notice must be filed within 30 days... (citation)"). All defendants on

3   removable claims, even supplemental parties, must join in the notice of removal since they are

4   parties to "one constitutional case" [Chicago, Rock Island & Pacific Ry. v. Martin (1900) 178 U.S.

5   245, 248, 20 S.Ct. 854, 855; and City of Chicago v. International College of Surgeons (1997) 522

6   U.S. 156, 165, 118 S.Ct. 523, 529-530 (holding that if state law claims are transactionally related

7   (i.e., supplemental) to the federal claim, there would have been original federal jurisdiction over the

8   entire action)].

9         (e)    **Removal from state appellate court is unclear**. While the Ninth Circuit has

10   recognized the authority of the Resolution Trust Corporation (the "RTC") to remove a case from a

11   state appellate court before judgment is final because the removal statute applicable to the RTC (12

12   USC §1441(a)(l)) is broad enough to confer this power [RTC v. Bayside Developers (9th Cir. 1995)

13   43 F.3d 1230, 1236; and RTC v. BVS Development, Inc. (9th Cir. 1994) 42 F.2d 1206, 1211],

14   whether the Ninth Circuit permits other defendants to remove while a case is on appeal is unclear

15   [see FDIC v. Letterman Bros. (9th Cir. 1992) 980 F.2d 1298, 1300 (holding that the removal statutes

16   "may imply that the case must still be pending in the state trial court, and not the appellate court, at

17   the time of removal")].

18      2.    **Mr. Love's Notice of Removal of Action was not timely filed**. As discussed above

19   and as Mr. Love recognizes, removal is possible only if the time for removal has not expired. Here,

20   Mr. Love represents "[t]he [state] appellate court's March 23, 2007 opinion gave [him] his first

21   notice that this is now a civil action for which this court has original jurisdiction under 28 U.S.C.

22   §1331" [Notice Of Removal[1] 2:25-27], that "*[t]he ground for removal of this action appeared for*

23   *the first time in the appellate court's opinion*" (emphasis in original) [NOR 2:12-13]. Mr. Love is

24   mistaken. The First Amended Complaint [the "FAC"] was served on Mr. Allen on April 25, 2005,

25   and included a Seventh Cause of Action for alleged Liability for Civil Rights Violation without

26

27      [1]Notice Of Removal herein "NOR."

28

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS      Case No. 07-CV-0742 JAH(WMC)
3

1    reference to any federal or state statute [FAC p. 27, attached as Exhibit "1" to Defendant's NOR at

2    p. 51]. On May 25, 2005, Mr. Love filed a demurrer to the FAC, including to the Seventh Cause

3    of Action for Liability for Civil Rights Violation. In his demurrer, Mr. Love stated "[t]he Seventh

4    Cause of Action fails to state and cannot be amended to state a cause of action for alleged violation

5    of civil rights," citing to <u>Jenkins v. MCI Telecommunications Corp.</u> (C.D. CA 1997) 973 F.Supp.

6    1133, 1136, because plaintiff "has not alleged and cannot allege that Love was a state actor" [Mr.

7    Love's Memoranduom of Points and Authorities in Support of Demurrer p. 7, attached as Exhibit

8    "1" to Defendant's NOR at p. 169]. <u>Jenkins</u> is a case wherein the "[p]laintiff assert[ed] causes of

9    action for violations of his civil rights under 42 U.S.C. §1983..." [<i>Id</i> at 1136] [herein "Section

10    1983"]. Thus, it had become apparent to Mr. Love no later than May 25, 2005 that the Seventh

11    Cause of Action of the FAC included a federal claim under Section 1983. In his Opposition to Mr.

12    Love's demurrer, plaintiff focused on California Civil Code §52.1(b) as a basis for the violation of

13    civil rights claims [see Plaintiff's Memorandum of Points and Authorities in Opposition to Demurrer,

14    p. 9, attached as Exhibit "1" to Defendant's NOR at p. 186]. Then, during oral argument before the

15    state trial court on September 2, 2005, plaintiff addressed the Section 1983 basis (included along

16    with the California Civil Code §52.1(b) basis) for the claims alleged in the Seventh Cause of Action.

17

> "THE COURT: Let's go to the Seventh Cause of Action for civil rights.

18

19

> MR. ROGOZIENSKI: In that cause of action, your Honor, I neglected to, to speak about the <u>Dennis v. Sparks</u> case. <u>Dennis v. Sparks</u> is a Supreme Court case, the one that holds that co-conspirator is not immune. That is a civil rights case.

20

21

> It is a civil rights case under 42 U.S.C. 1983. And what that case additionally holds - - and this deals with the acting under color of state law issue, whether or not it exists in these circumstances; and I'm reading from page 27, 28 of that case - - 'to act under color of state law for section 1983 purposes does not require that the defendant be an officer of the state. It is enough that he is' willfully - - 'that he is a willful participant in joint action with the state or its agents. Private persons jointly engaged with state firms in the challenged action are acting under color of law for purposes of section 1983.'

22

23

24

25

26

27

> So as to Mr. Love, you have that element satisfied in an action

28

---

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS

4

Case No. 07-CV-0742 JAH(WMC)

LOVE01281

1    under Section 1983, the Federal Civil Rights Statute. That statute
     does not require, as the Unruh Statute does, the malicious intent and
2    so forth" [RT: 21:4-26; attached as Exhibit "1" to Defendant's NOR
     at p. 312]."
3

Presumably, Mr. Love obtained a copy of the Reporter's Transcript no later than when he filed his
4
Respondent's Brief in the California Court of Appeal on August 25, 2006. Mr. Love was further
5
aware from Appellant's Opening Brief in the California Court of Appeal served on May 4, 2006,
6
wherein it states under the heading "Liability For Civil Rights Violation (Plaintiff's Seventh Cause
7
of Action)" that:
8
     "Title 42 U.S.C. §1983 provides that:
9
     'Every person who, under color of any statute, ordinance,
10   regulations, custom, or usage, of any State or Territory, subjects, or
     causes to be subjected, any citizen of the Untied States or other
11   person within the jurisdiction thereof to the deprivation of any rights,
     privileges, or immunities secured by the Constitution and laws, shall
12   be liable to the party injured in an action at law, suit in equity, or
     other proper proceeding for redress.'
13
     ...
14
     As to this cause of action, the trial court sustained the demurrer as
15   against Mr. Love because "plaintiff has failed to allege any facts to
     support the allegation that Mr. Love engaged in any acts of threats,
16   intimidation or coercion by way of state action" [AA II, 27, 451].
     The trial court erred in so ruling.
17
     In a civil rights action under 28 U.S.C. §1983, threats, intimidation
18   or coercion are not required, and "under color of" state action is
     provided because private persons conspiring with a judge are acting
19   under color of state law [Dennis v. Sparks, supra at 28-29 ("Private
     parties who corruptly conspire with a judge in connection with such
20   conduct are thus acting under color of state law within the meaning
     of §1983...)]. "[A] private party involved in such a conspiracy [with
21   a state official], even though not an official of the State, can be liable
     under §1983. 'Private persons, jointly engaged with state officials in
22   the prohibited action, are acting under color' of law for purposes of
     the statute. To act 'under color' of law does not require the accused
23   be an officer of the State. It is enough that he is a willful participant
     in joint activity with the State or its agents' (citations)" [Adickes v.
24   S.H. Kress & Co. (1970) 398 U.S. 144, 152]. Here, it is alleged that
     Mr. Love conspired with Mr. Allen both in making the Gift to Mr.
25   Allen and in continuing to pursue and obtain rulings and orders from
     Mr. Allen after the Gift had been accepted and Mr. Allen was thus
26   disqualified from further acting as temporary judge in the Underlying
     Proceeding [see Section IIF "The Conspiracy Between Mr. Love and
27

28

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS          Case No. 07-CV-0742 JAH(WMC)
                            5

LOVE01282

1        Mr. Allen" *supra*].

2        ...

3        Plaintiff's complaint sufficiently alleges a civil rights violation against Mr. Love" [Appellant's Opening Brief 46-49, attached as

4        Exhibit "2" at pp. 79-82].

5

6  Footnote 12 also states that "Plaintiff... addressed 42 U.S.C. §1983 in oral argument [RT 21:4-26]"

7  [Appellant's Opening Brief p. 47, attached as Exhibit "2" to Defendant's NOR at p. 80]. In footnote

8  3 of his Respondent's Brief filed on August 25, 2006, Mr. Love acknowledged that plaintiff

9  "believes he has a claim under 42 U.S.C §1983" and sought to distinguish the Supreme Court's

10  holding in <u>Dennis v. Sparks</u> (1980) 449 U.S. 24, 28, 101 S.Ct. 183, that "'under color of 'state law

11  for §1983 does require the defendant be an officer of the State [and] it is enough that he is a willful

12  participant in joint action with the State or its agents" [Respondent's Brief, p. 20, attached as Exhibit

13  "2" to Defendant's NOR at p. 720]. And Mr. Love was also aware from Appellant's Reply Brief in

14  the California Court of Appeal served on October 16, 2006, wherein it states under the heading

15  "Liability For Civil Rights Violation (Plaintiff's Seventh Cause of Action)" that:

16        "... Appellant has clearly stated a civil rights action against Mr. Love under 42 U.S.C. §1983..." [Appellant's Reply Brief, p. 8, attached as

17        Exhibit "2" to Defendant's NOR at p. 759].

18  Mr. Love did not file his Notice Of Removal Of Action until April 23, 2007, which is nearly 24

19  months after Mr. Love filed his demurrer to the FAC, more than 19 months after the oral argument,

20  nearly 12 months after he was served with Appellant's Opening Brief, and more than 6 months after

21  he was served with Appellant's Reply Brief. In short, Mr. Love's Notice Of Removal was not timely

22  served.

23        **3.**    **Not all defendants have joined in or consented to Mr. Love's removal.**  As

24  discussed above and as Mr. Love seems to recognize, all defendants must join in or consent to the

25  notice of removal.  Here, Mr. Allen is a co-defendant in the state court action presently pending in

26  the Supreme Court of California (see discussion in paragraph 4, *infra*). Mr. Allen has not joined in

27

28

---

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS          Case No. 07-CV-0742 JAH(WMC)
6

LOVE01283

1  or consented to Mr. Love's Notice Of Removal Of Action. Mr. Love states that Mr. "Allen is not

2  joining the removal because the 42 U.S.C. §1983 claim is only against Love [and] [t]he appellate

3  court affirmed the trial court's order sustaining the demurrer as to Allen in its entirety and Allen is

4  no longer a party to the action" [NOR 3:20-22]. Mr. Love is mistaken. The Seventh Cause of

5  Action of the FAC for alleged Violation of Civil Rights is against both him and Mr. Allen (see FAC

6  p. 27, attached as Exhibit "1" to Defendant's NOR at p. 51), and Mr. Allen remains a party to the

7  action which is pending in the appellate court.

8      4.    **Removal from Supreme Court of California is uncertain**. As discussed above,

9  even assuming, *arguendo*, that Mr. Love's Notice Of Removal Of Action was timely served (which

10  it was not) and properly joined in by all defendants (which it was not), it is unclear whether a state

11  court case can be removed while on appeal in the state courts. Here, the state court case is pending

12  before the California Supreme Court, and that court has stated (after its receipt of a copy of Mr.

13  Love's Notice Of Removal Of Action) that it will process Plaintiff's petition for review in accordance

14  with its normal procedures and jurisdiction will revert to the state court of appeal after the Supreme

15  Court's decision on the petition for review is final [see copy of letter to counsel for Mr. Love from

16  the Court Administrator and Clerk of the Supreme Court of California dated May 11, 2007, lodged

17  herewith as Exhibit "1"[2]].

18      5.    **Sanctions**. Federal Courts have authority under Rule 11 of the Federal Rules of Civil

19  Procedure and their inherent equitable power to assess attorney's fees as sanctions against a party

20  whose litigation conduct is found to be "vexatious" or in "bad faith" [Hewitt v. City of Stranton,

21  *supra*; Roadway Express, Inc. v. Piper (1980) 447 U.S. 752, 766-767, 100 S.Ct. 2455, 2464; and

22  Grinnel Brothers, Inc. v. Touche Ross & Co. (6th Cir. 1981) 655 F.2d 725, 727 (upholding award of

23  fees "in the interest of justice")].

24      Here, while it may be unclear whether the action can be removed from the Supreme Court

25

26      [2]For completeness, a copy of a letter from Mr. Love's counsel to the Supreme Court of

27  California dated May 15, 2007 is lodged herewith as Exhibit "2".

28

LOVE01284

1  of California (see Section 4, *supra*), there is no uncertainty that all defendants must join in the notice

2  of removal, and the notice of removal must have been filed "within 30 days after the receipt by

3  defendants, through service or otherwise, of a copy of [a] ... motion ... or other paper from which

4  it may first be ascertained that the case is one which ... has become removable..." [42 U.S.C.

5  §1446(b); Harris v. Banker's Life & Casualty Co., *supra*, 425 F.3d at 696]. Here, Mr. Love

6  misstates Mr. Allen's status as a co-defendant (see Section 3, *supra*), and contrary to Mr. Love's

7  representations in his Notice Of Removal Of Action that "[t]he [state] appellate court's March 23,

8  2007 opinion gave [him] his first notice that this is now a civil action for which this court has

9  original jurisdiction under 28 U.S.C. §1331" [NOR 2:25-27] and that "*[t]he ground for removal of*

10  *this action appeared for the first time in the appellate court's opinion*" (emphasis in original) [NOR

11  2:12-13], Mr. Love, in fact, was aware at the time he filed his demurrer, and had been told in oral

12  argument on his demurrer and in the transcript of that proceeding, had been told in Appellant's

13  Opening Brief and again in Appellant's Reply Brief (see Section 2, *supra*) that the Seventh Cause

14  of Action of the FAC included a federal claim based on 42 U.S.C. 1983. Significantly, Mr. Love

15  has not called to the Court's attention or discussed in his Notice Of Removal Of Action any of these

16  earlier pleadings and papers. Mr. Love's failure to discuss these material facts of his earlier

17  awareness, and his misstatement of Mr. Allen's status, which demonstrate the impropriety of his

18  removal, are evidence of bad faith, and justify an award of sanctions.

19      6.  **Conclusion**. For each of the reasons hereinabove set forth, the within case should

20  be remanded to the California state court and Mr. Love should be ordered to pay to Plaintiff

21  sanctions.

22                          Respectfully submitted,

23                          FRANK E. ROGOZIENSKI, INC.

24

25                          By:  /s/Frank E. Rogozienski
26                               Frank E. Rogozienski
                                 Attorney for Plaintiff
27

28

LOVE01285

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS          Case No. 07-CV-0742 JAH(WMC)
9

LOVE01286

1
FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
2   FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
3   Attorneys at Law
1660 Union Street, Third Floor
4   San Diego, CA 92101
Telephone: (619)237-1878
5   Facsimile: (619)237-1870

6   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8                  UNITED STATES DISTRICT COURT

9           FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
FRANK E. ROGOZIENSKI,     )  CASE NO. 07 CV 0742 JAH(WMC)
11                   )
        Plaintiff,     )  PROOF OF SERVICE
12   v.                    )
                  )
13   JAMES D. ALLEN, S. MICHAEL  )
LOVE, and DOES 1 through 10,  )
14   inclusive,           )
                  )
15         Defendants.   )
                  )
16

17      I, the undersigned, certify and declare that I am a citizen of the
United States, over the age of 18 years, employed in the County of San
18   Diego, State of California, at the above address and not a party to the
above entitled cause. On May 22, 2007, I caused to be served by United
19   States First Class Mail postage prepaid, a copy of the attached:

20       1.   AMENDED NOTICE OF MOTION AND MOTION TO REMAND AND FOR
          SANCTIONS; AND
21       2.   AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
          MOTION TO REMAND AND FOR SANCTIONS.
22

23   as follows:

24   DONALD A. ENGLISH, ESQ.       DANIEL M. WHITE, ESQ.
ENGLISH & GLOVEN          WHITE & OLIVER
25   550 West "C" St., No. 1800    550 West "C" Street, No. 950
San Diego, CA 92101         San Diego, CA 92101
26

/ / / /
27
/ / / /

28

---

Proof of Service           1         07-CV-0742 JAH(WMC)

LOVE01287

1

2  SAN DIEGO SUPERIOR COURT          CALIFORNIA COURT OF APPEAL
   COUNTY OF SAN DIEGO               FOURTH APPELL. DIST., DIV ONE
3  330 W. Broadway                   750 "B" Street, Room 300
   San Diego, CA 92101               San Diego, CA 92101

4  SUPREME COURT OF CALIFORNIA
   350 McAllister Street
5  San Francisco, CA 94102

6  Executed on: May 29, 2007

7      I declare under penalty of perjury under the laws of the State of
   California that the above is true and correct.

8

9                                    Sherryl M. Bolinger

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____

Proof of Service                    2          07-CV-0742 JAH(WMC)

LOVE01288

1   Daniel M. White (SBN# 068011)
    Steven G. Amundson (SBN# 073501 )
2   Linda J. Sinclair (SBN# 144748)
    WHITE & OLIVER
3   A Professional Corporation
    550 West C Street, Suite 950
4   San Diego, California 92101
    Telephone: (619) 239-0300
5   Facsimile: (619) 239-0344

6   Attorneys for Defendant
    S. Michael Love

7

8           UNITED STATES DISTRICT COURT

9        SOUTHERN DISTRICT OF CALIFORNIA

10   FRANK E. ROGOZIENSKI,         )   Case No. 07-CV-0742-JAH-LSP

11        Plaintiff,          )   **OPPOSITION OF DEFENDANT S.**

12         v.               )   **MICHAEL LOVE TO**
                          )   **PLAINTIFF'S MOTION TO**

13   JAMES D. ALLEN, S. MICHAEL LOVE, and   )   **REMAND AND FOR SANCTIONS**
    DOES 1 through 10, inclusive,        )

14                         )   Date:   July 26, 2007
           Defendants.        )   Time:   3:00 p.m.

15   _____ )   Courtroom:   11
                          )   Hon. John A. Houston

16

17

18

19

20

21

22

23

24

25

26

27

28

WHITE & OLIVER
A Professional Corporation

*Rogozienski v. Love*       Case No: 07-CV-0742     OPPOSITION TO MOTION TO REMAND

77843.1

LOVE01289

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   A.   Brief background of underlying action . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

   B.   Summary of facts regarding the action now before
      this court . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      1.   The four corners of Rogozienski's pleadings did not
         state a basis for removal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

      2.   The four corners of Rogozienski's appellate briefs did not
         state a basis for removal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III. ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   A.   This action was properly removed. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

   B.   The notice of removal was timely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   C.   No other defendant is a party to this action so there is no other
      defendant whose consent to removal is required. . . . . . . . . . . . . . . . . . . . . . 7

   D.   The California Supreme Court has stricken Rogozienski's petition
      for review and closed the Court's file. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

   E.   Love removed when he did to avoid any potential waiver of his
      removal rights given the uncertainty of the law. . . . . . . . . . . . . . . . . . . . . . 8

   F.   Love had an objectively reasonable basis for removal; there are
      no grounds to support imposition of sanctions against him. . . . . . . . . . . . . 11

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

WHITE & OLIVER
A Professional Corporation

i

77843.1

LOVE01290

1

## TABLE OF AUTHORITIES

2 **Cases**

3 *Caterpillar Inc. v. Williams*        **Page(s)**
    482 U.S. 386 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
4

*Durham v. Lockheed Martin Corp.*
5     445 F.3d 1247 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

6 *Federal Deposit Ins. Corp. v. Letterman Bros.*
    980 F.2d 1298 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10
7

*Harris v. Bankers Life and Casualty Co.*
8     425 F.3d 689 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

9 *Libhart v. Santa Monica Dairy Co.*
    592 F.2d 1062 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
10

*Martin v. Franklin Capital Corp.*
11     546 U.S. 132, 126 S.Ct. 704 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

12 *In the Matter of Meyerland Co. v. Federal Deposit Ins. Corp.*
    960 F.2d 512 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
13

*Resolution Trust Corp. v. BVS Development*
14     42 F.3d (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

15 *Rivet v. Regions Bank of Louisiana*
    522 U.S. 470 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
16

*Taylor v. Anderson*
17     234 U.S. 74 (1914) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

18 **United States Code Sections**

19 12 U.S.C. § 1441a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

20 12 U.S.C. § 1819(b)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 10

21 28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

22 28 U.S.C. § 1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

23 28 U.S.C. § 1446(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

24 28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

25 29 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

26 42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-3, 5-7, 11

27

28

WHITE & OLIVER
A Professional Corporation

77843.1

*Rogozienski v. Love*    Case No:  07-CV-0742    OPPOSITION TO MOTION TO REMAND

LOVE01291

1 | **California Statutes**

2 | Civil Code § 52.1 ........................................................... 1,4

3 | Civil Code § 52.1(b). ........................................................ 3,6

4 | **Treatises**

5 | Schwartzer, Tashima & Wagstaff
     CAL. PRAC. GUIDE; FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007) ..... 8, 10

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WHITE & OLIVER
A Professional Corporation

77843.1

*Rogozienski v. Love*          Case No: 07-CV-0742          OPPOSITION TO MOTION TO REMAND

LOVE01292

# I.

# INTRODUCTION

Frank Rogozienski ("Rogozienski") was and is the master of his complaint. He chose to include a vague civil rights violation ("CRV") cause of action in his complaint. He chose to tell the state trial court that his CRV claim was based on California Civil Code section 52.1 ("Section 52.1"). He chose to specifically deny to the state trial court that his CRV claim was based on 42 U.S.C. Section 1983 ("Section 1983").

While Rogozienski may have alluded to a Section 1983 basis for his CRV claim during oral argument on demurrers to his complaint, and during the appellate process after the state trial court dismissed his action in its entirety, Rogozienski *never* unequivocally stated within the four corners of any applicable pleading that he was in fact alleging that his CRV claim was based, in part or in whole, on Section 1983.

The first notice that Rogozienski was pursuing a Section 1983 claim against Love came when the state appellate court issued an opinion in which it assumed that Rogozienski "apparently . . . meant" his CRV claim to be based on both Section 1983 and Section 52.1. Until that date, there was no pleading, motion, order or other paper from which Love could ascertain from the face of the document that removal was proper. Love filed his notice of removal within 30 days of that date.

Rogozienski's own actions and inactions were the sole cause of removability being unascertainable until the date of the appellate court opinion. His motion must be denied.

# II.

# STATEMENT OF FACTS

A. **Brief background of underlying action**

The parties in this matter are all attorneys. The action presently before this court arose from a separate state court case: Rogozienski's bitterly contested dissolution of marriage, in which Michael Love ("Love") represented Rogozienski's estranged wife, and James Allen ("Allen") was, by agreement of the Rogozienskis and their counsel, appointed to serve as temporary judge.

WHITE & OLIVER
A Professional Corporation

1

**B.     Summary of facts regarding the action now before this court**

**1.     The four corners of Rogozienski's pleadings did not state a basis for removal.**

While the dissolution remained pending, Rogozienski separately sued Love and Allen in state court, alleging multiple causes of action related to certain of Love's and Allen's acts in the dissolution proceeding.  The complaint and first amended complaint ("FAC") included the vague and unspecified CRV claim.  Perhaps as a matter of artful pleading to avoid the possibility of removal to federal court, Rogozienski did not reference Section 1983 as a statutory basis for his CRV claim in either version of his complaint:

> Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of rights to a fair trial secured by the Constitution and laws of the United States and of the State of California.

Ex. 1[1], 19:7-10 (the original complaint).

> Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of Plaintiff's rights to a fair trial secured by the Constitution and laws of the United States and of the State of California.  This right to a fair trial includes a trial free from actions and conduct which disqualify the trial judge and a trial where doubts are not raised concerning the trial judge's impartiality.

Ex. 1, 51:11-17 (the FAC).

Both Love and Allen demurred to the FAC on all causes of action.  Since the CRV claim did not state or indicate whether Rogozienski intended to proceed under Section 52.1 or Section 1983 (statutes that have very different requirements), or some other statute, and Rogozienski did not include certain allegations required by Section 52.1, Love speculated in his demurrer that Rogozienski might be trying to allege a Section 1983 claim. Ex. 1, 169:15-20.  Rogozienski was quick to point out that Love was wrong about the basis of the CRV claim.  In his opposition to the demurrer, Rogozienski said:

///

---

[1]"Ex. 1" refers to Exhibit 1 filed in support of Love's notice of removal.  "Ex. 2" refers to Exhibit 2 filed in support of the removal notice.  "Ex. 2 Addendum" refers to the addendum to Exhibit 2 that Love filed to provide the court with a complete copy of the referenced appellate court opinion (the copy attached to Ex. 2 inadvertently did not include both sides of the two-sided opinion).

77843.1

*Rogozienski v. Love*          Case No: 07-CV-0742          OPPOSITION TO MOTION TO REMAND

WHITE & OLIVER
A Professional Corporation

LOVE01294

Plaintiff's Seventh Cause of Action is for violation of Plaintiff's civil rights under Civil Code § 52.1(b).
. . . .

The authorities cited by Love are not applicable as they relate to actions under 42 U.S.C. § 1983, which is not the basis of Plaintiff's claims herein.

Ex. 1, 186:5-15.  In his reply, Love accepted Rogozienski's position that his CRV was based on Section 52.1, and argued accordingly.  Ex. 1, 202:10-22.

Although Rogozienski alluded to a Section 1983 claim during oral argument on the demurrer, when he told the court "you have that element [an element of Section 1983] satisfied in an action under Section 1983" (Ex. 1, 312:4-26), he never stated that he was reversing or altering his written position that his CRV claim was based on Section 52.1 and *not* on Section 1983, nor did he say or indicate that he intended to pursue alternative federal and state theories.  The court entered its minute order the same day, sustaining Love's demurrer as to all causes of action, without leave to amend.[2]  Ex. 1, 233-234.

2.    **The four corners of Rogozienski's appellate briefs did not state a basis for removal.**

Rogozienski appealed, devoting a mere four pages of his 68-page opening brief to his CRV claim.  Ex. 2, 79-82.  Although Rogozienski addressed one federal case that included a discussion of Section 1983, and he quoted Section 1983, a careful reading of his argument reveals that he did so *not* to state a Section 1983 claim, but to distinguish between Section 52.1 and Section 1983 as a foundation for his argument that he sufficiently pled a Section 52.1 claim.

Rogozienski continued his strategy of vagueness in his reply brief when he reiterated that the CRV cause of action "alleges what are violations of civil rights, *not tied to any specific statutory provision. . . .*" Ex. 2, 756 (emphasis added).

Without explanation, the state appellate court gave Rogozienski a generous benefit of the doubt, looked behind what he wrote and said, and what he represented to the state trial court, and handed him a Section 1983 cause of action as to Love:

WHITE & OLIVER
A Professional Corporation

---

[2]The court also sustained Allen's demurrer as to all causes of action, without leave to amend.

3

*Rogozienski v. Love*    Case No: 07-CV-0742    OPPOSITION TO MOTION TO REMAND

77843.1

1                      Apparently, Frank meant his civil rights cause of

2                      action to be based on 42 UNITED STATES CODE
                    § 1983 and Civil Code section 52.1.

3  Ex. 2 Addendum, 815.  The appellate court then held that the trial court erred in sustaining Love's

4  demurrer to the civil rights cause of action to the extent it was based on Section 1983.  Ex. 2

5  Addendum, 815-816.

6  ### III.

7  ### ARGUMENT AND AUTHORITIES

8       Although Rogozienski did not seem to know whether he was or was not alleging a Section

9  1983 claim until the court of appeal gave him one, he now argues that Love should somehow

10  have known he was alleging a Section 1983 claim despite Rogozienski's specific denials and

11  vague pleadings.  Neither statute nor case law impose such a burden of omniscience on Love or

12  any other defendant.

13  **A.**     **This action was properly removed.**

14       42 U.S.C. § 1983 states the basis for a civil action for deprivation of rights secured by the

15  United States Constitution and laws.  28 U.S.C. § 1331 provides that the federal district court

16  "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties

17  of the United States."  The federal district court thus has original jurisdiction of a Section 1983

18  claim.

19       28 U.S.C. § 1441 provides, in part:

20          (a) Except as otherwise expressly provided by Act of
        Congress, any civil action brought in a State court of which the

21          district courts of the United States have original jurisdiction, may
        be removed by the defendant . . . to the district court of the United

22          States for the district and division embracing the place where such
        action is pending. . . .

23  

24          (b) Any civil action of which the district courts have
        original jurisdiction founded on a claim or right arising under the

25          Constitution, treaties or laws of the United States shall be
        removable without regard to the citizenship or residence of the

26          parties. . . .

27          (c) Whenever a separate and independent claim or cause of
        action within the jurisdiction conferred by section 1331 of this title

28          is joined with one or more otherwise non-removable claims or
        causes of action, the entire case may be removed and the district

WHITE & OLIVER
A Professional Corporation

court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Given the federal district court's original jurisdiction over Rogozienski's Section 1983 claim and the fact that it is founded on a claim or right guaranteed by the United States Constitution, i.e., the right to a fair trial, this matter was properly removed without regard to the parties' citizenship. Further, the federal district court has discretion to determine all issues, including those that are state law based.

**B.    The notice of removal was timely.**

28 U.S.C. § 1446(b) sets forth the deadlines for filing a notice of removal:

> (b) The notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . .
>
> *If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable*
> . . . .

28 U.S.C. § 1446(b) (emphasis added).

The italicized portion of subsection (b) authorized removal of this matter because, until the court of appeal issued its March 23, 2007 opinion, neither the original complaint nor the FAC nor any other "amended pleading, motion, order or other paper" existed from which it was ascertainable that the case was or had become removable.

Removal jurisdiction based on a federal question will be determined from the complaint as it exists at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1979). Determination of whether a claim "arises under" federal law is made under the "well-pleaded complaint" rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Federal courts consider only what necessarily appears in plaintiff's statement of his claim, *unaided by anything alleged in anticipation or avoidance of defenses the defendant may interpose. Taylor v. Anderson*, 234 U.S. 74, 75-76 (1914) (emphasis added). The Ninth Circuit recently held:

WHITE & OLIVER
A Professional Corporation

1    We now conclude that notice of removability under § 1446(b) is
2    determined through examination of the four corners of the
     applicable pleadings, not through subjective knowledge or a duty
3    to make further inquiry. Thus, the first thirty-day requirement is
     triggered by defendant's receipt of an 'initial pleading' that reveals
     a basis for removal. If no ground for removal is evident in that
4    pleading, the case is 'not removable' at that stage. In such case,
     the notice of removal may be filed within thirty days after the
5    defendant receives 'an amended pleading, motion, order or other
     paper' from which it can be ascertained from the face of the
6    document that removal is proper.

7    *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *Durham v. Lockheed*

8    *Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (where plaintiff's complaint disclosed removal

9    grounds but defendant could not get co-defendant's joinder to removal, and plaintiff's discovery

10   responses later revealed that federal officer or agency caused injury, a ground for removal not

11   requiring co-defendant's joinder, the 30-day removal clock was reset when defendant discovered

12   the case was removable on federal officer grounds; reversing award of cost and fees for improper

13   removal).

14       As already discussed, the grounds for removal here were not stated within the four corners

15   of Rogozienski's original complaint, his FAC, or his appellate briefs. In hindsight, and faced with

16   proceeding with his case in federal court, Rogozienski conveniently contends now that it should

17   have been apparent to Love that grounds for removal were discernable and that Rogozienski was

18   simply "focused on California Civil Code § 52.1(b) 'as a basis' for the violation of civil rights

19   claim." Rogozienski's motion, 4:12. But Love was not charged, by statute or by case law, with

20   subjective knowledge of what Rogozienski may or may not have been thinking, nor was he

21   charged with a duty of further inquiry. It was Rogozienski's burden, and his alone, to state the

22   basis of his CRV claim within the four corners of his pleadings. For removal purposes, Love had

23   no duty to make further inquiry to determine the basis of Rogozienski's CRV claim when

24   Rogozienski failed to do so.

25       Rogozienski ignores well-settled law "that the plaintiff is the master of the complaint, that

26   a federal question must appear on the face of the complaint, and that the plaintiff may, by

27   eschewing claims based on federal law, choose to have the cause heard in state court."

28   *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-399 (1987).

WHITE & OLIVER
A Professional Corporation

It was Rogozienski's choice, as master of his complaint, to state or not to state a Section 1983 claim. He chose the latter. Did he do so to avoid federal court and draft the CRV claim in a deliberately vague manner so its statutory basis was unascertainable or at least so vague that it would not be removable? Only Rogozienski knows. But he cannot be allowed to defeat removal now by complaining that he meant all along to allege a Section 1983 claim, and that Love should have engaged in mind-reading and deciphering of vague allegations and arguments to figure that out.

**C.      No other defendant is a party to this action so there is no other defendant whose consent to removal is required.**

Rogozienski objects to removal on the ground that Allen did not consent. Love acknowledges that all defendants must consent to removal but Love was and is the only remaining defendant.

The court of appeal affirmed the trial court's order sustaining Allen's demurrer to the FAC on the grounds of judicial immunity. Ex. 2 Addendum, 11, 25. The appellate court denied Rogozienski's petition for rehearing on April 17, 2007. Ex. 2, 799. Love filed his notice of removal on April 23, 2007. There was nothing pending in the state court system at that time. Love was the *only* remaining defendant at the time of removal.

Rogozienski subsequently filed a petition for review with the California Supreme Court. As discussed below, that matter has been stricken and the Court's case closed. Love remains the *only* defendant.

**D.      The California Supreme Court has stricken Rogozienski's petition for review and closed the Court's file.**

28 U.S.C. section 1446(d) states:

> (d) Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal *and the State court shall proceed no further unless and until the case is remanded.*

7

WHITE & OLIVER
A Professional Corporation

LOVE01299

1    Recognizing it no longer has jurisdiction, the California Supreme Court struck

2  Rogozienski's petition for review and closed its file on July 11, 2007, "in light of the notice of

3  removal served on the Court on April 23, 2007."[3]  The petition for review is irrelevant to the

4  removal and remand issues.

5  E.    **Love removed when he did to avoid any potential waiver of his removal rights given the uncertainty of the law.**

6

7    Love acknowledged in his notice of removal that the propriety of removal is uncertain

8  when the ground for removal first appears in a state appellate court opinion and the matter

9  remains within the state appellate court's jurisdiction.  Exhaustive research produced no definitive

10  answer.[4]

11    The Ninth Circuit has recognized the Resolution Trust Corporation's ("RTC") authority to

12  remove a case from the state appellate court before final judgment.  In *Resolution Trust Corp. v.*

13  *BVS Development*, 42 F.3d 1206 (9th Cir. 1994), the court dealt with the issue of the RTC's

14  removal of a case to federal court pursuant to the RTC's removal power under 12 U.S.C. § 1441a;

15  specifically, whether removal was lawful after the litigation had gone to judgment and was on

16  appeal in the state court.  *BVS*, 42 F.3d at 1209.  Noting the First, Third, Fourth, Fifth, Seventh,

17  Eighth and Eleventh Circuit Courts of Appeal all held the FDIC's 12 U.S.C. § 1819(b)(2)(B)

18  and/or the RTC's § 1441a removal powers extend to cases with pending appeals, the *BVS* court

19  held:

20    We now hold that the RTC can remove a case from state court, even after judgment has been entered there and an appeal in state court is pending, provided that removal is otherwise proper.

21

22  *BVS*, 42 F.3d at 1211.

23  ///

24  ///

25

26    [3]Copies of the disposition and docket pages from the Court's official website are included with this opposition as Attachment 1.

27

28    [4]Rutter Group commentators have likewise found no authority.  "It is unclear whether a state court case can be removed while on appeal in the state courts."  Schwartzer, Tashima & Wagstaff, CAL. PRAC. GUIDE; FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007), ¶ 2:622.14.

WHITE & OLIVER
A Professional Corporation

8

77843.1

*Rogozienski v. Love*   Case No:  07-CV-0742   OPPOSITION TO MOTION TO REMAND

FIRREA[5] authorizes removal by the RTC (and FDIC) from state appellate courts as long as state court appellate proceedings have not been exhausted. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1236 (9th Cir. 1995). The *Bayside* court addressed the proper procedure for a district court to follow after removal:

> [I]mmediately after removal the district court would adopt the state court judgment as its own. After this adoption, the judgment would be treated the same as other judgments entered by the district court and the parties would follow the ordinary rules regarding post-judgment remedies. They may file motions pursuant to the applicable Rules of Civil Procedure, or file a timely notice of appeal to the federal appeals court. This approach permits, but does not require, the parties to file post-judgment motions, and it does not create a special procedural time frame for post-judgment motions in cases removed by RTC. It also allows the district court to consider any new federal questions injected into the case by the addition of RTC, and require whatever briefing, argument or hearing it deems necessary to resolve these questions and prepare an adequate record for review on appeal. This hybrid procedure also assures that the appeal is based on a judgment actually entered by the district court, and thereby precludes this court from assuming the role of a state appellate court.

*Bayside*, 43 F.3d at 1238, adopting the procedure set forth in *Resolution Trust Corp. v. Allen*, 16 F.3d 568, 573 (4th Cir. 1994). *Bayside* went on to discuss the district court's actions after removal in *Bayside*:

> In this case, the district court determined that it sits as if it were reviewing the decision of the California Court of Appeal, addressed the RTC's motion for new trial on the merits, vacated the Court of Appeal's decision and reinstated the decision of the superior court. [Citation omitted.] This procedure is consistent with and would be acceptable under the procedure adopted by this court. Thus, the district court did not err procedurally in taking the case as it found it, considering the alternative Rule 59 [new trial] or 60 [relief from judgment or order] motion, reversing the court of appeal's decision and reinstating the trial court's decision.

*Bayside*, 43 F.3d at 1238.

Before *Bayside* and *BVS*, the Ninth Circuit indicated removal may not be available when a state court matter is on appeal to the state appellate court. In *Federal Deposit Ins. Corp. v. Letterman Bros.*, 980 F.2d 1298 (9th Cir. 1992), plaintiffs sued defendants in state court for fraud

---

[5]Financial Institutions Reform, Recovery and Enforcement Act.

9

*Rogozienski v. Love*      Case No: 07-CV-0742      OPPOSITION TO MOTION TO REMAND

WHITE & OLIVER
A Professional Corporation

LOVE01301

1  and securities violations. After judgment and perfection of an appeal to the California court of

2  appeal, defendant bank went into receivership, and the FDIC became a party and sought removal

3  under the special FDIC removal statute. When the case arrived in the federal district court,

4  plaintiffs moved to remand on the ground that the district court lacked jurisdiction of a case that

5  was no longer pending in the state trial court. *Id.* at 1299. Although the Ninth Circuit did not

6  (because it found there was no appealable order or judgment) decide the propriety of removing a

7  state court case on appeal, the court noted:

8      There is . . . a serious question as to whether removal to the district
       court was proper. Although § 1819(b)(2)(B) [the FDIC removal
9      statute] provides that removal may occur any time within 90 days
       after the FDIC becomes a party to the case, the statute also clearly
10     limits removal to the district court. The statute thus may imply that
       the case must still be pending in the state trial court, and not the
11     appellate court, at the time of removal.

12  *Letterman Bros.*, 980 F.2d at 1300. While the Ninth Circuit subsequently held in *BVS* that the

13  RTC may remove a state court case when it is pending in the state appellate court, the court did

14  not address whether the same result will occur in a non-RTC/FDIC cases.

15      Whether the Ninth Circuit permits non-RTC/FDIC defendants to remove while a case is

16  on appeal remains unclear. Schwartzer, Tashima & Wagstaff, CAL. PRAC. GUIDE; FED. CIV.

17  PRO. BEFORE TRIAL (The Rutter Group 2007), ¶ 2:622.16; *In the Matter of Meyerland Co. v.*

18  *Federal Deposit Ins. Corp.*, 960 F.2d 512, 515-516 (5th Cir. 1992) (holding appellate court

19  removal authorized under Federal Deposit Insurance Act, but "it is not clear whether the general

20  removal statutes permit appellate removal [and] [w]e do not decide whether this type of removal

21  would be proper under 29 U.S.C. § 1441."). However, cognizant of the statutory 30-day period

22  permitted for removal, and desirous of avoiding any risk of waiving his right to remove should

23  this or any other court later find that such removal is available to non-RTC/FDIC defendants,

24  Love filed his removal notice within 30 days of the date on which he ascertained the action was

25  removable.

26  ///

27  ///

28  ///

10

WHITE & OLIVER
A Professional Corporation

**F.    Love had an objectively reasonable basis for removal; there are no grounds to support imposition of sanctions against him.**

28 U.S.C. § 1447(c) provides that, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court, acknowledging that section 1447(c) "provides little guidance on when such fees are warranted," held:

> Absent unusual circumstances, attorney's fees should *not* be awarded under § 1447(c) when the removing party has an objectively reasonable basis for removal. Conversely, where no objectively reasonable basis exists, fees should be awarded. . . . This Court rejects the . . . argument for adopting a strong presumption in favor of awarding fees. . . . [T[he standard for awarding fees should turn on the reasonableness of the removal.

*Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 706-707 (2005) (emphasis added).

As discussed above, even if this court should remand the matter for any reason, Love's notice of removal was objectively reasonable and timely.

**IV.**

**CONCLUSION**

It was impossible to ascertain from the original complaint, the FAC, Rogozienski's representations to the state trial court, or Rogozienski's appellate briefs, that his CRV claim was based on Section 1983. Rogozienski had multiple opportunities to clarify his position. In fact, he did so when he told the court and defendants that he was proceeding *only* under Section 52.1, and he was *not* proceeding under Section 1983. While he may have vaguely alluded to the possibility of an alternate position, he never stated it in an ascertainable manner. Love was not charged with subjective knowledge of Rogozienski's intentions and had no duty to make further inquiry to ascertain them. Love timely removed. Rogozienski's motion must be denied.

Dated: July 12, 2007                              WHITE & OLIVER

By:  s/ Linda J. Sinclair
　　　　Linda J. Sinclair
　　　　lsinclair@whiteoliver.com
　　　　Attorneys for Defendant
　　　　S. Michael Love

WHITE & OLIVER
A Professional Corporation

11

77843.1

LOVE01303

**ATTACHMENT 1**

LOVE01304

California Courts - Appellate Court Case Information                     Page 1 of 1

# CALIFORNIA APPELLATE COURTS
## Case Information



| Supreme Court | **Supreme Court** | Change court ▼ |

Welcome

Search

E-mail

Calendar

Help

Options



C|C
home

Court data last updated: 07/11/2007 05:53 PM

**Case Summary**   **Docket**   **Briefs**
**Disposition**   **Parties and Attorneys**   **Lower Court**

## Disposition

**ROGOZIENSKI v. ALLEN**
**Case Number S151974**

Only the following dispositions are displayed below: Orders Denying Petitions, Orders Granting Rehearing and Opinions. Go to the Docket Entries screen for information regarding orders granting review.

**Case Citation: none**

| Date | Description |
|------|-------------|
| 07/11/2007 | Petition stricken; case closed |

**Click here** to request automatic e-mail notifications about this case.

© 2004 Judicial Council of California

LOVE01305

# CALIFORNIA APPELLATE COURTS
## Case Information



**Supreme Court**
| Change court ▼ |

| | |
| --- | --- |
| **Supreme Court** | |
| Welcome | Court data last updated: 07/11/2007 05:53 PM |
| Search | |
| E-mail | Case Summary  Docket  Briefs |
| Calendar | Disposition  Parties and Attorneys  Lower Court |
| Help | |
| Opinions | **Docket (Register of Actions)** |
| C|C home | **ROGOZIENSKI v. ALLEN** |

**Case Number S151974**

| Date | Description | Notes |
| --- | --- | --- |
| 04/19/2007 | Request for publication filed (initial case entry) | Frank E. Rogozienski, Appellant in pro per |
| 05/02/2007 | Petition for review filed | Frank E. Rogozienski, plaintiff and appellant in pro se |
| 05/03/2007 | Received Court of Appeal record | one doghouse |
| 05/10/2007 | Received: | A copy of the service of Removal of Action, filed in the U.S. District Court for the Southern District of California by Steven G. Amundson, Counsel Case Number 07-CV-0742 |
| 05/11/2007 | Letter sent to: | Daniel M. White, Counsel re S151974 Rogozienki v Allen |
| 05/17/2007 | Received: | Fax copy of Steven G. Amundson Letter to the Court addressed to Deputy Clerk Perez from Frank E. Rogozienski, appellant |
| 05/18/2007 | Received: | Lettter from Steven G. Amundson addressed to Deputy Clerk Perez re Notice of Removal of Action. |
| 05/22/2007 | Answer to petition for review filed | James D. Allen, Respondent Donald A. English, Counsel |
| 05/22/2007 | Answer to petition for review filed | S. Michael Love, respondent Daniel M. White, Counsel |
| 05/24/2007 | Received: | Service copies of pleadings filed in the U.S. Distict Court, Southern District of California Notice of Motion and Motion to Remand and for Sanctions Memorandum of Points and Authorities in Support of Motion to Remand and Sanctions Certification of Exhibits and Exhibits Lodge in Support of Plaintiff's Motion to Remand and for Sanctions Proof of Service Frank E. Rogozienski, Plaintiff |
| 05/31/2007 | Received: | Service copies of pleadings filed in the U.S. Distict Court, Southern District of California Amended Notice of Motion and Motion to Remand and for Sanctions |

LOVE01306

Case 3:08-cv-00316-JLS-AJB    Document 2-3    Filed 02/18/2008    Page 128 of 130

California Courts - Appellate Court Case Information

Page 2 of 2

| | | Amended Memorandum of Points and Authorities in Support of Motion to Remand and Sanctions<br>Proof of Service Frank E. Rogozienski, Plaintiff |
|---|---|---|
| 06/01/2007 | Reply to answer to petition filed | Frank E. Rogozienski, petitioner in pro per. |
| 06/22/2007 | Time extended to grant or deny review | The time for granting or denying review in the above-entitled matter is hereby extended to and including July 31, 2007, or the date upon which review is either granted or denied. |
| 07/09/2007 | Received: | Notice of Errata re Defendant's Notice of Removal Under 28 U.S.C. Section 1441(b) |
| 07/11/2007 | Petition stricken (case closed) | The Petition for Review filed by Frank Rogozienski on May 2, 2007, the Answers to Petition for Review filed by Frank D. Allen and S. Michael Love on May 22, 2007, and the Reply to Answers to Petition for Review filed by Frank Rogozienski on June 1, 2007, are hereby stricken in light of S. Michael Love's Notice of Removal of Action, filed in the United States District Court for the Southern District of California, a copy of which was served on this court April 23, 2007.<br>The Petition for Review, the Answers, and the Reply are lodged as "received." If and when this Court receives notice that the matter has been remanded by the United States District Court for the Southern District of California, these documents will be deemed filed as of the date that this Court receives notice of such remand. |

<u>Click here</u> to request automatic e-mail notifications about this case.

©2004 Judicial Council of California

LOVE01307

*Rogozienski v. Love*
USDC Case No.: 07CV0742 JAH LSP

### PROOF OF SERVICE

I, Monica Zoe Hodge, declare as follows:

1. I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2. On July 12, 2007, I served the following document(s):

### OPPOSITION OF DEFENDANT S. MICHAEL LOVE TO
### PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

on the interested parties in this action:

☒ (BY MAIL) By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in United States mail in the State of California at San Diego, addressed as set forth below according to Fed.R.Civ.P.5.

☒ (BY PERSONAL SERVICE) I caused the documents(s) listed above to be picked up by our attorney service, First Legal Support, on July 12, 2007 from our office and delivered to the addressee(s) set forth in the attached Service List on July 12, 2007.

☒ (BY ELECTRONIC FILING) I caused all of the pages of the above-entitled document(s) to be electronically filed and served on designated recipients through the Electronic Case Filing system for the above-entitled case. The file transmission was reported as successful and a copy of the Electronic Case Filing Receipt will be maintained with the original document(s) in our office.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 12 day of July, 2007 at San Diego, California.

s/ Monica Zoe Hodge
Monica Zoe Hodge

WHITE & OLIVER
A Professional Corporation

76863.1

1  *Rogozienski v. Love*
   California Supreme Court Case No.: S151974
2  USDC Case No.: 07CV0742 JAH LSP
   Court of Appeal Case No.: D047858
3  SDSC Case No.: GIC 843843

4                        **SERVICE LIST**

5

6  Frank E. Rogozienski                    Attorneys for Plaintiff
   Frank E. Rogozienski, Inc.
7  1660 Union Street, Suite 300
   San Diego, CA 92101
8  T: (619) 237-1878
   F: (619) 237-1870
9  **VIA PERSONAL SERVICE**

10 Donald A. English                       Attorneys for Former Defendant James D.
   English & Gloven                        Allen
11 550 West C Street, Suite 1800
   San Diego, CA 92101
12 T: (619) 338-6610
   F: (619) 338-6657
13 **VIA ELECTRONIC SERVICE**

14

15 Honorable John A. Houston               Case No.: 07CV0742 JAH LSP
   Department 11
16 United States District Court
   Southern District of California
17 880 Front Street
   San Diego, CA 92101
18 VIA U.S. MAIL - *Courtesy Copy*

19 Supreme Court of California             Case No.: S151974
   350 McAllister Street
20 San Francisco, CA 94102
   Attn: J. Perez, Deputy Clerk
21 VIA U.S. MAIL - *Courtesy Copy*

22 California Court of Appeal              Case No.: D047858
   Fourth Appellate District
23 750 B Street, Room 300
   San Diego, California 92101-8189
24 VIA U.S. MAIL - *Courtesy Copy*

25 The Honorable Joan M. Lewis             Case No.: GIC 843843
   Superior Court of the State of California
26 County of San Diego
   330 West Broadway
27 San Diego, California 92101
   VIA U.S. MAIL - *Courtesy Copy*

28

WHITE & OLIVER
A Professional Corporation

                        - 2 -                              76863.1