EXHIBIT 1-D

1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
    FRANK E. ROGOZIENSKI, INC.
2   A Professional Corporation
    Attorneys at Law
3   1660 Union Street, Third Floor
    San Diego, CA 92101
4   Telephone: (619)237-1878
    Facsimile: (619)237-1870
5
    Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
6

7

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11  FRANK E. ROGOZIENSKI,              )    Case No.  07-CV-0742 JAH(WMC)
                                       )
12              Plaintiff,             )    REPLY TO OPPOSITION OF DEFENDANT,
                                       )    S. MICHAEL LOVE TO PLAINTIFF'S
13         v.                          )    MOTION TO REMAND AND FOR
                                       )    SANCTIONS
14  JAMES D. ALLEN, S. MICHAEL LOVE    )
    and DOES 1 through 10, inclusive,  )
15                                     )    DATE: 07/26/2007
                                       )    TIME: 3:00 p.m.
16              Defendants.            )    COURTROOM: 11
                                       )    HON. JOHN A. HOUSTON
17  _____)

18         Plaintiff offers the following in brief reply to the Opposition of Defendant S. Michael Love

19  to Plaintiff's Motion to Remand and for Sanctions (herein "Love's Opposition"):

20              (a)    **Mr. Love's ad hominem attack on Plaintiff is inappropriate and**

21  **unwarranted**. Mr. Love's Opposition mounts an inappropriate and unwarranted ad hominem attack

22  on Plaintiff, as if Plaintiff somehow is responsible for Mr. Love's improper removal.  Mr. Love

23  accuses Plaintiff of improper pleading of the Seventh Cause of Action of Plaintiff's complaint,

24  speculating that "[p]erhaps as a matter of artful pleading to avoid the possibility of removal to the

25  federal court, [Plaintiff] did not reference Section 1983 as a statutory basis for his violation of [civil

26

27

28  REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
    TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
    PLAINTIFF                                      Case No. 07-CV-0742 JAH(WMC)

                                    1

LOVE01310

1    rights] claim" [Love's Opposition 2:6-7]. However, there is nothing improper in the pleading in

2    Plaintiff's complaint which in paragraph 99 of the Seventh Cause of Action alleges that "Defendants

3    interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of rights

4    to a fair trial secured by the Constitution and **laws of the United States** and of the State of

5    California" (emphasis added) [Ex. 1, p. 51:11-14]. California requires only that the complaint must

6    contain "a statement of the **facts** constituting the cause of action, in ordinary and concise language"

7    (emphasis added) [CCP §425.10]. There is no requirement to allege particular statutory provisions

8    in order to plead an action for violation of civil rights.

9          (b)    **Mr. Love has the burden to establish that removal is proper; and the**

10   **removal statute is strictly construed against removal**. Mr. Love does not (and cannot) dispute

11   that **he** has the burden to establish that removal is proper [see cases cited in section 1(b) of the

12   Amended Memorandum of Points and Authorities in Support of Plaintiff's Motion To Remand

13   ("Plaintiff's MPA")], and does not (and cannot) dispute that District Courts must construe removal

14   under 28 U.S.C. §1441 strictly against removal, resolving any uncertainty as to removability in favor

15   of remand of the case to the state court [see cases cited in section 1(b) of Plaintiff's MPA); and

16   Durham v. Lockheed Martin Corp. (9th Cir. 2006) 445 F.3d 1247, 1252 (holding that as to section

17   1441 removals, the removal statutes are to be strictly construed, and any doubts as to the right of

18   removal must be resolved in favor of remanding to state court)]. Here, Mr. Love's removal must be

19   examined with these principles in mind.

20          (c)    **Mr. Love has not timely filed his notice of removal**. As discussed in

21   section 1(c) of Plaintiff's MPA, the notice of removal must be filed "within 30 days after receipt by

22   defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other

23   paper from which it may be first ascertained that the case is one which is or has become removable

24   ..." [28 U.S.C. §1446(b)], and the Ninth Circuit has determined that removability is first

25   "ascertained" for purposes of Section 1446(b), when "it becomes apparent" to the defendant that the

26

27

28   REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
PLAINTIFF

Case No. 07-CV-0742 JAH(WMC)

2

LOVE01311

1    case has become removable [Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 689,

2    696], when defendant has "received a paper that gives them enough information to remove"

3    [Durham v. Lockheed Martin Corp., supra, 445 F.3d at 1251]. And as noted above, "[w]here the

4    timeliness of remand under section 1441 is at issue, it makes sense to presume that removal statutes

5    are to be strictly construed against federal court jurisdiction. When the defendant receives enough

6    facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day

7    clock starts ticking" [Durham v. Lockheed Martin Corp., supra, 445 F3d at 1253].

8            Here, Mr. Love does not (and cannot) dispute the accuracy of Plaintiff's recitation in section

9    2 of Plaintiff's MPA of the facts available to Mr. Love from papers served on him more than thirty

10   days prior to his filing his Notice Of Removal, including:

11              (1)      that Plaintiff had explained to the trial court on September 2, 2005

12   why the Seventh Cause of Action sufficiently alleged a 42 U.S.C. §1983 claim, and that Mr. Love

13   received a copy of the written transcript of the hearing wherein these statements were made no later

14   than January 26, 2006 [RT:21:4-26; attached as Exhibit "1" to Defendant's Notice Of Removal at

15   p. 312];[1]

16              (2)      that Plaintiff in his Appellant's Opening Brief served on May 4, 2006,

17   had discussed 42 U.S.C. §1983 as a basis why "Plaintiff's complaint sufficiently alleges a civil rights

18   violation against Mr. Love" [Appellant's Opening Brief pp. 46-49, attached as Exhibit "2" to

19   Defendant's Notice Of Removal at pp. 79-82];

20              (3)      that Mr. Love in his Respondent's Brief filed on August 25, 2006, had

21   specifically set forth **his** knowledge that Plaintiff "believes he has a claim under 42 U.S.C. §1983"

22   and then sought to distinguish Plaintiff's citation to the Supreme Court's ruling in Dennis v. Sparks

23   (1980) 449 U.S. 24, 28 (holding that "under color of law for §1983 does not require the defendant

24   _____

25   [1]On January 26, 2006, Mr. Love (through his counsel) signed a Receipt For Reporter's
     Transcript of his hearing [NOR Ex. 1, p.290].
26

27

28   REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
     TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
     PLAINTIFF
                                                      Case No. 07-CV-0742 JAH(WMC)

LOVE01312

1  be an officer of the State [and] it is enough that he is a willful participant in joint action with the

2  State or its agents)" [Respondent's Brief p. 20, f/n 3; attached as Exhibit "2" to Defendant's Notice

3  Of Removal at p. 270]; and

4  (4)    that Plaintiff in his Appellant's Reply Brief served on October 16,

5  2006, had specifically stated that "... **Appellant has clearly stated a civil rights action against Mr.**

6  **Love under 42 U.S.C. §1983**... ." (emphasis added) [Appellant's Reply Brief p. 8; attached as

7  Exhibit "2" to Defendant's Notice Of Removal at p. 759].

8  **All** of these pleadings and papers were served on Mr. Love more than six months before he filed his

9  Notice Of Removal, and by any subjective or objective standard, it could be "ascertained" (had

10  "become apparent") from each of these papers that the case was or had become removable. All of

11  Mr. Love's rhetoric cannot change these documentary facts, which clearly establish that Mr. Love's

12  Notice Of Removal was not timely filed.

13  (d)    **Mr. Love confuses the applicable requirements for removal under 28**

14  **U.S.C. §1446 (b)**, which addresses two circumstances: the first (which is **not** applicable here), where

15  the initial pleading sets forth a case which is removable; and the second (which is applicable here)

16  is where:

17  "If the case stated by the initial pleading is not removable, a notice of
   removal may be filed within thirty days after receipt by the

18  defendant, through service or otherwise, of a copy of an amended
   pleading, motion, order or other paper from which it may first be

19  ascertained that the case is one which is or has become removable ..."
   [28 U.S.C. 1446(b)].

20

21  Mr. Love's entire discussion of Plaintiff as "the master of his complaint" [Love's Opposition 6:25-

22  7:5] misses that what is stated (or not stated) within the four corners of Plaintiff's complaint is **not**

23  applicable in the facts here, where it is subsequent pleadings and papers from which it may first be

24  ascertained that the case is one which is or has become removable.

25  (e)    **Mr. Allen's consent to removal is required and has not been obtained**.

26

27

28  REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
   TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
   PLAINTIFF                                      Case No. 07-CV-0742 JAH(WMC)

4

LOVE01313

1  Mr. "Love acknowledges that all defendants must consent to removal but [contends] Love was and

2  is the only remaining defendant" [Love's Opposition 7:11-13]. Mr. Love contends that because the

3  trial court sustained and Court of Appeal upheld Mr. Allen's general demurrer on grounds of judicial

4  immunity, Mr. Allen is no longer a defendant. However, what Mr. Love ignores is that these rulings

5  were not final at the time Mr. Love filed his Notice of Removal, and the Court of Appeal ruling

6  remained (and remains) subject to review by the Supreme Court. On April 23, 2007, Mr. Love

7  personally served a copy of his Notice Of Removal with exhibits on Mr. Allen (see Love's Notice

8  Of Removal 3:1-2). Plaintiff timely filed a Petition For Review with the California Supreme Court

9  seeking review of whether judicial immunity applied to Mr. Allen [see California Supreme Court

10 Docket attached as Attachment 1 [the "Supreme Court Docket"] to Mr. Love's Opposition at p. 1 of

11 2]. As discussed in the following section, on May 22, 2007, Mr. Allen filed his Answer to Plaintiff's

12 Petition For Review [see Supreme Court Docket at p. 1 of 2; and Answer of Respondent James D.

13 Allen to Petition For Review dated May 22, 2007; Exhibit "A", pp.1-15]. On the same day, Mr.

14 Love filed his Answer to Plaintiff's Petition For Review [see Supreme Court Docket p 1 of 2],

15 serving a copy on Mr. Allen through his counsel [see Proof of Service dated May 22, 2007, showing

16 service on "Counsel for Defendant" Mr. Allen; Exhibit "B", at pp. 1-3]. It is apparent from these

17 filings that Mr. Allen and Mr. Love both acknowledged and understood that Mr. Allen was (and

18 continues to be) a defendant in the within action. Failure to obtain Mr. Allen's consent is thus fatal

19 to Mr. Love's removal to this court. "If the defendant can't convince his co-defendant to remove,

20 he's stuck in state court" [Durham v. Lockheed Martin Corp., *supra*, 445 F.3d at 1253.

21      (f)     **Proceedings before the California Supreme Court**. Given the jurisdictional

22 time limitations within which a petition for review can be filed, Plaintiff timely filed his Petition For

23 Review with the California Supreme Court on May 2, 2007. As indicated in the Supreme Court

24 Docket, Answers to the Petition For Review were filed by Messrs. Allen and Love on May 22, 2007.

25 On July 11, 2007, "in light of S. Michael Love's Notice Of Removal Of Action, filed in the United

26

27

28
REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
PLAINTIFF
                                         Case No. 07-CV-0742 JAH(WMC)

5

LOVE01314

1    States District Court for the Southern District of California," the California Supreme Court struck

2    the Petition For Review filed May 2, 2007 and the Answers to the Petition For Review filed May

3    22, 2007, and the Reply to Answers to Petition For Review filed June 1, 2007. In so doing, the

4    California Supreme Court further stated "[t]he Petition For Review, the Answers and the Reply are

5    lodged as 'received' [and] [i]f and when this Court receives notice that the matter has been remanded

6    by the United States District Court for the Southern District of California, these documents will be

7    deemed filed as of the date that this Court receives notice of such remand" [Supreme Court Docket

8    at p. 2 of 2].

9           (g)    **Removal from the California Court of Appeal or the California Supreme**

10    **Court is unclear**. As discussed in section 1(e) of Plaintiff's MPA, even assuming, *arguendo*, that

11    Mr. Love's Notice Of Removal Of Action was timely filed (which it was not) and properly joined

12    in by all defendants (which it was not), it is unclear whether a state court case can be removed while

13    on appeal in the state courts. Here, Mr. Love admits "the matter remains within the state appellate

14    court's jurisdiction" [Love's Notice Of Removal 3:5]; the state court case is pending before the

15    California Supreme Court and/or the California Court of Appeal. Mr. Love's Opposition

16    acknowledges "the Ninth Circuit [has] indicated removal may not be available when a state court

17    matter is on appeal to the state appellate court" [Love's Opposition 9:24-25], citing to the Ninth

18    Circuit decision in Federal Deposit Ins. Corp. v. Letterman Bros. (9th Cir. 1992) 980 F.2d 1298

19    [discussed in section 1(e) of Plaintiff's MPA] and Federal Deposit Ins. Co. v. Meyerland Co. (5th Cir.

20    1992) 960 F.2d 512, 515-516 (holding "it is unclear whether the general removal statutes permit

21    appellate removal"), but states his "[e]xhaustive research produced no definitive answer" [Love's

22    Opposition 8:9-10]. Given the Ninth Circuit Court of Appeal's mandate (discussed in section (b)

23    above) that District Courts must construe uncertainty as to removability in favor of remand of the

24    case to the state court [Durham v. Lockheed Martin Corp., *supra*, 445 F.3d at 1252; and Harris v.

25    Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 698, 696], Mr. Love's removal from the

26

27

28    REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
PLAINTIFF

                                                Case No. 07-CV-0742 JAH(WMC)

LOVE01315

1  California Supreme Court and/or California Court of Appeal should be remanded to the California

2  state courts.

3          (h)    **Sanctions**. "Absent unusual circumstances, attorney's fees should not be

4  awarded under §1447(c) when the removing party has an objectively reasonable basis for removal.

5  Conversely, where no objectively reasonable basis exists, fees should be awarded" [Martin v.

6  Franklin Capital Corporation (2005) 546 U.S. 132, 126 S.Ct. 704, 706]. "Absent unusual

7  circumstances, courts may award attorney's fees under §1447(c) only where the removing party

8  lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

9  reasonable basis exists, fees should be denied (citations). In applying this rule, district courts retain

10 discretion to consider whether unusual circumstances warrant a departure from the rule in a given

11 case. For instance, a ... failure to disclose facts necessary to determine jurisdiction may affect the

12 decision to award attorney's fees" [Id at 711]. Here, attorney's fees should be awarded because Mr.

13 Love had no "objectively reasonable basis for removal," and also because of "unusual

14 circumstances." More specifically:

15          (i)    **No objectively reasonable basis for removal**. As discussed above,

16 Mr. Love has no "**objectively** reasonable" basis for removal. Mr. Love's spin of what he now

17 contends was his "subjective knowledge" [Love's Opposition 6:20] is irrelevant in the face of the

18 documented, objective facts. The **objective facts** (discussed in section (c) above) establish that Mr.

19 Love's Notice Of Removal was **not** filed within thirty days of Mr. Love's receipt of pleadings and

20 other papers from which it could be "ascertained" (had "become apparent") the seventh cause of

21 action of Plaintiff's complaint included a civil rights action against Mr. Love under 42 U.S.C. §1983,

22 and the **objective facts** (discussed in section (e) above) further establish that not all defendants (in

23 particular, Mr. Allen) have consented to Mr. Love's removal.

24          (ii)    **"Unusual circumstances"**. Mr. Love's Notice Of Removal did not

25 disclose facts necessary to determine jurisdiction. More specifically, paragraph 8 of Mr. Love's

26

27

28

REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
PLAINTIFF
                                                    Case No. 07-CV-0742 JAH(WMC)

LOVE01316

1    Notice Of Removal states "*[t]he ground for removal of this action appeared for the first time in the*
2    *appellate court's opinion*" (italics in original), but nowhere did Mr. Love bring to the attention of
3    this Court: (1) that Plaintiff had explained to the trial court on September 2, 2005, why the seventh
4    cause of action sufficiently alleged a 42 U.S.C. §1983 claim, and that he (Mr. Love) had obtained
5    a written transcript of this hearing no later than January 26, 2006; (2) that in his Appellant's Opening
6    Brief in the California Court of Appeal served on May 4, 2006, Plaintiff had discussed 42 U.S.C
7    §1983 as a basis why "Plaintiff's complaint sufficiently alleges a civil rights violation against Mr.
8    Love [Appellant's Opening Brief, p. 49; Exhibit "2" p.82]; (3) that Mr. Love himself acknowledged
9    in his Respondent's Brief in the California Court of Appeal his then understanding that Plaintiff
10   "believes he has a claim under 42 U.S.C. §1983" and then sought to distinguish the Supreme Court's
11   ruling in <u>Dennis v. Sparks</u>, *supra* at 48 (holding that "under color of law for §1983 does not require
12   the defendant be an officer of the State [and] it is enough that he is a willful participant in joint
13   action with the State or its agents"); and (4) that Plaintiff in his Reply Brief in the California Court
14   of Appeal specifically stated that "Appellant has clearly stated a civil rights action against Mr. Love
15   under 42 U.S.C. §1983" (see section (c) above). Even in his Opposition, Mr. Love fails to disclose
16   that he received a copy of the written transcript of the hearing before the trial court, and completely
17   ignores that he represented in his Respondent's Brief in the California Court of Appeal his then
18   understanding that Plaintiff "believes he has a claim under 42 U.S.C. §1983." Mr. Love also falsely
19   stated in paragraph 13 of his Notice Of Removal that Mr. "Allen is not joining the removal because
20   the 42 U.S.C. 1983 claim is only against Love" (when the seventh cause of action setting forth this
21   claim is in fact against "all defendants' including Mr. Allen [NOL Exhibit "1" at p.51], and Mr. Allen
22   still has not joined in Mr. Love's removal).

## CONCLUSION

23
24   For each of the reasons hereinabove set forth and in Plaintiff's (Amended) Memorandum of
25   Points and Authorities, the within case should be remanded to the California state court and Mr.
26
27

REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
28   TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
PLAINTIFF
                                                                    Case No. 07-CV-0742 JAH(WMC)

8

LOVE01317

1  Love should be ordered to pay Plaintiff sanctions.

2  Dated: May 23, 2007                              FRANK E. ROGOZIENSKI, INC.

3

4                                                   By:___/s/Frank E. Rogozienski_____
                                                       Frank E. Rogozienski
5                                                      Attorney for Plaintiff
                                                       Email: rogolaw@pacbell.net
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
PLAINTIFF
                                                   Case No. 07-CV-0742 JAH(WMC)

9

LOVE01318

# EXHIBIT "A"

LOVE01319

IN THE SUPREME COURT STATE OF CALIFORNIA

FRANK E. ROGOZIENSKI,

    Plaintiff and Appellant,

    v.

JAMES D. ALLEN and S. MICHAEL LOVE,

    Defendants and Respondents.

Supreme Court No.  S151974
Court of Appeal No. D047858
Superior Court No.  GIC843843

After Decision by the Court of Appeal, Fourth Appellate District,
Division One, Case No. D047858

---

## ANSWER OF RESPONDENT JAMES D. ALLEN TO PETITION FOR REVIEW

---

Donald A. English, Esq. (Bar No. 115569)
Christy I. Yee, Esq. (Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West C Street, Suite 1800
San Diego, CA  92101-3545
Telephone: (619) 338-6610
Facsimile:  (619) 338-6657
Attorneys for Respondent
James D. Allen

EXHIBIT "A" PAGE 1

LOVE01320

## TABLE OF CONTENTS

I.      OVERVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . . 1

III.    THE PETITION FOR REVIEW SHOULD BE DENIED . . . . . . . . 5

        A.      Judicial Immunity is a Well Established Doctrine . . . . . . . . 5

        B.      Judicial Immunity Has Been Uniformly Applied
                to Alleged Judicial Misconduct . . . . . . . . . . . . . . . . . . . . . . 8

IV.     CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . 13

i

EXHIBIT "A" PAGE 2

LOVE01321

## TABLE OF AUTHORITIES

<u>State Cases</u>

<u>Baar v. Tigerman</u>
    (1983) 140 Cal.App.3d 979 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Frost v. Geernaert</u>
    (1988) 200 Cal.App.3d 1104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

<u>Howard v. Drapkin</u>
    (1990) 222 Cal.App.3d 843 . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8, 9

<u>In re Marriage of Assemi</u>
    (1994) 7 Cal.4th 896 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Moore v. Conliffe</u>
    (1994) 7 Cal.4th 634 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Olney v. Sacramento County Bar Assn.</u>
    (1989) 212 Cal.App.3d 807 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Oppenheimer v. Ashburn</u>
    (1959) 1 73 Cal.App.2d 624 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Pearson v. Reed</u>
    (1935) 6 Cal.App.2d 277 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Pickett v. Wallace</u>
    (1881) 57 Cal. 555 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Tagliavia v. County of Los Angeles</u>
    (1980) 112 Cal.App.3d 759 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Taylor v. Mitzel</u>
    (1978) 82 Cal.App.3d 665 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Exhibit "A"    PAGE 3

LOVE01322

## TABLE OF AUTHORITIES

Turpen v. Booth
    (1880) 56 Cal. 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

United Farmworkers of America v. Superior Court
    (1985) 170 Cal.App.3d 97 . . . . . . . . . . . . . . . . . . . . . . . . . . 3

White v. Towers
    (1951) 37 Cal.2d 727 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7


Federal Cases

Bradley v. Fisher
    (1871) 80 U.S. 335 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Dennis v. Sparks
    (1980) 449 U.S. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-10

Moore v. Brewster
    (9th Cir. 1996) 96 F.3d 1240 . . . . . . . . . . . . . . . . . . . . . . . . 8

Ricotta v. State of California
    (S.D.Cal. 1998) 4 F.Supp.2d 961 . . . . . . . . . . . . . . . . . . . . 8, 10, 11


Rules

California Rules of Court, Rule 2.831
(formerly Rule 243.31 (formerly Rule 244)) . . . . . . . . . . . . . . . . . . . . 2

iii

EXHIBIT "A" PAGE 4

LOVE01323

# I.

## OVERVIEW

The petition seeks review of the Court of Appeal's correct application of the well settled judicial immunity doctrine, which has long been recognized by this Court, our appellate courts, the United States Supreme Court, and other courts.[1] Courts have uniformly applied the well established judicial immunity doctrine and its important underlying principles and policies to bar civil actions against judges, temporary judges, and other judicial or quasi-judicial officers. The doctrine has consistently been applied to bar civil actions at the pleading stage even where, as here, the complaint alleges acts that are claimed to be "non-judicial acts." No conflict exists among the appellate courts in the application of the doctrine that would necessitate this Court's guidance. Review is not warranted and should be denied.

# II.

## STATEMENT OF THE CASE AND FACTS

This matter arises out of protracted litigation relating to the marital dissolution of petitioner, Frank E. Rogozienski ("Mr. Rogozienski"). Respondent, James D. Allen ("Mr. Allen"), served as a temporary judge in the

---

[1]    The petition addresses two separate issues. Respondent James D. Allen submits this answer only as to the portion of the petition applicable to him relating to the judicial immunity doctrine.

1

EXHIBIT "A" PAGE 5

LOVE01324

dissolution action pursuant to the parties' stipulation, which was approved by the San Diego Superior Court.   (Appellant's Appendix ("AA"), p. 15.) Respondent, S. Michael Love ("Mr. Love"), was counsel for Mr. Rogozienski's ex-wife, Shirley Rogozienski ("Mrs. Rogozienski"), in the dissolution action. (AA, p. 14.)

Mr. Allen served as temporary judge in the dissolution action for approximately four and one-half years. Despite numerous rulings which were in his favor, on March 7, 2003 during a post-trial proceeding, Mr. Rogozienski sought to challenge Mr. Allen's authority to further serve as temporary judge. (AA, p. 27.) Mr. Rogozienski challenged Mr. Allen's jurisdiction to hear post-judgment matters and, for the first time, raised California Rules of Court, Rule 244(b) as a basis to potentially remove Mr. Allen as temporary judge in the dissolution action.[2] (Ibid.)

---

[2]    California Rules of Court, Rule 244 was amended and renumbered as Rule 243.31, effective July 1, 2006.  Rule 243.31 was again renumbered, effective January 1, 2007, and is now Rule 2.831. Under former Rule 244(b), a temporary judge must subscribe the oath of office and certify that the temporary judge is aware of and will comply with Canon 6 of the Code of Judicial Ethics. Rule 244(b) was amended to add this certification requirement on July 1, 2001, approximately three years after Mr. Allen's appointment as temporary judge. Accordingly, at the time Mr. Allen was appointed as temporary judge on August 4, 1998, the Judicial Council form entitled "Order, Stipulation and Oath for Temporary Judge" did not include such a certification. (AA, p. 154.)

2

EXHiBiT "A" PAGE 6

LOVE01325

On March 17, 2003, Mr. Rogozienski filed a statement of disqualification requesting that Mr. Allen be disqualified as temporary judge. (AA, p. 27.) On March 27, 2003, Mr. Allen voluntarily withdrew as temporary judge from the dissolution action without conceding any of Mr. Rogozienski's allegations. (Ibid.)

Following Mr. Allen's voluntary withdrawal as temporary judge, Mr. Rogozienski petitioned the Court of Appeal for a writ of error coram vobis seeking an order directing the Superior Court to hear and rule on a motion to set aside certain of Mr. Allen's rulings and orders. On October 8, 2003, the Court of Appeal granted Mr. Rogozienski's petition and ordered the Superior Court to hear evidence and apply the legal standard for disqualification to determine whether certain of Mr. Allen's rulings should be set aside and retried by the Superior Court.[3] Rogozienski v. Superior Court, Appeal No. D042201.[4]

---

[3] The applicable standard for determining whether grounds for disqualification exist is under an objective standard. This standard requires disqualification if a reasonable person would entertain a doubt that the judge would be impartial under Code of Civil Procedure section 170.1, subdivision (1)(6)(c). See United Farmworkers of America v. Superior Court (1985) 170 Cal.App.3d 97, 104. [setting forth objective standard for disqualification].

[4] The Court of Appeal took judicial notice of its unpublished decision in Rogozienski v. Superior Court. (Court of Appeal Opinion, p. 3, fn. 1.)

EXHIBIT "A" PAGE 7

LOVE01326

On October 20, 2004, the Superior Court issued a statement of decision ordering certain of Mr. Allen's rulings after grounds for disqualification arose be set aside and retried. Mr. Rogozienski appealed. The Court of Appeal held that Mr. Rogozienski was entitled to have the same judge in a new trial hear the evidence on all of the issues in the dissolution action, not only the issues addressed in the rulings that were set aside after grounds for disqualification arose. Rogozienski v. Rogozienski, Appeal No. D045626.[5]

On March 7, 2005, Mr. Rogozienski, appearing in pro per, filed a civil action against Mr. Allen based upon alleged acts Mr. Allen committed while acting in the capacity as temporary judge. (AA, p. 200.) On March 28, 2005, Mr. Rogozienski filed a first amended complaint against Mr. Allen adding additional causes of action to his original complaint. (AA, pp. 12-47.)

On or about June 13, 2005, Mr. Allen demurred to the first amended complaint and each of the nine causes of action alleged against him on several grounds, including the judicial immunity doctrine. (AA, pp. 87-93.)

---

[5]     The Court of Appeal similarly took judicial notice of its unpublished decision in Rogozienski v. Rogozienski. (Court of Appeal Opinion, p. 3, fn. 1.)

4

EXHIBIT "A" PAGE 8

LOVE01327

<u>Oppenheimer v. Ashburn</u> (1959) 173 Cal.App.2d 624, 630 [judicial immunity "is deeply rooted in California law."].

The judicial immunity doctrine was derived centuries ago from the English courts and has long been recognized at common law.  <u>Bradley v. Fisher</u> (1871) 80 U.S. 335, 347.  In <u>Bradley v. Fisher</u>, the United States Supreme Court explained that the doctrine of judicial immunity is based upon principles of paramount importance to our system of justice:

> <u>[T]he [judge] cannot be subjected to responsibility for [alleged acts of misconduct] in a civil action, however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff. For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.</u>  Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful. (Emphasis added.)

<u>Id</u>. at pp. 347-348.

<u>Bradley</u> is controlling precedent cited by this Court in applying the judicial immunity doctrine. In <u>Pickett v. Wallace</u> (1881) 57 Cal. 555, 557, this Court affirmed the trial court's dismissal of a civil action against sitting Supreme Court justices based upon judicial immunity, citing <u>Bradley</u>.  This

6

EXHIBIT "A" PAGE 9

LOVE01328

Court similarly relied upon <u>Bradley</u> in extending judicial immunity to grand jurors in <u>Turpen v. Booth</u> (1880) 56 Cal. 65, 69 and to public officers in <u>White v. Towers</u> (1951) 37 Cal.2d 727, 731-732.

More recently, this Court reaffirmed the principles and policies underlying judicial immunity as the basis for extending protection against civil actions for arbitrators in private arbitrations. <u>Moore v. Conliffe</u> (1994) 7 Cal.4th 634, 650 [recognizing arbitral immunity codified at Code of Civil Procedure section 1281.1 supplements common law immunities, including judicial immunity]; <u>In re Marriage of Assemi</u> (1994) 7 Cal.4th 896, 909 [recognizing arbitrators are extended protection of judicial immunity].

Our appellate courts have similarly recognized and applied the doctrine of judicial immunity in myriad cases against various judicial and quasi-judicial officers. <u>Tagliavia v. County of Los Angeles</u> (1980) 112 Cal.App.3d 759, 763 [judicial immunity applied to court commissioners acting as temporary judges]; <u>Taylor v. Mitzel</u> (1978) 82 Cal.App.3d 665 [judicial immunity applied to administrative law hearing officers]; <u>Baar v. Tigerman</u> (1983) 140 Cal.App.3d 979, 985 [judicial immunity applied to arbitrators]; <u>Olney v. Sacramento County Bar Assn.</u> (1989) 212 Cal.App.3d 807, 814-815 [judicial immunity applied to organizations sponsoring an arbitrator]; <u>Pearson v. Reed</u> (1935) 6 Cal.App.2d 277, 286-288 [judicial immunity applied to prosecutors];

7

EXHIBIT "A" PAGE 10

L0VE01329

Howard, supra, 222 Cal.App.3d at pp. 852-853 [quasi-judicial immunity applied to court-appointed psychologist].

Federal courts have also applied judicial immunity to judicial and quasi-judicial officers.  See e.g., Ricotta v. State of California (S.D.Cal. 1998) 4 F.Supp.2d 961, 973 [judicial immunity applied to sitting superior court judges and pro tem judges]; Moore v. Brewster (9th Cir. 1996) 96 F.3d 1240, 1244-1245 [claims against federal district court judge, law clerk, and court clerk dismissed under judicial immunity doctrine].[6]

**B.**    **Judicial Immunity Has Been Uniformly Applied to Alleged Judicial Misconduct**

As the trial court correctly did here (and as affirmed by the Court of Appeal), courts have consistently dismissed claims at the pleading stage based upon judicial immunity notwithstanding allegations of judicial misconduct, including alleged bribery, conspiracy, or corruption.  See e.g., Dennis v. Sparks (1980) 449 U.S. 24, 27 [dismissal of claims based upon alleged bribery

_____

[6]    California courts rely on federal court decisions as persuasive authority in applying the absolute judicial immunity doctrine in civil suits.  Howard, supra, 222 Cal.App.3d at pp. 855-857.

8

EXHIBIT "A" PAGE 11

LOVE01330

upheld]; <u>Howard</u>, <u>supra</u>, 222 Cal.App.3d at p. 848 [affirming demurrer sustained without leave to amend for claims against court-appointed psychologist based upon alleged failure to disclose conflicts of interest]; <u>Frost v. Geernaert</u> (1988) 200 Cal.App.3d 1104, 1107 [affirming demurrer sustained without leave to amend for claims against sitting judges for corruption, fraud, and conspiracy].

In <u>Dennis</u>, <u>supra</u>, the United States Supreme Court upheld a dismissal of an action for damages against a judge, in which the plaintiff alleged a "corrupt conspiracy involving bribery." <u>Dennis</u>, <u>supra</u>, 449 U.S. at pp. 24, 27 The Supreme Court held that the judge was properly dismissed as he was immune from liability under the judicial immunity doctrine.[7]  The judicial immunity doctrine was held to apply even though the judge was alleged to have accepted a bribe from the parties to issue an injunction, which was later dissolved by an appellate court.  <u>Id</u>. at p. 24.  The Supreme Court held that judicial immunity applies even if the plaintiff alleges corruption and malicious acts committed by a judge:

---

[7]    Mr. Rogozienski cited <u>Dennis v. Sparks</u> in his opening appellate brief to the Court of Appeal as well as in his opposition to Mr. Allen's demurrer in the trial court.

9

EXHIBIT "A" PAGE 12

LOVE01331

> Judicial immunity arose because it was in the pubic interest to have judges who were at liberty to exercise their independent judgment about the merits of a case without fear of being mulcted for damages should an unsatisfied litigant be able to convince another tribunal that the judge acted not only mistakenly but with malice and corruption. [Citations omitted.]

Id. at p. 31.

Other cases are in accord with Dennis. For example, in Ricotta, supra, the plaintiff alleged that certain judges and judge pro tems had accepted bribes and had violated certain duties under the judicial canons and other laws, among other things. Ricotta, supra, 4 F.Supp.2d at p. 970-971. The plaintiff sought damages for the amount of the judgments entered against him in the underlying marital dissolution proceedings, damages for alleged loss of business reputation, an ability to earn a livelihood, attorney's fees incurred in the "corrupt trials," and other damages and relief. Id. at p. 971.

The California district court recognized that judicial immunity applies to pro tem judges. Moreover, the court rejected the plaintiff's claim that the pro tem judge had refused to recuse himself despite his alleged relationship with the plaintiff's wife's attorney. Id. at p. 973. The court dismissed the plaintiff's claims and stated:

> [A]llegations that a conspiracy produced a certain decision should no more pierce the actors' immunity than allegations of bad faith, personal

10

EXHIBIT "A" PAGE 13

LOVE01332

interest or outright malevolence.    [Citations omitted.] The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. [Citation omitted.] To effectuate this policy the Ninth Circuit broadly construes the scope of judicial immunity which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy.    [Citation omitted.] (Emphasis added.)

Id. at p. 972.

In affirming the trial court's rulings on the demurrer and judgment of dismissal in favor of Mr. Allen, the Court of Appeal correctly applied the judicial immunity doctrine. The Court of Appeal found that the alleged acceptance of a "gift" and failure to disclose such "gift," which resulted in Mr. Allen's disqualification, constituted alleged judicial acts and omissions that bar a civil action under the judicial immunity doctrine. (Court of Appeal Opinion, p. 11.) Established California law precludes Mr. Rogozienski from seeking damages against a temporary judge in a civil action. Accordingly, the petition for review should be denied.

## IV.

## CONCLUSION

The petition raises no issue meriting this Court's review. Established law and compelling public policies underlying judicial immunity prohibits the

11

EXHIBIT "A" PAGE 14

LOVE01333

instant civil action. The Court of Appeal's decision is correct, and the petition

for review should be denied.

Dated: May _21_, 2007 ENGLISH & GLOVEN
A Professional Corporation

By: _Donald English_.
   Donald A. English
   Christy I. Yee
Attorneys for Respondent
James D. Allen

12

EXHIBIT "A" PAGE 15

LOVE01334

# EXHIBIT "B"

LOVE01335

CASE NO.: S151974

COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT—DIVISION ONE

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | 4th Civil № D047858 |
| Plaintiff and Appellant, | SDSC Case № |
| v. | GIC843843 |
| JAMES D. ALLEN and S. MICHAEL LOVE, | |
| Defendants and Respondents. | |

ON APPEAL FROM THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
THE HONORABLE JOAN M. LEWIS, JUDGE PRESIDING

## PROOF OF SERVICE

I, Patty Cortez, declare as follows:

1.     I am employed with the law firm of White & Oliver, 550 West C Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2.     On May 22, 2007, I served or caused to be served the following documents:

**ANSWER TO PETITION FOR REVIEW OF RESPONDENT S. MICHAEL LOVE**

EXHIBIT "B" PAGE 1

LOVE01336

on the interested parties in this action as indicated below:

    Clerk of the Superior Court . . . . . . . . . . . . . . . . . *Via United States Mail*
    Appeal Desk
    330 West Broadway, Dept. 74
    San Diego, California 92101

    California Court of Appeal. . . . . . . . . . . . . . . . . *Via United States Mail*
    Fourth Appellate District, Division One
    750 B Street, Third Floor
    San Diego, California 92101

    District Attorney's Office . . . . . . . . . . . . . . . . . *Via United States Mail*
    c/o Appellate Division
    San Diego Superior Court
    330 West Broadway, No. 1300
    San Diego, California 92101

    Office of the Attorney General . . . . . . . . . . . . . . *Via United States Mail*
    Consumer Law Section
    455 Golden Gate Avenue, Suite 11000
    San Francisco, California 94102-7004

    Office of the Attorney General . . . . . . . . . . . . . . *Via United States Mail*
    State Solicitor General
    455 Golden Gate Avenue, Suite 11000
    San Francisco, California 94102-7004

    ***Appellant***
    Frank E. Rogozienski, Esq... . . . . . . . . . . . . . . . . *Via United States Mail*
    FRANK E. ROGOZIENSKI, INC.
    1660 Union Street, Suite 300
    San Diego, CA 92101

    ***Counsel for Defendant***
    Donald A. English, Esq. . . . . . . . . . . . . . . . . . . . *Via United States Mail*
    ENGLISH & GLOVEN
    550 West C Street, Suite 1800
    San Diego, CA 92101

■   (BY MAIL) C.C.P. § 1013(a)(1) & (3):  I deposited such envelope in the
    mail at San Diego, California. The envelope was mailed with postage
    thereon fully prepaid. I am "readily familiar" with the firm's practice of

1

EXHIBIT "B" PAGE 2

LOVE01337

collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY PERSONAL SERVICE) C.C.P. § 1011:  I caused to be delivered such envelope by and to the offices of the addressee.

■    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 22 day of May, 2007 at San Diego, California.

Patty Cortez

2

EXHIBIT "B" PAGE 3

LOVE01338

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870
5  Email: rogolaw@pacbell.net

6  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
   FRANK E. ROGOZIENSKI,              )    CASE NO. 07 CV 0742 JAH(WMC)
11                                     )
            Plaintiff,                 )    PROOF OF SERVICE
12  v.                                 )
                                       )
13  JAMES D. ALLEN, S. MICHAEL LOVE,   )
    and DOES 1 through 10, inclusive,  )
14                                     )
            Defendants.                )
15  _____ )

16
            I, the undersigned, certify and declare that I am a citizen of the United States, over the age of 18
17  years, employed in the County of San Diego, State of California, at the above address and not a party to the
    above entitled cause. On July 19, 2007, I caused to be served as indicated by electronic service or United
18  States First Class Mail postage prepaid, a copy of the attached:

19              REPLY TO OPPOSITION OF DEFENDANT, S. MICHAEL LOVE TO
                PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
20

21

22  as follows:

23  DONALD A. ENGLISH, ESQ.                 DANIEL M. WHITE, ESQ.
    ENGLISH & GLOVEN                        WHITE & OLIVER
24  550 West "C" St., No. 1800              550 West "C" Street, No. 950
    San Diego, CA 92101                     San Diego, CA 92101
25  Via United States Mail                  Via Email: dwhite@whiteoliver.com

26  ////

27  ////

28
    PROOF OF SERVICE                                   Case No. 07-CV-0742 JAH(WMC)

                                    1

LOVE01339

1  SAN DIEGO SUPERIOR COURT              CALIFORNIA COURT OF APPEAL
   COUNTY OF SAN DIEGO                   FOURTH APPELL. DIST., DIV ONE
2  330 W. Broadway                       750 "B" Street, Room 300
   San Diego, CA 92101                   San Diego, CA 92101
3  Via United States Mail                Via United States Mail

4  SUPREME COURT OF CALIFORNIA           HON. JOHN A. HOUSTON
   350 McAllister Street                 United States District Court
5  San Francisco, CA 94102               Southern District of California
   Via United States Mail                880 Front Street
6                                        San Diego, CA 92101
                                         Via United States Mail
7

8  Executed on: July 19, 2007

9       I declare under penalty of perjury under the laws of the State of California that the above is true and
   correct.
10

11                                       Sherryl M. Bolinger

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  PROOF OF SERVICE                     Case No. 07-CV-0742 JAH(WMC)

                                   2

                                                        L0VE01340

EXHIBIT 1-E

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10   FRANK E. ROGOZIENSKI,            )   Civil No.07cv0742 JAH (LSP)
                                      )
11                   Plaintiff,       )   ORDER GRANTING PLAINTIFF'S
                                      )   MOTION TO REMAND AND
12   v.                               )   DENYING REQUEST FOR
                                      )   SANCTIONS [Doc. No. 9]
13   JAMES D. ALLEN, et. al.,         )
                                      )
14                   Defendants.      )
     ─────────────────────────────────)

15                         BACKGROUND

16          Plaintiff originally filed a complaint in Superior Court of the State of California for

17   the County of San Diego on March 7, 2005, and filed a first amended complaint ("FAC")

18   on March 28, 2005, naming James D. Allen, S. Michael Love and Does 1 through 10 as

19   defendants. On October 19, 2005, the Honorable Joan M. Lewis, Superior Court Judge,

20   issued an order sustaining Defendant Allen's demurrer and Defendant Love's demurrer.

21   The FAC was dismissed without leave to amend. Plaintiff filed an appeal on January 4,

22   2006. The California Court of Appeal affirmed in part and reversed in part in an opinion

23   filed March 23, 2007. The matter was removed to the District Court upon Defendant

24   Love's notice of removal filed on April 23, 2007.[1] Plaintiff filed the pending motion to

25   remand on May 22, 2007. Defendant filed a response on July 12, 2007, and Plaintiff filed

26

27   ───────────────────────────
        [1]Plaintiff filed a petition for review with the California Supreme Court on May 2, 2007. See
28   Supreme Court Docket printout, Defendant's Attachment 1 at 1. Noting the matter was removed on April
     23, 2007, the California Supreme Court struck the petition and closed the case. See id. at 2. The petition
     and related documents are lodged as received to be filed if and when the matter is remanded. Id.

                                                                                              07cv742

1   a reply on July 19, 2007.  The motion was set for hearing on July 26, 2007 but was taken

2   under submission without oral argument pursuant to Local Rule 7.1.

3   ## DISCUSSION

4       Plaintiff argues remand is warranted, because the removal was not timely filed, not

5   all defendants joined in the remand, and removal from the Supreme Court of California

6   is uncertain.  Plaintiff also seeks sanctions against Defendant Love.

7   ## I.  Legal Standard

8       The federal court is one of limited jurisdiction.  See Gould v. Mutual Life Ins. Co.

9   v. New York, 790 F.2d 769, 774 (9th Cir. 1986).  As such, it cannot reach the merits of

10  any dispute until it confirms its own subject matter jurisdiction.  Steel Co. v. Citizens for

11  a Better Environ., 118 S.Ct. 1003, 1012 (1998).  "Jurisdiction is power to declare the law,

12  and when it ceases to exist, the only function remaining to the court is that of announcing

13  the fact and dismissing the cause."  Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.)

14  506, 614 (1868)).  District courts must construe the removal statutes strictly against

15  removal and resolve any uncertainty as to removability in favor of remanding the case to

16  state court.  Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

17      Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq.  A state court action

18  can only be removed if it could have originally been brought in federal court.  Caterpillar,

19  Inc. v. Williams, 482 U.S. 386, 392 (1987).  Thus, for an action to be removed on the

20  basis of federal question jurisdiction, the complaint must establish either that federal law

21  creates the cause of action or that the plaintiff's right to relief necessarily depends on the

22  resolution of substantial questions of federal law.  See Franchise Tax Board of Cal. v.

23  Construction Laborers Vacation Trust for Southern Cal., 461 U.S. 1, 10 (1983).  The

24  plaintiff is the master of the claim, and federal jurisdiction exists only when a federal

25  question is presented on the face of the properly pleaded complaint.  See Caterpillar, 482

26  U.S. at 392.  The Court determines its jurisdiction from the complaint as it existed at the

27  time of removal, not as subsequently amended.  Libhart v. Santa Monica Dairy Co., 592

28  F.2d 1062, 1065 (9th Cir. 1979).  Further, removal cannot be based on a counterclaim.

07cv742

LOVE01342

1    Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985).

2       The defendant has the burden of establishing that removal is proper and supporting

3 its jurisdictional allegations with competent proof. Gaus v. Miles, Inc., 980 F.2d 564, 566

4 (9th Cir. 1992) (per curiam); Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709,

5 712 n.3 (9th Cir. 1990). In addition, the defendant must file a timely notice of removal.

6 28 U.S.C. § 1446(b). The notice of removal must be filed within 30 days after receipt of

7 a copy of the initial pleading if removability can be determined from its text. Id.

8       All defendants must join in the notice of removal. Parrino v. FHP, Inc., 146 F.3d

9 699, 703 (9th Cir. 1998). However, only properly served defendants need join. Emrich

10 v. Touche Ross and Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). When fewer than all

11 defendants join in the removal, the removing party has the burden of explaining

12 affirmatively the absence of any co-defendants in the notice of removal. Prize Frize, Inc.

13 v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999).

14 **II. Analysis**

15       Plaintiff contends the removal is untimely because it became apparent to Defendant

16 that the cause of action included a federal claim more than thirty days prior to the filing

17 of the notice of removal. Plaintiff argues Defendant knew the action included a federal

18 claim no later than May 25, 2005, because Defendant filed a demurrer that day which

19 included an argument that Plaintiff's Seventh Cause of Action failed to state a claim for

20 violation of civil rights and cited to a Central District of California case involving alleged

21 violations of civil rights under 42 U.S.C. § 1983. He further argues Defendant was also

22 aware of the federal claim upon receiving the transcript of the oral argument on the

23 demurrer, during which Plaintiff asserted he satisfied the elements of Section 1983.

24 Plaintiff presumes Defendant obtained the Reporter's Transcript of the hearing no later

25 than when he filed the Respondent's Brief in the California Court of Appeal on August 25,

26 2006. Additionally, Plaintiff contends Defendant was aware of the federal claim from

27 Appellant's Opening Brief in the California Court of Appeal served on May 4, 2006, which

28 included a section discussing Section 1983 under the heading "Liability for Civil Rights

07cv742

LOVE01343

1    Violation (Plaintiff's Seventh Cause of Action)."  Motion at 5.  Plaintiff further points to

2    Defendants statement in a footnote to his Respondent's Brief filed August 25, 2006, that

3    Plaintiff "believes he has a claim under 42 U.S.C. § 1983  and Appellants Reply Brief filed

4    October 16, 2006, which included a statement he "clearly stated a civil rights action

5    against Mr. Love under 42 U.S.C. § 1983." Id. at 6.

6         Defendant argues the grounds for removal were not stated within the four corners

7    of the original complaint, the FAC or his appellate briefs and no paper existed from which

8    he could ascertain the case was removable prior to the Court of Appeal opinion issued

9    March 23, 2007.  Defendant contends Plaintiff specifically stated Section 1983 was not

10   the basis of his claims in his response to the demurrer.  Instead, Plaintiff maintained the

11   Seventh Cause of Action involved a violation of rights under California Civil Code §

12   52.1(b).  Defendant also contends that although Plaintiff alluded to Section 1983 during

13   oral argument on the demurrer, he never indicated his intent to pursue a Section 1983

14   claim.  He argues Plaintiff's Appellate Brief did not state a basis for removal, because the

15   discussion of Section 1983 contained therein merely distinguished between Section 1983

16   and Section 52.1 and Plaintiff continued with his strategy of vagueness by stating the civil

17   rights cause of action is not tied to any specific statutory provision.  Defendant maintains

18   the appeal court was generous in finding Plaintiff intended to assert a civil rights cause of

19   action under both Section 1983 and Section 52.1 and the appeal court opinion was the

20   first document from which he could ascertain the case was removable.

21        In reply, Plaintiff maintains he argued to the trial court that his civil rights cause

22   of action sufficiently alleged a Section 1983 claim, Appellant's Opening Brief discussed

23   Section 1983 as a basis of his claims, the Respondent's Brief specifically stated Defendant

24   knew Plaintiff believes he has a claim under Section 1983, and Appellant's Reply Brief

25   clearly stated "[a]ppellant has clearly stated a civil rights action against Mr. Love under

26   42 U.S.C. § 1983."Exh. 2 at 759.

27        A notice of removal must be filed within thirty days after receipt of the initial

28   pleading if removability may be ascertained from its text.  28 U.S.C. § 1446(b); Harris v.

4

07cv742

LOVE01344

1   Bankers Life and Cas. Co., 425 F.3d 689 (9th Cir. 2005).  Plaintiff admits the grounds for

2   removal are not ascertainable from the complaint.  See Reply at 4 ("what is stated (or not

3   stated) within the four corners of Plaintiff's complaint is **not** applicable. . .where it is

4   subsequent pleadings and papers from which it may first be ascertained that the case is one

5   which is or has become removable.").  As such, Defendant was required to file the notice

6   of removal within thirty days after receipt of "an amended pleading, motion, order or

7   other paper from which it may first be ascertained that the case is one which is or has

8   become removable. . ." 42 U.S.C. § 1446(b).

9          Here, Defendant had thirty days from receipt of an official document indicating

10  Plaintiff was asserting a Section 1983 claim in his Seventh Cause of Action.  See Riggs v.

11  Continental Baking Co., 678 F.Supp. 236, 238 (N.D.Cal. 1988) ("The elements of

12  removability must be specifically indicated in official papers before the statutory period

13  begins to run.").  The first document to contain information suggesting the Seventh Cause

14  of Action asserts a claim pursuant to Section 1983 is the transcript of the hearing on

15  Defendant's demurrer.[2]  There are no cases addressing the issue as to whether a transcript

16  of a hearing may serve as the "other paper" described in Section 1446(b).  The Court

17  finds, however, it need not make this determination, because Plaintiff's discussion

18  provided in the transcript does not clearly assert a Section 1983, especially in light of

19  Plaintiff's statement in his written opposition to the demurrer that Section 1983 was not

20  a basis of his claim.[3]

21         Plaintiff's discussion of Section 1983 in Appellant's Opening Brief is equally vague.

22  However, Plaintiff specifically contends, in his Reply Brief, that he "state[s] a civil rights

23

24         [2] Plaintiff's argument regarding Defendant's discussion in the demurrer of Section 1983 fails, because

25  the demurrer does not serve as an "other paper" from which Defendant can ascertain removability.  Plaintiff
    is the "master of the claim" and Defendant cannot transform the claim to select a forum.  See Caterpillar

26  Inc. 482 U.S. 386, 394, 399.

27         [3] Plaintiff's discussion during oral argument would not survive the standard that the removal statute
    must be construed strictly against removal and any uncertainty must be resolved in favor of remand.  See

28  Boggs, 863 F.2d 662, 663 (9th Cir. 1988).  Had the defendant removed the action based upon the discussion
    during oral argument, the action would have been remanded upon motion, because there is substantial doubt
    as to whether Plaintiff asserted a Section 1983 claim.

5

07cv742

LOVE01345

1  action against Mr. Love under 42 U.S.C. § 1983. . ." Defendant's Exh. 2 at 759. As such,

2  the brief in which Plaintiff unequivocally asserts a claim pursuant to Section 1983 is the

3  "other paper" from which Defendant could ascertain removability. However, removal of

4  a case pending in the state's court of appeal may not be proper. See e.g. F.D.I.C. v.

5  Letterman Bros., 880 F.2d 1298, 1300 (9th Cir. 1992) ("The statute [12 U.S.C. § 1819]

6  thus may imply that the case must still be pending in the state trial court, and not the

7  appellate court, at the time of removal."). As noted by both parties, the Ninth Circuit has

8  recognized the authority of the Resolution Trust Corporation to remove cases from a state

9  appellate court before judgment is final under 12 U.S.C. § 1441(a)(1), see RTC v. BVS

10  Development, Inc., 42 F.2d 1206 (9th Cir. 1994), but is silent as to the removability of

11  non-Resolution Trust Corporation cases pending in the state court of appeal.

12       Because there is a question whether removal from a state appellate court is

13  permissible, the Court, construing the removal statute strictly against removal, finds

14  Defendant's failure to file a notice of removal within thirty days of receiving the Reply

15  Brief does not render the removal untimely. However, the Court finds the notice of

16  removal filed after the court of appeal issued its opinion but before the action was remitted

17  to the trial court was premature and the action must be remanded. See Gaus v. Miles,

18  Inc., 980 F.2d 564 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any

19  doubt as to the right of removal in the first instance.").

20  **III.  Sanctions**

21       Plaintiff requests imposition of sanctions pursuant to Rule 11 of the Federal Rules

22  of Civil Procedure. Plaintiff argues Defendant acted in bad faith in filing an improper

23  notice of removal, because he was aware that Plaintiff asserted a Section 1983 claim prior

24  to the appeal court decision. Finding no evidence of bad faith, the Court determines

25  sanctions are not warranted.

26                          CONCLUSION

27       Based on the foregoing, **IT IS HEREBY ORDERED** Plaintiff's motion for remand

28  is **GRANTED IN PART AND DENIED IN PART**. The above-captioned case is

LOVE01346

1   remanded to the Court of Appeal, Fourth Appellate District, State of California.  Plaintiff's

2   request for sanctions is **DENIED**.

3

4   DATED:  November 20, 2007

5

6                                              HON. JOHN A. HOUSTON
                                               United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv742

LOVE01347

California Courts - Appellate Court Case Information                    Page 1 of 3

# CALIFORNIA APPELLATE COURTS
### Case Information



| Supreme Court | **Supreme Court** | Change court |

Court data last updated: 02/12/2008 03:53 PM

| Welcome |
| Search |
| E-mail |
| Calendar |
| Help |
| Options |

<u>Case Summary</u>   <u>Docket</u>   <u>Briefs</u>
<u>Disposition</u>   <u>Parties and Attorneys</u>   <u>Lower Court</u>

C|C
home

## Docket (Register of Actions)

**ROGOZIENSKI v. ALLEN**
**Case Number <u>S151974</u>**

| Date | Description | Notes |
|------|-------------|-------|
| 04/19/2007 | Request for publication filed (initial case entry) | Frank E. Rogozienski, Appellant in pro per |
| 05/02/2007 | Petition for review filed | Frank E. Rogozienski, plaintiff and appellant in pro se |
| 05/03/2007 | Received Court of Appeal record | one doghouse |
| 05/10/2007 | Received: | A copy of the service of Removal of Action, filed in the U.S. District Court for the Southern District of California by Steven G. Amundson, Counsel Case Number 07-CV-0742 |
| 05/11/2007 | Letter sent to: | Daniel M. White, Counsel re S151974 Rogozienki v Allen |
| 05/17/2007 | Received: | Fax copy of Steven G. Amundson Letter to the Court addressed to Deputy Clerk Perez from Frank E. Rogozienski, appellant |
| 05/18/2007 | Received: | Lettter from Steven G. Amundson addressed to Deputy Clerk Perez re Notice of Removal of Action. |
| 05/22/2007 | Answer to petition for review filed | James D. Allen, Respondent Donald A. English, Counsel |
| 05/22/2007 | Answer to petition for review filed | S. Michael Love, respondent Daniel M. White, Counsel |
| 05/24/2007 | Received: | Service copies of pleadings filed in the U.S. Distict Court, Southern District of California Notice of Motion and Motion to Remand and for Sanctions Memorandum of Points and Authorities in Support of Motion to Remand and Sanctions Certification of Exhibits and Exhibits Lodge in Support of Plaintiff's Motion to Remand and for Sanctions Proof of Service Frank E. Rogozienski, Plaintiff |
| 05/31/2007 | Received: | Service copies of pleadings filed in the U.S. Distict Court, Southern District of California Amended Notice of Motion and Motion to Remand and for Sanctions |

LOVE01348

California Courts - Appellate Court Case Information                    Page 2 of 3

| | | Amended Memorandum of Points and Authorities in Support of Motion to Remand and Sanctions Proof of Service Frank E. Rogozienski, Plaintiff |
|---|---|---|
| 06/01/2007 | Reply to answer to petition filed | Frank E. Rogozienski, petitioner in pro per. |
| 06/22/2007 | Time extended to grant or deny review | The time for granting or denying review in the above-entitled matter is hereby extended to and including July 31, 2007, or the date upon which review is either granted or denied. |
| 07/09/2007 | Received: | Notice of Errata re Defendant's Notice of Removal Under 28 U.S.C. Section 1441(b) |
| 07/11/2007 | Case removed to federal court; petition stricken | The Petition for Review filed by Frank Rogozienski on May 2, 2007, the Answers to Petition for Review filed by Frank D. Allen and S. Michael Love on May 22, 2007, and the Reply to Answers to Petition for Review filed by Frank Rogozienski on June 1, 2007, are hereby stricken in light of S. Michael Love's Notice of Removal of Action, filed in the United States District Court for the Southern District of California, a copy of which was served on this court April 23, 2007. The Petition for Review, the Answers, and the Reply are lodged as "received." If and when this Court receives notice that the matter has been remanded by the United States District Court for the Southern District of California, these documents will be deemed filed as of the date that this Court receives notice of such remand. |
| 11/20/2007 | Answer to petition for review filed | James D. Allen, Respondent Donald A. English, Counsel |
| 11/20/2007 | Petition for review filed | Frank E. Rogozienski, Appellant in pro per |
| 11/20/2007 | Answer to petition for review filed | S. Michael Love, respondent Daniel M. White, Counsel |
| 11/20/2007 | Answer to petition for review filed | James D. Allen, Respondent Donald A. English, Counsel |
| 11/20/2007 | Reply to answer to petition filed | Frank E. Rogozienski, petitioner in pro per. |
| 11/27/2007 | Notice of remand by federal court after removal | Notice of the Federal Court's order remanding this matter to Court of Appeal, Fourth Appellate Ditrict, Division One. |
| 12/12/2007 | Order filed | Notice of the federal court's order remanding this matter to the state court having been given by Frank Rogozienski's letter dated November 20, 2007, and in light of this court's July 11, 2007 ruling, the Petition for Review submitted by Frank Rogozienski and filed by this Court on May 2, 2007, the Answers filed by James |

LOVE01349

California Courts - Appellate Court Case Information                                     Page 3 of 3

| | | |
|---|---|---|
| | | D. Allen and S. Michael Love on May 22, 2007 and the Reply filed by Frank Rogozienski on June 1, 2007 are deemed filed with this court as of November 20, 2007. This matter will decided by this court in accordance with its usual timetables and procedures based on the filing date of November 20, 2007. |
| 12/12/2007 | Note: | Records reordered from Court of Appeal. |
| 12/14/2007 | Received Court of Appeal record | three doghouses/briefs/exhbits |
| 01/16/2008 | Petition for review denied | |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

LOVE01350

**EXHIBIT 3**

Court of Appeal, Fourth Appellate District, Div. 1 - No. D047858
**S151974**

# IN THE SUPREME COURT OF CALIFORNIA

## En Banc

FRANK ROGOZIENSKI, Plaintiff and Appellant,

v.

JAMES D. ALLEN et al., Defendants and Respondents.

The petition for review is denied.
The request for an order directing publication of the opinion is denied.

SUPREME COURT
**FILED**

**JAN 1 6 2008**

Frederick K. Ohlrich Clerk

Deputy

**GEORGE**

Chief Justice

LOVE01351

ROGOZIENSKI v. ALLEN

# Supreme Court of California
## Docket Listing

2/14/2008

S151974

Page 1 of 3

| | |
|---|---|
| **Case Number:** | S151974 |
| **Current Status:** | closed |
| **Case Title:** | ROGOZIENSKI v. ALLEN |
| **Start Date:** | 4/19/2007 |
| **Case Category:** | Review - Civil Appeal |

---

## Court of Appeals Case Information

**Lead CA Case**
D047858      CA Opinion Non-Published      Disposed:3/23/2007

---

## Lower Court Case Information

GIC843843      San Diego County Superior Court - Main      Lewis (Joan M.)

---

## Party Information

**Attorneys**

JAMES D. ALLEN
    Defendant and Respondent

DONALD A. ENGLISH
    Lead Attorney
    English & Gloven
    550 W "C" Street, Suite 1800
    San Diego, CA 92101

MICHAEL S. LOVE
    Defendant and Respondent

DANIEL M. WHITE
    Lead Attorney
    White & Oliver
    550 W "C" Street, Suite 950
    San Diego, CA 92101-3551

FRANK ROGOZIENSKI
    Plaintiff and Appellant

FRANK E. ROGOZIENSKI
    Lead Attorney
    Attorney at Law
    1660 Union Street, 3rd Floor
    San Diego, CA 92101

---

## Docket Events

| Date | Event |
|---|---|
| 4/19/2007 | Request for publication filed (initial case entry) |
| | Frank E. Rogozienski, Appellant in pro per |
| 5/2/2007 | Petition for review filed |
| | Frank E. Rogozienski, plaintiff and appellant in pro se |
| 5/3/2007 | Received Court of Appeal record |
| | one doghouse |
| 5/10/2007 | Received: |
| | A copy of the service of Removal of Action, filed in the U.S. District Court |
| | for the Southern District of California by Steven G. Amundson, Counsel |
| | Case Number 07-CV-0742 |
| 5/11/2007 | Letter sent to: |
| | Daniel M. White, Counsel re S151974 Rogozienki v Allen |
| 5/17/2007 | Received: |

L0VE01352

ROGOZIENSKI v. ALLEN

# Supreme Court of California

2/14/2008

S151974

## Docket Listing

Page 2 of 3

|  |  |
|---|---|
|  | Fax copy of Steven G. Amundson Letter to the Court addressed to Deputy Clerk Perez from Frank E. Rogozienski, appellant |
| 5/18/2007 | Received: |
|  | Lettter from Steven G. Amundson addressed to Deputy Clerk Perez re Notice of Removal of Action. |
| 5/22/2007 | Answer to petition for review filed |
|  | James D. Allen, Respondent |
|  | Donald A. English, Counsel |
| 5/22/2007 | Answer to petition for review filed |
|  | S. Michael Love, respondent |
|  | Daniel M. White, Counsel |
| 5/24/2007 | Received: |
|  | Service copies of pleadings filed in the U.S. Distict Court, Southern District of California |
|  | Notice of Motion and Motion to Remand and for Sanctions |
|  | Memorandum of Points and Authorities in Support of Motion to Remand and Sanctions |
|  | Proof of Service |
|  | Frank E. Rogozienski, Plaintiff |
|  | Certification of Exhibits and Exhibits Lodge in Support of Plaintiff's Motion to Remand and for Sanctions |
| 5/31/2007 | Received: |
|  | Service copies of pleadings filed in the U.S. Distict Court, Southern District of California |
|  | Amended Notice of Motion and Motion to Remand and for Sanctions |
|  | Amended Memorandum of Points and Authorities in Support of Motion to Remand and Sanctions |
|  | Proof of Service |
|  | Frank E. Rogozienski, Plaintiff |
| 6/1/2007 | Reply to answer to petition filed |
|  | Frank E. Rogozienski, petitioner in pro per. |
| 6/22/2007 | Time extended to grant or deny review |
|  | The time for granting or denying review in the above-entitled matter is hereby extended to and including July 31, 2007, or the date upon which review is either granted or denied. |
| 7/9/2007 | Received: |
|  | Notice of Errata re Defendant's Notice of Removal Under 28 U.S.C. Section 1441(b) |
| 7/11/2007 | Case removed to federal court; petition stricken |
|  | The Petition for Review filed by Frank Rogozienski on May 2, 2007, the Answers to Petition for Review filed by Frank D. Allen and S. Michael Love on May 22, 2007, and the Reply to Answers to Petition for Review filed by Frank Rogozienski on June 1, 2007, are hereby stricken in light of S. Michael Love's Notice of Removal of Action, filed in the United States District Court for the Southern District of California, a copy of which was served on this court April 23, 2007. The Petition for Review, the Answers, and the Reply are lodged as "received." If and when this Court receives notice that the matter has been remanded by the |

LOVE01353

ROGOZIENSKI v. ALLEN

# Supreme Court of California

## Docket Listing

S151974

2/14/2008

Page 3 of 3

United States District Court for the Southern District of
California, these documents will be deemed filed as of the date
that this Court receives notice of
such remand.

| | |
|---|---|
| 11/20/2007 | Answer to petition for review filed |
| | James D. Allen, Respondent |
| | Donald A. English, Counsel |
| 11/20/2007 | Petition for review filed |
| | Frank E. Rogozienski, Appellant in pro per |
| 11/20/2007 | Answer to petition for review filed |
| | S. Michael Love, respondent |
| | Daniel M. White, Counsel |
| 11/20/2007 | Answer to petition for review filed |
| | James D. Allen, Respondent |
| | Donald A. English, Counsel |
| 11/20/2007 | Reply to answer to petition filed |
| | Frank E. Rogozienski, petitioner in pro per. |
| 11/27/2007 | Notice of remand by federal court after removal |
| | Notice of the Federal Court's order remanding this matter to |
| | Court of Appeal, Fourth Appellate Ditrict, Division One. |
| 12/12/2007 | Order filed |
| | Notice of the federal court's order remanding this matter to the |
| | state court having been given by Frank Rogozienski's letter dated |
| | November 20, 2007, and in light |
| | of this court's July 11, 2007 ruling, the Petition for Review |
| | submitted by Frank Rogozienski and filed by this Court on May |
| | 2, 2007, the Answers filed by James |
| | D. Allen and S. Michael Love on May 22, 2007 and the Reply |
| | filed by Frank Rogozienski on June 1, 2007 are deemed filed with |
| | this court as of November 20, |
| | 2007. This matter will decided by this court in accordance with |
| | its usual timetables and procedures based on the filing date of |
| | November 20, 2007. |
| 12/12/2007 | Note: |
| | Records reordered from Court of Appeal. |
| 12/14/2007 | Received Court of Appeal record |
| | three doghouses/briefs/exhbits |
| 1/16/2008 | Petition for review denied |

California Courts - Appellate Court Case Information                Page 1 of 4

# CALIFORNIA APPELLATE COURTS

Case Information



| Welcome | **4th Appellate District Division 1** (Cases |
| Search | begin at D035601) |
| E-mail | Court data last updated: 02/12/2008 04:05 PM |
| Calendar | |
| Help | **Case Summary    Docket    Scheduled Actions    Briefs** |
| Opinions | **Disposition    Parties and Attorneys    Trial Court** |

Change court

## Docket (Register of Actions)

**Rogozienski v. Allen et al.**
**Case Number D047858**

| Date | Description | Notes |
|---|---|---|
| 01/18/2006 | Notice of appeal lodged/received. | filed in superior court on January 4, 2006, by Rogozienski. |
| 01/18/2006 | Appellate package sent. | |
| 01/18/2006 | Notice per rule 5.1 - with reporter's transcript. | filed in superior court on January 9, 2006. |
| 01/30/2006 | REPORTER'S TRANSCRIPT FILED*** | Clerks rule 5.1; Reporters-1 (34) |
| 01/30/2006 | Civil case information statement filed. | Rogozienski |
| 01/25/2006 | Notice to reporter to prepare transcript. | Patricia Whitelaw - 9/2/05 |
| 02/28/2006 | Stipulation of extension of time filed to: | Attorney: Pro per to 4/14/06 for opening brief Party: Rogozienski, Frank |
| 04/19/2006 | Appellant notified pursuant to rule 17 (a)(1). | |
| 05/05/2006 | Appellant's appendix filed. | 2 Vols. (484) |
| 05/05/2006 | APPELLANT'S OPENING BRIEF. | Attorney: Pro per Party: Rogozienski, Frank |
| 05/05/2006 | Filed document entitled: | Notice of Related Cases - filed by appellant |
| 05/30/2006 | Stipulation of extension of time filed to: | Attorney: English, Donald > 45 days for BOTH respondents to 7/20/06 Party: Allen, James Attorney: White, Daniel Party: Love, S. Stip. returned via messenger slip |

LOVE01355

| | | |
|---|---|---|
| 07/19/2006 | Stipulation of extension of time filed to: | Attorney: English, Donald > 15 days for BOTH respondents to 8/4/06<br>Party: Allen, James |
| 08/10/2006 | Respondent notified pursuant to rule 17(a)(2). | AS to BOTH respondents |
| 08/25/2006 | RESPONDENT'S BRIEF. | Attorney: English, Donald<br>Party: Allen, James |
| 08/25/2006 | RESPONDENT'S BRIEF. | Attorney: White, Daniel<br>Party: Love, S. |
| 09/12/2006 | Stipulation of extension of time filed to: | Attorney: Pro per > 30 days to 10/16/06<br>Party: Rogozienski, Frank |
| 10/17/2006 | APPELLANT'S REPLY BRIEF. | Attorney: Pro per ** Constructively filed CRC 40<br>Party: Rogozienski, Frank |
| 10/17/2006 | Oral argument waiver notice sent. | 10/27/06 |
| 10/17/2006 | CASE FULLY BRIEFED. | |
| 10/26/2006 | Request for oral argument filed by: | respondent/15 min. (as to James Allen) |
| 10/30/2006 | Request for oral argument filed by: | appellant/15 min |
| 11/02/2006 | Request for oral argument filed by: | respondent/15 min. (as to Michael Love) BLC |
| 12/04/2006 | **CALENDAR NOTICE SENT** Calendar Date: | Monday, January 8, 2007 at l:30 p.m. |
| 12/29/2006 | Filed letter from: | Atty English requesting o/a be rescheduled |
| 01/03/2007 | Order filed. | The order of December 4, 2006 placing this matter on calendar for<br>Monday, January 8, 2007 at 1:30 p.m. is vacated. Oral argument will<br>be calendared in FEBRUARY. Clerk of the court will notify all<br>parties of the new date and time. |
| 01/04/2007 | **CALENDAR NOTICE SENT** Calendar Date: | Friday, February 16, 2007 at l:30 p.m. |
| 02/16/2007 | Cause argued and submitted. | |
| 03/23/2007 | Opinion filed. | (Signed Unpublished) The judgment is reversed insofar as it sustained Love's demurrer to the second cause of action. It is reversed as to the seventh cause insofar as it sustained Love's demurrer with regard to the civil rights action alleged pursuant to 42 United States Code section 1983. It is sustained as to eleventh and twelfth causes of action but reversed as to the order foreclosing Frank from amending those |

LOVE01356

| | | |
|---|---|---|
| | | causes of action. In all other respects the judgment is affirmed. Each party to bear its own costs on appeal. Benke, Acting P.J., McDonald, J., McIntyre, J. |
| 04/09/2007 | Rehearing petition filed. | By Appellant |
| 04/10/2007 | Filed request to publish opinion. | By appellant, Frank Rogozienski |
| 04/16/2007 | Filed letter from: | respondent Allen re opposition to appellant's request for publication. BLC |
| 04/16/2007 | Filed document entitled: | Respondent Love's opposition to request for publication. BLC |
| 04/17/2007 | Order denying rehearing petition filed. | The request for publication of the opinion is denied and the petition for rehearing is denied. Benke, Acting P.J. |
| 04/17/2007 | Order denying publication filed. | The request for publication of the opinion is denied and the petition for rehearing is denied. Benke, Acting P.J. [1 order covers both denial of rehearing and denial of publication] |
| 04/17/2007 | Letter sent to: | And packet sent to Supreme Court RE: denial of publication. |
| 04/24/2007 | Received document entitled: | Notice of Removal of Action Under 28 U.S.C., 1441(b) (Federal Question- 42, U.S.C., 1983) [Service Copy - from Atty. White on behalf of S. Michael Love] |
| 05/02/2007 | Record transmitted to Supreme Court. | |
| 05/03/2007 | Service copy of petition for review received. | From Appellant, Rogozienski |
| 05/18/2007 | Received copy of Supreme Court filing. | Letter dated 5/15/07 from atty. Amundson to Deputy Clerk Perez. |
| 05/24/2007 | Received copy of Supreme Court filing. | Answer to Petition for Review by Respondent S. Michael Love. |
| 05/24/2007 | Received copy of Supreme Court filing. | Answer of Respondent James D. Allen to Petition for Review |
| 05/24/2007 | Received copy of: | Notice of Motion and Motion to Remand and for Sanctions; Memorandum of P's & A's in Support; Certification of Exhibits. [Filed by Frank E. Rogozienski in UNITED STATES DISTRICT COURT] |
| 05/31/2007 | Received copy of: | Amended Notice of Motion to Remand and for Sanctions. [07-CV-0742 JAH(WMC) [filed on behalf of Frank Rogozienski - to remand back to State Courts] |
| 06/01/2007 | Received copy of | Appellant's Reply to Answers to Petition for |

LOVE01357

California Courts - Appellate Court Case Information      Page 4 of 4

| | Supreme Court filing. | Review |
|---|---|---|
| 07/02/2007 | Received copy of: | Notice of Errata RE: Defendant's Notice of Removal Under 28 U.S.C. 1441(b) (Federal Question-42 U.S.C. 1983) |
| 07/11/2007 | Received copy of: | Addendum to Exhibit "2" to Defendant S. Michael Love's Notice of Removal of Action under 28 U.S.C. 1441(b) (Federal Question-42 U.S.C. 1983) |
| 07/23/2007 | Received copy of: | Reply to Oppo. of Defendant, S. Michael Love to Plaintiff's Motion to Remand and for Sanctions (filed in the U.S. District court). |
| 08/13/2007 | Record returned from Supreme Court. | |
| 11/27/2007 | Received copy of: | Judgment from Federal Court remanding case to Court of Appeal. Signed 11/20/07 |
| 11/28/2007 | Filed document entitled: | Order granting plaintiff's motion to remand and denying request for sanctions. [Certified copy from the United States District Court] |
| 12/13/2007 | Record transmitted to Supreme Court. | |
| 12/12/2007 | Supreme Court order filed re: | Notice of the federal court's order remanding this matter to the state court having been given by Frank Rogozienski's letter dated November 20, 2007, and in light of this court's July 11, 2007 ruling, the Petition for Review submitted by Frank Rogozienski and filed by this Court on May 2, 2007, the Answers filed by James D. Allen and S. Michael Love on May 22, 2007 and the Reply filed by Frank Rogozienski on June 1, 2007 are deemed filed with this court as of November 20, 2007. This matter will decided by this court in accordance with its usual timetables and procedures based on the filing date of November 20, 2007. [Order rec'd. this court 12/20/07] |
| 01/16/2008 | Petition for review denied in Supreme Court. | The petition for review is denied. The request for an order directing publication of the opinion is denied. [Order rec'd this court 1/22/08] |
| 01/22/2008 | Remittitur issued. | |
| 01/22/2008 | Case complete. | |
| 01/25/2008 | Record returned from Supreme Court. | 3 vols. |

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

LOVE01358

**Exhibit 5**

| ATTORNEY OR PARTY WITHOUT ATTORNEY(*Name, state bar number, and address*): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO.: | **RECEIVED** |
| ATTORNEY FOR (*Name*): | **ACCOUNTING** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

**JAN 3 0 2006**

**CLERK OF THE SUPERIOR COURT**

PLAINTIFF(S)/PETITIONER(S)

*Rogozienski*

DEFENDANT(S)/RESPONDENT(S)

*Allen, et al*

| **REQUEST FOR PAYMENT OF TRUST FUNDS**<br>**(CRC 4; GC 69953; CCP 631.3)** | CASE NUMBER<br>*GIC 843843* |
|---|---|

*1122567*

## DECLARATION

I, *P. Whitelaw*

*Sup Ct*

☑ A Court Reporter ☐ A party ☐ An Attorney for:

do declare that the sum of $ *2038* is

presently due and owing to:

(Name) *Whitelaw, Patricia*

(Street) *220 W Broadway C/O OCRS Sup Ct Rm 3005*

(City, State, Zip) *SD CA 92101*     by reason of: *Transcript*

*prep*

(*If court order provided for interest, provide payee's tax I.D. # and mailing address for tax reporting*): _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date *1/26/06*

_____
Signature

## VERIFICATION

I certify that the sum requested above is on deposit in the _____ *Clerks* _____ Trust Fund.

**CLERK OF THE SUPERIOR COURT**

Date: *1-27-06*     by _____ *Jose M Ley* _____, Deputy

*$2.38 msd*

Bail Disbursed as Ordered   FEB 2 1 2006     (SEG)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*

FRANK E. ROGOZIENSKI, INC. (SBN 51445)
1660 Union Street, Third Floor
San Diego, CA 92101
TELEPHONE NO.: (619) 237-1878    FAX NO.: (619) 237-1870
ATTORNEY FOR *(Name):* FRANK E. ROGOZIENSKI

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3296
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

R E C E I V E D
ACCOUNTING

FEB 0 6 2006

CLERK OF THE SUPERIOR COURT

PLAINTIFF(S)/PETITIONER(S)    FRANK E. ROGOZIENSKI

DEFENDANT(S)/RESPONDENT(S)    JAMES D. ALLEN, et al.

**REQUEST FOR PAYMENT OF TRUST FUNDS**
**(CRC 4; GC 69953; CCP 631.3)**

CASE NUMBER    GIC 843843

## DECLARATION

I, _____ FRANK E. ROGOZIENSKI _____    ☐ A Court Reporter  ☐ A party  ☒ An Attorney for:

_____ FRANK E. ROGOZIENSKI _____    do declare that the sum of $ __97.62__ is

presently due and owing to:

(Name) _____ FRANK E. ROGOZIENSKI _____

(Street) _____ 1660 Union Street, Third Floor _____

(City, State, Zip) __San Diego, CA 92101__    by reason of: __refund for deposit__

*(If court order provided for interest, provide payee's tax I.D. # and mailing address for tax reporting):* _____

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

Date __January 31, 2006__

Signature
FRANK E. ROGOZIENSKI, INC.

## VERIFICATION

I certify that the sum requested above is on deposit in the _____ COURT _____ Trust Fund.

**CLERK OF THE SUPERIOR COURT**

Date: __2/16/06__    by _____ , Deputy

R1D997.62    Disbursed as ordered/required    FEB 2 2 2006    SEG

SDSC CIV-180(Rev. 4-04)    **REQUEST FOR PAYMENT OF TRUST FUNDS**    L0VE01360

1   Daniel M. White (SBN# 068011)
    Steven G. Amundson (SBN# 073501 )
2   **WHITE & OLIVER**
    A Professional Corporation
3   550 West C Street, Suite 950
    San Diego, California  92101
4   Telephone:  (619) 239-0300
    Facsimile:  (619) 239-0344
5
    Attorneys for Defendant
6   S. MICHAEL LOVE

7

8               SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                      FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,            )   Case No. GIC843843
                                     )
11             Plaintiff,            )   **REQUEST FOR JUDICIAL**
                                     )   **NOTICE**
12        v.                         )
                                     )   Date:  July 15 ,2005
13  JAMES D. ALLEN, S. MICHAEL LOVE, and  )   Time: 11:00 a.m.
    DOES 1 through 10, inclusive,    )   Dept:  61
14                                   )   **The Honorable John S. Meyer**
               Defendants.           )
15  _____)

16         Defendant S. Michael Love requests that this Court take judicial notice pursuant to

17  Evidence Code sections 452 and 453 of the following document, which is subject to judicial

18  notice and relevant to the instant demurrer:

19      **Exhibit A:**    Certified copy of Statement of Decision in *Re The Marriage of Shirley L.*

20                 *Rogozienski v. Frank E. Rogozienski*, San Diego County Superior Court

21                 Case No. D440154, dated October 20, 2004.

22                          WHITE & OLIVER

23

24                 By: _____

25                     Steven G. Amundson
                       Attorneys for Defendant
26                     S. MICHAEL LOVE

27

28                                                          LOVE01458

---

                                                        63705.1
        REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER AND DEMURRER TO FAC

CIVIL ... OFFICE 18
CENTRAL DIVISION

2005 MAY 25  P 4: 19

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

WHITE & OLIVER
A Professional Corporation

LOVE01459

F I L E D
Clerk of the Superior Court

OCT 2 0 2004

By I. GARIBAY-SANCHEZ, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

In re the Marriage of:                          )    Case No. D440154
                                                )
                                                )
Petitioner:  SHIRLEY L. ROGOZIENSKI            )
                                                )
and                                             )    STATEMENT OF DECISION
                                                )
Respondent:  FRANK E. ROGOZIENSKI             )
                                                )

This matter came before the Court on Respondent's properly Noticed Motion to Set Aside Judgment and Non-Stipulated Interlocutory Rulings, following the Court of Appeal's granting of Respondent's Petition for Writ of Error *Coram Vobis*. Petitioner was present and represented by Douglas Butz and Michael S. Love; Respondent was present and represented by Gerald L. McMahon. The Court read and considered the written pleadings of the parties, all admitted evidence and declarations, and arguments of counsel in reaching its determination in this matter.

## BACKGROUND

Frank and Shirley Rogozienski[1] were married January 30, 1982, and separated on October 27, 1997.  Shirley filed a petition for dissolution of marriage on October 30, 1997.

_____

[1] The parties are referred to by their first names, not out of familiarity or disrespect, but for ease of reference and because it is the preferred practice in family law cases. *Dupont v. Dupont* (4th Dist. 2001) 88 Cal. App. 4th 1992,1994.

LOVE01460

On August 4, 1998, the parties stipulated to having attorney James D. Allen (Allen) serve as a temporary judge for all purposes. Over the next four years, Allen issued decisions affecting the characterization and distribution of the parties' assets and obligations. Initially, Allen conducted a two-day trial on September 16-17, 1998, on the bifurcated issue of the parties' Antenuptial Agreement. A Statement of Decision on the validity of the Antenuptial Agreement was filed on May 10, 1999. Trial on the remaining issues took place from October 24, 2001 through November 19, 2001, but with some issues being reserved. Evidence on the reserved issues was received on October 11, 2002. Allen issued an Amended Statement of Decision on October 23, 2002, and a Second Amended Statement of Decision on November 12, 2002. Judgment was entered on November 25, 2002. Both parties have appealed the final judgment.

While researching issues related to the scope of Allen's jurisdictional authority on post-judgment matters, Frank became aware of California Rules of Court, Rule 244(b) requiring a temporary judge to make disclosures in compliance with Canon 6 of the Code of Judicial Ethics and the Rules of Court. On March 7, 2003, Frank requested Allen to make any disclosures as required by law. Allen did not respond. Frank's own research then revealed conduct and relationships involving Allen that he believed should have been disclosed and that he now alleges disqualified Allen from acting as a temporary judge. On March 17, 2003, Frank filed a Statement of Disqualification pursuant to Code of Civil Procedure §170.3(c). On March 27, 2003, Allen filed a responsive statement voluntarily withdrawing as temporary judge but not conceding that any of Frank's allegations were grounds for disqualification.

On May 23, 2003, Frank filed a Petition for Writ of Error *Coram Vobis* asking the Court of Appeal to direct the current trial court judge to hear and rule on Frank's motion to set aside certain of Allen's rulings made by him at the time he was allegedly disqualified. The Court of

2

Appeal granted Frank's petition. The writ directs the trial court to hear and rule on Frank's motion which seeks to set aside (1) the November 25, 2002, Judgment, (2) the November 12, 2002, Second Amended Statement of Decision, (3) the May 10, 1999, Statement of Decision on the validity of the prenuptial agreement, and (4) the July 27, 1999, order appointing Bruno, Mack & Barclay to perform tracing and accounting services.

## CRITERIA FOR DISQUALIFICATION OF A JUDGE

The test for disqualification:

In its opinion on the writ petition, the Court of Appeal clearly set forth the standard or test for disqualification. "A judge shall be disqualified if a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial." ([Code of Civil Procedure] §170.1, subd. (a)(6)(C).) The standard for disqualification is fundamentally an objective one and not limited to actual bias. (*United Farm Workers of America v. Superior Court* (1985) 170 California Appellate 3d 97,104.) Disqualification is mandated if a reasonable person would entertain doubts concerning the judge's impartiality. (Ibid.) Except in very limited circumstances not applicable here, a disqualified judge has no power to act in any proceedings after his or her disqualification. (Code of Civil Procedure §170.4.)." *Rogozienski v. Superior Court* (California Unpublished Opinion, 2003) pp. 5-6.

When disqualification occurs:

The Court of Appeal also delineated the timing of disqualification. "Disqualification occurs when the facts creating disqualification arise, not when disqualification is established. (*Tatum v. Southern Pacific Co.* (1967) 250 California Appellate 2d 40, 43, 58 California Reporter 238. See also *Urias v. Harris Farms, Inc.* (1991) 234 California Appellate 3d 415, 422-427, 285 California Reporter 659.)" *Rogozienski v. Superior Court, supra* at p. 6.

///

LOVE01462

Rulings subject to set aside:

"In the event that grounds for disqualification are first learned of or arise after the judge has made one or more rulings in a proceeding but before the judge has completed judicial action in a proceeding, the judge shall, unless the disqualification be waived, disqualify himself or herself, but in the absence of good cause the rulings he or she has made up to that time shall not be set aside by the judge who replaces the disqualified judge."  Code of Civil Procedure §170.3(b)(4).   In this case, the alleged grounds for disqualification were first learned of after Allen had made all of the rulings at issue, but they arose at various points in time over the four years Allen acted as a judge.

Frank's burden to have rulings set aside:

To prevail on his motion to set aside, Frank must prove that (1) the factual allegations are true; (2) these true facts give rise to disqualification as being contrary to the Code of Judicial Ethics -- that is, a reasonable person aware of the facts would entertain doubts concerning the judge's impartiality; (3) the disqualification occurred at a point in time prior to the ruling(s) at issue; and (4) for those rulings that occurred prior to the disqualification, there is good cause to set aside the ruling(s).

## THE ALLEGED DISQUALIFYING CONDUCT OR EVENTS

Allen's professional relationship with Christopher Barclay:

The first alleged disqualifying conduct is Allen's professional relationship with Christopher Barclay of the accounting firm of Bruno, Mack & Barclay and his failure to disclose this relationship.  More specifically, Frank alleges that Allen had used Barclay to provide forensic accounting services for Allen's own clients both before and during the time Barclay was providing expert services on this case.  Moreover, Allen was in a position to order payment of $400,000 to Barclay for his services on this case.

LOVE01463

The alleged disqualifying conduct took place on July 27, 1999, when Allen appointed Barclay to perform tracing services for the court.   Is it undisputed that Allen had a previous and on-going professional relationship with Barclay, that he appointed Barclay to perform expert accounting services for the court in this case, and that he was in a position to award Barclay $400,000 in fees. Would a reasonable person aware of these facts entertain doubts concerning the judge's impartiality?  The fact that Allen, the judge, had used Barclay's expert services on behalf of his own clients in the past produces no meaningful benefit or drawback to either Frank or Shirley, or their counsel.   Neither party would be advantaged or disadvantaged by the judge's reliance upon a familiar expert's capabilities.  While Allen might arguably be on the receiving end of Barclay's gratitude for the award of hundreds of thousands of dollars in expert fees in this case, this prospective personal benefit to Allen would not create a bias one way or the other as to the Rogozienskis.  A reasonable person would not doubt Allen's impartiality based on this information.  Therefore, Allen's professional relationship with Barclay does not constitute disqualifying conduct and cannot serve as a basis for setting aside any of Allen's orders.

<u>Allen's personal relationship with Edward Silverman and his financial relationship with the Procopio Cory law firm</u>:

The second alleged disqualifying conduct is Allen's personal relationship with Edward Silverman, one of Shirley's attorneys, and Allen's financial relationship with the Procopio Cory law firm, and his failure to disclose either relationship.  Frank specifically contends that Allen was in a position to award Silverman significant attorney's fees; that Allen had a financial interest in the Procopio Cory law firm through his ex-wife; that Allen and Silverman had worked on an appeal together; and, that Allen's associate accepted a referral from Silverman during the time Allen was acting as temporary judge.

LOVE01464

1    The alleged disqualifying conduct took place on September 9, 2002, when Silverman

2    associated in as co-counsel for Shirley.  It is undisputed that Silverman has been a lawyer

3    with the Procopio Cory law firm for 25 years.  It is undisputed that Allen was married to Linda

4    Cory and that Linda is the daughter of Alec Cory, a named partner in Silverman's law firm.  It

5    is undisputed that Alec retired in 1993 and receives only a set monthly pension from the law

6    firm.  Further, Allen and Linda separated in 1999 and subsequently divorced.  Finally, Allen

7    was in a position to award significant attorney's fees to Silverman.  Would a reasonable

8    person aware of these facts entertain doubts concerning the judge's impartiality?   The only

9    arguable impartiality would come from concluding that Allen might benefit by either awarding

10   or not awarding fees to Silverman.  The fee award arguably would affect Alec's pension,

11   which in turn would affect Linda's financial or emotional well being, leading to some financial

12   or emotional satisfaction for Allen.   However, Frank has failed to establish any financial or

13   emotional benefit or, indeed, even a meaningful correlation between Silverman and Allen.  In

14   addition, that they have worked together on one appeal or have referred a case one to the

15   other would not cause a reasonable person to entertain doubts about the impartiality of the

16   attorney acting as the temporary judge. This is particularly so when one takes into account

17   the necessarily close professional and social interaction among San Diego family law

18   practitioners.   Therefore, Allen's personal relationship with Silverman does not constitute

19   disqualifying conduct and is not grounds for setting aside any of Allen's orders.

20   <u>Transfer of Love's interest in the Warner Springs Ranch:</u>

21       The third and final alleged disqualifying conduct is Allen's acceptance of the timeshare

22   interest in Warner Springs Ranch as a gift from S. Michael Love, another of Shirley's

23   attorneys, and his failure to disclose this gift.    Frank contends that Allen awarded Love

24   $250,000 attorney's fees after Love gifted a one-half timeshare interest in the Warner Springs

LOVE01465

1 | Ranch facilities to Allen through another attorney, Harold S. Bottomley, III.

2 |     Contrary to Frank's position, the Appellate Court did not conclusively determine that

3 | the transfer of the Warner Springs Ranch timeshare was disqualifying conduct. Rather, the

4 | Appellate Court found, for purposes of the writ, that the alleged facts concerning the Warner

5 | Springs Ranch timeshare would support disqualification. The Appellate Court also noted that

6 | it would be for the trial court to consider in the context of the motion to set aside Allen's ruling,

7 | the contentions raised by Shirley that (1) the Warner Springs interest has no real value; (2)

8 | Allen's decisions were impartial and largely involved questions of law; and (3) facts are to be

9 | viewed in the context of the everyday realities affecting the bench.

10 |     The alleged disqualifying conduct took place over February and March 2002.  It is

11 | undisputed that Love transferred two one-half timeshare interests in the Warner Springs

12 | Ranch to Bottomley, that the transfers were designated as "gifts," and that no payment of

13 | money or other consideration was involved.  A month later Bottomley transferred one of those

14 | half interests (Unit 850A) to Allen, again reciting that the transfer was a "gift."  Love admits

15 | that prior to the initial transfer from himself to Bottomley he was aware Bottomley had been

16 | discussing with Allen his taking one of the half interests.  Love admits he wrote a letter to the

17 | president of the Warner Springs Board of Directors on behalf of two attorneys (Bottomley and

18 | Allen) asking about interest conversions.  Love admits that he learned in or about March

19 | 2002 that Allen had, in fact, received one of Love's half interests from Bottomley.   It is

20 | undisputed that Allen knew his half interest had very recently been owned by Love.  And,

21 | lastly, it is undisputed that after the transfer of the property, Allen awarded Love $250,000 in

22 | attorney's fees.  A temporary judge shall under no circumstance accept a gift if the donor is a

23 | party or person whose interests are reasonably likely to come before the temporary judge.

24 | California Code of Judicial Ethics, Canon 6D(2)(d).  Knowing these facts, a reasonable

LOVE01466

person would likely entertain doubts about Allen's impartiality. The court need not find insincere Love's assertion that the transfer of the timeshare was an innocent transaction to rid himself of vacation property that was no longer of any use to him. Rather, it is the reasonable person's view of the facts that governs disqualification.

The monetary value, or alleged lack thereof, of the Warner Springs timeshare to Love does not erase the doubts regarding Allen's ability to remain impartial. The property obviously was of some value to Allen or he would not have accepted it, along with its attendant maintenance fee obligations, from Bottomley.

Assuming Allen's decisions were "largely" questions of law, they were not exclusively questions of law. Moreover, the questions of law necessarily required Allen's impartial hearing of legal arguments, a determination of the truthfulness of facts, and the impartial application of those facts to the law. The Court is not convinced that a reasonable person, aware of Allen's receipt of the "gift," would believe that Allen's legal application of the facts to the law would be wholly unaffected by his acquisition of Love's Warner Springs property.

As noted above, the Court recognizes and appreciates the close professional and social interaction among San Diego family law practitioners. This collegiality is in general a positive force in the esoteric, and at times heart-rending, field of family law. However, collegiality must be accompanied by diligent self-policing, lest the family law practitioner risk eroding the public trust, not only in the practitioner, but in the justice system itself. The flames of enmity that envelop many family law litigants are fanned by conduct that encourages distrust of the family law bar and, in this case, judicial officers. The deleterious effect that this distrust has on our justice system cannot be overstated, and cannot go unaddressed.

Love knew Bottomley was planning on transferring Love's Warner Springs property immediately to Allen at a time when Allen was acting as a judge in one of Love's cases, and

LOVE01467

1   was in a position to award Love significant attorney's fees, and Allen knew the property was

2   coming, albeit indirectly, from Love. A reasonable person aware of these facts would likely

3   entertain doubts about Allen's impartiality. Therefore, the court finds that the receipt by Allen,

4   via Bottomley, of Love's interest in the Warner Springs Ranch, where both transfers were

5   characterized as "gifts", constitutes conduct that disqualified Allen from continuing to act as a

6   
7   judge.

8                      **THE ORDERS SUBJECT TO SET ASIDE**

9          In accordance with the statute, the rulings Allen made up to the time the grounds for

10  disqualification arose cannot be set aside absent good cause. Code of Civil Procedure

11  §170.3(b)(4). In this case, as noted by the Appellate Court, "the parties [have] agree[d] that

12  only those actions taken by a disqualified judge after the grounds for disqualification [arose]

13  
14  are voidable." *Rogozienski v. Superior Court* (California Unpublished Opinion, 2003) p. 10.

15  However, this court does read the Appellate Court's comment as limiting the trial court's

16  jurisdictional authority, in ruling on the set aside motion, to Allen's decisions that followed the

17  disqualifying conduct. The only disqualifying conduct that occurred (i.e., the transfer of the

18  interest in Warner Springs Ranch) took place, at the earliest, in February 2002.

19  The May 10, 1999, Ruling on the Antenuptial Agreement:

20  
21          The ruling on the premarital agreement predated the disqualifying conduct. This ruling

22  is not voidable and, therefore, should not be set aside. Additionally, Frank has failed to

23  establish good cause for setting aside the May 10, 1999, ruling on the premarital agreement.

24  Given the facts of this case, neither the 1998 trial nor the 1999 ruling logically could have

25  been prejudiced by events that took place nearly three years later. The Court is not

26  persuaded that the incorporation of the 1999 decision into the 2002 judgment renders it an

27  interlocutory judgment, thereby contaminated by the 2002 Warner Springs disqualifying

28  

9

LOVE01468

conduct. The 1999 decision was on a bifurcated issue – it was final when made, and was not altered by its incorporation into the 2002 judgment. Even assuming the 1999 decision was interlocutory and could be set aside, the court nevertheless finds that a reasonable person aware of the facts of the 2002 Warner Springs transfers, without more, would not entertain doubts as to Allen's impartiality in 1999.

The July 27, 1999, order appointing Bruno, Marck & Barclay:

For the reasons stated above, the appointment of Bruno, Mack & Barclay predated the disqualifying conduct by nearly two and one-half years, and in any event there is no good cause to set this order aside.

The November 12, 2002, Second Amended Statement of Decision and the November 25, 2002, Judgment:

The February 2002 transfer of the interest in Warner Springs Ranch, and Allen's failure to disclose his receipt of this interest, compels this Court to set aside the November 12, 2002, Second Amended Statement of Decision and the final judgment. The court further finds that there is good cause for setting aside the Second Amended Statement of Decision and the judgment, because the Second Amended Statement of Decision was the culmination of a fourteen-day trial, which included the characterization and distribution of hundreds of millions of dollars in assets. Allen's decisions also included an award of $250,000 in attorney's fees to Shirley, and obligated Frank to pay the $400,000 in fees due Barclay. The disqualifying conduct caused the objective evaluation of the facts and law to become reasonably questionable and tainted the fairness of the trial. Setting aside the decision is necessary to protect from further erosion the public's perception of the system of justice, and to maintain public confidence in the judicial officers who serve that system.

///

LOVE01469

# CONCLUSION

The November 12, 2002, Second Amended Statement of Decision and the judgment entered November 25, 2002, are hereby set aside, with the exception of both the uncontested part of the judgment dissolving the marriage, and the May 10, 1999, bifurcated decision on the Antenuptial Agreement that was incorporated into the judgment. A new trial on all issues affected by the set aside shall be scheduled.

DATED: October 20, 2004

MICHAEL T. SMYTH
Judge of the Superior Court

11

LOVE01470

**CONCLUSION**

The November 12, 2002, Second Amended Statement of Decision and the judgment entered November 25, 2002, are hereby set aside, with the exception of both the uncontested part of the judgment dissolving the marriage, and the May 10, 1999, bifurcated decision on the Antenuptial Agreement that was incorporated into the judgment. A new trial on all issues affected by the set aside shall be scheduled.

DATED: October 20, 2004

MICHAEL T. SMYTH
Judge of the Superior Court

LOVE01471

11



The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest: _____MAY 2 5 2005_____

Clerk of the Superior Court of the State of California, in and for the County of San Diego.

By _____ Deputy

LOVE01472

*11 pgs. total*

1  Donald A. English, Esq.    (State Bar No. 115569)
   Christy I. Yee, Esq.    (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone: (619) 338-6610
   Facsimile:  (619) 338-6657
5

F I L E D
Clerk of the Superior Court

JUL - 8 2005

By: P. WOODS, Deputy

6  Attorneys for Defendant
   James D. Allen
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN DIEGO

10 FRANK E. ROGOZIENSKI,           )  Case No. GIC 843843
                                   )
11         Plaintiff               )  DEFENDANT JAMES D. ALLEN'S REPLY
                                   )  MEMORANDUM OF POINTS AND
12    v.                           )  AUTHORITIES IN SUPPORT OF
                                   )  DEMURRER TO PLAINTIFF'S FIRST
13 JAMES D. ALLEN, S. MICHAEL LOVE )  AMENDED COMPLAINT
   and DOES 1 through 10, inclusive, )
14                                 )  Date:       July 15, 2005
         Defendants.               )  Time:       11:00 a.m.
15                                 )  Dept:       61
                                   )  Judge:      Hon. John S. Meyer
16                                 )
                                   )
17                                 )  Complaint Filed:   March 7, 2005
                                   )  Trial Date:        None set
18 _____ )

19        Defendant James D. Allen ("Mr. Allen") respectfully submits the following reply memorandum

20 of points and authorities in support of his demurrer to the first amended complaint filed by plaintiff Frank

21 E. Rogozienski ("Mr. Rogozienski").

22

23

24

25

26                                                        LOVE01473

27

28
   JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
   AND AUTHORITIES IN SUPPORT OF DEMURRER

# TABLE OF CONTENTS

Page

I.    SUMMARY OF REPLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    THE DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND . . . . . . . 1

    A.    The Judicial Immunity Doctrine is an Absolute Defense to Each and
          Every Cause of Action Against Mr. Allen . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        1.    Mr. Allen's Alleged Acts in the First Amended Complaint are
              Judicial Acts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        2.    Mr. Allen's Voluntary Withdrawal as Temporary Judge in the
              Rogozienski Dissolution Does Not Deprive Him of the Protection
              Under the Judicial Immunity Doctrine . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    B.    The Litigation Privilege Precludes Mr. Rogozienski's Claims against Mr. Allen . . . . 5

    C.    Mr. Rogozienski's Claims are Barred by the Tort Claims Act . . . . . . . . . . . . . . . . . . 5

    D.    The Demurrer Should be Sustained as to the Eleventh Cause of Action
          for "Willful Misconduct and Intentional Infliction of Injury" and the Twelfth
          Cause of Action for "Negligence." . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    E.    Mr. Rogozienski Has Failed to State a Cause of Action for Civil Rights Violations . 6

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

LOVE01474

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER

1

## TABLE OF AUTHORITIES

2

Page(s)

3

### State Cases

4  Cedars-Sinai Medical Center v. Superior Court (1998)
   18 Cal.4th 1 ................................................................. 6

5

   Frost v. Geernaert (1988)
6  200 Cal.App.3d 1104 ........................................................ 2

7  Greene v. Zank (1984)
   158 Cal.App.3d 497 ......................................................... 2

8

   Howard v. Drapkin (1990)
9  222 Cal.App.3d 843 ........................................................ 2, 5

10  Moore v. Regents of the University of California (1990)
    51 Cal.3d 120 ............................................................. 2

11

    People v. Barrera (1999)
12  70 Cal.App.4th 541 ........................................................ 3

13  Stasz v. Schwab (2004)
    121 Cal.App.4th 420 ....................................................... 4

14

    Taliaferro v. County of Contra Costa (1960)
15  182 Cal.App.2d 587 ........................................................ 2, 3

16  Tatum v. Southern Pacific (1967)
    250 Cal.App.2d 40 ......................................................... 3

17

    Urias v. Harris Farms, Inc. (1991)
18  234 Cal.App.3d 415 ........................................................ 3, 4

19  Williard v. Caterpillar, Inc. (1995)
    40 Cal.App.4th 892 ........................................................ 6

20

### Federal Cases

21

    Dennis v. Sparks (1980)
22  449 U.S. 24 ............................................................... 2

23  Ricotta v. State of California (S.D. Cal. 1998)
    4 F.Supp.2d 961 ........................................................... 2

24

    Stump v. Sparkman (1978)
25  435 U.S. 349 .............................................................. 3

26

27

LOVE01475

28

1

TABLE OF AUTHORITIES

2

<u>State Statutes</u>

3    Business and Professions Code section 6128 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

4    California Rule of Court 201(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

5    California Rule of Court 201(d)(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6    California Rule of Court 313(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

7    California Rule of Court 313(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

8    Code of Civil Procedure section 170.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

9    Code of Civil Procedure section 340(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

10   Government Code section 810.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01476

**JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER**

# I.

## SUMMARY OF REPLY

Mr. Rogozienski's opposition to Mr. Allen's demurrer is contrary to established law protecting judicial and quasi-judicial officers from civil liability under the judicial immunity doctrine. While Mr. Rogozienski asserts that Mr. Allen's acceptance of a "gift" is an "extra-judicial act," Mr. Rogozienski ignores controlling case law that holds that even the alleged acceptance of a "gift" or bribe is an absolutely protected judicial act under the judicial immunity doctrine. This Court should disregard Mr. Rogozienski's conclusory allegation that the judicial immunity doctrine is inapplicable. Mr. Rogozienski is bound by his factual allegations of Mr. Allen's purported misconduct in the capacity as temporary judge and cannot avoid the application of the judicial immunity doctrine.

In addition, Mr. Rogozienski concedes that all of Mr. Allen's alleged acts and communications done in his capacity as temporary judge cannot be the basis for any cause of action against Mr. Allen under the litigation privilege. Moreover, Mr. Rogozienski (1) fails to provide any legal authority for his unsupportable contention that the Tort Claims Act is not applicable to the claims against Mr. Allen, and (2) concedes his failure to comply with the pre-filing requirements under the Tort Claims Act.

The absolute defenses of judicial immunity, the litigation privilege, and the Tort Claims Act shield Mr. Allen from liability for each of the claims asserted against him in the first amended complaint. Mr. Rogozienski can allege no facts to support any viable claim against Mr. Allen, and no amendment should be allowed. The demurrer should be sustained, without leave to amend.[1]

# II.

## THE DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO AMEND

**A.**    **The Judicial Immunity Doctrine is an Absolute Defense to Each and Every Cause of Action Against Mr. Allen.**

**1.**    **Mr. Allen's Alleged Acts in the First Amended Complaint are Judicial Acts.**

Mr. Rogozienski's contention that Mr. Allen's alleged act of "accepting a gift" from Mr. Love while Mr. Allen was acting as temporary judge in the Rogozienski dissolution was not a "judicial act" ignores established case law protecting judicial and quasi-judicial officers from the very acts Mr. Rogozienski claims Mr. Allen engaged in -- the alleged acceptance of a "bribe," "corruption," failure

---

[1]    Mr. Rogozienski also raises two technical grounds in opposition to Mr. Allen's demurrer, both of which are without merit. First, Mr. Allen has complied with California Rule of Court 313(h) by lodging copies of federal authorities cited in his moving and reply papers before the hearing in this matter. Second, Mr. Allen's opening memorandum of points and authorities is in compliance with California Rule of Court 201(c) in that the typeface used is Times Roman and 12 point type. Moreover, Mr. Allen's memorandum of points and authorities is also in compliance with California Rule of Court 201(d)(4) in that the lines on each pages is one and a half spaced and numbered consecutively. In addition, the points and authorities does not exceed 15 pages and is in compliance with California Rule of Court 313(d).

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER

1   to disclose alleged conflicts of interest, and improper rulings as a result of an alleged acceptance of a

2   bribe. (See e.g., Howard v. Drapkin (1990) 222 Cal.App.3d 843, 848; Frost v. Geernaert (1988) 200

3   Cal.App.3d 1104, 1107; Ricotta v. State of California (S.D. Cal. 1998) 4 F.Supp.2d 961, 970.)

    Mr. Rogozienski purposefully avoids, and cannot cite any contrary authority contradicting the

4   controlling case law which shields Mr. Allen from liability under the judicial immunity doctrine which

5   Mr. Allen cites in his moving papers.[2] Mr. Rogozienski's reliance upon Greene v. Zank (1984) 158

6   Cal.App.3d 497 (citing Butz v. Economou (1978) 438 U.S. 478, 411-412) is misplaced. The Greene

7   court upheld the trial court's order sustaining the defendant's demurrer without leave to amend and

    dismissing the entire action based upon the judicial immunity doctrine. As set forth in Mr. Allen's

8   opening papers, it is appropriate for courts to dismiss claims against judicial or quasi-judicial officers at

9   the pleading stage on demurrer based upon the absolute judicial immunity doctrine. This is true even

    when there are serious allegations of judicial misconduct, including intentional, malicious torts, alleged

10  violations of civil rights, and alleged bribery and corruption.

11  Simply stated, Mr. Rogozienski cannot avoid the application of the judicial immunity doctrine

12  based upon his  unsupportable contention that Mr. Allen's alleged acceptance of a "gift" was not a

    judicial act within the scope of the judicial immunity doctrine. Mr. Rogozienski's conclusory allegation

13  that the judicial immunity doctrine is inapplicable should be disregarded as it is contrary to both

14  established law and the alleged facts and judicial admissions in the first amended complaint that Mr.

    Rogozienski's claims are based solely upon alleged damages caused by the purported acceptance of a

15  bribe while Mr. Allen was acting as temporary judge.[3]

16

17

18

19

---

20      [2]   In his opposition to Mr. Love's demurrer, which will be heard concurrently with Mr.
    Allen's demurrer, Mr. Rogozienski essentially concedes that Mr. Allen is immune from liability for any
21  of Mr. Rogozienski's claims under the judicial immunity doctrine and that applicable case law, including
    United States Supreme Court case Dennis v. Sparks (1980) 449 U.S. 24, remains "good law" and that
22  "many cases have cited Dennis over the past 25 years, and none have overruled it." (Mr. Rogozienski's
23  opposition to S. Michael Love's demurrer, p. 7, fn. 3; p. 9, l. 1-3 ["Moreover, Love has no judicial
    immunity and is obligated for the damages caused by Allen by virtue of his own role in the conspiracy,
24  regardless of whether Allen is deemed immune [footnote omitted]."] Dennis upheld a dismissal of claims
25  against a judge alleging a "corrupt conspiracy involving bribery" under the judicial immunity doctrine.

26      [3]   In ruling on demurrers, courts may properly disregard allegations that are contrary to law
    and which constitute contentions or conclusions of law. (Moore v. Regents of the University of
27  California (1990) 51 Cal.3d 120, 125; Taliaferro v. County of Contra Costa (1960) 182 Cal.App.2d 587,
    592.)

28      LOVE01478

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER

1      **2.      Mr. Allen's Voluntary Withdrawal as Temporary Judge in the Rogozienski**

2              **Dissolution Does Not Deprive Him of the Protection Under the Judicial Immunity**

3              **Doctrine.**

       Under the Supreme Court case Stump v. Sparkman (1978) 435 U.S. 349, 356-357, cited by Mr.

4      Rogozienski, the Supreme Court stated, "a judge will not be deprived of immunity because the action he

5      took was in error, was done maliciously, or was done in excess of his authority; rather, he will be subject

6      to liability only when he has acted in the 'clear absence of all jurisdiction' [citation omitted]." In Stump,

       the Supreme Court reversed the Court of Appeal's holding that the trial judge had acted in "clear absence

7      of all jurisdiction" in considering a petition to sterilize a minor child. The Supreme Court stated that the

8      judge was absolutely immune from liability for his judicial acts even if his exercise of authority was

       flawed by "grave procedural errors." (Id. at p. 359.)

9      Mr. Rogozienski argues, citing Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40, 43, that Mr.

10     Allen's alleged acceptance of a "gift" from Mr. Love disqualified him from acting as temporary judge

11     in the Rogozienski dissolution and, therefore, Mr. Allen had no jurisdiction to make subsequent rulings

       after Mr. Allen's disqualification. Tatum does not support Mr. Rogozienski's contention. Rather, Tatum

12     merely recites the general rule that the events giving rise to disqualification, not the finding of

13     disqualification, controls for purposes of determining when a judge could be disqualified. (Id. at p. 43.)

14     There is no legal authority to support the proposition that a judge who is disqualified from a case

       is without jurisdiction after the disqualification occurs. More importantly, there is no authority to support

15     Mr. Rogozienski's assertion that Mr. Allen's alleged acts after his disqualification from the Rogozienski

16     dissolution deprives him of protection under the judicial immunity doctrine.

17     California courts have held that a disqualified judge is not void of jurisdiction after

       disqualification and that rulings made by the disqualified judge are merely voidable if raised by an

18     interested party, but are not void. In Urias v. Harris Farms, Inc. (1991) 234 Cal.App.3d 415, the Court

19     of Appeal held that despite the language in Code of Civil Procedure section 170.4 which provides that

20     "a disqualified judge shall have no power to act in any proceeding after his or her disqualification . . .",

       "the actions of a disqualified judge are not void in any fundamental sense but at most voidable if properly

21     raised by an interested party" [citation omitted]. (Id. at p. 424.) The Court of Appeal noted that the

22     actions of a disqualified judge are not without jurisdiction but, rather, is "more accurately one [in which

       the judge is acting in] excess of jurisdiction." (Id.; see also People v. Barrera (1999) 70 Cal.App.4th 541,

23

24     549 ["under section 170 et seq., judgments or orders by disqualified judges have been considered merely

       voidable, not void."]; see also Taliaferro, supra, 182 Cal.App.2d 587, 592-594 [claims for damages

25     against justice of peace dismissed on demurrer under judicial immunity doctrine even though justice of

26     the peace had no jurisdiction to issue warrant against the plaintiff].) Acts which are done "in excess of

       jurisdiction" are absolutely protected under the judicial immunity doctrine. (Stump, supra, 435 U.S. at

27     p. 356-357.)

28

LOVE01479

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER

1    Moreover, California courts have held that a litigant's sole remedy for complaints of bias,

2  corruption, or misconduct by judicial or quasi-judicial officers lies in challenging the order or act, not in

   a civil lawsuit against the judicial or quasi-judicial officer. (See e.g., Stasz v. Schwab (2004) 121
3
   Cal.App.4th 420, 440.) In Stasz, the Court of Appeal upheld the trial court's order sustaining a demurrer
4  without leave to amend as to an action brought against the American Arbitration Association ("AAA")

5  based upon the plaintiff's allegation that the arbitration was conducted in "clear absence of jurisdiction"

   and that judicial immunity did not apply to the claims. In affirming the trial court's order dismissing the
6
   entire action against AAA, the Court of Appeal stated:

7            We hold that bias in the arbitration process should be remedied by
             challenging the arbitration award, not by seeking to impose liability on the
8            arbitrator or the sponsoring organization . . .

9            'Upon application of a party, the court shall vacate an award where . . .
             there was evident partiality by an arbitrator appointed as a neutral for
10           corruption in any of the arbitrators or misconduct prejudicing the rights of
             any party . . . we believe that the proper remedy lies therein rather than in
11           a civil suit against the arbitrator. [Citation omitted.]

12       (Id. at p. 441-442, emphasis added.)

13       The Court of Appeal expressly rejected the plaintiff's contention that the arbitration proceedings

14 should have been automatically stayed pending the outcome of her appeal and was thus conducted in

   clear absence of jurisdiction stripping AAA of immunity. (Id.) In so doing, the Court of Appeal stated
15
   that the plaintiff's remedy for an alleged violation of the automatic stay statute was to "seek a stay of the
16 arbitration proceedings and, possibly, to petition the trial court to vacate the award on that ground, not

17 to seek to impose liability on the AAA." (Id. at p. 443, emphasis added.)

18       Here, Mr. Rogozienski cannot claim that by virtue of Mr. Allen's disqualification as temporary

   judge in the Rogozienski dissolution that Mr. Allen had no jurisdiction to make rulings that would be
19
   protected by the judicial immunity doctrine. Under Urias, Stasz, and other applicable authorities cited
20 herein and in Mr. Allen's moving papers, Mr. Allen had jurisdiction to act after his disqualification and

21 he is, thus, insulated from liability for his judicial acts under the judicial immunity doctrine. Moreover,

   as Mr. Rogozienski has already requested and obtained an order setting aside certain of Mr. Allen's
22 rulings (First Amended Complaint, ¶ 43), Mr. Rogozienski has already obtained his sole remedy for his

23 alleged claims of Mr. Allen's misconduct and is precluded from seeking damages from Mr. Allen in the

   instant lawsuit.[4]
24

LOVE01480
25

26       [4]    Each of Mr. Rogozienski's motions and applications in the Rogozienski dissolution action,
   including Mr. Rogozienski's motion to set aside Mr. Allen's rulings and petition for error coram vobis,
27 were based upon the identical allegations that Mr. Rogozienski is making in this action -- that Mr. Allen
   improperly accepted a "gift" from Mr. Love and made biased rulings as temporary judge.
28
                                         JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
                                         AND AUTHORITIES IN SUPPORT OF DEMURRER

**B.**    <u>The Litigation Privilege Precludes Mr. Rogozienski's Claims against Mr. Allen.</u>

Mr. Rogozienski concedes that none of the acts or communications allegedly committed by Mr. Allen in his capacity as temporary judge can be the basis of any cause of action. The only alleged communications Mr. Rogozienski contends subject Mr. Allen to liability are alleged statements to the press (First Amended Complaint, ¶ 44; Exhibit "1" to the Notice of Lodgment.) In support of his contention, Mr. Rogozienski asserts that Mr. Allen and his counsel purportedly spoke with "one or more reporters and made threatening, misleading and disparaging remarks about the truth of Allen's involvement in the gift to him of the Love's Unit 850B interest in Warner Springs Ranch." (Mr. Rogozienski's opposition, p. 4, l. 4-5.) Mr. Rogozienski further alleges, on information and belief, that "Allen and Allen's counsel made these statements as a part of and in furtherance of a conspiracy, to discredit plaintiff and coerce plaintiff into accepting Allen's rulings, and to bolster and support actions Allen had previously taken in his judicial capacity." (Ibid. at p. 4, l. 7-10.)

Mr. Rogozienski's contentions and allegations in the first amended complaint regarding the alleged statements to the press fail to support any viable claim against Mr. Allen.[5] Moreover, by Mr. Rogozienski's own admission, the alleged statements were done to "bolster and support actions Allen had previously taken in his judicial capacity" and are thereby within the purview of the judicial immunity doctrine. As such, Mr. Rogozienski's claims against Mr. Allen are barred and the demurrer should be sustained, without leave to amend.

**C.**    <u>Mr. Rogozienski's Claims are Barred by the Tort Claims Act.</u>

Mr. Rogozienski admits his failure to comply with the pre-filing requirements under the Tort Claims Act. Without citation to any legal authority or fact for which this Court may take judicial notice, Mr. Rogozienski asserts that Mr. Allen is not a public employee as his salary was not being paid from public funds.[6] Mr. Rogozienski's contention is contrary to Government Code section 810.2, which defines a public employee to include an "officer" or "judicial officer" "whether or not compensated for such office."[7] Morever, Mr. Allen has asked this Court to take judicial notice of the Order, Stipulation and Oath for Temporary Judge which demonstrates that Mr. Allen was a temporary judge duly appointed

LOVE01481

---

[5]    The first amended complaint is devoid of any claims, such as libel or slander, which could be based upon the alleged statements to the press. Even if Mr. Rogozienski were permitted to amend to allege such causes of action (which he should not), such claims would be time-barred under the one year statute of limitations under Code of Civil Procedure section 340(c).

[6]    The first amended complaint is devoid of any allegations that Mr. Allen is not a public employee and not paid from public funds. (See Exhibit "1" to Notice of Lodgment.)

[7]    Judicial immunity also applies regardless of whether the judicial or quasi-judicial officer is paid by the court or private parties. (See e.g., <u>Howard</u>, <u>supra</u>, 222 Cal.App.3d at p. 848.)

JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER

1  by the Superior Court and vested with "full judicial powers" and, therefore, is an employee within the

2  meaning of the Tort Claims Act. (See Exhibit "2" to Notice of Lodgment; Request for Judicial Notice.)

3      Simply stated, Mr. Rogozienski's claims against Mr. Allen cannot stand based upon his admitted failure to comply with the Tort Claims Act.

4  **D.**    **The Demurrer Should be Sustained as to the Eleventh Cause of Action for "Willful**

5      **Misconduct and Intentional Infliction of Injury" and the Twelfth Cause of Action for**

    **"Negligence."**

6      Mr. Rogozienski's reliance upon the Rules of Professional Conduct, Business and Professions

7  Code 6128, and certain Penal Code sections cited in the first amended complaint (¶¶ 122, 123) as a basis

8  for his eleventh and twelfth causes of action is improper. As set forth in Mr. Allen's opening papers, the Rules of Professional Conduct cannot create liability for damages in a civil action. Rather, the rules are

9  intended to allow the State Bar to discipline lawyers, and are not intended to create civil causes of action.

10  Moreover, Business and Professions Code section 6128 which provides that an attorney is "guilty of a

11  misdemeanor" for certain misconduct as well as the Penal Code section cited by Mr. Rogozienski likewise cannot be the basis for civil liability.[8]  The statutes are intended to be used by the State Bar in

12  connection with disciplinary action or in criminal proceedings, not civil proceedings such as the instant

13  lawsuit. As such, Mr. Rogozienski's eleventh and twelfth causes of action cannot stand as a matter of

14  law.

15  **E.**    **Mr. Rogozienski Has Failed to State a Cause of Action for Civil Rights Violations.**

    Although not apparent on the face of the first amended complaint, in his opposition, Mr.

16  Rogozienski asserts that he has stated a claim against Mr. Allen under Civil Code section 52.1. However,

17  there is no authority (and, hence, none cited by Mr. Rogozienski) which authorizes Mr. Rogozienski to

18  bring a claim under this statute (or any other authorities) based upon his alleged denial of a right to fair trial by virtue of Mr. Allen's alleged conduct. Mr. Rogozienski claims that his civil rights were violated

19  when Mr. Allen purportedly accepted a "gift" which constituted "an act of coercion which immediately

20  disqualified him from further or thereafter acting as a temporary judge in the underlying proceeding and

21  raised serious and obvious concerns regarding his impartiality." Based upon Mr. Rogozienski's own admission and his failure to cite any applicable supporting legal authority, Mr. Rogozienski has failed

22  to state a claim for civil rights violations. Moreover, Mr. Rogozienski's admission concedes that Mr.

23  Allen's alleged acts as temporary judge are protected under the judicial immunity doctrine and the litigation privilege, as discussed herein. Simply stated, the demurrer should be sustained, without leave

24  to amend.

25  LOVE01482

26

27      [8]    Mr. Rogozienski's reliance upon Williard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892, 920 is unavailing as Williard was expressly overruled by the California Supreme Court in Cedars-Sinai Medical Center v. Superior Court (1998) 18 Cal.4th 1.

28

    JAMES D. ALLEN'S REPLY MEMORANDUM OF POINTS
    AND AUTHORITIES IN SUPPORT OF DEMURRER

### III.

### CONCLUSION

Mr. Allen should not be required to defend Mr. Rogozienski's baseless claims which are precluded as a matter of law under the judicial immunity doctrine, the litigation privilege, and the Tort Claims Act. This Court should not allow Mr. Rogozienski to amend as Mr. Rogozienski cannot possibly plead any facts which would avoid the absolute defenses raised by this demurrer. Moreover, as Mr. Rogozienski has already voluntarily amended once by filing a first amended complaint before effecting service on Mr. Allen, Mr. Rogozienski has already had ample opportunity to allege additional facts to support his claims, which are insufficient to cure the fatal defects in his pleading. The demurrer should be sustained, without leave to amend.

Dated: _July 8, 2005_

ENGLISH & GLOVEN
A Professional Corporation

By: _Donald English._
      Donald A. English
      Christy I. Yee
Attorneys for Defendant
James D. Allen

LOVE01483

1   Donald A. English, Esq.    (State Bar No. 115569)
    Christy I. Yee, Esq.       (State Bar No. 166238)
2   ENGLISH & GLOVEN
    A Professional Corporation
3   550 West "C" Street, Suite 1800
    San Diego, California 92101
4   Telephone:  (619) 338-6610
    Facsimile:   (619) 338-6657
5
6   Attorneys for Defendant
    James D. Allen
7

F I L E D
Clerk of the Superior Court

JUL 2 1 2005

By: SCOTT SEYLER, Deputy

RECD JUL21'05PM 2:15

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **FOR THE COUNTY OF SAN DIEGO**

10  FRANK E. ROGOZIENSKI,              )    Case No. GIC 843843
                                       )
11          Plaintiff                  )    **AMENDED NOTICE OF HEARING ON**
                                       )    **DEFENDANT JAMES D. ALLEN'S**
12      v.                             )    **DEMURRER TO PLAINTIFF'S FIRST**
                                       )    **AMENDED COMPLAINT**
13  JAMES D. ALLEN, S. MICHAEL LOVE    )
    and DOES 1 through 10, inclusive,  )    Date:       September 2, 2005
14                                     )    Time:       8:30 a.m.
            Defendants.                )    Dept:       65
15                                     )    Judge:      Joan M. Lewis
                                       )
16                                     )
                                       )    Complaint Filed:    March 7, 2005
17                                     )    Trial Date:         None set
                                       )
18  _____)

19          TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20          PLEASE TAKE NOTICE THAT on September 2, 2005, at 8:30 a.m., or as soon thereafter as this

21  matter may be heard in Department 65 of the San Diego Superior Court located at 330 West Broadway,

22  San Diego, California, defendant James D. Allen ("Mr. Allen") will demur to plaintiff Frank E.

23  Rogozienski's First Amended Complaint in the above-entitled matter. This hearing is continued from

24  the original hearing date, July 15, 2005, in Department 61, due to the case being reassigned. The

25  demurrer will be based upon this amended notice and original notice, the demurrer, the memorandum of

26  points and authorities, the request for judicial notice, the notice of lodgment of documents and attached

27  ///

28  ///

LOVE01484

Allen's Amended Notice of Hearing - Demurrer

1    exhibits, the notice of lodgment of Federal authorities, the pleadings, records and files in this action, and

2    on such further argument as may be presented at the hearing, if any.

3

4    Dated: _July 20, 2005_           ENGLISH & GLOVEN
                                      A Professional Corporation
5

6                                     By: _Donald A. English_

7                                         Donald A. English
                                          Christy I. Yee
8                                     Attorneys for Defendant
                                      James D. Allen
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01485

2                          Allen's Amended Notice of Hearing - Demurrer

1  Donald A. English, Esq.      (State Bar No. 115569)
   Christy I. Yee, Esq.          (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone:  (619) 338-6610
   Facsimile:   (619) 338-6657
5

F I L E D
Clerk of the Superior Court

JUL 2 1 2005

By: SCOTT SEYLER, Deputy

6  Attorneys for Defendant
   James D. Allen

RECD JUL21'05pm 2:15

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN DIEGO**

10  FRANK E. ROGOZIENSKI,          )   Case No. GIC 843843
                                   )
11           Plaintiff             )   **PROOF OF SERVICE BY MAIL**
                                   )
12      v.                         )   Date:        September 2, 2005
                                   )   Time:        8:30 a.m.
13  JAMES D. ALLEN, S. MICHAEL LOVE )   Dept:        65
    and DOES 1 through 10, inclusive, )   Judge:       Joan M. Lewis
                                   )
14                                 )
             Defendants.           )   Complaint Filed:   March 7, 2005
15  _____ )   Trial Date:        None set

16          I, Jan Sones, declare that:  I am over the age of 18 years and not a party to the case; I am employed

17  in the County of San Diego, California, where the mailing occurs; and my business address is 550 West

18  "C" Street, Suite 1800, San Diego, California 92101.

19          On July 20, 2005, I served the following document(s):

20      AMENDED NOTICE OF HEARING ON DEFENDANT JAMES D. ALLEN'S
        DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT
21
    by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,
22
    as follows:
23
    Frank E. Rogozienski, Esq.                    Attorneys for Plaintiff
24  Frank E. Rogozienski, Inc.                    FRANK E. ROGOZIENSKI
    1203 Second Street
25  Coronado, CA 92118
    Tel: (619) 437-1878
26  Fax: (619) 437-4894

27  ///

28  ///

L0VE01486

**PROOF OF SERVICE BY MAIL**

1    Daniel M. White, Esq.                Attorneys for Defendant
      White & Oliver, APC                 S. MICHAEL LOVE

2    550 West C Street, Suite 950
      San Diego, CA 92101

3    Tel: (619) 239-0300
      Fax: (619) 239-0344

4

5       I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the

6   United States Postal Service, this same day, at my business address shown above, following ordinary

7   business practices.  I am readily familiar with the business practices for collecting and processing of

8   correspondence and pleadings for mailing with the United States Postal Service; and that the

9   correspondence and pleadings shall be deposited with the United States Postal Service this same day in

10   the ordinary course of business.

11       I declare under penalty of perjury under the laws of the State of California that the foregoing is

12   true and correct.

13

14   Dated: _July 29, 2005_                 _Jan Sones_

15                             Jan Sones

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01487

2

**PROOF OF SERVICE BY MAIL**

1

2    FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
     FRANK E. ROGOZIENSKI, INC.
3    A Professional Corporation
     Attorneys at Law
     Coronado Professional Square
4    1203 Second Street
     Coronado, CA 92118
5    Telephone: (619)437-1878
     Facsimile: (619)437-4894
6
     Attorneys for Plaintiff
7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9                      FOR THE COUNTY OF SAN DIEGO

10   FRANK E. ROGOZIENSKI,              )      CASE NO. GIC843843
                                        )
11              Plaintiff,              )      PROOF OF SERVICE
                                        )
12   v.                                 )
                                        )
13   JAMES D. ALLEN, et al.,            )
                                        )
14              Defendants.             )
     _____   )

15

16        I, the undersigned, certify and declare that I am a citizen of the
17   United States, over the age of 18 years, employed in the County of San
     Diego, State of California, and not a party to the above entitled cause.
18   On July 1, 2005, I caused to be served by Federal Express, next business
     day delivery, charges paid by sender, a copy of the attached MEMORANDUM
19   OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S.
     MICHAEL LOVE, TO FIRST AMENDED COMPLAINT, NOTICE OF LODGEMENT OF NON-
20   CALIFORNIA CASES as follows:

21   DONALD A. ENGLISH, ESQ.
     ENGLISH & GLOVEN
22   550 West "C" St., No. 1800          DANIEL M. WHITE, ESQ.
     San Diego, CA 92101                 WHITE & OLIVER
                                         550 West "C" Street, No. 950
23   Executed on: July 1, 2005          San Diego, CA 92101

24        I declare under penalty of perjury under the laws of the State
25   of California that the above is true and correct.

26

27                                      _____
                                        Sherryl M. Bolinger
28

     _____
     PROOF OF SERVICE

                                     1                        LOVE01488

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180500
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

F I L E D
Clerk of the Superior Court

JUL 0 6 2005

By: A. Gerba, Deputy

FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
Coronado Professional Square
1203 Second Street
Coronado, CA 92118
Telephone: (619)437-1878
Facsimile: (619)437-4894

Attorneys for Plaintiff

F I L E D
Clerk of the Superior Court

JUL 0 6 2005

By: A. Gerba, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

FRANK E. ROGOZIENSKI,          )    CASE NO. GIC843843
                               )
            Plaintiff,         )    PROOF OF SERVICE
                               )
v.                             )
                               )
JAMES D. ALLEN, et al.,        )
                               )
            Defendants.        )
_____)

     I, the undersigned, certify and declare that I am a citizen of the
United States, over the age of 18 years, employed in the County of San
Diego, State of California, and not a party to the above entitled cause.
On July 1, 2005, I caused to be served by Federal Express, next business
day delivery, charges paid by sender, a copy of the attached MEMORANDUM
OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, JAMES
D. ALLEN, TO FIRST AMENDED COMPLAINT, NOTICE OF LODGEMENT OF NON-
CALIFORNIA CASES as follows:

DONALD A. ENGLISH, ESQ.            DANIEL M. WHITE, ESQ.
ENGLISH & GLOVEN                   WHITE & OLIVER
550 West "C" St., No. 1800         550 West "C" Street, No. 950
San Diego, CA 92101                San Diego, CA 92101

Executed on: July 1, 2005

     I declare under penalty of perjury under the laws of the State
of California that the above is true and correct.

                                   Sherryl M. Bolinger

PROOF OF SERVICE

1

LOVE01489

1   FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
2   FRANK E. ROGOZIENSKI, INC.
    A Professional Corporation
3   Attorneys at Law
    Coronado Professional Square
4   1203 Second Street
    Coronado, CA 92118
5   Telephone: (619)437-1878
    Facsimile: (619)437-4894
6

7   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                       FOR THE COUNTY OF SAN DIEGO

11

12

13  FRANK E. ROGOZIENSKI,              )    Case No. GIC843843
                                       )
14               Plaintiff,            )    MEMORANDUM OF POINTS AND
                                       )    AUTHORITIES IN OPPOSITION TO
15       v.                            )    DEMURRER OF DEFENDANT, JAMES D.
                                       )    ALLEN, TO FIRST AMENDED
16                                     )    COMPLAINT, AND MOTION TO STRIKE
    JAMES D. ALLEN, S. MICHAEL LOVE)
17  and DOES 1 through 10, inclusive,  )
                                       )    Date: 07/15/05
18               Defendants.           )    Time: 11:00 a.m.
                                       )    Dept: 61
19                                     )
    _____)
20
                                            DEPT. 61
21                                          HON. John S. Meyer
22

23

24

25

26

27  _____
    MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
28  TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
    AMENDED COMPLAINT, AND MOTION TO STRIKE

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181630
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

F I L E D
Clerk of the Superior Court

JUL 1 - 2005

By: BARBARA JARRATT, Deputy

LOVE01490

# TABLE OF CONTENTS

I. RELEVANT FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. MOTION TO STRIKE AND DISREGARD . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1. Allen's failure to lodge copies of non-California cases cited . . . . . . . . . . . 4
    2. Allen's Memorandum is in excess of the maximum permitted
       page length . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III. OPPOSITION TO ALLEN'S DEMURRERS . . . . . . . . . . . . . . . . . . . . . . . . 5
    1. Judicial Immunity Is Not Applicable To Allen's Misconduct . . . . . . . . . . . 7
    2. The Litigation Privilege Is Not Applicable To Allen's Misconduct . . . . . . 8
    3. The Tort Claims Act Is Not Applicable To Allen's Misconduct . . . . . . . . 8
    4. Plaintiff's Claims Are Not Based Upon A Violation Of The
       Rules Of Professional Conduct . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    5. Plaintiff's Seventh Cause Of Action Is Not Uncertain . . . . . . . . . . . . . 10

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

i

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
AMENDED COMPLAINT, AND MOTION TO STRIKE

LOVE01491

# TABLE OF AUTHORITIES

**Page**

## California Cases

Greene v. Zank (1984) 158 Cal.App.3d 497 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Navellier v. Sletton (2003) 106 Cal.App.4th 763 . . . . . . . . . . . . . . . . . . . . . . . . 7

Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App.3d 104 . . . . . . . . . 9

Silberg v. Anderson (1990) 50 Cal.3d 205 . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40 . . . . . . . . . . . . . . . . . . . . 6

Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892 . . . . . . . . . . . . . . . . . 9

## Federal Cases

Butz v. Economou (1978) 438 U.S. 478 . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Reynolds v. County of San Diego (9th Cir.) (1996) 84 F.3d 1162 . . . . . . . . . . . . . . 9

Stump v. Sparkman (1978) 435 U.S. 349 . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Statute and Rules of Court

Business & Professions Code §6128 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Civil Code §52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

California Rule of Court 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

California Rule of Court 311 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

California Rule of Court 313 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
AMENDED COMPLAINT, AND MOTION TO STRIKE

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1810
1203 SECOND STREET, "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

LOVE01492

Plaintiff offers the following in opposition to the demurrer of Defendant, James D. Allen:

## I. **RELEVANT FACTUAL BACKGROUND**

Allen is an attorney engaged in the practice of law as a sole proprietor [Compl. ¶ 4]. Plaintiff was married in 1982, and in October, 1997, Plaintiff's then spouse ["Petitioner"] brought a Petition for Dissolution of their marriage [herein the "Underlying Proceeding"]. In the Underlying Proceeding, Love represented Petitioner [Compl. ¶ 9], and Allen from time-to-time devoted some small fration of his working time to periodically acting as a temporary judge. The substantially greater balance of Allen's working time was as a lawyer in the practice of law.

In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to the entry of an order that Allen could act as temporary judge in the Underlying Proceeding and (b) that all costs of Allen shall be borne by them, with each paying one-half the cost of the services of Allen. Although, no hourly rate or fee amount was set expressly forth in the written agreement, the agreement was that Plaintiff would pay one-half of Allen's services in the Underlying Proceeding at Allen's normal and customary billing rate as an attorney on a fee-for-service basis. Between June 1998 and August 4, 1998, and prior to his appointment as temporary judge, Allen performed services and charged fees which were paid under Plaintiff's and Petitioner's agreement one-half by Plaintiff and one-half by Petitioner. Allen served as temporary judge in the Underlying Proceeding from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause. Allen submitted billings to Plaintiff as a lawyer on the letterhead of Allen-Magidson [Compl. ¶ 10].

In or about the Summer of 2001, but no later than November or early December of

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST AMENDED COMPLAINT, ETC.

1

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 POST OFFICE BOX 181930
SECOND STREET, "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1876

LOVE01493

1 2001, Allen and Love entered into a conspiracy [herein the "Conspiracy"] to benefit

2 themselves and others with whom they were associated designed to injure, harm and cause

3 damage to Plaintiff by, among other things, interfering with Plaintiff's contractual relations,

4 interfering with Plaintiff's prospective economic advantage, by violating Plaintiff's civil

5 rights, defrauding and deceiving Plaintiff, by engaging in unfair competition in violation of

6 applicable California law, and engaging in willful and negligent misconduct.  A purpose of

7 the Conspiracy was for Love to make a gift to Allen of the Loves' interest in Warner Springs

8 Ranch in violation of Allen's and Love's ethical and other obligations, and to conceal the

9 fact of such gift [Compl. ¶ 16].  Allen and Love arranged a gift to Allen of the Loves' Unit

10 850A interest in Warner Springs Ranch.  By Quitclaim Deed signed February 8, 2002, the

11 Loves transferred to Bottomley the Loves' Unit 850A interest in Warner Springs Ranch.

12 Both Love and Allen knew that Bottomley was acting as a strawman for the transfer of the

13 Loves' Unit 850A through to Allen, the intended recipient [Compl. ¶ 25].  By Quitclaim

14 Deed signed March 15, 2002, Bottomley transferred to Allen the Loves' Unit 850A interest

15 in Warner Springs Ranch.  This Quit Claim Deed was recorded March 18, 2002 [Compl. ¶

16 26].

17        Bottomley did not prepare any of the deeds which transferred the Loves' interests in

18 Warner Springs Ranch.  Love (or someone on his behalf) prepared the Quitclaim Deed from

19 the Loves, and Allen (or someone on his behalf) prepared the Quitclaim Deed to himself.

20 Bottomley explained to Love his intention of transferring the Loves' Unit 850A to Allen so

21 Allen could use that half-interest to upgrade to a full membership.  Bottomley further

22 explained to Love that because he [Bottomley] was simply passing Unit 850A on to Allen,

23 it did not make sense for Love to prepare the Quitclaim Deed for that interest in Bottomley's

24 and Bottomley's wife's names, as Love was doing for the Loves' Unit 1546B interest which

25 Bottomley and his wife were keeping.  Bottomley explained that it would be simpler if only

26

27 MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28 AMENDED COMPLAINT, ETC.

2

LAW OFFICES
FRANK E. ROGOZIENSKI
PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181130
1202 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

LOVE01494

1     he (and not Bottomley and his wife) had to sign the transfer through to Allen. The Quitclaim

2     Deeds transferring the Loves' interests in Warner Springs Ranch recite they are "gifts"

3     [Compl. ¶ 27].

4         In mid-March, 2002, Allen prepared and had Bottomley sign a Quitclaim Deed

5     transferring the Loves' Unit 850A interest to himself. This deed recites it is a "gift". Allen

6     caused this deed to be recorded on March 18, 2002 [Compl. ¶ 30]. Allen then transferred the

7     Loves' Unit 850A interest in the Ranch to the Warner Springs Owners Association, and

8     received back a Grant Deed from the Association giving him Unit 4257 [Compl. ¶ 32]. The

9     circuitous movements Defendants orchestrated of the Loves' Unit 850A interest in Warner

10     Springs Ranch effectively laundered this transaction so as to obscure this gift to Allen

11     [Compl. ¶ 33].

12         Defendants knew or should have known that making the gift to Allen of the Loves'

13     Unit 850A interest in Warner Springs Ranch would result in Allen being disqualified from

14     acting as temporary judge in the Underlying Proceeding. Defendants further knew or should

15     have known that once made, the gift to Allen of the Loves' Unit 850A interest in Warner

16     Springs Ranch disqualified Allen from acting as temporary judge in the Underlying

17     Proceeding [Compl. ¶ 34]. Allen's acceptance of the gift of the Loves' Unit 850A interest

18     in Warner Springs Ranch in March 2002 immediately disqualified him from acting as

19     temporary judge in the Underlying Proceeding. The making, and Allen's acceptance, of the

20     gift of the Loves' Unit 850A interest in Warner Springs Ranch was not a judicial act, was not

21     done in the course of the conduct of the Underlying Proceeding and was not done to achieve

22     the legitimate objectives of the Underlying Proceeding [Compl. ¶ 35].

23         After accepting the gift of the Loves' interest in Unit 850A, Allen, resuming again his

24     role as a temporary judge, made rulings in the Underlying Proceeding [Compl. ¶¶ 36-40].

25     Plaintiff's claims herein against Allen do not contest the propriety of those post-gift rulings,

26

27     MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
       TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28     AMENDED COMPLAINT, ETC.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181630
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

3

LOVE01495

1   which have been set aside by the Judge of the Superior Court who replaced Allen [Compl.

2   ¶ 43].

3       In or about September and October 2003, and after Allen filed his Statement of

4   Withdrawal in the Underlying Proceeding, Allen and Allen's counsel spoke with one or more

5   reporters and made threatening, misleading and disparaging remarks about the truth of

6   Allen's involvement in the gift to him of the Loves' Unit 850B interest in Warner Springs

7   Ranch. On information and belief, Allen and Allen's counsel made these statements as a part

8   of and in furtherance of the Conspiracy, to discredit Plaintiff and coerce Plaintiff into

9   accepting Allen's rulings, and to bolster and support actions Allen had previously taken in

10  his judicial capacity. In speaking with the press, Allen was not acting in his judicial capacity

11  or in the course of the conduct of the Underlying Proceeding, or to achieve the legitimate

12  objectives of the Underlying Proceeding [Compl. 44].

13              ## II. MOTION TO STRIKE AND DISREGARD

14      Allen's Memorandum Of Points And Authorities [herein "Memorandum"] should be

15  stricken and/or disregarded by the Court for the following reasons:

16      1.   **Allen's failure to lodge copies of non-California cases cited**.

17      Allen's Memorandum cites to and relies upon non-California cases, none of

18  which have been lodged with the Court. California Rule of Court 313(h) provides:

19          "If any authority other than California cases ... is cited, a copy
20          of the authority **must be lodged** (emphasis added) with the
            papers that cite the authority and tabbed as exhibits as required
21          by rule 311(e). ..."

22  Allen's Memorandum should be stricken or the portion referring to non-California cases

23  should be disregarded for failure to comply with the foregoing Rule of Court.

24      2.   **Allen's Memorandum is in excess of the maximum permitted page length**.

25      Allen's Memorandum has been printed on 28 line paper. For evan a cursory

26

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28  AMENDED COMPLAINT, ETC.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 16180
1205 SECOND STREET, SECOND AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1676

4

LOVE01496

review of this pleading, it is clear that Allen's fifteen page Memorandum contains an undersized font size that is quite small and there are in excess of 28 lines of type on each page. None of the lines of print match the numbers in the left margin. Allen's "artful" formatting of the Memorandum provides him with abundant "extra" verbiage.[1] California Rule of Court 313(d) provides "... no opening or responding memorandum may exceed 15 pages," and California Rule of Court 201(d)(4) provides that "[e]ach line number must be aligned with a line of type ..." Allen's Memorandum should be stricken or disregarded for failure to comply with the foregoing Rules of Court.

### III. OPPOSITION TO ALLEN'S DEMURRERS

Plaintiff opposes each of the specific demurrers raised by Allen on each of the following grounds:

#### 1. Judicial Immunity Is Not Applicable To Allen's Misconduct.

Allen is not shielded from liability for damages caused by his misconduct because the wrongful acts giving rise to Allen's liability were not done while he was acting in a judicial capacity. For the doctrine of judicial immunity to apply, Allen's acts must have been performed in his judicial capacity. Immunity depends not on the status of the defendant, but rather, on the specific work or function being performed [see Greene v. Zank (1984) 158 Cal.App.3d 497, 508, citing Butz v. Economou (1978) 438 U.S. 478, 511-512]. The factors applied in determining whether an act (by a judge) is a "judicial one" for purposes of conferring judicial immunity relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and (b) the expectations of the parties, i.e., whether they

---

[1]Had Allen required more than 15 pages to present his Memorandum, an application stating the reasons why his argument could not be made within the state limit must have been made to the Court at least 24 hours before the Memorandum was due [California Rule of Court 313(e)]. No such application was made.

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST AMENDED COMPLAINT, ETC.

5

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1978

1  dealt with the judge in his judicial capacity [Stump v. Sparkman (1978) 435 U.S. 349, 350].

2  Here, both of these factors indicate that Allen's acceptance of the gift was not a judicial act.

3      Here, Allen accepted a gift of the Love's Unit 850A interest in Warner Springs Ranch

4  knowing that Love was an attorney who had appeared before him in the Underlying

5  Proceeding (during which earlier time in that proceeding Allen had been acting in his

6  capacity as a temporary judge) and knowing that he (Allen) would be obligated in the future

7  (with Allen again assuming the capacity as a temporary judge) to make rulings in the

8  Underlying Proceeding unencumbered by any appearance of or actual bias, including any

9  award of fees and costs of attorney Love.   Allen's acceptance of the gift and active

10  participation in the conveyance of the gift to himself were not acts done in Allen's capacity

11  as a judicial officer. He was not performing any judicial function, and he was not on judicial

12  duty when he accepted the gift and made the transfer to himself.[2]

13      In addition, a judge's actions are not immune where he has acted in the clear absence

14  of all jurisdiction [Stump v. Sparkman, *supra* 43 U.S. at 356-357]. Allen's acceptance of the

15  gift was a voluntary and intentional act which immediately disqualified him from thereafter

16  acting again as the temporary judge in the Underlying Proceeding [Tatum v. Southern Pacific

17  (1967) 250 Cal.App.2d 40, 43]. In spite of this undisclosed disqualification, Allen thereafter

18

19

20      [2]In footnote 4 and elsewhere in his Memorandum of Points and Authorities, Allen repeatedly
    misstates the allegations of Plaintiff's Complaint that the core of Plaintiff's action is "that Mr. Allen's
21  improper rulings made in his capacity as a temporary judge" are the acts which resulted in Plaintiff's
    damages.   To reach this distortion, Allen ignores the actual allegations of Plaintiff's Complaint
22  (which do not set forth any claim agaisnt Allen for "improper rulings", or even mention that term)
    and further ignores the allegations that "[e]xcept where otherwise expressly stated to the contrary,
23  the actions and conduct of Allen alleged herein were not done by Allen in his role or capacity as a
    judicial officer. The actions and conduct on which Allen is sued herein are not judicial acts" [Compl.
24  ¶ 47]. The allegations and claims Allen creates and argues in his demurrer are not the allegations
    and claims of Plaintiff's Complaint.
25

26

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28  AMENDED COMPLAINT, ETC.

6

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

rendered rulings.  It is only **if** Allen had jurisdiction to make those subsequent rulings, that the making of those rulings would be a judicial act.  In addition, and even if Allen were protected by judicial immunity in those subsequent rulings, here Plaintiff's claims are **not** because Allen's rulings were erroneous (i.e., Plaintiff's claims against Allen are **not** a challenge to Allen's judicial acts), but rather because Allen's **non**-judicial act in accepting the gift disqualified him and will require that Plaintiff re-litigate the Underlying Proceeding. This is because Allen's non-judicial acceptance of the gift both: (a) disqualified him (Allen) from thereafter rendering a decision on the matters he (Allen) had not as yet decided under submission from the in excess of fourteen days of trial in the Underlying Proceeding; **and** (b) disqualified him (Allen) from conducting further proceedings and making further rulings in the Underlying Proceeding.  As a result of Allen's non-judicial acceptance of the gift, the Superior Court Judge who replaced him has set aside Allen's post-gift rulings [Compl. ¶ 43], and Plaintiff has been damaged (among other things) in the loss of any value from the fees, costs and expenses spent in litigating the matters which remained undecided by Allen when he accepted the gift and which now must be re-litigated before the Superior Court Judge who replaced Allen.  These amounts include (but are not limited to) fees and costs Plaintiff paid to Allen and others which Allen's voluntary acceptance of the gift rendered of no value.

Accordingly, judicial immunity is not applicable to the misconduct of Allen which is alleged herein.

2.  **The Litigation Privilege Is Not Applicable To Allen's Misconduct**.

"The litigation privilege immunizes litigants from liability for torts, other than malicious prosecution, which arise from communications in judicial proceedings (Silberg v. Anderson (1990) 50 Cal.3d 205, 212).  The privilege generally applies to any communication by a litigant in a judicial proceeding that is made 'to achieve the objects of the litigation' and has 'some connection or logical relation to the action' (Id at p. 212)" [Navellier v. Sletton

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
AMENDED COMPLAINT, ETC.

7

L0VE01499

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1876

(2003) 106 Cal.App.4th 763, 770]. Here, the statements to the press attributable to Allen (the only "communications" Allen is sued on in the Complaint) were made **after** he (Allen) had withdrawn and was no longer a temporary judge in the Underlying Proceeding [Compl. ¶¶ 44 and 48]. These statements were further not made to achieve the objects of the Underlying Proceeding [Compl. ¶¶ 44 and 48]. Accordingly, the litigation privilege has no application herein.

### 3. The Tort Claims Act Is Not Applicable To Allen's Misconduct.

The Tort Claims Act is not applicable to Allen's misconduct because (a) he was not a public employee; and (b) the acts sued on herein were not within the scope of any employment as a public employee. Although a judge of the Superior Court is a public employee (his salary being paid from public funds), an attorney in private practice serving as a temporary judge is not, especially where, as here, he is paid by the parties and not from public funds. Moreover, and even assuming *arguendo* that Allen was somehow a public employee, none of the acts Allen is sued on herein (e.g., accepting the gift and statements to the press) were done by him in the scope of any employment as a public employee. Moreover, Plaintiff does not contend that any public employer of Allen is liable for the actions of Allen, and thus the Tort Claims Act has no application.

### 4. Plaintiff's Claims Are Not Based Upon A Violation Of The Rules Of Professional Conduct

Plaintiff's claims alleged in the Eleventh and Twelfth causes of action are not dependent upon Allen's misconduct being a violation of the Rules of Professional Conduct. Rather, these causes of action arise from the intentional/negligent breach of the duty of care owed by Allen to Plaintiff. That these duties are reflected in part in certain Rules of Professional Conduct does not insulate Allen from his breach of those duties. Reference is made to the Rules of Professional Conduct because the cited rules embody and restate what

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
AMENDED COMPLAINT, ETC.

LOVE01500

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181530
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1978

is otherwise the public policy of this State. Plaintiff's Eleventh and Twelfth causes of action are based upon Allen's willful/negligent breach of his duty of care[3] as a professional engaged in the practice of law in this State (see, e.g., Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App.3d 104, 109-111, and Business & Professions Code §6128 (that "[e]very attorney is guilty of a misdemeanor who ... [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party")]. Irrespective of the Rules of Professional Conduct, Allen breached his duty of care owed to Plaintiff and is liable for his misconduct in accepting the gift of the Loves' Unit 850A interest in Warner Springs Ranch knowing his acceptance of that gift would cause immediate injury and damage to Plaintiff, including the loss of fees, costs and expenses Plaintiff had paid in the prior trial (which must now be retried because Allen disqualified himself), and the fees, costs and expenses Plaintiff will be required to continue to incur in having the retrial. These lost amounts include monies paid to Allen, who clearly should not be permitted to profit from his own wrongs.[4]

### 5. **Plaintiff's Seventh Cause Of Action Is Not Uncertain**

"Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including but not limited to, damages ..." [Civil Code §52.1(b); see also Reynolds v. County of San Diego (9th Cir.) (1996) 84 F.3d 1162]. Civil Code §52.1 applies "whether

---

[3] It is axiomatic that a duty exists to refrain from intentionally committing tortious conduct.

[4] See e.g., Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892, 920 (citing the Restatement of Torts that "conduct which is 'illegal or unfair or immoral according to the common understanding of society' may subject one to tort liability").

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
AMENDED COMPLAINT, ETC.

LOVE01501

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1  or not acting under color of law." It is axiomatic that individuals have the right to a fair trial,

2  free from actions and conduct which disqualify the trial judge and a trial where doubts are

3  not raised concerning the trial judge's impartiality. Here, Allen's taking of the gift of the

4  Loves' Unit 850A interest in Warner Springs Ranch was an act of coercion which

5  immediately disqualified him from further or thereafter acting as a temporary judge in the

6  Underlying Proceeding and raised serious and obvious concerns regarding his impartiality.

7  As such, Plaintiff has alleged the requisite elements for damages under Civil Code §52.1.

8  ### IV. CONCLUSION

9      For each of the reasons hereinabove set forth, the demurrers of Defendant, James D.

10  Allen, should each be denied, and in the alternative, Plaintiff respectfully requests leave to

11  amend.

12                              Respectfully submitted,
                               FRANK E. ROGOZIENSKI, INC.

14

15                         By:_____

16                              Frank E. Rogozienski
17                              Attorney for Plaintiff

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

27  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, JAMES D. ALLEN, TO FIRST
28  AMENDED COMPLAINT, ETC.

                              10

MT/36. 20/UAP

1   Donald A. English, Esq.      (State Bar No. 115569)
    Christy I. Yee, Esq.         (State Bar No. 166238)
2   ENGLISH & GLOVEN
    A Professional Corporation
3   550 West "C" Street, Suite 1800
    San Diego, California 92101
4   Telephone: (619) 338-6610
    Facsimile:  (619) 338-6657
5

6   Attorneys for Defendant
    James D. Allen
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10  FRANK E.  ROGOZIENSKI,           )   Case No. GIC 843843
                                     )
11          Plaintiff                )   NOTICE OF HEARING ON DEFENDANT
                                     )   JAMES D. ALLEN'S DEMURRER TO
12      v.                           )   PLAINTIFF'S FIRST AMENDED
                                     )   COMPLAINT
13  JAMES D. ALLEN, S.  MICHAEL LOVE )
    and DOES 1 through 10, inclusive,)
14                                   )   Date:      July 15, 2005
            Defendants.              )   Time:      11:00 a.m.
15                                   )   Dept:      61
                                     )   Judge:     John S.  Meyer
16                                   )
                                     )
17                                   )   Complaint Filed:   March 7, 2005
                                     )   Trial Date:        None set
18  _____)

19      TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20      PLEASE TAKE NOTICE THAT on July 15, 2005, at 11:00 a.m., or as soon thereafter as this

21  matter may be heard in Department 61 of the San Diego Superior Court located at 330 West Broadway,

22  San Diego, California, defendant James D. Allen ("Mr. Allen") will demur to plaintiff Frank E.

23  Rogozienski's First Amended Complaint in the above-entitled matter.  The demurrer will be based upon

24  this notice, the demurrer, the memorandum of points and authorities, the request for judicial notice, the

25  ///

26  ///

27  ///

28

LOVE01503

JAMES D. ALLEN'S NOTICE OF HEARING ON

1   notice of lodgment of documents and attached exhibits, the pleadings, records and files in this action, and

2   on such further argument as may be presented at the hearing, if any.

3

4   Dated: *June 13, 2005*

ENGLISH & GLOVEN
A Professional Corporation

5

6

7   By: *Donald A. English*
        Donald A. English
        Christy I. Yee

8   Attorneys for Defendant
    James D. Allen

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01504

2   JAMES D. ALLEN'S NOTICE OF HEARING ON
    DEMURRER TO FIRST AMENDED COMPLAINT

*Rogozienski v. Love*
**San Diego County Superior Court Case No. GIC843843**

OFFICE 18
CENTRAL DIVISION

2005 MAY 25  P 4:19

CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

### PROOF OF SERVICE

I, Patty Cortez, declare as follows:

1.   I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101.  I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2.   On May 25, 2005, I served the following document(s):

**NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT BY DEFENDANT S. MICHAEL LOVE;**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT; and**

**REQUEST FOR JUDICIAL NOTICE**

on the interested parties in this action:

Frank E. Rogozienski, Esq.                    *Plaintiff, In Pro Per*
Frank E. Rogozienski, Inc.
1203 Second Street
Coronado, CA 92118
Tel. (619) 437-1878
Fax (619) 437-4894

Donald A. English, Esq.                       *Attorneys for Defendant James D. Allen*
English & Gloven, APC
550 West C Street, Suite 1800
San Diego, CA 92101
Tel. (619) 338-6610
Fax (619) 338-6657

☒   (BY MAIL) C.C.P. § 1013(a)(1) & (3)
I deposited such envelope in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

WHITE, NOON & OLIVER
A Professional Corporation

63708.1

LOVE01505

1    ☐    (BY PERSONAL SERVICE) C.C.P. § 1011; I caused to be delivered such envelope by and to the offices of the addressee.

2    ☐    (BY FEDERAL EXPRESS) C.C.P. § 1013(c); I am readily familiar with the practice of this firm for collection and processing of correspondence for delivery by Federal Express. Pursuant to this practice, correspondence would be deposited in the Federal Express drop box located at 550 West "C" Street, San Diego, CA 92101 in the ordinary course of business on the date of this declaration.

3

4

5    ☐    (BY FACSIMILE) At the time of transmission, I was at least 18 years of age and not a party to this legal proceeding.  I transmitted the above-referenced documents by facsimile machine, pursuant to California Rules of Court, Rule 2006.

6

7    ☒    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

8

9    ☐    (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

10        I declare under penalty of perjury under the laws of the State of California that the

11   foregoing is true and correct, and that this declaration was executed on May 25, 2005, at San

12   Diego, California.

13

14

15   Patty Cortez

16

17

18

19

20

21

22

23

24

25

26

27

28

WHITE, NOON & OLIVER
A Professional Corporation

LOVE01506

- 2 -

63708.1

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2005 JUN 13  P 4:28

CLERK -SUPERIOR COURT
SAN DIEGO COUNTY, CA

1 | Donald A. English, Esq.     (State Bar No. 115569)
Christy I. Yee, Esq.     (State Bar No. 166238)
2 | ENGLISH & GLOVEN
A Professional Corporation
3 | 550 West "C" Street, Suite 1800
San Diego, California 92101
4 | Telephone: (619) 338-6610
Facsimile:  (619) 338-6657

5

6 | Attorneys for Defendant
James D. Allen

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN DIEGO**

10 | FRANK E. ROGOZIENSKI,                )   Case No. GIC 843843
                                        )
11 |             Plaintiff               )   **DEFENDANT JAMES D. ALLEN'S**
                                        )   **DEMURRER TO PLAINTIFF'S FIRST**
12 |     v.                              )   **AMENDED COMPLAINT**
                                        )
13 | JAMES D. ALLEN, S. MICHAEL LOVE     )   Date:          July 15, 2005
and DOES 1 through 10, inclusive,       )   Time:          11:00 a.m.
14 |                                     )   Dept:          61
            Defendants.                  )   Judge:         John S. Meyer
15 |                                     )
                                        )
16 |                                     )   Complaint Filed:   March 7, 2005
                                        )   Trial Date:        None set
17 |                                     )
                                        )
18 | _____    )

19 |        Defendant James D. Allen ("Mr. Allen") hereby generally and specially demurs to the First

20 | Amended Complaint, filed by Frank E. Rogozienski ("Mr. Rogozienski") and to the following causes of

21 | action on the following grounds:

22 |                                        **I.**

23 |               **DEMURRER TO THE FIRST CAUSE OF ACTION**

24 |               **(Intentional Interference with Contractual Relations)**

25 |        1.      Mr. Allen generally demurs to the First Cause of Action for Intentional Interference with

26 | Contractual Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the

27 |

28 | LOVE01507

1   allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine of

2   judicial immunity.  (<u>Howard v. Drapkin</u> (1990) 222 Cal.App.3d 843, 852.)

3         2.     Mr. Allen generally demurs to the First Cause of Action for Intentional Interference with

4   Contractual Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the

5   allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation

6   privilege.  (<u>Silberg v. Anderson</u> (1990) 50 Cal.3d 205, 212.)

7         3.     Mr. Allen generally demurs to the First Cause of Action for Intentional Interference with

8   Contractual Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the

9   allegations fail to state facts sufficient to constitute a cause of action and are barred by the Tort Claims

10   Act.  (Gov. Code, §§ 905.2, 911.2, 945.4; <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.)

11 **II.**

12 **<u>DEMURRER TO THE THIRD CAUSE OF ACTION</u>**

13 **(Intentional Interference with Prospective Economic Relations)**

14         1.     Mr. Allen generally demurs to the Third Cause of Action for Intentional Interference with

15   Prospective Economic Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

16   the allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine

17   of judicial immunity.  (<u>Howard v. Drapkin</u> (1990) 222 Cal.App.3d 843, 852.)

18         2.     Mr. Allen generally demurs to the Third Cause of Action for Intentional Interference with

19   Prospective Economic Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

20   the allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation

21   privilege.  (<u>Silberg v. Anderson</u> (1990) 50 Cal.3d 205, 212.)

22         3.     Mr. Allen generally demurs to the Third Cause of Action for Intentional Interference with

23   Prospective Economic Relations under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

24   the allegations fail to state facts sufficient to constitute a cause of action and are barred by the Tort

25   Claims Act. (Gov. Code, §§ 905.2, 911.2, 945.4; <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.)

26   ///

27   ///

LOVE01508

28

JAMES D. ALLEN'S DEMURRER TO

1                                        **III.**

2              **<u>DEMURRER TO THE FIFTH CAUSE OF ACTION</u>**

3         **(Negligent Interference with Prospective Economic Advantage)**

4        1.     Mr. Allen generally demurs to the Fifth Cause of Action for Negligent Interference with

5 Prospective Economic Advantage under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

6 the allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine

7 of judicial immunity. (<u>Howard v. Drapkin</u> (1990) 222 Cal.App.3d 843, 852.)

8        2.     Mr. Allen generally demurs to the Fifth Cause of Action for Negligent Interference with

9 Prospective Economic Advantage under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

10 the allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation

11 privilege. (<u>Silberg v. Anderson</u> (1990) 50 Cal.3d 205, 212.)

12        3.     Mr. Allen generally demurs to the Fifth Cause of Action for Negligent Interference with

13 Prospective Economic Advantage under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

14 the allegations fail to state facts sufficient to constitute a cause of action and are barred by the Tort

15 Claims Act. (Gov. Code, §§ 905.2, 911.2, 945.4; <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.)

16                                        **IV.**

17            **<u>DEMURRER TO THE SEVENTH CAUSE OF ACTION</u>**

18                  **(Civil Rights Violations)**

19        1.     Mr. Allen generally demurs to the Seventh Cause of Action for Civil Rights Violations

20 under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

21 sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity. (<u>Howard v.</u>

22 <u>Drapkin</u> (1990) 222 Cal.App.3d 843, 852.)

23        2.     Mr. Allen generally demurs to the Seventh Cause of Action for Civil Rights Violations

24 under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

25 sufficient to constitute a cause of action and are barred by the litigation privilege. (<u>Silberg v. Anderson</u>

26 (1990) 50 Cal.3d 205, 212.)

27 /// 

28                                                             L0VE01509

1    3.    Mr. Allen generally demurs to the Seventh Cause of Action for Civil Rights Violations

2 under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

3 sufficient to constitute a cause of action and are barred by the Tort Claims Act. (Gov. Code, §§ 905.2,

4 911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

5    4.    Mr. Allen specially demurs to the Seventh Cause of Action for Civil Rights Violations

6 under Code of Civil Procedure, § 430.10, subd. (f), as the allegations set forth at paragraph 99 (page 27,

7 lines 10-17) are vague, unintelligible, and uncertain.

8                                         **V.**

9                **DEMURRER TO THE EIGHTH CAUSE OF ACTION**

10                      **(Deceit and Fraudulent Concealment)**

11    1.    Mr. Allen generally demurs to the Eighth Cause of Action for Deceit and Fraudulent

12 Concealment under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail

13 to state facts sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity.

14 (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 852.)

15    2.    Mr. Allen generally demurs to the Eighth Cause of Action for Deceit and Fraudulent

16 Concealment under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail

17 to state facts sufficient to constitute a cause of action and are barred by the litigation privilege. (Silberg v.

18 Anderson (1990) 50 Cal.3d 205, 212.)

19    3.    Mr. Allen generally demurs to the Eighth Cause of Action for Deceit and Fraudulent

20 Concealment under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail

21 to state facts sufficient to constitute a cause of action and are barred by the Tort Claims Act. (Gov. Code,

22 §§ 905.2, 911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

23                                        **VI.**

24                **DEMURRER TO THE NINTH CAUSE OF ACTION**

25                            **(Breach of Contract)**

26    1.    Mr. Allen generally demurs to the Ninth Cause of Action for Breach of Contract under

27 Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

28

**JAMES D. ALLEN'S DEMURRER TO**

1  sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity. (<u>Howard v.</u>

2  <u>Drapkin</u> (1990) 222 Cal.App.3d 843, 852.)

3      2.    Mr. Allen generally demurs to the Ninth Cause of Action for Breach of Contract under

4  Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

5  sufficient to constitute a cause of action and are barred by the litigation privilege. (<u>Silberg v. Anderson</u>

6  (1990) 50 Cal.3d 205, 212.)

7      3.    Mr. Allen generally demurs to the Ninth Cause of Action for Breach of Contract under

8  Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

9  sufficient to constitute a cause of action and are barred by the Tort Claims Act. (Gov. Code, §§ 905.2,

10  911.2, 945.4; <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.)

11  **VII.**

12  **DEMURRER TO THE ELEVENTH CAUSE OF ACTION**

13  **("Willful Misconduct and Intentional Infliction of Injury")**

14      1.    Mr. Allen generally demurs to the Eleventh Cause of Action for "Willful Misconduct and

15  Intentional Infliction of Injury" under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

16  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the doctrine

17  of judicial immunity. (<u>Howard v. Drapkin</u> (1990) 222 Cal.App.3d 843, 852.)

18      2.    Mr. Allen generally demurs to the Eleventh Cause of Action for "Willful Misconduct and

19  Intentional Infliction of Injury" under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

20  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the litigation

21  privilege. (<u>Silberg v. Anderson</u> (1990) 50 Cal.3d 205, 212.)

22      3.    Mr. Allen generally demurs to the Eleventh Cause of Action for "Willful Misconduct and

23  Intentional Infliction of Injury" under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

24  the allegations fail to state facts sufficient to constitute a cause of action and are barred by the Tort

25  Claims Act. (Gov. Code, §§ 905.2, 911.2, 945.4; <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.)

26      4.    Mr. Allen generally demurs to the Eleventh Cause of Action for "Willful Misconduct and

27  Intentional Infliction of Injury" under Code of Civil Procedure, § 430.10, subd. (e), on the ground that

28

LOVE01511

JAMES D. ALLEN'S DEMURRER TO

5

1    the allegations fail to state facts sufficient to constitute a cause of action, as they, among other things,

2    cannot constitute an actionable claim. (Rules of Prof. Conduct, Rule 1-100; <u>Noble v. Sears Roebuck &</u>

3    <u>Co.</u> (1973) 33 Cal.App.3d 654, 658-659.)

### VIII.

### <u>DEMURRER TO THE TWELFTH CAUSE OF ACTION</u>

### (Negligence)

7        1.    Mr. Allen generally demurs to the Twelfth Cause of Action for Negligence under Code

8    of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to

9    constitute a cause of action and are barred by the doctrine of judicial immunity.  (<u>Howard v. Drapkin</u>

10   (1990) 222 Cal.App.3d 843, 852.)

11       2.    Mr. Allen generally demurs to the Twelfth Cause of Action for Negligence under Code

12   of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to

13   constitute a cause of action and are barred by the litigation privilege.  (<u>Silberg v. Anderson</u> (1990) 50

14   Cal.3d 205, 212.)

15       3.    Mr. Allen generally demurs to the Twelfth Cause of Action for Negligence under Code

16   of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to

17   constitute a cause of action and are barred by the Tort Claims Act. (Gov. Code, §§ 905.2, 911.2, 945.4;

18   <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.)

19       4.    Mr. Allen generally demurs to the Twelfth Cause of Action for Negligence under Code

20   of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts sufficient to

21   constitute a cause of action, as they, among other things, cannot constitute an actionable claim.  (Rules

22   of Prof. Conduct, Rule 1-100; <u>Noble v. Sears Roebuck & Co.</u> (1973) 33 Cal.App.3d 654, 658-659.)

### IX.

### <u>DEMURRER TO THE THIRTEENTH CAUSE OF ACTION</u>

### (Unjust Enrichment)

26       1.    Mr. Allen generally demurs to the Thirteenth Cause of Action for Unjust Enrichment

27   under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

28

LOVE01512

6

JAMES D. ALLEN'S DEMURRER TO
FIRST AMENDED COMPLAINT

1    sufficient to constitute a cause of action and are barred by the doctrine of judicial immunity. (Howard v.

2    Drapkin (1990) 222 Cal.App.3d 843, 852.)

3        2.    Mr. Allen generally demurs to the Thirteenth Cause of Action for Unjust Enrichment

4    under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

5    sufficient to constitute a cause of action and are barred by the litigation privilege. (Silberg v. Anderson

6    (1990) 50 Cal.3d 205, 212.)

7        3.    Mr. Allen generally demurs to the Thirteenth Cause of Action for Unjust Enrichment

8    under Code of Civil Procedure, § 430.10, subd. (e), on the ground that the allegations fail to state facts

9    sufficient to constitute a cause of action and are barred by the Tort Claims Act. (Gov. Code, §§ 905.2,

10    911.2, 945.4; Mazzola v. Feinstein (1984) 154 Cal.App.3d 305, 310.)

11

12    Dated: _June 13, 2005_                ENGLISH & GLOVEN
                                            A Professional Corporation
13

14
                                        By: _Donald A English._
15                                          Donald A. English
                                            Christy I. Yee
16                                      Attorneys for Defendant
                                        James D. Allen
17

18

19

20

21

22

23

24

25

26

27

28

LOVE01513

JAMES D. ALLEN'S DEMURRER TO
FIRST AMENDED COMPLAINT



FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2005 JUN 13 P 4: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

1 | Donald A. English, Esq.    (State Bar No. 115569)
Christy I. Yee, Esq.    (State Bar No. 166238)
2 | ENGLISH & GLOVEN
A Professional Corporation
3 | 550 West "C" Street, Suite 1800
San Diego, California 92101
4 | Telephone: (619) 338-6610
Facsimile: (619) 338-6657

5

6 | Attorneys for Defendant
James D. Allen

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN DIEGO**

10 | FRANK E. ROGOZIENSKI,    ) Case No. GIC 843843
    )
11 |         Plaintiff    ) **DEFENDANT JAMES D. ALLEN'S NOTICE**
    ) **OF LODGMENT OF DOCUMENTS IN**
12 |     v.    ) **SUPPORT OF DEMURRER TO PLAINTIFF'S**
    ) **FIRST AMENDED COMPLAINT**
13 | JAMES D. ALLEN, S. MICHAEL LOVE )
and DOES 1 through 10, inclusive,    ) Date:    July 15, 2005
14 |         ) Time:    11:00 a.m.
        Defendants.    ) Dept:    61
15 |         ) Judge:    John S. Meyer
    )
16 |         )
    ) Complaint Filed:    March 7, 2005
17 |         ) Trial Date:    None set
    )
18 | _____ )

19 |         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20 |         PLEASE TAKE NOTICE that defendant James D. Allen ("Mr. Allen") hereby lodges the

21 | following documents in support of his demurrer to plaintiff Frank E. Rogozienski's First Amended

22 | Complaint:

23 |         Exhibit 1:    First Amended Complaint for Damages in this action, filed March 28, 2005.

24 |         Exhibit 2:    Order, Stipulation and Oath for Temporary Judge, appointing Mr. Allen as

25 |                 temporary judge in In re Marriage of Rogozienski, San Diego Superior Court,

26 |                 Case No. D440154 ("Rogozienski dissolution"), filed August 4, 1998.

27 |

LOVE01514

28 |

**JAMES D. ALLEN'S NOTICE OF LODGMENT OF
DOCUMENTS IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

| | | |
|---|---|---|
| 1 | Exhibit 3: | Statement of Decision issued by Mr. Allen acting in the capacity of temporary |
| 2 | | judge in the Rogozienski dissolution, dated May 10, 1999. |
| 3 | Exhibit 4: | Second Amended Statement of Decision issued by Mr. Allen acting in the |
| 4 | | capacity of temporary judge in the Rogozienski dissolution, dated November 12, |
| 5 | | 2002. |
| 6 | Exhibit 5: | Judgment in the Rogozienski dissolution, filed November 25, 2002. |
| 7 | Exhibit 6: | Frank E. Rogozienski's Notice of Appeal of the November 25, 2002 Judgment |
| 8 | | of Mr. Allen acting in the capacity of temporary judge in the Rogozienski |
| 9 | | dissolution, filed December 10, 2002. |
| 10 | Exhibit 7: | Shirley L. Rogozienski's Notice of Appeal of the November 25, 2002 Judgment |
| 11 | | of Mr. Allen acting in the capacity of temporary judge in the Rogozienski |
| 12 | | dissolution, filed January 23, 2003. |
| 13 | Exhibit 8: | Original Complaint for Damages in this action, filed March 7, 2005. |
| 14 | Exhibit 9: | Declaration of Anthony C. Joseph, Superior Court Judge, Retired, in Support of |
| 15 | | Petitioner's Opposition to Respondent's Motion to Set Aside Judgment and Non- |
| 16 | | Stipulated Interlocutory Rulings of then Temporary Judge James D. Allen in the |
| 17 | | Rogozienski dissolution, filed April 26, 2004. |

Dated: _June 13, 2005_

ENGLISH & GLOVEN
A Professional Corporation


By: _Donald English._
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

LOVE01515

2

JAMES D. ALLEN'S NOTICE OF LODGMENT OF
DOCUMENTS IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1   Donald A. English, Esq.    (State Bar No. 115569)
    Christy I. Yee, Esq.       (State Bar No. 166238)
2   ENGLISH & GLOVEN
    A Professional Corporation
3   550 West "C" Street, Suite 1800
    San Diego, California 92101
4   Telephone: (619) 338-6610
    Facsimile:  (619) 338-6657
5

6   Attorneys for Defendant
    James D. Allen
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,              )   Case No. GIC 843843
                                       )
11          Plaintiff                  )   DEFENDANT JAMES D. ALLEN'S
                                       )   REQUEST FOR JUDICIAL NOTICE IN
12      v.                             )   SUPPORT OF DEMURRER TO PLAINTIFF'S
                                       )   FIRST AMENDED COMPLAINT
13  JAMES D. ALLEN, S. MICHAEL LOVE    )
    and DOES 1 through 10, inclusive,  )   Date:      July 15, 2005
14                                     )   Time:      11:00 a.m.
            Defendants.                )   Dept:      61
15                                     )   Judge:     John S. Meyer
                                       )
16                                     )
                                       )   Complaint Filed:   March 7, 2005
17                                     )   Trial Date:        None set
                                       )
18  _____)

19          Defendant James D. Allen ("Mr. Allen"") respectfully submits the following Request for Judicial

20  Notice pursuant to Evidence Code sections 452(d) and 453. Mr. Allen respectfully requests the Court

21  take judicial notice of the following facts and documents:

22          1.     The allegations contained in the First Amended Complaint in this action filed on

23                 March 28, 2005, attached as Exhibit "1" to the Notice of Lodgment.

24          2.     The appointment of Mr. Allen as temporary judge in In re Marriage of Rogozienski,

25                 San Diego Superior Court, Case No. D440154 ("Rogozienski dissolution") conferring the

26                 powers and "duties of the Judge of the Superior Court" pursuant to Article VI, Section 21

27                 of the California Constitution, as contained in the Order, Stipulation and Oath for

28

FILED
CIVIL BUSINESS OFFICE 9
CENTRAL DIVISION

2005 JUN 13  P 4: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**JAMES D. ALLEN'S REQUEST FOR JUDICIAL
NOTICE IN SUPPORT OF DEMURRER TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Temporary Judge dated August 4, 1998, attached as Exhibit "2" to the Notice of Lodgment.

3.   The findings, decisions and orders of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, contained in the May 10, 1999 Statement of Decision, attached as Exhibit "3" to the Notice of Lodgment.

4.   The findings, decisions and orders of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, contained in the Second Amended Statement of Decision, issued November 12, 2002, attached as Exhibit "4" to the Notice of Lodgment.

5.   The judgment of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, entered on November 25, 2002, attached as Exhibit "5" to the Notice of Lodgment.

6.   Frank E. Rogozienski's Notice of Appeal of the November 25, 2002 judgment (including the incorporated orders) of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed December 10, 2002, attached as Exhibit "6" to the Notice of Lodgment.

7.   Shirley L. Rogozienski's Notice of Appeal of the November 25, 2002 judgment (including the incorporated orders) of Mr. Allen acting in the capacity of temporary judge in the Rogozienski dissolution, filed January 27, 2003, attached as Exhibit "7" to the Notice of Lodgment.

8.   The allegations contained in the original complaint in this action, filed on March 7, 2005, attached as Exhibit "8" to the Notice of Lodgment.

/ / /
/ / /
/ / /

LOVE01517

2

JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

9.     The findings of Anthony C. Joseph, Superior Court Judge in the Declaration of Anthony C. Joseph, Superior Court Judge, Retired, in Support of Petitioner's Opposition to Respondent's Motion to Set Aside Judgment and Non-Stipulated Interlocutory Rulings of then Temporary Judge James D. Allen, filed April 26, 2004 in the Rogozienski dissolution, attached as Exhibit "9" to the Notice of Lodgment.

Dated: *June 13, 2005*

ENGLISH & GLOVEN
A Professional Corporation


By: *Donald English*

Donald A. English
Christy I. Yee
**Attorneys for Defendant**
James D. Allen

LOVE01518

**JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

1  Donald A. English, Esq.     (State Bar No. 115569)
   Christy I. Yee, Esq.        (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone: (619) 338-6610
   Facsimile:  (619) 338-6657
5
6  Attorneys for Defendant
   James D. Allen
7

FILED
CIVIL BUSINESS OFFICE 59
CENTRAL DIVISION

2005 JUN 13  P 4: 28

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA.

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN DIEGO**

10  FRANK E.  ROGOZIENSKI,            )   Case No. GIC 843843
                                      )
11            Plaintiff              )   **DEFENDANT JAMES D. ALLEN'S**
                                      )   **MEMORANDUM OF POINTS AND**
12        v.                         )   **AUTHORITIES IN SUPPORT OF**
                                      )   **DEMURRER TO PLAINTIFF'S FIRST**
13  JAMES D. ALLEN, S.  MICHAEL LOVE )   **AMENDED COMPLAINT**
    and DOES 1 through 10, inclusive, )
14                                    )   Date:      July 15, 2005
            Defendants.              )   Time:      11:00 a.m.
15                                    )   Dept:      61
                                      )   Judge:     John S.  Meyer
16                                    )
                                      )
17                                    )   Complaint Filed:   March 7, 2005
                                      )   Trial Date:        None set
18  _____ )

19  ///
20  ///
    ///
21
22
23
24
25
26
27                                              LOVE01519

28
                                    _____
                                    JAMES D. ALLEN'S MEMORANDUM OF POINTS
                                    AND AUTHORITIES IN SUPPORT OF DEMURRER
                                    TO PLAINTIFF'S FIRST AMENDED COMPLAINT

TABLE OF CONTENTS

Page

I.     INTRODUCTION ....................................................... 1

II.    FACTUAL BACKGROUND ............................................... 1

       A.    The Underlying Marital Dissolution Action. ............................. 1

       B.    Mr. Rogozienski's Claims against Mr. Allen in this Action. ................... 2

III.   STANDARD FOR DEMURRER ............................................. 3

IV.    MR. ALLEN'S DEMURRER SHOULD BE SUSTAINED WITHOUT LEAVE TO
       AMEND ............................................................... 4

       A.    The Absolute Judicial Immunity Doctrine Precludes Each and Every Claim
             Alleged Against Mr. Allen. ............................................ 4

             1.    The Absolute Judicial Immunity Doctrine. .......................... 4

             2.    Claims Precluded by the Judicial Immunity Doctrine Must be Dismissed
                   on Demurrer as a Matter of Law. ................................. 5

             3.    The Judicial Immunity Doctrine Applies to All Claims Alleging Judicial
                   Misconduct in the Performance of Judicial Acts, including Bribery and
                   Corruption. ................................................... 6

             4.    Mr. Allen is a Judicial or Quasi-Judicial Officer Entitled to Protection
                   from Civil Liability Under the Absolute Judicial Immunity Doctrine. ...... 7

             5.    Mr. Allen's Alleged Acts Giving Rise to Each of Mr. Rogozienski's Nine
                   Claims are Judicial Acts Protected by the Absolute Judicial Immunity
                   Doctrine. ..................................................... 8

       B.    The Litigation Privilege Precludes Each and Every Claim Alleged Against Mr.
             Allen. ............................................................ 11

             1.    The Litigation Privilege. ........................................ 11

             2.    Mr. Rogozienski's Claims Must be Dismissed as a Matter of Law Because
                   They are Based Upon Privileged Communications. .................... 12

       C.    Mr. Rogozienski's Claims against Mr. Allen are Barred by the Tort Claims Act. .. 12

             1.    The Tort Claims Act Requires Timely Presentation of Claims. .......... 12

             2.    Mr. Rogozienski's Claims are Barred as a Result of the Failure to Comply
                   with the Tort Claims Act. ...................................... 13

       D.    Other Independent Grounds Exist to Sustain the Demurrer. .................. 13

L0VE01520

i

1        1.      The Eleventh Cause of Action for "Willful Misconduct and Intentional
                 Infliction of Injury" and the Twelfth Cause of Action for Negligence Fail
2                to State a Cause of Action. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

3                a.      There is No Cause of Action Based Upon an Alleged Violation of
                         the Rules of Professional Conduct. . . . . . . . . . . . . . . . . . . . . . . . 14
4
                 b.      Mr. Rogozienski's Claims are Improperly Based upon an Alleged
5                        Violation of the Rules of Professional Conduct and Judicial
                         Canons. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
6
7        2.      The Seventh Cause of Action for Civil Rights Violations is Uncertain. . . . . 15

V.     CONCLUSION   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01521

1

## TABLE OF AUTHORITIES

2

Page(s)

3

### State Cases

4

Baar v. Tigerman (1983)
140 Cal.App.3d 979 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

5

Bistawros v. Greenberg (1987)
6  189 Cal.App.3d 189 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

7

Blank v. Kirwin (1985)
39 Cal.3d 311 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

8

Fisher v. Pickens (1990)
9  225 Cal.App.3d 708 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

10  Frost v. Geernaert (1988)
200 Cal.App.3d 1104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

11

Howard v. Drapkin (1990)
12  222 Cal.App.3d 843 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 4-6, 9

13  In re Brittany K. (2002)
96 Cal.App.4th 805 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

14

Khoury v. Maly's of California, Inc. (1993)
15  14 Cal.App. 4th 612 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

16  Mazzola v. Feinstein (1984)
154 Cal.App.3d 305 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

17

Meester v. Davies (1970)
18  11 Cal.App.3d 342 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

19  Moore v. Regents of University of California (1990)
51 Cal.3d 120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 9

20

Munoz v. State of California (1995)
21  33 Cal.App.4th 1767 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

22  Neal v. Gatlin (1973)
35 Cal.App.3d 871 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

23

Noble v. Sears, Roebuck & Co. (1973)
24  33 Cal.App.3d 654 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

25  Olney v. Sacramento County Bar Assn. (1989)
212 Cal.App.3d 807 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

26

Pearson v. Reed (1935)
27  6 Cal.App.2d 277 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28

LOVE01522

Rubin v. Green (1993)
4 Cal.4th 1187 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Silberg v. Anderson (1990)
50 Cal.3d 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Soliz v. Williams (1999)
74 Cal.App.4th 577 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 12

State v. Superior Court (Bodde) (2004)
32 Cal.4th 1234 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tagliavia v. County of Los Angeles (1980)
112 Cal.App.3d 759 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Taliaferro v. County of Contra Costa (1960)
182 Cal.App.2d 587 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 5, 9

Taylor v. Mitzel (1978)
82 Cal.App.3d 665 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Turpen v. Booth (1880)
56 Cal. 65 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Wilhelm v. Pray, Price, Williams & Russell (1986)
186 Cal.App.3d 1324 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Federal Cases

Bradley v. Fisher (1871)
80 U.S. 335 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Moore v. Brewster (9th Cir. 1996)
96 F.3d 1240 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Ricotta v. State of California (S.D. Cal. 1998)
4 F.Supp.2d 961 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6, 7, 9

State Statutes

Civil Code section 47, subdivision (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Civil Code section 47, subdivision (c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Civil Code section 47, subdivision (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Code of Civil Procedure section 430.10, subdivision (f) . . . . . . . . . . . . . . . . . . . . . . . . . 4, 15

Code of Civil Procedure section 430.10, subdivision (e) . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Code of Civil Procedure section 430.30 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Code of Civil Procedure section 430.30, subdivision (e) . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Elections Code section 327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

L0VE01523

Evidence Code section 452 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Government Code section 810.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Government Code section 905.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Government Code section 911.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 13

Government Code section 945.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Government Code section 950.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Rules

Rules of Professional Conduct, Rule 1-100 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Rules of Professional Conduct, Rule 1-710 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Other Authorities

California Constitution, article VI, section 21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Judicial Canon 6D(2)(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

LOVE01524

1    Defendant James D. Allen ("Mr. Allen") respectfully submits the following memorandum of

2    points and authorities in support of his demurrer to plaintiff Frank E. Rogozienski's ("Mr. Rogozienski")

3    first amended complaint.

### I.

### INTRODUCTION

4

5    Protecting the judiciary from "vexatious actions prosecuted by disgruntled litigants" serves

6    important public purposes of "the highest importance to the proper administration of justice . . . ."

7    (Howard v. Drapkin (1990) 222 Cal.App.3d 843, 852 [citation omitted from quote]; Bradley v. Fisher
     (1871) 80 U.S. 335, 347.)

8    Mr. Rogozienski's first amended complaint contains serious allegations against Mr. Allen for acts

9    allegedly done in his capacity as temporary judge in Mr. Rogozienski's underlying divorce action.

10   Mr. Rogozienski's claims against Mr. Allen seek to undermine established law and public policies

11   protecting the judiciary and those who perform vital judicial functions associated with the administration

12   of justice. Each of Mr. Rogozienki's nine claims against Mr. Allen must be dismissed as a matter of law

     under the absolute judicial immunity doctrine which bars any claim for damages against a judicial or

     quasi-judicial officer.

13   In addition, each of the claims are also precluded as a matter of law under the litigation privilege

14   which prohibits claims based upon communications made in the conduct of judicial proceedings.

15   Moreover, Mr. Rogozienski's claims are similarly barred as a result of Mr. Rogozienski's failure to

     properly and timely satisfy the pre-filing claim requirements under the Tort Claims Act.

16   Separate and independent grounds also exist to sustain the demurrer as a matter of law as to

17   specific causes of action, including the eleventh cause of action labeled, "Willful Misconduct and

18   Intentional Infliction of Injury" and the twelfth cause of action for negligence, which are contrary to

     established California law prohibiting civil causes of action based upon alleged violations of ethical rules.

19   In addition, the allegations in the seventh cause of action for civil rights violations are also subject to a

20   special demurrer, and should be sustained based upon uncertainty.

21   Simply stated, Mr. Rogozienski's claims against Mr. Allen should be disposed of on demurrer.

### II.

### FACTUAL BACKGROUND

22

23   **A.    The Underlying Marital Dissolution Action.**

LOVE01525

24   Mr. Allen is an experienced and highly respected attorney specializing in the area of family law

25   for over 35 years in San Diego. Mr. Allen served as pro tem judge of the San Diego Superior Court on

26   a pro bono basis from 1982 to 1997. From time to time, Mr. Allen has also served as temporary judge

     in dissolution actions by court appointment and the parties' agreement.

27   In 1998, Mr. Rogozienski's then family law counsel requested that Mr. Allen serve as the parties'

     temporary judge in Mr. Rogozienski's dissolution action, In re Marriage of Rogozienski, San Diego

28

                                        **JAMES D. ALLEN'S MEMORANDUM OF POINTS**
                                        **AND AUTHORITIES IN SUPPORT OF DEMURRER**
1                                       **TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Superior Court, Case No. D440154 ("Rogozienski dissolution").    Defendant S. Michael Love ("Mr. Love") was Mrs. Rogozienski's counsel in the Rogozienski dissolution.  (First Amended Complaint, ¶ 9; see Request for Judicial Notice ("RJN") "1"; Exhibit "1" to Notice of Lodgment ("NOL").)  Both Mr. Rogozienski and Mrs. Rogozienski and their respective family law counsel entered into a written agreement to retain Mr. Allen as temporary judge. (First Amended Complaint, ¶ 10.)  On August 4, 1998, the Presiding Judge of the San Diego Superior Court approved the parties' agreement and signed an order appointing Mr. Allen as temporary judge in the Rogozienski dissolution.  (First Amended Complaint, ¶ 10; RJN "2"; Exhibit "2" to NOL.)

The Rogozienski dissolution spanned four and a half years of contentious litigation involving complex issues relating to the interpretation of a pre-marital agreement, division of substantial assets and liabilities, spousal support, and numerous other issues.  The dissolution proceeding was decided in three separate phases.  The first phase involved the parties' dispute as to the enforceability of a pre-marital agreement.  On May 10, 1999, Mr. Allen issued a statement of decision upholding the validity and enforceability of the pre-marital agreement which was drafted by Mr. Rogozienski.  (RJN "3"; Exhibit "3" to NOL.)  Both parties have appealed this decision.  (RJN "6" and "7"; Exhibits "6" and "7" to NOL.)

The second phase related to Mrs. Rogozienski's contentions regarding Mr. Rogozienski's duties owed to her during the marriage regarding the management of separate and community funds used in the investment of Qualcomm stock and options.  After Mr. Allen issued his intended statement of decision, the second phase was resolved pursuant to a stipulation between the parties filed with the Superior Court on December 7, 2000.  Because of the parties' stipulation, there have been no appeals of this phase.

The third phase resolved all remaining reserved issues.  The matter was tried over a period 14 days from October 24, 2001 to November 19, 2001.  (First Amended Complaint, ¶ 14.)  Additional evidence was received in October 2002.  (First Amended Complaint, ¶ 37.)  Mr. Allen issued a Second Amended Statement of Decision on November 12, 2002, and a Judgment of Dissolution was entered on November 25, 2002.  (First Amended Complaint, ¶ 38; see RJN "4" and "5" and Exhibits "4" and "5" to NOL.)  Both parties have appealed Mr. Allen's rulings in the third phase and the Judgment. (RJN "6" and "7"; Exhibits "6" and "7" to NOL.)

In addition to appealing Mr. Allen's rulings, Mr. Rogozienski sought to challenge Mr. Allen's authority to further serve as temporary judge.  (First Amended Complaint, ¶ 40.)  On March 27, 2003, Mr. Allen responded to Mr. Rogozienski's challenge and voluntarily withdrew as temporary judge in the Rogozienski dissolution.  (First Amended Complaint, ¶ 10.)

**B.    Mr. Rogozienski's Claims against Mr. Allen in this Action.**

On March 7, 2005, Mr. Rogozienski filed (but did not serve) a complaint against Mr. Allen and Mr. Love alleging a total of nine causes of action (six causes of action against Mr. Allen).  (RJN "8"; Exhibit "8" to NOL.)

LOVE01526

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

On March 28, 2005, Mr. Rogozienski filed a first amended complaint against Mr. Allen and Mr. Love alleging a total of 13 causes of action. Nine causes of action are alleged against Mr. Allen:

1.  The First Cause of Action for Intentional Interference with Contractual Relations;

2.  The Third Cause of Action for Intentional Interference with Prospective Economic Relations;

3.  The Fifth Cause of Action for Negligent Interference with Prospective Economic Advantage;

4.  The Seventh Cause of Action for Civil Rights Violations;

5.  The Eighth Cause of Action for Deceit and Fraudulent Concealment;

6.  The Ninth Cause of Action for Breach of Contract;

7.  The Eleventh Cause of Action for "Willful Misconduct and Intentional Infliction of Injury;"

8.  The Twelfth Cause of Action for Negligence; and

9.  The Thirteenth Cause of Action for Unjust Enrichment.

As discussed below, each and every claim in the First Amended Complaint against Mr. Allen alleges damages arising from acts allegedly committed by Mr. Allen in his capacity as temporary judge in the Rogozienski dissolution. Mr. Rogozienski, acknowledging the infirmities in his pleadings, admits that he is "in some doubt as to whether he is entitled to redress from all the defendants or from one or more of them . . ." and requests that this Court determine whether the defendants have any liability to him. (First Amended Complaint, ¶ 8; Exhibit "1" to NOL.) As discussed below, based upon established law and compelling public policies, Mr. Allen has no liability to Mr. Rogozienski for any of the alleged claims as a matter of law.

### III.

### STANDARD FOR DEMURRER

A demurrer challenges the legal sufficiency of a complaint, and must be sustained if it appears from the allegations in the complaint and matters judicially noticed that the complaining party fails to allege the facts necessary to constitute each element of a cause of action. (Code Civ. Proc., § 430.30, subd. (a); Blank v. Kirwin (1985) 39 Cal.3d 311, 318.) Although the court accepts a plaintiff's allegations as true, the court cannot assume the truth of contentions, deductions or conclusions of law. (Moore v. Regents of University of California (1990) 51 Cal.3d 120, 125.) In addition, "[w]hile the allegations of a complaint are deemed true in ruling on demurrers, where an allegation is contrary to law or to a fact of which a court may take judicial notice, it is to be treated as a nullity. [Citation omitted.]" (Taliaferro v. County of Contra Costa (1960) 182 Cal.App.2d 587, 592.)

LOVE01527

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1    A court may take judicial notice of its own files, files in other courts and public records in

2  deciding a demurrer. (Evid. Code, § 452; Code Civ. Proc., § 430.30; Bistawros v. Greenberg (1987) 189

3  Cal.App.3d 189, 191-192.) While a general demurrer lies for failure to state facts sufficient to constitute

a cause of action (Code Civ. Proc., § 430.10, subd. (e)), a special demurrer is proper when the complaint

4  is uncertain in that it cannot be reasonably be determined what issues must be admitted or denied, or what

5  claims are being directed against the defendants. (Code Civ. Proc., § 430.10, subd. (f).)

6
### IV.
### MR. ALLEN'S DEMURRER SHOULD BE
7  ### SUSTAINED WITHOUT LEAVE TO AMEND

8  **A.**   **The Absolute Judicial Immunity Doctrine Precludes Each and Every Claim Alleged Against**
**Mr. Allen.**
9
**1.**   **The Absolute Judicial Immunity Doctrine.**
10
The doctrine of judicial immunity is "longstanding and absolute . . .. It bars civil actions against

11  judges for acts performed in the exercise of their judicial functions and it applies to all judicial

determinations, including those rendered in excess of the judge's jurisdiction, no matter how erroneous
12
or even malicious or corrupt they may be. [Citations omitted.]" (Howard v. Drapkin (1990) 222

13  Cal.App.3d 843, 851.) Judicial immunity is absolute and precludes all civil actions against judicial

14  officer or persons other than judges acting in a judicial or quasi-judicial capacity. (Id. at pp. 852-853.)

As summarized in Howard v. Drapkin, California courts have extended absolute judicial
15
immunity to protect quasi-judicial officers from civil suits for their acts performed in their official

16  capacity, including court commissioners acting as temporary judges (Tagliavia v. County of Los Angeles

17  (1980) 112 Cal.App.3d 759, 763); grand jurors (Turpen v. Booth (1880) 56 Cal. 65, 69); administrative

law hearing officers (Taylor v. Mitzel (1978) 82 Cal.App.3d 665, 670-671); arbitrators (Baar v. Tigerman
18
(1983) 140 Cal.App.3d 979, 985); organizations sponsoring an arbitrator (Olney v. Sacramento County

19  Bar Assn. (1989) 212 Cal.App.3d 807, 814-815); and prosecutors (Pearson v. Reed (1935) 6 Cal.App.2d

20  277, 286-288). (Howard, supra, 222 Cal.App.3d at pp. 852-853.)

Federal courts have similarly extended absolute judicial immunity to judicial and quasi-judicial
21
officers.[1]  (See e.g., Ricotta v. State of California (S.D. Cal. 1998) 4 F.Supp.2d 961, 973 [judicial

22  immunity applies to sitting Superior Court judges and pro tem judges]; Moore v. Brewster (9th Cir. 1996)

23  96 F.3d 1240, 1244-1245 [claims against federal District Court Judge Brewster, the law clerk, and court

clerk dismissed under judicial immunity doctrine].)
24
The absolute judicial immunity doctrine effectuates important public policies deeply rooted in our

25  system of justice:

26  _____
LOVE01528

27    [1]California courts rely on federal court decisions in determining the application of the absolute

judicial immunity doctrine in civil suits. (Soliz v. Williams (1999) 74 Cal.App.4th 577, 591.)
28

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
4   TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1    The rationale behind the doctrine is twofold. First, it 'protect[s] the
     finality of judgments [and] discourag[es] inappropriate collateral attacks.
2    [Citation omitted.] Second, it protect[s] judicial independence by
     insulating judges from vexatious actions prosecuted by disgruntled
3    litigants. [Citation omitted.] With respect to the latter reason, the
     immunity is necessary in order to have an independent and impartial
4    judiciary. The public is best served when its judicial officers are free from
     fear of consequences for acts performed in their judicial capacity.
5    [Citation omitted.]

6    (Howard, supra, 222 Cal.App.3d at p. 852.)

7         "[T]he protection must be absolute, even to the malicious or corrupt judge. The effect of judicial

8    immunity is that the action against the judicial officer must be dismissed. [Citation omitted]" (Emphasis
     added.) (Id. at p. 852.)

9    **2.    Claims Precluded by the Judicial Immunity Doctrine Must be Dismissed on**

10   **Demurrer as a Matter of Law.**

11        Claims against judicial or quasi-judicial officers are properly dismissed at the pleading stage on

     demurrer based upon the absolute judicial immunity doctrine. (See e.g., Howard, supra, 222 Cal.App.3d

12   at p. 848 [demurrer sustained without leave to amend under judicial immunity doctrine for claims against

13   court approved psychologist for negligence, fraud, intentional and negligent infliction of emotional

     distress]; Frost v. Geernaert (1988) 200 Cal.App.3d 1104, 1107 [demurrer sustained without leave to
14
     amend under judicial immunity doctrine for claims against Superior Court judges for fraud, corruption,

15   conspiracy, and infliction of emotional distress]; Taliaferro v. County of Contra Costa (1960) 182

16   Cal.App.2d 587, 592-594 [claims for damages against justice of the peace dismissed on demurrer under

     absolute judicial immunity even though justice of peace had no jurisdiction to issue warrant against
17
     plaintiff].)

18        To effectuate the important public policies underlying the judicial immunity doctrine, claims

19   against judicial or quasi-judicial officers must be dismissed at the earliest stage in the proceedings:

         Such doctrines are not mere defenses to liability. [Citations omitted.] If
20       such protection is to be meaningful it must be effective to prevent suits
         such as this one from going beyond demurrer. Avoiding the expense and
21       burden of having to defend an action such as this one is precisely the goal
         which the principles of absolute immunity and privilege were intended to
22       achieve. In order to best protect the ability of neutral third parties to
         aggressively mediate or resolve disputes, a dismissal at the very earliest
23       stage of the proceedings is critical to the proper functioning and continued
         availability of these services. (Emphasis added.)
24
     (Howard, supra, 222 Cal.App.3d at p. 864.)
25
          In Howard v. Drapkin, the Court of Appeal affirmed the trial court's order sustaining the
26   defendant court-approved psychologist's demurrer without leave to amend on the grounds of judicial

27                                                                   L0VE01529

28                                                       _____
                                                         JAMES D. ALLEN'S MEMORANDUM OF POINTS
                                                         AND AUTHORITIES IN SUPPORT OF DEMURRER
                                             5           TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1   immunity.[2] The plaintiff, a litigant in an underlying family law action, entered into a stipulation with her

2   former husband for the defendant to perform a psychological evaluation and issue non-binding findings

3   and recommendations to the Superior Court. The stipulation was approved by the Superior Court. (Id. at p. 848.) The plaintiff later brought a civil suit against the defendant psychologist alleging claims for

4   negligence, emotional distress, and fraud based upon, among other things, the defendant's alleged failure

5   to disclose certain conflicts of interest involving the defendant's prior professional relationship with the plaintiff's former husband and her personal relationship with the spouse of one of the partners in the law

6   firm representing the former husband. (Id. at pp. 848-850.)

7       Despite the plaintiff's allegations of misconduct and wrongdoing, the Court of Appeal agreed with

8   the trial court that the plaintiff's claim should be dismissed on demurrer as the defendant was entitled to

9   protection from liability under the absolute judicial immunity doctrine. (Id. at p. 860.)

10      3.    **The Judicial Immunity Doctrine Applies to All Claims Alleging Judicial Misconduct in the Performance of Judicial Acts, including Bribery and Corruption.**

11      California and federal courts have consistently applied the judicial immunity doctrine to protect

12   judicial and quasi-judicial officers from liability for myriad claims alleging serious judicial misconduct

13   in the performance of judicial acts, including intentional, malicious torts such as intentional infliction of emotional distress, violation of civil rights, and bribery and corruption.

14      In Soliz v. Williams (1999) 74 Cal.App.4th 577, 589, the Court of Appeal summarized several

15   California decisions applying the absolute judicial immunity doctrine despite the severity of the alleged

16   judicial misconduct:

17           [T]he immunity from a suit for damages at issue is not dependent on the severity of the misconduct. In this case, judicial immunity from a lawsuit for monetary relief depends on whether the defendant engaged in the

18           misconduct while involved in the exercise of a judicial function, even if he acted in excess of jurisdiction. [Citations omitted.] Moreover, we have

19           previously cited a number of cases that involve allegations, which because they were challenged at the demurrer stage were presumed to be true, of

20           extremely serious judicial misconduct . . . . Those cases also involved allegations of extremely serious judicial misconduct that violated the

21           litigants' statutory and constitutional rights, and in all of those scenarios, the absolute immunity from a suit for damages was found to apply as a

22           matter of law. (Emphasis added.)

                                                                     LOVE01530

23

24      Even when the alleged judicial misconduct is bribery and corruption, courts have uniformly

25   dismissed civil suits under the absolute judicial immunity doctrine. For example, in Riccotta v. State of

26      [2]The Court of Appeal also sustained the demurrer based upon the litigation privilege, which is discussed herein and an alternative ground for Mr. Allen's demurrer. The Court ruled that the litigation

27   privilege barred liability for any of defendants' statements and "alleged nondisclosures." (Howard, supra, 222 Cal.App.3d at pp. 849-850.)

28

California (S.D. Cal. 1998) 4 F.Supp.2d 961, the plaintiff sued numerous state court judges (San Diego Superior Court Judge William Howatt Jr., Judge Thomas R. Murphy, Judge Marguerite L. Wagner, Judge Gerald L. Barry, Jr., Judge Ruston Maino), judge pro tems (Judge Pro Tem Paul E. Gavin and Judge Pro Tem Gordon Meyer) and others for violations of civil rights, RICO, conspiracy, and claims for equitable, injunctive, declaratory relief and restitution.

Each of the claims were based upon, among other things, allegations that the judges and judge pro tems had accepted bribes, made rulings against the plaintiff in his underlying marital dissolution proceedings as a result of undue influence, deprived the plaintiff of a fair trial, and had violated their duties under the Judicial Canons and other laws. (Id. at pp. 970-971.) The plaintiff sought damages for the amount of the judgments entered against him in the underlying dissolution proceedings, damages for alleged loss of business reputation and ability to earn a livelihood, attorneys' fees incurred in the "corrupt trials," punitive damages, and other damages and relief. (Id. at p. 971.)

In granting the defendant judges' motion to dismiss each of the claims alleged against them, with prejudice, the District Court stated:

> [A]llegations that a conspiracy produced a certain decision should no more pierce the actors' immunity than allegations of bad faith, personal interest or outright malevolence. [Citations omitted.] The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. [Citation omitted.] To effectuate this policy the Ninth Circuit broadly construes the scope of judicial immunity which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy. [Citation omitted.] (Emphasis added.)

(Id. at p. 972.)

4.    **Mr. Allen is a Judicial or Quasi-Judicial Officer Entitled to Protection from Civil Liability Under the Absolute Judicial Immunity Doctrine.**

Under the controlling legal authorities discussed herein, the application of the judicial immunity doctrine is dependent on two fundamental threshold determinations: (1) whether the defendant is a judicial or quasi-judicial officer, and (2) whether the alleged acts giving rise to the claims are "judicial acts."

As to the first threshold determination, Mr. Rogozienski admits Mr. Allen was acting as a temporary judge in the Rogozienski dissolution and, thus, was a judicial or quasi-judicial officer within the scope of the judicial immunity doctrine:

- "In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to an entry of the order that ALLEN could act as temporary judge in the Underlying Proceeding . . . ." (First Amended Complaint, ¶ 10; Exhibit "1" to NOL.);

- "ALLEN served as temporary judge from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his

LOVE01531

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1    withdrawal on March 27, 2003 in response to Plaintiff's challenge of him
     for cause." (First Amended Complaint, ¶ 10; Exhibit "1" to NOL.);

2

3    •    "Between October 24, 2001 and November 19, 2001, ALLEN, acting in
          his role as then temporary judge in the Underlying Proceeding, presided
          over elements of the trial in that proceeding." (First Amended Complaint,

4         ¶ 14; Exhibit "1" to NOL.);

5    •    "On October 11, 2002, ALLEN, acting in his role as then temporary judge
          in the Underlying Proceeding, reopened trial in the Underlying Proceeding

6         to receive evidence on certain issues he had reserved from the trial in
          October - November 2000." (First Amended Complaint, ¶ 37; Exhibit "1"

7         to NOL.);

8    •    "On October 23, 2002, ALLEN, acting in his role as then temporary judge
          in the Underlying Proceeding, issued his Amended Statement of Decision.

9         On November 12, 2002, ALLEN, acting in his role as then temporary
          judge in the Underlying Proceeding, signed and issued his Second

10        Amended Statement of Decision and the final Judgment." (First Amended
          Complaint, ¶ 38; Exhibit "1" to NOL).

11

12        In addition to the factual admissions on the face of the First Amended Complaint that Mr. Allen

13   was a temporary judge acting within the scope of his authority conferred upon him by the Superior Court,

14   this Court may also take judicial notice of the order signed by the Presiding Judge of the Superior Court

     on August 4, 1998 approving and ordering that Mr. Allen act as temporary judge in the Rogozienski

15   dissolution. (See Order, Stipulation and Oath for Temporary Judge attached as Exhibit "2" to the NOL;

16   RJN "2".)  In the order appointing Mr. Allen as temporary judge, the Superior Court conferred upon

     Mr. Allen the authority to perform "duties of the Judge of the Superior Court . . ." (See Ibid.)  A duly

17   appointed temporary judge "has full judicial powers, and his orders are as final and nonreviewable as

18   those of a permanent judge."  (In re Brittany K. (2002) 96 Cal.App.4th 805, 812.)  Thus, the first

19   requirement of the defendant's status as a judicial or quasi-judicial officer for the applicability of the

     judicial immunity doctrine is established.

20
     5.    **Mr. Allen's Alleged Acts Giving Rise to Each of Mr. Rogozienski's Nine Claims are**
21         **Judicial Acts Protected by the Absolute Judicial Immunity Doctrine.**

22        The second threshold determination for the application of the judicial immunity doctrine --

23   whether the alleged acts giving rise to Mr. Rogozienski's claims are "judicial acts" -- are likewise

     admitted on the face of the First Amended Complaint.  Mr. Rogozienski alleges that while acting in his

24   capacity as temporary judge, Mr. Allen allegedly accepted a "gift" from Mr. Love, failed to disclose such

25   "gift," and made unfair and incorrect rulings as a result of the alleged acceptance of the "gift."  (See First

     Amended Complaint, paras. 14-41; Exhibit "1" to NOL .)

26
          Mr. Rogozienski alleges that while Mr. Allen was acting in his capacity as temporary judge in the
27   Rogozienski dissolution, he engaged in an alleged conspiracy with Mr. Love to cause damage to

28

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1  Mr. Rogozienski. (First Amended Complaint, ¶ 16; Exhibit "1" to NOL.)  In paragraphs 17 through 33

2  of the First Amended Complaint, Mr. Rogozienski claims that part of this alleged conspiracy involved

3  an alleged improper transfer of Mr. Love's interest in the Warner Springs Ranch to non-party Harold S.
   Bottomley, who subsequently transferred the interest he received from Mr. Love to Mr. Allen at a time

4  when Mr. Allen was acting as temporary judge in the Rogozienski dissolution.

5      Although Mr. Rogozienski makes a conclusory allegation that Mr. Allen's acts are not "judicial

6  acts" protected by the judicial immunity doctrine (First Amended Complaint, ¶ 47), the factual allegations
   in the First Amended Complaint demonstrate otherwise.[3]  The factual allegations (paragraphs 1 through

7  50) which are incorporated into each of the nine causes of action against Mr. Allen are premised upon

8  precisely the type of alleged misconduct which are judicial acts absolutely protected by the judicial

9  immunity -- the alleged acceptance of a "bribe," "corruption," failure to disclose alleged conflicts of
   interest, and improper rulings as a result of alleged undue influence which have purportedly caused

10 Mr. Rogozienski damages.[4]  (See e.g., Ricotta, supra, 4 F.Supp.2d at p. 970 [claims based upon alleged

11 bribery and corruption dismissed under judicial immunity doctrine]; Frost, supra, 200 Cal.App.3d at p.

12 1107 [claims for corruption and conspiracy dismissed under judicial immunity doctrine]; Howard, supra,
   222 Cal.App.3d at p. 848 [various claims based upon alleged failure to disclosed conflicts of interest

13 dismissed under judicial immunity doctrine].)  For example, Mr. Rogozienski alleges that after Mr. Allen

14

15  _____

16  [3]Such conclusory allegations may be properly disregarded on demurrer.  (See Taliaferro, supra,
   182 Cal.App.2d at p. 592; Moore, supra, 51 Cal.3d at p. 125.)

17  [4]The first cause of action for intentional interference with contractual relations, the third cause
18  of action for intentional interference with prospective economic relations, and the fifth cause of action
    for negligent interference with economic advantage all allege that Mr. Allen's improper rulings made in
19  his capacity as temporary judge wrongfully interfered with Mr. Rogozienski's purported contractual or
    economic relationships with his former wife, his employer, and his family law counsel.
20      The seventh cause of action for civil rights violations alleges that Mr. Allen's improper acts while
    acting in his capacity as temporary judge deprived Mr. Rogozienski of his right to a fair trial.
21      The eighth cause of action for deceit/fraudulent concealment alleges that in his capacity as
22  temporary judge, Mr. Allen failed to disclose the alleged "gift" to Mr. Rogozienski.
        The ninth cause of action for breach of contract alleges that in his capacity as temporary judge,
23  Mr. Allen breached his contract with Mr. Rogozienski to serve as temporary judge by accepting the
    alleged "gift" and continuing to accept payment for services from Mr. Rogozienski..
24      The eleventh cause of action entitled, "Willful Misconduct and Intentional Infliction of Injury"
25  and the twelfth cause of action for negligence allege that in his capacity as temporary judge, Mr. Allen's
    alleged acceptance of the "gift" and his failure to disclose the "gift" constitute violations of ethical rules.
26      The thirteenth cause of action for unjust enrichment alleges that all of Mr. Allen's allegedly
    improper acts done in his capacity as temporary judgment -- accepting the "gift," failing to disclose the
27  "gift," and making improper rulings -- constitute unjust enrichment.

28

LOVE01533

9

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

allegedly accepted the improper "gift" from Mr. Love, Mr. Allen engaged in the following allegedly improper acts while acting in his capacity as temporary judge:[5]

- "On October 11, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the Underlying Proceeding to receive evidence on certain issues he had reserved from the trial in October - November 2000. The trial on these issues was completed on that date. At this hearing, ALLEN stated he would order Plaintiff herein to pay $250,000 of Petitioner's attorneys' fees and costs, including fees for LOVE." (Emphasis added.) (First Amended Complaint, ¶ 37; Exhibit "1" to NOL.);

- "Although both knew, neither LOVE nor ALLEN made any disclosure of the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made to ALLEN in March of 2002 . . . ." (First Amended Complaint, ¶ 37; Exhibit "1" to NOL.);

- "On December 17, 2002, LOVE met privately with ALLEN, without notice, and obtained ALLEN's signature on certain orders which permitted the immediate issuance, over the counter, of a writ of execution on Plaintiff's separate and share of the community property within which permitted the levy on assets held in Plaintiff's Family Trust." (Emphasis added.) (First Amended Complaint, ¶ 39; Exhibit "1" to NOL.)[6]

Although Mr. Rogozienski attempts to avert the application of the judicial immunity doctrine by carefully avoiding use of the terms "bribery" or "corruption" on the labels he attaches to his causes of action and in his factual allegations -- the same allegations which courts have held are absolutely protected by the judicial immunity doctrine -- Mr. Rogozienski alleges in the eleventh cause of action entitled, "Willful Misconduct and Intentional Infliction of Injury" that Mr. Allen's alleged breach of his duties in his capacity as temporary judge constitute "bribery and corruption." (First Amended Complaint, ¶ 122; Exhibit "1" to NOL.) In addition, Mr. Rogozienski alleges:

"On information and belief, the gift of the LOVES' unit 850 one-half interest in Warner Springs Ranch constituted bribery and corruption . . . ." (First Amended Complaint, ¶ 124; Exhibit "1" to NOL.)

In short, the factual allegations in the First Amended Complaint, which are incorporated in each of the nine claims asserted against Mr. Allen, demonstrate on their face that the alleged wrongful acts causing Mr. Rogozienski's alleged damages are judicial acts absolutely protected by the judicial

LOVE01534

---

[5]Although the truth of allegations are assumed on demurrer, Mr. Allen does not concede the truth of Mr. Rogozienski's allegations of wrongdoing or misconduct.

[6]Mr. Allen disputes Mr. Rogozienski's allegations of undue influence and improper rulings. This is consistent with Retired Superior Court Judge Anthony Joseph's findings submitted to the court in the Rogozienski dissolution. (See RJN "9"; Exhibit "9" to NOL.)

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1    immunity doctrine.[7]  Mr. Rogozienski's claims against Mr. Allen -- regardless of the severity of the

2    alleged misconduct -- are precluded as a matter of law under established law protecting judicial and

3    quasi-judicial officers from civil liability for acts performed within the scope of judicial duties.  For this

     reason alone, the demurrer as to each of the claims against Mr. Allen should be sustained, without leave

4    to amend.

5    **B.    The Litigation Privilege Precludes Each and Every Claim Alleged Against Mr. Allen.**

          **1.    The Litigation Privilege.**

6         Under established California law, even fraudulent and malicious communications are absolutely

7    immune from civil liability if they are made in a judicial or quasi-judicial proceeding to further the

8    objects of the litigation.  (Civ. Code, § 47, subd. (b); Silberg v. Anderson (1990) 50 Cal.3d 205, 212; see

     also Rubin v. Green (1993) 4 Cal.4th 1187, 1193-1194 ["[F]or well over a century, communications with

9    'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege

10   codified as section 47(b)."])  In Silberg, the parties in the marital dissolution proceeding selected a

11   psychologist (recommended by the wife's attorney) to make recommendations to the court regarding child

12   custody.  (Id. at p. 210.)  Dissatisfied with the custody ruling, the husband sued the wife's attorney for

     breach of contract, negligence and "intentional tort."  (Id. at p. 211.).  The husband alleged that the

13   attorney had an undisclosed relationship with the court appointed psychologist which influenced the

14   recommendation and, ultimately, the court's ruling.  (Id. at p. 210.)

15        The California Supreme Court upheld the trial court's order sustaining the defendant's demurrer

     without leave to amend because the defendant's failure to disclose a preexisting relationship that

16   allegedly influenced the psychologist's neutrality and independence was absolutely privileged under Civil

17   Code section 47, subd. (b).  (Id. at p. 220.)  The Silberg court broadly construed the privilege, stating that

     the litigation privilege "was never intended as a test of a participant's motives, morals, ethics or intent."

18   (Id. at p. 220.)  The strict immunization to liability for torts arising from communications in judicial

19   proceedings enhances "the finality of judgments" and avoids "an unending roundelay of litigation, an evil

20   far worse than an occasional unfair result."  (Id. at p. 214.)  Even though an unfair result may occasionally

     occur, "the salutary policy reasons for an absolute privilege supersede individual litigants' interests in

21   recovering damages for injurious publications made during the course of judicial proceedings."  (Id. at

22   pp. 213-214, 218.)

23

24                                                                                    LOVE01535

25        [7]Mr. Rogozienski's single paragraph allegation in the first amended complaint regarding

26   Mr. Allen's alleged statements to the press does not appear to be the basis of any of the nine claim alleged
     against Mr. Allen.  (See First Amended Complaint, ¶ 44; Exhibit "1" to NOL.)  The allegation is

27   uncertain and at a minimum, is subject to a special demurrer.  To the extent that the allegation is a basis
     for any claim against Mr. Allen, such claims are barred by the defenses raised by this demurrer.

28
                                                   JAMES D. ALLEN'S MEMORANDUM OF POINTS
                                                   AND AUTHORITIES IN SUPPORT OF DEMURRER
                                        11         TO PLAINTIFF'S FIRST AMENDED COMPLAINT

2.    **Mr. Rogozienski's Claims Must be Dismissed as a Matter of Law Because They are Based Upon Privileged Communications.**

Each of the nine claims against Mr. Allen are based upon alleged damages caused by Mr. Allen's judgments, rulings, and decisions made during the Rogozienski dissolution, which are absolutely protected under the litigation privilege. Moreover, based upon the <u>Silberg</u> court's ruling that an alleged failure to disclose an advantageous relationship influencing the proceedings is also absolutely privileged, Mr. Rogozienski's claims based upon Mr. Allen's alleged failure to disclose his relationship with Mr. Love and the alleged "gift" are likewise protected and cannot give rise to civil liability.

Despite Mr. Rogozienski's conclusory allegation that the litigation privilege is inapplicable (First Amended Complaint, ¶ 48), the factual allegations demonstrate that all of the claimed damages are caused by Mr. Allen's judgments, rulings, and decisions in the judicial proceeding[8] or the alleged failure to make certain disclosures in the judicial proceeding -- communications which are absolutely protected by the litigation privilege. (First Amended Complaint, ¶¶ 36-40, Exhibit "1" to NOL.) The demurrer as to each of the claims based upon these privileged communications should be sustained, without leave to amend.

C.    **Mr. Rogozienski's Claims against Mr. Allen are Barred by the Tort Claims Act.**

1.    **The Tort Claims Act Requires Timely Presentation of Claims.**

Under the Tort Claims Act, the filing of a timely claim against the employing public entity is a condition precedent to filing an action against a public employee.[9] (See Gov. Code § 905.2; <u>Mazzola v. Feinstein</u> (1984) 154 Cal.App.3d 305, 310.) Under Government Code section 950.2, "a cause of action against a public employee or former employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred . . . ." Tort claims against a public entity must be brought within six months after the accrual of the cause of action, and contract or other claims are barred one year after the accrual of the cause of action. (Gov. Code § 911.2.) Absent a timely claim under Government Code section 911.2, no action for money or damages may be brought against a public entity. (See Gov. Code § 945.4; <u>Munoz v. State of California</u> (1995) 33 Cal.App.4th 1767, 1777.)

An "employee" includes an "officer" and a "judicial officer" as defined in Elections Code section 327, "<u>whether or not compensated for such office</u>." (See Gov. Code § 810.2, emphasis added.) Elections Code section 327 defines a "judicial officer" to include Superior Court judges. The Tort Claims Act

LOVE01536

---

[8]See First Amended Complaint, paragraphs 37-39, 45-46, 58, 73, 90, 100, 108, 115, 128, 135, 137, Exhibit "1" to NOL. To the extent that Mr. Rogozienski alleges that certain statements to the press caused him harm, the litigation privilege protects those statements as well. (Civ. Code, §§ 47, subd. (c); 47, subd. (d); see also, <u>Soliz</u>, <u>supra</u>, 74 Cal.App.4th at p. 595, fn. 6.)

[9]Under Government Code section 905.2, claims for "money or damages on express contract, or for an injury for which the state is liable" may be presented against a public entity.

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

12

1 applies to court-appointed quasi-judicial officers. (See e.g., <u>Fisher v. Pickens</u> (1990) 225 Cal.App.3d

2 708, 711, 718 [claims against court appointed investigator dismissed based upon failure to comply with

claim presentation requirement under Tort Claims Act and judicial immunity doctrine.])

3     Failure to allege facts demonstrating or excusing compliance with the timely claim presentation

4 requirement under the Tort Claims Act subjects a claim to a demurrer. (<u>State v. Superior Court (Bodde)</u>

5 (2004) 32 Cal.4th 1234, 1237.)

6     **2.**   <u>**Mr. Rogozienski's Claims are Barred as a Result of the Failure to Comply with the**</u>
<u>**Tort Claims Act.**</u>

7     Mr. Allen, a temporary judge duly appointed by the Superior Court and vested with "full judicial

8 powers," is an "employee" within the meaning of the Tort Claim Act. (See Exhibit "2" to the NOL; RJN

9 "2"; <u>In re Brittany K.</u>, <u>supra</u>, 96 Cal.App.4th at p. 812; Cal. Const., art. VI, § 21 [court may order

temporary judge to be empowered to act in a cause until its final determination].) Each of

10 Mr. Rogozienski's nine claims against Mr. Allen is based upon "injury resulting from an act or omission

11 in the scope of [Mr. Allen's] employment" -- rulings and acts done in his capacity as temporary judge.

12 As such, Mr. Rogozienski is required to comply with the filing requirements under the Tort Claims Act,

and allegations of Mr. Allen's misconduct within the scope of the duties of his appointment does not

13 obviate the filing requirements. (See e.g., <u>Neal v. Gatlin</u> (1973) 35 Cal.App.3d 871, 873 [claims for

14 malicious and libelous statements dismissed on demurrer based upon failure to comply with Tort Claims

15 Act]; <u>Meester v. Davies</u> (1970) 11 Cal.App.3d 342, 348 [claims for tortious interference with contract

and conspiracy dismissed on demurrer based upon failure to comply with Tort Claims Act].)

16     Mr. Rogozienski alleges that the purported wrongful acts occurred "no later than November or

17 early December of 2001" and continued until March 27, 2002 when he discovered the alleged wrongful

acts. (First Amended Complaint, ¶¶ 16, 49; Exhibit "1" to NOL.) Thus, under Government Code section

18 911.2, Mr. Rogozienski was required to file his tort claims against Mr. Allen with Mr. Allen's employing

19 public entity (e.g., the San Diego Superior Court) within six months after such claims accrued -- no later

20 than September 2002 -- and his contract claims within one year after such claims accrued -- no later than

March 27, 2003. As Mr. Rogozienski's first amended complaint is completely void of any allegation that

21 he timely complied with the filing requirement under the Tort Claims Act, the demurrer should be

22 sustained, without leave to amend, as to each of the claims against Mr. Allen.

23 **D.**   <u>**Other Independent Grounds Exist to Sustain the Demurrer.**</u>

24     Based upon the absolute judicial immunity doctrine, the litigation privilege, and the Tort Claims

Act, the demurrer should be sustained, without leave to amend as to every cause of action against

25 Mr. Allen. However, as discussed below, other separate and independent grounds for demurrer also exist

26 as to specific causes of action.

27

28

LOVE01537

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1.  **The Eleventh Cause of Action for "Willful Misconduct and Intentional Infliction of Injury" and the Twelfth Cause of Action for Negligence Fail to State a Cause of Action.**

    a.  **There is No Cause of Action Based Upon an Alleged Violation of the Rules of Professional Conduct.**

A violation of a Rule of Professional Conduct cannot create liability for damages in a civil action. (See Rules of Professional Conduct, Rule 1-100 ["These rules are not intended to create new civil causes of action . . . ."]; Noble v. Sears, Roebuck & Co. (1973) 33 Cal.App.3d 654, 658-659 ["[There] is no authority for the proposition that a violation of [a Rule of Professional Conduct] subjects an attorney to liability in damages."].)

In Noble, the Court of Appeal affirmed the trial court's order sustaining a demurrer to a complaint without leave to amend as to a claim which was based upon an alleged violation of the Rules of Professional Conduct.[10]  The Court of Appeal rejected the plaintiff's contention she had stated an actionable claim based upon an alleged violation of a Rule of Professional Conduct:

> [There] is no authority for the proposition that a lawyer who is subject to disciplinary action by the State Bar is thereby made subject to a civil action for damages, whether or not an established tort has been committed by the lawyer.  (Emphasis added.)

(Noble, supra, 33 Cal.App.3d at p. 659; see also Wilhelm v. Pray, Price, Williams & Russell (1986) 186 Cal.App.3d 1324, 1332-1333 [affirmed sustaining of demurrer, without leave to amend, as to claims for fraud, deceit, and negligent misrepresentation based upon a violation of the Rules of Professional Conduct.])

    b.  **Mr. Rogozienski's Claims are Improperly Based upon an Alleged Violation of the Rules of Professional Conduct and Judicial Canons.**

Both the eleventh cause of action for "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence are improperly based upon alleged violations of Rule 1-710 of the Rules of Professional Conduct and Judicial Canon 6D(2)(f). (First Amended Complaint, ¶¶ 120-121, 124, 126, 130-132; Exhibit "1" to NOL.)  These allegations cannot support an actionable claim against Mr. Allen. As California law precludes a civil action for damages based upon an alleged violation of the Rules of Professional Conduct, the eleventh cause of action for "Willful Misconduct and Intentional Infliction of Injury" and the twelfth cause of action for negligence are barred as a matter of law.  As such, the demurrer should be sustained, without leave to amend.

///

LOVE01538

---

[10]The demurrer was sustained, without leave to amend as to a cause of action entitled, "invasion of attorney-client relationship." (Noble, supra, 33 Cal.App.3d at pp. 658-659.)

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

2.    **The Seventh Cause of Action for Civil Rights Violations is Uncertain.**

In the seventh cause of action for civil rights violations, Mr. Rogozienski alleges:

> ". . . Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of Plaintiff's rights to a fair trial secured by the Constitution and laws of the United States and the State of California. This right to a fair trial includes a trial free from actions and conduct which disqualify the trial judge and a trial where doubts are not raised concerning the trial judge's impartiality."    (First Amended Complaint, ¶ 99; Exhibit "1" to NOL.)

Mr. Rogozienski's allegations are uncertain, ambiguous, and unintelligible and are subject to a special demurrer under Code of Civil Procedure section 430.10, subdivision (f). (See also Khoury v. Maly's of California, Inc. (1993) 14 Cal.App. 4th 612, 617-619 [demurrer for uncertainty will be sustained where defendant cannot reasonably determine issues to be admitted or denied or the claims being directed against him.]) Mr. Allen cannot reasonably determine what alleged acts of "interfer[ence] by coercion" are, how Mr. Rogozienski was allegedly deprived of a right to a fair trial, or whether Mr. Rogozienski is asserting a claim under federal or state law. The demurrer should be sustained for uncertainty.

## V.

## CONCLUSION

Mr. Allen cannot be liable to Mr. Rogozienski for any claim as a matter of law based upon the absolute judicial immunity doctrine, the litigation privilege, and Mr. Rogozienski's failure to comply with the Tort Claims Act. Each of these well-established defenses defeat each of the nine claims in the first amended complaint alleged against Mr. Allen. Mr. Allen respectfully requests that the demurrer be sustained, without leave to amend.

Dated:  *June 13, 2005*

ENGLISH & GLOVEN
A Professional Corporation

By: *Donald A. English*
Donald A. English
Christy I. Yee
Attorneys for Defendant
James D. Allen

LOVE01539

JAMES D. ALLEN'S MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

15

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

⊠ COUNTY COURTHOUSE, 220 W. Broadway, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ JUVENILE COURT, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 250 E. MAIN ST., EL CAJON, CA 92020-3941

F I L E D
Clerk of the Superior Court
JAN 3 0 2006
By: ROSE MARIE LEY,
Deputy

FRANK E. ROGOZIENSKI,

   Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

   Defendants and Respondents

**RECEIPT FOR RECORD ON APPEAL**
**(CRC Rules 5(a)(4), 11(a), 35(c)(e))**

CASE NUMBER
GIC 843843

COURT OF APPEAL/SUPREME COURT NUMBER
D047858

RECEIVED FROM THE CLERK OF THE SUPERIOR COURT:

                                            No. Volumes

| | No. Volumes |
|---|---|
| Clerk's Transcripts/File | RULE 5.1 |
| Reporter's Transcripts | ONE |
| Reporter's Transcripts on Disk | |
| Administrative Record | |
| Deposition Transcripts | |
| Preliminary Hearing Transcript | |
| Marsden | |
| Other | |
| Other | |

FILED
Stephen M. Kelly, Clerk
JAN 3 0 2006
Court of Appeal Fourth District

NOTE:  PLEASE SIGN THIS RECEIPT AND RETURN AS INDICATED BELOW:

CLERK OF THE SUPERIOR COURT
ATTN:  APPEALS SECTION

⊠ San Diego, PO BOX 120128 SAN DIEGO CA 92112-0128 OR County Mail Stop C-44 Appeals Section
☐ North County, 325 S. Melrose Dr., Vista, CA 92081-6643 OR County Mail Stop N-161 Appeals Section
☐ Juvenile Court, 2851 Meadow Lark Dr., San Diego, CA 92123-2792 OR County Mail Stop P-299 Appeals Section
☐ Juvenile Court, 325 S. Melrose Dr., Vista, CA 92081-6643 OR County Mail Stop N-161 Appeals Section
☐ Juvenile Court, 500 3rd Ave., Chula Vista, CA 91910-5649 OR County Mail Stop S-111 Juvenile Division
☐ Juvenile Court, 250 E. Main St., El Cajon, CA 92020-3941 OR County Mail Stop S-157 Juvenile Division

DATE:

(1) Ct of Appeal/Supreme Ct (2) Appellant/Trial Counsel (3) Atty General/District Atty (4) Governor/County Counsel (5) California Appellate Project

**RECEIPT FOR RECORD ON APPEAL**

L0VE01361

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2007 APR 24 P 4: 35

CLERK, SUPERIOR COURT
SAN DIEGO COUNTY, CA

Daniel M. White (SBN# 068011)
Steven G. Amundson (SBN# 073501 )
**WHITE & OLIVER**
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant
S. MICHAEL LOVE

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

FRANK E. ROGOZIENSKI,

  Plaintiff,

  v.

JAMES D. ALLEN, S. MICHAEL LOVE, and
DOES 1 through 10, inclusive,

  Defendants.

Case No. GIC 843843

**SUPPLEMENTAL PROOF OF SERVICE RE: NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL QUESTION-42 U.S.C. § 1983); DEMAND FOR JURY TRIAL; AND NOTICE OF INTERESTED PARTIES**

I, Monica Zoe Hodge, declare as follows:

1.    I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2.    On April 24, 2007, I served the following document(s): (i) Civil Cover Sheet; (ii) Notice of Removal of Action under 28 U.S.C. §1441(b) (Federal Question-42 U.S.C. § 1983); Demand for Jury Trial; and (iii) Notice of Interested Parties on interested parties in this action on the interested listed below.

Supreme Court of California
350 McAllister Street
San Francisco, CA 94102
Via U.S. Mail

LOVE01362

76878.1

*Rogozienski v. Love*          Case No:          PROOF OF SERVICE RE: REMOVAL OF ACTOIN

California Court of Appeal
Fourth Appellate District
750 B Street, Room 300
San Diego, California 92101-8189
Via Personal Service
Case No.: D047858

The Honorable Joan M. Lewis
Clerk of the Superior Court
Superior Court of California
330 West Broadway
San Diego, California 92101
Via Personal Service
Case No.: GIC 843843

☒       (BY MAIL) C.C.P. § 1013(a)(1) & (3)

I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒       (BY PERSONAL SERVICE) C.C.P. § 1011; I delivered such envelope by and to the offices of the addressee.

☐       (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒       (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 24 day of April, 2007 at San Diego, California.

_Monica Zoe Hodge_

LOVE01363

-2-

76878.1

_Rogozienski v. Love_          Case No:          PROOF OF SERVICE RE: REMOVAL OF ACTOIN

WHITE & OLIVER
A Professional Corporation

1 | Daniel M. White (SBN# 068011)
2 | Steven G. Amundson (SBN# 073501 )
   | **WHITE & OLIVER**
   | A Professional Corporation
3 | 550 West C Street, Suite 950
   | San Diego, California  92101
4 | Telephone:  (619) 239-0300
   | Facsimile:  (619) 239-0344
5 |
6 | Attorneys for Defendant
   | S. MICHAEL LOVE
7 |

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2007 APR 24  P 4: 35

CLERK, SUPERIOR COURT
SAN DIEGO COUNTY, CA

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | ) Case No. GIC 84384 |
| Plaintiff, | ) **NOTICE OF INTERESTED** |
| v. | ) **PARTIES** |
| JAMES D. ALLEN, S. MICHAEL LOVE, and DOES 1 through 10, inclusive, | ) |
| Defendants. | ) |

Pursuant to Local Rule 40.2, the undersigned, counsel of record for Defendant S. Micheal Love, certifies that the following listed parties have a direct pecuniary interest in the outcome of this case.  These representations are made to enable the court to evaluate possible disqualification or recusal.

   1.     James D. Allen.

   2.     McDougal, Love, Eckis, Smith, Boehmer & Foley.

Dated:  April 23, 2007

WHITE & OLIVER

By: _____
     Daniel M. White
     Steven G. Amundson
     Attorneys for Defendant
     S. MICHAEL LOVE

LOVE01364

---

*Rogozienski v. Love*          Case No:

76853.1
NOTICE OF INTERESTED PARTIES

*Sidebar:* WHITE & OLIVER — A Professional Corporation

*Rogozienski v. Love*
USDC Case No.: _____
Court of Appeal Case No.: D047858
SDSC Case No.: GIC 843843

## PROOF OF SERVICE

I, Monica Zoe Hodge, declare as follows:

1. I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2. On April 23, 2007, I served the following document(s):

## NOTICE OF INTERESTED PARTIES

on the interested parties in this action:

☒ (BY MAIL) C.C.P. § 1013(a)(1) & (3)
I deposited such envelope in the mail at San Diego, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ (BY PERSONAL SERVICE) C.C.P. § 1011; I delivered such envelope by and to the offices of the addressee.

☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 23 day of April, 2007 at San Diego, California.

_____
Monica Zoe Hodge

WHITE & OLIVER
A Professional Corporation

LOVE01365

76863.1

*Rogozienski v. Love*
USDC Case No.: _____
Court of Appeal Case No.: D047858
SDSC Case No.: GIC 843843

## SERVICE LIST

Frank E. Rogozienski, Esq.                    Attorneys for Plaintiff
FRANK E. ROGOZIENSKI, INC.
1660 Union Street, Suite 300
San Diego, CA 92101
T: (619) 237-1878
F: (619) 237-1870
Via Personal Service

Donald A. English, Esq.                       Attorneys for Defendant James D. Allen
ENGLISH & GLOVEN
550 West C Street, Suite 1800
San Diego, CA 92101
T: (619) 338-6610
F: (619) 338-6657
Via Personal Service

Supreme Court of the United States
U.S. Supreme Court Building
1 First Northeast
Washington DC 20543
Via U.S. Mail

California Court of Appeal                     Case No.: D047858
Fourth Appellate District
750 B Street, Room 300
San Diego, California 92101-8189
Via U.S. Mail

Superior Court of the State of California      Case No.: GIC 843843
County of San Diego
330 West Broadway
San Diego, California 92101
Via U.S. Mail

WHITE & OLIVER
A Professional Corporation

LOVE01366

- 2 -

76863.1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Frank E. Rogozienski | James D. Allen, S. Michael Love, and Does 1 through 10, inclusive |

**(b)** County of Residence of First Listed Plaintiff    San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Frank Rogozienski, Esq., 1660 Union Street, Suite 300, San Diego, CA 92101; 619-237-1878

Attorneys (If Known)
Daniel M. White, Esq., White & Oliver, APC 550 W. C St., #950, San Diego, CA; 619-239-0300

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441 (b); civil rights violation under 42 U.S.C. § 1983
Brief description of cause:
Civil Rights Violation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY  NONE
(See instructions):

JUDGE

DOCKET NUMBER

DATE  April 23, 2007

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

LOVE01367

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

FOR COURT USE ONLY

FRANK E. ROGOZIENSKI,

  Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

  Defendants and Respondents

F I L E D
Clerk of the Superior Court

JAN 2 7 2006

By: ROSE MARIE LEY,
Deputy

**NOTICE OF COMPLETION OF THE RECORD ON APPEAL**
**(CRC Rules 11(a) & 11(b))**

CASE NUMBER
GIC 843843

COURT OF APPEAL NUMBER
D047858

COMPLETE AND SUBMIT AN ORIGINAL AND ONE COPY OF THE ENCLOSED REQUEST FOR PAYMENT OF TRUST FUNDS TO THE ACCOUNTING DEPARTMENT IF REFUND IS APPLICABLE:  PLEASE ALLOW 3-4 WEEKS FOR RECEIPT OF YOUR REFUND.

REFUND IN THE AMOUNT OF $ 97.62  DUE TO:  Frank E. Rogozienski, Esq. for Appellant

     REFUND IN THE AMOUNT OF $      DUE TO:

The record on appeal has been completed and the additional copy of the record required by CRC rules 4(f) and 5(d) will be distributed to the appellant(s) pursuant to CRC rule 11(b).

☒ Prepaid copies of the record may be obtained in the Appeals Section of the courthouse indicated above.

Request the appropriate log number:

App. 1:    App. 2:    App. 3:    Cross-App:    Respondent:

☐ A copy of the index to the case file is enclosed.

☐ The Record on Appeal is being mailed under separate cover.

☒ Original/Lodged transcript(s) were sent to the   *TRANSCRIPT WAS*
Court of Appeal. Attorney has copies.

Date:  January 27, 2006        by _____

**CLERK OF THE SUPERIOR COURT**

_____, Deputy
ROSE M. LEY

**CERTIFICATE OF MAILING**

I certify that:  I am not a party to the above-entitled case; that on the date shown below, I mailed the above-entitled form to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, was deposited in the United States Postal Service at   ☒ San Diego ☐ Vista, California.

**CLERK OF THE SUPERIOR COURT**

Date:  January 27, 2006        by _____

_____, Deputy
ROSE M. LEY

TO:

  FRANK E. ROGOZIENSKI, ESQ.
  1660 Union Street, Third Floor
  San Diego, Calif.  92101

TO:

  DONALD A. ENGLISH, ESQ.
  ENGLISH & GLOVEN
  550 West "C" Street, Ste. 1800
  San Diego, Calif.  92101

LOVE01368

SDSC APL-24(Rev. 11-02)    **NOTICE OF COMPLETION OF THE RECORD ON APPEAL**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

*FOR COURT USE ONLY*

F I L E D
Clerk of the Superior Court

JAN 27 2006

By: ROSE MARIE LEY,
Deputy

FRANK E. ROGOZIENSKI,

   Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

   Defendants and Respondents

| NOTICE OF COMPLETION OF THE RECORD ON APPEAL (CRC Rules 11(a) & 11(b)) | CASE NUMBER GIC 843843 |
|---|---|
| | COURT OF APPEAL NUMBER D047858 |

COMPLETE AND SUBMIT AN ORIGINAL AND ONE COPY OF THE ENCLOSED REQUEST FOR PAYMENT OF TRUST FUNDS TO THE ACCOUNTING DEPARTMENT IF REFUND IS APPLICABLE:  PLEASE ALLOW 3-4 WEEKS FOR RECEIPT OF YOUR REFUND.

REFUND IN THE AMOUNT OF $ 97.62  DUE TO:  Frank E. Rogozienski, Esq. for Appellant

   REFUND IN THE AMOUNT OF $         DUE TO:

The record on appeal has been completed and the additional copy of the record required by CRC rules 4(f) and 5(d) will be distributed to the appellant(s) pursuant to CRC rule 11(b).

☒ Prepaid copies of the record may be obtained in the Appeals Section of the courthouse indicated above.

Request the appropriate log number:

App. 1:        App. 2:        App. 3:        Cross-App:        Respondent:

☐ A copy of the index to the case file is enclosed.

☐ The Record on Appeal is being mailed under separate cover.

☒ Original/Lodged transcript(s) were sent to the Court of Appeal. Attorney has copies.

Date:  January 27, 2006

CLERK OF THE SUPERIOR COURT

by _____, Deputy
   ROSE M. LEY

**CERTIFICATE OF MAILING**

I certify that:  I am not a party to the above-entitled case; that on the date shown below, I mailed the above-entitled form to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, was deposited in the United States Postal Service at   ☒ San Diego ☐ Vista, California.

Date:  January 27, 2006

CLERK OF THE SUPERIOR COURT

by _____, Deputy
   ROSE M. LEY

DANIEL M. WHITE, ESQ.
WHITE & OLIVER
550 West "C" Street, Ste. 950
San Diego, Calif.  92101

SDSC APL-24(Rev. 11-02)        **NOTICE OF COMPLETION OF THE RECORD ON APPEAL**        LOVE01369

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

*FOR COURT USE ONLY*

F I L E D
Clerk of the Superior Court
JAN 2 7 2006
By: ROSE MARIE LEY,
Deputy

FRANK E. ROGOZIENSKI,

  Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

  Defendants and Respondents

**DISBURSEMENT OF CLERK'S TRUST FUND**
**(Government Code 68926.1 & CRC Rule 4)**

CASE NUMBER
GIC 843843

COURT OF APPEAL NUMBER
D047858

TO: ACCOUNTING DIVISION

☒ Rule 5.1 Election in Lieu of Clerk's Transcript

FUNDS DEPOSITED IN CLERK'S TRUST FUND

| $100.00 | Date: January 17, 2006 | FEE for Clerk's Transcript | | |
| | Date: | Appellant | $0.00 | |
| | | Respondent | $0.00 | |
| | Date: | Total amt. | $0.00 | (To General Fund) |
| | Date: | Minimum | ($10.00) | |
| | | Mailing Fee | | (To General Fund) |
| | Date: | | | |
| | | Minimum | | |
| | Date: | Additional | | |
| | | Fee ($10.00) | | (To General Fund) |
| $100.00 | TOTAL | | | |

Please disburse as follows:

$2.38     To: PATTI WHITELAW, CT. RPTR.
$97.62   To: REFUND TO FRANK E. ROGOZIENSKI, ESQ. for Plaintiff/APPELLANT
          To:
          To:
          To:
          To:
          To:
          To:
          To:
          To:
          To:

$100.00     TOTAL AMOUNT DISBURSED

CLERK OF THE SUPERIOR COURT

Date  January 27, 2006     by _____, Deputy
                                        ROSE M. LEY

SDSC APL-30(Rev. 11-05)     **DISBURSEMENT OF CLERK'S TRUST FUND**     L0VE01370

1  FRANK E. ROGOZIENSKI, ESQ (SBN 51445)
2  FRANK E. ROGOZIENSKI, INC.
   A Professional Corporation
3  Attorneys at Law
   1660 Union Street, Third Floor
4  San Diego, CA 92101
   Telephone: (619)237-1878
5  Facsimile: (619)237-1870

6  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                  FOR THE COUNTY OF SAN DIEGO

11

12  FRANK E. ROGOZIENSKI,        )      Case No. GIC843843
                                 )
13                  Plaintiff,   )      NOTICE OF APPEAL
                                 )
14           v.                  )
                                 )
15  JAMES D. ALLEN, S. MICHAEL   )
    LOVE and DOES 1 through 10,  )
16  inclusive,                   )
                                 )
17                  Defendants.  )
                                 )
18                               )
                                 )
19  _____  )

20        Plaintiff, FRANK E. ROGOZIENSKI, appeals to the Court of

21  Appeal of the State of California, Fourth Appellate District,

22  Division One, from:

23        1.   Order Sustaining Defendants James D. Allen's And S.

24  Michael Love's Demurrers To First Amended Complaint, And Each Cause

25  Of Action, Without Leave To Amend filed on October 19, 2005.   A

26  Notice Of Ruling And Notice Of Order was served by mail on November

27

28  _____
    NOTICE OF APPEAL

                                1

LOVE01371

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

☒ San Diego   ☐ Juvenile Court   ☐ Vista
(619)531-3144   (858)694-4538   (760)806-6170
M.S. C-44   P-299   N-161

FRANK E. ROGOZIENSKI,

  Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

  Defendants and Respondents

**SUPERIOR COURT NO. GIC 843843**

**COURT OF APPEAL NO. D047858**

DATE MAILED January 25, 2006

FROM ROSE M. LEY

PATRICIA WHITELAW

*on Cover Page only needed for DCA*

REQUEST FOR TRANSCRIPTS - APPEAL RECORD -- (Original only)

Notice of Appeal has been filed on   JANUARY 4, 2006

APPELLANT'S   Designation filed  JANUARY 9, 2006  (Copy attached)

Designation filed

Designation filed

If the deposit is insufficient to cover your cost, please NOTICE the appeals clerk and MAIL AN ESTIMATE to the party allowing **10 days** for payment. If the party fails to remit, please notify the appeals clerk and we will default pursuant to Rule 4(b)(2).

APPELLANT'S   Deposit Received   JANUARY 9, 2006   Amount(s) $100.00
Deposit Received   Amount(s)
Deposit Received   Amount(s)

Reporters/Depts - Date Requested/Reporter's Estimate/Amt.

PATRICIA WHITELAW, #5835  Floater  SEPTEMBER 2, 2005  COPY OF MINUTES ATTACHED, and also this
   Certified copy of Transcript with your original signature on it has been provided
   by Atty., so Cover Page only for Court of Appeal is needed if this transcript is used
   for Court of Appeal; Please call me on this if question; Thank You, Rose in Appeals
          531-3746 or x3631

A receipt MUST ACCOMPANY your transcripts AND your certificates of your inability to prepare a transcript. Also include a REQUEST FOR PAYMENT OF TRUST FUNDS, if applicable.

**DUE DATE IS 30 DAYS FROM THIS NOTIFICATION**

I certify that I am the reporter of record on this case.
My acknowledgment must be returned within five working days.

**RECORD DUE BY FEBRUARY 24, 2006**

Signed: _____

(If more time is needed for preparation, process requests for extensions of time through S.C. Admin. to DCA, as usual)

(Your signature please)
**PLEASE PHONE APPEALS SECTION WITHIN FIVE WORKING DAYS IF YOU ARE UNABLE TO RETURN YOUR ACKNOWLEDGMENT WITHIN THIS TIME FRAME**

SDSC APL-41(Rev. 7-05)

LOVE01372

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | *FOR COURT USE ONLY* |
|---|---|

☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ JUVENILE COURT, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 250 E. MAIN ST., EL CAJON, CA 92020-3941

F I L E D
Clerk of the Superior Court

JAN 2 7 2006

By: ROSE MARIE LEY,
Deputy

FRANK E. ROGOZIENSKI,

   Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

   Defendants and Respondents

**RECEIPT FOR RECORD ON APPEAL**
**(CRC Rules 5(a)(4), 11(a), 35(c)(e))**

CASE NUMBER
GIC 843843
COURT OF APPEAL/SUPREME COURT NUMBER
D047858

RECEIVED FROM THE CLERK OF THE SUPERIOR COURT:

                                     No. Volumes

| | |
|---|---|
| Clerk's Transcripts/File | RULE 5.1 |
| Reporter's Transcripts | ONE |
| Reporter's Transcripts on Disk | |
| Administrative Record | |
| Deposition Transcripts | |
| Preliminary Hearing Transcript | |
| Marsden | |
| Other | |
| Other | |

NOTE: PLEASE SIGN THIS RECEIPT AND RETURN AS INDICATED BELOW:

CLERK OF THE SUPERIOR COURT
ATTN: APPEALS SECTION

☒ San Diego, PO BOX 120128 SAN DIEGO CA 92112-0128 OR County Mail Stop C-44 Appeals Section
☐ North County, 325 S. Melrose Dr., Vista, CA 92081-6643 OR County Mail Stop N-161 Appeals Section
☐ Juvenile Court, 2851 Meadow Lark Dr., San Diego, CA 92123-2792 OR County Mail Stop P-299 Appeals Section
☐ Juvenile Court, 325 S. Melrose Dr., Vista, CA 92081-6643 OR County Mail Stop N-161 Appeals Section
☐ Juvenile Court, 500 3rd Ave., Chula Vista, CA 91910-5649 OR County Mail Stop S-111 Juvenile Division
☐ Juvenile Court, 250 E. Main St., El Cajon, CA 92020-3941 OR County Mail Stop S-157 Juvenile Division

DATE:

(1) Ct of Appeal/Supreme Ct (2) Appellant/Trial Counsel (3) Atty General/District Atty (4) Governor/County Counsel (5) California Appellate Project

SDSC APL-29CIV(Rev. 11-05)          **RECEIPT FOR RECORD ON APPEAL**

LOVE01373

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
- ☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

JAN 1 7 2006

By: ROSE MARIE LEY,
Deputy

FRANK E. ROGOZIENSKI,

  Plaintiff and APPELLANT,

VS.

JAMES D. ALLEN, et al.,

  Defendants and Respondents

**NOTICE OF FILING**
(CRC Rules 1(d), 3, 20)

CASE NUMBER
GIC 843843

DA/JDA/CC NUMBER

PLEASE TAKE NOTICE that the ☐ ABANDONMENT OF APPEAL ☒ NOTICE OF APPEAL ☐ NOTICE OF CROSS-APPEAL ☐ AMENDED NOTICE OF APPEAL from the
Order Sustaining Defendants James D. Allen's and S. Michael Love's Demurrers to First Amended Complaint, and Each Cause of Action, Without Leave to Amend; and from the Judgment of Dismissal, both filed OCTOBER 19, 2005;

RE: the above-entitled case was filed in this office on January 4, 2006 by:
plaintiff's and Appellant's attorney, FRANK E. ROGOZIENSKI, ESQ.

CLERK OF THE SUPERIOR COURT

Date: January 17, 2006      by _____, Deputy
ROSE M. LEY

**CERTIFICATE OF MAILING**

I certify that: I am not a party to the above-entitled case; that on the date shown below, I mailed the **NOTICE OF FILING** to the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at ☒ San Diego ☐ Vista ☐ Chula Vista ☐ El Cajon, California.

CLERK OF THE SUPERIOR COURT

Date: January 17, 2006      by: _____, Deputy
ROSE M. LEY

TO:

  FRANK E. ROGOZIENSKI, ESQ.
  1660 Union Street, Third Floor
  San Diego, Calif. 92101


  DONALD A. ENGLISH, ESQ.
  ENGLISH & GLOVEN
  550 West "C" Street, Ste. 1800
  San Diego, Calif. 92101

TO:


  DANIEL M. WHITE, ESQ.
  WHITE & OLIVER
  550 West "C" Street, Ste. 950
  San Diego, Calif. 92101

LOVE01374

SDSC APL-22CIV(Rev. 12-05)      **NOTICE OF FILING**

09649

**FRANK E. ROGOZIENSKI, INC.**
**ATTORNEY AT LAW**
OFFICE ACCOUNT  PH. (619) 237-1878
1680 UNION STREET 3RD FLOOR
SAN DIEGO, CA 92101

WELLS FARGO BANK
CALIFORNIA
www.wellsfargo.com
16-24/1220

1/4/06

PAY TO THE
ORDER OF

$ 100.00

San Diego Superior Court Clerk

DOLLARS

ONE HUNDRED AND 00/100

GIC 843 843 (Rogo i Allen)

MEMO   Notice of Appeal filing fee

Sgl M. Blen
AUTHORIZED SIGNATURE

⑈009649⑈ ⑆122000247⑈ 0730200144⑈

LOVE01375

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92081-6634

FOR COURT USE ONLY
Clerk of the Superior Court

**JAN 27 2006**

By: ROSE MARIE LEY,
Deputy

### RECEIPT FOR REPORTER'S TRANSCRIPT

*Type Codes
CH - CERTIFICATION HRG.
CO - COURT ORDER
CP - CHANGE OF PLEA
GJ - GRAND JURY
JD - JUV. DELINQUENCY
JN - JUV. DEPENDENCY
MO - MOTION
OT - OTHER
RU - RULE 34.5

SN - SENTENCING
ST - SEALED TRANSCRIPT
PE - PRELIM
AP - APPEAL
AU - AUGMENT (12a)
GR - ADDITIONAL NORMAL
          RECORD (35e)
RH - REHEARING
RT - WRIT

**Paying Departments/Agencies
SC - SUPERIOR COURT
DA - DISTRICT ATTORNEY
PD - PUBLIC DEFENDER
AP - ALT. PUB. DEFENDER
PC - PRIVATE CONFLICTS COUNSEL
CC - COUNTY COUNSEL
OT - OTHER

Receipt No. AR    061335

Court of Appeal/Supreme Court Case Number

D047858

DEPT #

GIC843843

| CASE NUMBER | CASE NAME | VOL. | DATE(S) OF PROCEEDINGS BINDOVER DATE | TYPE OF TRANSCRIPT * | PYG DPT./ AGNCY ** | ORIG/ COPIES/ ASCII | TITLE/ INDEX/ CERT PAGES | BEGIN/ END NUMBERS | TOTAL PAGES |
|---|---|---|---|---|---|---|---|---|---|
| GIC 843843 | Rogozienski v Allen et al | 1/1 | 9/02/06 | AP | | renew only | 3 | 1-34 | 35   37 |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | TOTAL | | 37 |

☐ I certify there are no sealed proceedings transcribed in the above record(s)

☐ Sealed proceedings appear in the above and a completed affidavit is attached for each appeal record.

Return the Court Reporter's copy to: ☐ Department/Mail Stop _____  ☑ Supervising Court Reporter
☐ Mail - Addressed envelope enclosed       ☐ Other: _____

Reporter Filing Transcript

_____
Sign Name
P. Whitelaw
Print Name
_____
Title
1/26/06
Date

Appeals/Clerk/Lead Reporter:
Received and Verified by:

_____
Sign Name
R.M. Ley
Print Name
Appeals Clk
Title
1-27-06
Date

District Attorney
Received By:

_____
Sign Name
_____
Print Name
_____
Title
_____
Date

DISTRIBUTION: Original - Case File, Blue - Appeals, Green - Supervising Court Reporter, Canary - Court Reporter, Pink - Claims Processor, Goldenrod - Accounts Payable

**RECEIPT FOR REPORTER'S TRANSCRIPT**
**(APPEALS, OTHER THAN APPEAL, PRELIM)**

SDSC ADM-97(Rev. 7-04)

LOVE01376

MC-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Donald A. English, Esq., State Bar No. 115569<br>English & Gloven, A Professional Corporation<br>550 West "C" Street, Suite 1800<br><br>San Diego, California 92101<br>TELEPHONE NO.: (619) 338-6610    FAX NO.: (619) 338-6657<br>ATTORNEY FOR (Name): James D. Allen | F I L E D<br>Clerk of the Superior Court<br><br>NOV 1 4 2005<br><br>By: R. LINDSEY-COOPER, Deputy |

INSERT NAME OF COURT, JUDICIAL DISTRICT, AND BRANCH COURT, IF ANY:

SAN DIEGO SUPERIOR COURT

Central Branch

PLAINTIFF: Frank E. Rogozienski

DEFENDANT: James D. Allen; S. Michael Love, et al.

| MEMORANDUM OF COSTS (SUMMARY) | CASE NUMBER:<br>GIC843843 |
|---|---|

The following costs are requested:

**TOTALS**

First Filing Fee and Motion Fee

| | | |
|---|---|---|
| 1. Filing and motion fees | 1. $ | 336.50 |
| 2. Jury fees | 2. $ | |
| 3. Jury food and lodging | 3. $ | |
| 4. Deposition costs | 4. $ | |
| 5. Service of process | 5. $ | |
| 6. Attachment expenses | 6. $ | |
| 7. Surety bond premiums | 7. $ | |
| 8. Witness fees | 8. $ | |
| 9. Court-ordered transcripts | 9. $ | |
| 10. Attorney fees (enter here if contractual or statutory fees are fixed without necessity of a court determination; otherwise a noticed motion is required) | 10. $ | |
| 11. Models, blowups, and photocopies of exhibits | 11. $ | |
| 12. Court reporter fees as established by statute | 12. $ | |
| 13. Other..Transcript.of.Hearing.to.Prepare.Order.... | 13. $ | 95.20 |
| **TOTAL COSTS** | $ | 431.70 |

I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

Date: November **14**, 2005

English & Gloven, A Professional Corporation

Donald A. English
(TYPE OR PRINT NAME)

▶ *Donald A English.*
(SIGNATURE)

LOVE01377

(Proof of service on reverse)

| SHORT TITLE: Rogozienski v. Allen, et al. | CASE NUMBER: |
|---|---|
| | GIC843843 |

## PROOF OF [X] MAILING [ ] PERSONAL DELIVERY

1. At the time of mailing or personal delivery, I was at least 18 years of age and not a party to this legal action.

2. My residence or business address is *(specify)*: 550 West "C" Street, Suite 1800
   San Diego, California 92101

3. I mailed or personally delivered a copy of the *Memorandum of Costs (Summary)* as follows *(complete either a or b)*:

   a. [X] **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope AND

         (a) [ ] **deposited** the sealed envelope with the United States Postal Service with the postage fully prepaid.

         (b) [X] **placed** the envelope for collection and mailing on the date and at the place shown in items below following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served: Frank E. Rogozienski, Esq.      Daniel M. White, Esq.
         (b) Address on envelope:  Frank E. Rogozienski, Inc.       White & Oliver, APC
                                   1660 Union Street, Suite 300     550 West "C" St., Ste. 950
                                   San Diego, CA 92101              San Diego, CA 92101

         (c) Date of mailing: November *14*, 2005
         (d) Place of mailing *(city and state)*: San Diego, California

   b. [ ] **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:
      (2) Address where delivered:


      (3) Date delivered:
      (4) Time delivered:


I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: November *14*, 2005

Nona R. Sabo                                             ▶  *Nona L. Sabo*
   (TYPE OR PRINT NAME)                                         (SIGNATURE OF DECLARANT)

---

MC-010 [Rev. July 1, 1999]          **MEMORANDUM OF COSTS (SUMMARY)**                    Page two

APP-003

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| FRANK E. ROGOZIENSKI (SBN 51445)<br>FRANK E. ROGOZIENSKI, INC.<br>1660 Union St., 3rd Fl., San Diego, CA 92101<br>TELEPHONE NO.: 619-237-1878<br>E-MAIL ADDRESS (Optional):    FAX NO. (Optional): 619-237-1870<br>ATTORNEY FOR (Name): FRANK E. ROGOZIENSKI, Plaintiff and Appellant | F I L E D<br>Clerk of the Superior Court<br>JAN - 9 2006<br>By: ROSE MARIE LEY,<br>Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI

DEFENDANT/RESPONDENT: JAMES D. ALLEN, S. MICHAEL LOVE, et al.

| NOTICE DESIGNATING RECORD ON APPEAL<br>(UNLIMITED CIVIL CASE) | Superior Court Case Number:<br>GIC 843843 |
|---|---|
| RE: Appeal filed on (date): January 5, 2006 | Court of Appeal Case Number (if known): |

**Notice:  Please read Information on Appeal Procedures for Unlimited Civil Cases (Judicial Council form APP-001) before completing this form.  This form must be filed in the superior court, not in the Court of Appeal.**

TO: Clerk of the Superior Court of California, County of (name of county): SAN DIEGO

NOTICE IS HEREBY GIVEN that (name): FRANK E. ROGOZIENSKI

The [✔] Appellant    [ ] Respondent in the above case elects to proceed with the following record on appeal:

*(check only one)*

1. [ ]   (Appendix Only; no Reporter's Transcript)
   a. elects under rule 5.1 of the California Rules of Court to prepare own transcript in lieu of a court-prepared clerk's transcript.
      AND
   b. elects to have no reporter's transcript.  *(Date and sign only.)*

2. [✔]   (Appendix and Reporter's Transcript)
   a. elects under rule 5.1 of the California Rules of Court to prepare own transcript in lieu of a court-prepared clerk's transcript.
      AND
   b. elects a reporter's transcript as designated on page 3.  *(Fill out the reporter's transcript section on page 3.)*

3. [ ]   (Clerk's Transcript Only; no Reporter's Transcript)
   a. elects under rule 5 of the California Rules of Court to proceed with a clerk's transcript as designated on page 2.  *(Fill out the clerk's transcript section on page 2.)*
      AND
   b. elects to have no reporter's transcript.

4. [ ]   (Clerk's and Reporter's Transcripts)
   a. elects under rule 5 of the California Rules of Court to proceed with a clerk's transcript as designated on page 2.  *(Fill out the clerk's transcript section on page 2*
      AND
   b. elects a reporter's transcript as designated on page 3.  *(Fill out the reporter's transcript section on page 3.)*

Date: January 6, 2006

FRANK E. ROGOZIENSKI, INC.
(TYPE OR PRINT NAME)

► (SIGNATURE OF PARTY OR ATTORNEY)

LOVE01379

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
APP-003 [Rev. July 1, 2004]

**NOTICE DESIGNATING RECORD ON APPEAL
(UNLIMITED CIVIL CASE)**

Cal. Rules of Court, rules 4–5.2
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

| CASE NAME: | CASE NUMBER: |
|---|---|
| ROGOZIENSKI v. ALLEN, et al. | GIC 843843 |

### NOTICE DESIGNATING CLERK'S TRANSCRIPT
(Cal. Rules of Court, rule 5)

A. It is requested that the following documents in the superior court file be included in the clerk's transcript *(give the specific title of each document, an accurate description, and the date of filing):*

<u>Document Title and Description</u>                                                                                                    <u>Date of Filing</u>

(NOTE: Items 1–7 are required to be a part of the clerk's transcript and will automatically be included.)

1. Notice of appeal

2. Notice designating record on appeal *(this document)*

3. Judgment or order appealed from

4. Notice of entry of judgment *(if any)*

5. Notice of intention to move for new trial or motion to vacate the judgment, for judgment notwithstanding the verdict, or for reconsideration of an appealed order *(if any)*

6. Ruling on item 5

7. Register of actions *(if any)*

8.

9.

10.

11.

12.

13.

14.

15.

16.

17.

B. It is requested that the following EXHIBITS admitted into evidence or marked for identification be copied into clerk's transcript on appeal *(check only one box)*:

   ☐   1. All Exhibits

   ☐   2. Specific Exhibits *(give the exhibit number [for example, Plaintiff's #1, Defendant's B, Respondent's A], a brief description, and admission status.):*

☐ See additional pages.

APP-003 [Rev. July 1, 2004]     **NOTICE DESIGNATING RECORD ON APPEAL**     Page 2 of 4
**(UNLIMITED CIVIL CASE)**

LOVE01380

| CASE NAME: | CASE NUMBER: |
|---|---|
| ROGOZIENSKI v. ALLEN, et al. | GIC 843843 |

**NOTICE DESIGNATING REPORTER'S TRANSCRIPT**
(Cal. Rules of Court, rule 4)

| Reporter's Name | Dept. | Date | Nature of Proceedings |
|---|---|---|---|
| 1. PATRICIA WHITELAW | 65 | 09/02/05 | Hearing on Demurrers |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |
| 6. | | | |
| 7. | | | |
| 8. | | | |
| 9. | | | |
| 10. | | | |
| 11. | | | |
| 12. | | | |
| 13. | | | |
| 14. | | | |
| 15. | | | |
| 16. | | | |

☐ See additional pages.

LOVE01381

LAW OFFICES

# FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION

1660 UNION STREET
3RD FLOOR
SAN DIEGO, CALIFORNIA 92101
(619) 237-1878
FAX (619) 237-1870

F I L E D

Clerk of the Superior Court

JAN 9 2006

By: ROSE MARIE LEY,
Deputy

January 6, 2006

San Diego Superior Court
Appeals Desk
Att: Rose
330 W. Broadway
San Diego, CA 92101

Re:  Rogozienski v. Allen, et al.
     San Diego Superior Court No. GIC843843

Dear Rose:

Pursuant to our discussion today, we have prepared and enclose herein the original and one copy of Notice Designating Record On Appeal (Unlimited Civil Case).

We have also enclosed the certified transcript of the only hearing in the matter (09/02/05) transcribed by Patricia Whitelaw. We have contacted Ms. Whitelaw and notified her we have submitted the original transcript to you.

Please provide a conformed copy of the notice in the envelope provided, and should you have any questions regarding this matter, please do not hesitate to contact our office.

Very truly yours,

Sherryl M. Bolinger
Legal Assistant to
FRANK E. ROGOZIENSKI

/smb
enc.

| CASE NAME: | CASE NUMBER: |
|---|---|
| ROGOZIENSKI v. ALLEN, et al. | GIC 843843 |

**NOTICE TO PARTIES:** A copy of this document must be mailed or personally delivered to the other party or parties to this appeal. A PARTY TO THE APPEAL MAY NOT PERFORM THE MAILING OR DELIVERY HIMSELF OR HERSELF. A person who is at least 18 years old and is not a party to this appeal must complete the information below and mail (by first-class mail, postage prepaid) or personally deliver the front and back of this document. When the front and back of this document have been completed and a copy mailed or personally delivered, the original may then be filed with the court.

## PROOF OF SERVICE
☑ Mail    ☐ Personal Service

F I L E D

Clerk of the Superior Court

JAN - 9 2006

By: ROSE MARIE LEY,
Deputy

1. At the time of service I was at least 18 years of age and **not a party** to this legal action.

2. My residence or business address is *(specify):*
   Business: 1660 Union St., 3rd Floor
   San Diego, CA 92101

3. I mailed or personally delivered a copy of the *Notice Designating Record on Appeal (Unlimited Civil Case)* as follows *(complete either a or b):*

   a. ☑ **Mail.** I am a resident of or employed in the county where the mailing occurred.

      (1) I enclosed a copy in an envelope **and**

         (a) ☐ **deposited** the sealed envelope with the United States Postal Service, with the postage fully prepaid.

         (b) ☑ **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

      (2) The envelope was addressed and mailed as follows:

         (a) Name of person served: Donald A. English, Esq.            Daniel M. White, Esq.

         (b) Address on envelope:
            English & Gloven                    White & Oliver
            550 West "C" St., No. 1800           550 West "C" St., No. 950
            San Diego, CA 92101                  San Diego, CA 92101

         (c) Date of mailing: 1/6/06

         (d) Place of mailing *(city and state):* San Diego, CA

   b. ☐ **Personal delivery.** I personally delivered a copy as follows:

      (1) Name of person served:

      (2) Address where delivered:

      (3) Date delivered:

      (4) Time delivered:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 6, 2006

Sherryl M. Bolinger
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

LOVE01383

1  Donald A. English, Esq.      (State Bar No. 115569)
   Christy I. Yee, Esq.         (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone:  (619) 338-6610
   Facsimile:  (619) 338-6657
5
6  Attorneys for Defendant
   James D. Allen
7

F I L E D
Clerk of the Superior Court

NOV 1 4 2005

By: R. LINDSEY-COOPER, Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN DIEGO**

10

11  FRANK E. ROGOZIENSKI,          )    Case No. GIC 843843
                                   )
12            Plaintiff            )    **PROOF OF SERVICE BY MAIL**
                                   )
13       v.                        )
                                   )
14  JAMES D. ALLEN, S. MICHAEL LOVE )
    and DOES 1 through 10, inclusive, )
15                                 )
              Defendants.          )    Complaint Filed:    March 7, 2005
16                                 )    Trial Date:         None set
    _____ )

17        I, Nona Sabo, declare that:  I am over the age of 18 years and not a party to the case; I am

18  employed in the County of San Diego, California, where the mailing occurs; and my business address is

19  550 West "C" Street, Suite 1800, San Diego, California 92101.

20        On November _14_, 2005 I served the following document(s):

21        1.    NOTICE OF RULING AND NOTICE OF ORDER; and

22        2.    NOTICE OF ENTRY OF JUDGMENT

23  by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

24  as follows:

25  Frank E. Rogozienski, Esq.              Attorney for Plaintiff
    Frank E. Rogozienski, Inc.             FRANK E. ROGOZIENSKI
26  1660 Union Street, Suite 300
    San Diego, CA 92101
27  Tel:  (619) 237-1878
    Fax: (619) 237-1870
28                                                          LOVE01384

                                   **PROOF OF SERVICE BY MAIL**

1

2    Daniel M. White, Esq.                          Attorneys for Defendant
     White & Oliver, APC                            S. MICHAEL LOVE
3    550 West C Street, Suite 950
     San Diego, CA 92101
4    Tel: (619) 239-0300
     Fax: (619) 239-0344
5

6          I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in

7    the United States Postal Service, this same day, at my business address shown above, following

8    ordinary business practices. I am readily familiar with the business practices for collecting and

9    processing of correspondence and pleadings for mailing with the United States Postal Service; and

10   that the correspondence and pleadings shall be deposited with the United States Postal Service this

11   same day in the ordinary course of business.

12         I declare under penalty of perjury under the laws of the State of California that the foregoing is

13   true and correct.

14

15   Dated: November 14, 2005                        _Nona Sabo_____
                                                       Nona Sabo
16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01385

                                    2
                                                     **PROOF OF SERVICE BY MAIL**

1 | Donald A. English, Esq.        (State Bar No. 115569)
  | Christy I. Yee, Esq.            (State Bar No. 166238)
2 | ENGLISH & GLOVEN
  | A Professional Corporation
3 | 550 West "C" Street, Suite 1800
  | San Diego, California 92101
4 | Telephone: (619) 338-6610
  | Facsimile:  (619) 338-6657
5 |
6 | Attorneys for Defendant
  | James D. Allen
7 |

F I L E D
Clerk of the Superior Court

NOV 0 9 2005

By: SCOTT SEYLER, Deputy

8 |                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 |                     **FOR THE COUNTY OF SAN DIEGO**

10 | FRANK E. ROGOZIENSKI,             )   Case No. GIC 843843
11 |              Plaintiff             )   **PROOF OF SERVICE BY MAIL**
12 |         v.                         )
13 | JAMES D. ALLEN, S. MICHAEL LOVE   )
    | and DOES 1 through 10, inclusive, )
14 |                                    )   Complaint Filed:    March 7, 2005
    |              Defendants.          )   Trial Date:         None set
15 | _____ )

16 |    I, Nona Sabo, declare that:  I am over the age of 18 years and not a party to the case; I am

17 | employed in the County of San Diego, California, where the mailing occurs; and my business address is

18 | 550 West "C" Street, Suite 1800, San Diego, California 92101.

19 |    On November 9, 2005, I served the following document(s):

20 |    1.    ORDER SUSTAINING DEFENDANTS' JAMES D. ALLEN AND S. MICHAEL
    |          LOVE'S DEMURRERS TO FIRST AMENDED COMPLAINT, AND EACH CAUSE
21 |          OF ACTION, WITHOUT LEAVE TO AMEND

22 |    2.    JUDGMENT OF DISMISSAL

23 | by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

24 | as follows:

25 | Frank E. Rogozienski, Esq.              Attorneys for Plaintiff
    | Frank E. Rogozienski, Inc.              FRANK E. ROGOZIENSKI
26 | 1660 Union Street, Suite 300
    | San Diego, CA 92101
27 | Tel: (619) 237-1878

28 |                                                            LOVE01386

**PROOF OF SERVICE BY MAIL**

1

2   Daniel M. White, Esq.                  Attorneys for Defendant
    White & Oliver, APC                   S. MICHAEL LOVE

3   550 West C Street, Suite 950
    San Diego, CA 92101

4   Tel: (619) 239-0300
    Fax: (619) 239-0344

5

6        I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the

7   United States Postal Service, this same day, at my business address shown above, following ordinary

8   business practices. I am readily familiar with the business practices for collecting and processing of

9   correspondence and pleadings for mailing with the United States Postal Service; and that the

10   correspondence and pleadings shall be deposited with the United States Postal Service this same day in

11   the ordinary course of business.

12        I declare under penalty of perjury under the laws of the State of California that the foregoing is

13   true and correct.

14

15   Dated: November 9, 2005

                                   _____

16                                  Nona Sabo

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01387

2                                  **PROOF OF SERVICE BY MAIL**

DONALD A. ENGLISH
MARK M. GLOVEN
CHRISTY I. YEE
JEFFREY E. FLYNN
MELISSA S. PROVENCHER
JOSHUA R. BOURNE

# ENGLISH & GLOVEN
A PROFESSIONAL CORPORATION

ATTORNEYS AT LAW
550 WEST "C" STREET, SUITE 1800
SAN DIEGO, CALIFORNIA 92101

TELEPHONE: (619) 338-6610
FACSIMILE: (619) 338-6657
E-MAIL: firm@englishpc.com

F I L E D
Clerk of the Superior Court

OCT 1 4 2005

By: R. LINDSEY-COOPER, Deputy

October 14, 2005

**VIA HAND DELIVERY**

Honorable Joan M. Lewis
Superior Court of California
County of San Diego, Department 65
330 West Broadway
San Diego, CA 92101

Re:  James D. Allen, et al. adv. Frank E. Rogozienski
     San Diego Superior Court Case No. GIC 843843
     Our File No. 0368.05612

Dear Judge Lewis:

On September 2, 2005, you heard the demurrers brought by defendants James D. Allen and S. Michael Love to the First Amended Complaint of plaintiff Frank E. Rogozienski in the above-referenced action. In accordance with your instructions, our office prepared the proposed order reflecting your rulings. We also prepared a proposed judgment consistent with your rulings on the demurrers.

After circulating the proposed order and judgment, and receiving all counsels' input, we prepared what we understand to be the final order and judgment. Each of the parties' counsel have approved both the proposed order and judgment as to form and content indicating they are consistent with your orders.

Enclosed is the proposed order and judgment for your signature. Provided the order and judgment meet with your approval, we would appreciate you signing them and providing our office with signed and conformed copies. We will then serve each of the parties and their counsel.

LOVE01388

Honorable Joan M. Lewis
October 14, 2005
Page 2

The parties and their counsel appreciate the Court's assistance in this matter.

Very truly yours,

*Donald A English.*

Donald A. English
ENGLISH & GLOVEN
A Professional Corporation
DAE:mlq
Enclosures
cc:    James D. Allen, Esq. (via U.S. Mail)
       Daniel White, Esq. (via U.S. Mail)
       Frank E. Rogozienski, Esq. (via U.S. Mail)

LOVE01389

1

2

3

4

5

6

7

**F I L E D**

Clerk of the Superior Court

OCT 1 9 2005

By: R. LINDSEY-COOPER, Deputy

8    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9    **FOR THE COUNTY OF SAN DIEGO**

10   FRANK E. ROGOZIENSKI,                    )    Case No. GIC 843843
                                              )
11          Plaintiff                         )    [~~PROPOSED~~] ORDER SUSTAINING
                                              )    DEFENDANTS JAMES D. ALLEN'S AND S.
12          v.                                )    MICHAEL LOVE'S DEMURRERS TO
                                              )    FIRST AMENDED COMPLAINT, AND EACH
13   JAMES D. ALLEN, S. MICHAEL LOVE          )    CAUSE OF ACTION, WITHOUT LEAVE TO
     and DOES 1 through 10, inclusive,        )    AMEND
14                                            )
           Defendants.                        )    Date:       September 2, 2005
15   _____  )    Dept:       65
                                                   Judge:      Hon. Joan M. Lewis
16                                                 Complaint Filed:    March 7, 2005

17          The demurrers to the first amended complaint by defendants James D. Allen ("Mr. Allen") and

18   S. Michael Love ("Mr. Love") came on for hearing in Department 65 of the above-entitled Court before

19   the Honorable Joan M. Lewis on September 2, 2005 at 8:30 a.m. Donald A. English, Esq. and Christy

20   I. Yee, Esq. of English & Gloven, A Professional Corporation, appeared on behalf of defendant Mr.

21   Allen. Daniel M. White, Esq. of White & Oliver, A Professional Corporation, appeared on behalf of

22   defendant Mr. Love. Plaintiff Frank E. Rogozienski appeared in pro per on his own behalf.

23          The Court, after having considered defendants' moving and reply papers, plaintiff's opposition

24   papers, and oral argument of counsel presented at the hearing, makes the following rulings:

25          1.      Plaintiff's motion to strike and disregard defendant Mr. Allen's memorandum of points

26   and authorities is denied.

27          2.      Defendant Mr. Allen's request for judicial notice is granted.

28

LOVE01390

[PROPOSED] ORDER SUSTAINING DEFENDANTS'
DEMURRERS TO FIRST AMENDED COMPLAINT

3.     Defendant Mr. Allen's demurrer to the first amended complaint and each cause of action

against Mr. Allen is sustained as follows:

(a)     As to the first cause of action for intentional interference with contractual relations

as the cause of action is barred by the doctrine of judicial immunity;

(b)     As to the third cause of action for intentional interference with prospective

economic relations as the cause of action is barred by the doctrine of judicial

immunity;

(c)     As to the fifth cause of action for negligent interference with prospective

economic advantage as the cause of action is barred by the doctrine of judicial

immunity;

(d)     As to the seventh cause of action for civil rights violations as the cause of action

is barred by the doctrine of judicial immunity;

(e)     As to the eighth cause of action for deceit and fraudulent concealment as the cause

of action is barred by the doctrine of judicial immunity;

(f)     As to the ninth cause of action for breach of contract as the cause of action is

barred by the doctrine of judicial immunity;

(g)     As to the eleventh cause of action for wilful misconduct and intentional infliction

of injury as the cause of action is barred by the doctrine of judicial immunity;

(h)     As to the twelfth cause of action for negligence as the cause of action is barred by

the doctrine of judicial immunity; and

(i)     As to the thirteenth cause of action for unjust enrichment as the cause of action is

barred by the doctrine of judicial immunity.

4.     The Court sustains Mr. Allen's demurrer, without leave to amend, as to each cause of

action against Mr. Allen in the first amended complaint as the Court finds that based upon the doctrine

of judicial immunity, plaintiff has not pled, and would not be able to plead by amendment, any facts to

state a cause of action against Mr. Allen.

5.     Defendant Mr. Love's request for judicial notice is granted.

LOVE01391

[PROPOSED] ORDER SUSTAINING DEFENDANTS'
2     DEMURRERS TO FIRST AMENDED COMPLAINT

6.     Defendant Mr. Love's demurrer to the first amended complaint and each cause of action against Mr. Love is sustained, without leave to amend, as follows:

(a)     As to the first cause of action for intentional interference with contractual relations as the Court concludes that plaintiff has failed to adequately state facts that would support the allegation that Mr. Love intended to disrupt the contractual relations pled in the first amended complaint;

(b)     As to the second cause of action for intentional interference with contractual relations as the Court concludes that plaintiff has failed to adequately state facts that would support the allegation that Mr. Love intended to disrupt the contractual relations pled in the first amended complaint;

(c)     As to the third cause of action for intentional interference with prospective economic advantage as the Court finds plaintiff has not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to plaintiff;

(d)     As to the fourth cause of action for intentional interference with prospective economic advantage as the Court finds that plaintiff has not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to plaintiff;

(e)     As to the fifth cause of action for negligent interference with prospective economic advantage as the Court finds that plaintiff has not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to plaintiff;

(f)     As to the sixth cause of action for negligent interference with prospective economic advantage as the Court finds that plaintiff has not adequately pled that Mr. Love interfered with economic relationships that could have prospectively brought economic advantage to plaintiff;

LOVE01392

1   (g) As to the seventh cause of action for civil rights violations as the Court finds

2     plaintiff has failed to allege any facts to support the allegation that Mr. Love

3     engaged in any acts of threats, intimidation or coercion by way of state action;

4   (h) As to the eighth cause of action for deceit and fraudulent concealment as the Court

5     concludes Mr. Love owed no duty to plaintiff;

6   (i) As to the tenth cause of action for unfair competition as no remedy exists based

7     upon the facts pled and plaintiff has failed to plead that Mr. Love has any monies

8     that should be restored to plaintiff, nor is there any conduct to be enjoined;

9   (j) As to the eleventh cause of action for wilful misconduct and intentional infliction

10     of injury as the Court concludes Mr. Love owed no duty to plaintiff and plaintiff

11     cannot sue for damages for conduct that allegedly violated the Rules of

12     Professional Conduct;

13   (k) As to the twelfth cause of action for negligence as the Court concludes Mr. Love

14     owed no duty to plaintiff and plaintiff cannot sue for damages for conduct that

15     allegedly violated the Rules of Professional Conduct; and

16   (l) As to the thirteenth cause of action for unjust enrichment as there are no

17     allegations that Mr. Love holds any identified property in trust for plaintiff.

18  7. The Court sustains Mr. Love's demurrer, without leave to amend, as to each cause of

19 action against Mr. Love in the first amended complaint as the Court finds plaintiff has not pled, and

20 would not be able to plead by amendment, any facts to state a cause of action against Mr. Love.

21  8. Given the following ruling, the first amended complaint shall be dismissed in its entirety.

22 Defendants are directed to prepare an order for the Court's rulings.

23 IT IS SO ORDERED.

24

25 Dated: __10/19/05__       _Joan M. Lewis_

26         Hon. Joan M. Lewis
          Judge of the Superior Court

27

28

LOVE01393

4  [PROPOSED] ORDER SUSTAINING DEFENDANTS'
   DEMURRERS TO FIRST AMENDED COMPLAINT

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                          A Professional Corporation
4

5                                         By: _Donald English_
6                                             Donald A. English
                                              Christy I. Yee
7                                         Attorneys for Defendant James D. Allen

8

9
     Dated: _____            WHITE & OLIVER
10                                         A Professional Corporation

11

12                                        By:_____
                                              Daniel M.  White, Esq.
13                                        Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____            FRANK E.  ROGOZIENSKI, INC.

17

18                                        By:_____
19                                            Frank E. Rogozienski, Esq.
                                          Attorneys for Plaintiff Frank E.  Rogozienski
20

21

22

23

24

25

26

27                                                           LOVE01394

28

                                              [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                                          5   DEMURRERS TO FIRST AMENDED COMPLAINT

1   APPROVED AS TO FORM AND CONTENT:

2

3   Dated: _September 28, 2005_                ENGLISH & GLOVEN
                                               A Professional Corporation
4

5                                             By: _Donald A English_
6                                                  Donald A. English
                                                   Christy I. Yee
7                                             Attorneys for Defendant James D. Allen

8

9
    Dated: _12 October 2005_                   WHITE & OLIVER
10                                             A Professional Corporation

11

12                                            By: _Steven C Avelar_
13                                                 Daniel M. White, Esq.
                                              Attorneys for Defendant S. Michael Love

14

15

16  Dated: _____                    FRANK E. ROGOZIENSKI, INC.

17

18

19                                            By: _____
                                                   Frank E. Rogozienski, Esq.
20                                            Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27                                                          LOVE01395

28

                                              [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                                        5     DEMURRERS TO FIRST AMENDED COMPLAINT

1  APPROVED AS TO FORM AND CONTENT:

2

3  Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                        A Professional Corporation
4

5                                       By: _Donald A English_
6                                           Donald A. English
                                            Christy I. Yee
7                                       Attorneys for Defendant James D. Allen

8

9  Dated: _____              WHITE & OLIVER
                                        A Professional Corporation
10

11

12                                      By: _____
                                            Daniel M. White, Esq.
13                                      Attorneys for Defendant S. Michael Love

14
   _APPROVED AS TO FORM AND CONFORMING TO COURT'S ORDER_
15

16  Dated: _9/30/05_                    FRANK E. ROGOZIENSKI, INC.

17

18

19                                      By: _____
                                            Frank E. Rogozienski, Esq.
                                        Attorneys for Plaintiff Frank E. Rogozienski
20

21

22

23

24

25

26

27                                                              LOVE01396

28

_____
                    [PROPOSED] ORDER SUSTAINING DEFENDANTS'
              5     DEMURRERS TO FIRST AMENDED COMPLAINT

F I L E D
Clerk of the Superior Court

OCT 1 9 2005

By: R. LINDSEY-COOPER, Deputy

1

2

3

4

5

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                       **FOR THE COUNTY OF SAN DIEGO**

10  FRANK E. ROGOZIENSKI,           )    Case No. GIC 843843
                                    )
11              Plaintiff           )    **JUDGMENT OF DISMISSAL**
                                    )
12          v.                      )
                                    )
13  JAMES D. ALLEN, S. MICHAEL LOVE )    Date:        September 2, 2005
    and DOES 1 through 10, inclusive, )  Dept:        65
14                                  )    Judge:       Hon. Joan M. Lewis
            Defendants.             )    Complaint Filed:    March 7, 2005
15  _____)

16          Based upon this Court's September 2, 2005 order sustaining, without leave to amend, James D.

17  Allen's and S. Michael Love's demurrers to the first amended complaint, and each cause of action

18  therein,

19          IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment dismissing this action

20  be, and hereby is, entered in favor of defendants James D. Allen and S. Michael Love.

21          IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant James D. Allen is

22  entitled to costs of suit in the amount of $_____; and defendant S. Michael Love is

23  entitled to costs of suit in the amount of $_____.

24

25  Dated: ____OCT 1 9 2005____              **JOAN M. LEWIS**
                                            _____
26                                          Hon. Joan M. Lewis
                                            Judge of the Superior Court

27
                                                                    LOVE01397
28

_____

JUDGMENT

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_      ENGLISH & GLOVEN
                                   A Professional Corporation

4

5

6                                   By: _Donald English_
                                      Donald A. English

7                                      Christy I. Yee
                                 Attorneys for Defendant James D. Allen

8

9

10    Dated: _____      WHITE & OLIVER
                                     A Professional Corporation

11

12                                   By:_____
                                     Daniel M. White, Esq.

13                                    Attorneys for Defendant S. Michael Love

14

15

16    Dated: _____      FRANK E. ROGOZIENSKI, INC.

17

18

19                                   By:_____
                                     Frank E. Rogozienski, Esq.
                                   Attorneys for Plaintiff Frank E. Rogozienski

20

21

22

23

24

25

26

27

28                                                           LOVE01398

2

JUDGMENT

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_      ENGLISH & GLOVEN
                                      A Professional Corporation
4

5
                                By: _Donald A. English_
6                                    Donald A. English
                                     Christy I. Yee
7                                    Attorneys for Defendant James D. Allen

8

9    Dated: _12 October 2005_        WHITE & OLIVER
                                      A Professional Corporation
10

11

12                              By: _Shawn G. Anders_
                                     Daniel M.  White, Esq.
13                                   Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____          FRANK E.  ROGOZIENSKI, INC.

17

18

19                              By:_____
                                     Frank E. Rogozienski, Esq.
20                                   Attorneys for Plaintiff Frank E.  Rogozienski

21

22

23

24

25

26

27
LOVE01399
28

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                          A Professional Corporation
4

5                                         By: _Donald A. English_
6                                             Donald A. English
                                              Christy I. Yee
7                                         Attorneys for Defendant James D. Allen

8

9    Dated: _____              WHITE & OLIVER
                                          A Professional Corporation
10

11

12                                        By:_____
                                              Daniel M.  White, Esq.
13                                        Attorneys for Defendant S. Michael Love

14   _APPROVED  AS  TO  FORM_
15
16   Dated: _9/30/05_                     FRANK E.  ROGOZIENSKI, INC.

17

18                                        By:_____
19                                            Frank E. Rogozienski, Esq.
                                          Attorneys for Plaintiff Frank E.  Rogozienski
20

21

22

23

24

25

26

27                                                         LOVE01400

28

LOVE01401

EXHIBIT 1

AUG. 22. 2005   3:02PM    ROGOZIENSKI                    NO. 004   P. 2

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| FRANK E. ROGOZIENSKI (SBN 51445)<br>FRANK E. ROGOZIENSKI, INC.<br>1203 Second Street<br>Coronado, CA 92118<br>TELEPHONE NO.: (619) 437-1878    FAX NO. (Optional): (619) 437-4894<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Frank E. Rogozienski | **F I L E D**<br>Clerk of the Superior Court<br><br>AUG 2 2 2005<br><br>By: SCOTT SEYLER, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS:  330 W. Broadway, Dept. 65
MAILING ADDRESS:
CITY AND ZIP CODE:  San Diego, CA 92101
BRANCH NAME:  Central

PLAINTIFF/PETITIONER:  FRANK E. ROGOZIENSKI
DEFENDANT/RESPONDENT:  JAMES D. ALLEN, et al.

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | GIC843843   **BY FAX** |

| A CASE MANAGEMENT CONFERENCE is scheduled as follows: |
|---|
| Date:  09/02/05     Time:  8:30 a.m.   Dept.: 65   Div.:     Room: |
| Address of court (if different from the address above): |

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** (answer one):
   a. ☑  This statement is submitted by party (name):  Frank E. Rogozienski
   b. ☐  This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):  03/07/05
   b. ☐ The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☑  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served (specify names and explain why not):
      (2) ☐  have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐  have had a default entered against them (specify names):
   c. ☐  The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint    ☐ cross-complaint    (describe, including causes of action):
   Complaint for Damages (Interference with Contract, Interference with Economic Relations, Civil Rights Violations, Deceit-Fraudulent Concealment, Breach of Contract and Unfair Competition)

---

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]

**CASE MANAGEMENT STATEMENT**

ORIGINAL

Page 1 of 4
Cal. Rules of Court,
rule 212

American LegalNet, Inc.
www.USCourtForms.com

AUG. 22. 2005  3:03PM    ROGOZIENSKI                    NO. 004   P. 3

| PLAINTIFF/PETITIONER: **FRANK E. ROGOZIENSKI** | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: **JAMES D. ALLEN, et al.** | GIC843843 |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Damages resulting from gift of the Loves' interest in Warner Springs Ranch to Allen which resulted in the disqualification of Allen from acting as the judge and will require retrial of underlying action.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial ☐ a nonjury trial  *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
   November 18, 2005 through December 16, 2005 - out of country
   January 20, 2006 through February 20, 2006 - trial

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):*  5
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☑ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

LOVE01403

CM-110 [Rev. January 1, 2005]          **CASE MANAGEMENT STATEMENT**          Page 2 of 4

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: JAMES D. ALLEN, et al. | GIC843843 |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

    (1) ☑ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify)*:

    e.  ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f.  ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g.  ☑ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)*:

        Amount at issue exceeds $50,000

**11. Settlement conference**

    ☑ The party or parties are willing to participate in an early settlement conference *(specify when)*:

    at the Court's convenience

**12. Insurance**

    a.  ☐ Insurance carrier, if any, for party filing this statement *(name)*:

    b.  Reservation of rights: ☐ Yes ☐ No

    c.  ☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

    a.  ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b.  ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**16. Other motions**

    ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

    Plaintiff is considering adding cause of action for malicious prosecution/abuse of process against Love based upon Love's continued prosecution of the underlying action with knowledge that Allen had been disqualified.

| PLAINTIFF/PETITIONER:  FRANK E. ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  JAMES D. ALLEN, et al. | GIC843843 |

**17. Discovery**

　a. ☐ The party or parties have completed all discovery.

　b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Request for Prod. of Documents | TBD |
| Plaintiff | Form Interrogatories | TBD |
| Plaintiff | Requests for Admission | TBD |
| Plaintiff | Special Interrogatories | TBD |
| Plaintiff | Depositions | TBD |

　c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

　a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

　b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

　☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

　a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

　　The parties will meet and conference prior to the Case Management Conference

　b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

　Previous case management orders in this case are *(check one)*:   ☑ none   ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*: _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  August 22, 2005

Frank E. Rogozienski
_____
(TYPE OR PRINT NAME)                                ▶ _____
                                                       (SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)                                ▶ _____
                                                       (SIGNATURE OF PARTY OR ATTORNEY)
                                                    ☐ Additional signatures are attached

FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
Coronado Professional Square
1203 Second Street
Coronado, CA 92118
Telephone: (619)437-1878
Facsimile: (619)437-4894

Attorneys for Plaintiff

F I L E D
Clerk of the Superior Court

AUG 2 2 2005

By: SCOTT SEYLER, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

| FRANK E. ROGOZIENSKI, | ) | CASE NO. GIC843843 |
|---|---|---|
| Plaintiff, | ) | PROOF OF SERVICE |
| v. | ) | |
| JAMES D. ALLEN, et al., | ) | |
| Defendants. | ) | |

I, the undersigned, certify and declare that I am a citizen of the
United States, over the age of 18 years, employed in the County of San
Diego, State of California, and not a party to the above entitled cause.
On August 22, 2005, I caused to be served by facsimile transmission a
copy of the attached CASE MANAGEMENT STATEMENT as follows:

DONALD A. ENGLISH, ESQ.          DANIEL M. WHITE, ESQ.
ENGLISH & GLOVEN                 WHITE & OLIVER
550 West "C" St., No. 1800       550 West "C" Street, No. 950
San Diego, CA 92101              San Diego, CA 92101
(619)338-6657                    (619)239-0344

Executed on: August 22, 2005

I declare under penalty of perjury under the laws of the State
of California that the above is true and correct.

Sherryl M. Bolinger

PROOF OF SERVICE
1

LOVE01406

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Frank E. Rogozienski, Esq. (State Bar No. 51445)<br>Frank E. Rogozienski, Inc.<br>1203 Second Street<br>San Diego, CA 92118 | FILED<br>CIVIL BUSINESS OFFICE 7<br>CENTRAL DIVISION<br><br>2005 AUG 22  A 11: 42<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

TELEPHONE NO. *(Optional):* (619) 437-1878    FAX NO. *(Optional):* (619) 437-4894

E-MAIL ADDRESS *(Optional):*

ATTORNEY FOR *(Name):*  Plaintiff, Frank E. Rogozienski

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN DIEGO
STREET ADDRESS:  330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE:  San Diego, CA 92101-3827
BRANCH NAME:  Central

PETITIONER/PLAINTIFF:  FRANK E. ROGOZIENSKI

RESPONDENT/DEFENDANT:  JAMES D. ALLEN, et al.

OTHER PARENT:

| NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER | CASE NUMBER:<br>GIC843843 |
|---|---|

PLEASE TAKE NOTICE that as of the date of this document, the  ☑ Attorney for  ☑ Petitioner
☐ Respondent    ☐ Other Parent    has changed his or her address for service of notices and documents.

The new address of *(name):*  Frank E. Rogozienski, Esq.

is now:  1660 Union Street, Suite 300, San Diego, California 92101

The telephone number is: ( 619 ) 237 – 1878

ANY AND ALL NOTICES AND DOCUMENTS regarding this action should now be sent to the above address.

Date:  August 19, 2005

FRANK E. ROGOZIENSKI, INC.
(TYPE OR PRINT NAME)

▶                                              (SIGNATURE)

Page 1 of 2

| Form Approved for Optional Use<br>Judicial Council of California<br>MC-040 [New January 1, 2002] | NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER | American LegalNet, Inc.<br>www.USCourtForms.com |
|---|---|---|

MC-040

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Frank E. Rogozienski, Esq.  (State Bar No. 51445)<br>Frank E. Rogozienski, Inc.<br>1203 Second Street<br>San Diego, CA 92118<br><br>TELEPHONE NO. (Optional): (619) 437-1878   FAX NO. (Optional): (619) 437-4894<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff, Frank E. Rogozienski | FILED<br>CIVIL BUSINESS OFFICE 7<br>CENTRAL DIVISION<br><br>2005 AUG 22  A 11: 42<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central

PETITIONER/PLAINTIFF: FRANK E. ROGOZIENSKI

RESPONDENT/DEFENDANT: JAMES D. ALLEN, et al.

OTHER PARENT:

| NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER | CASE NUMBER:<br>GIC843843 |
|---|---|

PLEASE TAKE NOTICE that as of the date of this document, the ☑ Attorney for ☑ Petitioner ☐ Respondent ☐ Other Parent has changed his or her address for service of notices and documents.

The new address of (name): __Frank E. Rogozienski, Esq.__

is now: ___1660 Union Street, Suite 300, San Diego, California 92101___

The telephone number is: ( 619 ) 237 – 1878

ANY AND ALL NOTICES AND DOCUMENTS regarding this action should now be sent to the above address.

Date: August 19, 2005

FRANK E. ROGOZIENSKI, INC.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE)

Page 1 of 2

Form Approved for Optional Use<br>Judicial Council of California<br>MC-040 [New January 1, 2002]

**NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER**

American LegalNet, Inc.<br>www.USCourtForms.com

LOVE01407

MC-040

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Frank E. Rogozienski, Esq.  (State Bar No. 51445)<br>Frank E. Rogozienski, Inc.<br>1203 Second Street<br>San Diego, CA 92118<br><br>TELEPHONE NO. *(Optional):* (619) 437-1878    FAX NO. *(Optional):* (619) 437-4894<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Plaintiff, Frank E. Rogozienski | FOR COURT USE ONLY<br>FILED<br>CIVIL BUSINESS OFFICE 7<br>CENTRAL DIVISION<br><br>2005 AUG 22  A 11: 42<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101-3827
BRANCH NAME: Central

PETITIONER/PLAINTIFF: FRANK E. ROGOZIENSKI

RESPONDENT/DEFENDANT: JAMES D. ALLEN, et al.

OTHER PARENT:

| | |
|---|---|
| **NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER** | CASE NUMBER:<br>GIC843843 |

PLEASE TAKE NOTICE that as of the date of this document, the ☑ Attorney for ☑ Petitioner
☐ Respondent   ☐ Other Parent   has changed his or her address for service of notices and documents.

The new address of *(name):*   Frank E. Rogozienski, Esq.

is now:   1660 Union Street, Suite 300, San Diego, California 92101

The telephone number is: ( 619 ) 237 – 1878

ANY AND ALL NOTICES AND DOCUMENTS regarding this action should now be sent to the above address.

Date:   August 19, 2005

FRANK E. ROGOZIENSKI, INC.
(TYPE OR PRINT NAME)

► _____
(SIGNATURE)

Page 1 of 2

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>MC-040 [New January 1, 2002] | **NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER** | American LegalNet, Inc.<br>www.USCourtForms.com |

| PLAINTIFF: FRANK E. ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT: JAMES D. ALLEN, et al. | GIC843843 |

## PROOF OF SERVICE BY MAIL
### NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER

1. I am at least 18 years old and **not a party to this cause.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

> 1203 Second Street
> Coronado, CA 92118

2. I served a copy of the *Notice of Change of Address and Telephone Number* by mailing it in a sealed envelope with postage fully prepaid, certified mail, return receipt requested, as follows:
   a. [✔] I deposited the envelope with the United States Postal Service.
   b. [ ] I placed the envelope for collection and processing for mailing, following this business's ordinary practice, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited with the United States Postal Service in the ordinary course of business.

3. Manner of service:
   a. Date of mailing:         August 19, 2005
   b. Place mailed from:       Coronado, CA
   c. Addressed as follows:

|  |  |  |
|---|---|---|
| Name: | DONALD A. ENGLISH, ESQ. | DANIEL M. WHITE, ESQ. |
|  | ENGLISH & GLOVEN | WHITE & OLIVER |
| Street: | 550 West "C" St., No. 1800 | 550 West "C" Street, No. 950 |
|  | San Diego, CA 92101 | San Diego, CA 92101 |
| City, state, and zip code: |  |  |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   August 19, 2005

_____
Sherryl M. Bolinger
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

LOVE01408

| PLAINTIFF:  FRANK E. ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT:  JAMES D. ALLEN, et al. | GIC843843 |

**PROOF OF SERVICE BY MAIL**

NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER

1. I am at least 18 years old and **not a party to this cause.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   1203 Second Street
   Coronado, CA 92118

2. I served a copy of the *Notice of Change of Address and Telephone Number* by mailing it in a sealed envelope with postage fully prepaid, certified mail, return receipt requested, as follows:

   a. [✔] I deposited the envelope with the United States Postal Service.

   b. [ ] I placed the envelope for collection and processing for mailing, following this business's ordinary practice, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited with the United States Postal Service in the ordinary course of business.

3. Manner of service:
   a. Date of mailing:  August 19, 2005
   b. Place mailed from:  Coronado, CA
   c. Addressed as follows:

   | | | |
   |---|---|---|
   | Name: | DONALD A. ENGLISH, ESQ. | DANIEL M. WHITE, ESQ. |
   | | ENGLISH & GLOVEN | WHITE & OLIVER |
   | Street: | 550 West "C" St., No. 1800 | 550 West "C" Street, No. 950 |
   | | San Diego, CA 92101 | San Diego, CA 92101 |
   | City, state, and zip code: | | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    August 19, 2005

_____
Sherryl M. Bolinger
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF DECLARANT)

LOVE01408

| PLAINTIFF: FRANK E. ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT: JAMES D. ALLEN, et al. | GIC843843 |

**PROOF OF SERVICE BY MAIL**
NOTICE OF CHANGE OF ADDRESS AND TELEPHONE NUMBER

1. I am at least 18 years old and **not a party to this cause.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   1203 Second Street
   Coronado, CA 92118

2. I served a copy of the *Notice of Change of Address and Telephone Number* by mailing it in a sealed envelope with postage fully prepaid, certified mail, return receipt requested, as follows:
   a. [✔] I deposited the envelope with the United States Postal Service.
   b. [ ] I placed the envelope for collection and processing for mailing, following this business's ordinary practice, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited with the United States Postal Service in the ordinary course of business.

3. Manner of service:
   a. Date of mailing:       August 19, 2005
   b. Place mailed from:    Coronado, CA
   c. Addressed as follows:
      Name:    DONALD A. ENGLISH, ESQ.          DANIEL M. WHITE, ESQ.
               ENGLISH & GLOVEN                 WHITE & OLIVER
      Street:  550 West "C" St., No. 1800       550 West "C" Street, No. 950
               San Diego, CA 92101              San Diego, CA 92101
   City, state, and zip code:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:    August 19, 2005

_____          ► _____
Sherryl M. Bolinger                           *(SIGNATURE OF DECLARANT)*
*(TYPE OR PRINT NAME)*

LOVE01408

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CALENDAR NO.

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | COURT USE ONLY |
|---|---|---|---|---|---|
| GIC843843 | 03-07-05 | 09/02/05 | 08:30AM | 65 | F I L E D |

JUDGE/COMMISSIONER: HON.  JOAN M. LEWIS

CLERK: REGINA LINDSEY-COOPER CSR # 7688

REPORTER: ~~JACQUELINE PLUMMER~~ P. WHITELAW, CSR 5835
P.O.BOX 120128, SAN DIEGO, CA 92112-0128

Clerk of the Superior Court
SEP 0 2 2005
By: SCOTT SEYLER, Deputy

PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI

DEFENDANT/RESPONDENT: JAMES D. ALLEN, et al.

ATTORNEY FOR PLAINTIFF/PETITIONER: FRANK E. ROGOZIENSKI  ☐P ☐NP

ATTORNEY FOR DEFENDANT/RESPONDENT:
DONALD A. ENGLISH (2)  ☐P ☐NP
STEVEN G. AMUNDSON  ☐P ☐NP

1. DEFENDANT DEMURRER
2. DEFENDANT DEMURRER                Christy I. Yee

**THIS MATTER HAVING COME BEFORE THE COURT THIS DATE, THE COURT ORDERS:**

☐ PRIOR TO CALENDAR CALL  ☐ OFF-CALENDAR  ☐ GRANTED  ☐ BOND$ _____
                                          ☐ DENIED  ☐ WITH/WITHOUT PREJUDICE
☐ PRIOR TO CALENDAR CALL  ☐ CONT. TO _____ IN DEPT _____ AT _____
☐ TRO  ☐ CONTINUED  ☐ VACATED
☐ ALL PREVIOUS ORDERS REMAIN IN FULL FORCE AND EFFECT.
☒ ORAL ARGUMENT   TENTATIVE DATED  9-2-05   ☒ CONFIRMED  ☒ MODIFIED
☒ DISPOSES OF ENTIRE ACTION  ☐ DOES NOT DISPOSE OF ENTIRE ACTION
☐ PREVAILING PARTY TO PREPARE AND FILE FORMAL ORDER PURSUANT TO CRC 391.
☐ OTHER Plaintiff's motion to strike and disregard Defendant Allen's points and authorities is denied.

Defendant Allen's request for judicial notice is granted.

Defendant James D. Allen's demurrer to the first, third, fifth, seventh, eighth, eleventh and twelfth causes of action is sustained without leave to amend as these claims are barred by the doctrine of judicial immunity. The Court is inclined to sustain the demurrer to the ninth cause of action for breach of contract for the same reason but would like to hear argument on this.

The Court would also like to hear argument on the thirteenth cause of action for unjust enrichment.

Defendant S. Michael Love's request for judicial notice is granted.

Defendant Love's demurrer to the first and second causes of action is sustained as the Court concludes that Plaintiff has failed to adequately state facts that would support an allegation that this Defendant intended to disrupt the contractual relations pled in the First Amended Complaint.

The demurrer to the third through sixth causes of action is sustained as the Court finds Plaintiff has not adequately pled that this Defendant interfered with economic relationships that could have prospectively brought economic advantage to the Plaintiff.

The demurrer to the seventh cause of action is sustained because Plaintiff has failed to allege any facts to support the allegation that the Defendant engaged any acts of threats,

Dated: 09/02/05

JUDGE/COMMISSIONER OF THE SUPERIOR COURT

Page 1 of 2
MOT-MINUTES/ORDER OF THE COURT

SUPCT CIV-718A(Rev. 5-04)

LOVE01409

gic843843 _____    9/2/2005

intimation or coercion by way of state action.

The demurrer to the eighth cause of action for fraudulent concealment is sustained as the Court concludes no duty was owed to Plaintiff.

The demurrer to the tenth cause of action is sustained because no remedy exists based on the facts pled. Specifically, Plaintiff has failed to plead that Defendant Love has any monies that should be restored to the Plaintiff nor is there any conduct to be enjoined.

The demurrer to the eleventh and twelfth causes of action is sustained as Plaintiff has failed to cite persuasive authority that would support a finding that this Defendant owed him a duty of care under these facts and/or that Plaintiff can proceed to sue for damages for conduct that allegedly violated the rules of Professional Conduct.

The demurrer to the thirteenth cause of action is sustained because there are no allegations that this Defendant holds any identified property in trust for the Plaintiff.

*Demurrer is sustained without leave to amend.*

The Court is inclined to sustain the demurrer without leave to amend as it is not persuaded that Plaintiff will be able to plead facts to state a cause of action against this Defendant. However, at the time of oral argument the Court would entertain argument as to whether leave to amend should be given.

**IT IS SO ORDERED**

**Dated: 9/2/2005**

_Joan M. Lewis_

**Hon. JOAN M. LEWIS**
**Judge of the Superior Court**

LOVE01410

PAGE 1 OF 2

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CALENDAR NO.

| NUMBER | COMPLAINT DATE | HEARING DATE | HEARING TIME | DEPT | COURT USE ONLY |
|---|---|---|---|---|---|
| GIC843843 | 03/07/05 | 09/02/05 | 08:30AM | 65 | F I L E D |

**JUDGE/COMMISSIONER**
HON.   JOAN M. LEWIS

**CLERK**
REGINA LINDSEY-COOPER

**REPORTER**
JACQUELINE PLUMMER
P.O.BOX 120128, SAN DIEGO, CA 92112-0128
P. WHITELAW, CSR 5835   CSR # 7688

Clerk of the Superior Court
SEP 0 2 2005
By: SCOTT SEYLER, Deputy

| PLAINTIFF/PETITIONER | DEFENDANT/RESPONDENT |
|---|---|
| FRANK E ROGOZIENSKI | JAMES D ALLEN ,et al. |

The above matter came on for hearing with the below appearances for:

## CASE MANAGEMENT CONFERENCE

| ATTORNEY OF RECORD | PHONE | APPEARANCE BY |
|---|---|---|
| FRANK E. ROGOZIENSKI (P) | 619-237-1878 | |
| STEVEN G. AMUNDSON (D) | 619-239-0300 | |
| DONALD A. ENGLISH (D) | 619-338-6610 | (add'l signatures - use attached sheet) |

PURSUANT TO THE STIPULATION SET FORTH BELOW, no procedure or deadline set forth herein may be modified, extended or avoided by stipulation or agreement of the parties unless approved by the court in advance of the date sought to be altered. Counsel acknowledge and memorialize the stipulation set forth below by affixing their signatures hereto.

IT IS STIPULATED BY THE PARTIES AND ORDERED AS FOLLOWS:

☐ **CASE DEEMED AT ISSUE AND PLACED ON THE CIVIL ACTIVE LIST.** Pursuant to stipulation of the parties, no new parties may be added without leave of court, and all unserved, non-appearing and fictitiously named parties are dismissed.

☐ **JUDICIAL ARBITRATION:**

☐ NON-BINDING NO LIMIT ARBITRATION.

☐ ALL PENDING LAW AND MOTION MATTERS, NOT INVOLVING DISCOVERY, ARE VACATED. You MUST seek the permission of the judge who ordered the case into judicial arbitration to file any motion while the case is in arbitration.

PURSUANT TO THE STIPULATION OF THE PARTIES:

☐ APPOINTMENT of _____ or _____ (alternate) ARBITRATOR.

☐ Case is ordered to arbitration for _____ days.

☐ BINDING ARBITRATION. The parties stipulate to binding arbitration. A stipulation with client's signature is to be filed with the Arbitration Department and the arbitrator prior to the arbitration hearing.

☐ EXCHANGE OF EXPERTS. The parties stipulate to dispense with the demand requirements of CCP 2034, and agree to exchange experts in accordance with Local Rules, Div. II, Rule 2.26. (All other provisions of CCP 2034 apply).

☐ **MEDIATION:**

☐ Parties stipulate to participate in the court's new Mediation Program per local rule 2.31.

☐ Mediator will be paid by the PARTIES.

☐ THE PARTIES STIPULATE TO _____ or _____ (alternate) MEDIATOR.

☐ Case is ordered to mediation for _____ days.

☐ Other orders: _____

_____
_____
_____
_____

NUMBER: GIC843843          DATE OF HEARING:  09/02/05          DEPT.  65          PAGE 2 OF 2

**TRIAL SETTING:**

☐ TRIAL DATE _____ at _____ in Dept. _____

    ESTIMATED TRIAL LENGTH: _____ day(s)     JURY DEMAND: Plaintiff_____ Defendant _____ Waived _____

☐ TRIAL READINESS CONFERENCE  : _____ at _____ in Dept. _____

☐ SPECIAL SETTLEMENT CONFERENCE: _____ at _____ in Dept. _____

**PURSUANT TO THE STIPULATION OF THE PARTIES:**

☐ EXCHANGE OF EXPERTS:
    The parties stipulate to dispense with the demand requirements of CCP 2034, and agree to exchange experts as follows:
    1st exchange: _____ 2nd exchange: _____
    (All other provisions of CCP 2034 apply).

☐ ALL MOTIONS AND DISCOVERY, including but not limited to experts, judgment on the pleadings, leave to amend and bifurcate
    must be completed and jury fees posted by: _____

**TRANSFER TO ANOTHER COURT OR DISTRICT**

☐ Transfer to _____ Court.          ☐ Appeal period waived.

☐ Plaintiff/Defendant is ordered to pay the fees and costs of transfer by _____

☐ Case is reclassified as limited / general jurisdiction.

☐ OSC why case should not be deemed limited / general jurisdiction set on _____

**IN ADDITION TO THE ABOVE STIPULATION, IT IS FURTHER ORDERED:**

☐ **CONSOLIDATION/SEVERANCE/BIFURCATION**

☐ The case is consolidated with Case Nos. _____. Lead case: _____

☐ This case is ordered severed/bifurcated as to _____

**FAILURE TO APPEAR**

☐ The Court sets an Order to Show Cause for failing to appear as noticed by the Court for today's proceeding.
    The Order to Show Cause is set for _____ at _____ in Dept. _____

☐ **OSC WHY CASE SHOULD NOT BE DISMISSED**

☐ The Order to Show Cause is set for. _____ at _____ in Dept. _____

☐ CMC CONTINUED TO: _____ at _____ in Dept. _____

OTHER: _____

_____

_____

_____

IT IS SO ORDERED:

Dated:  09/02/05                    _____
                                   JUDGE/COMMISSIONER OF THE SUPERIOR COURT

SDSC CIV-716(Rev. 5-04)          CMC-MINUTES/ORDER OF THE COURT

LOVE01412

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Daniel M. White (068011)
Steven G. Amundson (073501)
WHITE & OLIVER
550 West C Street, Suite 950
San Diego, CA 92101
TELEPHONE NO.: (619) 239-0300    FAX NO. *(Optional)*: (619) 239-0344
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Defendant

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central Division

PLAINTIFF/PETITIONER: ROGOZIENSKI

DEFENDANT/RESPONDENT: LOVE, et al.

F I L E D
Clerk of the Superior Court
AUG 1 8 2005
By: S. ALYEA, Deputy

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  [X] UNLIMITED CASE (Amount demanded exceeds $25,000)   [ ] LIMITED CASE (Amount demanded is $25,000 or less) | GIC 843843 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: September 2, 2005    Time: 8:30 a.m.    Dept.: 65    Div.:    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [X] This statement is submitted by party *(name):* S. Michael Love
   b. [ ] This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
       (1) [ ] have not been served *(specify names and explain why not):*
       (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
       (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

LOVE01413

4. **Description of case**
   a. Type of case in  [X] complaint   [ ] cross-complaint   *(describe, including causes of action):*
      Plaintiff Frank Rogozienski alleges various causes of action against James D. Allen, who acted as a temporary judge for a period time in an underlying marital dissolution proceeding between Frank and his ex-wife Shirley Rogozienski, and against attorney S. Michael Love, who represented Shirley for a period in that dissolution proceeding.

Page 1 of 4

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2005] | **CASE MANAGEMENT STATEMENT** | Legal Solutions Plus | Cal. Rules of Court, rule 212 |
|---|---|---|---|

| PLAINTIFF/PETITIONER: ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LOVE, et al. | GIC 843843 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Frank Rogozienski claims causes of action including interference with contract, interference with economic relations, civil rights violations, deceit-fraudulent conceilment, breach of contract, unfair competition, intentional misconduct and negligent and unjust enrichment.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request  ☒ a jury trial  ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
 a. ☐ The trial has been set for *(date):*
 b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

 c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*

 a. ☒ days *(specify number):* 6 days
 b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
 a. Attorney:
 b. Firm:
 c. Address:
 d. Telephone number:
 e. Fax number:
 f. E-mail address:
 g. Party represented:
 ☐ Additional representation is described in Attachment 8.

9. **Preference**
 ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
 a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
 b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
 c. ☐ The case has gone to an ADR process *(indicate status):*

LOVE01414

| PLAINTIFF/PETITIONER: ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LOVE, et al. | GIC 843843 |

**10. d.** The party or parties are willing to participate in *(check all that apply)*:

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify)*:

e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)*:

**11. Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**12. Insurance**

a. ☒ Insurance carrier, if any, for party filing this statement *(name)*: Continental Casualty Company

b. Reservation of rights: ☐ Yes ☐ No

c. ☒ Coverage issues will significantly affect resolution of this case *(explain)*: Continental Casualty has declined coverage.

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**14. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**15. Bifurcation**

☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*: Defendant Love will seek bifurcation on the issue of punitive damages.

**16. Other motions**

☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*: Defendant Love will seek summary judgment or summary adjudication on various causes of action based interalia on the absence of legal duty to Frank Rogozienski.

| PLAINTIFF/PETITIONER: ROGOZIENSKI | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: LOVE, et al. | GIC 843843 |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| S. Michael Love | No interrogatories or discovery have yet been propounded, based on transfers of judicial assignments, and the pending demurrer. | |

    c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**

    Previous case management orders in this case are *(check one):* ☒ none ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 18, 2005

| Steven G. Amundson | ▶ *Steven G. Amundson* (signature) |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

| | ▶ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached

CM-110 [Rev. Janauray 1, 2005]      **CASE MANAGEMENT STATEMENT**      Page 4 of 4

*Rogozienski v. Love*
**San Diego County Superior Court Case No. GIC843843**

F I L E D
Clerk of the Superior Court

AUG 1 8 2005

By: S. ALYEA, Deputy

### PROOF OF SERVICE

I, Patty Cortez, declare as follows:

1.    I am employed with the law firm of WHITE & OLIVER, 550 West "C" Street, Suite 950, San Diego, California 92101.  I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2.    On August 18, 2005, I served the following document(s):
**CASE MANAGEMENT STATEMENT,**
on the interested parties in this action:

Frank E. Rogozienski, Esq.
FRANK E. ROGOZIENSKI, INC.
1203 Second Street
Coronado, CA 92118
T: (619) 437-1878
F: (619) 437-4894

Donald A. English, Esq.
ENGLISH & GLOVEN
550 West C Street, Suite 1800
San Diego, CA 92101
T: (619) 338-6610
F: (619) 338-6657

☒    (BY MAIL) C.C.P. § 1013(a)(1) & (3) I deposited such envelope in the mail at San Diego, California.  The envelope was mailed with postage thereon fully prepaid.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY FACSIMILE) At the time of transmission, I was at least 18 years of age and not a party to this legal proceeding.  I transmitted the above-referenced documents by facsimile machine, pursuant to California Rules of Court, Rule 2006.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on August 18, 2005, at San Diego, California.

Patty Cortez

LOVE01417

65298.1

VIA KNOX **CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Donald A. English, Esq.<br>Christy I. Yee, Esq.<br>English & Gloven, APC<br>550 West "C" Street, Suite 1800<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 338-6610   FAX NO. *(Optional):* (619) 338-6657<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* James D. Allen | **F I L E D**<br>Clerk of the Superior Court<br><br>AUG 1 8 2005<br><br>By: SCOTT SEYLER, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PLAINTIFF/PETITIONER: Frank E. Rogozienski

DEFENDANT/RESPONDENT: James D. Allen

| CASE MANAGEMENT STATEMENT | | | CASE NUMBER: |
|---|---|---|---|
| (Check one): | ☒ UNLIMITED CASE<br>(Amount demanded<br>exceeds $25,000) | ☐ LIMITED CASE<br>(Amount demanded is $25,000<br>or less) | GIC843843 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: 09-02-05          Time: 8:30 a.m.    Dept.: 65      Div.:          Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒ This statement is submitted by party *(name):* Defendant James D. Allen
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 03-07-05
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☒ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☒ complaint ☐ cross-complaint *(describe, including causes of action):*
   Interference with contract, interference with economic relations, civil rights violations, deceit-fraud/concealment, breach of contract, unfair competition, intentional misconduct, negligence, and unjust enrichment.

Page 1 of 4

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2005] | **CASE MANAGEMENT STATEMENT** | Legal<br>Solutions<br>Plus | Cal. Rules of Court,<br>rule 212

LOVE01418

| PLAINTIFF/PETITIONER: Frank E. Rogozienski | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: James D. Allen | GIC843843 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
   Plaintiff seeks compensatory and punitive damages against defendant Mr. Allen for alleged acts done in his capacity as temporary judge in plaintiff's marital dissolution action. Mr. Allen seeks a dismissal of all claims against him on the grounds of judicial immunity, litigation privilege and other absolute defenses.

   ☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
   The party or parties request  ☒ a jury trial  ☐ a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
   a.  ☐   The trial has been set for *(date):*
   b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* The pleadings are not yet at issue. Once the pleadings are at issue, assuming Mr. Allen is still a party, he will be in a position to address the timing of the trial date.
   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a.  ☒  days *(specify number):* eight  (8)
   b.  ☐  hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☒ by the attorney or party listed in the caption  ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐  Additional representation is described in Attachment 8.

9.  **Preference**
   ☐  This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
   a.  Counsel  ☒ has  ☐ has not    provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
   b.  ☐  All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c.  ☐  The case has gone to an ADR process *(indicate status):*

LOVE01419

CM-110 [Rev. January 1, 2005]                    **CASE MANAGEMENT STATEMENT**                    Page 2 of 4

| PLAINTIFF/PETITIONER: Frank E. Rogozienski | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: James D. Allen | GIC843843 |

10. d.  The party or parties are willing to participate in *(check all that apply):*
 (1) ☐ Mediation
 (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
 (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
 (4) ☐ Binding judicial arbitration
 (5) ☐ Binding private arbitration
 (6) ☐ Neutral case evaluation
 (7) ☐ Other *(specify):*

 e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
 f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
 g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
 ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
 a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
 b. Reservation of rights: ☐ Yes ☐ No
 c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
 Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
 ☐ Bankruptcy ☐ Other *(specify):*
 Status:

14. **Related cases, consolidation, and coordination**
 a. ☐ There are companion, underlying, or related cases.
  (1) Name of case:
  (2) Name of court:
  (3) Case number:
  (4) Status:
  ☐ Additional cases are described in Attachment 14a.
 b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
 ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
 ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
  Mr. Allen has filed a demurrer to the first amended complaint, which is scheduled to be heard on September 2, 2005. By his demurrer, Mr. Allen seeks a dismissal of all causes of action against him on the grounds of judicial immunity and other absolute defenses.

CM-110 [Rev. January 1, 2005]                    **CASE MANAGEMENT STATEMENT**                    **Page 3 of 4**

| PLAINTIFF/PETITIONER: Frank E. Rogozienski | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  James D. Allen | GIC843843 |

**17. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

      Party                        Description                    Date

c. ☒ The following discovery issues are anticipated *(specify):* Issues relating to discovery are premature at this time given the status of the pleadings.

**18. Economic Litigation**
a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other Issues**
☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**
a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):* ☒ none ☐ attached as Attachment 21.

**22.** Total number of pages attached *(if any):* – 0 –

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: August 18, 2005

    Donald A. English, Esq.            ▶    *Donald A English*
      (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

                                     ▶
      (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)
                                  ☐ Additional signatures are attached

CM-110 [Rev. Januaray 1, 2005]         **CASE MANAGEMENT STATEMENT**         Page 4 of 4

LOVE01421

1   Donald A. English, Esq.   (State Bar No. 115569)
    Christy I. Yee, Esq.      (State Bar No. 166238)

2   ENGLISH & GLOVEN
    A Professional Corporation

3   550 West "C" Street, Suite 1800
    San Diego, California 92101

4   Telephone:  (619) 338-6610
    Facsimile:   (619) 338-6657

5

6   Attorneys for Defendant
    James D. Allen

7

F I L E D
Clerk of the Superior Court

AUG 1 8 2005

By: SCOTT SEYLER, Deputy

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                 **FOR THE COUNTY OF SAN DIEGO**

10   FRANK E. ROGOZIENSKI,    )  Case No. GIC 843843
                          )

11        Plaintiff        )  **PROOF OF SERVICE BY MAIL**
                          )

12       v.           )  Date:      September 2, 2005
                          )  Time:     8:30 a.m.

13   JAMES D. ALLEN, S. MICHAEL LOVE )  Dept:     65
    and DOES 1 through 10, inclusive,   )  Judge:   Joan M. Lewis

14                           )
         Defendants.      )  Complaint Filed:  March 7, 2005

15   _____)  Trial Date:     None set

16        I, Jan Sones, declare that:  I am over the age of 18 years and not a party to the case; I am employed

17   in the County of San Diego, California, where the mailing occurs; and my business address is 550 West

18   "C" Street, Suite 1800, San Diego, California 92101.

19        On August 18, 2005, I served the following document(s):

20                        Case Management Statement

21   by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

22   as follows:

23   Frank E. Rogozienski, Esq.          Attorneys for Plaintiff
    Frank E. Rogozienski, Inc.          FRANK E. ROGOZIENSKI

24   1203 Second Street
    Coronado, CA 92118

25   Tel: (619) 437-1878
    Fax: (619) 437-4894

26   / / /

27   / / /

28                                              LOVE01422

LOVE01422

**PROOF OF SERVICE BY MAIL**

1    Daniel M. White, Esq.                Attorneys for Defendant
      White & Oliver, APC                 S. MICHAEL LOVE

2    550 West C Street, Suite 950
      San Diego, CA 92101

3    Tel: (619) 239-0300
      Fax: (619) 239-0344

4

5       I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the

6 United States Postal Service, this same day, at my business address shown above, following ordinary

7 business practices. I am readily familiar with the business practices for collecting and processing of

8 correspondence and pleadings for mailing with the United States Postal Service; and that the

9 correspondence and pleadings shall be deposited with the United States Postal Service this same day in

10 the ordinary course of business.

11       I declare under penalty of perjury under the laws of the State of California that the foregoing is

12 true and correct.

13

14 Dated: August 18, 2005

15                               Jan Sones

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01423

2

**PROOF OF SERVICE BY MAIL**

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  Beth J. Manover (SBN# 215704)
   **WHITE & OLIVER**
3  A Professional Corporation
   550 West C Street, Suite 950
4  San Diego, California 92101
   Telephone: (619) 239-0300
5  Facsimile: (619) 239-0344

6  Attorneys for Defendant
   S. MICHAEL LOVE

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,                )  Case No. GIC843843
                                         )
11              Plaintiff,               )  **REPLY IN SUPPORT OF**
                                         )  **DEMURRER OF DEFENDANT S.**
12                                       )  **MICHAEL LOVE TO FIRST**
       v.                                )  **AMENDED COMPLAINT**
13                                       )
                                         )  **Date: July 15, 2005**
14  JAMES D. ALLEN, S. MICHAEL LOVE, and )  **Time: 11:00 a.m.**
    DOES 1 through 10, inclusive,        )  **Dept: 61**
15                                       )  **The Honorable John S. Meyer**
                Defendants.              )
16  _____  )

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01424

64580.1

REPLY IN SUPPORT OF DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

F I L E D
Clerk of the Superior Court

JUL 0 8 2005

By: A. Gerba, Deputy

WHITE & OLIVER
A Professional Corporation

## I.    INTRODUCTION

In his Opposition to the Demurrer of Defendant S. Michael Love ("Love"), Plaintiff Frank E. Rogozienski ("Frank R.") attempts to argue, among other things, that Love owed him a duty of care, a necessary element for a number of causes of action contained his First Amended Complaint ("FAC"). This is not the case. Moreover, Frank R. is simply not able to state facts sufficient to constitute a cause of action as against Love for the claimed violation of Rule of Professional Conduct 5-300(A). As such, Love's demurrer as to each of Frank R.'s causes of action contained in his FAC should be sustained without leave to amend, as there is no possibility that he can cure these deficiencies by amendment.

## II.    LOVE DOES NOT OWE  A DUTY OF CARE TO FRANK R.

Frank R. asserts that Love's alleged "gift" to Allen violated Rule of Professional Conduct 5-300(A). FAC ¶ 120-121. Frank R. was the party adverse to Love's client Shirley in the dissolution proceeding. No matter how it is couched under the various tort claims Frank R. attempts to plead, Love owed no duty to Frank R. not to violate RPC 5-300(A), nor did he owe any other legally cognizable duty of care to Frank R.  "[T]he attorney is not burdened with any duty toward nonclients merely because of his or her status as an attorney." *Fox v. Pollack* (1986) 181 Cal.App.3d 954, 960, cited in *Burger v. Pond* (1990) 224 Cal.App.3d 597.

Nevertheless, in his Opposition, Plaintiff broadly and erroneously concludes that the holding in *Roberts v. Ball, Hunt, Hart, Brown & Baerwitz* (1976) 57 Cal.App.3d 104 imposes a broad duty running from counsel to third parties. This is not the case.  Indeed, the holding in *Roberts, supra,* is applicable in limited circumstances and is distinguishable from this case.

California decisional law is clear that an attorney's duty of care extends to third persons, not clients, *only* when that third person is an 'intended beneficiary' of the attorney's actions. [citations omitted.] *Mattco Forge, Inc. v. Arthur Young & Co.* (1995) 38 Cal.App.4th 1337, 1356. In *Roberts, supra,* the attorneys gave a written opinion for the express purpose of it being shown to and relied upon by plaintiff. *Roberts, supra,* 57 Cal.App.3d at 111. "In that situation, the attorneys owed the plaintiff a duty of care in providing the advice because the plaintiff's anticipated reliance upon it was 'the end and aim of the transaction.'" (*Mattco, supra,* 38

1

64580.1

LOVE01425

1    Cal.App.4th at 1357.)

2         Here, in contrast, there is a lack of intent to influence Frank R.  Love is the attorney for

3    Shirley, a party adverse to Frank R.  Frank R. is not an entity "upon [which Love's client] had any

4    wish or obligation to confer a benefit in the transaction [litigation]." *Goodman v. Kennedy*

5    (1976) 18 Cal.3d 335, 344.  At no time did Love intend to nor did he confer any conceivable

6    benefit on Frank R. that could potentially give rise to a duty of care owed by Love to Frank R.

7    Even assuming the truth of Frank R.'s allegation that Love gave Allen a "gift", such a "gift" was

8    not bestowed upon Frank R and cannot be construed as an intention to confer a benefit upon him.

9    Thus, at no time did Love owe Frank R. a duty of care.

10   **III.   THE FIRST AND SECOND CAUSES OF ACTION FAIL TO STATE CAUSES OF
         ACTION FOR INTENTIONAL INTERFERENCE WITH CONTRACTUAL**
11       **RELATIONS AND ARE UNCERTAIN**

12        In his Opposition, Frank R. does nothing to address the deficiencies contained in the first

13   and second causes of action.  Specifically, the First and Second Cause of Action as against Love

14   is for intentional interference with contractual relationships.  Those relationships alleged in the

15   First Cause of Action are: (a) contractual relationships between Frank R. and Shirley R. - FAC ¶

16   52; (b) Frank R's contractual relationships with Qualcomm for his stock and with unidentified

17   third parties - FAC ¶ 53; (c) and the contractual relationship between Frank R. and his lawyer in

18   the dissolution proceeding - FAC ¶ 54.  The Second Cause of Action alleges Love's gift to Allen

19   somehow interfered with Frank R.'s agreement for payment of services to Allen, in Allen's

20   capacity as temporary judge in the dissolution proceeding.  FAC ¶ 61-63.

21        Both causes of action fail to state facts sufficient to constitute causes of action against

22   Love, and are uncertain.  In its decision in *LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, this

23   court explained the requisites of a claim for intentional interference with contractual relations, as

24   had been addressed by the California Supreme Court in *Della Penna v. Toyota Motor Sales,*

25   *U.S.A., Inc.* (1995) 11 Cal.App.4th 376.  Among the elements are that the defendant must have

26   engaged in intentional acts designed to induce a breach or disruption of the contractual

27   relationship, and actual breach or disruption of the relationship with resulting damages.  *Id.* at

28   343-344.  This court found that LiMandri in his complaint had stated facts sufficient to constitute

2                                                    64580.1

WHITE & OLIVER
A Professional Corporation

LOVE01426

1    a cause of action, reciting LiMandri's allegations as to the specifics and the methods and conduct

2    by which there had been interference causing him damage. *Id.* at 344.

3         Frank R. fails completely to allege any such facts in either of the first two causes of

4    action. This failure is also not remedied in his Opposition There is no allegation of intentional

5    acts by Love designed to disrupt Frank R.'s contractual relations. Similarly, there is no

6    allegation, nor can there conceivably be one, as to how Love's "gift" to Allen actually interfered

7    with the pre-nuptial agreement or property agreements between Frank R. and Shirley R., or with

8    Frank R.'s contracts for Qualcomm stock, or with Frank R.'s fee agreement with his own

9    dissolution attorney. FAC ¶ 52-54. Finally, there is no allegation as to how Love's gift to Allen

10   caused damage to Frank R. with respect to Frank R.'s obligation to pay half of Allen's fees for

11   services of temporary judge. FAC ¶ 61. To the contrary Frank R. acknowledges that he

12   challenged Allen, who withdrew. FAC ¶ 41.

13   **IV.    THE THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION FAIL TO**

14   **STATE FACTS SUFFICIENT TO CONSTITUTE CAUSES OF ACTION AGAINST LOVE FOR INTENTIONAL OR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND ARE UNCERTAIN**

15

16        Again, Frank R. fails to address the deficiencies respecting his causes of action for

17   intentional and negligent interference with prospective economic advantage. Frank R.'s Third

18   and Fourth Causes of Action allege that Love (and Allen) intentionally interfered with the

19   prospective economic advantage Frank R. claims he would derive from: (a) the economic

20   relationship between Frank R. and Shirley R., who was suing him for divorce; (b) the economic

21   relationship between Frank R. and the attorney he was paying to represent him in the divorce; ©)

22   between Frank R. and Qualcomm or other unidentified third persons with whom he proposed to

23   do business; (FAC ¶ 68) and (d) with the "probable future economic" advantage Frank R. hoped

24   to derive from his economic relationship with Allen (FAC ¶ 76), which economic relationship is

25   identified as nothing more than Frank R. paying one-half of Allen's fees as a temporary judge.

26   FAC ¶ 10.                                                          LOVE01427

27        The Fifth Cause of Action against Love (and Allen) is for negligent interference with

28   prospective economic advantage. The economic relationships from which anticipated future

WHITE & OLIVER
A Professional Corporation

3

64580.1

1   economic benefit with which there was alleged interference causing Frank R. damages, again

2   were: (a) the economic relationship between Frank R. and Shirley R., who was suing him for

3   divorce; (b) the economic relationship between Frank R. and the lawyer he was paying to

4   represent him in the dissolution; and (c) the economic relationship between plaintiff and

5   Qualcomm and other unspecified third persons. FAC ¶ 84. These relationships are not only

6   unidentified, there are no facts alleged that provide for how Love possibly interfered with them,

7   either intentionally or negligently. The Sixth Cause of Action again alleges that Frank R.'s

8   relationship with Allen – that for which Frank was paying half of Allen's fee for services as a

9   temporary judge (FAC ¶ 10) contained probable future economic benefit or advantage to Frank

10  R. FAC ¶ 92. Frank R. has not alleged facts, nor can it be conceived, how this was to have

11  occurred.

12      All four causes of action fail to state facts sufficient to constitute a cause of action against

13  Love for any interference with prospective economic relations, whether intentional or negligent.

14  "The tort of intentional or negligent interference with prospective economic advantage imposes

15  liability for improper methods of disrupting or diverting the business relationship of another

16  which fall outside the boundaries of fair competition." *Settimo Assoc. v. Environ Systems, Inc.*

17  (1993) 14 Cal.App.4th 842, 845. A threshold with respect to the issue of a prospective economic

18  benefit is that "it must be reasonably probable that the prospective economic advantage would

19  have been realized but for defendant's interference." *Youst v. Longo* (1987) 43 Cal.3d 64, 71.

20      There is nothing alleged in the Third through the Sixth Causes of Action to state facts or

21  even suggest how Love interfered with economic relationships which could prospectively have

22  brought economic advantage to Frank, whether it be the economic relationship alleged between

23  Frank R. and Shirley, who was suing him for divorce, between Frank R. and his divorce lawyer

24  whose fees were being paid by Frank R., or between Frank R. and Allen, half of whose fees were

25  being paid by Frank. The only other prospective economic relationship(s) is between Frank R.

26  and Qualcomm or unnamed third parties. However, the FAC is silent as to what those

27  relationships prospectively were, or how any conduct by Love interfered, particularly with those

28  of unnamed third persons. Thus, they are uncertain and completely unintelligible as to what

WHITE & OLIVER
A Professional Corporation

LOVE01428

WHITE & OLIVER
A Professional Corporation

1    those relationships were or how Love might have interfered with them.  Code of Civil Procedure

2    section 431.20(b).

3         Moreover, a plaintiff seeking to recover for alleged intentional interference with

4    prospective economic relations has the burden of pleading that the defendant not only knowingly

5    interfered with a plaintiff's expectancy, but that the defendant's interference was wrongful by

6    some other measure beyond the fact that it amounted to interference.  *See LiMandri, supra,* 52

7    Cal.App.4th at 340, citing *Della penna, supra,* 11 Cal.4th at 392-393.  "It is insufficient to allege

8    the defendant engaged in tortious conduct distinct from or only tangentially related to the conduct

9    constituting the actual interference."  *Id.* at 342.  Notably, in *LiMandri, supra,* the Court found

10   that plaintiff failed to sufficiently plead a cause of action for intentional and negligent

11   interference with prospective economic relations.  In *LiMandri,* the plaintiff (an attorney) alleged

12   that the defendant, with knowledge of plaintiff's superior lien rights to his client's settlement

13   proceeds in the underlying litigation, created a security interest in the proceeds on behalf of his

14   client lender, and asserted it as superior to plaintiff's contractual lien.  *See Id.* at 341.  The Court

15   found that while the act and method of filing the lien may have been independently tortious, it

16   was not the act that constituted the actual interference with plaintiff's prospective economic

17   advantage.  *See Id.* at 341-342.

18        In his Opposition, it appears that Frank R. attempts to argue that Love's alleged "gift" to

19   Allen interfered with Frank R.'s prospective economic relations.  However, the alleged "gift"

20   clearly does not by itself constitute the requisite essential/actual interference with any

21   conceivable prospective economic relations.  Thus, even assuming the "gift" was wrongful, it

22   does not satisfy *Della Penna's* requirement that the interference must be wrongful by some legal

23   measure other than the fact of interference itself.[1]  *See Id.*

24        Lastly, as noted herein, Love does not owe any cognizable duty of care to Frank R.  Thus,

25   plaintiff has not and cannot state facts sufficient to constitute a cause of action for negligent

26   interference with prospective economic advantage.  *See Id.* at 348. ("The tort of negligent

27

28

---

[1]  Plaintiff has also has not cannot adequately plead a cause of action for fraudulent concealment, *see infra.*

1    interference with economic relationship arises only when the defendant owes the plaintiff a duty

2    of care.")

3    **V.    THE SEVENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATIONS AGAINST THIS DEFENDANT**

4

5    Defendant Love is alleged to have been a private attorney representing Shirley

6    Rogozienski in the dissolution proceeding she brought against Frank R. FAC ¶ 9. Love as a

7    private party is alleged to have made a simple gift of a membership interest in Warner Springs

8    Ranch to a third person, Attorney Allen. FAC ¶¶ 29-30. Frank R. now asserts he was denied the

9    right to a fair trial. FAC ¶ 99.

10    Assuming plaintiff's Seventh Cause of Action is premised upon a violation of his civil

11    rights under Civil Code section 52.1(b), plaintiff fails to plead any acts of interference by

12    "threats, intimidation or coercion" by Love, as required by this section. *Civil Code* §52.1(b);

13    *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 843, citing *Jones v. Kmart Corp.*

14    (1998) 17 Cal.4th 329, 332. Specifically, a plaintiff must plead "interference with a legal right

15    accompanied by a form of coercion." *Jones, supra,* 17 Cal.4th at 334. Plaintiff has failed to

16    allege facts to support an interference with a legal right that was accompanied by a form of

17    coercion by Love.

18    Further, Civil Code section 52.1 does not apply to private actors' putative violations of

19    legal guaranties that only limit state's powers. *See, e.g., Id.* at 333. Thus, state action is required

20    for maintaining an action under this section. *See, e.g., Id.* Frank R. has not alleged and cannot

21    allege that Love was a state actor, and as such his claim for civil rights violations against Love

22    must fail as a matter of law.

23    **VI.    THE EIGHTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT**

24                                                                              LOVE01430

25    The Eighth Cause of Action fails to state any claim against Love for fraudulent

26    concealment. Frank alleges that Allen and Love did not disclose the fact of a gift to Frank R. of

27    the one-half interest in a Warner Springs membership, which gift he alleges defendants "should

28    have disclosed." FAC ¶ 103. In his Opposition, Frank R. cites to no authority that establishes

WHITE & OLIVER
A Professional Corporation

6                                                        64580.1

WHITE & OLIVER
A Professional Corporation

1   that the counsel for a party in a litigation is in a "relationship" with the adverse party for purposes

2   of imposing a duty of disclosure under California Civil Code sections 1572 or 1709. *See, e.g.,*

3   *LiMandri, supra,* 52 Cal.App.4th at 336-337.

4        Love clearly has no fiduciary relationship with the adverse party, Frank R., nor is he in a

5   "relationship" contemplated by case law. *See Id.* at 336-337. Frank R. has not met and cannot

6   meet this burden, as none of the circumstances have been alleged, and none existed.

7        Also of relevance to this action, in *LiMandri,* the court found that there is no duty to

8   disclose an intention to commit an intentional tort. *See Id.* at 338. In fact, the court emphasized

9   that it was not aware of any authority supporting the imposition of additional liability on an

10  intentional tortfeasor for failing to disclose his or her tortious intent before committing the tort.

11  *See Id.* Thus, it follows that if it were found that Love's alleged "gift" to Allen was considered

12  tortious, which is clearly not the case, the law imposes no duty upon Love to disclose to Frank R.

13  the fact of the alleged "gift". As such, Frank R. has not and cannot allege the necessary elements

14  of an action for fraudulent concealment.

15  **VII.    THE TENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO
            CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT**

16

17       Frank R. fails to allege facts sufficient to state cause of action for unfair and fraudulent

18  business practices in violation of Business and Professions Code section 17200, *et seq*. In his

19  Opposition, Frank R. does not and cannot point to any monies of his own that are in the

20  possession of Love. Moreover, he fails to acknowledge that all the rulings by Allen subsequent

21  to the "gift" have been set aside, with a new trial pending. Thus, there is no relief available under

22  the act. There is and could be no injunction as against Love under Business and Professions

23  Code section 17203 based on the conduct alleged. Similarly, there is not any allegation that Love

24  is in possession of anything of Frank R.'s which Love could be ordered to restore under section

25  17203. Love did not receive anything by way of Love's gift to Allen which would be legally

26  restorable to Frank.                                                LOVE01431

27       Finally, there is no allegation, nor has California law recognized, that a violation of RPC

28  5-300(A) constitutes an unfair business practice under Business and Professions Code section

7                                      64580.1

REPLY IN SUPPORT OF DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

1  17200.  Love simply represented Shirley in her divorce action against Frank R.  Thus, any

2  communication or publications made by Love in the course of the divorce proceedings are

3  subject to the litigation privilege i.e, the filing of pleadings following the alleged "gift" and/or

4  communications with the opposing party or counsel.  California *Civil Code* §47(b); *see, e.g.,*

5  *Silberg v. Anderson* (1990) 50 Cal.3d 205, 212; *see also Brown v. Kennard* (2001) 94

6  Cal.App.4th 40, 45.  The demurrer should be sustained without leave to amend.

7  **VIII.   THE ELEVENTH AND TWELFTH CAUSES OF ACTION FAIL TO STATE
     FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST**

8  **THIS DEFENDANT**

9       The Eleventh Cause of Action is not labeled, nor does it include in its contents any

10  allegations of the elements of any cognizable tort for which Frank R. could pursue relief as

11  against Love.  Rather, the Eleventh Cause of Action alleges that Love and Allen breached their

12  respective duties to him in their capacities as members of the State Bar of California.  FAC ¶

13  132.

14       A tort, whether intentional or negligent, involves a violation of a legal duty owed by the

15  defendant *to the injured person*.  *Cedars-Sinai Medical Center v. The Superior Court of Los*

16  *Angeles County* (1998) 18 Cal.4th 1, 8.  As discussed above, Love does not owe a duty of care to

17  Frank R.

18       Moreover, in *Cedars-Sinai, supra,* the California Supreme Court recognized that "[i]n the

19  past, we have favored remedying litigation-related misconduct by sanctions imposed within the

20  underlying lawsuit rather than by creating new derivative torts."  *See Id.* at 8-9 (holding that there

21  is no tort remedy for intentional spoliation of evidence by a party to the cause of action to which

22  the spoliated evidence is relevant.)  Frank R. has been provided a remedy for the alleged

23  litigation related conduct.  All the rulings by Allen subsequent to the "gift" have been set aside,

24  with a new trial pending.                                                     LOVE01432

25       Finally, as discussed, a violation of that Rule of Professional Conduct does not give rise

26  to a civil cause of action, either for alleged willful and intentional conduct or negligent conduct.

27  RPC 1-100.  "There is no independent cause of action for the breach of a disciplinary rule.

28  While the rules may provide a standard of conduct for attorneys, they do not alone support a

WHITE & OLIVER
A Professional Corporation

8                                                    64580.1

1    claim for damages." *Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 746

2    (citations omitted).

3         The Eleventh and Twelfth Causes of Action do not state causes of action, and the

4    allegations therein do not and cannot constitute causes of action, in California.

5    **IX.**    **THE THIRTEENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT**

6         **TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT**

7         The Thirteenth Cause of Action as against all defendants is entitled "unjust enrichment."

8    Frank R. alleges that the defendants unjustly enriched themselves to his detriment and hold monies

9    paid by Frank R. as "constructive trustees." FAC ¶ 137. Frank R. seeks imposition of a constructive

10   trust for monies paid by him and "wrongfully acquired or detained by Defendants." Prayer ¶ 3.

11         Plaintiff attempts to circumvent the requirements for maintaining a cause of action by

12   broadly concluding that "a constructive trustee may be charged with the value of the

13   "unconscionable loss he has caused the beneficiary" even though the constructive trustee received no

14   monetary benefit"" or that imposition of an involuntary trust does not require that the involuntary

15   trustee acquire the trust res directly from its rightful owner. (*See* Frank R.'s Opposition to Demurrer

16   of Defendant S. Michael Love's Demurrer to First Amended Complaint at p.13, ll. 25-26; p.14, ll.2-

17   7, citing *Elliot v. Elliot* (1964) 231 Cal.App.2d 205, 211; *GHK Associates v. Mayer Group, Inc.*

18   (1990) 24 Cal.App.3d 856.) These statements are taken out of context and are, thus, misleading.

19   Both *Elliot* and *GHK* require that a defendant wrongfully detain property of a plaintiff, for purposes

20   of imposing a constructive trust. (*Elliot, supra,* 231 Cal.App.2d at 209; *GMK, supra,* 24 Cal.App.3d

21   at 879.)

22         For example, *Elliot, supra,* involved a divorce proceeding, wherein a wife was awarded one-

23   half the principal of a promissory note, which was held by the husband as co-owner. (*Elliot, supra,*

24   231 Cal.App.2d at 209.) The husband did not collect on the note and the applicable statute of

25   limitation ran on the note. (*Id.*) The court subsequently held that the husband held the note as a

26   constructive trustee for the wife, thus awarding her judgment her one-half of the note. (*Id.*) The

27   court found that the wife's interest in the note was legally established by the divorce decree, thus

28   constituting a wrongful detention of the wife's property. (*Id.*)

WHITE & OLIVER
A Professional Corporation

LOVE01433

9

64580.1

1    The cases plaintiff cites to in his Opposition do not eliminate the requirement that to state a

2    claim for unjust enrichment, it "must be shown . . . that the acquisition of the property was wrongful

3    and that the keeping of the property by the defendant would constitute unjust enrichment."

4    *Calistoga Civic Club v. Calistoga* (1983) 143 Cal.App.3d 111, 116)   Nowhere has it been alleged or

5    could it be alleged that Love wrongfully acquired Frank R.'s property.  Love represented Shirley R.

6    in the divorce action.  There is no allegation of any conduct or identification of any property of Love

7    on which a constructive trust could or should be imposed, for a supposedly wrongful gift by Love to

8    Allen of the one half interest in the Warner Springs Ranch share.  The cause of action simply fails to

9    state any facts sufficient to constitute a cause of action for unjust enrichment or entitlement to a

10   constructive trust as against Love.  The demurrer should be sustained without leave to amend.

11   **X.    CONCLUSION**

12   The demurrer to each cause of action as against Love should be sustained without leave to

13   amend.  It is clear from the face of the first amended complaint, Frank R.'s second effort, that he has

14   no claim against Love other than a claim which gives no independent rise to civil liability, i.e., a

15   claim that Love is in violation of California RPC-300(A).

16

17   Respectfully submitted,

18   WHITE & OLIVER

19

20   By: _Beth J. Manover_____

21   Daniel M. White
     Steven G. Amundson

22   Beth J. Manover
     Attorneys for Defendant

23   S. MICHAEL LOVE

24

25

26

27

28

WHITE & OLIVER
A Professional Corporation

LOVE01434

10                                              64580.1

REPLY IN SUPPORT OF DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Daniel M. White (068011)
Beth J. Manover (215704)
WHITE & OLIVER
550 West C Street, Suite 950
San Diego, California 92101
TELEPHONE NO.: (619) 239-0300    FAX NO.: (619) 239-0344
ATTORNEY FOR *(Name):* Defendant S. MICHAEL LOVE

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294
- MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
- NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

F  I  L  E  D
Clerk of the Superior Court
**JUL 0 8 2005**
By: A. Gerba, Deputy

PLAINTIFF(S)/PETITIONER(S) IN THE MATTER OF ROGOZIENSKI

DEFENDANT(S)/RESPONDENT(S) LOVE, et al.

JUDGE Hon. John S. Meyer
DEPT: 61
DATE: 7/15/05    TIME: 11:00 am

**PROOF OF PERSONAL SERVICE**
**(CCP 1011 & Local Rules, Division II, Rule 2.2C)**

CASE NUMBER
GIC 843843

**FOR PROOF OF SERVICE OF SUMMONS, USE SDSC CIV-9B(CIVIL) OR FL-115(FAMILY LAW). FOR PROOF OF SERVICE OF SUBPOENA, USE SDSC CIV-216, 216A, 216B, 216C, 216D, 982(a)(16)(CRIMINAL OR JUVENILE).**

1. At the time of service I was at least 18 years of age and not a party to this case, and I served copies of the following documents:    REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT

2. a. Upon *(Name of party)* DEFENDANT JAMES D. ALLEN               ; (For civil cases, specify the nature and status of the party's involvement in the case, i.e. plaintiff, defendant, cross-complainant, etc.; and the name, address and phone number of the party's counsel of record, if any)  Donald A. English, ENGLISH & GLOVEN, 550 West C Street, Suite 1800, San Diego, CA 92101, (619) 338-6610

   b. Person served: [ ] individual in item 2a [ ] attorney for party named in item 2a [ ] other *(specify name and title or relationship to the party named in item 2a):*

   c. Address:  550 West C Street, Suite 1800, San Diego, CA 92101

   d. Date and time of delivery:  July 8, 2005 at _____ p.m.

3. I served the individual named in item 2
   a. [ ] by personally delivering the copies.
   b. [ ] by leaving the copies at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served,
      [ ] with a receptionist or, with a person having charge thereof.
      [ ] in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.
   c. [ ] by leaving the copies at the individual's residence with some person of not less than 18 years of age. (If service was to a party and not an attorney, delivery was made between the hours of 8:00 a.m. and 6:00 p.m.).

4. Person serving *(name, address, and telephone no.):*

   WHITE & OLIVER
   550 West C Street, Suite 950
   San Diego, CA 92101
   (619) 685-1122

   a. Fee for service: $
   b. [ ] Not a registered California process server.
   c. [ ] Exempt from registration under B&P 22350(b).
   d. [ ] Registered California process server.
      (1) [ ] Employee or independent contractor.
      (2) Registration No.:
      (3) County:

[X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
[ ] I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: _____    _____
                                        (Signature)

SDSC CIV-9(Rev. 5-03)    **PROOF OF PERSONAL SERVICE**    LOVE01435    SD-9

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel M. White (068011)<br>Beth J. Manover (215704)<br>WHITE & OLIVER<br>550 West C Street, Suite 950 -<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 239-0300    FAX NO.: (619) 239-0344<br>ATTORNEY FOR *(Name):* Defendant S. MICHAEL LOVE | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- ☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- ☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ☐ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294
- ☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
- ☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

| PLAINTIFF(S)/PETITIONER(S)/IN THE MATTER OF ROGOZIENSKI | JUDGE Hon. John S. Meyer |
|---|---|
| DEFENDANT(S)/RESPONDENT(S) LOVE, et al. | DEPT: 61 |
| | DATE: 7/15/05    TIME: 11:00 am |
| **PROOF OF PERSONAL SERVICE**<br>(CCP 1011 & Local Rules, Division II, Rule 2.2C) | CASE NUMBER<br>GIC 843843 |

**FOR PROOF OF SERVICE OF SUMMONS, USE SDSC CIV-9B(CIVIL) OR FL-115(FAMILY LAW). FOR PROOF OF SERVICE OF SUBPOENA, USE SDSC CIV-216, 216A, 216B, 216C, 216D, 982(a)(16)(CRIMINAL OR JUVENILE).**

1. At the time of service I was at least 18 years of age and not a party to this case, and I served copies of the following documents:   REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT

2. a. Upon *(Name of party)* PLAINTIFF FRANK E. ROGOZIENSKI ; (For civil cases, specify the nature and status of the party's involvement in the case, i.e. plaintiff, defendant, cross-complainant, etc.; and the name, address and phone number of the party's counsel of record, if any) Frank E. Rogozienski, Esq., FRANK E. ROGOZIENSKI, INC., 1203 Second Street, Coronado, CA 92118, (619) 437-1878

   b. Person served: ☐ individual in item 2a  ☐ attorney for party named in item 2a  ☐ other *(specify name and title or relationship to the party named in item 2a):*

   c. Address: 1203 Second Street, Coronado, CA 92118

   d. Date and time of delivery: July 8, 2005 at _____ p.m.

3. I served the individual named in item 2
   a. ☐ by personally delivering the copies.
   b. ☐ by leaving the copies at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served,
      ☐ with a receptionist or, with a person having charge thereof.
      ☐ in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.
   c. ☐ by leaving the copies at the individual's residence with some person of not less than 18 years of age. (If service was to a party and not an attorney, delivery was made between the hours of 8:00 a.m. and 6:00 p.m.).

4. Person serving *(name, address, and telephone no.):*

   CalExpress
   1302 Kettner Boulevard
   San Diego, CA 92101
   (619) 685-1122

   a. Fee for service: $
   b. ☐ Not a registered California process server.
   c. ☐ Exempt from registration under B&P 22350(b).
   d. ☐ Registered California process server.
      (1) ☐ Employee or independent contractor.
      (2) Registration No.:
      (3) County:

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: _____     _____
                                                              (Signature)

                                                                                    LOVE01436