# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 65
San Diego, CA 92101
619-685-6018

**TO:**

**FILE COPY:** PAGE 1 OF 1

3    NOTICES PREPARED

| | |
|---|---|
| FRANK E ROGOZIENSKI<br><br>Plaintiff(s)<br><br>vs.<br><br>JAMES D ALLEN, et al.<br><br>Defendant(s) | Case No.: GIC843843<br><br>**NOTICE OF CASE ASSIGNMENT**<br>**AND**<br>**CASE MANAGEMENT CONFERENCE**<br>Sanctions pursuant to CCP 575.2, 177.5 and CRC 227(b)<br>may be imposed for failure to serve this notice.<br>Superior Court Rules Division II Rule 2.3. |

**THE ABOVE-ENTITLED CASE HAS BEEN ASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE JOAN M. LEWIS.**

**COUNSEL: CHECK SERVICE LIST. IF YOU HAVE BROUGHT A PARTY INTO THIS CASE WHO IS NOT INCLUDED IN THE SERVICE LIST, Superior Court Rules, Division II, Rule 2.9 REQUIRES YOU TO SERVE THEM WITH A COPY OF THIS NOTICE.**

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above. All inquiries regarding this notice should be referred to the court and phone number listed above.

| TYPE OF HEARING | DATE | TIME | REPORT TO JUDGE |
|---|---|---|---|
| Case Management Conference | 09/02/05 | 08:30AM | JOAN M. LEWIS |

A Case Management Statement must be completed by counsel for all parties and timely filed with the court prior to the initial Case Management Conference (Rule 2.9, CRC 212).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing.

## CERTIFICATE OF SERVICE

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego California.

DATED: 07/25/05

BY: CLERK OF THE SUPERIOR COURT

STEVEN G. AMUNDSON
WHITE & OLIVER
550 WEST C ST STE 950
SAN DIEGO, CA 92101

DONALD A. ENGLISH
ENGLISH & GLOVEN
550 W "C" ST STE 1800
SAN DIEGO, CA 92101

FRANK E. ROGOZIENSKI
1203 SECOND STREET
CORONADO, CA 92118

LOVE01437

PAGE 1 OF 1

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 65
San Diego, CA 92101
619-685-6018

**TO:**

**FILE COPY:** PAGE 1 OF 1

3   NOTICES PREPARED

| | |
|---|---|
| FRANK E ROGOZIENSKI **Plaintiff(s)** | Case No.: GIC843843 |
| vs. | **NOTICE OF CASE REASSIGNMENT** |
| JAMES D ALLEN, et al. **Defendant(s)** | DUE TO CHALLENGE, RECUSAL OR SPECIAL ASSIGNMENT |

**COMPLAINT FILED** 03/07/05

EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE JOAN M. LEWIS, DEPARTMENT 65, 619-685-6018.

ALL SUBSEQUENT DOCUMENTS FILED IN THIS CASE MUST INCLUDE THE NAME OF THE NEW JUDGE AND THE DEPARTMENT NUMBER ON THE FIRST PAGE IMMEDIATELY BELOW THE NUMBER OF THE CASE. ALL COUNSEL AND PARTIES IN PRO PER ARE ADVISED THAT DIVISION II OF THE SUPERIOR COURT RULES IS STRICTLY ENFORCED. IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

UNLESS NOTIFIED OTHERWISE. ALL PENDING DATES ARE VACATED. PLEASE RESCHEDULE ANY CURRENTLY PENDING MOTIONS OR EX PARTE HEARINGS IN THE NEW DEPARTMENT.

## CERTIFICATE OF SERVICE

I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego California.

DATED: 07/15/05

BY: CLERK OF THE SUPERIOR COURT

STEVEN G. AMUNDSON
WHITE & OLIVER
550 WEST C ST STE 950
SAN DIEGO, CA 92101

DONALD A. ENGLISH
ENGLISH & GLOVEN
550 W "C" ST STE 1800
SAN DIEGO, CA 92101

FRANK E. ROGOZIENSKI
1203 SECOND STREET
CORONADO, CA 92118

LOVE01438

PAGE 1 OF 1

SUPCT CIV-723(Rev 2-00)        REA-NOTICE OF CASE REASSIGNMENT

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel M. White (068011)<br>Beth J. Manover (215704)<br>WHITE & OLIVER<br>550 West C Street, Suite 950<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 239-0300    FAX NO.: (619) 239-0344<br>ATTORNEY FOR *(Name):* Defendant S. MICHAEL LOVE | F I L E D<br>Clerk of the Superior Court<br><br>JUL 1 2 2005<br><br>By: A. Gerba, Deputy |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| ☐ | COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814 |
| ☒ | HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827 |
| ☐ | FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294 |
| ☐ | MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105 |
| ☐ | KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187 |
| ☐ | JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792 |
| ☐ | NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643 |
| ☐ | EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 |
| ☐ | RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200 |
| ☐ | SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 |

| | |
|---|---|
| PLAINTIFF(S)/PETITIONER(S)/IN THE MATTER OF ROGOZIENSKI | JUDGE Hon. John S. Meyer |
| | DEPT: 61 |
| DEFENDANT(S)/RESPONDENT(S) LOVE, et al. | DATE: 7/15/05    TIME: 11:00 am |
| **PROOF OF PERSONAL SERVICE**<br>**(CCP 1011 & Local Rules, Division II, Rule 2.2C)** | CASE NUMBER<br>GIC 843843 |

**FOR PROOF OF SERVICE OF SUMMONS, USE SDSC CIV-9B(CIVIL) OR FL-115(FAMILY LAW). FOR PROOF OF SERVICE OF SUBPOENA, USE SDSC CIV-216, 216A, 216B, 216C, 216D, 982(a)(16)(CRIMINAL OR JUVENILE).**

1. At the time of service I was at least 18 years of age and not a party to this case, and I served copies of the following documents:  REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT

2. a. Upon *(Name of party)* DEFENDANT JAMES D. ALLEN_____ ; (For civil cases, specify the nature and status of the party's involvement in the case, i.e. plaintiff, defendant, cross-complainant, etc.; and the name, address and phone number of the party's counsel of record, if any)  Donald A. English, ENGLISH & GLOVEN, 550 West C Street, Suite 1800, San Diego, CA 92101, (619) 338-6610

 b. Person served: ☒ individual in item 2a ☒ attorney for party named in item 2a ☒ other *(specify name and title or relationship to the party named in item 2a):* SERENA GUYADEENE, RECEPTIONIST

 c. Address: 550 West C Street, San Diego, CA 92101

 d. Date and time of delivery: July 8, 2005 at 4:15 p.m.

3. I served the individual named in item 2
 a. ☐ by personally delivering the copies.
 b. ☒ by leaving the copies at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served,
      ☒ with a receptionist or, with a person having charge thereof.
      ☐ in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.
 c. ☐ by leaving the copies at the individual's residence with some person of not less than 18 years of age. (If service was to a party and not an attorney, delivery was made between the hours of 8:00 a.m. and 6:00 p.m.).

4. Person serving *(name, address, and telephone no.):*
 LEE A. GARCIA
 WHITE & OLIVER
 550 West C Street, Suite 950
 San Diego, CA 92101
 (619) 685-1122

 a. Fee for service: $  —
 b. ☐ Not a registered California process server.
 c. ☐ Exempt from registration under B&P 22350(b).
 d. ☐ Registered California process server.
    (1) ☐ Employee or independent contractor.
    (2) Registration No.:
    (3) County:

☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

Date: 7/8/05 _____    _____
                                                    *(Signature)*

| SDSC CIV-9(Rev. 5-03) | **PROOF OF PERSONAL SERVICE** | SD-9 |

LOVE01439

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*:
Daniel M. White (068011
Beth J. Manover (215704)
WHITE & OLIVER
550 West C Street, Suite 950
San Diego, California 92101
TELEPHONE NO.: (619) 239-0300    FAX NO.: (619) 239-0344
ATTORNEY FOR *(Name)*: Defendant S. MICHAEL LOVE

FOR COURT USE ONLY

**F I L E D**
Clerk of the Superior Court

**JUL 1 2 2005**

By: A. Gerba, Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| | COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814 |
| X | HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827 |
| | FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294 |
| | MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105 |
| | KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187 |
| | JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792 |
| | NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643 |
| | EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941 |
| | RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200 |
| | SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 |

PLAINTIFF(S)/PETITIONER(S) IN THE MATTER OF ROGOZIENSKI

DEFENDANT(S)/RESPONDENT(S) LOVE, et al.

JUDGE Hon. John S. Meyer
DEPT: 61
DATE: 7/15/05    TIME: 11:00 am

**PROOF OF PERSONAL SERVICE**
**(CCP 1011 & Local Rules, Division II, Rule 2.2C)**

CASE NUMBER
GIC 843843

**FOR PROOF OF SERVICE OF SUMMONS, USE SDSC CIV-9B(CIVIL) OR FL-115(FAMILY LAW). FOR PROOF OF SERVICE OF SUBPOENA, USE SDSC CIV-216, 216A, 216B, 216C, 216D, 982(a)(16)(CRIMINAL OR JUVENILE).**

1. At the time of service I was at least 18 years of age and not a party to this case, and I served copies of the following documents: REPLY IN SUPPORT OF DEMURRER OF DEFENDANT S. MICHAEL LOVE TO FIRST AMENDED COMPLAINT

2. a. Upon *(Name of party)* PLAINTIFF FRANK E. ROGOZIENSKI ; (For civil cases, specify the nature and status of the party's involvement in the case, i.e. plaintiff, defendant, cross-complainant, etc.; and the name, address and phone number of the party's counsel of record, if any) Frank E. Rogozienski, Esq., FRANK E. ROGOZIENSKI, INC., 1203 Second Street, Coronado, CA 92118, (619) 437-1878

   b. Person served: ☐ individual in item 2a  ☒ attorney for party named in item 2a  ☐ other *(specify name and title or relationship to the party named in item 2a)*:

   c. Address: 1203 Second Street, Coronado, CA 92118

   d. Date and time of delivery: July 8, 2005 at 4:30 p.m.

3. I served the individual named in item 2
   a. ☐ by personally delivering the copies.
   b. ☒ by leaving the copies at the attorney's office, in an envelope or package clearly labeled to identify the attorney being served,
      ☒ with a receptionist or, with a person having charge thereof.
      ☐ in a conspicuous place in the office between the hours of nine in the morning and five in the afternoon.
   c. ☐ by leaving the copies at the individual's residence with some person of not less than 18 years of age. (If service was to a party and not an attorney, delivery was made between the hours of 8:00 a.m. and 6:00 p.m.).

4. Person serving *(name, address, and telephone no.)*:

   EVAN BAUSCH
   CalExpress
   1302 Kettner Boulevard
   San Diego, CA 92101
   (619) 685-1122

   a. Fee for service: $ 33.80
   b. ☐ Not a registered California process server.
   c. ☒ Exempt from registration under B&P 22350(b).
   d. ☐ Registered California process server.
      (1) ☐ Employee or independent contractor.
      (2) Registration No.:
      (3) County:

   ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   ☐ I am a California sheriff, marshal, or constable and I certify that the foregoing is true and correct.

   Date: July 11, 2005                              *Evan Bausch*
                                                    (Signature)

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| **DATE:  July 13, 2005** | **REPORTER A:** | **CSR#** |
| **PRESENT HON.:  JOHN S. MEYER**<br>**JUDGE** | **REPORTER B:** | **CSR#** |
| **CLERK: A. GERBA**<br>**BAILIFF:** | **REPORTERS' ADDRESS:  P.O. BOX 128**<br>**SAN DIEGO, CA  92112-4104** | |

**GIC843843**

**FRANK E. ROGOZIENSKI**
                    **Plaintiff,**

**vs.**

**JAMES D. ALLEN, S. MICHAEL**
**LOVE**
                    **Defendants.**

---

## MINUTE ORDER

### RE: COURT'S RECUSAL

The Court hereby recuses itself from this case on the grounds of its relationship with defendant S. Michael Love.

IT IS SO ORDERED.

Dated: 7-13-05

HON. JOHN S. MEYER
JUDGE OF THE SUPERIOR COURT

*Reassigned to Judge Lewis for Presiding Judge Eichenwald July 14, 2005*

LOVE01441

Page 1 of 1

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
☐ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ FAMILY COURT, 1555 6TH AVE, SAN DIEGO, CA 92101-3294
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792
☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92083-6634

PLAINTIFF(S)/PETITIONER(S)

FRANK E. ROGOZIENSKI

| DEFENDANT(S)/RESPONDENT(S) <br><br> JAMES D. ALLEN, et al | JUDGE: John S. Meyer <br><br> DEPT: 61 |
|---|---|
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** <br> **(CCP 1013a(4))** | CASE NUMBER <br> GIC843843 |

I, certify that:  I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
MINUTE ORDER DATED JULY 13, 2005

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:  ☒ San Diego   ☐ Vista   ☐ El Cajon   ☐ Chula Vista   ☐ Ramona, California.

| NAME & ADDRESS | NAME & ADDRESS |
|---|---|
| | FRANK E. ROGOZIENSKI, ESQ. <br> 1203 SECOND ST. <br> CORONADO, CA. 92118 |
| | DONALD A. ENGLISH, ESQ. <br> 550 W.  "C" ST., STE. 1800 <br> SAN DIEGO, CA. 92101 |

CLERK OF THE SUPERIOR COURT

Date:  __July 13, 2005__          by _____, Deputy
A. GERBA

LOVE01442

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  **WHITE & OLIVER**
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California  92101
4  Telephone:  (619) 239-0300
   Facsimile:  (619) 239-0344
5
   Attorneys for Defendant
6  S. MICHAEL LOVE

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,                    )  Case No. GIC843843
                                             )
11              Plaintiff,                    )  **MEMORANDUM OF POINTS AND**
                                             )  **AUTHORITIES IN SUPPORT OF**
12                                            )  **DEMURRER OF DEFENDANT S.**
        v.                                   )  **MICHAEL LOVE TO FIRST**
13                                            )  **AMENDED COMPLAINT**
                                             )
14  JAMES D. ALLEN, S. MICHAEL LOVE, and     )
    DOES 1 through 10, inclusive,            )  **Date:  July 15, 2005**
15                                            )  **Time:  11:00 a.m.**
              Defendants.                     )  **Dept:  61**
16  _____ )  **The Honorable John S. Meyer**

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01443

63642.1

MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

# TABLE OF CONTENTS

Pages

I.      INTRODUCTION ......................................................... 1

II.     THE ALLEGATIONS OF THE UNDERLYING "GIFT" WHICH CONSTITUTE THE
        FACTUAL BASIS FOR ALL FRANK R.'S CAUSES OF ACTION ............... 3

III.    THE RULES OF PROFESSIONAL CONDUCT AND LOVE'S DUTY ............ 3

IV.     THE FIRST AND SECOND CAUSES OF ACTION
        FAIL TO STATE CAUSES OF ACTION FOR INTENTIONAL
        INTERFERENCE WITH CONTRACTUAL RELATIONS
        AND ARE UNCERTAIN ................................................ 4

V.      THE THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION
        FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE CAUSES
        OF ACTION AGAINST LOVE FOR INTENTIONAL OR NEGLIGENT
        INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
        AND ARE UNCERTAIN ................................................ 5

VI.     THE SEVENTH CAUSE OF ACTION FAILS TO STATE
        FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF
        ACTION FOR CIVIL RIGHTS VIOLATIONS
        AGAINST THIS DEFENDANT .......................................... 7

VII.    THE EIGHTH CAUSE OF ACTION FAILS TO STATE
        FACTS SUFFICIENT TO CONSTITUTE A CAUSE
        OF ACTION AGAINST THIS DEFENDANT ............................. 7

VIII.   THE TENTH CAUSE OF ACTION FAILS TO STATE
        FACTS SUFFICIENT TO CONSTITUTE A CAUSE
        OF ACTION AGAINST THIS DEFENDANT ............................. 8

IX.     THE ELEVENTH AND TWELFTH CAUSES OF ACTION FAIL TO STATE
        FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF
        ACTION AGAINST THIS DEFENDANT .................................. 9

X.      THE THIRTEENTH CAUSE OF ACTION FAILS TO STATE
        FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF
        ACTION AGAINST THIS DEFENDANT ................................. 10

XI.     CONCLUSION ........................................................ 11

WHITE & OLIVER
A Professional Corporation

LOVE01444

MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

# TABLE OF AUTHORITIES

**Pages**

## CASES

*Calistoga Civic Club v. Calistoga*
(1983) 143 Cal.App.3d 111 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Burger v. Pond*
(1990) 224 Cal.App.3d 597 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*
(1995) 11 Cal.App.4th 376 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Dupont v. Dupont*
(2001) 88 Cal.App.4th 192 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Fox v. Pollack*
(1986) 181 Cal.App.3d 954 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Jenkins v. MCI Telecommunications Corp.*
(C.D. Cal. 1997) 973 F.Supp. 1133 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*LiMandri v. Judkins*
(1997) 52 Cal.App.4th 326 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Rose v. Royal Ins. Co.*
(1991) 2 Cal.App.4th 709 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Ross v. Creel Printing & Publishing Co.*
(2002) 100 Cal.App.4th 736 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Settimo Assoc. v. Environ Systems, Inc.*
(1993) 14 Cal.App.4th 842 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Youst v. Longo*
(1987) 43 Cal.3d 64 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## STATUTES

Code of Civil Procedure section 430.3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Business and Professions Code section 17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

California Rule of Professional Conduct 1-100 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

California Rule of Professional Conduct 5-300 (A) . . . : . . . . . . . . . . . . . . . . . . . 1, 3, 4, 9, 11

Code of Civil Procedure section 430.20(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Code of Civil Procedure section 431.20(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Evidence Code section 452(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . **LOVE01445** . . 1

MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

WHITE & OLIVER
A Professional Corporation

Evidence Code section 453 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

### OTHER

11 Witkin, Summary of California Law (9th Ed.) *Trusts,* §305 . . . . . . . . . . . . . . . . . . . . . . . . 10

WHITE & OLIVER
A Professional Corporation

LOVE01446

- iii -

63642.1

MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

# I.

## INTRODUCTION

Plaintiff Frank Rogozienski ("Frank R.")[1] now attempts to state a variety of causes of action against two defendants. They are James D. Allen ("Allen"), who served as a stipulated acting judge in the dissolution proceeding between Frank R. and his ex-wife Shirley Rogozienski ("Shirley R."), and demurring defendant S. Michael Love ("Love"), who represented Shirley R. during a part of that dissolution action, which has not concluded. As against Love, Frank R. attempts but fails to plead twelve separate civil causes of action, all based solely on a claim that Love violated California Rule of Professional Conduct ("RPC") 5-300(A).

The alleged violation was a gift by Love ultimately to Allen of a half-interest share in Winter Springs Ranch in March 2002. First Amended Complaint ("FAC") ¶ 42. Allen was then serving a judge in the dissolution proceeding between Frank R. and Shirley R. (FAC ¶ 10), in which Love was then representing Shirley R. FAC ¶ 9. Allen withdrew as judge in the dissolution action on March 23, 2003. FAC ¶ 41. Frank R. then challenged rulings which had been made by Allen. FAC ¶ 43.

On October 20, 2004, the rulings made by Allen after, *but not those before the February 2002 transfer of Love's interest in the Warner Spring Ranch,* were set aside. October 20, 2004 Statement of Decision ("SOD") in *Shirley R. v. Frank R.,* San Diego Superior Court Case No. D440154. The court is requested to take judicial notice of a certified copy of that statement of decision. (Evidence Code sections 452(d) and 453.) The court is authorized to consider as grounds for demurrer matters of which the court may or must take judicial notice. Code of Civil Procedure section 430.3 (a). A new trial in the dissolution action between Frank R. and Shirley R. was then ordered as to those post-"gift" rulings which had been set aside. SOD, p. 11. In other words, any rulings by Allen which may have been tainted, or perceived to be possibly tainted,

LOVE01447

---

[1] The underlying action was a marital dissolution proceeding between the Rogozienskis, in which defendant S. Michael Love represented the wife. For clarity and ease of reference, and because it is the preferable practice in family law, the parties to that underlying action will be referred to by their first names. *Dupont v. Dupont* (2001) 88 Cal.App.4th 192, 194.

1   were set aside with Frank R. now entitled to a "do over" of them.

2          Frank R. here acknowledges that he "is in some doubt as to whether he is entitled to

3   redress from all the Defendants or from one or more of them...." FAC ¶ 8. Ignoring these

4   doubts, Frank R. nevertheless attempts to plead some twelve causes of action against Defendant

5   Love. All are based on Love's claimed violation of RPC 5-300(A) which, as will be explained,

6   does not give rise to any civil cause of action. These include:

7          •    The first and second causes of action for intentional interference with contractual

8               relations;

9          •    The third and fourth causes of action for intentional interference with prospective

10              economic advantage;

11         •    The fifth and sixth causes of action for negligent interference with prospective

12              economic advantage;

13         •    The seventh cause of action for civil rights violations absent any allegation Love

14              was a state actor;

15         •    The eighth cause of action for fraudulent concealment;

16         •    The tenth cause of action for unfair competition in violation of Business and

17              Professions Code ("B&P") section 17200;

18         •    The eleventh cause of action for "willful misconduct and intentional infliction of

19              injury" (with no attempt to even set forth a legally cognizable tort);

20         •    The twelfth cause of action for negligence; and

21         •    The thirteenth cause of action for unjust enrichment.

22         Frank R. should have listened to his doubts, because in every instance he fails to state

23   facts sufficient to constitute a cause of action against Love. He has no right to redress against

24   Love.

25   ///

26   ///

27   ///

28   ///

LOVE01448

WHITE & OLIVER
A Professional Corporation

63642.1

MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

## II.

## THE ALLEGATIONS OF THE UNDERLYING "GIFT" WHICH CONSTITUTE THE FACTUAL BASIS FOR ALL FRANK R.'S CAUSES OF ACTION

Frank R. alleges a chronological history of events, which for purposes of this demurrer are assumed to be true. *Rose v. Royal Ins. Co.* (1991) 2 Cal.App.4th 709, 716. Frank R. and Shirley R. were married from 1992. In October 1997 Shirley R. brought a dissolution action, in which Love represented her until February 2005. FAC ¶ 9. In June 1998 Frank R. and Shirley R. entered into a written agreement for Allen to act as temporary judge in the dissolution action, the costs to be split. FAC ¶ 10. Allen was appointed and served in that capacity until he withdrew on March 27, 2003. FAC ¶ 10.

Allen was friends with attorney Harold Bottomley, who was a former associate in Allen's firm. FAC ¶ 11. Bottomley was interested in acquiring a membership in Warner Springs Ranch, and Allen became interested. FAC ¶ 15. Love had two separate half-interest memberships in Warner Springs, which he was not using and no longer wanted. FAC ¶ 17. In February 2002, Love quit-claimed the two interests to Bottomley, who in turn quit-claimed one to Allen. FAC ¶ 24-25. Neither Allen nor Love disclosed this to Frank R. FAC ¶ 36. Allen subsequently made decisions in the dissolution action, including an order that Frank R. pay $250,000 for Shirley R.'s attorneys fees. FAC ¶ 37-38. The rulings and orders of Allen subsequent to the gift were set aside and are subject to new trial. October 20, 2004 SOD. FAC ¶ 43.

## III.

## THE RULES OF PROFESSIONAL CONDUCT AND LOVE'S DUTY

LOVE01449

Frank R. asserts that Love's gift to Allen violated Rule of Professional Conduct 5-300(A). FAC ¶ 120-121. From nothing more than this alleged violation, Frank R. attempts to state twelve separate causes of action against Love. Frank R. was the party adverse to Love's client Shirley in the dissolution proceeding. No matter how it is couched under the various tort claims Frank R. attempts to plead, Love owed no duty to Frank R. not to violate RPC 5-300(A). "[T]he

WHITE & OLIVER
A Professional Corporation

1   attorney is not burdened with any duty toward nonclients merely because of his or her status as

2   an attorney." *Fox v. Pollack* (1986) 181 Cal.App.3d 954, 960, cited in *Burger v. Pond* (1990)

3   224 Cal.App.3d 597.  Love simply had no duty to Frank which would give rise to any tort cause

4   of action arising out of a violation of RPC 5-300(A).

5          Frank R. also asserts that Allen, but not Love, had a duty as a temporary judge to make

6   disclosures about the gift.  FAC ¶ 123.  Frank R. got the relief the law provides for any claimed

7   violation by the disqualification of Allen and partial set aside, that of post-"gift" rulings.

8   October 20, 2004 SOD.

9                                    **IV.**

10          **THE FIRST AND SECOND CAUSES OF ACTION**
            **FAIL TO STATE CAUSES OF ACTION FOR INTENTIONAL**
11          **INTERFERENCE WITH CONTRACTUAL RELATIONS**
                        **AND ARE UNCERTAIN**
12

13          The First Cause of Action is against both Allen and Love for intentional interference with

14   contractual relationships.  Those relationships alleged in the First Cause of Action are: (a)

15   contractual relationships between Frank R. and Shirley R. - FAC ¶ 52; (b) Frank R's contractual

16   relationships with Qualcomm for his stock and with unidentified third parties - FAC ¶ 53; (c)

17   and the contractual relationship between Frank R. and his lawyer in the dissolution proceeding -

18   FAC ¶ 54.  Defendants allegedly prevented performance of those contracts or caused them to be

19   more expensive and burdensome.  FAC ¶ 57.  The Second Cause of Action is only against Love.

20   Frank R. alleges Love's gift to Allen somehow interfered with Frank R.'s agreement for

21   payment of services to Allen, in Allen's capacity as temporary judge in the dissolution

22   proceeding.  FAC ¶ 61-63.                                        LOVE01450

23          Both causes of action fail to state facts sufficient to constitute causes of action against

24   Love, because they fail to allege facts and are uncertain.  In its decision in *LiMandri v. Judkins*

25   (1997) 52 Cal.App.4th 326, this court explained the requisites of a claim for intentional

26   interference with contractual relations, as had been addressed by the California Supreme Court

27   in *Della Penna v. Toyota Motor Sales, U.S.A., Inc.* (1995) 11 Cal.App.4th 376.  Among the

28   elements are that the defendant must have engaged in intentional acts designed to induce a

WHITE & OLIVER
A Professional Corporation

breach or disruption of the contractual relationship, and actual breach or disruption of the relationship with resulting damages. *Id*. at 343-344. This court found that LiMandri in his complaint had stated facts sufficient to constitute a cause of action, reciting LiMandri's allegations as to the specifics and the methods and conduct by which there had been interference causing him damage. *Id*. at 344.

Love fails completely to allege any such facts in either of the first two causes of action. There is no allegation, nor can there conceivably be one, as to how Love's "gift" to Allen interfered with the pre-nuptial agreement or property agreements between Frank R. and Shirley R., or with Frank R.'s contracts for Qualcomm stock, or with Frank R.'s fee agreement with his own dissolution attorney. FAC ¶ 52-54. Similarly there is no allegation as to how Love's gift to Allen caused damage to Frank R. with respect to Frank R.'s obligation to pay half of Allen's fees for services of temporary judge. FAC ¶ 61. To the contrary Frank R. acknowledges that he challenged Allen, who withdrew. FAC ¶ 41.

V.

### <u>THE THIRD, FOURTH, FIFTH AND SIXTH CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE CAUSES OF ACTION AGAINST LOVE FOR INTENTIONAL OR NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND ARE UNCERTAIN</u>

The Third Cause of Action alleges that Love (and Allen) intentionally interfered with the prospective economic advantage Frank R. claims he would derive from: (a) the economic relationship between Frank R. and Shirley R., who was suing him for divorce; (b) the economic relationship between Frank R. and the attorney he was paying to represent him in the divorce; and (c) between Frank R. and Qualcomm or other unidentified third persons with whom he proposed to do business. FAC ¶ 68. The Fourth Cause of Action, against only Love, alleges that Love interfered with the "probable future economic" advantage Frank R. hoped to derive from his economic relationship with Allen (FAC ¶ 76), which economic relationship is identified as nothing more than Frank R. paying one-half of Allen's fees as a temporary judge. FAC ¶ 10.

///

LOVE01451

63642.1

WHITE & OLIVER
A Professional Corporation

1    The Fifth Cause of Action against Love (and Allen) is for negligent interference with

2    prospective economic advantage. The economic relationships from which anticipated future

3    economic benefit with which there was alleged interference causing Frank R. damages, again

4    were: (a) the economic relationship between Frank R. and Shirley R., who was suing him for

5    divorce; (b) the economic relationship between Frank R. and the lawyer he was paying to

6    represent him in the dissolution; and (c) the economic relationship between plaintiff and

7    Qualcomm and other unspecified third persons, which relationships are identified nor is

8    provided how Love possibly interfered with them, either intentionally or negligently. FAC ¶ 84.

9    The Sixth Cause of Action again alleges that Frank Rogozienski's relationship with Allen

10    – that for which Frank was paying half of Allen's fee for services as a temporary judge (FAC ¶

11    10) contained probable future economic benefit or advantage to Frank Rogozienski (FAC ¶ 92).

12    Frank Rogozienski has not alleged facts, nor can it be conceived, how this was to have occurred.

13    All four causes of action fail to state facts sufficient to constitute a cause of action against

14    Love for any interference with prospective economic relations, whether intentional or negligent.

15    "The tort of intentional or negligent interference with prospective economic advantage imposes

16    liability for improper methods of disrupting or diverting the business relationship of another

17    which fall outside the boundaries of fair competition." *Settimo Assoc. v. Environ Systems, Inc.*

18    (1993) 14 Cal.App.4th 842, 845. A threshold with respect to the issue of a prospective

19    economic benefit is that "it must be reasonably probable that the prospective economic

20    advantage would have been realized but for defendant's interference." *Youst v. Longo* (1987) 43

21    Cal.3d 64, 71.                                                              LOVE01452

22    There is nothing alleged in the Third through the Sixth Causes of Action to state facts or

23    even suggest how Love interfered with economic relationships which could prospectively have

24    brought economic advantage to Frank, whether it be the economic relationship alleged between

25    Frank and Shirley, who was suing him for divorce, between Frank and Frank's divorce lawyer

26    whose fees were being paid by Frank, or between Frank and Allen, half of whose fees were

27    being paid by Frank. The only other prospective economic relationship(s) is between Frank and

28    Qualcomm or unnamed third parties. However, the FAC is silent as to what those relationships

WHITE & OLIVER
A Professional Corporation

- 6 -                                                63642.1

1  prospectively were, or how any conduct by Love interfered, particularly with those of unnamed

2  third persons.  The Third through the Sixth Causes of Action collectively fail to state facts

3  sufficient to constitute any cause of action against Love.  Code of Civil Procedure section

4  430.20(a).  They are uncertain and completely unintelligible as to what those relationships were

5  or how Love might have interfered with them.  Code of Civil Procedure section 431.20(b).

**VI.**

### THE SEVENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION FOR CIVIL RIGHTS VIOLATIONS AGAINST THIS DEFENDANT

10      Defendant Love is alleged to have been a private attorney representing Shirley

11  Rogozienski in the dissolution proceeding she brought against Frank.  (FAC ¶ 9.)  Love as a

12  private party is alleged to have made a gift of a membership interest in Warner Springs Ranch to

13  Attorney Allen.  (FAC ¶¶ 29-30.)  Frank Rogozienski asserts he was denied the right to a fair

14  trial.  (FAC ¶ 99.)

15      The Seventh Cause of Action fails to state and cannot be amended to state a cause of

16  action for violation of civil rights.  "State action is a prerequisite for maintaining a cause of

17  action for a violation of civil rights."  *Jenkins v. MCI Telecommunications Corp.* (C.D. Cal.

18  1997) 973 F.Supp. 1133, 1136.  Frank has not alleged and cannot allege that Love was a state

19  actor, and as such his claim for civil rights violations against Love must fail as a matter of law.

20  (*Id.* at 1136.)  The Seventh Cause of Action fails to state any cognizable cause of action.

**VII.**

### THE EIGHTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT

LOVE01453

24      The Eighth Cause of Action fails to state any claim against Love for fraudulent

25  concealment.  Frank alleges that Allen and Love did not disclose the fact of a gift to Allen of the

26  one-half interest in a Warner Springs membership, which gift he alleges defendants "should

27  have disclosed."  (FAC ¶ 103.)  Love represented Shirley, and Frank was the adverse party in the

28  dissolution proceeding.  One essential element of a claim for fraudulent concealment which must

WHITE & OLIVER
A Professional Corporation

- 7 -    63642.1

1    be alleged is that there is some basis by which Love may have had a duty to disclose the gift to

2    Frank. This court again addressed those circumstances in the *LiMandri v. Judkins* (1997) 52

3    Cal.App.4th 326 action. As stated:

> There are 'four circumstances in which nondisclosure or concealment
> may constitute actionable fraud: (1) when the defendant is in a fiduciary
> relationship with the plaintiff; (2) when the defendant had exclusive
> knowledge of material facts not known to the plaintiff; (3) when the
> defendant actively conceals a material fact from the plaintiff; and (4)
> when the defendant makes partial representations but also suppresses
> some material facts. . . Each of the [three nonfiduciary] circumstances in
> which nondisclosure may be actionable presupposes the existence of some
> other relationship between the plaintiff and defendant in which a duty to
> disclose can arise.
>
> [S]uch a relationship can only come into being as a result of some sort of
> transaction between the parties. . . Thus, a duty to disclose may arise from
> the relationship between seller and buyer, employer and prospective
> employee, doctor and patient, or parties entering into any kind of
> contractual agreement.' All of these relationships are created by
> transactions between parties from which a duty to disclose facts material
> to the transaction arises under certain circumstances.

14   *Id*. at 326, 336-337.

15        The court found that LiMandri had not sufficiently alleged circumstances, nor could he

16   allege circumstances, by which he could allege that a duty of disclosure had been imposed on

17   defendant Judkins. Similarly here, Frank has not met and cannot meet that burden. None of the

18   circumstances has been alleged, and none existed.

### VIII.

### THE TENTH CAUSE OF ACTION FAILS TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT

LOVE01454

22        Frank claims that Love engaged in unfair and fraudulent business practices in violation of

23   Business and Professions Code section 17200, *et seq*., because the Warner Springs gift provided

24   an unfair advantage. (FAC ¶ 117.) First, it must be remembered that all the rulings by Allen

25   subsequent to the "gift" have been set aside, with a new trial pending.

26        In particular as against Love, the cause of action is therefore nonsensical. There is no

27   allegation, nor has California law recognized, that a violation of RPC 5-300(A) constitutes an

28   unfair business practice under Business and Professions Code section 17200. Love represented

WHITE & OLIVER
A Professional Corporation

- 8 -

Shirley in her divorce action against Frank.  There would be no relief available under the act.

There is and could be no injunction as against Love under Business and Professions Code

section 17203 based on the conduct alleged.  Similarly, there is not any allegation that Love is in

possession of anything of Frank's which Love could be ordered to restore under section 17203.

Love did not receive anything by way of Love's gift to Allen which would be legally restorable

to Frank.  The demurrer should be sustained without leave to amend.

## IX.

### THE ELEVENTH AND TWELFTH CAUSES OF ACTION FAIL TO STATE FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF ACTION AGAINST THIS DEFENDANT

The Eleventh Cause of Action is not labeled, nor does it include in its contents any

allegations of the elements of any cognizable tort for which Frank R. could pursue relief as

against Love.  Rather, the Eleventh Cause of Action alleges that Love and Allen breached their

respective duties to him in their capacities as members of the State Bar of California.  (FAC ¶

132.)

In the Eleventh and Twelfth Causes of Action, it is alleged that Love violated RPC Rule

5-300(A).  The alleged violation is alternatively claimed to be willful (FAC ¶ 124), or negligent

(FAC ¶ 134).  As discussed, a violation of that Rule of Professional Conduct does not give rise

to a civil cause of action, either for alleged willful and intentional conduct or negligent conduct.

RPC 1-100.  "There is no independent cause of action for the breach of a disciplinary rule.

While the rules may provide a standard of conduct for attorneys, they do not alone support a

claim for damages."  (*Ross v. Creel Printing & Publishing Co.* (2002) 100 Cal.App.4th 736, 746

(citations omitted).)

As set forth in RPC 1-100(A):

These rules are not intended to create new civil causes of action.  Nothing
in these rules shall be deemed to create, augment, diminish, or eliminate
any substantive legal duty of lawyers or the non-disciplinary consequences
of violating such a duty.  RPC 1-100(A).

LOVE01455

The Eleventh and Twelfth Causes of Action do not state causes of action, and the

allegations therein do not and cannot constitute causes of action, in California.  The demurrer to

- 9 -

63642.1

WHITE & OLIVER
A Professional Corporation

1 | these causes of action should be sustained without leave to amend.

2 | X.

3 | **THE THIRTEENTH CAUSE OF ACTION FAILS TO STATE**
**FACTS SUFFICIENT TO CONSTITUTE A CAUSE OF**
4 | **ACTION AGAINST THIS DEFENDANT**

5 | The Thirteenth Cause of Action as against all defendants is entitled "unjust enrichment."

6 | Frank R. alleges that the defendants unjustly enriched themselves to his detriment and hold

7 | monies paid by Frank R. as "constructive trustees." FAC ¶ 137. Frank R. seeks imposition of a

8 | constructive trust for monies paid by him and "wrongfully acquired or detained by Defendants."

9 | Prayer ¶ 3.

10 | The purported cause of action makes no sense and fails to state any cause of action against

11 | Love. Nowhere has it been alleged or could it be alleged that Love wrongfully acquired Frank

12 | R.'s property. Love represented Shirley R. in the divorce action. In order to state a claim for

13 | unjust enrichment, it "must be shown . . . that the acquisition of the property was wrongful and

14 | that the keeping of the property by the defendant would constitute unjust enrichment." *Calistoga*

15 | *Civic Club v. Calistoga* (1983) 143 Cal.App.3d 111, 116. In such instances the appropriate

16 | equitable remedy may be a constructive trust. See generally, 11 Witkin, Summary of California

17 | Law (9th Ed.) *Trusts,* §305 *et seq.*

18 | There is no allegation of any conduct or identification of any property of Love on which a

19 | constructive trust could or should be imposed, for a supposedly wrongful gift by Love to Allen of

20 | the one half interest in the Warner Springs Ranch share. The cause of action simply fails to state

21 | any facts sufficient to constitute a cause of action for unjust enrichment or entitlement to a

22 | constructive trust as against Love. The demurrer should be sustained without leave to amend.

23 | ///

24 | ///

25 | ///

26 | ///

27 | ///

28 | ///

WHITE & OLIVER
A Professional Corporation

LOVE01456

- 10 -

63642.1

MEMO OF PS AND AS IN SUPPORT OF DEMURRER AND DEMURRER TO FAC BY DEFENDANT S. MICHAEL LOVE

## XI.

## CONCLUSION

The demurrer to each cause of action as against Love should be sustained without leave to amend. It is clear from the face of the first amended complaint, Frank R.'s second effort, that he has no claim against Love other than a claim which gives no independent rise to civil liability, i.e. a claim that Love is in violation of California RPC-300(A).


WHITE & OLIVER


By: _____
Steven G. Amundson
Attorneys for Defendant
S. MICHAEL LOVE

LOVE01457

- 11 -

63642.1

WHITE & OLIVER
A Professional Corporation

POS-030

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Donald A. English, Esq. (State Bar No. 115569)<br>Christy I Yee, Esq. (State Bar No. 166238)<br>English & Gloven, A Professional Corporation<br>550 West "C" Street, Suite 1800<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 338-6610   FAX NO. *(Optional):*   (619) 338-6657<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* James D. Allen | **FOR COURT USE ONLY**<br>FILED<br>CIVIL BUSINESS OFFICE 9<br>CENTRAL DIVISION<br><br>2005 JUN 13 P 4:28<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

PETITIONER/PLAINTIFF: Frank E. Rogozienski

RESPONDENT/DEFENDANT: James D. Allen; et al.

| | |
|---|---|
| **PROOF OF SERVICE BY FIRST–CLASS MAIL—CIVIL** | CASE NUMBER:<br>GIC843843 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 550 West "C" Street, Suite 1800, San Diego, California 92101

3. On *(date):* June 13, 2005 I mailed from *(city and state):* San Diego, California the following **documents** *(specify):*

   [X] The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one):*
   a. [ ] **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. [X] **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: Frank E. Rogozienski, Esq.
   b. **Address** of person served: Frank E. Rogozienski, Inc., 1203 Second Street, Coronado, California 92118

   [ ] The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: June 13, 2005

Daphne Acebedo
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)                    (SIGNATURE OF PERSON COMPLETING THIS FORM)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-030 [New January 1, 2005] | **PROOF OF SERVICE BY FIRST–CLASS MAIL—CIVIL**<br>**(Proof of Service)** | Legal<br>Solutions<br>Plus |

Code of Civil Procedure, §§ 1013, 1013a

LOVE01540

POS-030(D)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: |
|---|---|
| | GIC843843 |

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL  (DOCUMENTS SERVED)**

*(This Attachment is for use with form POS-030)*

**The documents that were personally served by first-class mail are as follows** *(describe each document specifically):*

NOTICE OF HEARING ON DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

LOVE01541

Form Approved for Optional Use
Judicial Council of California
POS-030(D) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY
FIRST-CLASS MAIL—CIVIL (DOCUMENTS SERVED)**
**(Proof of Service)**

Legal
Solutions
& Plus

Page 2 of 2

1  Donald A. English, Esq.    (State Bar No. 115569)
   Christy I. Yee, Esq.    (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone: (619) 338-6610
   Facsimile:  (619) 338-6657
5

6  Attorneys for Defendant
   James D. Allen
7

**F I L E D**
Clerk of the Superior Court

**JUL - 8 2005**

By: P. WOODS, Deputy

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF SAN DIEGO**

10  FRANK E. ROGOZIENSKI,              )    Case No. GIC 843843
                                       )
11                                     )    **DEFENDANT JAMES D. ALLEN'S NOTICE**
               Plaintiff              )    **OF LODGMENT OF FEDERAL**
12                                     )    **AUTHORITIES IN SUPPORT OF**
                                       )    **DEMURRER TO PLAINTIFF'S FIRST**
13          v.                         )    **AMENDED COMPLAINT**
                                       )
14                                     )    Date:        July 15, 2005
                                       )    Time:        11:00 a.m.
15  JAMES D. ALLEN, S. MICHAEL LOVE    )    Dept:        61
    and DOES 1 through 10, inclusive,  )    Judge:       John S. Meyer
16                                     )
                                       )
17             Defendants.             )    Complaint Filed:    March 7, 2005
                                       )    Trial Date:         None set
18  _____  )

19         TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

20         PLEASE TAKE NOTICE that defendant James D. Allen hereby lodges the following federal

21  authority in support of his demurrer to plaintiff Frank E. Rogozienski's First Amended Complaint:

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27                                                              LOVE01542

28
                                    _____
                                    ALLEN'S NOTICE OF LODGMENT OF FEDERAL
                                    AUTHORITIES IN SUPPORT OF DEMURRER
                                    TO PLAINTIFF'S FIRST AMENDED COMPLAINT

| | | |
|---|---|---|
| 1 | Exhibit A: | Bradley v. Fisher (1871) 80 U.S. 335. |
| 2 | Exhibit B: | Dennis v. Sparks (1980) 449 U.S. 24. |
| 3 | Exhibit C: | Moore v. Brewster (9th Cir. 1996) 96 F.3d 1240. |
| 4 | Exhibit D: | Ricotta v. State of California (S.D. Cal. 1998) 4 F.Supp.2d 961. |
| 5 | Exhibit E: | Stump v. Sparkman (1978) 435 U.S. 349. |

Dated: _July 8, 2005_

ENGLISH & GLOVEN
A Professional Corporation


By: _Donald A English._

        Donald A. English
        Christy I. Yee
    Attorneys for Defendant
    James D. Allen

LOVE01543

ALLEN'S NOTICE OF LODGMENT OF FEDERAL
AUTHORITIES IN SUPPORT OF DEMURRER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT

2

POS-040

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Donald A. English, Esq.
Christy I. Yee, Esq.
English & Gloven, APC
550 West "C" Street, Suite 1800
San Diego, CA 92101
TELEPHONE NO.: (619) 338-6610     FAX NO. *(Optional)*: (619) 338-6657
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: James D. Allen

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

PETITIONER/PLAINTIFF: Frank E. Rogozienski

RESPONDENT/DEFENDANT: James D. Allen

FOR COURT USE ONLY

F I L E D
Clerk of the Superior Court

JUL – 8 2005

By: P. WOODS, Deputy

CASE NUMBER:
GIC843843

PROOF OF SERVICE—CIVIL
Check method of service *(only one)*:

| | | |
|---|---|---|
| ☐ By Personal Service | ☐ By Mail | ☒ By Overnight Delivery |
| ☐ By Messenger Service | ☐ By Facsimile | ☐ By E-Mail/Electronic Transmission |

JUDGE: Hon. John S. Meyer
DEPT.: 61

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. At the time of service I was over 18 years of age and **not a party to this action.**

2. My address is *(specify one)*:

   a. ☒ Business:          b. ☐ Residence:
   550 West C Street, Suite 1800
   San Diego, CA 92101

3. On *(date)*: July 8, 2005         I served the following **documents** *(specify)*:
   1. Defendant James D. Allen's Reply Memorandum of Points and Authorities in Support of Demurrer to Plaintiff's First Amended Complaint; and

   2. Defendant James D. Allen's Notice of Lodgment of Federal Authorities in Support of Demurrer to Plaintiff's First Amended Complaint.

   ☐ The documents are listed in the *Attachment to Proof of Service–Civil (Documents Served)* (form POS-040(D)).

4. I served the documents on the **persons** below, as follows:

   a. Name of person served:

   b. Address of person served:

   c. Fax number or e-mail address of person served, if service was by fax or e-mail:

   d. Time of service, if personal service was used:

   ☒ The names, addresses, and other applicable information about the persons served is on the *Attachment to Proof of Service—Civil (Persons Served)* (form POS-040(P)).

5. The documents were served by the following means *(specify)*:

   a. ☐ **By personal service.** I personally delivered the documents to the persons at the addresses listed in item 4.
      (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

Form Approved for Optional Use
Judicial Council of California
POS-040 [New January 1, 2005]

**PROOF OF SERVICE—CIVIL**
(Proof of Service)

Legal
Solutions
Plus

Code of Civ. Proc., §§ 1011,
1013, 1013a, 2015.5

LOVE01544

| CASE NAME Rogozienski v. Allen | CASE NUMBER:<br>GIC843843 |
|---|---|

5 b. ☐ **By United States mail.** I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses in item 4 and *(specify one)*:

(1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

(2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. ☒ **By overnight delivery.** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses in item 4. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

d. ☐ **By messenger service.** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed in item 4 and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service or be contained in the Declaration of Messenger below.)*

e. ☐ **By fax transmission.** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed in item 4. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

f. ☐ **By e-mail or electronic transmission.** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed in item 4. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 8, 2005

Antoniette Jennings
——————————————————
(TYPE OR PRINT NAME OF DECLARANT)

► *Anny Jennings*
(SIGNATURE OF DECLARANT)

*(If item 5d above is checked, the declaration below must be completed or a separate declaration from a messenger must be attached.)*

## DECLARATION OF MESSENGER

☐ **By personal service.** I personally delivered the envelope or package received from the declarant above to the persons at the addresses listed in item 4. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package, which was clearly labeled to identify the attorney being served, with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

At the time of service, I was over 18 years of age. I am not a party to the above-referenced legal proceeding.

I served the envelope or package, as stated above, on *(date)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

►

——————————————————
(NAME OF DECLARANT)

——————————————————
(SIGNATURE OF DECLARANT)

POS-040 [New January 1, 2005]

**PROOF OF SERVICE—CIVIL**
**(Proof of Service)**

LOVE01545

POS-040(P)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: GIC843843 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)
*(This Attachment is for use with form POS-040)*

**NAMES, ADDRESSES, AND OTHER APPLICABLE INFORMATION ABOUT PERSONS SERVED:**

| Name of Person Served | Address (business or residential), Fax, or E-mail (as applicable) Where Served | Time of Service (for personal service) |
|---|---|---|
| Frank E. Rogozienski, Esq. | Frank E. Rogozienski, Inc. 1203 Second Street Coronado, CA 92118 | Time: _____ |
| Daniel M. White, Esq. | White & Oliver, APC 550 West C Street, Suite 950 San Diego, CA 92101 | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |
| | | Time: _____ |

LOVE01546

Form Approved for Optional Use
Judicial Council of California
POS-040(P) [New January 1, 2005]
**ATTACHMENT TO PROOF OF SERVICE—CIVIL (PERSONS SERVED)**
**(Proof of Service)**

Legal Solutions Plus    Page ___ of ___

POS-020

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Donald A. English, Esq. (State Bar No. 1_5569)<br>Christy I. Yee, Esq. (State Bar No. 166238)<br>English & Gloven, A Professional Corporation<br>550 West "C" Street, Suite 1800<br>San Diego, CA 92101<br>TELEPHONE NO.: (619) 338-6610  FAX NO. *(Optional):* (619) 338-6657<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* James D. Allen | FOR COURT USE ONLY<br>CIVIL BUSINESS OFFICE<br>SECT<br><br>2005 JUN 14  P 3: 04<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME:

PETITIONER/PLAINTIFF: Frank E. Rogozienski

RESPONDENT/DEFENDANT: James D. Allen, et al.

| | |
|---|---|
| **PROOF OF PERSONAL SERVICE—CIVIL** | **CASE NUMBER:**<br>GIC843843 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.**

2. I served the following **documents** *(specify):*

[X] The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3. I personally served the following **persons** at the address, date, and time stated:
   a. Name: Daniel M. White, Esq., Attorneys for Defendant S. Michael Love
   b. Address: White & Oliver, APC, 550 West "C" St., Ste. 950, San Diego, CA 92101
   c. Date: June 13, 2005
   d. Time: *4:13 p.m.*
   [ ] The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4. I am
   a. [ ] not a registered California process server.
   b. [ ] a registered California process server.
   c. [ ] an employee or independent contractor of a registered California process server.
   d. [X] exempt from registration under Business & Professions Code section 22350(b).

5. My name, address, telephone number, and, if applicable, county of registration and number are *(specify):*
   Daphne Acebedo
   550 West "C" Street, Suite 1800
   San Diego, California 92101
   (619) 338-6610

6. [X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7. [ ] I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: June *13*, 2005

Daphne Acebedo
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

_____
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005] | **PROOF OF PERSONAL SERVICE—CIVIL** | Legal<br>Solutions<br>Plus |
| | | Code of Civil Procedure, § 1011 |

LOVE01547

POS-020(D)

| SHORT TITLE: Rogozienski v. Allen | CASE NUMBER: |
| --- | --- |
| | GIC843843 |

**ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL  (DOCUMENTS SERVED)**

*(This Attachment is for use with form POS-020)*

**The documents that were personally served are as follows *(describe each document specifically)*:**

NOTICE OF HEARING ON DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

DEFENDANT JAMES D. ALLEN'S NOTICE OF LODGMENT OF DOCUMENTS IN SUPPORT OF DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

**ATTACHMENT TO PROOF OF PERSONAL SERVICE—CIVIL
(Documents Served)**

Legal
Solutions®
℞ Plus    Page 2    of 2

LOVE01548

1  Donald A. English, Esq.      (State Bar No. 115569)
   Christy I. Yee, Esq.         (State Bar No. 166238)
2  ENGLISH & GLOVEN
   A Professional Corporation
3  550 West "C" Street, Suite 1800
   San Diego, California 92101
4  Telephone:  (619) 338-6610
   Facsimile:  (619) 338-6657
5

6  Attorneys for Defendant
   James D. Allen
7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF SAN DIEGO

10 FRANK E.  ROGOZIENSKI,          )    Case No. GIC 843843
                                   )
11        Plaintiff                )    **PROOF OF SERVICE BY MAIL**
                                   )
12        v.                       )
                                   )    Dept:
13 JAMES D. ALLEN, S.  MICHAEL LOVE )   Judge:
   and DOES 1 through 10, inclusive, )
14                                 )
          Defendants.              )    Complaint Filed:   March 7, 2005
15 _____ )   Trial Date:        None set

16        I, Susan Bird, declare that:  I am over the age of 18 years and not a party to the case; I am

17 employed in the County of San Diego, California, where the mailing occurs; and my business address is

18 550 West "C" Street, Suite 1800, San Diego, California 92101.

19        On May 24, 2005, I served the following document(s):

20                   **PEREMPTORY CHALLENGE (conformed copy)**

21 by placing a true copy of each document in a separate envelope addressed to each addressee, respectively,

22 as follows:

23 Frank E. Rogozienski, Esq.              Attorneys for Plaintiff
   Frank E. Rogozienski, Inc.             FRANK E.  ROGOZIENSKI
24 1203 Second Street
   Coronado, CA 92118
25 (619) 437-1878
   (619) 437-4894 - fax
26

27
                                                    L0VE01549
28

_____
                                                    **PROOF OF SERVICE BY MAIL**

1 | Daniel M. White, Esq.                          Attorneys for Defendant
  | White & Oliver, APC                            S. MICHAEL LOVE
2 | 550 West C Street, Suite 950
  | San Diego, CA 92101
3 | (619) 239-0300
  | (619) 239-0344 - fax
4

        I then sealed each envelope and, with postage thereon fully prepaid, placed each for deposit in the

United States Postal Service, this same day, at my business address shown above, following ordinary

business practices.  I am readily familiar with the business practices for collecting and processing of

correspondence and pleadings for mailing with the United States Postal Service; and that the

correspondence and pleadings shall be deposited with the United States Postal Service this same day in

the ordinary course of business.

        I declare under penalty of perjury under the laws of the State of California that the foregoing is

true and correct.


Dated:  May 24, 2005                    _Susan Bird_____
                                              Susan Bird

L0VE01550

2                                               **PROOF OF SERVICE BY MAIL**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

330 W. Broadway, Dept. 61
San Diego, CA 92101
619-685-6138

**TO:**

**FILE COPY:** PAGE  1 OF 1

3    NOTICES PREPARED

---

FRANK E ROGOZIENSKI

**Plaintiff(s)**

vs.

JAMES D ALLEN, et al.

**Defendant(s)**

**Case No.:**  GIC843843

## NOTICE OF CASE REASSIGNMENT
### DUE TO CHALLENGE, RECUSAL
### OR SPECIAL ASSIGNMENT

**COMPLAINT FILED**  03/07/05

**EFFECTIVE IMMEDIATELY, THE ABOVE-ENTITLED CASE HAS BEEN REASSIGNED TO THE INDEPENDENT CALENDAR PROGRAM WITH JUDGE**
JOHN S. MEYER, DEPARTMENT 61, 619-685-6138.

ALL SUBSEQUENT DOCUMENTS FILED IN THIS CASE MUST INCLUDE THE NAME OF THE NEW JUDGE AND THE DEPARTMENT NUMBER ON THE FIRST PAGE IMMEDIATELY BELOW THE NUMBER OF THE CASE.  ALL COUNSEL AND PARTIES IN PRO PER ARE ADVISED THAT DIVISION II OF THE SUPERIOR COURT RULES IS STRICTLY ENFORCED.  IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

UNLESS NOTIFIED OTHERWISE. ALL PENDING DATES ARE VACATED. PLEASE RESCHEDULE ANY CURRENTLY PENDING MOTIONS OR EX PARTE HEARINGS IN THE NEW DEPARTMENT.

### CERTIFICATE OF SERVICE
I certify that: I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by placing a true copy in a separate envelope, addressed as shown; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at San Diego California.
DATED: 05/26/05                                       BY: CLERK OF THE SUPERIOR COURT

STEVEN G. AMUNDSON
WHITE & OLIVER
550 WEST C ST STE 950
SAN DIEGO, CA  92101

DONALD A. ENGLISH
ENGLISH & GLOVEN
550 W "C" ST STE 1800
SAN DIEGO, CA  92101

FRANK E. ROGOZIENSKI
1203 SECOND STREET
CORONADO, CA  92118

LOVE01551

PAGE 1 OF 1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*

FOR COURT USE ONLY

TELEPHONE NO.:          FAX NO.:

ATTORNEY FOR *(Name)*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**
- ☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- ☐ FAMILY COURT, 1555 6TH AVE., SAN DIEGO, CA 92101-3294
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

PLAINTIFF(S)/PETITIONER(S)/IN THE MATTER OF:

*Frank Ragozinski*

DEFENDANT(S)/RESPONDENT(S)

*James D. Allen*

**REMITTANCE OF STATUTORY FEES**

CASE NUMBER - PARCEL NUMBER

*GIC 843843*

[STAMP: MAY 2005 FILED CLERK SUPERIOR COURT SAN DIEGO JUDICIAL DISTRICT]

Attached is ☐ cash ☒ check # *135 83* tendered on behalf of:
- ☐ Ptf.
- ☒ Dft    *James D. Allen*
- ☐ Other

SAN DIEGO SUPERIOR COURT
Date 05-24-05  Oper TG-SEO
Case No.    GIC843843
Receipt No. 024611-18980
Trans Type  AF
Allocations          Amount
CY                   300.20
Total Number of motions
Tender CK  Amt      300.20
Tender     Amt
Total Amt Paid      300.20
Change Due            0.00

collected as the statutory fee for:

or **NO FEE** ☐  Forma Pauperis   ☐   Government Agency (GC 6103)

| | FMS | AMOUNT | DESCRIPTION |
|---|---|---|---|
| ☐ | MF | $36.30 | Stipulation For Continuance/Hearing/Motion subsequent to filing first paper |
| ☐ | MJ | $165.00 | Motion for Summary Judgment/Adjudication |
| ☐ | CR | $300.20 | Answer/Response/First Paper – Unlimited Civil (demand over $25,000) |
| ☒ | CY | $300.20 | Answer/Response – Unlimited Civil (demand over $25,000) – Central Only |
| ☐ | DR | $300.20 | Answer/Response – Family Law |
| ☐ | QU | $306.50 | Answer – Limited Civil (demand over $10,000 and less than $25,000) |
| ☐ | FA | $156.00 | Answer – Limited Civil (demand $10,000 or less) |
| ☐ | Q2 | $613.00 | Answer – (2) Two Party Limited Civil (demand over $10,000 and less than $25,000) |
| ☐ | FT | $312.00 | Answer – (2) Two Party Limited Civil (demand $10,000 or less) |
| ☐ | Q3 | $919.50 | Answer – (3) Three Party Limited Civil (demand over $10,000 and less than $25,000) |
| ☐ | FX | $468.00 | Answer – (3) Three Party Limited Civil (demand $10,000 or less) |
| ☐ | QV | $306.50 | Answer – Unlawful Detainer – Limited (demand over $10,000 and less than $25,000) |
| ☐ | UA | $156.00 | Answer – Unlawful Detainer – Limited (demand $10,000 or less) |
| ☐ | WA | $7.00 | ☐ Issuance of Writ of Execution  ☐ Issuance of Abstract of Judgment |
| ☐ | IS | $20.00 | Issuance of Order of Sale |
| ☐ | SI | Varies | Sanctions |
| ☐ | IJ | $150.00 | Jury Fees (Initial) |
| ☐ | CJ | Varies | Jury Fees Subsequent |
| ☐ | AC | $49.50 | Amended Complaint – Limited |
| ☐ | XA | $49.50 | Amended Cross Complaint – Limited |
| ☐ | QX | $110.00 | Trial Continuance Fee |
| ☐ | RN | $137.50 | Reclassification Fee |
| ☐ | CF | $6.60 | Certification |
| ☐ | RP | Varies | Court Reporter (Courtroom Clerk Use) ☐ $636.00 Full Day  ☐ $318.00 Half Day |
| ☐ | RF | Varies | Second Reporter on a Civil Daily ☐ $272.80 Full Day  ☐ $136.50 Half Day |

☐ Other _____

*LOVE01552*

Clerk's Name: *D. Hernandez*      Department: *75*

SDSC ADM-73(Rev. 5-05)      **REMITTANCE OF STATUTORY FEES**

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):

Donald A. English, Esq. (State Bar No. 115569)
English & Gloven, A Professional Corporation
550 West "C" Street, Suite 1800
San Diego, CA 92101

TELEPHONE NO.: (619) 338-6610  FAX NO.: (619) 338-6657
ATTORNEY FOR (Name): James D. Allen

FOR COURT USE ONLY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

- [ ] COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814
- [X] HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- [ ] FAMILY COURT, 1501 6TH AVE., SAN DIEGO, CA 92101-3296
- [ ] MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
- [ ] NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643
- [ ] EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- [ ] RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- [ ] SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649
- [ ] JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792

PLAINTIFF(S) Frank E. Rogozienski

DEFENDANT(S) James D. Allen, et al.

IN THE MATTER OF

A MINOR

JUDGE: Richard E.L. Strauss

DEPT: 75

**PEREMPTORY CHALLENGE**
(CCP 170.6; Superior Court Rules, Division II, Rule 5.5)

CASE NUMBER
GIC843843

Donald A. English _____, is [ ] a party [X] an attorney for a party in the above-entitled case and declares that Richard E.L. Strauss _____, the Judge to whom this case is assigned, is prejudiced against the party or the party's attorney or the interests of the party or the party's attorney such that the said party or parties believe(s) that a fair and impartial trial or hearing cannot be had before such Judge.

WHEREFORE, pursuant to the provisions of §170.6 of the California Code of Civil Procedure, I respectfully request that this Court issue its order reassigning said case to another, and different, Judge for further proceedings.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

English & Gloven, A Professional
Corporation

Dated: May 23, 2005 _____

_Donald A English_ .
(Signature)
Donald A. English, Esq.

**ORDER OF THE COURT**

[X] GRANTED    [ ] DENIED

This case is referred to Presiding/Supervising Department for reassignment and a Notice will be mailed to counsel.

Dated: 5/24/05 _____

RICHARD E. L. STRAUSS Judge of the Superior Court

**FOR OFFICE USE ONLY**

This case has been reassigned to Judge _John S. Meyer_ per Presiding/Supervising Judge

_John S. Einhoin_ on _May 25, 2005_

SDSC CIV-249 (Rev. 5-00)    PEREMPTORY CHALLENGE    L0VE01553    SD-249

MAY. 16. 2005  1:54PM    ROGOZIENSKI                    NO. 365    P. 3

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| FRANK E. ROGOZIENSKI, ESQ.    S.B. 51445<br>FRANK E. ROGOZIENSKI, INC.<br>1203 Second Street<br>Coronado, CA 92118 | **F I L E D**<br><br>Clerk of the Superior Court<br><br>MAY 1 6 2005<br><br>By: D. GRUNEISEN Deputy |
| TELEPHONE NO. *(Optional)*:    FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: FRANK E. ROGOZIENSKI | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| ☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6843<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 |

| PLAINTIFF(S)<br>FRANK E. ROGOZIENSKI | JUDGE: Richard E.L. Strauss |
|---|---|
| DEFENDANT(S)<br>JAMES D. ALLEN; S. MICHAEL LOVE, et al. | DEPT: 75 |
| **CERTIFICATE OF SERVICE**<br>(San Diego Superior Court Rules, Division II, Rule 2.5) | CASE NUMBER<br>GIC 843843 |

     I certify under penalty of perjury under the laws of the State of California that all defendants named in the complaint of the above-entitled case have either made a general appearance or have been properly and timely served in compliance with San Diego Superior Court Rules, Division II, Rule 2.5.

Date: __May 16, 2005__

_____
Signature

    Frank E. Rogozienski
_____
Typed or printed name

NOTES:

If service cannot be effected on all defendants within 60 days of filing the complaint, DO NOT USE THIS CERTIFICATE, but file the form CERTIFICATE OF PROGRESS (SDSC CIV-144) stating the reasons why service has not been effected on all parties and what is being done to effect service.

THE FILING OF A GENERAL APPEARANCE BY A DEFENDANT DOES NOT DISPENSE WITH THE PLAINTIFF'S OBLIGATION TO FILE THIS DOCUMENT.

LOVE01554

SDSC CIV-345(Rev. 8-02)              **CERTIFICATE OF SERVICE**


ORIGINAL

MAY. 0. 2005  8.55AM  ROGOZIENSKI                                    NO. 293   P. 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| FRANK E. ROGOZIENSKI, INC. (SBN 51445)<br>1203 Second Street<br>Coronado, CA 92118    Ph.   (619)437-1878<br>TELEPHONE NO.:    Fax.   (619)437-4894<br>ATTORNEY FOR *(Name)*:    Plaintiff | MAY 2005<br>FILED<br>CLERK<br>SUPERIOR COURT<br>SAN DIEGO<br>JUDICIAL<br>DISTRICT |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
☒ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105
☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

| PLAINTIFF(S)/PETITIONER(S)<br>FRANK E. ROGOZIENSKI | ☒ I/C JUDGE  STRAUSS |
|---|---|
| DEFENDANT(S)/RESPONDENT(S)<br>JAMES D. ALLEN, et al. | ☐ MASTER CALENDAR<br>DEPT  75 |
| CERTIFICATE OF:<br>PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT<br>(San Diego Superior Court Rules: Division II, rules 2.5, 2.6, 2.7, 2.34;<br>Division IV rules 4.169 & 4.170) | CASE NUMBER<br>GIC 843843   BY FAX |

MUST BE FILED ON COURT APPROVED FORM WITH A STAMPED, SELF-ADDRESSED ENVELOPE OR MESSENGER SERVICE SLIP.

The ☒ plaintiff(s)   ☐ defendant(s) in the above-entitled case, by and through their attorney(s) _____
FRANK E. ROGOZIENSKI, INC. _____ certify that: *(CHECK ONE BOX)*

3C1 ☒  Plaintiff has been unable to serve the complaint on defendant(s) ___JAMES D. ALLEN_____
(May list more than one defendant)

3C1 ☐  Plaintiff requests stay under claim for uninsured/underinsured as to: _____
(ALL or list individual(s))

3C5 ☐  Defendant was served on _____, and is unable to answer or otherwise respond.

3C8 ☐  Plaintiff served defendant on _____, but was unable to request entry of default.

Therefore, it is requested that the time be extended until ___June 3, 2005_____ for filing of a(n):

☒ CERTIFICATE OF SERVICE (SDSC CIV-345)
☐ ANSWER OR OTHER DEFENDANT APPEARANCE
☐ REQUEST FOR ENTRY OF DEFAULT (SDSC CIV-204)

Reason(s):  Plaintiff is informed Defendant Allen will be represented by English & Gloven
and a Notice And Acknowledgment Of Receipt-Civil has been forwarded to that firm.
The Acknowledgment has not as yet been returned to counsel for Plaintiff, and therefore
a minimal additional amount of time is respectfully requested.
I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct

Dated:  May 6, 2005 _____

SIGNATURE OF ATTORNEY(S) FRANK E. ROGOZIENSKI, INC.

FOR COURT USE ONLY

☐ EXTENSION GRANTED - DOCUMENT CHECKED ABOVE SHALL BE FILED NOT LATER THAN:  6-3-05

☐ EXTENSION DENIED - THIS MATTER IS SET FOR HEARING ON: _____ AT: _____ M. DEPT _____
   ☐ INSUFFICIENT REASON FOR DELAY OF CASE.
   ☐ OBTAIN ORDER FOR PUBLICATION IMMEDIATELY.

DATED:  MAY - 9 2005                                        LOVE01555

JUDGE OF THE SUPERIOR COURT
RICHARD E. L STRAUSS

☐ NOTICE TO COUNSEL REQUESTING EXTENSION: After Court's decision, you must serve a conformed duplicate on any counsel concerned.

CERTIFICATE OF:
PROGRESS; INABILITY TO RESPOND; INABILITY TO DEFAULT          ORIGINAL

SDSC CIV-144(Rev. 4-04)

MAR. 30. 2005 10:54AM    ROGOZIENSKI                    NO. 005    P. 2

1  FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
2  FRANK E. ROGOZIENSKI, INC.
   A Professional Corporation
3  Attorneys at Law
   Coronado Professional Square
4  1203 Second Street
   Coronado, CA 92118
5  Telephone: (619)437-1878
   Facsimile: (619)437-4894
6
7  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

F I L E D
Clerk of the Superior Court
MAR 3 0 2005
By: S. ALYEA, Deputy

8

9

10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         FOR THE COUNTY OF SAN DIEGO

                                                        BY FAX

12

13  FRANK E. ROGOZIENSKI,        )    Case No. GIC843843
                                 )
14              Plaintiff,       )    NOTICE OF CORRECTION OF
                                 )    TYPOGRAPHICAL ERROR IN FIRST
15         v.                    )    AMENDED COMPLAINT
                                 )
16  JAMES D. ALLEN, S. MICHAEL   )
    LOVE and DOES 1 through 10,  )
17  inclusive,                   )
                                 )    DEPT. 75
18              Defendants.      )    HON. Richard E. L. Strauss
                                 )
19  _____  )

20

21      Plaintiff  hereby  provides  notice  of  correction  of  a

22  typographical error in the First Amended Complaint For Damages

23  (Interference with Contract, Interference with Economic Relations,

24  Civil Rights Violations, Deceit-Fraudulent Concealment, Breach of

25  Contract, Unfair Competition, Intentional Misconduct, Negligence

26  and Unjust Enrichment) filed in the above entitled Court on March

27                                                        LOVE01556

28  NOTICE OF CORRECTION OF TYPOGRAPHICAL ERROR
    IN FIRST AMENDED COMPLAINT

                                ORIGINAL

                            1

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX (61960)
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

MAR. 30. 2005 10:54AM    ROGOZIENSKI                    NO. 005    P. 3

28, 2005, at page 19, line 20, which is corrected to read as follows:

"and prior to March 27, 2003 when ALLEN filed his Statement of"

Dated: March 30, 2005                FRANK E. ROGOZIENSKI, INC.

By: _____
                                     Frank E. Rogozienski
                                     Attorney for Plaintiff

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 191630
1200 SECOND STREET AT "B" AVENUE
CORONADO, CALIFORNIA 92118-4817
(619) 437-1076

NOTICE OF CORRECTION OF TYPOGRAPHICAL ERROR
IN FIRST AMENDED COMPLAINT

2

L0VE01557

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

**TO:**
FRANK E. ROGOZIENSKI (P)

**FILE COPY**

| | |
|---|---|
| FRANK E ROGOZIENSKI **Plaintiff(s)** | Case No.: GIC843843 |
| vs. | **NOTICE OF CASE ASSIGNMENT** |
| JAMES D ALLEN **Defendant(s)** | Judge: RICHARD E. L. STRAUSS<br>Department: 75<br>Phone: 619-685-6120 |

**COMPLAINT FILED** 03/07/05

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

### CERTIFICATE OF SERVICE

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

DATED: 03/07/05

BY: CLERK OF THE SUPERIOR COURT

FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
Coronado Professional Square
1203 Second Street
Coronado, CA 92118
Telephone: (619)437-1878
Facsimile: (619)437-4894

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| FRANK E. ROGOZIENSKI,<br><br>            Plaintiff,<br><br>     v.<br><br>JAMES D. ALLEN, S. MICHAEL<br>LOVE and DOES 1 through 10,<br>inclusive,<br><br>            Defendants. | Case No. GIC 843843<br><br>COMPLAINT FOR DAMAGES<br>(Interference with Contract,<br>Interference with Economic<br>Relations, Civil Rights<br>Violations, Deceit-Fraudulent<br>Concealment, Breach of Contract<br>and Unfair Competition) |

Plaintiff alleges:

**JURISDICTION AND VENUE**

1.    The within action is an unlimited civil case for damages in excess of $25,000.00.

2.    The within action arose in San Diego, California.

**PARTIES**

1

**COMPLAINT FOR DAMAGES**

LOVE01559

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180380
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

3.   At all times herein mentioned, Plaintiff was, and now is, a resident of San Diego County, California.

4.   At all times herein relevant, Defendant, JAMES D. ALLEN [herein "ALLEN"], was, and now is, a resident of San Diego County, California. At all times herein relevant, ALLEN was, and now is, an attorney duly licensed to practice law in the State of California.

5.   At all times herein relevant, Defendant, S. MICHAEL LOVE [herein "LOVE"] was, and now is, a resident of San Diego County, California. At all times herein relevant, ALLEN was, and now is, an attorney duly license to practice law in the State of California.

6.   Plaintiff is ignorant of the true names or capacities of Defendants sued herein under the fictitious names DOES 1 through 10, and therefore sues such Defendants pursuant to California Code of Civil Procedure section 474.   Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are residents and citizens of one of the States of the United States, and participated in the acts herein alleged and are responsible in some manner for the injuries and damages to Plaintiff as herein alleged.

7.   Plaintiff is informed and believe, and thereon alleges, that at times herein relevant, each of the Defendants was the agent and employee of each of the remaining Defendants, and was at times herein mentioned acting within the purpose and scope of said agency and employment, and further that each of the Defendants at times herein mentioned conspired and agreed together and acted in concert in proximately causing the injuries and damages to Plaintiff as

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180940
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1978

2

**COMPLAINT FOR DAMAGES**

herein alleged.  Plaintiff is further informed and believes, and thereon alleges, that at other times herein mentioned, each of the Defendants was acting solely in their individual capacities, and that with respect to those acts, each of the other Defendants ratified, affirmed and adopted these actions.

8.   Plaintiff is in some doubt as to whether he is entitled to redress from all of the Defendants or from one or more of them, and all Defendants have therefore been joined herein with the intent that the question as to whether all the Defendants are, or one or more of them are, liable to Plaintiff, and to what extent; and that the liability may be determined in this action; and that the Court may award judgment to Plaintiff as against the Defendants either jointly, severally or in the alternative.

### FACTUAL BACKGROUND

#### A. The Underlying Proceeding

9.   In 1982,, Plaintiff was married and in October, 1997, Plaintiff's then spouse [herein the "Petitioner"], brought a Petition for Dissolution of their marriage [herein the "Underlying Proceeding"].   In the Underlying Proceeding, LOVE represented Petitioner until February, 2005 when he withdrew as Petitioner's attorney of record.

#### B. Allen is selected and agrees to act as temporary judge.

10.   By agreement of Plaintiff and Petitioners, ALLEN was selected and agreed to act as a temporary judge in the Underlying Proceeding.  ALLEN served as temporary judge from the time of his

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180820
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1678

3

**COMPLAINT FOR DAMAGES**

LOVE01561

appointment on August 4, 1998 until his withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause. Plaintiff agreed to pay one-half of ALLEN's services in the Underlying Proceeding on a fee-for-service basis.

### C. **Harold S. Bottomley**

11.  At all times herein relevant, Harold S. Bottomley [herein "Bottomley"] was, and now is, an attorney duly licensed to practice law in the State of California.   ALLEN and Bottomley have been attorneys in the same law firm.   At all times herein relevant, ALLEN and Bottomley were good friends, and together with their respective families, regularly socialized together.   At times herein relevant, ALLEN and Bottomley shared Charger tickets.

### D. **Relationships between LOVE and ALLEN**

12.  At all times herein relevant, ALLEN and LOVE were well acquainted, had a social relationship, and at times were officers and members of the same professional associations.   At all times herein relevant, they were on a first name basis.   At times herein relevant, LOVE had been to ALLEN's home.   Neither LOVE nor ALLEN made any disclosure of these relationships prior to ALLEN's withdrawal as temporary judge in March 2003.

### E. **The gift to ALLEN of the LOVE's half interest in Warner Springs Ranch**

13.  In the Spring or Summer of 2001, ALLEN learned from LOVE that LOVE was interested in divesting himself of his interest in Warner Springs Ranch, and in this same time period, Bottomley

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 81180
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

**COMPLAINT FOR DAMAGES**

LOVE01562

expressed to ALLEN how much he had enjoyed a visit to play golf at the Ranch

14.   Between October 24, 2001 and November 19, 2001, ALLEN presided as temporary judge over element of the trial in the Underlying Proceeding.  LOVE was Petitioner's lead trial attorney in that trial.

15.   In about November 2001, Mr. Bottomley took his family to Warner Springs Ranch, and as a result of that experience, became interested in becoming a member.  ALLEN and Bottomley then had discussions about inquiries Bottomley was making concerning acquiring membership in Warner Springs Ranch, and how it would be very nice if both of them were members so they could go there together with their respective families.  Bottomley was made aware that Warner Springs Ranch Realty was offering half interests for $2,500.

16.   In about November or early December 2001, ALLEN had a conversation with LOVE about Warner Springs Ranch.  LOVE told ALLEN he was interested in divesting himself of his membership in Warner Springs Ranch since his children were grown and LOVE and his wife had recently joined San Diego Country Club and were not using Warner Springs Ranch any longer.  ALLEN told LOVE of Bottomley's interest, called Bottomley, advised him of LOVE's comments, and suggested Bottomley call LOVE.

17.   At a Christmas party at ALLEN's residence in December 2001, Bottomley spoke with the LOVEs about Warner Springs Ranch,

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET "C" AVENUE
POST OFFICE BOX 181850
CORONADO, CALIFORNIA 92118-1417
(619) 437-1676

LOVE01563

the Bottomleys recent visit there, and the things the Ranch had to offer.  The LOVEs discussed their membership, that they weren't using it anymore and would Bottomley and his wife be interested in assuming the LOVE's membership and the monthly fees.  On information and belief ALLEN knew at the time that LOVE was talking to Bottomley about the LOVEs' membership

18.  At the end of the Christmas party and after the other guests had left, Bottomley stayed behind and told ALLEN of his discussion with LOVE earlier that evening, and that he was going to acquire the LOVEs' membership. Following the Christmas party, Bottomley and ALLEN discussed that if Bottomley acquired the LOVEs' interest at no cost, Bottomley would split the cost of whatever it would have cost ALLEN to acquire a full membership in the Ranch, so that each of them would have the same financial investment into the memberships and split it that way.  The idea was that Bottomley and ALLEN would each have full memberships so they could use Warner Springs Ranch together.   In these conversations, Bottomley also learned from ALLEN that ALLEN was acting as a temporary judge in the Underlying Proceeding where LOVE was representing a party

19.  Within a week or ten days after the Christmas party, Bottomley decided the $260 monthly cost of a full membership in Warner Springs Ranch did not make good financial sense for he and his wife, and decided it would be better for them not to have a full A and B membership, but rather to have a B half-membership, and to see whether or not the A half-membership a part of what the

LAW OFFICES

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180440
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

LOVE01564

LOVEs were going to convey, could be converted to a B half-membership to be given to ALLEN so that ALLEN could use the Ranch at the same time as the Bottomleys. Bottomley then spoke to LOVE about Bottomley and ALLEN each taking one of the two LOVE half memberships. And although LOVE told Bottomley at the time that "I really don't want to know any more about [your] business, but I can't do anything directly with Mr. ALLEN", he nevertheless wrote the below letter of January 11, 2002 to Warner Springs Ranch and continued to work towards the transaction that placed one-half of the LOVE's Warner Springs Ranch interest in Bottomley's name and the other one-half in ALLEN's name. ALLEN was aware that both the half interests were coming from LOVE.

20. By letter dated January 11, 2002, LOVE solicited Warner Springs Ranch to be able to convert his A and B half interests into two A or two B half interests. LOVE sent a copy of his letter to Bottomley. LOVE's letter states he "personally know[s] each of the families to whom [he is proposing to sell his half interests] and each of the male members of the families are attorneys," namely Bottomley and ALLEN.

21. Bottomley's handwritten notes reflect a telephone conversation with LOVE on January 18, 2002. LOVE told Bottomley that the Ranch would not allow conversion of the LOVEs' half interests into either two A's or to B's. Bottomley then asked LOVE if he could find out what it would cost to upgrade the half-membership going to ALLEN to a full membership. Bottomley

7

**COMPLAINT FOR DAMAGES**

LOVE01565

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1810
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

discussed what LOVE had told him with ALLEN.

22.  Bottomley's handwritten notes also reflect a telephone conversation with LOVE on January 23, 2002.  LOVE told Bottomley of the "trade-up" option, whereby an owner of an A or a B half membership could trade up to a full membership for $850.  Bottomley then discussed this with ALLEN

23.  Before transfer of the LOVEs' interests in Warner Springs Ranch, ALLEN agreed with Bottomley that he would take one of the one-half interests from the LOVEs, and use it to "trade-up" (with $850) for a full membership.  This would permit ALLEN to use the Ranch at the times when Bottomley would also be using the facilities.  At the time ALLEN agreed with Bottomley to take one of the LOVEs' half interests, ALLEN knew Bottomley was getting these interests from LOVE, that Bottomley intended to then transfer one of these interests to ALLEN, and that Bottomley did not intend to keep both interests himself.

24.  Bottomley did not prepare any of the deeds which transferred the LOVES' two half interests in Warner Springs Ranch. LOVE (or someone on his behalf) prepared the Quitclaim Deed from the LOVES, and  ALLEN (or someone on his behalf) prepared the Quitclaim Deed on to himself.  Bottomley explained to LOVE his intention of transferring the 850A half-interest to ALLEN so ALLEN could upgrade to a full membership.  Bottomley further explained that because he was passing Unit 850A on to ALLEN, it did not make sense for LOVE to prepare the Quitclaim Deed in Bottomley's and his

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1580
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

LOVE01566

wife's names, as LOVE did with the 850B half-interest, which Bottomley and his wife were keeping. Bottomley explained that all he intended to do with the LOVES' 850A interest was to record the Quitclaim Deed and then turn around and reconvey it to ALLEN so they could begin to use the Ranch together as soon as possible. The Quitclaim Deeds transferring the LOVE's interests in Warner Springs Ranch recite they are "gifts".

25.  In February, 2002, ALLEN contacted Warner Springs Ranch to ask if it would be possible for him to "upgrade" the half interest he was going to receive through Bottomley to a full interest (so that he and Bottomley could utilize the Ranch facilities at the same time).

26.  On February 27, 2002, after receiving the recorded deeds back from the San Diego County Recorder's office, Bottomley faxed a copy of the Quitclaim Deed from the LOVEs for Unit 850A to ALLEN for ALLEN to prepare the deed conveying this Unit on to himself.

27.  In mid-March, 2002, ALLEN prepared and had Bottomley sign the deed gifting Unit 850A on to himself. This deeds recites it is a "gift". ALLEN caused this deed to be recorded on March 18, 2002.

28.  After receiving the recorded deed to Unit 850A back from the San Diego County Recorder, in late March, 2002, and prior to May 20, 2002, ALLEN had communications with Warner Springs Ranch to trade-up Unit 850A into a new, full membership. ALLEN was informed that the title company had some questions regarding the transfer by the LOVEs.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

9

**COMPLAINT FOR DAMAGES**

29.  To resolve these questions, ALLEN called LOVE to discuss "some recordation problem," and asked Mr. LOVE's assistance in resolving a matter involving Unit 850A that had occurred when the LOVES owned the Unit.

### F. **Concealment and Failure to disclose the gift.**

30.  In a telephone status conference in the Underlying Proceeding, on April 30, 2002, ALLEN acting in his role as then temporary judge in the Underlying Proceeding, stated "... insofar as fees are concerned, that's one of the other issues that I'm still struggling with and I'm still looking at some of the pleadings and kind of going through my notes". Neither LOVE nor ALLEN made any disclosure of the gift of the LOVE's unit 850A to ALLEN in March of 2002.

31.  On October 11, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, reopened trial in the Underlying Proceeding to receive evidence on certain reserved issues, and trial was completed on that date.  At this hearing, ALLEN stated he would order Plaintiff herein to pay $250,000 of Petitioner's attorneys' fees and costs, including fees for LOVE

32.  On October 23, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, issued his Amended Statement Of Decision in the Underlying Proceeding.  On November 12, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, signed and issued his Second Amended Statement Of Decision and the final Judgment.

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1818
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

**COMPLAINT FOR DAMAGES**

LOVE01568

33.   On March 7, 2003, during a post-judgment hearing in the Underlying Proceeding attended by LOVE, Plaintiff's counsel objected to ALLEN presiding at the hearing inasmuch as ALLEN had not made a certification (under California Rule 244(b)).   Although both knew, neither ALLEN nor LOVE disclosed the gift of the LOVE's Unit 850A which had been made to ALLEN in March of 2002.

34.   Prior to filing his Statement Of Withdrawal in the Underlying Proceeding, ALLEN did not disclose the Warner Springs Ranch transactions.   ALLEN has refused to answer why he did not disclose these transactions.

35.   Since he acquired his interest in Warner Springs Ranch, ALLEN has used the Ranch facilities on multiple occasions.

### G. Setting aside of ALLEN's rulings

36.   Defendants knew that the gift to ALLEN of the LOVES interest in Warner Springs Ranch would result in ALLEN being disqualified from acting as the temporary judge in the Underlying Proceeding.

37.   As a result of the gift to ALLEN of the LOVES' half interest in Warner Springs Ranch, ALLEN was disqualified, and rulings of ALLEN while acting as his role as then temporary judge, have been set aside, and a new trial ordered on these set aside rulings.   As a result, Plaintiff has lost the fees costs and expenses spent in the prior trial on the now set aside rulings, and will be required to incur the fees, costs and expenses in a new trial on these set aside rulings.

11

**COMPLAINT FOR DAMAGES**

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1876

LOVE01569

## H. **No judicial immunity**

38.   Except where otherwise expressly stated to the contrary, the actions and conduct of ALLEN alleged herein were not done by him in his role or capacity as a judicial officer. The actions and conduct on which ALLEN is sued herein are not judicial acts.

## I.   **No litigation privilege**

39.   the actions and conduct on which Defendants are sued herein were done in the conduct of the Underlying Proceeding.

## J. **Estoppel to rely on statute of limitations**

40.   Defendants are estopped to rely on all applicable statute of limitations because, prior to the time such applicable statute of limitations would have run (a) Defendants fraudulently concealed and failed to disclose the fact of the gift to ALLEN of the LOVES' half interest in Warner Springs Ranch, (b) Defendants fraudulently concealed that Plaintiff had the causes of action alleged herein, (c) Plaintiff reasonably relied upon Defendants fraudulent concealments, and that Defendants would act in accordance with the disclosure requirements provided by law, (d) Defendants intended their concealments to be acted upon by Plaintiff, and Plaintiff had the right to believe that the fact Defendants made no disclosure was intended to be relied upon that no gifts had been made, and (e) Plaintiff exercised due diligence to ascertain the truth, and did not disclose the gift to ALLEN of the LOVES' half interest in Warner Springs Ranch prior to March 7, 2003.

/ / /

LAW OFFICES
**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
PROST OFFICE BOX 1680
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

**COMPLAINT FOR DAMAGES**                              LOVE01570

### FIRST CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### CONTRACTUAL RELATIONS AGAINST
### ALL DEFENDANTS

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 40 hereinabove set forth.

42. At times herein relevant, there existed contracts between Plaintiff and Petitioner, including a prenuptial agreement, agreements for the ownership and control of real and personal property, and deposit accounts.

43. At times herein relevant, there existed contracts between Plaintiff and third persons, including with Qualcomm relating to the acquisition of Qualcomm stock and stock options, and loans to Qualcomm.

44. At times herein relevant, there existed a contract between Plaintiff and Plaintiff's counsel in the Underlying Proceeding for providing legal services to Plaintiff in that proceeding on a fee-for service basis.

45. Defendants knew of the existence of each of these contracts.

46. In engaged in the actions and conduct herein above alleged in the Factual Background, Defendants either (a) intended to prevent Plaintiff's performance or to cause Plaintiff's performance under the aforementioned contracts to be more expensive and burdensome, or (b) knew that prevention of Plaintiff's

**COMPLAINT FOR DAMAGES**                     L0VE01571

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1611530
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

performance was certain or substantially certain to occur or that Plaintiff's performance would be more expensive or burdensome as a result of Defendants' actions and conduct.

47. Defendants engaged in the actions and conduct hereinabove alleged in the Factual Background which either (a) prevented Plaintiff's performance of those contracts or (b) caused Plaintiff's performance to be more expensive and burdensome.

48. The actions and conduct of Defendants and hereinabove alleged in the Factual Background interfered with Plaintiff's contractual relations and were a cause of damage to Plaintiff in an amount according to proof in excess of $25,000.

49. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### SECOND CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### CONTRACTUAL RELATIONS AGAINST LOVE

50. Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 40 hereinabove set forth.

51. At times herein relevant, there existed an agreement for payment by Plaintiff of ALLEN's services in the Underlying Proceeding on a fee-for-service basis.

52. LOVE knew of the existence of the contract.

53. In engaging in the actions and conduct hereinabove

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181150
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

14

**COMPLAINT FOR DAMAGES**

LOVE01572

1   alleged in the Factual Background, LOVE either (a) intended to
2   cause Plaintiff's performance under the contract to be more
3   expensive or burdensome, or (b) knew that Plaintiff's performance
4   would be more expensive or burdensome as a result of LOVE's actions
5   and conduct.
6

7       54.  LOVE engaged in the actions and conduct hereinabove
8   alleged in the Factual Background which caused Plaintiff's
9   performance of the contract to be more expensive and burdensome.

10      55. The actions and conduct of LOVE as hereinabove alleged in
11  the Factual Background interfered with Plaintiff's contractual
12  relations and were a cause of damages to Plaintiff in an amount
13  according to proof in excess of $25,000.

14      56.  The actions and conduct of LOVE as hereinabove alleged
15  were willful and oppressive, fraudulent and malicious, entitling
16  Plaintiff to an award of punitive and exemplary damages in an
17  amount according to proof.

18
                    **THIRD CAUSE OF ACTION**
19           **FOR INTENTIONAL INTERFERENCE WITH**
                **PROSPECTIVE ECONOMIC ADVANTAGE**
20                  **AGAINST ALL DEFENDANTS**

21      57.  Plaintiff realleges and incorporates herein by reference
22  each and every allegation contained in paragraphs 1 through 40
23  hereinabove set forth.

24      58.  At times herein relevant and as more fully alleged in the
25  Factual Background, there existed economic relationships between
26  Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel
27

28

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1678

LOVE01573

in the Underlying Proceeding, and between Plaintiff and Qualcomm and other third persons engaging or proposing to engage in business transactions with Plaintiff, containing a probably future economic benefit or advantage to Plaintiff.

59. Defendants knew of the existence of these relationships.

60. Defendants engaged in wrongful conduct as hereinabove alleged in the Factual Background designed to interfere with or disrupt these relationships.

61. Defendants engaged in said wrongful conduct either (a) with the intent to interfere with or disrupt these relationships, or (b) with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of Defendants actions.

62. The economic relationships were actually interfered with or disrupted.

63. The wrongful conduct of Defendants which was designed to interfere with or disrupt these relationships caused damage to Plaintiff in an amount according to proof in excess of $25,000.

64. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof

**FOURTH CAUSE OF ACTION
FOR INTENTIONAL INTERFERENCE WITH
PROSPECTIVE ECONOMIC ADVANTAGE
AGAINST LOVE**

LAW OFFICES

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1873

16

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180338
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

65.  Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 1 through 40 hereinabove set forth.

66.  An economic relationship existed between Plaintiff and Allen, containing a probable future economic benefit or advantage to Plaintiff.

67.  LOVE knew of the existence of this relationship.

68.  LOVE engaged in wrongful conduct as hereinabove alleged in the Factual Background designed to interfere with or disrupt this relationship.

69.  LOVE engaged in this wrongful conduct either (a) with the intent to interfere with or disrupt this relationship or (b) with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of LOVE's actions.

70.  The economic relationship was actually interfered with or disrupted.

71.  The within conduct of LOVE which was designed to interfere with or disrupt this relationship caused damage to Plaintiff in an amount according to proof in excess of $25,000.

72.  The actions and conduct of LOVE as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### FIFTH CAUSE OF ACTION
### FOR NEGLIGENT INTERFERENCE WITH
### PROSPECTIVE ECONOMIC ADVANTAGE

17

COMPLAINT FOR DAMAGES

LOVE01575

**AGAINST ALL DEFENDANTS**

73.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraph 1 through 40 as hereinabove set forth.

74.   At times herein relevant and as more fully alleged in the Factual Background, an economic relationship existed between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel in the Underlying Proceeding, and between Plaintiff and Qualcomm and other third persons engaging and proposing to engage in business transactions with Plaintiff, containing a probably future economic benefit of advantage to Plaintiff.

75. Defendants knew of the existence of these relationships.

76.   Defendant engaged in the within conduct as hereinabove alleged in the Factual Background.

77.   It was reasonably foreseeable that Defendants wrongful conduct would interfere with or disrupt these economic relationships if Defendants failed to exercise due care.

78.   These economic relationships were actually interfered with and disrupted as a proximate result of Defendants' conduct.

79.   Defendants' conduct caused Plaintiff damage in that Plaintiff lost in whole or in part the economic benefit or advantage from these economic relationships in an amount according to proof in excess of $25,000.

**SIXTH CAUSE OF ACTION
FOR CIVIL RIGHTS VIOLATIONS
AGAINST ALL DEFENDANTS**

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

18

**COMPLAINT FOR DAMAGES**

LOVE01576

80.  Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraph 1 through 40 hereinabove set forth.

81.  As more fully alleged in the FACTUAL BACKGROUND, Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of rights to a fair trial secured by the Constitution and laws of the United States and of the State of California.

82.  As more fully alleged in the Factual Background, the interference or attempted interference in Plaintiff's right to a fair trial caused Plaintiff to suffer injury, damage, loss and harm in an amount according to proof in excess of $25,000.

83.  The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### SEVENTH CAUSE OF ACTION
### FOR DECEIT
### FRAUDULENT CONCEALMENT
### AGAINST ALL DEFENDANTS

84.  Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraph 1 through 40 hereinabove set forth.

85.  As more fully alleged in the Factual Background, Defendants did not disclose the fact of the gift to ALLEN of the

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1516630
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

**COMPLAINT FOR DAMAGES**

LOVE01577

LOVE's interest in Warner Springs Ranch, which gift Defendants should have disclosed because, at the time of the gift LOVE was attorney for Petitioner in the Underlying Proceeding and ALLEN was the temporary judge in that proceeding, and the gift resulted in the immediate disqualification of ALLEN from acting as temporary judge in the Underlying Proceeding.

86. Defendants knew that they concealed or failed to disclose the fact of the gift to ALLEN of the LOVE's interest in Warner Springs Ranch.

87. Defendants intended that their concealment of or failure to disclose said facts would cause Plaintiff to proceed in the Underlying Proceeding without challenging ALLEN's acting as the temporary judge, to continue to pay ALLEN's invoices for his services, and to continue to pay the invoices of Bruno, Mack and Barclay and other experts retained by ALLEN and by Plaintiff.

88. Plaintiff relied on the fact that Defendants had not disclosed the gift to ALLEN of the LOVE's interest in Warner Springs Ranch.

89. Plaintiffs was justified in relying on the fact that Defendants had not disclosed the gift to ALLEN of the LOVE's interest in Warner Springs Ranch.

90. As a result of Defendants' deceit and fraudulent concealment, Plaintiff has and will continue to sustain damages in an amount according to proof in excess of $25,000.

91. The actions and conduct of Defendants as hereinabove

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

**COMPLAINT FOR DAMAGES**

LOVE01578

alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

## EIGHTH CAUSE OF ACTION
## FOR BREACH OF CONTRACT AGAINST ALLEN

92.   Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraph 1 through 40 hereinabove set forth.

93.   As more fully alleged in the Factual Background, ALLEN breached his agreement with Plaintiff in, among other things, ALLEN continued to invoice and to accept payment from Plaintiff for services allegedly rendered by ALLEN after he had accepted the gift of the LOVES' half interest in Warner Springs Ranch and knew he was disqualified and thus barred as an attorney from making further charges to Plaintiff.   In submitting each invoice to Plaintiff, ALLEN represented he was entitled to payment of the amounts billed.

94.   There is implied in every contract a covenant of good faith and fair dealing to refrain from doing anything which would interfere with the rights of the other party to receive the benefits of the contract.

95.   Plaintiff has performed all terms of his agreement to pay ALLEN required on Plaintiff's part to be performed.

96.   As a result of ALLEN's breach of the implied covenant of good faith and fair dealing and breach of his agreements with Plaintiff as aforesaid, Plaintiff has and will continue to sustain

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1430
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1978

21

damages according to proof in excess of $25,000.

## NINTH CAUSE OF ACTION
## FOR UNFAIR COMPETITION
## AGAINST LOVE

97.  Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraph 1 through 40 hereinabove set forth.

98.  As more fully alleged in the Factual Background, LOVE engaged in unfair and fraudulent business acts and practices in violation of Business and Profession Code §17200, et seq.  LOVE's gift to ALLEN of his half interest in the Warner Springs Ranch was an unfair and fraudulent business act and practice designed to provide, and which provided LOVE, an unfair advantage over Plaintiff in the Underlying Proceeding.

99.  As a result of the fraudulent acts and business practices of LOVE as aforesaid, Plaintiff is entitled to restitution in an amount according to proof in excess of $25,000.

### PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.  For general and special damages in an amount in excess of $25,000.00 according to proof;

2.  For punitive damages in an  amount appropriate to punish or set an example of Defendants;

3.  For interest at the maximum legal rate permitted by law;

4.  For attorney fees in an amount according to proof;

FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL CORPORATION
POST OFFICE BOX 181630
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

22

1        5.    For costs of suit in an amount according to proof; and

2        7.    For such other and further relief as the Court deems just

3   and proper.

4   Dated: March 7, 2005                    FRANK E. ROGOZIENSKI, INC.

By:_____
    Frank E. Rogozienski
    Attorney for Plaintiffs

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181930
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

23

**COMPLAINT FOR DAMAGES**

L0VE01581

CM-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, state bar number, and address):*
Frank E. Rogozienski, Inc.    S.B. No. 51445
1203 Second Street
Coronado, CA 92118
TELEPHONE NO.: 619-437-1878    FAX NO.: 619-437-4894
ATTORNEY FOR *(Name):* Frank E. Rogozienski

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central

FILED
CIVIL BUSINESS OFFICE
CENTRAL DIVISION
2005 MAR -7 PM 4:11
CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

**FOR COURT USE ONLY**

CASE NAME:
**ROGOZIENSKI v. ALLEN**

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 843843 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | GIC DEPT.: |

*All five (5) items below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental /Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☑ RICO (27)
☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☐ Substantial amount of documentary evidence
d. ☐ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states or countries, or in a federal court
f. ☐ Substantial post-judgment judicial supervision

3. Type of remedies sought *(check all that apply):*
a. ☑ monetary    b. ☑ nonmonetary; declaratory or injunctive relief    c. ☑ punitive

4. Number of causes of action *(specify):*

5. This case ☐ is ☑ is not a class action suit.

Date:

Frank E. Rogozienski
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

LOVE01582

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate, Family, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2003]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.USCourtForms.com

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
    FRANK E. ROGOZIENSKI, INC.
2   A Professional Corporation
    Attorneys at Law
3   1660 Union Street, Third Floor
    San Diego, CA 92101
4   Telephone: (619)237-1878
    Facsimile: (619)237-1870
5
    Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
6

7

8                 UNITED STATES DISTRICT COURT

9                 SOUTHERN DISTRICT OF CALIFORNIA

10

11  FRANK E. ROGOZIENSKI,              )    Case No.  07-CV-0742 JAH(WMC)
                                       )
12              Plaintiff,             )    AMENDED NOTICE OF MOTION AND
                                       )    MOTION TO REMAND AND FOR
13          v.                         )    SANCTIONS
                                       )
14  JAMES D. ALLEN, S. MICHAEL LOVE    )    DATE: 07/26/2007
    and DOES 1 through 10, inclusive,  )    TIME: 3:00 p.m.
15                                     )    COURTROOM: 11
                Defendants.            )    HON. JOHN A. HOUSTON
16                                     )
                                       )
17  _____)

18          TO DEFENDANTS, S. MICHAEL LOVE and JAMES D. ALLEN and their attorneys of

19  record:

20          PLEASE TAKE NOTICE that on July 26, 2007, at 3:00 p.m., or as soon thereafter as the

21  matter may be considered by the Court, located at 940 Front Street, San Diego, CA 92101, in

22  Courtroom 11, Plaintiff will, and hereby does, move the Court for a Motion To Remand this matter

23  to the California state courts.  This motion is made on the grounds, each and all, that:

24          1.      Defendant's Notice of removal was not filed within 30 days after receipt by Defendant

25  of a copy of the order or other paper from which it could first be ascertained the case was then one

26  which is or had become removable under 28 USC 1446(b);

27
                                                                    LOVE01583
28

AMENDED NOTICE OF MOTION AND MOTION TO REMAND        Case No.  07-CV-0742 JAH(WMC)

                                       1

1         2.      Not all Defendants have joined in or consented to the removal; and

2         3.      Removal from the California appellate courts is unclear.

3   Plaintiff further requests an award of sanctions on the grounds Mr. Love's Notice Of Removal is

4   frivolous and interposed in bad faith and for purposes of delay.

5         This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

6   Authorities and the Certification Of Exhibits and Exhibits filed concurrently herewith, the pleadings

7   on file herein, and such other and further matters as may be presented to the Court.

8   Dated: May 29, 2007                  FRANK E. ROGOZIENSKI, INC.

9

10                         By:    /s/Frank E. Rogozienski
                                   Frank E. Rogozienski
                                   Attorney for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                                    LOVE01584

28

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870
5
   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  FRANK E. ROGOZIENSKI,            )   Case No.  07-CV-0742 JAH(WMC)
                                     )
12               Plaintiff,          )   AMENDED MEMORANDUM OF POINTS
                                     )   AND AUTHORITIES IN SUPPORT OF
13               v.                  )   MOTION TO REMAND AND FOR
                                     )   SANCTIONS
14  JAMES D. ALLEN, S. MICHAEL LOVE  )
    and DOES 1 through 10, inclusive,)   DATE: 07/26/2007
15                                   )   TIME: 3:00 p.m.
                 Defendants.         )   COURTROOM: 11
16                                   )   HON. JOHN A. HOUSTON
    _____)

17

18                       **MOTION TO REMAND**

19       1.      **Legal Standards**.

20               (a)     **Federal court has limited jurisdiction**.  The federal court is one of limited

21  jurisdiction [see <u>Gould v. Mutual Life Ins. Co. v. New York</u> (9th Cir. 1986) 790 F.2d 769, 774].  As

22  such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction

23  [<u>Steel Co. v. Citizens for a Better Environment</u> (1998) 523 U.S. 83, 94, 118 S. Ct. 1003, 1012].

24  Removal jurisdiction is governed by 28 U.S.C. §1441, et seq.  A state court action can only be

25  removed if it could have originally been brought in federal court [<u>Caterpillar, Inc. v. Williams</u> (1987)

26  482 U.S. 386, 392, 107 S.Ct. 2425].

27
                                                           L0VE01585
28
    _____
    AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
    SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS    Case No. 07-CV-0742 JAH(WMC)
                                    1

1    (b) **Defendant has the burden to establish removal is proper; removal statute**

2 **is strictly construed against removal**.  The defendant has the burden of establishing that removal

3 is proper, supporting his jurisdictional allegations with competent proof [California ex rel. Lockyer

4 v. Dynegy, Inc. (9th Cir. 2004) 375 F.2d 831, 838; Miller v. Diamond Shamrock Co. (5th Cir. 2001)

5 275 F.3d 414, 417; Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566; and Nishimoto v.

6 Federaman-Bachrah & Assocs. (9th Cir. 1990) 903 F.2d 709, 712 fn 3].  District courts must construe

7 the removal statutes strictly against removal and resolve any uncertainty as to removability in favor

8 of remanding the case to state court [Boggs v. Lewis (9th Cir. 1988) 863 F.2d 662, 663; Gaus v.

9 Miles, Inc., *supra*, 980 F.2d at 566; and Shamrock Oil & Gas Corp. v. Sheets (1994) 313 U.S. 100,

10 108-109].

11    (c) **Defendant must timely file notice of removal**.  The defendant must file a

12 timely notice of removal [28 U.S.C. §1446(b)].  The notice of removal must be filed "within 30 days

13 after receipt by defendants, through service or otherwise, of a copy of an amended pleading, motion,

14 order or other paper from which it may be first ascertained that the case is one which is or has

15 become removable..." [*Id*].  The Ninth Circuit has determined that removability was first

16 "ascertained," for purposes of Section 1446(b), when "it became apparent" to the defendant that the

17 case had become removable [Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 689,

18 696].

19    (d) **All defendants must consent to removal**.  Where there are multiple

20 defendants in the action, the right to remove belongs to them jointly.  Therefore, all defendants who

21 may properly join in the removal notice must join.  If any of them refuses, the action cannot be

22 removed [Hewitt v. City of Stranton (9th Cir. 1986) 798 F.2d 1230, 1232 (upholding imposition of

23 sanctions for improper removal where not all defendants joined in the notice of removal) ; Doe v.

24 Kenwood (5th Cir. 1992) 969 F.2d 165, 168 (holding that in order for defendant to remove a case

25 under the general removal statute, defendant must obtain the consent of all co-defendants even if

26 those co-defendants would not themselves be entitled to remove the case); and Panino v. FHP, Inc.

27

28                        LOVE01586

1   (9th Cir. 1998) 146 F.3d 699, 703 (holding that "[a]ll defendants must join a notice of removal

2   (citation), and a proper notice must be filed within 30 days... (citation)").   All defendants on

3   removable claims, even supplemental parties, must join in the notice of removal since they are

4   parties to "one constitutional case" [Chicago, Rock Island & Pacific Ry. v. Martin (1900) 178 U.S.

5   245, 248, 20 S.Ct. 854, 855; and City of Chicago v. International College of Surgeons (1997) 522

6   U.S. 156, 165, 118 S.Ct. 523, 529-530 (holding that if state law claims are transactionally related

7   (i.e., supplemental) to the federal claim, there would have been original federal jurisdiction over the

8   entire action)].

9          (e)      **Removal from state appellate court is unclear**.  While the Ninth Circuit has

10  recognized the authority of the Resolution Trust Corporation (the "RTC") to remove a case from a

11  state appellate court before judgment is final because the removal statute applicable to the RTC (12

12  USC §1441(a)(l)) is broad enough to confer this power [RTC v. Bayside Developers (9th Cir. 1995)

13  43 F.3d 1230, 1236; and RTC v. BVS Development, Inc. (9th Cir. 1994) 42 F.2d 1206, 1211],

14  whether the Ninth Circuit permits other defendants to remove while a case is on appeal is unclear

15  [see FDIC v. Letterman Bros. (9th Cir. 1992) 980 F.2d 1298, 1300 (holding that the removal statutes

16  "may imply that the case must still be pending in the state trial court, and not the appellate court, at

17  the time of removal")].

18         2.      **Mr. Love's Notice of Removal of Action was not timely filed**.  As discussed above

19  and as Mr. Love recognizes, removal is possible only if the time for removal has not expired. Here,

20  Mr. Love represents "[t]he [state] appellate court's March 23, 2007 opinion gave [him] his first

21  notice that this is now a civil action for which this court has original jurisdiction under 28 U.S.C.

22  §1331" [Notice Of Removal[1] 2:25-27], that "*[t]he ground for removal of this action appeared for*

23  *the first time in the appellate court's opinion*" (emphasis in original) [NOR 2:12-13].  Mr. Love is

24  mistaken.  The First Amended Complaint [the "FAC"] was served on Mr. Allen on April 25, 2005,

25  and included a Seventh Cause of Action for alleged Liability for Civil Rights Violation without

26  _____

27         [1]Notice Of Removal herein "NOR."

28                                                                    LOVE01587

_____

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS        Case No. 07-CV-0742 JAH(WMC)
                                    3

1 reference to any federal or state statute [FAC p. 27, attached as Exhibit "1" to Defendant's NOR at

2 p. 51]. On May 25, 2005, Mr. Love filed a demurrer to the FAC, including to the Seventh Cause of

3 Action for Liability for Civil Rights Violation. In his demurrer, Mr. Love stated "[t]he Seventh

4 Cause of Action fails to state and cannot be amended to state a cause of action for alleged violation

5 of civil rights," citing to <u>Jenkins v. MCI Telecommunications Corp.</u> (C.D. CA 1997) 973 F.Supp.

6 1133, 1136, because plaintiff "has not alleged and cannot allege that Love was a state actor" [Mr.

7 Love's Memoranduom of Points and Authorities in Support of Demurrer p. 7, attached as Exhibit

8 "1" to Defendant's NOR at p. 169]. <u>Jenkins</u> is a case wherein the "[p]laintiff assert[ed] causes of

9 action for violations of his civil rights under 42 U.S.C. §1983..." [<i>Id</i> at 1136] [herein "Section

10 1983"]. Thus, it had become apparent to Mr. Love no later than May 25, 2005 that the Seventh

11 Cause of Action of the FAC included a federal claim under Section 1983. In his Opposition to Mr.

12 Love's demurrer, plaintiff focused on California Civil Code §52.1(b) as a basis for the violation of

13 civil rights claims [see Plaintiff's Memorandum of Points and Authorities in Opposition to Demurrer,

14 p. 9, attached as Exhibit "1" to Defendant's NOR at p. 186]. Then, during oral argument before the

15 state trial court on September 2, 2005, plaintiff addressed the Section 1983 basis (included along

16 with the California Civil Code §52.1(b) basis) for the claims alleged in the Seventh Cause of Action.

17     "THE COURT: Let's go to the Seventh Cause of Action for civil
rights.

18

19     MR. ROGOZIENSKI: In that cause of action, your Honor, I neglected to, to speak about the <u>Dennis v. Sparks</u> case. <u>Dennis v. Sparks</u> is a Supreme Court case, the one that holds that co-conspirator is not

20 immune. That is a civil rights case.

21     It is a civil rights case under 42 U.S.C. 1983. And what that case additionally holds - - and this deals with the acting under color

22 of state law issue, whether or not it exists in these circumstances; and I'm reading from page 27, 28 of that case - - 'to act under color of

23 state law for section 1983 purposes does not require that the defendant be an officer of the state. It is enough that he is' willfully -

24 - 'that he is a willful participant in joint action with the state or its agents. Private persons jointly engaged with state firms in the

25 challenged action are acting under color of law for purposes of section 1983.'

26

27     So as to Mr. Love, you have that element satisfied in an action

28

---

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS
    Case No. 07-CV-0742 JAH(WMC)

LOVE01588

1   under Section 1983, the Federal Civil Rights Statute. That statute does not require, as the Unruh Statute does, the malicious intent and
2   so forth" [RT: 21:4-26; attached as Exhibit "1" to Defendant's NOR at p. 312]."

3   Presumably, Mr. Love obtained a copy of the Reporter's Transcript no later than when he filed his

4   Respondent's Brief in the California Court of Appeal on August 25, 2006. Mr. Love was further

5   aware from Appellant's Opening Brief in the California Court of Appeal served on May 4, 2006,

6   wherein it states under the heading "Liability For Civil Rights Violation (Plaintiff's Seventh Cause

7   of Action)" that:

8   "Title 42 U.S.C. §1983 provides that:

9

10  'Every person who, under color of any statute, ordinance, regulations, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the Untied States or other

11  person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

12  be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.'

13

14  ...

15  As to this cause of action, the trial court sustained the demurrer as against Mr. Love because "plaintiff has failed to allege any facts to support the allegation that Mr. Love engaged in any acts of threats,

16  intimidation or coercion by way of state action" [AA II, 27, 451]. The trial court erred in so ruling.

17

18  In a civil rights action under 28 U.S.C. §1983, threats, intimidation or coercion are not required, and "under color of" state action is provided because private persons conspiring with a judge are acting

19  under color of state law [Dennis v. Sparks, supra at 28-29 ("Private parties who corruptly conspire with a judge in connection with such conduct are thus acting under color of state law within the meaning

20  of §1983...)]. "[A] private party involved in such a conspiracy [with

21  a state official], even though not an official of the State, can be liable under §1983. 'Private persons, jointly engaged with state officials in

22  the prohibited action, are acting under color' of law for purposes of the statute. To act 'under color' of law does not require the accused

23  be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents' (citations)" [Adickes v.

24  S.H. Kress & Co. (1970) 398 U.S. 144, 152]. Here, it is alleged that Mr. Love conspired with Mr. Allen both in making the Gift to Mr.

25  Allen and in continuing to pursue and obtain rulings and orders from Mr. Allen after the Gift had been accepted and Mr. Allen was thus

26  disqualified from further acting as temporary judge in the Underlying Proceeding [see Section IIF "The Conspiracy Between Mr. Love and

27

28

LOVE01589

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS          Case No. 07-CV-0742 JAH(WMC)
5

1    Mr. Allen" *supra*].

2    ...

3    Plaintiff's complaint sufficiently alleges a civil rights violation against
     Mr. Love" [Appellant's Opening Brief 46-49, attached as Exhibit "2"
4    at pp. 79-82].

5
     Footnote 12 also states that "Plaintiff ... addressed 42 U.S.C. §1983 in oral argument [RT 21:4-26]"
6
     [Appellant's Opening Brief p. 47, attached as Exhibit "2" to Defendant's NOR at p. 80]. In footnote
7
     3 of his Respondent's Brief filed on August 25, 2006, Mr. Love acknowledged that plaintiff "believes
8
     he has a claim under 42 U.S.C §1983" and sought to distinguish the Supreme Court's holding in
9
     Dennis v. Sparks (1980) 449 U.S. 24, 28, 101 S.Ct. 183, that "'under color of 'state law for §1983
10
     does require the defendant be an officer of the State [and] it is enough that he is a willful participant
11
     in joint action with the State or its agents" [Respondent's Brief, p. 20, attached as Exhibit "2" to
12
     Defendant's NOR at p. 720]. And Mr. Love was also aware from Appellant's Reply Brief in the
13
     California Court of Appeal served on October 16, 2006, wherein it states under the heading
14
     "Liability For Civil Rights Violation (Plaintiff's Seventh Cause of Action)" that:
15
16           "... Appellant has clearly stated a civil rights action against Mr. Love
             under 42 U.S.C. §1983..." [Appellant's Reply Brief, p. 8, attached as
17           Exhibit "2" to Defendant's NOR at p. 759].

18   Mr. Love did not file his Notice Of Removal Of Action until April 23, 2007, which is nearly 24

19   months after Mr. Love filed his demurrer to the FAC, more than 19 months after the oral argument,

20   nearly 12 months after he was served with Appellant's Opening Brief, and more than 6 months after

21   he was served with Appellant's Reply Brief. In short, Mr. Love's Notice Of Removal was not timely

22   served.

23        3.    **Not all defendants have joined in or consented to Mr. Love's removal.** As

24   discussed above and as Mr. Love seems to recognize, all defendants must join in or consent to the

25   notice of removal. Here, Mr. Allen is a co-defendant in the state court action presently pending in

26   the Supreme Court of California (see discussion in paragraph 4, *infra*). Mr. Allen has not joined in

27

28                                                              LOVE01590

1  or consented to Mr. Love's Notice Of Removal Of Action.  Mr. Love states that Mr. "Allen is not

2  joining the removal because the 42 U.S.C. §1983 claim is only against Love [and] [t]he appellate

3  court affirmed the trial court's order sustaining the demurrer as to Allen in its entirety and Allen is

4  no longer a party to the action" [NOR 3:20-22].  Mr. Love is mistaken.  The Seventh Cause of

5  Action of the FAC for alleged Violation of Civil Rights is against both him and Mr. Allen (see FAC

6  p. 27, attached as Exhibit "1" to Defendant's NOR at p. 51), and Mr. Allen remains a party to the

7  action which is pending in the appellate court.

8      **4.**    **Removal from Supreme Court of California is uncertain**.  As discussed above,

9  even assuming, *arguendo*, that Mr. Love's Notice Of Removal Of Action was timely served (which

10  it was not) and properly joined in by all defendants (which it was not), it is unclear whether a state

11  court case can be removed while on appeal in the state courts.  Here, the state court case is pending

12  before the California Supreme Court, and that court has stated (after its receipt of a copy of Mr.

13  Love's Notice Of Removal Of Action) that it will process Plaintiff's petition for review in accordance

14  with its normal procedures and jurisdiction will revert to the state court of appeal after the Supreme

15  Court's decision on the petition for review is final [see copy of letter to counsel for Mr. Love from

16  the Court Administrator and Clerk of the Supreme Court of California dated May 11, 2007, lodged

17  herewith as Exhibit "1"[2]].

18      **5.**    **Sanctions**. Federal Courts have authority under Rule 11 of the Federal Rules of Civil

19  Procedure and their inherent equitable power to assess attorney's fees as sanctions against a party

20  whose litigation conduct is found to be "vexatious" or in "bad faith" [Hewitt v. City of Stranton,

21  *supra*; Roadway Express, Inc. v. Piper (1980) 447 U.S. 752, 766-767, 100 S.Ct. 2455, 2464; and

22  Grinnel Brothers, Inc. v. Touche Ross & Co. (6th Cir. 1981) 655 F.2d 725, 727 (upholding award of

23  fees "in the interest of justice")].

24      Here, while it may be unclear whether the action can be removed from the Supreme Court

25

26      [2]For completeness, a copy of a letter from Mr. Love's counsel to the Supreme Court of
California dated May 15, 2007 is lodged herewith as Exhibit "2".

27

28

LOVE01591

1   of California (see Section 4, *supra*), there is no uncertainty that all defendants must join in the notice

2   of removal, and the notice of removal must have been filed "within 30 days after the receipt by

3   defendants, through service or otherwise, of a copy of [a] ... motion ... or other paper from which it

4   may first be ascertained that the case is one which ... has become removable..." [42 U.S.C. §1446(b);

5   Harris v. Banker's Life & Casualty Co., *supra*, 425 F.3d at 696]. Here, Mr. Love misstates Mr.

6   Allen's status as a co-defendant (see Section 3, *supra*), and contrary to Mr. Love's representations

7   in his Notice Of Removal Of Action that "[t]he [state] appellate court's March 23, 2007 opinion gave

8   [him] his first notice that this is now a civil action for which this court has original jurisdiction under

9   28 U.S.C. §1331" [NOR 2:25-27] and that "*[t]he ground for removal of this action appeared for the*

10  *first time in the appellate court's opinion*" (emphasis in original) [NOR 2:12-13], Mr. Love, in fact,

11  was aware at the time he filed his demurrer, and had been told in oral argument on his demurrer and

12  in the transcript of that proceeding, had been told in Appellant's Opening Brief and again in

13  Appellant's Reply Brief (see Section 2, *supra*) that the Seventh Cause of Action of the FAC included

14  a federal claim based on 42 U.S.C. 1983. Significantly, Mr. Love has not called to the Court's

15  attention or discussed in his Notice Of Removal Of Action any of these earlier pleadings and papers.

16  Mr. Love's failure to discuss these material facts of his earlier awareness, and his misstatement of

17  Mr. Allen's status, which demonstrate the impropriety of his removal, are evidence of bad faith, and

18  justify an award of sanctions.

19          6.      **Conclusion**.  For each of the reasons hereinabove set forth, the within case should

20  be remanded to the California state court and Mr. Love should be ordered to pay to Plaintiff

21  sanctions.

22                                  Respectfully submitted,

23                                  FRANK E. ROGOZIENSKI, INC.

24

25                          By:     /s/Frank E. Rogozienski
                                    Frank E. Rogozienski
26                                  Attorney for Plaintiff

27

28                                                                          LOVE01592

AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS            — Case No. 07-CV-0742 JAH(WMC)
                                    8

1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
2   FRANK E. ROGOZIENSKI, INC.
   A Professional Corporation
3   Attorneys at Law
   1660 Union Street, Third Floor
4   San Diego, CA 92101
   Telephone: (619)237-1878
5   Facsimile: (619)237-1870

6   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8               UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
   FRANK E. ROGOZIENSKI,   )   CASE NO. 07 CV 0742 JAH(WMC)
11                  )
         Plaintiff,   )   PROOF OF SERVICE
12   v.                )
                  )
13   JAMES D. ALLEN, S. MICHAEL   )
   LOVE, and DOES 1 through 10,   )
14   inclusive,              )
                  )
15         Defendants.   )
   _____)
16

17      I, the undersigned, certify and declare that I am a citizen of the
   United States, over the age of 18 years, employed in the County of San
18   Diego, State of California, at the above address and not a party to the
   above entitled cause. On May 22, 2007, I caused to be served by United
19   States First Class Mail postage prepaid, a copy of the attached:

20      1.   AMENDED NOTICE OF MOTION AND MOTION TO REMAND AND FOR
          SANCTIONS; AND
21      2.   AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
          MOTION TO REMAND AND FOR SANCTIONS.
22

23   as follows:

24   DONALD A. ENGLISH, ESQ.      DANIEL M. WHITE, ESQ.
   ENGLISH & GLOVEN         WHITE & OLIVER
25   550 West "C" St., No. 1800   550 West "C" Street, No. 950
   San Diego, CA 92101        San Diego, CA 92101
26   / / / /

27   / / / /

28                                LOVE01593

1

SAN DIEGO SUPERIOR COURT
2    COUNTY OF SAN DIEGO
330 W. Broadway
3    San Diego, CA 92101

CALIFORNIA COURT OF APPEAL
FOURTH APPELL. DIST., DIV ONE
750 "B" Street, Room 300
San Diego, CA 92101

4    SUPREME COURT OF CALIFORNIA
350 McAllister Street
5    San Francisco, CA 94102

6    Executed on: May 29, 2007

7        I declare under penalty of perjury under the laws of the State of
California that the above is true and correct.

8

9                                              Sherryl M. Bolinger

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01594

Proof of Service                    2            — 07-CV-0742 JAH(WMC)

*courtesy copy*

1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
    FRANK E. ROGOZIENSKI, INC.
2   A Professional Corporation
    Attorneys at Law
3   1660 Union Street, Third Floor
    San Diego, CA 92101
4   Telephone: (619)237-1878
    Facsimile: (619)237-1870
5
6   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10                                   GIC 843843

11  FRANK E. ROGOZIENSKI,            )   Case No. 07-CV-0742 JAH(WMC)
                                     )
12            Plaintiff,             )   NOTICE OF MOTION AND MOTION TO
                                     )   REMAND AND FOR SANCTIONS
13        v.                         )
                                     )   DATE: 07/26/2007
14  JAMES D. ALLEN, S. MICHAEL LOVE  )   TIME: 3:00 p.m.
    and DOES 1 through 10, inclusive,)   COURTROOM: 11
15                                   )   HON. JOHN A. HOUSTON
              Defendants.            )
16                                   )
                                     )
17  ─────────────────────────────── )

18        TO DEFENDANTS, S. MICHAEL LOVE and JAMES D. ALLEN and their attorneys of

19  record:

20        PLEASE TAKE NOTICE that on July 26, 2007, at 3:00 p.m., or as soon thereafter as the

21  matter may be considered by the Court, located at 940 Front Street, San Diego, CA 92101, in

22  Courtroom 11, Plaintiff will, and hereby does, move the Court for a Motion To Remand this matter

23  to the California state courts. This motion is made on the grounds, each and all, that:

24        1.    Defendant's Notice of removal was not filed within 30 days after receipt by

25  Defendant of a copy of the order or other paper from which it could first be ascertained the case was

26  then one which is or had become removable under 28 USC 1446(b);

27

28

─────────────────────────────────────────────────────────────────
NOTICE OF MOTION AND MOTION TO REMAND          Case No. 07-CV-0742 JAH(WMC)

                                1

LOVE01595

1    2.    Not all Defendants have joined in or consented to the removal; and

2    3.    Removal from the California appellate courts is unclear.

3 Plaintiff further requests an award of sanctions on the grounds Mr. Love's Notice Of Removal is

4 frivolous and interposed in bad faith and for purposes of delay.

5    This motion is based on this Notice of Motion and Motion, the Memorandum of Points and

6 Authorities and the Certification Of Exhibits and Exhibits filed concurrently herewith, the pleadings

7 on file herein, and such other and further matters as may be presented to the Court.

8 Dated: May 22, 2007    FRANK E. ROGOZIENSKI, INC.

9

10    By:_____
              Frank E. Rogozienski
11            Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO REMAND    Case No. 07-CV-0742 JAH(WMC)

LOVE01596

FILED
CIVIL BUSINESS OFFICE 2
CENTRAL DIVISION
FILE STAMP
2007 MAY 23 PM 12:41
CLERK SUPERIOR COURT
SAN DIEGO COUNTY, CA

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870
5
   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11 FRANK E. ROGOZIENSKI,              )   Case No. 07-CV-0742 JAH(WMC)
                                      )
12              Plaintiff,            )   MEMORANDUM OF POINTS AND
                                      )   AUTHORITIES IN SUPPORT OF MOTION TO
13       v.                           )   REMAND AND FOR SANCTIONS
                                      )
14 JAMES D. ALLEN, S. MICHAEL LOVE    )   DATE: 07/26/2007
   and DOES 1 through 10, inclusive,  )   TIME: 3:00 p.m.
15                                    )   COURTROOM: 11
                Defendants.           )   HON. JOHN A. HOUSTON
16                                    )
                                      )
17 ───────────────────────────────────

18                     **MOTION TO REMAND**

19     1.     **Legal Standards**.

20            (a)     **Federal court has limited jurisdiction**. The federal court is one of limited

21 jurisdiction [see <u>Gould v. Mutual Life Ins. Co. v. New York</u> (9th Cir. 1986) 790 F.2d 769, 774]. As

22 such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction

23 [<u>Steel Co. v. Citizens for a Better Environment</u> (1998) 523 U.S. 83, 94, 118 S. Ct. 1003, 1012].

24 Removal jurisdiction is governed by 28 U.S.C. §1441, et seq. A state court action can only be

25 removed if it could have originally been brought in federal court [<u>Caterpillar, Inc. v. Williams</u>

26 (1987) 482 U.S. 386, 392, 107 S.Ct. 2425].

27

28

1          (b)   **Defendant has the burden to establish removal is proper; removal statute**

2    **is strictly construed against removal**.  The defendant has the burden of establishing that removal

3    is proper, supporting his jurisdictional allegations with competent proof [California ex rel. Lockyer

4    v. Dynegy, Inc. (9th Cir. 2004) 375 F.2d 831, 838; Miller v. Diamond Shamrock Co. (5th Cir. 2001)

5    275 F.3d 414, 417; Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566; and Nishimoto v.

6    Federaman-Bachrah & Assocs. (9th Cir. 1990) 903 F.2d 709, 712 fn 3].  District courts must construe

7    the removal statutes strictly against removal and resolve any uncertainty as to removability in favor

8    of remanding the case to state court [Boggs v. Lewis (9th Cir. 1988) 863 F.2d 662, 663; Gaus v.

9    Miles, Inc., *supra*, 980 F.2d at 566; and Shamrock Oil & Gas Corp. v. Sheets (1994) 313 U.S. 100,

10    108-109].

11          (c)   **Defendant must timely file notice of removal**.  The defendant must file a

12    timely notice of removal [28 U.S.C. §1446(b)].  The notice of removal must be filed "within 30 days

13    after receipt by defendants, through service or otherwise, of a copy of an amended pleading, motion,

14    order or other paper from which it may be first ascertained that the case is one which is or has

15    become removable..." [*Id*].  The Ninth Circuit has determined that removability was first

16    "ascertained," for purposes of Section 1446(b), when "it became apparent" to the defendant that the

17    case had become removable [Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 689,

18    696].

19          (d)   **All defendants must consent to removal**.  Where there are multiple

20    defendants in the action, the right to remove belongs to them jointly.  Therefore, all defendants who

21    may properly join in the removal notice must join.  If any of them refuses, the action cannot be

22    removed [Hewitt v. City of Stranton (9th Cir. 1986) 798 F.2d 1230, 1232 (upholding imposition of

23    sanctions for improper removal where not all defendants joined in the notice of removal) ; Doe v.

24    Kenwood (5th Cir. 1992) 969 F.2d 165, 168 (holding that in order for defendant to remove a case

25    under the general removal statute, defendant must obtain the consent of all co-defendants even if

26    those co-defendants would not themselves be entitled to remove the case); and Panino v. FHP, Inc.

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS      Case No. 07-CV-0742 JAH(WMC)
2

LOVE01598

1  (9th Cir. 1998) 146 F.3d 699, 703 (holding that "[a]ll defendants must join a notice of removal

2  (citation), and a proper notice must be filed within 30 days... (citation)"). All defendants on

3  removable claims, even supplemental parties, must join in the notice of removal since they are

4  parties to "one constitutional case" [Chicago, Rock Island & Pacific Ry. v. Martin (1900) 178 U.S.

5  245, 248, 20 S.Ct. 854, 855; and City of Chicago v. International College of Surgeons (1997) 522

6  U.S. 156, 165, 118 S.Ct. 523, 529-530 (holding that if state law claims are transactionally related

7  (i.e., supplemental) to the federal claim, there would have been original federal jurisdiction over the

8  entire action)].

9        (e)   **Removal from state appellate court is unclear**. While the Ninth Circuit has

10  recognized the authority of the Resolution Trust Corporation (the "RTC") to remove a case from a

11  state appellate court before judgment is final because the removal statute applicable to the RTC (12

12  USC §1441(a)(l)) is broad enough to confer this power [RTC v. Bayside Developers (9th Cir. 1995)

13  43 F.3d 1230, 1236; and RTC v. BVS Development, Inc. (9th Cir. 1994) 42 F.2d 1206, 1211],

14  whether the Ninth Circuit permits other defendants to remove while a case is on appeal is unclear

15  [see FDIC v. Letterman Bros. (9th Cir. 1992) 980 F.2d 1298, 1300 (holding that the removal statutes

16  "may imply that the case must still be pending in the state trial court, and not the appellate court, at

17  the time of removal")].

18        2.   **Mr. Love's Notice of Removal of Action was not timely filed**. As discussed above

19  and as Mr. Love recognizes, removal is possible only if the time for removal has not expired. Here,

20  Mr. Love represents "[t]he [state] appellate court's March 23, 2007 opinion gave [him] his first

21  notice that this is now a civil action for which this court has original jurisdiction under 28 U.S.C.

22  §1331" [Notice Of Removal[1] 2:25-27], that "*[t]he ground for removal of this action appeared for*

23  *the first time in the appellate court's opinion*" (emphasis in original) [NOR 2:12-13]. Mr. Love is

24  mistaken. The First Amended Complaint [the "FAC"] was served on Mr. Allen on April 25, 2005,

25  and included a Seventh Cause of Action for alleged Liability for Civil Rights Violation without

26

27       [1]Notice Of Removal herein "NOR."

28

LOVE01599

1   reference to any federal or state statute [FAC p. 27, attached as Exhibit "1" to Defendant's NOR at

2   p. 51]. On May 25, 2005, Mr. Love filed a demurrer to the FAC, including to the Seventh Cause

3   of Action for Liability for Civil Rights Violation. In his demurrer, Mr. Love stated "[t]he Seventh

4   Cause of Action fails to state and cannot be amended to state a cause of action for alleged violation

5   of civil rights," citing to <u>Jenkins v. MCI Telecommunications Corp.</u> (C.D. CA 1997) 973 F.Supp.

6   1133, 1136, because plaintiff "has not alleged and cannot allege that Love was a state actor" [Mr.

7   Love's Memoranduom of Points and Authorities in Support of Demurrer p. 7, attached as Exhibit

8   "1" to Defendant's NOR at p. 169]. <u>Jenkins</u> is a case wherein the "[p]laintiff assert[ed] causes of

9   action for violations of his civil rights under 42 U.S.C. §1983..." [<i>Id</i> at 1136] [herein "Section

10  1983"]. Thus, it had become apparent to Mr. Love no later than May 25, 2005 that the Seventh

11  Cause of Action of the FAC included a federal claim under Section 1983. In his Opposition to Mr.

12  Love's demurrer, plaintiff focused on California Civil Code §52.1(b) as a basis for the violation of

13  civil rights claims [see Plaintiff's Memorandum of Points and Authorities in Opposition to Demurrer,

14  p. 9, attached as Exhibit "1" to Defendant's NOR at p. 186]. Then, during oral argument before the

15  state trial court on September 2, 2005, plaintiff addressed the Section 1983 basis (included along

16  with the California Civil Code §52.1(b) basis) for the claims alleged in the Seventh Cause of Action.

17          "THE COURT: Let's go to the Seventh Cause of Action for civil
        rights.

18

19      MR. ROGOZIENSKI: In that cause of action, your Honor, I
        neglected to, to speak about the <u>Dennis v. Sparks</u> case. <u>Dennis v.</u>

20      <u>Sparks</u> is a Supreme Court case, the one that holds that co-conspirator
        is not immune. That is a civil rights case.

21          It is a civil rights case under 42 U.S.C. 1983. And what that
        case additionally holds - - and this deals with the acting under color

22      of state law issue, whether or not it exists in these circumstances; and
        I'm reading from page 27, 28 of that case - - 'to act under color of

23      state law for section 1983 purposes does not require that the
        defendant be an officer of the state. It is enough that he is' willfully -

24      - 'that he is a willful participant in joint action with the state or its
        agents. Private persons jointly engaged with state firms in the

25      challenged action are acting under color of law for purposes of
        section 1983.'

26          So as to Mr. Love, you have that element satisfied in an action

27

28

LOVE01600

1    under Section 1983, the Federal Civil Rights Statute. That statute
     does not require, as the Unruh Statute does, the malicious intent and
2    so forth" [RT: 21:4-26; attached as Exhibit "1" to Defendant's NOR
     at p. 312]."
3
Presumably, Mr. Love obtained a copy of the Reporter's Transcript no later than when he filed his
4
Respondent's Brief in the California Court of Appeal on August 25, 2006. Mr. Love was further
5
aware from Appellant's Opening Brief in the California Court of Appeal served on May 4, 2006,
6
wherein it states under the heading "Liability For Civil Rights Violation (Plaintiff's Seventh Cause
7
of Action)" that:
8
9        "Title 42 U.S.C. §1983 provides that:

10        'Every person who, under color of any statute, ordinance,
          regulations, custom, or usage, of any State or Territory, subjects, or
11        causes to be subjected, any citizen of the Untied States or other
          person within the jurisdiction thereof to the deprivation of any rights,
12        privileges, or immunities secured by the Constitution and laws, shall
          be liable to the party injured in an action at law, suit in equity, or
13        other proper proceeding for redress.'

14        ...

15        As to this cause of action, the trial court sustained the demurrer as
          against Mr. Love because "plaintiff has failed to allege any facts to
16        support the allegation that Mr. Love engaged in any acts of threats,
          intimidation or coercion by way of state action" [AA II, 27, 451].
17        The trial court erred in so ruling.

18        In a civil rights action under 28 U.S.C. §1983, threats, intimidation
          or coercion are not required, and "under color of" state action is
19        provided because private persons conspiring with a judge are acting
          under color of state law [Dennis v. Sparks, supra at 28-29 ("Private
20        parties who corruptly conspire with a judge in connection with such
          conduct are thus acting under color of state law within the meaning
21        of §1983...)]. "[A] private party involved in such a conspiracy [with
          a state official], even though not an official of the State, can be liable
22        under §1983. 'Private persons, jointly engaged with state officials in
          the prohibited action, are acting under color' of law for purposes of
23        the statute. To act 'under color' of law does not require the accused
          be an officer of the State. It is enough that he is a willful participant
24        in joint activity with the State or its agents' (citations)" [Adickes v.
          S.H. Kress & Co. (1970) 398 U.S. 144, 152]. Here, it is alleged that
25        Mr. Love conspired with Mr. Allen both in making the Gift to Mr.
          Allen and in continuing to pursue and obtain rulings and orders from
26        Mr. Allen after the Gift had been accepted and Mr. Allen was thus
          disqualified from further acting as temporary judge in the Underlying
27        Proceeding [see Section IIF "The Conspiracy Between Mr. Love and

28

---

LOVE01601

1      Mr. Allen" *supra*].

2          ...

3      Plaintiff's complaint sufficiently alleges a civil rights violation
       against Mr. Love" [Appellant's Opening Brief 46-49, attached as
4      Exhibit "2" at pp. 79-82].

5
       Footnote 12 also states that "Plaintiff ... addressed 42 U.S.C. §1983 in oral argument [RT 21:4-26]"
6
       [Appellant's Opening Brief p. 47, attached as Exhibit "2" to Defendant's NOR at p. 80].  In footnote
7
       3 of his Respondent's Brief filed on August 25, 2006, Mr. Love acknowledged that plaintiff
8
       "believes he has a claim under 42 U.S.C §1983" and sought to distinguish the Supreme Court's
9
       holding in <u>Dennis v. Sparks</u> (1980) 449 U.S. 24, 28, 101 S.Ct. 183, that "'under color of 'state law'
10
       for §1983 does require the defendant be an officer of the State [and] it is enough that he is a willful
11
       participant in joint action with the State or its agents" [Respondent's Brief, p. 20, attached as Exhibit
12
       "2" to Defendant's NOR at p. 720].  And Mr. Love was also aware from Appellant's Reply Brief in
13
       the California Court of Appeal served on October 16, 2006, wherein it states under the heading
14
       "Liability For Civil Rights Violation (Plaintiff's Seventh Cause of Action)" that:
15
                  "... Appellant has clearly stated a civil rights action against Mr. Love
16                under 42 U.S.C. §1983..." [Appellant's Reply Brief, p. 8, attached as
                  Exhibit "2" to Defendant's NOR at p. 759].
17

18     Mr. Love did not file his Notice Of Removal Of Action until April 23, 2007, which is nearly 24

19     months after Mr. Love filed his demurrer to the FAC, more than 19 months after the oral argument,

20     nearly 12 months after he was served with Appellant's Opening Brief, and more than 6 months after

21     he was served with Appellant's Reply Brief.  In short, Mr. Love's Notice Of Removal was not timely

22     served.

23          3.     <u>**Not all defendants have joined in or consented to Mr. Love's removal.**</u>  As

24     discussed above and as Mr. Love seems to recognize, all defendants must join in or consent to the

25     notice of removal.  Here, Mr. Allen is a co-defendant in the state court action presently pending in

26     the Supreme Court of California (see discussion in paragraph 4, *infra*).  Mr. Allen has not joined in

27

28
       _____

       MEMORANDUM OF POINTS AND AUTHORITIES IN
       SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS          Case No. 07-CV-0742 JAH(WMC)
                                    6

LOVE01602

1   or consented to Mr. Love's Notice Of Removal Of Action. Mr. Love states that Mr. "Allen is not

2   joining the removal because the 42 U.S.C. §1983 claim is only against Love [and] [t]he appellate

3   court affirmed the trial court's order sustaining the demurrer as to Allen in its entirety and Allen is

4   no longer a party to the action" [NOR 3:20-22]. Mr. Love is mistaken. The Seventh Cause of

5   Action of the FAC for alleged Violation of Civil Rights is against both him and Mr. Allen (see FAC

6   p.   , attached as Exhibit "1" to Defendant's NOR at p.    ), and Mr. Allen remains a party to the

7   action which is pending in the appellate court.

8       4.    <u>**Removal from Supreme Court of California is uncertain**</u>. As discussed above,

9   even assuming, *arguendo*, that Mr. Love's Notice Of Removal Of Action was timely served (which

10  it was not) and properly joined in by all defendants (which it was not), it is unclear whether a state

11  court case can be removed while on appeal in the state courts. Here, the state court case is pending

12  before the California Supreme Court, and that court has stated (after its receipt of a copy of Mr.

13  Love's Notice Of Removal Of Action) that it will process Plaintiff's petition for review in accordance

14  with its normal procedures and jurisdiction will revert to the state court of appeal after the Supreme

15  Court's decision on the petition for review is final [see copy of letter to counsel for Mr. Love from

16  the Court Administrator and Clerk of the Supreme Court of California dated May 11, 2007, lodged

17  herewith as Exhibit "1"[2]].

18      5.    <u>**Sanctions**</u>. Federal Courts have authority under Rule 11 of the Federal Rules of Civil

19  Procedure and their inherent equitable power to assess attorney's fees as sanctions against a party

20  whose litigation conduct is found to be "vexatious" or in "bad faith" [<u>Hewitt v. City of Stranton</u>,

21  *supra*; <u>Roadway Express, Inc. v. Piper</u> (1980) 447 U.S. 752, 766-767, 100 S.Ct. 2455, 2464; and

22  <u>Grinnel Brothers, Inc. v. Touche Ross & Co.</u> (6th Cir. 1981) 655 F.2d 725, 727 (upholding award of

23  fees "in the interest of justice")].

24      Here, while it may be unclear whether the action can be removed from the Supreme Court

25  _____

26      [2]For completeness, a copy of a letter from Mr. Love's counsel to the Supreme Court of
    California dated May 15, 2007 is lodged herewith as Exhibit "2".

27

28

_____

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS          Case No. 07-CV-0742 JAH(WMC)

7

LOVE01603

1  of California (see Section 4, *supra*), there is no uncertainty that the notice of removal must have

2  been filed "within 30 days after the receipt by defendants, through service or otherwise, of a copy

3  of [a] ... motion ... or other paper from which it may first be ascertained that the case is one which

4  ... has become removable..." [42 U.S.C. §1446(b); Harris v. Banker's Life & Casualty Co., *supra*,

5  425 F.3d at 696].  Here, Mr. Love misstates Mr. Allen's status as a co-defendant (see Section 3,

6  *supra*), and contrary to Mr. Love's representations in his Notice Of Removal Of Action that "[t]he

7  [state] appellate court's March 23, 2007 opinion gave [him] his first notice that this is now a civil

8  action for which this court has original jurisdiction under 28 U.S.C. §1331" [NOR 2:25-27] and that

9  "*[t]he ground for removal of this action appeared for the first time in the appellate court's opinion*"

10  (emphasis in original) [NOR 2:12-13], Mr. Love, in fact, was aware at the time he filed his demurrer,

11  and had been told in oral argument on his demurrer and in the transcript of that proceeding, had been

12  told in Appellant's Opening Brief and again in Appellant's Reply Brief (see Section 2, *supra*) that

13  the Seventh Cause of Action of the FAC included a federal claim based on 42 U.S.C. 1983.

14  Significantly, Mr. Love has not called to the Court's attention or discussed in his Notice Of Removal

15  Of Action any of these earlier pleadings and papers.  Mr. Love's failure to discuss these material

16  facts of his earlier awareness, and his misstatement of Mr. Allen's status, which demonstrate the

17  impropriety of his removal, are evidence of bad faith, and justify an award of sanctions.

18      6.    **Conclusion**.  For each of the reasons hereinabove set forth, the within case should

19  be remanded to the California state court and Mr. Love should be ordered to pay to Plaintiff

20  sanctions.

21                                    Respectfully submitted,

22                                    FRANK E. ROGOZIENSKI, INC.

23

24                                    By:   /s/Frank E. Rogozienski
25                                          Frank E. Rogozienski
                                            Attorney for Plaintiff
26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND AND FOR SANCTIONS       Case No. 07-CV-0742 JAH(WMC)
                        8

LOVE01604

FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANK E. ROGOZIENSKI, | ) | Case No. 07-CV-0742 JAH(WMC) |
| Plaintiff, | ) ) | CERTIFICATION OF EXHIBITS AND EXHIBITS LODGED IN SUPPORT OF |
| v. | ) ) | PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS |
| JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive, | ) ) | DATE: 07/26/2007 |
| Defendants. | ) ) | TIME: 3:00 p.m. COURTROOM: 11 |
| | ) | HON. JOHN A. HOUSTON |

I, FRANK E. ROGOZIENSKI, declare and state:

1.    I am an attorney at law duly admitted to practice before this court and am attorney for Plaintiff herein.

2.    Exhibit "1" attached hereto is a true copy of a letter to Mr. Love's counsel from the Court Administrator and Clerk of the Supreme Court of California dated May 11, 2007.

3.    Exhibit "2" attached hereto is a copy of a letter from Mr. Love's counsel to the Supreme Court of California dated May 15, 2007.

4.    Plaintiff lodges in support of his Motion To Remand And For Sanctions referenced

////

CERTIFICATION OF EXHIBITS AND EXHIBITS LODGED IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS    Case No. 07-CV-0742 JAH(WMC)

1

LOVE01605

1   in the accompanying Memorandum of Points and Authorities the following:

2         **Exhibit**                            **Description**

3          1           Letter dated May 11, 2007, from the Court Administrator and Clerk of the

4                           Supreme Court of California addressed to Mr. Love's counsel

5          2           Letter dated May 15, 2007, from Mr. Love's counsel to the Supreme Court of
                          California

6   Dated: May 22, 2007                        FRANK E. ROGOZIENSKI, INC.

7

8                                     By:   /s/ Frank E. Rogozienski
                                        Frank E. Rogozienski

9                                         Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   CERTIFICATION OF EXHIBITS AND EXHIBITS LODGED IN SUPPORT
    OF PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS        Case No. 07-CV-0742 JAH(WMC)

LOVE01606

# EXHIBIT "1"

LOVE01607

MARY JAMESON
AUTOMATIC APPEALS SUPERVISOR

JORGE NAVARRETE
SUPERVISING DEPUTY CLERK

SAN FRANCISCO
—

NATALIE ROBINSON
SUPERVISING DEPUTY CLERK

LOS ANGELES

SAN FRANCISCO 94102
EARL WARREN BUILDING
350 McALLISTER STREET
(415) 865-7000

☐    LOS ANGELES 90013
RONALD REAGAN BUILDING
300 SOUTH SPRING STREET
(213) 830-7570

## Supreme Court of California

FREDERICK K. OHLRICH
COURT ADMINISTRATOR AND
CLERK OF THE SUPREME COURT

May 11, 2007

Daniel M. White
White & Oliver
550 West C. Street, Stuite 950
San Diego, CA  92101

    Re:    **S151974 Rogozienski v. Allen**

Dear White:

      We acknowledge receipt of a copy of your Notice of Removal of Action, filed by defendant S. Michael Love apparently on April 23, 2007 in the U.S. District Court, Southern District of California.

      That Notice states erroneously in paragraph 10 that the action remains within the jurisdiction of the California Fourth District Court of Appeal and is scheduled for remittitur on May 23, 2007.  Our records show that a petition for review was filed on May 2, 2007 by Frank E. Rogozienski, S151974, plaintiff and appellant and is currently pending with this court.  This court will process the petition for review in accordance with our normal procedures and jurisdiction will revert to the Fourth District Court of Appeal, Division 1, after our decision on the review petition is final.  The court is expected to decide this petition on or before July 31, 2007.  A copy of our decision will be mailed to you the same day it is filed.

              Very truly yours,

              FREDERICK K. OHLRICH
              Court Administrator and
              Clerk of the Supreme Court

              By: J. Pérez, Deputy Clerk

Cc:    Counsels
       CA4 Div.1,
       U.S. District Court

LOVE01608

# EXHIBIT "2"

LOVE01609

MAY 1 7 2007

BY:..................

LAW OFFICES OF

# WHITE & OLIVER

A PROFESSIONAL CORPORATION
550 WEST C STREET, SUITE 950
SAN DIEGO, CALIFORNIA 92101-3551
Telephone (619) 239-0300
Facsimile (619) 239-0344

STEVEN G. AMUNDSON
samundson@whiteoliver.com

MELODIE A. MCATEE
Administrator

May 15, 2007

Supreme Court of California
350 McAllister Street
San Francisco, CA 94102
**Attn: J. Perez, Deputy Clerk**

    **Re:**   *Rogozienski v. Allen, et al.*
          California Supreme Court Case No.: S151974
          United States District Court, Southern District of California,
          Case No.: 07CV0742 JAH LSP
          California Court of Appeal, Fourth District, Division One,
          Case No.: D047858
          Our File No.: 2146-004

Dear Deputy Clerk Perez:

    Thank you for your letter of May 11, 2007. Thank you for discussing it with me on the phone. The Notice of Removal of Action which we filed on behalf of defendant S. Michael Love was filed on April 23, 2007 in the United States District Court, Southern District of California, Case No.: 07CV0742 JAH LSP. As will be discussed removal was automatic. The removal was effective immediately upon the filing of the notice of removal and accompanying documents, and federal jurisdiction to my understanding then became exclusive. Copies of the Notice of Removal, and the requisite accompanying documents, were simultaneously served on the California state court at all levels, including the California Supreme Court. This was done to place the state courts on actual notice that they no longer had jurisdiction to proceed.

    At the time the notice of removal was filed and as stated in the Notice, the action was still pending before the California Court of Appeal, Fourth District, Division One. Appellant Frank Rogozienski had not yet filed any petition for review to the California Supreme Court. Therefore I believe it was accurate for us to represent at the time that the action was pending before the California Court of Appeal, Fourth District, Division One.

    We are in a procedural and jurisdictional posture which I have never previously encountered. We believed, however, that it was necessary in order to protect our client's interest in and right to file a notice of removal that we proceed as we did. It is my understanding that the removal was effected immediately, and automatically by the filing of the Notice and requisite documents. 28 U.S.C. 1446(e). In other words, the U.S. District Court need not act on or take any affirmative action to rule on the Notice of Removal, for jurisdiction to be removed to the

LOVE01610

# WHITE & OLIVER

Supreme Court of California
**Attn: J. Perez, Deputy Clerk**
**Re:**    *Rogozienski v. Allen, et al.*
May 15, 2007
Page 2

federal court. My understanding on that point is contrary to what you explained to me was told to you. It is also my understanding that the state court at any level is without power to proceed further unless and until there is a remand. 28 U.S.C. section 1447(d). There has been no activity of that nature taken in the United States District Court, and there has been no remand.

Therefore I respectfully submit that the state courts are without jurisdiction to proceed further at this time. Any action taken by the state court may be void.

Respectfully,

WHITE & OLIVER

Steven G. Amundson

SGA:pc

cc:    Frank E. Rogozienski, Esq. ✓
       Donald A. English, Esq.
       S. Michael Love, Esq.
       Daniel M. White, Esq.
       U.S. District Court
       California Court of Appeal

LOVE01611

CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2007 JUN -4 A 11: 44

CLERK'S SUPERIOR COURT
SAN DIEGO COUNTY, CA

1
2  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
3  A Professional Corporation
   Attorneys at Law
4  1660 Union Street, Third Floor
   San Diego, CA 92101
5  Telephone: (619) 237-1878
   Facsimile: (619) 237-1870
6
   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
7

8                    UNITED STATES DISTRICT COURT

9              FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
   FRANK E. ROGOZIENSKI,        )    CASE NO. 07 CV 0742 JAH(WMC)
11                               )
              Plaintiff,         )    PROOF OF SERVICE
12  v.                           )
                                 )
13  JAMES D. ALLEN, S. MICHAEL   )
    LOVE, and DOES 1 through 10, )
14  inclusive,                   )
                                 )
15            Defendants.        )
    _____)
16

17      I, the undersigned, certify and declare that I am a citizen of the
    United States, over the age of 18 years, employed in the County of San
18  Diego, State of California, at the above address and not a party to the
    above entitled cause.  On May 22, 2007, I caused to be served by United
19  States First Class Mail postage prepaid, a copy of the attached:

20      1.   NOTICE OF MOTION AND MOTION TO REMAND AND FOR SANCTIONS;
        2.   MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION
21           TO REMAND AND FOR SANCTIONS; AND
        3.   CERTIFICATION OF EXHIBITS AND EXHIBITS LODGED IN SUPPORT OF
22           PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

23  as follows:

24  DONALD A. ENGLISH, ESQ.          DANIEL M. WHITE, ESQ.
    ENGLISH & GLOVEN                 WHITE & OLIVER
25  550 West "C" St., No. 1800       550 West "C" Street, No. 950
    San Diego, CA 92101              San Diego, CA 92101
26
    / / / /
27
    / / / /
28
                                                    LOVE01612

    _____
    Proof of Service              1         07-CV-0742 JAH(WMC)

1

2  SAN DIEGO SUPERIOR COURT          CALIFORNIA COURT OF APPEAL
   COUNTY OF SAN DIEGO               FOURTH APPELL. DIST., DIV ONE
3  330 W. Broadway                   750 "B" Street, Room 300
   San Diego, CA 92101               San Diego, CA 92101

4  SUPREME COURT OF CALIFORNIA
   350 McAllister Street
5  San Francisco, CA 94102

6  Executed on: May 22, 2007

7      I declare under penalty of perjury under the laws of the State of
   California that the above is true and correct.

8

9                                    Sherryl M. Bolinger

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                        LOVE01613

_____
Proof of Service              2          07-CV-0742 JAH(WMC)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

☑ CENTRAL, P.O. BOX 120128, 330 W. BROADWAY, SAN DIEGO, CA 92112-0128,
(619) 531-3141 (CIVIL)          (619) 615-6358 (UNLAWFUL DETAINER)
☐ KEARNY MESA, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA. 92123-1187, (858) 694-2066
☐ NORTH COUNTY, 325 S. MELROSE DR., VISTA, CA 92081-6643, (760) 726-9595
☐ EAST COUNTY, 250 E. MAIN ST., EL CAJON, CA 92020-3941, 619-441-4100
☐ RAMONA, 1428 MONTECITO RD., RAMONA, CA 92065-5200, (760) 738-2435
☐ SOUTH COUNTY, 500 3RD AVE., CHULA VISTA, CA 91910-5649, (619) 691-4430

CASE NUMBER: _____ GIC 843843

We are unable to process the attached _Notice of Motion_ for the reasons indicated below:

☐ $_____ fee is required for _____

☒ Case number is ☐ incorrect ☐ missing ☒ not this court's jurisdiction.  _Southern District court._

_Federal Court ?_

☐ Form is incomplete; see red X(s) / highlight.

☐ Document / Check is not ☐ dated ☐ signed.

☐ Original signature(s) are required.

☐ Submitted form is obsolete; use the most current revision attached.

☐ Documents are not legible. If not typed, forms must be legibly printed in black or blue-black ink. (CRC 201(c))

☐ Your pleading is not in compliance with CRC 201. Documents must be submitted on 8 1/2" X 11" paper and must be two-hole punched at the top.

☐ Each document filed by a fax filing agency shall contain the phrase "By fax" immediately below the title of the document. (CRC 2005(f))

☐ The first page of the pleading must specify immediately below the case number: the hearing date, time, department, name of the hearing judge if ascertainable, and trial date if assigned. (CRC 311(b))

☐ Summons must match the Complaint / Cross-complaint **exactly**.

☐ Complaint / Summons indicates another court location; file in appropriate court.

☐ In a Petition for Appointment of Guardian Ad Litem, if the minor is 14 years of age or older, the minor must be the petitioner or consent to the appointment of the Guardian Ad Litem. (CCP 373)

☐ Guardian Ad Litem cannot be a party to the action, absent a court order.

☐ A Petition for Appointment of Guardian Ad Litem must be filed at the same time as, and as a separate document from, the underlying complaint.

☒ Other: _If this is a courtesy copy please indicate our previous Superior Court Case number -_
_____
_____
_____

**Please return this form when you resubmit your document(s) and enclose a self-addressed envelope large enough for all documents, stamped with sufficient postage.**

CLERK OF THE SUPERIOR COURT

Date: 5-29-07 _____          by: _____, Deputy

☐ Checks Returned          Returned to ☐ Plaintiff ☐ Defendant ☒ Attorney via: _mail_          LOVE01614

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870
5
   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  FRANK E. ROGOZIENSKI,              )   Case No.  07-CV-0742 JAH(WMC)
                                       )
12                    Plaintiff,       )   REPLY TO OPPOSITION OF DEFENDANT,
                                       )   S. MICHAEL LOVE TO PLAINTIFF'S
13               v.                    )   MOTION TO REMAND AND FOR
                                       )   SANCTIONS
14  JAMES D. ALLEN, S. MICHAEL LOVE    )
    and DOES 1 through 10, inclusive,  )   DATE: 07/26/2007
15                                     )   TIME: 3:00 p.m.
                      Defendants.      )   COURTROOM: 11
16                                     )   HON. JOHN A. HOUSTON
                                       )
17  _____)

18       Plaintiff offers the following in brief reply to the Opposition of Defendant S. Michael Love

19  to Plaintiff's Motion to Remand and for Sanctions (herein "Love's Opposition"):

20               (a)    **Mr. Love's ad hominem attack on Plaintiff is inappropriate and**

21  **unwarranted.** Mr. Love's Opposition mounts an inappropriate and unwarranted ad hominem attack

22  on Plaintiff, as if Plaintiff somehow is responsible for Mr. Love's improper removal.  Mr. Love

23  accuses Plaintiff of improper pleading of the Seventh Cause of Action of Plaintiff's complaint,

24  speculating that "[p]erhaps as a matter of artful pleading to avoid the possibility of removal to the

25  federal court, [Plaintiff] did not reference Section 1983 as a statutory basis for his violation of [civil

26

27

28  REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
    TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
    PLAINTIFF                                              Case No. 07-CV-0742 JAH(WMC)

                                    1

LOVE01615

1  rights] claim" [Love's Opposition 2:6-7]. However, there is nothing improper in the pleading in

2  Plaintiff's complaint which in paragraph 99 of the Seventh Cause of Action alleges that "Defendants

3  interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of rights

4  to a fair trial secured by the Constitution and **laws of the United States** and of the State of

5  California" (emphasis added) [Ex. 1, p. 51:11-14]. California requires only that the complaint must

6  contain "a statement of the **facts** constituting the cause of action, in ordinary and concise language"

7  (emphasis added) [CCP §425.10]. There is no requirement to allege particular statutory provisions

8  in order to plead an action for violation of civil rights.

9           (b)    **Mr. Love has the burden to establish that removal is proper; and the**

10 **removal statute is strictly construed against removal**. Mr. Love does not (and cannot) dispute

11 that **he** has the burden to establish that removal is proper [see cases cited in section 1(b) of the

12 Amended Memorandum of Points and Authorities in Support of Plaintiff's Motion To Remand

13 ("Plaintiff's MPA")], and does not (and cannot) dispute that District Courts must construe removal

14 under 28 U.S.C. §1441 strictly against removal, resolving any uncertainty as to removability in favor

15 of remand of the case to the state court [see cases cited in section 1(b) of Plaintiff's MPA); and

16 Durham v. Lockheed Martin Corp. (9th Cir. 2006) 445 F.3d 1247, 1252 (holding that as to section

17 1441 removals, the removal statutes are to be strictly construed, and any doubts as to the right of

18 removal must be resolved in favor of remanding to state court)]. Here, Mr. Love's removal must be

19 examined with these principles in mind.

20          (c)    **Mr. Love has not timely filed his notice of removal**. As discussed in

21 section 1(c) of Plaintiff's MPA, the notice of removal must be filed "within 30 days after receipt by

22 defendants, through service or otherwise, of a copy of an amended pleading, motion, order or other

23 paper from which it may be first ascertained that the case is one which is or has become removable

24 ..." [28 U.S.C. §1446(b)], and the Ninth Circuit has determined that removability is first

25 "ascertained" for purposes of Section 1446(b), when "it becomes apparent" to the defendant that the

26

27

28 REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
   TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
   PLAINTIFF
                                                    Case No. 07-CV-0742 JAH(WMC)

LOVE01616

1    case has become removable [Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 689,

2    696], when defendant has "received a paper that gives them enough information to remove" [Durham

3    v. Lockheed Martin Corp., supra, 445 F.3d at 1251].  And as noted above, "[w]here the timeliness

4    of remand under section 1441 is at issue, it makes sense to presume that removal statutes are to be

5    strictly construed against federal court jurisdiction.  When the defendant receives enough facts to

6    remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock

7    starts ticking" [Durham v. Lockheed Martin Corp., supra, 445 F3d at 1253].

8           Here, Mr. Love does not (and cannot) dispute the accuracy of Plaintiff's recitation in section

9    2 of Plaintiff's MPA of the facts available to Mr. Love from papers served on him more than thirty

10   days prior to his filing his Notice Of Removal, including:

11          (1)    that Plaintiff had explained to the trial court on September 2, 2005 why

12   the Seventh Cause of Action sufficiently alleged a 42 U.S.C. §1983 claim, and that Mr. Love

13   received a copy of the written transcript of the hearing wherein these statements were made no later

14   than January 26, 2006 [RT:21:4-26; attached as Exhibit "1" to Defendant's Notice Of Removal at

15   p. 312];[1]

16          (2)    that Plaintiff in his Appellant's Opening Brief served on May 4, 2006,

17   had discussed 42 U.S.C. §1983 as a basis why "Plaintiff's complaint sufficiently alleges a civil rights

18   violation against Mr. Love" [Appellant's Opening Brief pp. 46-49, attached as Exhibit "2" to

19   Defendant's Notice Of Removal at pp. 79-82];

20          (3)    that Mr. Love in his Respondent's Brief filed on August 25, 2006, had

21   specifically set forth **his** knowledge that Plaintiff "believes he has a claim under 42 U.S.C. §1983"

22   and then sought to distinguish Plaintiff's citation to the Supreme Court's ruling in Dennis v. Sparks

23   (1980) 449 U.S. 24, 28 (holding that "under color of law for §1983 does not require the defendant

24   _____

25          [1]On January 26, 2006, Mr. Love (through his counsel) signed a Receipt For Reporter's
     Transcript of his hearing [NOR Ex. 1, p.290].

26

27                                                                      LOVE01617

28   REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
     TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
     PLAINTIFF                                          Case No. 07-CV-0742 JAH(WMC)

                                        3

1  be an officer of the State [and] it is enough that he is a willful participant in joint action with the

2  State or its agents)" [Respondent's Brief p. 20, f/n 3; attached as Exhibit "2" to Defendant's Notice

3  Of Removal at p. 270]; and

4          (4)   that Plaintiff in his Appellant's Reply Brief served on October 16,

5  2006, had specifically stated that "... **Appellant has clearly stated a civil rights action against Mr.**

6  **Love under 42 U.S.C. §1983**... ." (emphasis added) [Appellant's Reply Brief p. 8; attached as

7  Exhibit "2" to Defendant's Notice Of Removal at p. 759].

8  **All** of these pleadings and papers were served on Mr. Love more than six months before he filed his

9  Notice Of Removal, and by any subjective or objective standard, it could be "ascertained" (had

10  "become apparent") from each of these papers that the case was or had become removable. All of

11  Mr. Love's rhetoric cannot change these documentary facts, which clearly establish that Mr. Love's

12  Notice Of Removal was not timely filed.

13        (d)   **Mr. Love confuses the applicable requirements for removal under 28**

14  **U.S.C. §1446 (b)**, which addresses two circumstances: the first (which is **not** applicable here), where

15  the initial pleading sets forth a case which is removable; and the second (which is applicable here)

16  is where:

17          "If the case stated by the initial pleading is not removable, a notice of

18          removal may be filed within thirty days after receipt by the defendant,
        through service or otherwise, of a copy of an amended pleading,

19          motion, order or other paper from which it may first be ascertained
        that the case is one which is or has become removable ..." [28 U.S.C.

20          1446(b)].

21  Mr. Love's entire discussion of Plaintiff as "the master of his complaint" [Love's Opposition 6:25-

22  7:5] misses that what is stated (or not stated) within the four corners of Plaintiff's complaint is **not**

23  applicable in the facts here, where it is subsequent pleadings and papers from which it may first be

24  ascertained that the case is one which is or has become removable.

25        (e)   **Mr. Allen's consent to removal is required and has not been obtained**.

26

27

28  REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE         LOVE01618
TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
PLAINTIFF

Case No. 07-CV-0742 JAH(WMC)

4

1  Mr. "Love acknowledges that all defendants must consent to removal but [contends] Love was and

2  is the only remaining defendant" [Love's Opposition 7:11-13]. Mr. Love contends that because the

3  trial court sustained and Court of Appeal upheld Mr. Allen's general demurrer on grounds of judicial

4  immunity, Mr. Allen is no longer a defendant. However, what Mr. Love ignores is that these rulings

5  were not final at the time Mr. Love filed his Notice of Removal, and the Court of Appeal ruling

6  remained (and remains) subject to review by the Supreme Court. On April 23, 2007, Mr. Love

7  personally served a copy of his Notice Of Removal with exhibits on Mr. Allen (see Love's Notice

8  Of Removal 3:1-2). Plaintiff timely filed a Petition For Review with the California Supreme Court

9  seeking review of whether judicial immunity applied to Mr. Allen [see California Supreme Court

10  Docket attached as Attachment 1 [the "Supreme Court Docket"] to Mr. Love's Opposition at p. 1 of

11  2]. As discussed in the following section, on May 22, 2007, Mr. Allen filed his Answer to Plaintiff's

12  Petition For Review [see Supreme Court Docket at p. 1 of 2; and Answer of Respondent James D.

13  Allen to Petition For Review dated May 22, 2007; Exhibit "A", pp.1-15]. On the same day, Mr.

14  Love filed his Answer to Plaintiff's Petition For Review [see Supreme Court Docket p 1 of 2],

15  serving a copy on Mr. Allen through his counsel [see Proof of Service dated May 22, 2007, showing

16  service on "Counsel for Defendant" Mr. Allen; Exhibit "B", at pp. 1-3]. It is apparent from these

17  filings that Mr. Allen and Mr. Love both acknowledged and understood that Mr. Allen was (and

18  continues to be) a defendant in the within action. Failure to obtain Mr. Allen's consent is thus fatal

19  to Mr. Love's removal to this court. "If the defendant can't convince his co-defendant to remove, he's

20  stuck in state court" [Durham v. Lockheed Martin Corp., supra, 445 F.3d at 1253.

21      (f)    **Proceedings before the California Supreme Court**. Given the jurisdictional

22  time limitations within which a petition for review can be filed, Plaintiff timely filed his Petition For

23  Review with the California Supreme Court on May 2, 2007. As indicated in the Supreme Court

24  Docket, Answers to the Petition For Review were filed by Messrs. Allen and Love on May 22, 2007.

25  On July 11, 2007, "in light of S. Michael Love's Notice Of Removal Of Action, filed in the United

26

27

28  REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
    TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
    PLAINTIFF

LOVE01619

Case No. 07-CV-0742 JAH(WMC)

1  States District Court for the Southern District of California," the California Supreme Court struck

2  the Petition For Review filed May 2, 2007 and the Answers to the Petition For Review filed May 22,

3  2007, and the Reply to Answers to Petition For Review filed June 1, 2007.  In so doing, the

4  California Supreme Court further stated "[t]he Petition For Review, the Answers and the Reply are

5  lodged as 'received' [and] [i]f and when this Court receives notice that the matter has been remanded

6  by the United States District Court for the Southern District of California, these documents will be

7  deemed filed as of the date that this Court receives notice of such remand" [Supreme Court Docket

8  at p. 2 of 2].

9          (g)    **Removal from the California Court of Appeal or the California Supreme**

10  **Court is unclear**.  As discussed in section 1(e) of Plaintiff's MPA, even assuming, *arguendo*, that

11  Mr. Love's Notice Of Removal Of Action was timely filed (which it was not) and properly joined

12  in by all defendants (which it was not), it is unclear whether a state court case can be removed while

13  on appeal in the state courts.  Here, Mr. Love admits "the matter remains within the state appellate

14  court's jurisdiction" [Love's Notice Of Removal 3:5]; the state court case is pending before the

15  California Supreme Court and/or the California Court of Appeal.  Mr. Love's Opposition

16  acknowledges "the Ninth Circuit [has] indicated removal may not be available when a state court

17  matter is on appeal to the state appellate court" [Love's Opposition 9:24-25], citing to the Ninth

18  Circuit decision in <u>Federal Deposit Ins. Corp. v. Letterman Bros.</u> (9th Cir. 1992) 980 F.2d 1298

19  [discussed in section 1(e) of Plaintiff's MPA] and <u>Federal Deposit Ins. Co. v. Meyerland Co.</u> (5th Cir.

20  1992) 960 F.2d 512, 515-516 (holding "it is unclear whether the general removal statutes permit

21  appellate removal"), but states his "[e]xhaustive research produced no definitive answer" [Love's

22  Opposition 8:9-10].  Given the Ninth Circuit Court of Appeal's mandate (discussed in section (b)

23  above) that District Courts must construe uncertainty as to removability in favor of remand of the

24  case to the state court [<u>Durham v. Lockheed Martin Corp.</u>, *supra*, 445 F.3d at 1252; and <u>Harris v.</u>

25  <u>Bankers Life & Casualty Co.</u> (9th Cir. 2005) 425 F.3d 698, 696], Mr. Love's removal from the

26

27

28  REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
      TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
      PLAINTIFF

LOVE01620

Case No. 07-CV-0742 JAH(WMC)

1    California Supreme Court and/or California Court of Appeal should be remanded to the California

2    state courts.

3             (h)    **Sanctions**. "Absent unusual circumstances, attorney's fees should not be

4    awarded under §1447(c) when the removing party has an objectively reasonable basis for removal.

5    Conversely, where no objectively reasonable basis exists, fees should be awarded" [Martin v.

6    Franklin Capital Corporation (2005) 546 U.S. 132, 126 S.Ct. 704, 706]. "Absent unusual

7    circumstances, courts may award attorney's fees under §1447(c) only where the removing party

8    lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively

9    reasonable basis exists, fees should be denied (citations). In applying this rule, district courts retain

10   discretion to consider whether unusual circumstances warrant a departure from the rule in a given

11   case. For instance, a ... failure to disclose facts necessary to determine jurisdiction may affect the

12   decision to award attorney's fees" [Id at 711]. Here, attorney's fees should be awarded because Mr.

13   Love had no "objectively reasonable basis for removal," and also because of "unusual

14   circumstances." More specifically:

15            (i)    **No objectively reasonable basis for removal**. As discussed above,

16   Mr. Love has no "**objectively** reasonable" basis for removal. Mr. Love's spin of what he now

17   contends was his "subjective knowledge" [Love's Opposition 6:20] is irrelevant in the face of the

18   documented, objective facts. The **objective facts** (discussed in section (c) above) establish that Mr.

19   Love's Notice Of Removal was **not** filed within thirty days of Mr. Love's receipt of pleadings and

20   other papers from which it could be "ascertained" (had "become apparent") the seventh cause of

21   action of Plaintiff's complaint included a civil rights action against Mr. Love under 42 U.S.C. §1983,

22   and the **objective facts** (discussed in section (e) above) further establish that not all defendants (in

23   particular, Mr. Allen) have consented to Mr. Love's removal.

24            (ii)    **"Unusual circumstances"**. Mr. Love's Notice Of Removal did not

25   disclose facts necessary to determine jurisdiction. More specifically, paragraph 8 of Mr. Love's

26

27

28   REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
     TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
     PLAINTIFF

LOVE01621

Case No. 07-CV-0742 JAH(WMC)

7

1  Notice Of Removal states "*[t]he ground for removal of this action appeared for the first time in the*

2  *appellate court's opinion*" (italics in original), but nowhere did Mr. Love bring to the attention of this

3  Court: (1) that Plaintiff had explained to the trial court on September 2, 2005, why the seventh cause

4  of action sufficiently alleged a 42 U.S.C. §1983 claim, and that he (Mr. Love) had obtained a written

5  transcript of this hearing no later than January 26, 2006; (2) that in his Appellant's Opening Brief in

6  the California Court of Appeal served on May 4, 2006, Plaintiff had discussed 42 U.S.C. §1983 as

7  a basis why "Plaintiff's complaint sufficiently alleges a civil rights violation against Mr. Love

8  [Appellant's Opening Brief, p. 49; Exhibit "2" p.82]; (3) that Mr. Love himself acknowledged in his

9  Respondent's Brief in the California Court of Appeal his then understanding that Plaintiff "believes

10  he has a claim under 42 U.S.C. §1983" and then sought to distinguish the Supreme Court's ruling

11  in Dennis v. Sparks, *supra* at 48 (holding that "under color of law for §1983 does not require the

12  defendant be an officer of the State [and] it is enough that he is a willful participant in joint action

13  with the State or its agents"); and (4) that Plaintiff in his Reply Brief in the California Court of

14  Appeal specifically stated that "Appellant has clearly stated a civil rights action against Mr. Love

15  under 42 U.S.C. §1983" (see section (c) above).  Even in his Opposition, Mr. Love fails to disclose

16  that he received a copy of the written transcript of the hearing before the trial court, and completely

17  ignores that he represented in his Respondent's Brief in the California Court of Appeal his then

18  understanding that Plaintiff "believes he has a claim under 42 U.S.C. §1983." Mr. Love also falsely

19  stated in paragraph 13 of his Notice Of Removal that Mr. "Allen is not joining the removal because

20  the 42 U.S.C. 1983 claim is only against Love" (when the seventh cause of action setting forth this

21  claim is in fact against "all defendants' including Mr. Allen [NOL Exhibit "1" at p.51], and Mr. Allen

22  still has not joined in Mr. Love's removal).

23  ## CONCLUSION

24  For each of the reasons hereinabove set forth and in Plaintiff's (Amended) Memorandum of

25  Points and Authorities, the within case should be remanded to the California state court and Mr.

26

27

28  REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
PLAINTIFF

Case No. 07-CV-0742 JAH(WMC)

1    Love should be ordered to pay Plaintiff sanctions.

2    Dated: May 23, 2007                          FRANK E. ROGOZIENSKI, INC.

3

4                                        By:   /s/Frank E. Rogozienski
                                               Frank E. Rogozienski
5                                              Attorney for Plaintiff
                                               Email: rogolaw@pacbell.net
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28    REPLY TO OPPOSITION OF DEFENDANT S. MICHAEL LOVE                    LOVE01623
      TO PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS
      PLAINTIFF
                                                        Case No. 07-CV-0742 JAH(WMC)

                                    9

# EXHIBIT "A"

LOVE01624

IN THE SUPREME COURT STATE OF CALIFORNIA

FRANK E. ROGOZIENSKI,

    Plaintiff and Appellant,

    v.

JAMES D. ALLEN and S. MICHAEL LOVE,

    Defendants and Respondents.

Supreme Court No.  S151974
Court of Appeal No. D047858
Superior Court No.  GIC843843

After Decision by the Court of Appeal, Fourth Appellate District, Division One, Case No. D047858

---

## ANSWER OF RESPONDENT JAMES D. ALLEN TO PETITION FOR REVIEW

---

Donald A. English, Esq. (Bar No. 115569)
Christy I. Yee, Esq. (Bar No. 166238)
ENGLISH & GLOVEN
A Professional Corporation
550 West C Street, Suite 1800
San Diego, CA 92101-3545
Telephone: (619) 338-6610
Facsimile: (619) 338-6657
Attorneys for Respondent
James D. Allen

EXHIBIT "A" PAGE 1

LOVE01625

# TABLE OF CONTENTS

I.     OVERVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF THE CASE AND FACTS . . . . . . . . . . . . . . . . 1

III.   THE PETITION FOR REVIEW SHOULD BE DENIED . . . . . . . . 5

       A.     Judicial Immunity is a Well Established Doctrine . . . . . . . . . 5

       B.     Judicial Immunity Has Been Uniformly Applied
              to Alleged Judicial Misconduct . . . . . . . . . . . . . . . . . . . . . . . 8

IV.   CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . 13

LOVE01626

i

EXHIBIT "A" PAGE 2

# TABLE OF AUTHORITIES

### State Cases

Baar v. Tigerman
(1983) 140 Cal.App.3d 979 ..................................... 7

Frost v. Geernaert
(1988) 200 Cal.App.3d 1104 .............................. 9

Howard v. Drapkin
(1990) 222 Cal.App.3d 843 ......................... 5, 8, 9

In re Marriage of Assemi
(1994) 7 Cal.4th 896 ........................... 7

Moore v. Conliffe
(1994) 7 Cal.4th 634 ........................ 7

Olney v. Sacramento County Bar Assn.
(1989) 212 Cal.App.3d 807 ................... 7

Oppenheimer v. Ashburn
(1959) 1 73 Cal.App.2d 624 ........................ 6

Pearson v. Reed
(1935) 6 Cal.App.2d 277 ...................... 7

Pickett v. Wallace
(1881) 57 Cal. 555 ......................... 6

Tagliavia v. County of Los Angeles
(1980) 112 Cal.App.3d 759 ..................... 7

Taylor v. Mitzel
(1978) 82 Cal.App.3d 665 ................... 7

LOVE01627

ii

Exhibit "A"  PAGE 3

## TABLE OF AUTHORITIES

<u>Turpen v. Booth</u>
  (1880) 56 Cal. 65 ......................................... 7

<u>United Farmworkers of America v. Superior Court</u>
  (1985) 170 Cal.App.3d 97 ................................. 3

<u>White v. Towers</u>
  (1951) 37 Cal.2d 727 ..................................... 7


<u>Federal Cases</u>

<u>Bradley v. Fisher</u>
  (1871) 80 U.S. 335 ....................................... 6

<u>Dennis v. Sparks</u>
  (1980) 449 U.S. 24 .................................... 8-10

<u>Moore v. Brewster</u>
  (9th Cir. 1996) 96 F.3d 1240 ............................. 8

<u>Ricotta v. State of California</u>
  (S.D.Cal. 1998) 4 F.Supp.2d 961 ................. 8, 10, 11


<u>Rules</u>

California Rules of Court, Rule 2.831
(formerly Rule 243.31 (formerly Rule 244)) ............... 2

LOVE01628

EXHIBIT "A" PAGE 4

# I.

# OVERVIEW

The petition seeks review of the Court of Appeal's correct application of the well settled judicial immunity doctrine, which has long been recognized by this Court, our appellate courts, the United States Supreme Court, and other courts.[1] Courts have uniformly applied the well established judicial immunity doctrine and its important underlying principles and policies to bar civil actions against judges, temporary judges, and other judicial or quasi-judicial officers. The doctrine has consistently been applied to bar civil actions at the pleading stage even where, as here, the complaint alleges acts that are claimed to be "non-judicial acts." No conflict exists among the appellate courts in the application of the doctrine that would necessitate this Court's guidance. Review is not warranted and should be denied.

# II.

# STATEMENT OF THE CASE AND FACTS

This matter arises out of protracted litigation relating to the marital dissolution of petitioner, Frank E. Rogozienski ("Mr. Rogozienski"). Respondent, James D. Allen ("Mr. Allen"), served as a temporary judge in the

---

[1]    The petition addresses two separate issues. Respondent James D. Allen submits this answer only as to the portion of the petition applicable to him relating to the judicial immunity doctrine.

1

L0VE01629

EXHIBIT "A" PAGE 5

dissolution action pursuant to the parties' stipulation, which was approved by the San Diego Superior Court. (Appellant's Appendix ("AA"), p. 15.) Respondent, S. Michael Love ("Mr. Love"), was counsel for Mr. Rogozienski's ex-wife, Shirley Rogozienski ("Mrs. Rogozienski"), in the dissolution action. (AA, p. 14.)

Mr. Allen served as temporary judge in the dissolution action for approximately four and one-half years. Despite numerous rulings which were in his favor, on March 7, 2003 during a post-trial proceeding, Mr. Rogozienski sought to challenge Mr. Allen's authority to further serve as temporary judge. (AA, p. 27.) Mr. Rogozienski challenged Mr. Allen's jurisdiction to hear post-judgment matters and, for the first time, raised California Rules of Court, Rule 244(b) as a basis to potentially remove Mr. Allen as temporary judge in the dissolution action.[2] (Ibid.)

---

[2] California Rules of Court, Rule 244 was amended and renumbered as Rule 243.31, effective July 1, 2006. Rule 243.31 was again renumbered, effective January 1, 2007, and is now Rule 2.831. Under former Rule 244(b), a temporary judge must subscribe the oath of office and certify that the temporary judge is aware of and will comply with Canon 6 of the Code of Judicial Ethics. Rule 244(b) was amended to add this certification requirement on July 1, 2001, approximately three years after Mr. Allen's appointment as temporary judge. Accordingly, at the time Mr. Allen was appointed as temporary judge on August 4, 1998, the Judicial Council form entitled "Order, Stipulation and Oath for Temporary Judge" did not include such a certification. (AA, p. 154.)

LOVE01630

2

EXHIBIT "A" PAGE 6

On March 17, 2003, Mr. Rogozienski filed a statement of disqualification requesting that Mr. Allen be disqualified as temporary judge. (AA, p. 27.) On March 27, 2003, Mr. Allen voluntarily withdrew as temporary judge from the dissolution action without conceding any of Mr. Rogozienski's allegations. (Ibid.)

Following Mr. Allen's voluntary withdrawal as temporary judge, Mr. Rogozienski petitioned the Court of Appeal for a writ of error coram vobis seeking an order directing the Superior Court to hear and rule on a motion to set aside certain of Mr. Allen's rulings and orders. On October 8, 2003, the Court of Appeal granted Mr. Rogozienski's petition and ordered the Superior Court to hear evidence and apply the legal standard for disqualification to determine whether certain of Mr. Allen's rulings should be set aside and retried by the Superior Court.[3] Rogozienski v. Superior Court, Appeal No. D042201.[4]

---

[3]    The applicable standard for determining whether grounds for disqualification exist is under an objective standard. This standard requires disqualification if a reasonable person would entertain a doubt that the judge would be impartial under Code of Civil Procedure section 170.1, subdivision (1)(6)(c). See United Farmworkers of America v. Superior Court (1985) 170 Cal.App.3d 97, 104. [setting forth objective standard for disqualification].

[4]    The Court of Appeal took judicial notice of its unpublished decision in Rogozienski v. Superior Court. (Court of Appeal Opinion, p. 3, fn. 1.)

3

LOVE01631

EXHIBIT -"A" PAGE 7

On October 20, 2004, the Superior Court issued a statement of decision ordering certain of Mr. Allen's rulings after grounds for disqualification arose be set aside and retried.  Mr. Rogozienski appealed.  The Court of Appeal held that Mr. Rogozienski was entitled to have the same judge in a new trial hear the evidence on all of the issues in the dissolution action, not only the issues addressed in the rulings that were set aside after grounds for disqualification arose.  Rogozienski v. Rogozienski, Appeal No. D045626.[5]

On March 7, 2005, Mr. Rogozienski, appearing in pro per, filed a civil action against Mr. Allen based upon alleged acts Mr. Allen committed while acting in the capacity as temporary judge.  (AA, p. 200.)  On March 28, 2005, Mr. Rogozienski filed a first amended complaint against Mr. Allen adding additional causes of action to his original complaint.  (AA, pp. 12-47.)

On or about June 13, 2005, Mr. Allen demurred to the first amended complaint and each of the nine causes of action alleged against him on several grounds, including the judicial immunity doctrine.  (AA, pp. 87-93.)

---

[5]    The Court of Appeal similarly took judicial notice of its unpublished decision in Rogozienski v. Rogozienski.  (Court of Appeal Opinion, p. 3, fn. 1.)

LOVE01632

EXHIBIT "A" PAGE 8

Oppenheimer v. Ashburn (1959) 1 73 Cal.App.2d 624, 630 [judicial immunity "is deeply rooted in California law."].

The judicial immunity doctrine was derived centuries ago from the English courts and has long been recognized at common law. Bradley v. Fisher (1871) 80 U.S. 335, 347. In Bradley v. Fisher, the United States Supreme Court explained that the doctrine of judicial immunity is based upon principles of paramount importance to our system of justice:

> [T]he [judge] cannot be subjected to responsibility for [alleged acts of misconduct] in a civil action, however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff. For it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself. Liability to answer to every one who might feel himself aggrieved by the action of the judge, would be inconsistent with the possession of this freedom, and would destroy that independence without which no judiciary can be either respectable or useful. (Emphasis added.)

Id. at pp. 347-348.

Bradley is controlling precedent cited by this Court in applying the judicial immunity doctrine. In Pickett v. Wallace (1881) 57 Cal. 555, 557, this Court affirmed the trial court's dismissal of a civil action against sitting Supreme Court justices based upon judicial immunity, citing Bradley. This

6

LOVE01633

EXHIBIT "A" PAGE 9

Court similarly relied upon <u>Bradley</u> in extending judicial immunity to grand jurors in <u>Turpen v. Booth</u> (1880) 56 Cal. 65, 69 and to public officers in <u>White v. Towers</u> (1951) 37 Cal.2d 727, 731-732.

More recently, this Court reaffirmed the principles and policies underlying judicial immunity as the basis for extending protection against civil actions for arbitrators in private arbitrations. <u>Moore v. Conliffe</u> (1994) 7 Cal.4th 634, 650 [recognizing arbitral immunity codified at Code of Civil Procedure section 1281.1 supplements common law immunities, including judicial immunity]; <u>In re Marriage of Assemi</u> (1994) 7 Cal.4th 896, 909 [recognizing arbitrators are extended protection of judicial immunity].

Our appellate courts have similarly recognized and applied the doctrine of judicial immunity in myriad cases against various judicial and quasi-judicial officers. <u>Tagliavia v. County of Los Angeles</u> (1980) 112 Cal.App.3d 759, 763 [judicial immunity applied to court commissioners acting as temporary judges]; <u>Taylor v. Mitzel</u> (1978) 82 Cal.App.3d 665 [judicial immunity applied to administrative law hearing officers]; <u>Baar v. Tigerman</u> (1983) 140 Cal.App.3d 979, 985 [judicial immunity applied to arbitrators]; <u>Olney v. Sacramento County Bar Assn.</u> (1989) 212 Cal.App.3d 807, 814-815 [judicial immunity applied to organizations sponsoring an arbitrator]; <u>Pearson v. Reed</u> (1935) 6 Cal.App.2d 277, 286-288 [judicial immunity applied to prosecutors];

7

LOVE01634

EXHIBIT "A" PAGE 10

Howard, supra, 222 Cal.App.3d at pp. 852-853 [quasi-judicial immunity applied to court-appointed psychologist].

Federal courts have also applied judicial immunity to judicial and quasi-judicial officers. See e.g., Ricotta v. State of California (S.D.Cal. 1998) 4 F.Supp.2d 961, 973 [judicial immunity applied to sitting superior court judges and pro tem judges]; Moore v. Brewster (9th Cir. 1996) 96 F.3d 1240, 1244-1245 [claims against federal district court judge, law clerk, and court clerk dismissed under judicial immunity doctrine].[6]

## B.    Judicial Immunity Has Been Uniformly Applied to Alleged Judicial Misconduct

As the trial court correctly did here (and as affirmed by the Court of Appeal), courts have consistently dismissed claims at the pleading stage based upon judicial immunity notwithstanding allegations of judicial misconduct, including alleged bribery, conspiracy, or corruption. See e.g., Dennis v. Sparks (1980) 449 U.S. 24, 27 [dismissal of claims based upon alleged bribery

---

[6]    California courts rely on federal court decisions as persuasive authority in applying the absolute judicial immunity doctrine in civil suits. Howard, supra, 222 Cal.App.3d at pp. 855-857.

8

EXHIBIT "A" PAGE 11

LOVE01635

upheld]; <u>Howard</u>, <u>supra</u>, 222 Cal.App.3d at p. 848 [affirming demurrer sustained without leave to amend for claims against court-appointed psychologist based upon alleged failure to disclose conflicts of interest]; <u>Frost v. Geernaert</u> (1988) 200 Cal.App.3d 1104, 1107 [affirming demurrer sustained without leave to amend for claims against sitting judges for corruption, fraud, and conspiracy].

In <u>Dennis</u>, <u>supra</u>, the United States Supreme Court upheld a dismissal of an action for damages against a judge, in which the plaintiff alleged a "corrupt conspiracy involving bribery." <u>Dennis</u>, <u>supra</u>, 449 U.S. at pp. 24, 27 The Supreme Court held that the judge was properly dismissed as he was immune from liability under the judicial immunity doctrine.[7] The judicial immunity doctrine was held to apply even though the judge was alleged to have accepted a bribe from the parties to issue an injunction, which was later dissolved by an appellate court. <u>Id</u>. at p. 24. The Supreme Court held that judicial immunity applies even if the plaintiff alleges corruption and malicious acts committed by a judge:

---

[7]    Mr. Rogozienski cited <u>Dennis v. Sparks</u> in his opening appellate brief to the Court of Appeal as well as in his opposition to Mr. Allen's demurrer in the trial court.

9

LOVE01636

EXHIBIT "A" PAGE 12

> Judicial immunity arose because it was in the pubic interest to have judges who were at liberty to exercise their independent judgment about the merits of a case without fear of being mulcted for damages should an unsatisfied litigant be able to convince another tribunal that the judge acted not only mistakenly but with malice and corruption. [Citations omitted.]

Id. at p. 31.

Other cases are in accord with Dennis. For example, in Ricotta, supra, the plaintiff alleged that certain judges and judge pro tems had accepted bribes and had violated certain duties under the judicial canons and other laws, among other things. Ricotta, supra, 4 F.Supp.2d at p. 970-971. The plaintiff sought damages for the amount of the judgments entered against him in the underlying marital dissolution proceedings, damages for alleged loss of business reputation, an ability to earn a livelihood, attorney's fees incurred in the "corrupt trials," and other damages and relief. Id. at p. 971.

The California district court recognized that judicial immunity applies to pro tem judges. Moreover, the court rejected the plaintiff's claim that the pro tem judge had refused to recuse himself despite his alleged relationship with the plaintiff's wife's attorney. Id. at p. 973. The court dismissed the plaintiff's claims and stated:

> [A]llegations that a conspiracy produced a certain decision should no more pierce the actors' immunity than allegations of bad faith, personal

10

LOVE01637

EXHIBIT "A" PAGE 13

interest or outright malevolence.     [Citations omitted.] The public policy that underlies judicial immunity is the furtherance of independent and disinterested judicial decision making. [Citation omitted.] To effectuate this policy the Ninth Circuit broadly construes the scope of judicial immunity which applies even if there are allegations that a judicial decision resulted from a bribe or a conspiracy.    [Citation omitted.] (Emphasis added.)

Id. at p. 972.

In affirming the trial court's rulings on the demurrer and judgment of dismissal in favor of Mr. Allen, the Court of Appeal correctly applied the judicial immunity doctrine. The Court of Appeal found that the alleged acceptance of a "gift" and failure to disclose such "gift," which resulted in Mr. Allen's disqualification, constituted alleged judicial acts and omissions that bar a civil action under the judicial immunity doctrine. (Court of Appeal Opinion, p. 11.) Established California law precludes Mr. Rogozienski from seeking damages against a temporary judge in a civil action. Accordingly, the petition for review should be denied.

## IV.

## CONCLUSION

The petition raises no issue meriting this Court's review. Established law and compelling public policies underlying judicial immunity prohibits the

LOVE01638

11

EXHIBIT "A" PAGE 14

instant civil action. The Court of Appeal's decision is correct, and the petition

for review should be denied.


Dated:  May  21, 2007          ENGLISH & GLOVEN
                               A Professional Corporation


                               By: _Donald A English_.
                                  Donald A. English
                                  Christy I. Yee
                               Attorneys for Respondent
                               James D. Allen


LOVE01639

12

EXHIBIT "A" PAGE 15

# EXHIBIT "B"

LOVE01640

CASE NO.: S151974

COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT—DIVISION ONE

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | 4th Civil № D047858 |
| Plaintiff and Appellant, | SDSC Case № GIC843843 |
| v. | |
| JAMES D. ALLEN and S. MICHAEL LOVE, | |
| Defendants and Respondents. | |

ON APPEAL FROM THE SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN DIEGO
THE HONORABLE JOAN M. LEWIS, JUDGE PRESIDING

## PROOF OF SERVICE

I, Patty Cortez, declare as follows:

1.      I am employed with the law firm of White & Oliver, 550 West C Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices of this office for collection and processing of correspondence for mailing with the United States Postal Service; I am over the age of eighteen and I am not a party to this action.

2.      On May 22, 2007, I served or caused to be served the following documents:

**ANSWER TO PETITION FOR REVIEW OF
RESPONDENT S. MICHAEL LOVE**

LOVE01641

EXHIBIT "B" PAGE 1

on the interested parties in this action as indicated below:

Clerk of the Superior Court . . . . . . . . . . . . . . . . . *Via United States Mail*
Appeal Desk
330 West Broadway, Dept. 74
San Diego, California 92101

California Court of Appeal. . . . . . . . . . . . . . . . . *Via United States Mail*
Fourth Appellate District, Division One
750 B Street, Third Floor
San Diego, California 92101

District Attorney's Office . . . . . . . . . . . . . . . . . *Via United States Mail*
c/o Appellate Division
San Diego Superior Court
330 West Broadway, No. 1300
San Diego, California 92101

Office of the Attorney General . . . . . . . . . . . . . . *Via United States Mail*
Consumer Law Section
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004

Office of the Attorney General . . . . . . . . . . . . . . *Via United States Mail*
State Solicitor General
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004

***Appellant***
Frank E. Rogozienski, Esq... . . . . . . . . . . . . . . . . *Via United States Mail*
FRANK E. ROGOZIENSKI, INC.
1660 Union Street, Suite 300
San Diego, CA 92101

***Counsel for Defendant***
Donald A. English, Esq. . . . . . . . . . . . . . . . . . . . *Via United States Mail*
ENGLISH & GLOVEN
550 West C Street, Suite 1800
San Diego, CA 92101

■    (BY MAIL) C.C.P. § 1013(a)(1) & (3):  I deposited such envelope in the
mail at San Diego, California. The envelope was mailed with postage
thereon fully prepaid. I am "readily familiar" with the firm's practice of

1

LOVE01642

EXHIBIT "B" PAGE 2

collection and processing correspondence for mailing. Under the practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    (BY PERSONAL SERVICE) C.C.P. § 1011:  I caused to be delivered such envelope by and to the offices of the addressee.

■    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed this 22 day of May, 2007 at San Diego, California.

Patty Cortez

2

LOVE01643

EXHIBIT "B" PAGE 3

1  FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
   FRANK E. ROGOZIENSKI, INC.
2  A Professional Corporation
   Attorneys at Law
3  1660 Union Street, Third Floor
   San Diego, CA 92101
4  Telephone: (619)237-1878
   Facsimile: (619)237-1870
5  Email: rogolaw@pacbell.net

6  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10
   FRANK E. ROGOZIENSKI,            )     CASE NO. 07 CV 0742 JAH(WMC)
11                                  )
            Plaintiff,              )     PROOF OF SERVICE
12                                  )
   v.                               )
13                                  )
   JAMES D. ALLEN, S. MICHAEL LOVE, )
   and DOES 1 through 10, inclusive, )
14                                  )
            Defendants.             )
15 _____ )

16

17     I, the undersigned, certify and declare that I am a citizen of the United States, over the age of 18
   years, employed in the County of San Diego, State of California, at the above address and not a party to the
18 above entitled cause.  On July 19, 2007, I caused to be served as indicated by electronic service or United
   States First Class Mail postage prepaid, a copy of the attached:

19     REPLY TO OPPOSITION OF DEFENDANT, S. MICHAEL LOVE TO
       PLAINTIFF'S MOTION TO REMAND AND FOR SANCTIONS

20

21

22 as follows:

23 DONALD A. ENGLISH, ESQ.              DANIEL M. WHITE, ESQ.
   ENGLISH & GLOVEN                     WHITE & OLIVER
24 550 West "C" St., No. 1800           550 West "C" Street, No. 950
   San Diego, CA 92101                  San Diego, CA 92101
25 Via United States Mail               Via Email: dwhite@whiteoliver.com

26 ////

27 ////                                           LOVE01644

28
   PROOF OF SERVICE                      Case No. 07-CV-0742 JAH(WMC)

                                1

| | |
|---|---|
| 1 | SAN DIEGO SUPERIOR COURT<br>COUNTY OF SAN DIEGO |
| 2 | 330 W. Broadway<br>San Diego, CA 92101 |
| 3 | Via United States Mail |
| 4 | SUPREME COURT OF CALIFORNIA |
| 5 | 350 McAllister Street<br>San Francisco, CA 94102 |
| 6 | Via United States Mail |

SAN DIEGO SUPERIOR COURT
COUNTY OF SAN DIEGO
330 W. Broadway
San Diego, CA 92101
Via United States Mail

CALIFORNIA COURT OF APPEAL
FOURTH APPELL. DIST., DIV ONE
750 "B" Street, Room 300
San Diego, CA 92101
Via United States Mail

SUPREME COURT OF CALIFORNIA
350 McAllister Street
San Francisco, CA 94102
Via United States Mail

HON. JOHN A. HOUSTON
United States District Court
Southern District of California
880 Front Street
San Diego, CA 92101
Via United States Mail

Executed on: July 19, 2007

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Sherryl M. Bolinger

PROOF OF SERVICE

Case No. 07-CV-0742 JAH(WMC)

2

LOVE01645

Clerk of the Superior Court

JAN 2 3 2008

By: ROSE MARIE LEY,
Deputy

## COURT OF APPEAL - STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

### DIVISION ONE

San Diego County Superior Court - Main
P.O. Box 120128
San Diego, CA 92112

RE:  FRANK E. ROGOZIENSKI,
     Plaintiff and Appellant,
     v.
     JAMES D. ALLEN et al.,
     Defendants and Respondents.

**D047858**
**San Diego County No. GIC843843**

## * * * REMITTITUR * * *

I, Stephen M. Kelly, Clerk of the Court of Appeal of the State of California, for the Fourth Appellate District, certify the attached is a true and correct copy of the original opinion or decision entered in the above-entitled case on March 23, 2007, and that this opinion or decision has now become final.

\_\_\_\_\_ Appellant \_\_\_\_\_Respondent to recover costs.
\_\_\_\_\_ Each party to bear own costs.
\_\_\_\_\_ Costs are not awarded in this proceeding.
\_\_\_\_✓ Other (See Below)

Each party to bear its own costs on appeal.

Witness my hand and the seal of the Court affixed this    JAN 2 2 2008

STEPHEN M. KELLY, Clerk

By _____
   Deputy Clerk

cc:  All Parties (Copy of remittitur only, Cal. Rules of Court, rule 8.272(d)(1))

L0VE01646

## AFFIDAVIT OF TRANSMITTAL

I am a citizen of the United States, over 18 years of age, and not a party to the within action; that my business address is 750 B Street, Suite 300, San Diego, CA 92101; that I served a copy of the attached material in envelopes addressed to those persons noted below.

That said envelopes were sealed and shipping fees fully paid thereon, and thereafter were sent as indicated via the U.S. Postal System from San Diego, CA 92101.

I certify under penalty of perjury that the foregoing is true and correct.

Stephen M. Kelly, Clerk of the Court

_____                    ____JAN 2 2 2008____
Deputy Clerk                                          Date

CASE NUMBER: D047858

Office of the Clerk                                  Material Sent YES: ____
San Diego County Superior Court  -  Main
P.O. Box 120128
San Diego, CA 92112

                                                    Material Sent YES: ____

Frank E. Rogozienski
1660 Union Street, Third Floor
San Diego, CA 92101

                                                    Material Sent YES: ____

Donald A. English
English & Gloven
550 West C Street, Suite 1800
San Diego, CA 92101

                                                    Material Sent YES: ____

Daniel M. White
White & Oliver
550 West C St., Suite 950
San Diego, CA 92101

LOVE01647

Clerk of the Superior Court

JAN 2 3 2008

By: ROSE MARIE LEY,
Deputy

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

FILED
Stephen M. Kelly, Clerk

MAR 2 3 2007

Court of Appeal Fourth District

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | D047858 |
| Defendant and Appellant, | |
| v. | (Super. Ct. No. GIC843843) |
| JAMES D. ALLEN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge. Reversed in part; affirmed in part.

In their marriage dissolution proceeding, Shirley Rogozienski (Shirley), represented by defendant and respondent S. Michael Love, and plaintiff and appellant Frank E. Rogzienski (Frank) stipulated to the appointment of defendant and respondent James D. Allen as temporary judge. After judgment was rendered, Frank sought Allen's disqualification, alleging that during the proceeding Allen accepted but did not disclose the gift of a time-share interest in property from Love. Allen was found disqualified

LOVE01648

during that part of the proceeding following his acceptance of the gift and Frank was

granted a new dissolution proceeding before a different judge.

In the present case, Frank sued Allen and Love, alleging various tort causes of

action as to both and a breach of contract cause of action as to Allen, all arising from the

gift and based on claimed damages resulting from the disqualification and need for new

proceedings. The trial court sustained without leave to amend Allen's demurrer on the

basis of judicial immunity and Love's demurrer on the basis the complaint failed to state

facts sufficient to constitute any alleged cause of action. Frank appeals.

### BACKGROUND

A. *First Amended Complaint*

1. *The Dissolution Proceeding and Allen's Disqualification*

The first amended complaint related the background of the dissolution action that

provided the basis for the present case. In that case, Shirley, represented by Love,

petitioned for dissolution of her marriage to Frank. Shirley and Frank entered into a

written agreement for the appointment of Allen as temporary judge. The parties agreed

to divide the cost of Allen's services.

The complaint alleged that during the dissolution proceeding, after Allen had

made various rulings, Love, a friend of Allen, made a gift to Allen of a time-share in a

resort. Frank alleged he was unaware of the gift and that Allen did not disclose it. After

Allen made additional rulings, some adversely affecting Frank's financial interest, and

entered judgment, Frank discovered the gift and moved for Allen's disqualification.

Allen voluntarily withdrew from the dissolution proceeding.

2

LOVE01649

The superior court later determined the gift resulted in Allen's disqualification as of the date of the gift. It noted that a judge shall be disqualified if a person aware of the facts might reasonably entertain a doubt that the judge would not be impartial (Code Civ. Proc., § 170.1, subd. (a)(6)(iii)) and that a disqualified judge has no power to act in a proceeding after his or her disqualification. (Code Civ. Proc., § 170.4.) The court further noted a temporary judge is under an ethical obligation not to accept a gift if the donor is a party or person whose interests are reasonably likely to come before the judge. (Cal. Code Jud. Ethics, canon 6D(2)(d).) The court concluded that aware of the facts, a person would likely entertain doubts about Allen's impartiality. The court concluded Allen was disqualified in the case as of the date of the gift.

This court concluded that while Allen might not have been disqualified until after he made some but not all rulings in the case, Frank, as a matter of due process, was entitled to a new proceeding before a different judge addressing all issues decided by Allen.[1]

2. *Causes of Action*

In his complaint Frank states he has some doubt concerning whether he is entitled to redress from all the defendants or from one or more of them. He states his intention that the action will resolve whether all the defendants or one or more of them is liable to him.

---

[1]    We take judicial notice of this court's unpublished opinions in *In re the Marriage of Rogozienski* (D045626) and *Rogozienski v. Rogozienski* (D042201).

3

LOVE01650



It appears, at least in major part, that appellant's causes of action were not based on any claim that Allen favored Love in the dissolution proceeding as a result of the gift. Rather, Frank alleged that as a result of the gift, its concealment and Allen's eventual disqualification, Frank incurred fees, costs and expenses in the now set aside first trial and would incur additional such expenses in the second trial. Frank also alleged he had suffered depreciation and loss in value and use of assets taken from him under the now set aside judgment and had suffered emotional distress.

a. *Intentional Interference with Contractual Relations*

In the first cause of action as to all defendants and in the second cause of action as to Love, Frank alleged intentional interference with his contractual relations. In the first cause of action, Frank noted the existence of contracts between himself and Shirley, e.g., a prenuptial agreement, between himself and others, e.g., a contract for the acquisition of Qualcom stock, and between himself and his attorney in the dissolution action. Frank alleged the defendants were aware of these contracts and by their action with regard to the gift either intended to prevent or make Frank's performance under the contracts more burdensome or knew their conduct would have those results.

In his second cause of action, Frank noted his agreement to pay for one-half of Allen's fee as temporary judge. He alleged Love, in making the gift to Allen, either intended to cause Frank's performance under that contract to be more burdensome or knew that would be the result.

LOVE01651

### b. *Intentional Interference with Prospective Economic Advantage*

As to the third cause of action, Frank noted the same relationships described in his intentional interference with contractual relations claim and alleged defendants engaged in the conduct related to the gift either intending to interfere with those economic relationships or knowing their conduct would cause such interference.

As to his fourth cause of action, Frank stated an economic relationship existed between Allen and himself for the resolution of the dissolution proceeding in an expeditious and cost effective manner. Frank alleged Love engaged in his wrongful conduct either with the intent to interfere with that relationship or knowing such interference would occur.

### c. *Negligent Interference with Prospective Economic Advantage*

As to his fifth and sixth cause of action for negligent interference with prospective economic advantage, Frank made essentially the same allegation as made in his first through fourth causes of action.

### d. *Civil Rights Violation*

In his seventh cause of action, as to all defendants Frank alleged that Allen's acceptance of a gift from Love and their concealment of the gift violated his civil rights by denying him a fair trial. Frank alleges this right includes a proceeding before a judge qualified to hear the matter and without the creation of doubts concerning the trial judge's impartiality.

LOVE01652

### e. *Deceit and Fraudulent Concealment*

In the eighth cause of action, Frank alleged Allen and Love, given their roles in the dissolution proceeding, should have disclosed Love's gift to Allen. Frank alleged defendants concealed or failed to disclose the fact of the gift so that Allen could continue as judge and receive his fee.

### f. *Breach of Contract*

As to Allen, the ninth cause of action alleged breach of contract. Frank alleges Allen breached the covenant of good faith and fair dealing in his contract to act as judge in the dissolution proceeding by continuing to accept his fee after he had taken a gift from Love, knew he was disqualified to hear the matter and knew he was no longer entitled to his fee.

### g. *Unfair Competition*

As to Love, the tenth cause of action alleged he engaged in fraudulent business acts and practices in violation of Business and Professions Code section 17200 et seq. Frank alleged the gift to Allen was an unfair and fraudulent business practice designed to provide and which did provide Love an unfair advantage in the dissolution proceeding.

### h. *Willful Misconduct and Intentional Infliction of Injury*

The eleventh cause of action as to Allen and Love alleged that as members of the state bar they owed Frank a duty to refrain from conduct they knew or should have known would cause injury to Frank. The gift from Love to Allen and the failure to reveal it to Frank was such conduct.

LOVE01653

### I. *Negligence*

In his twelfth cause of action, Frank alleged that as members of the state bar Allen and Love had a duty to refrain from extrajudicial actions and conduct that would cause or was reasonably foreseeable to cause him harm. Frank alleged the defendants negligently breached this duty when Love gave Allen a gift and failed to disclose the gift during the dissolution proceeding.

### j. *Unjust Enrichment*

As a thirteenth cause of action, Frank as to all defendants alleged unjust enrichment arising from their improper conduct.

### 3. *Demurrers*

### a. *Love*

Love asserted all causes of action alleged against him failed to state facts sufficient to constitute a cause of action against him. As to the first through the sixth causes of action, i.e., intentional interference with contractual relations, intentional interference with prospective economic advantage and negligent interference with prospective economic advantage, Love argued they were uncertain in that the conduct cited could not support the tort alleged.

### b. *Allen*

With regard to each cause of action alleged as to him, Allen argued the complaint failed to state facts sufficient to constitute a cause of action because they were barred by the doctrine of judicial immunity, the litigation privilege and the torts claim act. As to the civil rights violation cause of action, he specially demurred on the basis its allegations

7

were vague, unintelligible and uncertain.  As to the eleventh and twelfth causes of action

based on claims of violation of professional rules of conduct applicable to attorneys,

Allen argues such rules did not create causes of action.

### 4. *Ruling*

The trial court sustained Allen's demurrer without leave to amend as to each cause

of action as barred by the doctrine of judicial immunity.

The trial court sustained Love's demurrer without leave to amend as to all causes

of action.  As to the first through the seventh causes of action, the demurrer was sustained

based on the failure of the complaint to state facts constituting a cause of action.  As to

the eighth cause of action for deceit and fraudulent concealment, the court sustained the

demurrer finding that Love owed Frank no duty.  The ninth cause of action for unfair

competition was sustained without leave to amend because there was no allegation of

monies that should be restored to Frank.  As to the eleventh and twelfth causes of action

for willful misconduct and intentional infliction of injury and for negligence, the

demurrer was sustained because Love owed Frank no duty and because no suit may be

brought for alleged violations of the rule of professional conduct applicable to attorneys.

The demurrer as to the thirteenth cause of action for unjust enrichment was sustained

because there was no allegation Love held any property in trust for Frank.

### DISCUSSION

Frank argues the trial court erred in sustaining Allen and Loves' demurrers.

"A demurrer admits all material facts properly pleaded, and because review of a

ruling on a demurrer is a pure legal question, the trial court's determination is entitled to

LOVE01655

no deference from us. We must afford a reasonable interpretation of the complaint read as a whole with its parts in context. [Citation.] If the factual allegations of the complaint are adequate to state a cause of action under any legal theory, the demurrer must be overruled. [Citation.] We can only uphold a general demurrer sustained without leave to amend if it appears there is no cause of action stated under applicable substantive law. [Citation.]" (*Charpentier v. Los Angeles Rams Football Co.* (1999) 75 Cal.App.4th 301, 306-307, fns. omitted.)

When a complaint is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. If it can, the trial court has abused its discretion and we reverse. If not, there has been no abuse of discretion and we affirm. The burden of proving such reasonable possibility is on the plaintiff. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

A. *Allen's Demurrer*

The trial court sustained Allen's demurrer without leave to amend as to all causes of action because they are barred by the doctrine of judicial immunity. Frank argues the trial court erred because the operative act resulting in damage to him, i.e., accepting a gift from Love during the dissolution proceeding, was not an act performed in his judicial capacity. Additionally, he argues Allen had no judicial immunity as to his ruling after accepting the gift because that act rendered him without jurisdiction to decide the matter.

1. *Judicial Immunity*

Judges have immunity from civil suits in the exercise of their judicial function. Such immunity exists to promote the fair administration of justice by allowing judges to

9

act freely upon their own convictions without fear of adverse personal consequences. The immunity is absolute and applies even when the judicial acts were allegedly done maliciously and corruptly. (*Regan v. Price* (2005) 131 Cal.App.4th 1491, 1495.)

No judicial immunity exists, however, when the alleged act was nonjudicial, i.e., an action not taken in the judge's judicial capacity, or when, while the act was of a judicial nature, it was taken by the judge with a complete absence of jurisdiction. (*Regan v. Price, supra,* 131 Cal.App.4th at p. 1496.) Absence of jurisdiction in this context means a clear absence of jurisdiction over the subject matter. (*Lewis v. Linn* (1962) 209 Cal.App.2d 394, 397.)

Whether an act is a "judicial" one is determined by "'whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.' [Citation.]" (*Regan v. Price, supra,* 131 Cal.App.4th at p. 1499.) Judicial immunity is defined by the functions it protects and serves and not by the person to whom it attaches. (*Soliz v. Williams* (1999) 74 Cal.App.4th 577, 591.) It can be difficult to determine which acts are and are not judicial acts. For the most part, however, actions taken by a judge in connection with a judicial proceeding are considered judicial in nature. (Shaman, *Judicial Conduct and Ethics* (3d ed.) § 14.04, pp. 503-505.)

2. *Discussion*

Frank attempted to plead around and now attempts to argue around the application of the doctrine of judicial immunity to Allen by narrowly focusing on Allen's acceptance of the gift. Thus, he argues that at the time Allen took the gift, he was not performing

10



any judicial function and was not "on judicial duty." Frank makes clear his action against Allen is not based on his rulings but rather on the fact of disqualification and the expense it caused him.

Allen's act of accepting a gift from Love was merely one part of a more complex process that resulted in his disqualification and alleged harm to Frank. Allen was acting as a judge in the dissolution proceeding and in that role had a duty as a judicial officer not to accept a gift from Love and to disclose to the parties any fact that might affect his qualification to proceed with the matter. It was his failure to comply with these tenets of judicial ethics that resulted in his disqualification. Clearly, the policy basis for the doctrine of judicial immunity applies not just to judicial acts but also to judicial omissions. By accepting the gift and by failing to reveal it, Allen failed to act in manner that maintained his qualification to proceed with the matter or to mitigate any damage to the parties. Those were judicial acts and omissions and Allen is immune from liability in a suit arising from them.

Neither was there in this case a complete absence of subject matter jurisdiction. Allen was appointed as temporary judge. In the most fundamental sense, he had jurisdiction in the matter.

B. *Love's Demurrer*

We address the causes of action in the order they are addressed by the parties.

1. *Twelfth Cause of Action*

In his twelfth cause of action, Frank alleged that as a member of the California State Bar Love owed a duty of care to him to refrain from extrajudicial actions that would

11

cause or that he could reasonably foresee would cause him harm. Frank alleged Love negligently breached that duty when during the dissolution proceeding he made and failed to disclose a gift to Allen resulting in Allen's disqualification from hearing the matter and ultimately causing Frank financial harm.

The trial court sustained Love's demurrer as to the negligence cause of action, finding that Love owed Frank no duty of care and that a cause of action could not be based on an alleged violation of the California Rules of Professional Conduct making it unethical for an attorney in a case to give a gift to the judge.

We conclude that while a violation of the California Rules of Professional Conduct does not alone create a cause of action against an attorney, Love, whether acting as an attorney or not, under the circumstances alleged here, owed a duty to Frank not to act in a manner that caused the disqualification of the trial judge and harm to Frank.

California Rules of Professional Conduct, rule 5-300(A), states in pertinent part: "A member shall not directly or indirectly give or lend anything of value to a judge." Rule 1-100(A) states in part: "These rules are not intended to create new civil causes of action."

Of course, the fact rule 1-100(A) states that the rules do not create new causes of action is not a shield against conduct that violates the duty of due care by a lawyer acting either in a professional or personal capacity.

While the circumstances here are unique, whether Love owed a duty of care to Frank not to give a gift to the judge in the dissolution proceeding can be analyzed like any other act.

12

LOVE01659

The existence and scope of duty are legal questions for the court.  (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674.)  The starting point in determining whether a duty of care exists in the negligence context is Civil Code section 1714, subdivision (a):  "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

The conclusion that a duty exists is the statement of a conclusion.  It is the expression of the "'sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'"  (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 477.)

We consider the following in deciding whether a duty exists:  "'the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.'"  (*Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 473; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 572-573, fn. 6.)

After reviewing these considerations and the alleged facts, we conclude Love owed a duty of care under the circumstances not to give a gift to Allen when Love was acting as counsel for a party in the dissolution action.  Code of Civil Procedure section 170.1, subdivision (a)(6)(iii), states a judge shall be disqualified if "a person aware of the

13

LOVE01660

facts might reasonably entertain a doubt that the judge would be able to be impartial." A disqualified judge has no power to act in any proceeding after his or her disqualification (Code Civ. Proc., § 170.4), and the acts of the judge subject to disqualification are voidable. (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 939-940.) It is foreseeable that an attorney for a party giving a nondisclosed gift to a judge during a proceeding would ultimately result in the disqualification of the judge and resulting harm to the parties to the proceeding.

Assuming the truth of the facts asserted, the harm to Frank was certain. The connection between Love's act and Frank's harm is close. The giving of a gift to a judge in a proceeding in which the benefactor is a party or the counsel for a party is morally blameworthy because it brings the judicial system into disrepute. Imposing a duty not to engage in such conduct serves to prevent future such harmful acts. The community will suffer no burden by imposing the duty.

The trial court erred in sustaining Love's demurrer to Frank's negligence cause of action without leave to amend. The judgment is reversed as to the twelfth cause of action and Frank is granted leave to amend to allege liability based not on Love's status as an attorney but on general concepts of the duty of care.

2. *Eleventh Cause of Action*

In his eleventh cause of action, Frank alleged Love engaged in willful misconduct. The cause of action cited Love's membership in the state bar. It noted rule 5-300(A) of the Rules of Professional Conduct prohibiting the giving of gifts to judges and various Penal Code sections proscribing bribery and corruption. Frank alleged Love breached the

14

LOVE01661



duty of care created by these provisions when during the dissolution proceeding he made and failed to disclose a gift to Allen resulting in Allen's disqualification from hearing the matter and ultimately causing Frank financial harm. The complaint alleged Love knew or should have known his conduct was certain or substantially certain to injure Frank.

The trial court sustained Love's demurrer to the eleventh cause of action, finding he had no duty to Frank for conduct allegedly violating the Rules of Professional Conduct.

Willful misconduct is a tort separate and distinct from negligence. It occurs when an intentional act is done with knowledge, either express or implied, that serious injury is not merely possible but probable or with the intentional doing of an act with a wanton and reckless disregard for the consequences. (*Williams v. Carr* (1968) 68 Cal.2d 579, 584; *Palazzi v. AirCargo Terminals, Inc.* (1966) 244 Cal.App.2d 190, 195; *Donnelly v. Southern Pacific Co.* (1941) 18 Cal.2d 863, 869.)

The trial court erred in sustaining Love's demurrer to the eleventh cause of action without leave to amend. As noted above, any liability for Love's conduct arose not from his membership in the state bar but from his actions under the circumstances alleged in the complaint. Frank is granted leave to amend to allege liability based not on Love's status as an attorney but on Love's actions.

3. *Seventh Cause of Action*

The seventh cause of action alleged a violation by Love of Frank's civil rights. The cause of action alleged the United States and California Constitutions guaranteed him the right to a fair trial. The complaint asserted that right included a trial free from

15                                    LOVE01662

actions that disqualified the trial judge and raised doubts concerning his impartiality.

Frank alleged Love "interfered or attempted to interfere by coercion with the exercise" of that right.

The trial court sustained Love's demurrer to the seventh cause of action without leave to amend. It found no facts were alleged that Love engaged in any threats or coercive acts by way of state action.

Apparently, Frank meant his civil rights cause of action to be based both on 42 United States Code section 1983 and Civil Code section 52.1.

a. *42 U.S.C. Section 1983*

The trial court sustained Love's demurrer as to Frank's 42 United States Code section 1983 action on the basis there was no state action. A necessary element of a federal civil rights action is that the conduct in question was taken under "under color or state law." This means a misuse of power possessed by virtue of state law and made possible only because the alleged wrongdoer possesses authority under state law. (*Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 333, fn. 1.) To constitute state action, a private party must be deemed to have engaged in a conspiracy with state actors, or been a willful participant in a joint activity with them. (*Dennis v. Sparks* (1980) 449 U.S. 24, 27-28 [101 S.Ct. 183]; *Adickes v. S. H. Kress & Co.* (1970) 398 U.S. 144, 152 [90 S.Ct. 1598].)

Frank alleged Allen, who was acting as a judge, and thus for the state, and Love conspired and willfully participated in a joint activity that resulted in the loss of Frank's constitutional right to a fair trial before an impartial judge. The trial court erred in

16

LOVE01663

finding no allegation of state action and erred in sustaining Love's demurrer to the seventh cause of action insofar as it was based on 42 United States Code section 1983.

b. *Civil Code section 52.1*

Civil Code section 52.1, subdivision (b), authorizes an action at law by an individual against anyone who interferes by "threat, intimidation or coercion," with any rights secured by the federal or state Constitution. There is no requirement that the interference be made under color of law. (*Jones v. Kmart Corp., supra,* 17 Cal.4th at p. 333.)

Frank argues Love interfered with his right to a trial free by actions that disqualified the trial judge and raised doubts concerning the impartiality of the trial judge. The difficulty with Frank's civil rights cause of action based on section 52.1, subdivision (b), is that there is no allegation Love's actions, whatever their effect, involved threats, intimidation or coercion. In an attempt to come within the section, Frank argues: "Here, for purposes of a civil rights action under Civil Code §52.1, coercion is found (a) in Mr. Love's continuing to pursue and obtain rulings and orders from Mr. Allen after the [g]ift had been accepted and Mr. Allen was thus disqualified from further acting as temporary judge in the [u]nderlying [p]roceeding, and (b) in the involuntary taking of property from [p]laintiff . . . ."

Neither of these cited acts is, by any reasonable definition, coercive. The trial court properly sustained without leave to amend Love's demurrer to the seventh cause of action insofar as it was based on Civil Code section 52.1.

17

LOVE01664

4. *Eighth Cause of Action*

Frank argues the trial court erred in sustaining without leave to amend Love's demurrer to his eighth cause of action, "Deceit Fraudulent Concealment." The factual basis for the cause of action was Love's failure to disclose to Frank the gift made by Love to Allen during the dissolution proceeding. The trial court sustained the demurrer without leave to amend, finding that Love owed Frank no duty to disclose.

There are four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. In this case no fiduciary relationship is alleged. As to the other three circumstances in which nondisclosure may be actionable, including a defendant's exclusive knowledge of a material fact, there must exist some other relationship between the plaintiff and defendant in which a duty to disclose can arise. Such relationship can only come into being as a result of some sort of transaction between the parties. Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement. All of these relationships are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances. (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 336-337.)

18

LOVE01665

There was no transaction between Frank and Love that established a relationship such that Love had a duty to disclose the fact of the gift to Allen. There is no indication that any amendment to the cause of action is possible to plead a viable claim of fraudulent concealment and the trial court properly sustained Love's demurrer as to the eighth cause of action without leave to amend.

### 5. *First and Second Causes of Action*

Frank argues the trial court erred in sustaining Love's demurrer to the first and second causes of action for intentional interference with contractual relations.

In the first cause of action, Frank noted the existence of various contractual relationships between himself and his wife, various third parties, e.g., Qualcomm and with his attorney in the dissolution proceeding. Frank alleged Love was aware of these contracts and that by his gift to Allen and the actions related to that gift, he either intended to prevent Frank's performance or to cause his performance of these contracts to be more expensive or that Love knew that his actions were substantial certain to have that result.

In his second cause of action for intentional interference with contractual relations, Frank noted his agreement to pay one-half Allen's fee in the dissolution proceeding. He alleged that aware of this contract Love intended by his gift to Allen to make Frank's performance of that agreement more expensive or burdensome or knew that such act would have that effect.

19

LOVE01666

The trial court sustained Love's demurrer to the first and second causes of action, finding Frank failed to state facts supporting the allegation that Love intended to disrupt the contractual relationships cited in the complaint.

"'[A] stranger to a contract may be liable in tort for intentionally interfering with the performance of the contract.' [Citation.] To prevail on a cause of action for intentional interference with a contractual relationship, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. [Citation.] To establish the claim, the plaintiff need not prove that a defendant acted with the primary purpose of disrupting the contract, but must show the defendant's knowledge that the interference was certain or substantially certain to occur as a result of his or her action. [Citation.]" (*Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148.)

The tort of intentional interference with contractual relations arises not just from an actual breach, but when there is an interference with or disruption of the contractual relationship. (*LiMandri v. Judkins, supra,* 52 Cal.App.4th at p. 344.)

Plaintiff need not allege an actual or inevitable breach of contract in order to state a claim for disruption of contractual relations. Court's have recognized that interference with the plaintiff's performance may give rise to a claim for interference with contractual relations if the plaintiff's performance is made more costly or more burdensome. (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1129.)

20

LOVE01667

The tort of intentional interference with a contractual relationship is directed at the disruption of and interference with the *relationship* and the tort does not arise simply because in some way the plaintiff has suffered damages related to a contractual relationship. For example, here Frank cites his contract with counsel for legal services in the dissolution action as one of the contracts disrupted or interfered with by Love's actions. Presumably, Frank means that Love's actions made his contract with counsel more expensive because Frank will as a result of those actions have to pay additional attorney fees. The tort is concerned with interference with the contractual relationship itself. The tort does not arise simply because the actions of the defendant incidentally affect a contractual relationship.

We conclude the trial court properly sustained Love's demurrer without leave to amend to the first cause of action for the intentional interference with a contractual relationship.

We conclude, however, the court erred in sustaining Love's demurrer with regard to the second cause of action, i.e., interference with Frank's contractual relationship with Allen. Frank alleged a contract existed with Allen to serve as a temporary judge. The alleged actions by Love led to if not a breach then a serious disruption in that contractual relationship. Love's demurrer with regard to that action should not have been sustained.

6.  *Third through Sixth Cause of Action*

Frank argues the trial court erred in sustaining without leave to amend Love's demurrer to the third and fourth causes of action for intentional interference with

21

LOVE01668

prospective economic advantage and to the fifth and sixth causes of action for negligent interference with prospective economic advantage.

Frank's causes of action for interference with prospective economic advantage mirror his causes of action for interference with contractual relations. In the third cause of action for intentional interference with prospective economic advantage, Frank cites Love's gift to Allen and alleges it was made with the intention or with the knowledge that the gift would disrupt Frank's economic relationship with the parties cited in the causes of action for interference with contractual relations. In the fourth cause of action, Frank makes the same claims with regard to his relationship with Allen. In the fifth and sixth causes of action, Frank repeats the allegation but alleges negligent rather than intentional interference.

The trial court sustained without leave to amend Love's demurrer to the third through the sixth causes of action. The court found as to each that Frank failed to allege Love interfered with economic relationships that could have prospectively brought economic advantage to Frank.

"To prevail on a cause of action for intentional interference with prospective economic advantage in California, a plaintiff must plead and prove (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) the defendant's intentional acts *designed to disrupt the relationship*, (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts. [Citation.]" (*Reeves v. Hanlon, supra,* 33 Cal.4th at p. 1152, fn. 6.)

22

LOVE01669

A cause of action also exists for negligent interference with prospective economic advantage. (See *Aas v. Superior Court* (2000) 24 Cal.4th 627, 643-645.)

The elements of both torts require the plaintiff allege some claim of interference with a prospective economic benefit such that it is reasonably probable that the claimed loss of economic advantage would have been realized but for the defendant's interference. (*Youst v. Longo* (1987) 43 Cal.3d 64, 71; *Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 522-523.)

Frank's claims of interference with prospective economic advantage are totally conclusory with regard to the economic benefit involved and how it is reasonably probable that but for Love's interference any economic advantage would have been realized. Even on appeal Frank provides only the vaguest of claims in this regard. The trial court properly sustained Love's demurrer without leave to amend.

7. *Tenth Cause of Action*

In his tenth cause of action, Frank alleged Love's gift to Allen was an unfair and fraudulent business practice within the meaning of Business and Professions Code section 17200. The cause of action alleged Love made the gift to provide him with an unfair advantage in the dissolution proceeding.

The trial court sustained Love's demurrer without leave to amend, finding there was no remedy based upon the facts pled and that Frank failed to allege Love had monies that could be restored to Frank.

23

LOVE01670

The trial court was correct. Putting aside the question of the application of Business and Professions Code section 17200 to this case, it is clear Frank was not entitled under the section to the remedy he sought.

Business and Professions Code section 17203 defines the remedies available against those who engage in unfair business practices as defined in Business and Professions Code section 17200. The trial court may enjoin the unfair practice or it may "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." (§ 17203.) Section 17203 is "not an all-purpose substitute for a tort or contract action." (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173.) The section does not provide for compensatory damages. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1266; *Inline, Inc. v. Apace Moving Systems, Inc.* (2005) 125 Cal.App.4th 895, 904.)

What Frank sought in his tenth cause of action, e.g., monies paid to Allen and his expenses in the dissolution action, was not restitution; indeed, there appears nothing Love could return to Frank. What Frank sought was damages. Love's demurrer to the tenth cause of action was properly sustained without leave to amend.

8. *Thirteenth Cause of Action*

Frank argues the trial court erred in sustaining Love's demurrer to the thirteenth cause of action for unjust enrichment. As a factual basis for the claim, Frank realleged Love's gift to Allen, etc., and stated the result was that Love had been unjustly enriched to Frank's detriment.

24

LOVE01671

There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust. (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1490; 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 1015, 1016, pp. 1104-1105.) Although Frank's complaint states he is seeking restitution or imposition of a constructive trust, he is in fact simply seeking damages.

The trial court properly sustained Love's demurrer to the thirteenth cause of action without leave to amend.

## DISPOSITION

The judgment is reversed insofar as it sustained Love's demurrer to the second cause of action. It is reversed as to the seventh cause insofar as it sustained Love's demurrer with regard to the civil rights action alleged pursuant to 42 United States Code section 1983. It is sustained as to eleventh and twelfth causes of action but reversed as to the order foreclosing Frank from amending those causes of action. In all other respects the judgment is affirmed. Each party to bear its own costs on appeal.

_____
BENKE, Acting P. J.

WE CONCUR:

_____
McDONALD, J.

_____
McINTYRE, J.

25

LOVE01672

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

| | |
|---|---|
| STREET ADDRESS: | 330 West Broadway |
| MAILING ADDRESS: | 330 West Broadway |
| CITY AND ZIP CODE: | San Diego, CA 92101 |
| BRANCH NAME: | Central |
| TELEPHONE NUMBER: | (619) 685-6025 |

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S): | FRANK E ROGOZIENSKI |
| DEFENDANT(S) / RESPONDENT(S): | S MICHAEL LOVE et.al. |

ROGOZIENSKI VS ALLEN

| NOTICE OF HEARING | CASE NUMBER: |
|---|---|
| | GIC843843 |

Notice is given that the above-entitled case has been set for the reason listed below and at the location shown above.  All inquiries regarding this notice should be referred to the court listed above.

| TYPE OF HEARING | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Status Conference (Civil) | 04/04/2008 | 10:30 am | C-65 | Joan M. Lewis |

AS TO LOVE ONLY

Appearances at all hearings are mandatory unless specifically excused by the court for good cause shown.  Refer to local rules.

LOVE01673

SUPCT CIV-700 (Rev. 12-06)

**NOH - NOTICE OF HEARING**

Page: 1

1 | Daniel M. White (SBN# 068011)
2 | Steven G. Amundson (SBN# 073501 )
   | **WHITE & OLIVER**
3 | A Professional Corporation
   | 550 West C Street, Suite 950
   | San Diego, California 92101
4 | Telephone: (619) 239-0300
   | Facsimile: (619) 239-0344
5 |
6 | Attorneys for Defendant
   | S. MICHAEL LOVE
7 |

FILED
CIVIL BUSINESS OFFICE-IO
CENTRAL DIVISION

2007 APR 24  P 4: 35

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

8 |
9 |                 UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF CALIFORNIA

10 | FRANK E. ROGOZIENSKI,                     ) Case No. GIC 843843
11 |              Plaintiff,                    )
                                               ) **NOTICE OF REMOVAL OF**
12 |        v.                                  ) **ACTION UNDER 28 U.S.C.**
                                               ) **§1441(b) (FEDERAL QUESTION-**
13 | JAMES D. ALLEN, S. MICHAEL LOVE, and      ) **42 U.S.C. § 1983)**
    | DOES 1 through 10, inclusive,             )
14 |                                            ) **DEMAND FOR JURY TRIAL**
15 |              Defendants.                    )
                                               )
16 | TO THE CLERK OF THE ABOVE-ENTITLED COURT:

17 |        PLEASE TAKE NOTICE that defendant S. Michael Love ("Love") hereby removes to
18 | this court the state court action described below.

19 |        1.    On March 7, 2005, plaintiff Frank E. Rogozienski ("Rogozienski") filed an action
20 | in the Superior Court of the State of California, in and for the County of San Diego, entitled
21 | *Frank E. Rogozienski v. James D. Allen, S. Michael Love, et al.*, Case Number GIC 843843. On
22 | March 28, 2005, Rogozienski filed a first amended complaint ("FAC").  A copy of the entire
23 | state court file is attached to this notice as Exhibit 1.

24 |        2.    Rogozienski served Love with the summons and first amended complaint on April
25 | 25, 2005.

26 |        3.    The FAC included a cause of action alleging violation of civil rights, but
27 | Rogozienski did not state a federal statutory basis for the claim and there were no other grounds
28 | for removal determinable from the FAC.

LOVE01674

WHITE & OLIVER
A Professional Corporation

# TABLE OF CONTENTS

## EXHIBIT 2
### (Court of Appeal File)

| **Title** | **Page No(s).** |
|---|---|
| 1. Civil Case Information Statement | 1-24 |
| 2. Appellant's Opening Brief | 25-103 |
| 3. Appellant's Exhibits Vol. I of II in Support of Opening Brief | 104-403 |
| 4. Appellant's Exhibits Vol. II of II in Support of Opening Brief | 404-641 |
| 5. Respondent Allen's Responding Brief | 642-693 |
| 6. Respondent Love's Responding Brief | 694-745 |
| 7. Appellant's Reply Brief | 746-774 |
| 8. Curt of Appeal Opinion | 775-787 |
| 9. Appellant's Petition for Rehearing | 778-797 |
| 10. Letter from Court of Appeal addressed to The Supreme Court Requesting Publication of Opinion Dated April 16, 2007 | 798 |
| 11. Appellate Court Denial of Request for Publication and Petition for Rehearng | 799 |

WHITE & OLIVER
A Professional Corporation

LOVE01675

76876.1

*Rogozienski v. Love*          Case No:          EXHIBIT TABLE OF CONTENTS TO NOTICE OF REMOVAL OF ACTION

LOVE01676