1

2  FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
   FRANK E. ROGOZIENSKI, INC.
3  A Professional Corporation
   Attorneys at Law
   Coronado Professional Square
4  1203 Second Street
   Coronado, CA 92118
5  Telephone: (619)437-1878
   Facsimile: (619)437-4894
6

7  Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

8

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF SAN DIEGO

11

12  FRANK E. ROGOZIENSKI,          )    Case No. GIC843843
                                   )
13              Plaintiff,         )    FIRST  AMENDED  COMPLAINT  FOR
                                   )    DAMAGES   (Interference   with
14       v.                        )    Contract,   Interference  with
                                   )    Economic Relations, Civil Rights
15                                 )    Violations,    Deceit-Fraudulent
   JAMES D. ALLEN, S. MICHAEL      )    Concealment, Breach of Contract,
16  LOVE and DOES 1 through 10,    )    Unfair Competition, Intentional
   inclusive,                      )    Misconduct,    Negligence    and
17                                 )    Unjust Enrichment)
                Defendants.        )
18                                 )
                                   )
19  ─────────────────────────────  )

20

21       Plaintiff alleges:

22            1.  **JURISDICTION AND VENUE**

23       1.   The within action is an unlimited civil case for damages

24  in excess of $25,000.00.

25       2.   The within action arose in San Diego, California.

26  / / /

27  / / /

28
                              1

LAW OFFICES
**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181530
1203 SECOND STREET AT AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

CIVIL BUSINESS OFFICE 18
CENTRAL DIVISION

2005 MAR 28  P 4: 19

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

LOVE01677

## 2. PARTIES

3.   At all times herein mentioned, Plaintiff was, and now is, a resident of San Diego County, California.

4.   At all times herein relevant, Defendant, JAMES D. ALLEN [herein "ALLEN"], was, and now is, a resident of San Diego County, California. At all times herein relevant, ALLEN was, and now is, an attorney duly licensed to practice law in the State of California. At all times herein relevant, ALLEN engaged in the practice of law as a sole proprietor under the fictitious name "Allen-Magidson".

5.   At all times herein relevant, Defendant, S. MICHAEL LOVE [herein "LOVE"] was, and now is, a resident of San Diego County, California. At all times herein relevant, LOVE was, and now is, an attorney duly license to practice law in the State of California.

6.   Plaintiff is ignorant of the true names or capacities of Defendants sued herein under the fictitious names DOES 1 through 10, and therefore sues such Defendants pursuant to California Code of Civil Procedure section 474.   Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10 are residents and citizens of one of the States of the United States, and participated in the acts herein alleged and are responsible in some manner for the injuries and damages to Plaintiff as herein alleged.

7.   Plaintiff is informed and believe, and thereon alleges, that at times herein relevant, each of the Defendants was the agent and employee of each of the remaining Defendants, and was at times herein mentioned acting within the purpose and scope of said agency

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET AT "C" AVENUE
POST OFFICE BOX 181030
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

2

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01678

1   and employment, and further that each of the Defendants at times

2   herein mentioned conspired and agreed together and acted in concert

3   in proximately causing the injuries and damages to Plaintiff as

4   herein alleged.   Plaintiff is further informed and believes, and

5   thereon alleges, that at other times herein mentioned, each of the

6   Defendants was acting solely in their individual capacities, and

7   that with respect to those acts, each of the other Defendants

8   ratified, affirmed and adopted these actions.

9       8.   Plaintiff is in some doubt as to whether he is entitled

10  to redress from all of the Defendants or from one or more of them,

11  and all Defendants have therefore been joined herein with the

12  intent that the question as to whether all the Defendants are, or

13  one or more of them are, liable to Plaintiff, and to what extent;

14  and that the liability may be determined in this action; and that

15  the Court may award judgment to Plaintiff as against the Defendants

16  either jointly, severally or in the alternative.

### 3.  FACTUAL BACKGROUND

#### A.  The Underlying Proceeding

    9.   Plaintiff was married in 1982, and in October, 1997,
Plaintiff's then spouse [herein the "Petitioner"] brought a
Petition for Dissolution of their marriage [herein the "Underlying
Proceeding"].    In the Underlying Proceeding, LOVE represented
Petitioner until February, 2005 when he withdrew as Petitioner's
attorney of record.

/ / /

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181930
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-7333

3

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01679

during the 1980ies and then again for several years in the 1990ies. At all times herein relevant, ALLEN and Bottomley were good friends, and with their respective families, regularly socialized together. At times herein relevant, ALLEN and Bottomley shared Charger tickets. ALLEN and Bottomley have referred cases to each other. As more fully alleged herein, Bottomley acted as the strawman in the transfer to ALLEN of the LOVES' Unit 850A one-half interest in Warner Springs Ranch.

### D. Relationships between LOVE and ALLEN

12. At all times herein relevant, ALLEN and LOVE were well acquainted, had a social relationship, and at times were officers and members of the same associations. At all times herein relevant, they were on a first name basis. At times herein relevant, LOVE had been to ALLEN's home. Neither LOVE nor ALLEN made any disclosure of these relationships, and Plaintiff did not learn of these relationships prior to ALLEN's withdrawal in March 2003 as temporary judge in the Underlying Proceeding.

### E. ALLEN's Interest in Warner Springs Ranch

13. Sometime prior to November 2001, Bottomley and his family visited the Alisol Ranch near Santa Barbara, and thereafter Bottomley discussed with ALLEN how much they had enjoyed it. ALLEN and Bottomley agreed they would share a trip there together.

14. Between October 24, 2001 and November 19, 2001, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, presided over elements of the trial in that proceeding.

LAW OFFICES

**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181030
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

5

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01680

### B. Agreement to Employ And to Pay ALLEN

10. In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to the entry of an order that ALLEN could act as temporary judge in the Underlying Proceeding and (b) that all costs of ALLEN shall be borne by them, with each paying one-half the cost of the services of ALLEN. Although, no hourly rate or fee amount was set expressly forth in the written agreement, the agreement was that Plaintiff would pay one-half of ALLEN's services in the Underlying Proceeding at ALLEN's normal and customary billing rate as an attorney on a fee-for-service basis. Between June 1998 and August 4, 1998, and prior to his appointment as temporary judge, ALLEN performed services and charged fees which were paid under Plaintiff's and Petitioner's agreement one-half by Plaintiff and one-half by Petitioner. ALLEN served as temporary judge from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause. At all times herein relevant, ALLEN submitted billings to Plaintiff as a lawyer on the letterhead of Allen-Magidson.

### C. Harold S. Bottomley

11. At all times herein relevant, Harold S. Bottomley [herein "Bottomley"] was, and now is, an attorney duly licensed to practice law in the State of California. Bottomley had been an associate of ALLEN's former law firm on two occasions for a number of years

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET, BOX 18180
POST OFFICE BOX 18180
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

4

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01681

LOVE was Petitioner's lead trial attorney in that trial.

15.    In about November 2001, Bottomley took his family to Warner Springs Ranch, and as a result of that experience and because it was much closer and considerably less expensive than the Alisol Ranch, became interested in becoming a member.  ALLEN and Bottomley then had discussions about inquiries Bottomley was making concerning acquiring a membership in Warner Springs Ranch, and how it would be very nice if the two of them were members so they could go there together with their respective families.  Bottomley was made aware that Warner Springs Ranch Realty was offering half-interests in Warner Springs Ranch for $2,500.

### F. The Conspiracy Between LOVE and ALLEN

16.    In or about the Summer of 2001, but no later than November or early December of 2001, ALLEN and LOVE entered into a conspiracy [herein the "CONSPIRACY"] to benefit themselves and others with whom they were associated designed to injure, harm and cause damage to Plaintiff by, among other things, interfering with Plaintiff's contractual relations, interfering with Plaintiff's prospective economic advantage, ///// violating Plaintiff's civil rights, defrauding and deceiving Plaintiff, ///// engaging in unfair competition in violation of applicable California law, and engaging in willful and negligent misconduct.  As more fully alleged herein, a purpose of the CONSPIRACY was for LOVE to make a gift to ALLEN of the LOVE's interest in Warner Springs Ranch in violation of ALLEN's and  LOVE's ethical and other obligations, and to conceal the fact

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1540
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

6

LOVE01682

of such gift.

17.   In about November or early December 2001, ALLEN had a conversation with LOVE about Warner Springs Ranch.   LOVE told ALLEN he was interested in divesting himself of his membership in Warner Springs Ranch since his children were grown and LOVE and his wife had recently joined the San Diego Country Club and were not using Warner Springs Ranch any longer.   ALLEN told LOVE of Bottomley's interest, called Bottomley, advised him of LOVE's comments, and suggested Bottomley call LOVE.   At the time, the LOVES owned two independent and separate half-interests or memberships in the Ranch, namely Unit 850A and Unit 1546B.   The "A" Unit permitted use of the Ranch and its facilities during odd months of the year and the "B" Unit permitted use during even months of the year.

18.   At a Christmas party at ALLEN's residence in December 2001, Bottomley spoke with the LOVES about Warner Springs Ranch, the Bottomleys' recent visit there, and the things the Ranch had to offer.   The LOVES discussed their membership, that they weren't using it anymore and would Bottomley and his wife be interested in assuming the LOVES' interest and the monthly membership fees.   On information and belief, ALLEN knew at the time of this discussion that LOVE was talking to Bottomley about the LOVES' interest in Warner Springs Ranch.

19.   At the end of the Christmas party, and after the other guests had left, Bottomley stayed behind and spoke with ALLEN about his discussion with LOVE earlier that evening, and that he was

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181630
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1876

7

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01683

going to acquire the LOVES' interest in Warner Springs Ranch. Following the Christmas party, Bottomley and ALLEN discussed that if Bottomley acquired the LOVES' interest at no cost, Bottomley would split the cost of whatever it would have cost ALLEN to acquire a full interest in the Ranch, so that each of them would have the same financial investment in their memberships and split it that way. Their idea was that Bottomley and ALLEN would each have full memberships so they could use Warner Springs Ranch together during the same months. In these conversations, Bottomley also learned from ALLEN that ALLEN was acting as a temporary judge in the Underlying Proceeding where LOVE was representing a party

20. Within a week or ten days after the Christmas party, Bottomley decided the $260 monthly cost of a full membership or interest in Warner Springs Ranch did not make good financial sense for him and his wife, and decided it would be better for them not to have a full [A and B] membership, but rather to have a B half-membership, and to see whether or not the A half-membership a part of what the LOVES were going to convey, could be converted into a B half-membership to be given to ALLEN so that ALLEN could use the Ranch at the same time (during the same months) as the Bottomleys. Bottomley then spoke to LOVE about Bottomley and ALLEN each taking one of the LOVES' two half memberships. And although LOVE allegedly told Bottomley at the time that "I really don't want to know any more about [your] business, [and] I can't do anything directly with Mr. ALLEN", he nevertheless wrote the below letter of

8

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LAW OFFICES
**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1591340
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1470

January 11, 2002 to Warner Springs Ranch and continued to work towards the transaction that placed the LOVES' Unit 1546B one-half interest in Bottomleys' names and LOVES' Unit 850A one-half interest in ALLEN's name. ALLEN was aware that both the half-interests were coming from the LOVES.

21. In a letter dated January 11, 2002, LOVE solicited Warner Springs Ranch to be able to convert his A and B half-interests into two A or two B half-interests. LOVE sent a copy of his letter to Bottomley. In his letter LOVE states he "personally know[s] each of the families to whom [he is proposing to sell his half-interests] and each of the male members of the families are attorneys," a reference to ALLEN and Bottomley. At the time of LOVE's letter, ALLEN was separated or divorced, and on information and belief, LOVE intentionally misled and deceived Warner Springs Ranch by characterizing his intended gift to ALLEN of an interest in Warner Springs Ranch as a "sale" to unnamed "families."

22. Following LOVE's letter, Bottomley's contemporaneous handwritten notes reflect a telephone discussion with LOVE on January 18, 2002. In this conversation, LOVE told Bottomley that the Ranch would not allow conversion of the LOVES' two half-interests into either two A's or two B's. Bottomley then asked LOVE if he could find out what it would cost to upgrade the half-interest going to ALLEN to a full interest. Bottomley discussed what LOVE had told him with ALLEN.

23. Bottomley's contemporaneous handwritten notes also

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1876

9

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01685

reflect a telephone discussion with LOVE on January 23, 2002. In this conversation LOVE told Bottomley of a "trade-up" option which Warner Springs Ranch was offering, whereby an owner of an A or a B half-interest could trade that one half-interest up to a full (A and B) membership for $850. Bottomley then discussed this with ALLEN.

24.   Before transfer of the LOVES' two half-interests in Warner Springs Ranch, ALLEN agreed with Bottomley that he (ALLEN) would take one of the LOVES' one-half-interests, and use it to "trade-up" (with $850) for a full membership. This would permit ALLEN to use the Ranch during the same months when Bottomley would also be using the facilities. At the time ALLEN agreed with Bottomley to take one of the LOVES' half-interests, ALLEN knew Bottomley was getting both half interests from LOVE, that Bottomley did not intend to keep both half-interests himself, and that Bottomley intended to immediately transfer one of the LOVES' half interests to ALLEN. Both ALLEN and LOVE knew that Bottomley was acting as a strawman in the gift to ALLEN of the LOVES' Unit 850A one-half interest in Warner Springs Ranch.

G. **The gift to ALLEN of the LOVES' half-interest in Warner Springs Ranch**

25.   By Quit Claim Deeds signed February 8, 2002, (a) the LOVES transferred to Bottomley and his wife the LOVES' Unit 1546B one-half interest in Warner Springs Ranch, and (b) the LOVES transferred to Bottomley (and not Mr. Bottomley) the LOVES' Unit 850A one-half interest in Warner Springs Ranch. Both Quit Claim

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET AT "C" AVENUE
POST OFFICE BOX 181430
CORONADO, CALIFORNIA 92118-1417
(619) 437-1976

10

LOVE01686

Deeds were recorded by Bottomley on February 22, 2002. As more fully hereinafter alleged, both LOVE and ALLEN knew the reason for the transfer of the LOVES' Unit 850A interest in Warner Springs Ranch to Bottomley, and to only Bottomley, and not to Bottomley and his wife, was that Bottomley was acting as a strawman for the transfer of that interest through to ALLEN, its intended recipient.

26.    By Quit Claim Deed signed March 15, 2002, Bottomley transferred to ALLEN the LOVES' Unit 850A one-half interest in Warner Springs Ranch. This Quit Claim Deed was recorded March 18, 2002.

27.    Bottomley did not prepare any of the deeds which transferred the LOVES' half-interests in Warner Springs Ranch. LOVE (or someone on his behalf) prepared the Quitclaim Deed from the LOVES, and ALLEN (or someone on his behalf) prepared the Quitclaim Deed to himself. Bottomley explained to LOVE his intention of transferring the LOVES' Unit 850A half-interest to ALLEN so ALLEN could use that half-interest to upgrade to a full membership. Bottomley further explained to LOVE that because he [Bottomley] was simply passing Unit 850A on to ALLEN, it did not make sense for LOVE to prepare the Quitclaim Deed for that half-interest in Bottomley's and his wife's names, as LOVE was doing for the LOVES' Unit 1546B half-interest which Bottomley and his wife were keeping. Bottomley explained that it would be simpler if only he (and not Bottomley and his wife) had to sign the transfer through to ALLEN. The Quitclaim Deeds transferring the LOVES'

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181593
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

11

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01687

interests in Warner Springs Ranch recite they are "gifts".

28.   In February, 2002, ALLEN contacted Warner Springs Ranch to ask if it would be possible for him to "upgrade" the half-interest he was going to receive through Bottomley to a full interest (so that he and Bottomley could utilize the Ranch facilities at the same time).

29.   On February 27, 2002, after receiving the recorded Quitclaim Deeds from the LOVES back from the San Diego County Recorder's office, Bottomley faxed to ALLEN a copy of the Quitclaim Deed from the LOVES for Unit 850A for ALLEN to prepare the deed conveying this Unit to himself.  On information and belief, neither LOVE, ALLEN nor Bottomley took any steps to cause the records of Warner Springs Ranch to be changed to reflect this transaction because Defendants knew that Bottomley would immediately transfer the LOVES' Unit 850A half-interest to ALLEN, its intended recipient.

30.   In mid-March, 2002, ALLEN prepared and had Bottomley sign a Quitclaim Deed transferring the LOVES' Unit 850A half-interest to himself.  This deed recites it is a "gift".  ALLEN caused this deed to be recorded on March 18, 2002, however, on information and belief, did not take any steps to cause the records of Warner Springs Ranch to be changed to reflect ALLEN's ownership of the LOVES' Unit 850A.

31.   After receiving the recorded deed to Unit 850A from the San Diego County Recorder, in late March, 2002, and prior to May

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1816
1203 SECOND STREET
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

12

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01688

20, 2002, ALLEN had communications with the Warner Springs Ranch Owners Association [the "Association"] to trade-up the LOVES' Unit 850A into a new, full membership. ALLEN was informed that the title company had some questions regarding the transfer by the LOVES. To resolve these questions, ALLEN called LOVE to discuss "some recordation problem," and asked that LOVE assist him in resolving a matter involving Unit 850A that had occurred when the LOVES owned that Unit.

32. After the title problems were resolved, ALLEN signed a Grant Deed transferring the LOVES' Unit 850A half interest in the Ranch to the Association. This deed recites it is a "½ interest Owner Trading Up." Sequentially with the recording of this deed on May 20, 2002, a Corporation Grant Deed from the Association was recorded transferring a full interest [new Unit 4257] in the Ranch to ALLEN. On information and belief, at this time the records of the Association were first changed to show ALLEN as a member, owning Unit 4257.

33. The circuitous movements Defendants orchestrated of the LOVES' Unit 850A half interest in Warner Springs Ranch effectively laundered this transaction so as to obscure this gift to ALLEN.

H. **Disqualification of ALLEN**

34. Defendants knew or should have known that making the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch would result in ALLEN being disqualified from acting as temporary judge in the Underlying Proceeding. Defendants further

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1640
1203 SECOND STREET AT "B" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1676

13

LOVE01689

1  knew or should have known that once made, the gift to ALLEN of the

2  LOVES' Unit 850A half-interest in Warner Springs Ranch disqualified

3

4  ALLEN from acting as temporary judge in the Underlying Proceeding.

5      35.  ALLEN's acceptance of the gift of the LOVES' Unit 850A

6  half interest in Warner Springs Ranch in March 2002 immediately

7  disqualified him from acting as temporary judge in the Underlying

8  Proceeding.  The making, and ALLEN's acceptance, of the gift of the

9  LOVES' Unit 850A half-interest in Warner Springs Ranch was not a

10 judicial act, was not done in the course of the conduct of the

11 Underlying Proceeding and was not done to achieve the legitimate

12 objectives of the Underlying Proceeding.

13      **I. Concealment and Failure to disclose the gift.**

14     36.  In a telephone status conference in the Underlying

15 Proceeding on April 30, 2002, ALLEN, acting in his role as then

16 temporary judge in the Underlying Proceeding, stated "... insofar

17 as fees [including for LOVE] are concerned, that's one of the other

18 issues that I'm still struggling with and I'm still looking at some

19 of the pleadings and kind of going through my notes".  Although both

20 knew, neither ALLEN nor LOVE  made any disclosure of the gift of

21 the LOVES' Unit 850A half-interest in Warner Springs Ranch which

22 had been made to ALLEN in March of 2002.  Both LOVE and ALLEN

23 further concealed that ALLEN was at the time disqualified from

24 acting as temporary judge.

25     37.  On October 11, 2002, ALLEN, acting in his role as then

26 temporary judge in the Underlying Proceeding, reopened trial in the

27

28

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181030
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1873

14

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01690

Underlying Proceeding to receive evidence on certain issues he had reserved from the trial in October - November 2000. The trial on these issues was completed on that date. At this hearing, ALLEN stated he would order Plaintiff herein to pay $250,000 of Petitioner's attorneys' fees and costs, including fees for LOVE. Although both knew, neither LOVE nor ALLEN made any disclosure of the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made to ALLEN in March of 2002. Both LOVE and ALLEN further continued to conceal that ALLEN was at the time disqualified from acting as temporary judge.

38.  On October 23, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, issued his Amended Statement Of Decision. On November 12, 2002, ALLEN, acting in his role as then temporary judge in the Underlying Proceeding, signed and issued his Second Amended Statement Of Decision and the final Judgment. Although both knew, neither LOVE nor ALLEN made any disclosure of the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made to ALLEN in March of 2002. Both LOVE and ALLEN further continued to conceal that ALLEN was at these times disqualified from acting as temporary judge.

39.  On December 17, 2002, LOVE met privately with ALLEN, without notice, and obtained ALLEN's signature on certain orders which permitted the immediate issuance, over the counter, of a writ of execution on Plaintiff's separate and share of the community property, and which permitted the levy on assets held in

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1650
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

15

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01691

Plaintiff's Family Trust.   LOVE thereafter aggressively pursued enforcement and collection of the final Judgment ALLEN had entered in the Underlying Proceeding, which Judgement LOVE knew, and continued to conceal and did not disclose had been made and was being enforced with orders made after ALLEN was disqualified from acting as temporary judge in the Underlying Proceeding.   LOVE and ALLEN benefitted from those actions in that, among other things, Plaintiff's separate property and share of community property was used for payment and reimbursement of their fees and expenses. Payments and transfers of assets by Plaintiff were further made through LOVE and those assisting LOVE.   There is no transcript of what ALLEN and LOVE discussed.

40.   On March 7, 2003, during a post-judgment hearing in the Underlying Proceeding attended by LOVE, Plaintiff's counsel objected to ALLEN presiding at the hearing inasmuch as ALLEN had not made a certification (under California Rule 244(b)).   Although both knew, neither ALLEN nor LOVE made any disclosure of the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made to ALLEN in March of 2002. Both LOVE and ALLEN further continued to conceal that ALLEN was at these times disqualified from acting as temporary judge.

41.   Prior to ALLEN filing his Statement Of Withdrawal in the Underlying Proceeding on March 23, 2003, neither ALLEN nor LOVE had disclosed the Warner Springs Ranch transactions.   ALLEN has refused to answer why he did not disclose these transactions.

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

16

LOVE01692

42.  Since ALLEN was given the LOVES' Unit 850A half-interest in Warner Springs Ranch in March 2002, ALLEN has used the Ranch facilities on multiple occasions.

### J. Setting aside of ALLEN's rulings

43.  As a result of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch, ALLEN was disqualified, and rulings of ALLEN while acting in his role as then temporary judge have been set aside by the Judge of the Superior Court who replaced ALLEN in the Underlying Proceeding, and a new trial has been ordered on these set aside rulings.

### K. ALLEN's Statements to the Press

44.  On information and belief, in or about September and October 2003, and after ALLEN filed his Statement of Withdrawal in the Underlying Proceeding, ALLEN and ALLEN's counsel spoke with one or more reporters and made threatening, misleading and disparaging remarks about the truth of ALLEN's involvement in the gift to him of the LOVES' Unit 850B one-half interest in Warner Springs Ranch. On information and belief, ALLEN and ALLEN's counsel made these statements as a part of and in furtherance of the CONSPIRACY, to discredit Plaintiff and coerce Plaintiff into accepting ALLEN's rulings, and to bolster and support actions ALLEN had previously taken in his judicial capacity.  In speaking with the press, ALLEN was not acting in his judicial capacity or in the course of the conduct of the Underlying Proceeding, or to achieve the legitimate objectives of the Underlying Proceeding.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 161150
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01693

## L. **Plaintiff's economic damages**

45. As a result of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch and of Defendants' concealment and nondisclosure of this transaction and the fact of the disqualification of ALLEN, Plaintiff has lost the fees, costs and expenses paid in the prior trial on the now set-aside rulings, and the depreciation and loss in the value and use of assets which were taken from Plaintiff under the now set-aside rulings. In addition, Plaintiff has incurred and will be required to continue to incur the fees, costs and expenses of having a new trial on these set- aside rulings.

## M. **Plaintiff's non-economic injuries**

46. As a further result of the actions and conduct of Defendants as aforesaid, Plaintiff has suffered and continues to suffer serious and severe emotional distress.

## N. **No judicial immunity**

47. Except where otherwise expressly stated to the contrary, the actions and conduct of ALLEN alleged herein were not done by ALLEN in his role or capacity as a judicial officer. The actions and conduct on which ALLEN is sued herein are not judicial acts.

## O. **No litigation privilege**

48. The actions and conduct on which Defendants are sued herein were not done in the course of the conduct of the Underlying Proceeding and were not done to achieve the legitimate objectives of the Underlying Proceeding.

LAW OFFICES
**FRANK E. ROGOZIENSKI**
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180340
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-7978

18

LOVE01694

**P. Estoppel to rely on statute of limitations**

49.    Defendants are estopped to rely on all applicable statutes of limitations because, prior to the time such applicable statutes of limitations would have run (a) Defendants fraudulently concealed and failed to disclose the fact of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch, (b) Defendants fraudulently concealed that Plaintiff had the causes of action alleged herein, (c) Plaintiff reasonably relied upon Defendants' fraudulent concealments, and that Defendants would act in accordance with the disclosure requirements provided by law, (d) Defendants intended their concealments to be acted upon by Plaintiff, and Plaintiff had the right to believe that the fact Defendants made no disclosure was intended to be relied upon that no gifts had been made, and (e) Plaintiff exercised due diligence to ascertain the truth. Plaintiff did not discover prior to March 7, 2003 evidence of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch which had been made in March 2002; and prior to March 27, 2002 when ALLEN filed his Statement of Withdrawal in the Underlying Proceeding, did not discover the fact of the gift and fact of ALLEN's disqualification.

50. [Reserved]

**4. CAUSES OF ACTION**

**FIRST CAUSE OF ACTION
FOR INTENTIONAL INTERFERENCE WITH
CONTRACTUAL RELATIONS AGAINST
ALL DEFENDANTS**

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1818O
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

19

LOVE01695

51. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

52. At times herein relevant, there existed contractual relationships between Plaintiff and Petitioner, including a prenuptial agreement, agreements for the ownership and control of real and personal property, and deposit accounts.

53. At times herein relevant, there existed contractual relationships between Plaintiff and third persons, including with Qualcomm relating to the acquisition of Qualcomm stock and stock options, and loans to Qualcomm.

54. At times herein relevant, there existed a contractual relationship between Plaintiff and Plaintiff's counsel in the Underlying Proceeding for providing legal services to Plaintiff in that proceeding on a fee-for-service basis.

55. Defendants knew of the existence of each of these contracts.

56. In engaging in the actions and conduct hereinabove alleged, Defendants either (a) intended to prevent Plaintiff's performance or to cause Plaintiff's performance under the aforementioned contracts to be more expensive and burdensome, or (b) knew that prevention of Plaintiff's performance was certain or substantially certain to occur or that Plaintiff's performance would be more expensive or burdensome as a result of Defendants' actions and conduct.

FIRST AMENDED COMPLAINT FOR DAMAGES

LOVE01696

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

57. Defendants engaged in the actions and conduct hereinabove alleged which either (a) prevented Plaintiff's performance of those contracts or (b) caused Plaintiff's performance to be more expensive and burdensome.

58. The actions and conduct of Defendants as hereinabove alleged interfered with Plaintiff's contractual relations and were a cause of injury, damage, loss and harm to Plaintiff in an amount according to proof in excess of $25,000.

59. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### SECOND CAUSE OF ACTION
### FOR INTENTIONAL INTERFERENCE WITH
### CONTRACTUAL RELATIONS AGAINST LOVE

60. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

61. At times herein relevant, there existed an agreement for payment by Plaintiff of one-half of ALLEN's services in the Underlying Proceeding at his normal and customary rate as an attorney on a fee-for-service basis.

62. LOVE knew of the existence of this contract.

63. In engaging in the actions and conduct hereinabove alleged, LOVE either (a) intended to cause Plaintiff's performance under the contract to be more expensive or burdensome, or (b) knew

LAW OFFICES

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1836
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

21

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01697

that Plaintiff's performance would be more expensive or burdensome as a result of LOVE's actions and conduct.

64.  LOVE engaged in the actions and conduct hereinabove alleged which caused Plaintiff's performance of the contract to be more expensive and burdensome.

65. The actions and conduct of LOVE as hereinabove alleged interfered with Plaintiff's contractual relations and were a cause of injury, damage, loss and harm to Plaintiff in an amount according to proof in excess of $25,000.

66.  The actions and conduct of LOVE as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### THIRD CAUSE OF ACTION
#### FOR INTENTIONAL INTERFERENCE WITH
#### PROSPECTIVE ECONOMIC ADVANTAGE
#### AGAINST ALL DEFENDANTS

67.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraphs 52 through 54 hereinabove set forth.

68.  At times herein relevant, there existed economic relationships between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel in the Underlying Proceeding, and between Plaintiff and Qualcomm and other third persons engaging or proposing to engage in business transactions with Plaintiff, containing a probable future economic benefit or advantage to

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1815
1203 SECOND STREET AT C AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1875

22

FIRST AMENDED COMPLAINT FOR DAMAGES

LOVE01698

Plaintiff.

69. Defendants knew of the existence of these relationships.

70. Defendants engaged in wrongful conduct as hereinabove alleged designed to interfere with or disrupt these relationships.

71. Defendants engaged in said wrongful conduct either (a) with the intent to interfere with or disrupt these relationships, or (b) with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of Defendants actions.

72. The economic relationships were actually interfered with or disrupted.

73. The wrongful conduct of Defendants which was designed to interfere with or disrupt these relationships caused injury, damage, loss and harm to Plaintiff in an amount according to proof in excess of $25,000.

74. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof

**FOURTH CAUSE OF ACTION**
**FOR INTENTIONAL INTERFERENCE WITH**
**PROSPECTIVE ECONOMIC ADVANTAGE**
**AGAINST LOVE**

75. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraph 61 hereinabove set forth.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181840
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

23

L0VE01699

76. An economic relationship existed between Plaintiff and ALLEN, containing a probable future economic benefit or advantage to Plaintiff. This economic relationship included the arrangement that ALLEN would serve as a temporary judge in the Underlying Proceeding. The economic benefit or advantage to Plaintiff included resolution of the Underlying Proceeding in an expeditious and cost-effective manner.

77. LOVE knew of the existence of this relationship.

78. LOVE engaged in wrongful conduct as hereinabove alleged designed to interfere with or disrupt this relationship.

79. LOVE engaged in this wrongful conduct either (a) with the intent to interfere with or disrupt this relationship or (b) with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of LOVE's actions.

80. The economic relationship was actually interfered with and disrupted.

81. The within conduct of LOVE which was designed to interfere with or disrupt this relationship caused injury, damage, loss and harm to Plaintiff in an amount according to proof in excess of $25,000.

82. The actions and conduct of LOVE as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### FIFTH CAUSE OF ACTION
### FOR NEGLIGENT INTERFERENCE WITH

24

FIRST AMENDED COMPLAINT FOR DAMAGES

LOVE01700

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 16600
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180400
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

## PROSPECTIVE ECONOMIC ADVANTAGE
## AGAINST ALL DEFENDANTS

83.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraphs 52 through 54 as hereinabove set forth.

84.   At times herein relevant, an economic relationship existed between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel in the Underlying Proceeding, and between Plaintiff and Qualcomm and other third persons engaging and proposing to engage in business transactions with Plaintiff, containing a probable future economic benefit or advantage to Plaintiff.

85.   Defendants knew of the existence of these economic relationships.

86.   Defendants engaged in wrongful conduct as hereinabove alleged.

87.   It was reasonably foreseeable that Defendants' wrongful conduct would interfere with or disrupt these economic relationships if Defendants failed to exercise due care.

88.   Defendants were negligent in their conduct as hereinabove alleged, in that Defendants failed to exercise due care.

89.    These economic relationships were actually interfered with and disrupted.

90.   Defendants' conduct caused Plaintiff to suffer injury, damage, loss and harm in that, among other things, Plaintiff has been injured and has lost the economic benefit and advantage from

25

LOVE01701

these economic relationships in an amount according to proof in excess of $25,000.

## SIXTH CAUSE OF ACTION
## FOR NEGLIGENT INTERFERENCE WITH
## PROSPECT ECONOMIC ADVANTAGE
## AGAINST LOVE

91. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraph 61 as hereinabove set forth.

92. As more fully alleged in the Factual Background, an economic relationship existed between Plaintiff and ALLEN containing a probable future economic benefit or advantage to Plaintiff. This economic relationship included the arrangement that ALLEN would serve as temporary judge in the Underlying Proceeding. The economic benefit or advantage to Plaintiff included resolution of the Underlying Proceeding in an expeditious and cost-effective manner.

93. LOVE knew of the existence of this economic relationship.

94. LOVE engaged in wrongful conduct as herein alleged.

95. LOVE was negligent in his conduct, in that LOVE failed to exercise due care.

96. This economic relationship was actually interfered with and disrupted.

97. LOVE's conduct caused Plaintiff to suffer injury, damage, loss and harm in that, among other things, Plaintiff has been injured and has lost the economic benefit or advantage from this

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180840
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-7878

26

LOVE01702

economic relationship in an amount according to proof in excess of $25,000.

### SEVENTH CAUSE OF ACTION
### FOR CIVIL RIGHTS VIOLATIONS
### AGAINST ALL DEFENDANTS

98.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

99.    As more fully alleged in the FACTUAL BACKGROUND, Defendants interfered or attempted to interfere by coercion with the exercise or enjoyment by Plaintiff of Plaintiff's rights to a fair trial secured by the Constitution and laws of the United States and of the State of California.  This right to a fair trial includes a trial free from actions and conduct which disqualify the trial judge and a trial where doubts are not raised concerning the trial judge's impartiality.

100.    As more fully alleged in the Factual Background, the interference or attempted interference in Plaintiff's right to a fair trial caused Plaintiff to suffer injury, damage, loss and harm in an amount according to proof in excess of $25,000.

101.    The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

### EIGHTH CAUSE OF ACTION
### FOR DECEIT

27

FIRST AMENDED COMPLAINT FOR DAMAGES

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1596
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1876

L0VE01703

## FRAUDULENT CONCEALMENT
## AGAINST ALL DEFENDANTS

102.  Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

103. As more fully alleged in the Factual Background, Defendants did not disclose the fact of the gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch, which gift Defendants should have disclosed because, at the time of the gift, LOVE was attorney for Petitioner in the Underlying Proceeding and ALLEN was the temporary judge in that proceeding, and the gift caused the immediate disqualification of ALLEN from acting as temporary judge in the Underlying Proceeding.

104. Defendants knew that they concealed or failed to disclose the fact of the gift to ALLEN of the LOVE's Unit 850A half-interest in Warner Springs Ranch.

105. Defendants intended that their concealment of or failure to disclose said facts would cause Plaintiff to proceed in the Underlying Proceeding without challenging ALLEN's acting as the temporary judge, to continue to pay ALLEN's invoices for his services, and to continue to pay the invoices of Bruno, Mack and Barclay and other experts retained by ALLEN and by Plaintiff.

106. Plaintiff relied on the fact that Defendants had not disclosed that the gift had been made to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch.

107. Plaintiff was justified in relying on the fact that

28

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01704

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180430
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

Defendants had not disclosed that the gift had been made to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch.

108. As a result of Defendants' deceit and fraudulent concealment, Plaintiff has and will continue to sustain injury, damage, loss and harm in an amount according to proof in excess of $25,000.

109. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

## NINTH CAUSE OF ACTION
## FOR BREACH OF CONTRACT AGAINST ALLEN

110. Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

111. In submitting each of his invoices to Plaintiff, ALLEN expressly and impliedly represented that he had satisfied all conditions required on his part to be entitled to payment, and was entitled to be paid the amounts billed.

112. As more fully alleged in the Factual Background, ALLEN breached his agreement with Plaintiff in that, among other things, ALLEN continued to invoice and to accept payment from Plaintiff for services allegedly rendered by ALLEN after he had accepted the gift of the LOVES' Unit 850A half-interest in Warner Springs Ranch and knew he was disqualified and thus barred as an attorney from making further charges to Plaintiff.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 180640
1203 SECOND STREET, SUITE B AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1876

29

113.    There is implied in every contract a covenant of good faith and fair dealing to refrain from doing anything which would interfere with the rights of the other party to receive the benefits of the contract.

114.    Plaintiff has performed all terms of his agreement to pay ALLEN required on Plaintiff's part to be performed.

115.    As a result of ALLEN's breach of the implied covenant of good faith and fair dealing and the breach of his agreements with Plaintiff as aforesaid, Plaintiff has and will continue to sustain injury, damage, loss and harm in an amount according to proof in excess of $25,000.

### TENTH CAUSE OF ACTION
### FOR UNFAIR COMPETITION
### AGAINST LOVE

116.    Plaintiff realleges and incorporate herein by reference each and every allegation contained in paragraphs 1 through 50 hereinabove set forth.

117.    As more fully alleged in the Factual Background, LOVE engaged in unfair and fraudulent business acts and practices in violation of Business and Profession Code §§17200, et seq.    The gift to ALLEN of the LOVES' Unit 850A half-interest in Warner Springs Ranch was an unfair and fraudulent business act and practice designed to provide, and which provided LOVE an unfair advantage over Plaintiff and Plaintiff's counsel in the Underlying Proceeding.

118.    As a result of the fraudulent acts and business

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181340
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

30

**FIRST AMENDED COMPLAINT FOR DAMAGES**

LOVE01706

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 81353
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1    practices of LOVE as aforesaid, Plaintiff is entitled to

2    restitution of the amounts Plaintiff paid to ALLEN, to Plaintiff's

3    counsel, for the benefit of and indirectly to LOVE, to Bruno, Mack

4    and Barclay and to Plaintiff's experts in the Underlying

5    Proceeding, all in an amount according to proof in excess of

6    $25,000.

7

8                    **ELEVENTH CAUSE OF ACTION**
                **FOR WILLFUL MISCONDUCT AND INTENTIONAL**
9                     **INFLICTION OF INJURY**
                    **AGAINST ALL DEFENDANTS**

10

11        119.  Plaintiff realleges and incorporate herein by reference

12   each and every allegation contained in paragraphs 1 through 50

13   hereinabove set forth.

14        120.  As members of the State Bar of California, Defendants

15   each owed a duty to Plaintiff to refrain from conduct Defendants

16   knew or should have known would cause or was certain or

17   substantially certain to cause injury to Plaintiff, including the

18   gift to ALLEN of the LOVES' Unit 850A half-interest in Warner

19   Springs Ranch and the concealment and failure to disclose this gift

20   and the fact of the disqualification of ALLEN to act as temporary

21   judge in the Underlying Proceeding.

22        121.  These duties are reflected in part in Rule 5-300(A) of

23   the Rules of Professional Conduct which provides that:

24
25                "A member [of the State Bar] shall not
                  directly or indirectly give...anything of
26                value to a judge [or] official...of a tribunal
                  unless the personal or family relationship
27                between the member and the judge, official or
                  employee is such that gifts are customarily

28

                                   31

LOVE01707

given and exchanged..."

and in Rule 1-710 of the Rules of Professional Conduct which provides that:

> "A member [of the State Bar] who is serving as a temporary judge ...and is subject under the Code of Judicial Ethics to Canon 6D, shall comply with the terms of that canon."

In turn, Canon 6D(2)(f) provides that :

> "A temporary judge...shall...disclose in writing or on the record information as required by law, or information the temporary judge...believes the parties or their lawyers might consider relevant to the question of disqualification, even where it is believed that there is no actual basis for disqualification..."

122. These duties are further reflected in Penal Code sections 92, 93, 94 and/or 95 which prohibit bribery and corruption.

123. The aforementioned Rules of Professional Conduct embody the public policy of this State applicable to persons who are licensed to practice law, and the aforementioned Penal Code sections embody the public policy of this state applicable to all persions. These Rules and Penal Code sections are intended to benefit and protect persons in the circumstances of Plaintiff as hereinabove alleged.

124. As more fully set forth in the Factual Background, Defendants willfully breached their respective duties of care and as members of the State Bar of California by making, and then failing to disclose and concealing, the gift to ALLEN of the LOVES'

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

32

LOVE01708

Unit 850A half-interest in Warner Springs Ranch and the fact of the disqualification of ALLEN to act as temporary judge in the Underlying Proceeding. On information and belief, the gift of the LOVES' Unit 850 one-half interest in Warner Springs Ranch constituted bribery and corruption under the aforementioned Penal Code Sections.

125. At all times herein relevant, Defendants knew or should have known their actions and conduct were certain or substantially certain to cause injury to Plaintiff.

126. At all times herein relevant, Defendants consciously and intentionally failed to take steps to avoid breaching their aforesaid duties as members of the State Bar of California.

127. As more fully set forth in the Factual Background, Defendants acted intentionally either (a) with knowledge that serious injury to Plaintiff would be the probable result of their actions and conduct, or (b) with wanton and reckless disregard of the consequences of their actions and conduct.

128. As a proximate cause of Defendants' breach of their respective duties, Plaintiff has and will continue to sustain injury, damage, loss and harm in an amount according to proof in excess of $25,000.

129. The actions and conduct of Defendants as hereinabove alleged were willful and oppressive, fraudulent and malicious, entitling Plaintiff to an award of punitive and exemplary damages in an amount according to proof.

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1653
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

33

LOVE01709

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181820
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1875

### TWELFTH CAUSE OF ACTION
### FOR NEGLIGENCE AGAINST
### ALL DEFENDANTS

130. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 50 and paragraphs 121 and 124 hereinabove set forth.

131. As members of the State Bar of California, Defendants each owed a duty to care to Plaintiff, to refrain from extrajudicial actions and conduct that would cause or was reasonably foreseeable to cause injury or damage to Plaintiff.

132. As more fully set forth in the Factual Background, Defendants breached their respective duties of care and as members of the State Bar of California and otherwise by making, and then failing to disclose and concealing, the gift to ALLEN of the LOVES' Unit 850A half interest in Warner Springs Ranch and the fact of the disqualification of ALLEN to act as temporary judge in the Underlying Proceeding.

133. It was reasonably foreseeable that Defendants' actions and conduct as hereinabove alleged would cause injury or damage to Plaintiff.

134. Defendants were negligent in their actions and conduct as hereinabove alleged, in that Defendants failed to exercise due care.

135. As a direct and proximate result of Defendants negligence as aforesaid, Plaintiff sustained and will continue to sustain injury, damage, loss and harm in an amount according to

FIRST AMENDED COMPLAINT FOR DAMAGES

LOVE01710

proof in excess of $25,000.

## THIRTEENTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS
## FOR UNJUST ENRICHMENT

136.  Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 135.

137.  As more fully hereinabove alleged, Defendants and others have profited, gained and been unjustly enriched to Plaintiff's detriment by Defendants fraud and deceit, interference with Plaintiff's contractual relations, and economic advantage, and undue influences and other negligent and wrongful acts, by reason of which Plaintiff is entitled to recoupment of, and Defendants hold as constructive trustees for the benefit of Plaintiff, all monies paid by Plaintiff and all of Plaintiff's separate property and share of community property wrongfully acquired or detained by Defendants, including the full value and loss of use of all monies paid and provided by Plaintiff because of Defendants' actions, and the full value and loss of use of all of Plaintiff's separate property and share of community property improperly detained and taken from Plaintiff.

### PRAYER

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

1.   For general and special injury and damages in an amount according to proof in excess of $25,000.00;

2.   For restitution in an amount according to proof in excess

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 1830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1873

35

LOVE01711

of $25,000;

3.   For imposition of a constructive trust for the full value and loss of all monies paid by Plaintiff and Defendant IGA's separate property and share of community property wrongfully acquired or detained by Defendants;

4.   For punitive damages in an amount appropriate to punish or set an example of Defendants;

5.   For interest at the maximum legal rate permitted by law;

6.   For attorney fees in an amount according to proof;

7.   For costs of suit in an amount according to proof; and

8.   For such other and further relief as the Court deems just and proper.

Dated: March 28, 2005                    FRANK E. ROGOZIENSKI, INC.

By: _____
     Frank E. Rogozienski
     Attorney for Plaintiff

36

**FIRST AMENDED COMPLAINT FOR DAMAGES**

L0VE01712

Exhibit 5-B

CY/300.20/A5
MF/36.30/A5

CIVIL            OFFICE 18
CENTRAL DIVISION

2005 MAY 25 P 4: 16

CLE    SUPERIOR COURT
SAN DIEGO COUNTY, CA

A5

1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  **WHITE & OLIVER**
   A Professional Corporation
3  550 West C Street, Suite 950
   San Diego, California  92101
4  Telephone:  (619) 239-0300
   Facsimile:  (619) 239-0344
5
   Attorneys for Defendant
6  S. MICHAEL LOVE ①

7

8              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10  FRANK E. ROGOZIENSKI,            )  Case No. GIC843843
                                     )
11           Plaintiff,              )  **NOTICE OF DEMURRER AND**
                                     )  **DEMURRER TO FIRST**
12                                   )  **AMENDED COMPLAINT BY**
                                     )  **DEFENDANT**
13       v.                          )  **S. MICHAEL LOVE**
                                     )
14  JAMES D. ALLEN, S. MICHAEL LOVE, and )  **Date:  July 15, 2005**
    DOES 1 through 10, inclusive,    )  **Time: 11:00 a.m.**
15                                   )  **Dept: 61**
             Defendants.             )  **The Honorable John S. Meyer**
16  _____)

17  TO THE PARTIES HERETO AND THEIR ATTORNEYS OF RECORD:

18         PLEASE TAKE NOTICE that on July 15, 2005, at 11:00 a.m. in Department 61 of the

19  above-entitled Court, located at 330 W. Broadway, San Diego, California, Defendant S. Michael

20  Love will and hereby does demur to the First Amended Complaint filed by Plaintiff Frank E.

21  Rogozienski, on each of the following grounds:

22              **DEMURRER TO FIRST CAUSE OF ACTION**

23         1.    The First Cause of Action fails to state facts sufficient to constitute a cause of

24  action against this Defendant.                                    LOVE01713

25         2.    The First Cause of Action for intentional interference with contractual relations is

26  uncertain because it cannot be ascertained from the allegations how Love's conduct allegedly did

27  or even could have tortiously interfered with (1) Frank Rogozienski's contractual relationships

28  with Shirley Rogozienski (First Amended Complaint ("FAC") ¶ 52), who Love was then

**WHITE & OLIVER**
A Professional Corporation

representing in Shirley's marital dissolution action against Frank (FAC ¶ 9); (2) with the contractual relations between Plaintiff and third persons, including Qualcomm, regarding Plaintiff's stock and loan relationships with Qualcomm (FAC ¶ 53); or (3) with the contractual relationship between Plaintiff and the attorney representing him in the dissolution action (FAC ¶ 54).

## DEMURRER TO SECOND CAUSE OF ACTION

1.    The Second Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2.    The Second Cause of Action for intentional interference with contractual relations against Love is uncertain, because it cannot be ascertained how Love's alleged conduct did or could have interfered with Frank Rogozienski's relationship with Love's co-defendant James Allen (FAC ¶ 63), when Rogozienski acknowledges that Allen withdrew as acting judge in the dissolution proceeding between Shirley and Frank after Frank challenged Allen and insisted he withdraw (FAC ¶¶ 40, 41).

## DEMURRER TO THIRD CAUSE OF ACTION

1.    The Third Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2.    The Third Cause of Action for intentional interference with prospective economic advantage is uncertain, because it cannot be ascertained from the allegations how the alleged conduct of Defendant Love did or could have tortiously interfered with any prospective economic gain to Frank from:  (1) an economic relationship between Frank and Shirley (FAC ¶ 68), when Love was then representing Shirley in the dissolution proceedings against Frank (FAC ¶ 9); (2) the relationship between Frank and Frank's own attorney in the dissolution proceeding, who Frank was presumably paying (FAC ¶ 68); or (3) with Qualcomm or other unnamed third persons with whom Frank might have been engaged or intended to engage in business transactions (FAC ¶ 68).

/ / /

/ / /

WHITE & OLIVER
A Professional Corporation

63638.1

LOVE01714

NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT BY DEFENDANT S. MICHAEL LOVE

WHITE & OLIVER
A Professional Corporation

## DEMURRER TO FOURTH CAUSE OF ACTION

1.    The Fourth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2.    The Fourth Cause of Action for intentional interference with prospective economic advantage is uncertain as against Love because it cannot be ascertained from the pleadings how Love's alleged conduct did or could have interfered with a relationship between Plaintiff and Love's co-defendant James Allen (FAC ¶ 76), with whom Frank alleges the existence of no economic relationship from which Frank could conceivably receive any economic benefit.

## DEMURRER TO FIFTH CAUSE OF ACTION

1.    The Fifth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

2.    The Fifth Cause of Action for negligent interference with prospective economic advantage is uncertain, because it cannot be ascertained from the allegations how the alleged conduct of Defendant Love did or could have tortiously interfered with  any prospective economic gain to Frank from:  (1) an economic relationship between Frank Rogozienski and Shirley Rogozienski (FAC ¶ 84), when Love was then representing Shirley in the dissolution proceedings against Frank (FAC ¶ 9); (2) the economic relationship between Frank and his own attorney in the dissolution proceeding, who Frank was presumably paying (FAC ¶ 84); or (3) with Qualcomm or other unnamed third persons with whom Frank might have been engaged or intended to engage in business transactions (FAC ¶ 84).

## DEMURRER TO SIXTH CAUSE OF ACTION

1.    The Sixth Cause of Action fails to state facts sufficient to constitute a cause of action against this Defendant.

LOVE01715

2.    The Sixth Cause of Action for intentional interference with prospective economic advantage is uncertain as against Love, because it cannot be ascertained from the pleadings how Love's alleged conduct did or could have interfered with an economic relationship between Frank and Love's co-defendant James Allen, with whom Frank alleges the existence of no

- 3 -                                                63638.1

1  economic relationship from which Frank could conceivably receive an economic benefit (FAC ¶

2  92).

### DEMURRER TO SEVENTH CAUSE OF ACTION

4      1.    The Seventh Cause of Action fails to state facts sufficient to constitute a cause of

5  action for civil rights violations against this Defendant.

### DEMURRER TO EIGHTH CAUSE OF ACTION

7      1.    The Eighth Cause of Action fails to state facts sufficient to constitute a cause of

8  action against this Defendant.

### DEMURRER TO TENTH CAUSE OF ACTION

10      1.    The Tenth Cause of Action fails to state facts sufficient to constitute a cause of

11  action against this Defendant.

### DEMURRER TO ELEVENTH CAUSE OF ACTION

13      1.    The Eleventh Cause of Action fails to state facts sufficient to constitute a cause of

14  action against this Defendant.

### DEMURRER TO TWELFTH CAUSE OF ACTION

16      1.    The Twelfth Cause of Action fails to state facts sufficient to constitute a cause of

17  action against this Defendant.

### DEMURRER TO THIRTEENTH CAUSE OF ACTION

19      1.    The Thirteenth Cause of Action fails to state facts sufficient to constitute a cause

20  of action against this Defendant.

21

22                              WHITE & OLIVER

23  By: _Steven G. Amundson (signature)_____

24                            Steven G. Amundson
                          Attorneys for Defendant

25                            S. MICHAEL LOVE

26

27

28

LOVE01716

                                                              63638.1

NOTICE OF DEMURRER AND DEMURRER TO FIRST AMENDED COMPLAINT BY DEFENDANT S. MICHAEL LOVE

WHITE & OLIVER
A Professional Corporation

1   FRANK E. ROGOZIENSKI, ESQ., California Bar No. 51445
2   FRANK E. ROGOZIENSKI, INC.
    A Professional Corporation
3   Coronado Professional Square
    1203 Second Street
4   Coronado, CA 92118
    Telephone: (619)437-1878
5   Facsimile: (619)437-4894

6   Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF SAN DIEGO

10

11

12  FRANK E. ROGOZIENSKI,              )   Case No. GIC843843
                                       )
13              Plaintiff,             )   MEMORANDUM OF POINTS AND
                                       )   AUTHORITIES IN OPPOSITION TO
14        v.                           )   DEMURRER OF DEFENDANT, S.
                                       )   MICHAEL LOVE, TO FIRST AMENDED
15  JAMES D. ALLEN, S. MICHAEL LOVE)       COMPLAINT
    and DOES 1 through 10, inclusive,  )
16                                     )
                                       )
17              Defendants.            )
                                       )   Date: 07/15/05
18  _____)   Time: 11:00 a.m.
                                           Dept: 61
19

20                                         DEPT. 61
21                                         HON. John S. Meyer
22

23

24

25

26

27  _____
    MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
28  TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
    AMENDED COMPLAINT

LOVE01717

# TABLE OF AUTHORITIES

**Page**

## California Cases

Calistoga Civic Club v. City of Calistoga (1983) 143 Cal.App.3d 111 . . . . . . . . . . . . . 14

Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163 . . . . . . . . . . . . . 12

Elliot v. Elliot (1964) 231 Cal.App.2d 205 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fletcher v. Security Pacifici Nat'l. Bank (1979) 23 Cal.3d 442 . . . . . . . . . . . . . . . . . . 12

GHK Associates v. Mayer Group, Inc. (1990) 24 Cal.App.3d 856 . . . . . . . . . . . . . . 14

Heliotis v. Schuman (1986) 181 Cal.App.3d 646 . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

LiMandri v. Judkins (1997) 52 Cal.App.4th 326 . . . . . . . . . . . . . . . . . . . . . 7,8,9,10,11

Neet v. Holmes (1944) 25 Cal.2d 447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

People v. Beaumont Investments (2003) 111 Cal.App.4th 102 . . . . : . . . . . . . . . . . . 12

Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App.3d 104 . . . . . . 4,6,13

Stop Youth Addiction v. Lucky Stores (1998) 17 Cal.4th 553 . . . . . . . . . . . . . . . . . 11

Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40 . . . . . . . . . . . . . . . . . . . . . . . . 5

Weiss v. Marcus (1975) 51 Cal.App.3d 590 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892 . . . . . . . . . . . . . . . . . . . . . . 6

## Federal Cases

Dennis v. Sparks (1980) 449 U.S. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Reynolds v. County of San Diego (9th Cir.) (1996) 84 F.3d 1162 . . . . . . . . . . . . . . . 9

ii

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181590
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

LOVE01719

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1205 POST OFFICE BOX 181930
SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

## California Statute, Rules of Court,
## Rules of Professional Conduct and Code of Judicial Ethics

Business & Professions Code §6128 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,8,10
Business & Professions Code §17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11,12
Business & Professions Code §17203 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
Civil Code §52.1(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
Civil Code §1709 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10,11
Civil Code §2223 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,14
Civil Code §2224 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13,14
Penal Code §§92-95 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Cal. Rule of Court 244 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Rule of Prof. Conduct 5-220 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Rule of Prof. Conduct 5-300(4) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
Rule of Prof. Conduct 5-300(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5,6,8,13

Cal. Code of Judicial Ethics, Canon 6D(2)(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## Federal Statute

42 U.S.C. §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## Treatise

Witkin, Cal. Summary 11, Equity, §93 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

LOVE01720

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 15840
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-0167

Plaintiff offers the following in opposition to the demurrer of Defendant, James D. Allen:

## I. **RELEVANT FACTUAL BACKGROUND**

Plaintiff was married in 1982, and in October, 1997, Plaintiff's then spouse ["Petitioner"] brought a Petition for Dissolution of their marriage [herein the "Underlying Proceeding"]. In the Underlying Proceeding, Love represented Petitioner [Compl. ¶ 9].

In or about June 1998, Plaintiff and Petitioner entered into a written agreement in which they agreed (a) to the entry of an order that Allen could act as temporary judge in the Underlying Proceeding and (b) that all costs of Allen shall be borne by them, with each paying one-half the cost of the services of Allen. Although, no hourly rate or fee amount was set expressly forth in the written agreement, the agreement was that Plaintiff would pay one-half of Allen's services in the Underlying Proceeding at Allen's normal and customary billing rate as an attorney on a fee-for-service basis. Allen served as temporary judge in the Underlying Proceeding from the time of his appointment by the Presiding Judge of the Superior Court on August 4, 1998 until his withdrawal on March 27, 2003 in response to Plaintiff's challenge of him for cause.

In or about the Summer of 2001, but no later than November or early December of 2001, Allen and Love entered into a conspiracy [herein the "Conspiracy"] to benefit themselves and others with whom they were associated designed to injure, harm and cause damage to Plaintiff by, among other things, interfering with Plaintiff's contractual relations, interfering with Plaintiff's prospective economic advantage, by violating Plaintiff's civil rights, defrauding and deceiving Plaintiff, by engaging in unfair competition in violation of applicable California law, and engaging in willful and negligent misconduct. A purpose of the Conspiracy was for Love to make a gift to Allen of the Loves' interest in Warner Springs Ranch in violation of Allen's and Love's ethical and other obligations, and to conceal the fact of such gift [Compl. ¶ 16]. Allen and Love arranged a gift to Allen of the Loves' Unit

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

1

LOVE01721

850A interest in Warner Springs Ranch [see, e.g., Compl. ¶¶ 21, 22 and 23]. By Quitclaim Deed signed February 8, 2002, the Loves transferred to Bottomley the Loves' Unit 850A interest in Warner Springs Ranch. Both Love and Allen knew that Bottomley was acting as a strawman for the transfer of the Loves' Unit 850A through to Allen, the intended recipient [Compl. ¶ 25]. By Quitclaim Deed signed March 15, 2002, Bottomley transferred to Allen the Loves' Unit 850A interest in Warner Springs Ranch. This Quit Claim Deed was recorded March 18, 2002 [Compl. ¶ 26].

Bottomley did not prepare any of the deeds which transferred the Loves' interests in Warner Springs Ranch. Love (or someone on his behalf) prepared the Quitclaim Deed from the Loves, and Allen (or someone on his behalf) prepared the Quitclaim Deed to himself. Bottomley explained to Love his intention of transferring the Loves' Unit 850A to Allen so Allen could use that half-interest to upgrade to a full membership. Bottomley further explained to Love that because he [Bottomley] was simply passing Unit 850A on to Allen, it did not make sense for Love to prepare the Quitclaim Deed for that interest in Bottomley's and Bottomley's wife's names, as Love was doing for the Loves' Unit 1546B interest which Bottomley and his wife were keeping. Bottomley explained that it would be simpler if only he (and not Bottomley and his wife) had to sign the transfer through to Allen. The Quitclaim Deeds transferring the Loves' interests in Warner Springs Ranch recite they are "gifts" [Compl. ¶ 27].

In mid-March, 2002, Allen prepared and had Bottomley sign a Quitclaim Deed transferring the Loves' Unit 850A interest to himself. This deed recites it is a "gift". Allen caused this deed to be recorded on March 18, 2002 [Compl. ¶ 30]. Love spoke to Allen to assist him in clearing up title problems that had arisen in the transfer from the Loves [Compl. ¶ 31]. After the title problems were resolved, Allen transferred the Loves' Unit 850A interest in the Ranch to the Warner Springs Owners Association, and received back a Grant Deed from the Association giving him Unit 4257 [Compl. ¶ 32]. The circuitous movements

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

2

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET
CORONADO, CALIFORNIA 92118-1417
(619) 437-1678

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET AT "C" AVENUE
POST OFFICE BOX 181830
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

1  Defendants orchestrated of the Loves' Unit 850A interest in Warner Springs Ranch

2  effectively laundered this transaction so as to obscure this gift to Allen [Compl. ¶ 33].

3      Defendants knew or should have known that making the gift to Allen of the Loves'

4  Unit 850A interest in Warner Springs Ranch would result in Allen being disqualified from

5  acting as temporary judge in the Underlying Proceeding. Defendants further knew or should

6  have known that once made, the gift to Allen of the Loves' Unit 850A interest in Warner

7  Springs Ranch disqualified Allen from acting as temporary judge in the Underlying

8  Proceeding [Compl. ¶ 34]. Allen's acceptance of the gift of the Loves' Unit 850A interest

9  in Warner Springs Ranch in March 2002 immediately disqualified him from acting as

10 temporary judge in the Underlying Proceeding. The making, and Allen's acceptance, of the

11 gift of the Loves' Unit 850A interest in Warner Springs Ranch was not done to achieve the

12 legitimate objectives of the Underlying Proceeding [Compl. ¶ 35].

13     Love concealed and did not disclose the fact of the gift to Allen, and continued to seek

14 rulings from Allen knowing Allen was disqualified from acting as the temporary judge in the

15 Underlying Proceeding [Compl. ¶¶ 36, 37, 38, 39 and 40].

16     After accepting the gift of the Loves' interest in Unit 850A, Allen, resuming again his

17 role as a temporary judge, made rulings in the Underlying Proceeding [Compl. ¶¶ 36-40].

18 Because Allen was disqualified by reason of the gift when he made those rulings they have

19 been set aside by the Judge of the Superior Court who replaced Allen [Compl. ¶ 43].

20     In or about September and October 2003, and after Allen filed his Statement of

21 Withdrawal in the Underlying Proceeding, Allen and Allen's counsel spoke with one or more

22 reporters and made threatening, misleading and disparaging remarks about the truth of

23 Allen's involvement in the gift to him of the Loves' Unit 850B interest in Warner Springs

24 Ranch. On information and belief, Allen and Allen's counsel made these statements as a part

25 of and in furtherance of the Conspiracy, to discredit Plaintiff and coerce Plaintiff into

26 accepting Allen's rulings, and to bolster and support actions Allen had previously taken in

27

28 MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

LOVE01723

his judicial capacity. In speaking with the press, Allen was not acting in his judicial capacity or in the course of the conduct of the Underlying Proceeding, or to achieve the legitimate objectives of the Underlying Proceeding [Compl. 44].

## II. OPPOSITION TO LOVE'S DEMURRERS

Plaintiff opposes each of the specific demurrers raised by Love on each of the following grounds:

### 1. Love Owed A Duty To Plaintiff In The Underlying Proceeding.

Love contends that because he was the attorney for petitioner in the Underlying Proceeding, he owed no duty to third persons, including Plaintiff (respondent in the Underlying Proceeding). Love is mistaken in his assertions.

"California has long adopted the view that an attorney may not, with impunity, either conspire with a client to defraud or injure a third person or engage in intentional tortious conduct toward a third person (citations)" [Roberts v. Ball, Hunt, Hart, Brown & Baerwitz (1976) 57 Cal.App.3d 104, 109].

> "'[A]n attorney is not liable to third persons for acts committed in good faith in performance of professional activities as an attorney for his client. If, however, an attorney is actuated by malicious motives, or shares the illegal motives of his client, he may be personally liable with the client for damage suffered by a third person as the result of the attorney's actions' (Fns. Omitted.) (Citation)" [Id at 109].

> "Under present California law, an attorney may owe a duty to a third person, and may be liable if the third person who was intended to be benefited (sic) by his performance is injured by his negligent execution of that duty. 'An attorney may be liable for damage caused by his negligence to a person intended to be benefited (sic) by his performance irrespective of any lack of privity of contract between the attorney and the party to be benefited (sic). [Citation.] The liability sounds in tort [Citation.] The determination of whether the duty undertaken by an attorney extends to a third party not in privity 'involves the

---

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

4

LOVE01724

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 18930
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1676

balancing of various factors, among which are the extent to which the transaction was intended to affect the plaintiff, the foreseeability of harm to him, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, and the policy of preventing future harm.' [Citations.]' (Citations)." [*Id* at 110-111].

Here, the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch was a voluntary and intended act by Love which immediately disqualified Allen from thereafter acting as the temporary judge in the Underlying Proceeding [Tatum v. Southern Pacific (1967) 250 Cal.App.2d 40, 43]. As further discussed *infra*, this disqualification resulted in immediate injury and damage to Plaintiff in that Allen, at the time of the gift, had not reached a decision on matters which had been tried before him, and was disqualified by reason of the gift from ever deciding those matters. Thus, the fees, costs and expenses incurred in more than fourteen days of trial were lost and rendered valueless, as a replacement judge must now retry these same matters. In addition, Love's silence and keeping secret the fact of the gift allowed further injury and damage to Plaintiff in that Allen, although disqualified from doing so, continued to make rulings, with Love's encouragement and at Love's request. Love's actions in continuing to pursue rulings from Allen when he knew Allen was disqualified from making such rulings (and particularly since Love was an active participant in Allen's disqualification) caused additional injury and damage to Plaintiff in that these subsequent rulings, made while Allen was disqualified, have been set aside by the Superior Court Judge who replaced Allen, and the fees, costs and expenses incurred by Plaintiff in those proceedings have been lost and rendered valueless. In addition, Plaintiff has lost the value and use of property taken from Plaintiff in those rulings, now set aside.

2. **Plaintiff's Claims Are Not Based Solely On Love's Violation Of Rule Of Professional Conduct 5-300(A).**

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181630
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1678

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

5

LOVE01725

Love further contends Plaintiff's claims are based solely on Love's violation of Rule 5-300(A) of the Rules of Professional Conduct. Love is again mistaken in his assertions. Plaintiff's claims are not dependent upon Allen's misconduct being a violation of the Rules of Professional Conduct. Rather, these claims and Love's liability arise from the intentional/negligent actions and conduct of Love which caused injury and damage to Plaintiff. That certain Rules of Professional Conduct also prohibit this conduct does not insulate Love from liability. Reference is made to the Rules of Professional Conduct because the cited rules embody and restate what is otherwise the public policy of this State. Plaintiff's causes of action are based upon Love's willful/negligent breach of his duty of care[1] as a professional engaged in the practice of law in this State (see, e.g., Roberts v. Ball, Hunt, Hart, Brown & Baerwitz, *supra* at 109-111, and Business & Professions Code §6128 (that "[e]very attorney is guilty of a misdemeanor who ... [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party")]. Irrespective of the Rules of Professional Conduct, Love is liable for his intentional/negligent actions, and for his misconduct in the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch knowing Allen's acceptance of that gift would cause immediate injury and damage to Plaintiff, including the loss of fees, costs and expenses Plaintiff had paid in the prior trial (which must now be retried because Allen was disqualified), and the fees, costs and expenses Plaintiff will be required to continue to incur in having the retrial. Love clearly should not be permitted to profit from his own wrongs.[2]

3. **The First And Second Causes Of Action Sufficiently State Claims For Intentional Interference With Contractual Relations.**

---

[1]It is axiomatic that a duty exists to refrain from intentionally committing tortious conduct.

[2]See e.g., Willard v. Caterpillar, Inc. (1995) 40 Cal.App.4th 892, 920 (citing the Restatement of Torts that "conduct which is 'illegal or unfair or immoral according to the common understanding of society' may subject one to tort liability").

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

6

LOVE01726

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1202 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

Plaintiff has alleged the elements Love contends are missing to state a cause of action for intentional interference with contractual relations. Plaintiff's Complaint alleges the existence of contractual relationships [Compl. ¶¶ 52, 53, 54 and 61], that Love knew of the existence of these contractual relationships [Compl. ¶¶ 55 and 62], that Love engaged in intentional acts designed to induce a breach or disruption of the these contractual relationships [Compl. ¶¶ 56 and 63], the actual breach or disruption of these relationships [Compl. ¶¶ 57 and 64], and damages [Compl. ¶¶ 58 and 65] [see, e.g., LiMandri v. Judkins (1997) 52 Cal.App.4th 326, 343-344 (overruling the attorney defendant's demurrer to plaintiff's cause of action for intentional interference with an existing contractual relationship, and further holding this cause of action was not barred by the litigation privilege)]. Plaintiff's Complaint further alleges, among other things, that Plaintiff has been damaged in the loss of any value of the fees, costs and expenses paid in the trial before Allen which must now be retried because the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch caused Allen's disqualification, and the loss in value and use of assets which were taken from Plaintiff under rulings made by Allen which have been set aside because of the Loves' gift and resultant disqualification of Allen. Love knew or should have known that all rulings Allen thereafter made would be set aside because Allen was disqualified to thereafter make rulings after his acceptance of the gift. Moreover, Love has no judicial immunity and is obligated for the damages caused by Allen by virtue of his own role in the conspiracy regardless of whether Allen is deemed immune.[3]

4.    **The Third, Fourth, Fifth And Sixth Causes Of Action Sufficiently State**

---

[3] While a judge may have judicial immunity for wrongful actions and improperly making rulings in a judicial capacity, a co-conspirator with the judge has no such judicial immunity [Dennis v. Sparks (1980) 449 U.S. 24, affirming the Fifth Circuit's *en-banc* decision that "there is no good reason in law, logic or policy for conferring immunity on private persons who persuaded the immune judge to exercise his jurisdiction corruptly"). Many cases have cited Dennis over the past 25 years, and none have overruled it. Dennis remains good law.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

.7

LOVE01727

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1203 SECOND STREET, P.O. BOX 181
POST OFFICE BOX 181
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

**Claims For Interference With Prospective Economic Advantage**.

Plaintiff has alleged the elements Love contends are missing to state a cause of action for intentional/negligent interference with prospective economic advantage. Plaintiff's Complaint alleges the existence of economic relationships between Plaintiff and Petitioner, between Plaintiff and Plaintiff's counsel in the Underlying Proceeding, between Plaintiff and Qualcomm and other third persons engaging or proposing to engage in business transactions with Plaintiff [Compl. ¶¶ 68 and 84], between Plaintiff and Allen [Compl. ¶¶ 76 and 92], that Love knew of the existence of these economic relationships [Compl. ¶¶ 69, 77, 85 and 93], that Love engaged in wrongful conduct (the gift to Allen) designed to interfere with or disrupt these relationships [Compl. ¶¶ 70, 78, 86 and 94], that Love's conduct was either intentional [Compl. ¶¶ 71 and 79] or negligent [Compl. ¶¶ 88 and 95], that the economic relationships were actually interfered with and disrupted [Compl. ¶¶ 72, 80, 89 and 96] and that Plaintiff was damaged [Compl. ¶¶ 73, 81, 90 and 97] [see, e.g., LiMandri v. Judkins, 52 Cal.App.4th, *supra* at 339].[4] Plaintiff's Complaint further alleges, among other things, that Plaintiff has been damaged in the loss of any value of the fees, costs and expenses paid in the trial before Allen which must now be retried because the gift to Allen of the Loves' unit 850A interest in Warner Springs Ranch and the loss in value and use of assets which were taken from Plaintiff under rulings made by Allen which have been set aside because of the Loves' gift and resultant disqualification of Allen. Love knew or should have known that all rulings Allen thereafter made would be set aside because Allen was disqualified to thereafter

---

[4] Plaintiff has further satisfied the additional requirement for negligent (as distinguished from intentional) interference with prospective economic advantage that defendant "engaged in conduct that was wrongful by some legal measure other than the fact of interference itself." Here, Love's conduct was a violation of the Rule of Professional Conduct 5-300(A), Penal Code §§ 92, 93, 94 and/or 95, and Business & Professions Code § 6128 (that "[e]very attorney is guilty of a misdemeanor who ... [i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party"). Love's conduct is also deceit under Civil Code §1709 (see *infra*).

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

8

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
1202 SECOND STREET AT "C" AVENUE
POST OFFICE BOX 1810
CORONADO, CALIFORNIA 92118-1417
(619) 437-1978

LOVE01728

make rulings after his acceptance of the gift. Moreover, Love has no judicial immunity and is obligated of the damages caused by Allen by virtue of his own role in the conspiracy, regardless of whether Allen is deemed immune.[5]

**5. State Action Is Not Required For A Claim Under Civil Code §52.1(b).**

Plaintiff's Seventh Cause of Action is for violation of Plaintiff's civil rights under Civil Code §52.1(b). Under that statute:

> "Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including but not limited to, damages ..." [Civil Code §52.1(b); see also Reynolds v. County of San Diego (9th Cir.) (1996) 84 F.3d 1162].

Civil Code §51.2(b) applies "whether or not acting under color of law," and does not require state action. The authorities cited by Love are not applicable as they relate to actions under 42 U.S.C. §1983, which is not the basis of Plaintiff's claims herein.

**6. The Eighth Cause Of Action Sufficiently States A Claim For Deceit Fraudulent Concealment.**

There are "four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts [Citation]" [Heliotis v. Schuman (1986) 181 Cal.App.3d 646, 651; and LiMandri v. Judkins (1997) 52 Cal.App.4th, *supra* at 336]. Each of the (nonfiduciary) circumstances in which nondisclosure

---

[5]See footnote 3 *supra*.

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST AMENDED COMPLAINT

9

LOVE01729

LAW OFFICES
FRANK E. ROGOZIENSKI
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1205 SECOND STREET, AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1876

1  may be actionable presupposes the existence of some other (nonfiduciary) relationship

2  between the plaintiff and defendant in which a duty to disclose can rise. As set forth in BAJI

3  No. 12.36 (8th ed. 1994), "where material facts are known to one party and not to the other,

4  failure to disclose them is not actionable fraud unless there is *some relationship* between the

5  parties which gives rise to a duty to disclose such known facts" (Italics added in original) [*Id*

6  at 336-337]. In LiMandri, the Court looked to "some sort of transaction between the parties"

7  in order for a "relationship" to come into being. The Court in LiMandri found "[t]he

8  fundamental problem with LiMandri's nondisclosure causes of action is that he alleges no

9  such transaction **or relationship** (emphasis added) with Judkins" [*Id* at 337]. In LiMandri,

10  there was only a single telephone conversation between LiMandri and Judkins [*Id* at 337] and

11  LiMandri could not state a claim for deceit under Civil Code §1709 based on this single

12  conversation [*Id*. at 337-338 f/n 5].

13      Here, however, although not fiduciary in nature, (a) Love has obligations because he

14  is an attorney, and (b) there is a "relationship" between counsel for one party and the

15  opposing party. As an attorney, Love has a duty of disclosure reflected in part in certain

16  Rules of Professional Conduct and Business & Professions Code §6128. These Rules of

17  Professional Conduct and Business & Professions Code §6128 embody and restate what is

18  otherwise the public policy of this State. It is the height of arrogance for Love to claim that

19  he had no duty to disclose the gift to Allen knowing (a) the gift was prohibited by Rules of

20  Professional Conduct 5-300(4) and 5-220, (b) was a violation by Allen of Rule of

21  Professional Conduct 5-220, the California Code of Judicial Ethics, Canon 6D(2)(f) and

22  California Rule of Court 244, (c) had resulted in Allen's disqualification and (d) was a

23  material fact affecting the judicial integrity of the Underlying Proceeding not known to

24  Plaintiff. Moreover, when Love then encouraged and sought rulings from Allen (entered into

25  "transactions") and acted (entered into further "transactions") on rulings made by Allen at

26  times when Love knew or should have known that whatever rulings made by Allen after he

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1205 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1978

10

LOVE01730

1   accepted the gift would be set aside because Allen had been disqualified to make such

2   rulings, Love clearly had a duty of disclosure.  To hold there is no duty to disclose in these

3   circumstances would condone the untenable result that it is acceptable for an attorney to keep

4   secret misconduct which has resulted in the undisclosed disqualification of the judge all

5   parties are continuing to appear before and to continue to seek rulings from that undisclosed

6   disqualified judge.  Love, an attorney, essentially argues for a rule that would encourage

7   corruption of the judicial process.

8        Also, unlike in LiMandri, Plaintiff's Complaint sufficiently alleges a cause of action

9   for deceit.  Under Civil Code §1709, "[o]ne who willfully deceives another with intent to

10  induce him to alter his position to his injury or risk, is liable for any damage which he thereby

11  suffers." In LiMandri, plaintiff did "not allege he was induced to alter his position as a result

12  of Judkins' failure to disclose" [Id at 337, f/n 5]; whereas here, Plaintiff's Complaint alleges

13  such inducement [Compl. ¶¶ 105, 106 and 107].  In LiMandri, the failure to disclose merely

14  delayed challenging Security's lien (it did not change Security's actions), whereas here,

15  Love's nondisclosure permitted the judicial process to continue.  Unlike here, the delay in

16  challenging (as opposed to stopping or changing) Security's lien did not qualify as a change

17  in position to LiMandri's injury or risk within the meaning of Civil Code ¶1709.

18       **7.  The Tenth Cause Of Action Sufficiently States A Claim Against Love.**

19       Business & Professions Code §17200, et seq. is known as the Unfair Competition Law

20  [see Witkin, Cal. Summary 11, Equity, §93], and prohibits "any unlawful, unfair, fraudulent

21  Business at or practice ...." [Business & Professions Code §17200].  A single unfair or

22  fraudulent act is enough to support liability [see Witkin, Cal. Summary 11, Equity, §93; Stop

23  Youth Addiction v. Lucky Stores (1998) 17 Cal.4th 553, 570].

24       Business & Professions Code §17203 authorizes courts to make:

25            "... such orders or judgments as may be necessary ... to prevent

26            the use or employment by any person of any practice which

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
    AMENDED COMPLAINT

                                   11                        LOVE01731

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT 'C' AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person ... any money or property, which has been acquired by means of such unfair competition."

Courts have given a "liberal reading" to the remedial provision of Business & Professions Code §17200, consistent with the "cleansing power" purposes of the statute [see Rutter Guide, ¶8:6, citing Fletcher v. Security Pacific National Bank (1979) 23 Cal.3d 442, 449].

Here, the gift to Allen of the Loves' Unit 850A interest in Warner Springs Ranch was an unfair and fraudulent business act and practice designed to provide, and which provided, Love an unfair advantage over Plaintiff and Plaintiff's counsel in the Underlying Proceeding [Compl. ¶ 117]. As a result of these fraudulent acts and business practices of Love, Plaintiff seeks restitution of amounts Plaintiff was required to pay to Allen, to Plaintiff's counsel, for the benefit of and indirectly to Love, to Bruno, Mack & Barclay and to Plaintiff's experts in the Underlying Proceeding [Compl. ¶ 118]. All of these fees and costs, paid by Plaintiff directly or taken from community property in which Plaintiff has an interest, would not have been paid but for the unfair Business practice of Love in the gift to Allen of Loves' Unit 850A interest in Warner Springs Ranch. That this restitution may be more than the monies Love actually received is not a defense to Plaintiff's claims. When a court orders restitution to redress a statutory violation, "it is not concerned with restoring the violator to the status quo ante. The focus is instead on the victim. The status quo ante to be achieved by the restitution order was to again place the **victim** in possession of that money" [People v. Beaumont Investments (2003) 111 Cal.App.4th 102, 134, quoting Cortez v. Purolator Air Filtration Products Co. (2000) 23 Cal.4th 163, 177]. "In contrast to contract restitution, statutory restitution is not solely intended to benefit the victims by the return of money, but instead is designed to penalize a defendant for past unlawful conduct and thereby defer future violations" [Beaumont Investments, *supra*, 111 Cal.App.4th at 135].

LAW OFFICES

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181630
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

LOVE01732

LAW OFFICES

FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 181830
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1878

8. **The Eleventh And Twelfth Causes Of Action Sufficiently State Claims For Willful/Negligent Infliction Of Injury**.

Love mistakenly contends the Eleventh and Twelfth Causes of Action are for Love's breach of the Rules of Professional Conduct. See discussion under paragraph 2 above "Plaintiff's Claims Are Not Based Solely On Love's Violation Of Rule Of Professional Conduct 5-300(A)".

The Eleventh Cause of Action is for intentional misconduct (the gift and subsequent concealment of that gift) which Love knew would cause or was certain to cause injury to Plaintiff. There is a general duty from committing intentionally tortious conduct [LiMandri v. Judkins, *supra* at 348], and this duty exists irrespective of the Rules of Professional Conduct. Love further owed a duty of care to Plaintiff in the circumstances alleged in the Complaint, where Love knew his actions would or were certain or substantially certain to cause injury to Plaintiff [see, e.g., Roberts v. Ball, etc., *supra* at 110-111] and he is not immune from liability because this duty of care is also reflected in the Rules of Professional Conduct. The Complaint alleges that "Defendants willfully breached their respective duties of care" [Compl. ¶ 124] and "Defendants breached their respective duties of care [Compl. ¶ 132], and does not allege as a basis for liability a breach of the Rules of Professional Conduct. Accordingly, the Eleventh and Twelfth Causes of Action sufficiently state claims for willful/negligent infliction of injury.

9. **The Thirteenth Cause Of Action Sufficiently States A Claim For Unjust Enrichment**.

The Thirteenth Cause of Action sufficiently states a claim for unjust enrichment and imposition of a constructive trust. Under a constructive trust theory, Love holds property he wrongfully obtained from Plaintiff as constructive trustee [see Civil Code §§2223, 2224]. In Elliot v. Elliot (1964) 231 Cal.App.2d 205, the court held that a constructive trustee may be charged with the value of the "unconscionable loss he has caused the beneficiary" even

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
AMENDED COMPLAINT

13

LOVE01733

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
CORONADO PROFESSIONAL SQUARE
POST OFFICE BOX 118160
1203 SECOND STREET AT "C" AVENUE
CORONADO, CALIFORNIA 92118-1417
(619) 437-1678

1   though the constructive trustee received no monetary benefit at all [*Id* at 211]. Other courts

2   have similarly found that the pecuniary benefit to the defendant personally should not be the

3   test in a case for restitution based on a constructive trust [see GHK Associates v. Mayer

4   Group, Inc. (1990) 24 Cal.App.3d 856 ("Statutes providing for imposition of involuntary

5   trust do not require that involuntary trustee acquire trust res directly from its rightful owner

6   as prerequisite for imposition of constructive trust. West's Ann. Cal. Civil Code §§2223,

7   2224")]. As in Elliot, the court in GHK discussed the civil code sections regarding

8   constructive trusts and stated "[f]raud or intentional misrepresentation is not required for a

9   constructive trust to be imposed" (*Id* at 890, citing Calistoga Civic Club v. City of Calistoga

10  (1983) 143 Cal.App.3d 111, 116). "A breach of contract or intentional interference with

11  contract can make the offending party a constructive trustee" [*Ibid* citing Neet v. Holmes

12  (1944) 25 Cal.2d 447, 464, 466; Weiss v. Marcus (1975) 51 Cal.App.3d 590, 600].

13                          **III. CONCLUSION**

14       For each of the reasons hereinabove set forth, the demurrers of Defendant, S. Michael

15  Love, should each be denied, and in the alternative, Plaintiff respectfully requests leave to

16  amend.

17                                  Respectfully submitted,
18                                  FRANK E. ROGOZIENSKI, INC.

19

20                          By: _____

21                                  Frank E. Rogozienski
22                                  Attorney for Plaintiff

23

24

25

26

27

28  MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
    TO DEMURRER OF DEFENDANT, S. MICHAEL LOVE, TO FIRST
    AMENDED COMPLAINT
                                14

**Exhibit 5-D**

1

2

3

4

5

6

7

8

F I L E D
Clerk of the Superior Court

OCT 1 9 2005

By: R. LINDSEY-COOPER, Deputy

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**FOR THE COUNTY OF SAN DIEGO**

| | | |
|---|---|---|
| 10 | FRANK E. ROGOZIENSKI, ) | Case No. GIC 843843 |
| 11 | Plaintiff ) | **[PROPOSED]** ORDER SUSTAINING |
| | ) | **DEFENDANTS JAMES D. ALLEN'S AND S.** |
| 12 | v. ) | **MICHAEL LOVE'S DEMURRERS TO** |
| | ) | **FIRST AMENDED COMPLAINT, AND EACH** |
| 13 | JAMES D. ALLEN, S. MICHAEL LOVE ) | **CAUSE OF ACTION, WITHOUT LEAVE TO** |
| | and DOES 1 through 10, inclusive, ) | **AMEND** |
| 14 | ) | |
| | Defendants. ) | Date:        September 2, 2005 |
| 15 | ) | Dept:        65 |
| | | Judge:       Hon. Joan M. Lewis |
| 16 | | Complaint Filed:    March 7, 2005 |

17        The demurrers to the first amended complaint by defendants James D. Allen ("Mr. Allen") and

18   S. Michael Love ("Mr. Love") came on for hearing in Department 65 of the above-entitled Court before

19   the Honorable Joan M. Lewis on September 2, 2005 at 8:30 a.m. Donald A. English, Esq. and Christy

20   I. Yee, Esq. of English & Gloven, A Professional Corporation, appeared on behalf of defendant Mr.

21   Allen. Daniel M. White, Esq. of White & Oliver, A Professional Corporation, appeared on behalf of

22   defendant Mr. Love. Plaintiff Frank E. Rogozienski appeared in pro per on his own behalf.

23        The Court, after having considered defendants' moving and reply papers, plaintiff's opposition

24   papers, and oral argument of counsel presented at the hearing, makes the following rulings:

25        1.        Plaintiff's motion to strike and disregard defendant Mr. Allen's memorandum of points

26   and authorities is denied.

27        2.        Defendant Mr. Allen's request for judicial notice is granted.

LOVE01735

3.  Defendant Mr. Allen's demurrer to the first amended complaint and each cause of action against Mr. Allen is sustained as follows:

(a)  As to the first cause of action for intentional interference with contractual relations as the cause of action is barred by the doctrine of judicial immunity;

(b)  As to the third cause of action for intentional interference with prospective economic relations as the cause of action is barred by the doctrine of judicial immunity;

(c)  As to the fifth cause of action for negligent interference with prospective economic advantage as the cause of action is barred by the doctrine of judicial immunity;

(d)  As to the seventh cause of action for civil rights violations as the cause of action is barred by the doctrine of judicial immunity;

(e)  As to the eighth cause of action for deceit and fraudulent concealment as the cause of action is barred by the doctrine of judicial immunity;

(f)  As to the ninth cause of action for breach of contract as the cause of action is barred by the doctrine of judicial immunity;

(g)  As to the eleventh cause of action for wilful misconduct and intentional infliction of injury as the cause of action is barred by the doctrine of judicial immunity;

(h)  As to the twelfth cause of action for negligence as the cause of action is barred by the doctrine of judicial immunity; and

(i)  As to the thirteenth cause of action for unjust enrichment as the cause of action is barred by the doctrine of judicial immunity.

4.  The Court sustains Mr. Allen's demurrer, without leave to amend, as to each cause of action against Mr. Allen in the first amended complaint as the Court finds that based upon the doctrine of judicial immunity, plaintiff has not pled, and would not be able to plead by amendment, any facts to state a cause of action against Mr. Allen.

5.  Defendant Mr. Love's request for judicial notice is granted.

LOVE01736

[PROPOSED] ORDER SUSTAINING DEFENDANTS'

1    6.    Defendant Mr. Love's demurrer to the first amended complaint and each cause of action

2    against Mr. Love is sustained, without leave to amend, as follows:

3        (a)    As to the first cause of action for intentional interference with contractual relations

4            as the Court concludes that plaintiff has failed to adequately state facts that would

5            support the allegation that Mr. Love intended to disrupt the contractual relations

6            pled in the first amended complaint;

7        (b)    As to the second cause of action for intentional interference with contractual

8            relations as the Court concludes that plaintiff has failed to adequately state facts

9            that would support the allegation that Mr. Love intended to disrupt the contractual

10           relations pled in the first amended complaint;

11       (c)    As to the third cause of action for intentional interference with prospective

12           economic advantage as the Court finds plaintiff has not adequately pled that Mr.

13           Love interfered with economic relationships that could have prospectively brought

14           economic advantage to plaintiff;

15       (d)    As to the fourth cause of action for intentional interference with prospective

16           economic advantage as the Court finds that plaintiff has not adequately pled that

17           Mr. Love interfered with economic relationships that could have prospectively

18           brought economic advantage to plaintiff;

19       (e)    As to the fifth cause of action for negligent interference with prospective

20           economic advantage as the Court finds that plaintiff has not adequately pled that

21           Mr. Love interfered with economic relationships that could have prospectively

22           brought economic advantage to plaintiff;

23       (f)    As to the sixth cause of action for negligent interference with prospective

24           economic advantage as the Court finds that plaintiff has not adequately pled that

25           Mr. Love interfered with economic relationships that could have prospectively

26           brought economic advantage to plaintiff;

27

28

LOVE01737

[PROPOSED] ORDER SUSTAINING DEFENDANTS'

1    (g)    As to the seventh cause of action for civil rights violations as the Court finds

2    plaintiff has failed to allege any facts to support the allegation that Mr. Love

3    engaged in any acts of threats, intimidation or coercion by way of state action;

4    (h)    As to the eighth cause of action for deceit and fraudulent concealment as the Court

5    concludes Mr. Love owed no duty to plaintiff;

6    (i)    As to the tenth cause of action for unfair competition as no remedy exists based

7    upon the facts pled and plaintiff has failed to plead that Mr. Love has any monies

8    that should be restored to plaintiff, nor is there any conduct to be enjoined;

9    (j)    As to the eleventh cause of action for wilful misconduct and intentional infliction

10    of injury as the Court concludes Mr. Love owed no duty to plaintiff and plaintiff

11    cannot sue for damages for conduct that allegedly violated the Rules of

12    Professional Conduct;

13    (k)    As to the twelfth cause of action for negligence as the Court concludes Mr. Love

14    owed no duty to plaintiff and plaintiff cannot sue for damages for conduct that

15    allegedly violated the Rules of Professional Conduct; and

16    (l)    As to the thirteenth cause of action for unjust enrichment as there are no

17    allegations that Mr. Love holds any identified property in trust for plaintiff.

18    7.    The Court sustains Mr. Love's demurrer, without leave to amend, as to each cause of

19    action against Mr. Love in the first amended complaint as the Court finds plaintiff has not pled, and

20    would not be able to plead by amendment, any facts to state a cause of action against Mr. Love.

21    8.    Given the following ruling, the first amended complaint shall be dismissed in its entirety.

22    Defendants are directed to prepare an order for the Court's rulings.

23    IT IS SO ORDERED.

24

25    Dated: OCT 1 9 2005           **JOAN M. LEWIS**

26                          Hon. Joan M. Lewis
                            Judge of the Superior Court

27

28

LOVE01738

[PROPOSED] ORDER SUSTAINING DEFENDANTS'

1   APPROVED AS TO FORM AND CONTENT:

2

3   Dated: _September 28, 2005_        ENGLISH & GLOVEN

4                                 A Professional Corporation

5

6                                 By: _Donald English_

7                                   Donald A. English
                                   Christy I. Yee

8                                 Attorneys for Defendant James D. Allen

9

10   Dated: _____      WHITE & OLIVER
                                 A Professional Corporation

11

12                                 By:_____

13                                 Daniel M. White, Esq.
                                 Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____      FRANK E. ROGOZIENSKI, INC.

17

18

19                               By:_____
                                 Frank E. Rogozienski, Esq.

20                                 Attorneys for Plaintiff Frank E. Rogozienski

21

22

23

24

25

26

27

28

LOVE01739

[PROPOSED] ORDER SUSTAINING DEFENDANTS'
5   DEMURRERS TO FIRST AMENDED COMPLAINT

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                          A Professional Corporation
4

5
                                         By: _Donald Eng Un,_
6                                            Donald A. English
                                             Christy I. Yee
7                                        Attorneys for Defendant James D. Allen

8

9    Dated: _12 October 2005_            WHITE & OLIVER
                                         A Professional Corporation
10

11

12                                       By: _Steven G. Amber_
                                             Daniel M. White, Esq.
13                                       Attorneys for Defendant S. Michael Love

14

15

16   Dated: _____             FRANK E. ROGOZIENSKI, INC.

17

18
                                         By:_____
19                                           Frank E. Rogozienski, Esq.
                                         Attorneys for Plaintiff Frank E. Rogozienski
20

21

22

23

24

25

26

27                                                          LOVE01740

28
                                         [PROPOSED] ORDER SUSTAINING DEFENDANTS'

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: September 28, 2005                    ENGLISH & GLOVEN
                                                  A Professional Corporation
4

5                                                 By: Donald A English,
6                                                     Donald A. English
                                                      Christy I. Yee
7                                                 Attorneys for Defendant James D. Allen

8

9
     Dated: _____                     WHITE & OLIVER
10                                                A Professional Corporation

11

12                                                By: _____
                                                     Daniel M. White, Esq.
13                                                Attorneys for Defendant S. Michael Love

14

15   APPROVED AS TO FORM AND CONFORMING TO COURT'S ORDER

16   Dated: 9/30/05                               FRANK E. ROGOZIENSKI, INC.

17

18                                                By: _____
19                                                    Frank E. Rogozienski, Esq.
                                                  Attorneys for Plaintiff Frank E. Rogozienski
20

21

22

23

24

25

26

27                                                            LOVE01741

28
                                                  _____
                                                  [PROPOSED] ORDER SUSTAINING DEFENDANTS'
                                                  DEMURRERS TO FIRST AMENDED COMPLAINT

LOVE01742

1 | Donald A. English, Esq.        (State Bar No. 115569)
   | Christy I. Yee, Esq.            (State Bar No. 166238)
2 | ENGLISH & GLOVEN
   | A Professional Corporation
3 | 550 West "C" Street, Suite 1800
   | San Diego, California 92101
4 | Telephone: (619) 338-6610
   | Facsimile: (619) 338-6657
5 |
6 | Attorneys for Defendant
   | James D. Allen
7 |

F I L E D
Clerk of the Superior Court

NOV 1 4 2005

By: R. LINDSEY-COOPER, Deputy

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **FOR THE COUNTY OF SAN DIEGO**

10 |

| | |
|---|---|
| 11  FRANK E. ROGOZIENSKI, | Case No. GIC 843843 |
| 12        Plaintiff | **NOTICE OF RULING AND NOTICE OF ORDER** |
| 13        v. | |
| 14  JAMES D. ALLEN, S. MICHAEL LOVE | Date:         September 2, 2005 |
|     and DOES 1 through 10, inclusive, | Dept:         65 |
| 15 | Judge:        Honorable Joan M. Lewis |
|        Defendants. | Complaint Filed:   March 7, 2005 |
| 16 | |
| 17 | |

18 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19 | NOTICE IS HEREBY GIVEN THAT on September 2, 2005 in Department 65 of the above-

20 | entitled court, the Honorable Joan M. Lewis sustained, without leave to amend, the demurrers filed by

21 | defendants James D. Allen and S. Michael Love to the first amended complaint of plaintiff Frank E.

22 | Rogozienski. A copy of the Court's October 19, 2005 order is attached hereto as Exhibit "1".

23 | Dated: November _14_, 2005            ENGLISH & GLOVEN
   |                                       A Professional Corporation
24 |
25 |
   |                                       By: _Donald A. English._
26 |                                            Donald A. English
27 |                                            Christy I. Yee
   |                                            Attorneys for Defendant
28 |                                            James D. Allen

LOVE01743

NOTICE OF RULING AND NOTICE OF ORDER

**Exhibit 5-E**

1

2

F I L E D
Clerk of the Superior Court

OCT 1 9 2005

By: R. LINDSEY-COOPER, Deputy

3

4

5

6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **FOR THE COUNTY OF SAN DIEGO**

| | | |
|---|---|---|
| 10 | FRANK E. ROGOZIENSKI, | ) Case No. GIC 843843 |
| 11 | Plaintiff | ) **JUDGMENT OF DISMISSAL** |
| 12 | v. | ) |
| 13 | JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive, | ) Date:        September 2, 2005 |
| 14 | Defendants. | ) Dept:        65 <br> ) Judge:       Hon. Joan M. Lewis <br> ) Complaint Filed:    March 7, 2005 |
| 15 | | ) |

16        Based upon this Court's September 2, 2005 order sustaining, without leave to amend, James D.

17  Allen's and S. Michael Love's demurrers to the first amended complaint, and each cause of action

18  therein,

19        IT IS HEREBY ORDERED, ADJUDGED AND DECREED that judgment dismissing this action

20  be, and hereby is, entered in favor of defendants James D. Allen and S. Michael Love.

21        IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendant James D. Allen is

22  entitled to costs of suit in the amount of $ _431.70_ *costs added 12-5-05* (rlc) ; and defendant S. Michael Love is

23  entitled to costs of suit in the amount of $ _____ .

24

25  Dated: _10/19/05_                    _Joan M. Lewis_ rs

26                                      Hon. Joan M. Lewis
                                        Judge of the Superior Court

27

28                                                          LOVE01744

                                                    _____
                                                    JUDGMENT

APPROVED AS TO FORM AND CONTENT:

Dated: _September 28, 2005_

ENGLISH & GLOVEN
A Professional Corporation

By: _Donald A. English_
    Donald A. English
    Christy I. Yee
Attorneys for Defendant James D. Allen

Dated: _____

WHITE & OLIVER
A Professional Corporation

By: _____
    Daniel M. White, Esq.
Attorneys for Defendant S. Michael Love

Dated: _____

FRANK E. ROGOZIENSKI, INC.

By: _____
    Frank E. Rogozienski, Esq.
Attorneys for Plaintiff Frank E. Rogozienski

LOVE01745

2

JUDGMENT

1    APPROVED AS TO FORM AND CONTENT:

2

3    Dated: _September 28, 2005_      ENGLISH & GLOVEN
                                    A Professional Corporation

4

5

6                                   By: _Donald A. English_
                                      Donald A. English

7                                       Christy I. Yee
                                      Attorneys for Defendant James D. Allen

8

9

10    Dated: _12 October 2005_       WHITE & OLIVER
                                      A Professional Corporation

11

12                                   By: _Shawn G. Anderson_

13                                       Daniel M. White, Esq.
                                      Attorneys for Defendant S. Michael Love

14

15

16    Dated: _____       FRANK E. ROGOZIENSKI, INC.

17

18

19                                   By: _____
                                      Frank E. Rogozienski, Esq.
                                      Attorneys for Plaintiff Frank E. Rogozienski

20

21

22

23

24

25

26

27                                           L0VE01746

28

                                                 JUDGMENT

1  APPROVED AS TO FORM AND CONTENT:

2

3  Dated: _September 28, 2005_          ENGLISH & GLOVEN
                                       A Professional Corporation
4

5                                      By: _Donald A. English._
6                                          Donald A. English
                                           Christy I. Yee
7                                      Attorneys for Defendant James D. Allen

8

9  Dated: _____              WHITE & OLIVER
                                        A Professional Corporation
10

11

12                                     By: _____
                                           Daniel M. White, Esq.
13                                     Attorneys for Defendant S. Michael Love

14  _APPROVED AS TO FORM_

15

16  Dated: _9/30/05_                   FRANK E. ROGOZIENSKI, INC.

17

18                                     By: _____
19                                         Frank E. Rogozienski, Esq.
                                           Attorneys for Plaintiff Frank E. Rogozienski
20

21

22

23

24

25

26

27                                                      LOVE01747

28

                                   2

                                                        JUDGMENT

1    Donald A. English, Esq.    (State Bar No. 115569)
     Christy I. Yee, Esq.      (State Bar No. 166238)

2    ENGLISH & GLOVEN
     A Professional Corporation

3    550 West "C" Street, Suite 1800
     San Diego, California 92101

4    Telephone: (619) 338-6610
     Facsimile: (619) 338-6657

5

6    Attorneys for Defendant
     James D. Allen

7

F I L E D
Clerk of the Superior Court

NOV 1 4 2005

By: R. LINDSEY-COOPER, Deputy

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9             **FOR THE COUNTY OF SAN DIEGO**

10

11    FRANK E. ROGOZIENSKI,      )    Case No. GIC 843843
                                 )

12           Plaintiff        )    **NOTICE OF ENTRY OF JUDGMENT**
                                 )

13         v.             )
                                 )    Date:         September 2, 2005

14    JAMES D. ALLEN, S. MICHAEL LOVE  )    Dept:        65
     and DOES 1 through 10, inclusive,    )    Judge:       Honorable Joan M. Lewis

15                                  )    Complaint Filed:    March 7, 2005
           Defendants.     )

16                                  )
                                 )

17 _____)

18       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19       NOTICE IS HEREBY GIVEN THAT on October 19, 2005 in Dept. 65 of the above-entitled

20 court, the Honorable Joan M. Lewis entered judgment in this action in favor of defendants James D.

21 Allen and S. Michael Love ("defendants") and against plaintiff Frank E. Rogozienski ("plaintiff"). The

22 Court ordered that plaintiff's first amended complaint be dismissed with prejudice, and that defendants

23 / / /

24 / / /

25 / / /

26

27                                             LOVE01748

28

                                    -- NOTICE OF ENTRY OF JUDGMENT

1    recover costs of suit against plaintiff in a sum to be determined.  Attached as Exhibit "1" is a true and

2    correct copy of the judgment entered on October 19, 2005.

3    Dated: November _14_, 2005                  ENGLISH & GLOVEN
                                                 A Professional Corporation

4

5

6                                                By: _Donald A. English._
                                                     Donald A. English
                                                     Christy I. Yee
7                                                Attorneys for Defendant
                                                 James D. Allen

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                                                    LOVE01749

28

                                        2              NOTICE OF ENTRY OF JUDGMENT

**Exhibit 5-G**

1

2

3

4

5

FRANK E. ROGOZIENSKI, ESQ (SBN 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870

F I L E D
Clerk of the Superior Court
JAN - 4 2006
By: ROSE MARIE LEY,
Deputy

6

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

7

8

9     SUPERIOR COURT OF THE STATE OF CALIFORNIA

10          FOR THE COUNTY OF SAN DIEGO

11

12

13

14

15

16

17

18

| FRANK E. ROGOZIENSKI, | ) | Case No. GIC843843 |
|---|---|---|
| Plaintiff, | ) | NOTICE OF APPEAL |
| v. | ) | |
| JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive, | ) | |
| Defendants. | ) | |

19

20     Plaintiff, FRANK E. ROGOZIENSKI, appeals to the Court of

21   Appeal of the State of California, Fourth Appellate District,

22   Division One, from:

23     1.   Order Sustaining Defendants James D. Allen's And S.

24   Michael Love's Demurrers To First Amended Complaint, And Each Cause

25   Of Action, Without Leave To Amend filed on October 19, 2005.   A

26   Notice Of Ruling And Notice Of Order was served by mail on November

27

28

NOTICE OF APPEAL

1                    LOVE01750

1   14, 2005; and

2       2.   Judgment Of Dismissal filed on October 19, 2005.   A

3   Notice Of Entry Of Judgment was served by mail on November 14,

4   2005.

5   Dated: January 3, 2005                    FRANK E. ROGOZIENSKI, INC.

6

7                                            By: _____

8                                                  Frank E. Rogozienski
                                                   Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LOVE01751

FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
1660 Union St., 3rd Fl.
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870

Attorneys for Plaintiff

F I L E D
Clerk of the Superior Court

JAN - 4 2006

By: ROSE MARIE LEY,
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF SAN DIEGO

| | | |
|---|---|---|
| FRANK E. ROGOZIENSKI, | ) | CASE NO. GIC843843 |
| | ) | |
| Plaintiff, | ) | PROOF OF SERVICE |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES D. ALLEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

        I, the undersigned, certify and declare that I am a citizen of the United States, over the age of 18 years, employed in the County of San Diego, State of California, and not a party to the above entitled cause. On January 3, 2006, I caused to be served by United States mail, first-class postage prepaid a copy of the attached NOTICE OF APPEAL as follows:

DONALD A. ENGLISH, ESQ.                    DANIEL M. WHITE, ESQ.
ENGLISH & GLOVEN                           WHITE & OLIVER
550 West "C" St., No. 1800                 550 West "C" Street, No. 950
San Diego, CA 92101                        San Diego, CA 92101
(619)338-6657                              (619)239-0344

Executed on: January 3, 2006

        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

                                        Sherry M. Bolinger

PROOF OF SERVICE

1

L0VE01752

LAW OFFICES
FRANK E. ROGOZIENSKI
A PROFESSIONAL CORPORATION
1660 UNION STREET
3RD FLOOR
SAN DIEGO, CALIFORNIA 92101
(619) 237-1878

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA



F I L E D
Stephen M. Kelly, Clerk

MAR 2 3 2007

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | D047858   Court of Appeal Fourth District |
| Defendant and Appellant, | |
| v. | (Super. Ct. No. GIC843843) |
| JAMES D. ALLEN et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of San Diego County, Joan M. Lewis, Judge.  Reversed in part; affirmed in part.

In their marriage dissolution proceeding, Shirley Rogozienski (Shirley), represented by defendant and respondent S. Michael Love, and plaintiff and appellant Frank E. Rogzienski (Frank) stipulated to the appointment of defendant and respondent James D. Allen as temporary judge.  After judgment was rendered, Frank sought Allen's disqualification, alleging that during the proceeding Allen accepted but did not disclose the gift of a time-share interest in property from Love.  Allen was found disqualified

LOVE01753

during that part of the proceeding following his acceptance of the gift and Frank was granted a new dissolution proceeding before a different judge.

In the present case, Frank sued Allen and Love, alleging various tort causes of action as to both and a breach of contract cause of action as to Allen, all arising from the gift and based on claimed damages resulting from the disqualification and need for new proceedings. The trial court sustained without leave to amend Allen's demurrer on the basis of judicial immunity and Love's demurrer on the basis the complaint failed to state facts sufficient to constitute any alleged cause of action. Frank appeals.

## BACKGROUND

A. *First Amended Complaint*

1. *The Dissolution Proceeding and Allen's Disqualification*

The first amended complaint related the background of the dissolution action that provided the basis for the present case. In that case, Shirley, represented by Love, petitioned for dissolution of her marriage to Frank. Shirley and Frank entered into a written agreement for the appointment of Allen as temporary judge. The parties agreed to divide the cost of Allen's services.

The complaint alleged that during the dissolution proceeding, after Allen had made various rulings, Love, a friend of Allen, made a gift to Allen of a time-share in a resort. Frank alleged he was unaware of the gift and that Allen did not disclose it. After Allen made additional rulings, some adversely affecting Frank's financial interest, and entered judgment, Frank discovered the gift and moved for Allen's disqualification. Allen voluntarily withdrew from the dissolution proceeding.

2

LOVE01754

The superior court later determined the gift resulted in Allen's disqualification as of the date of the gift. It noted that a judge shall be disqualified if a person aware of the facts might reasonably entertain a doubt that the judge would not be impartial (Code Civ. Proc., § 170.1, subd. (a)(6)(iii)) and that a disqualified judge has no power to act in a proceeding after his or her disqualification. (Code Civ. Proc., § 170.4.) The court further noted a temporary judge is under an ethical obligation not to accept a gift if the donor is a party or person whose interests are reasonably likely to come before the judge. (Cal. Code Jud. Ethics, canon 6D(2)(d).) The court concluded that aware of the facts, a person would likely entertain doubts about Allen's impartiality. The court concluded Allen was disqualified in the case as of the date of the gift.

This court concluded that while Allen might not have been disqualified until after he made some but not all rulings in the case, Frank, as a matter of due process, was entitled to a new proceeding before a different judge addressing all issues decided by Allen.[1]

## 2. *Causes of Action*

In his complaint Frank states he has some doubt concerning whether he is entitled to redress from all the defendants or from one or more of them. He states his intention that the action will resolve whether all the defendants or one or more of them is liable to him.

---

[1]     We take judicial notice of this court's unpublished opinions in *In re the Marriage of Rogozienski* (D045626) and *Rogozienski v. Rogozienski* (D042201).

LOVE01755



It appears, at least in major part, that appellant's causes of action were not based on any claim that Allen favored Love in the dissolution proceeding as a result of the gift. Rather, Frank alleged that as a result of the gift, its concealment and Allen's eventual disqualification, Frank incurred fees, costs and expenses in the now set aside first trial and would incur additional such expenses in the second trial. Frank also alleged he had suffered depreciation and loss in value and use of assets taken from him under the now set aside judgment and had suffered emotional distress.

### a. *Intentional Interference with Contractual Relations*

In the first cause of action as to all defendants and in the second cause of action as to Love, Frank alleged intentional interference with his contractual relations. In the first cause of action, Frank noted the existence of contracts between himself and Shirley, e.g., a prenuptial agreement, between himself and others, e.g., a contract for the acquisition of Qualcom stock, and between himself and his attorney in the dissolution action. Frank alleged the defendants were aware of these contracts and by their action with regard to the gift either intended to prevent or make Frank's performance under the contracts more burdensome or knew their conduct would have those results.

In his second cause of action, Frank noted his agreement to pay for one-half of Allen's fee as temporary judge. He alleged Love, in making the gift to Allen, either intended to cause Frank's performance under that contract to be more burdensome or knew that would be the result.

LOVE01756

### b. *Intentional Interference with Prospective Economic Advantage*

As to the third cause of action, Frank noted the same relationships described in his intentional interference with contractual relations claim and alleged defendants engaged in the conduct related to the gift either intending to interfere with those economic relationships or knowing their conduct would cause such interference.

As to his fourth cause of action, Frank stated an economic relationship existed between Allen and himself for the resolution of the dissolution proceeding in an expeditious and cost effective manner. Frank alleged Love engaged in his wrongful conduct either with the intent to interfere with that relationship or knowing such interference would occur.

### c. *Negligent Interference with Prospective Economic Advantage*

As to his fifth and sixth cause of action for negligent interference with prospective economic advantage, Frank made essentially the same allegation as made in his first through fourth causes of action.

### d. *Civil Rights Violation*

In his seventh cause of action, as to all defendants Frank alleged that Allen's acceptance of a gift from Love and their concealment of the gift violated his civil rights by denying him a fair trial. Frank alleges this right includes a proceeding before a judge qualified to hear the matter and without the creation of doubts concerning the trial judge's impartiality.

LOVE01757



### e. Deceit and Fraudulent Concealment

In the eighth cause of action, Frank alleged Allen and Love, given their roles in the dissolution proceeding, should have disclosed Love's gift to Allen. Frank alleged defendants concealed or failed to disclose the fact of the gift so that Allen could continue as judge and receive his fee.

### f. Breach of Contract

As to Allen, the ninth cause of action alleged breach of contract. Frank alleges Allen breached the covenant of good faith and fair dealing in his contract to act as judge in the dissolution proceeding by continuing to accept his fee after he had taken a gift from Love, knew he was disqualified to hear the matter and knew he was no longer entitled to his fee.

### g. Unfair Competition

As to Love, the tenth cause of action alleged he engaged in fraudulent business acts and practices in violation of Business and Professions Code section 17200 et seq. Frank alleged the gift to Allen was an unfair and fraudulent business practice designed to provide and which did provide Love an unfair advantage in the dissolution proceeding.

### h. Willful Misconduct and Intentional Infliction of Injury

The eleventh cause of action as to Allen and Love alleged that as members of the state bar they owed Frank a duty to refrain from conduct they knew or should have known would cause injury to Frank. The gift from Love to Allen and the failure to reveal it to Frank was such conduct.

LOVE01758

6

I. *Negligence*

In his twelfth cause of action, Frank alleged that as members of the state bar Allen and Love had a duty to refrain from extrajudicial actions and conduct that would cause or was reasonably foreseeable to cause him harm. Frank alleged the defendants negligently breached this duty when Love gave Allen a gift and failed to disclose the gift during the dissolution proceeding.

j. *Unjust Enrichment*

As a thirteenth cause of action, Frank as to all defendants alleged unjust enrichment arising from their improper conduct.

3. *Demurrers*

a. *Love*

Love asserted all causes of action alleged against him failed to state facts sufficient to constitute a cause of action against him. As to the first through the sixth causes of action, i.e., intentional interference with contractual relations, intentional interference with prospective economic advantage and negligent interference with prospective economic advantage, Love argued they were uncertain in that the conduct cited could not support the tort alleged.

b. *Allen*

With regard to each cause of action alleged as to him, Allen argued the complaint failed to state facts sufficient to constitute a cause of action because they were barred by the doctrine of judicial immunity, the litigation privilege and the torts claim act. As to the civil rights violation cause of action, he specially demurred on the basis its allegations

7

LOVE01759



were vague, unintelligible and uncertain.  As to the eleventh and twelfth causes of action

based on claims of violation of professional rules of conduct applicable to attorneys,

Allen argues such rules did not create causes of action.

4. *Ruling*

The trial court sustained Allen's demurrer without leave to amend as to each cause

of action as barred by the doctrine of judicial immunity.

The trial court sustained Love's demurrer without leave to amend as to all causes

of action.  As to the first through the seventh causes of action, the demurrer was sustained

based on the failure of the complaint to state facts constituting a cause of action.  As to

the eighth cause of action for deceit and fraudulent concealment, the court sustained the

demurrer finding that Love owed Frank no duty.  The ninth cause of action for unfair

competition was sustained without leave to amend because there was no allegation of

monies that should be restored to Frank.  As to the eleventh and twelfth causes of action

for willful misconduct and intentional infliction of injury and for negligence, the

demurrer was sustained because Love owed Frank no duty and because no suit may be

brought for alleged violations of the rule of professional conduct applicable to attorneys.

The demurrer as to the thirteenth cause of action for unjust enrichment was sustained

because there was no allegation Love held any property in trust for Frank.

### DISCUSSION

Frank argues the trial court erred in sustaining Allen and Loves' demurrers.

"A demurrer admits all material facts properly pleaded, and because review of a

ruling on a demurrer is a pure legal question, the trial court's determination is entitled to

8

no deference from us. We must afford a reasonable interpretation of the complaint read as a whole with its parts in context. [Citation.] If the factual allegations of the complaint are adequate to state a cause of action under any legal theory, the demurrer must be overruled. [Citation.] We can only uphold a general demurrer sustained without leave to amend if it appears there is no cause of action stated under applicable substantive law. [Citation.]" (*Charpentier v. Los Angeles Rams Football Co.* (1999) 75 Cal.App.4th 301, 306-307, fns. omitted.)

When a complaint is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. If it can, the trial court has abused its discretion and we reverse. If not, there has been no abuse of discretion and we affirm. The burden of proving such reasonable possibility is on the plaintiff. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)

A. *Allen's Demurrer*

The trial court sustained Allen's demurrer without leave to amend as to all causes of action because they are barred by the doctrine of judicial immunity. Frank argues the trial court erred because the operative act resulting in damage to him, i.e., accepting a gift from Love during the dissolution proceeding, was not an act performed in his judicial capacity. Additionally, he argues Allen had no judicial immunity as to his ruling after accepting the gift because that act rendered him without jurisdiction to decide the matter.

1. *Judicial Immunity*

Judges have immunity from civil suits in the exercise of their judicial function. Such immunity exists to promote the fair administration of justice by allowing judges to

9

LOVE01761

act freely upon their own convictions without fear of adverse personal consequences. The immunity is absolute and applies even when the judicial acts were allegedly done maliciously and corruptly. (*Regan v. Price* (2005) 131 Cal.App.4th 1491, 1495.)

No judicial immunity exists, however, when the alleged act was nonjudicial, i.e., an action not taken in the judge's judicial capacity, or when, while the act was of a judicial nature, it was taken by the judge with a complete absence of jurisdiction. (*Regan v. Price, supra,* 131 Cal.App.4th at p. 1496.) Absence of jurisdiction in this context means a clear absence of jurisdiction over the subject matter. (*Lewis v. Linn* (1962) 209 Cal.App.2d 394, 397.)

Whether an act is a "judicial" one is determined by "'whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.' [Citation.]" (*Regan v. Price, supra*, 131 Cal.App.4th at p. 1499.) Judicial immunity is defined by the functions it protects and serves and not by the person to whom it attaches. (*Soliz v. Williams* (1999) 74 Cal.App.4th 577, 591.) It can be difficult to determine which acts are and are not judicial acts. For the most part, however, actions taken by a judge in connection with a judicial proceeding are considered judicial in nature. (Shaman, *Judicial Conduct and Ethics* (3d ed.) § 14.04, pp. 503-505.)

2. *Discussion*

Frank attempted to plead around and now attempts to argue around the application of the doctrine of judicial immunity to Allen by narrowly focusing on Allen's acceptance of the gift. Thus, he argues that at the time Allen took the gift, he was not performing

L0VE01762

any judicial function and was not "on judicial duty." Frank makes clear his action against Allen is not based on his rulings but rather on the fact of disqualification and the expense it caused him.

Allen's act of accepting a gift from Love was merely one part of a more complex process that resulted in his disqualification and alleged harm to Frank. Allen was acting as a judge in the dissolution proceeding and in that role had a duty as a judicial officer not to accept a gift from Love and to disclose to the parties any fact that might affect his qualification to proceed with the matter. It was his failure to comply with these tenets of judicial ethics that resulted in his disqualification. Clearly, the policy basis for the doctrine of judicial immunity applies not just to judicial acts but also to judicial omissions. By accepting the gift and by failing to reveal it, Allen failed to act in manner that maintained his qualification to proceed with the matter or to mitigate any damage to the parties. Those were judicial acts and omissions and Allen is immune from liability in a suit arising from them.

Neither was there in this case a complete absence of subject matter jurisdiction. Allen was appointed as temporary judge. In the most fundamental sense, he had jurisdiction in the matter.

B. *Love's Demurrer*

We address the causes of action in the order they are addressed by the parties.

1. *Twelfth Cause of Action*

In his twelfth cause of action, Frank alleged that as a member of the California State Bar Love owed a duty of care to him to refrain from extrajudicial actions that would

11

LOVE01763

cause or that he could reasonably foresee would cause him harm. Frank alleged Love negligently breached that duty when during the dissolution proceeding he made and failed to disclose a gift to Allen resulting in Allen's disqualification from hearing the matter and ultimately causing Frank financial harm.

The trial court sustained Love's demurrer as to the negligence cause of action, finding that Love owed Frank no duty of care and that a cause of action could not be based on an alleged violation of the California Rules of Professional Conduct making it unethical for an attorney in a case to give a gift to the judge.

We conclude that while a violation of the California Rules of Professional Conduct does not alone create a cause of action against an attorney, Love, whether acting as an attorney or not, under the circumstances alleged here, owed a duty to Frank not to act in a manner that caused the disqualification of the trial judge and harm to Frank.

California Rules of Professional Conduct, rule 5-300(A), states in pertinent part: "A member shall not directly or indirectly give or lend anything of value to a judge." Rule 1-100(A) states in part: "These rules are not intended to create new civil causes of action."

Of course, the fact rule 1-100(A) states that the rules do not create new causes of action is not a shield against conduct that violates the duty of due care by a lawyer acting either in a professional or personal capacity.

While the circumstances here are unique, whether Love owed a duty of care to Frank not to give a gift to the judge in the dissolution proceeding can be analyzed like any other act.

12

LOVE01764

The existence and scope of duty are legal questions for the court. (*Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 674.) The starting point in determining whether a duty of care exists in the negligence context is Civil Code section 1714, subdivision (a): "Everyone is responsible, not only for the result of his or her willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person."

The conclusion that a duty exists is the statement of a conclusion. It is the expression of the "sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.'" (*Merrill v. Navegar, Inc.* (2001) 26 Cal.4th 465, 477.)

We consider the following in deciding whether a duty exists: "'the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.'" (*Parsons v. Crown Disposal Co.* (1997) 15 Cal.4th 456, 473; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 572-573, fn. 6.)

After reviewing these considerations and the alleged facts, we conclude Love owed a duty of care under the circumstances not to give a gift to Allen when Love was acting as counsel for a party in the dissolution action. Code of Civil Procedure section 170.1, subdivision (a)(6)(iii), states a judge shall be disqualified if "a person aware of the

13

LOVE01765

facts might reasonably entertain a doubt that the judge would be able to be impartial." A disqualified judge has no power to act in any proceeding after his or her disqualification (Code Civ. Proc., § 170.4), and the acts of the judge subject to disqualification are voidable. (*Betz v. Pankow* (1993) 16 Cal.App.4th 931, 939-940.) It is foreseeable that an attorney for a party giving a nondisclosed gift to a judge during a proceeding would ultimately result in the disqualification of the judge and resulting harm to the parties to the proceeding.

Assuming the truth of the facts asserted, the harm to Frank was certain. The connection between Love's act and Frank's harm is close. The giving of a gift to a judge in a proceeding in which the benefactor is a party or the counsel for a party is morally blameworthy because it brings the judicial system into disrepute. Imposing a duty not to engage in such conduct serves to prevent future such harmful acts. The community will suffer no burden by imposing the duty.

The trial court erred in sustaining Love's demurrer to Frank's negligence cause of action without leave to amend. The judgment is reversed as to the twelfth cause of action and Frank is granted leave to amend to allege liability based not on Love's status as an attorney but on general concepts of the duty of care.

2. *Eleventh Cause of Action*

In his eleventh cause of action, Frank alleged Love engaged in willful misconduct. The cause of action cited Love's membership in the state bar. It noted rule 5-300(A) of the Rules of Professional Conduct prohibiting the giving of gifts to judges and various Penal Code sections proscribing bribery and corruption. Frank alleged Love breached the

14                    LOVE01766

duty of care created by these provisions when during the dissolution proceeding he made and failed to disclose a gift to Allen resulting in Allen's disqualification from hearing the matter and ultimately causing Frank financial harm. The complaint alleged Love knew or should have known his conduct was certain or substantially certain to injure Frank.

The trial court sustained Love's demurrer to the eleventh cause of action, finding he had no duty to Frank for conduct allegedly violating the Rules of Professional Conduct.

Willful misconduct is a tort separate and distinct from negligence. It occurs when an intentional act is done with knowledge, either express or implied, that serious injury is not merely possible but probable or with the intentional doing of an act with a wanton and reckless disregard for the consequences. (*Williams v. Carr* (1968) 68 Cal.2d 579, 584; *Palazzi v. AirCargo Terminals, Inc.* (1966) 244 Cal.App.2d 190, 195; *Donnelly v. Southern Pacific Co.* (1941) 18 Cal.2d 863, 869.)

The trial court erred in sustaining Love's demurrer to the eleventh cause of action without leave to amend. As noted above, any liability for Love's conduct arose not from his membership in the state bar but from his actions under the circumstances alleged in the complaint. Frank is granted leave to amend to allege liability based not on Love's status as an attorney but on Love's actions.

3. *Seventh Cause of Action*

The seventh cause of action alleged a violation by Love of Frank's civil rights. The cause of action alleged the United States and California Constitutions guaranteed him the right to a fair trial. The complaint asserted that right included a trial free from

15

LOVE01767

actions that disqualified the trial judge and raised doubts concerning his impartiality. Frank alleged Love "interfered or attempted to interfere by coercion with the exercise" of that right.

The trial court sustained Love's demurrer to the seventh cause of action without leave to amend. It found no facts were alleged that Love engaged in any threats or coercive acts by way of state action.

Apparently, Frank meant his civil rights cause of action to be based both on 42 United States Code section 1983 and Civil Code section 52.1.

a. *42 U.S.C. Section 1983*

The trial court sustained Love's demurrer as to Frank's 42 United States Code section 1983 action on the basis there was no state action. A necessary element of a federal civil rights action is that the conduct in question was taken under "under color or state law." This means a misuse of power possessed by virtue of state law and made possible only because the alleged wrongdoer possesses authority under state law. (*Jones v. Kmart Corp.* (1998) 17 Cal.4th 329, 333, fn. 1.) To constitute state action, a private party must be deemed to have engaged in a conspiracy with state actors, or been a willful participant in a joint activity with them. (*Dennis v. Sparks* (1980) 449 U.S. 24, 27-28 [101 S.Ct. 183]; *Adickes v. S. H. Kress & Co.* (1970) 398 U.S. 144, 152 [90 S.Ct. 1598].)

Frank alleged Allen, who was acting as a judge, and thus for the state, and Love conspired and willfully participated in a joint activity that resulted in the loss of Frank's constitutional right to a fair trial before an impartial judge. The trial court erred in

16

LOVE01768

finding no allegation of state action and erred in sustaining Love's demurrer to the seventh cause of action insofar as it was based on 42 United States Code section 1983.

b. *Civil Code section 52.1*

Civil Code section 52.1, subdivision (b), authorizes an action at law by an individual against anyone who interferes by "threat, intimidation or coercion," with any rights secured by the federal or state Constitution. There is no requirement that the interference be made under color of law. (*Jones v. Kmart Corp., supra,* 17 Cal.4th at p. 333.)

Frank argues Love interfered with his right to a trial free by actions that disqualified the trial judge and raised doubts concerning the impartiality of the trial judge. The difficulty with Frank's civil rights cause of action based on section 52.1, subdivision (b), is that there is no allegation Love's actions, whatever their effect, involved threats, intimidation or coercion. In an attempt to come within the section, Frank argues: "Here, for purposes of a civil rights action under Civil Code §52.1, coercion is found (a) in Mr. Love's continuing to pursue and obtain rulings and orders from Mr. Allen after the [g]ift had been accepted and Mr. Allen was thus disqualified from further acting as temporary judge in the [u]nderlying [p]roceeding, and (b) in the involuntary taking of property from [p]laintiff . . . ."

Neither of these cited acts is, by any reasonable definition, coercive. The trial court properly sustained without leave to amend Love's demurrer to the seventh cause of action insofar as it was based on Civil Code section 52.1.

LOVE01769

### 4. *Eighth Cause of Action*

Frank argues the trial court erred in sustaining without leave to amend Love's demurrer to his eighth cause of action, "Deceit Fraudulent Concealment." The factual basis for the cause of action was Love's failure to disclose to Frank the gift made by Love to Allen during the dissolution proceeding. The trial court sustained the demurrer without leave to amend, finding that Love owed Frank no duty to disclose.

There are four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts. In this case no fiduciary relationship is alleged. As to the other three circumstances in which nondisclosure may be actionable, including a defendant's exclusive knowledge of a material fact, there must exist some other relationship between the plaintiff and defendant in which a duty to disclose can arise. Such relationship can only come into being as a result of some sort of transaction between the parties. Thus, a duty to disclose may arise from the relationship between seller and buyer, employer and prospective employee, doctor and patient, or parties entering into any kind of contractual agreement. All of these relationships are created by transactions between parties from which a duty to disclose facts material to the transaction arises under certain circumstances. (*LiMandri v. Judkins* (1997) 52 Cal.App.4th 326, 336-337.)

18

There was no transaction between Frank and Love that established a relationship such that Love had a duty to disclose the fact of the gift to Allen. There is no indication that any amendment to the cause of action is possible to plead a viable claim of fraudulent concealment and the trial court properly sustained Love's demurrer as to the eighth cause of action without leave to amend.

5. *First and Second Causes of Action*

Frank argues the trial court erred in sustaining Love's demurrer to the first and second causes of action for intentional interference with contractual relations.

In the first cause of action, Frank noted the existence of various contractual relationships between himself and his wife, various third parties, e.g., Qualcomm and with his attorney in the dissolution proceeding. Frank alleged Love was aware of these contracts and that by his gift to Allen and the actions related to that gift, he either intended to prevent Frank's performance or to cause his performance of these contracts to be more expensive or that Love knew that his actions were substantial certain to have that result.

In his second cause of action for intentional interference with contractual relations, Frank noted his agreement to pay one-half Allen's fee in the dissolution proceeding. He alleged that aware of this contract Love intended by his gift to Allen to make Frank's performance of that agreement more expensive or burdensome or knew that such act would have that effect.

19

LOVE01771

The trial court sustained Love's demurrer to the first and second causes of action, finding Frank failed to state facts supporting the allegation that Love intended to disrupt the contractual relationships cited in the complaint.

"'[A] stranger to a contract may be liable in tort for intentionally interfering with the performance of the contract.' [Citation.] To prevail on a cause of action for intentional interference with a contractual relationship, a plaintiff must plead and prove (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. [Citation.] To establish the claim, the plaintiff need not prove that a defendant acted with the primary purpose of disrupting the contract, but must show the defendant's knowledge that the interference was certain or substantially certain to occur as a result of his or her action. [Citation.]" (*Reeves v. Hanlon* (2004) 33 Cal.4th 1140, 1148.)

The tort of intentional interference with contractual relations arises not just from an actual breach, but when there is an interference with or disruption of the contractual relationship. (*LiMandri v. Judkins, supra,* 52 Cal.App.4th at p. 344.)

Plaintiff need not allege an actual or inevitable breach of contract in order to state a claim for disruption of contractual relations. Court's have recognized that interference with the plaintiff's performance may give rise to a claim for interference with contractual relations if the plaintiff's performance is made more costly or more burdensome. (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1129.)

20

The tort of intentional interference with a contractual relationship is directed at the disruption of and interference with the *relationship* and the tort does not arise simply because in some way the plaintiff has suffered damages related to a contractual relationship. For example, here Frank cites his contract with counsel for legal services in the dissolution action as one of the contracts disrupted or interfered with by Love's actions. Presumably, Frank means that Love's actions made his contract with counsel more expensive because Frank will as a result of those actions have to pay additional attorney fees. The tort is concerned with interference with the contractual relationship itself. The tort does not arise simply because the actions of the defendant incidentally affect a contractual relationship.

We conclude the trial court properly sustained Love's demurrer without leave to amend to the first cause of action for the intentional interference with a contractual relationship.

We conclude, however, the court erred in sustaining Love's demurrer with regard to the second cause of action, i.e., interference with Frank's contractual relationship with Allen. Frank alleged a contract existed with Allen to serve as a temporary judge. The alleged actions by Love led to if not a breach then a serious disruption in that contractual relationship. Love's demurrer with regard to that action should not have been sustained.

6. *Third through Sixth Cause of Action*

Frank argues the trial court erred in sustaining without leave to amend Love's demurrer to the third and fourth causes of action for intentional interference with

21

LOVE01773

prospective economic advantage and to the fifth and sixth causes of action for negligent interference with prospective economic advantage.

Frank's causes of action for interference with prospective economic advantage mirror his causes of action for interference with contractual relations. In the third cause of action for intentional interference with prospective economic advantage, Frank cites Love's gift to Allen and alleges it was made with the intention or with the knowledge that the gift would disrupt Frank's economic relationship with the parties cited in the causes of action for interference with contractual relations. In the fourth cause of action, Frank makes the same claims with regard to his relationship with Allen. In the fifth and sixth causes of action, Frank repeats the allegation but alleges negligent rather than intentional interference.

The trial court sustained without leave to amend Love's demurrer to the third through the sixth causes of action. The court found as to each that Frank failed to allege Love interfered with economic relationships that could have prospectively brought economic advantage to Frank.

"To prevail on a cause of action for intentional interference with prospective economic advantage in California, a plaintiff must plead and prove (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff, (2) the defendant's knowledge of the relationship, (3) the defendant's intentional acts *designed to disrupt the relationship*, (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the defendant's acts. [Citation.]" (*Reeves v. Hanlon, supra,* 33 Cal.4th at p. 1152, fn. 6.)

22

LOVE01774

A cause of action also exists for negligent interference with prospective economic advantage. (See *Aas v. Superior Court* (2000) 24 Cal.4th 627, 643-645.)

The elements of both torts require the plaintiff allege some claim of interference with a prospective economic benefit such that it is reasonably probable that the claimed loss of economic advantage would have been realized but for the defendant's interference. (*Youst v. Longo* (1987) 43 Cal.3d 64, 71; *Westside Center Associates v. Safeway Stores 23, Inc.* (1996) 42 Cal.App.4th 507, 522-523.)

Frank's claims of interference with prospective economic advantage are totally conclusory with regard to the economic benefit involved and how it is reasonably probable that but for Love's interference any economic advantage would have been realized. Even on appeal Frank provides only the vaguest of claims in this regard. The trial court properly sustained Love's demurrer without leave to amend.

### 7. Tenth Cause of Action

In his tenth cause of action, Frank alleged Love's gift to Allen was an unfair and fraudulent business practice within the meaning of Business and Professions Code section 17200. The cause of action alleged Love made the gift to provide him with an unfair advantage in the dissolution proceeding.

The trial court sustained Love's demurrer without leave to amend, finding there was no remedy based upon the facts pled and that Frank failed to allege Love had monies that could be restored to Frank.

23

LOVE01775

The trial court was correct. Putting aside the question of the application of Business and Professions Code section 17200 to this case, it is clear Frank was not entitled under the section to the remedy he sought.

Business and Professions Code section 17203 defines the remedies available against those who engage in unfair business practices as defined in Business and Professions Code section 17200. The trial court may enjoin the unfair practice or it may "restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." (§ 17203.) Section 17203 is "not an all-purpose substitute for a tort or contract action." (*Cortez v. Purolator Air Filtration Products Co.* (2000) 23 Cal.4th 163, 173.) The section does not provide for compensatory damages. (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1266; *Inline, Inc. v. Apace Moving Systems, Inc.* (2005) 125 Cal.App.4th 895, 904.)

What Frank sought in his tenth cause of action, e.g., monies paid to Allen and his expenses in the dissolution action, was not restitution; indeed, there appears nothing Love could return to Frank. What Frank sought was damages. Love's demurrer to the tenth cause of action was properly sustained without leave to amend.

8. *Thirteenth Cause of Action*

Frank argues the trial court erred in sustaining Love's demurrer to the thirteenth cause of action for unjust enrichment. As a factual basis for the claim, Frank realleged Love's gift to Allen, etc., and stated the result was that Love had been unjustly enriched to Frank's detriment.

LOVE01776

24

There is no cause of action for unjust enrichment. Rather, unjust enrichment is a basis for obtaining restitution based on quasi-contract or imposition of a constructive trust. (*McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1490; 1 Witkin, Summary of Cal. Law (10th ed. 2005) Contracts, §§ 1015, 1016, pp. 1104-1105.) Although Frank's complaint states he is seeking restitution or imposition of a constructive trust, he is in fact simply seeking damages.

The trial court properly sustained Love's demurrer to the thirteenth cause of action without leave to amend.

## DISPOSITION

The judgment is reversed insofar as it sustained Love's demurrer to the second cause of action. It is reversed as to the seventh cause insofar as it sustained Love's demurrer with regard to the civil rights action alleged pursuant to 42 United States Code section 1983. It is sustained as to eleventh and twelfth causes of action but reversed as to the order foreclosing Frank from amending those causes of action. In all other respects the judgment is affirmed. Each party to bear its own costs on appeal.

_____

BENKE, Acting P. J.

WE CONCUR:

_____

McDONALD, J.

_____

McINTYRE, J.

25

LOVE01777



LOVE01778

**ORIGINAL**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

_FILED_

## I. (a) PLAINTIFFS

Frank E. Rogozienski

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Frank Rogozienski, Esq., 1600 Union Street,
Suite 300, San Diego, CA, 92101; 619-237-1878

## DEFENDANTS

James D. Allen, Michael Love, and
Does 1 through 10, inclusive

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

Attorneys (If Known)
Daniel M. White, Esq., White, Oliver & Amundson
550 W. C Street, #950, San Diego, CA; 619-239-0300

**'08 CV 0316 J AJB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff

(For Diversity Cases Only)                                        and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☒ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

| | | | | | | | Appeal to District |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 | Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441 (b);civil rights violation under 42 U.S.C. § 1983
Brief description of cause:
Civil Rights Violation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   None    JUDGE                           DOCKET NUMBER

DATE   February 13, 2008

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   147714    AMOUNT $350    APPLYING IFP    JUDGE    MAG. JUDGE

2/19/08

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 147794    — SH**

**February 19, 2008
14:43:08**

**Civ Fil Non-Pris**
USAO #.: 08CV0316
Judge..: NAPOLEON A JONES, JR
Amount.:                    $350.00 CK
Check#.: BC 66738

**Total—>   $350.00**

FROM: ROGOZIENSKI V. ALLEN ET AL

**ORIGINAL**

1 | *Rogozienski v. Love* **08 CV 0316 J AJB**
USDC Case No.:
2 | SDSC Case No.: GIC 843843

3 | **PROOF OF SERVICE**

4 | I, Patty Cortez, declare as follows:

5 | 1. I am employed with the law firm of WHITE, OLIVER & AMUNDSON, 550 West "C"
Street, Suite 950, San Diego, California 92101. I am readily familiar with the business practices
6 | of this office for collection and processing of correspondence for mailing with the United States
Postal Service; I am over the age of eighteen and I am not a party to this action.
7 |

8 | 2. On February 19, 2008, I served the following document(s):

9 | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441(b) (FEDERAL
QUESTION-42 U.S.C. § 1983)** *AFTER* **CALIFORNIA SUPREME COURT
DENIES PLAINTIFF'S PETITION FOR REVIEW AND ISSUES REMITTITUR;**
10 | **APPENDIX OF EXHIBITS (FILED SEPARATELY AND CONCURRENTLY);
DEMAND FOR JURY TRIAL;**
11 | **CIVIL COVER SHEET;
NOTICE OF INTERESTED PARTIES;**
12 | **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT;
CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY OF
13 | REMOVAL TO FEDERAL COURT;**

14 | on the interested parties in this action:

15 | ☐ (BY MAIL) By placing the document(s) listed above in a sealed envelope with postage
thereon fully prepaid, in United States mail in the State of California at San Diego, addressed
16 | as set forth below according to Fed.R.Civ.P.5.

17 | ☒ (BY PERSONAL SERVICE) I caused the documents(s) listed above to be picked up by our
attorney service, First Legal Support, on February 19, 2008 from our office and delivered to
18 | the addressee(s) set forth in the attached Service List on February 19, 2008.

19 | ☒ (BY ELECTRONIC FILING) I caused all of the pages of the above-entitled document(s) to
be electronically filed and served on designated recipients through the Electronic Case Filing
20 | system for the above-entitled case. The file transmission was reported as successful and a
copy of the Electronic Case Filing Receipt will be maintained with the original document(s)
21 | in our office.

22 | ☐ (STATE) I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.
23 |

24 | ☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

25 | I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct, and that this declaration was executed this 19 day of February, 2008
26 | at San Diego, California.

27 | Patty Cortez

28 |

81066.1

1   *Rogozienski v. Love*
   USDC Case No.:  07CV0742 JAH LSP
2   SDSC Case No.:  GIC 843843

3                           **SERVICE LIST**

4

5   Frank E. Rogozienski                     Attorneys for Plaintiff
   Frank E. Rogozienski, Inc.
6   1660 Union Street, Suite 300
   San Diego, CA 92101
7   T: (619) 237-1878
   F: (619) 237-1870
8   **VIA PERSONAL SERVICE**

9   Honorable John A. Houston             Case No.:  07CV0742 JAH LSP
   Department 11
10  United States District Court
   Southern District of California
11  880 Front Street
   San Diego, CA 92101
12  *Courtesy Copy Via Courier Service*

13  The Honorable Joan M. Lewis           Case No.:  GIC 843843
   Superior Court of the State of California
14  County of San Diego
   330 West Broadway
15  San Diego, California  92101
   *Courtesy Copy Via Courier Service*

16

17

18

19

20

21

22

23

24

25

26

27

28

81066.1