1   FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
    FRANK E. ROGOZIENSKI, INC.
2   A Professional Corporation
    Attorneys at Law
3   1660 Union Street, Third Floor
    San Diego, CA 92101
4   Telephone: (619)237-1878
    Facsimile: (619)237-1870
5
    Attorneys for Plaintiff, FRANK E. ROGOZIENSKI
6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11  FRANK E. ROGOZIENSKI,              )    Case No.  08-CV-0316 J (AJB)
                                       )
12              Plaintiff,             )    PLAINTIFF'S MEMORANDUM OF POINTS
                                       )    AND AUTHORITIES IN SUPPORT OF
13         v.                          )    MOTION TO REMAND
                                       )
14  JAMES D. ALLEN, S. MICHAEL LOVE)
    and DOES 1 through 10, inclusive,  )
15                                     )    DATE: 04/21/2008
                Defendants.            )    TIME: 8:15 a.m.
16                                     )    COURTROOM: 12
                                       )    HON. NAPOLEON A. JONES, JR.
17  _____)

18

19

20

21

22

23

24

25

26

27

28

1

## **TABLE OF CONTENTS**

2

**MOTION TO REMAND**

3

    1.     Legal Standards ..................................................... 1

4

         (a)    Federal court has limited jurisdiction ......................... 1
         (b)    Defendant has the burden to establish removal is proper .......... 1

5

         (c)    Removal statute is strictly construed against removal ............. 1
         (d)    Defendant must timely file notice of removal .................... 1

6

         (e)    All defendants must join in or consent to removal ................ 2
         (f)    Removal from state appellate court is unclear ................... 3

7

         (g)    Time for removal not tolled or extended by pendency of
                state court action in the state court of appeal ................... 3

8

         (h)    Ban on subsequent removal after remand ...................... 3

9

    2.     Order Granting Plaintiff's Motion To Remand And Denying
        Request For Sanctions ............................................ 4

10

11

    3.     Mr. Love's Notice of Removal of Action was not timely filed ............. 5

12

    4.     Not all defendants joined in or consented to Mr. Love's first removal ...... 8

    5.     Conclusion ..................................................... 9

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF AUTHORITIES**

Adickes v. S.H. Kress & Co. (1970) 398 U.S 144 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Boggs v. Lewis (9th Cir. 1988) 863 F.2d 662 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

California ex rel. Lockyer v. Dynegy, Inc. (9th Cir. 2004) 375 F.2d 831 . . . . . . . . . . . . . . . . . . 1

Caterpillar, Inc. v. Williams (1987) 482 U.S. 386 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Chevron USA, Inc. v. Bronster (9th Cir. 2004) 363 F.3d 846 . . . . . . . . . . . . . . . . . . . . . . . . . 5

Chicago Rock Island & Pacific Ry. v. Martin (1900) 178 U.S. 245 . . . . . . . . . . . . . . . . . . . . . 2

City of Chicago v. International College of Surgeons (1997) 522 U.S. 156 . . . . . . . . . . . . . . . . 2

Dennis v. Sparks (1980) 449 U.S. 24 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,7

Doe v. Kenwood (5th Cir. 1992) 969 F.2d 165 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Durham v. Lockheed Martin Corp. (9th Cir. 2006) 445 F.3d 1247 . . . . . . . . . . . . . . . . . . . 1,2

FDIC v. Letterman Bros. (9th Cir. 1992) 980 F.2d 1298 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d 564 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,4

Gould v. Mutual Life Ins. Co. v. New York (9th Cir. 1986) 790 F.2d 769 . . . . . . . . . . . . . . . . 1

Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 689 . . . . . . . . . . . . . . . . . . . 2

Hewitt v. City of Stranton (9th Cir. 1986) 798 F.2d 1230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Jenkins v. MCI Telecommunications Corp. (C.D. CA 1997) 973 F.Supp. 1133 . . . . . . . . . . . . 5

Ex Parte McCardle (1868) 74 U.S. (7 Wall.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Midlock v. Apple Vacation West, Inc. (7th Cir. 2005) 406 F.3d 453 . . . . . . . . . . . . . . . . . . . . 3

Miller v. Diamond Shamrock Co. (5th Cir. 2001) 275 F.3d 414 . . . . . . . . . . . . . . . . . . . . . . . 1

Nishimoto v. Federaman-Bachrah & Assocs. (9th Cir. 1990) 903 F.2d 709 . . . . . . . . . . . . . . 1

Panino v. FHP, Inc. (9th Cir. 1998) 146 F.3d 699 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

RTC v. Bayside Developers (9th Cir. 1995) 43 F.3d 1230 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

RTC v. BVS Development, Inc. (9th Cir. 1994) 42 F.2d 1206 . . . . . . . . . . . . . . . . . . . . . . . . . 3

Shamrock Oil & Gas Corp. v. Sheets (1994) 313 U.S. 100 . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

St. Paul & C. Ry. Co. v. McLean (1883) 108 U.S. 212 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Segal v. American Tel. & Tel. Co., Inc. (9th Cir. 1979) 606 f.2d 842 . . . . . . . . . . . . . . . . . . . . 5

Steel Co. v. Citizens for a Better Environment (1998) 523 U.S. 83 . . . . . . . . . . . . . . . . . . . . . . . 1

## STATUTE

28 USC 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
28 USC §1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2,3,4
28 USC §1446 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1,2,3
28 USC §1447 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
42 USC §1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,5,6,7,8

1

### MOTION TO REMAND

2        1.    **Legal Standards**.

3            (a)    **Federal court has limited jurisdiction**.  The federal court is one of limited

4   jurisdiction [see <u>Gould v. Mutual Life Ins. Co. v. New York</u> (9th Cir. 1986) 790 F.2d 769, 774].  As

5   such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction

6   [<u>Steel Co. v. Citizens for a Better Environment</u> (1998) 523 U.S. 83, 94, 118 S. Ct. 1003, 1012].

7   Removal jurisdiction is governed by 28 U.S.C. §1441, et seq.  "Jurisdiction is power to declare the

8   law, and when it ceases to exist, the only function remaining to the court is that of announcing the

9   fact and dismissing the cause" [*Id* (quoting <u>Ex parte McCardle (1868) 74 U.S. (7 Wall.)</u> A state court

10  action can only be removed if it could have originally been brought in federal court [<u>Caterpillar, Inc.</u>

11  <u>v. Williams</u> (1987) 482 U.S. 386, 392, 107 S.Ct. 2425].

12           (b)    **Defendant has the burden to establish removal is proper**.  The defendant

13  has the burden of establishing that removal is proper, supporting his jurisdictional allegations with

14  competent proof [<u>California ex rel. Lockyer v. Dynegy, Inc.</u> (9th Cir. 2004) 375 F.2d 831, 838; <u>Miller</u>

15  <u>v. Diamond Shamrock Co.</u> (5th Cir. 2001) 275 F.3d 414, 417; <u>Gaus v. Miles, Inc.</u> (9th Cir. 1992) 980

16  F.2d 564, 566; and <u>Nishimoto v. Federaman-Bachrah & Assocs.</u> (9th Cir. 1990) 903 F.2d 709, 712

17  fn 3].

18           (c)    **Removal statute is strictly construed against removal**.  District courts must

19  construe the removal statutes strictly against removal and resolve any uncertainty as to removability

20  in favor of remanding the case to state court [<u>Durham v. Lockheed Martin</u> Corp. (9th Cir. 2006) 445

21  F.3d 1247, 1252 (holding that as to section 1441 removals, the removal statutes are to be strictly

22  construed, and any doubts as to the right of removal must be resolved in favor of remanding to state

23  court); <u>Boggs v. Lewis</u> (9th Cir. 1988) 863 F.2d 662, 663; <u>Gaus v. Miles, Inc.</u>, *supra*, 980 F.2d at 566;

24  and <u>Shamrock Oil & Gas Corp. v. Sheets</u> (1994) 313 U.S. 100, 108-109].

25           (d)    **Defendant must timely file notice of removal**.  The defendant must file a

26  timely notice of removal [28 U.S.C. §1446(b)].  The notice of removal must be filed "within 30 days

27  after receipt by defendants, through service or otherwise, of a copy of an amended pleading, motion,

28

---

1    order or other paper from which it may be first ascertained that the case is one which is or has

2    become removable..." [*Id*].    The Ninth Circuit has determined that removability was first

3    "ascertained," for purposes of Section 1446(b), when "it became apparent" to the defendant that the

4    case had become removable [Harris v. Bankers Life & Casualty Co. (9th Cir. 2005) 425 F.3d 689,

5    696], when defendant has "received a paper that gives them enough information to remove" [Durham

6    v. Lockheed Martin Corp., *supra*, 445 F.3d at 1251].    And as noted above, "[w]here the timeliness

7    of remand under section 1441 is at issue, it makes sense to presume that removal statutes are to be

8    strictly construed against federal court jurisdiction.    When the defendant receives enough facts to

9    remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock

10   starts ticking" [Durham v. Lockheed Martin Corp., *supra*, 445 F3d at 1253].

11                    (e)    **All defendants must join in or consent to removal**.    Where there are

12   multiple defendants in the action, the right to remove belongs to them jointly.    Therefore, all

13   defendants who may properly join in the removal notice must join.    If any of them refuses, the action

14   cannot be removed [Hewitt v. City of Stranton (9th Cir. 1986) 798 F.2d 1230, 1232 (upholding

15   imposition of sanctions for improper removal where not all defendants joined in the notice of

16   removal) ; Doe v. Kenwood (5th Cir. 1992) 969 F.2d 165, 168 (holding that in order for defendant

17   to remove a case under the general removal statute, defendant must obtain the consent of all co-

18   defendants even if those co-defendants would not themselves be entitled to remove the case); and

19   Panino v. FHP, Inc. (9th Cir. 1998) 146 F.3d 699, 703 (holding that "[a]ll defendants must join a

20   notice of removal (citation), and a proper notice must be filed within 30 days... (citation)")].    All

21   defendants on removable claims, even supplemental parties, must join in the notice of removal since

22   they are parties to "one constitutional case" [Chicago, Rock Island & Pacific Ry. v. Martin (1900)

23   178 U.S. 245, 248, 20 S.Ct. 854, 855; and City of Chicago v. International College of Surgeons

24   (1997) 522 U.S. 156, 165, 118 S.Ct. 523, 529-530 (holding that if state law claims are transactionally

25   related (i.e., supplemental) to the federal claim, there would have been original federal jurisdiction

26   over the entire action)].    "If the defendant can't convince his co-defendant to remove he's stuck in

27   state court" [Durham v. Lockheed Martin Corp., *supra*, 445 F.3d at 1253].

28

---

1    (f)    **Removal from state appellate court is unclear**.  While the Ninth Circuit has

2    recognized the authority of the Resolution Trust Corporation (the "RTC") to remove a case from a

3    state appellate court before judgment is final because the removal statute applicable to the RTC (12

4    USC §1441(a)(l)) is broad enough to confer this power [RTC v. Bayside Developers (9th Cir. 1995)

5    43 F.3d 1230, 1236; and RTC v. BVS Development, Inc. (9th Cir. 1994) 42 F.2d 1206, 1211],

6    whether the Ninth Circuit permits other defendants to remove while a case is on appeal is unclear

7    [see FDIC v. Letterman Bros. (9th Cir. 1992) 980 F.2d 1298, 1300 (holding that the removal statutes

8    "may imply that the case must still be pending in the state trial court, and not the appellate court, at

9    the time of removal")].

10    (g)    **Time for removal not tolled or extended by pendency of state court action**

11    **in the state court of appeal**.  There is no tolling or extension provided in 28 USC §1446(b) of the

12    30 day period within which to file a notice of removal.  Thus, even assuming, *arguendo*, that

13    defendant's time for removal expires while the state court action is under appeal in the state courts,

14    and even assuming, *arguendo*, that the state court action could not be removed from the state court

15    of appeal, once the 30 day period provided under 28 USC §1446(b) has expired, the state court

16    action can no longer be removed.  This is consistent with the well established rule that where not all

17    defendants on the removable claims join in a notice of removal and the 30 day period for filing a

18    notice of removal expires, removal is not permitted.  See discussion and cases cited in Sections 1(e),

19    *supra*.

20    (h)    **Ban on subsequent removal after remand**.  "[A] party is not entitled ... to

21    file a second [notice of removal] on the same grounds, where, upon the first removal by the same

22    party, the federal court declined to proceed and remanded the suit because of his failure to [comply

23    with procedural requirements for removal]" [St. Paul & C. Ry. Co. v. McLean (1883) 108 US 212,

24    217; and Midlock v. Apple Vacations West, Inc. (7th Cir. 2005) 406 F.3d 453, 458].  Here, Mr.

25    Love's second removal is "on the same grounds" because the facts or events that he alleges made the

26    state court action removable - namely, Plaintiff's assertion of a federal claim under 42 USC §1983 -

27    has not changed.

28

1    **2.    Order Granting Plaintiff's Motion To Remand And Denying Request For**

2   **Sanctions**.  By Order Granting Plaintiff's Motion To Remand And Denying Request For Sanctions

3   dated November 20, 2007 [herein the "Remand Order", attached as Exhibit "1-E" to Defendant's

4   Notice Of Removal[1] at pp. 1341-1347], Judge John A. Houston in Civil No. 07-CV-0742 JAH(LSP)

5   [herein the "Prior Case"] granted Plaintiff's motion for remand, and remanded the state court action

6   to the Court of Appeal, Fourth Appellate District, State of California.  Since that time, proceedings

7   in the California court of appeal have completed, and the case was remitted on January 22, 2008, to

8   the Superior Court in and for the County of San Diego, State of California.  In the Prior Case, the

9   Court concluded in its Remand Order that:

10           "Because there is a question whether removal from a state appellate
             court is permissible, the Court, construing the removal statute strictly
11           against removal, finds Defendant's failure to file a notice of removal
             within thirty days of receiving the Reply Brief does not render the
12           removal untimely.[2]  However, the Court finds the notice of removal
             filed after the court of appeal issued its opinion but before the action
13           was remitted to the trial court was premature[3] and the action must be
             remanded.  See Gaus v. Miles, Inc. 980 F.2d 564 (9th Cir. 1992)
14           ("Federal jurisdiction must be rejected if there is any doubt as to the
             right of removal in the first instance.").  Remand Order, NOR Exhibit
15           1-E, p. 1346:12-19.

16   In so doing, the Court in the Prior Case did not address whether grounds existed to remand the state

17   court action because (then) co-Defendant James D. Allen did not join in the removal.  In addition,

18   no aspect of the Remand Order was subject to appellate or other review (28 USC §1447(d) that an

19   _____

20        [1]Notice Of Removal herein "NOR".

21        [2]Plaintiff submits this statement is an oxymoron, and that a proper construing of 28 USC
     §1441 strictly against removal (as distinguished from simply the timing for removal) necessarily
22   requires a finding that Defendant's failure to file a notice of removal within the 30 day period renders
     the removal untimely, and not the converse.  As Gaus and the other cases cited and discussed in ¶1(c)
23   teach, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first
24   instance."  This is not a timing rule, but a rule of rejection if there is "any doubt."

25        [3]Plaintiff submits Defendant's notice of removal was **not** "premature" because even if the 30
26   day period within which to file a notice of removal expired while the state court action was in the
     state court of appeal, the 30 day period is not tolled or extended while the state court action is in the
27   state court of appeal, even if removal from the state court of appeal is not permissible.  See ¶1(g)
     *supra.*
28

_____

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND                                    Case No. 08-CV-0316 J (AJB)

4

1    order remaining a case is "not reviewable on appeal or otherwise"].  Accordingly, the analysis and
2    factual and legal findings in the Remand Order should not be binding in this second removal.  The
3    Remand Order is not "law of the case" because no issue in the Prior Case has been decided by an
4    appellate court decision [Chevron USA, Inc. v. Bronster (9th Cir. 2004) 363 F.3d 846, 849 ("The law
5    of the case doctrine provides that 'the decision of an appellate court on a legal issue must be followed
6    in all subsequent proceedings in the same case' (citation)")], and has no issue preclusion or
7    "collateral estoppel" effect because no issue of fact or law has been actually litigated and decided by
8    a final judgment between the parties [Segal v. American Tel. & Tel. Co., Inc. (9th Cir. 1979) 606
9    F.2d 842, 845 ("Issue preclusion ... forecloses litigation only of those issues of fact or law that were
10   actually litigated and necessarily decided by a valid and final judgment between the parties ...")].

11       **3.    Mr. Love's Notice of Removal of Action was not timely filed**.  As discussed above,
12   removal is possible only if the time for removal has not expired.  Here, Mr. Love represents "[t]he
13   [state] appellate court's March 23, 2007 opinion gave [him] his first notice that this is now a civil
14   action for which this court has original jurisdiction under 28 U.S.C. §1331" [NOR Exhibit "1-A" at
15   p. 1184:25-27], that "*[t]he ground for removal of this action appeared for the first time in the*
16   *appellate court's opinion*" (emphasis in original) [NOR Exhibit "1-A" p. 1184:12-13].  Mr. Love is
17   mistaken.  The First Amended Complaint [the "FAC"] was served on Mr. Allen on April 25, 2005,
18   and included a Seventh Cause of Action for alleged Liability for Civil Rights Violation without
19   reference to any federal or state statute [FAC p. 27, attached as Exhibit "5-A" to Defendant's NOR
20   at p. 1703].  On May 25, 2005, Mr. Love filed a demurrer to the FAC, including to the Seventh
21   Cause of Action for Liability for Civil Rights Violation.  In his demurrer, Mr. Love stated "[t]he
22   Seventh Cause of Action fails to state and cannot be amended to state a cause of action for alleged
23   violation of civil rights," citing to Jenkins v. MCI Telecommunications Corp. (C.D. CA 1997) 973
24   F.Supp. 1133, 1136, because plaintiff "has not alleged and cannot allege that Love was a state actor"
25   [Mr. Love's Memorandum of Points and Authorities in Support of Demurrer p. 7, attached as Exhibit
26   "1" to Defendant's NOR at p. 181].  Jenkins is a case wherein the "[p]laintiff assert[ed] causes of
27   action for violations of his civil rights under 42 U.S.C. §1983..." [*Id* at 1136] [herein "Section
28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND                                              Case No. 08-CV-0316 J (AJB)

1   1983"]. Thus, it had become apparent to Mr. Love no later than May 25, 2005 that the Seventh

2   Cause of Action of the FAC included a federal claim under Section 1983. In his Opposition to Mr.

3   Love's demurrer, plaintiff focused on California Civil Code §52.1(b) as a basis for the violation of

4   civil rights claims [see Plaintiff's Memorandum of Points and Authorities in Opposition to Demurrer,

5   p. 9, attached as Exhibit "1" to Defendant's NOR at p. 199]. Then, during oral argument before the

6   state trial court on September 2, 2005, plaintiff addressed the Section 1983 basis (included along

7   with the California Civil Code §52.1(b) basis) for the claims alleged in the Seventh Cause of Action.

8           "THE COURT:  Let's go to the Seventh Cause of Action for civil
            rights.

9           MR. ROGOZIENSKI: In that cause of action, your Honor, I neglected
10          to, to speak about the <u>Dennis v. Sparks</u> case. <u>Dennis v. Sparks</u> is a
            Supreme Court case, the one that holds that co-conspirator is not
11          immune. That is a civil rights case.

12                  It is a civil rights case under 42 U.S.C. 1983. And what that
            case additionally holds - - and this deals with the acting under color
13          of state law issue, whether or not it exists in these circumstances; and
            I'm reading from page 27, 28 of that case - - 'to act under color of
14          state law for section 1983 purposes does not require that the
            defendant be an officer of the state. It is enough that he is' willfully -
15          - 'that he is a willful participant in joint action with the state or its
            agents.  Private persons jointly engaged with state firms in the
16          challenged action are acting under color of law for purposes of
            section 1983.'
17
                    So as to Mr. Love, you have that element satisfied in an action
18          under Section 1983, the Federal Civil Rights Statute. That statute
            does not require, as the Unruh Statute does, the malicious intent and
19          so forth" [RT: 21:4-26; attached as Exhibit "1" to Defendant's NOR
            at p. 364]."
20

21  On January 25, 2006, Mr. Love (through his counsel) received a copy of the Reporter's Transcript

22  for this hearing.[4] Mr. Love was further aware from Appellant's Opening Brief in the California Court

23  of Appeal served on May 4, 2006, wherein it states under the heading "Liability For Civil Rights

24  Violation (Plaintiff's Seventh Cause of Action)" that:

25          "Title 42 U.S.C. §1983 provides that:

26

27          _____

28          [4]See Receipt For Reporter's Transcript [NOR Ex. 1, p.341].

---

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND                                Case No. 08-CV-0316 J (AJB)
                                    6

1    'Every person who, under color of any statute, ordinance,
regulations, custom, or usage, of any State or Territory, subjects, or

2    causes to be subjected, any citizen of the Untied States or other
person within the jurisdiction thereof to the deprivation of any rights,

3    privileges, or immunities secured by the Constitution and laws, shall
be liable to the party injured in an action at law, suit in equity, or

4    other proper proceeding for redress.'

5        ...

6    As to this cause of action, the trial court sustained the demurrer as
against Mr. Love because "plaintiff has failed to allege any facts to

7    support the allegation that Mr. Love engaged in any acts of threats,
intimidation or coercion by way of state action" [AA II, 27, 451]. The

8    trial court erred in so ruling.

9    In a civil rights action under 28 U.S.C. §1983, threats, intimidation
or coercion are not required, and "under color of" state action is

10    provided because private persons conspiring with a judge are acting
under color of state law [Dennis v. Sparks, *supra* at 28-29 ("Private

11    parties who corruptly conspire with a judge in connection with such
conduct are thus acting under color of state law within the meaning

12    of §1983...)]. "[A] private party involved in such a conspiracy [with
a state official], even though not an official of the State, can be liable

13    under §1983. 'Private persons, jointly engaged with state officials in
the prohibited action, are acting under color' of law for purposes of

14    the statute. To act 'under color' of law does not require the accused
be an officer of the State. It is enough that he is a willful participant

15    in joint activity with the State or its agents' (citations)" [Adickes v.
S.H. Kress & Co. (1970) 398 U.S. 144, 152]. Here, it is alleged that

16    Mr. Love conspired with Mr. Allen both in making the Gift to Mr.
Allen and in continuing to pursue and obtain rulings and orders from

17    Mr. Allen after the Gift had been accepted and Mr. Allen was thus
disqualified from further acting as temporary judge in the Underlying

18    Proceeding [see Section IIF "The Conspiracy Between Mr. Love and
Mr. Allen" *supra*].

19

20        ...

21    Plaintiff's complaint sufficiently alleges a civil rights violation against
Mr. Love" [Appellant's Opening Brief 46-49, attached as Exhibit "1"

22    at pp. 463-466].

23    Footnote 12 also states that "Plaintiff ... addressed 42 U.S.C. §1983 in oral argument [RT 21:4-26]"

24    [Appellant's Opening Brief p. 47, attached as Exhibit "1" to Defendant's NOR at p. 464]. In footnote

25    3 of his Respondent's Brief filed on August 25, 2006, Mr. Love acknowledged that plaintiff "believes

26    he has a claim under 42 U.S.C §1983" and sought to distinguish the Supreme Court's holding in

27    Dennis v. Sparks (1980) 449 U.S. 24, 28, 101 S.Ct. 183, that '"under color of 'state law for §1983

28

---

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF MOTION TO REMAND                    Case No. 08-CV-0316 J (AJB)

1    does require the defendant be an officer of the State [and] it is enough that he is a willful participant

2    in joint action with the State or its agents" [Respondent's Brief, p. 20, attached as Exhibit "1" to

3    Defendant's NOR at p. 1096]. And Mr. Love was also aware from Appellant's Reply Brief in the

4    California Court of Appeal served on October 16, 2006, wherein it states under the heading

5    "Liability For Civil Rights Violation (Plaintiff's Seventh Cause of Action)" that:

6         "... Appellant has clearly stated a civil rights action against Mr. Love
          under 42 U.S.C. §1983..." [Appellant's Reply Brief, p. 8, attached as
7         Exhibit "1" to Defendant's NOR at p. 1136].

8    Mr. Love did not file his Notice Of Removal Of Action until April 23, 2007, which is nearly 24

9    months after Mr. Love filed his demurrer to the FAC, more than 19 months after the oral argument,

10   almost 15 months after he received a copy of the transcript of the oral argument, nearly 12 months

11   after he was served with Appellant's Opening Brief, and more than 6 months after he was served with

12   Appellant's Reply Brief. In short, Mr. Love's Notice Of Removal was not timely served.

13        **4.    Not all defendants joined in or consented to Mr. Love's first removal.** All

14   defendants must join in or consent to the notice of removal. See ¶1(e), *supra*. At the time of the first

15   removal, Mr. Allen was a co-defendant in the state court action, even though the matter was then on

16   appeal. At no time did Mr. Allen joint in or consent to Mr. Love's first Notice of Removal Of

17   Action. Mr. Love explained that "Allen is not joining the [first] removal because the 42 USC §1983

18   claim is only against Love [and] [t]he appellate court affirmed the trial court's order sustaining the

19   demurrer as to Allen in its entirety and Allen is no longer a party to the action" [NOR Ex. "1-A" at

20   p. 1185:20-22]. Mr. Love was mistaken. The Seventh Cause of Action of the FAC for alleged

21   Violation of Civil Rights is against both him and Mr. Allen (see FAC p. 27, attached as Exhibit "5-

22   A" to Defendant's NOR at p. 1703), and Mr. Allen at the time of the first removal remained a party

23   to the state court action then pending in the state appellate court. Failure to obtain Mr. Allen's

24   consent was thus fatal to Mr. Love's removal to this court. And while Mr. Allen is no longer (not

25   presently) a party in the state court action, where the first removal was defective for lack of joinder

26   or consent by all defendants, this defect cannot be overlooked in or cured by a second, subsequent

27   ////

28

1  removal of the same state court action.  See paragraph 1(h), *supra*.

2    5.    **Conclusion**.  For each of the reasons hereinabove set forth, the within case should

3  be remanded to the California state court.

4  Dated: March 20, 2008                              Respectfully submitted,

5                                                     FRANK E. ROGOZIENSKI, INC.

6

7                                                     By:__/s/Frank E. Rogozienski_____
                                                          Frank E. Rogozienski
8                                                         Attorney for Plaintiff

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28