1   Daniel M. White (SBN# 068011)
    Steven G. Amundson (SBN# 073501 )
2   Linda J. Sinclair (SBN# 144748)
    White, Oliver & Amundson
3   A Professional Corporation
    550 West C Street, Suite 950
4   San Diego, California  92101
    Telephone:  (619) 239-0300
5   Facsimile:  (619) 239-0344

6   Attorneys for Defendant
    S. Michael Love
7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10  FRANK E. ROGOZIENSKI,              )   Case No. 08 CV 0316 J AJB
                                       )
11          Plaintiff,                 )   **OPPOSITION OF DEFENDANT S.**
                                       )   **MICHAEL LOVE TO**
12      v.                             )   **PLAINTIFF'S MOTION TO**
                                       )   **REMAND**
13  JAMES D. ALLEN, S. MICHAEL LOVE, and )
    DOES 1 through 10, inclusive,      )   Date:   April 21, 2008
14                                     )   Time:  8:15 a.m.
            Defendants.                )   Courtroom:  12
15  _____ )   Hon. Napoleon A. Jones, Jr.

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                              82054.1

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.   Brief summary of the action that gave rise to the action now before this court. . . 1

    B.   Summary of facts regarding the action now before this court. . . . . . . . . . . . . . 1

        1.   The four corners of Rogozienski's pleadings did not state a basis for removal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        2.   Removability was not ascertainable until the State Court Action was on appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        3.   Love filed his initial notice of removal while the State Court Action was in the 4th DCA's jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . 4

        4.   Judge Houston held the 2007 Removal was *premature* because the case remained in the 4th DCA's jurisdiction. . . . . . . . . . . . . . . . . . . 4

        5.   Loved filed the current notice of removal within 30 days of the date the 4th DCA remitted the State Court Action back to the state trial court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.   ARGUMENT AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.   The State Court Action was properly removed. . . . . . . . . . . . . . . . . . . . . . . 5

    B.   The removal was timely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.   Rogozienski's "no tolling or extension" argument is not supported and has no merit. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    D.   Subsequent removal is allowed where there has been a change in circumstances that brings the case within the removal jurisdiction of the federal court. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    E.   Judge Houston's remand order on the 2007 Removal was well-reasoned and is persuasive authority for the fact that removability could not be ascertained until the State Court Action was pending in the 4th DCA. . . . . . . . . 9

    F.   No other defendant was a party to the State Court Action at the time of filing the 2007 Removal or the 2008 Removal. . . . . . . . . . . . . . . . . . . . . . . 11

IV.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES:**

*Alsup v. 3-Day Blinds, Inc.*,
  435 F.Supp.2d 838 (S.D. Ill. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Benson v. SI Handling Systems, Inc.*,
  188 F.3d 780 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Caterpillar Inc. v. Williams*,
  482 U.S. 386 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Doe v. American Red Cross*,
  14 F.3d 196 (3d Cir.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Durham v. Lockheed Martin Corp.*,
  445 F.3d 1247 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Federal Deposit Ins. Corp. v. Letterman Bros.*,
  980 F.2d 1298 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 15

*Gaus v. Miles, Inc.*,
  980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Grover v. Comdial Corp.*,
  275 F.Supp.2d 750 (W.D. Va. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hahn v. Pepsico, Inc.*,
  350 F.Supp.2d 758 (N.D. Ill. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Harris v. Bankers Life and Casualty Co.*,
  425 F.3d 689 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Herring v. Teradyne, Inc.*,
  256 F.Supp.2d 1118 (S.D. Cal. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*In re Diet Drugs*,
  282 F.3d 220 (3d Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*In the Matter of Meyerland Co. v. Federal Deposit Ins. Corp.*,
  960 F.2d 512 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Lassila v. Werner Co.*,
  78 F.Supp.2d 696 (W.D. Mich.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Libhart v. Santa Monica Dairy Co.*,
  592 F.2d 1062 (9th Cir. 1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mattel, Inc. v. Bryant*,
  441 F.Supp.2d 1081 (C.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McCoy by Webb v. General Motors Corp.*,
  226 F.Supp.2d 939 (N.D. Ill. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Midlock v. Apple Vacations West, Inc.*,
    406 F.3d 453 (7th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Resolution Trust Corp. v. Allen*,
    16 F.3d 568 (4th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Resolution Trust Corp. v. Bayside Developers*,
    43 F.3d 1230 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Resolution Trust Corp. v. BVS Development*,
    42 F.3d 1206 (9th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 14

*Rivet v. Regions Bank of Louisiana*,
    522 U.S. 470 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*St. Paul & C. Ry. Co. v. McLean*,
    108 U.S. 212 (1883) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 10

*Taylor v. Anderson*,
    234 U.S. 74 (1914) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**STATE STATUTES:**

California Civil Code section 52.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 12, 13

Schwartzer, Tashima & Wagstaff,
    CAL. PRAC. GUIDE; FED. CIV. PRO. BEFORE TRIAL
       (The Rutter Group 2007), ¶ 2:622.14 . . . . . . . . . . . . . . . . . . . . . . . . . 13

Schwartzer, Tashima & Wagstaff,
    CAL. PRAC. GUIDE; FED. CIV. PRO. BEFORE TRIAL
       (The Rutter Group 2007), ¶ 2:622.16 . . . . . . . . . . . . . . . . . . . . . . . . . 15

**FEDERAL STATUTES:**

12 U.S.C. § 1441a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

12 U.S.C. § 1819(b)(2)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. § 1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 9

28 U.S.C. § 1446(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

28 U.S.C. § 1447(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

42 U.S.C. § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 3, 4, 5, 10, 12

iii

# I.

# INTRODUCTION

Frank Rogozienski (Rogozienski) was and is the master of his complaint. He chose to include a vague civil rights violation (CRV) cause of action in his complaint. He chose to tell the state trial court that his CRV claim was based on California Civil Code section 52.1 (Section 52.1). He chose to specifically deny to the state trial court that his CRV claim was based on 42 U.S.C. § 1983 (Section 1983). The Section 1983 ground for removal was not ascertainable until the matter was within the jurisdiction of the Fourth District Court of Appeal (4th DCA) after the state trial court sustained defendants' demurrers without leave to amend. The Honorable John A. Houston ordered that removal was premature while the matter was in the 4th DCA's jurisdiction and before remittitur to the state trial court. The case was remitted on January 22, 2008. Love timely removed on February 19, 2008.

# II.

# STATEMENT OF FACTS

**A.    Brief summary of the action that gave rise to the action now before this court.**

Rogozienski and defendant S. Michael Love (Love) are attorneys. This case arose from Rogozienski's bitterly contested dissolution of marriage action, in which Love represented Rogozienski's estranged wife, and former defendant James Allen (Allen) was, by agreement of the Rogozienskis and their counsel, appointed to serve as temporary judge.

**B.    Summary of facts regarding the action now before this court.[1]**

**1.    The four corners of Rogozienski's pleadings did not state a basis for removal.**

While the dissolution remained pending, Rogozienski separately sued Love and Allen in the case entitled *Frank E. Rogozienski v. James D. Allen, S. Michael Love, et al.,* Case Number GIC 843843, filed in the San Diego County Superior Court (State Court Action), alleging multiple causes of action related to certain of Love's and Allen's acts in the dissolution proceeding. The complaint and first amended complaint (FAC) included a vague and unspecified CRV claim. Rogozienski did not reference Section 1983 as a statutory basis for his CRV claim in either version of his complaint:

1

1    |    Defendants interfered or attempted to interfere by coercion with the
2    |    exercise or enjoyment by Plaintiff of rights to a fair trial secured by
     |    the Constitution and laws of the United States and of the State of
3    |    California.

4    Ex. 5[2] at LOVE01577:7-10 (the original complaint).

5    |    Defendants interfered or attempted to interfere by coercion with the
     |    exercise or enjoyment of Plaintiff's rights to a fair trial
6    |    secured by the Constitution and laws of the United States and of
     |    the State of California. This right to a fair trial includes a trial free
7    |    from actions and conduct which disqualify the trial judge and a
     |    trial where doubts are not raised concerning the trial judge's
8    |    impartiality.

9    Ex. 5A at LOVE01703:11-17 (the FAC).

10   Love and Allen demurred to the FAC on all causes of action. Ex. 1 at LOVE00171-

11   00185 (Love's demurrer); LOVE00149-00169 (Allen's demurrer). The CRV cause of action did

12   not state whether Rogozienski intended to proceed under California Civil Code section 52.1

13   (Section 52.1) or Section 1983 (statutes that have very different requirements), or some other

14   statute, and Rogozienski did not include certain allegations required by Section 52.1. Love thus

15   speculated in his demurrer that Rogozienski might be trying to allege a Section 1983 claim. Ex.

16   1 at LOVE00181:15-20. Rogozienski, however, was quick to point out that Love was wrong

17   about the basis of the CRV claim. In his opposition to the demurrer, Rogozienski specifically

18   denied making a Section 1983 claim:

19   |    Plaintiff's Seventh Cause of Action is for violation of Plaintiff's
20   |    civil rights under Civil Code § 52.1(b). . . .

21   |    The authorities cited by Love are not applicable as they relate to
     |    actions under 42 U.S.C. § 1983, *which is not the basis of Plaintiff's*
22   |    *claims herein.*

23   Ex. 1 at LOVE00199:5-15 (emphasis added). In his reply, Love accepted Rogozienski's position

24   that his CRV was based only on Section 52.1, and argued accordingly. Ex.1 at LOVE00217:10-

25   22.

26   Rogozienski alluded to a Section 1983 claim during oral argument on the demurrer, when

27   he told the court "you have that element [an element of Section 1983] satisfied in an action under

28   Section 1983" (Ex. 1 at LOVE00364:4-26), but he never stated that he was reversing or altering

2

his written position that his CRV claim was based on Section 52.1 and *not* on Section 1983, nor did he say or indicate that he intended to pursue alternative federal and state theories. Ex. 1 at LOVE00343-00376.  The court sustained Love's demurrer as to all causes of action, without leave to amend (Ex. 5-D at LOVE01737:1-01738:23),[3] and entered a judgment of dismissal (Ex. 5-E at LOVE01744).  Thus, even assuming *arguendo* that by Rogozienski's oral argument statement,  he intended to disavow his written denial that he was making a Section 1983 claim, his statement could not have commenced the 30-day deadline to remove because there was nothing to remove - the case was dismissed.

   **2.     Removability was not ascertainable until the State Court Action was on appeal.**

   Rogozienski appealed to the 4th DCA, devoting a mere four pages of his 68-page opening brief to his CRV claim.  Ex. 1 at LOVE00463-00466.  Although he addressed one federal case that included a discussion of Section 1983, and he quoted Section 1983, a careful reading of his argument reveals that he did so *not* to state a Section 1983 claim, but to distinguish between Section 52.1 and Section 1983, as a foundation for his argument that he sufficiently pled a Section 52.1 claim.  Ex. 1 at LOVE00463-00466.

   Rogozienski continued his strategy of vagueness in his reply brief (4th DCA Reply Brief) when he reiterated that the CRV cause of action "alleges what are violations of civil rights, *not tied to any specific statutory provision. . . .*"  Ex. 1 at LOVE01133 (emphasis added).  He went on to contend that "[i]n addition," he had stated a civil rights action against Love under Section 1983, although how he believed he had done so remained unclear.  Ex. 1 at LOVE01136.  The 4th DCA gave Rogozienski the benefit of the doubt:

> *Apparently*, Frank *meant* his civil rights cause of action to be based on 42 UNITED STATES CODE § 1983 and Civil Code section 52.1.

Ex. 6 at LOVE01768 (italics added).  The 4th DCA reversed the trial court's order sustaining Love's demurrer insofar as it was based on Section 1983.[4]  Ex. 6 at LOVE01768-01769, 01777.

///

///

3.    **Love filed his initial notice of removal while the State Court Action was in the 4th DCA's jurisdiction.**

Ascertaining for the first time during the 4th DCA proceeding that he had a ground for removal to the federal court, i.e., the Section 1983 cause of action, and uncertain whether removal was available when a matter was within a state appellate court's jurisdiction, Love's counsel conducted exhaustive research and analysis to determine if removal was proper at that stage of the litigation. Unable to find a definitive answer and wanting to avoid waiving his removal right, Love filed his first notice of removal on April 23, 2007 (2007 Removal).[5] Ex. 1-A at LOVE01185:3-19. The 2007 Removal was assigned to the Honorable John A. Houston, under case number 07 CV 0742 JAH LSP (Case 0742 JAH). Ex. 1-A at LOVE01183. At the time, the matter remained within the 4th DCA's jurisdiction.

4.    **Judge Houston held the 2007 Removal was *premature* because the case remained in the 4th DCA's jurisdiction.**

Rogozienski moved for remand. Ex. 1-B at LOVE01257-01288. In ruling on the motion, Judge Houston held it was not until Rogozienski's 4th DCA Reply Brief that Rogozienski unequivocally asserted a claim pursuant to Section 1983, and it was the 4th DCA Reply Brief that was the paper from which Love could first ascertain removability.[6] Ex. 1-E at LOVE01345:1-01346:3.

Judge Houston further held that because there is a question as to whether removal from a state appellate court is permissible, the fact that Love did not file a notice of removal within 30 days of receiving Rogozienski's 4th DCA Reply Brief did not render the removal untimely. Ex. 1-E at LOVE01346:12-15.

Finally, Judge Houston held that the 2007 Removal filed before the 4th DCA remitted the State Court Action to the state trial court was premature. Ex. 1-E at LOVE01346:15-17. As a result, Judge Houston remanded Case 0742 JAH to the state trial court. Ex. 1-E at LOVE01346:27-01347:1.

/ / /

/ / /

82054.1

*Rogozienski v. Love*    Case No:  08-CV-0316-J-AJB    OPPOSITION TO MOTION TO REMAND

**5.    Loved filed the current notice of removal within 30 days of the date the 4th DCA remitted the State Court Action back to the state trial court.**

The 4th DCA remitted the State Court Action back to the state trial court on January 22, 2008.  Ex. 4 at LOVE01358 (1/22/08 docket entry).  Given that removal was no longer premature as of the remittitur date, Love filed his second notice of removal on February 19, 2008 (2008 Removal), within 30 days of the remittitur.  Ex. A attached to this opposition.

**III.**

**ARGUMENT AND AUTHORITIES**

**A.    The State Court Action was properly removed.**

Section 1983 states the basis for a civil action for deprivation of rights secured by the United States Constitution and laws.  28 U.S.C. § 1331 provides that the federal district court "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The federal district court thus has original jurisdiction of a Section 1983 claim.

28 U.S.C. § 1441 provides, in part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending. . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. . . .

> (c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

Given the federal district court's original jurisdiction over Rogozienski's Section 1983 claim and the fact that it is founded on a claim or right guaranteed by the United States Constitution, i.e., the right to a fair trial, this matter was properly removed without regard to the

5

1  parties' citizenship. Further, the federal district court has discretion to determine all issues,

2  including those that are state law based.

3  **B.    The removal was timely.**

4        28 U.S.C. § 1446(b) sets forth the deadlines for filing a notice of removal:

5              (b) The notice of removal . . . shall be filed within thirty
              days after the receipt by the defendant, through service or
6              otherwise, of a copy of the initial pleading setting forth the claim
              for relief upon which such action or proceeding is based . . . .
7
              *If the case stated by the initial pleading is not removable, a*
8              *notice of removal may be filed within thirty days after receipt by the*
              *defendant, through service or otherwise, of a copy of an amended*
9              *pleading, motion, order or other paper from which it may first be*
              *ascertained that the case is one which is or has become removable*
10             . . . .

11  28 U.S.C. § 1446(b) (italics added).

12        Removal jurisdiction based on a federal question will be determined from the complaint

13  as it exists at the time of removal. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th

14  Cir. 1979). Determination of whether a claim "arises under" federal law is made under the "well-

15  pleaded complaint" rule. *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). Federal

16  courts consider only what necessarily appears in plaintiff's statement of his claim, *unaided by*

17  *anything alleged in anticipation or avoidance of defenses the defendant may interpose. Taylor v.*

18  *Anderson*, 234 U.S. 74, 75-76 (1914) (emphasis added). The Ninth Circuit recently held:

19              We now conclude that *notice of removability under § 1446(b) is*
              *determined through examination of the four corners of the*
20              *applicable pleadings, not through subjective knowledge or a duty*
              *to make further inquiry.* Thus, the first thirty-day requirement is
21              triggered by defendant's receipt of an 'initial pleading' that reveals
              a basis for removal. If no ground for removal is evident in that
22              pleading, the case is 'not removable' at that stage. In such case,
              the notice of removal may be filed within thirty days after the
23              defendant receives 'an amended pleading, motion, order or other
              paper' from which it can be ascertained from the face of the
24              document that removal is proper.

25  *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (emphasis added);

26  *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006) (where plaintiff's

27  complaint disclosed removal grounds but defendant could not get co-defendant's joinder to

28  removal, and plaintiff's discovery responses later revealed that federal officer or agency caused

6

injury, a ground for removal not requiring co-defendant's joinder, the 30-day removal clock was reset when defendant discovered the case was removable on federal officer grounds; reversing award of cost and fees for improper removal).

As Judge Houston recognized, the ground for removal here was not stated within the four corners of Rogozienski's original complaint, his FAC or any other document he filed while the matter was pending in the state trial court. Ex. 1-E at LOVE01344:27-01346:3; also see Statement of Facts above at 1:21-4:18; Ex. A attached to this opposition 3:8-5:14. Love was not charged, by statute or by case law, with subjective knowledge of what Rogozienski may or may not have been thinking, nor was he charged with a duty of further inquiry. It was Rogozienski's burden, and his alone, to state the basis of his CRV claim within the four corners of his pleadings.

**C.    Rogozienski's "no tolling or extension" argument is not supported and has no merit.**

Rogozienski appears to argue (motion at 3:10-19) that if the 30-day deadline for removal expires while a matter is pending in the state appellate court and removal from the state appellate court is not permitted, a defendant is simply out of luck and cannot exercise his statutory right to remove. Rogozienski offers no authority for this proposition. Love respectfully submits there is no statutory, regulatory, case law or any other authority that strips a defendant of his statutorily-granted removal right where a plaintiff's artful pleadings and/or indecision about his claims results in a removal ground becoming ascertainable only when the case is in a state appellate court's jurisdiction.

**D.    Subsequent removal is allowed where there has been a change in circumstances that brings the case within the removal jurisdiction of the federal court.**

Rogozienski argues Love was banned from filing the 2008 Removal because it is a second removal filed after remand (motion at 3:20-27). Both cases he relies on are inapposite.

In *St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212 (1883), the federal court remanded where defendant failed, because of his counsel's inadvertence, to timely file a copy of the record with his removal notice. *St. Paul*, 108 U.S. at 215. Defendant filed a second removal notice on the same grounds and the court again remanded. *Id.* The Supreme Court held:

[A] party is not entitled . . . to file a second petition for removal

[A] party is not entitled . . . to file a second petition for removal upon the same grounds, *where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to file the required copy within the time fixed by the statute.*

*Id.* at 217.

In *Midlock v. Apple Vacations West, Inc.*, 406 F.3d 453 (7th Cir. 2005) a case the court found to be a "symphony of frivolousness" due, in part, to defense counsel's effort to forum shop by way of removals, the court did not hold that parties are not entitled to file a second removal notice. To the contrary, the court specifically stated that 28 U.S.C. § 1447(d), the statute that provides an order of remand is not reviewable on appeal, *does not preclude successive removals.* *Midlock,* 406 F.3d at 456.

Judge Houston remanded Case 0742 JAH only because "there is a question whether removal from a state appellate court is permissible" and "the notice of removal filed after the court of appeal issued its opinion but before the action was remitted to the trial court was premature." Ex. 1-E at LOVE01346:12-13, 15-17. Love did not fail to file a copy of the record, nor did he fail to do anything else he was required to do in order to effect removal. Removal was simply premature until the matter was no longer in the 4th DCA's jurisdiction.

When circumstances render a case removable when it was not previously removable, a second notice of removal is permissible. *Alsup v. 3-Day Blinds, Inc.*, 435 F.Supp.2d 838, 842 (S.D. Ill. 2006) (if subsequent pleadings or conduct by parties or various other circumstances brings case that was not previously removable within removal jurisdiction of federal courts, second notice of removal is permissible). Here, the 4th DCA's remittitur rendered the State Court Action removable when it was not previously removable because it was in the 4th DCA's jurisdiction; a second notice of removal - the 2008 Removal - is thus permissible.

Case law is replete with instances of subsequent removals. *Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1089 (C.D. Cal. 2005) (successive removals are not necessarily barred); *Hahn v. Pepsico, Inc.*, 350 F.Supp.2d 758, 764 (N.D. Ill. 2004), vacated on other grounds, 2007 WL 1141941 (N.D. Ill. 2007) (there is no bar on multiple attempts to remove civil actions); *Grover v. Comdial Corp.*, 275 F.Supp.2d 750, 753 (W.D. Va. 2003) (state court defendant is not barred

1   from bringing multiple petitioner for removal); *McCoy by Webb v. General Motors Corp.*, 226

2   F.Supp.2d 939, n. 2 (N.D. Ill. 2002) (even if defendant prematurely removes case based on

3   mistaken but good faith belief that it meets jurisdictional amount, he is not prejudiced in federal

4   court because there is no prohibition on subsequent removal if action later meets federal diversity

5   jurisdiction requirements); *In re Diet Drugs*, 282 F.3d 220, n. 8 (3d Cir. 2002) (removal statute

6   does not categorically prohibit filing of a second removal petition following remand; if other

7   circumstance brings case not previously removable within removal jurisdiction, second notice of

8   removal is permissible); *Lassila v. Werner Co.*, 78 F.Supp.2d 696, 697-698 (W.D. Mich.1999)

9   (defendant who filed second removal notice after remand not required to present grounds for

10  removal distinct from those first asserted); *Benson v. SI Handling Systems, Inc.*, 188 F.3d 780,

11  782-783 (7th Cir. 1999) (action may properly be removed after initial removal resulted in

12  remand); *Doe v. American Red Cross*, 14 F.3d 196, 200-201 (3d Cir.1993) (statute providing that

13  order remanding case is not reviewable on appeal or otherwise did not preclude case once

14  remanded from again being removed).

15          In hindsight, Love could have waited to file his first removal until after the 4th DCA's

16  remittitur and as long as he filed within 30 days of the remittitur, the removal would have been

17  unquestionably timely and appropriate.  Rogozienski cites to no authority, and Love found none,

18  that supports Rogozienski's proposition that because Love removed prematurely due to

19  uncertainty about whether removal from a state appellate court was permissible (an uncertainty

20  Judge Houston shared) that the 2008 Removal is barred.  As already discussed, the change in

21  circumstances caused by the remittitur authorizes the 2008 Removal.

22  **E.      Judge Houston's remand order on the 2007 Removal was well-reasoned and is**
        **persuasive authority for the fact that removability could not be ascertained until the**
23      **State Court Action was pending in the 4th DCA.**

24          Rogozienski argues that a statement Judge Houston made in his remand order is an

25  "oxymoron" (motion at 4:21-24) because 28 U.S.C. § 1441 provides that the removal statutes are

26  to be strictly construed against removal.  However, Judge Houston specifically recognized that

27  district courts must construe the removal statutes strictly against removal and resolve

28  uncertainties in favor of remand.  Ex. 1-E at LOVE01342:14-16, 01346:12-13.  Judge Houston

1  did precisely that - he *resolved* the *uncertainty* of whether removal from a state appellate court is

2  permissible *by remanding* the matter to the state trial court, citing *Gaus v. Miles, Inc.*, 980 F.2d

3  564 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of

4  removal in the first instance.").  Ex. 1-E at LOVE01346:12-19.

5      Rogozienski next argues that Judge Houston "did not address whether grounds existed to

6  remand the state court action because (then) co-Defendant James D. Allen did not join in the

7  removal" (motion at 4:16-17).  Although unclear, it appears Rogozienski may have made this

8  statement in an effort to argue under *St. Paul, supra,* that:  (i) the 2008 Removal is not permitted

9  because it is made on the same grounds as the 2007 Removal, i.e., the Section 1983 claim was not

10  ascertainable until the matter was in the 4th DCA's jurisdiction; and (ii) Judge Houston declined

11  to proceed and remanded because Love did not comply with the procedural requirements for

12  removal, i.e., Allen did not join the removal.  Assuming *arguendo* this was Rogozienski's intent,

13  the argument fails.

14      First, Judge Houston did not discuss Allen so he certainly did not remand because Allen

15  did not join.  Second, the reason Allen was not a party to the removal is because he was no longer

16  a party to the State Court Action; Allen was thus irrelevant to the 2007 Removal so there was no

17  reason for Judge Houston to discuss him .  Ex. 1-C at LOVE01299:9-21; Ex. 6 at LOVE01763,

18  01777.  Third, Judge Houston made no indication - not even a vague or illusory one - from which

19  it can be reasonably (or even unreasonably) inferred that he was declining to proceed because

20  Allen did not join the 2007 Removal.  Fourth, Judge Houston held that removal was premature

21  while the matter remained in the 4th DCA's jurisdiction; thus, he did not find a procedural or

22  other problem with the basis for the removal, but only that removal had to wait until the case was

23  no longer in the 4th DCA's jurisdiction.

24      Rogozienski then argues that Judge Houston's analysis and factual and legal findings in

25  his remand order should not be binding as to the 2008 Removal (motion at 4:17-5:10).

26  Rogozienski presumably hopes this court will find fault with Judge Houston's holding that the

27  Section 1983 ground for removal was not ascertainable until the matter was in the 4th DCA's

28  jurisdiction, and will give the holding no consideration or weight.  A district court is not barred

from considering unpublished decisions of other federal district courts; while the decisions are not binding, they may be cited and relied upon as persuasive authority. *See, Herring v. Teradyne, Inc.*, 256 F.Supp.2d 1118, 1128 (S.D. Cal. 2002), *rev'd on other grounds*, 242 Fed.Appx. 469 (9th Cir. 2007). While Judge Houston's remand order on the 2007 Removal may not be binding on this court, Love submits the order was well-reasoned and should be relied on as persuasive authority for the fact that removal was not ascertainable until the matter was in the 4th DCA's jurisdiction.

**F.    No other defendant was a party to the State Court Action at the time of filing the 2007 Removal or the 2008 Removal.**

The trial court sustained Allen's demurrer to the FAC in its entirety because *all* causes of action were barred by the doctrine of judicial immunity. Ex. 5D at LOVE01736:1-26, 01738:21-23. The trial court entered a judgment of dismissal in favor of Allen (and Love). Ex. 5E at LOVE01744:19-20. The 4th DCA affirmed the trial court's order sustaining Allen's demurrer to the FAC on the grounds of judicial immunity. Ex. 6 at LOVE01763, 01777. The 4th DCA denied Rogozienski's petition for rehearing. Ex. 1 at LOVE01180. Love filed the 2007 Removal on April 23, 2007. Ex. 1-A at LOVE01183-01186. There was nothing pending in the state court system at that time. Allen was dismissed and judgment entered in his favor.

Rogozienski filed a petition for review with the California Supreme Court several days later, on May 2, 2007. Ex. 2 at LOVE01348 (5/2/07 docket entry). The court denied the petition for review on January 16, 2008.[7] Ex. 2 at LOVE01350 (1/16/08 docket entry).

Rogozienski takes issue with Love's statement in the 2007 Removal that Allen was no longer a party at that time because Rogozienski also alleged his CRV cause of action against Allen (motion at 8:17:23). This has no merit and is, quite frankly, puzzling. As shown above and in the record, *Allen was dismissed from the FAC in its entirety*. At no time has any claim Rogozienski initially made against Allen been resurrected so as to reinstate Allen as a party and require his consent to and joinder in removal.

Love was the *only* remaining defendant when he filed the 2007 Removal and when he filed the 2008 Removal. He remains the only defendant now. There is thus no other defendant

11

whose consent or joinder was or is required for removal.

## IV.

## CONCLUSION

Rogozienski ignores well-settled law "that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398-399 (1987). It was Rogozienski's choice, as master of his complaint, to state or not to state a Section 1983 claim. He chose the latter.

It was impossible to ascertain from the original complaint, the FAC, or Rogozienski's representations to the state trial court, that his CRV claim was based on Section 1983. Rogozienski had multiple opportunities to clarify his position. In fact, he did so when he told the state trial court and defendants that he was proceeding *only* under Section 52.1, and he was *not* proceeding under Section 1983. While he may have vaguely alluded to the possibility of an alternate position, he never stated it in an ascertainable manner. Love was not charged with subjective knowledge of Rogozienski's intentions and had no duty to make further inquiry to ascertain them.

The Section 1983 ground for removal was not ascertainable until the State Court Action was pending in the 4th DCA. Rogozienski cannot defeat removal by complaining that he meant all along to allege a Section 1983 claim and that Love should have been omniscient enough to figure that out despite Rogozienki's specific denials. Love timely and properly removed within 30 days of the 4th DCA's remittitur of the State Court Action back to the state trial court. Rogozienski's motion must be denied.

Dated: April 4, 2008                    White, Oliver & Amundson


                                        By: s/ Linda J. Sinclair
                                            Linda J. Sinclair
                                            lsinclair@whiteoliver.com
                                            Attorneys for Defendant
                                            S. Michael Love

1

**END NOTES**

2   1.   The procedural history of the matter in the state court trial court, the 4th DCA, the
3        California Supreme Court and prior proceedings in the United States District
         Court for the Southern District of California is set forth in Love's notice of
4        removal filed on February 19, 2008. For the court's convenience, a copy of the
         notice is attached to this opposition as Ex. A and incorporated here. The
5        procedural history is at 3:8-5:7.

6   2.   Exhibit references are to exhibits attached to the Appendix of Exhibits filed in
         support of Love's February 19, 2008 Notice of Removal. Exhibit reference
7        numbers are followed by bate numbers of referenced pages and, where
8        appropriate, by line numbers of text.

9   3.   The court also sustained Allen's demurrer as to all causes of action, without leave
10       to amend.

11  4.   The 4th DCA affirmed the order sustaining Love's demurrer insofar as it was
         based on Section 52.1. Ex. 6 at LOVE01769.

12  5.   Love acknowledged in the 2007 Removal that the propriety of removal is
13       uncertain when the ground for removal first appears in a state appellate court
         opinion and the matter remains within the state appellate court's jurisdiction.
14       Exhaustive research produced no definitive answer. Rutter Group commentators
         have likewise found no authority. "It is unclear whether a state court case can be
15       removed while on appeal in the state courts." Schwartzer, Tashima & Wagstaff,
         CAL. PRAC. GUIDE; FED. CIV. PRO. BEFORE TRIAL (The Rutter Group
16       2007), ¶ 2:622.14.

17
         The Ninth Circuit has recognized the Resolution Trust Corporation's ("RTC")
18       authority to remove a case from the state appellate court before final judgment. In
19       *Resolution Trust Corp. v. BVS Development*, 42 F.3d 1206 (9th Cir. 1994), the
         court dealt with the issue of the RTC's removal of a case to federal court pursuant
20       to the RTC's removal power under 12 U.S.C. § 1441a; specifically, whether
         removal was lawful after the litigation had gone to judgment and was on appeal in
21       the state court. *BVS*, 42 F.3d at 1209. Noting the First, Third, Fourth, Fifth,
         Seventh, Eighth and Eleventh Circuit Courts of Appeal all held the FDIC's 12
22       U.S.C. § 1819(b)(2)(B) and/or the RTC's § 1441a removal powers extend to cases
23       with pending appeals, the *BVS* court held:

24           We now hold that the RTC can remove a case from state
             court, even after judgment has been entered there and an
25           appeal in state court is pending, provided that removal is
26           otherwise proper.

27       *BVS*, 42 F.3d at 1211.

28       FIRREA (Financial Institutions Reform, Recovery and Enforcement Act)

82054.1

authorizes removal by the RTC (and FDIC) from state appellate courts as long as state court appellate proceedings have not been exhausted. *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1236 (9th Cir. 1995). The *Bayside* court addressed the proper procedure for a district court to follow after removal:

> [I]mmediately after removal the district court would adopt the state court judgment as its own. After this adoption, the judgment would be treated the same as other judgments entered by the district court and the parties would follow the ordinary rules regarding post-judgment remedies. They may file motions pursuant to the applicable Rules of Civil Procedure, or file a timely notice of appeal to the federal appeals court. This approach permits, but does not require, the parties to file post-judgment motions, and it does not create a special procedural time frame for post-judgment motions in cases removed by RTC. It also allows the district court to consider any new federal questions injected into the case by the addition of RTC, and require whatever briefing, argument or hearing it deems necessary to resolve these questions and prepare an adequate record for review on appeal. This hybrid procedure also assures that the appeal is based on a judgment actually entered by the district court, and thereby precludes this court from assuming the role of a state appellate court.

*Bayside*, 43 F.3d at 1238, adopting the procedure set forth in *Resolution Trust Corp. v. Allen*, 16 F.3d 568, 573 (4th Cir. 1994). *Bayside* went on to discuss the district court's actions after removal in *Bayside*:

> In this case, the district court determined that it sits as if it were reviewing the decision of the California Court of Appeal, addressed the RTC's motion for new trial on the merits, vacated the Court of Appeal's decision and reinstated the decision of the superior court. [Citation omitted.] This procedure is consistent with and would be acceptable under the procedure adopted by this court. Thus, the district court did not err procedurally in taking the case as it found it, considering the alternative Rule 59 [new trial] or 60 [relief from judgment or order] motion, reversing the court of appeal's decision and reinstating the trial court's decision.

*Bayside*, 43 F.3d at 1238.

Before *Bayside* and *BVS*, the Ninth Circuit indicated removal may not be available when a state court matter is on appeal to the state appellate court. In *Federal Deposit Ins. Corp. v. Letterman Bros.*, 980 F.2d 1298 (9th Cir. 1992), plaintiffs sued defendants in state court for fraud and securities violations. After judgment

14

82054.1

and perfection of an appeal to the California court of appeal, defendant bank went into receivership, and the FDIC became a party and sought removal under the special FDIC removal statute. When the case arrived in the federal district court, plaintiffs moved to remand on the ground that the district court lacked jurisdiction of a case that was no longer pending in the state trial court. *Id.* at 1299. Although the Ninth Circuit did not (because it found there was no appealable order or judgment) decide the propriety of removing a state court case on appeal, the court noted:

> There is . . . a serious question as to whether removal to the district court was proper. Although § 1819(b)(2)(B) [the FDIC removal statute] provides that removal may occur any time within 90 days after the FDIC becomes a party to the case, the statute also clearly limits removal to the district court. The statute thus may imply that the case must still be pending in the state trial court, and not the appellate court, at the time of removal.

*Letterman Bros.*, 980 F.2d at 1300. While the Ninth Circuit subsequently held in *BVS* that the RTC may remove a state court case when it is pending in the state appellate court, the court did not address whether the same result will occur in a non-RTC/FDIC cases.

Whether the Ninth Circuit permits non-RTC/FDIC defendants to remove while a case is on appeal remains unclear. Schwartzer, Tashima & Wagstaff, CAL. PRAC. GUIDE; FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007), ¶ 2:622.16; *see also In the Matter of Meyerland Co. v. Federal Deposit Ins. Corp.*, 960 F.2d 512, 515-516 (5th Cir. 1992) (holding appellate court removal authorized under Federal Deposit Insurance Act, but "it is not clear whether the general removal statutes permit appellate removal [and] [w]e do not decide whether this type of removal would be proper under 29 U.S.C. § 1441.").

6.    In the 2007 Removal, Love determined that the 4th DCA opinion was the paper from which removability could first be ascertained. Ex. 1-A at LOVE01184:11-15. Given Judge Houston's holding that removal is premature while a matter is within the state appellate court's jurisdiction, determination of which of the two events (appellate reply brief or appellate opinion) "triggered" commencement of the 30-day removal clock is irrelevant because both events occurred during appellate proceedings and removal was not available until the matter was remitted to the state trial court.

7.    The delay in ruling on the petition for review occurred because the Supreme Court struck the petition after Love filed the 2007 Removal. Ex. 2 at LOVE01349 (7/11/07 docket entry). After Judge Houston's remand order, the Supreme Court retrieved the files from the 4th DCA and promptly denied the petition for review. Ex. 2 at LOVE01350 (12/12/07-1/16/08 docket entries).

82054.1

*Rogozienski v. Love*          Case No: 08-CV-0316-J-AJB          OPPOSITION TO MOTION TO REMAND