FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. ROGOZIENSKI,<br><br>  Plaintiff,<br><br>v.<br><br>JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,<br><br>  Defendants. | Case No. 08-CV-0316 JLS(AJB)<br><br>REPLY TO OPPOSITION OF DEFENDANT, S. MICHAEL LOVE TO PLAINTIFF'S MOTION TO REMAND<br><br>DATE: 04/21/2008<br>TIME: 8:15 a.m.<br>COURTROOM: 6<br>HON. JANIS L. SAMMARTINO |

Plaintiff offers the following in brief reply to the Opposition of Defendant S. Michael Love to Plaintiff's Motion to Remand (herein "Love's Opposition"):

1. **Mr. Love's Notices of Removal of Action were not timely filed.**

    (a)  **Mr. Love's First Notice of Removal.**  As discussed in detail in ¶3 of Plaintiff's Memorandum of Points and Authorities in Support of Motion to Remand [herein "Plaintiff's MPA"], Mr. Love's Notices of Removal were not filed "within 30 days after receipt by defendants, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may be first ascertained that the case is one which is or has become removable ... [28 USC §1446(b)]. See also ¶1(d) of Plaintiff's MPA.  In his opposition to Plaintiff's Motion to

---

REPLY TO OPPOSITION OF DEFENDANT, S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND                                         Case No. 08-CV-0316 JLS(AJB)

1

1  Remand Mr. Love's first removal, Mr. Love contended it could not be ascertained that Plaintiff was
2  asserting a claim under 42 USC §1982 until the state appellate court's opinion issued on March 23,
3  2007, that *"[t]he ground for removal of this action appeared for the first time in the appellate court's*
4  *opinion"* (emphasis in original [NOR Ex. "1-A", p. 1184:12-13]. Mr. Love continues to maintain
5  the state appellate court's March 23, 2007 decision was his first notice. However, as set forth in
6  detail in ¶3 of Plaintiff's MPA, Mr. Love had notice that Plaintiff was alleging a federal claim under
7  42 USC §1983 when he filed his demurrer to Plaintiff's First Amended Complaint, when he heard
8  Plaintiff's statements during oral argument on his demurrer, when he obtained a copy of the transcript
9  of that oral argument, when he was served with Appellant's Opening Brief, and when he was served
10 with Appellant's Reply Brief, **all** of which events occurred more than six months before Mr. Love's
11 first Notice of Removal was filed (on April 23, 2007).

12          (b)    **Mr. Love's second Notice of Removal**. For the same reasons as discussed
13 in ¶1(a) above, Mr. Love's Notice of Removal filed February 19, 2008, is even more untimely, and
14 further untimely even as to Mr. Love's claim that it could not be ascertained that Plaintiff was
15 asserting a federal claim under 42 USC §1983 until the state appellate court's opinion issued on
16 March 23, 2007.

17          (c)    **Time for removal not tolled or extended by pendency of state court action**
18 **in the state court of appeal; Judge Houston's decision in Prior Case**. There is no tolling or
19 extension provided or mentioned in 28 USC §1446(b) of the thirty day period within which to file
20 a notice of removal, and no appellate decision has created such a rule. Mr. Love argues that Judge
21 Houston's decision in the Prior Case had this effect, but as explained in ¶2 of Plaintiff's MPA, if Mr.
22 Love is correct, the court reached this result on confusing and what Plaintiff submits was flawed
23 reasoning. Citing the well established rule that "[f]ederal jurisdiction must be rejected if there is any
24 doubt as to the right of removal in the first instance" [Gaus v. Miles, Inc. (9th Cir. 1992) 980 F.2d
25 564, 566], Judge Houston proceeded to do just the opposite if Mr. Love's arguments are to be
26 accepted. Mr. Love contends that when Judge Houston stated "Defendant's failure to file a notice

28 REPLY TO OPPOSITION OF DEFENDANT, S. MICHAEL LOVE
   TO PLAINTIFF'S MOTION TO REMAND                                    Case No. 08-CV-0316 JLS(AJB)

1  of removal within thirty days of receiving the Reply Brief does not render the removal untimely" and
2  "the notice of removal filed after the court of appeal issued its opinion but before the action was
3  remitted was premature," Judge Houston left the door open for Mr. Love to file a second notice of
4  removal within thirty days after the state appellate court remittitur. This interpretation would, in
5  effect, say that the thirty day period of 28 USC §1446(b) is tolled or extended while the case is in
6  the state court of appeal. This interpretation would further be contrary to the well established rule
7  that federal jurisdiction must be "**rejected**", and not merely deferred or postponed, where there is
8  "**any doubt** as to the right of removal in the first instance." This rule of rejection is **not** merely one
9  of timing, but a rule of rejection if there is any doubt. In addition, Judge Houston's decision, if Mr.
10 Love's interpretation is correct, would necessarily hold that removal from the state court of appeal
11 is not permitted. See also ¶1(c) of Plaintiff's MPA and ¶1(d), *infra*. In any event, both parties agree
12 that Judge Houston's analysis and factual and legal findings in his Removal Order are not precedent
13 or binding in this Case.

14       (d)    **Correct analysis of Remand Order in the Prior Case does not permit Mr.**
15 **Love's Second Notice of Removal**. It is undisputed that "there is a question whether removal from
16 a state court of appeal is permissible" [Judge Houston's Remand Order, NOR Exhibit 1-E, p.
17 1346:12-13]. See also Plaintiff's MPA ¶1(f); LMPA end note 5 pp. 13:12- 15:19]. It is further
18 undisputed that District courts **must** construe the removal statutes strictly against removal and
19 resolve **any uncertainty** as to removability in favor of remanding the case to state court [Plaintiff's
20 MPA ¶1(c) and ¶1(c), *supra*]. "Federal jurisdiction **must be rejected if** there is **any doubt** as to the
21 right of removal in the first instance" (emphasis added) [Gaus v. Miles, Inc., *supra*]. The application
22 of these two principles mandated remand of Mr. Love's first removal, the result reached by Judge
23 Houston in the Prior Case. And, the application of these two principles similarly require remand of
24 Mr. Love's second removal. There is still **doubt** whether **or not** removal from the state appellate
25 court was permissible. This same doubt necessarily applies to when the thirty day period under 28
26 USC §1446(b) runs, that is, does the thirty day period run while the case is in the state court of

28 REPLY TO OPPOSITION OF DEFENDANT, S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND                            Case No. 08-CV-0316 JLS(AJB)

appeal, upon remittitur by the court of appeal to the state court or thirty days after remand. **If** removal from a state court of appeal is permissible, then Mr. Love's first removal was untimely because it was filed more than thirty days after Mr. Love received Appellant's Reply Brief in the state Court of Appeal; and **if** removal from a state court of appeal is **uncertain**, then whether Mr. Love's notice of removal was timely is also **uncertain**, and federal jurisdiction must be rejected because of this doubt. It is **only if** (1) removal from a state court of appeal is **not** permissible **and** (2) there is also tolling or an extension of the thirty day period while the case is in the state appellate court, that Mr. Love's second Notice of Removal could be considered timely. There is no statutory or case law to support either of these later two elements; whereas, there is established authority to remand where there is "**any doubt**". Judge Houston remanded to the state court correctly resolving doubt in favor of rejecting federal jurisdiction. Plaintiff submits that Judge Houston's analysis and findings beyond application of existing law and what was necessary to decide the motion before him were dicta.

    2.    **Failure to obtain Allen's consent to Mr. Love's First Removal**.

    (a)    **Mr. Love's "Allen no longer a party" argument**. Mr. Love argues that Allen's joinder in Mr. Love's removal was unnecessary because at the time Mr. Love removed, "[t]he trial court had entered a judgment in favor of Allen (and Love)" [Love's MPA 11:11] and therefore, Mr. Love argues, "[t]here was nothing pending in the state court system at that time against Allen" [Love's MPA 11:16-17]. Mr. Love argued in his first removal "that Allen was no longer a party at the time" of his first removal, and therefore his consent was not required. Mr. Love's arguments are misplaced and without merit. If Mr. Love accepted his own argument, then it would likewise necessarily follow that "[t]here was [also] nothing pending" against him and he also "was no longer a party," meaning, of course, that Mr. Love would have had nothing to remove. But the reason Mr. Love had a state court action to remove, and the reason Allen's consent was required to remove that action in the first removal, is because the dismissal and judgment (as to **all** causes of action) entered by the trial court was not final, and remained pending, subject to review in the state court of appeal.

    (b)    **Allen's failure to consent to Mr. Love's first removal was fatal to that**

---

REPLY TO OPPOSITION OF DEFENDANT, S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND    Case No. 08-CV-0316 JLS(AJB)

**removal**. It is without question that all defendants must join in or consent to the notice of removal. "If the defendant cannot convince his co-defendant to remove, he's stuck in state court" [Durham v. Lockheed Martin Corp. (9th Cir. 2006) 445 F.3d 1247, 1253]. See also ¶1(e) of Plaintiff's MPA].

   **(c)**   **Mr. Love is not entitled to file the within removal to "cure" his earlier improper removal**. "[A] party is not entitled, ... to file a second [notice of removal] upon the same grounds, where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit because of his failure [to comply with procedural requirements for removal]. When the circuit court first remanded the cause, the order to that effect not being superseded, the state court was reinvested with jurisdiction, which could not ve defeated by another removal upon the same grounds, and by the same party" [St. Paul & C. Ry. Co. v. McLean (1883) 108 US 212, 217]. See also ¶1(h) of Plaintiff's MPA [Docket _]. As previously noted, the facts or events which Mr. Love alleges make the state court action removable - namely Plaintiff's assertion of a federal claim under 42 USC §1983 - have not changed. Mr. Love is not entitled to remove again "on the same grounds."

   **3.**   **Conclusion**. For each of the reasons hereinabove set forth and in Plaintiff's Memorandum of Points and Authorities, the within case should be remanded to the California state court.

Dated: April 14, 2008              FRANK E. ROGOZIENSKI, INC.

                    By:   /s/ Frank E. Rogozienski
                       Frank E. Rogozienski
                       Attorney for Plaintiff
                       Email: rogolaw@pacbell.net

REPLY TO OPPOSITION OF DEFENDANT, S. MICHAEL LOVE
TO PLAINTIFF'S MOTION TO REMAND            Case No. 08-CV-0316 JLS(AJB)