Daniel M. White (SBN# 068011)
Steven G. Amundson (SBN# 073501)
Linda J. Sinclair (SBN# 144748)
WHITE, OLIVER & AMUNDSON
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant
S. Michael Love

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. ROGOZIENSKI,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. ALLEN, S. MICHAEL LOVE, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 08 CV 0316 JLS (AJB)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF DEFENDANT S. MICHAEL LOVE FOR RECONSIDERATION OF MAY 5, 2008 ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>**FED.R.CIV.P. 60(b)(6)**<br><br>Date: July 10, 2008<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Hon. Janis L. Sammartino |

## I.

## INTRODUCTION

When grounds for removal do not become ascertainable until a matter is pending in the state court of appeal, what happens to a party's right to remove? According to this court's May 5, 2008 order, the party is stripped of his right to remove. No case or statutory authority supports denial of removal rights in that situation. The May 5, 2008 order (2008 Order) is in conflict with Hon. John A. Houston's order of November 20, 2007 in the same matter (2007 Order) because the 2007 Order holds that removal is premature when a case is in the state appellate court's jurisdiction, and the 2008 Order essentially holds that if a matter is not removed while it is in the state appellate court's jurisdiction, removal rights are simply lost.

Defendant S. Michael Love (Love) respectfully requests the court reconsider its 2008 Order to reconcile it with the 2007 Order by setting aside the 2008 Order and entering a new order denying remand for the following reasons: (i) as both this court and Judge Houston already held, the right to remove did not become ascertainable until the matter was in the Fourth District Court of Appeal's (4th DCA) jurisdiction; (ii) removal while the case was pending in the 4th DCA was premature; (iii) removal did not become available until the 4th DCA remitted the case back to the state trial court; and (iv) defendant filed his notice of removal within 30 days of the remittitur.

## II.

## STATEMENT OF THE CASE

For the court's convenience, copies of Love's notice of removal filed February 19, 2008 (2008 Removal), plaintiff Frank E. Rogozienski's (Rogozienski) memorandum of points and authorities in support of motion to remand, Love's opposition to motion to remand (Opposition), Rogozienski's reply, this court's 2008 Order, and Judge Houston's 2007 Order are attached to this brief as Exhibits 1 through 6, respectively. The facts, argument and authorities in the 2008 Removal (Ex. 1) and the Opposition (Ex. 3) are incorporated in this brief.

In the 2008 Order, this court granted Rogozienski's remand motion. The only basis stated for the ruling is that the ground for removal became ascertainable when Rogozienski filed his reply brief in the 4th DCA proceedings (thus agreeing with Judge Houston on that specific issue), so Love had 30 days from the date of receiving the reply brief to file notice of removal; since he did not do so, removal was untimely.

The 2008 Order does not address the prematurity issue, i.e., the fact that removal was premature while the case remained in the 4th DCA's jurisdiction regardless of when removal became ascertainable during the 4th DCA proceedings.

/ / /

/ / /

/ / /

/ / /

## III.

## ARGUMENT AND AUTHORITIES

Federal Rule of Civil Procedure 60 governs relief from orders. It states, in pertinent part:

> On motion and just terms, the court may relieve a party . . . from a[n] . . . order for the following reasons:
>
> . . .
>
> (6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b)(6).

Rule 60(b)(6) is used "as an equitable remedy to prevent manifest injustice" and is utilized when "extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Delay v. Gordon,* 475 F.3d 1039, 1044 (9th Cir. 2007). A party seeking relief under Rule 60(b)(6) "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the prosecution or defense of the action in a proper fashion." *Id.* That is precisely what happened here.

1. **The 2008 Order caused injury to Love.**

The 2008 Order stripped Love of his removal rights, forcing him to defend against a Section 1983 claim in state court rather than the federal court which has jurisdiction of the matter. The 2008 Order does so despite the fact that removal within 30 days of the date removal became ascertainable – regardless of which appellate document triggered the 30-day removal period – was premature while the case remained in the 4th DCA's jurisdiction.

If the 2008 Order stands, in any case currently pending or filed in the future, if the ground for removal is not ascertainable until the matter is pending in a state appellate court, and the date of removal ascertainment is more than 30 days before the appellate court remits the matter back to the state trial court, the defendant will be stripped of his removal rights, through no fault of his own. Love found no authority that supports such an outcome.

/ / /

/ / /

/ / /

### 2. Circumstances beyond Love's control prevented him from removing the State Court Action when it was pending in the 4th DCA.

As discussed in Love's Opposition (Ex. 3), Rogozienski was the master of his complaint. It was Rogozienski and Rogozienski alone who controlled the causes of action and bases of same that he wished to allege. It was his choice and under his sole control to state or not to state a Section 1983 claim. It has been settled, both by this court and by Judge Houston, that the Section 1983 ground for removal was not ascertainable until the State Court Action was pending in the 4th DCA.

Yes, Love initially removed while the State Court Action was pending in the 4th DCA. And, this court and Judge Houston found that the premature removal was based on the wrong date, i.e., both courts held it was Rogozienski's appellate reply brief from which the Section 1983 removal grounds became ascertainable rather than the 4th DCA opinion as Love contended. *The critical point here, however, is that it is irrelevant which document in the 4th DCA proceedings was the document from which removal grounds were ascertainable because removal was premature so long as the case remained in the 4th DCA's jurisdiction.* Had Love had the benefit of Judge Houston's 2007 Order, as other parties now have, he would not have filed the initial notice but would have waited to file within 30 days after the 4th DCA's remittitur. The 2008 Removal would unquestionably have been timely and the motion for remand denied. It is manifestly unjust in these extraordinary circumstances to strip Love of his removal rights.

### 3. Love meets the requirements to obtain relief under Rule 60(b)(6).

In *Delay, supra,* 475 F.3d at 1045, the court assumed Delay suffered an injury when he was prevented from collecting on a judgment. The court assumed that delay caused by the government's inconsistent positions amounted to extraordinary circumstances. *Id.* The court denied Delay's Rule 60(b)(6) motion because Delay was trying to assert a new and distinct legal claim against a defendant that was not a party to the original judgment, and he relied on a change in decisional law. *Id.* at 1046, 1046 n. 13.

Here, Love suffered an injury because he has been denied his statutory removal rights. Rogozienski's inconsistent positions, detailed in the Opposition (Ex. 3), the 2008 Removal (Ex.

1), and the voluminous exhibits appended to the 2008 Removal and Opposition were the sole cause of the Section 1983 ground for removal not becoming ascertainable until the State Court Action was in the 4th DCA's jurisdiction. Love is not, as was Delay, trying to assert any new claim against a party who has not been a party to this action, nor is he relying on a change in decisional law. Love has met the requirements to obtain reconsideration of the 2008 Order.

## IV.

## CONCLUSION

Love respectfully asks the court to reconsider its 2008 Order to address what happens when removability first becomes ascertainable in state appellate court proceedings; to set aside the 2008 Order and render a revised order that does not conflict with Judge Houston's 2007 Order; and to deny remand because: (i) the right to remove did not become ascertainable until the matter was in the 4th DCA's jurisdiction; (ii) removal while the case was pending in the state appellate court was premature; (iii) removal did not become available until the state appellate court remitted the case back to the state trial court; and (iv) defendant filed his notice of removal within 30 days of the remittitur

Dated: June 4, 2008                                  Respectfully submitted,

White, Oliver & Amundson, APC

By: s/ Linda J. Sinclair
    Linda J. Sinclair
    lsinclair@whiteoliver.com
    Attorneys for Defendant
    S. Michael Love