1  Daniel M. White (SBN# 068011)
   Steven G. Amundson (SBN# 073501 )
2  Linda J. Sinclair (SBN# 144748)
   WHITE, OLIVER & AMUNDSON
3  A Professional Corporation
   550 West C Street, Suite 950
4  San Diego, California  92101
   Telephone:  (619) 239-0300
5  Facsimile:  (619) 239-0344

6  Attorneys for Defendant
   S. Michael Love
7

8              UNITED STATES DISTRICT COURT

9            SOUTHERN DISTRICT OF CALIFORNIA

10  FRANK E. ROGOZIENSKI,              )   Case No. 08 CV 0316 JLS (AJB)
                                       )
11            Plaintiff,               )   **DECLARATION OF LINDA J.**
                                       )   **SINCLAIR IN SUPPORT OF**
12      v.                             )   **MOTION OF DEFENDANT S.**
                                       )   **MICHAEL LOVE FOR**
13  JAMES D. ALLEN, S. MICHAEL LOVE, and )   **RECONSIDERATION OF MAY 5,**
    DOES 1 through 10, inclusive,       )   **2008 ORDER GRANTING**
14                                      )   **PLAINTIFF'S MOTION TO**
              Defendants.               )   **REMAND**
15                                      )
                                        )   **LOCAL RULE 7.1 (f)(i)**
16                                      )
                                        )   Date:   July 10, 2008
17                                      )   Time:   1:30 p.m.
                                        )   Courtroom: 6
18  _____     )   Hon. Janis L. Sammartino

19      I, Linda J. Sinclair, declare as follows:

20      1.      I am an attorney with White, Oliver & Amundson APC, counsel of record in this

21  matter for defendant S. Michael Love (Love).  I prepared the notices of removal and oppositions

22  to motions to remand.  I am fully familiar with the facts, files and records related to the removal.

23  As such, I have personal knowledge of the following and would competently testify to same if

24  called upon to do so.

25      2.      The following is a chronology of the procedural history of this matter.

26      3.      March 7, 2005:  Defendant Frank E. Rogozienski (Rogozienski) filed San Diego

27  Superior Court (SDSC) Case Number GIC 843843, entitled Frank E. Rogozienski v. James D.

28  Allen, S. Michael Love, et al. (State Court Action).

1        4.      March 28, 2005: Rogozienski filed a first amended complaint (FAC).

2        5.      April 25, 2005: Rogozienski served Love with the summons and first amended

3    complaint. The FAC included a cause of action alleging violation of civil rights. Rogozienski

4    did not state a federal statutory basis for the claim and there were no other grounds for removal

5    determinable from the FAC.

6        6.      May 25, 2005: Love demurred to the FAC. Former defendant James Allen

7    (Allen) also demurred to the FAC. In his opposition to the demurrer, Rogozienski specifically

8    denied that 42 U.S.C. § 1983 was the basis of his civil rights cause of action, and stated that his

9    claim was based on California Civil Code § 52.1.

10        7.      September 2, 2005: Hon. Joan M. Lewis sustained the demurrers as to all causes

11    of action, without leave to amend.

12        8.      October 19, 2005:  Superior Court entered its judgment of dismissal of the action.

13        9.      November 14, 2005:  Notice of entry of judgment was entered in favor of Allen

14    and Love, and against Rogozienski.

15        10.    January 4, 2006: Rogozienski filed notice of appeal. The ground for removal first

16    become ascertainable during the appellate proceedings in the Fourth District Court of Appeal (4th

17    DCA).

18        11.    March 23, 2007: 4th DCA issued its opinion, affirming in part and reversing in

19    part (4th DCA Opinion).

20        12.    April 23, 2007: Love filed his first notice of removal of the State Court Action

21    (2007 Notice). Love acknowledged that the law was unsettled as to whether removal was

22    available while a state court action was pending in a state appellate court. Love stated that the 4th

23    DCA Opinion was the date the ground for removal first became ascertainable.

24        13.    The case was assigned to Hon. John A. Houston, as case number 07cv0742.

25        14.    May 2, 2007: Rogozienski filed a petition for review of the 4th DCA Opinion with

26    the California Supreme Court.

27        15.    May 27, 2007: Rogozienski moved for remand on the 2007 Removal. Love

28    opposed.

83412.1

16.    July 11, 2007:  In response to its receipt of the 2007 Removal, the Supreme Court struck Rogozienski's petition for review, answers to the petition, and the reply, and lodged them as "received," stating that if and when the matter was remanded by the U.S. District Court, the documents would be deemed filed as of the date of notice of remand.

17.    November 20, 2007:  After taking Rogozienski's motion for remand on the 2007 Removal under submission, Judge Houston issued an order granting the motion to remand based on his finding that *a notice of removal filed before the action was remitted from the appellate court to the trial court was premature.*  Judge Houston held that the ground for removal first became ascertainable when the State Court Action was pending in the 4th DCA, when Rogozienski filed his appellate reply brief.

18.    November 27, 2007:  Supreme Court received notice of remand by the federal court, and proceeded to deem the petition for review, answers and reply filed.

19.    January 16, 2008:  Supreme Court denied Rogozienski's petition for review of the 4th DCA Opinion.

20.    January 22, 2008:  4th DCA issued remittitur.

21.    February 19, 2008:  *Removal was no longer premature.*  Love filed his second notice of removal of the State Court Action (2008 Removal), within 30 days of the remittitur.

22.    March 20, 2008:  Rogozienski moved for remand.  Love opposed.

23.    May 5, 2008:  Hon. Janis L. Sammartino granted the remand on the basis that the ground for removal became ascertainable when Rogozienski filed his reply brief *in the 4th DCA proceeding* (agreeing with Judge Houston on that specific issue) and the 30-day removal period expired before Love filed the 2007 Removal, even though the case was still in the 4th DCA's jurisdiction when Love filed the 2007 Removal.

24.    The May 5, 2008 order does not address the prematurity issue, i.e., removal was premature while the case remained in the 4th DCA's jurisdiction, *regardless* of when during the 4th DCA proceedings removal became ascertainable.

///

///

1    25.    Different facts and circumstances existed when Love filed the 2007 Removal than
2    existed when he filed the 2008 Removal – the 4th DCA had remitted the State Court Action back
3    to the state trial court when Love filed the 2008 Removal so removal was no longer premature.
4        I declare under penalty of perjury that the foregoing is accurate.  Executed this 4th day of
5    June, 2008, in San Diego, California.

6                                    s/ Linda J. Sinclair
                                     Linda J. Sinclair
7                                    lsinclair@whiteoliver.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

83412.1

Rogozienski v. Love                Case No. 08CV0316                DECLARATION OF LINDA J. SINCLAIR