```
 1  Daniel M. White (SBN# 068011)
    Steven G. Amundson (SBN# 073501)
 2  WHITE, OLIVER & AMUNDSON
    A Professional Corporation
 3  550 West C Street, Suite 950
    San Diego, California 92101
 4  Telephone: (619) 239-0300
    Facsimile: (619) 239-0344
 5
    Attorneys for Defendant
 6  S. Michael Love
 7
 8                    UNITED STATES DISTRICT COURT
 9                   SOUTHERN DISTRICT OF CALIFORNIA
10  FRANK E. ROGOZIENSKI,              )  Case No. 08 CV 0316 J AJB
                                       )
11              Plaintiff,             )  NOTICE OF REMOVAL OF
                                       )  ACTION UNDER 28 U.S.C.
12        v.                           )  §1441(b) (FEDERAL QUESTION-
                                       )  42 U.S.C. § 1983) AFTER
13  JAMES D. ALLEN, S. MICHAEL LOVE, and)  CALIFORNIA SUPREME COURT
    DOES 1 through 10, inclusive,      )  DENIES PLAINTIFF'S PETITION
14                                     )  FOR REVIEW AND ISSUES
                Defendants.            )  REMITTITUR; APPENDIX OF
15                                     )  EXHIBITS (FILED SEPARATELY
                                       )  AND CONCURRENTLY)
16                                     )
                                       )  DEMAND FOR JURY TRIAL
17  _____)
```

**FILED 2008 FEB 19 PM 2:38 CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY _____ DEPUTY**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

### PRELIMINARY STATEMENT

1. Defendant S. Michael Love (Love) initially removed San Diego Superior Court (SDSC) Case Number GIC 843843, entitled *Frank E. Rogozienski v. James D. Allen, S. Michael Love, et al.* (State Court Action) on April 23, 2007 (April 2007 Notice). The clerk of the U.S. District Court for the Southern District of California (USDC-SDCA) assigned the case number referenced above, 07cv0742, and assigned the matter to the Honorable John A. Houston. For convenience, a copy of the USDC-SDCA's entire file for case number 07cv0742 is tabbed as Exhibit 1 in the Appendix of Exhibits (AE) filed concurrently with this notice. The April 2007 Notice is separately tabbed within Exhibit 1 as 1-A.

2. When Love filed the April 2007 Notice, the State Court Action was pending in the Fourth District of the California Court of Appeal (4th DCA). The ground for removal had not become ascertainable until the 4th DCA proceedings. Love advised the court in the April 2007 Notice that despite exhaustive research to determine whether removal was appropriate when the ground for removal first appeared during a pending state court appellate proceeding, he had not found a definitive answer. The April 2007 Notice further stated that given the uncertainty of the law on removal when a case was within the state appellate court's jurisdiction, Love was filing the removal notice at that time to ensure he would not be barred from doing so by the 30-day removal deadline of 28 U.S.C. § 1446(b).

3. Plaintiff Frank E. Rogozienski (Rogozienski) moved for remand, which Love opposed. The moving, opposition and reply papers are separately tabbed within Exhibit 1 as 1-B, 1-C and 1-D, respectively.

4. After taking the matter under submission, Judge Houston issued an order on November 20, 2007 (Order), granting the motion to remand. The order stated, among other things:

> Because there is a question whether removal from a state appellate court is permissible, the Court, construing the removal statute strictly against removal, finds Defendant's failure to file a notice of removal within thirty days of receiving the Reply Brief [in the appeal] does not render the removal untimely. However, the Court finds *the notice of removal filed after the court of appeal issued its opinion but before the action was remitted to the trial court was premature* and the action must be remanded.

Order, 6:12-17 (emphasis added). The Order is separately tabbed within Exhibit 1 as 1-E.

5. On January 16, 2008, the California Supreme Court denied Rogozienski's petition for review of the 4th DCA opinion in the State Court Action. A copy of the Supreme Court docket, printed from the court's official website, is tabbed as Exhibit 2 to the AE.[1] The order of denial is tabbed as Exhibit 3 to the AE.

---

[1] Because the 4th DCA and California Supreme Court files significantly add to the already substantial volume of the state trial court portion of the State Court Action documents, *at this time*, Love is limiting the documents attached to the AE to copies of the entire state trial court file and the entire existing USDC-SDCA file.

1   6.   On January 22, 2008, the 4th DCA issued remittitur. A copy of the 4th DCA's docket, printed from the court's official website, is tabbed as Exhibit 4 to the AE.

7.   Because the State Court Action has now been remitted to the state trial court, removal is no longer premature.

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Love hereby removes the State Court Action to the USDC-SDCA.

### A.   State Trial Court Proceedings

8.   Rogozienski filed the State Court Action on March 7, 2005. On March 28, 2005, Rogozienski filed a first amended complaint (FAC). A copy of the entire state court file is tabbed as Exhibit 5 to the AE. The FAC is separately tabbed within Exhibit 5 as 5-A.

9.   Rogozienski served Love with the summons and first amended complaint on April 25, 2005.

10.   The FAC included a cause of action alleging violation of civil rights, but Rogozienski did not state a federal statutory basis for the claim and there were no other grounds for removal determinable from the FAC. Ex. 5-A at 27:4-25.

11.   On May 25, 2005, Love demurred to the FAC. Former defendant James Allen (Allen) also demurred to the FAC. Love's demurrer is separately tabbed within Exhibit 5 as 5-B.

12.   In his opposition to the demurrer, Rogozienski specifically denied that 42 U.S.C. § 1983 was the basis of his civil rights cause of action, and stated that his claim was based on California Civil Code § 52.1. Rogozienski's opposition is separately tabbed within Exhibit 5 as 5-C. See Ex. 5-C at 9:4-15.

13.   On September 2, 2005, the Honorable Joan M. Lewis sustained the demurrers as to all causes of action, without leave to amend. The order sustaining the demurrers is separately tabbed within Exhibit 5 as 5-D.

14.   On October 19, 2005, the Superior Court entered its judgment of dismissal of the action. On November 14, 2005, notice of entry of judgment was entered in favor of Allen and Love, and against Rogozienski. The judgment of dismissal and notice of entry of judgment are

separately tabbed within Exhibit 5 as 5-E and 5-F, respectively.

15. Rogozienski filed a notice of appeal on January 4, 2006. The notice is separately tabbed within Exhibit 5 as 5-G.

### B. 4th DCA Proceedings

16. On March 23, 2007, the DCA issued its opinion, affirming in part and reversing in part (4th DCA Opinion). The 4th DCA Opinion is tabbed as Exhibit 6.

### C. USDC-SDCA District Court Proceedings

17. As stated in the Preliminary Statement above, Love initially removed the State Court Action via the April 2007 Notice, stating that the ground for removal appeared for the first time in the 4th DCA Opinion. Ex. 1-A at 2:12-18.

18. In the Order, Judge Houston found that (i) "[Rogozienski] admits the grounds for removal are not ascertainable from the complaint;" and (ii) "[Love] was required to file the notice of removal within thirty days after receipt of 'an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . .' 42 U.S.C. § 1446)b)." Ex. 1-E at 5:1-2, 5-8.

19. Judge Houston then found that Rogozienski's appellate reply brief was the "'other paper' from which [Love] could ascertain removability." Ex. 1-E at 6:2-4.

20. Finally, Judge Houston held that Love's removal was not untimely, but was in fact premature until the state appellate court remitted the case to the state trial court. Ex. 1-E at 6:12-17.

### D. California Supreme Court Proceedings

21. On May 2, 2007, Rogozienski filed a petition for review with the California Supreme Court. See Exhibit 2.

22. On July 11, 2007, in response to its receipt of the April 2007 Notice, the Supreme Court struck Rogozienski's petition for review, answers to the petition, and the reply, and lodged them as "received," stating that if and when the matter was remanded by the U.S. District Court, the documents would be deemed filed as of the date of notice of remand. See Exhibit 2.

23. On November 27, 2007, the Supreme Court received notice of remand by the federal court, and proceeded to deem the petition for review, answers and reply filed. See Exhibit 2.

24. On January 16, 2008, the Supreme Court denied Rogozienski's petition for review. The order of denial is tabbed as Exhibit 3 to AE.

25. On January 22, 2008, the 4th DCA issued remittitur. See Exhibit 4.

### E. Removal No Longer Premature

26. Given the January 22, 2008 remittitur of the State Court Action back to the state trial court, removal is no longer premature. Further, Judge Houston has already held that removal within 30 days of Love receiving Rogozienski's appellate reply brief did not render removal untimely. Ex. 1-E at 6:12-15. Rather, where the grounds for removal did not become ascertainable until the matter was within the 4th DCA's jurisdiction, the matter could not be removed until after the case was remitted back to the state trial court. See Ex. 1-E at 6:2-3, 6:15-17.

### F. No Joinder in Removal Required

27. Former defendant James D. Allen (Allen) is neither joining the removal nor is he required to do so because: (i) the appellate court affirmed the trial court's order sustaining the demurrer as to Allen and judgment in favor of Allen *in its entirety*; and (ii) the California Supreme Court denied Rogozienski's petition for review. Exs. 6, 3, respectively. Thus, Allen is no longer a party to this matter and is neither required to nor does he have standing to join in the removal.

### G. Service of Notice, AE and Exhibits

28. Copies of this notice and the accompanying AE and exhibits are being filed with the Clerk of the San Diego County Superior Court.

29. Copies of this notice and the accompanying AE and exhibits are also being personally served on Rogozienski, who is representing himself.

Dated: February 14, 2008

WHITE, OLIVER & AMUNDSON, APC

By: *[signature]*
Daniel M. White
Attorneys for Defendant
S. Michael Love

## JURY DEMAND

Love respectfully demands a jury trial.

Dated: February 14, 2008

WHITE, OLIVER, AMUNDSON, APC

By: *[signature]*
Daniel M. White
Attorneys for Defendant
S. Michael Love