# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| FRANK E. ROGOZIENSKI,<br><br>          Plaintiff,<br>vs.<br><br>JAMES D. ALLEN, et. al.,<br><br>          Defendants. | CASE NO. 08CV316 JLS (AJB)<br><br>ORDER: GRANTING PLAINTIFF'S MOTION TO REMAND |
|---|---|

Presently before the Court are Plaintiff's motion to remand [Doc. No. 9], Defendants' opposition [Doc. No. 13], and Plaintiff's reply [Doc. No. 14.] For the following reasons, the Court **GRANTS** Plaintiff's motion.

## BACKGROUND

Plaintiff originally filed a complaint in San Diego Superior Court on March 7, 2005, and filed a first amended complaint ("FAC") on March 28, 2005. The FAC named James D. Allen, S. Michael Love, and Does 1 through 10 as defendants. On October 19, 2005, the Honorable Joan M. Lewis, Superior Court Judge, issued an order sustaining Defendant Allen's demurrer and Defendant Love's demurrer, and dismissing the FAC without leave to amend. Plaintiff filed an appeal on January 4, 2006. On March 23, 2007, the California Court of Appeal affirmed in part and reversed in part Judge Lewis' decision. On April 23, 2007, the matter was removed to United States District Court Judge

1  John A. Houston upon Defendant Love's notice of removal.[1] On May 22, 2007, Plaintiff filed a
2  motion to remand. On November 20, 2007, Judge Houston granted Plaintiff's motion and remanded
3  the case to the California Court of Appeal. Judge Houston reasoned that the notice of removal was
4  "premature" since it was filed after the appellate court issued its opinion but before the action was
5  remitted to the trial court. [See Defs.'Opp., Ex. 1-E; Case No. 07cv0742 JAH LSP, Doc. No. 16.] The
6  state appellate proceedings have concluded and the case was remitted to San Diego Superior Court
7  on January 22, 2008. [Pl.'s Motion at 8.] Defendants filed a second notice of removal on February
8  19, 2008 and Plaintiff filed the instant motion to remand on March 20, 2008. [Docs. Nos. 1, 6.]

## LEGAL STANDARD

In general, removal is proper when the federal court would have had jurisdiction had the claim originally been filed in federal court (i.e., federal question or diversity). 28 U.S.C. § 1441(a). Time for removal is thirty days after receipt by defendant of a copy of the initial pleading setting forth the claim upon which the removal action is based. 28 U.S.C. § 1446(b). If the grounds for removal do not appear from the initial pleading, the time for removal is thirty days after receipt of a copy of the amended pleading, motion, order, or other paper from which it appears that removal is proper. Id.

A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Finally, courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

---

[1] Plaintiff filed a petition for review with the California Supreme Court on May 2, 2007. Noting the matter was removed on April 23, 2007, the California Supreme Court struck the petition and closed the case.

## ANALYSIS

### I. Mr. Love's Notice of Removal Was Not Timely Filed

At a minimum, Defendant Love was on notice of Plaintiff's federal Section 1983 claim on October 16, 2006. On that date, Plaintiff filed a reply brief in the state appellate action. In that brief, Plaintiff wrote, under the heading "Liability for Civil Rights Violation (Plaintiff's Second Cause of Action)," that "Appellant has clearly stated a civil rights action against Mr. Love under 42 U.S.C. § 1983." [Pl.'s Motion at 8.] Judge Houston previously found that "Defendant could ascertain removability" from this section of the reply brief, even though he remanded on separate grounds. [See Defs.'Opp., Ex. 1-E; Case No. 07cv0742 JAH LSP, Doc. No. 16 at 5-6.] Under, 28 U.S.C. § 1446(b), Defendant Love had thirty days from the date of receiving this brief to file a notice of removal. However, he filed his notice on April 23, 2007, nearly six months after receiving the reply brief. Therefore, Defendant Love's notice was not timely filed and the Court thereby **GRANTS** Plaintiff's motion for remand.[2]

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to remand the case to the California state court.

DATED: May 5, 2008

Honorable Janis L. Sammartino
United States District Judge

---

[2] See also Ross v. Guerrero, 2007 U.S. Dist. LEXIS 16970, *2 (E.D. Cal. 2007) ("[O]nce a case has been remanded, a second or successive removal on the same 'grounds' as the first is generally forbidden.") (citing St. Paul & C. Ry. Co. v. McLean, 108 U.S. 212 (1883) ("[W]e are of the opinion that a party is not entitled . . . to file a second petition for the removal [of an action] upon the same grounds [as the first removal], where, upon the first removal by the same party, the federal court declined to proceed and remanded the suit . . . .")).