UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. ROGOZIENSKI, | Civil No. 07cv0742 JAH (LSP) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING REQUEST FOR SANCTIONS [Doc. No. 9] |
| v. | |
| JAMES D. ALLEN, et. al., | |
| Defendants. | |

## BACKGROUND

Plaintiff originally filed a complaint in Superior Court of the State of California for the County of San Diego on March 7, 2005, and filed a first amended complaint ("FAC") on March 28, 2005, naming James D. Allen, S. Michael Love and Does 1 through 10 as defendants. On October 19, 2005, the Honorable Joan M. Lewis, Superior Court Judge, issued an order sustaining Defendant Allen's demurrer and Defendant Love's demurrer. The FAC was dismissed without leave to amend. Plaintiff filed an appeal on January 4, 2006. The California Court of Appeal affirmed in part and reversed in part in an opinion filed March 23, 2007. The matter was removed to the District Court upon Defendant Love's notice of removal filed on April 23, 2007.[1] Plaintiff filed the pending motion to remand on May 22, 2007. Defendant filed a response on July 12, 2007, and Plaintiff filed

---

[1] Plaintiff filed a petition for review with the California Supreme Court on May 2, 2007. See Supreme Court Docket printout, Defendant's Attachment 1 at 1. Noting the matter was removed on April 23, 2007, the California Supreme Court struck the petition and closed the case. See id. at 2. The petition and related documents are lodged as received to be filed if and when the matter is remanded. Id.

07cv742

a reply on July 19, 2007. The motion was set for hearing on July 26, 2007 but was taken under submission without oral argument pursuant to Local Rule 7.1.

## DISCUSSION

Plaintiff argues remand is warranted, because the removal was not timely filed, not all defendants joined in the remand, and removal from the Supreme Court of California is uncertain. Plaintiff also seeks sanctions against Defendant Love.

### I. Legal Standard

The federal court is one of limited jurisdiction. See Gould v. Mutual Life Ins. Co. v. New York, 790 F.2d 769, 774 (9th Cir. 1986). As such, it cannot reach the merits of any dispute until it confirms its own subject matter jurisdiction. Steel Co. v. Citizens for a Better Environ., 118 S.Ct. 1003, 1012 (1998). "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Id. (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 614 (1868)). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. Boggs v. Lewis, 863 F.2d 662, 663 (9th Cir. 1988).

Removal jurisdiction is governed by 28 U.S.C. § 1441 *et seq.* A state court action can only be removed if it could have originally been brought in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. See Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 461 U.S. 1, 10 (1983). The plaintiff is the master of the claim, and federal jurisdiction exists only when a federal question is presented on the face of the properly pleaded complaint. See Caterpillar, 482 U.S. at 392. The Court determines its jurisdiction from the complaint as it existed at the time of removal, not as subsequently amended. Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979). Further, removal cannot be based on a counterclaim.

1 | Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985).

2 | The defendant has the burden of establishing that removal is proper and supporting its jurisdictional allegations with competent proof. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990). In addition, the defendant must file a timely notice of removal. 28 U.S.C. § 1446(b). The notice of removal must be filed within 30 days after receipt of a copy of the initial pleading if removability can be determined from its text. Id.

All defendants must join in the notice of removal. Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998). However, only properly served defendants need join. Emrich v. Touche Ross and Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). When fewer than all defendants join in the removal, the removing party has the burden of explaining affirmatively the absence of any co-defendants in the notice of removal. Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999).

## II. Analysis

Plaintiff contends the removal is untimely because it became apparent to Defendant that the cause of action included a federal claim more than thirty days prior to the filing of the notice of removal. Plaintiff argues Defendant knew the action included a federal claim no later than May 25, 2005, because Defendant filed a demurrer that day which included an argument that Plaintiff's Seventh Cause of Action failed to state a claim for violation of civil rights and cited to a Central District of California case involving alleged violations of civil rights under 42 U.S.C. § 1983. He further argues Defendant was also aware of the federal claim upon receiving the transcript of the oral argument on the demurrer, during which Plaintiff asserted he satisfied the elements of Section 1983. Plaintiff presumes Defendant obtained the Reporter's Transcript of the hearing no later than when he filed the Respondent's Brief in the California Court of Appeal on August 25, 2006. Additionally, Plaintiff contends Defendant was aware of the federal claim from Appellant's Opening Brief in the California Court of Appeal served on May 4, 2006, which included a section discussing Section 1983 under the heading "Liability for Civil Rights

1  Violation (Plaintiff's Seventh Cause of Action)." Motion at 5. Plaintiff further points to
2  Defendants statement in a footnote to his Respondent's Brief filed August 25, 2006, that
3  Plaintiff "believes he has a claim under 42 U.S.C. § 1983" and Appellants Reply Brief filed
4  October 16, 2006, which included a statement he "clearly stated a civil rights action
5  against Mr. Love under 42 U.S.C. § 1983." Id. at 6.
6        Defendant argues the grounds for removal were not stated within the four corners
7  of the original complaint, the FAC or his appellate briefs and no paper existed from which
8  he could ascertain the case was removable prior to the Court of Appeal opinion issued
9  March 23, 2007. Defendant contends Plaintiff specifically stated Section 1983 was not
10 the basis of his claims in his response to the demurrer. Instead, Plaintiff maintained the
11 Seventh Cause of Action involved a violation of rights under California Civil Code §
12 52.1(b). Defendant also contends that although Plaintiff alluded to Section 1983 during
13 oral argument on the demurrer, he never indicated his intent to pursue a Section 1983
14 claim. He argues Plaintiff's Appellate Brief did not state a basis for removal, because the
15 discussion of Section 1983 contained therein merely distinguished between Section 1983
16 and Section 52.1 and Plaintiff continued with his strategy of vagueness by stating the civil
17 rights cause of action is not tied to any specific statutory provision. Defendant maintains
18 the appeal court was generous in finding Plaintiff intended to assert a civil rights cause of
19 action under both Section 1983 and Section 52.1 and the appeal court opinion was the
20 first document from which he could ascertain the case was removable.
21       In reply, Plaintiff maintains he argued to the trial court that his civil rights cause
22 of action sufficiently alleged a Section 1983 claim, Appellant's Opening Brief discussed
23 Section 1983 as a basis of his claims, the Respondent's Brief specifically stated Defendant
24 knew Plaintiff believes he has a claim under Section 1983, and Appellant's Reply Brief
25 clearly stated "[a]ppellant has clearly stated a civil rights action against Mr. Love under
26 42 U.S.C. § 1983."Exh. 2 at 759.
27       A notice of removal must be filed within thirty days after receipt of the initial
28 pleading if removability may be ascertained from its text. 28 U.S.C. § 1446(b); Harris v.

1  Bankers Life and Cas. Co., 425 F.3d 689 (9th Cir. 2005). Plaintiff admits the grounds for
2  removal are not ascertainable from the complaint. See Reply at 4 ("what is stated (or not
3  stated) within the four corners of Plaintiff's complaint is **not** applicable. . .where it is
4  subsequent pleadings and papers from which it may first be ascertained that the case is one
5  which is or has become removable."). As such, Defendant was required to file the notice
6  of removal within thirty days after receipt of "an amended pleading, motion, order or
7  other paper from which it may first be ascertained that the case is one which is or has
8  become removable. . ." 42 U.S.C. § 1446(b).

9      Here, Defendant had thirty days from receipt of an official document indicating
10 Plaintiff was asserting a Section 1983 claim in his Seventh Cause of Action. See Riggs v.
11 Continental Baking Co., 678 F.Supp. 236, 238 (N.D.Cal. 1988) ("The elements of
12 removability must be specifically indicated in official papers before the statutory period
13 begins to run."). The first document to contain information suggesting the Seventh Cause
14 of Action asserts a claim pursuant to Section 1983 is the transcript of the hearing on
15 Defendant's demurrer.[2] There are no cases addressing the issue as to whether a transcript
16 of a hearing may serve as the "other paper" described in Section 1446(b). The Court
17 finds, however, it need not make this determination, because Plaintiff's discussion
18 provided in the transcript does not clearly assert a Section 1983, especially in light of
19 Plaintiff's statement in his written opposition to the demurrer that Section 1983 was not
20 a basis of his claim.[3]

21     Plaintiff's discussion of Section 1983 in Appellant's Opening Brief is equally vague.
22 However, Plaintiff specifically contends, in his Reply Brief, that he "state[s] a civil rights

---

[2] Plaintiff's argument regarding Defendant's discussion in the demurrer of Section 1983 fails, because the demurrer does not serve as an "other paper" from which Defendant can ascertain removability. Plaintiff is the "master of the claim" and Defendant cannot transform the claim to select a forum. See Caterpillar Inc. 482 U.S. 386, 394, 399.

[3] Plaintiff's discussion during oral argument would not survive the standard that the removal statute must be construed strictly against removal and any uncertainty must be resolved in favor of remand. See Boggs, 863 F.2d 662, 663 (9th Cir. 1988). Had the defendant removed the action based upon the discussion during oral argument, the action would have been remanded upon motion, because there is substantial doubt as to whether Plaintiff asserted a Section 1983 claim.

REPLY

1 action against Mr. Love under 42 U.S.C. § 1983..." Defendant's Exh. 2 at 759. As such,
2 the brief in which Plaintiff unequivocally asserts a claim pursuant to Section 1983 is the
3 "other paper" from which Defendant could ascertain removability. However, removal of
4 a case pending in the state's court of appeal may not be proper. See e.g. F.D.I.C. v.
5 Letterman Bros., 880 F.2d 1298, 1300 (9th Cir. 1992) ("The statute [12 U.S.C. § 1819]
6 thus may imply that the case must still be pending in the state trial court, and not the
7 appellate court, at the time of removal."). As noted by both parties, the Ninth Circuit has
8 recognized the authority of the Resolution Trust Corporation to remove cases from a state
9 appellate court before judgment is final under 12 U.S.C. § 1441(a)(1), see RTC v. BVS
10 Development, Inc., 42 F.2d 1206 (9th Cir. 1994), but is silent as to the removability of
11 non-Resolution Trust Corporation cases pending in the state court of appeal.

12    Because there is a question whether removal from a state appellate court is
13 permissible, the Court, construing the removal statute strictly against removal, finds
14 Defendant's failure to file a notice of removal within thirty days of receiving the Reply
15 Brief does not render the removal untimely. However, the Court finds the notice of
16 removal filed after the court of appeal issued its opinion but before the action was remitted
17 to the trial court was premature and the action must be remanded. See Gaus v. Miles,
18 Inc., 980 F.2d 564 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any
19 doubt as to the right of removal in the first instance.").

20 **III. Sanctions**

21    Plaintiff requests imposition of sanctions pursuant to Rule 11 of the Federal Rules
22 of Civil Procedure. Plaintiff argues Defendant acted in bad faith in filing an improper
23 notice of removal, because he was aware that Plaintiff asserted a Section 1983 claim prior
24 to the appeal court decision. Finding no evidence of bad faith, the Court determines
25 sanctions are not warranted.

26                              **CONCLUSION**

27    Based on the foregoing, **IT IS HEREBY ORDERED** Plaintiff's motion for remand
28 is **GRANTED IN PART AND DENIED IN PART**. The above-captioned case is

1  remanded to the Court of Appeal, Fourth Appellate District, State of California. Plaintiff's
2  request for sanctions is **DENIED**.

4  DATED: November 20, 2007

   HON. JOHN A. HOUSTON
   United States District Judge