FRANK E. ROGOZIENSKI, ESQ. (Bar No. 51445)
FRANK E. ROGOZIENSKI, INC.
A Professional Corporation
Attorneys at Law
1660 Union Street, Third Floor
San Diego, CA 92101
Telephone: (619)237-1878
Facsimile: (619)237-1870

Attorneys for Plaintiff, FRANK E. ROGOZIENSKI

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. ROGOZIENSKI,<br>Plaintiff,<br>v.<br>JAMES D. ALLEN, S. MICHAEL LOVE and DOES 1 through 10, inclusive,<br>Defendants. | Case No. 08-CV-0316 JLS (AJB)<br><br>PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF MAY 5, 2008 ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>DATE: 07/10/2008<br>TIME: 1:30 P.M.<br>COURTROOM: 6<br>HON. JANIS L. SAMMARTINO |

Plaintiff opposes Defendant's motion for reconsideration on each of the following grounds:

1. **<u>This court lacks jurisdiction to reconsider its Order Granting Plaintiff's Motion To Remand</u>**. Remand is effected when the federal court clerk sends a certified copy of the order of remand to the clerk of the state court.[1] At that point, jurisdiction is vested in the state court, and it may proceed with the case [28 USC §1447(c)]. Here, the Order Granting Plaintiff's Motion To

[1]See also <u>In re Lowe</u> (4th Cir. 1996) 102 F.3d 731, 734 (holding that **<u>entry</u>** of the remand order divested federal court of jurisdiction even if no certified copy was delivered to the state court).

Remand was signed, entered and a certified copy served by the Clerk of this court on the Clerk of the state court on May 5, 2008 [see Docket number 10]. Accordingly, this court has no jurisdiction to reconsider its Order Granting Plaintiff's Motion To Remand.

2. **This court's Order Granting Plaintiff's Motion To Remand is not reviewable**. An order remanding a case is "not reviewable on appeal or otherwise" [28 USC §1447(d)] where, as here, the case was removed under the general removal statute (28 USC §1441). Where, as here, a district court orders a remand under 28 USC §1447(c), "review is unavailable no matter how plain the legal error in ordering the remand" [Kircher v. Putnam Funds Trust (2006) 544 U.S. 633, 634; 126 S.Ct. 2145, 2154]. 28 USC §1447(d) "prevents a case from repeatedly ricocheting in and out of state court" [In re Loudermilch (11th Cir. 1998) 158 F.3d 1143, 1145, f/n 3]. The prohibition on review by appeal "or otherwise" includes a motion for reconsideration [In re Lowe (4th Cir. 1996) 102 F.3d 731, 735 (holding that remand order divests district court of jurisdiction); Three J Farms, Inc. v. Alton Box Bd. Co. (4th Cir. 1979) 609 F.2d 112, 115 (holding that "[u]nquestionably, the statute not only forecloses appellate review, but also bars reconsideration of such an order by the district court"); In re La Providencia Corp. (1st Cir. 1969) 406 F.2d 251, 253 (holding that "[b]oth [district and appellate court review] are foreclosed; nothing could be more inclusive than the phrase 'on appeal or otherwise'"); Seedman v. United States District Court for Central Distr. of Calif. (9th Cir. 1988) 837 F.2d 413, 414 (holding that "[r]emand orders based on section 1447(c) are unreviewable on 'appeal or otherwise' 28 USC §1447(d). [¶] This language has been universally construed to preclude not only appellate review but also reconsideration by the district court. Once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case (citations)")].

3. **Defendant's Motion For Reconsideration under FRCP 60(b)(6) is without factual basis or legal authority**. Defendant's Motion For Reconsideration provides no factual or legal support for relief on the grounds of "any other reason that justifies relief" [FRCP 60(b)(6)]. Defendant offers no new facts or law which was not before the court at the time the court made its

Order Granting Plaintiff's Motion To Remand. Rather, Defendant interprets and seeks to invoke FRCP 60(b)(6) as an all-encompassing provision for when a losing party is dissatisfied with the result of a court's order. Clearly , that is not the intent or purpose of FRCP 60(b)(6), and simply rehashing arguments which were previously before and decided by the court is not a sufficient basis for a motion for reconsideration. Defendant has not shown any "reason that justifies [the] relief" he seeks.

**4. The court's Order Granting Plaintiff's Motion To Remand is correct on the merits**. For the reasons stated in support of Plaintiff's Motion To Remand [Docket numbers 6 and 9], all of which pleadings Plaintiff incorporates herein by this reference, the court's Order Granting Plaintiff's Motion To Remand is correct in its reasoning and result as related to the applicable facts. Reconsideration would not change anything. An order which is already correct on the merits need not be reconsidered.

For each of the reasons hereinabove set forth, Defendant's Motion For Reconsideration must be denied.

Dated: June 26, 2008

FRANK E. ROGOZIENSKI, INC.

By: /s/Frank E. Rogozienski
Frank E. Rogozienski
Attorney for Plaintiff

