Daniel M. White (SBN# 068011)
Steven G. Amundson (SBN# 073501)
Linda J. Sinclair (SBN# 144748)
WHITE, OLIVER & AMUNDSON
A Professional Corporation
550 West C Street, Suite 950
San Diego, California 92101
Telephone: (619) 239-0300
Facsimile: (619) 239-0344

Attorneys for Defendant
S. Michael Love

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK E. ROGOZIENSKI,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. ALLEN, S. MICHAEL LOVE, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 08 CV 0316 JLS (AJB)<br><br>**REPLY OF DEFENDANT S. MICHAEL LOVE (LOVE) TO PLAINTIFF'S OPPOSITION TO MOTION FOR RECONSIDERATION OF MAY 5, 2008 ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>FED.R.CIV.P. 60(b)(6)<br><br>Date: July 10, 2008<br>Time: 1:30 p.m.<br>Courtroom: 6<br>Hon. Janis L. Sammartino |

Love acknowledges that 28 U.S.C. § 1447(d) provides that an order remanding a case back to the state court from which it was removed is not reviewable on appeal or otherwise unless it is a civil rights case or another exception applies. And, that "or otherwise" has been held in some courts to include federal court reconsideration of an order granting remand. See *In re Lowe,* 102 F.3d 731, 734 (4th Cir. 1996).

Love submits, however, that the circumstances in this case are so extraordinary that an exception should be applied to permit this court to reconsider its order of remand. Courts have recognized that Federal Rule of Civil Procedure 60(b)(6) is "a grand reservoir of equitable power to do justice in a particular case" and is, in a proper case, to be "liberally applied." *U.S. v.*

*Cirami,* 563 F.2d 26, 32 (2nd Cir. 1977).  A "proper case" is one of "extraordinary circumstances." *Id.*

Extraordinary circumstances are precisely what exist here.  This court's May 5, 2008 order (2008 Order) is in direct conflict with Judge's Houston's order holding that removal is premature while a matter is pending in the state appellate court (2007 Order).  This court's 2008 Order, while directed at Love, has the far-reaching effect of denying any defendant his statutory removal rights, with no recourse whatsoever, if the removal grounds first become ascertainable while the case is pending in the state appellate court system.  No authority supports such an outcome.  According to this court's 2008 Order, any plaintiff who wants to avoid federal court can be vague in his pleadings and even deny he intends to pursue a federal claim, then adopt the federal claim on appeal, and thereby deny the defendant his statutory right to remove the case.  And the defendant can do nothing about it.  That cannot be what this court intended.

For the reasons stated in Love's motion for reconsideration and above, Love respectfully asks the court to reconsider its 2008 Order to address what happens when removability first becomes ascertainable in state appellate court proceedings; to set aside the 2008 Order and render a revised order that does not conflict with Judge Houston's 2007 Order; and to deny remand because: (i) the right to remove did not become ascertainable until the matter was in the jurisdiction of the Fourth District Court of Appeal (4th DCA); (ii) removal while the case was pending in the 4th DCA was premature; (iii) removal did not become available until the 4th DCA remitted the case back to the state trial court; and (iv) defendant filed his notice of removal within 30 days of the remittitur.

Dated: July 2, 2008

Respectfully submitted,

White, Oliver & Amundson, APC


By: s/ Linda J. Sinclair
    Linda J. Sinclair
    lsinclair@whiteoliver.com
    Attorneys for Defendant
    S. Michael Love